1  GOODWIN PROCTER LLP
   Forrest A. Hainline III (State Bar No. 64166)
2  Nicole Perroton (State Bar No. 233121)
   101 California Street, 18th Floor
3  San Francisco, CA 94111
   Telephone: (415) 733-6069
4  Facsimile: (415) 677-9041
   fhainline@goodwinprocter.com
5  nperroton@goodwinprocter.com

6  Attorneys for Plaintiff
7  McINTOSH AND ASSOCIATES

8

9               UNITED STATES DISTRICT COURT

10            FOR THE EASTERN DISTRICT OF CALIFORNIA

11                      (FRESNO DIVISION)

12

| | |
|---|---|
| 13  ROGER McINTOSH d/b/a McINTOSH and ASSOCIATES, | Case No. |
| 14 | |
| 15      Plaintiff, | **COMPLAINT FOR COPYRIGHT INFRINGEMENT** |
| 16  v. | |
| 17  NORTHERN CALIFORNIA UNIVERSAL ENTERPRISES COMPANY, a California Corporation, LOTUS DEVELOPMENTS, LP, and DOES 1 through 10, inclusive, | **DEMAND FOR JURY TRIAL** |
| 18 | |
| 19 | |
| 20      Defendants. | |

21       For his complaint against Northern California Universal Enterprises Company ("Universal")

22  and Lotus Developments LP ("Lotus") (collectively, "Defendants"), Roger McIntosh d/b/a McIntosh

23  and Associates ("McIntosh") alleges:

24                        **NATURE OF THE ACTION**

25       1.      This is an action to redress the infringement of McIntosh's registered copyrights.

26  Universal and Lotus have created a residential subdivision employing a tangible embodiment of the

27  landscape and subdivision design McIntosh conceived and created and that is the subject of

28  Copyright Registration Certificate No. VAU-721-180.

COMPLAINT FOR COPYRIGHT INFRINGEMENT AND DEMAND FOR JURY TRIAL

## PARTIES AND OTHER IMPORTANT PERSONS

2. Plaintiff Roger McIntosh is a civil engineer doing business as McIntosh and Associates, a sole proprietorship with its principal place of business at 2001 Wheelan Court, Bakersfield, CA 93309.

3. Defendant Northern California Universal Enterprise Company, a California Corporation with an address at 2099 Fortune Drive, San Jose, CA 95131, started as a land development company in 1980 and is now a builder in California's Central Valley. On information and belief, Joseph Wu is the founder and head of Northern California Universal Enterprise Company.

4. Defendant Lotus Developments is a California Limited Partnership with an address of 300 B Street, Turlock, CA, 95380. On information and belief, Joseph Wu is the founder and head of Lotus Developments.

5. The true names and capacities of defendants Does 1 through 10 inclusive are unknown to Plaintiff, who therefore sues said defendants by such fictitious names. Plaintiff is informed and believes, and thereon alleges, that each of the defendants herein designated as a Doe is responsible in some manner for the events and happenings herein referred to and caused injuries and damages proximately thereby as hereinafter alleged. Plaintiff is informed and believes, and thereon alleges, that at all times herein mentioned, each of the defendants was the agent, servant and employee of each of the remaining defendants, and at all times herein mentioned each was acting within the purpose and scope of said agency and employment. Plaintiff is further informed and believes, and thereon alleges, that at all times herein mentioned, each of the defendants' employees was the agent, servant and employee of each employee's respective employer, that at all times herein mentioned each employee was acting within the purpose and scope of said agency and employment, and that each defendant has ratified and approved the acts of its agents and employees.

6. The Legacy Group, referred to throughout, is not a defendant in this action and no longer exists. The Legacy Group was a land development company originally involved in the development of the property that is the subject of this action.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction over the claims in this action pursuant to 28 U.S.C. § 1331, 28 U.S.C. §§ 1338(a)-(b), and 28 U.S.C. § 1367.

8. Venue in this judicial district is proper under 28 U.S.C. §§ 1391(b).

## FACTUAL BACKGROUND

### McIntosh and Associates

9. For more than 34 years, Roger McIntosh has been engaged in urban planning, specifically the design of residential subdivisions and community spaces, throughout California. In 1980, Mr. McIntosh and Eugene Martin founded Martin-McIntosh Land Surveying.

10. Over the last 27 years the firm has expanded to offer an array of land planning services from civil engineering and landscape architecture to construction management throughout Central and Southern California, Arizona, and Nevada.

11. On May 3, 1999, Roger McIntosh bought out his partner, Mr. Martin, and Martin-McIntosh became McIntosh and Associates. Pursuant to the buy-out agreement the rights in all works created up to that point by Martin-McIntosh were assigned to Roger McIntosh.

12. McIntosh and Associates provides all types of civil engineering services, specializing in site planning for private developments, residential developments and Public Works Projects, including infrastructure, subdivision design, and oil field facilities.

13. McIntosh and Associates also offers land surveying services, from boundary surveys to geodetic control surveys.

### Contract With The Legacy Group

14. In or about 1992, McIntosh contracted with the Legacy Group to design and supervise the construction of a subdivision called the Valley Rose Estates Project ("the Subdivision") on a parcel of land owned by the Legacy Group.

15. Specifically, McIntosh contracted to 1) develop the Subdivision's master plans for water, sewer, and drainage systems; 2) develop a phased traffic and circulation plan; 3) determine boundaries; 4) develop a tentative tract map for the Subdivision; and 5) develop landscape design unique to the Subdivision.

COMPLAINT FOR COPYRIGHT INFRINGEMENT AND DEMAND FOR JURY TRIAL

Goodwin Procter LLP
101 California Street, 18th Floor
San Francisco, CA 94111

16. According to the contract, all work product McIntosh created for the Subdivision remained his property and McIntosh retained the right to use the plans without the Legacy Group's consent, including, but not limited to McIntosh's designs and technical drawings.

17. In addition, the Legacy Group agreed that McIntosh's designs and technical drawings were being created exclusively for the Legacy Group and could only be used by the Legacy Group on the Valley Rose Estates project.

18. The contract between McIntosh and the Legacy Group also established that the agreement between the parties could not be assigned without the written consent of the other party.

19. The Legacy Group had an agreement with the City of Wasco wherein the City would pay for the Subdivision project with bond anticipation notes. The Legacy Group was to pay McIntosh and the contractors from the money it received from the City of Wasco.

### The Subdivision Plans

20. In accordance with his obligations under the Legacy Group contract, McIntosh designed the overall layout of the Subdivision, as well as the division of the individual plots and common spaces. McIntosh also created landscape designs for the Subdivision. McIntosh's subdivision and landscape designs are depicted in technical drawings ("the Plans") that are the subject of Copyright Registration Certificate No. VAU-721-180, a true and correct copy of which is attached as Exhibit A.

21. McIntosh is the sole author of the subdivision and landscape designs embodied in the technical drawings.

22. McIntosh is the sole owner of the copyright in the technical drawings. *See* Exhibit A, Copyright Registration Certificate No. VAU-721-180.

### Initial Construction of the Subdivision

23. In 1993, McIntosh submitted the Plans to the City of Wasco in order to obtain a building permit to commence construction on the Subdivision. The City of Wasco subsequently approved the Plans.

24. Construction on the Subdivision commenced after the City of Wasco approved the Plans. Several different contractors constructed the Subdivision according to McIntosh's Plans.

1  McIntosh supervised construction of the Subdivision to ensure that the Plans were being properly
2  implemented.

3      25.    In 1994 the bottom dropped out of the real estate market and the City of Wasco's
4  bond anticipation notes lost their value. The City was no longer able to pay the Legacy Group for
5  the construction on the Subdivision. Consequently, construction on the Subdivision ceased. The
6  Legacy Group subsequently declared bankruptcy and the City of Wasco purchased the Subdivision
7  at a tax sale.

### Defendants' Infringement of McIntosh's Plans

9      26.    On information and belief, in or about December 2004, Defendants purchased the
10  Subdivision, with all the improvements, from the City of Wasco.

11      27.    In or about late 2005 or early 2006, Mr. Wu of Northern California Universal
12  Enterprise Company and Lotus Developments contacted McIntosh and asked if he could use
13  McIntosh's Plans to finish the Subdivision. McIntosh told Mr. Wu that he could use the Plans if he
14  paid for them. Mr. Wu refused to pay for the plans.

15      28.    On information and belief, in or about October 2006, without paying McIntosh for his
16  plans, Defendants commenced construction on the Subdivision.

17      29.    In or about November 2006, a Wasco city employee told McIntosh that Mr. Wu was
18  using McIntosh's Plans to complete the Subdivision.

19      30.    On information and belief, Defendants' construction of the Subdivision is based on
20  landscape and subdivision designs substantially similar to the subdivision and landscape design
21  conceived and created by McIntosh that is represented in the Plans and that is the subject of
22  Copyright Registration Certificate No. VAU-721-180.

23      31.    A point-by-point, feature-by-feature comparison between the Subdivision constructed
24  by Defendants and the Plans authored by McIntosh shows that the prominent features of the
25  Subdivision are substantially similar to the Plans, such that the over-all look and feel of the design
26  represented in the Plans is embodied in the Subdivision.

32.   Specifically, a feature-by-feature comparison between the Subdivision and the Plans reveals substantial similarity in, among other things, the streets, curbs and gutters, utilities, walls, fences, entry monuments, street lights, and landscaping.

33.   On information and belief, Defendants, without permission or license obtained and copied the Plans, and is using them to complete the Subdivision. Defendants have not paid McIntosh for use of the plans.

## FIRST CAUSE OF ACTION

### Copyright Infringement of Technical Drawings

34.   McIntosh incorporates by reference and re-alleges paragraphs 1 through 33 above.

35.   Plaintiff has in all respects complied with the requirements of the copyright laws of the United States with respect to the Plans.

36.   The copying of the Plans by Defendants constitutes infringement of McIntosh's registered copyright in the technical drawings depicted in the Plans, in violation of the Copyright Act, resulting in harm and injury to McIntosh.

37.   As a result of the above-described wrongful acts of Defendants in creating infringing copies of the Plans, McIntosh's copyright in the Plans has been infringed and he is entitled to recover actual damages and that portion of the profits realized by Defendants from the use of and commercial exploitation of the infringing copies attributable to the unlawful use by Defendants of the copyrighted material contained in the Plans that is the subject of Copyright Registration Certificate No. VAU-721-180.

### DEMAND/PRAYER FOR RELIEF

WHEREFORE, McIntosh requests that this Court enter a judgment against the defendants that provides for:

(a)   A declaration that the defendants have willfully infringed McIntosh's exclusive rights in the copyrighted material contained in the Plans that is the subject of Copyright Registration Certificate No. VAU-721-180;

(b)   A preliminary and thereafter permanent injunction against defendants, and all persons acting in concert or participation with them or persons acting or purporting to act on their behalf,

COMPLAINT FOR COPYRIGHT INFRINGEMENT AND DEMAND FOR JURY TRIAL

Goodwin Procter LLP
101 California Street, 18th Floor
San Francisco, CA 94111

including but not limited to their officers, directors, stockholders, partners, owners, agents, representatives, employees, attorneys, successors and assigns and any and all persons acting in concert or privity with them, directing defendants to:

  (1) cease and desist from infringing plaintiff's copyright in the Plans;

  (2) destroy all copies of the Plans, including any and all drawings, models, advertisements, catalogs and other materials based on or derived from the Plans; and

  (3) take all steps necessary to remove any structures or design elements that have been copied from the Plans, or built based on the Plans

 (c) The impounding of all copies of the Plans and any other materials derived from the Plans, in whole or in part, incorporating any element of the Plans, and all means by which such copies may be reproduced, and an order providing for the destruction or other reasonable disposition of materials containing copies of the Plans or the designs embodied in the Plans that have been used in violation of McIntosh's exclusive rights, and all means by which such copies may be reproduced; and in the event that certain such copies are no longer under the control of defendants, provide the name, address and relevant contact information of those believed to be in possession and control of such materials; and

 (d) The filing with this Court and the service on McIntosh within 30 days following service of the injunction order, a report, under oath and in writing, setting forth in detail the manner and form in which defendants have complied with the injunction; and

 (e) The awarding to plaintiff McIntosh of damages in an amount equal to the actual damages suffered by McIntosh as a result of the infringement, and that portion of the profits earned by Defendants from the creation and commercial exploitation of the copied plans and the Infringing Building that is attributable to the infringement, and not taken into account in computing McIntosh's actual damages, including an award of the reasonable attorneys fees, costs and disbursements incurred by McIntosh in connection with this action;

 (f) Alternatively, the awarding to plaintiff McIntosh the maximum statutory damages permitted under the Copyright Act with respect to each infringement, or for such other amount as

may be proper pursuant to 17 U.S.C. § 504(c), including an award of the reasonable attorneys fees, costs and disbursements incurred by McIntosh in connection with this action; and

    (g)    The granting to McIntosh such other and further relief as this Court may deem just and proper.

## JURY TRIAL DEMAND

McIntosh demands a trial by jury on all issues triable of right by a jury.

DATED: July 24, 2007        By: *[signature]*

GOODWIN PROCTER LLP
Forrest A. Hainline III
Nicole Perroton
101 California Street, 18th Floor
San Francisco, CA 94111
Telephone: (415) 733-6065
Facsimile: (415) 677-9041

Attorneys for Plaintiff
MCINTOSH AND ASSOCIATES

LIBA/1814606.1

# EXHIBIT A

# Certificate of Registration



This Certificate issued under the seal of the Copyright Office in accordance with title 17, United States Code, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Marybeth Peters*

Register of Copyrights, United States of America



**Form VA**
For a Work of the Visual Arts

**VAu 721-180**

EFFECTIVE DATE OF REGISTRATION

**FEB 22 2007**

---

**DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.**

**Title of This Work ▼**
Valley Rose Planned Community

**NATURE OF THIS WORK ▼ See instructions**
Land Planning Drawings and Landscape Design

**Previous or Alternative Titles ▼**

**Publication as a Contribution** If this work was published as a contribution to a periodical, serial, or collection, give information about the collective work in which the contribution appeared. **Title of Collective Work ▼**

If published in a periodical or serial give: **Volume ▼**   **Number ▼**   **Issue Date ▼**   **On Pages ▼**

---

**2**

**NAME OF AUTHOR ▼**
Martin-McIntosh

**DATES OF BIRTH AND DEATH**
Year Born ▼    Year Died ▼

**Was this contribution to the work a "work made for hire"?**
☒ Yes
☐ No

**Author's Nationality or Domicile**
Name of Country
OR { Citizen of ___United States___
     { Domiciled in ___California___

**Was This Author's Contribution to the Work**
Anonymous?    ☐ Yes  ☒ No
Pseudonymous?  ☐ Yes  ☒ No
*If the answer to either of these questions is "Yes," see detailed instructions.*

**Nature of Authorship** Check appropriate box(es). **See instructions**
☐ 3-Dimensional sculpture   ☐ Map           ☒ Technical drawing
☐ 2-Dimensional artwork     ☐ Photograph    ☐ Text
☐ Reproduction of work of art ☐ Jewelry design ☐ Architectural work

**NOTE**
Under the law, the "author" of a "work made for hire" is generally the employer, not the employee (see instructions). For any part of this work that was "made for hire" check "Yes" in the space provided, give the employer (or other person for whom the work was prepared) as "Author" of that part, and leave the space for dates of birth and death blank.

**Name of Author ▼**
N/A

**Dates of Birth and Death**
Year Born ▼    Year Died ▼

**Was this contribution to the work a "work made for hire"?**
☐ Yes
☐ No

**Author's Nationality or Domicile**
Name of Country
OR { Citizen of _____
     { Domiciled in _____

**Was This Author's Contribution to the Work**
Anonymous?    ☐ Yes  ☐ No
Pseudonymous?  ☐ Yes  ☐ No
*If the answer to either of these questions is "Yes," see detailed instructions.*

**Nature of Authorship** Check appropriate box(es). **See instructions**
☐ 3-Dimensional sculpture   ☐ Map           ☒ Technical drawing
☐ 2-Dimensional artwork     ☐ Photograph    ☐ Text
☐ Reproduction of work of art ☐ Jewelry design ☐ Architectural work

---

**3**

**Year in Which Creation of This Work Was Completed**
1992 ◄ Year   *This information must be given in all cases.*

**Date and Nation of First Publication of This Particular Work**
Complete this information ONLY if this work has been published.
Month __N/A__   Day ____   Year ____
Nation ____

---

**4**

**COPYRIGHT CLAIMANT(S)** Name and address must be given even if the claimant is the same as the author given in space 2. ▼

Roger McIntosh d/b/a McIntosh & Associates, a sole proprietorship
2001 Wheelan Court, Bakersfield, CA 93309

APPLICATION RECEIVED
**FEB 22 2007**
ONE DEPOSIT RECEIVED
**FEB 22 2007**
TWO DEPOSITS RECEIVED

FUNDS RECEIVED

**Transfer** If the claimant(s) named here in space 4 is (are) different from the author(s) named in space 2, give a brief statement of how the claimant(s) obtained ownership of the copyright. ▼

The Work was assigned from Martin-McIntosh to McIntosh & Associates on May 3, 1999 via a buyout agreement.

---

**MORE ON BACK ▶**  • Complete all applicable spaces (numbers 5-9) on the reverse side of this page.
                    • See detailed instructions.   • Sign the form at line 8.

DO NOT WRITE HERE
Page 1 of 2 pages

| EXAMINED BY | *[signature]* | FORM VA |
| CHECKED BY | | |
| ☐ CORRESPONDENCE Yes | | FOR COPYRIGHT OFFICE USE ONLY |

**DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.**

**PREVIOUS REGISTRATION** Has registration for this work, or for an earlier version of this work, already been made in the Copyright Office?
☐ Yes  ☑ No  If your answer is "Yes," why is another registration being sought? (Check appropriate box.) ▼
a. ☐ This is the first published edition of a work previously registered in unpublished form.
b. ☐ This is the first application submitted by this author as copyright claimant.
c. ☐ This is a changed version of the work, as shown by space 6 on this application.
If your answer is "Yes," give: Previous Registration Number ▼     Year of Registration ▼

**5**

**DERIVATIVE WORK OR COMPILATION** Complete both space 6a and 6b for a derivative work; complete only 6b for a compilation.
a. Preexisting Material Identify any preexisting work or works that this work is based on or incorporates. ▼

**6**
a

See instructions before completing this space.

b. Material Added to This Work Give a brief, general statement of the material that has been added to this work and in which copyright is claimed. ▼

b

**DEPOSIT ACCOUNT** If the registration fee is to be charged to a Deposit Account established in the Copyright Office, give name and number of Account.
Name ▼     Account Number ▼

**7**

**CORRESPONDENCE** Give name and address to which correspondence about this application should be sent. Name/Address/Apt/City/State/Zip ▼

Kevin V. Lam
Goodwin Procter LLP
101 California St., Suite 1850, San Francisco, CA 94111

Area code and daytime telephone number  (415) 733-6052     Fax number  (415) 677-9041
Email:  klam@goodwinprocter.com

**CERTIFICATION*** I, the undersigned, hereby certify that I am the
                           ☐ author
check only one ▶          ☐ other copyright claimant
                           ☐ owner of exclusive right(s)
                           ☑ authorized agent of  Roger McIntosh d/b/a McIntosh & Associates
                                                   Name of author or other copyright claimant, or owner of exclusive right(s) ▲
of the work identified in this application and that the statements made by me in this application are correct to the best of my knowledge.

**8**

Typed or printed name and date ▼ If this application gives a date of publication in space 3, do not sign and submit it before that date.
Kevin V. Lam, Esq.                                                                Date  February 21, 2007

Handwritten signature (X) ▼
X *[signature]*

| Certificate will be mailed in window envelope to this address: | Name ▼<br>Kevin V. Lam<br>Number/Street/Apt ▼<br>101 California St., Suite 1850<br>City/State/ZIP ▼<br>San Francisco, CA 94111 | **YOU MUST:**<br>• Complete all necessary spaces<br>• Sign your application in space 8<br>**SEND ALL 3 ELEMENTS IN THE SAME PACKAGE:**<br>1. Application form<br>2. Nonrefundable filing fee in check or money order payable to *Register of Copyrights*<br>3. Deposit material<br>**MAIL TO:**<br>Library of Congress<br>Copyright Office<br>101 Independence Avenue SE<br>Washington, DC 20559-6000 |

**9**

*17 USC §506(e): Any person who knowingly makes a false representation of a material fact in the application for copyright registration provided for by section 409, or in any written statement filed in connection with the application, shall be fined not more than $2,500.

Form VA – Full  Rev: 07/2006  Print: 07/2006—30,000  Printed on recycled paper                                U.S. Government Printing Office: 2004-320-958/60,125