James J. Braze, Esq.; SBN 76911; jbraze@bortonpetrini.com
Jeffrey A. Travis, Esq.; SBN 235507; jtravis@bortonpetrini.com
BORTON PETRINI, LLP
1600 Truxtun Avenue
Post Office Box 2026
Bakersfield, CA 93303
Telephone (661) 322-3051

Attorneys for Plaintiff, Roger McIntosh

Steven J. Hassing, Esq.; SBN 152125;
stevenhassing@yahoo.com
Law Offices of Steven J. Hassing
425 Calabria Court
Roseville, CA 95747
BUS (916) 677-1776
FAX (916) 677-1770

Attorney for Defendants Northern California Universal Enterprise Company and Lotus Developments

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION

| | |
|---|---|
| ROGER McINTOSH,<br><br>Plaintiff,<br><br>v.<br><br>NORTHERN CALIFORNIA UNIVERSAL ENTERPRISES COMPANY, et al,<br><br>Defendants. | Case No.  1:07-CV-01080-LJO-GSA<br><br>JOINT CASE MANAGEMENT CONFERENCE STATEMENT AND FEDERAL RULE OF CIVIL PROCEDURE, RULE 26(f) REPORT<br><br>The Honorable Lawrence J. O'Neill<br><br>Date: April 21, 2008<br>Time: 8:30 a.m.<br>Dept:<br>Trial Date: |

Pursuant to Federal Rule of Civil Procedure, Rule 26(f) and Local Civil Rules, Rule 16-281, plaintiff Roger McIntosh and Defendants Northern California Universal Enterprises Company and Lotus Developments respectfully submit their Joint Case Management Conference Statement and Rule 26(f) Report.

      1.    <u>Jurisdiction and Venue</u>

This court has subject matter jurisdiction over the claims in this action pursuant to 28 U.S.C. §1331, 28 U.S.C. §§ 1338(a) - (b) and 28 U.S.C. § 1367.  Venue in this judicial district is also proper under 28 U.S.C. §1391(b).  Neither party disputes either jurisdiction or venue.

      2.      <u>Jury – Non-jury</u>

Both parties are seeking, and neither party is contesting a trial by jury

      3.      <u>Undisputed Facts</u>

Roger McIntosh, dba McIntosh & Associates, ("McIntosh") initiated a copyright infringement suit against Northern California Universal Enterprises Company for infringement of a tentative map and its corresponding plans ("5472 Map.") that he created in or about 1992 for the Valley Rose Estates subdivision ("Valley Rose") also known as Tract No. 5472 in the City of Wasco. ("Wasco")  The 5472 Map was created by Mr. McIntosh for a previous developer, Legacy Group, which had planned the Valley Rose Estates subdivision and with Wasco's approval.  The 5472 Map was based on and referred to a number of plans for various components of the subdivision which included a subdivision layout, grading plans, sewer plans, wall plans, landscaping plans, and street plans.

The development of Valley Rose was detailed between Wasco and Legacy Group in a Development Agreement they both signed on November 3, 1992.

In 1993, Wasco approved the 5472 Map.  Thereafter, the Valley Rose subdivision was almost completely improved according to McIntosh's 5472 Map in the year following its approval.  Unfortunately, and in 1994, the development of Valley Rose was halted because of the Legacy Group's inability to further finance the Valley Rose project.  Wasco then purchased the subdivision property at a tax sale in or about 1994.

In 2004, Northern California Universal Enterprises Company and Lotus Developments, LP ("NCUE") purchased the subdivision from Wasco.  Joseph Wu, the founder and head of NCUE, contacted McIntosh and asked McIntosh for the cost to do an as-built plan.  NCUE refused to pay the amount requested by McIntosh and instead hired an alternate engineer, DeWalt Engineering, ("DeWalt") to create a new tentative map for the same property and Wasco gave it a new Tract No. 6451.

New Tentative Map 6451 by DeWalt was similar to the 5472 Map as to the design of the subdivision and including the same subdivision layout and design.  The 6451 Tentative Map was eventually approved by the new surveyor, Jeffrey Gutierrez of Dewalt in May of 2006, Wasco

1  City Planning Director, Keith Woodcock, in March of 2007, and City Engineer Gerald Helt, in June
2  of 2008. In each of their statements, they certified the "Revised" Tentative and Final Maps created
3  by DeWalt were "substantially the same."
4    A copyright for the 5472 Map was filed on February 22, 2007 in the United States
5  Copyright Office, Reg. No. VAU721-180.
6    In accordance with Wasco city guidelines, the development for tract no. 6451 was
7  approved by a development agreement between NCUE and Wasco in February of 2007. A final map
8  for tract no. 6451 was approved by Wasco on March 6, 2007 and sent to the City Clerk for
9  endorsement.
10    4. <u>Disputed Factual Issues</u>:
11    All works created by McIntosh for the 5472 Map are copyrighted and protected
12  works. Pursuant to its 1992 Consultant Agreement with McIntosh, Legacy Group was authorized
13  to use the copyrighted plans only on several conditions: Use of the plans was only for the project
14  outlined in the 1992 development agreement between Legacy Group and Wasco; use of the plans
15  was for Legacy Group's use only; and, any additional use for different projects was prohibited.
16    The development agreement between Wasco and Legacy Group was a private
17  development by Legacy Group and was not a public undertaking by Wasco. Further, section 4.1 of
18  the Development Agreement conditioned the development on all improvements being completed
19  by 2002 or else the Development Agreement would expire. Additionally, section 6.1.6 specifically
20  stated that subsequent approvals necessary to develop the plan were contingent on "timely approval"
21  by Wasco.
22    The City of Wasco consented to McIntosh as a consultant engineer for the Valley
23  Rose project in §2.15 of the 1992 Development Agreement. It is nowhere stated in the Development
24  Agreement that use of the plans extended beyond the use outlined in the 1992 Development
25  Agreement or that McIntosh gave any consent for the Defendant's or Wasco's use of the copyrighted
26  plans.
27    During the time between the Valley Rose purchase by Wasco until 2004, the Valley
28  Rose subdivision sat dormant and was the subject of much litigation. Further, the 5472 Map expired

1  on May 11, 2001, and the 1992 development Agreement formally expired in 2002 without extension,
2  pursuant to provision §4.2.

3  When Joseph Wu asked McIntosh what it would cost to complete the remaining
4  infrastructure according to the 5472 Map, McIntosh conditioned future use on payment for what he
5  believed was owed (approximately $360,000) equal to the value of the 5472 Map's plans. This was
6  based on the costs saved by NCUE and WASCO since neither Wasco nor NCUE would have to pay
7  for a new infrastructure or new plans and could base future development on what was already almost
8  developed on the Valley Rose property and which had already gone through numerous meetings and
9  conditions for approval by Wasco.  Having to start over could potentially run in the millions of
10 dollars for one or both parties.

11  New tract No. 6451 and its corresponding maps, incorporated virtually the same
12 dimensions and references as the 5472 Map.

13   5.   Disputed Evidentiary Issues:
14        Not applicable at this time.
15   6.   Special Factual Information in Certain Actions:
16        Not applicable.
17   7.   Relief Sought:
18        a).   Plaintiff:
19              •   A declaration of willful infringement;
20              •   Injunctive relief against defendants and all persons acting in
21                  concert or participation with them or persons acting or
22                  purporting to act on their behalf, directing defendants to cease
23                  and desist from infringing plaintiff's copyright, the
24                  destruction of all copies of the copyrighted plans and all other
25                  steps reasonably necessary to remove any structures or design
26                  elements that had been copied from the plans or built based
27                  on the plans;
28              •   Impounding any copies of the plans and any other materials

derived from the copyrighted plans in whole or in part;
- A compliance report;
- Monetary damages in an amount equal to the actual damages suffered by McIntosh as a result of the infringement and any profits earned by defendants from the creation and commercial exploitation of the copied plans;
- Costs of suit;

b) Defendant:
- Costs of Suit.

8. <u>Relevant Points of Law</u>:

a) Technical drawings as copyrightable subject matter. 17 U.S.C. §§101, 102(a)(5); <u>Del Madera Properties v. Rhodes and Gardner</u>, 637 F.Supp. 262 (N.D. Cal. 1985); and <u>Del Madera Properties v. Rhodes and Gardner</u>; 820 F.2d 973 (9th Cir. 1987).

b) Direct evidence of copyright Infringement. <u>MacMillan Company v. I.V.O.W Corp.</u>, 495 F.Supp. 1134, (D.C.Vt. 1980)

c) Indirect evidence of copyright Infringement. <u>Lanard Toys v. Novelty</u>, 511 F.Supp.2d 1020 (C.D. Cal., 2007); <u>Smith v. Jackson</u>, 84 F.3d 1213 (9th Cir. 1996); <u>Litchfield v . Fielder</u>, 736 F.2d 1352, 1357 (9th Cir., 1984)

d) Implied license for copyrights. 17 U.S.C. §201; <u>Netbula, LLC v. BindView Development Corp</u>, 516 F.Supp.2d 1137 (N.D. Cal., 2007); <u>John G. Danielson v. Winchester-Conant Properties, Inc.</u> 322 F.3d 26 (1st Cir., 2003)

e) "Shop Rights." <u>United States v. Dubilier Condenser Corp.</u>, 289 U.S. 178, 188, 53 S.Ct. 554, 558, 77 L.Ed. 1114 (1933).

f) Standard for "Independent Creation" of Copyright. <u>Hollywood Screentest of America, Inc. v. NBC Universal, Inc.</u>,(2007) 151 Cal.App.4th 631.

g) Merger doctrine of copyright.

h) Measure of damages. 17 U.S.C. §504(a); <u>Del Madera Properties v. Rhodes & Gardner</u>, 820 F.2d 973 (9th Cir. 1987).

9.    <u>Abandoned Issues</u>:

Not applicable.

10.    <u>Witnesses</u>: The following is a list of names and addresses of all known, prospective witnesses, whether offered in person or by deposition or interrogatory, designating those who are expert witnesses.

> Greg Black
> Jeffrey A. Gutierrez
> (Persons Most knowledgeable)
> DeWalt Corporation
> 1930 22nd Street
> Bakersfield, California  93301
> (661) 323-4600
>
> (Persons most knowledgeable)
> The Legacy Group, L.P.
> 325 Robinson Street
> Bakersfield, CA 93305
>
> Gerald F. Helt
> (Persons Most knowledgeable)
> Helt Engineering
> 2930 Union Avenue
> Bakersfield, California  93305
> (661) 323-6045
>
> Darrell Souza
> Sperry Van Ness
> 5760 American Avenue, Suite A
> Modesto, California 95356
> (209) 576-7305
>
> Bob Wren (Wasco City Employee)
> Alan J. Peake (Attorney for the City of Wasco)
> King Leonard (Planning Director
> Dennis McNamara (Planning Director)
> Larry Pennell (City Manager)
> Marty Jones (Public Works Director)
> Mitch Maxey (Water Department Manager)
> Mike Jones (Public Works Inspector II)
> (Persons Most knowledgeable)
> City of Wasco
> 746 8th Street
> Wasco, California  93280
> (661) 758-7200
>
> Keith Woodcock
> Community Development Director
> City of Delano
> 1015 11th Avenue
> Delano, California  93215

1    (661) 721-3340

2    David See
     (Persons Most knowledgeable)
3    See's Consulting & Testing
     352 West Bedford, # 112
4    Fresno, California  93711
     (559) 435-3444
5
     Joe Wu
6    Chris Oliveras
     Jess Marimla
7    (Persons Most knowledgeable)
     Northern California Universal Enterprises, Inc.
8    300-D Turlock Street
     Turlock, California  95380
9    (209) 669-0606

10   Terry W. Schroepfer, P.E.
     Quad Knopf,
11   5500 Ming Avenue, Suite 410
     Bakersfield, California  93309
12   (661) 835-8300

13          11.   Exhibits – Schedules and Summaries:

14                Exhibits have been exchanged pursuant to Rule 26(f).

15          12.   Discovery Documents:

16                To be determined subsequent to or contemporaneous with deposition

17   testimony.

18     d. Expert disclosure and deposition pursuant to statute relative to the trial date.

19          13.   Further Discovery or Motions:

20                a)   Plaintiff - Rule 56(b)

21                b)   Plaintiff - Rule 15 Motion to Amend Pleadings to Include Additional

22   Defendant

23                c)   Defendant - Rule 15 Motion to Amend Pleadings to Include Additional

24   Affirmative Defenses.

25          14.   Stipulations:

26                After meeting and conferring, the parties have agreed on a proposed

27   deposition and trial schedule:

28                Depositions

    a)  Deposition of Mr. McIntosh and Mr. Wu between May 15 and June 30, 2008.

    b)  Depositions of other presently known witnesses between June 30 and November 30, 2008.

    c)  Depositions of newly discovered witnesses completed by November 30, 2008

   Other

    a)  Motion Filing Cutoff,  December 1, 2008

    b)  Pre-Trial Conference,  February 1, 2009

    c)  Trial Date,  March 1, 2009

  15. <u>Amendments – Dismissals</u>:

   Not applicable at this time.

  16. <u>Settlement Negotiations</u>:

   Both parties are agreeable to VDRP pursuant to L.R. 16-270. Both parties agree to allow this Court to appoint a VDRP Neutral at an agreed upon time from a list provided at the Case Management Conference.

  17. <u>Agreed Statements</u>:

   Not applicable.

  18. <u>Separate Trial of Issues</u>:

   Not applicable.

  19. <u>Impartial Experts – Limitation of Experts</u>:

   Plaintiff - Expert as to value of copyrighted plans for developer and other potential defendants.

  20. <u>Attorney Fees</u>:

   Both parties are seeking attorney's fees under 37 U.S.C. §505; <u>Fogerty v. Fantasy</u>, 510 U.S. 517 (1994).

  21. <u>Trial Exhibits</u>:

   Not applicable at this time.

1       22.   <u>Miscellaneous</u>:

2             Not applicable at this time.

3

4  DATED: April 10, 2008

5                                BORTON PETRINI, LLP

6

7
                                 By   s/James J. Braze/
8                                   James J. Braze, Esq., Attorneys for Plaintiff Roger McIntosh

9  DATED: April 10, 2008

10                               LAW OFFICES OF STEVEN J. HASSING

11

12
                                 By   s/Steven J. Hassing/
13                                  Steven J. Hassing, Esq., Attorneys for Plaintiff Roger McIntosh

**PROOF OF SERVICE (FRCP Rule No. 5)**

State of California, County of Kern

I am employed in the County of Kern, State of California. I am over the age of 18 and not a party to the within action; my business address is 1600 Truxtun Avenue, Bakersfield, California 93301.

On April ____, 2008, I served the foregoing document described as **JOINT CASE MANAGEMENT CONFERENCE STATEMENT AND FEDERAL RULE OF CIVIL PROCEDURE, RULE 26(f) REPORT** on the other parties in this action by placing a true copy thereof enclosed in sealed envelopes addressed as follows:

Mr. Steven John Hassing
**Law Offices of Steven J. Hassing**
425 Calabria Court
Roseville, CA  95747

**BY MAIL:**

As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at **Bakersfield**, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

Executed on April ____, 2008, at **Bakersfield**, California.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

**Vanessa J. Claridge**
Type or Print Name                                    Signature