Bonifacio B. Garcia, Esq.; SBN 100761
Eva M. Plaza, Esq.; SBN 250321
Chaka C. Okadigbo, Esq.; SBN 224547
GARCIA CALDERON RUIZ, LLP
500 S. Grand Avenue, Suite 1100
Los Angeles, California 90071
Telephone: (213) 347-0210
Facsimile:  (213) 347-0216
bgarcia@gcrlegal.com
eplaza@gcrlegal.com
cokadigbo@gcrlegal.com

Attorneys for Defendant
City of Wasco

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION

| | |
|---|---|
| ROGER McINTOSH,<br><br>    Plaintiff,<br><br>vs.<br><br>NORTHERN CALIFORNIA UNIVERSAL ENTERPRISES COMPANY, a California corporation; LOTUS DEVELOPMENTS, LLP; THE CITY OF WASCO, a municipal corporation, and DOES 1 through 10, inclusive,<br><br>    Defendants. | CASE NO.: 1:07-CV-01080LJO-GSA<br><br>**DEFENDANT CITY OF WASCO'S ANSWER TO FIRST AMENDED COMPLAINT FOR COPYRIGHT INFRINGEMENT** |

Defendant City of Wasco ("Defendant") hereby answers the First Amended Complaint for Copyright Infringement ("First Amended Complaint") filed by Plaintiff Roger McIntosh.

## ANSWER

1.  Defendant admits that Plaintiff has filed an action through which Plaintiff seeks redress for the alleged infringement of copyrighted works. Defendant, however, denies committing, causing or inducing the commission of any alleged acts of infringement, as alleged in Paragraph 1 of the *First Amended Complaint*.

2.   Defendant is without knowledge to form a belief as to the truth of the allegations of Paragraph 2 of the *First Amended Complaint* and, therefore, denies same.

3.   Defendant admits that Defendant Northern California Universal Enterprises Company has a business address at 2099 Fortune Drive, San Jose, California 95131. Defendant is without knowledge to form a belief as to the remainder of the allegations of Paragraph 3 of the *First Amended Complaint* and, therefore, denies same.

4.   Defendant admits that Lotus Developments has a business address at 300 B Street, Turlock, California 9530. Defendant is without knowledge to form a belief as to the remainder of the allegations of Paragraph 4 of the *First Amended Complaint* and, therefore, denies same.

5.   Defendant admits the allegations of Paragraph 5 of the *First Amended Complaint*.

6.   Defendant is without knowledge to form a belief as to the truth of the allegations of Paragraph 6 of the *First Amended Complaint* and, therefore, denies same.

7.   Defendant admits the allegations of Paragraph 7 of the *First Amended Complaint*.

8.   Defendant admits the allegations of Paragraph 8 of the *First Amended Complaint*.

9.   Defendant admits the allegations of Paragraph 9 of the *First Amended Complaint*.

10.   Defendant is without knowledge to form a belief as to the truth of the allegations of Paragraph 10 of the *First Amended Complaint* and, therefore, denies same.

11.   Defendant is without knowledge to form a belief as to the truth of the allegations of Paragraph 11 of the *First Amended Complaint* and, therefore, denies

same.

12. Defendant is without knowledge to form a belief as to the truth of the allegations of Paragraph 12 of the *First Amended Complaint* and, therefore, denies same.

13. Defendant is without knowledge to form a belief as to the truth of the allegations of Paragraph 13 of the *First Amended Complaint* and, therefore, denies same.

14. Defendant is without knowledge to form a belief as to the truth of the allegations of Paragraph 14 of the *First Amended Complaint* and, therefore, denies same.

15. Defendant is without knowledge to form a belief as to the truth of the allegations of Paragraph 15 of the *First Amended Complaint* and, therefore, denies same.

16. Defendant admits that Martin-McIntosh prepared drainage, sewer, water and utility plans for The Legacy Group, Ltd. Defendant, however, is without knowledge to form a belief as to the truth of the remainder of the allegations in Paragraph 16 of the *First Amended Complaint* and, therefore, denies same.

17. Defendant is without knowledge to form a belief as to the truth of the allegations of Paragraph 17 of the *First Amended Complaint* and, therefore, denies same.

18. Defendant is without knowledge to form a belief as to the truth of the allegations of Paragraph 18 of the *First Amended Complaint* and, therefore, denies same.

19. Defendant is without knowledge to form a belief as to the truth of the allegations of Paragraph 19 of the *First Amended Complaint* and, therefore, denies same.

20. Defendant is without knowledge to form a belief as to the truth of the allegations of Paragraph 20 of the *First Amended Complaint* and, therefore, denies

same.

21. Defendant is without knowledge to form a belief as to the truth of the allegations of Paragraph 21 of the *First Amended Complaint* and, therefore, denies same.

22. Defendant is without knowledge to form a belief as to the truth of the allegations of Paragraph 22 of the *First Amended Complaint* and, therefore, denies same.

23. Defendant is without knowledge to form a belief as to the truth of the allegations of Paragraph 23 of the *First Amended Complaint* and, therefore, denies same.

24. Defendant is without knowledge to form a belief as to the truth of the allegations of Paragraph 24 of the *First Amended Complaint* and, therefore, denies same.

25. Defendant is without knowledge to form a belief as to the truth of the allegations of Paragraph 25 of the *First Amended Complaint* and, therefore, denies same.

26. Defendant is without knowledge to form a belief as to the truth of the allegations of Paragraph 26 of the *First Amended Complaint* and, therefore, denies same.

27. Defendant is without knowledge to form a belief as to the truth of the allegations of Paragraph 27 of the *First Amended Complaint* and, therefore, denies same.

28. Defendant admits that construction on the subdivision ceased, that The Legacy Group, Ltd. declared bankruptcy and that the City purchased the subdivision at a tax sale. Defendant is without knowledge to form a belief as to the remainder of the allegations of Paragraph 28 of the *First Amended Complaint* and, therefore, denies same.

29. Defendant admits that Northern California Enterprises purchased the

subdivision, as an assignee of Wasco Project, LLC, the initial purchaser, in 2004. Defendant denies the remainder of the allegations in Paragraph 29 of the *First Amended Complaint*, but acknowledges that Plaintiff pleads these allegations on information and belief.

30. Defendant is without knowledge to form a belief as to the truth of the allegations of Paragraph 30 of the *First Amended Complaint* and, therefore, denies same.

31. Defendant is without knowledge to form a belief as to the truth of the allegations of Paragraph 31 of the *First Amended Complaint* and, therefore, denies same.

32. Defendant is without knowledge to form a belief as to the truth of the allegations of Paragraph 32 of the *First Amended Complaint* and, therefore, denies same.

33. Defendant is without knowledge to form a belief as to the truth of the allegations of Paragraph 33 of the *First Amended Complaint* and, therefore, denies same.

34. Defendant is without knowledge to form a belief as to the truth of the allegations of Paragraph 34 of the *First Amended Complaint* and, therefore, denies same.

35. Defendant is without knowledge to form a belief as to the truth of the allegations of Paragraph 35 of the *First Amended Complaint* and, therefore, denies same.

36. Defendant is without knowledge to form a belief as to the truth of the allegations of Paragraph 36 of the *First Amended Complaint* and, therefore, denies same.

37. Defendant incorporates its responses to Paragraphs 1-36 with respect to answering Paragraph 37 of the *First Amended Complaint*.

38. Defendant is without knowledge to form a belief as to the truth of the

allegations of Paragraph 38 of the *First Amended Complaint* and, therefore, denies same.

39.  Defendant is without knowledge to form a belief as to the truth of the allegations of Paragraph 39 of the *First Amended Complaint* and, therefore, denies same.

40.  Defendant is without knowledge to form a belief as to the truth of the allegations of Paragraph 40 of the *First Amended Complaint* and, therefore, denies same.

41.  Defendant incorporates its responses to Paragraphs 1-40 with respect to answering Paragraph 41 of the *First Amended Complaint*.

42.  Defendant denies the allegations of Paragraph 42 of the *First Amended Complaint*.

43.  Defendant denies the allegations of Paragraph 43 of the *First Amended Complaint*.

44.  Defendant denies the allegations of Paragraph 44 of the *First Amended Complaint*.

45.  Defendant denies the allegations of Paragraph 45 of the *First Amended Complaint*.

46.  Defendant denies the allegations of Paragraph 46 of the *First Amended Complaint*.

## FIRST AFFIRMATIVE DEFENSE

47.  The *First Amended Complaint* fails to state a claim upon which relief may be granted in that, amongst other things, the facts alleged do not constitute contributory copyright infringement.

## SECOND AFFIRMATIVE DEFENSE

48.  Plaintiff's claims of infringement and/or contributory infringement are barred by the doctrine of fair use.

///

### THIRD AFFIRMATIVE DEFENSE

49. Plaintiff's claims of infringement are barred by the doctrine of estoppel and/or acquiescence.

### FOURTH AFFIRMATIVE DEFENSE

50. Plaintiff's claims are barred by the doctrine of unclean hands.

### FIFTH AFFIRMATIVE DEFENSE

51. Plaintiff's claims are barred, in whole or in part, by the doctrine of laches.

### SIXTH AFFIRMATIVE DEFENSE

52. Plaintiff's claims are barred, in whole or in part, by waiver, license, abandonment or forfeiture by Plaintiff of any rights previously held under the Copyright Act or have otherwise been surrendered by operation of law.

### SEVENTH AFFIRMATIVE DEFENSE

53. Defendant did not violate nor cause the violation of any of Plaintiff's rights.

### EIGHTH AFFIRMATIVE DEFENSE

54. Defendant denies all allegations, if any, and conclusions of law, to which it did not specifically reply in its *Answer to First Amended Complaint for Copyright Infringement*.

### NINTH AFFIRMATIVE DEFENSE

55. Defendant did not intentionally or otherwise deprive or cause Plaintiff to be deprived of any of Plaintiff's rights.

### TENTH AFFIRMATIVE DEFENSE

56. Plaintiff failed to mitigate his damages, if any.

### ELEVENTH AFFIRMATIVE DEFENSE

57. Plaintiff has suffered no damage by virtue of any acts, events or occurrences alleged in the Complaint, whether or not attributable to Defendant.

///

## TWELFTH AFFIRMATIVE DEFENSE

58. Plaintiff's *First Amended Complaint*, including each of the purported causes of action contained therein, is barred, in whole or in part, to the extent that Plaintiff seeks relief for any purported claims that were not brought before the expiration of the applicable statute(s) of limitations. Specifically, some or all of the purported infringements alleged by Plaintiff is barred by the statutes of limitations set forth in section 507 of the Copyright Act, 17 U.S.C. § 507, and California Civil Code § 339(1).

## THIRTEENTH AFFIRMATIVE DEFENSE

59. All damages which Plaintiff claims to have suffered were caused in whole, or in part, by other parties, including, but not limited to, Plaintiff and Defendants Northern California Universal Enterprises Co. and Lotus Developments, LLP.

## FOURTEENTH AFFIRMATIVE DEFENSE

60. Plaintiff's claims in the *First Amended Complaint* are barred by the First Sale Doctrine.

## FIFTEENTH AFFIRMATIVE DEFENSE

61. Plaintiff's claims in the *First Amended Complaint* are barred in whole or in part by Plaintiff's acts of copyright misuse. Plaintiff has misused its alleged copyright and is wrongfully attempting to extend the scope of the limited monopoly granted by the Copyright Act.

## SIXTEENTH AFFIRMATIVE DEFENSE

62. The *Complaint* and *First Amended Complaint* and each cause of action alleged therein is barred because Plaintiff failed to include all individuals who committed the alleged acts of infringement against Plaintiff and who are necessary and indispensable parties under Rules 12(b)(7) and 19 of the *Federal Rules of Civil Procedure*.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

63. Plaintiffs' claims in the *First Amended Complaint* are barred by the doctrine of Consent. Plaintiff and/or its predecessors in interest consented to the use of Plaintiff's alleged copyrighted materials under agreements between Plaintiff and/or its predecessors and his or its customers and/or former customers and by the submission of the alleged copyrighted works to a governmental agency.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

64. Defendant reserves its right to plead additional defenses that may be identified during the course of discovery and/or investigation.

Respectfully Submitted,

Dated: JULY 21, 2008           GARCIA, CALDERÓN & RUÍZ, LLP

By: _____
Chaka C. Okadigbo
Attorneys for Defendants
CITY OF WASCO

**PROOF OF SERVICE**

I declare that I am over the age of eighteen (18) and not a party to this action. My business address is 500 South Grand Avenue, Suite 1100, Los Angeles, California 90071.

On **July 21, 2008**, I served the following document: **DEFENDANT CITY OF WASCO'S ANSWER TO FIRST AMENDED COMPLAINT FOR COPYRIGHT INFRINGEMENT** on the interested parties in this action by placing a true and correct copy of such document, enclosed in a sealed envelope, addressed as follows:

James J. Braze
Borton, Petrini, LLP
1600 Truxtun Avenue
Bakersfield, CA 93301

Steven John Hassing
Law Offices of Steven J. Hassing
Five Sierragate Plaza
Suite 330
Roseville, CA 95678

( X )    **BY MAIL**: I am readily familiar with the business' practice for collection and processing of correspondence for mailing with the United States Postal Service. I know that the correspondence was deposited with the United States Postal Service on the same day this declaration was executed in the ordinary course of business. I know that the envelope was sealed and, with postage thereon fully prepaid, placed for collection and mailing on this date in the United States mail at Los Angeles, California.

( )    **BY OVERNIGHT COURIER**: I caused the above-referenced document(s) to be deposited in a box or other facility regularly maintained by the overnight courier, or I delivered the above-referenced document(s) to an overnight courier service, for delivery to the above addressee(s).

( )    **BY HAND-DELIVERY**: I caused the above-referenced document(s) to be hand-delivered to the addressee(s)

( )    (State)    I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

( X )    (Federal)    I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed **July 21, 2008**, Los Angeles, California.

*/s/ Carolyn Dominguez*
Carolyn Dominguez