1   Bonifacio B. Garcia, Esq.; SBN 100761
2   Eva M. Plaza, Esq.; SBN 250321
    Chaka C. Okadigbo, Esq.; SBN 224547
3   GARCIA CALDERON RUIZ, LLP
    500 S. Grand Avenue, Suite 1100
    Los Angeles, California 90071
4   Telephone: (213) 347-0210
    Facsimile:  (213) 347-0216
5   bgarcia@gcrlegal.com
    eplaza@gcrlegal.com
6   cokadigbo@gcrlegal.com

7   Attorneys for Defendant
    City of Wasco
8

9               UNITED STATES DISTRICT COURT

10      EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION

| | |
|---|---|
| 11 ROGER McINTOSH, | CASE NO.:  1:07-CV-01080LJO-GSA |
| 12     Plaintiff, | |
| 13 vs. | **CROSS-COMPLAINT FOR CONTRACTUAL INDEMNITY [California Civil Code § 2772]; JURY TRIAL DEMAND** |
| 14 NORTHERN CALIFORNIA UNIVERSAL ENTERPRISES | |
| 15 COMPANY, a California corporation; LOTUS DEVELOPMENTS, LLP; THE | |
| 16 CITY OF WASCO, a municipal corporation, and DOES 1 through 50, | |
| 17 inclusive, | |
| 18     Defendants. | |
| 19 | |
| 20 CITY OF WASCO, | |
| 21     Cross-Complainant, | |
| 22 vs. | |
| 23 NORTHERN CALIFORNIA UNIVERSAL ENTERPRISES | |
| 24 COMPANY, a California corporation, | |
| 25     Cross-Defendant, | |
| 26 | |

27
28   / / /

1
CROSS-COMPLAINT FOR CONTRACTUAL INDEMNITY

1   Defendant/Cross-Complainant City of Wasco (the "City") alleges:

2   1.   This Court has supplemental jurisdiction over the claims asserted

3   herein pursuant to 28 U.S.C. § 1367(a) in that they are related to the claims alleged

4   in the *First Amended Complaint* on file in this action.

5   2.   The City is and was at all times mentioned herein a municipal

6   corporation formed and organized under the laws of the State of California.

7   3.   Defendant   and   Cross-Defendant   Northern   California   Universal

8   Enterprises Company ("Cross-Defendant") is and was at all times mentioned

9   herein a California Corporation.

10   4.   Defendants DOE 1 through DOE 50, inclusive, are sued herein under

11   fictitious names. Their true names and capacities are unknown to plaintiff. When

12   their true names and capacities are ascertained, Cross-Complainant will amend this

13   complaint by inserting their true names and capacities herein. Cross-Complainant

14   is informed and believes and thereon alleges that each of the fictitiously named

15   defendants is responsible in some manner for the occurrences herein alleged, and

16   that Cross-Complainant's damages as herein alleged were proximately caused by

17   those defendants. Each reference in this complaint to "cross-defendant,"

18   "defendant," "defendants," or a specifically named defendant or cross-defendant

19   refers also to all defendants sued under fictitious names.

20   5.   On or about April 6, 2004, the City and Wasco Project, LLC entered

21   into a *Purchase and Sale Agreement* ("*Agreement*") with respect to property

22   commonly known as Valley Rose Estates.  Wasco Project, LLC was to acquire the

23   Valley Rose Estates from the City of Wasco under the *Agreement*.  Amongst other

24   provisions, Wasco Project, LLC agreed, under section 6.3 of the *Agreement*, to

25   purchase the property "as is" and without any warranties or representations from

26   the City as to the property, improvements, contract rights or entitlements thereto,

27   or as to the property's condition, state of repair or fitness for use.

28   6.   Wasco Project, LLC further agreed, under section 8 of the *Agreement*,

to indemnify and hold the City harmless from "any and all claims, demands,

CROSS-COMPLAINT FOR CONTRACTUAL INDEMNITY

1   losses, obligations, costs and expenses (including without limitation attorneys' fees

2   and court costs) which arise out of … the ownership or operation of the Property

3   after Closing."

4         7.    Wasco Project, LLC was unable to obtain financing to complete its

5   purchase of the Valley Rose Estates under the *Agreement*.  Accordingly, on May

6   18, 2004, Wasco Project, LLC assigned its rights and obligations under the

7   *Agreement* to Cross-Defendant pursuant to an *Assignment of Purchase and Sale*

8   *Agreement*.  Cross-Defendant agreed to purchase the Valley Rose Estates from the

9   City and to assume all obligations, covenants and promises previously made under

10  the *Agreement* by Wasco Project, LLC.  The City consented to Wasco Project,

11  LLC's assignment and agreed to release it from all obligations under the

12  *Agreement*.

13        8.    The City conveyed the Valley Rose Estates to Cross-Defendant

14  pursuant to the *Assignment of Purchase and Sale Agreement*.  Since conveying the

15  Valley Rose Estates to Cross-Defendant, the City has performed all conditions and

16  obligations to be performed on its part under the *Assignment of Purchase and Sale*

17  *Agreement* with Cross-Defendant.

18        9.    On or about June 2, 2008, Plaintiff Roger McIntosh filed a *First*

19  *Amended Complaint*, alleging that Cross-Defendant infringed on its copyright by

20  developing the Valley Rose Estates with copyright protected subdivision plans that

21  were prepared by Martin-McIntosh exclusively for The Legacy Group, Ltd. for an

22  earlier, but failed, attempt to develop the same property.  Plaintiff further alleges

23  that he is now the exclusive owner of the alleged copyright protected plans, having

24  bought out his former business partner, Mr. Martin, and that he did permit Cross-

25  Defendant to use the subdivision plans prepared by Martin-McIntosh to develop

26  the Rose Valley Estates.

27        10.   Plaintiff has also sued the City under a theory of contributory

28  copyright infringement.

          11.   The City denies engaging in any acts that constitute contributory

1    copyright infringement.

2       12.    If, as is alleged in the *First Amended Complaint*, Cross-Defendant is

3    infringing on Plaintiff's copyright by using Plaintiff's allegedly copyrighted

4    subdivision plans to develop the Rose Valley Estates, then the City is entitled to

5    indemnification by Cross-Defendant pursuant to the *Assignment of Purchase and*

6    *Sale Agreement* insofar as it incorporates section 8 of the *Agreement*.   Specifically,

7    Cross-Defendant's operation of the Rose Valley Estates property has resulted in

8    "claims, demands, losses, obligations, costs and expenses" by Plaintiff against the

9    City for which the City is entitled to be indemnified by Cross-Defendant.

10      13.    The City has incurred, and continues to incur, necessary and

11   reasonable attorneys' fees and other legal costs in prosecuting this action against

12   Cross-Defendant and in defending itself from Plaintiff's *First Amended Complaint*.

13   WHEREFORE, Cross-Complainant prays for judgment as follows:

14      1.     For all damages, if any, adjudged against Cross-Complainant with

15   respect to Plaintiff's cause of action against Cross-Complainant for contributory

16   copyright infringement.

17      2.     For all Cross-Complainant's attorneys' fees and costs incurred in

18   defending and resolving Plaintiff's claims for contributory copyright infringement;

19   and

20      3.     For such other relief as the court may deem proper.

21   ///

22   ///

23   ///

24   ///

25   ///

26   ///

27   ///

28   ///

1

## JURY TRIAL DEMAND

2      Cross-Complainant demands a trial by jury on all issues triable of right by a

3   jury.

4                              Respectfully Submitted,

5   Dated: JULY 21, 2008            GARCIA, CALDERÓN & RUÍZ, LLP

6

7

8                              By: _____

9                                   Chaka C. Okadigbo
                                    Attorneys for Defendants
10                                  CITY OF WASCO

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4827-1732-0706
                                      5

1

**PROOF OF SERVICE**

2

      I declare that I am over the age of eighteen (18) and not a party to this action.   My business address is 500 South Grand Avenue, Suite 1100, Los Angeles, California 90071.

3

On **July 21, 2008**, I served the following document:   **CROSS-COMPLAINT FOR**

4

**CONTRACTUAL INDEMNITY [California Civil Code § 2772]; JURY TRIAL DEMAND** on the interested parties in this action by placing a true and correct copy of such document,

5

enclosed in a sealed envelope, addressed as follows:

6

7

James J. Braze
Borton, Petrini, LLP
1600 Truxtun Avenue

8

Bakersfield, CA 93301

9

Steven John Hassing
Law Offices of Steven J. Hassing

10

Five Sierragate Plaza
Suite 330

11

Roseville, CA 95678

12

13

( **X** )                **BY MAIL**:  I am readily familiar with the business' practice for collection and

14

processing of correspondence for mailing with the United States Postal Service.  I know that the correspondence was deposited with the United States Postal Service

15

on the same day this declaration was executed in the ordinary course of business. I know that the envelope was sealed and, with postage thereon fully prepaid,

16

placed for collection and mailing on this date in the United States mail at Los Angeles, California.

17

( )                **BY OVERNIGHT COURIER:**  I caused the above-referenced document(s) to

18

be deposited in a box or other facility regularly maintained by the overnight courier, or I delivered the above-referenced document(s) to an overnight courier

19

service, for delivery to the above addressee(s).

( )                **BY HAND-DELIVERY:**  I caused the above-referenced document(s) to be hand-

20

delivered to the addressee(s)

21

( )         (State)        I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

22

( **X** )       (Federal)     I declare that I am employed in the office of a member of the bar

23

of this court at whose direction the service was made.

24

25

      Executed **July 21, 2008**, Los Angeles, California.

26

27

**Carolyn Dominguez**

28