vja

1  James J. Braze, Esq.; SBN 76911; jbraze@bortonpetrini.com
   Jeffrey A. Travis, Esq.; SBN 235507; jtravis@bortonpetrini.com
2  BORTON PETRINI, LLP
   1600 Truxtun Avenue
3  Post Office Box 2026
   Bakersfield, CA 93303
4  Telephone (661) 322-3051

5  Attorneys for Plaintiff, Roger McIntosh

6  Bonifacio B. Garcia, Esq., SBN 100761
   Eva M. Plaza, Esq. SBN 250321
7  Chaka Okadigbo, Esq., SBN 224547
   GARCIA CALDERON RUIZ, LLP
8  500 S. Grand Avenue, Suite 1100
   Los Angeles, CA 90071
9  Telephone: (213) 347-0210
   Facsimile: (213) 347-0216
10
   Attorneys for Defendant, City of Wasco
11

12

13               UNITED STATES DISTRICT COURT

14        EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION

15
   ROGER McINTOSH,                    Case No.  1:07-CV-01080-LJO-GSA
16
                 Plaintiff,           AMENDED JOINT CASE
17                                    MANAGEMENT CONFERENCE
   v.                                 STATEMENT AND FEDERAL RULE OF
18                                    CIVIL PROCEDURE, RULE 26(f)
   NORTHERN CALIFORNIA UNIVERSAL      REPORT
19 ENTERPRISES COMPANY, et al,
                                      The Honorable Lawrence J. O'Neill
20               Defendants.
                                      Date: August 7, 2008
21                                    Time: 8:30 a.m.
                                      Dept: 4
22                                    Trial Date:

23        Pursuant to Federal Rule of Civil Procedure, Rule 26(f) and Local Civil Rules,

24 Rule 16-281, plaintiff Roger McIntosh, Defendants Northern California Universal Enterprises

   Company and Lotus Developments, and City of Wasco respectfully submit their Joint Case
25
   Management Conference Statement and Rule 26(f) Report.
26
              1.    Jurisdiction and Venue
27
           This court has subject matter jurisdiction over the claims in this action pursuant to
28

28 U.S.C. §1331, 28 U.S.C. §§ 1338(a) - (b) and 28 U.S.C. § 1367.  Venue in this judicial district is also proper under 28 U.S.C. §1391(b).  Neither party disputes either jurisdiction or venue.

    2.    Jury – Non-jury

    Both parties are seeking, and neither party is contesting a trial by jury

    3.    Undisputed Facts

    Roger McIntosh, dba McIntosh & Associates, ("McIntosh") initiated a copyright infringement suit against Northern California Universal Enterprises Company for infringement of a tentative map and its corresponding plans ("5472 Map.")  that he created in or about 1992 for the Valley Rose Estates subdivision ("Valley Rose") also known as Tract No. 5472 in the City of Wasco. ("Wasco")  The 5472 Map was created by Mr. McIntosh for a previous developer, Legacy Group, which had planned the Valley Rose Estates subdivision and with Wasco's approval.  The 5472 Map was based on and referred to a number of plans for various components of the subdivision which included a subdivision layout, grading plans, sewer plans, wall plans, landscaping plans, and street plans.

    The development of Valley Rose was detailed between Wasco and Legacy Group in a Development Agreement they both signed on November 3,1992.

    In 1993, Wasco approved the 5472 Map.  Thereafter, the Valley Rose subdivision was almost completely improved according to McIntosh's 5472 Map in the year following its approval. Unfortunately, and in 1994, the development of Valley Rose was halted because of the  Legacy Group's inability to further finance the Valley Rose project.  Wasco then purchased the subdivision property at a tax sale in or about 1994.

    In 2004, Northern California Universal Enterprises Company and Lotus Developments, LP ("NCUE") purchased the subdivision from Wasco.  Joseph Wu, the founder and head of NCUE, contacted McIntosh and asked McIntosh for the cost to do an as-built plan.  NCUE refused to pay the amount requested by McIntosh and instead hired an alternate engineer, DeWalt Engineering, ("DeWalt") to create a new tentative map for the same property and Wasco gave it a new Tract No. 6451.

    New Tentative Map 6451 by DeWalt was similar to the 5472 Map as to the design

of the subdivision and including the same subdivision layout and design.  The 6451 Tentative Map was eventually approved by the new surveyor, Jeffrey Gutierrez of Dewalt in May of 2006, Wasco City Planning Director, Keith Woodcock, in March of 2007, and City Engineer Gerald Helt, in June of 2008.  In each of their statements, they certified the "Revised" Tentative and Final Maps created by DeWalt were "substantially the same."

A copyright for the 5472 Map was filed on February 22, 2007 in the United States Copyright Office, Reg. No. VAU721-180.

In accordance with Wasco city guidelines, the development for tract no. 6451 was approved by a development agreement between NCUE and Wasco in February of 2007.  A final map for tract no. 6451 was approved by Wasco on March 6, 2007 and sent to the City Clerk for endorsement.

          4.        <u>Disputed Factual Issues</u>:

All works created by McIntosh for the 5472 Map are copyrighted and protected works.  Pursuant to its 1992 Consultant Agreement with McIntosh, Legacy Group was authorized to use the copyrighted plans only on several conditions:  Use of the plans was only for the project outlined in the 1992 development agreement between Legacy Group and Wasco; use of the plans was for Legacy Group's use only; and, any additional use for different projects was prohibited.

The development agreement between Wasco and Legacy Group was a private development by Legacy Group and was not a public undertaking by Wasco.  Further, section 4.1 of the Development Agreement conditioned the development on all improvements being completed by 2002 or else the Development Agreement would expire.  Additionally, section 6.1.6 specifically stated that subsequent approvals necessary to develop the plan were contingent on "timely approval" by Wasco.

The City of Wasco consented to McIntosh as a consultant engineer for the Valley Rose project in §2.15 of the 1992 Development Agreement.  It is nowhere stated in the Development Agreement that use of the plans extended beyond the use outlined in the 1992 Development Agreement or that McIntosh gave any consent for the Defendant's or Wasco's use of the copyrighted plans.

1   During the time between the Valley Rose purchase by Wasco until 2004, the Valley

2   Rose subdivision sat dormant and was the subject of much litigation.  Further, the 5472 Map expired

3   on May 11, 2001, and the 1992 development Agreement formally expired in 2002 without extension,

4   pursuant to provision §4.2.

5   When Joseph Wu asked McIntosh what it would cost to complete the remaining

6   infrastructure according to the 5472 Map, McIntosh conditioned future use on payment for what he

7   believed was owed (approximately $360,000) equal to the value of the 5472 Map's plans. This was

8   based on the costs saved by NCUE and WASCO since neither Wasco nor NCUE would have to pay

9   for a new infrastructure or new plans and could base future development on what was already almost

10  developed on the Valley Rose property and which had already gone through numerous meetings and

11  conditions for approval by Wasco.  Having to start over could potentially run in the millions of

12  dollars for one or both parties.

13  New tract No. 6451 and its corresponding maps, incorporated virtually the same

14  dimensions and references as the 5472 Map.

15      5.   Disputed Evidentiary Issues:

16           Not applicable at this time.

17      6.   Special Factual Information in Certain Actions:

18           Not applicable.

19      7.   Relief Sought:

20           a).   Plaintiff:

21                 •   A declaration of willful infringement;

22                 •   Injunctive relief against defendants and all persons acting in

23                     concert or participation with them or persons acting or

24                     purporting to act on their behalf, directing defendants to cease

25                     and desist from infringing plaintiff's copyright, the

26                     destruction of all copies of the copyrighted plans and all other

27                     steps reasonably necessary to remove any structures or design

28                     elements that had been copied from the plans or built based

on the plans;

•      Impounding any copies of the plans and any other materials derived from the copyrighted plans in whole or in part;

•      A compliance report;

•      Monetary damages in an amount equal to the actual damages suffered by McIntosh as a result of the infringement and any profits earned by defendants from the creation and commercial exploitation of the copied plans;

•      Costs of suit;

b)     Defendant:

•      Costs of Suit.

8.     <u>Relevant Points of Law</u>:

a)     Technical drawings as copyrightable subject matter. 17 U.S.C. §§101, 102(a)(5); <u>Del Madera Properties v. Rhodes and Gardner</u>, 637 F.Supp. 262 (N.D. Cal. 1985); and <u>Del Madera Properties v. Rhodes and Gardner</u>; 820 F.2d 973 (9th Cir. 1987).

b)     Direct evidence of copyright Infringement. <u>MacMillan Company v. I.V.O.W Corp.</u>, 495 F.Supp. 1134, (D.C.Vt. 1980)

c)     Indirect evidence of copyright Infringement. <u>Lanard Toys v. Novelty</u>, 511 F.Supp.2d 1020 (C.D. Cal., 2007); <u>Smith v. Jackson</u>, 84 F.3d 1213 (9th Cir. 1996); <u>Litchfield v . Fielder</u>, 736 F.2d 1352, 1357 (9th Cir., 1984)

d)     Implied license for copyrights. 17 U.S.C. §201; <u>Netbula, LLC v. BindView Development Corp</u>, 516 F.Supp.2d 1137 (N.D. Cal., 2007); <u>John G. Danielson v. Winchester-Conant Properties, Inc</u> 322 F.3d 26 (1st Cir., 2003)

e)     "Shop Rights." <u>United States v. Dubilier Condenser Corp.</u>, 289 U.S. 178, 188, 53 S.Ct. 554, 558, 77 L.Ed. 1114 (1933).

f)     Standard for "Independent Creation" of Copyright. <u>Hollywood Screentest of America, Inc. v. NBC Universal, Inc.</u>,(2007) 151 Cal.App.4th 631.

g)     Merger doctrine of copyright.

1          h)    Measure of damages. 17 U.S.C. §504(a); Del Madera Properties v.

2    Rhodes & Gardner,  820 F.2d 973 (9th Cir. 1987).

3          I)    Derivative Works, 170 S.C. §§ 101, 106(2); Stewart v. Abend 495

4    U.S. 207, 223; Batjac Productions, Inc. v. Goodtimes Home Video, 160 F.3d 1223 (9th 1998).

5        9.    Abandoned Issues:

6        Not applicable.

7        10.    Witnesses: The following is a list of names and addresses of all known,

8    prospective witnesses, whether offered in person or by deposition or interrogatory, designating those

9    who are expert witnesses.

10   Greg Black
    Jeffrey A. Gutierrez
11   (Persons Most knowledgeable)
    DeWalt Corporation
12   1930 22nd Street
    Bakersfield, California  93301
13   (661) 323-4600

14   (Persons most knowledgeable)
    The Legacy Group, L.P.
15   325 Robinson Street
    Bakersfield, CA 93305
16

17   Gerald F. Helt
    (Persons Most knowledgeable)
    Helt Engineering
18   2930 Union Avenue
    Bakersfield, California  93305
19   (661) 323-6045

20   / / /

21   / / /

22   / / /
    Darrell Souza
23   Sperry Van Ness
    5760 American Avenue, Suite A
24   Modesto, California 95356
    (209) 576-7305
25

26   Bob Wren (Wasco City Employee)
    Alan J. Peake (Attorney for the City of Wasco)
    King Leonard (Planning Director
27   Dennis McNamara (Planning Director)
    Larry Pennell (City Manager)
28   Marty Jones (Public Works Director)

Mitch Maxey (Water Department Manager)
Mike Jones (Public Works Inspector II)
(Persons Most knowledgeable)
City of Wasco
746 8th Street
Wasco, California  93280
(661) 758-7200

Keith Woodcock
Community Development Director
City of Delano
1015 11th Avenue
Delano, California  93215
(661) 721-3340

David See
(Persons Most knowledgeable)
See's Consulting & Testing
352 West Bedford, # 112
Fresno, California  93711
(559) 435-3444

Joe Wu
Chris Oliveras
Jess Marimla
(Persons Most knowledgeable)
Northern California Universal Enterprises, Inc.
300-D Turlock Street
Turlock, California  95380
(209) 669-0606

Terry W. Schroepfer, P.E.
Quad Knopf,
5500Ming Avenue, Suite 410
Bakersfield, California  93309
(661) 835-8300

11.   Exhibits – Schedules and Summaries:

Exhibits have been exchanged pursuant to Rule 26(f).

/ / /

12.   Discovery Documents:

To be determined subsequent to or contemporaneous with deposition
testimony.

d.  Expert disclosure and deposition pursuant to statute relative to the trial date.

13.   Further Discovery or Motions:

a)   Plaintiff - Rule 56(b)

1            b)        Defendant - Rule 15 Motion to Amend Pleadings to Include Additional

2    Affirmative Defenses.

3          14.    Stipulations:

4            After meeting and conferring, the parties have agreed on a proposed

5    deposition and trial schedule:

6            Depositions

7          a)    Deposition of Mr. McIntosh and Mr. Wu between August 15 and

8    October 30, 2008.

9            b)    Depositions of other presently known witnesses between August 30

10    and February 28, 2009.

11            c)    Depositions of newly discovered witnesses completed by February 28,

12    2009.

13            Other

14            a)    Motion Filing Cutoff ,      March 1, 2009

15            b)    Pre-Trial Conference,      May 1, 2009

16            c)    Trial Date,      June 1, 2009

17          15.    Amendments – Dismissals:

18            Not applicable at this time.

19          16.    Settlement Negotiations:

20    All parties are agreeable to VDRP pursuant to L.R. 16-271 et seq..  All parties agree

21    to select from one of three Neutrals provided by this Court and with the VDRP to be performed in

22    accordance with the attached Stipulation and Order for VDRP referral.

23          17.    Agreed Statements:

24            Not applicable.

25          18.    Separate Trial of Issues:

26            Not applicable.

27          19.    Impartial Experts – Limitation of Experts:

28            Plaintiff - Expert as to value of creating copyrighted plans for developer and

1    other potential defendants and the profits derived therefrom.

2                    Plaintiff / Defendant (City of Wasco) - Expert as to custom and practice of

3    municipal procedures for developing maps and plans.

4           20.    Attorney Fees:

5           Both parties are seeking attorney's fees under 37 U.S.C. §505; Fogerty v. Fantasy,

6    510 U.S. 517 (1994).

7           21.    Trial Exhibits:

8                  Not applicable at this time.

9           22.    Miscellaneous:

10                 Not applicable at this time.

11   DATED: August 1, 2008              BORTON PETRINI, LLP

12

13                                       By_____/s/James J. Braze_____
                                           James J. Braze, Esq., Attorneys for Plaintiff Roger McIntosh
14

15   DATED: August 1, 2008              GARCIA CALDERON RUIZ, LLP

16

17                                       By_____/s/Eva Plaza (as authorized on 8/1/08)_____
                                           Eva Plaza, Attorneys for Defendant, City of Wasco
18

19

20

21

22

23

24

25

26

27

28

1

PROOF OF SERVICE PER (FRCP 5(B)(2)(E)

2

STATE OF CALIFORNIA, COUNTY OF KERN

3

    I, Connie D. Seaton , declare:

4

    I am a citizen of the United States. I am employed in the County of Kern, State of

5

California. I am over the age of 18 and not a party to the within action; my business address is 1600 Truxtun Avenue, Bakersfield, California 93301.

6

    On **August 1, 2008**, I served the foregoing document described as **AMENDED JOINT**

7

**CASE MANAGEMENT CONFERENCE STATEMENT AND FEDERAL RULE OF CIVIL PROCEDURE, RULE 26(f) REPORT** on the other parties in this action as follows:

8

9

Mr. Steven John Hassing      Attorneys for Defendants Northern
Law Offices of Steven J. Hassing    California Universal Enterprises Company

10

425 Calabria Court         and Lotus Developments
Roseville, CA  95747       BUS: 916/677-1776

11

                           FAX: 916/677-1770
email address: **stevenhassing@yahoo.com**

12

Chaka Okadigbo          Attorneys for Defendant, City of Wasco

13

Garcia Calderon Ruiz, LLP
500 South Grand Avenue

14

Suite 1100            Tel: 213/347-0210
Los Angeles, CA 90071     Fax: 213-347-0216

15

email address: **cokadigbo@gcrlegal.com**

16

17

    **BY ELECTRONIC SERVICE:**  Pursuant to Fed. R. Civ. P. 5(b)(2)(E) and Local Court Rule(s), the foregoing document will be served by the court via CM/ECF..  Pursuant to the CM/ECF

18

docket for this case proceeding the following person(s) are on the Electronic Mail Notice List to receive ECF transmission at the email address(es) indicated below:

19

    Executed on **August 1, 2008**, at **Bakersfield**, California.

20

21

    I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

22

23

    **Connie D. Seaton**            /s/ Connie D. Seaton
    Type or Print Name             Signature

24

25

26

27

28