Steven J. Hassing
California SBN 152125
LAW OFFICES OF STEVEN J. HASSING
425 Calabria Court
Roseville, CA  95747
Telephone:  (916) 677-1776
Facsimile:   (916) 677-1770

Attorney *for Defendants, Northern California Universal Enterprise Company and Lotus Developments*

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ROGER MCINTOSH,<br><br>                              Plaintiff(s);<br><br>v.<br><br>NORTHERN CALIFORNIA UNIVERSAL ENTERPRISES COMPANY, ET AL.,<br><br>                              Defendant(s). | No.  1:07-CV-01080-LJO-GSA<br><br>**ANSWER TO FIRST AMENDED COMPLAINT** |

Comes now defendants, Northern California Universal Enterprises Company, Inc. and Lotus Developments, LP and in response to Plaintiff's first amended complaint answer as follows;

**NATURE OF THE ACTION**

1.      Defendants deny that they "created" a subdivision or that they employed the embodiment of Plaintiff's designs.  Defendants further deny that they have infringed on any real or claimed copyright rights of the Plaintiff that are the subject of Copyright Reg. Cert. No. VAU-721-180.

///

1

# PARTIES AND OTHER IMPORTANT PERSONS

2. Defendants admit the allegations of paragraph 2.

3. Defendants admit the allegations of paragraph 3.

4. Defendants admit the allegations of paragraph 4.

5. Defendants admit the allegation of paragraph 5.

6. Defendants deny the allegations of paragraph 6.

7. Defendants do not possess information sufficient to know if the allegations of paragraph 7 are true or false and therefore deny same.

8. Defendants admit the allegations of paragraph 8.

9. Defendants admit the allegations of paragraph 9.

## FACTUAL BACKGROUND
### McIntosh and Associates

10. Defendants do not possess information sufficient to know if the allegations of paragraph 10 are true or false and therefore deny same.

11. Defendants do not possess information sufficient to know if the allegations of paragraph 11 are true or false and therefore deny same.

12. Defendants do not possess information sufficient to know if the allegations of paragraph 12 are true or false and therefore deny same.

13. Defendants do not possess information sufficient to know if the allegations of paragraph 13 are true or false and therefore deny same.

14. Defendants admit the allegations of paragraph 14.

///

///

### Contract With The Legacy Group

15. Defendants do not possess information sufficient to know if the allegations of paragraph 15 are true or false and therefore deny same.

16. Defendants do not possess information sufficient to know if the allegations of paragraph 16 are true or false and therefore deny same.

17. Defendants do not possess information sufficient to know if the allegations of paragraph 17 are true or false and therefore deny same.

18. Defendants do not possess information sufficient to know if the allegations of paragraph 18 are true or false and therefore deny same.

19. Defendants do not possess information sufficient to know if the allegations of paragraph 19 are true or false and therefore deny same.

20. Defendants do not possess information sufficient to know if the allegations of paragraph 20 are true or false and therefore deny same.

21. The agreement between the Legacy Group and the City of Wasco speaks for itself.

22. Defendant's admit the allegation of paragraph 22.

### The Subdivision Plans

23. Defendants do not possess information sufficient to know if the allegations of paragraph 23 are true or false and therefore deny same.

24. Defendants do not possess information sufficient to know if the allegations of paragraph 24 are true or false and therefore deny same.

25. Defendants do not possess information sufficient to know if the allegations of paragraph 25 are true or false and therefore deny same.

### Initial Construction of the Subdivision

26. Defendants do not possess information sufficient to know if the allegations of paragraph 26 are true or false and therefore deny same.

27. Defendants do not possess information sufficient to know if the allegations of paragraph 27 are true or false and therefore deny same.

28. Defendants do not possess information sufficient to know if the allegations of paragraph 28 are true or false and therefore deny same.

### Defendants' Infringement of McIntosh's Plans

29. Defendants admit the allegations of paragraph 29.

30. Defendants admit that Mr. Wu contacted McIntosh but denies that he asked him if he could "use the Plans" or that McIntosh requested that Mr. Wu pay for the Plans.

31. Defendants deny the allegations of paragraph 31.

32. Defendants do not possess information sufficient to know if the allegations of paragraph 32 are true or false and therefore deny same.

33. Defendants deny that they constructed the subdivision and deny the remaining allegations of paragraph 33.

34. Defendants deny that they constructed the subdivision and deny the remaining allegations of paragraph 34.

35. Defendants admit the allegations of paragraph 35.

36. Defendants deny the allegations of paragraph 36.

///

///

## FIRST CAUSE OF ACTION

### Copyright Infringement of Technical Drawings

37. Defendants incorporate their answers set forth in paragraphs 1-36.

38. Defendants deny the allegations of paragraph 38.

39. Defendants deny the allegations of paragraph 39.

40. Defendants deny the allegations of paragraph 40.

## SECOND CAUSE OF ACTION

### Contributory Copyright Infringement of Technical Drawings

41. Defendants incorporate their responses to paragraphs 1-40.

42. Defendants admit the allegations of paragraph 42.

43. Defendants admit that the City of Wasco obtained a direct financial benefit from the construction of the Valley Rose Estates subdivision but deny that there was any unlawful use of plans drawn by McIntosh.

44. Defendants deny that the conduct of Lotus or Universal constituted "infringement" and thereby deny the allegations of paragraph 44 as phrased.

45. Defendants deny the allegations of paragraph 45.

46. Defendants deny the allegations of paragraph 46.

## PRAYER FOR RELIEF

Defendants deny that McIntosh has been damaged in any way or that the Plaintiff McIntosh is entitled to monetary or injunctive relief.

## SEPARATE AFFIRMATIVE DEFENSES

Defendants, and each of them, hereby assert the following affirmative defenses.

///

**FIRST AFFIRMATIVE DEFENSE**

47. The Complaint and each cause of action alleged therein fails to state a claim upon which relief can be granted. Plaintiff's Complaint further fails to state facts sufficient to support injunctive relief or an award of attorney's fees.

**SECOND AFFIRMATIVE DEFENSE**

48. The claims of the Plaintiff in the Complaint are barred in whole or in part by the Plaintiff's acts of copyright misuse. Plaintiff has misused its copyrights and is wrongfully attempting to extend the scope of the limited monopoly granted by the Copyright Act.

**THIRD AFFIRMATIVE DEFENSE**

49. The claims of the Plaintiff in the Complaint are barred by the equitable doctrine of Latches. Although at the time of Defendants' purchase from the City of Wasco the subdivision had already been constructed by others pursuant to a subdivision agreement, the City required Defendants to go through the mapping process again. Defendants hired a separate engineering firm to prepare plans for a tentative and final map. The improvements were already in place and had been around 10 years.

**FOURTH AFFIRMATIVE DEFENSE**

50. The claims of the Plaintiff in the Complaint are barred by the equitable doctrine of Unclean Hands.

**FIFTH AFFIRMATIVE DEFENSE**

51. At all relevant times and places mentioned in the Plaintiff's complaint herein, plaintiff failed to mitigate the amount of damages, if any. The damages claimed by Plaintiff could have been mitigated by due diligence on its part or by one acting reasonable under similar

circumstances. The failure of the Plaintiff to mitigate damages is a bar to recovery under the Complaint.

### SIXTH AFFIRMATIVE DEFENSE

52. The claims of the Plaintiff in the Complaint are barred or any recovery is limited by the applicable statute of limitations. Specifically, some or all of the purported infringements alleged by Plaintiffs are barred by the statutes of limitations set forth in section 507 of the Copyright Act. 17 U.S.C. §507, and also set forth in California Civil Code §339(1).

### SEVENTH AFFIRMATIVE DEFENSE

53. The claims of the Plaintiff in the Complaint are barred by the doctrine of Fair Use.

### EIGHTH AFFIRMATIVE DEFENSE

54. The claims of the Plaintiff in the Complaint are barred by the First Sale Doctrine.

### NINTH AFFIRMATIVE DEFENSE

55. The claims of the Plaintiff in the Complaint are barred by the waiver, license, abandonment or forfeiture by the Plaintiff of any rights previously held under the Copyright Act or otherwise surrendered by the operation of law.

### TENTH AFFIRMATIVE DEFENSE

56. The claims of the Plaintiff in the Complaint are barred by the equitable doctrine of Estoppel.

### ELEVENTH AFFIRMATIVE DEFENSE

57. The Complaint and each cause of action alleged therein is barred because the Plaintiff failed to include the individual(s) who allegedly engaged in the infringement in questions

and who is/are indispensable parties pursuant to Rules 12(b)(7) and 19 of the Federal Rules of Civil Procedure.

### TWELFTH AFFIRMATIVE DEFENSE

58.  The claims of the Plaintiff in the Complaint for statutory damages and attorney's fees under 17 U.S.C. §504 are barred because the identified copyright registration of the Plaintiff were not made within three months after the first publication of the allegedly infringing works as required by 17 U.S.C. §412.

### THIRTEENTH AFFIRMATIVE DEFENSE

59.  The claims of the Plaintiff in the Complaint are barred by the doctrine of Consent. The Plaintiff and its predecessors in interest consented to use of the Plaintiff's copyrighted material under agreements between Plaintiff and its customers and/or former customers and by the submission of said copyrighted works to a governmental agency.

### PRAYER FOR RELIEF

WHEREFORE, Defendants respectfully request the following relief:

1.  For dismissal of the Plaintiffs' action with prejudice and a judgment in favor of Defendants denying all relief requested by Plaintiff in this action;

2.  For an award of Defendant's costs of suit including reasonable attorneys' fees; and

3.  For such further and other relief and the Court deems fair and just.

Dated this 14th day of August, 2008           /s/ Steven J. Hassing, Esq.
                                              Steven J Hassing, Attorney
                                              for defendants

# CERTIFICATE OF SERVICE

1.    On August 14, 2008, I served the following document:

- **DEFENDANT'S ANSWER**

2.    The above-named document was served by the following means to the persons as listed below:

      ECF System of the United States Bankruptcy Court, District of Nevada.

__XX__    United States Mail, first class postage fully prepaid and addressed to:

James Braze
Jeffrey Travis
Borton, Petrini, LLP
1600 Truxtun Avenue
Bakersfield, CA  93301

Chaka Okadigbo
Garcia Calderon Ruiz, LLP
500 South Grand Avenue, Ste. 1100
Los Angeles, CA  90071

      By fax transmission. I faxed the document to the persons at the fax number listed below. No error was reported by the fax machine that I used. A copy of the record of the fax transmission is attached.

I declare under penalty of perjury that the foregoing is true and correct.
Dated this 14th Day of August, 2008.

Kimberley A. Hassing