Steven J. Hassing
California SBN 152125
LAW OFFICES OF STEVEN J. HASSING
425 Calabria Court
Roseville, CA  95747
Telephone:  (916) 677-1776
Facsimile:   (916) 677-1770

Attorney *for Defendant/Cross-Defendant*
*Northern California Universal Enterprise Company*

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ROGER MCINTOSH,<br><br>         Plaintiff(s);<br>v.<br><br>NORTHERN CALIFORNIA UNIVERSAL ENTERPRISES COMPANY, ET AL.,<br><br>         Defendant(s) | No.  1:07-CV-01080-LJO-GSA<br><br>**ANSWER BY NORTHERN CALIFORNIA UNIVERSAL ENTERPRISE COMPANY TO CITY OF WASCO'S FIRST AMENDED CROSS-COMPLAINT** |
| CITY OF WASCO,<br><br>        Cross-Complainants(s);<br>v.<br><br>NORTHERN CALIFORNIA UNIVERSAL ENTERPRISES COMPANY, ET AL.,<br><br>        Cross-Defendant(s) | |

  Cross-Defendant, Northern California Universal Enterprises Company, Inc., ("Northern"), responds to the First Amended Cross-Complaint filed by The City of Wasco in November of 2008, as follows;

1.  Northern admits the allegations of paragraph 1 of the Cross-Complaint.

2. Northern admits the allegations of paragraph 2 of the Cross-Complaint.

3. Northern admits the allegations of paragraph 3 of the Cross-Complaint.

4. Northern does not possess sufficient information to respond to the allegations of paragraph 4 and thereby denies same.

5. The referenced agreement speaks for itself.  Northern does not possess sufficient information to respond to the allegations of paragraph 5 and thereby denies same.

6. The referenced agreement speaks for itself.  Northern does not possess sufficient information to respond to the allegations of paragraph 6 and thereby denies same.

7. The agreement referenced in paragraph 7 speaks for itself.  With regard to the remaining allegations contained therein, Northern does not possess sufficient information to respond and thereby denies same.

8. Northern admits the allegation of paragraph 8.

9. Northern admits that The City conveyed the Valley Rose Estates subdivision as alleged.  The remainder of the allegations contained in paragraph 8 constitute legal conclusions and are, on that basis, denied.

10. Northern admits that the City entered into the subdivision agreement in February of 2007.  With regard to the remaining allegations, the agreement speaks for itself.

11. The subdivision agreement speaks for itself.

12. Northern admits the allegations of paragraph 12 of the Cross-Complaint.

13. Northern admits the allegations of paragraph 13.

14. Northern admits that The City has made the denials claimed in paragraph 14 of the Cross-Complaint.

15. The allegations of 15 are legal conclusions and Northern denies those allegations.

16. The allegations of paragraph 16 are legal conclusions and Northern denies those allegations.

17. Northern admits that the lawsuit was filed after Northern's purchase thereof but does not know that the City has incurred attorneys fees. The balance of paragraph 17 consists of legal conclusion and is therefore denied.

Wherefore Northern prays that Cross-Complainant take nothing by way of its Cross-Complaint and that Northern be awarded its attorneys fees and costs as allowed by law or contract.

## SEPARATE AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

18. The Cross-Complaint fails to state facts necessary to constitute a proper cause of action.

### SECOND AFFIRMATIVE DEFENSE

19. At the time the sale agreement between The City of Wasco and Wasco Project LLC was entered into neither party envisioned, foresaw or anticipated that a copyright lawsuit would or could be filed which would involve the land then being sold. Accordingly, indemnification provisions of the agreement do not apply nor is Northern liable to The City of Wasco under those provisions.

### THIRD AFFIRMATIVE DEFENSE

20. The claims of Plaintiff do not arise from the "ownership" or "operation" of the Property.

**FOURTH AFFIRMATIVE DEFENSE**

21.     The City of Wasco has not committed contributory infringement and Plaintiff's Cross-Complaint is therefore unfounded and does not, even if the indemnity clause of the sale agreement between The City and Northern were valid as to copyright infringement, trigger any responsibility on the part of Northern to indemnify The City.

**FIFTH AFFIRMATIVE DEFENSE**

22.     The indemnification provisions referred in the City's First Amended Cross-Complaint were not intended, nor do they cover, intentional torts, acts of infringement or contributory infringement.

Dated this 1st day of December, 2008                /s/ Steven J. Hassing, Esq.
                                                    Steven J Hassing, Attorney for defendants

**CERTIFICATE OF SERVICE**

1. On December 2, 2008, I served the following document:

   - **DEFENDANT'S ANSWER TO THE CITY OF WASCO'S FIRST AMENDED CROSS-COMPLAINT**

2. The above-named document was served by the following means to the persons as listed below:

__XX__  United States Mail, first class postage fully prepaid and addressed to:

James Braze
Jeffrey Travis
Borton, Petrini, LLP
5060 California Ave, Suite 700
Bakersfield 93309

*Facsimile:  (661) 322-4628*

Chaka Okadigbo
Garcia Calderon Ruiz, LLP
500 South Grand Avenue, Ste. 1100
Los Angeles, CA  90071

*Facsimile:  (213) 347-0216*

__XX__  By fax transmission. I faxed the document to the persons at the fax number listed above. No error was reported by the fax machine that I used. .

I declare under penalty of perjury that the foregoing is true and correct.
Dated this 2nd Day of December, 2008.

                                              /s/ Kimberley A. Hassing
                                              Kimberley A. Hassing