1   James J. Braze, Esq.; SBN 75911
    Jeffrey A. Travis, Esq.; SBN 235507
2   BORTON PETRINI, LLP
    5060 California Avenue, Suite 700
3   Bakersfield, CA  93309
    Post Office Box 2026
4   Bakersfield, CA 93303
    Telephone (661) 322-3051
5
    Attorneys for Plaintiff, Roger McIntosh
6

7

8                    UNITED STATES DISTRICT COURT

9        EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION

10

11  ROGER McINTOSH,                          Case No.  107CV 01080 LJO-GSA

12              Plaintiff,
                                             MEMORANDUM OF POINTS AND
13  v.                                       AUTHORITIES IN SUPPORT OF
                                             MOTION TO ADD DEWALT AND TO
14  NORTHERN CALIFORNIA UNIVERSAL            EXTEND DEADLINES PURSUANT TO
    ENTERPRISES COMPANY, et al,              FEDERAL RULES OF CIVIL
15                                           PROCEDURE, SECTION 15(A)(2)
              Defendants.
16

17

18                              I.

19                        INTRODUCTION

20          Plaintiffs are asking this court to allow them to add Dewalt C.M., Inc. ("Dewalt") as

21  another named defendant. Additionally, and to allow Dewalt enough time to prepare themselves in

22  time for trial, McIntosh is also asking this court to extend expert discovery deadlines and the trial

23  date to accommodate Dewalt as a party. Plaintiff will also agree to provide to Dewalt all discovered

24  documents propounded so far by them and to then and will work in good faith to bring Dewalt up

25  to speed on this case.

26          It has become preferable to add Dewalt as a defendant after their recent deposition,

27  where the person most knowledgeable for Dewalt revealed that it had acted in concert with both the

28  City of Wasco ("Wasco") and Northern California Universal Enterprises Company and Lotus

1  Developments, LLC (collectively, "Northern")  to create an infringing copy of Roger McIntosh's

2  tentative map and improvement plans.

3         To do this, Dewalt admitted to receiving the copyrighted improvement plans and map

4  from the City of Wasco and sending them to Northern at Northern's request.  Allowing Dewalt to

5  be added as a party provides a fuller determination of the merits of the claims involved and prevents

6  a second, separate lawsuit in this court against a party that could easily be added to this case with no

7  undue prejudice to any of the defendants.  Furthermore, and when asked, it was only Northern that

8  would not stipulate to this amendment.

9  **II.**

10  **FACTS**

11         Northern hired Dewalt to prepare a tentative and final map for a subdivision in

12  Wasco. To complete the subdivision and ready it for acceptance by the City of Wasco, Northern had

13  to prepare both a tentative and final map that conformed to the previous expired map prepared by

14  McIntosh. Both maps needed to be similar because they all are based on the same subdivision in the

15  Valley Rose Estates and reference the same  improvement plans prepared by McIntosh.   The

16  improvement plans refer to the same lots, streets, boundaries, and other unique, identifying indicia

17  of the subdivision.

18         During a recent deposition, it was revealed and admitted by Dewalt's president,

19  Jeffrey Gutierrez, that he had made copies of McIntosh's tentative map. (Decl. of Jeffrey A. Travis,

20  ¶ , Exhibit 1, Tmy. of J. Gutierrez, 13:3-25) He also testified that he needed the copyrighted

21  improvement plans to complete this project for Northern and made copies of them and distributed

22  them via email. (Id., Exhibit 2) Dewalt also admitted that it made a similar Tentative and Final map

23  as McIntosh's. (Gutierrez Tmy., 34:12-17) He also admitted that the tentative map it prepared for

24  Northern was similar to McIntosh's tentative map because it was more cost effective for his client

25  (Northern) since any major deviation would have ended up costing Northern more money.(Id., 39-41,

26  and 42:1-10)

27         Plaintiff's counsel met and conferred with all parties after the recent deposition of Mr.

28  McIntosh on December 18, 2008. (Travis Decl., ¶7 ) However, and although, the City of Wasco

1   agreed, Northern would not stipulate to the addition. (Id. ) Plaintiffs have also not added any
2   additional causes of action or additional allegations that would cause there to be a need for any
3   additional discovery. (See, Second Amended complaint.)

4           McIntosh now moves this court for the addition of Dewalt as a party defendant and
5   pursuant to the Second Amended Complaint filed separately and concurrently with this motion.

6                                                **III.**
7                                            **ARGUMENT**

8           A party may file an amended pleading with leave of court at any time prior to trial.
9   (Fed. Rules Civ. Proc., § 15(a)(2).)  As Rule 15(a)(2) states, leave should be freely given "when
10  justice so requires." (Id.) Federal policy also strongly favors granting leave to amend to make a
11  proper determination on the merits. (Foman v. Davis (1962) 371 U.S. 178, 182) This is true even
12  after scheduling order deadline has passed whereby court may grant leave to amend so long as the
13  request is made for "good cause" shown. (Colman v. Quaker Oats Company (9th Cir. 2000) 232
14  F.3d 1271, 1294.)

15          Plaintiff originally filed this action on July 26, 2007, citing a single cause of action
16  against Northern California Universal Enterprises and Lotus Developments LP for copyright
17  infringement. (Travis Decl., ¶¶3) Later, and after Rule 26 disclosures were produced by both sides,
18  it was discovered that the City of Wasco was also potentially liable for copyright infringement
19  because of its involvement in the preparation of the tentative and final maps. (Id.) Therefore, a
20  Second Amended Complaint was stipulated by the parties and the City of Wasco was then added on
21  June 12, 2008.

22          Recent deposition testimony has revealed that Dewalt also participated in copying
23  McIntosh's copyrighted works.  In addition to the written discovery, a deposition was taken of
24  Dewalt's person most knowledgeable, Jeffrey Gutierrez on November 24, 2008.  (Id., ¶5) In this
25  deposition Dewalt admitted that, pursuant to instructions from both Northern and Wasco, he made
26  and  needed copies of the improvement plans prepared by McIntosh in order to prepare the tentative
27  and final maps for the Valley Rose Estates subdivision. (Gutierrez Tmy., 34:12-17;34:12-17; 39-41,
28  and 42:1-10)

1   As Dewalt's testimony revealed, they copied the improvement plans and tentative

2   map. Dewalt admitted to having copies of McIntosh's copyrighted works and of making electronic

3   copies available to Northern for the purpose of preparing the subdivision for acceptance by the City

4   of Wasco. (Id. )

5   Further, Dewalt's actions are intricately tied to the actions of the other named

6   defendants since they were working for Northern to develop the alleged infringing map and pursuant

7   to directions from the City of Wasco.  For this reason, recent discovery has shown that Dewalt was

8   the middle person between Northern and the City of Wasco and adding them as a party will provide

9   a fuller determination of the merits of this case and will be less confusing to the jury.

10   Adding Dewalt as a party will not prove to be unduly prejudicial to the parties.  Most

11   discovery has already been completed except for a few depositions recently noticed by plaintiffs,

12   along with some written discovery. (Id., ¶9)  Further, once Dewalt is added, plaintiffs will agree to

13   produce to Dewalt all discoverable documents sent by plaintiff and sent to plaintiff from all parties.

14   (Id., ¶10)

15   Currently, there is a trial date set for June 1, 2009, with a pre-trial/settlement

16   conference scheduled for April 22, 2009.  Plaintiff recommends that, should this court allow the

17   addition of Dewalt, the current trial and pre-trial dates could be moved as follows, or as the court

18   schedule permits:

19   Trial                          August 3, 2009

20   Pre-Trial                      June 17, 2009

21   Motions                        June 1, 2009

22   Expert Discovery               March 30, 2009

23   Plaintiff recommends the extension of its expert discovery also to conform to the

24   recent stipulated extensions of non-expert discovery. (Id., ¶8)  This extension of expert discovery

25   will also benefit the defendants in that it will give them additional time to retain their own experts

26   which they did not designate and will allow them more time to depose plaintiff's expert witness and

27   to obtain any needed rebuttal experts.

28   Finally, the separately filed Second Amended Complaint only adds an additional

1 | party. It does not do as the previous First Amended Complaint did and also add a Second Cause of

2 | Action which would require new rounds of discovery to support or deny those allegations. Since

3 | there has been no undue delay and the meet-and-confer between counsel has occurred within the last

4 | two weeks and the deposition that revealed this new additional information supporting the addition

5 | of Dewalt occurred within the last month, McIntosh is bringing this motion in good faith and as

6 | swiftly as possible to provide the most efficient determination of the merits when it comes time for

7 | trial.

**IV.**

**CONCLUSION**

For the reasons stated above, McIntosh requests this court to allow him to amend the complaint to add Dewalt as a new named defendant and accept the Second Amended Complaint filed concurrently with this Motion.

DATED:   December 30, 2008

BORTON PETRINI, LLP

By: /s/ Jeffrey A. Travis
    Jeffrey A. Travis, Attorney for Plaintiff,
    Roger McIntosh

**PROOF OF SERVICE**
**(FRCP No. 5(b)(2)(E))**

**STATE OF CALIFORNIA,  COUNTY OF KERN**

I, Gina Pomato, declare:

I am a citizen of the United States. I am employed in the County of Kern, State of California. I am over the age of 18 and not a party to the within action; my business address is 5060 California Avenue, Suite 700, Bakersfield, California 93309.

On December 30, 2008, I served the foregoing document described as **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO ADD DEWALT AND TO EXTEND DEADLINES PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE, SECTION 1582** on the other party(ies) in this action as follows:

| | |
|---|---|
| Steven John Hassing, Esq.<br> Law Offices of Steven J. Hassing<br>425 Calabria Court<br>Roseville, CA 95747 | Attorneys for Attorneys for Defendants,<br>Northern California Universal Enterprises<br>Company and Lotus Developments<br>Tel:    916/677-1776<br>**Fax:   916/677-1770** |

email address: **stevehassing@yahoo.com**

| | |
|---|---|
| Chaka Okadigbo<br>**Garcia Calderon Ruiz, LLP**<br>500 South Grand Ave Suite 1100<br>Los Angeles, CA 90071 | Attorneys for Defendant, City of Wasco<br><br>Tel: 213/347-0210<br>**Fax: 213-347-0216** |

email address: **cokadigbo@gcrlegal.com**

☒      **BY ELECTRONIC SERVICE:**  Pursuant to Fed. R. Civ. P. 5(b)(2)(E) and Local Court Rule(s), the foregoing document will be served by the court via CM/ECF..  Pursuant to the CM/ECF docket for this case proceeding the following person(s) are on the Electronic Mail Notice List to receive ECF transmission at the email address(es) indicated below:

☐      **BY MAIL:**  As follows:  I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at , California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

Executed on **December 30, 2008**, at Bakersfield, California.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

_____ Gina Pomato _____          _____ /s/ Gina Pomato _____

H:\PUBLIC\0544493\060971<br>McIntosh v. Northern\MPA<br>ISO MTN ADD DEWALT<br>12-29-08 wpd

6

Proof of Service