# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROGER McINTOSH, | 07-cv-01080 LJO-GSA |
| Plaintiff, | |
| v. | ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO AMEND THE FIRST AMENDED COMPLAINT |
| NORTHERN CALIFORNIA UNIVERSAL ENTERPRISES COMPANY, a California corporation; LOTUS DEVELOPMENTS, LLP; THE CITY OF WASCO, a municipal corporation; and DOES 1 through 10, inclusive, | ORDER VACATING PREVIOUSLY SCHEDULED FILING DEADLINES AND HEARING DATES |
| Defendants. | (Document 50) |

## INTRODUCTION

On November 18, 2008, Plaintiff, Roger McIntosh, ("Plaintiff") filed a Motion to Amend the First Amended Complaint (hereinafter "FAC") and extend deadlines. Plaintiff seeks to add a new defendant, Dewalt C.M., Inc. ("Dewalt") to the FAC. Plaintiff is also requesting that the court alter dates outlined in a previously issued scheduling order. No opposition to the motion was filed. A hearing was scheduled for January 30, 2009, at 9:30 a.m. After reviewing the motion, the court has determined that this matter is suitable for decision without oral argument pursuant to Local Rule 78-230(h). The hearing on January 30, 2009 was vacated. Having

1

considered all materials submitted, Plaintiff's Motion to Amend the First Amended Complaint is GRANTED and Plaintiff's Motion to Amend Dates is GRANTED IN PART.

## PROCEDURAL BACKGROUND

Plaintiff filed the initial Complaint on July 26, 2007, citing a single cause of action against Northern California Universal Enterprises Company and Lotus Development LP (collectively "Northern") for copyright infringement. On June 12, 2008, a FAC was filed pursuant to a stipulation of the parties, adding the City of Wasco as a defendant, and alleging two causes of action : copyright infringement and contributory copyright infringement. On November 18, 2008, Plaintiff filed the instant motions.

*1. Plaintiff's Allegations*

In the FAC, Plaintiff alleges that in or about 1992, McIntosh contracted with the Legacy Group to design and supervise the private development and construction of a subdivision called the Valley Rose Estates Project ("the subdivision") on a parcel of land owned by the Legacy Group. Specifically, McIntosh contracted with the Legacy Group to : (1) develop the subdivision's master plans for water, sewer, and drainage systems; (2) develop a phase traffic and circulation plan; (3) determine boundaries; (4) develop a tentative tract map for the subdivision; and (5) develop landscape design unique to the subdivision.

Plaintiff alleges that according to the contract between McIntosh and the Legacy Group, all work product McIntosh created for the subdivision remained McIntosh's property and McIntosh retained the right to use the plans without the Legacy Group's consent, including but not limited to, McIntosh's designs and technical drawings. In addition, the Legacy Group allegedly agreed that McIntosh's designs and technical drawings could only be used by the Legacy Group on the Valley Rose Estates project.

It is alleged that in accordance with the contract, McIntosh designed the overall layout of the subdivision of individual plots and common spaces. McIntosh also allegedly created landscape designs for the subdivision which were depicted in technical drawings ("the plans") that are subject to a Copyright Registration Certificate No. VAU-721-180. McIntosh allegedly is the sole author and owner of the subdivision and landscape designs embodied in the technical

drawings and the copyright.

In 1993, McIntosh allegedly submitted the plans to the City of Wasco in order to obtain a building permit to commence construction of the subdivision and the plans were approved. Construction of the subdivision allegedly commenced, however, in 1994, the Legacy group declared bankruptcy and the City of Wasco purchased the subdivision at a tax sale.

Plaintiff alleges that in December 2004, Defendants Lotus and Northern purchased the subdivision, with all the improvements from the City of Wasco. In or about 2005 or 2006, Mr. Wu of Northern allegedly contacted Plaintiff and asked if he could use the plans. Plaintiff allegedly informed Mr. Wu that Northern could use the plans if Mr. Wu paid for them. Mr Wu allegedly refused to pay the price proposed by Plaintiff for use of the plans.

In or about October 2006, Plaintiff alleges that without paying McIntosh for the Plans, Defendants commenced construction on the subdivision. Plaintiff alleges that Defendants' construction of the subdivision is based on the landscape and subdivision designs similar to the subdivision and landscape design conceived and created by Plaintiff's copyrighted plans. Specifically, Plaintiff contends that a feature-by-feature comparison between the subdivision and the plans reveals substantial similarity in, among other things, the streets, curbs and gutters, utilities, walls fences, entry monuments, streets lights, landscaping, and references lines, annotations, and reference numbering. Plaintiff alleges that Defendants, without permission or license, obtained and copied the plans and are using them or have used them to complete the subdivision. Plaintiff alleges that Defendants have not paid for the use of the plans.

In the SAC, Plaintiffs seek to add Defendant Dewalt because at a recent deposition, Dewalt's president, Jeffrey Gutierrez, testified that he had obtained and made copies of McIntosh's tentative map. Declaration of Jeffrey A. Travis dated December 30, 2008 attached to Plaintiff's Motion for Leave to Amend at para. 5; Testimony of Gutierrez at Nov. 24, 2008, deposition attached to Plaintiff's Motion ("Gutierrez Tmy") at pg. 13: 3-25. Gutierrez also testified that he needed the plans to complete the project for Northern and distributed copies of the plan via e-mail. Gutierrez Tmy at pg. 33: 20-36: 4. Dewalt also admitted that it made a similar tentative and final map to McIntosh's tentative map because it was more cost efficient for

3

Northern since any major deviation would have ended up costing Northern more money. Gutierrez Tmy at pgs. 39: 24-42:10.

## DISCUSSION

Under Rule 15(a), a plaintiff may amend his complaint once "as a matter of course," and without leave of court, before a response has been filed. Fed.R.Civ.P. 15(a)(1); *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995). However, a party can only amend the pleading with the opposing party's written consent or the court's leave once a responsive pleading has been filed. Fed.R.Civ.P. 15(a)(2). Responsive pleadings have been filed in this case. (Docs. 39, 41, 44, 45). Thus, Plaintiff must obtain leave to amend in order to file the SAC.

Fed. R. Civ. Proc. 15(a) provides that a court "should freely give leave [to amend] when justice so requires." The United States Supreme Court has stated:

> [i]n the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. – the leave sought should, as the rules require, be "freely given."
> *Foman v. Davis*, 371 U.S. 178, 182 (1962).

This policy is "to be applied with extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F. 3d 1048, 1052 (9th 2003) (citations omitted). The Ninth Circuit has identified four factors to examine when evaluating whether leave to amend a complaint should be given including : (1) undue delay; (2) bad faith; (3) prejudice to the opponent; and (4) futility of amendment. *Loehr v. Ventura County Cmty. Coll. Dist.*, 743 F.2d 1310, 1319 (9th Cir. 1984). However, not all factors merit equal weight. *Eminence Capital, LLC, v. Aspeon*, 316 F. 3d at 1052. It is the consideration of prejudice that carries the greatest weight. *Id.* Absent prejudice, or a strong showing of the remaining factors, there is a presumption in favor of granting leave to amend. *Id.*

The court has considered all of the factors listed above and concludes that the leave to amend should be granted. As a preliminary matter, no opposition to the motion was filed. There is also no evidence of bad faith, undue delay, prejudice to the opponent, or the that amendment would be futile. Plaintiff is adding Defendant Dewalt as a result of new evidence obtained

during the course of discovery.  Permitting Plaintiff to add this defendant in the SAC will preserve judicial resources as it will prevent the filing of a second lawsuit in this court.  It will also provide for a more comprehensive determination of the merits of the claims in this case given the relationship between the parties.

Furthermore, Plaintiff has offered to provide Dewalt with the relevant discovery materials exchanged up until this point which will minimize any prejudice to the Defendant.   Finally, the court will adjust the scheduling order in this case once Dewalt is served to further minimize any prejudice.  Although Plaintiff has proposed that the scheduling order be amended and has provided the court with new dates, the court will not grant the request until Dewalt has been served with the SAC and can participate in formulating new dates. The court will calendar a new scheduling conference subsequent to service of the SAC so that new dates that are convenient for all of the parties can be arranged.

## CONCLUSION

Accordingly, for the above reasons, IT IS HEREBY ORDERED as follows :

1) Plaintiffs' Motion for Leave to Amend the First Amended Complaint is GRANTED;

2) Plaintiffs shall serve all Defendants with the Second Amended Complaint within 20 days;

3) Plaintiff's Motion to Extend the Deadlines is GRANTED IN PART.  A scheduling conference will be held on **March 25, 2009 at 9:30 am in Courtroom 10.**  The parties shall file a joint scheduling report no later that five days prior to the scheduling conference and shall also e-mail a copy in WordPerfect or Word format to gsaorders@caed.uscourts.gov.   Plaintiff shall notify Defendant Dewalt of the time and location of the scheduling conference.  Plaintiff shall also send Dewalt copies of all of the discovery Plaintiff has produced and received when the Second Amended Complaint is served on Defendant Dewalt, or shortly thereafter; and

4) All dates outlined in the court's scheduling conference order issued on August 14,

2008 are VACATED pending the setting of new dates at the next scheduling conference.

IT IS SO ORDERED.

Dated:     **February 4, 2009**                         **/s/ Gary S. Austin**
                                             UNITED STATES MAGISTRATE JUDGE