lj:rlf

1  James J. Braze, Esq.; SBN 75911
2  Jeffrey A. Travis, Esq.; SBN 235507
   BORTON PETRINI, LLP
3  5060 California Avenue, Suite 700
   Post Office Box 2026
4  Bakersfield, CA 93303
   Telephone (661) 322-3051
5  jbraze@bortonpetrini.com
   jtravis@bortonpetrini.com

6  Attorneys for Plaintiff, Roger McIntosh dba McIntosh
   & Associates
7

8              UNITED STATES DISTRICT COURT

9         EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION

10

11 ROGER McINTOSH,                        Case No.  1:07-CV-01080-LJO-WMW

12              Plaintiff,
                                          SECOND AMENDED COMPLAINT FOR
13 v.                                     COPYRIGHT INFRINGEMENT;
                                          DEMAND FOR JURY TRIAL
14 NORTHERN CALIFORNIA UNIVERSAL
   ENTERPRISES COMPANY, a California
15 corporation; LOTUS DEVELOPMENTS,
   LLP; THE CITY OF WASCO, a municipal
16 corporation; DEWALT CM, INC., a
   California corporation also doing business as
17 DEWALT CORPORATION; and DOES 1
   through 10, inclusive,
18
                Defendants.
19

20

21         For his complaint against Northern California Universal Enterprises Company

22 ("Universal") Lotus Developments, LLP ("Lotus"), the City of Wasco ("Wasco"), and Dewalt CM,

23 Inc. ("Dewalt") (collectively, "Defendants"), Roger McIntosh dba McIntosh & Associates

24 ("McIntosh") alleges:

25                      **NATURE OF THE ACTION**

26         1.    This is an action to redress the infringement of McIntosh's registered

27 copyrights. Universal, Lotus and Wasco have created a residential subdivision by copying and using

28 McIntosh's copyrighted w orks and employing a tangible embodiment of the landscape and

1   subdivision design McIntosh conceived and created and that is the subject of Copyright Registration

2   Certificate No. VAU-721-180.

3                        **PARTIES AND OTHER IMPORTANT PERSONS**

4            2.      Plaintiff Roger McIntosh is a civil engineer doing business as McIntosh &

5   Associates and Associates, a sole proprietorship with its principal place of business at 2001 Wheelan

6   Court, Bakersfield, CA  93309.

7            3.      Defendant Northern California Universal Enterprises Company, a California

8   corporation with an address at 2099 Fortune Drive, San Jose, California 95131, started as a land

9   development company in 1980 and is now a builder in California's Central Valley.  On information

10  and belief, Joseph Wu is the founder and head of Northern California Universal Enterprises

11  Company.

12           4.      Defendant Lotus Developments is a California Limited Partnership with an

13  address at 300 B Street, Turlock, CA 95380.  On information and belief, Joseph Wu is also the

14  founder and head of Lotus Developments.

15           5.      Defendant City of Wasco is a municipal corporation formed and organized

16  under the laws of the State of California with an address at 746 Eighth Street, Wasco, CA 93280.

17           6.      The true names and capacities of defendants Does 1 through 10 inclusive are

18  unknown to plaintiff, who therefore sues said defendants by such fictitious names.  Plaintiff is

19  informed and believes and thereon alleges that each of the defendants herein designated as a Doe is

20  responsible in some manner for the events and happenings herein referred to and caused injuries

21  proximately thereby as hereinafter alleged.  Plaintiff is informed and believes and thereon alleges

22  that at all times herein mentioned, each of the defendants was the agent, servant and employee of

23  each of the remaining defendants, and at all times herein mentioned, each was acting within the

24  purpose and scope of said agency and employment.  Plaintiff is further informed and believes and

25  thereon alleges that at all times herein mentioned, each of the defendants' employees was the agent,

26  servant and employee of each employee's respective employer, that at all times herein mentioned,

27  each employee was acting within the purpose and scope of said agency and employment, and that

28  each defendant has ratified and approved the acts of its agents and employees.

1       7.     The Legacy Group, referred to throughout, is not a defendant in this action

2 and no longer exists. The Legacy Group was a land development company originally involved in

3 the development of the property that is the subject of this action.

4 **JURISDICTION AND VENUE**

5       8.     This court has subject matter jurisdiction over the claims in this action

6 pursuant to 28 U.S.C. section 1331, 28 U.S.C. section 1338(a) through (b) and 28 U.S.C.

7 section 1367.

8       9.     Venue in this judicial district is proper under 28 U.S.C. section 1391(b).

9 **FACTUAL BACKGROUND**

10 **McINTOSH & ASSOCIATES**

11      10.     For more than 34 years, Roger McIntosh has been engaged in urban planning,

12 specifically the design of residential subdivisions in community spaces throughout California. In

13 1980, Mr. McIntosh and Eugene Martin founded Martin-McIntosh Land Surveying.

14      11.     Over the last 27 years, the firm has expanded to offer an array of land-

15 planning services from civil engineering and landscape architecture to construction management

16 throughout Central and Southern California, Arizona and Nevada.

17      12.     On May 3, 1999, Roger McIntosh bought out his partner, Mr. Martin, and

18 Martin-McIntosh became McIntosh & Associates. Pursuant to the buy-out agreement, the rights and

19 all works created up to that point by Martin-McIntosh were assigned to Roger McIntosh.

20      13.     McIntosh & Associates provides all types of civil engineering services,

21 specializing in site planning for private developments, residential developments and public works

22 projects, including infrastructure, subdivision design and oil field facilities.

23      14.     McIntosh & Associates also offers land surveying services, from boundary

24 surveys to geodetic control surveys.

25 **CONTRACT WITH THE LEGACY GROUP**

26      15.     In or about 1992, McIntosh contracted with the Legacy Group to design and

27 supervise the private development and construction of a subdivision called the Valley Rose Estates

28 Project (the "Subdivision") on a parcel of land owned by the Legacy Group.

16.     Specifically, McIntosh contracted to (1) develop the subdivision's master plans for water, sewer and drainage systems; (2) develop a phase traffic and circulation plan; (3) determine boundaries; (4) develop a tentative tract map for the Subdivision; and (5) develop landscape design unique to the Subdivision.

17.     According to the contract between McIntosh and the Legacy Group, all work product McIntosh created for the Subdivision remained his property and McIntosh retained the right to use the plans without the Legacy Group's consent, including but not limited to McIntosh's designs and technical drawings.

18.     In addition, the Legacy Group agreed that McIntosh's designs and technical drawings were being created exclusively for the Legacy Group and could only be used by the Legacy Group on the Valley Rose Estates project.

19.     The contract between McIntosh and the Legacy Group also established that the agreement between the parties could not be assigned without the written consent of the other party.

20.     The Legacy Group had an agreement with the City of Wasco wherein the City would pay for the Subdivision project with bond anticipation notes. The Legacy Group was to pay McIntosh and the contractor from the money it received from the City of Wasco.

21.     According to the agreement between Wasco and the Legacy Group, the development agreement expired in 2002 because the improvements were not completed.

22.     The tentative map for the Valley Rose Estates subdivision, Tract No. 5472, expired in 2001.

## THE SUBDIVISION PLANS

23.     In accordance with his obligations under the Legacy Group contract, McIntosh designed the overall layout of the Subdivision, as well as the division of the individual plots and common spaces. McIntosh also created landscape designs for the Subdivision. McIntosh's subdivision and landscape designs are depicted in technical drawings ("The Plans") that are the subject of Copyright Registration Certificate No. VAU-721-180, a true and correct copy of which is attached as Exhibit "A."

1   24.   McIntosh is the sole author of the subdivision and landscape designs

2   embodied in the technical drawings.

3   25.   McIntosh is the sole owner of the copyright and the technical drawings. (See

4   Exh. "A," Copyright Registration Certificate No. VAU-721-180.)

5   **INITIAL CONSTRUCTION OF THE SUBDIVISION**

6   26.   In 1993, McIntosh submitted the Plans to the City of Wasco in order to obtain

7   a building permit to commence construction on the Subdivision. The City of Wasco subsequently

8   approved the Plans.

9   27.   Construction of the Subdivision commenced after the City of Wasco approved

10   the Plans. Several different contractors worked on the construction of the Subdivision, according

11   to McIntosh's Plans. McIntosh supervised construction of the Subdivision to ensure that the Plans

12   were properly implemented.

13   28.   In 1994, the bottom dropped out of the real estate market and the City of

14   Wasco's bond anticipation notes lost their value. The City was no longer able to pay the Legacy

15   Group for the construction on the Subdivision. Consequently, construction on the Subdivision

16   ceased. The Legacy Group subsequently declared bankruptcy and the City of Wasco purchased the

17   Subdivision at a tax sale.

18   **DEFENDANTS' INFRINGEMENT OF MCINTOSH' PLANS**

19   29.   On information and belief, in or about December 2004, of defendants Lotus

20   and Universal  purchased the Subdivision, with all the improvements, from the City of Wasco.

21   30.   In or about late 2005 or early 2006, Mr. Wu of Northern California Universal

22   Enterprises Company and Lotus Developments contacted McIntosh and asked if he could use

23   McIntosh's Plans to finish the Subdivision. McIntosh told Mr. Wu that he could use the plans if he

24   paid for them. Mr. Wu refused to pay the price proposed by McIntosh for use of the Plans.

25   31.   On information and belief, in or about October 2006, without paying McIntosh

26   for his Plans, defendants commenced construction on the Subdivision.

27   32.   In or about November 2006, a Wasco city employee told McIntosh that

28   Mr. Wu was using McIntosh's plans to complete the Subdivision.

33. On information and belief, Defendants' construction of the Subdivision is based on landscape and subdivision designs substantially similar to the subdivision and landscape design conceived and created by McIntosh that is represented in the plans and that is the subject of Copyright Registration Certificate No. VAU-721-180.

34. A point-by-point, feature-by-feature comparison between the subdivision constructed by Defendants and the Plans authored by McIntosh shows that the prominent features of the subdivision are substantially similar to the Plans, such that the overall look and feel of the design representative of the plans is embodied in the subdivision.

35. Specifically, a feature-by-feature comparison between the subdivision and the Plans reveals substantial similarity in, among other things, the streets, curbs and gutters, utilities, walls, fences, entry monuments, street lights, landscaping, and reference lines, annotations, and reference numbering.

36. On informatio n and belief, Defendants, without permission or license, obtained and copied the Plans and are using them or have used them to complete the subdivision. Defendants have not paid McIntosh for use of the Plans.

## FIRST CAUSE OF ACTION

### COPYRIGHT INFRINGEMENT OF TECHNICAL DRAWINGS

37. McIntosh incorporates by reference and re-alleges paragraphs 1 through 36 above.

38. Plaintiff has in all respects complied with the requirements of the copyright laws of the United States with respect to the Plans.

39. The copying of the Plans by defendants constitutes infringement of McIntosh's registered copyright and the technical drawings depicted in the Plans, in violation of the Copyright Act, resulting in harm and injury to McIntosh.

40. As a result of the above-described wrongful acts of defendants in creating infringing copies of the Plans, McIntosh's copyright of the Plans has been infringed and he is entitled to recover actual damages and that portion of the profits realized by Defendants from the use and commercial exploitation of the infringing copies attributable to the unlawful use by Defendants of

1 the copyrighted material contained in the plans that is the subject of Copyright Registration

2 Certificate No. VAU-721-180.

3                          **SECOND CAUSE OF ACTION**

4              **C O N T R I B U T O R Y    C O P Y R I G H T**
               **INFRINGEMENT OF TECHNICAL DRAWINGS**
5

6          41.    McIntosh incorporates by reference and re-alleges paragraphs 1 through 40

7 above.

8          42.    At all times during the construction of the Valley Rose Estates subdivision,

9 the City of Wasco controlled the development of the Valley Rose Estates subdivision project.

10         43.    As a result of the construction of the Valley Rose Estates subdivision and the

11 unlawful use of McIntosh's copyrighted plans, Wasco obtained a direct financial benefit.

12         44.    As a result of its actions, the City of Wasco knowingly and materially

13 contributed to and induced the infringing conduct of Lotus and Universal.

14         45.    Defendants also induced infringement through their copying, distribution, and

15 continued recording of the Plans.

16         46.    As a result of the above-described wrongful acts of defendants in contributing

17 to the infringement and infringing use of the Plans, McIntosh's copyright in the Plans has been

18 infringed and he is entitled to recover actual damages and that portion of the profits realized by

19 Defendants from the use of and commercial exploitation of the infringing copies attributable to the

20 unlawful use by Defendants of the copyrighted material contained in the Plans that is the subject of

21 Copyright Registration Certificate No. VAU-721-180.

22                          **DEMAND/PRAYER FOR RELIEF**

23         WHEREFORE, McIntosh requests that this Court enter a judgment against the

24 defendants that provides for:

25         (a)    A declaration that the defendants have willfully infringed McIntosh's

26 exclusive rights in the copyrighted material contained in the Plans that is the subject of Copyright

27 Registration Certificate No. VAU-721-180;

28         (b)    A preliminary and thereafter permanent injunction against defendants and all

1   persons acting in concert or participation with them or persons acting or purporting to act on their

2   behalf, including but not limited to their officers, directors, stockholders, partners, owners, agents,

3   representatives, employees, attorneys, successors and assigns and any and all other persons acting

4   in concert or privity with them, directing defendants to:

5                    (i)      Cease and desist from infringing plaintiff's copyright in the Plans;

6                    (ii)     Destroy all copies of the plans, including any and all drawings, models,

7   advertisements, catalogues and other materials based on or derived from the Plans; and

8                    (iii)Take     all steps necessary to remove any structures or design elements

9   that have been copied from the Plans or built based on the Plans.

10                   (c)      The impounding of all copies of the Plans and any other materials derived

11  from the Plans in whole or in part, incorporating any element of the Plans, and all means by which

12  such copies may be reproduced and in order providing for the destruction or other reasonable

13  disposition of materials containing copies of the Plans of the designs embodied in the Plans that have

14  been used in violation of McIntosh's exclusive rights and all means by which such copies may be

15  produced; and in the event that certain such copies are no longer under the control of defendants,

16  provide the name, address and relevant contact information of those believed to be in possession and

17  control of such materials;

18                   (d)      The filing with this Court and the service on McIntosh within 30 days

19  following service of the injunction order, a report under oath and in writing, setting forth in detail

20  the manner and form in which defendants have complied with the injunction;

21                   (e)      The awarding to plaintiff McIntosh of damages in an amount equal to the

22  actual damages suffered by McIntosh as a result of the infringement and that portion of the profits

23  earned by Defendants from the creation and commercial exploitation of the copied Plans and the

24  infringing building that is attributable to the infringement, and not taken into account in computing

25  McIntosh's actual damages, including an award of the reasonable attorney fees, costs and

26  disbursements incurred by McIntosh in connection with this action; and

27                   (f)      Alternatively, the awarding to plaintiff McIntosh the maximum statutory

28  damages permitted under the Copyright Act with respect to each infringement, or for such other

1    amount as may be proper pursuant to 17 U.S.C. section 504(c), including an award of reasonable

2    attorney fees, costs, and disbursements incurred by McIntosh in connection with this action; and

3            (g)    The granting to McIntosh of such other and further relief as this Court may

4    deem just and proper.

5    **JURY TRIAL DEMAND**

6        McIntosh demands a trial by jury on all issues triable of right by a jury.

7    DATED:   February 9, 2009

8                                                      BORTON PETRINI, LLP

9

10

11                                             By: /s/ Jeffrey A. Travis
                                            Jeffrey A. Travis, Attorneys forPlaintiff, Roger
                                            McIntosh dba McIntosh & Associates

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

9

**PROOF OF SERVICE**
**(FRCP No. 5(b)(2)(E))**

**STATE OF CALIFORNIA,  COUNTY OF KERN**

I, Roxanne L. Flom, declare:

I am a citizen of the United States. I am employed in the County of Kern, State of California. I am over the age of 18 and not a party to the within action; my business address is 5060 California Avenue, Suite 700, Bakersfield, California 93309.

On **February 9, 2009**, I served the foregoing document described as **SECOND AMENDED COMPLAINT FOR COPYRIGHT INFRINGEMENT; DEMAND FOR JURY TRIAL** on the other party(ies) in this action as follows:

| | |
|---|---|
| Steven John Hassing, Esq.<br>Law Offices of Steven J. Hassing<br>425 Calabria Court<br>Roseville, CA 95747 | Attorneys for Attorneys for Defendants,<br>Northern California Universal Enterprises<br>Company and Lotus Developments<br>Tel:   916/677-1776<br>**Fax:   916/677-1770** |
| email address: **stevehassing@yahoo.com** | |
| Chaka Okadigbo<br>**Garcia Calderon Ruiz, LLP**<br>500 South Grand Ave Suite 1100<br>Los Angeles, CA 90071 | Attorneys for Defendant, City of Wasco<br><br>Tel: 213/347-0210<br>**Fax: 213-347-0216** |
| email address: **cokadigbo@gcrlegal.com** | |

☒ **BY ELECTRONIC SERVICE:** Pursuant to Fed. R. Civ. P. 5(b)(2)(E) and Local Court Rule(s), the foregoing document will be served by the court via CM/ECF.. Pursuant to the CM/ECF docket for this case proceeding the following person(s) are on the Electronic Mail Notice List to receive ECF transmission at the email address(es) indicated below:

☐ **BY MAIL:** As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at , California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

Executed on February 9, 2009, at Bakersfield, California.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Roxanne L. Flom                    /s/ Roxanne L. Flom

# EXHIBIT A

# Certificate of Registration



This Certificate issued under the seal of the Copyright Office in accordance with title 17, United States Code, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Marybeth Peters*

Register of Copyrights, United States of America



**Form VA**
For a Work of the Visual Arts

**VAu 721 - 180**

EFFECTIVE DATE OF REGISTRATION

FEB 2 2 2007

---

DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.

**Title of This Work ▼**
Valley Rose Planned Community

**NATURE OF THIS WORK ▼**
Land Planning Drawings and Landscape Design

**Previous or Alternative Titles ▼**

**Publication as a Contribution** If this work was published as a contribution to a periodical, serial, or collection, give information about the collective work in which the contribution appeared. Title of Collective Work ▼

If published in a periodical or serial give: Volume ▼    Number ▼    Issue Date ▼    On Pages ▼

---

**NAME OF AUTHOR ▼**
Martin McIntosh

**DATES OF BIRTH AND DEATH**
Year Born ▼    Year Died ▼

Was this contribution to the work a "work made for hire"?
☒ Yes
☐ No

**Author's Nationality or Domicile**
Name of Country
OR { Citizen of ► United States
Domiciled in ► California

Was This Author's Contribution to the Work?
Anonymous?    ☐ Yes  ☒ No
Pseudonymous?  ☐ Yes  ☒ No
If the answer to either of these questions is "Yes," see detailed instructions.

Nature of Authorship Check appropriate box(es). See Instructions
☐ 3-Dimensional sculpture
☐ 2-Dimensional artwork
☐ Reproduction of work of art
☐ Map
☐ Photograph
☐ Jewelry design
☐ Technical drawing
☐ Text
☐ Architectural work

**Name of Author ▼**
N/A

**Dates of Birth and Death**
Year Born ▼    Year Died ▼

Was this contribution to the work a "work made for hire"?
☐ Yes
☐ No

**Author's Nationality or Domicile**
Name of Country
OR { Citizen of ►
Domiciled in ►

Was This Author's Contribution to the Work?
Anonymous?    ☐ Yes  ☐ No
Pseudonymous?  ☐ Yes  ☐ No

Nature of Authorship Check appropriate box(es). See Instructions
☐ 3-Dimensional sculpture
☐ 2-Dimensional artwork
☐ Reproduction of work of art
☐ Map
☐ Photograph
☐ Jewelry design
☐ Technical drawing
☐ Text
☐ Architectural work

NOTE
Under the law, the "author" of a "work made for hire" is generally the employer, not the employee (see instructions). For any part of this work that was "made for hire" check "Yes" in the space provided, give the employer (or other person for whom the work was prepared) as "Author" of that part, and leave the space for dates of birth and death blank.

**Year in Which Creation of This Work Was Completed**
1992
This information must be given in all cases.

**Date and Nation of First Publication of This Particular Work**
Complete this information ONLY if this work has been published.
Month ►    Day ►    Year ►    Nation ► N/A

---

**COPYRIGHT CLAIMANT(S)** Name and address must be given even if the claimant is the same as the author given in space 2. ▼
Roger McIntosh d/b/a McIntosh & Associates, a sole proprietorship
2001 Wheelan Court, Bakersfield, CA 93309

**Transfer** If the claimant(s) named here in space 4 is (are) different from the author(s) named in space 2, give a brief statement of how the claimant(s) obtained ownership of the copyright. ▼
The Work was assigned from Martin McIntosh to McIntosh & Associates on May 4, 1994 via an oral agreement.

See instructions before completing this space.

APPLICATION RECEIVED
FEB 2 2 2007
ONE DEPOSIT RECEIVED
FEB 2 2 2007
TWO DEPOSITS RECEIVED

FUNDS RECEIVED

---

MORE ON BACK ►    • Complete all applicable spaces (numbers 5-9) on the reverse side of this page.
• See detailed instructions.    • Sign the form at line 8.

DO NOT WRITE HERE
Page 1 of ___ pages

| EXAMINED BY | | FORM VA |
| CHECKED BY | | |
| ☐ CORRESPONDENCE<br>Yes | | FOR<br>COPYRIGHT<br>OFFICE<br>USE<br>ONLY |

**DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.**

**PREVIOUS REGISTRATION** Has registration for this work, or for an earlier version of this work, already been made in the Copyright Office?

☐ Yes ☑ No   If your answer is "Yes," why is another registration being sought? (Check appropriate box.) ▼

a. ☐ This is the first published edition of a work previously registered in unpublished form.

b. ☐ This is the first application submitted by this author as copyright claimant.

c. ☐ This is a changed version of the work, as shown by space 6 on this application.

If your answer is "Yes," give: **Previous Registration Number** 1-077-490-071 1080-1   **Year of Registration** ▼

**5**

**DERIVATIVE WORK OR COMPILATION** Complete both space 6a and 6b for a derivative work; complete only 6b for a compilation.

a. **Preexisting Material** Identify any preexisting work or works that this work is based on or incorporates. ▼

**6**

**a**

See instructions
before completing
this space.

b. **Material Added to This Work** Give a brief, general statement of the material that has been added to this work and in which copyright is claimed. ▼

**b**

**DEPOSIT ACCOUNT** If the registration fee is to be charged to a Deposit Account established in the Copyright Office, give name and number of Account.

Name ▼                                    Account Number ▼

**CORRESPONDENCE** Give name and address to which correspondence about this application should be sent. Name/Address/Apt/City/State/Zip ▼

Kevin V. Lam
Goodwin Procter LLP
101 California St., Suite 1850, San Francisco, CA 94111

Area code and daytime telephone number   (415) 733-6052       Fax number   (415) 677-9041

Email   klam@goodwinprocter.com

**b**

**CERTIFICATION*** I, the undersigned, hereby certify that I am the

Check only one ▶
☐ author
☐ other copyright claimant
☐ owner of exclusive right(s)
☑ authorized agent of   Roger McIntosh d/b/a McIntosh & Associates
Name of author or other copyright claimant, or owner of exclusive right(s) ▲

of the work identified in this application and that the statements made by me in this application are correct to the best of my knowledge.

**Typed or printed name and date** ▼ If this application gives a date of publication in space 3, do not sign and submit it before that date.

Kevin V. Lam, Esq.                                    Date   February 21, 2007

Handwritten signature (X) ▼

X _____

**9**

| Certificate<br>will be<br>mailed in<br>window<br>envelope<br>to this<br>address | Name ▼<br>Kevin V. Lam | **YOU MUST:**<br>• Complete all necessary spaces<br>• Sign your application in space 8 |
| | Number/Street/Apt ▼<br>101 California St., Suite 1850 | **SEND ALL 3 ELEMENTS<br>IN THE SAME PACKAGE:**<br>1. Application form<br>2. Nonrefundable filing fee in check or money<br>    order payable to Register of Copyrights<br>3. Deposit material |
| | City/State/Zip ▼<br>San Francisco, CA 94111 | **MAIL TO:**<br>Library of Congress<br>Copyright Office<br>101 Independence Avenue SE<br>Washington, DC 20559-6000 |

*17 USC §506(e): Any person who knowingly makes a false representation of a material fact in the application for copyright registration provided for by section 409, or in any written statement filed in connection with the application, shall be fined not more than $2,500.

Form VA—Full   Rev: 07/2006   Print: 07/2006—20,000   Printed on recycled paper                                    U.S. Government Printing Office: 2006-333-901/60,125