1  Bonifacio B. Garcia, Esq.; SBN 100761
2  Eva M. Plaza, Esq.; SBN 250321
   Chaka C. Okadigbo, Esq.; SBN 224547
3  GARCIA CALDERON RUIZ, LLP
   500 S. Grand Avenue, Suite 1100
   Los Angeles, California 90071
4  Telephone: (213) 347-0210
   Facsimile:  (213) 347-0216
5  bgarcia@gcrlegal.com
   eplaza@gcrlegal.com
6  cokadigbo@gcrlegal.com

7  Attorneys for Defendant
   City of Wasco
8

9              UNITED STATES DISTRICT COURT

10      EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION

11  ROGER McINTOSH,                    | CASE NO.:  1:07-CV-01080LJO-GSA

12       Plaintiff,

13       vs.                            **DEFENDANT CITY OF WASCO'S**
                                        **ANSWER TO SECOND AMENDED**
14  NORTHERN CALIFORNIA                 **COMPLAINT FOR COPYRIGHT**
    UNIVERSAL ENTERPRISES              **INFRINGEMENT**
15  COMPANY, a California corporation;
    LOTUS DEVELOPMENTS, LLP; THE
16  CITY OF WASCO, a municipal
    corporation, and DOES 1 through 10,
17  inclusive,

18       Defendants.

19

20       Defendant City of Wasco ("Defendant") hereby answers the Second

21  Amended Complaint for Copyright Infringement ("*Second Amended Complaint*")

22  filed by Plaintiff Roger McIntosh.

23                          **ANSWER**

24       1.    Defendant admits that Plaintiff has filed an action through which

25  Plaintiff seeks redress for the alleged infringement of copyrighted works.

26  Defendant, however, denies committing, causing or inducing the commission of

27  any acts of infringement, as alleged in Paragraph 1 of the *Second Amended*

28  *Complaint*.

1

2    2.    Defendant is without knowledge to form a belief as to the truth of the

3 allegations of Paragraph 2 of the *Second Amended Complaint* and, therefore, denies same.

4    3.    Defendant admits that Defendant Northern California Universal

5 Enterprises Company has a business address at 2099 Fortune Drive, San Jose,

6 California 95131.  Defendant is without knowledge to form a belief as to the

7 remainder of the allegations of Paragraph 3 of the *Second Amended Complaint* and,

8 therefore, denies same.

9    4.    Defendant admits that Lotus Developments has a business address at

10 300 B Street, Turlock, California 9530.  Defendant is without knowledge to form a

11 belief as to the remainder of the allegations of Paragraph 4 of the *Second Amended

12 Complaint* and, therefore, denies same.

13    5.    Defendant admits the allegations of Paragraph 5 of the *Second

14 Amended Complaint.*

15    6.    Defendant is without knowledge to form a belief as to the truth of the

16 allegations of Paragraph 6 of the *Second Amended Complaint* and, therefore,

17 denies same.

18    7.    Defendant admits the allegations of Paragraph 7 of the *Second

19 Amended Complaint.*

20    8.    Defendant admits the allegations of Paragraph 8 of the *Second

21 Amended Complaint.*

22    9.    Defendant admits the allegations of Paragraph 9 of the *Second

23 Amended Complaint.*

24    10.    Defendant is without knowledge to form a belief as to the truth of the

25 allegations of Paragraph 10 of the *Second Amended Complaint* and, therefore,

26 denies same.

27    11.    Defendant is without knowledge to form a belief as to the truth of the

28 allegations of Paragraph 11 of the *Second Amended Complaint* and, therefore,

DEFENDANT CITY OF WASCO'S *ANSWER TO SECOND AMENDED COMPLAINT* FOR COPYRIGHT
INFRINGEMENT

1    denies same.

2        12.    Defendant is without knowledge to form a belief as to the truth of the

3    allegations of Paragraph 12 of the *Second Amended Complaint* and, therefore,

4    denies same.

5        13.    Defendant is without knowledge to form a belief as to the truth of the

6    allegations of Paragraph 13 of the *Second Amended Complaint* and, therefore,

7    denies same.

8        14.    Defendant is without knowledge to form a belief as to the truth of the

9    allegations of Paragraph 14 of the *Second Amended Complaint* and, therefore,

10   denies same.

11       15.    Defendant is without knowledge to form a belief as to the truth of the

12   allegations of Paragraph 15 of the *Second Amended Complaint* and, therefore,

13   denies same.

14       16.    Defendant admits that Martin-McIntosh prepared drainage, sewer,

15   water and utility plans for the Valley Rose Estates subdivision.    Defendant,

16   however, is without knowledge to form a belief as to the truth of the remainder of

17   the allegations in Paragraph 16 of the *Second Amended Complaint* and, therefore,

18   denies same.

19       17.    Defendant is without knowledge to form a belief as to the truth of the

20   allegations of Paragraph 17 of the *Second Amended Complaint* and, therefore,

21   denies same.

22       18.    Defendant is without knowledge to form a belief as to the truth of the

23   allegations of Paragraph 18 of the *Second Amended Complaint* and, therefore,

24   denies same.

25       19.    Defendant is without knowledge to form a belief as to the truth of the

26   allegations of Paragraph 19 of the *Second Amended Complaint* and, therefore,

27   denies same.

28       20.    Defendant is without knowledge to form a belief as to the truth of the

allegations of Paragraph 20 of the *Second Amended Complaint* and, therefore, denies same.

21.    Defendant is without knowledge to form a belief as to the truth of the allegations of Paragraph 21 of the *Second Amended Complaint* and, therefore, denies same.

22.    Defendant is without knowledge to form a belief as to the truth of the allegations of Paragraph 22 of the *Second Amended Complaint* and, therefore, denies same.

23.    Defendant is without knowledge to form a belief as to the truth of the allegations of Paragraph 23 of the *Second Amended Complaint* and, therefore, denies same.

24.    Defendant is without knowledge to form a belief as to the truth of the allegations of Paragraph 24 of the *Second Amended Complaint* and, therefore, denies same.

25.    Defendant is without knowledge to form a belief as to the truth of the allegations of Paragraph 25 of the *Second Amended Complaint* and, therefore, denies same.

26.    Defendant is without knowledge to form a belief as to the truth of the allegations of Paragraph 26 of the *Second Amended Complaint* and, therefore, denies same.

27.    Defendant is without knowledge to form a belief as to the truth of the allegations of Paragraph 27 of the *Second Amended Complaint* and, therefore, denies same.

28.    Defendant admits that construction on the subdivision ceased, that The Legacy Group, Ltd. declared bankruptcy and that the City purchased the subdivision at a tax sale. Defendant is without knowledge to form a belief as to the remainder of the allegations of Paragraph 28 of the *Second Amended Complaint* and, therefore, denies same.

29.    Defendant admits that Northern California Enterprises purchased the subdivision, as an assignee of Wasco Project, LLC, the initial purchaser, in 2004. Defendant denies the remainder of the allegations in Paragraph 29 of the *Second Amended Complaint*, but acknowledges that Plaintiff pleads these allegations on information and belief.

30.    Defendant is without knowledge to form a belief as to the truth of the allegations of Paragraph 30 of the *Second Amended Complaint* and, therefore, denies same.

31.    Defendant is without knowledge to form a belief as to the truth of the allegations of Paragraph 31 of the *Second Amended Complaint* and, therefore, denies same.

32.    Defendant is without knowledge to form a belief as to the truth of the allegations of Paragraph 32 of the *Second Amended Complaint* and, therefore, denies same.

33.    Defendant is without knowledge to form a belief as to the truth of the allegations of Paragraph 33 of the *Second Amended Complaint* and, therefore, denies same.

34.    Defendant is without knowledge to form a belief as to the truth of the allegations of Paragraph 34 of the *Second Amended Complaint* and, therefore, denies same.

35.    Defendant is without knowledge to form a belief as to the truth of the allegations of Paragraph 35 of the *Second Amended Complaint* and, therefore, denies same.

36.    Defendant is without knowledge to form a belief as to the truth of the allegations of Paragraph 36 of the *Second Amended Complaint* and, therefore, denies same.

37.    Defendant incorporates its responses to Paragraphs 1-36 with respect to answering Paragraph 37 of the *Second Amended Complaint*.

38.   Defendant is without knowledge to form a belief as to the truth of the allegations of Paragraph 38 of the *Second Amended Complaint* and, therefore, denies same.

39.   Defendant denies the allegations of Paragraph 39 of the *Second Amended Complaint*.

40.   Defendant denies the allegations of Paragraph 40 of the *Second Amended Complaint*.

41.   Defendant incorporates its responses to Paragraphs 1-40 with respect to answering Paragraph 41 of the *Second Amended Complaint*.

42.   Defendant denies the allegations of Paragraph 42 of the *Second Amended Complaint*.

43.   Defendant denies the allegations of Paragraph 43 of the *Second Amended Complaint*.

44.   Defendant denies the allegations of Paragraph 44 of the *Second Amended Complaint*.

45.   Defendant denies the allegations of Paragraph 45 of the *Second Amended Complaint*.

46.   Defendant denies the allegations of Paragraph 46 of the *Second Amended Complaint*.

**FIRST AFFIRMATIVE DEFENSE**

47.   The *Second Amended Complaint* fails to state a claim upon which relief may be granted in that, amongst other things, the facts alleged do not constitute contributory copyright infringement.

**SECOND AFFIRMATIVE DEFENSE**

48.   Plaintiff's claims of infringement and/or contributory infringement are barred by the doctrine of fair use.

**THIRD AFFIRMATIVE DEFENSE**

49.   Plaintiff's claims of infringement are barred by the doctrine of

1    estoppel and/or acquiescence.

2    **FOURTH AFFIRMATIVE DEFENSE**

3        50.    Plaintiff's claims are barred by the doctrine of unclean hands.

4    **FIFTH AFFIRMATIVE DEFENSE**

5        51.    Plaintiff's claims are barred, in whole or in part, by the doctrine of

6    laches.

7    **SIXTH AFFIRMATIVE DEFENSE**

8        52.   Plaintiff's claims are barred, in whole or in part, by waiver, license,

9    abandonment or forfeiture by Plaintiff of any rights previously held under the

10   Copyright Act or have otherwise been surrendered by operation of law.

11   **SEVENTH AFFIRMATIVE DEFENSE**

12       53.    Defendant did not violate nor cause the violation of any of Plaintiff's

13   rights.

14   **EIGHTH AFFIRMATIVE DEFENSE**

15       54.    Defendant denies all allegations, if any, and conclusions of law, to

16   which it did not specifically reply in its *Answer to Second Amended Complaint for*

17   *Copyright Infringement*.

18   **NINTH AFFIRMATIVE DEFENSE**

19       55.    Defendant did not intentionally or otherwise deprive or cause Plaintiff

20   to be deprived of any of Plaintiff's rights.

21   **TENTH AFFIRMATIVE DEFENSE**

22       56.    Plaintiff failed to mitigate his damages, if any.

23   **ELEVENTH AFFIRMATIVE DEFENSE**

24       57.    Plaintiff has suffered no damage by virtue of any acts, events or

25   occurrences alleged in the Complaint, whether or not attributable to Defendant.

26   **TWELFTH AFFIRMATIVE DEFENSE**

27       58.    Plaintiff's *Second Amended Complaint*, including each of the

28   purported causes of action contained therein, is barred, in whole or in part, to the

1  extent that Plaintiff seeks relief for any purported claims that were not brought

2  before the expiration of the applicable statute(s) of limitations.  Specifically, some

3  or all of the purported infringements alleged by Plaintiff is barred by the statutes of

4  limitations set forth in section 507 of the Copyright Act, 17 U.S.C. § 507, and

5  California Civil Code § 339(1).

6  ### THIRTEENTH AFFIRMATIVE DEFENSE

7  59.   All damages which Plaintiff claims to have suffered were caused in

8  whole, or in part, by other parties, including, but not limited to, Plaintiff and

9  Defendants  Northern  California  Universal  Enterprises  Co.  and  Lotus

10  Developments, LP.

11  ### FOURTEENTH AFFIRMATIVE DEFENSE

12  60.   Plaintiff's claims in the *Second Amended Complaint* are barred by the

13  First Sale Doctrine.

14  ### FIFTEENTH AFFIRMATIVE DEFENSE

15  61.   Plaintiff's claims in the *Second Amended Complaint* are barred in

16  whole or in part by Plaintiff's acts of copyright misuse.  Plaintiff has misused its

17  alleged copyright and is wrongfully attempting to extend the scope of the limited

18  monopoly granted by the Copyright Act.

19  ### SIXTEENTH AFFIRMATIVE DEFENSE

20  62.   The *Second Amended Complaint* and each cause of action alleged

21  therein is barred because Plaintiff failed to include all individuals who committed

22  the alleged acts of infringement against Plaintiff and who are necessary and

23  indispensable parties under Rules 12(b)(7) and 19 of the *Federal Rules of Civil*

24  *Procedure*.

25  ### SEVENTEENTH AFFIRMATIVE DEFENSE

26  63.   Plaintiff's claims in the Second Amended Complaint are barred by the

27  merger doctrine.

28  / / /

1

## EIGHTEENTH AFFIRMATIVE DEFENSE

2

64.   Plaintiff's claims for statutory damages and attorneys' fees under 17

3

U.S.C. § 504 are barred insofar as Plaintiff failed to register the alleged copyright

4

interests that are the subject of this action within three months after the first

5

publication of any allegedly infringing works, as required by 17 U.S.C. § 412.

6

## NINETEENTH AFFIRMATIVE DEFENSE

7

65.   Plaintiffs' claims in the *Second Amended Complaint* are barred by the

8

doctrine of consent.  Plaintiff and/or its predecessors in interest consented to the

9

use of Plaintiff's alleged copyrighted materials under agreements between Plaintiff

10

and/or its predecessors and his or its customers and/or former customers and by the

11

submission of the alleged copyrighted works to a governmental agency.

12

## TWENTIETH AFFIRMATIVE DEFENSE

13

66.   Plaintiff lacks standing to prosecute the instant action insofar as

14

Plaintiff is not the lawful owner of the copyrighted works that are the subject of the

15

instant litigation.

16

## TWENTY-FIRST AFFIRMATIVE DEFENSE

17

67.   Defendant reserves its right to plead additional defenses that may be

18

identified during the course of discovery and/or investigation.

19

20

Respectfully Submitted,

21

Dated: MARCH 16, 2009          GARCIA, CALDERÓN & RUÍZ, LLP

22

23

24

By: _____

25

Chaka C. Okadigbo
Attorneys for Defendants

26

CITY OF WASCO

27

28

DEFENDANT CITY OF WASCO'S *ANSWER TO SECOND AMENDED COMPLAINT* FOR COPYRIGHT
INFRINGEMENT

1

**PROOF OF SERVICE**
**(FRCP No. 5(b)(2)(E)**

2

3      I declare that I am over the age of eighteen (18) and not a party to this action.  My
business address is 500 South Grand Avenue, Suite 1100, Los Angeles, California 90071.

4

On **March 16, 2009**, I served the following documents:  **DEFENDANT CITY OF WASCO'S**
**ANSWER    TO    SECOND    AMENDED    COMPLAINT    FOR    COPYRIGHT**

5      **INFRINGEMENT**  on the interested parties in this action by placing a true and correct copy of
such document, enclosed in a sealed envelope, addressed as follows:

6

7   Jeffrey Travis                                  Steven J. Hassing
    Borton Petrini, LLP                             Law Offices of Steven J. Hassing
8   1600 Truxtun Ave.                               425 Calabria Court
    Bakersfield, CA 93301                           Roseville, CA 95747
9   jtravis@bortonpetrini.com                       stevehassing@yahoo.com

10  William L. Alexander
    Alexander & Associates
11  1925 G Street
    Bakersfield, CA 93301
12  walexander@alexander-law.com

13

14  ( )          **BY MAIL**:  I am readily familiar with the business' practice for collection and
                 processing of correspondence for mailing with the United States Postal Service.  I
15               know that the correspondence was deposited with the United States Postal Service
                 on the same day this declaration was executed in the ordinary course of business.
16               I know that the envelope was sealed and, with postage thereon fully prepaid,
                 placed for collection and mailing on this date in the United States mail at Los
17               Angeles, California.

18  ( X )        **BY ELECTRONIC SERVICE:**  Pursuant to Fed. R. Civ. P. 5(b)(2)(E) and
                 Local Court Rules(s), the foregoing document will be served by the court via
19               CM/ECF.  Pursuant to the CM/ECF docket for this case proceeding the following
                 person(s) are on the Electronic Mail Notice List to receive ECF transmission at
20               the email address(es) indicated above.

21  ( )          (State)         I declare under penalty of perjury under the laws of the State of
                                 California that the above is true and correct.

22  ( **X** )    (Federal)       I declare that I am employed in the office of a member of the bar
                                 of this court at whose direction the service was made.
23

24
    Executed **March 16, 2009**, Los Angeles, California.
25

26

27                              **Carolyn Domínguez**

28