Steven J. Hassing
California SBN 152125
LAW OFFICES OF STEVEN J. HASSING
425 Calabria Court
Roseville, CA  95747
Telephone:  (916) 677-1776
Facsimile:   (916) 677-1770

Attorney *for Defendants, Northern California Universal Enterprise Company and Lotus Developments*

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROGER MCINTOSH,<br><br>                                   Plaintiff(s);<br>v.<br><br>NORTHERN CALIFORNIA UNIVERSAL ENTERPRISES COMPANY,  a California corporation; LOTUS DEVELOPMENTS, LLP; THE CITY OF WASCO, a municipal corporation; DEWALT CM, INC., a California corporation also doing business as DEWALT CORPORATION; and DOES 1 through 10, inclusive,,<br><br>                                    Defendant(s). | No.  1:07-CV-01080-LJO-GSA<br><br>**NORTHERN CALIFORNIA UNIVERSAL ENTERPRISE COMPANY AND LOTUS DEVELOPMENTS ANSWERS TO SECOND AMENDED COMPLAINT** |

Comes now defendants, Northern California Universal Enterprises Company, Inc. and Lotus Developments, LP and in response to Plaintiff's second amended complaint answer as follows;

## NATURE OF THE ACTION

1. Defendants deny that they "created" a subdivision or that they employed the embodiment of Plaintiff's designs.  Defendants further deny that they have infringed on any real or claimed copyright belong to Plaintiff.

**PARTIES AND OTHER IMPORTANT PERSONS**

2. Defendants admit the allegations of paragraph 2.

3. Defendants admit the allegations of paragraph 3.

4. Defendants admit the allegations of paragraph 4.

5. Defendants admit the allegation of paragraph 5.

6. Defendants deny the allegations of paragraph 6.

7. Defendants do not possess information sufficient to know if the allegations of paragraph 7 are true or false and therefore deny same.

8. Defendants admit the allegations of paragraph 8.

9. Defendants admit the allegations of paragraph 9.

**FACTUAL BACKGROUND**
**McIntosh and Associates**

10. Defendants do not possess information sufficient to know if the allegations of paragraph 10 are true or false and therefore deny same.

11. Defendants do not possess information sufficient to know if the allegations of paragraph 11 are true or false and therefore deny same.

12. Defendants admit that Roger McIntosh bought out his partner, Mr. Martin in 1999 but deny that the Martin-McIntosh copyright interest in plans or maps associated with tract 5472 in the City of Wasco were transferred to Roger McIntosh.

13. Defendants do not possess information sufficient to know if the allegations of paragraph 13 are true or false and therefore deny same.

14. Defendants admit the allegations of paragraph 14.

///

**Contract With The Legacy Group**

15. Defendants do not possess information sufficient to know if the allegations of paragraph 15 are true or false and therefore deny same.

16. Defendants do not possess information sufficient to know if the allegations of paragraph 16 are true or false and therefore deny same.

17. Defendants do not possess information sufficient to know if the allegations of paragraph 17 are true or false and therefore deny same.

18. Defendants do not possess information sufficient to know if the allegations of paragraph 18 are true or false and therefore deny same.

19. Defendants do not possess information sufficient to know if the allegations of paragraph 19 are true or false and therefore deny same.

20. Defendants do not possess information sufficient to know if the allegations of paragraph 20 are true or false and therefore deny same.

21. Defendants do not possess information sufficient to know if the allegations of paragraph 21 are true or false and therefore deny same.

22. Defendant's admit the allegation of paragraph 22.

**The Subdivision Plans**

23. Defendants do not possess information sufficient to know if the allegations of paragraph 23 are true or false and therefore deny same.

24. Defendants deny the allegations of paragraph 24.

25. Defendants deny the allegations of paragraph 25.

///

### Initial Construction of the Subdivision

26. Defendants admit the allegations of paragraph 26.

27. Defendants admit the allegations of paragraph 27.

28. Defendants do not possess information sufficient to know if the allegations of paragraph 28 are true or false and therefore deny same.

### Defendants' Infringement of McIntosh's Plans

29. Defendants admit the allegations of paragraph 29.

30. Defendants admit that there was contact between Mr. Wu and McIntosh but deny that Mr. Wu asked Mr. McIntosh if Mr. Wu could "use the Plans" or that Mr. McIntosh requested that Mr. Wu pay for the Plans.

31. Defendants admit building homes in the subdivision but deny the allegations of paragraph 31.

32. Defendants do not possess information sufficient to know if the allegations of paragraph 32 are true or false and therefore deny same.

33. Defendants deny that they constructed the subdivision and therefore deny the remaining allegations of paragraph 33.

34. Defendants deny that they constructed the subdivision and therefore deny the remaining allegations of paragraph 34.

35. Defendants deny the allegations of paragraph 35.

36. Defendants admit having obtained copies of plans and admit that they have not paid McIntosh for use of the plans but deny the remaining allegations of paragraph 36.

///

## FIRST CAUSE OF ACTION

### Copyright Infringement of Technical Drawings

37.  Defendants incorporate their answers set forth in paragraphs 1-36.

38.  Defendants do not possess information sufficient to know if the allegations of paragraph 38 are true or false and therefore deny same.

39.  Defendants deny the allegations of paragraph 39.

40.  Defendants deny the allegations of paragraph 40.

## SECOND CAUSE OF ACTION

### Contributory Copyright Infringement of Technical Drawings

41.  Defendants incorporate their responses to paragraphs 1-40.

42.  The allegations of paragraph 42 are vague and ambiguous and these answering Defendants cannot ascertain what is meant by "controlled" or development" in the context used and on that basis the allegations are denied.

43.  Defendants admit that the City of Wasco obtained a direct financial benefit from the construction of the Valley Rose Estates subdivision but deny that there was any unlawful use of plans drawn by McIntosh.

44.  Defendants deny the allegations of paragraph 44.

45.  Defendants deny the allegations of paragraph 45.

46.  Defendants deny the allegations of paragraph 46.

///

///

///

///

## SEPARATE AFFIRMATIVE DEFENSES

Defendants, and each of them, hereby assert the following affirmative defenses.

### FIRST AFFIRMATIVE DEFENSE

47. The Complaint and each cause of action alleged therein fails to state a claim upon which relief can be granted. Plaintiff's Complaint further fails to state facts sufficient to support injunctive relief or an award of attorney's fees.

### SECOND AFFIRMATIVE DEFENSE

48. The claims of the Plaintiff in the Complaint are barred in whole or in part by the Plaintiff's acts of copyright misuse. Plaintiff has misused its copyrights and is wrongfully attempting to extend the scope of the limited monopoly granted by the Copyright Act.

### THIRD AFFIRMATIVE DEFENSE

49. The claims of the Plaintiff in the Complaint are barred by the equitable doctrine of Latches.

### FOURTH AFFIRMATIVE DEFENSE

50. The claims of the Plaintiff in the Complaint are barred by the equitable doctrine of Unclean Hands.

### FIFTH AFFIRMATIVE DEFENSE

51. At all relevant times and places mentioned in the Plaintiff's complaint herein, plaintiff failed to mitigate the amount of damages, if any. The damages claimed by Plaintiff could have been mitigated by due diligence on its part or by one acting reasonable under similar circumstances. The failure of the Plaintiff to mitigate damages is a bar to recovery under the Complaint.

### SIXTH AFFIRMATIVE DEFENSE

52.   The claims of the Plaintiff in the Complaint are barred or any recovery is limited by the applicable statute of limitations.  Specifically, some or all of the purported infringements alleged by Plaintiffs are barred by the statutes of limitations set forth in section 507 of the Copyright Act.  17 U.S.C. §507, and also set forth in California Civil Code §339(1).

### SEVENTH AFFIRMATIVE DEFENSE

53.   The claims of the Plaintiff in the Complaint are barred by the doctrine of Fair Use.

### EIGHTH AFFIRMATIVE DEFENSE

54.   The claims of the Plaintiff in the Complaint are barred by the First Sale Doctrine.

### NINTH AFFIRMATIVE DEFENSE

55.   The claims of the Plaintiff in the Complaint are barred by the waiver, license, abandonment or forfeiture by the Plaintiff of any rights previously held under the Copyright Act or otherwise surrendered by the operation of law.

### TENTH AFFIRMATIVE DEFENSE

56.   The claims of the Plaintiff in the Complaint are barred by the equitable doctrine of Estoppel and Acquiescence.

### ELEVENTH AFFIRMATIVE DEFENSE

57.   The Complaint and each cause of action alleged therein is barred because the Plaintiff failed to include the individual(s) who allegedly engaged in the infringement in questions and who is/are indispensable parties pursuant to Rules 12(b)(7) and 19 of the Federal Rules of Civil Procedure.

///

**TWELFTH AFFIRMATIVE DEFENSE**

58.     The claims of the Plaintiff in the Complaint for statutory damages and attorney's fees under 17 U.S.C. §504 are barred because the identified copyright registration of the Plaintiff were not made within three months after the first publication of the allegedly infringing works as required by 17 U.S.C. §412.

**THIRTEENTH AFFIRMATIVE DEFENSE**

59.     The claims of the Plaintiff in the Complaint are barred by the doctrine of Consent. The Plaintiff and its predecessors in interest consented to use of the Plaintiff's copyrighted material under agreements between Plaintiff and its customers and/or former customers and by the submission of said copyrighted works to a governmental agency.

**FOURTEENTH AFFIRMATIVE DEFENSE**

60.     Although at the time of Defendants' purchase from the City of Wasco the subdivision had already been constructed by others pursuant to a subdivision agreement, the City required Defendants to go through the mapping process again.  Defendants hired a separate engineering firm to prepare plans for a tentative and final map.  The improvements were already in place and had been around 10 years.

**FIFTEENTH AFFIRMATIVE DEFENSE**

61.     Plaintiff has suffered no damage.

**SIXTEENTH AFFIRMATIVE DEFENSE**

62.     Any damages sustained by Plaintiff were caused by others and in no way caused by these answering Defendant.

///

### SEVENTEENTH AFFIRMATIVE DEFENSE

63. Plaintiff intended that its improvement plans would be used for the construction of the improvements now existing, for dedication to the City of Wasco, for approval and recording of a final map and to allow for the construction of homes.

### EIGHTEENTH AFFIRMATIVE DEFENSE

64. The subdivision improvements, including streets, curbs, landscaping and underground utilities were constructed and in place when these answering Defendants purchased the land on which Plaintiff's tentative map was based. When the City of Wasco required Defendants to prepare and submit a new tentative map there was only one way in which to express the improvements as constructed. The design of the subdivision was the result of the designer's idea. In this case, the idea and the form merged. There was no copying of Plaintiff's work. However, since idea's cannot be copyrighted, the independent preparation of a tentative map based upon the improvements already constructed and in place which resemble the form or design of the subdivision itself is not an infringement.

### NINETEENTH AFFIRMATIVE DEFENSE

65. When the unprotectable elements are filtered from Defendant's tentative map 6451 there is no substantial similarity to Plaintiff's tentative map 5274.

### TWENTIETH AFFIRMATIVE DEFENSE

66. In providing subdivision improvement plans to the City of Wasco with the intent of gaining approval on behalf of Plaintiff's client, The Legacy Group, for construction thereof and in supervising the construction of those improvements with the knowledge and intent

that the improvements would be accepted and ultimately owned by the City of Wasco, Plaintiff placed the plans and map into the public domain with no copyright protection.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

67.     In providing subdivision improvement plans to the City of Wasco with the intent of gaining approval on behalf of Plaintiff's client, The Legacy Group, for construction thereof and in supervising the construction of those improvements with the knowledge and intent that the improvements would be accepted and ultimately owned by the City of Wasco, Plaintiff granted an implied license to the City of Wasco to utilize the map and plans in exactly the manner in which the City has done.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

68.     If Plaintiff were to receive any of the relief requested by his complaint he would be unjustly enriched.

## PRAYER FOR RELIEF

WHEREFORE, Defendants respectfully request the following relief:

1.      For dismissal of the Plaintiffs' action with prejudice and a judgment in favor of Defendants denying all relief requested by Plaintiff in this action;

2.      For an award of Defendant's costs of suit including reasonable attorneys' fees; and

3.      For such further and other relief and the Court deems fair and just.


Dated this 26th day of March, 2009          /s/ Steven J. Hassing, Esq.
                                            Steven J Hassing, Attorney
                                            for defendants

# CERTIFICATE OF SERVICE

1. On March 26, 2009, I served the following document:

    - **NORTHERN CALIFORNIA UNIVERSAL ENTERPRISE COMPANY AND LOTUS DEVELOPMENTS ANSWERS TO SECOND AMENDED COMPLAINT**

2. The above-named document was served by the following means to the persons as listed below:

    ECF System of the United States Bankruptcy Court, District of Nevada.

__XX__  United States Mail, first class postage fully prepaid and addressed to:

James Braze
Jeffrey Travis
Borton, Petrini, LLP
1600 Truxtun Avenue
Bakersfield, CA  93301

Chaka Okadigbo
Garcia Calderon Ruiz, LLP
500 South Grand Avenue, Ste. 1100
Los Angeles, CA  90071

William L. Alexander
Alexander & Associates
1925 G Street
Bakersfield, CA  93301

By fax transmission. I faxed the document to the persons at the fax number listed below. No error was reported by the fax machine that I used. A copy of the record of the fax transmission is attached.

I declare under penalty of perjury that the foregoing is true and correct.
Dated this 26th Day of March, 2009.

            /s/ Kimberley A. Hassing
              Kimberley A. Hassing