BONIFACIO B. GARCIA (SBN 100761)
EVA M. PLAZA (SBN 250321)
CHAKA C. OKADIGBO (SBN 224547)
GARCIA CALDERON RUIZ, LLP
500 S. Grand Avenue, Suite 1100
Los Angeles, CA 90071
(213) 347-0210; Fax (213) 347-0216

Attorneys for Defendant CITY OF WASCO

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION

| | |
|---|---|
| ROGER McINTOSH. | Case No: 1:07-CV-01080-LJO-GSA |
| Plaintiffs, | **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF CROSS-COMPLAINANT CITY OF WASCO'S REQUEST FOR LEAVE TO FILE A SUPPLEMENTAL PLEADING (AMENDED CROSS-COMPLAINT) PURSUANT TO RULE 15(D) OF THE FEDERAL RULES OF CIVIL PROCEDURE** |
| vs. | |
| NORTHERN CALIFORNIA UNIVERSAL ENTERPRISES, INC. *et al.* | |
| Defendants. | |
| | Date:  April 30, 2009<br>Time:  8:30 a.m.<br>Dept.: 4<br>Judge: Lawrence J. O'Neill |

## I. INTRODUCTION

The City of Wasco ("the City") seeks leave of court to file a supplemental pleading pursuant to Rule 15(d) of the Federal Rules of Civil Procedure. In this instance, the City wishes to plead additional facts in its cross-complaint relating to the City's tender of its defense to Northern California Universal Enterprises Co., Inc. ("NCUE") and NCUE's refusal to accept the tender and to pay the City's defense costs. The City further wishes to clarify the nature of NCUE's obligations both to indemnify and defend the City for claims asserted by Plaintiff against the City in the Complaint on file in this action.

///

The proposed filing of a supplemental cross-complaint serves the interests of judicial economy because the proposed amendment develops facts that relate to the City's existing cause of action against NCUE. The Court's indulgence in granting the City leave to file an amended cross-complaint will spare the parties the additional expense of litigating the City's indemnification claims in a separate action and will ensure that all claims between the parties to this action are resolved in the same proceeding.

NCUE will not be affected or prejudiced by the City's filing of an amended cross-complaint. First, the additional facts and claims that the City intends to plead are the natural outgrowths of the City's original claims against NCUE. NCUE is already aware of these facts. Second, since the Court has not set a trial date, and in this case, recently vacated all deadlines set forth in its *First Scheduling Order*, the filing of a supplemental pleading will not interfere with NCUE's preparation for trial.

For the above stated reasons and those set forth below, the City of Wasco hereby requests the Court to grant the City leave to file a supplemental cross-complaint.

## II.     STATEMENT OF FACTS

NCUE presently owns the Valley Rose Estates subdivision located in the City of Wasco, having purchased the subdivision from the City in April, 2004, or thereabouts. NCUE has been developing the property and, in the process, has created tentative and final maps which it submitted to the City for approval. The City approved those tentative and final maps.

On or about July 24, 2007, Plaintiff Roger McIntosh filed the instant lawsuit against Defendants NCUE and Lotus Developments, LP. Plaintiff alleges that both defendants developed the Valley Rose Estates subdivision by using, or copying without Plaintiff's permission, a tentative map and/or improvement plans previously prepared for the subdivision by Martin-McIntosh. Plaintiff contends that the map and plans are protected by U.S. copyright laws. Plaintiff further contends that he is the lawful owner of the map and plans pursuant to a buyout agreement with Martin-McIntosh which purportedly assigned copyright interests to Plaintiff. (Okadigbo Decl. ¶ 3.)

///

Plaintiff amended his complaint on June 18, 2008, to add allegations of contributory infringement against the City. (Okadigbo Decl. ¶ 4.)

On or about November 11, 2008, the City filed a *First Amended Cross-Complaint* against NCUE, alleging that NCUE was obliged to indemnify the City for claims made against the City by McIntosh. The City contends that NCUE's duty to indemnify arises from two separate contracts entered into between the City and NCUE – the May 18, 2004, *Assignment of Purchase and Sale Agreement* and the *Subdivision Agreement,* dated February 20, 2007. (Okadigbo Decl. ¶ 5.)

Under the *Purchase and Sale Agreement* assigned to NCUE, NCUE was obligated to indemnify the City "from and against any and all claims, demands, losses, obligations, costs and expenses (including without limitation attorney's fees and court costs) which arise out of (a) ownership or operation of the Property after closing." See Section 8. It is the City's position that allegations that NCUE copied or used McIntosh's copyrighted plans to develop the Valley Rose Estates subdivision are claims which arise from NCUE's ownership and operation of the property within the meaning of the *Purchase and Sale Agreement*. As such, NCUE is bound to indemnify the City for McIntosh's claims against the City in the instant lawsuit. (Okadigbo Decl. ¶ 6.)

Also, under the *Subdivision Agreement* between the City and NCUE dated February 2007, NCUE is obliged to indemnify the City from every "liability, claim, suit or demand, which may arise or may be made by reason of: (1) any act, omission or neglect of the Subdivider [NCUE], its engineers, employees, agents or contractor." *See* Section 10(a). The Agreement also requires NCUE, "at its own cost, expense and risk," to "defend all legal proceedings which may be brought against the City … or any liability suit, claim or demand which it has agreed to indemnify them against herein, and shall satisfy any resulting judgment that may be rendered against them." *See* Section 10(b). The City contends that NCUE is required to pay for the City's costs of defending itself against McIntosh's claims under this clause. (Okadigbo Decl. ¶ 7.)

Presently, the City's complaint does not specifically allege a duty on the part of NCUE to pay defense costs under either of the two contracts providing for indemnification. Although the

City understands the term indemnification to encompass a request that the indemnitor pay a judgment as well as defend the indemnitee, the City, in an abundance of caution, hereby seeks to add two separate allegations regarding the duty to defend the City and the duty to pay a judgment. The proposed supplemental cross-complaint the City seeks to file would add allegations regarding the tender of its defense to NCUE and the rejection thereof. (Okadigbo Decl. ¶ 8.)

On or about February 17, 2009, the City's counsel, Chaka Okadigbo, sent a letter to NCUE's counsel, Steven J. Hassing, explaining that NCUE was obliged to indemnify and defend the City pursuant to the *Subdivision Agreement*. Mr. Hassing sent Mr. Okadigbo a letter the same day, contending that NCUE is not obliged to indemnify or defend the City. After Mr. Okadigbo received Mr. Hassing's letter, Mr. Okadigbo sent him an e-mail clarifying that the grounds for the City's indemnification claims included not only those stated in his February 17th letter, but also those grounds stated in the City's cross-complaint. Mr. Okadigbo sent Mr. Hassing a second letter on March 25, 2009, again demanding that NCUE assume its obligations to defend and indemnify the City. (Okadigbo Decl. ¶ 10.) To date, NCUE continues to take the position that it is under no duty either to indemnify or defend the City. (Okadigbo Decl. ¶ 10.)

The supplemental complaint the City seeks to file is related to the *First Amended Cross-Complaint* the City has already filed in this action. Both cross-complaints allege that Plaintiff's claims against the City are routed in allegations about copyright infringement allegedly committed by NCUE. They both reference the *Subdivision Agreement*, the *Purchase and Sale Agreement*, and the *Assignment of Purchase and Sale Agreement*, all of which the City contends, support its indemnification claims. The supplemental cross-complaint will contain additional allegations relating to the City's tender of its defense to NCUE and NCUE's refusal to defend the City. It will also reference additional contractual language in the *Subdivision Agreement* that supports its claim that NCUE is obligated to defend the City (Section 10(b) of the *Subdivision Agreement*). (Okadigbo Decl. ¶ 11.)

The cross-complaint the City hereby proposes to file is not being brought for dilatory motives or in bad faith. The City has amended its cross-complaint only once and without leave

of court. It has not demonstrated any repeated failures to cure deficiencies in its cross-complaint, or to otherwise delay the proceedings in this case. (Okadigbo Decl. ¶ 12.)

The City's counsel recently discussed the issue of amending the City's cross-complaint with NCUE's counsel. (Okadigbo Decl. ¶ 13.) NCUE's counsel indicated a willingness to enter into a stipulation allowing the City to file an amended cross-complaint. (Okadigbo Decl. ¶ 13.) However, out of an abundance of caution, the City's counsel decided to file the instant motion seeking leave of court to file a supplemental pleading (rather than entering into a stipulation). (Okadigbo Decl. ¶ 13.) This action is being taken in the event that alleging facts regarding the tender of the City's defense on February 21, 2009, to NCUE, and the rejection thereof, converts the proposed cross-complaint into a supplemental pleading instead of an amended pleading under Rule 15(d) of the Federal Rules of Civil Procedure. (Okadigbo Decl. ¶ 13.)

### III. LEGAL STANDARD

Rule 15(d) of the Federal Rules of Civil Procedure provides that a court may, upon motion by a party, permit the filing of a supplemental pleading to set forth transactions, occurrences or events which have happened since the date of the pleading to be supplemented.

In *Keith v. Volpe*, 858 F.2d 467 (9th Cir. 1988), the Ninth Circuit stated that supplemental pleadings are useful devices for awarding "complete relief ... in one action and to avoid waste, delay and waste of separate actions which must be separately tried and prosecuted." "Leave should be 'freely given,' 'in the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.'" *San Luis & Delata-Mendota Water Authority v. United States Department of the Interior*, 236 F.R.D. 491 (E.D. Cal. 2006).

In considering whether to permit the supplementation of a complaint, the following factors are applied: (1) the relatedness of the original and supplemental complaints; (2) whether allowing supplementation would serve the interests of judicial economy; (3) whether there is evidence of delay, bad faith or dilatory motive on the part of the movant, or evidence of repeated failure to cure deficiencies by amendments previously allowed; (4) whether amendment would

impose undue prejudice upon the opposing party; (5) whether amendment would be futile; (6) whether final judgment had been rendered; (7) whether the district court retains jurisdiction over the case; (8) whether any prior court orders imposed a future affirmative duty upon the defendant; and (9) whether the proposed supplemental complaint alleges that defendants defied a prior court order." *San Luis & Delata-Mendota Water Authority*, *supra*, 236 F.R.D. at 497; *see also Foman v. Davis* (1962) 371 U.S. 178; *Keith v. Volpe*, *supra*, 858 F.2d 467; *Planned Parenthood of S. Ariz. v. Neely*, 130 F.3d 400 (9th Cir. 1997).

### III. The Court Should Grant the Filing of a Supplemental Cross-Complaint In the Interests of Judicial Economy and Convenience.

#### 1. The Relatedness of the Original and Supplemental Complaints.

The supplemental cross-complaint the City intends to file is related to the *First Amended Cross-Complaint* the City has already filed in this action. Both cross-complaints allege that Plaintiff's claims against the City are rooted in allegations about copyright infringement allegedly committed by NCUE. Both cross-complaints allege a single cause of action for contractual indemnity and rely upon two separate contracts entered into by the City and NCUE to support the City's indemnification claims. The main difference between the two cross-complaints is that the supplemental cross-complaint will contain additional allegations relating to the City's tender of its defense to NCUE and NCUE's refusal to defend the City. It will also reference additional contractual language supporting the City's claim that NCUE is obligated to defend the City.

#### 2. Granting the Supplemental Cross-Complaint Would Serve the Interests of Judicial Economy.

Granting the filing of a supplemental cross-complaint would serve the interests of judicial economy in this instance. Plaintiff alleges that defendant NCUE infringed on his copyright interests by copying, or using Plaintiff's maps and/or plans, to develop the Valley Rose Estates subdivision. Plaintiff also maintains that the City committed contributory infringement insofar as it "financially benefited" from NCUE's development of the Valley Rose Estates subdivision and "controlled" the development of the subdivision. The City's cross-complaint against NCUE

contends that Plaintiff's suit against the City ultimately arises from allegations of acts and/or omissions committed by NCUE and/or its engineers and, as such, triggers NCUE's duty to indemnify the City pursuant to the two separate contracts providing for indemnification. The City's proposed supplemental pleading develops this theme. It merely adds facts pertaining to (1) the City's tender of its defense to NCUE and NCUE's refusal to pay the City's defense costs and (2) additional terms of the existing contracts referenced in the City's present cross-complaint regarding NUCE's duty to pay defense costs.

It is the interests of judicial economy to allow the City to file a supplemental pleading which states facts relating to causes of action the City has already pleaded. It would be an unnecessary waste of time and resources if the City were to file a separate action merely to revisit the same issues that are already before the Court.

**3.    There is No Evidence of Delay, Bad Faith or Dilatory Motive on the Part of the City, Nor is There Evidence of a Repeated Failure to Cure Deficiencies by Any Amendments Previously Allowed.**

In seeking to file its supplemental cross-complaint, the City has not engaged in bad faith or shown dilatory motives. As stated earlier, the supplemental pleading serves to clarify and develop the City's existing cause of action for indemnification against NCUE. As such, it will not significantly delay the prosecution of the instant action. Furthermore, the City has only amended its cross-complaint once and did so without leave of court. As such, the City has not repeatedly failed to cure any deficiency in its cross-complaint against NCUE.

**4.    The Amendment Would Not Impose Undue Prejudice on Northern California Universal Enterprises, Co., Inc.**

The amendment to the City's cross-complaint will not impose undue prejudice on NCUE. The City has already stated a cause of action for indemnity against NCUE and has cited two contracts that underlie the City's indemnification claims. Based on the existing cross-complaint on file and on communications between counsel for NCUE and the City, NCUE is already aware of the City's position that it is entitled to payment of defense costs and payment of any judgment against the City. More importantly, NCUE's counsel agreed to enter into a stipulation allowing

the City's counsel to file an amended cross-complaint, underscoring the absence of any prejudice to NCUE.

Finally, because the Court vacated the trial date and all other existing discovery and motion deadlines, the City's proposed supplemental pleading will not hinder or otherwise interfere with NCUE's preparation for trial. NCUE has already conducted discovery on the contractual language at issue and is unlikely to dispute that the City tendered its defense to NCUE, even if it disputes liability. For these reasons, NCUE is not prejudiced by the City's proposed amendment of the cross-complaint.

### 5. The Amendment Proposed by the City to Its Cross-Complaint Is Not Futile.

The City strongly believes it is entitled to indemnification and payment of its defense costs. The amendment to its cross-complaint will state facts regarding the City's tender of its defense to NCUE and NCUE's refusal to accept the tender or pay the City's defense costs. These facts are necessary to clarify the basis for the City's claim that NCUE is obligated to defend the City, as distinct from its obligation to pay a judgment, under California Civil Code § 2778. As such, the City's proposed amendment to its cross-complaint is not futile.

### 6. No Final Judgment Has Been Rendered In this Case.

No final judgment has been rendered in this case. A trial date has yet to be set. Accordingly, this fact favors granting the City's motion.

### 7. This Court Will Retain Jurisdiction Over the Case.

The Court still has jurisdiction over this case as no judgments have been rendered. The proposed amendment to the City's cross-complaint relates to the City's existing cause of action for indemnification against NCUE. The court's retention of jurisdiction favors granting the City's motion.

### 8. No Prior Court Orders Have Imposed a Future Affirmative Duty on Northern California Universal Enterprises, Co., Inc. or Any Other Party to this Case.

No court order has imposed any future affirmative duties on NCUE or any other party to this litigation.

///

### 9. The Proposed Supplemental Pleading Does Not Allege that NCUE Violated a Court Order.

The City's proposed supplemental pleading does not allege that NCUE violated any court orders. This factor, therefore, has no bearing on the Court's decision on whether or not to grant the City's request for leave to file a supplemental pleading.

## IV. CONCLUSION

A court order approving the City's request to amend its cross-complaint will serve to keep the same proceedings before the same judge who is hearing other aspects of the case. It will enable the Court to award complete relief and avoid the cost, delay and waste of separate actions which must be separately tried and prosecuted and, therefore, will promote the efficient administration of justice. For the above-stated reasons, the Court should grant the City's motion for leave to file a supplemental cross-complaint.

DATED: March 30, 2009                    GARCIA CALDERON RUIZ, LLP

By: /s/ Chaka C. Okadigbo
CHAKA C. OKADIGBO
Attorneys for Defendant
CITY OF WASCO

# PROOF OF SERVICE
## (FRCP No. 5(b)(2)(E))

I declare that I am over the age of eighteen (18) and not a party to this action. My business address is 500 South Grand Avenue, Suite 1100, Los Angeles, California 90071.

On **March 30, 2009**, I served the following documents: **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF CROSS-COMPLAINANT CITY OF WASCO'S REQUEST FOR LEAVE TO FILE A SUPPLEMENTAL PLEADING (AMENDED CROSS-COMPLAINT) PURSUANT TO RULE 15(D) OF THE FEDERAL RULES OF CIVIL PROCEDURE** on the interested parties in this action by placing a true and correct copy of such document, enclosed in a sealed envelope, addressed as follows:

Jeffrey Travis
Borton Petrini, LLP
1600 Truxtun Ave.
Bakersfield, CA 93301
jtravis@bortonpetrini.com

Steven J. Hassing
Law Offices of Steven J. Hassing
425 Calabria Court
Roseville, CA 95747
stevehassing@yahoo.com

William L. Alexander
Alexander & Associates
1925 G Street
Bakersfield, CA 93301
walexander@alexander-law.com

( )   **BY MAIL**: I am readily familiar with the business' practice for collection and processing of correspondence for mailing with the United States Postal Service. I know that the correspondence was deposited with the United States Postal Service on the same day this declaration was executed in the ordinary course of business. I know that the envelope was sealed and, with postage thereon fully prepaid, placed for collection and mailing on this date in the United States mail at Los Angeles, California.

( X )   **BY ELECTRONIC SERVICE**: Pursuant to Fed. R. Civ. P. 5(b)(2)(E) and Local Court Rules(s), the foregoing document will be served by the court via CM/ECF. Pursuant to the CM/ECF docket for this case proceeding the following person(s) are on the Electronic Mail Notice List to receive ECF transmission at the email address(es) indicated above.

( )   (State)   I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

( X )   (Federal)   I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed **March 30, 2009**, Los Angeles, California.

Carolyn Dominguez