vja

1   James J. Braze, Esq.; SBN 76911; jbraze@bortonpetrini.com
    Jeffrey A. Travis, Esq.; SBN 235507; jtravis@bortonpetrini.com
2   BORTON PETRINI, LLP
    5060 California Avenue, Suite 700
3   Post Office Box 2026
    Bakersfield, CA 93303
4   Telephone (661) 322-3051

5   Attorneys for Plaintiff, Roger McIntosh

6   Steven J. Hassing, Esq.; SBN 152125
    Law Offices of Steven J. Hassing
7   425 Calabria Court
    Roseville, CA 95747
8   Telephone: (916) 677-1776
    Facsimile: (916) 677-1770
9   Steven Hassing@yahoo.com

10  Attorneys for Defendants, Northern California Universal
    Enterprises Co., Lotus Developments
11
    Bonifacio B. Garcia, Esq., SBN 100761
12  Eva M. Plaza, Esq. SBN 250321
    Chaka Okadigbo, Esq., SBN 224547
13  GARCIA CALDERON RUIZ, LLP
    500 S. Grand Avenue, Suite 1100
14  Los Angeles, CA 90071
    Telephone: (213) 347-0210
15  Facsimile: (213) 347-0216

16  Attorneys for Defendant, City of Wasco

17  William L. Alexander, Esq.
    ALEXANDER & ASSOCIATES
18  1925 "G" Street
    Bakersfield, CA 93301
19  Telephone (661) 316-7888
    Facsimile  (661) 316-7890
20
    Attorneys for Defendant, DeWalt CM, Inc.
21
    / / /
22
    / / /
23
    / / /
24
    / / /
25
    / / /
26
    / / /
27
    / / /
28

H:\PUBLIC\054493\060971
McIntosh v.
Northern\AMENDED
JOINT CMCS
4-10-2009.wpd

1
AMENDED JOINT CASE MANAGEMENT CONFERENCE STATEMENT

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION

| | |
|---|---|
| ROGER McINTOSH, | Case No.  1:07-CV-01080-LJO-GSA |
| Plaintiff, | AMENDED JOINT CASE MANAGEMENT CONFERENCE STATEMENT AND FEDERAL RULE OF CIVIL PROCEDURE, RULE 26(f) REPORT |
| v. | |
| NORTHERN CALIFORNIA UNIVERSAL ENTERPRISES COMPANY, et al, | The Honorable Lawrence J. O'Neill |
| Defendants. | Date:       April 15, 2009<br>Time:      10:00 a.m.<br>Dept:       4<br>Trial Date: None Set |

Pursuant to Federal Rule of Civil Procedure, Rule 26(f) and Local Civil Rules, Rule 16-281, plaintiff Roger McIntosh, Defendants Northern California Universal Enterprises Company and Lotus Developments, City of Wasco, and DeWalt CM, Inc.,  respectfully submit their Joint Case Management Conference Statement and Rule 26(f) Report.

     1.    Jurisdiction and Venue

This court has subject matter jurisdiction over the claims in this action pursuant to 28 U.S.C. §1331, 28 U.S.C. §§ 1338(a) - (b) and 28 U.S.C. § 1367.  Venue in this judicial district is also proper under 28 U.S.C. §1391(b).  Neither party disputes either jurisdiction or venue.

     2.    Jury – Non-jury

Both parties are seeking, and neither party is contesting a trial by jury.

     3.    Undisputed Facts

•    Roger McIntosh, dba McIntosh & Associates, ("McIntosh") initiated a copyright infringement suit against Northern California Universal Enterprises Company for infringement of a tentative map and its corresponding plans ("5472 Map.") created in or about 1992 for the Valley Rose Estates subdivision ("Valley Rose") also known as Tract No. 5472 in the City of Wasco. ("Wasco").

•    The 5472 Map was created for a previous developer, Legacy Group, which had

H:\PUBLIC\054493\060971
McIntosh v.
Northern\AMENDED
JOINT CMCS
4-10-2009.wpd

2
AMENDED JOINT CASE MANAGEMENT CONFERENCE STATEMENT

planned the Valley Rose Estates subdivision and with Wasco's approval.

- The 5472 Map was based on and referred to a number of plans for various components of the subdivision which included a subdivision layout, grading plans, sewer plans, wall plans, landscaping plans, and street plans.

- The development of Valley Rose was detailed between Wasco and Legacy Group in a Development Agreement they both signed on November 3,1992.

- In 1993, Wasco approved the 5472 Map.

- Thereafter, the Valley Rose subdivision was almost completely improved according to the 5472 Map in the year following its approval.

- In 1994, the development of Valley Rose was halted because of the Legacy Group's inability to further finance the Valley Rose project.  Wasco then purchased the subdivision property at a tax sale in or about 1994.

- In 2004, Northern California Universal Enterprises Company ("NCUE") purchased the subdivision from Wasco.

- NCUE hired an alternate engineer ("DeWalt") to create a new tentative map for the same property and Wasco gave it a new Tract No. 6451.

- New Tentative Map 6451 by DeWalt closely resembled the 5472 Map as to the design of the subdivision and including the same subdivision layout and design.

- The 6451 Tentative Map was eventually approved in May of 2006 by Wasco City Planning Director, Keith Woodcock, in March of 2007, and City Engineer Gerald Helt, in June of 2008.

- A copyright for the 5472 Map and related improvement plans was filed on February 22, 2007 in the United States Copyright Office, Reg. No. VAU721-180.

- In accordance with Wasco city guidelines, the development for Tract No. 6451 was approved by a development agreement between NCUE and Wasco in February of 2007.

H:\PUBLIC\054493\060971
McIntosh v.
Northern\AMENDED
JOINT CMCS
4-10-2009.wpd

3

AMENDED JOINT CASE MANAGEMENT CONFERENCE STATEMENT

1    •    A final map for Tract No. 6451 was approved by Wasco on March 6, 2007 and
2         sent to the City Clerk for endorsement.
3    4.   <u>Disputed Factual Issues</u>:
4    •    All works created by McIntosh for the 5472 Map are copyrighted and protected
5         works.
6    •    Pursuant to its 1992 Consultant Agreement with McIntosh, Legacy Group was
7         authorized to use the copyrighted plans only on several conditions: Use of the
8         plans was only for the project outlined in the 1992 development agreement
9         between Legacy Group and Wasco; use of the plans was for Legacy Group's use
10        only; and, any additional use for different projects was prohibited.
11   •    The development agreement between Wasco and Legacy Group was a private
12        development by Legacy Group and was not a public undertaking by Wasco.
13   •    Section 4.1 of the Development Agreement conditioned the development on all
14        improvements being completed by 2002 or else the Development Agreement
15        would expire.  Additionally, Section 6.1.6 specifically stated that subsequent
16        approvals necessary to develop the plan were contingent on "timely approval" by
17        Wasco.
18   •    The City of Wasco consented to McIntosh as a consultant engineer for the Valley
19        Rose project in §2.15 of the 1992 Development Agreement.  It is nowhere stated
20        in the Development Agreement that use of the plans extended beyond the use
21        outlined in the 1992 Development Agreement or that McIntosh gave any consent
22        for the Defendant's or Wasco's use of the copyrighted plans.
23   •    The 5472 Map expired on May 11, 2001, and the 1992 development Agreement
24        formally expired in 2002 without extension, pursuant to provision §4.2 of the
25        Development Agreement.
26   •    Joe Wu contacted McIntosh and asked McIntosh for the cost to prepare a new
27        tentative map.
28

H:\PUBLIC\054493\060971
McIntosh v.
Northern\AMENDED
JOINT CMCS
4-10-2009.wpd

4

AMENDED JOINT CASE MANAGEMENT CONFERENCE STATEMENT

1      •      Joe Wu refused to pay the amount requested by McIntosh and instead when

2             Joseph Wu asked McIntosh what it would cost to complete the remaining

3             infrastructure according to the 5472 Map, McIntosh conditioned future use on

4             payment for what he believed was owed equal to the value of the 5472 Map's

5             plans.

6      •      This was based on the costs saved by NCUE and WASCO since neither Wasco

7             nor NCUE would have to pay for a new infrastructure or new plans and could

8             base future development on what was already almost developed on the Valley

9             Rose property and which had already gone through numerous meetings and

10            conditions for approval by Wasco.

11     •      The parties dispute whether the plans were used, relied on or copied the 5472

12            Map in connection with the preparation of, development of, or creation of the new

13            6451 tentative map or the Valley Rose subdivision;

14     •      The parties dispute whether the 5472 Map was used in connection with the

15            preparation of, development of, or creation of the new 6451 tentative map or the

16            Valley Rose subdivision;

17     •      The parties dispute whether the City of Wasco was aware of any plans by

18            NCUE/DeWalt to copy the 5472 Map for purposes of creating the 6451

19            Tentative or Final Maps;

20     •      The parties dispute whether the 5472 Map is substantially similar to the tentative

21            and/or final maps for Tract No. 6451 in that the parties are in disagreement as to

22            the range, extent, and significance of the differences between the 6451 and 5472

23            maps;

24     •      Defendant, DeWalt CM, asserts that there is no such entity as DeWalt Engineering

25            or DeWalt Corporation, that the entity involved in this project was not DeWalt

26            CM but rather non-party Dennis W. De Walt, Inc., and that there has been a

27            misjoinder of  DeWalt CM and  non-joinder of Dennis W. De Walt, Inc.

28

H:\PUBLIC\054493\060971
McIntosh v.
Northern\AMENDED
JOINT CMCS
4-10-2009.wpd

5
AMENDED JOINT CASE MANAGEMENT CONFERENCE STATEMENT

5.   <u>Disputed Evidentiary Issues</u>:

Not applicable at this time.

6.   <u>Special Factual Information in Certain Actions</u>:

Not applicable.

7.   <u>Relief Sought</u>:

a).   Plaintiff:

- A declaration of willful infringement;

- Injunctive relief against defendants and all persons acting in concert or participation with them or persons acting or purporting to act on their behalf, directing defendants to cease and desist from infringing plaintiff's copyright, the destruction of all copies of the copyrighted plans and all other steps reasonably necessary to remove any structures or design elements that had been copied from the plans or built based on the plans;

- Impounding any copies of the plans and any other materials derived from the copyrighted plans in whole or in part;

- A compliance report;

- Monetary damages in an amount equal to the actual damages suffered by McIntosh as a result of the infringement and any profits earned by defendants from the creation and commercial exploitation of the copied plans;

- Costs of suit.

b).   Defendant:

- Costs of Suit.

8.   <u>Relevant Points of Law</u>:

a).   Technical drawings as copyrightable subject matter. 17 U.S.C. §§101, 102(a)(5); <u>Del Madera Properties v. Rhodes and Gardner</u>, 637 F.Supp. 262 (N.D. Cal. 1985); and <u>Del</u>

H:\PUBLIC\054493\060971
McIntosh v.
Northern\AMENDED
JOINT CMCS
4-10-2009.wpd

Madera Properties v. Rhodes and Gardner, 820 F.2d 973 (9th Cir. 1987).

                     b).      Direct evidence of copyright Infringement. MacMillan Company v. I.V.O.W Corp., 495 F.Supp. 1134, (D.C.Vt. 1980).

                     c).      Indirect evidence of copyright Infringement. Lanard Toys v. Novelty, 511 F.Supp.2d 1020 (C.D. Cal., 2007); Smith v. Jackson, 84 F.3d 1213 (9th Cir. 1996); Litchfield v . Fielder, 736 F.2d 1352, 1357 (9th Cir., 1984).

                     d).      Implied license for copyrights.   17 U.S.C. §201; Netbula, LLC v. BindView Development Corp., 516 F.Supp.2d 1137 (N.D. Cal., 2007); John G. Danielson v. Winchester-Conant Properties, Inc., 322 F.3d 26 (1st Cir., 2003); Foad Consulting Group, Inc. v. Musil Govan Azzalino, 270 F.3d 821 (9th Cir. 2001).

                     e).      "Shop Rights." United States v. Dubilier Condenser Corp., 289 U.S. 178, 188, 53 S.Ct. 554, 558, 77 L.Ed. 1114 (1933).

                     f).      Standard for "Independent Creation" of Copyright. Hollywood Screentest of America, Inc. v. NBC Universal, Inc., (2007) 151 Cal.App.4th 631.

                     g).      Merger doctrine of copyright. Herbert Rosenthal Jewelry v. Kalpakian, 446 F.2d 738 (9th Cir. 1971); Joshua Ets-Hokin, 225 F.3d 1068 (9th Cir. 2000); Kern River Gas Transmission Co. v. The Coastal Corporation, 899 F.2d 1458 (5th Cir. 1990).

                     h).      Measure of damages. 17 U.S.C. §504(a); Del Madera Properties v. Rhodes & Gardner,  820 F.2d 973 (9th Cir. 1987).

                     I).      Derivative Works, 170 S.C. §§ 101, 106(2); Stewart v. Abend, 495 U.S. 207, 223; Batjac Productions, Inc. v. Goodtimes Home Video, 160 F.3d 1223 (9th 1998).

         9.     Abandoned Issues:

         Not applicable.

         10.    Witnesses: The following is a list of names and addresses of all known, prospective witnesses, whether offered in person or by deposition or interrogatory, designating those who are expert witnesses.

         Greg Black
         Jeffrey A. Gutierrez

H:\PUBLIC\054493\060971
McIntosh v.
Northern\AMENDED
JOINT CMCS
4-10-2009.wpd

7

AMENDED JOINT CASE MANAGEMENT CONFERENCE STATEMENT

1   (Persons Most knowledgeable)
    DeWalt Corporation
2   1930 22nd Street
    Bakersfield, California  93301
3   (661) 323-4600

4   Michael Brown
    The Legacy Group, L.P.
5   325 Robinson Street
    Bakersfield, CA 93305
6
    Gerald F. Helt
7   (Persons Most knowledgeable)
    Helt Engineering
8   2930 Union Avenue
    Bakersfield, California  93305
9   (661) 323-6045

10  Darrell Souza
    Sperry Van Ness
11  5760 American Avenue, Suite A
    Modesto, California 95356
12  (209) 576-7305

13  Bob Wren (Wasco City Employee)
    Alan J. Peake (Attorney for the City of Wasco)
14  King Leonard (Planning Director
    Dennis McNamara (Planning Director)
15  Larry Pennell (City Manager)
    Marty Jones (Public Works Director)
16  Mitch Maxey (Water Department Manager)
    Mike Jones (Public Works Inspector II)
17  James Zervis
    (Persons Most knowledgeable)
18  City of Wasco
    746 8th Street
19  Wasco, California  93280
    (661) 758-7200
20
    Keith Woodcock
21  Community Development Director
    City of Delano
22  1015 11th Avenue
    Delano, California  93215
23  (661) 721-3340

24  David See
    (Persons Most knowledgeable)
25  See's Consulting & Testing
    352 West Bedford, # 112
26  Fresno, California  93711
    (559) 435-3444
27
    Joe Wu
28

H:\PUBLIC\054493\060971
McIntosh v.
Northern\AMENDED
JOINT CMCS
4-10-2009.wpd

8

AMENDED JOINT CASE MANAGEMENT CONFERENCE STATEMENT

1    Chris Oliveras
     Jess Marimla
2    (Persons Most knowledgeable)
     Northern California Universal Enterprises, Inc.
3    300-D Turlock Street
     Turlock, California  95380
4    (209) 669-0606

5    Terry W. Schroepfer, P.E.
     Quad Knopf,
6    5500Ming Avenue, Suite 410
     Bakersfield, California  93309
7    (661) 835-8300

8    Forrest Hainline
     (Persons Most knowledgeable)
9    Goodwin Proctor
     24th Floor
10   Three Embarcadero Center
     San Francisco CA 94111
11
     James Delmarter Engineering
12   Delmarter & Deifel
     2901 H Street
13   Bakersfield, CA 93301

14
          11.    <u>Exhibits – Schedules and Summaries</u>:
15
          Exhibits have been exchanged pursuant to Rule 26(f).
16
          12.    <u>Discovery Documents</u>:  Expert disclosure and deposition pursuant to statute relative
17
     to the trial date.
18
          13.    <u>Further Discovery or Motions</u>:
19
          a).    Plaintiff - Rule 56(b).
20
          b).    Defendant - Rule 15 Motion to Amend Pleadings to Include Additional
21
     Affirmative Defenses.
22
          c).     Defendant Northern California Universal intends to file summary judgment
23
     motions against both McIntosh and City of Wasco.
24
          d).    Defendant, Northern California Universal, intends to file summary judgment
25
     motions against both McIntosh and City of Wasco.
26
     / / /
27
          e).    Defendant, DeWalt CM, intends to file a motion for summary judgment
28

H:\PUBLIC\054493\060971
McIntosh v.
Northern\AMENDED
JOINT CMCS
4-10-2009.wpd

9

AMENDED JOINT CASE MANAGEMENT CONFERENCE STATEMENT

against plaintiff and, concurrently, a motion for Rule 11 sanctions.

                    f).        Defendant City of Wasco intends to file summary judgment motions against Plaintiff Roger McIntosh and Cross-Defendant Northern California Universal Enterprises, Inc.

            14.      <u>Stipulations</u>:

                    After meeting and conferring, the parties have agreed on a proposed deposition and trial schedule:

| | |
|---|---|
| Expert Disclosure: | June 5, 2009 |
| Non-Expert Discovery Cutoff: | June 6, 2009 |
| Expert Discovery Cutoff: | July 6, 2009 |
| Pre-Trial Motion Filing Cutoff: | August 3, 2009 |
| Pre-Trial Motion Hearing Cutoff : | September 3, 2009 |
| Pre-Trial Conference: | September 23, 2009 |
| Trial Date: | November 2 - 13, 2009 |

            15.      <u>Amendments – Dismissals</u>:

                    Not applicable at this time.

            16.      <u>Settlement Negotiations</u>:

                    The parties cannot all agree to VDRP mediation.  No substantial settlement negotiations have taken place.

            17.      <u>Agreed Statements</u>:

                    Not applicable.

            18.      <u>Separate Trial of Issues</u>:

                    Not applicable.

            19.      <u>Impartial Experts – Limitation of Experts</u>:

AMENDED JOINT CASE MANAGEMENT CONFERENCE STATEMENT

Plaintiff - Expert as to value of creating copyrighted plans for developer and other potential defendants and the profits derived therefrom.

Plaintiff/Defendant (City of Wasco) - Expert as to custom and practice of municipal procedures for developing maps and plans.

Defendants - Produce engineer on issue of substantial similarity and an accountant on the issue of profits.

20.    Attorney Fees:

All parties are seeking attorney's fees under 37 U.S.C. §505; Fogerty v. Fantasy, 510 U.S. 517 (1994).

21.    Trial Exhibits:

To the extent the parties have not provided Rule 26(f) exhibits to recently-added defendant, DeWalt CM, the parties agree to do so no later than April 24, 2009.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

H:\PUBLIC\054493\060971
McIntosh v.
Northern\AMENDED
JOINT CMCS
4-10-2009.wpd

11

AMENDED JOINT CASE MANAGEMENT CONFERENCE STATEMENT

1

22.    <u>Miscellaneous</u>:

2

Not applicable at this time.

3

DATED: April 10, 2009                    BORTON PETRINI, LLP

4

5

By____/s/Jeffrey A. Travis_____

6

Jeffrey A. Travis, Esq., Attorneys for Plaintiff Roger McIntosh

7

8

DATED: April ___, 2009                   LAW OFFICE OF STEVEN J. HASSING

9

10

By____/s/Steven J. Hassing_____

11

Steven J. Hassing, Esq., Attorneys for Defendants, Northern California Universal Enterprises Co., Lotus Developments,

12

13

DATED: April ___, 2009                   GARCIA CALDERON RUIZ, LLP

14

15

By____/s/Chaka Okadigbo_____

16

Chaka Okadigbo, Attorneys for Defendant, City of Wasco

17

18

DATED: April ___, 2009                   ALEXANDER & ASSOCIATES

19

20

By____/s/William L. Alexander_____

21

William L. Alexander, Attorneys for Defendant, DeWalt CM Inc.

22

23

24

25

26

27

28

H:\PUBLIC\054493\060971
McIntosh v.
Northern\AMENDED
JOINT CMCS
4-10-2009.wpd

12
AMENDED JOINT CASE MANAGEMENT CONFERENCE STATEMENT

**PROOF OF SERVICE**
**(FRCP No. 5(b)(2)(E))**

**STATE OF CALIFORNIA,  COUNTY OF KERN**

I, Vanessa Claridge, declare:

I am a citizen of the United States. I am employed in the County of Kern, State of California. I am over the age of 18 and not a party to the within action; my business address is 5060 California Avenue, Suite 700, Bakersfield, California 93309.

On April 10, 2009, I served the foregoing document described as **AMENDED JOINT CASE MANAGEMENT CONFERENCE STATEMENT AND FEDERAL RULE OF CIVIL PROCEDURE, RULE 26(f) REPORT** on the other party(ies) in this action as follows:

Steven John Hassing, Esq.
 Law Offices of Steven J. Hassing
425 Calabria Court
Roseville, CA 95747

Attorneys for Attorneys for Defendants,
Northern California Universal Enterprises
Company and Lotus Developments
Tel:    916/677-1776
**Fax:   916/677-1770**

email address: **stevehassing@yahoo.com**

Chaka Okadigbo
**Garcia Calderon Ruiz, LLP**
500 South Grand Ave Suite 1100
Los Angeles, CA 90071

Attorneys for Defendant, City of Wasco

Tel: 213/347-0210
**Fax: 213-347-0216**

email address: **cokadigbo@gcrlegal.com**

William L. Alexander, Esq.
Alexander & Associates
1925 "G" Street
Bakersfield, CA 93301

Attorneys for Defendant, DeWalt CM, Inc.

Tel: 661/316-7888
**Fax: 661/316-7890**

email address: **walexander@alexander-law.com**

X       **BY ELECTRONIC SERVICE:**  Pursuant to Fed. R. Civ. P. 5(b)(2)(E) and Local Court Rule(s), the foregoing document will be served by the court via CM/ECF.  Pursuant to the CM/ECF docket for this case proceeding the following person(s) are on the Electronic Mail Notice List to receive ECF transmission at the email address(es) indicated below:

Executed on **April 10, 2009**, at Bakersfield, California.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Vanessa J. Claridge                              /s/ Vanessa J. Claridge

H:\PUBLIC\054493\060971
McIntosh v.
Northern\AMENDED
JOINT CMCS
4-10-2009.wpd

13
AMENDED JOINT CASE MANAGEMENT CONFERENCE STATEMENT

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

H:\PUBLIC\054493\060971
McIntosh v.
Northern\AMENDED
JOINT CMCS
4-10-2009.wpd

14
AMENDED JOINT CASE MANAGEMENT CONFERENCE STATEMENT