# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROGER McINTOSH, | CASE NO. 1:07-cv-1080 LJO GSA |
| Plaintiff, | **SCHEDULING CONFERENCE ORDER** |
| vs. | |
| NORTHERN CALIFORNIA UNIVERSAL ENTERPRISES COMPANY, et al., | Expert Disclosure: June 5, 2009 |
| Defendants. | Supplemental Expert Disclosure: June 25, 2009 |
| | Nonexpert Discovery Cutoff: July 6, 2009 |
| | Expert Discovery Cutoff: August 4, 2009 |
| | Pretrial Motion Filing Deadlines<br>  Non-Dispositive: July 17, 2009<br>  Dispositive: September 30, 2009 |
| | Pretrial Motion Hearing Deadline: October 30, 2009 |
| | Pretrial Conf.: Date: December 17, 2009<br>Time: 8:30 a.m.<br>Dept.: 4 (LJO) |
| | Jury Trial: Date: March 1, 2010<br>(10-15 days est.) Time: 8:30 a.m.<br>Dept.: 4 (LJO) |

This Court conducted a scheduling conference on April 15, 2009. All parties appeared telephonically as follows: Jeffrey A. Travis on behalf of Plaintiff Roger McIntosh; Steven J. Hassing on behalf of Defendant Northern California Universal Enterprises Co.; Chaka Okadigbo on behalf of Defendant City of Wasco; and William L. Alexander on behalf of Defendant DeWalt CM, Inc. Pursuant to F.R.Civ.P. 16(b), this Court sets a schedule for this action.

1

**1.     Amendment To The Parties' Pleadings**

Counsel for Plaintiff and Defendant DeWalt CM Inc. are conferring regarding the appropriate DeWalt entity as current Defendant DeWalt CM, Inc. believes the proper party to be Dennis D. DeWalt. To that end, the parties agreed that any amendments to the pleadings would be completed on or before April 24, 2009.

**2.     Consent To Magistrate Judge**

Due to this Court's heavy caseload and its effect to hold to scheduled dates, the parties are encouraged to consent to conducting further proceedings by a United States Magistrate Judge. In any event, the parties are reminded to file the Consent form as previously requested by the court on August 7, 2008. To date, no party has filed the Consent form.

**3.     F.R.Civ.P. 26(a)(1) Initial Disclosures**

The parties will complete initial disclosures no later than April 24, 2009.

**4.     Expert Witnesses**

Initial expert witness disclosures by any party shall be served no later than **June 5, 2009.** Supplemental expert witness disclosures by any party shall be served no later than **June 25, 2009**. Such disclosures must be made pursuant to F.R.Civ.P. 26(a)(2)(A) and (B) and shall include all information required thereunder. In addition, F.R.Civ.P. 26(b)(4) and F.R.Civ.P. 26(e) shall specifically apply to all discovery relating to expert witnesses and their opinions. Each expert witness must be prepared fully to be examined on all subjects and opinions included in the designations. Failure to comply with these requirements will result in the imposition of appropriate sanctions, which may include the preclusion of testimony or other evidence offered through the expert witness. In particular, this Court will enforce preclusion of testimony or other evidence if F.R.Civ.P. 26(e) is not strictly complied with.

**5.     Discovery Cutoffs And Limits**

All nonexpert discovery shall be completed no later than **July 6, 2009.**

**6.     Pretrial Motion Schedule**

All pretrial non-dispositive motions shall be served <u>and filed</u> no later than **July 17, 2009**. All pretrial dispositive motions shall be served <u>and filed</u> no later than **September 30, 2009**. All pretrial

dispositive and nondispositive motions shall be set before the appropriate judge for a hearing to be conducted no later than **October 30, 2009.**

Non-dispositive motions are heard on Fridays at 9:30 a.m., before the Honorable Gary S. Austin, United States Magistrate Judge in Courtroom 10. **<u>Counsel must comply with Local Rule 37-251 with respect to discovery disputes or the motion will be denied without prejudice and dropped from calendar.</u>**

In scheduling such motions, the Magistrate Judge may grant applications for an order shortening time pursuant to Local Rule 6-142(d). However, if a party does not obtain an order shortening time, the notice of motion *must* comply with Local Rule 37-251.

Counsel or pro se parties may appear and argue non-dispositive motions by telephone, providing a written request to do so is made to the Magistrate Judge's Courtroom Clerk no later than five (5) court days before the noticed hearing date. In the event that more than one party requests to appear by telephone then it shall be the obligation of the moving part(ies) to arrange and originate a conference call to the Court.

At the pretrial conference, the Court will set filing and hearing dates for motions in limine.

**7.  Settlement Conference**

The parties have indicated a preference to schedule the settlement conference at a later date, following the outcome of the dispositive motions contemplated by the various parties. The parties were advised to contact the courtroom deputy to Magistrate Judge Gary S. Austin to schedule a settlement conference at a later date. The following information regarding a settlement conference is provided as a courtesy.

Unless otherwise permitted in advance by the Court, <u>the attorneys who will try the case</u> shall appear at the settlement conference <u>with the parties and the person or persons having full authority</u> to negotiate and settle the case, on any terms, at the conference.

**No later than seven days prior to the settlement conference**, each party shall submit <u>directly to the Judge Austin's chambers</u> at gsaorders@caed.uscourts.gov, a confidential settlement conference statement. This statement <u>should neither be filed with the clerk of the Court nor served on any other party</u>. Each statement shall be clearly marked "CONFIDENTIAL" with the date and time of the

3

mandatory settlement conference indicated prominently. Counsel are urged to request the return of their statements. If such request is not made, the Court will dispose of the statement.

The confidential settlement conference statement shall include the following:

A. A brief statement of the facts of the case;

B. A brief statement of the claims and defenses (i.e., statutory or other grounds upon which the claims or defenses are based), a forthright evaluation of the parties' likelihood of prevailing on the claims and defenses, and a description of the major issues in dispute;

C. A summary of the proceedings to date;

D. An estimate of the cost and time to be expended for further pretrial and trial matters, including discovery;

E. The relief sought; and

F. The party's position on settlement, **including the amount which the party will accept to settle, realistic settlement expectations**, present demands and offers, and a history of past settlement discussions, offers, and demands.

This Court will vacate the settlement conference if the Court finds the settlement conference will be neither productive nor meaningful to attempt to resolve all or part of this case. As far in advance of the settlement conference as possible, a party shall inform the Court and other parties that it believes the case is not in a settlement posture so the Court may vacate or reset the settlement conference. Otherwise the parties shall proceed with the settlement conference in good faith to attempt to resolve all or part of the case.

**8.    Pretrial Conference**

This Court sets a pretrial conference for **December 17, 2009, at 8:30 a.m.** in Department 4 (LJO) of this Court. The parties are directed to file a joint pretrial statement which complies with the requirements of this Court's Local Rule 16-281. In addition, the joint pretrial statement should include a brief factual summary and an agreed upon neutral statement of the case. An additional copy of the joint pretrial statement, carefully prepared and executed by all counsel, shall be electronically filed in CM/ECF and shall be e-mailed in WordPerfect format to ljoorders@caed.uscourts.gov.

The parties' attention is directed to this Court's Local Rules 16-281 and 16-282. This Court will insist upon strict compliance with those rules.

At the pretrial conference, the Court will set deadlines, among others, to file motions in limine, final witness lists, exhibits, jury instructions, objections, and other trial documents.

**9.     Trial Date**

A ten to fifteen day jury trial is set for **March 1, 2010, at 8:30 a.m.** in Department 4 (LJO) of this Court.

At this time, the parties request no bifurcation of issues.

**10.     Effect Of This Order**

This order represents the best estimate of the Court and parties as to the agenda most suitable to dispose of this case. If the parties determine at any time that the schedule outlined in this order cannot be met, the parties are ordered to notify the Court immediately of that fact so that adjustments may be made, either by stipulation or by subsequent status conference. Stipulations extending the deadlines contained herein will not be considered unless they are accompanied by affidavits or declarations with attached exhibits, where appropriate, which establish good cause for granting the relief requested.

Failure to comply with this order shall result in the imposition of sanctions.

**IT IS SO ORDERED.**

Dated:   **April 16, 2009**                      **/s/ Gary S. Austin**
                                                **UNITED STATES MAGISTRATE JUDGE**