James J. Braze, Esq.; SBN 75911
Jeffrey A. Travis, Esq.; SBN 235507
BORTON PETRINI, LLP
5060 California Avenue, Suite 700
Bakersfield, CA  93309
Post Office Box 2026
Bakersfield, CA 93303
Telephone (661) 322-3051
jbraze@bortonpetrini.com
jtravis@bortonpetrini.com

Attorneys for Plaintiff, Roger McIntosh
dba McIntosh & Associates

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION

| | |
|---|---|
| ROGER McINTOSH, | Case No.  1:07-CV-01080- LJO-GSA |
| Plaintiff, | |
| v. | MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO ADD DENNIS W. DE WALT, INC., PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE, SECTION 15(A)(2) |
| NORTHERN CALIFORNIA UNIVERSAL ENTERPRISES COMPANY, a California corporation; LOTUS DEVELOPMENTS, LLP; THE CITY OF WASCO, a municipal corporation; DEWALT CM, INC., a California corporation also doing business as DEWALT CORPORATION; DENNIS W. DE WALT, INC., a California corporation also doing business as DEWALT CORPORATION; and DOES 1 through 10, inclusive, | DATE:  May 22, 2009<br>TIME:  9:30 am<br>DEPT.:  10<br>JUDGE: Lawrence J. O'Neill;<br>        Gary S. Austin |
| Defendants. | |

## I.

## INTRODUCTION

Plaintiffs, are asking this court to allow them to add Dennis W. De Walt, Inc., ("De Walt") as another named defendant.  The City of Wasco consented to signing a stipulation, the remaining defendants did not.

There was an contract between Northern California Universal Enterprises Co., ("Northern") and an entity called "DeWalt Corporation" that spawned this litigation.  This is a

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO ADD DENNIS W. DE
WALT, INC., PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE, SECTION 15(A)(2)

1  fictitious business name for an entity although which one is unknown.  After DeWalt CM, Inc.,

2  ("DeWalt CM") was added as a party, it informed plaintiff that it was improperly added and there

3  was a more appropriate entity that should be added - Dennis W. De Walt, Inc., - which it claimed

4  is the business which is doing business as DeWalt Corporation.

5  After review of the Secretary of State website, it was discovered that the addresses

6  and principals of both Dennis W. De Walt, Inc., and DeWalt CM, Inc., are the same. It was also

7  discovered that the names are similar, it is in the construction industry, and counsel for plaintiff

8  admitted during the Case Management Conference on April 15, 2009 that he would also be

9  representing Dennis W. De Walt, Inc., if it was added as a party.  Evidence collected so far also

10  points to both parties potentially using the same website, email, logos, and employees.

11  ## II.

12  ## FACTS

13  Northern hired a company called "DeWalt Corporation" to prepare a tentative and

14  final map for a subdivision in Wasco in 2004.  To complete the subdivision and ready it for

15  acceptance by the City of Wasco, Northern had to prepare both a tentative and final map that

16  conformed to the previous expired map prepared by McIntosh.  Both maps needed to be similar

17  because they all are based on the same subdivision in the Valley Rose Estates and reference the same

18  improvement plans prepared by McIntosh. The improvement plans refer to the same lots, streets,

19  names, boundaries, and other unique, identifying indicia of the subdivision.

20  The preparation of the tentative map and improper electronic copies were made and

21  distributed from 2004 until 2007 while DeWalt CM, Inc., was in existence. (Declaration. of Jeffrey

22  A. Travis, ¶4).

23  There is no identifying indicia on any documents gathered from discovery, documents

24  produced by counsel for DeWalt CM, Inc., website for DeWalt Corporation (www.dewaltcorp.com),

25  or other facts in this case to indicate which entity DeWalt Corporation is doing business as.

26  (Declaration. of Jeffrey A. Travis, ¶¶8-17).

27  After DeWalt CM, Inc., was added as a party, its counsel contacted plaintiff asserting

28

H:\PUBLIC\054493\060971
McIntosh v Northern\MPA
ISO MTN ADD DWD INC
4-14-09.wpd

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO ADD DENNIS W. DE
WALT, INC., PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE, SECTION 15(A)(2)

1  that DeWalt CM, Inc., was improperly added and that, in fact, it was not DeWalt CM, Inc., that was

2  the correct party but another entity named Dennis W. De Walt, Inc. (Travis Decl., ¶7 ).  According

3  to DeWalt CM, Inc., Jeff Gutierrez purchased Dennis W. De Walt, Inc., from Dennis W. De Walt,

4  Inc., and DeWalt CM, Inc., was formed in 2005 and had nothing to do with the contract between

5  Northern and DeWalt Corporation. (Id.)

6        On or about March 6, 2009, I caused to be sent to counsel for DeWalt CM, Inc., a

7  response that explained our position that acts of infringement occurred while DeWalt CM, Inc., was

8  still in existence, that the principal is the same, the address is the same, the website is the same, and

9  the logos are the same as DeWalt Corporation.  I had also asked counsel for DeWalt CM, Inc., if he

10  had any additional facts to present to us that would distinguish DeWalt CM, Inc., from Dennis W.

11  De Walt, Inc., as the entity doing business as DeWalt Corporation. (Id., ¶8).  (e.g., any documents

12  which would show that DeWalt CM, Inc., is not the successor in interest to the contract between

13  Northern and DeWalt Corporation).   Plaintiffs received no documents nor were given the

14  opportunity to review any.[1]

15  **III.**

16  **ARGUMENT**

17        A party may file an amended pleading with leave of court at any time prior to trial.

18  (Fed. Rules Civ. Proc., § 15(a)(2).)  As Rule 15(a)(2) states, leave should be freely given "when

19  justice so requires."  (Id.)  Federal policy also strongly favors granting leave to amend to make a

20  proper determination on the merits.  (Foman v. Davis (1962) 371 U.S. 178, 182.)  This is true even

21  after the scheduling order deadline has passed whereby the court may grant leave to amend so long

22  as the request is made for "good cause" shown.  (Colman v. Quaker Oats Company (9th Cir. 2000)

23  232 F.3d 1271, 1294.)

24        Plaintiff originally filed this action on July 26, 2007, citing a single cause of action

25  against Northern California Universal Enterprises and Lotus Developments LP for copyright

---

[1]There was also an agreement at the case management conference that counsel for DeWalt CM would provide these documents to plaintiff but, as of April 21, 2009, have failed to do so or respond to follow-up inquiries made by plaintiff. (Travis Decl., ¶17, Exhibits K and L)

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO ADD DENNIS W. DE WALT, INC., PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE, SECTION 15(A)(2)

H:\PUBLIC\05449J\060971 McIntosh v NorthernMPA ISO MTN ADD DWD INC 4-14-09.wpd

1    infringement. (<u>Travis Decl., ¶¶3</u>). Later, and after Rule 26 disclosures were produced by both sides,

2    it was discovered that the City of Wasco was also potentially liable for copyright infringement

3    because of its involvement in the preparation of the tentative and final maps. (<u>Id.</u>, and ¶4).

4    Therefore, a First Amended Complaint was stipulated by the parties and the City of Wasco was then

5    added on June 12, 2008.  A second amended complaint was filed after an unopposed motion to add

6    DeWalt CM, Inc., was granted by this Court.

7            Recent argument by counsel for DeWalt CM, Inc., suggests that there may be another

8    party that was or is doing business as DeWalt Corporation. This entity is Dennis W. De Walt, Inc.,

9    and which spells DeWalt as "De Walt" separated by a space. It is known that DeWalt CM, Inc., was

10   formed in 2005 (and during certain acts of infringement) and is in the same business location as

11   Dennis W. De Walt Inc. (Travis Decl., ¶¶9-10).

12           It is unknown which company or perhaps both are doing business as DeWalt

13   Corporation.   For example, reviewing the secretary of state and corporate website at

14   www.dewaltcorp.com is completely ambiguous as to which company is doing business as "DeWalt

15   Corporation." (Travis Decl., ¶¶11-14). Both have the same principal and address. There is the

16   possibility that DeWalt CM, Inc., purchased certain interests to Dennis W. De Walt, Inc., that would

17   include the contract which is part of the alleged infringement to this action.  Since counsel for

18   DeWalt CM, Inc., admitted at the Case Management Conference that "CM" stands for "construction

19   management" this is an entity in the same field as DeWalt Corporation.

20           The ambiguity created by statements of counsel for DeWalt CM, Inc., is enough for

21   this Court to add Dennis W. De Walt, Inc., as a party since DeWalt Corporation's actions are

22   intricately tied to the actions of the other named defendants. They could have been the ones working

23   for Northern to develop the alleged infringing map and pursuant to directions from the City of

24   Wasco. For this reason, adding them as a party will provide a fuller determination of the merits of

25   this case and will be less confusing to the jury.

26           Adding Dennis W. De Walt Inc., as a party will not prove to be unduly prejudicial

27   to the parties. Most discovery has already been completed by plaintiff, NCUE/Lotus, and City of

28

H:\PUBLIC\054493\060971
McIntosh v  Northern\MPA
ISO MTN ADD DWD INC
4-14-09 wpd

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO ADD DENNIS W. DE
WALT, INC., PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE, SECTION 15(A)(2)

1   Wasco and no discovery has begun for DeWalt CM, Inc. (Id., ¶15-16).

2         Further, plaintiffs already produced to DeWalt CM, Inc., all discoverable documents

3   sent by plaintiff and sent to plaintiff from all parties. (Id., ¶10). Therefore, and presuming counsel

4   remains the same and since the principals are the same, they already have all documents produced

5   by the parties so far.

6         This Court can also expedite a future Case Management Conference since the parties

7   have already agreed to a joint case management report pursuant to Rule 26(f); it is believed counsel

8   for DeWalt CM, Inc., will be the same for Dennis W. De Walt, Inc.; and they will already have all

9   the documents produced so far.

10         Finally, the separately filed Third Amended Complaint only adds an additional party.

11   It does not do as the previous First Amended Complaint did and also add a Second Cause of Action

12   which would require new rounds of discovery to support or deny those allegations.  Since there has

13   been no undue delay and the meet-and-confer between counsel has occurred within the last two

14   weeks and the deposition that revealed this new additional information supporting the addition of

15   Dennis W. De Walt, Inc., occurred within the last month, McIntosh is bringing this motion in good

16   faith and as swiftly as possible to provide the most efficient determination of the merits when it

17   comes time for trial.

18   **IV.**

19   **CONCLUSION**

20         For the reasons stated above, McIntosh requests this court to allow him to amend the

21   complaint to add Dennis W. De Walt, Inc., doing business as DeWalt Corporation as a newly named

22   defendant and accept the Third Amended Complaint filed concurrently with this Motion.

23   DATED:   April 23, 2009        BORTON PETRINI, LLP

24

25                By: s/ Jeffrey A. Travis/s

26                Jeffrey A. Travis, Attorneys for Plaintiff, Roger McIntosh
             dba McIntosh & Associates

27

28

H:\PUBLIC\05449\3\060971
McIntosh v  Northern\MPA
ISO MTN ADD DWD INC
4-14-09 wpd

5

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO ADD DENNIS W. DE
WALT, INC., PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE, SECTION 15(A)(2)

**PROOF OF SERVICE**
**(FRCP No. 5(b)(2)(E))**

**STATE OF CALIFORNIA, COUNTY OF KERN**

I, Vanessa J. Claridge, declare:

I am a citizen of the United States. I am employed in the County of Kern, State of California. I am over the age of 18 and not a party to the within action; my business address is 5060 California Avenue, Suite 700, Bakersfield, California 93309.

On **April 23, 2009**, I served the foregoing document described as **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO ADD DENNIS W. DE WALT, INC., PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE, SECTION 15(A)(2)** on the other party(ies) in this action as follows:

Steven John Hassing, Esq.
**Law Offices of Steven J. Hassing**
425 Calabria Court
Roseville, CA 95747
email address: **stevehassing@yahoo.com**

Attorneys for Attorneys for Defendants,
Northern California Universal Enterprises
Company and Lotus Developments
Tel:    916/677-1776
**Fax:   916/677-1770**

Chaka Okadigbo
**Garcia Calderon Ruiz, LLP**
500 South Grand Ave Suite 1100
Los Angeles, CA 90071
email address: **cokadigbo@gcrlegal.com**

Attorneys for Defendant, City of Wasco

Tel: 213/347-0210
**Fax: 213-347-0216**

William L. Alexander, Esq.
**Alexander & Associates**
1925 "G" Street
Bakersfield, CA 93301
email address: **walexander@alexander-law.com**

Attorneys for Defendant, DeWalt CM, Inc.

Tel: 661/316-7888
**Fax: 661/316-7890**

☒ **BY ELECTRONIC SERVICE:** Pursuant to Fed. R. Civ. P. 5(b)(2)(E) and Local Court Rule(s), the foregoing document will be served by the court via CM/ECF.. Pursuant to the CM/ECF docket for this case proceeding the following person(s) are on the Electronic Mail Notice List to receive ECF transmission at the email address(es) indicated below:

☐ **BY MAIL:** As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at , California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

Executed on **April 23, 2009**, at Bakersfield, California.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

_____Vanessa J. Claridge_____          _____ /s/ Vanessa J. Claridge_____

Proof of Service