lj

James J. Braze, Esq.; SBN 75911
Jeffrey A. Travis, Esq.; SBN 235507
BORTON PETRINI, LLP
5060 California Avenue, Suite 700
Post Office Box 2026
Bakersfield, CA 93303
Telephone (661) 322-3051
jbraze@bortonpetrini.com
jtravis@bortonpetrini.com

Attorneys for Plaintiff, Roger McIntosh
dba McIntosh & Associates

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION

| | |
|---|---|
| ROGER McINTOSH,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>NORTHERN CALIFORNIA UNIVERSAL ENTERPRISES COMPANY, a California corporation; LOTUS DEVELOPMENTS, LLP; THE CITY OF WASCO, a municipal corporation; DEWALT CM, INC., a California corporation also doing business as DEWALT CORPORATION; DENNIS W. DE WALT, INC., a California corporation also doing business as DEWALT CORPORATION; and DOES 1 through 10, inclusive,<br><br>　　　　　　Defendants. | Case No. 1:07-CV-01080-LJO-GSA<br><br>THIRD AMENDED COMPLAINT FOR COPYRIGHT INFRINGEMENT; DEMAND FOR JURY TRIAL |

For his complaint against Northern California Universal Enterprises Company ("Universal") Lotus Developments, LLP ("Lotus"), the City of Wasco ("Wasco"), DeWalt CM, Inc., also doing business as DeWalt Corporation, and Dennis W. De Walt, Inc., also doing business as DeWalt Corporation (collectively "DeWalt") (all defendants referred to collectively as, "Defendants"), Roger McIntosh dba McIntosh & Associates ("McIntosh") alleges:

## NATURE OF THE ACTION

1. This is an action to redress the infringement of McIntosh's registered copyrights. Universal, Lotus and Wasco have created a residential subdivision by copying and using McIntosh's copyrighted works and employing a tangible embodiment of the landscape and subdivision design McIntosh conceived and created and that is the subject of Copyright Registration Certificate No. VAU-721-180.

## PARTIES AND OTHER IMPORTANT PERSONS

2. Plaintiff Roger McIntosh is a civil engineer doing business as McIntosh & Associates and Associates, a sole proprietorship with its principal place of business at 2001 Wheelan Court, Bakersfield, CA 93309.

3. Defendant Northern California Universal Enterprises Company, a California corporation with an address at 2099 Fortune Drive, San Jose, California 95131, started as a land development company in 1980 and is now a builder in California's Central Valley. On information and belief, Joseph Wu is the founder and head of Northern California Universal Enterprises Company.

4. Defendant Lotus Developments is a California Limited Partnership with an address at 300 B Street, Turlock, CA 95380. On information and belief, Joseph Wu is also the founder and head of Lotus Developments.

5. Defendant City of Wasco is a municipal corporation formed and organized under the laws of the State of California with an address at 746 Eighth Street, Wasco, CA 93280.

6. The true names and capacities of defendants Does 1 through 10 inclusive are unknown to plaintiff, who therefore sues said defendants by such fictitious names. Plaintiff is informed and believes and thereon alleges that each of the defendants herein designated as a Doe is responsible in some manner for the events and happenings herein referred to and caused injuries proximately thereby as hereinafter alleged. Plaintiff is informed and believes and thereon alleges that at all times herein mentioned, each of the defendants was the agent, servant and employee of each of the remaining defendants, and at all times herein mentioned, each was acting within the purpose and scope of said agency and employment. Plaintiff is further informed and believes and

1  thereon alleges that at all times herein mentioned, each of the defendants' employees was the agent,
2  servant and employee of each employee's respective employer, that at all times herein mentioned,
3  each employee was acting within the purpose and scope of said agency and employment, and that
4  each defendant has ratified and approved the acts of its agents and employees.

5     7. The Legacy Group, referred to throughout, is not a defendant in this action
6  and no longer exists. The Legacy Group was a land development company originally involved in
7  the development of the property that is the subject of this action.

## JURISDICTION AND VENUE

   8. This court has subject matter jurisdiction over the claims in this action pursuant to 28 U.S.C. section 1331, 28 U.S.C. section 1338(a) through (b) and 28 U.S.C. section 1367.

   9. Venue in this judicial district is proper under 28 U.S.C. section 1391(b).

## FACTUAL BACKGROUND
## McINTOSH & ASSOCIATES

   10. For more than 34 years, Roger McIntosh has been engaged in urban planning, specifically the design of residential subdivisions in community spaces throughout California. In 1980, Mr. McIntosh and Eugene Martin founded Martin-McIntosh Land Surveying.

   11. Over the last 27 years, the firm has expanded to offer an array of land-planning services from civil engineering and landscape architecture to construction management throughout Central and Southern California, Arizona and Nevada.

   12. On May 3, 1999, Roger McIntosh bought out his partner, Mr. Martin, and Martin-McIntosh became McIntosh & Associates. Pursuant to the buy-out agreement, the rights and all works created up to that point by Martin-McIntosh were assigned to Roger McIntosh.

   13. McIntosh & Associates provides all types of civil engineering services, specializing in site planning for private developments, residential developments and public works projects, including infrastructure, subdivision design and oil field facilities.

   14. McIntosh & Associates also offers land surveying services, from boundary surveys to geodetic control surveys.

## CONTRACT WITH THE LEGACY GROUP

15. In or about 1992, McIntosh contracted with the Legacy Group to design and supervise the private development and construction of a subdivision called the Valley Rose Estates Project (the "Subdivision") on a parcel of land owned by the Legacy Group.

16. Specifically, McIntosh contracted to (1) develop the subdivision's master plans for water, sewer and drainage systems; (2) develop a phase traffic and circulation plan; (3) determine boundaries; (4) develop a tentative tract map for the Subdivision; and (5) develop landscape design unique to the Subdivision.

17. According to the contract between McIntosh and the Legacy Group, all work product McIntosh created for the Subdivision remained his property and McIntosh retained the right to use the plans without the Legacy Group's consent, including but not limited to McIntosh's designs and technical drawings.

18. In addition, the Legacy Group agreed that McIntosh's designs and technical drawings were being created exclusively for the Legacy Group and could only be used by the Legacy Group on the Valley Rose Estates project.

19. The contract between McIntosh and the Legacy Group also established that the agreement between the parties could not be assigned without the written consent of the other party.

20. The Legacy Group had an agreement with the City of Wasco wherein the City would pay for the Subdivision project with bond anticipation notes. The Legacy Group was to pay McIntosh and the contractor from the money it received from the City of Wasco.

21. According to the agreement between Wasco and the Legacy Group, the development agreement expired in 2002 because the improvements were not completed.

22. The tentative map for the Valley Rose Estates subdivision, Tract No. 5472, expired in 2001.

## THE SUBDIVISION PLANS

23. In accordance with his obligations under the Legacy Group contract, McIntosh designed the overall layout of the Subdivision, as well as the division of the individual

1 plots and common spaces. McIntosh also created landscape designs for the Subdivision. McIntosh's subdivision and landscape designs are depicted in technical drawings ("The Plans") that are the subject of Copyright Registration Certificate No. VAU-721-180, a true and correct copy of which is attached as Exhibit "A."

24. McIntosh is the sole author of the subdivision and landscape designs embodied in the technical drawings.

25. McIntosh is the sole owner of the copyright and the technical drawings. (See Exhibit "A," Copyright Registration Certificate No. VAU-721-180.)

## INITIAL CONSTRUCTION OF THE SUBDIVISION

26. In 1993, McIntosh submitted the Plans to the City of Wasco in order to obtain a building permit to commence construction on the Subdivision. The City of Wasco subsequently approved the Plans.

27. Construction of the Subdivision commenced after the City of Wasco approved the Plans. Several different contractors worked on the construction of the Subdivision, according to McIntosh's Plans. McIntosh supervised construction of the Subdivision to ensure that the Plans were properly implemented.

28. In 1994, the bottom dropped out of the real estate market and the City of Wasco's bond anticipation notes lost their value. The City was no longer able to pay the Legacy Group for the construction on the Subdivision. Consequently, construction on the Subdivision ceased. The Legacy Group subsequently declared bankruptcy and the City of Wasco purchased the Subdivision at a tax sale.

## DEFENDANTS' INFRINGEMENT OF MCINTOSH' PLANS

29. On information and belief, in or about December 2004, of defendants Lotus and Universal purchased the Subdivision, with all the improvements, from the City of Wasco.

30. In or about late 2005 or early 2006, Mr. Wu of Northern California Universal Enterprises Company and Lotus Developments contacted McIntosh and asked if he could use McIntosh's Plans to finish the Subdivision. McIntosh told Mr. Wu that he could use the plans if he paid for them. Mr. Wu refused to pay the price proposed by McIntosh for use of the Plans.

31. On information and belief, in or about October 2006, without paying McIntosh for his Plans, defendants commenced construction on the Subdivision.

32. In or about November 2006, a Wasco city employee told McIntosh that Mr. Wu was using McIntosh's plans to complete the Subdivision.

33. On information and belief, Defendants' construction of the Subdivision is based on landscape and subdivision designs substantially similar to the subdivision and landscape design conceived and created by McIntosh that is represented in the plans and that is the subject of Copyright Registration Certificate No. VAU-721-180.

34. A point-by-point, feature-by-feature comparison between the subdivision constructed by Defendants and the Plans authored by McIntosh shows that the prominent features of the subdivision are substantially similar to the Plans, such that the overall look and feel of the design representative of the plans is embodied in the subdivision.

35. Specifically, a feature-by-feature comparison between the subdivision and the Plans reveals substantial similarity in, among other things, the streets, curbs and gutters, utilities, walls, fences, entry monuments, street lights, landscaping, and reference lines, annotations, and reference numbering.

36. On information and belief, Defendants, without permission or license, obtained and copied the Plans and are using them or have used them to complete the subdivision. Defendants have not paid McIntosh for use of the Plans.

## FIRST CAUSE OF ACTION

## COPYRIGHT INFRINGEMENT OF TECHNICAL DRAWINGS

37. McIntosh incorporates by reference and re-alleges paragraphs 1 through 36 above.

38. Plaintiff has in all respects complied with the requirements of the copyright laws of the United States with respect to the Plans.

39. The copying of the Plans by defendants constitutes infringement of McIntosh's registered copyright and the technical drawings depicted in the Plans, in violation of the Copyright Act, resulting in harm and injury to McIntosh.

1  40. As a result of the above-described wrongful acts of defendants in creating infringing copies of the Plans, McIntosh's copyright of the Plans has been infringed and he is entitled to recover actual damages and that portion of the profits realized by Defendants from the use and commercial exploitation of the infringing copies attributable to the unlawful use by Defendants of the copyrighted material contained in the plans that is the subject of Copyright Registration Certificate No. VAU-721-180.

## SECOND CAUSE OF ACTION

### CONTRIBUTORY COPYRIGHT INFRINGEMENT OF TECHNICAL DRAWINGS

41. McIntosh incorporates by reference and re-alleges paragraphs 1 through 40 above.

42. At all times during the construction of the Valley Rose Estates subdivision, the City of Wasco controlled the development of the Valley Rose Estates subdivision project.

43. As a result of the construction of the Valley Rose Estates subdivision and the unlawful use of McIntosh's copyrighted plans, Wasco obtained a direct financial benefit.

44. As a result of its actions, the City of Wasco knowingly and materially contributed to and induced the infringing conduct of Lotus and Universal.

45. Defendants also induced infringement through their copying, distribution, and continued recording of the Plans.

46. As a result of the above-described wrongful acts of defendants in contributing to the infringement and infringing use of the Plans, McIntosh's copyright in the Plans has been infringed and he is entitled to recover actual damages and that portion of the profits realized by Defendants from the use of and commercial exploitation of the infringing copies attributable to the unlawful use by Defendants of the copyrighted material contained in the Plans that is the subject of Copyright Registration Certificate No. VAU-721-180.

## DEMAND/PRAYER FOR RELIEF

WHEREFORE, McIntosh requests that this Court enter a judgment against the defendants that provides for:

1　　　　　(a)　A declaration that the defendants have willfully infringed McIntosh's exclusive rights in the copyrighted material contained in the Plans that is the subject of Copyright Registration Certificate No. VAU-721-180;

　　　　　(b)　A preliminary and thereafter permanent injunction against defendants and all persons acting in concert or participation with them or persons acting or purporting to act on their behalf, including but not limited to their officers, directors, stockholders, partners, owners, agents, representatives, employees, attorneys, successors and assigns and any and all other persons acting in concert or privity with them, directing defendants to:

　　　　　　　　(i)　Cease and desist from infringing plaintiff's copyright in the Plans;

　　　　　　　　(ii)　Destroy all copies of the plans, including any and all drawings, models, advertisements, catalogues and other materials based on or derived from the Plans; and

　　　　　　　　(iii)　Take all steps necessary to remove any structures or design elements that have been copied from the Plans or built based on the Plans;

　　　　　(c)　The impounding of all copies of the Plans and any other materials derived from the Plans in whole or in part, incorporating any element of the Plans, and all means by which such copies may be reproduced and in order providing for the destruction or other reasonable disposition of materials containing copies of the Plans of the designs embodied in the Plans that have been used in violation of McIntosh's exclusive rights and all means by which such copies may be produced; and in the event that certain such copies are no longer under the control of defendants, provide the name, address and relevant contact information of those believed to be in possession and control of such materials;

　　　　　(d)　The filing with this Court and the service on McIntosh within thirty (30) days following service of the injunction order, a report under oath and in writing, setting forth in detail the manner and form in which defendants have complied with the injunction;

　　　　　(e)　The awarding to plaintiff McIntosh of damages in an amount equal to the actual damages suffered by McIntosh as a result of the infringement and that portion of the profits earned by Defendants from the creation and commercial exploitation of the copied Plans and the infringing building that is attributable to the infringement, and not taken into account in computing

1 | McIntosh's actual damages, including an award of the reasonable attorney fees, costs and
2 | disbursements incurred by McIntosh in connection with this action;
3 |     (f)    Alternatively, the awarding to plaintiff McIntosh the maximum statutory
4 | damages permitted under the Copyright Act with respect to each infringement, or for such other
5 | amount as may be proper pursuant to 17 U.S.C. section 504(c), including an award of reasonable
6 | attorney fees, costs, and disbursements incurred by McIntosh in connection with this action; and
7 |     (g)    The granting to McIntosh of such other and further relief as this Court may
8 | deem just and proper.

## JURY TRIAL DEMAND

McIntosh demands a trial by jury on all issues triable of right by a jury.

DATED: April 23, 2009        BORTON PETRINI, LLP


By:   /s/ Jeffrey A. Travis
      Jeffrey A. Travis, Attorneys for Plaintiff, Roger
      McIntosh dba McIntosh & Associates

# EXHIBIT A

# Certificate of Registration



This Certificate issued under the seal of the Copyright Office in accordance with title 17, United States Code, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.



Register of Copyrights, United States of America



FORM VA
VAu 721-180

EFFECTIVE DATE OF REGISTRATION
FEB 2 2 2002

---

DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.

**Title of This Work ▼**
Valley Rose Planned Community

**NATURE OF THIS WORK ▼**
Landscape Drawings and Landscape Design

**Previous or Alternative Titles ▼**

**NAME OF AUTHOR ▼**
Martin McIntosh

**DATES OF BIRTH AND DEATH**
Year Born ▼   Year Died ▼

Author's Nationality or Domicile: United States
Domiciled in California

**Nature of Authorship:**
☒ 3-Dimensional sculpture
☐ 2-Dimensional artwork
☐ Reproduction of work of art
☐ Map
☐ Photograph
☐ Jewelry design
☐ Technical drawing
☐ Text
☐ Architectural work

**Name of Author ▼**
N/A

**Year in Which Creation of This Work Was Completed:** 1992

**COPYRIGHT CLAIMANT(S)**
Roger McIntosh d/b/a McIntosh & Associates, a sole proprietorship
2001 Wheelan Court, Bakersfield, CA 93309

The work was assigned from Martin McIntosh to McIntosh & Associates on May 1, 1994 via a buyout agreement.

APPLICATION RECEIVED
FEB 2 2 2002
ONE DEPOSIT RECEIVED
FEB 2 2 2002
TWO DEPOSITS RECEIVED
FUNDS RECEIVED

MORE ON BACK ▶

# PROOF OF SERVICE
## (FRCP No. 5(b)(2)(E))

**STATE OF CALIFORNIA, COUNTY OF KERN**

I, Vanessa J. Claridge, declare:

I am a citizen of the United States. I am employed in the County of Kern, State of California. I am over the age of 18 and not a party to the within action; my business address is 5060 California Avenue, Suite 700, Bakersfield, California 93309.

On **April 23, 2009**, I served the foregoing document described as **THIRD AMENDED COMPLAINT FOR COPYRIGHT INFRINGEMENT; DEMAND FOR JURY TRIAL** on the other party(ies) in this action as follows:

| | |
|---|---|
| Steven John Hassing, Esq.<br>**Law Offices of Steven J. Hassing**<br>425 Calabria Court<br>Roseville, CA 95747<br>email address: **stevehassing@yahoo.com** | Attorneys for Attorneys for Defendants,<br>Northern California Universal Enterprises<br>Company and Lotus Developments<br>Tel:   916/677-1776<br>**Fax:   916/677-1770** |
| Chaka Okadigbo<br>**Garcia Calderon Ruiz, LLP**<br>500 South Grand Ave Suite 1100<br>Los Angeles, CA 90071<br>email address: **cokadigbo@gcrlegal.com** | Attorneys for Defendant, City of Wasco<br><br>Tel: 213/347-0210<br>**Fax: 213-347-0216** |
| William L. Alexander, Esq.<br>**Alexander & Associates**<br>1925 "G" Street<br>Bakersfield, CA 93301<br>email address: **walexander@alexander-law.com** | Attorneys for Defendant, DeWalt CM, Inc.<br><br>Tel: 661/316-7888<br>**Fax: 661/316-7890** |

☒ **BY ELECTRONIC SERVICE:** Pursuant to Fed. R. Civ. P. 5(b)(2)(E) and Local Court Rule(s), the foregoing document will be served by the court via CM/ECF. Pursuant to the CM/ECF docket for this case proceeding the following person(s) are on the Electronic Mail Notice List to receive ECF transmission at the email address(es) indicated below:

☐ **BY MAIL:** As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at , California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

Executed on **April 23, 2009**, at Bakersfield, California.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

    Vanessa J. Claridge                      /s/ Vanessa J. Claridge

H:\PUBLIC\054493\060971
McIntosh v.
Northern\THIRD AMD CP
12-29-08.wpd