# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROGER McINTOSH,<br><br>Plaintiff,<br><br>v.<br><br>NORTHERN CALIFORNIA UNIVERSAL ENTERPRISES COMPANY, a California corporation; LOTUS DEVELOPMENTS, LLP; THE CITY OF WASCO, a municipal corporation; and DOES 1 through 10, inclusive,<br><br>Defendants. | 07-cv-01080 LJO-GSA<br><br>ORDER GRANTING CITY OF WASCO'S MOTION TO FILE SUPPLEMENTAL PLEADING<br><br>(Document 69) |

## INTRODUCTION

On March 30, 2009, cross-complainant, City of Wasco, (Hereinafter, "City") filed a Motion Requesting Leave to File a Supplemental Pleading pursuant to Rule 15(d) of the Federal Rules of Civil Procedure. No opposition to the motion was filed. A hearing was scheduled for May 8, 2009, at 9:30 a.m. After reviewing the motion, the court determined that the matter is suitable for decision without oral argument pursuant to Local Rule 78-230 (c) and (h). The hearing on May 8, 2009, was vacated. Having considered all materials submitted, Plaintiff's Motion to File a Supplemental Pleading is GRANTED.

1

# PROCEDURAL BACKGROUND

Plaintiff Roger McIntosh ("Plaintiff) filed the initial complaint on July 26, 2007, citing a single cause of action against Northern California Universal Enterprises Company (Hereinafter, "NCUE") and Lotus Development LP ("Lotus") for copyright infringement. Doc. 1. On June 12, 2008, a first amended complaint was filed pursuant to a stipulation of the parties, adding the City as a defendant, and alleging two causes of action : copyright infringement and contributory copyright infringement. Doc. 28. Plaintiff filed a second amended complaint on December 30, 2008, which added Defendant Dewalt CM, Inc., as a defendant. This Court is granting Plaintiff leave to file a third amended complaint adding Dennis W. De Walt, Inc. as a defendant in an order issued contemporaneously hereto.

After Plaintiff added the City as a defendant, the City filed a cross-complaint against NCUE on July 21, 2008. Doc. 33. Subsequently, on November 18, 2008, the City filed a first amended cross-complaint against NCUE alleging that NCUE was obligated to indemnify the City for claims made against the City by Plaintiff. Doc. 44.

The City has filed the instant motion to supplement its first amended cross-claim contending that NCUE's duty to indemnify arises from two separate contracts entered into between the City and NCUE : 1) a May 18, 2004, Assignment of Purchase and Sale Agreement ("Purchase and Sale Agreement"), and 2) a Subdivision Agreement, dated February 20, 2007 ("Subdivision agreement"). The proposed supplemental cross-complaint contains additional allegations related to the City's tender of its defense to NCUE and NCUE's refusal to defend the City. The cross-complaint also contains additional contractual language in the two agreements that supports its claim that NCUE is obligated to defend the City. Doc. 71, Declaration of Chaka Okadigbo, dated March 30, 2009 ("Okadigbo Declaration") at Ex. 1.

*1. Relevant Statement of Facts*

The City alleges that NCUE presently owns the Valley Rose Estates subdivision located in the City of Wasco. NCUE purchased the property from the City in April 2004. Since that time, NCUE has been developing the property, and in the process, created tentative and final maps which it submitted to the City for approval. The City approved those tentative and final

maps.

On or about July 24, 2007, Plaintiff filed the instant lawsuit against Defendants NCUE and Lotus. Plaintiff alleges that both defendants developed the Valley Rose Estates division by using, or copying Plaintiff's tentative map and/or improvement plans previously prepared for the subdivision by Martin-McIntosh without permission. Plaintiff contends that the map and the plans are protected by U.S. copyright laws. Plaintiff further contends that he is the lawful owner of the map and plans pursuant to a buyout agreement with Martin-McIntosh which purportedly assigned copyright interests to Plaintiff.

In the first amended cross-complaint against NCUE, the City alleged that NCUE was obligated to indemnify the City for claims made against the City by McIntosh. As noted above, the City contends that NCUE's duty to indemnify stems from two separate contracts. First, under the Purchase and Sale Agreement, the City alleges that NCUE was obligated to indemnify the City "from and against any and all claims, demands, losses, obligations, costs and expenses (including without limitation attorney's fees and court costs) which arise out of (a) ownership or operation of the Property after closing... ." Doc. 71, Purchase and Sale Agreement Sec. 8 attached to Okadigbo Declaration at Ex. A. The City contends that allegations that NCUE copied or used McIntosh's copyrighted plans to develop the subdivision arise from NCUE's ownership of the property and NCUE is bound to indemnify the City in the instant lawsuit.

Second, under the Subdivision Agreement between the City and NCUE, NCUE is obligated to indemnify the City from every "liability, claim, suit or demand which may arise or may be made by reason of : 1) any act, omission, or neglect of the Subdivider[NCUE], its engineers, employees, agents, or contractor... ." Doc. 71, Subdivision Agreement, Sec. 10(a), attached to Okadigbo Declaration at Ex. B. The subdivision agreement also requires NCUE, "at its own cost, expense, and risk," to "defend all legal proceedings which may be brought against the City ... or any liability suit, claim, or demand which it has agreed to indemnify them against herein, and shall satisfy any resulting judgment that may be rendered against them. Id. at Subdivision Agreement Section 10(b). The City contends that NCUE is obligated to defend the City under these provisions.

1  Since the filing of the first amended cross-complaint, counsel for the City, Chaka
2  Okadigbo, has contacted NCUE's counsel, Steven J. Hassing to discuss NCUE's obligations
3  under the agreements.  Doc. 71, Okadigbo Declaration at ¶¶ 9-10.  NCUE has taken the position
4  that it is under no obligation to indemnify the City which has necessitated the filing of the instant
5  motion.  Id.

## DISCUSSION

Rule 15(d) provides that upon motion of a party the court may, upon reasonable notice and upon just terms, permit the party to serve a supplemental pleading setting forth transactions or occurrences or events that happened after the date of the pleading to be supplemented.  Fed. R. Civ. P. 15(d).  District courts are given wide discretion when deciding whether to allow a party to supplement the pleading.  Keith v. Volpe, 858 F. 2d 467, 473 (9th cir. 1988).  Because Rule 15(d) promotes judicial economy, its use is favored.  Id.  Supplementation, however, may not be used to introduce a separate, distinct and new cause of action.  Planned Parenthood of S. Ariz. V. Neely, 130 F. 3d 400, 402-403 (9th Cir. 1997).

While the Ninth Circuit has not articulated a specific test to apply when determining whether a party can supplement a pleading, there are several factors that warrant consideration: 1) the relatedness of the original and supplemental complaints, 2) whether allowing supplementation would serve the interests of judicial economy, 3) whether there is evidence of delay, bad faith or dilatory motive on the part of the movant, or evidence of repeated failures to cure deficiencies by amendments previously allowed, 4) whether amendment would impose undue prejudice upon the opposing party, 5) whether amendment would be futile, 6) whether final judgment has been rendered, 7) whether the district court retains jurisdiction over the case, 8) whether any prior court orders impose a future affirmative duty upon the defendant, and 9) whether the proposed supplemental complaint alleges that defendants defied a prior court order.  San Luis & Delta-Mendota Water Authority v. U.S Interior, 236 F.R.D. 491 (E.D.Cal. 2006); See also,  Foman v. Davis, 371 U.S. 178, 182 (1962); Keith v. Volpe, 858 F. 2d at 467; Planned Parenthood of Ariz. V. Neely, 130 F. 3d. at 400.

The court has considered all of the factors listed above and concludes that the leave to

supplement the pleading should be granted.  As a preliminary matter, no opposition to the motion was filed.  Both cross-complaints allege that Plaintiff's claims against the City are rooted in allegations of copyright infringement and both pleadings allege a single cause of action for contractual indemnity by NCUE.  The only difference between the cross-complaints is elaboration on those claims.

There is also no evidence of bad faith, undue delay, prejudice to the opponent, or the that amendment would be futile.  To the contrary, allowing the filing of a supplemental cross-complaint would serve in the interest of judicial economy as it would be an unnecessary waste of resources if the City were to file a separate action to revisit the same issues addressed by the court.  It will also provide for a more comprehensive determination of the merits of the claims in this case given the relationship between the parties.  Furthermore, there is no prejudice to NCUE as NCUE has already been put on notice of the additional allegations and has been provided with discovery regarding the contractual language at issue.  Moreover, the Court just recently issued new deadlines in this case at the Scheduling Conference on April 16, 2009, which further minimizes any prejudice to NCUE.  Finally, the court will retain jurisdiction of the case if supplementation is allowed.  There has been no final judgment entered in this case, or prior court orders imposing an affirmative duty on the defendant, nor does the supplemental cross-complaint allege that NCUE defied a prior court order.

## CONCLUSION

Accordingly, for the above reasons, IT IS HEREBY ORDERED as follows :

1) The City's Motion for Leave to File a Supplemental Pleading is GRANTED; and

2) The Clerk of the Court is DIRECTED TO FILE the second amended cross-complaint which is attached as Exhibit 1 to Doc. 71.

IT IS SO ORDERED.

Dated: __May 20, 2009__       __/s/ Gary S. Austin__
                              UNITED STATES MAGISTRATE JUDGE