# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROGER McINTOSH,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>NORTHERN CALIFORNIA UNIVERSAL ENTERPRISES COMPANY, a California corporation; LOTUS DEVELOPMENTS, LLP; THE CITY OF WASCO, a municipal corporation; DE WALT CM, INC., a California corporation also doing business as DEWALT CORPORATION; and DOES 1 through 10, inclusive,<br><br>　　　　　Defendants. | 07-cv-01080 LJO-GSA<br><br>ORDER GRANTING PLAINTIFF'S MOTION TO ADD DENNIS W. DE WALT, INC. PURSUANT TO FRCP 15(a)(2)<br><br>(Document 77) |

## INTRODUCTION

On April 23, 2009, Plaintiff Roger McIntosh ("Plaintiff") filed a Motion to Add Additional Party Under Federal Rules of Civil Procedure 15(a)(2). Plaintiff seeks to add Dennis W. De Walt, Inc., also known as DeWalt Corporation as a party. No opposition to the motion was filed. A hearing was scheduled for May 22, 2009, at 9:30 a.m. After reviewing the motion, the Court determined that this matter was suitable for decision without oral argument pursuant to Local Rule 78-230(h). Thus, the hearing previously calendared for May 22, 2009, was

vacated. Having considered all materials submitted, Plaintiff's Motion to Add Additional Party Under Federal Rules of Civil Procedure 15(a)(2) is GRANTED.

**PROCEDURAL BACKGROUND**

Plaintiff filed the initial Complaint on July 26, 2007, citing a single cause of action against Northern California Universal Enterprises Company and Lotus Development LP (collectively "Northern") for copyright infringement. On June 12, 2008, a First Amended Complaint ("FAC") was filed pursuant to a stipulation of the parties, adding the City of Wasco as a defendant, and alleging two causes of action: copyright infringement and contributory copyright infringement.

On December 30, 2008, Plaintiff filed a motion to amend the complaint to add DeWalt CM, Inc., to the FAC, and to alter dates relative to the court's scheduling order. On February 4, 2009, the motion was granted. The Second Amended Complaint ("SAC") was filed February 9, 2009.

Plaintiff now moves to add Dennis W. De Walt, Inc., doing business as DeWalt Corporation, as a defendant to the action.

*Plaintiff's Allegations*

In the FAC, Plaintiff alleged that in or about 1992, Plaintiff contracted with the Legacy Group to design and supervise the private development and construction of a subdivision called the Valley Rose Estates project ("the subdivision") on a parcel of land owned by the Legacy Group. Specifically, Plaintiff contracted with the Legacy Group to: (1) develop the subdivision's master plans for water, sewer, and drainage systems; (2) develop a phase traffic and circulation plan; (3) determine boundaries; (4) develop a tentative tract map for the subdivision; and (5) develop landscape design unique to the subdivision.

Plaintiff alleged that according to the contract between Plaintiff and the Legacy Group, all work product he created for the subdivision remained his property and he retained the right to use the plans without the Legacy Group's consent, including but not limited to, his designs and technical drawings. In addition, the Legacy Group allegedly agreed that Plaintiff's designs and technical drawings could only be used by the Legacy Group on the Valley Rose Estates project.

1   It was also alleged that in accordance with the contract, Plaintiff designed the overall
2   layout of the subdivision of individual plots and common spaces.  Plaintiff also allegedly created
3   landscape designs for the subdivision which were depicted in technical drawings ("the plans")
4   that are subject to a Copyright Registration Certificate No. VAU-721-180.  Plaintiff allegedly is
5   the sole author and owner of the subdivision and landscape designs embodied in the technical
6   drawings and the copyright.
7   In 1993, Plaintiff submitted the plans to the City of Wasco in order to obtain a building
8   permit to commence construction of the subdivision, and the plans were approved.   Construction
9   of the subdivision allegedly commenced, however, in 1994, the Legacy Group declared
10  bankruptcy and the City of Wasco purchased the subdivision at a tax sale.
11  Plaintiff contended that in December 2004, Defendants Lotus and Northern purchased the
12  subdivision, with all the improvements from the City of Wasco.  In or about 2005 or 2006, Mr.
13  Wu of Northern allegedly contacted Plaintiff and asked if he could use the plans.  Plaintiff
14  allegedly informed Mr. Wu that Northern could use the plans if Mr. Wu paid for them.  Mr. Wu
15  refused to pay the price proposed by Plaintiff for use of the plans.
16  In or about October 2006, Plaintiff asserted that, without paying Plaintiff for the plans,
17  Defendants commenced construction on the subdivision.  Plaintiff alleged that Defendants'
18  construction of the subdivision is based on the landscape and subdivision designs similar to the
19  subdivision and landscape design conceived and created by Plaintiff's copyrighted plans.
20  Specifically, Plaintiff contended that a feature-by-feature comparison between the subdivision
21  and the plans reveals substantial similarity in, among other things, the streets, curbs and gutters,
22  utilities, walls fences, entry monuments, streets lights, landscaping, and references lines,
23  annotations, and reference numbering.   Plaintiff alleged that Defendants, without permission or
24  license, obtained and copied the plans and are using them or have used them to complete the
25  subdivision.  Plaintiff alleged that Defendants have not paid for the use of the plans.
26  In the SAC, Plaintiff sought to add Defendant DeWalt CM, Inc. because at a deposition
27  DeWalt's president, Jeffrey Gutierrez, testified that he had obtained and made copies of
28  Plaintiff's tentative map.  Gutierrez also testified that he needed the plans to complete the

1 project for Northern and distributed copies of the plan via e-mail. DeWalt also admitted that it
2 made a similar tentative and final map to Plaintiff's tentative map because it was more cost
3 efficient for Northern, as any major deviation would have ended up costing Northern more
4 money.

5     In the Third Amended Complaint ("TAC"), Plaintiff seeks to add Dennis W. De Walt,
6 Inc., doing business as DeWalt Corporation, because Plaintiff has been advised by counsel for
7 DeWalt CM, Inc., that Dennis W. De Walt, Inc., is the proper party. *See* Declaration of Jeffrey
8 A. Travis, ¶¶ 7-13.

9 **FACTS**[1]

10     Northern hired a company called "DeWalt Corporation" to prepare a tentative and final map for a subdivision in Wasco in 2004. To complete the
11 subdivision and ready it for acceptance by the City of Wasco, Northern had to prepare both a tentative and final map that conformed to the previous expired map
12 prepared by McIntosh. Both maps needed to be similar because they all are based on the same subdivision in the Valley Rose Estates and reference the same
13 improvement plans prepared by McIntosh. The improvement plans refer to the same lots, streets, names, boundaries, and other unique, identifying indicia of the
14 subdivision.
    The preparation of the tentative map and improper electronic copies were
15 made and distributed from 2004 until 2007 while DeWalt CM, Inc., was in existence. (Declaration of Jeffrey A. Travis, ¶ 4.)
16     There is no identifying indicia on any documents gathered from discovery, documents produced by counsel for DeWalt CM, Inc., website for DeWalt
17 Corporation (www.dewaltcorp.com), or other facts in this case to indicate which entity DeWalt Corporation is doing business as. (Declaration of Jeffrey A. Travis,
18 ¶¶ 8-17.)
    After DeWalt CM, Inc., was added as a party, its counsel contacted
19 plaintiff asserting that DeWalt CM, Inc., was improperly added and that, in fact, it was not DeWalt CM, Inc, that was the correct party but another entity named
20 Dennis W. De Walt, Inc. (Travis Decl., ¶ 7.) According to DeWalt CM, Inc., Jeff Gutierrez purchased Dennis W. De Walt, Inc., from Dennis W. DeWalt, Inc., and
21 DeWalt CM, Inc., was formed in 2005 and had nothing to do with the contract between Northern and DeWalt Corporation. (*Id.*)
22     On or about March 6, 2009, I caused to be sent to counsel for DeWalt CM, Inc., a response that explained our position that acts of infringement occurred
23 while DeWalt CM, Inc., was still in existence, that the principal is the same, the address is the same, the website is the same, and the logos are the same as DeWalt
24 Corporation. I had also asked counsel for DeWalt CM, Inc., if he had any additional facts to present to us that would distinguish DeWalt CM. Inc., from
25 Dennis W. De Walt, Inc., as the entity doing business as DeWalt Corporation. (*Id.*, ¶ 8). (e.g. any documents which would show that DeWalt CM, Inc., is not
26 the successor in interest to the contract between Northern and DeWalt

---

28 [1]In the absence of any opposition, the facts are taken from Plaintiff's Memorandum of Points and Authorities filed April 23, 2009.

Corporation).  Plaintiffs received no documents nor were [*sic*] given the opportunity to review any.[]

## DISCUSSION

Under Rule 15(a) of the Federal Rules of Civil Procedure, a plaintiff may amend his complaint once "as a matter of course," and without leave of court, before a response has been filed. Fed.R.Civ.P. 15(a)(1); *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995).  However, a party can only amend the pleading with the opposing party's written consent or the court's leave once a responsive pleading has been filed. Fed.R.Civ.P. 15(a)(2).[2]  Responsive pleadings have been filed in this case. (Docs. 39, 41, 44-45, 66-68).  Thus, Plaintiff must, and properly moves to, obtain leave to amend in order to file a Third Amended Complaint.

Federal Rules of Civil Procedure, rule 15(a) provides that a court "should freely give leave [to amend] when justice so requires."  The United States Supreme Court has stated:

> [i]n the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. – the leave sought should, as the rules require, be "freely given."

*Foman v. Davis*, 371 U.S. 178, 182 (1962).

This policy is "to be applied with extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F. 3d 1048, 1052 (9th 2003) (citations omitted).  The Ninth Circuit has identified four factors to examine when evaluating whether leave to amend a complaint should be given including: (1) undue delay; (2) bad faith; (3) prejudice to the opponent; and (4) futility of amendment. *Loehr v. Ventura County Cmty. Coll. Dist.*, 743 F.2d 1310, 1319 (9th Cir. 1984).  However, not all factors merit equal weight. *Eminence Capital, LLC, v. Aspeon*, 316 F. 3d at 1052.  It is the consideration of prejudice that carries the greatest weight. *Id*.  Absent prejudice, or a strong showing of the remaining factors, there is a presumption in favor of granting leave to amend. *Id*.

---

[2]***Other Amendments***.  In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.  Fed.R.Civ.P. 15(a)(2).

The court has considered all of the factors listed above and concludes that the leave to amend should be granted. As a preliminary matter, no opposition to the motion was filed. Additionally, there is also no evidence of bad faith, undue delay, prejudice to the opponent, or indication that the amendment would be futile. Plaintiff is adding Defendant Dennis W. De Walt, Inc., after counsel for Defendant DeWalt CM, Inc., indicated to counsel for Plaintiff that DeWalt CM, Inc., was an improper party, and that the proper party is Dennis W. De Walt, Inc.

Permitting Plaintiff to add this defendant will preserve judicial resources as it will prevent the filing of a second lawsuit in this Court. It will also provide for a more comprehensive determination of the merits of the claims in this case given the relationship between the parties.

Furthermore, Plaintiff has indicated that most discovery has been completed, and that Plaintiff will offer to provide Dennis W. De Walt, Inc., with the relevant discovery materials exchanged up until this point, which will minimize any prejudice to the Defendant.

The Court notes also that at the scheduling conference of April 15, 2009, counsel for Defendant DeWalt CM, Inc., advised that he may also serve as counsel for Dennis W. De Walt, Inc.

## CONCLUSION

Accordingly, for the above reasons, IT IS HEREBY ORDERED as follows:

1. Plaintiff's Motion to Add Dennis W. De Walt, Inc. Pursuant to Federal Rules of Civil Procedure 15(a)(2) is GRANTED;
2. The Clerk of the Court is DIRECTED TO FILE the Third Amended Complaint (Docs. 76 & 78).

IT IS SO ORDERED.

Dated:   **May 21, 2009**          /s/ **Gary S. Austin**
                                              UNITED STATES MAGISTRATE JUDGE