BONIFACIO BONNY GARCIA (SBN 100761)
EVA M. PLAZA (SBN 250321)
CHAKA C. OKADIGBO (224547)
GARCIA CALDERON RUIZ, LLP
500 SOUTH GRAND AVENUE, SUITE 1100
LOS ANGELES, CA 90071
(213) 347-0210; Fax (213) 347-0216

Attorneys for Defendant CITY OF WASCO

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION

| | |
|---|---|
| ROGER McINTOSH<br><br>　　　　Plaintiff,<br><br>vs.<br><br>NORTHERN CALIFORNIA UNIVERSAL ENTERPRISES COMPANY, INC., *et al.*,<br><br>　　　　Defendants. | Case No: 1:07-CV-01080-LJO-WMV<br><br>**EXPERT WITNESS DISCLOSURE OF STEPHEN WONG** |

TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:

COMES NOW Defendant, City of Wasco (hereinafter "Defendant"), pursuant to Federal Rules of Civil Procedure, Rule 26, as agreed to by the parties and as required by the Court, submits the following expert to be called at the time of trial:

**RETAINED EXPERT**

Mr. Stephen Wong is qualified through education and experience to testify as an expert in this matter as set forth in Rule 26 Expert Disclosure and Report of Mr. Stephen Wong. Mr. Wong is presently prepared to provide meaningful testimony in support of any and all opinions which he intends to offer at the trial in this matter.

The Rule 26 Expert Disclosure and Report of Mr. Wong is attached hereto and incorporated herein by reference as Exhibit "A."


1  The aforementioned expert has reviewed the file and other relevant materials, and is
2  prepared to submit to meaningful deposition on the opinions to which he intends to testify at
3  trial. The aforementioned expert reserves the right to review additional materials, documents
4  and depositions that are brought to his attention and to modify, alter or supplement his
5  testimony based on those additional and/or supplemental material, documents or testimony.
6  Defendant further reserves the right to call as an expert witness any and all other experts who
7  may have been designated and/or identified by any other party in this matter.

8  Further, Defendant reserves its constitutional, statutory and common rights to later
9  name other experts before trial and to call to testify at trial experts not presently named whose
10 testimony is needed to aid in the prosecution of this matter and/or to refute and/or rebut the
11 contentions and testimony of opposition experts and/or witnesses.

12 DATED: June 5, 2009                       GARCIA CALDERON RUIZ, LLP

15                                           By: _____
16                                           CHAKA C. OKADIGBO
                                             Attorneys for Defendant
                                             CITY OF WASCO

# Exhibit A

# Federal Rules of Civil Procedure
## Rule 26 - Expert Disclosure

| | |
|---|---|
| **Case Title:** | Roger McIntosh vs. Northern California Universal Enterprises Company, Et Al |
| **Case No.** | 1:07CV-01080-LJO-WMW |
| **Venue:** | United States District Court, Eastern District of California |
| **Name:** | Stephen Wong |
| **Education:** | Bachelor of Science, Civil Engineering, 1966<br>University of Southern California<br><br>Masters in Business Administration, 1980<br>University of Hawaii |
| **Registration:** | Civil Engineer, Hawaii, 1971     #2986<br>Civil Engineer, California, 1976     #27480<br>Civil Engineer, Nevada, 1992     #9995<br>Civil Engineer, Arizona, 1998     #32601<br>Civil Engineer, Oregon, 1999     #60394 |
| **Organization:** | American Society of Civil Engineers<br>Society of American Military Engineers |
| **Experience:** | Principal, Burkett & Wong Engineers<br>San Diego, California, 1977 – present<br><br>Project Manager, Watson Lee, Inc.<br>Honolulu, Hawaii, 1971 – 1976<br><br>Civil Engineer, City & County of Honolulu<br>Honolulu, Hawaii, 1970 – 1971<br><br>Designer, A.J. Blaylock & Associates<br>Honolulu, Hawaii, 1970<br><br>Facilities Planning Officer, U.S. Naval Civil Engineer Corps<br>Da Nang, Vietnam, 1969 – 1970<br><br>Assistant Technical Officer, U.S. Naval Civil Engineer Corps<br>Davisville, Rhode Island, 1966 – 1968 |


BURKETT&WONG ENGINEERS

| | |
|---|---|
| **Deposition:** | Testified in several hundred depositions as a expert for both Plaintiff and Defense |
| **Trial:** | Qualified an a Civil Expert and testified in approximately 20 trials in California & Nevada |
| **Schedule of fees:** | Consultation services including site inspection, review of documents, and preparation for deposition & trial     $240/hr. |
| | Testimony at deposition & at trial     $420/hr. |
| | Travel expenses     Actual costs |

**Materials Reviewed:**
1. Revised Tentative Tract Map No. 5472
2. Vesting Tentative Tract Map No. 6451
3. Revised Tentative Parcel Map No. 9572
4. Final Tract Map No. 6451
5. Parcel Map No. 9572
6. Street Construction Plans for Tract No. 5472
7. First Amended Complaint for Copyright Infringement
8. Subdivision Agreement for Tract 6451
9. City of Wasco Municipal Code (Title 12 and Title 16)
10. Deposition testimony of James Delmarter
11. Deposition testimony of Keith Woodcock
12. Deposition testimony of Roger McIntosh

**Opinion:** Based on the deposition testimony I reviewed, I understand that improvements were constructed at the Valley Rose Estates Subdivision in accordance with improvement plans prepared by Martin-McIntosh. I also understand that a prior developer, The Legacy Group, completed the improvements several years before Northern California Universal Enterprises Company, Inc. ("No Cal") purchased the property. Furthermore, I understand that neither Martin-McIntosh nor McIntosh developed the street names for the Valley Rose Estates Subdivision.

In my experience, the creation of a Tentative Map is defined by the configuration of the property boundary as determined by the legal description and the field survey; the minimum lot sizes and widths as defined by the City Zoning Ordinance, and, in this specific case, the location of the previously constructed street improvements. Given these criteria, the Engineer creating the Tentative Map would have very little choice as to the configuration of the lots within this map. This, in my opinion, explains the similarities between the Legacy Group Tentative Map prepared by Martin-McIntosh and the Tentative Map prepared by DeWalt for No Cal.



BURKETT & WONG ENG    Fax:6192999999    Jun 5 2009 15:08    P.03

After comparing the Revised Tentative Tract Map 5472 and Vesting Tentative Tract Map No. 6451, we also noted several significant differences. For example, the legal description of the property on Map 5472 describes the property as "a portion of the SE ¼ of the SW ¼ of Section 4..." whereas Map 6451 describes the property as "a division of parcel 1 of parcel map no. 9572...". Also Map 6451 show the underground utilities which were in place when the property was surveyed, whereas Map 5472 does not show any improvements. I intend to point out other differences between the Martin-McIntosh tentative map and the DeWalt tentative map at the time of trial.

It is my opinion, therefore, that the Vesting Tentative Tract Map No. 6451, while appearing to be somewhat similar to Tentative Map 5472, does not meet the definition of "substantial similarity" as required by the copyright laws.

It is also my opinion, that since the street improvements were completed by The Legacy Group, no additional street improvement plans were required to record Tract Map 6451 and therefore a copyright infringement as to the street improvement plans is moot.

In my experience, Municipal Agencies typically provide copies of Tentative Maps and Public Improvement Plans to the public upon without having to first obtain the consent of the Engineer that prepared the document simply because these items are of public record. It is my understanding this is in fact the policy of the City of Wasco to provide the public with these documents.

It is my opinion, therefore, that the City in providing these documents did not contribute to the furtherance of any violation of the copyright laws.

Prepared and submitted by:

Stephen Wong, CE



**BURKETT&WONG**
ENGINEERS

# PROOF OF SERVICE
## (FRCP No. 5(b)(2)(E))

I declare that I am over the age of eighteen (18) and not a party to this action. My business address is 500 South Grand Avenue, Suite 1100, Los Angeles, California 90071.

On **June 5, 2009**, I served the following documents: **EXPERT WITNESS DISCLOSURE OF STEPHEN WONG** on the interested parties in this action by placing a true and correct copy of such document, enclosed in a sealed envelope, addressed as follows:

Jeffrey Travis  
Borton Petrini, LLP  
1600 Truxtun Ave.  
Bakersfield, CA 93301  
jtravis@bortonpetrini.com

Steven J. Hassing  
Law Offices of Steven J. Hassing  
425 Calabria Court  
Roseville, CA 95747  
stevehassing@yahoo.com

William L. Alexander  
Alexander & Associates  
1925 G Street  
Bakersfield, CA 93301  
walexander@alexander-law.com

( X )  **BY MAIL**: I am readily familiar with the business' practice for collection and processing of correspondence for mailing with the United States Postal Service. I know that the correspondence was deposited with the United States Postal Service on the same day this declaration was executed in the ordinary course of business. I know that the envelope was sealed and, with postage thereon fully prepaid, placed for collection and mailing on this date in the United States mail at Los Angeles, California.

( X )  **BY ELECTRONIC SERVICE:** Pursuant to Fed. R. Civ. P. 5(b)(2)(E) and Local Court Rules(s), the foregoing document will be served by the court via CM/ECF. Pursuant to the CM/ECF docket for this case proceeding the following person(s) are on the Electronic Mail Notice List to receive ECF transmission at the email address(es) indicated above.

( )  (State)  I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

( X )  (Federal)  I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed **June 5, 2009**, Los Angeles, California.

*Carolyn Dominguez*  
Carolyn Dominguez