lj:nr

1   James J. Braze, Esq.; SBN 75911
    Jeffrey A. Travis, Esq.; SBN 235507
2   BORTON PETRINI, LLP
    5060 California Avenue, Suite 700
3   Post Office Box 2026
    Bakersfield, CA 93303
4   Telephone (661) 322-3051
    email: jbraze@bortonpetrini.com
5   email: jtravis@bortonpetrini.com

6   Attorneys for Plaintiff, Roger McIntosh dba McIntosh
    & Associates

7

8                  UNITED STATES DISTRICT COURT

9         EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION

10

11  ROGER McINTOSH,                          Case No.  1:07-CV- 01080 LJO-GSA

12                    Plaintiff,
                                             MEMORANDUM OF POINTS AND
13  v.                                       AUTHORITIES IN SUPPORT OF
                                             MOTION TO EXTEND DISCOVERY
14  NORTHERN CALIFORNIA UNIVERSAL            FOR LIMITED PURPOSES
    ENTERPRISES COMPANY, a California
15  corporation; LOTUS DEVELOPMENTS,
    LLP; THE CITY OF WASCO, a municipal
16  corporation; DEWALT CM, INC., a California   DATE: August 21, 2009
    corporation also doing business as DEWALT    TIME:  9:30 a.m.
17  CORPORATION; and DOES 1 through 10,          DEPT.:  10
    inclusive
18
19                    Defendants.

20

21                             I

22                       INTRODUCTION

23         Plaintiff is seeking a motion to extend discovery for limited purposes for recent late

24  disclosures by defendant of what plaintiff believes is relevant information for the purposes of

25  establishing certain allegations in the complaint.

26                            II

27                          FACTS

28         There are several factual issues which have recently been discovered and which

1   establish good cause for bringing this motion.

2          First, the deposition of Sarah Burgi was held on July 3, and three days before non-

3   expert discovery cutoff. The testimony of Ms. Burgi established that although the alleged infringing

4   Tentative Map No. 6451 stated that it was "drawn by" SAB, (referring to Sarah A. Burgi), it was, in

5   fact actually drawn by another person, Josh Woodard who was an engineering trainee at the time and

6   who actually did the drawing. It was also Ms. Burgi's testimony that Mr. Woodard had asked to see

7   a copy of the improvement plans while preparing the map. (Travis Decl., ¶ 6.)

8          Second, during the deposition of Terry Schroepfer held on July 3, 2009, counsel for

9   Northern California Universal Enterprises Company and Lotus Developments (collectively,

10  "Northern") hand delivered a notice of deposition to counsel for plaintiff, Jeffrey A. Travis, a

11  "Developer Information Package" which presumably was a marketing material handed to the

12  developers of the Valley Rose Subdivision and which also contained a copy of McIntosh's

13  copyrighted works. The package was dated "November 2003," apparently a year before the

14  infringement took place. (Travis Decl., ¶ 4.)

15         Next, pursuant to agreement by counsel between plaintiff and Northern, Northern was

16  allowed to have an extended time to deliver to plaintiff documents related to profits it received for

17  the Valley Rose Estate Subdivision. Based on conversations received from Northern counsel,

18  Northern was having difficulty in getting these documents and therefore they needed more time to

19  accumulate them. Given the fact that there were over 60 lots which were sold over the course of

20  several years, extensions were granted. However, and although there were several documents that

21  were finally submitted to plaintiff on July15, 2009, two days before cutoff in filing this motion,

22  Northern, through its counsel, indicated that there were even more documents that would come

23  closer to trial that would affect the total profits made. (Travis Decl., ¶ 7.)

24         Finally, plaintiff submitted written interrogatories to all parties on or about June 24,

25  2009. However, the response time pursuant to statute fell after July 6, 2009, which was the non-

26  expert discovery cutoff date. The parties were at an impasse at to how to interpret this cutoff date.

27  Plaintiff argues that this meant that written discovery had to be <u>filed</u> by that date and whereas the

28  defendants took the position that all responses had to be <u>due</u> by that date. Both parties are unclear

H:\PUBLIC\054493\060971
McIntosh v.
Northern\MP&A'S ISO MOT
TO EXTEND DISC.wpd

2

1   as to which is the actual interpretation.  (Travis Decl., ¶ 9.)

2                                    **III**

3                              **ARGUMENT**

4                  A party may obtain relief from any ordered discovery deadline by demonstrating good

5   cause.  (Fed. Rules Civ. Proc. 16(b)(4); *Rosario v. Livaditis* (7th Cir. 1992) 963 F.2d 1013, 1019.)

6   It is also within the discretion of the Court whether or not it will extend these discovery cutoffs and

7   based upon the reasons set forth in the motion.  (See Fed. Rules Civ. Proc. 16(b)(1).)

8                  Here, plaintiff is not asking for a blanket extension of discovery, but only for limited

9   discovery for the recently and late filed discovery that are relevant to the issues and allegations in

10  the complaint.  Specifically, the Developer Information Packages contains information such as a

11  copy of the tentative map which was available to Northern and the other defendants before the

12  preparation of Tentative Map No. 6451; the testimony of Josh Woodard is also important in that it

13  could possibly contradict the defendants' claims that they never referred to McIntosh's work while

14  preparing the alleged infringing maps; and, finally  the recently propounded profit documentation

15  by Northern and their representation in the e-mail that there it even more important for plaintiff, and

16  all parties, to assess any potential damages in this case relating to infringer's profits.

17                 Further, the parties both had a reasonable disagreement as to their interpretation of

18  when discovery was supposed to be filed.  One party, plaintiff believes July 6 was the drop dead for

19  filing any written discovery, and the defendants believe that July 6 was the drop date for their

20  obligation to respond to discovery.  Therefore, allowing this Court to extend written discovery for

21  limited purposes for 45 days clearly  resolves this matter and also relieves the parties and this Court

22  of having to file a motion to compel.

23                 For the above reasons, the plaintiff requests that limited discovery be extended

24  according to the proposed Order.

25  / / /

26  / / /

27  / / /

28  / / /

**IV**

**CONCLUSION**

For the reasons set forth above, plaintiff respectfully requests this Court grant this Motion.

DATED:   July  17 , 2009

                              BORTON PETRINI, LLP


                              By: _____
                                  Jeffrey A. Travis, Attorney for Plaintiff,
                                  Roger McIntosh dba McIntosh & Associates

**PROOF OF SERVICE**
**(FRCP No. 5(b)(2)(E))**

**STATE OF CALIFORNIA, COUNTY OF KERN**

I, Vanessa J. Claridge, declare:

I am a citizen of the United States. I am employed in the County of Kern, State of California. I am over the age of 18 and not a party to the within action; my business address is 5060 California Avenue, Suite 700, Bakersfield, California 93309.

On **July 17, 2009**, I served the foregoing document described as **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO EXTEND DISCOVERY FOR LIMITED PURPOSES** on the other party(ies) in this action as follows:

**SEE ATTACHED LIST**

X   **BY ELECTRONIC SERVICE:** Pursuant to Fed. R. Civ. P. 5(b)(2)(E) and Local Court Rule(s), the foregoing document will be served by the court via CM/ECF.. Pursuant to the CM/ECF docket for this case proceeding the following person(s) are on the Electronic Mail Notice List to receive ECF transmission at the email address(es) indicated below:

X   **BY MAIL:** As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at , California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

Executed on **July 17, 2009**, at Bakersfield, California.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

_____
Vanessa J. Claridge

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO EXTEND DISCOVERY FOR LIMITED PURPOSES

1    **LIST FOR PROOF OF SERVICE**

2

3    Steven John Hassing, Esq.                     Attorneys for Attorneys for Defendants,
      Law Offices of Steven J. Hassing            Northern California Universal Enterprises
4    425 Calabria Court                            Company and Lotus Developments
      Roseville, CA 95747                          Tel:    916/677-1776
5                                                   **Fax:   916/677-1770**

6    email address: **stevehassing@yahoo.com**

7    Chaka Okadigbo                                Attorneys for Defendant, City of Wasco
      **Garcia Calderon Ruiz, LLP**
      500 South Grand Ave Suite 1100               Tel: 213/347-0210
8    Los Angeles, CA 90071                         **Fax: 213-347-0216**
      email address: **cokadigbo@gcrlegal.com**
9

10   William L. Alexander, Esq.                    Attorneys for Defendant, DeWalt CM, Inc.
      Alexander & Associates
      1925 "G" Street                              Tel: 661/316-7888
11   Bakersfield, CA 93301                         **Fax: 661/316-7890**
      email address: **walexander@alexander-law.com**
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28