lj:nr

1  James J. Braze, Esq.; SBN 75911
   Jeffrey A. Travis, Esq.; SBN 235507
2  BORTON PETRINI, LLP
   5060 California Avenue, Suite 700
3  Post Office Box 2026
   Bakersfield, CA 93303
4  Telephone (661) 322-3051
   email: jbraze@bortonpetrini.com
5  email: jtravis@bortonpetrini.com

6  Attorneys for Plaintiff, Roger McIntosh dba McIntosh
   & Associates
7

8              UNITED STATES DISTRICT COURT

9        EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION

10

11  ROGER McINTOSH,                    Case No.  1:07-CV- 01080 LJO-GSA

12              Plaintiff,

13  v.                                 DECLARATION IN SUPPORT OF
                                       MOTION TO EXTEND DISCOVERY
14  NORTHERN CALIFORNIA UNIVERSAL      FOR LIMITED PURPOSES
    ENTERPRISES COMPANY, a California
15  corporation; LOTUS DEVELOPMENTS,
    LLP; THE CITY OF WASCO, a municipal
16  corporation; DEWALT CM, INC., a California   DATE:  August 21, 2009
    corporation also doing business as DEWALT    TIME:  9:30 a.m.
17  CORPORATION; and DOES 1 through 10,          DEPT.:  10
    inclusive
18
                Defendants.
19

20

21          I, Jeffrey A. Travis declare:

22          1.      I am duly licensed to practice law in the State of California and am a member

23  of the law firm of Borton Petrini, LLP, attorneys for plaintiff in the above-entitled matter, and have

24  personal knowledge of the matters testified here and if called to do so, would and could competently

25  testify as to their accuracies.

26          2.      Recent depositions and late disclosures of important documents have revealed

27  that additional discovery is necessary to extend discovery on certain limited items.

28          3.      The scheduling order establishes a discovery cutoff (non-expert) of July 6,

lj:nr

James J. Braze, Esq.; SBN 75911
Jeffrey A. Travis, Esq.; SBN 235507
BORTON PETRINI, LLP
5060 California Avenue, Suite 700
Post Office Box 2026
Bakersfield, CA 93303
Telephone (661) 322-3051
email: jbraze@bortonpetrini.com
email: jtravis@bortonpetrini.com

Attorneys for Plaintiff, Roger McIntosh dba McIntosh
& Associates

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION

| | |
|---|---|
| ROGER McINTOSH,<br><br>               Plaintiff,<br><br>v.<br><br>NORTHERN CALIFORNIA UNIVERSAL ENTERPRISES COMPANY, a California corporation; LOTUS DEVELOPMENTS, LLP; THE CITY OF WASCO, a municipal corporation; DEWALT CM, INC., a California corporation also doing business as DEWALT CORPORATION; and DOES 1 through 10, inclusive<br><br>               Defendants. | Case No.  1:07-CV- 01080 LJO-GSA<br><br>DECLARATION IN SUPPORT OF MOTION TO EXTEND DISCOVERY FOR LIMITED PURPOSES<br><br><br>DATE:  August 21, 2009<br>TIME:  9:30 a.m.<br>DEPT.: 10 |

I, Jeffrey A. Travis declare:

1.    I am duly licensed to practice law in the State of California and am a member of the law firm of Borton Petrini, LLP, attorneys for plaintiff in the above-entitled matter, and have personal knowledge of the matters testified here and if called to do so, would and could competently testify as to their accuracies.

2.    Recent depositions and late disclosures of important documents have revealed that additional discovery is necessary to extend discovery on certain limited items.

3.    The scheduling order establishes a discovery cutoff (non-expert) of July 6,

1   2009.

2         4.    I had my office notice the deposition of Terry Schroepfer for July 2, 2008.

3   At that deposition, I was handed a document entitled "Developer Information Package" from counsel

4   for Northern California Universal Enterprises Company ("Northern"), Lotus Developments, LLP,

5   and Steve Hassing.  The City of Wasco, by and through its counsel ("Wasco"), claimed it was

6   unaware of this information. I believe the information is important because it establishes that Wasco

7   sent copies of McIntosh's copyrighted work to prospective developers of the Valley Rose

8   subdivision before the alleged infringement. Given the late disclosure, it was impossible for our

9   office to establish the authorship and purpose of this work because of the discovery cutoff dates.

10         5.    To avoid this motion and to avoid further costs for all, my office asked Wasco

11   to stipulate to a foundation for the late-disclosed Developer Marketing Information and to agree to

12   a limited special interrogatories identifying its authorship and purpose.

13         6.    At the deposition of Sarah Burgi on July 3, 2009, she testified that although

14   her name was identified as the person on the alleged infringing tentative map No. 6451 as the person

15   who drew the map, she did not draw the map but actually oversaw another person, Josh Woodard,

16   who did the actual drawing and who she testified and "asked for McIntosh's copyrighted

17   improvement plans." Given the timing of this disclosure, it was impossible for our office to find and

18   notice this person's deposition because of the discovery cutoff dates. I have been unable to obtain

19   a stipulation to depose Mr. Woodard.

20         7.    I have also been working with counsel for Northern over the past several

21   months to get information relating to profits they have agreed to provide pursuant to document

22   requests we made.  Although Northern has only recently provided some of this information, recent

23   email correspondences suggested that the documents they are sending to us by July 17, 2009 are not

24   going to be the final documents (emails of Hassing).

25         8.    To avoid the filing of this motion, we asked Northern to agree to the

26   deposition of its person most knowledgeable regarding these documents and profits.

27         9.    The non-expert discovery deadline was July 6, 2009.  Around June 23, 2009,

28   written discovery was propounded to all parties and which two parties did not respond and Northern

1   objected. Defendants disagreed with our interpretation of the discovery deadline that discovery had

2   to be filed by the deadline and interpreted the scheduling order to mean responses had to be due

3   before this deadline. Rather than burdening this Court with filing two separate motions, one to

4   compel and one for an extension, the latter has been brought for this Court with a request to extend

5   written discovery for 45 days obviating the need for the former.

6         10.   By obtaining these facts, the undersigned declarants believe the limited

7   discovery extension will serve the interests of all parties' claims and avoid confusion at trial.

8         11.   This motion is brought in good faith and has not been brought for any

9   improper purpose.

10         12.   Since trial is over eight months away, we do not believe this will have any

11   impact in hindering or otherwise delaying trial or prejudicing the parties.

      I declare under penalty of perjury, under the laws of the State of California, that the

13   foregoing is true and correct.

14         Executed this 17 day of July, 2009, at Bakersfield, California.

16

17         Jeffrey A. Travis, Declarant

18

19

20

21

22

23

24

25

26

27

28

**PROOF OF SERVICE**
**(FRCP No. 5(b)(2)(E))**

**STATE OF CALIFORNIA, COUNTY OF KERN**

I, Vanessa J. Claridge, declare:

I am a citizen of the United States. I am employed in the County of Kern, State of California. I am over the age of 18 and not a party to the within action; my business address is 5060 California Avenue, Suite 700, Bakersfield, California 93309.

On **July 17, 2009**, I served the foregoing document described as **DECLARATION IN SUPPORT OF MOTION TO EXTEND DISCOVERY FOR LIMITED PURPOSES** on the other party(ies) in this action as follows:

**SEE ATTACHED LIST**

X   **BY ELECTRONIC SERVICE:** Pursuant to Fed. R. Civ. P. 5(b)(2)(E) and Local Court Rule(s), the foregoing document will be served by the court via CM/ECF.. Pursuant to the CM/ECF docket for this case proceeding the following person(s) are on the Electronic Mail Notice List to receive ECF transmission at the email address(es) indicated below:

X   **BY MAIL:** As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at , California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

Executed on **July 17, 2009**, at Bakersfield, California.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

_____
Vanessa J. Claridge

1

## <u>LIST FOR PROOF OF SERVICE</u>

2

3  Steven John Hassing, Esq.                  Attorneys for Attorneys for Defendants,
    Law Offices of Steven J. Hassing          Northern California Universal Enterprises
4  425 Calabria Court                         Company and Lotus Developments
    Roseville, CA 95747                        Tel:     916/677-1776
5                                              **Fax:    916/677-1770**

6  email address: **stevehassing@yahoo.com**

7  Chaka Okadigbo                             Attorneys for Defendant, City of Wasco
    **Garcia Calderon Ruiz, LLP**
    500 South Grand Ave Suite 1100            Tel: 213/347-0210
8  Los Angeles, CA 90071                      **Fax: 213/347-0216**
    email address: **cokadigbo@gcrlegal.com**
9

    William L. Alexander, Esq.                 Attorneys for Defendant, DeWalt CM, Inc.
10  Alexander & Associates
    1925 "G" Street                            Tel: 661/316-7888
11  Bakersfield, CA 93301                      **Fax: 661/316-7890**
    email address: **walexander@alexander-law.com**
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DECLARATION IN SUPPORT OF MOTION TO EXTEND DISCOVERY FOR LIMITED PURPOSES