**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROGER McINTOSH, | 07-cv-01080 LJO-GSA |
| Plaintiff, | ORDER REGARDING PLAINTIFF'S MOTION TO EXTEND DISCOVERY FOR LIMITED PURPOSES |
| v. | |
| NORTHERN CALIFORNIA UNIVERSAL ENTERPRISES COMPANY, a California corporation; LOTUS DEVELOPMENTS, LLP; THE CITY OF WASCO, a municipal corporation; DE WALT CM, INC., a California corporation also doing business as DEWALT CORPORATION; and DOES 1 through 10, inclusive, | (Document 91) |
| Defendants. | |

**INTRODUCTION**

On July 17, 2009, Plaintiff Roger McIntosh ("Plaintiff") filed a Motion to Extend Discovery for Limited Purposes, pursuant to Federal Rules of Civil Procedure, Rule 16(b)(1). (Doc. 91.) No opposition to the motion was filed. A hearing was scheduled for August 21, 2009, at 9:30 a.m. After reviewing the motion, the Court determined that this matter was suitable for decision without oral argument pursuant to Local Rule 78-230(h). Thus, the hearing was vacated. Having considered all materials submitted, Plaintiff's Motion to Extend Discovery for Limited Purposes is GRANTED in part.

1

**RELEVANT PROCEDURAL BACKGROUND**

Plaintiff initially filed this action on July 26, 2007. (Doc. 1.) A scheduling conference was held April 15, 2009, and a Scheduling Conference Order issued on April 16, 2009. (Doc. 75.) The Order provided the following deadlines:

Expert Disclosure: June 5, 2009

Supplemental Expert Disclosure: June 25, 2009

Non- Expert Discovery: July 6, 2009

Expert Discovery: August 4, 2009

Non-Dispositive Motions: July 17, 2009

Dispositive Motions: September 30, 2009

Pretrial Motion Hearing Deadline: October 30, 2009

Pretrial Conference: December 17, 2009

Trial: March 1, 2010

(*See* Doc. 75.)

On July 17, 2009, Plaintiff filed the instant motion. (*See* Doc. 91.) No opposition to the motion was filed. On August 5, 2009, a Joint Stipulation in Support of Partial Withdrawal of Motion to Extend Discovery for Limited Purposes was filed with the Court. (Doc. 93.)

**DISCUSSION**

*Plaintiff's Motion*

Plaintiff asserts the following reasons establish good cause for extending the nonexpert discovery deadline: (1) at the deposition of Sarah Burgi on July 3, 2009, it was learned that another individual - Josh Woodward, an engineering trainee - had actually drawn the alleged infringing Tentative Map No. 6451; (2) during the deposition of Terry Schroepfer on July 3, 2009, Plaintiff's counsel received a "Developer Information Package" dated November 2003 from counsel for Defendants Northern California Universal Services Company ("Northern") and Lotus Developments ("Lotus"), concerning marketing material regarding the Valley Rose Subdivision that included a copy of Plaintiff's copyrighted work, significant for the fact November 2003 predates the infringing activity by one year; (3) counsel for Defendant Northern

had been unable to provide all documents related to the profits received for the Valley Rose Subdivision and that additional relevant documentation was forthcoming; and (4) the parties were "unclear" regarding the nonexpert discovery cut off date as it related to Plaintiff's serving all parties with written interrogatories on or about June 24, 2009, such that the service of the interrogatories preceded the deadline, but any timely response thereto would exceed the nonexpert discovery deadline of July 6, 2009.  (Doc. 91, P&As at 2.)

No opposition to the motion was filed with this Court.

*The Joint Stipulation*

On August 5, 2009, counsel for Plaintiff and Defendants Northern and Lotus entered into a stipulation concerning the instant motion. The parties agreed as follows: (1) Northern will make the person most knowledge regarding profit and loss of the Valley Rose Subdivision available for a deposition not to exceed one hour; (2) Northern will provide supplemental responses, without objection, to Plaintiff's Request for Admissions, Set Two, prior to August 12, 2009; (3) Lotus will provide supplemental responses, without objection, to Plaintiff's Request for Admissions, Set Two, prior to August 12, 2009; (4) Northern will provide supplemental responses, without objection, to Plaintiff's Request for Production of Documents, Set Three, prior to August 12, 2009; (5) Lotus will provide supplemental responses, without objection, to Plaintiff's Request for Production of Documents, Set Three, prior to August 12, 2009; (6) and Northern will not object to the taking of the deposition of Josh Woodward absent any calendaring conflict. (Doc. 93 at 2.)

Thus, all that remains[1] for this Court to determine is whether the nonexpert discovery deadline should be extended, and if so, to what date.

*Analysis*

Federal Rules of Civil Procedure, Rule 16(b)(2) and (3) requires district courts to enter scheduling orders to establish deadlines for, among other things, "to file motions" and "to

---

[1] The Court infers from the Joint Stipulation that Plaintiff and Defendants Northern and Lotus have fully resolved any issue concerning written discovery and related responses thereto.  The Court notes for the record that Plaintiff did not specifically identify the documents, instead referring only to the "written discovery" or "written interrogatories." (*See* Doc. 91 at 2, P&As at 2-3, Travis Decl., at 2, ¶ 4.)

3

1  complete discovery." Modification of the scheduling order requires a showing of good cause.
2  Fed. R. Civ. P. 16(b)(4). "The schedule may be modified 'if it cannot be reasonably met despite
3  the diligence of the party seeking the extension.'" *Zivkovic v. Southern California Edison Co.*,
4  302 F.3d 1080, 1087 (9th Cir. 2002), quoting *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d
5  604, 607 (9th Cir. 1992).

In *Johnson v. Mammoth Recreations Inc.*, the Ninth Circuit Court of Appeals explained:

> . . . Rule 16(b)'s "good cause" standard primarily concerns the diligence of the party seeking the amendment. The district court may modify the pretrial schedule "if it cannot reasonably be met despite the diligence of the party seeking the extension." Fed.R.Civ.P. 16 advisory committee's notes (1983 amendment) . . . Moreover, carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief . . . . [T]he focus of the inquiry is upon the moving party's reasons for seeking modification. . . . If that party was not diligent, the inquiry should end.

*Johnson v. Mammoth Recreations, Inc.,* 975 F.2d at 609.

The Scheduling Conference Order issued in this matter on April 16, 2009. At that time, the nonexpert discovery cutoff was July 6, 2009. Thus, the parties had less than three months to complete nonexpert discovery. It appears Plaintiff has acted diligently to complete the necessary discovery within the parameters set by the Court. However, after relevant information was discovered during depositions held July 3, 3009 - or three days prior to the deadline - in the absence of an extension Plaintiff would not be afforded an opportunity to further investigate this new information. Plaintiff had not acted carelessly, nor has any Defendant alleged otherwise. Thus, Plaintiff has demonstrated due diligence and good cause.

In light of Plaintiff's moving papers, this Court's docket, and the lack of any opposition to the motion, the nonexpert discovery cutoff deadline is extended to, and including, **September 18, 2009**.

//
//
//
//
//

**CONCLUSION**

Accordingly, for the above reasons, IT IS HEREBY ORDERED that Plaintiff's Motion to Extend Discovery for Limited Purposes is GRANTED. The new nonexpert discovery deadline is **September 18, 2009**.

IT IS SO ORDERED.

Dated: **August 20, 2009**            /s/ **Gary S. Austin**
                                       UNITED STATES MAGISTRATE JUDGE