31. On information and belief, in or about October 2006, without paying McIntosh for his Plans, defendants commenced construction on the Subdivision.

32. In or about November 2006, a Wasco city employee told McIntosh that Mr. Wu was using McIntosh's plans to complete the Subdivision.

33. On information and belief, Defendants' construction of the Subdivision is based on landscape and subdivision designs substantially similar to the subdivision and landscape design conceived and created by McIntosh that is represented in the plans and that is the subject of Copyright Registration Certificate No. VAU-721-180.

34. A point-by-point, feature-by-feature comparison between the subdivision constructed by Defendants and the Plans authored by McIntosh shows that the prominent features of the subdivision are substantially similar to the Plans, such that the overall look and feel of the design representative of the plans is embodied in the subdivision.

35. Specifically, a feature-by-feature comparison between the subdivision and the Plans reveals substantial similarity in, among other things, the streets, curbs and gutters, utilities, walls, fences, entry monuments, street lights, landscaping, and reference lines, annotations, and reference numbering.

36. On information and belief, Defendants, without permission or license, obtained and copied the Plans and are using them or have used them to complete the subdivision. Defendants have not paid McIntosh for use of the Plans.

**FIRST CAUSE OF ACTION**

**COPYRIGHT INFRINGEMENT OF TECHNICAL DRAWINGS**

37. McIntosh incorporates by reference and re-alleges paragraphs 1 through 36 above.

38. Plaintiff has in all respects complied with the requirements of the copyright laws of the United States with respect to the Plans.

39. The copying of the Plans by defendants constitutes infringement of McIntosh's registered copyright and the technical drawings depicted in the Plans, in violation of the Copyright Act, resulting in harm and injury to McIntosh.

40. As a result of the above-described wrongful acts of defendants in creating infringing copies of the Plans, McIntosh's copyright of the Plans has been infringed and he is entitled to recover actual damages and that portion of the profits realized by Defendants from the use and commercial exploitation of the infringing copies attributable to the unlawful use by Defendants of the copyrighted material contained in the plans that is the subject of Copyright Registration Certificate No. VAU-721-180.

## SECOND CAUSE OF ACTION

### CONTRIBUTORY COPYRIGHT INFRINGEMENT OF TECHNICAL DRAWINGS

41. McIntosh incorporates by reference and re-alleges paragraphs 1 through 40 above.

42. At all times during the construction of the Valley Rose Estates subdivision, the City of Wasco controlled the development of the Valley Rose Estates subdivision project.

43. As a result of the construction of the Valley Rose Estates subdivision and the unlawful use of McIntosh's copyrighted plans, Wasco obtained a direct financial benefit.

44. As a result of its actions, the City of Wasco knowingly and materially contributed to and induced the infringing conduct of Lotus and Universal.

45. Defendants also induced infringement through their copying, distribution, and continued recording of the Plans.

46. As a result of the above-described wrongful acts of defendants in contributing to the infringement and infringing use of the Plans, McIntosh's copyright in the Plans has been infringed and he is entitled to recover actual damages and that portion of the profits realized by Defendants from the use of and commercial exploitation of the infringing copies attributable to the unlawful use by Defendants of the copyrighted material contained in the Plans that is the subject of Copyright Registration Certificate No. VAU-721-180.

### DEMAND/PRAYER FOR RELIEF

WHEREFORE, McIntosh requests that this Court enter a judgment against the defendants that provides for:

1   (a)   A declaration that the defendants have willfully infringed McIntosh's
2   exclusive rights in the copyrighted material contained in the Plans that is the subject of Copyright
3   Registration Certificate No. VAU-721-180;
4   (b)   A preliminary and thereafter permanent injunction against defendants and all
5   persons acting in concert or participation with them or persons acting or purporting to act on their
6   behalf, including but not limited to their officers, directors, stockholders, partners, owners, agents,
7   representatives, employees, attorneys, successors and assigns and any and all other persons acting
8   in concert or privity with them, directing defendants to:
9       (i)   Cease and desist from infringing plaintiff's copyright in the Plans;
10      (ii)  Destroy all copies of the plans, including any and all drawings, models,
11  advertisements, catalogues and other materials based on or derived from the Plans; and
12      (iii) Take all steps necessary to remove any structures or design elements
13  that have been copied from the Plans or built based on the Plans;
14  (c)   The impounding of all copies of the Plans and any other materials derived
15  from the Plans in whole or in part, incorporating any element of the Plans, and all means by which
16  such copies may be reproduced and in order providing for the destruction or other reasonable
17  disposition of materials containing copies of the Plans of the designs embodied in the Plans that have
18  been used in violation of McIntosh's exclusive rights and all means by which such copies may be
19  produced; and in the event that certain such copies are no longer under the control of defendants,
20  provide the name, address and relevant contact information of those believed to be in possession and
21  control of such materials;
22  (d)   The filing with this Court and the service on McIntosh within thirty (30) days
23  following service of the injunction order, a report under oath and in writing, setting forth in detail
24  the manner and form in which defendants have complied with the injunction;
25  (e)   The awarding to plaintiff McIntosh of damages in an amount equal to the
26  actual damages suffered by McIntosh as a result of the infringement and that portion of the profits
27  earned by Defendants from the creation and commercial exploitation of the copied Plans and the
28  infringing building that is attributable to the infringement, and not taken into account in computing

1  McIntosh's actual damages, including an award of the reasonable attorney fees, costs and
2  disbursements incurred by McIntosh in connection with this action;
3       (f) Alternatively, the awarding to plaintiff McIntosh the maximum statutory
4  damages permitted under the Copyright Act with respect to each infringement, or for such other
5  amount as may be proper pursuant to 17 U.S.C. section 504(c), including an award of reasonable
6  attorney fees, costs, and disbursements incurred by McIntosh in connection with this action; and
7       (g) The granting to McIntosh of such other and further relief as this Court may
8  deem just and proper.

## JURY TRIAL DEMAND

10  McIntosh demands a trial by jury on all issues triable of right by a jury.

11  DATED: April 23, 2009     BORTON PETRINI, LLP

By:  /s/ Jeffrey A. Travis
    Jeffrey A. Travis, Attorneys for Plaintiff, Roger
    McIntosh dba McIntosh & Associates

# EXHIBIT A

# Certificate of Registration



This Certificate issued under the seal of the Copyright Office in accordance with title 17, United States Code, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Marybeth Peters*

Register of Copyrights, United States of America



FORM VA
VAu 721-181

EFFECTIVE DATE OF REGISTRATION
FEB 22 2007

---

**DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.**

**Title of This Work ▼**  Valley Rose Planned Community

**NATURE OF THIS WORK ▼**  [Land Planning Drawings and Landscape Design]

**Previous or Alternative Titles ▼**

**Publication as a Contribution**...

**NAME OF AUTHOR ▼**  Martin McIntosh

**DATES OF BIRTH AND DEATH**
Year Born ▼   Year Died ▼

**Was this contribution to the work a "work made for hire"?**  ☐ Yes  ☒ No

**Author's Nationality or Domicile**  Citizen of United States

**Was This Author's Contribution to the Work**
Anonymous? ☐ Yes ☒ No
Pseudonymous? ☐ Yes ☒ No

**Nature of Authorship.** Check appropriate box(es). See instructions.
☒ 3-Dimensional sculpture   ☐ Map   ☐ Technical drawing
☐ 2-Dimensional artwork   ☐ Photograph   ☐ Text
☐ Reproduction of work of art   ☐ Jewelry design   ☐ Architectural work

**Name of Author ▼**  N/A

**Year in Which Creation of This Work Was Completed**  1992

**COPYRIGHT CLAIMANT(S)**
Roger McIntosh dba McIntosh & Associates, a sole proprietorship
2001 Wheelan Court, Bakersfield, CA 93309

The work was assigned from Martin McIntosh to McIntosh & Associates on May 1, 1992 via a buyout agreement.

APPLICATION RECEIVED FEB 22 2007
ONE DEPOSIT RECEIVED FEB 22 2007
TWO DEPOSITS RECEIVED
FUNDS RECEIVED

# PROOF OF SERVICE
## (FRCP No. 5(b)(2)(E))

**STATE OF CALIFORNIA, COUNTY OF KERN**

I, Vanessa J. Claridge, declare:

I am a citizen of the United States. I am employed in the County of Kern, State of California. I am over the age of 18 and not a party to the within action; my business address is 5060 California Avenue, Suite 700, Bakersfield, California 93309.

On **April 23, 2009**, I served the foregoing document described as **THIRD AMENDED COMPLAINT FOR COPYRIGHT INFRINGEMENT; DEMAND FOR JURY TRIAL** on the other party(ies) in this action as follows:

| | |
|---|---|
| Steven John Hassing, Esq.<br>**Law Offices of Steven J. Hassing**<br>425 Calabria Court<br>Roseville, CA 95747<br>email address: **stevehassing@yahoo.com** | Attorneys for Attorneys for Defendants,<br>Northern California Universal Enterprises<br>Company and Lotus Developments<br>Tel:   916/677-1776<br>**Fax:   916/677-1770** |
| Chaka Okadigbo<br>**Garcia Calderon Ruiz, LLP**<br>500 South Grand Ave Suite 1100<br>Los Angeles, CA 90071<br>email address: **cokadigbo@gcrlegal.com** | Attorneys for Defendant, City of Wasco<br><br>Tel: 213/347-0210<br>**Fax: 213-347-0216** |
| William L. Alexander, Esq.<br>**Alexander & Associates**<br>1925 "G" Street<br>Bakersfield, CA 93301<br>email address: **walexander@alexander-law.com** | Attorneys for Defendant, DeWalt CM, Inc.<br><br>Tel: 661/316-7888<br>**Fax: 661/316-7890** |

☒   **BY ELECTRONIC SERVICE:** Pursuant to Fed. R. Civ. P. 5(b)(2)(E) and Local Court Rule(s), the foregoing document will be served by the court via CM/ECF. Pursuant to the CM/ECF docket for this case proceeding the following person(s) are on the Electronic Mail Notice List to receive ECF transmission at the email address(es) indicated below:

☐   **BY MAIL:** As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at , California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

Executed on **April 23, 2009**, at Bakersfield, California.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

_____Vanessa J. Claridge_____     _____/s/ Vanessa J. Claridge_____

**EXIBIT D**   HASSING DEC

ORIGINAL

(SPACE BELOW FOR FILING STAMP ONLY)

ARRACHE, CLARK & POTTER
ATTORNEYS AT LAW
4800 EASTON DRIVE, SUITE 114
BAKERSFIELD, CALIFORNIA 93309-9424
(805) 328-1800

503

FILED
KERN COUNTY

JAN 0 5 2001

TERRY McNALLY, CLERK
BY D. Lopez DEPUTY

David B. Potter, SBN 85813

Attorneys for Plaintiff, MARTIN-McINTOSH, a general partnership

SUPERIOR COURT OF CALIFORNIA, COUNTY OF KERN

METROPOLITAN DIVISION

* * * * * * * * *

| | |
|---|---|
| MARTIN-McINTOSH, a general partnership, | Case No. 227661-JES<br>Consol. No. 227777 |
| Plaintiff, | DECLARATION OF EUGENE MARTIN SUBMITTED IN OPPOSITION TO MOTION OF CITY OF WASCO FOR MOTION FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, SUMMARY ADJUDICATION |
| vs. | |
| MICHAEL S. BROWN, et al., | |
| AND RELATED CROSS-ACTIONS. | Date: January 17, 2001<br>Time: 8:30 a.m.<br>Dept: 7 |

I, EUGENE MARTIN, declare:

1. I was a partner in the civil engineering firm of Martin-McIntosh during the entire length of time that services were rendered by Martin-McIntosh for the development of the Valley Rose Estates subdivision.

1

Declaration of Eugene Martin Submitted in Opposition to Motion for Summary
Judgment or, in the Alternative, Summary Adjudication

2. Martin-McIntosh provided virtually all of the engineering services for the creation of the subdivision. We provided the services to create parcels 1 and 3, the parcels which are the subject of this action. We provided all of the engineering services so that the real property could be divided into a substantial number of individual lots, each containing a separate single family residence or commercial use.

None of the general contracting services provided by Turman Construction could have been initiated without plans. All of the plans were prepared by Martin-McIntosh.

3. On May 19, 1993, I attended a meeting which took place at the offices of Martin-McIntosh. The meeting was taped with everyone's approval. Also attending the meeting were John Hendrickson, Wasco's City Manager; Walter Cairns, Wasco's City Engineer; Michael Brown, general partner of Legacy Group; Ron Staub, a Martin-McIntosh employee; Sandy Bergum, a Martin-McIntosh employee; and Jack Turman, the owner and president of Turman Construction.

Jack Turman appeared at that meeting, because he was concerned about payment. Turman Construction was a general contractor hired to build the subdivision improvements. I was also concerned about payment.

We all knew that The Legacy Group did not have the massive volume of funds required to build this project. Without these funds, I also assumed that neither Michael Brown nor The Legacy Group could borrow funds. We were all counting upon the City of Wasco, the construction lender, to continue lending funds to finish the project, at least to the point where houses could be built.

Declaration of Eugene Martin Submitted in Opposition to Motion for Summary Judgment or, in the Alternative, Summary Adjudication

RRACHE, CLARK & POTTER
ATTORNEYS AT LAW
800 EASTON DRIVE
SUITE 114
BAKERSFIELD,
IFORNIA 93309-9424
(661) 328-1800

When John Hendrickson told us that the City would pay the construction expenses, I understood that he would pay Martin-McIntosh. Martin-McIntosh at that point in time had received a substantial amount of money, and would ultimately receive more than $800,000.00. None of these funds came from Michael Brown or The Legacy Group. They all came from the construction loan of the City of Wasco.

When Mr. Hendrickson said that the bills would be paid, I assumed that they would be paid through the completion of the subdivision improvements, at least for phase one. In conjunction with this promise to pay, he did not preface or condition his promise in any fashion, except that the City's building inspector would need to approve the finished product. The finished products were the discrete phases set forth on the exhibits to the agreements between The Legacy Group and the City of Wasco.

4. All of the direction for the performance of the engineering services for the Valley Rose Estates subdivision came from the City of Wasco. The partner of the Legacy Group who was involved in the project was an attorney by the name of Michael Brown. Michael Brown was a plaintiff's personal injury attorney from Los Angeles. Mr. Brown demonstrated little or no experience in the development of a residential subdivision. The City directed what engineering services were to be performed through their conditions of approval. Mr. Brown accepted their direction with regard to engineering services, as they were both the lender and the approving agency. The City directed the parameters for the project, and thereafter paid the bills either through Michael Brown or to Martin-McIntosh directly, until the City's construction lending was terminated.

3

Declaration of Eugene Martin Submitted in Opposition to Motion for Summary Judgment or, in the Alternative, Summary Adjudication

506

1      I declare, under penalty of perjury, under the laws of the State of Nevada, that the foregoing is true and correct.

     Executed this 3rd day of January, 2001, at Reno, Nevada.

                        _____ 1/3/00
                        EUGENE MARTIN

ARRACHE, CLARK & POTTER
ATTORNEYS AT LAW
4000 EASTON DRIVE
SUITE 114
BAKERSFIELD,
CALIFORNIA 93309-9424

4

Declaration of Eugene Martin Submitted in Opposition to Motion for Summary Judgment or, in the Alternative, Summary Adjudication