# EXIBIT  H  HASSING DEC

01/24/03  FRI 14:34 FAX 1 805 868 3409       KC TREASURER/TAX COLLECT               ☒002

Recording requested by:

Phil Franey
Kern County Treasurer-Tax Collector

and mail to:

City of Wasco
P O Box 836
Wasco, CA 93280

Attention: Finance Director

Documentary transfer tax-
computed on full value of property conveyed $none

~~Scarlett Murphy~~
signature of declarant

| James Maples, Assessor-Recorder | SOFIR |
| Kern County Official Records | Pages:  1 |
| DOCUMENT #:0202066933 | 4/26/2002 |
| | 14:00:00 |

*0202066933*

Fees....
Taxes...
Other...
TOTAL
    PAID..

Stat. Types:1

NO FEE - FOR THE BENEFIT OF KERN COUNTY

### TAX DEED TO PURCHASER OF TAX-DEFAULTED PROPERTY

On which the legally levied taxes were a lien for the Fiscal Year 1994-1995 and were duly declared to be tax-defaulted under Default Number 057944.

This deed, between the Treasurer-Tax Collector of Kern County ("Seller") and
City of Wasco ("purchaser")
conveys to the Purchaser the real property described herein which the Seller sold to the Purchaser by Agreement April 4, 2002, pursuant to a statutory power of sale in accordance with the provisions of Division 1, Part 6, Chapter 8, Revenue and Taxation Code for the sum of $51,500.00.

No Taxing Agency objected to the sale.

In accordance with law, the Seller hereby grants to the Purchaser that real property situated in said County, State of California, which was last assessed to Valley Rose Development Corp., and is described as follows:

487-050-46-00-8
ATN (parcel number)

City of Wasco Parcel Map 9572 Lot 1 Exclusive of Mineral Rights (33.51 acres)

STATE OF CALIFORNIA}
COUNTY OF KERN}          executed on April 26, 2002       by _____
                                                              Treasurer-Tax Collector

On, April 26, 2002, before me, James A. Rhoades, personally appeared Phil Franey, known to me to be both the Treasurer-Tax Collector of said county and the person who subscribed to the within instrument and acknowledged to me that he executed the same in his authorized capacity as Treasurer-Tax Collector, and that by his signature on the instrument the person or entity upon behalf of which he acted executed the instrument.

WITNESS my hand and official seal

James A. Rhoades          by _____
County Clerk                        deputy

A 00576

# EXIBIT  I  HASSING DEC

01/24/03   FRI 14:35 FAX 1 805 868 3409          KC TREASURER/TAX COLLECT                    ☑ 003

WILL

Recording requested by:

Phil Franey
Kern County Treasurer-Tax Collector

and mail to:

City of Wasco
P O Box 836
Wasco, CA 93280

Attention: Finance Director



James Maples,Assessor-Recorder      SOFIR
Kern County Official Records        Pages:  1
                                    4/26/2002
DOCUMENT #:0202066934               14:00:00

Fees....
Taxes...
Other...
TOTAL
   PAID..

Stat. Types:1

Documentary transfer tax-
computed on full value of property conveyed $none

~~signature of declarant~~

NO FEE - FOR THE BENEFIT OF KERN COUNTY

## TAX DEED TO PURCHASER OF TAX-DEFAULTED PROPERTY

On which the legally levied taxes were a lien for the Fiscal Year 1994-1995 and were duly declared to be
tax-defaulted under Default Number 057946.

This deed, between the Treasurer-Tax Collector of Kern County ("Seller") and
City of Wasco ("purchaser")
conveys to the Purchaser the real property described herein which the Seller sold to the Purchaser by
Agreement April 4, 2002, pursuant to a statutory power of sale in accordance with the provisions of
Division 1, Part 6, Chapter 8, Revenue and Taxation Code for the sum of $76,700.00.

No Taxing Agency objected to the sale.

In accordance with law, the Seller hereby grants to the Purchaser that real property situated in said
County, State of California, which was last assessed to Valley Rose Development Corp., and is described
as follows:

487-050-48-00-4
ATN (parcel number)

City of Wasco Parcel Map 9572 Lot 3 Exclusive of Mineral Rights (64.06 acres)

STATE OF CALIFORNIA}
COUNTY OF KERN}          executed on April 26, 2002          by _____
                                                                Treasurer-Tax Collector

On, April 26, 2002, before me, James A. Rhoades, personally appeared Phil Franey, known to me to be both the Treasurer-Tax Collector of said county and the
person who subscribed to the within instrument and acknowledged to me that he executed the same in his authorized capacity as Treasurer-Tax Collector, and
that by his signature on the instrument the person or entity upon behalf of which he acted executed the instrument.

WITNESS my hand and official seal

James A. Rhoades          by: _____
County Clerk                      deputy

A 00577

# EXIBIT   J   HASSING DEC

**Certified Copy**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

ROGER McINTOSH,

        Plaintiff,

  vs.

                          Case No.
                          107CV-01080-LJO-WMW

NORTHERN CALIFORNIA UNIVERSAL
ENTERPRISES COMPANY, ET AL.,

        Defendants.
~~~~~~~~~~~~~~~~~~~~~~~~~~~~

**DEPOSITION OF**

**ROGER McINTOSH**

**VOLUME 2**

Wednesday, January 28, 2009
11:38 a.m.

5001 East Commercenter
Suite 170
Bakersfield, California

Brian S. Cardoza, CSR No. 8362



Toll Free: 800.300.1214
Facsimile: 661.322.2242

Suite 170
5001 East Commercenter Drive
Bakersfield, CA 93309
www.esquiresolutions.com

310

1    had been paid for preparing the improvement plans for 5472

2    prior to this lawsuit being filed?

3            A.  Yes.

4            Q.  And again, what was done in that regard?

5            A.  The same thing as on the tentative map.

6            Q.  And did you determine then that neither the

7    work in preparing the tentative map, nor the work in

8    preparing the improvement plans, had been fully paid for?

9            A.  I believe it's in the summary.

10           Q.  Is that what you concluded?

11           A.  Yes.

12           Q.  You indicated on prior questioning today that

13   Martin-McIntosh prepared a revised 5472 tentative map,

14   correct?

15           A.  Correct.

16           Q.  And you also indicated that prior to

17   preparing the revised 5472, that Martin-McIntosh had

18   prepared an original 5472, correct?

19           A.  I'm assuming that, since the revised one was

20   a revised map.

21           Q.  And was your answer based strictly on that

22   assumption?

23           A.  Yes.

24           Q.  Mr. Wu, according to you, contacted you at

25   some point and asked if he could use your plans to obtain



ESQUIRE
an Alexander Gallo Company

Toll Free: 800.300.1214
Facsimile: 661.322.2242

Suite 170
5001 East Commercenter Drive
Bakersfield, CA 93309
www.esquiresolutions.com

311

1   a final map; is that correct?

2          A.   He contacted me to ask if I would reprocess

3   his tentative map, or a tentative map, and -- and -- and

4   prepare a final map, because he was purchasing the

5   property from the City of Wasco.

6          Q.   And you told him that you would do it if he

7   would pay you what was left owing for work done on that

8   subdivision?

9          A.   That's correct.

10         Q.   But as I recall, you didn't give him a dollar

11  figure; is that correct?

12         A.   I gave him a ballpark figure.

13         Q.   And what was the ballpark figure?

14         A.   I don't recall.

15         Q.   Was it more than 300,000 or less than

16  300,000?

17         A.   I believe with interest, it was more around

18  800,000.

19         Q.   Okay.  All right.  Did you know at the time

20  you gave him that figure that you had a copyright interest

21  in the improvement plans and the tentative map?

22         A.   Yes.

23         Q.   Did you know at that time that if he went

24  forward and had somebody else prepare a tentative map

25  substantially similar to yours that he would be infringing


ESQUIRE
an Alexander Gallo Company

Toll Free: 800.300.1214
Facsimile: 661.322.2242

Suite 170
5001 East Commercenter Drive
Bakersfield, CA 93309
www.esquiresolutions.com

EXIBIT   K   HASSING DEC

**Certified Copy**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

ROGER McINTOSH,

        Plaintiff,

   vs.

                                    Case No.
                                    107CV-01080-LJO-WMW

NORTHERN CALIFORNIA UNIVERSAL
ENTERPRISES COMPANY, ET AL.,

        Defendants.
~~~~~~~~~~~~~~~~~~~~~~~~~

**DEPOSITION OF**

**ROGER McINTOSH**

**VOLUME 2**

Wednesday, January 28, 2009
11:38 a.m.

5001 East Commercenter
Suite 170
Bakersfield, California

Brian S. Cardoza, CSR No. 8362


ESQUIRE

Toll Free: 800.300.1214
Facsimile: 661.322.2242

Suite 170
5001 East Commercenter Drive
Bakersfield, CA 93309
www.esquiresolutions.com

Roger Valdez, Jr.                                          January 28, 2009

312

1    on your copyright?

2          A.   Could you repeat the question?

3          Q.   Yeah.  Did you know at the time that you had

4    this conversation with Mr. Wu that if instead of hiring

5    you he went to another engineer, who then prepared a

6    tentative map substantially similar to the one you had

7    prepared, that Joe would be infringing on your copyright?

8          MR. TRAVIS:  I'm going to object that it calls

9    for a legal conclusion.

10         But you can answer it as to the best of your

11   understanding.

12         THE WITNESS:  Well, the improvement plans have a

13   copyright stamp on them, so I assume that everyone knew

14   that there was a copyright infringement.

15         BY MR. HASSING:

16         Q.   All right, but you knew that, right?

17         A.   Yes.

18         Q.   Okay.  You didn't tell Mr. Wu, though, that

19   if he were to do that, he would be violating copyright

20   laws, did you?

21         A.   No, I didn't feel it was my duty to tell him,

22   because he was going to -- he said he would call me back.

23         Q.   Okay.  When you first learned from the city

24   employee that Mr. Wu, according to your testimony, was

25   using your improvement plans and your tentative map in



ESQUIRE
an Alexander Gallo Company

Toll Free: 800.300.1214
Facsimile: 661.322.2242

Suite 170
5001 East Commercenter Drive
Bakersfield, CA 93309
www.esquiresolutions.com

EXIBIT  L   HASSING DEC

**Certified Copy**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

ROGER McINTOSH,

Plaintiff,

vs.

NORTHERN CALIFORNIA UNIVERSAL
ENTERPRISES COMPANY, ET AL.,

Defendants.

Case No.
107CV-01080-LJO-WMW

~~~~~~~~~~~~~~~~~~~~~~~~~~

**DEPOSITION OF**

**ROGER McINTOSH**

**VOLUME 2**

Wednesday, January 28, 2009
11:38 a.m.

5001 East Commercenter
Suite 170
Bakersfield, California

Brian S. Cardoza, CSR No. 8362



Toll Free: 800.300.1214
Facsimile: 661.322.2242

Suite 170
5001 East Commercenter Drive
Bakersfield, CA 93309
www.esquiresolutions.com

312

1    on your copyright?

2          A.  Could you repeat the question?

3          Q.  Yeah.  Did you know at the time that you had

4    this conversation with Mr. Wu that if instead of hiring

5    you he went to another engineer, who then prepared a

6    tentative map substantially similar to the one you had

7    prepared, that Joe would be infringing on your copyright?

8          MR. TRAVIS:  I'm going to object that it calls

9    for a legal conclusion.

10         But you can answer it as to the best of your

11   understanding.

12         THE WITNESS:  Well, the improvement plans have a

13   copyright stamp on them, so I assume that everyone knew

14   that there was a copyright infringement.

15         BY MR. HASSING:

16         Q.  All right, but you knew that, right?

17         A.  Yes.

18         Q.  Okay.  You didn't tell Mr. Wu, though, that

19   if he were to do that, he would be violating copyright

20   laws, did you?

21         A.  No, I didn't feel it was my duty to tell him,

22   because he was going to -- he said he would call me back.

23         Q.  Okay.  When you first learned from the city

24   employee that Mr. Wu, according to your testimony, was

25   using your improvement plans and your tentative map in



ESQUIRE
an Alexander Gallo Company

Toll Free: 800.300.1214
Facsimile: 661.322.2242

Suite 170
5001 East Commercenter Drive
Bakersfield, CA 93309
www.esquiresolutions.com

Roger Mclntosh v. Northern California January 28, 2009

313

1    order to obtain his own final map, why didn't you then
2    tell him that he was infringing on your copyright?
3          A.   I didn't -- I wasn't told that he was using
4    my tentative map.  I was told that he -- or I knew that he
5    had processed a new tentative tract, 6451, which was
6    substantially similar to my 5472, and that he was getting
7    ready to record the final map, 6451, using my improvement
8    plans.
9          Q.   When you found out that he had hired someone
10   else to prepare a tentative similar to the tentative that
11   you prepared, did you consider contacting him and telling
12   him that he was infringing on your copyright?
13         A.   No.
14         Q.   You followed his progress and knew that he
15   had made application with the City for a final map,
16   correct?
17         A.   Yes.
18         Q.   Prior to obtaining that final map, did you
19   consider contacting him and advising him that he was
20   infringing on your copyright?
21         A.   No.
22         Q.   Prior to him beginning construction on his
23   homes, did you consider contacting him and telling him
24   that he was infringing on your copyright?
25         A.   No, I had already told him when he called me



ESQUIRE
an Alexander Gallo Company

Toll Free: 800.300.1214
Facsimile: 661.322.2242

Suite 170
5001 East Commercenter Drive
Bakersfield, CA 93309
www.esquiresolutions.com

Roger McIntosh v. Northern California Universal Enterprises Company, et al.
January 22, 2009

Case 1:07-cv-01080-LJO-GSA   Document 109   Filed 09/28/09   Page 16 of 21

314

1    and -- at the first conversation.

2              Q.    When he called you and you had that first

3    conversation, you never mentioned the word copyright at

4    all, did you?

5              A.    No.   No, but I told him that I hadn't been

6    paid for those improvement plans.

7              Q.    Right.

8              A.    So that if he wanted me to work with him, I

9    would need to get compensated for that -- for that work.

10             Q.    Okay.   And as he moved forward with obtaining

11   his final, and as he moved forward with constructing

12   homes, you never considered contacting him to advise him

13   that in your opinion he was violating your copyright,

14   correct?

15             A.    Well, I don't feel that that's my -- my

16   position to advise him of what the law says.

17             Q.    So, the answer to my question would be yes?

18             A.    Could you restate the question?

19   MR. HASSING:   Could you read the question back?

20   (Record read as follows:

21             "Question:   Okay.   And as he moved forward

22             with obtaining his final, and as he moved forward

23             with constructing homes, you never considered

24             contacting him to advise him that in your opinion

25             he was violating your copyright, correct?")



ESQUIRE
an Alexander Gallo Company

Toll Free: 800.300.1214
Facsimile: 661.322.2242

Suite 170
5001 East Commercenter Drive
Bakersfield, CA 93309
www.esquiresolutions.com

Rogse McIntosh - Volume II                                          January 28, 2009

315

1           THE WITNESS:  That's correct.

2           BY MR. HASSING:

3           Q.  And based on your experience in the industry,

4      you knew, did you not, that as he moved forward with his

5      engineer to obtain a final, and as he moved forward to

6      construct homes, that he was spending money in this

7      process?  You knew that, right?

8           A.  Absolutely.

9           Q.  Now, you were asked about the City's benefit

10     that was obtained by the use of your improvement plans and

11     tentative map, remember that?

12          A.  Yes.

13          Q.  And you said something to the effect that

14     using your improvement plans allowed Joe to obtain a

15     higher appraisal on the Valley Rose subdivision.  Do you

16     recall that?

17          A.  Yes.

18          Q.  What was that answer based on?  What facts

19     was that answer based on?

20          A.  I believe there's a public record from -- in

21     the City of Wasco that he submitted -- or some letters or

22     documents that showed a new appraised value, and a new

23     loan that he obtained on the property after he purchased

24     it, that he then went and used to purchase the golf

25     course.



ESQUIRE
an Alexander Gallo Company

Toll Free: 800.300.1214
Facsimile: 661.322.2242

Suite 170
5001 East Commercenter Drive
Bakersfield, CA 93309
www.esquiresolutions.com

# EXIBIT   M   HASSING DEC

**Certified Copy**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

ROGER McINTOSH,

        Plaintiff,

    vs.

NORTHERN CALIFORNIA UNIVERSAL
ENTERPRISES COMPANY, ET AL.,

        Defendants.

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

Case No.
107CV-01080-LJO-WMW

**DEPOSITION OF**

**ROGER McINTOSH**

December 18, 2008
9:11 a.m.

5001 East Commercenter
Suite 170
Bakersfield, California

Brian S. Cardoza, CSR No. 8362





Toll Free: 800.300.1214
Facsimile: 661.322.2242

Suite 170
5001 East Commercenter Drive
Bakersfield, CA 93309
www.paulsonreporting.com

186

1    350, or whatever it was, the principal amount, plus paid

2    you for the work to reprocess the maps, that you would

3    have struck that kind of deal with him; was that your

4    thinking at the time?

5         A.   Yes.

6         Q.   All right.  But he never called you back?

7         A.   No.

8         Q.   During that conversation, did you tell him

9    you had a copyright interest?

10        A.   No.  No, I did not.

11        Q.   All right.  Did you tell him that if he went

12   forward with another engineer and reprocessed the

13   tentative, that you would sue him?

14        A.   No, I did not.

15        Q.   Did you tell him that if he went forward with

16   processing a tentative through another engineer, that

17   you'd make any kind of a claim against him at all?

18        A.   No, I did not.

19        Q.   How long did that phone conversation last?

20        A.   About five minutes or less.

21        Q.   And is it true then that the next bit of

22   information that you received concerning that subdivision

23   in Wasco was when you received the agenda report from the

24   City Council showing that a final map was going to be

25   approved?





ESQUIRE
DEPOSITION SERVICES®

PAULSON
REPORTING & LITIGATION SERVICES, LLC

Toll Free: 800.300.1214
Facsimile: 661.322.2242

Suite 170
5001 East Commercenter Drive
Bakersfield, CA 93309
www.paulsonreporting.com

187

1        A.   It -- it seems that I received a number of

2   agenda items.   From that point forward, I requested copies

3   of all the agendas, and it seems that there were agendas

4   that showed agreements and -- and ongoing workouts of

5   purchases of the property, or agreements with Mr. Wu on

6   the golf course.   There may have been some planning

7   commission meetings agendas that I -- I have copies of,

8   but they're all in the boxes.

9        Q.   All right.   So, if I heard you correctly,

10  after your conversation with Joe, that's the time when you

11  learned that he had purchased the land from the City,

12  right?

13       A.   He had either purchased it or he was about to

14  purchase it.

15       Q.   Okay.

16       A.   I don't recall.

17       Q.   All right.   And when you had that

18  conversation with Joe where he told you he had purchased

19  it or was about to purchase it, that's when you contacted

20  the City to make sure you got on the mailing list to start

21  obtaining the agenda reports, right?

22       A.   Yes.

23       Q.   Okay.   All right.   And so from that time

24  forward, you received a weekly agenda report?

25       A.   Let me correct that.   It wasn't until I found



ESQUIRE
DEPOSITION SERVICES®

PAULSON
REPORTING & LITIGATION SERVICES, LLC

Toll Free: 800.300.1214
Facsimile: 661.322.2242

Suite 170
5001 East Commercenter Drive
Bakersfield, CA 93309
www.paulsonreporting.com