relocations; (iii) the cost of site grading; and (iv) Permits and inspections by other governmental agencies and any agreement fees and bonds that are required by them.

Section 3. Acquisition of Improvements. The City of Wasco shall acquire the Improvements from the Subdivider, as follows:

Subsection (a). Total Project Cost. For the purpose of this Agreement, the term "Total Project Cost" is defined in Exhibit "B," under which all of the Improvements are eligible and authorized under the applicable statutes of the State of California and the Municipal Code of the City of Wasco. The Improvements and work provided for in Exhibit "B," including but not limited to any incidental work and Improvements not specifically set forth in said Exhibit "B" but normal and pertinent to such work and Improvements, or necessary to coordinate and connect the Improvements with other improvements of the City of Wasco, are the responsibility of the Subdivider. The maximum amount of the Total Project Cost shall be FIVE MILLION TWO HUNDRED THOUSAND DOLLARS ($5,200,000.00).

The construction management and administration fees identified in each phase in Exhibit "B," shall, in the aggregate, constitute full compensation to the Subdivider for all costs of construction management and administration, attorney, accountant and other professional services and overhead incurred by the Subdivider in connection with the construction of the Improvements. Any such costs exceeding the amounts set forth in Exhibit "B" shall

3

BOOK 6816 PAGE 2320

not be paid out of District funds, but shall be borne solely by the Subdivider.

Subsection (b). Acquisition of Improvements. The Improvements in this particular project are set forth in Exhibit "B" in the following phases: sewer acquisition; water acquisition; storm drain acquisition; streets acquisition; and street light acquisition costs. Each of these phases is a discrete system which is capable of being completed and accepted by the City for general public use whether or not other portions of the Improvements are completed and accepted by the City, and which the City, in its sole discretion, may consider, determine complete, and accept, for the City Purposes in accordance with the list of Improvements set forth in Exhibit "B." Such consent shall not be unreasonably withheld. The phases need not be completed in any given sequence nor does there need to be the completion of one phase before the beginning of another or any given period of time between the acquisition of one phase and the acquisition of another phase. The process of acquisition consists of:

(i) Acceptance of one particular phase of the Improvements must be in writing by the City of Wasco as issued by Department of Public Works of the City of Wasco. Each phase shall be subject to approval for payment by the City, but such approval shall not be unreasonably withheld; such approval shall be made on behalf of the City by the Director of the Department of Public Works. The Department of Public Works will not issue the letter of

4

acceptance as to any given phase of construction of the Improvements until such confirmation of inspection and completion has been accomplished. All inspection and certification as to completion shall be done by the Department of Public Works in accordance with its then current standards for inspection and certification for public works of the City of Wasco.

(ii) The acceptance shall set forth the specific date of acceptance by the City of Wasco of that particular phase. That date shall constitute the date of transfer of ownership of the Improvements which are in that phase. However, the warranty to the City of Wasco as is provided in this Agreement shall begin on the date of the acceptance of any individual phase but the one year time period shall run from the date of the recordation of the Notice of Completion of the last phase of the Improvements. Acceptance of each phase shall follow inspection by the City of Wasco Department of Public Works and written confirmation of completion of the Improvements pursuant to this Agreement by the Department of Public Works.

Subsection (c). Acquisition Value. The amount to be paid to the Subdivider for the total of all Improvements (the "Acquisition Value") shall be the actual cost of all of the Improvements, not to exceed the Total Project Cost.

Subsection (d). Payment for the Improvements. Any payment for the Improvements is subject to Section 5 hereof.

(i) Within thirty (30) days after the City of Wasco has accepted in writing a particular phase of the

5

BOOK 6816 PAGE 2322

Improvements as complete, in City of Wasco's sole determination and discretion, and provided the Subdivider has submitted the invoices and other documents determined in City of Wasco's sole judgment necessary to establish the actual cost of the Improvements, the City of Wasco shall pay to the Subdivider the Acquisition Value of that phase; provided, however, that (A) the amount paid for the acquisition of any phase of the Improvements shall never exceed the amount set forth for the total cost of that phase in Exhibit "B" and, provided further that (B) if, at the end of the project, the actual cost of a particular phase exceeded the amount budgeted for that phase in Exhibit "B," but the actual cost of another phase was below the budgeted amount in Exhibit "B," then the savings on one phase may be used to offset the deficit incurred by Subdivider in any other phase or phases. Such correction of payment for one phase by using the savings on another shall not occur until the date of the release of the ten percent retention, as set forth herein. (C) However, in no event shall the total Acquisition Value ever exceed the Total Project Cost set forth herein, up to and including the end of the construction of all of the Improvements. (D) It is further provided that the Developer shall not submit request for payment of the Construction Management & Supervision portion of any phase until Developer has either supplied the City with the additional MAI appraisal described in Section 5 or has completed the Project in its entirety, whichever comes first. Once the additional MAI appraisal data has been submitted and accepted by City as adequate, Developer may submit a request for payment of

6

the Construction Management & Supervision portion of each of the phases which had been completed prior to that time.

(ii) The City of Wasco shall withhold ten percent (10%) of the Acquisition Value of each and every phase until a date which is thirty-five (35) days after the recording of a Notice of Completion with respect to all of the Improvements and shall pay the balance immediately thereafter, exclusive of any lien pursuant to law.

(iii) If a Notice of Completion is not filed within ten (10) days after the date of the City of Wasco's acceptance of the last phase of the Improvements, then the final ten percent (10%) payment shall be made within ninety (90) days after the date of such acceptance. Payment of the amount of any liens withheld from the final ten percent (10%) payment shall be made when any of the following have occurred: (A) the liens have been released, (B) an appropriate bond has been recorded with respect to the liens as required by Civil Code Section 3143, or (C) an appropriate title guarantee has been provided showing title free of such liens.

Subsection (e). Possession. The City of Wasco shall take and have possession of each phase of the Improvements immediately upon the City of Wasco's acceptance thereof and transfer of title as provided in Subsection (b) of Section 3 hereof.

Subsection (f). Repairs and Corrections. The City of Wasco's acceptance of any phase of the Improvements shall

7

BOOK 6816 PAGE 2324

constitute a finding by the City of Wasco that the work in that particular phase of Improvements complies with the plans and specifications therefor. However, in addition to any other rights and remedies the City of Wasco may have in law or equity (including without limitation express or implied warranties), the Subdivider shall be responsible to the City of Wasco for any defects in work or material in connection with the Improvements occurring or appearing within one (1) year after the date of City of Wasco acceptance for public use. The City of Wasco shall give the Subdivider written notice to repair or correct any such defect.

Subsection (g). Warranties. The Subdivider warrants that the Improvements will be free from defects in materials or workmanship and will be suitable for their intended use(s). Subdivider shall remedy or repair, to the satisfaction of the Department of Public Works of City of Wasco, any such defect or unsuitability appearing or occurring within one (1) year after the recordation of the Notice of Completion of the Improvements by the City of Wasco. The one (1) year warranty time period for the Improvements shall begin to run at the recordation of the Notice of Completion of the Improvements by the City of Wasco as provided herein but Subdivider's responsibility to remedy or repair shall in fact commence at the time of the acceptance of the individual phase by the City of Wasco. The Subdivider shall require each contractor, subcontractor and materialman employed in connection with the Improvements to name the City of Wasco as a beneficiary of any warranty or guarantee given by such contractor, subcontractor

8

BOOK 6816 PAGE 2325

or materialman in connection with their work, materials or supplies.

Section 4. Limited Liability of the City of Wasco. The City of Wasco's obligation to acquire the Improvements is not backed by the full faith and credit of the City of Wasco but is limited solely to the funds available to the City of Wasco in the District, if any, as a result of the proceedings for formation of the District, confirmation of assessments and receipt of proceeds from the issuance of bonds. Any funds committed by the City of Wasco as a contribution, grant, subvention, or otherwise are not available for the purpose of this Agreement unless and until assessments have been confirmed under proceedings for the District and bonds validly issued pursuant thereto. The City of Wasco cannot and does not assert, imply or guarantee the success of the proceedings or the ability to sell bonds. Sale of any bonds is subject to the sole judgement of the Finance Director of the City of Wasco that such sale is economically viable and an unqualified opinion for issuance is provided by Bond Counsel to the City of Wasco for the District.

Notwithstanding the preceding paragraph, in addition to any other remedies or provisions under this Agreement, if the Subdivider fails or refuses to construct or complete the Improvements within a reasonable period of time after the acceptance by the City of one or more phases, the City may, but shall not be obligated to, complete the Improvements or any remaining phases thereof, as provided by law and pay the costs of

9

BOOK 6816 PAGE 2326

such completion out of proceeds of the assessment district proceedings.

Section 5. Appraisal: The Subdivider shall submit written evidence satisfactory to the City of Wasco, and the City of Wasco shall find and determine that the total estimated amount of the proposed assessment for acquisitions, work and improvements under the proposed assessment proceedings will not exceed a lien-to-value ratio of 1:3 based on the estimated fair market value of the Property after the Improvements shall have been constructed using the MAI Appraisal. The City of Wasco may withhold payment of any portion of the funds that may be eligible for payment hereunder and release payment up to the amount permitted under this section. Prior to the payment of any funds permitted under this section, the City of Wasco shall require a MAI Appraisal or an amended MAI Appraisal verifying that the amount of funds to be disbursed, including funds previously disbursed, does not exceed lien-to-value ratio of 1:3.

Section 6. Assignment and Successors In Interest. None of the obligations or benefits of this Agreement shall be assignable by the Subdivider without the prior written consent of the City of Wasco. However, this Agreement shall be binding upon and inure to the benefit of the parties' heirs, executors, administrators, successors, and assigns.

Section 7. Notices. Any notices required to be given pursuant to this Agreement shall be given in writing and shall be mailed to the parties at the following addresses:

10

BOOK 6816 PAGE 2327

```
City of                            with a
Wasco: City Manager                copy to: Special Counsel
       City of Wasco                        Richard H. Hargrove
       746 Eighth Street                    7108 North Fresno St.
       Wasco, CA  93280                     Fresno, CA 93720-2938

Subdivider: The Legacy Group, L.P.
            16000 Ventura Boulevard, Suite 1200
            Encino, CA  91436
```

Section 8. Indemnity. The Subdivider shall indemnify, hold harmless and defend the City of Wasco and each of its officers, officials and employees from any and all liability, loss, debts, costs, and damages (whether in contract, tort or strict liability, including but not limited to personal injury, death at any time, property damage and damages for breach of contract or warranty) incurred by the City of Wasco, the Subdivider or any other person, and from any and all claims, demands, actions and proceedings in law or equity (whether or not well-founded) brought by the Subdivider or any other person, arising directly or indirectly out of (i) any act, omission or contract of the Subdivider or any of its contractors, subcontractors, materialmen or employees in connection with construction of the Improvements, or (ii) any defects in materials or workmanship in the Improvements. The preceding sentence shall not apply to any liability, loss, debts, costs or damages caused solely by the negligence or willful misconduct of the City of Wasco.

Section 9. Applicable Laws. It is further understood that the Subdivider is responsible for compliance with all applicable laws including, but not limited to the Labor Code, Public Contract Code and Government Code of the State of

11

BOOK 6816 PAGE 2328

California. City makes no representation as to the applicability or inapplicability of any laws regarding contracts, and especially the payment of prevailing wages thereunder. Subdivider will not hold or seek to hold City liable for any failure by Subdivider to comply with any such laws without regard to whether City knew, could have known, or should have known as to the necessity of such compliance. The preceding section shall apply in regard to any enforcement action, whether public or private, and whether brought by a public enforcement agency or by private civil litigation, against City with regard to the content of this section.

Section 10. <u>Attorneys' Fees</u>. If either party is required to commence any legal action or proceeding to enforce the provisions of this Agreement, the prevailing party shall be entitled to recover its attorneys' fees and litigation expenses from the other party. The parties acknowledge that City of Wasco has incurred certain legal costs in the negotiation and drafting of this Acquisition Agreement and so hereby agree to reimburse City of Wasco for these costs.

Section 11. <u>Time of Essence</u>. Time is of the essence of this Agreement and each and every provision hereof.

Section 12. <u>Integration</u>. This is intended to be a fully integrated agreement which contains the entire agreement between the parties with respect to the matters pertaining to the process of acquisition by the City of the Improvements.

12

Description: Kern,CA Document-Book.Page 6816.2317 Page: 12 of 18
Order: SAL Comment:

BOOK 6816 PAGE 2329

IN WITNESS WHEREOF, the parties have caused this Agreement to be executed on the ___28th___ day of January, 1993.

| CITY: | SUBDIVIDER: |
|---|---|
| City of Wasco | The Legacy Group, L.P., a Limited Partnership |
| By: _____ Mayor of the City of Wasco | By: _____ Title: General Partner |

ATTEST:

By: _____
City Clerk

APPROVED AS TO FORM:

By: _____
Richard H. Hargrove, Special Counsel

710318EF.A03

13

## ALL-PURPOSE ACKNOWLEDGMENT

State of **CALIFORNIA**

County of **LOS ANGELES**

On **Mar. 9, 1993** before me, **SANDI STENDEL**,
DATE    NAME, TITLE OF OFFICER - E.G., "JANE DOE, NOTARY PUBLIC"

personally appeared **MICHAEL S. BROWN**,
NAME(S) OF SIGNER(S)

[X] personally known to me - OR - ☐ proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

Witness my hand and official seal.

[Seal: SANDI STENDEL, COMM. #980558, Notary Public — California, LOS ANGELES COUNTY, My Comm. Expires DEC 13, 1996]

*Sandi Stendel*
SIGNATURE OF NOTARY

**CAPACITY CLAIMED BY SIGNER**
☐ INDIVIDUAL(S)
☐ CORPORATE OFFICER(S) _____
  TITLE(S)
[X] PARTNER(S)
☐ ATTORNEY-IN-FACT
☐ TRUSTEE(S)
☐ SUBSCRIBING WITNESS
☐ GUARDIAN/CONSERVATOR
☐ OTHER: _____

SIGNER IS REPRESENTING:
NAME OF PERSON(S) OR ENTITY(IES)
**The Legacy Group**

ATTENTION NOTARY: Although the information requested below is OPTIONAL, it could prevent fraudulent attachment of this certificate to unauthorized document.

THIS CERTIFICATE MUST BE ATTACHED TO THE DOCUMENT DESCRIBED AT RIGHT:
Title or Type of Document **Acquisition Agreement**
Number of Pages **17**    Date of Document **1/28/93**
Signer(s) Other Than Named Above **Yes**

© 1991 NATIONAL NOTARY ASSOCIATION • 8236 Remmet Ave., P.O. Box 7184 • Canoga Park, CA 91304-7184

---

## CALIFORNIA ALL-PURPOSE ACKNOWLEDGMENT

State of **CALIFORNIA**

County of **KERN**

On **Mar. 11, 1993** before me, **Carol L. Hosman, Notary Public**,
DATE    NAME, TITLE OF OFFICER - E.G., "JANE DOE, NOTARY PUBLIC"

personally appeared **Fred L. West Jr.**,
NAME(S) OF SIGNER(S)

[X] personally known to me - OR - ☐ proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

WITNESS my hand and official seal.

[Seal: CAROL L. HOSMAN, COMM. #955593, NOTARY PUBLIC - CALIFORNIA, KERN COUNTY, My Comm. Expires FEB. 9, 1995]

*Carol L. Hosman*
SIGNATURE OF NOTARY

**OPTIONAL SECTION**
**CAPACITY CLAIMED BY SIGNER**
Though statute does not require the Notary to fill in the data below, doing so may prove invaluable to persons relying on the document.
☐ INDIVIDUAL
☐ CORPORATE OFFICER(S)
  TITLE(S)
☐ PARTNER(S)  ☐ LIMITED
              ☐ GENERAL
☐ ATTORNEY-IN-FACT
☐ TRUSTEE(S)
☐ GUARDIAN/CONSERVATOR
[X] OTHER: **Public Agency Mayor**

SIGNER IS REPRESENTING:
NAME OF PERSON(S) OR ENTITY(IES)
**City of Wasco**

**OPTIONAL SECTION**

THIS CERTIFICATE MUST BE ATTACHED TO THE DOCUMENT DESCRIBED AT RIGHT:
TITLE OR TYPE OF DOCUMENT **Acquisition Agreement**
NUMBER OF PAGES **17**    DATE OF DOCUMENT **1/28/93**
SIGNER(S) OTHER THAN NAMED ABOVE **Yes**

Though the data requested here is not required by law, it could prevent fraudulent reattachment of this form.

©1992 NATIONAL NOTARY ASSOCIATION • 8236 Remmet Ave., P.O. Box 7184 • Canoga Park, CA 91309-7184

BOOK 6816 PAGE 2331

# EXHIBIT A

## DESCRIPTION OF THE PROPERTY

**VALLEY ROSE ESTATES- TRACT NOS. 5472 AND 5618**

The subject property may be legally described as:

> Parcels 1 and 3 of Parcel Map No. 9572, in the City of Wasco, County of Kern, State of California.

710318EF.E05

A-1

BOOK 6816 PAGE 2332

EXHIBIT B
DESCRIPTION OF IMPROVEMENTS

A.  Acquisition of Master Plans:

    Drainage
    Sewer
    Water
    Traffic
    Utilities

    $499,080.33

B.  Tract 5472

| | |
|---|---:|
| Storm Drain | $ 61,120.00 |
| Sewer | 96,310.00 |
| Water | 79,207.00 |
| Street Improvement | 147,803.00 |
| Utilities (gas) | 83,989.00 |
| Miscellaneous | 56,025.00 |
| Contract Administrative Fee | |
| | $ _____ |

C.  Tract 5618

| | |
|---|---:|
| Storm Drain | $ 191,530.00 |
| Sewer | 361,550.00 |
| Water | 453,300.00 |
| Street | 1,216,195.00 |
| Utilities (gas) | 353,257.00 |
| Miscellaneous | 350,213.00 |
| Contract Administrative Fee | |
| | $ _____ |

D.  Combined Off-Site Improvements

| | |
|---|---:|
| Storm Drain | $ 71,488.00 |
| Sewer | 328,175.00 |
| Water | 473,800.00 |
| Street | 255,758.00 |
| Utilities | 14,066.00 |
| Miscellaneous | 29,625.00 |
| Contract Administrative Fee | |
| 18 Phases of Acquisition | |
| GRAND TOTAL | $5,200,000.00 |

710318BF.D24

BOOK 6816 PAGE 2333

## LEGACY GROUP
### ASSESSMENT DISTRICT EXPENSES
### FOR ACQUISITION OF MASTER PLANS

| Date | Description | Amount |
|---|---|---|
| 04/27/92 | Bruce Beaudoin, MAI (Appraisal Deposit) | 10,800.00 |
| 05/01/92 | Colman Christensen (Const. & Mgmt Fees) | 2,500.00 |
| 06/01/92 | Colman Christensen (Const. & Mgmt Fees) | 2,500.00 |
| 07/01/92 | Colman Christensen (Const. & Mgmt Fees) | 5,000.00 |
| 07/31/92 | Soils Engineering | 9,147.25 |
| 08/01/92 | Colman Christensen (Const. & Mgmt Fees) | 5,000.00 |
| 08/10/92 | Kern County Treasurer (William Act Cancel) | 50,000.00 |
| 08/19/92 | Howard Berkson (Feasibility for Appraisal) | 15,000.00 |
| 09/01/92 | Colman Christensen (Const. & Mgmt Fees) | 5,000.00 |
| 09/18/92 | John Eastridge (Utilities Plan) | 385.00 |
| 09/18/92 | John Eastridge (Utilities Plan) | 1,042.00 |
| 09/22/92 | City of Wasco (Quad Engineering) | 436.98 |
| 09/24/92 | G.T. Farms (Reservoir Grading) | 2,419.50 |
| 10/01/92 | Colman Christensen (Const. & Mgmt Fees) | 5,000.00 |
| 10/06/92 | City of Wasco (Legal Fees) | 3,662.80 |
| 10/07/92 | City of Wasco (Williamson Act Cancel) | 724.65 |
| 10/14/92 | City of Wasco (Quad Engineering) | 841.00 |
| 10/14/92 | City of Wasco (Legal Publication) | 52.65 |
| 11/01/92 | Colman Christensen (Const. & Mgmt Fees) | 5,000.00 |
| 11/06/92 | City of Wasco (Impact Fee) | 1,290.00 |
| 11/18/92 | City of Wasco (Quad Engineering) | 945.50 |
| 12/02/92 | Colman Christensen (Const. & Mgmt Fees) | 5,000.00 |
| 01/01/93 | Colman Christensen (Const. & Mgmt Fees) | 5,000.00 |
| 01/01/93 | S.A. Camp Pump Co. (Well Sample & Analysis) | 594.00 |

TOTAL FOR EXPENSES $137,341.33

TOTAL FOR ENGINEERING COSTS $361,739.00

TOTAL FOR CONSTRUCTION AND EXPENSES $499,080.33

710318BF.D23

ACQUISITION OF MASTER PLANS

BOOK 6816 PAGE 2334

| | | ENGINEERING COSTS | | | DATE: | 26-Jan-93 |
|---|---|---|---|---|---|---|
| | | VALLEY ROSE ESTATES | | | COSTS THRU: | 15-Dec-92 |
| | | | | | BY: | RJS |
| | PROJECT | | | % | TOTAL | REIMB. |
| | NUMBER | DESCRIPTION | | REIMB. | COST | COST |
| 1 | 9222-00 | Guidance Pkg & Conceptual | | 100% | 1933.00 | 1933.00 |
| 2 | 9222-01-01 | Boundary & Topo Survey | (A) | 30% | 24287.15 | 7286.15 |
| 3 | 9222-01-02 | Rte 46 Survey | | 100% | 4547.17 | 4547.17 |
| 4 | 9222-01-03 | Offsite Sewer Survey | | 100% | 6388.72 | 6388.72 |
| 5 | 9222-01-04 | Offsite Water Survey | | 100% | 10449.15 | 10449.15 |
| 6 | 9222-02-01 | Land Use Plan | (G) | 30% | 35529.89 | 10658.97 |
| 7 | 9222-02-02 | Design Guidelines | | 100% | 1378.57 | 1378.57 |
| 8 | 9222-02-03 | Development Agreement | | 100% | 20761.00 | 20761.00 |
| 9 | 9222-02-04 | Water Master Plan | | 100% | 16501.50 | 16501.50 |
| 10 | 9222-02-05 | Sewer Master Plan | | 100% | 24878.12 | 24878.12 |
| 11 | 9222-02-06 | Drainage Master Plan | | 100% | 12967.73 | 12967.73 |
| 12 | 9222-02-07 | Traffic Master Plan | | 100% | 16785.51 | 16785.51 |
| 13 | 9222-03 | Williamson Act Cancellation | | 100% | 4281.05 | 4281.05 |
| 14 | 9222-04-01 | Tract #5472 Base Map | (D) | 60% | 4926.12 | 2977.97 |
| 15 | 9222-04-02 | Tract #5472-Streets & Walls | | 100% | 49188.18 | 49188.18 |
| 16 | 9222-04-03 | Tract #5472-Drainage Plans | | 100% | 2826.88 | 2826.88 |
| 17 | 9222-04-04 | Tract #5472-Grading Plan | (C) | 60% | 8934.22 | 5360.53 |
| 18 | 9222-04-05 | Tract #5472-Sewer Plan | (D) | 80% | 12902.00 | 10321.60 |
| 19 | 9222-04-06 | Tract #5472-Water Plan | (D) | 80% | 4226.06 | 3380.85 |
| 20 | 9222-04-07 | Tract #5472-Final Map | (B) | 0% | 12889.50 | 0.00 |
| 21 | 9222-04-08 | Tract #5472-Landscape Plans | | 100% | 23789.62 | 23789.62 |
| 22 | 9222-04-09 | Tract #5472-Plant. Design | | 100% | 3736.82 | 3736.82 |
| 23 | 9222-05-01 | Tract #5618-Tentative Map | (B) | 0% | 11665.74 | 0.00 |
| 24 | 9222-05-02 | Tract #5618-Street Plans | | 100% | 45755.52 | 45755.52 |
| 25 | 9222-05-03 | Tract #5618-Drainage Plans | | 100% | 3752.48 | 3752.48 |
| 26 | 9222-05-04 | Tract #5618-Grading Plan | (C) | 60% | 9658.08 | 5794.85 |
| 27 | 9222-05-05 | Tract #5618-Sewer Plans | (D) | 80% | 2618.99 | 2095.19 |
| 28 | 9222-05-06 | Tract #5618-Water Plans | (D) | 80% | 1783.78 | 1427.02 |
| 29 | 9222-05-07 | Tract #5618-Final Map | (B) | 0% | 8704.72 | 0.00 |
| 30 | 9222-05-08 | Tract #5618-Bond Change | | 100% | 180.00 | 180.00 |
| 31 | 9222-05-09 | Tract #5618-Landscape Plans | | 100% | 3385.80 | 3385.80 |
| 32 | 9222-05-10 | Tract #5618-Revise Tent Map | | 0% | 2506.20 | 0.00 |
| 33 | 9222-05-11 | Tract #5618-Revise Grading | | 100% | 39.30 | 39.30 |
| 34 | 9222-05-12 | Tract #5618-Revise Final Map | | 0% | 39.30 | 0.00 |
| 35 | 9222-05-13 | Tract #5618-Revise Plot Plan | (E) | 0% | 1852.00 | 0.00 |
| 36 | 9222-06-01 | PM #9572-Tentative Map | (F) | 0% | 7723.49 | 0.00 |
| 37 | 9222-06-01 | PM #9572-Final Map | (F) | 0% | 17924.48 | 0.00 |
| 38 | 9222-09 | Offsite Sewer Plans | | 100% | 36401.06 | 36401.06 |
| 39 | 9222-10 | Offsite Water Study & Plans | | 100% | 17802.64 | 17802.64 |
| 40 | 9222-11 | Offsite Highway Plans | | 100% | 30758.03 | 30758.03 |
| | | TOTALS | | | | 361,739.00 |
| | | | | Recoverable portion: | | |

(A)- Boundary and topo survey work was also performed for additional property not owned by the client. Therefore, that cost is not reimbursable.

Page 1

Description: Kern,CA Document-Book.Page 6816.2317 Page: 18 of 18
Order: SAL Comment:

# EXIBIT  G   BROWN DEC

PROMISSORY NOTE SECURED BY DEED OF TRUST

$250,000.00          Bakersfield, California          September 8, 1993

FOR VALUE RECEIVED, the undersigned, jointly and severally, promise to pay to MARTIN-MCINTOSH, a General Partnership, or order, at Bakersfield, California, the principal sum of $250,000.00, with interest from September 8, 1993, at the rate of 10% per annum. Unpaid principal and accrued interest shall be all due and payable on March 31, 1994.

Principal and interest under this Note shall be paid in lawful money of the United States.

Each payment shall be credited first on interest then due, and the remainder on principal. Immediately thereafter, interest shall cease on the principal so credited. The undersigned further agree to pay all costs of suit in a sum adjudged as attorney's fees in any action to enforce payment of this Note or any part of it. This Note is secured by a Deed of Trust, dated September 8, 1993, executed by THE LEGACY GROUP, L.P., a partnership, in favor of MARTIN-MCINTOSH.

THE LEGACY GROUP, L.P.
A Partnership

BY: _____
    MICHAEL S. BROWN
    General Partner

_____
MICHAEL S. BROWN, An Individual

**ALL-PURPOSE ACKNOWLEDGMENT**

State of California
County of Kern

On _____ before me, _____, personally appeared _____
☒ personally known to me – OR – ☐ proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s) or the entity upon behalf of which the person(s) acted, executed the instrument.

Witness my hand and official seal.

_____

OFFICIAL SEAL
JUDY L. HIGGINS
NOTARY PUBLIC-CALIFORNIA
KERN COUNTY
MY COMM. EXP. FEB. 7, 1995

CAPACITY CLAIMED BY SIGNER
☐ INDIVIDUAL(S)
☐ CORPORATE
   OFFICER(S) _____ TITLE(S)
☒ PARTNER(S)
☐ ATTORNEY IN FACT
☐ TRUSTEE(S)
☐ SUBSCRIBING WITNESS
☐ GUARDIAN/CONSERVATOR
☐ OTHER _____

SIGNER IS REPRESENTING:
NAME OF PERSON(S) OR ENTITY(IES)

# EXIBIT   H   BROWN DEC

3P000422

PLEASE COMPLETE THIS INFORMATION

RECORDING REQUESTED BY:

MARTIN-MCINTOSH

WHEN RECORDED MAIL TO:

MARTIN-MCINTOSH
2001 Wheelan Court
Bakersfield, CA 93309

175935

RECORDED BY
KERN COUNTY RECORDER

DEED OF TRUST WITH ASSIGNMENT OF RENTS

TITLE OF DOCUMENT

THIS PAGE ADDED TO PROVIDE ADEQUATE SPACE FOR RECORDING INFORMATION
(Additional recording fee applies)

THIS SPACE FOR RECORDER'S USE ONLY