EP000424

RECORDING REQUESTED BY

AND WHEN RECORDED MAIL TO

NAME: Martin-McIntosh
ADDRESS: 2001 Sheelan Court
CITY & STATE: Bakersfield, CA 93309

Title Order No. _____   Escrow No. _____

SPACE ABOVE THIS LINE FOR RECORDER'S USE

# DEED OF TRUST WITH ASSIGNMENTS OF RENTS

This DEED OF TRUST, made the the Eighth day of September 1993, between

whose address is 16000 Ventura Blvd., Penthouse #1200, the Legacy Group, L. P., herein called TRUSTOR,
Encino, CA 91436
(Number and Street) (City) (State) (Zip Code)

CHICAGO TITLE COMPANY, a California Corporation, herein called TRUSTEE, and Martin-McIntosh,

a general partnership                                                     herein called BENEFICIARY,

Trustor irrevocably grants, transfers and assigns to Trustee in Trust, with Power of Sale that property in Wasco
                                                County of Kern                    , California, described as:

See Exhibit "A"

Together with the rents, issues and profits thereof, subject, however, to the right, power and authority hereinafter given to and conferred upon Beneficiary to collect and apply such rents, issues and profits.

For the Purpose of Securing (1) payment of the sum of $ 250,000 xxxxxxxxx with interest thereon according to the terms of a promissory note or notes of even date herewith made by Trustor, payable to order of Beneficiary, and extensions or renewals thereof, (2) the performance of each agreement of Trustor incorporated by reference or contained herein or reciting it is so secured, (3) Payment of additional sums and interest thereon which may hereafter be loaned to Trustor, or his successors or assigns, when evidenced by a promissory note or notes reciting that they are secured by this Deed of Trust.

To protect the security of this Deed of Trust, and with respect to the property above described, Trustor expressly makes each and all of the agreements, and adopts and agrees to perform and be bound by each and all of the terms and provisions set forth in subdivision A of that certain Fictitious Deed of Trust referenced herein, and it is mutually agreed that all of the provisions set forth in subdivision B of that certain Fictitious Deed of Trust recorded in the book and page of Official Records in the office of the county recorder of the county where said property is located, noted below opposite the name of such county, namely:

| COUNTY | BOOK | PAGE | COUNTY | BOOK | PAGE | COUNTY | BOOK | PAGE |
|---|---|---|---|---|---|---|---|---|
| Alameda | 1288 | 556 | Kings | 858 | 713 | Placer | 1028 | 379 | Sierra | 38 | 187 |
| Alpine | 3 | 130-31 | Lake | 437 | 110 | Plumas | 166 | 1307 | Siskiyou | 506 | 762 |
| Amador | 133 | 438 | Lassen | 192 | 367 | Riverside | 3778 | 347 | Solano | 1287 | 621 |
| Butte | 1330 | 513 | Los Angeles | T-3878 | 874 | Sacramento | 71-10-26 | 615 | Sonoma | 2067 | 427 |
| Calaveras | 185 | 338 | Madera | 911 | 136 | San Benito | 300 | 405 | Stanislaus | 1970 | 56 |
| Colusa | 323 | 391 | Marin | 1849 | 122 | San Bernardino | 6213 | 768 | Sutter | 655 | 585 |
| Contra Costa | 4684 | 1 | Mariposa | 90 | 453 | San Francisco | A-804 | 596 | Tehama | 457 | 183 |
| Del Norte | 101 | 549 | Mendocino | 667 | 99 | San Joaquin | 2855 | 283 | Trinity | 108 | 595 |
| El Dorado | 704 | 635 | Merced | 1660 | 753 | San Luis Obispo | 1311 | 137 | Tulare | 2530 | 108 |
| Fresno | 5052 | 623 | Modoc | 191 | 93 | San Mateo | 4778 | 175 | Tuolumne | 177 | 160 |
| Glenn | 469 | 76 | Mono | 69 | 302 | Santa Barbara | 2065 | 881 | Ventura | 2607 | 237 |
| Humboldt | 801 | 83 | Monterey | 357 | 239 | Santa Clara | 6626 | 664 | Yolo | 769 | 16 |
| Imperial | 1189 | 701 | Napa | 704 | 742 | Santa Cruz | 1638 | 607 | Yuba | 398 | 693 |
| Inyo | 165 | 672 | Nevada | 363 | 94 | Shasta | 800 | 633 | | | |
| Kern | 3756 | 690 | Orange | 7182 | 18 | San Diego Series 5 Book 1964, Page 149774 | | | | | |

shall inure to and bind the parties hereto, with respect to the property above described. Said agreements, terms and provisions contained in said subdivisions A and B (identical in all counties, and printed on the reverse side hereof) are by the within reference thereto, incorporated herein and made a part of this Deed of Trust for all purposes as fully as if set forth at length herein, and Beneficiary may charge for a statement regarding the obligation secured hereby, provided the charge thereof does not exceed the maximum allowed by law.

The undersigned Trustor, requests that a copy of any notice of default and any notice of sale hereunder be mailed to him at the address hereinbefore set forth.

Signature of Trustor

By: _____ The Legacy Group L. P.

STATE OF CALIFORNIA,
COUNTY OF _____ } S.S.

On _____, 1993 before me,
_____
a Notary Public in and for said County and State, personally appeared
_____

**EXIBIT I** BROWN DEC

# SETTLEMENT AGREEMENT
# AND MUTUAL RELEASE

---

This Settlement Agreement and Mutual Release is entered into by and between EUGENE MARTIN, ROGER McINTOSH, THE LEGACY GROUP, L.P., and MICHAEL S. BROWN, and is made with reference to the following facts and circumstances:

A. Certain disputes and controversies have arisen between the parties to this Settlement Agreement and Mutual Release;

B. Such disputes and controversies include, but are not limited to, the claims, counterclaims, demands, causes of action, obligations, damages and liabilities alleged in MARTIN-McINTOSH, *a General Partnership, Plaintiff, vs. MICHAEL S. BROWN, THE LEGACY GROUP, L.P., et al., Defendants,* Kern County Superior Court Case No. 227661-JES; and

C. It is the intention of the parties to this Release to settle, dispose of and release fully and completely, any and all claims, counterclaims, demands, cause or causes of action,

1

obligations, liabilities and damages heretofore or hereafter arising out of, connected with, or incidental to the dealings between the parties hereto prior to the effective date of this Release, whether known or unknown, with the exception of any rights, demands, claims, obligations or liabilities arising subsequent to the effective date of this Release with respect to the promises, covenants, representations and warranties contained in this Release.

D. WHEREFORE, in consideration of the foregoing and the mutual promises, covenants, representations and warranties set forth hereinbelow, the parties to this Release hereby agree as follows:

1. MICHAEL S. BROWN and THE LEGACY GROUP, L.P., jointly and severally, shall pay to EUGENE MARTIN and ROGER McINTOSH 15% of any amount MICHAEL S. BROWN or THE LEGACY GROUP, L.P., receive from or on account of the CITY OF WASCO, up to the sum of $341,487.01, plus interest at the rate of 18% per annum from December 19, 1994.

Payment shall be due if, and only if, THE LEGACY GROUP, L.P., or MICHAEL S. BROWN, or any assignee, partner, or representative of either, receives any payment pursuant to a judgment, receives any payment pursuant to a settlement, or otherwise receives any payment from the CITY OF WASCO, or any successor or associate thereof, arising out of THE LEGACY GROUP, L.P.'s and MICHAEL S. BROWN's claim against the

2





BP001244

CITY OF WASCO as described in the above-referenced Kern County Superior Court action.

The amount paid to EUGENE MARTIN and ROGER McINTOSH shall be 15% of any amount received from or on account of the CITY OF WASCO, without any deduction or setoff whatsoever.

2. Upon any payment or receipt from the CITY OF WASCO, MICHAEL S. BROWN and/or THE LEGACY GROUP, L.P., shall immediately notify EUGENE MARTIN and ROGER McINTOSH, in writing, of any such payment or receipt. Within 10 days after receipt from WASCO, the share of EUGENE MARTIN and ROGER McINTOSH shall be paid. A failure to make such payment within 10 days of receipt shall constitute a default under this agreement.

If MICHAEL S. BROWN or THE LEGACY GROUP, L.P., voluntarily dismiss any claim against the CITY OF WASCO without the express written consent of EUGENE MARTIN or ROGER McINTOSH, it shall constitute a default under this agreement. Such written consent by EUGENE MARTIN or ROGER McINTOSH shall not be unreasonably withheld.

3. To secure the payment stream described herein, MICHAEL S. BROWN and THE LEGACY GROUP, L.P., and each of them, shall enter into a Stipulation for Entry of

3



BP001245

judgment in Kern County Superior Court Case No. 217661-JES. The Stipulation for Entry of Judgment against MICHAEL S. BROWN and THE LEGACY GROUP, L.P., shall be in the amount of $341,487.01, plus interest at the rate of 18% per annum from December 19, 1994. The Stipulation for Entry of Judgment, unequivocal on its face, shall be held at the Law Offices of Arrache, Clark & Potter.

If MICHAEL S. BROWN or THE LEGACY GROUP, L.P., defaults on the payment described herein, EUGENE MARTIN and ROGER McINTOSH shall have the right to have the Judgment entered without further notice, hearing, or condition. MICHAEL S. BROWN and THE LEGACY GROUP, L.P., shall thereafter be given credit for all of the amounts paid, by a Memorandum of Credits to be filed with the Clerk of the Kern County Superior Court. Such Judgment shall be immediately enforceable in all respects against MICHAEL S. BROWN and THE LEGACY GROUP, L.P.

The Stipulation for Entry of Judgment shall provide that the amount of $341,487.01 shall include all principal, prejudgment interest, prejudgment costs, and prejudgment attorney's fees. A true copy of the Stipulation for Entry of Judgment and Judgment Thereon is attached hereto as "Exhibit A" and is incorporated herein by reference.

4.      Upon payment in full of the settlement amount of $341,487.01, plus interest at 18% from December 19, 1994, the original Stipulation for Entry of Judgment shall be returned to MICHAEL S. BROWN and THE LEGACY GROUP, L.P., and not filed with

4



the Court. Upon payment in full, no further payment under Paragraph 1 shall be due and payable.

5. The parties acknowledge that this Settlement Agreement and Mutual Release is subject to Kern County Superior Court Rule 336. The parties acknowledge that such Local Rule of Court requires that this Settlement Agreement and Mutual Release includes specific terms in compliance with that rule. The parties acknowledge that EUGENE MARTIN and ROGER McINTOSH must give notice to the Court of this settlement in compliance with that Rule of Court.

6. The parties agree that, upon full execution of all of the settlement documents, plaintiffs shall file with the Kern County Superior Court a Request for Dismissal, without prejudice. Such Request for Dismissal will reserve to the Court jurisdiction to set aside the dismissal and to enter judgment if the defendants default on the payments described in Paragraph 1 of this Agreement.

7. Each side shall bear its own attorney's fees and costs incurred in the litigation of Case No. 227661-JES and in conjunction with the negotiation and execution of this Settlement Agreement and the dismissal described herein. However, in the event it becomes necessary for any party to enforce or interpret the terms of this Settlement

5



Agreement and Mutual Release by resort to further litigation, then the prevailing party shall be entitled to reasonable attorney's fees and costs.

8. Time is of the essence with regard to the payment of the settlement sums described herein.

9. Except as to such rights, demands, claims, obligations or liabilities as may be created by this Settlement Agreement and Mutual Release, or the other documents described herein, each party hereby releases and forever discharges each other party, and each of them, as well as their respective agents, employees, partners, officers, directors, and attorneys from any and all claims, demands, damages, debts, liabilities, and cause or causes of action, whether now known or unknown, heretofore or hereafter arising out of, connected with, or incidental to the dealings between the parties hereto prior to the effective date of this Release.

10. Each party to this Release specifically waives the benefit of any policy or provisions of law to the effect that a general release does not extend to claims which the claimant does not know or suspect to exist in his favor at the time of executing a release which, if known by him, must have materially affected his settlement with the other party. Without limitation on the generality of the foregoing, each party to this Release specifically

6



waives the benefit of the provisions of Section 1542 of the Civil Code of the State of California, which provides as follows:

> "A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him, must have materially affected his settlement with the debtor..."

11. Each of the parties to this Release represents, warrants and agrees as follows:

    a. The parties hereto, and each of them, have read this Release; each have had the Release explained to him or it by counsel of his or its choice; each is aware of the content and legal effects of the Release; each is acting on the advise of counsel of his or its own choice and is not relying on any representations made by any other party, or such other party's attorney, or any other person, except as expressly set forth herein.

    b. Each party to this Release has made such investigation of the facts pertaining to this Release, and all of the matters pertaining to this Release, as he or it deems necessary.

    c. Each party has read this Release and understands the contents hereof.

    d. No party, nor any officer, agent, employee, representative or attorney for any party has made any statement or representation to any other party regarding any fact relied upon in entering into this Release, and each party does not rely upon any statement, representation or promise of any party, or of any officer, agent, employee, representative or



Jan-23-01 12:08P California Lawyers Group      p.11

BP001249

attorney for the other party in executing this Release, or in making the settlement provided for herein, except as expressly stated in this Release.

e.  None of the parties to this Release have heretofore assigned, transferred or granted, or purported to assign, transfer or grant any of the claims, demands and cause or causes of action dispose of by this Release.

f.  Each term of this Release is contractual and not merely a recital.

g.  Each party is aware that he or she may hereafter discover claims or facts in addition to or different from those he or she now knows or believes to be true with respect to the matters related herein. Nevertheless, it is the intention of the parties to fully, finally and forever settle and release all such matters, and all claims relative thereto, which do now exist or may exist between them. In furtherance of such intention, the releases given herein shall be and remain in effect as full and complete mutual releases of all such matters, notwithstanding discovery or existence of any additional or different claims or facts relative thereto.

h.  The parties will execute all such further and additional documents as shall be reasonable, convenient, necessary or desirable to carry out the provisions of this Release.

8



12. This Release shall be deemed to have been executed and delivered within the State of California, and the rights and obligations of the parties hereto shall be construed and enforced in accordance with, and governed by, the laws of the State of California.

13. This Release is the entire agreement between the parties with respect to the subject matter hereof, and it supersedes all prior and contemporaneous oral and written agreements and discussions. This Release may be amended only by an agreement in writing.

14. This Release is binding upon and shall inure to the benefit of the parties hereto, their respective agents, employees, representatives, general partners, limited partners, officers, directors, divisions, subsidiaries, affiliates, assigns, heirs, successors-in-interest, and shareholders.

15. Each party has cooperated in the drafting and preparation of this Release. Hence, in any construction to be made by this Release, the same shall not be construed against any party.

16. This Release affects the settlement of claims which are denied and contested and are being settled only to avoid further litigation. Nothing contained herein shall be construed as an admission by or a declaration against the interest of any party.

9



17. This Release may be executed in counterparts, and when each party has signed and delivered to the other at least one such counterpart, each counterpart shall be deemed an original, and when taken together with the other signed counterparts, shall constitute one agreement, which shall be binding upon and effective as to all parties. This Release shall be effective on the date of full execution by all parties hereto.

DATED: January 24, 2001

EUGENE MARTIN

DATED: January 25, 2001

ROGER McINTOSH

DATED: January 23, 2001

THE LEGACY GROUP, L.P.

By: _____
MICHAEL S. BROWN
Its General Partner

DATED: January 23, 2001

_____
MICHAEL S. BROWN

10

APPROVED AS TO FORM AND CONTENT:

ARRACHE, CLARK & POTTER

By:_____
    DAVID E. POTTER
    Attorneys for Plaintiffs,
    EUGENE MARTIN and
    ROGER McINTOSH,
    doing business as
    MARTIN-McINTOSH

CALIFORNIA LAWYERS GROUP, LLP

By:_____
    ROBERT B. SCAPA
    Attorneys for Defendants,
    MICHAEL S. BROWN and
    THE LEGACY GROUP, L.P.

11

ARRACHE, CLARK & POTTER
ATTORNEYS AT LAW
4000 EASTON DRIVE, SUITE 114
BAKERSFIELD, CALIFORNIA 93309-9424
(805) 328-1800

David B. Potter, SBN 85813

Attorneys for Plaintiff and Cross-Defendant, MARTIN-McINTOSH

# SUPERIOR COURT OF THE STATE OF CALIFORNIA
## COUNTY OF KERN, METROPOLITAN DIVISION

* * * * * * * *

| | |
|---|---|
| MARTIN-McINTOSH, a General Partnership, <br><br>Plaintiff, <br><br>vs. <br><br>MICHAEL S. BROWN; THE LEGACY GROUP, L.P.; THE CITY OF WASCO; WASCO COMMUNITY DEVELOPMENT COMPANY; a General Partnership; and DOES 2 through 100, inclusive, <br><br>Defendants. <br><br>AND CONSOLIDATED ACTION. <br><br>AND RELATED CROSS-ACTIONS. | Case No. 227661-JES <br><br> STIPULATION FOR ENTRY OF JUDGMENT AND JUDGMENT THEREON |

IT IS HEREBY STIPULATED by and between the plaintiff, MARTIN-McINTOSH, a General Partnership, by its general partners, EUGENE MARTIN and

1
STIPULATION FOR ENTRY OF JUDGMENT AND JUDGMENT THEREON

ROGER McINTOSH, and defendants, MICHAEL S. BROWN and THE LEGACY GROUP, L.P., that judgment in the above-captioned action may be entered in favor of plaintiff, MARTIN-McINTOSH, and against defendants, MICHAEL S. BROWN and THE LEGACY GROUP, L.P., in the sum of $341,487.01, plus interest at the rate of 18% per annum from December 19, 1994. This sum includes principal, pre-judgment interest, pre-judgment costs, and pre-judgment attorney's fees.

The parties agree that post-judgment attorney's fees and costs shall be recoverable by plaintiff. The amount of any post-judgment attorney's fees shall be approved by the Court.

DATED: January 26, 2001

GENE MARTIN

DATED: January 25, 2001

ROGER McINTOSH

DATED: January 23, 2001      THE LEGACY GROUP, L.P.

By: _____
    MICHAEL S. BROWN
    Its General Partner

DATED: January 23, 2001

MICHAEL S. BROWN

2
STIPULATION FOR ENTRY OF JUDGMENT AND JUDGMENT THEREON

APPROVED AS TO FORM AND CONTENT:

ARRACHE, CLARK & POTTER                CALIFORNIA LAWYERS GROUP, LLP

By:_____             By: _____
DAVID B. POTTER                        ROBERT B. SCAPA
Attorneys for Plaintiffs,              Attorneys for Defendants,
GENE MARTIN and                        MICHAEL S. BROWN and
ROGER McINTOSH,                        THE LEGACY GROUP, L.P.
doing business as
MARTIN-McINTOSH

# JUDGMENT

On reading and filing the Stipulation of the parties hereto for entry of judgment herein, and good cause appearing therefor,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that judgment in the above-captioned action be entered in favor of plaintiff, MARTIN-McINTOSH, and against defendants, MICHAEL S. BROWN and THE LEGACY GROUP, L.P., in the sum of $341,487.01, plus interest at the rate of 18% per annum from December 19, 1994. This sum includes principal, pre-judgment interest, pre-judgment costs, and pre-judgment attorney's fees.

Post-judgment attorney's fees and costs shall be recoverable by plaintiff. The amount of any post-judgment attorney's fees shall be approved by the Court.

DATED:_____         _____
                                      JUDGE OF THE SUPERIOR COURT

ARRACHE, CLARK
& POTTER
ATTORNEYS AT LAW
4900 CANYON DRIVE
SUITE 114
BAKERSFIELD,
CALIFORNIA 93309-9424

3
STIPULATION FOR ENTRY OF JUDGMENT AND JUDGMENT THEREON

Jan-23-01 12:06P California Lawyers Group     P.04
BP001256

# EXIBIT J BROWN DEC

COPY

ENDORSED

ARRACHE, CLARK & POTTER
ATTORNEYS AT LAW
4800 EASTON DRIVE, SUITE 114
BAKERSFIELD, CALIFORNIA 93309-9424
(805) 328-1800

David B. Potter, SBN 85813

Attorneys for Plaintiff and Cross-Defendant, MARTIN-McINTOSH

FILED
KERN COUNTY

MAR 17 1999

TERRY McNALLY, CLERK
BY_____DEPUTY

SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF KERN

* * * * * * * *

| | |
|---|---|
| MARTIN-McINTOSH, a General Partnership,<br><br>Plaintiff,<br><br>vs.<br><br>MICHAEL S. BROWN; THE LEGACY GROUP, L.P.; THE CITY OF WASCO; WASCO COMMUNITY DEVELOPMENT COMPANY; a General Partnership; and DOES 2 through 100, inclusive,<br><br>Defendants.<br><br>AND CONSOLIDATED ACTION.<br><br>AND RELATED CROSS-ACTIONS. | Case No. 227661-AEW<br><br>JUDGMENT FOR PLAINTIFF, MARTIN-McINTOSH, ON SEVERED CAUSE OF ACTION RELATING TO THE MECHANIC'S LIEN OF PLAINTIFF, MARTIN-McINTOSH<br><br>Trial Date: December 14, 1998<br>Time: 9:00 a.m.<br>Place: Department 11<br>Judge: Sidney P. Chapin<br>Filing Date: December 29, 1994 |

////////

The above-entitled action came on for trial on November 23, 1998, and December 14, 1998, in Department 11 of the above-entitled Court, before the Honorable Sidney P. Chapin, Judge, sitting without a jury. Plaintiff MARTIN-McINTOSH appeared by its counsel, Thomas S. Clark and David B. Potter of Arrache, Clark & Potter. Plaintiff TURMAN CONSTRUCTION CO., INC., appeared by its counsel, Kenneth W. Kind. THE CITY OF WASCO appeared by its counsel, N. Thomas McCartney of McCartney & Mercado. WASCO COMMUNITY DEVELOPMENT COMPANY appeared by its counsel, Maurile J. Tremblay. There were no other appearances.

Pursuant to a written Stipulation and Order filed with the Court, the Second Cause of Action of Plaintiff MARTIN-McINTOSH's First-Amended Complaint, for Foreclosure of Mechanic's Lien, was severed and tried separately on the dates set forth above. Pursuant to a written Stipulation and Order filed with the Court, the Third Count of Plaintiff TURMAN CONSTRUCTION CO., INC.'s Complaint for Foreclosure of Mechanic's Lien was severed and tried separately on the dates set forth above. All parties waived a jury for this separate trial relating to the foreclosure of Mechanic's Liens of Plaintiff MARTIN-McINTOSH and Plaintiff TURMAN CONSTRUCTION CO., INC.

The Court heard all of the evidence produced and introduced, both oral and documentary, by the respective parties. The case was closed and submitted to the Court for consideration and decision on December 18, 1998. The Court has been fully advised in the premises, has filed its Statement of Decision in the above-entitled action, and has directed that Judgment be entered in accordance with its Statement of Decision.

ARRACHE, CLARK
& POTTER
ATTORNEYS AT LAW
00 EASTON DRIVE
SUITE 114
BAKERSFIELD,
FORNIA 93309-9424
(05) 328-1800

2