JAT:lj:mh

James J. Braze, Esq.; SBN 75911
Jeffrey A. Travis, Esq.; SBN 235507
BORTON PETRINI, LLP
5060 California Avenue, Suite 700
Post Office Box 2026
Bakersfield, CA 93303
Telephone (661) 322-3051
email: jbraze@bortonpetrini.com
email: jtravis@bortonpetrini.com

Attorneys for Plaintiff, Roger McIntosh dba McIntosh & Associates

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION

| | |
|---|---|
| ROGER McINTOSH,<br><br>    Plaintiff,<br><br>v.<br><br>NORTHERN CALIFORNIA UNIVERSAL ENTERPRISES COMPANY, a California corporation; LOTUS DEVELOPMENTS, LLP; THE CITY OF WASCO, a municipal corporation; DEWALT CM, INC., a California corporation also doing business as DEWALT CORPORATION; and DOES 1 through 10, inclusive<br><br>    Defendants. | Case No. 1:07-CV- 01080 LJO-GSA<br><br>SEPARATE STATEMENT OF UNDISPUTED MATERIAL FACTS |

| PUBLICATION - UNDISPUTED MATERIAL FACTS | | |
|---|---|---|
| NO. | UNDISPUTED MATERIAL FACTS | EVIDENCE |
| 1. | Martin-McIntosh entered into a contract with Legacy Group in 1992 to prepare a Tentative Map and Improvement plans for the Valley Rose Subdivision | Exhibit "1", Declaration of Roger McIntosh, ¶6, Exhibit "A". ("McIntosh Decl.") |
| 2. | Martin-McIntosh Retained ownership of their work pursuant to the contract between it and the Legacy Group | Exhibit "1", Declaration of Roger McIntosh, ¶6, Exhibit "A", (Provisions 8, 9, and 13 ) |
| 3. | The City of Wasco approved the 5472 Tentative Map and Improvement Plans with conditions. | Exhibit "1", McIntosh Decl., ¶7, Exhibit "B"; Exhibit "2", Declaration of Jeffrey A. Travis, ¶4, Exhibit "C" ("Travis Decl.") (Resolution No. 05-10 by the City of Wasco approving Tentative Map No. 6451) Exhibit "2", Declaration of Jeffrey A. Travis, ¶4, Exhibit "R" (Deposition of Terry Schroepfer, 8:7281, and ex. "f" attached thereto) Travis Decl., Exhibit "P", The City of Wasco's Response to Roger McIntosh's Request For Admissions No. 1. Exhibit "3", Request for Judicial Notice, Exhibit "A", City of Wasco Municipal Code, §16.16 et seq. |

| 4. | The 5472 Tentative Map expired | Travis, Decl. ¶15, Exhibit "R" (2/2/2000 Quad Knopf Report and Letter attached as Exhibit 2 to Deposition of Terry Schroepfer, page 2) <br><br> Travis, Decl. ¶ 5, Exhibit "D" (Gutierrez Deposition, Exhibit "3", page 3-002, and exhibit "4", provision A) <br><br> Travis, Decl. ¶ 4 , Exhibit "B," Development Agreement, Clauses 2.17, 3, 4.2, 4.4. |
|---|---|---|

## PUBLICATION - CONCLUSIONS OF LAW

| NO. | CONCLUSIONS OF LAW |
|---|---|
| | The submission of a tentative map to a public entity is, by law, not a publication. (17 USC 101 of the Copyright Act 17 USC §101 *Del Madera Properties v. Rhodes and Gardner*, 637 F.Supp. 262, 264 (N.D. Ca. 1985) *Paul v. Pederson* (1st Dist. 1959) 174 Cal. App.2d 744, 750; *John G. Danielson, Inc. v. Winchester-Conant Properties, Inc.* 186 F.Supp.2d 1, 18 (D.Mass. 2002) *Kunycia v. Melcville Realty Co.*, 755 F.Supp. 566, 574 (S.D.N.Y. 1990) *Intown Enters., Inc. v. Barnes*, 721 F.Supp. 1263, 1266 (N.D.Ga. 1989)) |

## IMPLIED LICENSE - UNDISPUTED MATERIAL FACTS

| NO. | UNDISPUTED MATERIAL FACTS | EVIDENCE |
|---|---|---|
| 5. | The contract to create the 5472 Map and Improvement plans was between Martin-McIntosh and Legacy Group | Exhibit "1" McIntosh, Decl., ¶ 5, Exhibit"A" |
| 6. | Martin-McIntosh Retained ownership of their work pursuant to the contract between | Decl. of Roger McIntosh, Exhibit"A" attached thereto (Provisions 12 and 13) |

| | | |
|---|---|---|
| | it and the Legacy Group | |
| 7. | The copyrighted works were to be used only by the Legacy Group and only in connection with the 5472 Project | Decl. of Roger McIntosh, Exhibit "A" attached thereto (Provision 13) |
| 8. | Wasco was never given permission by McIntosh to use the 5472 Tentative map or plans to process the 6451 Maps | Declaration of Roger Mcintosh, ¶ 8<br><br>Exhibit "3", Request for Judicial Notice, Exhibit "A", City of Wasco Municipal Code, §16.37.050 |
| 9. | Northern was never given permission by McIntosh to use the 5472 Tentative map or plans to process the 6451 Maps | Declaration of Roger Mcintosh, ¶ 9, and<br><br>Travis Decl., Exhibit "O", Deposition of Roger McIntosh 182:3-25; 183:1-17. |
| 10. | Lotus was Never given permission by McIntosh to use the 5472 Tentative map or plans to process the 6451 Maps | Declaration of Roger Mcintosh, ¶ 9 |
| 11. | Dewalt was never given permission by McIntosh to use the 5472 Tentative map or plans to process the 6451 Maps | McIntosh Decl., ¶8<br><br>Travis Decl., ¶ 13; McIntosh Dep. 197: 6-16 |
| 12. | McIntosh's office told Joe Wu of Northern California Universal that he could not have the improvement plans for Tract No. 5472 because they were owned by another company | Travis Decl., Exhibit "I", Deposition of Joe Wu, person most knowledgeable for Northern and Lotus (40:14-25, 41:1-10)<br><br>Travis, ¶ 13, Exhibit "0", McIntosh Dep. pages 181-183. |

### IMPLIED LICENSE - CONCLUSIONS OF LAW

There is no implied license when the copyright holder never intends for the alleged licensee to copy and distribute its work. (See, *Effects Assoc. Inc. v. Cohen*, 908 F.2d 555, 558-559 (9th Cir. 1990) 3 *Melville B. Nimmer & David B. Nimmer, Nimmer on Copyright*, §10.03[A][7](2001) *John G. Danielson, Inc. v. Winchester-Conant Properties, Inc.* 186 F.Supp.2d 1, 18 (D.Mass. 2002)).

Because a tentative map is required to be submitted by a government entity, it is not, as a matter of law, an act constituting a license. (*Effects Assoc. Inc. v. Cohen*, 908 F.2d 555, 558-559 (9th Cir. 1990) 3 *Melville B. Nimmer & David B. Nimmer, Nimmer on Copyright*, §10.03[A][7](2001) *John G. Danielson, Inc. v. Winchester-Conant Properties, Inc.* 186 F.Supp.2d 1, 18 (D.Mass. 2002));

| | FIRST SALE DOCTRINE | |
|---|---|---|
| NO. | UNDISPUTED MATERIAL FACTS | EVIDENCE |
| 13. | The contract to create the 5472 Map and Improvement plans was between Martin-McIntosh and Legacy Group | Exhibit "1", McIntosh, Decl., Exhibit"A" |
| 14. | Contract between Martin-McIntosh and Legacy Group provided that Martin-McIntosh retained ownership of the works they created, pursuant to the contract. | Decl. of Roger McIntosh, Decl., Exhibit"A" (Provisions 12 and 13) |
| 15. | Martin-McIntosh Retained ownership of the works created for Legacy Group | McIntosh, Decl. Exhibit"A" (Provision 13) |
| 16. | The 5472 map and plans were to be used only by Legacy Group in connection with the project | McIntosh, Decl., Exhibit"A" (Provision 13) |
| 17. | The 5472 Tentative Map and Improvement Plans were transferred to Roger McIntosh | McIntosh, ¶ 12, Exhibit"C", provision 2(a). |
| 18. | Wasco Never Paid McIntosh for the use of the Copyrighted Work | McIntosh Declaration, ¶ 11 |
| 19. | NCUE never paid McIntosh for use of the Copyrighted Work | McIntosh Declaration, ¶ 11 |
| 20. | Lotus never paid McIntosh for the use of the Copyrighted Work | McIntosh Declaration, ¶ 11 |
| 21. | DeWalt never paid McIntosh for the use of the Copyrighted Work | McIntosh Declaration, ¶ 11 |

## FIRST SALE DOCTRINE - CONCLUSIONS OF LAW

The first Sale doctrine does not apply unless the owner voluntarily releases his work (17 USC 109 *Parfums Givenchy, Inc. v. Drug Emporium, Inc.*, C.A.9 (Cal.) 1994, 38 F.3d 477, 32 U.S.P.Q.2d 1512).

## ABANDONMENT - UNDISPUTED MATERIAL FACTS

| NO. | UNDISPUTED MATERIAL FACTS | EVIDENCE |
|---|---|---|
| 22. | Contract between Martin-McIntosh and Legacy Group provided that Martin-McIntosh retained ownership of the 5472 map and plans | Decl. of Roger McIntosh, Exhibit "A" |
| 23. | The 5472 map and plans were to be used only by Legacy Group in connection with the project | Decl. of Roger McIntosh, Exhibit "A" (Provision 13) |

## ABANDONMENT - CONCLUSIONS OF LAW

Abandonment only occurs when there is a showing that the copyright holder intends to surrender his rights in the work and there is an overt act by the plaintiff evidencing that act. (CLH, Copyrights, §17.19); 4 *Melville B. Nimmer & David B. Nimmer, Nimmer on Copyright*, §13.06 (2001); *Micro Star v. Formgen, Inc.*, 154 F.3d 1107, 1114 (9th Cir.1998); *Pacific & Southern Co., Inc. v. Duncan*, 572 F. Supp. 1186 (N.D. Ga. 1983), aff'd, 744 F.2d 1490 (11th Cir. 1984)).

The act of submitting a tentative map for approval by a municipality is not, by law, an overt act of abandonment under copyright laws. (*John G. Danielson, Inc. v. Winchester-Conant Properties, Inc.* 186 F.Supp.2d 1, 24 (D.Mass. 2002); *Del Madera Properties v. Rhodes and Gardner* 637 F.Supp. 262, 264 (N.D. Ca. 1985); *Paul v. Pederson* (1st Dist. 1959) 174 Cal. App.2d 744, 751;

| NO. | UNDISPUTED MATERIAL FACT | EVIDENCE |
|---|---|---|
| | **MERGER – UNDISPUTED MATERIAL FACTS** | |
| 24. | The Valley Rose subdivision could have been re-designed by the developer | Travis, Decl., ¶ 8, Exhibit "G", Depo. of Alan Peake, Pgs. 8:14-25; 9:1-14; 10:11-25; 11:1<br><br>Travis, Decl., Exhibit "E", Depo. of Larry Pennell, Pgs. 20:24-25, 21:1-21<br><br>Travis, Decl., Exhibit "F", Depo. of Keith Woodcock, Pgs. 25:2-25; 26:1-2<br><br>Travis, Decl., Exhibit "H", Plaintiffs Expert Depo. of James Delmarte, Pg. 66:5-19<br><br>Travis, Decl., Exhibit "Q", Defendants Expert Depo. of Stephen Wang, Pgs. 50:9-25;51; 52:1-20; 54:8-25; 55; 56:1-5<br><br>McIntosh, Decl., ¶ 13 |

**MERGER - CONCLUSIONS OF LAW**

The merger doctrine "will not protect a copyrighted work from infringement if the idea underlying the copyrighted work can be expressed in only one way, lest there be a monopoly on the underlying idea." (*Ets-Hokin v. Skyy Spirits, Inc.*, 225 F.3d 1068, 1082 (9th Cir.2000) *CDN, Inc. v. Kapes*, 197 F.3d 1256, 1261 (9th Cir.1999).

The fact that a governmental entity adopts a particular design scheme for the potential development of a property does not cause that scheme to merge with the unprotected idea of developing the property in the form of a tentative map. (*John G. Danielson, Inc. v. Winchester-Conant Properties, Inc.* 186 F.Supp.2d 1, 24 (D.Mass. 2002); *Del Madera Properties v. Rhodes and Gardner* 637 F.Supp. 262, 264 (N.D. Ca. 1985)).

**STATUTE OF LIMITATIONS – UNDISPUTED MATERIAL FACTS**

| NO. | UNDISPUTED MATERIAL FACT | EVIDENCE |
|---|---|---|
| 25. | Northern Entered into a contract | Travis, ¶ 5, Exhibit "D"(Deposition of |

| | | |
|---|---|---|
| | to prepare the tentative map in September of 2004 | Jeffrey Gutierrez, 31:1-11, Exhibit "4"). Travis Decl., ¶18, Exhibit "T", (Invoices for preparing map No. 6451 attached as exhibit 5 to deposition of Jeff Gutierrez) |
| 26. | McIntosh was unaware of the contract between NCUE and Dewalt in September of 2004 | McIntosh Decl., ¶ 15 |
| 27. | McIntosh filed his claim in February of 2007 | Request for Judicial Notice, Exhibit "C", Copyright Registration Filed in 2/2007 and Complaint, filed in 7/2007. |
| 28. | McIntosh only became aware of the use of his improvement plans and the probability of his map being copied in 2006 | Travis, Decl., ¶13, Exhibit "O", Pgs. 108:8-25, 109:1-22, McIntosh Dep., |

## STATUTE OF LIMITATIONS – CONCLUSIONS OF LAW

There is a 3 year statute of limitations from when a copyright claim accrues. (17 USC 507(b))  A copyright claim only begins accruing when one has actual knowledge of infringement. (*Roley v. New World Pictures*, 19 F.3d 479, 481 (9th Cir.1994) *Kling v. Hallmark Cards, Inc.*, 225 F.3d 1030, 1038 (9th Cir.2000)).

## LACHES – UNDISPUTED MATERIAL FACTS

| NO. | UNDISPUTED MATERIAL FACTS | EVIDENCE |
|---|---|---|
| 29. | Plaintiff did not know of infringing activity until November or December of 2006 | Decl. of Roger McIntosh, ¶15 Declaration of Jeffrey A. Travis, Exhibit "O" McIntosh Dep., Pgs. 108:8-25;109:1-22; 195:12-25; 196:1-10 |
| 30. | Plaintiff brought his suit in February of 2007 | Request for Judicial Notice, Exhibit "A", Complaint, filed on 7/26/2007 |
| 31. | Homes were already being built on the Valley Rose subdivision | Travis, Decl., ¶13, Exhibit "O", Pgs. 108:8-25, 109:1-22, McIntosh Dep., |

| | | |
|---|---|---|
| | when McIntosh discovered the infringement | |
| 32. | The homes were not completed on the subdivision until 2007 | See, Exhibit "3", Request for Judicial Notice, Exhibit "B", Kern County Assessor's records showing homes were completed by Northern in 2007 |

## LACHES – CONCLUSIONS OF LAW

Laches is an equitable time limitation on a party's right to bring suit. (See, *Kling v. Hallmark Cards, Inc.*, 225 F.3d 1030, 1036 (9th Cir.2000); *New Era Publ'ns Int'l v. Henry Holt & Co.*, 873 F.2d 576, 585 (2d Cir.1989))

To obtain a judgment on this affirmative defense, a defendant must prove both an 1) unreasonable delay by the plaintiff and 2) prejudice to itself." *Couveau v. American Airlines*, 218 F.3d 1078, 1083 (9th Cir.2000)

## INDEPENDENT CREATION - UNDISPUTED MATERIAL FACTS

| | | |
|---|---|---|
| 33. | Northern Had Access to The 5472 Tentative Map and Plans from Wasco | Travis Decl., ¶12, Exhibit "N", Dep. of Bob Wren, 10:14-25, 11:1-6<br><br>Travis Decl., ¶10, Exhibit "I", Dep. of Joe Wu, 69:20-25; 70:1-13; 71:1-12 |
| 34. | Wasco Had Access to The 5472 Tentative Map and Plans | Travis Decl., ¶10, Exhibit "S", (Tentative Map No. 5472 attached as an appendix to Developer Information Package given by Wasco to purchasing developers) |
| 35. | DeWalt Had Access to The 5472 Tentative Map and Plans | Travis Decl., ¶5, Exhibit "D," exhibit 7 attached to Gutierrez Deposition as PMK for DeWalt CM, Inc. (emails sent from Wasco to DeWalt with the 5472 improvement plans attached)<br><br>Travis Decl., ¶20, Exhibit "V" (Supplemental Response No. 2 wherein DeWalt admits it used Tentative Map No. 5472 in assisting in the preparation of Tentative Map No. 6451) ("TTM 5472" or, Tentative Tract Map 5472)<br><br>Travis Decl., ¶21, Exhibit "W" (Supplemental Response to Request for |

| | | |
|---|---|---|
| | | Admissions Nos. 1, 4, and 6 wherein DeWalt admits it requested information from the City of Wasco which may have included the 5472 Map, and it used and saw Tentative Map No. 5472 in assisting in the preparation of Tentative Map No. 6451) |
| 36. | Wasco Made the 5472 Map Available to Defendants | Travis Decl., ¶12, Exhibit "N", Dep. of Bob Wren, 10:14-25; 11:1-6. |
| 37. | DeWalt Admitted it Compared the 6451 Tentative Map with the 5472 Map and Plans | Travis Decl. ¶19, Exhibit "U," Dep. of Sarah Burgi. 8:2-4; 9:5-12; 12:5-12; 13:1-16.<br><br>Travis Decl., ¶18, Exhibit "T", Gutierrez Dep. as PMK for Dennis W. DeWalt, Inc.; 17:20-25; 18; 19:1-7 |

### INDEPENDENT CREATION - CONCLUSIONS OF LAW

The act of copying is rarely witnessed so copying is ordinarily established indirectly which is proved by the plaintiff demonstrating that the defendant had 1) access to the copyrighted items, and 2) that the defendant's product is substantially similar to plaintiffs' work. Once this is done, the burden shifts to the defendant to prove his work was not copied, but independently created. *Kamar Int'l. v. Russ Berrie and Co.*, (9th Cir. 1982) 657 F.2d 1059, 1962.

Proof of access requires only "an opportunity to view or to copy plaintiff's work". *Kamar Int'l. v. Russ Berrie and Co.*, (9th Cir. 1982) 657 F.2d 1059, 1962, citing *Sid & Marty Krofft Television v. McDonald's Corp.*, 562 F.2d 1157, 1172 (9th Cir. 1977) (underline added)

DATED: September 29, 2009

BORTON PETRINI, LLP

By: _____
Jeffrey A. Travis, Attorney for Plaintiff,
Roger McIntosh dba McIntosh & Associates

# PROOF OF SERVICE
## (FRCP No. 5(b)(2)(E))

**STATE OF CALIFORNIA, COUNTY OF KERN**

I, Vanessa J. Claridge, declare:

I am a citizen of the United States. I am employed in the County of Kern, State of California. I am over the age of 18 and not a party to the within action; my business address is 5060 California Avenue, Suite 700, Bakersfield, California 93309.

On **September 29, 2009**, I served the foregoing document described as **SEPARATE STATEMENT OF UNDISPUTED MATERIAL FACTS** on the other party(ies) in this action as follows:

| | |
|---|---|
| Steven John Hassing, Esq.<br>Law Offices of Steven J. Hassing<br>425 Calabria Court<br>Roseville, CA 95747<br><br>email address: **stevehassing@yahoo.com** | Attorneys for Attorneys for Defendants,<br>Northern California Universal Enterprises<br>Company and Lotus Developments<br>Tel:   916/677-1776<br>**Fax:   916/677-1770** |
| Chaka Okadigbo<br>**Garcia Calderon Ruiz, LLP**<br>500 South Grand Ave Suite 1100<br>Los Angeles, CA 90071<br>email address: **cokadigbo@gcrlegal.com** | Attorneys for Defendant, City of Wasco<br><br>Tel: 213/347-0210<br>**Fax: 213-347-0216** |
| William L. Alexander, Esq.<br>Alexander & Associates<br>1925 "G" Street<br>Bakersfield, CA 93301<br>email address: **walexander@alexander-law.com** | Attorneys for Defendant, DeWalt CM, Inc.<br><br>Tel: 661/316-7888<br>**Fax: 661/316-7890** |

X   **BY ELECTRONIC SERVICE:** Pursuant to Fed. R. Civ. P. 5(b)(2)(E) and Local Court Rule(s), the foregoing document will be served by the court via CM/ECF.. Pursuant to the CM/ECF docket for this case proceeding the following person(s) are on the Electronic Mail Notice List to receive ECF transmission at the email address(es) indicated below:

X   **BY OVERNIGHT MAIL:** I caused such envelope with postage fully prepaid to be sent by Golden State Overnight Mail.

Executed on **September 29, 2009**, at Bakersfield, California.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

_____
Vanessa J. Claridge