lj:st

1   James J. Braze, Esq.; SBN 75911
    Jeffrey A. Travis, Esq.; SBN 235507
2   BORTON PETRINI, LLP
    5060 California Avenue, Suite 700
3   Post Office Box 2026
    Bakersfield, CA 93303
4   Telephone (661) 322-3051

5   Attorneys for Plaintiff, Roger McIntosh

6

7

8                     UNITED STATES DISTRICT COURT

9          EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION

10

11   ROGER McINTOSH,                    | Case No.  107CV 01080 LJO-WMW
                                        |
12                Plaintiff,            |
                                        | REQUEST FOR JUDICIAL NOTICE IN
13   v.                                 | SUPPORT OF MOTION FOR PARTIAL
                                        | SUMMARY JUDGMENT
14   NORTHERN CALIFORNIA UNIVERSAL      |
     ENTERPRISES COMPANY, et al,        |
15                                      | DATE:  October 28, 2009
                  Defendants.          | TIME:  8:30 a.m.
16                                      | DEPT:  10
                                        | JUDGE: Lawrence J. O'Neill;
17                                      |        Gary S. Austin

18

19   REQUEST FOR JUDICIAL NOTICE

20            Plaintiff, Roger A. McIntosh, ("McIntosh") hereby request the Court take judicial

21   notice of the following documents attached hereto as Exhibits A through C.  This request is made

22   pursuant to Rule 201 of the Federal Rules of Evidence and the authorities cited below.  This request

23   is made in support of Roger McIntosh's Motion for Summary Adjudication as to defendant's

24   affirmative defenses.

25   ///

26   ///

27   ///

28   ///

A-PDF Split DEMO : Purchase from www.A-PDF.com to remove the watermark

H:\PUBLIC\054493\060971
McIntosh v. Northern\RJN
ISO MSJ [REV 2].wpd

                                        1

| EXHIBIT | DESCRIPTION |
|---------|-------------|
| A | Wasco Municipal Code, Title 16, Subdivisions (downloaded and printed from the City of Wasco's website at http://www.municode.com/Resources/gateway.asp?pid=16680&sid =5) |
| B | Kern County Property Profiles for homes constructed in the Valley Rose subdivision (downloaded from http://www.assessor.co.kern.ca.us/propertysearch/index.php) |
| C | Copy of original complaint filed on July 26, 2007 by Roger McIntosh in case No. 107CV 01080 LJO-WMW and with Copyright Registration No. VAU721-180 filed on February 28, 2008 attached as Exhibit A. |

## BASIS FOR REQUESTING JUDICIAL NOTICE

At any stage of a proceeding, a court may take judicial notice of facts which are not subject to reasonable dispute in accordance with Federal Rules of Evidence 201. Courts may take judicial notice of documents outside of the complaint that are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(d); *Wietschner v. Monterey Pasta Co.*, 294 F.Supp. 2d 1117, 1109 (N.D. Cal. 2003). As explained below the Court may take judicial notice of Exhibits A through C.

Exhibits A through C: Public records and government documents, including those available from reliable sources on the Internet, are subject to judicial notice. *Paralyzed Veterans of America v. McPherson*, 2008 WL 4183981 (N.D.Cal.2008); *U.S. ex rel. Dingle v. BioPort Corp.*, 270 F.Supp.2d 968 (W.D.Mich.2003), affirmed 388 F.3d 209, certiorari denied 125 S.Ct. 1708, 544 U.S. 949. A court may take judicial notice of "undisputed matters of public record." *Lee v. City of Los Angeles*, 250 F.3d 668, 688-689 (9th Cir. 2001) (citing *Mack v. South Bay Beer Distributors, Inc.*, 798 F.2d 1279, 1282 (9th Cir.1986)).

Exhibits A through C are all public documents. Exhibit A is the Wasco municipal code and the referenced section, Title 16, is a local addendum to California's Subdivision Map Act;

1   Exhibit B are property profiles downloaded and printed from the Kern County Assessor/Recorder's

2   website which is public record; and Exhibit C is a complaint of record in this case.

3       The contents of these exhibits are public records that are "not subject to reasonable

4   dispute [and] capable of accurate and ready determination by resort to sources whose accuracy

5   cannot reasonably be questioned." Fed. R. Evid. 201(b)(2). These exhibits reflect the proceedings

6   in other federal courts, and are appropriate for judicial notice as set forth in *McPherson*.

7       For the foregoing reasons, plaintiff requests that the Court take judicial notice of

8   exhibits A through C.

9   DATED:   September 29, 2009

10                      BORTON PETRINI, LLP

11

12                      By:

13                      Jeffrey A. Travis, Attorney for Plaintiff,
                        Roger McIntosh

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

**PROOF OF SERVICE**
**(FRCP No. 5(b)(2)(E))**

3

**STATE OF CALIFORNIA, COUNTY OF KERN**

4

5

I, Vanessa J. Claridge, declare:

6

7

I am a citizen of the United States. I am employed in the County of Kern, State of California. I am over the age of 18 and not a party to the within action; my business address is 5060 California Avenue, Suite 700, Bakersfield, California 93309.

8

9

On **September 29, 2009**, I served the foregoing document described as **REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT** on the other party(ies) in this action as follows:

10

11

12

Steven John Hassing, Esq.
 Law Offices of Steven J. Hassing
425 Calabria Court
Roseville, CA 95747
email address: **stevehassing@yahoo.com**

Attorneys for Attorneys for Defendants,
Northern California Universal Enterprises
Company and Lotus Developments
Tel:    916/677-1776
**Fax:    916/677-1770**

13

14

15

Chaka Okadigbo
**Garcia Calderon Ruiz, LLP**
500 South Grand Ave Suite 1100
Los Angeles, CA 90071
email address: **cokadigbo@gcrlegal.com**

Attorneys for Defendant, City of Wasco

Tel: 213/347-0210
**Fax: 213-347-0216**

16

17

18

William L. Alexander, Esq.
Alexander & Associates
1925 "G" Street
Bakersfield, CA 93301
email address: **walexander@alexander-law.com**

Attorneys for Defendant, DeWalt CM, Inc.

Tel: 661/316-7888
**Fax: 661/316-7890**

19

20

21

☒   **BY ELECTRONIC SERVICE:**  Pursuant to Fed. R. Civ. P. 5(b)(2)(E) and Local Court Rule(s), the foregoing document will be served by the court via CM/ECF..  Pursuant to the CM/ECF docket for this case proceeding the following person(s) are on the Electronic Mail Notice List to receive ECF transmission at the email address(es) indicated below:

22

☒   **BY OVERNIGHT MAIL:** I caused such envelope with postage fully prepaid to be sent by Golden State Overnight Mail.

23

Executed on **September 29, 2009**, at Bakersfield, California.

24

25

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

26

27

_____Vanessa J. Claridge_____

28

EXHIBIT "A"

| EXHIBIT | DESCRIPTION |
|---------|-------------|
| A | Wasco Municipal Code, Title 16, Subdivisions (downloaded and printed from the City of Wasco's website at http://www.municode.com/Resources/gateway.asp?pid=16680&sid=5) |
| B | Kern County Property Profiles for homes constructed in the Valley Rose subdivision (downloaded from |
| C | Copy of original complaint filed on February 28, 2009 by Roger McIntosh in case No. 107CV 01080 LJO-WMW and with Copyright Registration No. VAU721-180 attached. |

## BASIS FOR REQUESTING JUDICIAL NOTICE

At any stage of a proceeding, a court may take judicial notice of facts which are not subject to reasonable dispute in accordance with Federal Rules of Evidence 201. Courts may take judicial notice of documents outside of the complaint that are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(d); *Wietschner v. Monterey Pasta Co.*, 294 F.Supp. 2d 1117, 1109 (N.D. Cal. 2003). As explained below the Court may take judicial notice of Exhibits A through C.

Exhibits A through C: Public records and government documents, including those available from reliable sources on the Internet, are subject to judicial notice. *Paralyzed Veterans of America v. McPherson*, 2008 WL 4183981 (N.D.Cal.2008); *U.S. ex rel. Dingle v. BioPort Corp.*, 270 F.Supp.2d 968 (W.D.Mich.2003), affirmed 388 F.3d 209, certiorari denied 125 S.Ct. 1708, 544 U.S. 949. A court may take judicial notice of "undisputed matters of public record." *Lee v. City of Los Angeles*, 250 F.3d 668, 688-689 (9th Cir. 2001) (citing *Mack v. South Bay Beer Distributors, Inc.*, 798 F.2d 1279, 1282 (9th Cir.1986)).

Exhibits A through C are all public documents. Exhibit A is the Wasco municipal code and the referenced section, Title 16, is a local addendum to California's Subdivision Map Act; Exhibit B are property profiles downloaded and printed from the Kern County Assessor/Recorder's

1   website which is public record; and Exhibit C is a complaint of record in this case.

2        The contents of these exhibits are public records that are "not subject to reasonable

3   dispute [and] capable of accurate and ready determination by resort to sources whose accuracy

4   cannot reasonably be questioned." Fed. R. Evid. 201(b)(2). These exhibits reflect the proceedings

5   in other federal courts, and are appropriate for judicial notice as set forth in *McPherson.*

6        For the foregoing reasons, plaintiff requests that the Court take judicial notice of

7   exhibits A through C.

8

9   DATED:   July ____, 2009

10                              BORTON PETRINI, LLP

11

12                              By:_____
                                   Jeffrey A. Travis, Attorney for Plaintiff,
13                                 Roger McIntosh

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

H:\PUBLIC\054493\060971
McIntosh v. Northern\RJN
ISO MSJ [REV 2].wpd

REQUEST FOR JUDICIAL NOTICE

1

**PROOF OF SERVICE**
**(FRCP No. 5(b)(2)(E))**

2

**STATE OF CALIFORNIA, COUNTY OF KERN**

3

4

I, Gina Pomato, declare:

5

6

I am a citizen of the United States. I am employed in the County of Kern, State of California. I am over the age of 18 and not a party to the within action; my business address is 5060 California Avenue, Suite 700, Avenue, Bakersfield, California 93309.

7

8

On **December** ____, **2008** , I served the foregoing document described as **REQUEST FOR PRODUCTION OF DOCUMENTS, SET NO. TWO, TO NORTHERN CALIFORNIA UNIVERSAL ENTERPRISES** on the other party(ies) in this action as follows:

9

10

Steven John Hassing, Esq.
**Law Offices of Steven J. Hassing**
425 Calabria Court
Roseville, CA 95747

11

12

Attorneys for Attorneys for Defendants,
Northern California Universal Enterprises
Company and Lotus Developments
Tel:   916/677-1776
**Fax:   916/677-1770**

13

email address: **stevehassing@yahoo.com**

14

Chaka Okadigbo
**Garcia Calderon Ruiz, LLP**
500 South Grand Ave Suite 1100
Los Angeles, CA 90071

15

16

Attorneys for Defendant, City of Wasco

Tel: 213/347-0210
**Fax: 213-347-0216**

17

email address: **cokadigbo@gcrlegal.com**

18

☐ **BY ELECTRONIC SERVICE:** Pursuant to Fed. R. Civ. P. 5(b)(2)(E) and Local Court Rule(s), the foregoing document will be served by the court via CM/ECF.. Pursuant to the CM/ECF docket for this case proceeding the following person(s) are on the Electronic Mail Notice List to receive ECF transmission at the email address(es) indicated below:

19

20

☐ **BY MAIL:** As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at , California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

21

22

23

24

Executed on **December** ____, **2008**, at Bakersfield, California.

25

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

26

27

_____          _____
Gina Pomato                              /s/ Gina Pomato

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

H:\PUBLIC\054493\060971
McIntosh v. Northern\RJN
ISO MSJ [REV 2].wpd

REQUEST FOR JUDICIAL NOTICE

Case 1:07-cv-01080-LJO-GSA   Document 126   Filed 09/29/09   Page 10 of 15

# Title 16  SUBDIVISIONS

Chapters:

16.04 General Provisions
16.08 Definitions
16.12 Administration and Enforcement
16.16 Tentative Maps
16.20 Final and Parcel Maps
16.26 Vesting Tentative Maps
16.28 Design Standards
16.32 Improvements
16.36 Exceptions
16.40 Appeals
16.44 Storm Drainage Fees
16.46 Park Land Dedication
16.48 Violation--Penalty
 Appendix A

# Chapter 16.04  GENERAL PROVISIONS

Sections:
16.04.010  Title.
16.04.020  Purpose.

## 16.04.010  Title.

This title shall be known as the subdivision ordinance of the city.

(Ord. 474 (part), 2002).

## 16.04.020  Purpose.

This title is adopted to supplement and implement the Subdivision Map Act of the state and shall apply to all subdivision within the city.

(Ord. 474 (part), 2002).

# Chapter 16.08  DEFINITIONS

Sections:
16.08.010  Generally.
16.08.020  Advisory agency.
16.08.030  Alley.
16.08.040  Appeals board.
16.08.050  Arterial street.
16.08.060  Block.
16.08.070  Collector street.
16.08.080  Commission.
16.08.090  Cul-de-sac street.
16.08.100  Designated city official.
16.08.110  Distribution line.

16.08.120 Frontage street or frontage road.
16.08.130 Legislative body.
16.08.140 Local street.
16.08.150 Lot.
16.08.155 Improvement.
16.08.157 Project area.
16.08.160 Sidewalk.
16.08.170 Standards.
16.08.180 Stubbed street.
16.08.190 Subdivision Map Act or Map Act.
16.08.200 Subdivision Map Act terms.
16.08.210 Transmission line.

## 16.08.010  Generally.

The words and phrases in this chapter shall have the meanings respectively ascribed to them in Sections 16.08.020 through 16.08.210.

(Ord. 474 (part), 2002).

## 16.08.020  Advisory agency.

"Advisory agency" means the planning commission of the city.

(Ord. 474 (part), 2002).

## 16.08.030  Alley.

"Alley" means a public way permanently reserved primarily for vehicular service access to the rear or side of properties otherwise abutting on a street.

(Ord. 474 (part), 2002).

## 16.08.040  Appeals board.

"Appeals board" means the city council of the city.

(Ord. 474 (part), 2002).

## 16.08.050  Arterial street.

"Arterial street" means a street designated as an arterial street in the general plan which, because of its design and location with respect to other streets and other sources of traffic, is used or designed to carry relatively heavy volumes of traffic through an urban area or between urban area or between urban areas, which serves as approach to a highway or freeway.

(Ord. 474 (part), 2002).

## 16.08.060  Block.

"Block" means the distance, measured along a street centerline between the centerlines of intersecting streets, between the centerline of an intersecting street and a railroad right-a-way, or between the centerline of an intersecting street and the end of said street.

(Ord. 474 (part), 2002).

## 16.08.070  Collector street.

"Collector street" means a street designated as a collector street in the general plan which, because of its location with respect to other streets and other sources of traffic, is used or designed to carry moderately heavy volumes of traffic between portions of urban areas or between arterial streets.

(Ord. 474 (part), 2002).

## 16.08.080  Commission.

"Commission" means the planning commission of the city.

(Ord. 474 (part), 2002).

## 16.08.090  Cul-de-sac street.

"Cul-de-sac street" means a street having only one outlet for vehicular traffic and which is not intended to be extended or continued to serve future development on adjacent lands.

(Ord. 474 (part), 2002).

## 16.08.100  Designated city official.

"Designated city official" means any employee or other representative of the city appointed by ordinance, resolution, or minute order of the city council who is qualified in accordance with state and city statutes to perform the specific functions as set forth in this title.

(Ord. 474 (part), 2002).

## 16.08.110  Distribution line.

"Distribution line" means an electrical power line of 20 kV or less which is located on the project site.

(Ord. 474 (part), 2002).

## 16.08.120  Frontage street or frontage road.

"Frontage street or frontage road" means a local street which is parallel to and adjacent to an arterial street or limited access highway and which provides access to abutting properties while relieving them of the effects of heavy volumes of fast through traffic.

Case 1:07-cv-01080-LJO-GSA   Document 126   Filed 09/29/09   Page 13 of 15

(Ord. 474 (part), 2002).

## 16.08.130 Legislative body.

"Legislative body" means the city council of the city.

(Ord. 474 (part), 2002).

## 16.08.140 Local street.

"Local street" means a street which, because of its design and location with respect to other streets, is used primarily for access to the abutting properties.

(Ord. 474 (part), 2002).

## 16.08.150 Lot.

"Lot" means a parcel or subdivided land under one ownership used, or susceptible to being used, in accordance with the provisions of this title and in accordance with the zoning regulations applicable to the district in which the parcel is located.

(Ord. 474 (part), 2002).

## 16.08.155 Improvement.

"Improvement" refers to any street work and utilities to be installed or agreed to be installed, by the subdivider on the land to be used for public or private streets, highways, ways, and easements, as are necessary for the general use of the lot owners in the subdivision and the local neighborhood traffic and drainage needs as a condition precedent to the approval and acceptance of the final map thereof. "Improvement" also refers to any other specific improvements or types of improvements, the installation of which, either by the subdivider, by the public agencies, by the private utilities, by any other entity approved by the local agency, or by a combination thereof, is necessary to ensure consistency with, or implementation of, the general plan or any applicable specific plan.

(Ord. 474 (part), 2002).

## 16.08.157 Project area.

"Project area" shall refer to the entire site being developed or proposed to be developed including all property to the centerline of all adjacent streets.

(Ord. 474 (part), 2002).

## 16.08.160 Sidewalk.

"Sidewalk" means a way designed for use by pedestrians, which is located within a street right-of-way.

(Ord. 474 (part), 2002).

## 16.08.170  Standards.

"Standards" means standard drawings, specification, and design criteria for the design and construction of public improvements in the city as adopted by the city council.

(Ord. 474 (part), 2002).

## 16.08.180  Stubbed street.

"Stubbed street" means a street having only one outlet for vehicular traffic and which is intended to be extended or continued to serve future development on adjacent lands.

(Ord. 474 (part), 2002).

## 16.08.190  Subdivision Map Act or Map Act.

"Subdivision Map Act" or "Map Act" means the Subdivision Map Act of the state, being Division 2 of Title 7 (commencing with Section 66410) of the Government Code.

(Ord. 474 (part), 2002).

## 16.08.200  Subdivision Map Act terms.

All terms unless defined in this section, which are defined in the Subdivision Map Act shall have the same meaning as ascribed thereto in said act and as said act may hereafter be amended.

(Ord. 474 (part), 2002).

## 16.08.210  Transmission line.

"Transmission line" means an electrical power line which is in excess of 20 kV and is located on the project site.

(Ord. 474 (part), 2002).

## Chapter 16.12  ADMINISTRATION AND ENFORCEMENT

Sections:

16.12.010  Commission responsibility.
16.12.020  Executive Secretary.
16.12.030  Tentative, final and parcel maps required.
16.12.040  Waiver of parcel map.
16.12.050  Limitations on issuance of permits.
16.12.060  Unlawfulness of certain transactions.
16.12.070  Voidability of certain transactions.
16.12.080  Severability.

## 16.12.010  Commission responsibility.

The planning commission shall constitute the advisory agency and is authorized to approve, conditionally approve, or disapprove tentative maps. In addition to all other responsibilities assigned to the advisory agency by the Map Act, the agency is assigned the responsibilities referred to in Section 66474.7 of the Map Act and all other responsibilities set forth in this title.

(Ord. 474 (part), 2002).

## 16.12.020  Executive Secretary.

The planning director is designated as the Executive Secretary to the advisory agency with the authority to receive preliminary and tentative maps of proposed subdivisions according to the Subdivision Map Act.

(Ord. 474 (part), 2002).

## 16.12.030  Tentative, final and parcel maps required.

A tentative, final and parcel map shall be required for all subdivisions of land authorized or required by the Subdivision Map Act. Any division of lands not subject to a parcel map or final map procedure by the provision of the Subdivision Map Act shall be exempt from the provisions of this title.

(Ord. 474 (part), 2002).

## 16.12.040  Waiver of parcel map.

A.  Pursuant to Section 66428 of the Map Act, the planning commission may waive the requirements of a parcel map imposed by Section 66426 of said act. The planning director may also waive the requirements of a parcel map for the minor adjustment of property lines (lot line adjustments) between two or more adjacent parcels which do not create an additional parcel.

B.  The planning commission shall not approve the waiver of the parcel map unless it makes the following findings:

1.  The proposed division is in compliance with all requirements of the zoning ordinance;

2.  That all improvements for the proposed division of land have been completed in accordance with the requirements for a final map as set forth in Chapter 16.32 of this title excluding survey markers and/or monuments which must be bonded or paid for before planning commission approval;

3.  The proposed division of land is in compliance with all requirements imposed by the California Environmental Quality Act (CEQA) of 1970 and the city EIR guidelines;

4.  That no additional dedications for the purpose of public facilities or improvements are necessary for the public safety and welfare;

5.  The proposed division of land is in conformance with the general plan.