C. The planning director may approve a lot line adjustment after responsible agency consultation with the following findings:

1. The proposed division is in compliance with all requirements of the zoning ordinance;

2. The proposed division of land is in compliance with the Subdivision Map Act and all the requirements imposed by the California Environmental Quality Act (CEQA) of 1970 and the city EIR guidelines;

3. The proposed division of land is in conformance with the general plan;

4. Upon making these findings, the planning director shall issue a certificate of compliance for recording in accordance with Section 66499.35 of the Map Act.

D. A tentative map subject to the requirements of this title or other additional information deemed necessary by the commission for waiver consideration may be required with the request for waiver. In addition, a preliminary title report in accordance with Section 16.24.040(A) will be required. Fees for filing, checking, and processing the waiver and notice of compliance shall be in the amount prescribed by resolution of the city council.

(Ord. 474 (part), 2002).

## 16.12.050  Limitations on issuance of permits.

A. No permit shall be granted for the construction, installation or placement of any building for sale, lease, or financing on any lot or parcel, except for model homes, or to allow occupancy thereof, for which a final map or parcel map is required by this chapter until such map thereof, in full compliance with the provisions of this title and the Map Act, has been filed for record by the county recorder.

B. Any permit issued contrary to the provisions of this section shall be void.

(Ord. 474 (part), 2002).

## 16.12.060  Unlawfulness of certain transactions.

It is unlawful to offer to sell or lease, to contract to sell or lease, to sell or lease, to finance any lot or parcel of real property or commence construction of any building for sale or lease or financing thereon except for model homes for which a final map or parcel map is required by this title until such map thereof, in full compliance with the provisions of this title and the Map Act, has been filed for record with the county recorder.

(Ord. 474 (part), 2002).

A-PDF Split DEMO : Purchase from www.A-PDF.com to remove the watermark

## 16.12.070  Voidability of certain transactions.

Any deed of conveyance, sale or contract to sell real property which has been divided, or which has resulted from a division, in violation of the provisions of the Map Act or this title, is voidable to the extent and in the same manner provided in Section 66499.32 of the Map Act.

(Ord. 474 (part), 2002).

## 16.12.080  Severability.

If any section, subsection, paragraph, sentence, clause, or phrase of this title is, for any reason, held to be unconstitutional or invalid, such decision shall not be deemed to affect the validity of the remaining portions of this chapter, which remaining portions the city council declares it would have adopted, notwithstanding.

(Ord. 474 (part), 2002).

## Chapter 16.16  TENTATIVE MAPS

Sections:

16.16.010  Preparation and processing procedure requirements.
16.16.020  Form.
16.16.030  Information required.
16.16.040  Preliminary review.
16.16.050  Filing.
16.16.060  Environmental review.
16.16.070  Transmittal to public agencies and utilities.
16.16.080  Report and recommendations of planning director--Service on subdivider.
16.16.090  Public hearing.
16.16.100  Commission review of tentative map.
16.16.110  Commission action of tentative map.
16.16.120  Expiration of maps and extensions.
16.16.130  Modifications or revisions of maps.
16.16.140  Fees.

## 16.16.010  Preparation and processing procedure requirements.

The tentative map for which approval is sought for any subdivision which requires a final or parcel map shall be prepared and processed in accordance with the provisions of the Map Act and this title.

(Ord. 474 (part), 2002).

## 16.16.020  Form.

Tentative map shall be clearly and legibly drawn on one or more eighteen by twenty-six inch sheet at a scale of not less than one hundred feet to the inch. If more than one sheet is required, the total number of sheets comprising the tentative map shall be stated on each of the sheets its relationship to each adjoining sheet shall be clearly shown.

(Ord. 474 (part), 2002).

## 16.16.030  Information required.

A.   Each tentative map shall contain the following information:

1. Number of proposed subdivision as secured from the county planning department proceeded by the word "tentative" and date of preparation;

2. Name and address of record owner or owners;

3.  Name and address of registered engineer or land surveyor preparing the map and his registration number;

4.  The name and address of the subdivider;

5.  Sufficient description to define the location and boundaries of the proposed subdivision and its relation to existing, adjacent subdivision maps, north point, scale and approximate acreage;

6.  The name, location and width of adjacent streets and alleys; and the location of buildings and other improvements within fifty feet of the boundary of the proposed subdivision;

7.  The location, names and width of proposed streets and alleys within the boundary of the proposed subdivision;

8.  The boundary of the proposed subdivision as delineated by a colored border;

9.  Lot or parcel layout and dimension and square footage of each lot or parcel; with the square footage of each lot or parcel noted in the lot;

10.  Lots or parcel shall be numbered consecutively;

11.  Topographic contours (one-foot minimum contour interval);

12.  Proposed direction of drainage flow in streets and alleys;

13.  Boundaries of areas subject to inundation or stormwater overflow and the locations, width and direction of flow of all watercourses, drainage channels and existing drainage structures;

14.  All physical structures including, but not limited to, buildings, trees, fences, curb and gutter, sidewalks, power poles, etc., shall be shown on the property being subdivided; such structure shall be dimensioned and accurately located by dimension in relation to lot or parcel lines or boundary lines of the proposed subdivision;

15.  The existing use of all buildings located on the proposed subdivision or other uses of property;

16.  Zoning district proposed subdivision lies within;

17.  Land use designation as shown on land use element of the general plan;

18.  Assessor's parcel number;

19.  Proposed method of water supply;

20.  Proposed method of sewage and sewage disposal;

21.  Proposed public areas, if any;

22.  Proposed method of storm drainage disposal for each phase; and, drainage calculations to support the proposed method of disposal;

23.  Location of street lights and fire hydrants to be installed;

24.  The width and location of all existing and proposed public or private easements;

25.  The location, size, and description of any underground facilities such as wells, pipelines, telephone lines, septic tanks, etc.;

26.  Radius of each curve;

27.  Statement of improvements and utilities proposed to be made or installed;

28.   Show all dedications and irrevocable offers of dedication on the tentative map or to be made by separate instrument;

29.   A typical cross section on each side of the project that abuts a public street starting from a point fifteen feet inside the rear property line and ending fifteen feet on the street side from the edge of curb. The location of any proposed perimeter wall, any planting area and sidewalk area adjacent to the perimeter wall, curb and gutter, and bicycle paths shall be shown on the cross section. Additional cross sections may be required depending on the presence of any physical feature that may be located adjacent to the project.

B.   Other Requirements. Some of the information specified in subsection A of this section may not practically be shown on the map and shall be contained in a statement accompanying the tentative map.

(Ord. 521 § 1 (Exh. A (part)), 2006; Ord. 474 (part), 2002).

### 16.16.040  Preliminary review.

Prior to the filing of a tentative map, the subdivider or his authorized representative shall file with the planning director five copies of the tentative map and one copy of the preliminary title report. The planning director shall review the proposed subdivision for conformity with the Map Act and this title. The director shall confer with city staff as necessary to make such determinations. Within ten working days of receipt, the planning director shall complete the preliminary review and in writing notify the subdivider of any necessary corrections or modifications. The subdivider may, at his option, request a conference with the planning director for clarification of any determination made by the planning director and/or staff in preliminary review.

(Ord. 474 (part), 2002).

### 16.16.050  Filing.

Each subdivider or his authorized representative shall file or cause to be filed with the planning director at the City Hall, Wasco, California, the required documents as follows:

A.   Thirty full size copies and one eight and one-half inch by eleven-inch reduced copy of the tentative map;

B.   Two copies of the preliminary title report issued in accordance with Section 16.24.040(A);

C.   Two copies of a preliminary soils report; a preliminary soils report shall be required for all tentative maps which require a final map; a preliminary soils report may be required as a condition of approval for a tentative map which requires a parcel map; in any case, such report shall be prepared in accordance with the Map Act requirements;

D.   Two copies of the initial study for the proposed subdivision on city forms;

E.   Any other required or pertinent information not shown on the map or elsewhere;

F.   A letter of transmittal specifying all documents above in this section.

(Ord. 474 (part), 2002).

### 16.16.060 Environmental review.

When divisions of land are subject to the environmental review process in accordance with the California Environmental Quality Act (CEQA) of 1970, Public Resources Code 2100 et seq., and the city EIR guidelines, the planning director shall complete the process within the time limits set forth in Section 66452.1 of the Map Act for action or tentative maps may be extended to coincide with environmental review process. Tentative map and environmental review shall be processed concurrently to assure minimum time delay.

(Ord. 474 (part), 2002).

### 16.16.070 Transmittal to public agencies and utilities.

A.   Within five working days after reviewing tentative map and other required documents, the planning director shall transmit the tentative map to each of the following:

  1.   City of Wasco Engineer (two copies);

  2.   City of Wasco Building Department/Water Department Superintendent;

  3.   Kern County Fire Department;

  4.   Office of Intergovernmental Management when required under Section 12037 of the Government Code;

  5.   City of Wasco Public Works Department;

  6.   Southern California Gas Company;

  7.   Pacific Gas and Electric Company;

  8.   Pacific Bell Telephone Company;

  9.   Warner Cable Television Company;

  10.   Other public agencies or utilities as affected by the subdivision;

  11.   School districts affected by the subdivision.

B.   Such entities may review the tentative map and transmit any comments, recommendations, or requirements thereon to the planning director who shall incorporate them into his report and recommendations to the commission. Should no comments be received by the planning director within the time set forth in the Map Act, it shall be presumed that the tentative map is approved by the entities as submitted.

(Ord. 474 (part), 2002).

### 16.16.080 Report and recommendations of planning director--Service on subdivider.

The planning director shall prepare a report and recommendations which will include all comments received on the tentative map, a copy of which will be served on the subdivider three days prior to any action on the tentative map by the commission. Service may be personally or by mail. Service shall be deemed complete two days after depositing such report and recommendations in the U.S. mail.

(Ord. 474 (part), 2002).

## 16.16.090  Public hearing.

Pursuant to Section 66451.3 of the Map Act, a public hearing shall be held for all proposed divisions of land which require a parcel or final map. In addition to published notice prescribed by Section 66451.3, all property owners as shown on the city's last equalized assessment roll within three hundred feet of the proposed subdivision shall be given notice of such hearing by direct mail. Public hearing shall be held before any commission action on tentative map.

(Ord. 474 (part), 2002).

## 16.16.100  Commission review of tentative map.

The commission shall review the tentative map considering the following:

A.   Environmental findings;

B.   Project's consistency with the city of Wasco general plan and any applicable community plan and/or specific plan;

C.   All applicable provisions of this title;

D.   All applicable provisions of the Map Act;

E.   All applicable provisions of the zoning ordinance;

F.   Planned unit developments. Where, in accordance with the provisions of the zoning ordinance, and any applicable combining districts, a planned unit development has been approved subject to the approval of a tentative map, the commission shall find that the tentative map conforms to such plans;

G.   Report and recommendation of the planning director;

H.   Comments received by the public in conjunction with the required public hearing.

(Ord. 521 § 1 (Exh. A (part)), 2006; Ord. 474 (part), 2002).

## 16.16.110  Commission action of tentative map.

A.   The planning commission shall approve, disapprove, or approve with conditions the tentative map and report its action in writing to the subdivider and city engineer within one calendar week after the date of decision.

B.   At the same time the commission shall designate the improvements which will be required under the provisions of this title, the dedications, and irrevocable offers of dedication and the form thereof, which will be required under the provisions of this title and shall designate any other requirements lawfully authorized to be made.

C.   At the discretion of the planning commission, areas of real property within the subdivision may be reserved for future need for schools, fire stations, libraries, recreational facilities, or other public uses, pursuant to the applicable provisions of the Subdivision Map Act as a condition of approval of the tentative map.

D.   The decision of the commission shall be final, subject to appeal by the subdivider or any other interested persons as provided in this title and the Map Act.

E.   Nothing contained herein shall be construed to prohibit the filing of different tentative maps

for the same property regardless of whether the first one has been approved, provided when such subsequent map is filed, the first on file is deemed completely rescinded and of no further force or effect. Optional tentative maps may be filed at the same time but action of commission shall be related only to one such map.

(Ord. 474 (part), 2002).

## 16.16.120 Expiration of maps and extensions.

The approval or conditional approval of a tentative map shall expire in accordance with Subdivision Map Act requirements. Extensions of the tentative or conditional approval shall be in accordance with the provisions of the Map Act. In granting an extension, the planning commission may impose new or revise existing conditions of approval.

(Ord. 474 (part), 2002).

## 16.16.130 Modifications or revisions of maps.

The modification or revision of an approved tentative map shall not extend the time limits imposed by the Map Act and this title. If the modification or revision requires action by the planning commission, the subdivider shall pay fifty percent of the original tentative map filing fee. The planning commission may impose new and revise existing conditions of approval.

(Ord. 474 (part), 2002).

## 16.16.140 Fees.

Fees for environmental review and tentative map processing, appeals, requested extensions of time for tentative maps, and requests for modifications of an approved tentative map as described in this title shall be in the amount prescribed by resolution of the city council.

(Ord. 474 (part), 2002).

## Chapter 16.20 FINAL AND PARCEL MAPS

Sections:

16.20.010 Filing with the city.
16.20.020 Map processing fees.
16.20.050 Size format and materials of the map.
16.20.060 Form and content of map.
16.20.065 Reversion to acreage--Title sheet information.
16.20.070 Approval of the city engineer.
16.20.080 Action by the city council.
16.20.090 Taxes and assessments.
16.20.100 Improvement security and agreement.
16.20.110 Cash payment for drainage fees.
16.20.120 Subdivision guarantee.
16.20.130 Transmittal to county.
16.20.140 Subdivision improvement security.

Case 1:07-cv-01080-LJO-GSA    Document 126-1    Filed 09/29/09    Page 8 of 15

## 16.20.010 Filing with the city.

Any time after the approval or conditional approval of the tentative subdivision map and prior to the expiration thereof the subdivider may file with the city engineer, or designated city official, the original and three prints of the final or parcel map completed in accordance with the Subdivision Map Act and this title. Such map shall be accompanied by:

     A.  One eight and one-half inches by eleven inches cronar reduction of the map;

     B.  One eighteen inches by twenty-four inches cronar of the map;

     C.  Three AutoCAD (or compatible) on three separate three and one-half inch floppy disks, three readable CD's or three e-mail copies (IBM readable) of the map shall be provided to the city. This data is for government use and is not available to the general public in electronic format;

     D.  Five complete sets of improvement plans, (if necessary) including utility composites;

     E.  Current engineer's estimate (estimated cost of all improvements);

     F.  Preliminary title report dated within thirty days of map submittal issued by a title insurance company with offices in the county in the name of the owner of the land, issued to or for the benefit and protection of the city, showing all parties whose consent is necessary and their interest therein, except where the land included in such subdivision is registered under the Land Registration Act; if the land is so registered, a copy of the certificate of title shall be furnished, certified;

     G.  Mathematical traverses, in a form acceptable to the city engineer, of the boundary of the division of land, block boundaries, not a part areas, centerline loops, each lot and parcel shown on the map, and all closures used in computing the distances, angles, and courses with ties to existing and proposed monuments. Closures shall be within the allowable limits specified in this title;

     H.  Other documents and design calculations as may be required or referenced on the map;

     I.  Two copies of the proposed deed restriction, if applicable;

     J.  Fee(s) for checking and processing the map and related documents as set forth in this title;

     K.  Complete copies of all deeds, recorded easements, and other maps referenced on the map or required for the interpretation of deeds referenced on the map;

     L.  Complete copies of all field-book pages referenced on the map;

     M.  A print of the most recent Assessor Map Book page or pages covering the proposed division of land. (If needed);

     N.  A preliminary soils report.

(Ord. 474 (part), 2002).

## 16.20.020 Map processing fees.

A.  Where the city engineer processes a final or parcel map under the provisions of the Subdivision Map Act, the subdivider shall pay a map processing fee to the city engineer in addition to all other fees and charges required by law. This fee, payable upon submission of

the map, or a print thereof, for review by the city engineer or determination of compliance with Section 66492 of the Subdivision Map Act by the city, shall be the total of the following applicable fees:

Fees for checking and processing maps, improvement plans and related documents shall be in the amount prescribed by resolution of the city council. Such fees shall be based on actual time spent by the city engineer and/or city staff in checking such plans and documents. At the time of subdivision filing of the final map, parcel map, improvement plans, and other related documents, the subdivider shall deposit one percent of the estimated cost of improvements which sum shall be deposited toward the cost of checking such map, plans and documents and an additional one percent that shall be deposited toward the cost of inspection of said improvements. Should no improvements be required and subsequently no estimated cost of improvements necessary the deposited amount shall be set by resolution of the city council.

If any deposit made is less than sufficient to pay all of the costs of plan checking inspection, the subdivider, upon demand of the city engineer, shall pay to the officer making the demand an amount equal to the deficiency. If the subdivider fails or refuses to pay such deficiency upon demand, the city may recover the same by action in any court of competent jurisdiction. Until such deficiency is paid in full the improvement shall be considered uncompleted.

B.   Where the city engineer is required to check street improvement plans for a parcel or final map under the provisions of the Subdivision Map Act, the subdivider shall pay a plan checking fee to the city engineer in addition to all other fees and charges required by law. These fees, payable upon completion of the plans for checking by the city engineer, shall be based on estimated construction costs and number of resubmittals, and are based on the fee schedule as approved by resolution of the city council.

C.   Recording fees and mileage of the officer making the recording shall be paid by the subdivider.

(Ord. 474 (part), 2002).

## 16.20.050  Size format and materials of the map.

The map which is filed shall be in full accord with the Subdivision Map Act.

(Ord. 474 (part), 2002).

## 16.20.060  Form and content of map.

A.   General. The map shall be accurately and legibly drawn in a professional manner in keeping with standard engineering practices. The map shall be prepared in conformance with the Map Act. Scale shall not be less than one hundred feet to the inch. When the commission has waived improvements in accordance with Section 16.32.030 of this code, the following certificate shall be ascribed on the map:

Pursuant to Section 66411.1 of the Subdivision Map Act, all improvements have been waived. Notice is hereby given that no building permit shall be issued until such time as improvements are completed in accordance with Chapter 16.32 of the Wasco Municipal Code.

B.   When more than three sheets are used an index shall show the entire subdivision.

1.   The title sheet of each map shall contain a title consisting of the words "Tract No." and the number of the division of land on a final map, or the words "Parcel Map No." and the number of division of land on a parcel map; also the words "in the City of

Wasco"; also except as provided in the section of this chapter, a subtitle consisting of a description of all the property being divided, by reference to such map or maps of the property shown thereon, as shall have been previously filed or recorded in the office of the county recorder or shall have been previously filed with the city clerk pursuant to a final judgment in an action in partition, or shall have been previously filed in the office of the county recorder under authority of Division 3 of Title 7 of the Government Code or by reference to the plat of any United States survey. When necessary for greater clarity or definiteness, supplemental reference may be made to any other map on file in the office of the county recorder.

2. Each reference, in such description, to any division of land shall be spelled out and worded identically with the original record thereof, and must show a complete reference to a book and page of records of the county.

3. Upon such title sheet the certificate of the surveyor or engineer referred to in Section 66449 or 66441 of the Subdivision Map Act shall appear. Also upon such title sheet, or upon at least one map sheet shall appear the basis of bearings, marking reference to a recorded subdivision map, county surveyor's map or other record acceptable to the city engineer, or to a solar or polaris observation.

4. Pursuant to Sections 66434 and 66445 of the Subdivision Map Act, certificates, affidavits and acknowledgments may be legibly stamped or printed upon the title sheet of the final map or parcel map with opaque ink. All stamped or written matter, including signatures, shall be so made with opaque ink that legible blue-line prints may be obtained therefrom.

D. The names without abbreviations of all:

    1. Proposed streets;

    2. Adjoining streets;

    3. Proposed public areas;

    4. Adjacent tracts, records of survey or parcel maps.

E. North Arrow and Scale.

    1. North arrow and graphic scale used shall be shown on each sheet except the title sheet. The graphic scale used shall not be less than one hundred feet to the inch.

    2. The map on each sheet and the lettering thereon shall be so oriented that, with the North point direction away from the reader, the map may be read most conveniently from the bottom or lower right corner of such sheet, the binding edge to be at the left and lengthwise of the sheet, keeping in mind that the sheets are always on the right page of the map book, the left page being always blank.

    3. Each sheet of a final map or parcel map, excepting the title sheet or sheets thereof, shall bear the main title of the map, the scale of the map, North point and street number together with a designation of the relation, if any, between each sheet and each other sheet thereof.

    4. Additional information which does not affect record title interests shall be placed on a separate document or additional map sheet which shall indicate that it is for informational purposes and is not intended to affect record title interests. Such additional information may include without limitation, building setback lines, flood hazard zones, seismic lines and setbacks, geologic mapping and archaeological sites. The final or parcel map shall contain a notation of reference to the separate document or additional map sheet.

F. Lot Data.

     1. All lots shall be numbered consecutively beginning with the number one with no omissions or duplications; provided however, where the subdivision is a continuation of or an addition to an existing subdivision being the same tract number, the lot number shall commence with the number immediately following the last highest number of the existing subdivision and in all other respects conform to the proceeding requirements. Each lot shall be shown entirely on one sheet. No block numbers shall be used. The dimension of each lot shall be used. Lots shall show net acreage to the nearest hundredth or net square footage to the nearest square foot. The last lot number shall be circled.

G. Survey Data.

     1. All survey data shown on the map shall be determined by a field survey made in accordance with standard practices and principles for land surveying.

     2. A traverse of the boundaries of the tract and all blocks must close within a limit of error not to exceed one foot in twenty thousand feet. A traverse of the interior lots of the tract must close within a limit of error not to exceed one foot in ten thousand feet.

     3. The bearing and length of each lot line, block line and boundary line shall be shown on the final map or parcel map; provided, that when bearings and lengths of lot lines in any series of lots are the same, either the bearings or lengths may be omitted from each interior parallel lot line of such series. Each required bearing and length shall be shown in full, and no ditto mark or other designation of repetition shall be used. Bearings shall be shown to the nearest second and distances shall be shown to the nearest 1/100 of a foot.

     4. Each map shall use the California Coordinate system for its "basis of bearings" and shall express all measured and calculated bearing values in terms of said system. The angle of grid divergence from a true meridian (theta or mapping angle) and the North point of said map shall appear on each sheet thereof. Establishment of said basis of bearings may be by use of existing horizontal control stations or astronomic observations.

     5. The length, radius and total central angle or bearings of terminal radii of each curve and the bearing of each radial line to each lot corner on each curve, or the central angle of each segment within each lot, shall be shown thereon.

     6. Upon each lot containing an area of three-fourths of an acre or more shall be designated the acreage of such lot shown to the nearest 1/100 of an acre.

     7. Upon the final map or parcel map shall be shown on each city boundary line crossing or adjoining the division of land, and such line shall be clearly designated and tied in.

     8. There shall be shown upon each final map or parcel map the centerline of each highway, street or way, the total width thereof, the width of that portion, if any, to be dedicated and, in the case of any existing highways, streets, or ways, the width thereof, and the width of each highway, street or way on each side of the centerline thereof. On each such centerline shall be shown the bearing and length of each tangent and radius, central angle and length of each curve.

     9. The final map or parcel map shall show the width of each railroad right-of-way, flood control or drainage easement and each other easement appearing on such map, whether previously of record or offered for dedication on such map.

H. Flood and Geological Hazards.

1.  If any portion of a lot or parcel of a division of land is subject to flood hazard, inundation or geological hazard, such fact and portion shall be clearly shown on a separate document or additional map sheet. A dedication of building-restriction rights over the flood hazard, inundation or geological hazard area may be required.

2.  In the event that a dedication of right-of-way for storm drainage purposes is not required, the location of any watercourse, channel, stream or creek, flood hazard area or floodway shall be shown on a separate document or additional map sheet to the satisfaction of the city engineer.

I.  Monuments.

1.  The map shall clearly describe and show the locations of stakes, monuments or other evidence found on the ground to determine the boundaries of the tract. The map shall identify and show the locations of all new monuments as required by Section 16.32.230 of this code.

J.  Record of Easements.

1.  The map shall show the location, width, and side lines of all easements to which the lots are subject. If an existing easement is not definitely located of record, a statement as to the easement shall appear on the title sheet. Public utility easement for storm drains, sewers, utilities, and other purposes shall be denoted by broken lines. Distance and bearings on the side lines of the lots which are cut by an easement shall be shown as to indicate clearly the actual lengths of the lot lines. The width of the easements, the lengths of the lot lines. The width of the easement shall be clearly labeled and identified, and, if already of record, proper reference to the records shall be given. Easements being dedicated shall be so indicated in the certificate of dedication.

K.  Dedications.

1.  All streets, alleys, access rights, drainage easements, public utility easements, and other easements and parcels of land shown on the map as intended for public use shall be offered for dedication for public use in accordance with the Subdivision Map Act and shall be properly set out in the owner's certificate of dedication on the map.

L.  Reservations.

1.  All property reserved for schools, fire stations, libraries, recreation facilities or other public uses shall be shown on the map.

M.  Certificates.

1.  In addition to the certificates required by the Subdivision Map Act a certificate by the planning director shall be required on the map as follows:

I hereby certify that this map substantially conforms to the tentative map as conditionally approved by the Planning Commission on _____, 20_____.

TABLE INSET:

|  |  |
|---|---|
|  |  |
| Planning Director | Date |
| City of Wasco |  |

(Ord. 474 (part), 2002).

## 16.20.065  Reversion to acreage--Title sheet information.

A.  Upon the title sheet of each map filed for the purpose of reverting subdivided land to acreage, the subtitle shall consist of the words "A Reversion of Acreage of..." (insert a legal description of the land being reverted.)

B.  A parcel map may be used to revert to acreage land previously subdivided and consisting of four or less contiguous parcels under the same ownership.

(Ord. 474 (part), 2002).

## 16.20.070  Approval of the city engineer.

A.  The city engineer shall examine all the documents as to conformity with the tentative map, as to the sufficiency of affidavits and acknowledgments, correctness of surveying data, mathematical data and computations, and such other matters as require checking to insure compliance with the provisions of the Subdivision Map Act and of this title.

B.  Within twenty working days after date of receipt of the map, the city engineer shall either approve or return one copy of the map, improvement plans or other documents to the subdivider or his engineer showing the necessary corrections. On subsequent resubmittals to the city engineer, the subdivider shall submit corrected documents and plans in duplicate. The city engineer shall respond within ten working days approving or showing required corrections. At such time as the map, improvement plans, and other required documents are found to be in correct form and the matters shown thereon are sufficient, the city engineer shall endorse his approval thereon and transmit it to the city council for approval.

(Ord. 474 (part), 2002).

## 16.20.080  Action by the city council.

Within the time limits set forth in the Map Act, the city council shall approve the map if it conforms to all the requirements of this title and the Map Act applicable at the time of approval or conditional approval of the tentative map and any rulings made thereunder, or, if it does not so conform, disapprove the map. If the city council does not approve or disapprove the map within the time prescribed in the Map Act, or any authorized extension thereof, and the map conforms to all the requirements and rulings, it shall be deemed approved, and the clerk of the city council shall certify its approval thereon.

(Ord. 474 (part), 2002).

## 16.20.090  Taxes and assessments.

Prior to the filing of the map with the city council, the owner or subdivider shall file such certificates and such security and make sure payments as are required by Sections 66492, 66493 and 66494 of the Map Act shall comply fully with such provisions of law.

(Ord. 474 (part), 2002).

## 16.20.100  Improvement security and agreement.

Case 1:07-cv-01080-LJO-GSA    Document 126-1    Filed 09/29/09    Page 14 of 15

A.   The city council, as a condition precedent to the approval of the final map, shall require the subdivider to enter into a subdivision improvement completion agreement upon mutually agreeable terms to thereafter complete such improvements at the subdivider's expense.

B.   The city shall require that performance of such agreement be guaranteed by the security in accordance with Sections 16.32.260, 16.32.270 and 16.32.280.

(Ord. 474 (part), 2002).

### 16.20.110   Cash payment for drainage fees.

Prior to filing of the map, the subdivider shall make a cash payment for fees as provided for in Chapter 16.44 of this title.

(Ord. 474 (part), 2002).

### 16.20.120   Subdivision guarantee.

Before recording of the map, the subdivider shall obtain a dated subdivision guarantee from a company authorized to issue title insurance which shall guarantee the county and the city in a designated sum that according to public records of matters affecting the title to the land contained in the subdivision, the only parties having any record title interest in the land whose signatures are necessary under the Map Act on the certificates consenting to the recordation of the map of the land and offering for dedication any streets, roads, avenues, and other easements offered for dedication of the map are as stated in the subdivision guarantee.

(Ord. 474 (part), 2002).

### 16.20.130   Transmittal to county.

When the subdivider has filed the subdivision improvement agreement and bond or other security with the city clerk and has made the deposits and cost payments required by the provisions of this title and Subdivision Map Act and when such agreement, deposits, and/or security has been approved by the city attorney and as to form and by the city engineer as to sufficiency, the map shall be transmitted by the city clerk of the county board of supervisors for ultimate transmittal to the county recorder.

(Ord. 474 (part), 2002).

### 16.20.140   Subdivision improvement security.

Upon the furnishing by the contractor of the faithful performance and labor and material bonds required as part of an assessment proceedings, the improvement security of the subdivision may be reduced by an amount corresponding to the amount of such bonds so furnished by the contractor constructing/installing the improvements.

(Ord. 474 (part), 2002).

### Chapter 16.26   VESTING TENTATIVE MAPS

Sections:

16.26.010 Authority.
16.26.020 Filing and processing.
16.26.030 Rights conferred.
16.26.040 Consistency with zoning and general plan.

## 16.26.010 Authority.

This chapter is enacted pursuant to the authority granted by Chapter 4.5 (commencing with Section 66598.1 of Division 2 of Title 7 of the Government Code of the State of California - Subdivision Map Act) and is intended to implement to provisions of this chapter.

(Ord. 488 § 1 (Exh. A (part)), 2004: Ord. 474 (part), 2002).

## 16.26.020 Filing and processing.

A. Whenever this title requires the filing of a tentative map or a tentative parcel map for a residential development the subdivider may file a vesting tentative map or vesting tentative parcel map subject to the provisions of this chapter.

B. At the time a vesting tentative map is filed, it shall have printed conspicuously on its face, "vesting tentative map." If the map is a vesting tentative parcel map, the words "vesting tentative parcel map" shall appear conspicuously on its face.

C. In addition to the other information required by this title to be shown on or provided with a tentative map or tentative parcel map a vesting tentative map or vesting tentative parcel map shall show or be accompanied by the following information in a form satisfactory to the city engineer and planning director:

  1. Detailed lot lines and dimensions;

  2. Detailed design and specifications for all public facilities, including but not limited to, on-site and off-site sewer, water and drainage facilities; roads including final grades and alignment; and other on-site and off-site improvements;

  3. Detailed geological, drainage, flood control, soils, traffic, or other reports deemed necessary by the city engineer or planning director to permit a complete review of the design and improvements for the subdivision. The subdivider, for subdivisions over five units shall also submit a fiscal impact report prepared by an independent economic analyst, analyzing the projected impacts the development will have on public facilities and services; the report shall include marketing information and a cost benefit analysis for the project;

  4. Detailed final grading plans showing existing and proposed finished grades at two-foot intervals;

  5. Detailed environmental information sufficient to permit assessment of all environmental effects of the project including cumulative and long-term efforts.

D. All vesting tentative maps regardless of the number of lots shall be considered by the city planning commission pursuant to Section 16.12.010.

E. All vesting tentative parcel maps shall be referred to the planning commission for consideration pursuant to the provisions of Section 16.16.100. The decision of the planning commission concerning a tentative parcel map shall be final unless the decision is appealed to the city council pursuant to the provisions of Section 16.40.020 of this code.