The construction of all required improvements shall be inspected by the city engineer or other designated city official for conformance with improvement plans.

(Ord. 474 (part), 2002).

## 16.32.330  Inspection--Fees.

Inspection fees shall be in the amount prescribed by resolution of the city council.

(Ord. 474 (part), 2002).

## 16.32.340  Inspections and tests--Required.

A.  Grading. All embankments and excavation shall be compacted in accordance with the city standards. There shall be a sufficient number of tests at sufficient depths to insure proper compaction and moisture content. At such time as the grading is completed, a summary report of such tests shall be submitted to the city engineer or other designated city official for review and approval.

B.  Concrete Work. Prior to the placement of any concrete in public right-of-way, the subdivider or his contractor shall notify the city. The city shall inspect the forms and base for compaction. The city engineer or other designated city official may require additional compaction tests to assure proper compaction and moisture content. The city engineer or other designated city official may take concrete cylinder samples as he may deem necessary. The breaking of such samples shall be at the subdivider's expense. The city shall check all curb and gutter to assure proper drainage. The contractor shall remove any curb and gutter which fails to meet required tolerances as set forth in the city of Wasco standards.

C.  Underground Utilities. All trench backfill shall be compacted to city requirements. The contractor may use any method approved by the city to obtain required compaction. There shall be sufficient number of tests at sufficient depths to assure proper compaction and moisture content. At such time as the underground improvements have been completed, a summary report of such tests shall be submitted to the city engineer or other designated city official for review and approval.

D.  Streets and Alleys.

1.  Prior to placement of any required base, the subbase shall be prepared and a sufficient number of compaction tests taken at sufficient depths to assure proper compactions and moisture content. The subdivider shall submit such tests to the city engineer or other designated city official for review and approval. No base shall be placed until such approval is obtained.

A-PDF Split DEMO : Purchase from www.A-PDF.com to remove the watermark

2.  After the placement of base and prior to placement of pavement, the city engineer or other designated city official may require additional compaction tests to be taken to assure proper compaction. The subdivider shall submit such tests to the city for review and approval. The city engineer or other designated city official may require additional tests or require additional information as deemed necessary to assure proper construction in compliance with the improvement plans. A summary report of such tests shall be submitted to the city engineer or other designated city official.

3.  After the pavement is placed, the subdivider or contractor shall submit all weight slips to the city engineer or other designated city official.

4.  The city engineer or designated city official shall inspect the installation of all sewer

Case 1:07-cv-01080-LJO-GSA   Document 126-3   Filed 09/29/09   Page 2 of 15

and water facilities except for backfill requirements as classified in this title. In addition to the above tests and requirements, the city engineer or other designated city official may require additional testing or other information necessary to assure proper construction in compliance with the improvement plans.

(Ord. 474 (part), 2002).

## 16.32.350 Final inspection.

At such time as all improvements are completed, the subdivider shall arrange a meeting with the city engineer or other designated city official for an inspection of the work. The subdivider's engineer or land surveyor or their representative shall be present during the time of inspections. All required monuments as required in this chapter shall be exposed including all street monuments and not corner monuments. The city engineer or other designated city official may survey or cause to be surveyed the subdivision for assurance that all such monuments satisfy the final map or parcel within allowable tolerances. No deferment of monuments shall be allowed. When all improvements are completed, the city engineer or other designated city official shall proceed to release security as provided for in this chapter.

(Ord. 474 (part), 2002).

## 16.32.360 As-built plans.

At such times as the improvement work has been satisfactorily completed and approved as set forth in this chapter, before filing the notice of completion, the subdivider shall submit a complete set of as-built improvement plans capable of being reproduced. Such plans shall clearly show any changes that were made during construction. As-built improvement plans shall include the stamp and signature of the subdivider's engineer and permanent elevation bench mark based upon the city datum on each centerline of street monument and any other location as may be required by the city engineer or other designated city official. Bench mark elevations bench mark based upon the city datum (data) on each centerline of street monument and any other location as may be required by the city engineer or other designated city official. Bench mark elevations shall be set to the nearest one hundredth of a foot.

(Ord. 474 (part), 2002).

## 16.32.370 Insurance requirements.

Construction shall not commence, or continue, until or unless there is in full force and effect all required insurance. The owner shall not permit any work to be done unless and until the worker's compensation insurance and liability insurance requirements have been complied with.

The type of insurance the owner's contractor shall obtain and maintain are worker's compensation insurance and liability insurance, all as set forth herein.

Worker's compensation insurance and liability insurance shall be maintained in full force and effect for the full warranty period of one year from the date of final acceptance of the work.

Insurers must be authorized to do business and have an agent for service of process in California and have an "A" policyholder's rating and a financial rating of at least Class XI in accordance with the most current best's rating.

As evidence of specified insurance coverage, the owner shall provide certificates of insurance

and endorsements to the city on the forms provided as a part of these improvement standards. No alteration or substitution of said forms will be allowed.

Coverage amounts and limits to be provided for worker's compensation and liability insurance shall be as specified in the contract.

A. Worker's Compensation Insurance. The owner shall provide a certificate(s) of insurance to the city certifying that his contractor has obtained for the period of the contract full worker's compensation insurance coverage for all persons whom the contractor employs or may employ in carrying out the work under the contract. This insurance shall be in strict accordance with the requirements of the most current and applicable state worker's compensation insurance laws.

B. Liability Insurance. The owner shall provide a certificate(s) of insurance to the city showing his contractor has the liability insurance coverage stated in the contract.

Included in such insurance shall be a "cross liability" or "severability of interest" clause.

As applicable, the liability insurance coverage shall include each of the following types of insurance:

1. General Liability.

   a. Comprehensive form;

   b. Premises--Operations;

   c. Explosion and collapse hazard;

   d. Underground hazard;

   e. Products/completed operations hazard;

   f. Contractual insurance;

   g. Broad form property damage including completed operations;

   h. Independent contractors;

   i. Personal injury.

2. Automobile Liability.

   a. Comprehensive form including loading and unloading;

   b. Owned;

   c. Hired;

   d. Non-owned.

The liability insurance shall include as additional insureds: the city, the city engineers, their consultants, all other city consultants and each of their directors, officers, agents and employees. The insurance afforded to these additional insureds shall be primary insurance. If the additional insureds have other insurance which might be applicable to any loss, the amount of the insurance provided under this section on liability insurance shall not be reduced or prorated by the existence of such other insurance.

(Ord. 474 (part), 2002).

## Chapter 16.36 EXCEPTIONS

Case 1:07-cv-01080-LJO-GSA   Document 126-3   Filed 09/29/09   Page 4 of 15

Sections:

16.36.010  Purpose.
16.36.020  Exceptions permitted.
16.36.030  Memorandum of justification.
16.36.040  Planning commission review and decision.
16.36.050  Planned unit developments.
16.36.060  Appeals.
16.36.070  Final map.

## 16.36.010  Purpose.

The purpose of this chapter is to allow the planning commission to approve or conditionally approve exceptions to any of the requirements and regulations set forth in this title in accord herewith.

(Ord. 474 (part), 2002).

## 16.36.020  Exceptions permitted.

Exceptions to the regulations and requirements of this title may be allowed for the following conditions:

A.  When property is impossible or impractical to develop in accordance with any of the provisions of this title because of special circumstances or conditions which affect such property.

B.  When a subdivider proposes to develop property using modern site planning techniques in a manner which does not conform or literally comply to the design standards or regulations set forth in this title but would serve to facilitate the ultimate development of the land in manner that will be commensurate with contemporary living patterns and technical progress.

(Ord. 474 (part), 2002).

## 16.36.030  Memorandum of justification.

Under normal circumstances, at no time later than the time of filing of the tentative map the subdivider shall submit a memorandum in writing containing the following information:

A.  A complete list of all exceptions requested and justification for such exceptions;

B.  Tentative plans, plan of development or any other material necessary to support justification of such exception;

C.  If applicable, any decision previously made by the planning commission on the proposed property with respect to the zoning regulations, complete with all material and information required therewith.

(Ord. 474 (part), 2002).

## 16.36.040  Planning commission review and decision.

A.  At such time as the planning commission reviews the tentative map it shall review the memorandum of justification. The commission shall approve, approve with conditions or

disapprove the requested exceptions. The decision and findings of the commission shall be transmitted to the subdivider and city engineer with the tentative map. In making their decision the planning commission shall make the following findings of fact:

1.   That there are special circumstances or conditions affecting the property;

2.   That the exception is necessary for the preservation and enjoyment of a substantial property right;

3.   That the total development of the property with the exceptions shall in the aggregate be at least equivalent to standard requirements set forth in this title and be in harmony with other developed areas in the immediate vicinity;

4.   That such exceptions will not be detrimental to the public health, safety, convenience and public welfare;

5.   That such exceptions conform to the requirements of the zoning ordinance or any approved exception thereof.

B.   The findings of fact described in subsections (A)(1) and (A)(2) of this section may not be necessary when a subdivider files for an exception based on the condition described in Section 16.36.020(B).

(Ord. 474 (part), 2002).

## 16.36.050  Planned unit developments.

Where in accordance with the provisions of the zoning ordinance a planned unit development has been tentatively approved subject to the approval of exceptions required in these regulations the commission shall find that the tentative map conforms to such plan.

(Ord. 474 (part), 2002).

## 16.36.060  Appeals.

The subdivider or any interested person may appeal any action or decision of the planning commission with respect to granting or denying any exception as set forth in this chapter. All appeals shall be filed and processed in accordance with Section 66452.5 of the Map Act.

(Ord. 474 (part), 2002).

## 16.36.070  Final map.

A copy of such exceptions and all required findings shall be transmitted to the city council with the final map.

(Ord. 474 (part), 2002).

## Chapter 16.40  APPEALS

Sections:
16.40.010 Board.
16.40.020 Requirements.

## 16.40.010  Board.

The city council is designated the appeals board.

(Ord. 474 (part), 2002).

## 16.40.020  Requirements.

The subdivider or any interested person may appeal any action or decision of the advisory agency with respect to the tentative map to the appeals board. All appeals shall be filed and processed in accordance with Section 66452.5 of the Map Act.

(Ord. 474 (part), 2002).

## Chapter 16.44  Storm Drainage Fees

Sections:

16.44.010  Adoption.
16.44.020  Fees--Required.
16.44.030  Fees--Calculation and payment.
16.44.040  Fees--Amount.

## 16.44.010  Adoption.

Pursuant to Section 66483-B of the Map Act, the city council does adopt as one complete drainage area that are within the urban improvement boundary as delineated on the land use element of the general plan.

(Ord. 474 (part), 2002).

## 16.44.020  Fees--Required.

Pursuant to Section 66483 of the Map Act, the subdivider shall pay fees prior to issuance of grading permits for the purpose of defraying the estimated cost of constructing planned drainage facilities for the removal, transportation, and disposal of storm water from the city.

(Ord. 474 (part), 2002).

## 16.44.030  Fees--Calculation and payment.

Drainage fees shall be calculated on a per acre basis for the project area and be paid prior to issuance of grading permits. The project area shall be defined as the entire project site being developed or proposed to be developed including all property to the centerline of all adjacent streets.

(Ord. 474 (part), 2002).

## 16.44.040  Fees--Amount.

Fees shall be in the amount prescribed by resolution of the city council. All such fees shall be determined and administered in accordance with the Map Act.

(Ord. 474 (part), 2002).

## Chapter 16.46  PARK LAND DEDICATION

Sections:

16.46.010  Definitions.
16.46.020  General.
16.46.030  Requirements.
16.46.040  Standards and formula for dedication of land.
16.46.050  Fees in lieu of land dedication.
16.46.060  Criteria for requiring both dedication and fee.
16.46.070  Credit for private recreation or open space.
16.46.080  Credit for public facilities and/or open space.
16.46.090  Procedure.
16.46.100  Conveyance of land and payment of in lieu fee to the district.
16.46.101  Commencement of development.
16.46.102  Exemptions.

## 16.46.010  Definitions.

The definitions contained in this section apply to this chapter.

"District" means the Wasco Recreation and Parks District, a local public agency separate and distinct from the city of Wasco.

All other words and phrases shall have the meanings set forth in the Subdivision Map Act (Government Code Section 66410 et seq.) and this chapter.

(Ord. 474 (part), 2002).

## 16.46.020  General.

This section is enacted pursuant to the authority granted by Section 66477 of the Government Code of the state of California. The park and recreational facilities for which dedication of land and/or payment of a fee is required by this chapter are in accordance with the city of Wasco general plan, the recreational element of the general plan, and the master park and recreation plan of the district.

(Ord. 474 (part), 2002).

## 16.46.030  Requirements.

As a condition of approval of a tentative subdivision map or residential parcel map within the jurisdiction of the district, the subdivider shall dedicate land, pay a fee in lieu thereof, or both, as set forth in this chapter, for park or recreational purposes at the time and according to the standards and formula contained in this chapter.

(Ord. 474 (part), 2002).

## 16.46.040 Standards and formula for dedication of land.

A. If the dedication of land is required, the amount of land to be provided shall be determined pursuant to the following standards and formula:

TABLE INSET:

| AVERAGE PERSONS PER DWELLING UNIT | X | NUMBER OF DWELLING UNITS | X | 2.5 ACRES 1,000 PERSONS = # ACRES |
|---|---|---|---|---|

B. Unless there is evidence to the contrary, federal census tract averages for the district will be used for determining the average number of persons per dwelling unit. Separate standards for single-family and multiple-family zoned land divisions may be used.

C. Prior to recordation of a single-family zoned subdivision map or residential parcel map or prior to obtaining a building permit for multiple-family zoned residential subdivisions or parcel maps, land dedication shall be calculated based on the existing zoning. When the number of dwelling units/lots are shown, land dedication will be based on the actual density proposed.

(Ord. 474 (part), 2002).

## 16.46.050 Fees in lieu of land dedication.

A. When a fee is to be paid in lieu of land dedication, the amount of such fee shall be calculated using the following formula:

TABLE INSET:

| AVERAGE PERSONS PER DWELLING UNIT* | X | NUMBER OF DWELLING UNITS | X | .0025 | X | FAIR MARKET VALUE PER ACRE = FEE |
|---|---|---|---|---|---|---|

\* Determined from latest census data

Determination of Fair Market Value - A determination of fair market value as of the time prior to approval of the proposed land division shall be based on comparable sales data from the area being subdivided and shall be as accepted by the district. In the event that the subdivider and the district cannot agree to the fair market value of the property being subdivided, the fair market value shall be determined by the city, at the expense of the subdivider.

B. Later modifications would be subject to fee adjustments as outlined in the applicable portions of this chapter.

C. Only the payment of fees may be required in subdivisions containing fifty parcels or less or for a condominium project, stock cooperative, or community apartment project containing fifty or fewer dwelling units.

Nothing in this section shall prohibit the dedication and acceptance of land for park and recreation purposed in subdivisions of fifty or fewer lots, or condominium projects, stock cooperatives, or community apartment projects containing fifty or fewer dwelling units, where the subdivider proposed each dedication voluntarily, and the land otherwise meets the requirements of this chapter.

(Ord. 474 (part), 2002).

Case 1:07-cv-01080-LJO-GSA   Document 126-3   Filed 09/29/09   Page 9 of 15

## 16.46.060  Criteria for requiring both dedication and fee.

In a tract of over fifty lots or in a condominium project, stock cooperative, or community apartment project with over fifty dwelling units, the subdivider shall both dedicate land and pay a fee in lieu of dedication in accordance with the following:

> A.  When only a portion of the land to be subdivided is proposed in the district master plan as the site for a local park, such portion shall be dedicated for local park purposes and a fee, computed pursuant to the provisions of Section 16.46.050 shall be paid for the value of any additional land that would have been required to be dedicated pursuant to Section 16.46.040.
>
> B.  When a major part of the local park or recreational site has already been acquired by the district and only a small portion of land is needed from the subdivision to complete the site, the remaining portion shall be dedicated and a fee, computed according to Section 16.46.050 shall be paid in an amount equal to the value of the land which would otherwise have been required to be dedicated.

(Ord. 474 (part), 2002).

## 16.46.070  Credit for private recreation or open space.

Where private area for park and recreation purposes is provided in a development, and such area is for active recreational use and is to be privately owned and maintained by the future owner(s) of the development, such area may be credited against up to fifty percent of the requirement of land dedication or fee payment, if the city determines that it is in the public interest to do so and that all of the following standards either have been or will be met prior to the approval of the final map:

> A.  That yards, court areas, setbacks, and other open spaces, required to be maintained by the zoning ordinance and the building code and other regulations shall not be included in the computation of such private areas;
>
> B.  Evidence is provided that the private ownership and maintenance of the area will be adequately provided for by recorded written agreement, covenants, or restrictions;
>
> C.  That the use of the private area is restricted for park and recreational purposes by an open space easement or other acceptable instrument;
>
> D.  That the proposed private area is reasonably adaptable for use for park and recreational purposes, taking into consideration such factors as size, shape, topography, geology, access, and location; and
>
> E.  That the facilities proposed: (1) are consistent with the plans of the district master plan and recreation plan, (2) are appropriate to the recreation needs of the future residents of the development, and (3) will substitute for the park lands otherwise required to be dedicated in meeting the recreation needs of the residents.

Planned developments, real estate developments, stock cooperatives, and community apartment projects, as defined in Sections 11003, 11003.2, 11003.4, and 11004, respectively, of the California Business and Professions Code, and condominium projects as defined in Section 783 of the California Civil Code shall be eligible to receive a credit as determined by the city against the amount of land and development required to be dedicated, or the amount of the fee imposed, pursuant to this section, for the value of private open space within the development which is for active recreational uses.

(Ord. 474 (part), 2002).

Case 1:07-cv-01080-LJO-GSA   Document 126-3   Filed 09/29/09   Page 10 of 15

## 16.46.080  Credit for public facilities and/or open space.

If the subdivider within the district provides park or recreational improvements to the park site required by Section 16.46.040, the value of such improvements together with any equipment thereon shall be a credit, as determined by the district, against the payment of fees or dedication of land required by this chapter.

(Ord. 474 (part), 2002).

## 16.46.090  Procedure.

A.   At the time of filing of the tentative tract map or tentative parcel map, a subdivider shall, as part of such filing indicate whether he desires to dedicate land for park and recreational purposes or to pay a fee in lieu thereof, or a combination of both. If he desires to dedicate land for park and recreational purposes, he shall designate the area thereof on the tentative tract or tentative parcel map which is submitted and coordinate with the city and district as to the appropriate location and size of the area proposed to be dedicated. The city shall determine prior to the time the city approves a subdivider's tentative tract map, or tentative parcel map, whether land is to be dedicated or in lieu fees are to be paid by the subdivider or any combination of land and fees.

The recommendation and action of the city and the district shall include the following:

    1.   That land is required;

    2.   That a fee be charged in lieu of land;

    3.   That land and a fee be required; and/or

    4.   That a stated amount of credit be given.

B.   Land dedication, or payment of fee in lieu thereof, or a combination of both, shall be determined by consideration of the following:

    1.   The city of Wasco general plan or district master plan;

    2.   Topography, geology, access, and location of land in the subdivisions available for dedication;

    3.   Size and shape of the subdivision and land available for dedication;

    4.   Feasibility of dedication;

    5.   Availability of previously acquired park property;

    6.   Population density of the project; and

    7.   Suitability of the site for park needs.

The determination by the city as to whether land shall be dedicated, or whether a fee shall be charged or a combination shall be final.

C.   When the payment of fees is required, the fees shall be calculated by the district and paid as follows:

    1.   Single-family zoned land division -- Payment shall be made to the district prior to or concurrent with the recordation of the final tract or parcel.

    2.   Multiple-family zoned land division -- A condition shall be placed on the tentative

Case 1:07-cv-01080-LJO-GSA   Document 126-3   Filed 09/29/09   Page 11 of 15

approval of all tract and parcel maps requiring payment prior to the issuance of any building permits on any of the lots/parcels within the land division.

D. When the dedication of land is required in lieu of the payment of fees, said land shall be deeded to the district in the following manner:

1. Single-family zoned land division - Dedication shall be made prior to concurrent with the recordation of the final tract or parcel map.

2. Multiple-family zoned land division - Dedication shall be made prior to the issuance of building permits for any of the lots/parcels within the land division.

(Ord. 474 (part), 2002).

## 16.46.100 Conveyance of land and payment of in lieu fee to the district.

A. Where dedication is required, it shall be accomplished in accordance with the provisions of the Subdivision Map Act and/or the provision of this code. Real property dedicated under the provisions of this chapter shall be conveyed by grant deed in fee simple to the district by the subdivider free and clear of all encumbrances except those which will not interfere with use of the property for park and recreation purposes and which the district agrees to accept.

B. The money collected hereunder shall be used only for the purpose of providing park or recreational facilities reasonably related to serving the subdivision by way of the purchase of necessary land or, if the city deems that there is sufficient land available for the subdivision, for improving of such land for park and recreational purposes. The money shall be committed within five years after payment or upon issuance of building permits on fifty percent of the subdivision lots whichever occurs later. If the money is not committed, it shall be distributed and paid to the then record owners of the subdivision in the same proportion the size of their lot bears to the total area of all lots in the subdivision. Such a distribution shall include all interest accrued to the collected fees from the date of collection.

(Ord. 474 (part), 2002).

## 16.46.101 Commencement of development.

At the time of recordation of the final tract map or parcel map, for single-family zoned land division or upon obtaining a building permit for multiple-family zoned land division, the district shall have adopted a schedule specifying how, when, and where it will use the fees to develop or rehabilitate park or recreational facilities to serve the residents of the subdivision. Land donations shall be accepted by the district prior to the recordation of subdivision or parcel maps and would thus designate the use of the required dedication.

(Ord. 474 (part), 2002).

## 16.46.102 Exemptions.

The provisions of this chapter do not apply to commercial or industrial subdivisions, condominium projects, or stock cooperatives which consist of the subdivision of airspace in an existing apartment building which is more than five years old when no new dwelling units are added.

(Ord. 474 (part), 2002).

Case 1:07-cv-01080-LJO-GSA   Document 126-3   Filed 09/29/09   Page 12 of 15

## Chapter 16.48 VIOLATION--PENALTY

Sections:

16.48.010  Unlawful acts declared misdemeanor.
16.48.020  Remedies not barred.

### 16.48.010  Unlawful acts declared misdemeanor.

Any act declared by this title to be unlawful shall be a misdemeanor and any person, upon conviction thereof, shall be punishable by a fine of not more than five hundred dollars or imprisonment in the county jail for a period of not more than six months, or by both such fine and imprisonment.

(Ord. 474 (part), 2002).

### 16.48.020  Remedies not barred.

This title does not bar any legal, equitable or summary remedy to which the city of any aggrieved public agency or person may otherwise be entitled, and the city or any aggrieved public agency or person may file a suite in the superior court to restrain or enjoin any attempted or proposed division of land or other act which is in violation of this title.

(Ord. 474 (part), 2002).

## Appendix A  CITY OF WASCO CONSTRUCTION STANDARDS

### TABLE OF CONTENTS

TABLE INSET:

| ROADS | |
|---|---|
| | |
| R1 | Street Sections |
| R2 | Curb, Gutter and Sidewalk |
| R3 | Alley Sections |
| R4 | Cross Gutter |
| R5 | Cul-de-sac and Knuckle Treatments |
| R6 | Pavement Tie-In |
| R7 | Residential Drive Approach |
| R8 | Commercial Drive Approach |
| R9 | Wheelchair Ramp |
| R10 | Street Signage/Light Pole Locations |
| R11 | Street Signage |
| R12 | Street Sign |

http://library2.municode.com/default-test/DocView/16680/1/20

| R13 | Street Light |
| R14 | Street Lights--General Notes |
| R15 | Street Light--Post Type |
| R16 | Survey Monument |
|  |  |
| **WATER** |  |
|  |  |
| W1 | Water Service |
| W2-A | Fire Hydrant |
| W2-B | Fire Hydrant Installation Policy |
| W3-A | Valve Box |
| W3-B | Water Valve Installation |
| W4 | Thrust Blocks |
| W5 | Backflow Prevention Device Installation |
| W6 | Vacuum Breaker Device Installations |
|  |  |
| **SEWER** |  |
|  |  |
| S1 | Manhole Type "A" |
| S2 | Manhole Frame and Cover |
| S3 | Manhole Type "B" |
| S4 | Drop Manhole |
| S5 | Eight Inch (8&Prime;) Cleanout |
| S6 | Sewer Pipe Connection |
| S7-A | Sewer Design Standards |
| S7-B | Sewer Design Standards (Continued) |
|  |  |
| **DRAINAGE** |  |
|  |  |
| D1 | Catch Basin |
| D2 | Junction Box |
| D3 | Storm Drain Manhole |
| D4 | Sidewalk Underdrain |
| D5 | Drainage Basin |
| D6 | Drainage Basin Outlet Structure |
| D7 | Chainlink Fence |
| D8 | Chainlink Gates |
|  |  |
| **BACKFILL** |  |
|  |  |

| B1-A | Standard Trench Backfill |
| B1-B | Standard Trench Backfill Notes |
| B2-A | One Sack Slurry Trench Backfill |
| B2-B | One Sack Slurry Trench Backfill Notes |
|  |  |

| MISCELLANEOUS | |
|  |  |
| M1 | Retaining Wall--5&prime; High Maximum |
| M2 | Retaining Wall--Over 5&prime; High to 8&prime; High |
| M3 | Trash Bin Enclosures |
|  |  |

| LANDSCAPING | |
|  |  |
| L1 | Bike Path |
| L2 | Belt Park |
| L3-A | Tree Placement |
| L3-B | Tree Placement |
| L4 | Block Wall |

## GENERAL NOTES

1. Class "A" concrete is defined as 6 sack per cubic yard with slump 2.5&Prime; to 4&Prime; maximum.

2. Class "B" concrete is defined as 5 sack per cubic yard with slump 3&Prime; to 5.5&Prime; maximum.

TABLE INSET:

| ABBREVIATIONS | DEFINITIONS |
|  |  |
| AB | Aggregate Base |
| AB | Asphalt Concrete |
| B.W. | Both Ways |
| BCR | Begin Curb Return |
| C | Clearance |
| CL | Centerline |
| CLR | Clear |
| CONC. | Concrete |
| CONT. | Continuous |
| CORP. | Corporation |
| D | Distance |
| D.F. | Douglas Fir Tree |

Case 1:07-cv-01080-LJO-GSA  Document 126-3  Filed 09/29/09  Page 15 of 15

| DIA. | Diameter |
|---|---|
| E.W. | Each Way |
| ECR | End Curb Return |
| ELEC. | Electrical |
| FL | Curb and Gutter Flowline |
| FPS | Feet Per Second |
| FT. | Foot (Feet) |
| GAL. | Gallon(s) |
| GALV. | Galvanized |
| GPD | Gallons Per Day |
| I.D. | Inner Diameter |
| IRRG. | Irrigation |
| L | Length |
| LB(S). | Pound(s) |
| MAX. | Maximum |
| MIN. | Minimum |
| O.C. | On Center |
| O.D. | Outer Diameter |
| P.S.I. | Pounds Per Square Inch |
| PL | Property Line |
| PUE | Public Utility Easement |
| R | Radius |
| RAD. | Radius |
| ROW | Right-of-Way |
| S | Slope |
| SHT. | Sheet |
| SPECS. | Specifications |
| SQ. FT. | Square Foot (Feet) |
| STD(S) | Standard(s) |
| T.I. | Traffic Index |
| TW | Travel Width |
| TYP. | Typical |
| V-GUTTER | Valley Gutter |
| W | Width |
| W/ | With |

(Ord. 550 (Exh. A), 2007; Ord. 549 (Exh. A), 2007; Ord. 474 (part), 2002).

GRAPHIC LINK:Click here

GRAPHIC LINK:Click here