1  BONIFACIO B. GARCIA (SBN 100761)
   EVA M. PLAZA (SBN 250321)
2  CHAKA C. OKADIGBO (SBN 224547)
   GARCIA CALDERON RUIZ, LLP
3  500 S. Grand Avenue, Suite 1100
   Los Angeles, CA  90071
4  (213) 347-0210; Fax (213) 347-0216

5  Attorneys for Defendant CITY OF WASCO

6

7

8                    UNITED STATES DISTRICT COURT

9          EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION

10

11  ROGER McINTOSH.                    Case No:  1:07-CV-01080-LJO-GSA

12             Plaintiffs,             **DECLARATION OF CHAKA C.
                                       OKADIGBO IN SUPPORT OF CROSS-**
13        vs.                          **COMPLAINANT CITY OF WASCO'S
                                       MOTION FOR SUMMARY JUDGMENT**
14  NORTHERN CALIFORNIA               **AGAINST CROSS-DEFENDANT
    UNIVERSAL ENTERPRISES, INC.** *et al.*  **NORTHERN CALIFORNIA UNIVERSAL**
15                                     **ENTERPRISES COMPANY, INC.**
             Defendants.
16                                     Date:    October 28, 2009
                                       Time:    8:30 a.m.
17                                     Dept.:   4
                                       Judge:   Lawrence J. O'Neill
18

19  I, Chaka c. Okadigbo, declare:

20        1.      I am an attorney licensed to practice before this Court and represent the moving

21  parties in this summary judgment motion.

22        2.      I have personal knowledge of each fact set forth herein.

23        3.      Attached hereto as Exhibit "A" is a true and correct copy of the Third Amended

24  Complaint for Copyright Infringement; Demand for Jury Trial.

25        4.      Attached hereto as Exhibit "B" is a true and correct copy of the Northern

26  California Universal Enterprise Company and Lotus Developments Answers to Second

27  Amended Complaint.

28

4811-5579-3412                         -1-
**DECLARATION OF CHAKA C. OKADIGBO IN SUPPORT OF DEFENDANT'S SUMMARY
JUDGMENT MOTION**

1      5.     Attached hereto as Exhibit "C" is a true and correct copy of excerpts from the

2  deposition of Roger McIntosh (pg 178)

3      6.     Attached hereto as Exhibit "D" is a true and correct copy of the Second Amended

4  Cross-Complaint – Jury Trial Demanded.

5      7.     Attached hereto as Exhibit "E" is a true and correct Copy of the Purchase

6  Agreement.

7      8.     Attached hereto as Exhibit "F" is a true and correct Copy of the Assignment of

8  the Purchase and Sale Agreement.

9      9.     Attached hereto as Exhibit "G" is a true and correct copy of excerpts from the

10  October 28, 2008 deposition of Joe Wu, (p. 24).

11      10.    Attached hereto as Exhibit "H" is a true and correct copy of the Subdivision

12  Agreement for Tract 6451.

13      11.    Attached hereto as Exhibit "I" is a true and correct copy of a letter from Chaka C.

14  Okadigbo to Steven J. Hassing dated February 17, 2009.

15      12.    Attached hereto as Exhibit "J" is a true and correct copy of a letter from Chaka C.

16  Okadigbo to Steven J. Hassing dated February 17, 2009.

17      13.    Attached hereto as Exhibit "K" is a true and correct copy of a letter from Chaka

18  C. Okadigbo to Steven J. Hassing dated March 25, 2009.

19      14.    Attached hereto as Exhibit "L" is a true and correct copy of a letter from Steven J.

20  Hassing to Chaka C. Okadigbo dated February 17, 2009.

21      I declare under penalty of perjury under the laws of the State of California that the

22  foregoing is true and correct.

23

24  Dated this 30 *th* day of September, 2009

Chaka C. Okadigbo

25

26

27

28

**DECLARATION OF CHAKA C. OKADIGBO IN SUPPORT OF DEFENDANT'S SUMMARY JUDGMENT MOTION**

# EXHIBIT A

Case 1:07-cv-01080-LJO-GSA   Document 141   Filed 09/30/09   Page 4 of 27
Case 1:07-cv-01080-LJO-GSA   Document 106   Filed 09/28/2009   Page 11 of 15
Case 1:07-cv-01080-LJO-GSA   Document 78   Filed 04/23/2009   Page 1 of 12

lj

1  James J. Braze, Esq.; SBN 75911
   Jeffrey A. Travis, Esq.; SBN 235507
2  BORTON PETRINI, LLP
   5060 California Avenue, Suite 700
3  Post Office Box 2026
   Bakersfield, CA 93303
4  Telephone (661) 322-3051
   jbraze@bortonpetrini.com
5  jtravis@bortonpetrini.com

6  Attorneys for Plaintiff, Roger McIntosh
   dba McIntosh & Associates
7

8                    UNITED STATES DISTRICT COURT

9            EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION

10

11  ROGER McINTOSH,

12                 Plaintiff,                        Case No. 1:07-CV-01080-LJO-GSA

13  v.                                               THIRD AMENDED COMPLAINT FOR
                                                     COPYRIGHT INFRINGEMENT; DEMAND
14  NORTHERN CALIFORNIA UNIVERSAL                    FOR JURY TRIAL
    ENTERPRISES COMPANY, a California
15  corporation; LOTUS DEVELOPMENTS,
    LLP; THE CITY OF WASCO, a municipal
16  corporation; DEWALT CM, INC., a
    California corporation also doing business as
17  DEWALT CORPORATION; DENNIS W.
    DE WALT, INC., a California corporation
18  also doing business as DEWALT
    CORPORATION; and DOES 1 through 10,
19  inclusive,

20                 Defendants.

21

22

23          For his complaint against Northern California Universal Enterprises Company

24  ("Universal") Lotus Developments, LLP ("Lotus"), the City of Wasco ("Wasco"), DeWalt CM, Inc.,

25  also doing business as DeWalt Corporation, and Dennis W. De Walt, Inc., also doing business as

26  DeWalt Corporation (collectively "DeWalt") (all defendants referred to collectively as,

27  "Defendants"), Roger McIntosh dba McIntosh & Associates ("McIntosh") alleges:

28

## NATURE OF THE ACTION

1.      This is an action to redress the infringement of McIntosh's registered copyrights. Universal, Lotus and Wasco have created a residential subdivision by copying and using McIntosh's copyrighted works and employing a tangible embodiment of the landscape and subdivision design McIntosh conceived and created and that is the subject of Copyright Registration Certificate No. VAU-721-180.

## PARTIES AND OTHER IMPORTANT PERSONS

2.      Plaintiff Roger McIntosh is a civil engineer doing business as McIntosh & Associates and Associates, a sole proprietorship with its principal place of business at 2001 Wheelan Court, Bakersfield, CA 93309.

3.      Defendant Northern California Universal Enterprises Company, a California corporation with an address at 2099 Fortune Drive, San Jose, California 95131, started as a land development company in 1980 and is now a builder in California's Central Valley. On information and belief, Joseph Wu is the founder and head of Northern California Universal Enterprises Company.

4.      Defendant Lotus Developments is a California Limited Partnership with an address at 300 B Street, Turlock, CA 95380. On information and belief, Joseph Wu is also the founder and head of Lotus Developments.

5.      Defendant City of Wasco is a municipal corporation formed and organized under the laws of the State of California with an address at 746 Eighth Street, Wasco, CA 93280.

6.      The true names and capacities of defendants Does 1 through 10 inclusive are unknown to plaintiff, who therefore sues said defendants by such fictitious names. Plaintiff is informed and believes and thereon alleges that each of the defendants herein designated as a Doe is responsible in some manner for the events and happenings herein referred to and caused injuries proximately thereby as hereinafter alleged. Plaintiff is informed and believes and thereon alleges that at all times herein mentioned, each of the defendants was the agent, servant and employee of each of the remaining defendants, and at all times herein mentioned, each was acting within the purpose and scope of said agency and employment. Plaintiff is further informed and believes and

M:\PUBLIC\054493\060971
McIntosh v
Northern\THIRD AMD CP
12-29-08.wpd

2

Case 1:07-cv-01080-LJO-GSA   Document 141   Filed 09/30/09   Page 6 of 27
Case 1:07-cv-01080-LJO-GSA   Document 106   Filed 09/28/2009   Page 13 of 15
Case 1:07-cv-01080-LJO-GSA   Document 78   Filed 04/23/2009   Page 3 of 12

1   thereon alleges that at all times herein mentioned, each of the defendants' employees was the agent,

2   servant and employee of each employee's respective employer, that at all times herein mentioned,

3   each employee was acting within the purpose and scope of said agency and employment, and that

4   each defendant has ratified and approved the acts of its agents and employees.

5          7.      The Legacy Group, referred to throughout, is not a defendant in this action

6   and no longer exists. The Legacy Group was a land development company originally involved in

7   the development of the property that is the subject of this action.

8                  **JURISDICTION AND VENUE**

9          8.      This court has subject matter jurisdiction over the claims in this action

10   pursuant to 28 U.S.C. section 1331, 28 U.S.C. section 1338(a) through (b) and 28 U.S.C.

11   section 1367.

12          9.      Venue in this judicial district is proper under 28 U.S.C. section 1391(b).

13                 **FACTUAL BACKGROUND**

14                 **McINTOSH & ASSOCIATES**

15          10.     For more than 34 years, Roger McIntosh has been engaged in urban planning,

16   specifically the design of residential subdivisions in community spaces throughout California. In

17   1980, Mr. McIntosh and Eugene Martin founded Martin-McIntosh Land Surveying.

18          11.     Over the last 27 years, the firm has expanded to offer an array of land-

19   planning services from civil engineering and landscape architecture to construction management

20   throughout Central and Southern California, Arizona and Nevada.

21          12.     On May 3, 1999, Roger McIntosh bought out his partner, Mr. Martin, and

22   Martin-McIntosh became McIntosh & Associates. Pursuant to the buy-out agreement, the rights and

23   all works created up to that point by Martin-McIntosh were assigned to Roger McIntosh.

24          13.     McIntosh & Associates provides all types of civil engineering services,

25   specializing in site planning for private developments, residential developments and public works

26   projects, including infrastructure, subdivision design and oil field facilities.

27          14.     McIntosh & Associates also offers land surveying services, from boundary

28   surveys to geodetic control surveys.

Case 1:07-cv-01080-LJO-GSA   Document 141   Filed 09/30/09   Page 7 of 27
Case 1:07-cv-01080-LJO-GSA   Document 106   Filed 09/28/2009   Page 14 of 15
Case 1:07-cv-01080-LJO-GSA   Document 78   Filed 04/23/2009   Page 4 of 12

## CONTRACT WITH THE LEGACY GROUP

15. In or about 1992, McIntosh contracted with the Legacy Group to design and supervise the private development and construction of a subdivision called the Valley Rose Estates Project (the "Subdivision") on a parcel of land owned by the Legacy Group.

16. Specifically, McIntosh contracted to (1) develop the subdivision's master plans for water, sewer and drainage systems; (2) develop a phase traffic and circulation plan; (3) determine boundaries; (4) develop a tentative tract map for the Subdivision; and (5) develop landscape design unique to the Subdivision.

17. According to the contract between McIntosh and the Legacy Group, all work product McIntosh created for the Subdivision remained his property and McIntosh retained the right to use the plans without the Legacy Group's consent, including but not limited to McIntosh's designs and technical drawings.

18. In addition, the Legacy Group agreed that McIntosh's designs and technical drawings were being created exclusively for the Legacy Group and could only be used by the Legacy Group on the Valley Rose Estates project.

19. The contract between McIntosh and the Legacy Group also established that the agreement between the parties could not be assigned without the written consent of the other party.

20. The Legacy Group had an agreement with the City of Wasco wherein the City would pay for the Subdivision project with bond anticipation notes. The Legacy Group was to pay McIntosh and the contractor from the money it received from the City of Wasco.

21. According to the agreement between Wasco and the Legacy Group, the development agreement expired in 2002 because the improvements were not completed.

22. The tentative map for the Valley Rose Estates subdivision, Tract No. 5472, expired in 2001.

## THE SUBDIVISION PLANS

23. In accordance with his obligations under the Legacy Group contract, McIntosh designed the overall layout of the Subdivision, as well as the division of the individual

1  plots and common spaces. McIntosh also created landscape designs for the Subdivision. McIntosh's

2  subdivision and landscape designs are depicted in technical drawings ("The Plans") that are the

3  subject of Copyright Registration Certificate No. VAU-721-180, a true and correct copy of which

4  is attached as Exhibit "A."

5          24.     McIntosh is the sole author of the subdivision and landscape designs

6  embodied in the technical drawings.

7          25.     McIntosh is the sole owner of the copyright and the technical drawings. (See

8  Exhibit "A," Copyright Registration Certificate No. VAU-721-180.)

9                 **INITIAL CONSTRUCTION OF THE SUBDIVISION**

10         26.     In 1993, McIntosh submitted the Plans to the City of Wasco in order to obtain

11  a building permit to commence construction on the Subdivision. The City of Wasco subsequently

12  approved the Plans.

13         27.     Construction of the Subdivision commenced after the City of Wasco approved

14  the Plans. Several different contractors worked on the construction of the Subdivision, according

15  to McIntosh's Plans. McIntosh supervised construction of the Subdivision to ensure that the Plans

16  were properly implemented.

17         28.     In 1994, the bottom dropped out of the real estate market and the City of

18  Wasco's bond anticipation notes lost their value. The City was no longer able to pay the Legacy

19  Group for the construction on the Subdivision. Consequently, construction on the Subdivision

20  ceased. The Legacy Group subsequently declared bankruptcy and the City of Wasco purchased the

21  Subdivision at a tax sale.

22                 **DEFENDANTS' INFRINGEMENT OF MCINTOSH' PLANS**

23         29.     On information and belief, in or about December 2004, of defendants Lotus

24  and Universal purchased the Subdivision, with all the improvements, from the City of Wasco.

25         30.     In or about late 2005 or early 2006, Mr. Wu of Northern California Universal

26  Enterprises Company and Lotus Developments contacted McIntosh and asked if he could use

27  McIntosh's Plans to finish the Subdivision. McIntosh told Mr. Wu that he could use the plans if he

28  paid for them. Mr. Wu refused to pay the price proposed by McIntosh for use of the Plans.

1        31.    On information and belief, in or about October 2006, without paying McIntosh

2 for his Plans, defendants commenced construction on the Subdivision.

3        32.    In or about November 2006, a Wasco city employee told McIntosh that

4 Mr. Wu was using McIntosh's plans to complete the Subdivision.

5        33.    On information and belief, Defendants' construction of the Subdivision is

6 based on landscape and subdivision designs substantially similar to the subdivision and landscape

7 design conceived and created by McIntosh that is represented in the plans and that is the subject of

8 Copyright Registration Certificate No. VAU-721-180.

9        34.    A point-by-point, feature-by-feature comparison between the subdivision

10 constructed by Defendants and the Plans authored by McIntosh shows that the prominent features

11 of the subdivision are substantially similar to the Plans, such that the overall look and feel of the

12 design representative of the plans is embodied in the subdivision.

13        35.    Specifically, a feature-by-feature comparison between the subdivision and the

14 Plans reveals substantial similarity in, among other things, the streets, curbs and gutters, utilities,

15 walls, fences, entry monuments, street lights, landscaping, and reference lines, annotations, and

16 reference numbering.

17        36.    On information and belief, Defendants, without permission or license,

18 obtained and copied the Plans and are using them or have used them to complete the subdivision.

19 Defendants have not paid McIntosh for use of the Plans.

## FIRST CAUSE OF ACTION

## COPYRIGHT INFRINGEMENT OF TECHNICAL DRAWINGS

22        37.    McIntosh incorporates by reference and re-alleges paragraphs 1 through 36

23 above.

24        38.    Plaintiff has in all respects complied with the requirements of the copyright

25 laws of the United States with respect to the Plans.

26        39.    The copying of the Plans by defendants constitutes infringement of

27 McIntosh's registered copyright and the technical drawings depicted in the Plans, in violation of the

28 Copyright Act, resulting in harm and injury to McIntosh.

Case 1:07-cv-01080-LJO-GSA   Document 141   Filed 09/30/09   Page 10 of 27
Case 1:07-cv-01080-LJO-GSA   Document 107   Filed 09/28/2009   Page 2 of 12
Case 1:07-cv-01080-LJO-GSA   Document 78   Filed 04/23/2009   Page 7 of 12

40.     As a result of the above-described wrongful acts of defendants in creating infringing copies of the Plans, McIntosh's copyright of the Plans has been infringed and he is entitled to recover actual damages and that portion of the profits realized by Defendants from the use and commercial exploitation of the infringing copies attributable to the unlawful use by Defendants of the copyrighted material contained in the plans that is the subject of Copyright Registration Certificate No. VAU-721-180.

## SECOND CAUSE OF ACTION

## CONTRIBUTORY   COPYRIGHT INFRINGEMENT OF TECHNICAL DRAWINGS

41.     McIntosh incorporates by reference and re-alleges paragraphs 1 through 40 above.

42.     At all times during the construction of the Valley Rose Estates subdivision, the City of Wasco controlled the development of the Valley Rose Estates subdivision project.

43.     As a result of the construction of the Valley Rose Estates subdivision and the unlawful use of McIntosh's copyrighted plans, Wasco obtained a direct financial benefit.

44.     As a result of its actions, the City of Wasco knowingly and materially contributed to and induced the infringing conduct of Lotus and Universal.

45.     Defendants also induced infringement through their copying, distribution, and continued recording of the Plans.

46.     As a result of the above-described wrongful acts of defendants in contributing to the infringement and infringing use of the Plans, McIntosh's copyright in the Plans has been infringed and he is entitled to recover actual damages and that portion of the profits realized by Defendants from the use of and commercial exploitation of the infringing copies attributable to the unlawful use by Defendants of the copyrighted material contained in the Plans that is the subject of Copyright Registration Certificate No. VAU-721-180.

## DEMAND/PRAYER FOR RELIEF

WHEREFORE, McIntosh requests that this Court enter a judgment against the defendants that provides for:

Case 1:07-cv-01080-LJO-GSA  Document 141  Filed 09/30/09  Page 11 of 27
Case 1:07-cv-01080-LJO-GSA  Document 107  Filed 09/28/2009  Page 3 of 12
Case 1:07-cv-01080-LJO-GSA  Document 78  Filed 04/23/2009  Page 8 of 12

1    (a)    A declaration that the defendants have willfully infringed McIntosh's

2 exclusive rights in the copyrighted material contained in the Plans that is the subject of Copyright

3 Registration Certificate No. VAU-721-180;

4    (b)    A preliminary and thereafter permanent injunction against defendants and all

5 persons acting in concert or participation with them or persons acting or purporting to act on their

6 behalf, including but not limited to their officers, directors, stockholders, partners, owners, agents,

7 representatives, employees, attorneys, successors and assigns and any and all other persons acting

8 in concert or privity with them, directing defendants to:

9    (i)    Cease and desist from infringing plaintiff's copyright in the Plans;

10    (ii)    Destroy all copies of the plans, including any and all drawings, models,

11 advertisements, catalogues and other materials based on or derived from the Plans; and

12    (iii)    Take all steps necessary to remove any structures or design elements

13 that have been copied from the Plans or built based on the Plans;

14    (c)    The impounding of all copies of the Plans and any other materials derived

15 from the Plans in whole or in part, incorporating any element of the Plans, and all means by which

16 such copies may be reproduced and in order providing for the destruction or other reasonable

17 disposition of materials containing copies of the Plans of the designs embodied in the Plans that have

18 been used in violation of McIntosh's exclusive rights and all means by which such copies may be

19 produced; and in the event that certain such copies are no longer under the control of defendants,

20 provide the name, address and relevant contact information of those believed to be in possession and

21 control of such materials;

22    (d)    The filing with this Court and the service on McIntosh within thirty (30) days

23 following service of the injunction order, a report under oath and in writing, setting forth in detail

24 the manner and form in which defendants have complied with the injunction;

25    (e)    The awarding to plaintiff McIntosh of damages in an amount equal to the

26 actual damages suffered by McIntosh as a result of the infringement and that portion of the profits

27 earned by Defendants from the creation and commercial exploitation of the copied Plans and the

28 infringing building that is attributable to the infringement, and not taken into account in computing

1   McIntosh's actual damages, including an award of the reasonable attorney fees, costs and

2   disbursements incurred by McIntosh in connection with this action;

3           (f)     Alternatively, the awarding to plaintiff McIntosh the maximum statutory

4   damages permitted under the Copyright Act with respect to each infringement, or for such other

5   amount as may be proper pursuant to 17 U.S.C. section 504(c), including an award of reasonable

6   attorney fees, costs, and disbursements incurred by McIntosh in connection with this action; and

7           (g)     The granting to McIntosh of such other and further relief as this Court may

8   deem just and proper.

### JURY TRIAL DEMAND

McIntosh demands a trial by jury on all issues triable of right by a jury.

DATED:   April 23, 2009           BORTON PETRINI, LLP


By:___/s/ Jeffrey A. Travis_____
    Jeffrey A. Travis, Attorneys for Plaintiff, Roger
    McIntosh dba McIntosh & Associates

H:\PUBLIC\0544931060971
McIntosh v
Northern\THIRD AMD CP
12-29-08.wpd

# EXHIBIT A



Certificate of Registration

Case 1:07-cv-01080-LJO-GSA   Document 141   Filed 09/30/09   Page 15 of 27
Case 1:07-cv-01080-LJO-GSA   Document 107   Filed 09/28/2009   Page 7 of 12
Case 1:07-cv-01080-LJO-GSA   Document 78   Filed 04/23/2009   Page 12 of 12

**PROOF OF SERVICE**
**(FRCP No. 5(b)(2)(E))**

**STATE OF CALIFORNIA, COUNTY OF KERN**

I, Vanessa J. Claridge, declare:

I am a citizen of the United States. I am employed in the County of Kern, State of California. I am over the age of 18 and not a party to the within action; my business address is 5060 California Avenue, Suite 700, Bakersfield, California 93309.

On **April 23, 2009**, I served the foregoing document described as **THIRD AMENDED COMPLAINT FOR COPYRIGHT INFRINGEMENT; DEMAND FOR JURY TRIAL** on the other party(ies) in this action as follows:

| | |
|---|---|
| Steven John Hassing, Esq.<br>**Law Offices of Steven J. Hassing**<br>425 Calabria Court<br>Roseville, CA 95747<br>email address: **stevehassing@yahoo.com** | Attorneys for Attorneys for Defendants,<br>Northern California Universal Enterprises<br>Company and Lotus Developments<br>Tel:    916/677-1776<br>Fax:   916/677-1770 |
| Chaka Okadigbo<br>**Garcia Calderon Ruiz, LLP**<br>500 South Grand Ave Suite 1100<br>Los Angeles, CA 90071<br>email address: **cokadigbo@gcrlegal.com** | Attorneys for Defendant, City of Wasco<br><br>Tel: 213/347-0210<br>Fax: 213-347-0216 |
| William L. Alexander, Esq.<br>**Alexander & Associates**<br>1925 "G" Street<br>Bakersfield, CA 93301<br>email address: **walexander@alexander-law.com** | Attorneys for Defendant, DeWalt CM, Inc.<br><br>Tel: 661/316-7888<br>Fax: 661/316-7890 |

☒ **BY ELECTRONIC SERVICE:** Pursuant to Fed. R. Civ. P. 5(b)(2)(E) and Local Court Rule(s), the foregoing document will be served by the court via CM/ECF. Pursuant to the CM/ECF docket for this case proceeding the following person(s) are on the Electronic Mail Notice List to receive ECF transmission at the email address(es) indicated below:

☐ **BY MAIL:** As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at , California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

Executed on **April 23, 2009**, at Bakersfield, California.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

_____          _____
Vanessa J. Claridge                                    /s/ Vanessa J. Claridge

# EXHIBIT B

Steven J. Hassing
California SBN 152125
LAW OFFICES OF STEVEN J. HASSING
425 Calabria Court
Roseville, CA  95747
Telephone:  (916) 677-1776
Facsimile:   (916) 677-1770

Attorney *for Defendants, Northern California
Universal Enterprise Company and Lotus
Developments*

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROGER MCINTOSH,<br><br>               Plaintiff(s);<br>v.<br><br>NORTHERN CALIFORNIA UNIVERSAL ENTERPRISES COMPANY,  a California corporation; LOTUS DEVELOPMENTS, LLP; THE CITY OF WASCO, a municipal corporation; DEWALT CM, INC., a California corporation also doing business as DEWALT CORPORATION; and DOES 1 through 10, inclusive,,<br><br>               Defendant(s). | No.  1:07-CV-01080-LJO-GSA<br><br>**NORTHERN CALIFORNIA UNIVERSAL ENTERPRISE COMPANY AND LOTUS DEVELOPMENTS ANSWERS TO SECOND AMENDED COMPLAINT** |

Comes now defendants, Northern California Universal Enterprises Company, Inc. and Lotus Developments, LP and in response to Plaintiff's second amended complaint answer as follows;

## NATURE OF THE ACTION

1.     Defendants deny that they "created" a subdivision or that they employed the embodiment of Plaintiff's designs.  Defendants further deny that they have infringed on any real or claimed copyright belong to Plaintiff.

## PARTIES AND OTHER IMPORTANT PERSONS

2.      Defendants admit the allegations of paragraph 2.

3.      Defendants admit the allegations of paragraph 3.

4.      Defendants admit the allegations of paragraph 4.

5.      Defendants admit the allegation of paragraph 5.

6.      Defendants deny the allegations of paragraph 6.

7.      Defendants do not possess information sufficient to know if the allegations of paragraph 7 are true or false and therefore deny same.

8.      Defendants admit the allegations of paragraph 8.

9.      Defendants admit the allegations of paragraph 9.

## FACTUAL BACKGROUND
### McIntosh and Associates

10.     Defendants do not possess information sufficient to know if the allegations of paragraph 10 are true or false and therefore deny same.

11.     Defendants do not possess information sufficient to know if the allegations of paragraph 11 are true or false and therefore deny same.

12.     Defendants admit that Roger McIntosh bought out his partner, Mr. Martin in 1999 but deny that the Martin-McIntosh copyright interest in plans or maps associated with tract 5472 in the City of Wasco were transferred to Roger McIntosh.

13.     Defendants do not possess information sufficient to know if the allegations of paragraph 13 are true or false and therefore deny same.

14.     Defendants admit the allegations of paragraph 14.

///

## Contract With The Legacy Group

15.  Defendants do not possess information sufficient to know if the allegations of paragraph 15 are true or false and therefore deny same.

16.  Defendants do not possess information sufficient to know if the allegations of paragraph 16 are true or false and therefore deny same.

17.  Defendants do not possess information sufficient to know if the allegations of paragraph 17 are true or false and therefore deny same.

18.  Defendants do not possess information sufficient to know if the allegations of paragraph 18 are true or false and therefore deny same.

19.  Defendants do not possess information sufficient to know if the allegations of paragraph 19 are true or false and therefore deny same.

20.  Defendants do not possess information sufficient to know if the allegations of paragraph 20 are true or false and therefore deny same.

21.  Defendants do not possess information sufficient to know if the allegations of paragraph 21 are true or false and therefore deny same.

22.  Defendant's admit the allegation of paragraph 22.

## The Subdivision Plans

23.  Defendants do not possess information sufficient to know if the allegations of paragraph 23 are true or false and therefore deny same.

24.  Defendants deny the allegations of paragraph 24.

25.  Defendants deny the allegations of paragraph 25.

///

## Initial Construction of the Subdivision

26.  Defendants admit the allegations of paragraph 26.

27.  Defendants admit the allegations of paragraph 27.

28.  Defendants do not possess information sufficient to know if the allegations of paragraph 28 are true or false and therefore deny same.

## Defendants' Infringement of McIntosh's Plans

29.  Defendants admit the allegations of paragraph 29.

30.  Defendants admit that there was contact between Mr. Wu and McIntosh but deny that Mr. Wu asked Mr. McIntosh if Mr. Wu could "use the Plans" or that Mr. McIntosh requested that Mr. Wu pay for the Plans.

31.  Defendants admit building homes in the subdivision but deny the allegations of paragraph 31.

32.  Defendants do not possess information sufficient to know if the allegations of paragraph 32 are true or false and therefore deny same.

33.  Defendants deny that they constructed the subdivision and therefore deny the remaining allegations of paragraph 33.

34.  Defendants deny that they constructed the subdivision and therefore deny the remaining allegations of paragraph 34.

35.  Defendants deny the allegations of paragraph 35.

36.  Defendants admit having obtained copies of plans and admit that they have not paid McIntosh for use of the plans but deny the remaining allegations of paragraph 36.

///

## FIRST CAUSE OF ACTION

### Copyright Infringement of Technical Drawings

37.   Defendants incorporate their answers set forth in paragraphs 1-36.

38.   Defendants do not possess information sufficient to know if the allegations of paragraph 38 are true or false and therefore deny same.

39.   Defendants deny the allegations of paragraph 39.

40.   Defendants deny the allegations of paragraph 40.

## SECOND CAUSE OF ACTION

### Contributory Copyright Infringement of Technical Drawings

41.   Defendants incorporate their responses to paragraphs 1-40.

42.   The allegations of paragraph 42 are vague and ambiguous and these answering Defendants cannot ascertain what is meant by "controlled" or development" in the context used and on that basis the allegations are denied.

43.   Defendants admit that the City of Wasco obtained a direct financial benefit from the construction of the Valley Rose Estates subdivision but deny that there was any unlawful use of plans drawn by McIntosh.

44.   Defendants deny the allegations of paragraph 44.

45.   Defendants deny the allegations of paragraph 45.

46.   Defendants deny the allegations of paragraph 46.

///

///

///

///

## SEPARATE AFFIRMATIVE DEFENSES

Defendants, and each of them, hereby assert the following affirmative defenses.

### FIRST AFFIRMATIVE DEFENSE

47.     The Complaint and each cause of action alleged therein fails to state a claim upon which relief can be granted.  Plaintiff's Complaint further fails to state facts sufficient to support injunctive relief or an award of attorney's fees.

### SECOND AFFIRMATIVE DEFENSE

48.     The claims of the Plaintiff in the Complaint are barred in whole or in part by the Plaintiff's acts of copyright misuse.  Plaintiff has misused its copyrights and is wrongfully attempting to extend the scope of the limited monopoly granted by the Copyright Act.

### THIRD AFFIRMATIVE DEFENSE

49.     The claims of the Plaintiff in the Complaint are barred by the equitable doctrine of Latches.

### FOURTH AFFIRMATIVE DEFENSE

50.     The claims of the Plaintiff in the Complaint are barred by the equitable doctrine of Unclean Hands.

### FIFTH AFFIRMATIVE DEFENSE

51.     At all relevant times and places mentioned in the Plaintiff's complaint herein, plaintiff failed to mitigate the amount of damages, if any.  The damages claimed by Plaintiff could have been mitigated by due diligence on its part or by one acting reasonable under similar circumstances.  The failure of the Plaintiff to mitigate damages is a bar to recovery under the Complaint.

## SIXTH AFFIRMATIVE DEFENSE

52.     The claims of the Plaintiff in the Complaint are barred or any recovery is limited by the applicable statute of limitations.  Specifically, some or all of the purported infringements alleged by Plaintiffs are barred by the statutes of limitations set forth in section 507 of the Copyright Act.  17 U.S.C. §507, and also set forth in California Civil Code §339(1).

## SEVENTH AFFIRMATIVE DEFENSE

53.     The claims of the Plaintiff in the Complaint are barred by the doctrine of Fair Use.

## EIGHTH AFFIRMATIVE DEFENSE

54.     The claims of the Plaintiff in the Complaint are barred by the First Sale Doctrine.

## NINTH AFFIRMATIVE DEFENSE

55.     The claims of the Plaintiff in the Complaint are barred by the waiver, license, abandonment or forfeiture by the Plaintiff of any rights previously held under the Copyright Act or otherwise surrendered by the operation of law.

## TENTH AFFIRMATIVE DEFENSE

56.     The claims of the Plaintiff in the Complaint are barred by the equitable doctrine of Estoppel and Acquiescence.

## ELEVENTH AFFIRMATIVE DEFENSE

57.     The Complaint and each cause of action alleged therein is barred because the Plaintiff failed to include the individual(s) who allegedly engaged in the infringement in questions and who is/are indispensable parties pursuant to Rules 12(b)(7) and 19 of the Federal Rules of Civil Procedure.

///

## TWELFTH AFFIRMATIVE DEFENSE

58.     The claims of the Plaintiff in the Complaint for statutory damages and attorney's fees under 17 U.S.C. §504 are barred because the identified copyright registration of the Plaintiff were not made within three months after the first publication of the allegedly infringing works as required by 17 U.S.C. §412.

## THIRTEENTH AFFIRMATIVE DEFENSE

59.     The claims of the Plaintiff in the Complaint are barred by the doctrine of Consent. The Plaintiff and its predecessors in interest consented to use of the Plaintiff's copyrighted material under agreements between Plaintiff and its customers and/or former customers and by the submission of said copyrighted works to a governmental agency.

## FOURTEENTH AFFIRMATIVE DEFENSE

60.     Although at the time of Defendants' purchase from the City of Wasco the subdivision had already been constructed by others pursuant to a subdivision agreement, the City required Defendants to go through the mapping process again.  Defendants hired a separate engineering firm to prepare plans for a tentative and final map.  The improvements were already in place and had been around 10 years.

## FIFTEENTH AFFIRMATIVE DEFENSE

61.     Plaintiff has suffered no damage.

## SIXTEENTH AFFIRMATIVE DEFENSE

62.     Any damages sustained by Plaintiff were caused by others and in no way caused by these answering Defendant.

///

## SEVENTEENTH AFFIRMATIVE DEFENSE

63.    Plaintiff intended that its improvement plans would be used for the construction of the improvements now existing, for dedication to the City of Wasco, for approval and recording of a final map and to allow for the construction of homes.

## EIGHTEENTH AFFIRMATIVE DEFENSE

64.    The subdivision improvements, including streets, curbs, landscaping and underground utilities were constructed and in place when these answering Defendants purchased the land on which Plaintiff's tentative map was based.  When the City of Wasco required Defendants to prepare and submit a new tentative map there was only one way in which to express the improvements as constructed.  The design of the subdivision was the result of the designer's idea.  In this case, the idea and the form merged.  There was no copying of Plaintiff's work. However, since idea's cannot be copyrighted, the independent preparation of a tentative map based upon the improvements already constructed and in place which resemble the form or design of the subdivision itself is not an infringement.

## NINETEENTH AFFIRMATIVE DEFENSE

65.    When the unprotectable elements are filtered from Defendant's tentative map 6451 there is no substantial similarity to Plaintiff's tentative map 5274.

## TWENTIETH AFFIRMATIVE DEFENSE

66.    In providing subdivision improvement plans to the City of Wasco with the intent of gaining approval on behalf of Plaintiff's client, The Legacy Group, for construction thereof and in supervising the construction of those improvements with the knowledge and intent

that the improvements would be accepted and ultimately owned by the City of Wasco, Plaintiff placed the plans and map into the public domain with no copyright protection.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

67.     In providing subdivision improvement plans to the City of Wasco with the intent of gaining approval on behalf of Plaintiff's client, The Legacy Group, for construction thereof and in supervising the construction of those improvements with the knowledge and intent that the improvements would be accepted and ultimately owned by the City of Wasco, Plaintiff granted an implied license to the City of Wasco to utilize the map and plans in exactly the manner in which the City has done.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

68.     If Plaintiff were to receive any of the relief requested by his complaint he would be unjustly enriched.

## PRAYER FOR RELIEF

WHEREFORE, Defendants respectfully request the following relief:

1.      For dismissal of the Plaintiffs' action with prejudice and a judgment in favor of Defendants denying all relief requested by Plaintiff in this action;

2.      For an award of Defendant's costs of suit including reasonable attorneys' fees; and

3.      For such further and other relief and the Court deems fair and just.


Dated this 26th day of March, 2009 _____/s/ Steven J. Hassing, Esq._____
                                                    Steven J Hassing, Attorney
                                                    for defendants

Northern California Universal Enterprise Company and Lotus Developments Answers to Second Amended Complaint

## CERTIFICATE OF SERVICE

1.   On March 26, 2009, I served the following document:

- **NORTHERN CALIFORNIA UNIVERSAL ENTERPRISE COMPANY AND LOTUS DEVELOPMENTS ANSWERS TO SECOND AMENDED COMPLAINT**

2.   The above-named document was served by the following means to the persons as listed below:

    ECF System of the United States Bankruptcy Court, District of Nevada.

__XX__   United States Mail, first class postage fully prepaid and addressed to:

James Braze
Jeffrey Travis
Borton, Petrini, LLP
1600 Truxtun Avenue
Bakersfield, CA  93301

Chaka Okadigbo
Garcia Calderon Ruiz, LLP
500 South Grand Avenue, Ste. 1100
Los Angeles, CA  90071

William L. Alexander
Alexander & Associates
1925 G Street
Bakersfield, CA  93301

By fax transmission. I faxed the document to the persons at the fax number listed below. No error was reported by the fax machine that I used. A copy of the record of the fax transmission is attached.

I declare under penalty of perjury that the foregoing is true and correct.
Dated this 26th Day of March, 2009.

                        _____/s/ Kimberley A. Hassing_____
                            Kimberley A. Hassing