1 | BONIFACIO B. GARCIA (SBN 100761)
EVA M. PLAZA (SBN 250321)
2 | CHAKA C. OKADIGBO (SBN 224547)
GARCIA CALDERON RUIZ, LLP
3 | 500 S. Grand Avenue, Suite 1100
Los Angeles, CA 90071
4 | (213) 347-0210; Fax (213) 347-0216

5 | Attorneys for Defendant CITY OF WASCO

6

7

8 | UNITED STATES DISTRICT COURT

9 | EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION

10

11 | ROGER McINTOSH.                    Case No: 1:07-CV-01080-LJO-GSA

12 |     Plaintiffs,         **CROSS-COMPLAINANT CITY OF WASCO'S MEMORANDUM OF POINTS**

13 |     vs.                 **AND AUTHORITIES IN SUPPORT OF ITS MOTION FOR PARTIAL SUMMARY**

14 | NORTHERN CALIFORNIA              **JUDGMENT**
UNIVERSAL ENTERPRISES, INC. *et al.*

15

16 |     Defendants.         Date:    October 28, 2009
Time:    8:30 a.m.

17 | Dept.:    4
Judge:  Lawrence J. O'Neill

18

19       Cross-Defendant Northern California Universal Enterprises Company ("NCUE")

20 undeniably indemnified Cross-Complainant, the City of Wasco (the "City") against lawsuits such

21 as this current action when NCUE assumed Wasco Projects' obligations under the Purchase and

22 Sale Agreement dated April 6, 2004. The City of Wasco respectfully submits this Memorandum

23 of Points and Authorities in support of Cross-Complainant's Motion for Partial Summary

24 Judgment. The City files this motion out of an abundance of caution, taking into consideration

25 the Court's September 30 deadline for the filing of all dispositive motions in this litigation. In

26 filing this motion and memorandum of points and authorities, the City is acting to preserve its

27 rights. However, in the event the Court concludes that this September 30 deadline does not

28

**CROSS-COMPLAINANT CITY OF WASCO'S MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT OF ITS MOTION FOR PARTIAL SUMMARY JUDGMENT**

1  apply to this motion by Cross-Complainant against Cross-Defendant, the City respectfully

2  requests permission to withdraw the motion.

3  **I.    SUMMARY OF ARGUMENT**

4  Plaintiff McIntosh's claims against the City as defendant fall squarely within the scope of

5  indemnification which NCUE has agreed to or assumed.  As a result, NCUE is responsible, as a

6  matter of law, for compensating the City for its costs and attorney fees in defending this action,

7  along with reimbursement for any adverse judgment.

8  **II.    STATEMENT OF FACTS CONCERNING NCUE'S OBLIGATION TO INDEMNIFY THE CITY**

9

10  In 1993, Roger McIntosh submitted plans for a subdivision known as Valley Rose Estates

11  (the "Property") to the City, which in turn approved them.  (Ex. A [hereinafter "Third Amended

12  Complaint"] ¶¶ 15, 26; *see also* Ex. B, [hereinafter "NCUE Answer 2nd Amd. Complaint"] ¶

13  26.) (UMF #1)  However, construction in the Valley Rose Estates ceased and the project was

14  cancelled, preventing the use of the McIntosh plans.  (Third Amended Complaint ¶ 28) (UMF

15  #2)

16  Subsequently, the City obtained ownership of the Property by tax sale. (Ex. C, McIntosh

17  Deposition, at 178:14-17.) (UMF #3)  Over ten years later, on April 6, 2004, the City entered

18  into a Purchase and Sale Agreement with Wasco Project, LLC ("Wasco Project") in anticipation

19  of development of the Property.  (Ex. D [hereinafter "Second Amended Cross-Complaint"] ¶ 5;

20  Ex. E [hereinafter "Purchase Agreement"].) (UMF #4)  In the Purchase Agreement, Wasco

21  Project acknowledged that it was purchasing the site "as is" and, in a "blighted condition."

22  Wasco Project further acknowledged responsibility for maintaining/improving the property and

23  obtaining a "new subdivision map . . . for [it]."  (Purchase Agreement ¶¶ 6.3, 6.4) (UMF #5)

24  Additionally, the agreement included an indemnification clause calling for Wasco Project, LLC

25  to indemnify and defend the City "from and against any and all claims . . . which arise out of . . .

26  the ownership or operation of the Property." (Purchase Agreement ¶ 8) (UMF #6)

27  / / /

28

4852-4661-2228 v2                                    -2-

**CROSS-COMPLAINANT CITY OF WASCO'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION FOR PARTIAL SUMMARY JUDGMENT**

1   Shortly thereafter, NCUE assumed Wasco Project's obligations, including its duty to
2   indemnify the City under the Purchase Agreement.[1]   (Second Amended Cross-Complaint ¶ 7;
3   Ex. F [hereinafter "Assignment"] ¶¶ B, C, 1, 2) (UMF#7)  During the fall of 2006, NCUE began
4   construction at the Property.  (Third Amended Complaint ¶ 31; *see also* NCUE Answer 2nd
5   Amd. Complaint ¶ 31) (UMF #10)  On February 20, 2007, NCUE entered into a Subdivision
6   Agreement with the City which also included an indemnification clause obligating NCUE to
7   indemnify and defend the City against all claims which arise due to any acts, omissions, or
8   neglect on the part of NCUE or its agents.  (Ex. H [hereinafter "Subdivision Agreement"] ¶ 10)
9   (UMF #11)  In addition, the Subdivision Agreement provided for NCUE's responsibility for the
10  legal defense of any claim against the City which fell within the scope of the indemnity clause.
11  (*Id.*) (UMF #13)

12  On July 26, 2007, Roger McIntosh filed a complaint against NCUE, Lotus
13  Developments, LP, and John Does 1-10.  (Civil Docket for E.D. Cal. No.: 1:07-cv-01080-LJO-
14  GSA, Entry #1)  (UMF #16)  McIntosh filed an amended complaint on June 12, 2008, against the
15  City.  (Civil Docket for E.D. Cal. No. 1:07-cv-01080-LJO-GSA, Entry #28).  (UMF #17)
16  Currently, McIntosh is alleging copyright infringement against all Defendants and contributory
17  copyright infringement against the City.  (Third Amended Complaint ¶¶ 37-46)  (UMF #18)  The
18  City timely answered and filed a counterclaim against NCUE for contractual indemnification on
19  July 21, 2008 (Civil Docket for E.D. Cal. No. 1:07-cv-01080-LJO-GSA, Entry #32) (UMF #19)
20  On or about February 17, 2009, the City tendered defense to NCUE for the above captioned
21  action. (Exs. I & J) (UMF #20)  During February and March 2009, the City Counsel sent a series
22  of emails and other correspondence, requesting that NCUE defend it against this action.  (Exs. I,
23  J & K) (UMF #21)  NCUE has refused these demands.  (Ex. L) (UMF #22)  As a result of this
24  refusal, the City has incurred, and continues to incur, significant legal costs in defending this
25  action.   The City now moves for Summary Judgment on the question of whether NCUE is

26

27  _____

[1] Wu's deposition demonstrates that he was not concerned with having to indemnify the City, as all that mattered
28  was price when agreeing to this deal. (Ex. G - Deposition of Joe Wu, at 24:8-22) (stating that he came to build
houses because "the price is right.")) (UMF #9).

**CROSS-COMPLAINANT CITY OF WASCO'S MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT OF ITS MOTION FOR PARTIAL SUMMARY JUDGMENT**

1    obligated to indemnify the City against, and for payment of its attorney fees and costs in this

2    action.

3    **III.    THE CITY IS ENTITLED TO SUMMARY JUDGMENT ON ITS CLAIMS
             FOR INDEMNIFICATION AND ATTORNEY FEES**

4

5          The facts at issue in this Motion are not in dispute.  They concern whether this action by

6    Martin-McIntosh contractually obliges NCUE to indemnify the City and reimburse it for attorney

7    fees and costs.  As such, the only issue raised by this motion is a question of law; namely the

8    interpretation of the Indemnity Clauses of the Purchase Agreement and Subdivision Agreement.

9    (Purchase Agreement ¶ 8; Subdivision Agreement ¶ 10 (hereinafter referred to collectively as the

10   "Indemnity Clauses")).  As will be demonstrated, the City is entitled to indemnification against

11   this action as a matter of law, and to reimbursement for its legal costs.  This motion is therefore,

12   appropriate for summary judgment in the City's favor.

13         **A.    Summary Judgment as a Matter of Law is Appropriate Under the
                  Applicable Standard of Review for This Motion.**

14

15         Summary judgment is warranted where, as here, there is "no genuine issue as to any

16   material fact and . . . the moving party is entitled to a judgment as a matter of law."  FED. R. CIV.

17   PRO. 56(c); *California v. Campbell*, 138 F.3d 772, 780 (9th Cir. 1998).  A court's role on a

18   motion for summary judgment is to determine whether there is a genuine issue of material fact

19   for trial. *See Abdul-Jabbar v. G.M. Corp.*, 85 F.3d 407, 410 (9th Cir. 1996).  The interpretation

20   of a contract is not such an issue as it is a matter of law for a court.  *Airborne Freight Corp. v.*

21   *McPherson*, 427 F.2d 1283, 1285 (9th Cir. 1970).  Because there is no genuine issue of material

22   fact at stake in this motion, if the Court determines that the City is entitled to indemnification

23   under either the Purchase Agreement or Subdivision Agreement, summary judgment should be

24   entered.

25         **B.    NCUE Is Contractually Obligated to Indemnify the City Against This Action.**

26         California  courts  interpret  indemnity  clauses  as  ordinary  contractual  provisions.

27   *Crawford et. al. v. Weather Shield Mfg., Inc.*, 44 Cal. 4th 541, 552 (Cal. 2008).  Under "the

28

**CROSS-COMPLAINANT CITY OF WASCO'S MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT OF ITS MOTION FOR PARTIAL SUMMARY JUDGMENT**

1    ordinary rules" of contract interpretation, "the mutual intention of the parties at the time the

2    contract is formed governs interpretation." *Santisas v. Goodin*, 951 P.2d 399, 405 (Cal. 1998)

3    (citing Cal. Civ. Code, § 1636). *See also*, *Superior Dispatch, Inc. v. Insurance Corp. of New*

4    *York*, 176 Cal. App. 4th 12, 30 (Cal. App. 2d Dist. 2009) (stating that if contractual language is

5    "clear and explicit and does not involve an absurdity, the plain meaning governs.") (citing Cal.

6    Civ. Code § 1638.). When the parties' intent to knowingly bargain for protection is clear, then

7    "the protection should be afforded." *Rossmoor Sanitation, Inc. v. Pylon, Inc.*, 13 Cal.3d 622, 633

8    (Cal. 1975).

9         Following these guidelines, because the plain meaning of the two separate

10   indemnification clauses is clear, and the parties have made no indication that the Indemnity

11   Clauses are to be understood other than by the plain meaning of their words, NCUE is legally

12   obligated to indemnify the City against this lawsuit.

13        Specifically, the Purchase Agreement contains the following language:

14            Buyer's Indemnity Release. Buyer hereby agrees . . . to indemnify and
              hold Seller harmless from and against any and all claims, demands,
15            losses, obligations, costs and expenses (including without limitation
              attorney's fees and court costs) which arise out of . . . the ownership or
16            operation of the Property. (Purchase Agreement ¶ 8)

17   Moreover, the Subdivision Agreement provides a separate basis for indemnification. The

18   Subdivision Agreement provides that:

19            The Subdivider shall, and it does hereby agree to hold harmless and
              indemnify the City and its Council, officers and employees **from every**
20            **liability, claim, suit or demand which may arise or may be made by**
              **reason of . . . [a]ny act, omission or neglect** of the Subdivider, its
21            engineers, employees, agents or contractor. . . . The Subdivider at its
              own cost, expense and risk shall defend all legal proceedings which
22            may be brought against the City, its Council, officers and employees, or
              any liability suit, claim or demand which it has agreed indemnify them
23            against herein, and shall satisfy any resulting judgment that may be
              rendered against any of them. (Subdivision Agreement ¶ 10 (emphasis
24            added))

25   This action directly relates to NCUE's operations on the property, including its alleged

26   use of McIntosh's drawings to develop a new subdivision map. McIntosh's claims for copyright

27   infringement and contributory copyright infringement against the City are based on NCUE's

28

1  alleged creation of a tentative subdivision map using McIntosh's copyrighted designs. Without

2  NCUE's alleged actions, neither claim against the City could stand. Thus, the claims arise out of

3  NCUE's "ownership or operation of the Property" and from NCUE's alleged "act, omission or

4  neglect," triggering NCUE's responsibility under both the Purchase Agreement and the

5  Subdivision Agreement.

6       It is clear that the Parties intended that the Purchase Agreement and Subdivision

7  Agreement mean what they say; that NCUE contemplated that it would be obligated to

8  indemnify the City for disputes stemming from NCUE's actions arising from ownership of the

9  Subdivision, including the need to obtain a new subdivision map. Unless the parties to a contract

10  intended to have a "special meaning" then "the contract's words are to be understood in their

11  ordinary and popular sense." *Crawford*, 44 Cal. 4th at 552 (citing Cal. Civ. Code § 1644).

12  Circumstances indicating that NCUE, Wasco Project, and/or the City intended such a special

13  meaning are not present here. The City did not hide the Property's incomplete condition from

14  Wasco Project at sale; it sold Wasco Project the Property "as is," and specifically disclosed that

15  the Property was in a "blighted condition." (Purchase Agreement at ¶¶ 6.3, 6.4). Both Wasco

16  Project, and later NCUE, knew the Property was an incomplete subdivision and specifically

17  accepted the responsibility for completing it. (*Id.* ¶ 6.4). Given these facts, NCUE cannot

18  credibly argue that the Indemnification Clause in the Purchase Agreement did not contemplate

19  the alleged actions at issue in this lawsuit. This is particularly the case because *the agreement*

20  *specifically stated on the immediately preceding page* that the purchaser had the responsibility to

21  obtain a "**new subdivision map**." (*Id.* ¶ 6.4 (emphasis added))

22       Nor can NCUE escape its obligation on account of the City's alleged negligence. In

23  California the rule now is that "the intent of the parties controls and [courts] have found

24  indemnity agreements apply to the indemnitee's active negligence even where the indemnity

25  agreement does not expressly address the issue of the indemnitee's negligence." *Rooz v.*

26  *Kimmel*, 55 Cal. App. 4th 573, 584 (Cal. App. 1st Dist. 1997). This rule is strengthened where

27  the indemnitor was itself negligent. *Morton Thiokol v. Metal Bldg. Alteration Co.*, 238 Cal. Rptr.

28

722, 724 (Cal. App. 1st Dist. 1987) (stating that "indemnity should be afforded under any circumstances where to do so furthers the manifest intent of the parties to the contract and where the loss sustained would not have occurred without the indemnitor's negligence."). As described above, not only are NCUE's alleged negligent actions the source of liability against the City, but NCUE also clearly intended to indemnify the City for activities related to NCUE's acquisition of a new subdivision map. Further, McIntosh's allegations against the City, constitute "passive negligence"[2] making a reading into the intent of the parties superfluous. *Rossmoor Sanitation* at 628 (holding that indemnification clauses not specifically addressing indemnitee's negligence cover passive negligence). It is apparent then that, NCUE retains its contractual obligation to indemnify the City notwithstanding McIntosh's of negligence claims against the City.

Accordingly, NCUE has a contractual duty to indemnify the City against this action.

**C.      NCUE Is Obligated to Pay the City's Costs and Attorney Fees Associated With This Action**

NCUE is both implicitly and explicitly bound under the Purchase Agreement and Subdivision Agreement to pay for the City's defense costs. The California Civil Code provides that an indemnity clause includes the costs of defending against claims, not just the satisfaction of a final judgment. Further, both agreements expressly obligate NCUE to pay for the City's defense costs. The Purchase Agreement, whose obligations NCUE assumed, states that "Buyer hereby agrees . . . to indemnify . . . against any and all claims . . . (including without limitation attorney's fees and court costs)." (Purchase Agreement ¶ 8) The Subdivision Agreement similarly obligates NCUE, at its "own cost, expense and risk," to defend "all legal proceedings which may be brought against the City." (Subdivision Agreement ¶ 10) This action clearly falls

---

[2] *Compare Morgan v. Stubblefield*, 6 Cal. 3d 606, 625 (Cal. 1972) (holding that active negligence requires "participation in some manner by the person seeking indemnity in the conduct or omission which caused the injury beyond the mere failure to perform a duty imposed upon him by law"); with Third Amended Complaint ¶¶ 36-46 (alleging the City failed to protect the distribution of a public record, specifically, McIntosh's subdivision map)*See also Markley v. Beagle*, 66 Cal.2d 951, 962 (Cal. 1967) (holding failure to discover a defective condition created by others constituted passive negligence); *Muth v. Urricelqui*, 251 Cal. App. 2d 901, 911 (Cal. 1st Dist. 1967) (holding failure to exercise a right to inspect another's work and to specify changes constituted passive negligence); *Safeway Stores, Inc. v. Massachusetts Bonding & Ins. Co.*, 202 Cal. App.2d 99, 113 (Cal. 1st Dist. 1962) (holding failure to exercise a supervisory right to order removal of defective material constituted passive negligence).

1  within the set of circumstances contemplated by these Indemnification Clauses, and NCUE was

2  therefore obligated to defend the City as soon as the City tendered defense to it.[3]

3        That McIntosh's allegations have yet to be settled, or that McIntosh has alleged

4  negligence on the part of the City, is insufficient to delay NCUE's obligation to the City.

5  California law is clear that the duty to defend "necessarily arises as soon as . . . claims are made .

6  . . and may continue until they have been resolved." *Crawford* at 554.   As such, it is irrelevant

7  that the truth or falsity of McIntosh's allegations have yet to be settled, for the duty to defend

8  "cannot depend on the outcome of . . . litigation." *Id.* at 558; *see also Id.* at 551 & 568 (holding

9  that an indemnitor was responsible for providing the indemnitee a defense against suit **even** if the

10  subcontractor turned out not to be negligent).   Similarly, the issue of whether the City

11  contributed to or encouraged NCUE's infringement is also irrelevant to NCUE's duty to defend

12  because the duty arose as soon as a suit contemplated by the Indemnity Clauses was filed. *See*

13  *e.g.*, *Crawford* (finding that duty to defend was triggered prior to judgment even though

14  negligence on the part of the indemnitee was alleged).   This is because the duty to defend is

15  broader than the duty to indemnify, which only accrues once liability has been established. *Id.* at

16  547 & 559.   In the event that an indemnitor breaches its obligation to defend forcing an

17  indemnitee to defend itself, such an indemnitee "is entitled to reimbursement of the costs of

18  doing so." *Id.* at 555.

19        Applying these principles to this case, NCUE has a clear obligation to pay the City's

20  attorney fees and costs.   First, the Indemnification Clauses must be construed as requiring that

21  NCUE defend the City.   Second, this duty to defend the City is broadly construed, and is

22  triggered not at the finding of liability, but as soon as the ***potential*** for liability becomes clear.

23  Third, the City repeatedly tendered a request to NCUE to assume its defense in this action.

24  Fourth, the NCUE, in bad faith, ignored this request.   Finally, the City necessarily has and

25

---

[3] See Cal. Civ. Code § 2778 (stating in relevant part that:

    3. An indemnity against claims, or demands, oar liability, expressly, or in other equivalent terms, embraces the costs of defense against such claims, demands, or liability included in good faith, and in the exercise of a reasonable discretion;

    4. The person indemnifying is bound . . . to defend actions or proceedings brought against the latter in respect to the matters embraced by the indemnity.)

**CROSS-COMPLAINANT CITY OF WASCO'S MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT OF ITS MOTION FOR PARTIAL SUMMARY JUDGMENT**

1    continues to incur significant legal costs as a result of NCUE's failure to defend the City.

2    Accordingly, NCUE is required, as a matter of law, to pay the costs and attorney fees that the

3    City has and continues to incur.  As the City is still incurring costs and attorney fees in this

4    action, the full amount which NCUE will owe the City will not be known for some time.

5                              IV.    **THE CITY'S PRAYER FOR RELIEF**

6            The City respectfully request that the Court issue a declaratory judgment declaring that

7    NCUE is legally obligated to indemnify the City against this action, and that it must pay the

8    City's attorney fees and costs.  Further, the City requests that the Court order NCUE to

9    reimburse the City for those legal costs it has incurred to date in defending this action.

10   DATED: September 30, 2009                      GARCIA CALDERON RUIZ, LLP

11

12

13                                          By:_____

14                                              CHAKA C. OKADIGBO
                                                Attorneys for Defendant
15                                              CITY OF WASCO

16

17

18

19

20

21

22

23

24

25

26

27

28

**CROSS-COMPLAINANT CITY OF WASCO'S MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT OF ITS MOTION FOR PARTIAL SUMMARY JUDGMENT**