```
BONIFACIO B. GARCIA (SBN 100761)
EVA M. PLAZA (SBN 250321)
CHAKA C. OKADIGBO (SBN 224547)
GARCIA CALDERON RUIZ, LLP
500 S. Grand Avenue, Suite 1100
Los Angeles, CA  90071
(213) 347-0210; Fax (213) 347-0216
```

Attorneys for Defendant CITY OF WASCO

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION

| | |
|---|---|
| ROGER McINTOSH.<br><br>Plaintiffs,<br><br>vs.<br><br>NORTHERN CALIFORNIA UNIVERSAL ENTERPRISES, INC. *et al.*<br><br>Defendants. | Case No: 1:07-CV-01080-LJO-GSA<br><br>**DECLARATION OF CHAKA C. OKADIGBO RE: COURT'S ORDER TO SHOW CAUSE FOR NONISSUANCE OF SANCTIONS**<br><br>Date:     October 28, 2009<br>Time:    8:30 a.m.<br>Dept.:    4<br>Judge:   Lawrence J. O'Neill |

I, Chaka C. Okadigbo, declare as follows:

1. I have firsthand personal knowledge of the facts set forth below, except as to and, if called as a witness, could and would competently testify thereto under oath.

2. I am the attorney at Garcia Calderon Ruiz, LLP primarily responsible thus far for defending the City of Wasco ("City") in the above-captioned matter. I have been practicing law continuously for more than six years in California. Prior to this action, I have not handled a case in federal court.

3. On or about July 26, 2007, Plaintiff Roger McIntosh filed the instant action against Defendants Northern California Universal Enterprises Company, inc. and Lotus Developments, LP. At that time, the City was not a defendant in the case. It appears from the

Court's Docket for Case that the Court issued a set of "civil new case documents." The Docket describes these documents as consent forms and VDRP forms. It does not appear, merely from a glance, that the Court issued a "Standing Order" detailing its requirements for the filing of motions. I would later discover after receiving an Order to Show Cause from the Court that a Standing Order relating to the filing of motions, including page limit specifications, was among the set of documents encompassed in the "civil new case documents."

4. On or about June 12, 2008, more than a year after the filing of the initial complaint in this matter, Plaintiff amended his complaint to sue the City. I did not subsequently receive any of the "new case civil documents" that the Court initially issued on July 26, 2007. I have checked my pleadings files and see no such documentation. Thus, I was not aware of a Standing Order relating to motions or briefs filed in Judge Lawrence O'Neil's court.

5. The instant lawsuit is the first federal case I have handled. My experience consists entirely of representing clients in state court, although I have assisted other attorneys in the past with federal cases they were handling, but only in a legal research and writing capacity as a junior associate in a law firm.

6. In my experience practicing in California, the local rules set forth all rules relating to the filing of briefs and/or motions, including page limit specifications. I assumed the same to be true of federal court. Thus, when I was preparing to file summary judgment motions against Plaintiff and Cross-Defendant Northern California Universal Enterprises Company, Inc. ("NCUE"), I consulted the local rules of the Eastern District of California's local rules, thinking that these rules would specify all of the Court's requirements relating to the filing of motions. I specifically looked to see if there were any page limits for the filing of summary judgment motions and did not see any such guidelines in these rules. I then discussed the issue with Steven Hassing, counsel for NCUE, to be certain that I was not missing anything. Mr. Hassing agreed that there, indeed, were no page limits for summary judgment motions or, at least, that he did not detect from any of the rules that he had consulted that there were page limits.

7. Thinking that there are no page limits for the memorandum of points and authorities in support of a summary judgment motion, I submitted a brief that exceeded the

1  Court's 25 page limit. I discovered for the first time that the Court has a Standing Order
2  concerning page limits only after receiving an Order to Show Cause from the Court as to why it
3  should not impose sanctions on the City for exceeding the page limit specifications in its
4  Standing Order. Even then, I was still unaware of any Standing Order. Accordingly, I talked to
5  Mr. Hassing twice shortly after receiving the Order to Show Cause and during our second
6  conversation, he informed me that the Standing Order was among the set of documents
7  referenced in document 7 of the Civil Docket for Case. Shortly after my conversations with Mr.
8  Hassing, I pulled up document 7 and discovered the Court's Standing Order.

9      8. In filing a brief that exceeded the Court's page limit specifications, I did not
10 intend to disregard the Court's instructions. I was simply unaware of them. I thought that I had
11 taken all precautionary measures to ascertain the Court's filing requirements. Furthermore,
12 based on my experience in California state court, I had no reason to suppose that there could be
13 page limit specifications anywhere other than the local rules or the Federal Rules of Civil
14 Procedure, both of which were silent on the issue.

15     9. Had I known that the Court had page limit specifications, I would have complied
16 with the Standing Order by either filing a brief that was no longer than 25 pages or seeking leave
17 of court to file a longer brief. Based on the nature of Plaintiff's allegations against the City, I
18 would have requested leave of Court to file a longer brief. I do believe that I needed all the
19 pages I had in the brief to respond to Plaintiff's allegations.

20     I declare under penalty of perjury that the foregoing is true and correct.
21     Executed this 5th day of October, 2009, at Wasco, California.

                                            *[signature]*
                                            Chaka C. Okadigbo