IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROGER McINTOSH,<br><br>            Plaintiff,<br><br>     vs.<br><br>NORTHERN CALIFORNIA<br>UNIVERSAL ENTERPRISES,<br>INC., et al,<br><br>            Defendants.<br>                                                           /<br>AND RELATED CROSS-ACTION.<br>                                                           / | CASE NO. CV F 07-1080 LJO GSA<br><br>**ORDER ON SUMMARY JUDGMENT<br>BRIEFING AND TO VACATE HEARING** |

Defendants Northern California Universal Enterprises Company, Inc. ("NCUE"), Lotus Developments, L.P. ("Lotus") and City of Wasco ("Wasco") responded to this Court's order to show cause why sanctions should not be imposed for exceeding the page limit for points and authorities set by this Court's standing order.[1] Counsel for NCUE and Lotus noted that he had forgotten about the page limit. Counsel for Wasco noted that she did not know of the page limit.

NCUE, Lotus and Wasco have burdened this Court with verbose, somewhat disorganized papers seeking summary judgment on plaintiff Roger McIntosh's ("Mr. McIntosh's") copyright infringement

---

[1] Wasco's counsel filed her response after the Court's deadline.

1

claims. NCUE, Lotus and Wasco's papers include numerous extraneous matters to require this Court's inordinate time and effort to decipher. On the basis of good cause, this Court:

1. ORDERS Mr. McIntosh, no later than October 21, 2009, to file and serve his papers to oppose NCUE, Lotus and Wasco's summary judgment motions;

2. PROHIBITS NCUE, Lotus and Wasco to file or serve reply papers on any kind[2] for their summary judgment motions, including Wasco's summary judgment on its indemnification/reimbursement claims;

3. LIMITS NCUE/Lotus and Wasco to 20 pages for their respective points and authorities to oppose Mr. McIntosh's partial summary adjudication motion;

4. ORDERS NCUE, no later than October 19, 2009, to file and serve its papers to oppose Wasco's summary judgment motion on its indemnification/reimbursement claims; and

5. VACATES the October 28, 2009 hearing on all pending summary judgment/adjudication motions.

This Court's practice is to consider motions on the record without oral argument. If this Court requires oral argument or further briefing, it will so order.

IT IS SO ORDERED.

**Dated:   October 5, 2009**          /s/ Lawrence J. O'Neill
                              UNITED STATES DISTRICT JUDGE

---

[2] This prohibition applies to points and authorities, declarations, statement of undisputed material facts, objections, etc.