BONIFACIO B. GARCIA (SBN 100761)
EVA M. PLAZA (SBN 250321)
CHAKA C. OKADIGBO (SBN 224547)
GARCIA CALDERON RUIZ, LLP
500 S. Grand Avenue, Suite 1100
Los Angeles, CA 90071
(213) 347-0210; Fax (213) 347-0216

Attorneys for Defendant CITY OF WASCO

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION

| | |
|---|---|
| ROGER McINTOSH. <br><br> Plaintiffs, <br><br> vs. <br><br> NORTHERN CALIFORNIA UNIVERSAL ENTERPRISES, INC. *et al.* <br><br> Defendants. | Case No: 1:07-CV-01080-LJO-GSA <br><br> **MEMORANDUM IN RESPONSE TO ORDER TO SHOW CAUSE RE: ISSUANCE OF SANCTIONS** <br><br> Date: October 5, 2009 <br> Time: 12:00 p.m. <br> Dept.: 4 <br> Judge: Lawrence J. O'Neill |

### MEMORANDUM RESPONDING TO COURT'S ORDER TO SHOW CAUSE

**I.   INTRODUCTION**

The Court issued an Order to Show Cause against the City of Wasco ("City"), requiring the City to explain why sanctions ought not to issue for filing a memorandum of points and authorities in support of a motion for summary judgment that exceeds the 25 page limit specification contained in the Court's Standing Order. The City's counsel was simply unaware of the page limit specifications prior to filing the City's summary judgment motion and never intended to flout the Court's Order or to disrespect the Court. Accordingly, the City humbly requests that the Court not issue any sanctions.

/ / /

/ / /

## II. THE CITY'S COUNSEL WAS UNAWARE OF THE COURT'S 25 PAGE LIMIT FOR BRIEFS ACCOMPANYING SUMMARY JUDGMENT MOTIONS.

As is evident from the *Declaration of Chaka C. Okadigbo* currently on file with the Court, the City's counsel was unaware of the Court's Standing Order setting forth page limit specifications for the filing of summary judgment motions. (*Okadigbo Decl.* ¶ 4.) The Court's Standing Order was issued on July 26, 2007, before the City became a defendant in this action. (*Okadigbo Decl.* ¶ 3.) The City's counsel was not subsequently served with the order and only became aware of the existence of the order when the Court issued its Order to Show Cause. (*Okadigbo Decl.* ¶¶ 3, 4.) The City's counsel did make efforts to ascertain whether there were any page limits for memoranda of points and authorities in support of a summary judgment motion. (*Okadigbo Decl.* ¶ 6.) In this regard, the City's counsel consulted the local rules of the U.S. District Court for the Eastern District of California and spoke with counsel for Northern California Universal Enterprises Company, Inc. ("NCUE"), Steven Hassing. (*Okadigbo Decl.* ¶ 6.) The City's counsel came away from both consultations believing that there were no page limits for briefs supporting summary judgment motions and, therefore, filed an overly long brief. (*Okadigbo Decl.* ¶ 6, 7.) In no way did the City's counsel mean to disregard the Court's order. (*Okadigbo Decl.* ¶ 8.) Accordingly, the City humbly requests that the Court not issue any sanctions and, most of all, that the Court not reject its memorandum of points and authorities.

## III. ALTERNATIVES TO IMPOSING SANCTIONS

The nature of Plaintiff's allegations against the City and the factual history of the case necessitated devoting 40 or so pages to the City's brief in support of its summary judgment motion. Plaintiff's claims against the City involve allegations of both direct and contributory infringement and the facts of the case stretch back to events and happenings from 1992-1994. The City's brief necessarily covered more territory than NCUE's brief which addressed only Plaintiff's direct infringement claims against NCUE. Counsel for the City is convinced that the City's brief was fairly succinct given the tasks required of him to disprove Plaintiff's contentions. (Okadigbo Decl. ¶ 9.) Thus, the City urges the Court to accept the City's current brief, instead of rejecting it or directing the City to re-file a brief that is 25 pages or less. In this

1 regard, the City invokes belatedly the aspect of the Standing Order directing that a party must
2 seek leave of Court if it intends to file a brief longer than 25 pages.
3  Notwithstanding the foregoing, counsel remains, as always, respectful of the Court's
4 wishes and will certainly obey any order from the Court to resubmit a 25 page brief if the Court
5 so chooses, despite the difficulty of complying with such an order.
6  This case is currently set for trial in March, 2010, six months from now. Thus, the Court
7 and the parties still have ample time to reschedule the hearing on the City's motion for summary
8 judgment so as to afford both the Court and Plaintiff additional time to digest the City's
9 memorandum of points and authorities. Thus, the City requests that the hearing date on its
10 motion for summary judgment motion be pushed back and that the Court permit Plaintiff to file
11 an opposition brief that exceeds the Court's 25 page limit should Plaintiff deem it necessary to
12 respond to the City's contentions.

13 **IV.   <u>CONCLUSION</u>**

14  Counsel for the City apologizes to the Court for exceeding the page limit specifications of
15 the Court's Standing Order. Counsel requests that the Court overlook its mistake since he was
16 not aware of the Order and did make reasonable efforts to ascertain whether ther were any page
17 limits for memorandum of points and authorities in support of summary judgment motions.
18 Counsel submits that the City is not deserving of sanctions, based on the facts set forth herein
19 and in the *Declaration of Chaka C. Okadigbo*. Most of all, counsel submits that the City does
20 not deserve to have its brief rejected and not considered based on its counsel's mistake.
21 / / /
22 / / /
23 / / /
24 / / /
25 / / /
26 / / /
27 / / /
28 / / /

4814-5188-9412                                -3-
**MEMORANDUM IN RESPONSE TO ORDER TO SHOW CAUSE**

1       In the end, the City is convinced that hearing and ruling on its summary judgment motion
2 will narrow down the issues for trial, if not completely eliminate them.  All parties and the Court
3 would benefit accordingly.  For this additional reason, the Court should not strike the City's
4 brief.

5 DATED: October 5, 2009                    GARCIA CALDERON RUIZ, LLP

                                            By: _____
                                            CHAKA C. OKADIGBO
                                            Attorneys for Defendant
                                            CITY OF WASCO