Steven J. Hassing
California SBN 152125
LAW OFFICES OF STEVEN J. HASSING
425 Calabria Court
Roseville, CA  95747
Telephone:  (916) 677-1776
Facsimile:   (916) 677-1770

Attorney *for Defendant, Northern California Universal Enterprise Company and Lotus Developments, L.P.*

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROGER MCINTOSH,<br><br>                                  Plaintiff(s);<br>v.<br><br>NORTHERN CALIFORNIA UNIVERSAL ENTERPRISES COMPANY, ET AL.,<br><br>                                  Defendant(s).<br><br>CITY OF WASCO,<br><br>                     Cross-Complainants(s);<br>v.<br><br>NORTHERN CALIFORNIA UNIVERSAL ENTERPRISES COMPANY, ET AL.,<br><br>                     Cross-Defendant(s) | No.  1:07-CV-01080-LJO-GSA<br><br>**NORTHERN CALIFORNIA UNIVERSAL ENTERPRISE COMPANY'S OPPOSITION TO CITY OF WASCO'S SEPARATE STATEMENT OF FACTS**<br><br>**JUDGE: Lawrence J. O'Neill** |

1

Northern California Universal Enterprise Company's Opposition to City of Wasco's Separate Statement of Facts

| NO. | UNDISPUTED MATERIAL FACTS: | |
|---|---|---|
| 1. | In 1993, Roger McIntosh submitted plans for a subdivision at Valley Rose Estates (the "Property") to the City of Wasco (the "City"), which approved them.<br><br>Exhibit "A" (Third Amended Complaint ¶¶ 15, 26) and Exhibit "B" (Northern California Universal Enterprise Company and Lotus Developments Answers to Second Amended Complaint ¶ 26) attached thereto | Undisputed |
| 2. | In or about 1994, construction in the Valley Rose Estates ceased and the project was cancelled, preventing the use of the McIntosh plans.<br><br>Exhibit "A" (Third Amended Complaint ¶ 28) attached thereto | Disputed<br><br>The subdivision was completed in 1994 using Martin-McIntosh's improvement plans<br><br>Para 27 Third Amended Complaint<br><br>Objection<br><br>Wasco mistakes para 28 of the TAC |
| 3. | Subsequent to the cessation of construction, the City obtained ownership of the Property in a tax sale. | Undisputed |

| | | |
|---|---|---|
| | Exhibit "C" (McIntosh Deposition at 178: 14-17) attached thereto | |
| 4. | On or about April 6, 2004, the City entered into a Purchase and Sale Agreement ("Purchase Agreement") in anticipation of development of the Property.<br><br>Exhibit "D" (Second Amended Cross-Complaint for Contractual Indemnity ¶ 5) and, Ex. "E" (Purchase Agreement) attached thereto | Undisputed |
| 5. | In the Purchase Agreement, Wasco Project acknowledged that it was purchasing the site "as is" and, in a "blighted condition" and that it had the responsibility for maintaining/improving the property and obtaining a "new subdivision map… for [it]."<br><br>Exhibit "E" (Purchase Agreement ¶¶ 6.3, 6.4) attached thereto | Undisputed |
| 6. | The Purchase Agreement included an indemnification clause calling for Wasco Project, LLC to indemnify and defend the City "from and against any and all claims…which arise out of…the ownership or operation of the Property."  (Purchase Agreement ¶ 8) | Undisputed |

3

|   |   |   |
|---|---|---|
|   | Exhibit "E" (Purchase Agreement ¶ 8) attached thereto |   |
| 7. | On or about May 18, 2004, NCUE assumed Wasco Project's obligations under the Purchase and Sale agreement, including its duty to indemnify the City under the Purchase Agreement<br><br>Exhibit "F" (Assignment ¶¶ B, C, 1, 2) attached thereto | Undisputed |
| 8. | NCUE and the City understood, at the time of NCUE's assumption of Wasco Project's obligations under the Purchase agreement, that NCUE would be required to obtain a new subdivision map for the property.<br><br>Exhibit "F" (Assignment ¶¶ B, C, 1, 2; Purchase Agreement at ¶¶ 6.3, 6.4) attached thereto | Undisputed |
| 9. | Defendant Wu cared only about price in his decision to become involved with the Valley Rose Estates<br><br>Exhibit "G" (Wu Deposition, at 24: 8-22) attached thereto | Disputed<br><br>Objection:<br><br>Exhibit "G" does not provide any evidence to support the alleged fact. |

4

| | | |
|---|---|---|
| 10. | During the fall of 2006, NCUE began construction at the property.<br><br>Exhibit "A" (Third Amended Complaint ¶ 28) and Exhibit "B" (Northern California Universal Enterprise Company and Lotus Developments Answers to Second Amended Complaint ¶ 26) attached thereto | |
| 11. | On or about February 20, 2007, NCUE entered into a Subdivision Agreement with the City which also included an indemnification clause obligating NCUE to indemnify and defend the City against all claims which arise due to any acts, omissions, or neglect on the part of NCUE or its agents.<br><br>Exhibit "H" (Subdivision Agreement ¶ 10) attached thereto | Undisputed |
| 12. | NCUE and the City understood, upon entry into the Subdivision Agreement that NCUE would need to obtain a new subdivision map for the property.<br><br>Exhibit "F" (Assignment ¶¶ B, C, 1, 2) and Exhibit ("E") Purchase Agreement at ¶¶ 6.3, 6.4;) attached thereto | Undisputed |
| 13. | The Subdivision Agreement provided for NCUE's responsibility for the legal defense | Undisputed |

|  |  |  |
|---|---|---|
|  | of any claim against the City which fell within the scope of the indemnity clause.<br><br>Exhibit "H" (Subdivision Agreement"] ¶ 10) attached thereto |  |
| 14. | The City did no supervise NCUE's development of the Valley Rose Estates subdivision project.<br><br>Exhibit "E" (Purchase Agreement ¶ 6.4) attached thereto | Undisputed |
| 15. | The City was not involved in the development of the Valley Rose Estates subdivision project.<br><br>Exhibit "E" (Purchase Agreement ¶ 6.4) attached thereto | Disputed<br><br>The alleged fact is accurate regarding Northern's development but The City was intimately involved with MM and Legacy during Legacy's development in the 1990's.<br><br>Evidence<br><br>Acquisition agreement attached as Exhibit "F" to the Declaration of Michael Brown filed in support of Northern's Summary Judgment Motion. |
| 16. | On July 26, 2007, Roger McIntosh filed a complaint against NCUE, Lotus | Undisputed |

| | | |
|---|---|---|
| | Developments, LP, and John Does 1-10<br><br>Civil Docket for E.D. Cal. No.: 1:07-cv-01080-LJO-GSA, Entry # 1 | |
| 17. | McIntosh filed an amended complaint on June 12, 2008, against the City<br><br>Civil Docket for E.D. Cal. No.: 1:07-cv-01080-LJO-GSA, Entry # 28 | Undisputed |
| 18. | Currently, McIntosh is alleging copyright infringement against all defendants and contributory copyright infringement against the city<br><br>Exhibit "A" (Third Amended Complaint ¶¶ 37-46) | Undisputed |
| 19. | The City timely answered and filed a counterclaim against NCUE for contractual indemnification on July 21, 2008<br><br>Civil Docket for E.D. Cal. No.: 1:07-cv-01080-LJO-GSA, Entry # 32 | Undisputed |
| 20. | On or about February 17, 2009, the City, by letter, requested that NCUE defend the City in | Undisputed |

|  |  |  |
|---|---|---|
|  | the above captioned action.<br><br>Exhibits "I" and "J" (Letters from Chaka C. Okadigbo to Steven J. Hassing dated February 17, 2009) attached thereto |  |
| 21. | During February and March 2009, the City sent a series of emails and other correspondence, requesting that NCUE defend it against this action.<br><br>Exhibits "I" and "J" (Letters from Chaka C. Okadigbo to Steven J. Hassing dated February 17, 2009) and Exhibit "K" (Letter from Chaka C. Okadigbo to Steven J. Hassing dated March 25, 2009) attached thereto | Undisputed |
| 22. | NCUE has refused these demands<br><br>Exhibit "L" (Letter from Steven J. Hassing to Chaka C. Okadigbo dated February 17, 2009) and Exhibit "K" (Letter from Chaka C. Okadigbo to Steven J. Hassing dated March 25, 2009) attached thereto | Undisputed |

Dated this 18 day of October, 2009            /s/ Steven J. Hassing, Esq.
                                              Steven J Hassing, Attorney for defendants

**CERTIFICATE OF SERVICE**

1. On October 19, I served the following document:

    - **NORTHERN CALIFORNIA UNIVERSAL ENTERPRISE COMPANY'S OPPOSITION TO CITY OF WASCO'S SEPARATE STATEMENT OF FACTS**

2. The above-named document was served by the following means to the persons as listed below:

__XX__   United States Mail, first class postage fully prepaid and addressed to:

James Braze
Jeffrey Travis
Borton, Petrini, LLP
1600 Truxtun Avenue
Bakersfield, CA  93301

Chaka Okadigbo
Garcia Calderon Ruiz, LLP
500 South Grand Avenue, Ste. 1100
Los Angeles, CA  90071

William L. Alexander
Alexander & Associates
1925 G Street
Bakersfield, CA  93301

_____   By fax transmission. I faxed the document to the persons at the fax number listed below. No error was reported by the fax machine that I used. A copy of the record of the fax transmission is attached.

I declare under penalty of perjury that the foregoing is true and correct.
Dated this 19th day of October, 2009.

/s/ Kimberley A. Hassing
Kimberley A. Hassing