Steven J. Hassing
California SBN 152125
LAW OFFICES OF STEVEN J. HASSING
425 Calabria Court
Roseville, CA 95747
Telephone: (916) 677-1776
Facsimile: (916) 677-1770

Attorney *for Defendant, Northern California Universal Enterprise Company and Lotus Developments, L.P.*

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROGER MCINTOSH,<br><br>Plaintiff(s);<br>v.<br><br>NORTHERN CALIFORNIA UNIVERSAL ENTERPRISES COMPANY, ET AL.,<br><br>Defendant(s). | No. 1:07-CV-01080-LJO-GSA<br><br>**NORTHERN'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF NORTHERN'S OPPOSITION TO THE CITY OF WASCO'S SUMMARY JUDGMENT MOTION**<br><br>**JUDGE: Lawrence J. O'Neill** |

Northern request that this Court take Judicial Notice of the following documents pursuant to Rule 201 of the Federal Rules of Evidence;

1.   Complaint filed in Case Number 227661 AEW in Kern County Superior Court on December 29, 1994 with Exhibit "A" attached.

2.   The declaration of Michael Brown and Exhibit "F" thereto filed in this action on September 28, 2009. (Now attached hereto as Exhibit "B").

Dated this 18th day of October, 2009         /s/ Steven J. Hassing, Esq.
                                                          Steven J Hassing, Attorney for Northern

# CERTIFICATE OF SERVICE

1. On October 19, 2009, I served the following document:

   - **NORTHERN'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF NORTHERN'S OPPOSITION TO THE CITY OF WASCO'S SUMMARY JUDGMENT MOTION**

2. The above-named document was served by the following means to the persons as listed below:

__XX__   United States Mail, first class postage fully prepaid and addressed to:

James Braze
Jeffrey Travis
Borton, Petrini, LLP
1600 Truxtun Avenue
Bakersfield, CA  93301

Chaka Okadigbo
Garcia Calderon Ruiz, LLP
500 South Grand Avenue, Ste. 1100
Los Angeles, CA  90071

William L. Alexander
Alexander & Associates
1925 G Street
Bakersfield, CA  93301


_____   By fax transmission. I faxed the document to the persons at the fax number listed below. No error was reported by the fax machine that I used. A copy of the record of the fax transmission is attached.

I declare under penalty of perjury that the foregoing is true and correct.
Dated this 19 day of October, 2009.

/s/ Kimberley A. Hassing
Kimberley A. Hassing

Request for Judicial Notice in Support of Northern's Opposition to The City of Wasco's Summary Judgment Motion

# EXHIBIT 'A' TO REQ FOR J.N.

2

(SPACE BELOW FOR FILING STAMP ONLY)

ARRACHE, CLARK & POTTER
ATTORNEYS AT LAW
5401 CALIFORNIA AVENUE, SUITE 301
BAKERSFIELD, CALIFORNIA 93309-0702
(805) 328-1800

David B. Potter, SBN 85813

Attorneys for Plaintiff,
MARTIN-McINTOSH

FILED
94 DEC 29 A10:57

TERRY ......LY, CLERK
KERN COUNTY, CALIF

INDEXED

THIS CASE HAS BEEN ASSIGNED
TO THE FAST TRACK SYSTEM

SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF KERN

* * * * * * * *

Entered ☐

MARTIN-McINTOSH,
a General Partnership,

                Plaintiff,

vs.

MICHAEL S. BROWN;
THE LEGACY GROUP, L. P.;
THE CITY OF WASCO; and
DOES 1 through 100, inclusive,

                Defendants.

Case No. 227661 AEW

COMPLAINT FOR BREACH OF
CONTRACT, FOR FORECLOSURE
OF MECHANIC'S LIEN, AND
FOR COMMON COUNTS

SUMMONS ISSUED

Plaintiff, MARTIN-McINTOSH, alleges:

FIRST CAUSE OF ACTION

(FOR BREACH OF CONTRACT AGAINST DEFENDANTS,
MICHAEL S. BROWN, THE LEGACY GROUP, L. P., AND
DOES 1 THROUGH 50, INCLUSIVE)

1.    At all times herein mentioned, plaintiff was, and now is, a general partnership, organized and existing under the laws of the State of California, with its

principal place of business in the County of Kern, California.

2. At all times herein mentioned, defendant, THE LEGACY GROUP, L. P., was a partnership with its principal place of business in the County of Kern, State of California.

3. At all times herein mentioned, defendant MICHAEL S. BROWN was an individual serving as a general partner in the partnership known as the defendant, THE LEGACY GROUP, L. P.

4. At all times herein mentioned, THE CITY OF WASCO was, and now is, a municipal entity whose form is unknown to plaintiff.

5. At all times herein mentioned, the Mechanic's Lien described in plaintiff's Complaint encumbered real property in the County of Kern, State of California, and the above-entitled Court is the proper Court for the trial of this action.

6. The true names and capacities, whether individual, corporate, associate or otherwise, of defendants DOES 1 through 100, inclusive, are unknown to plaintiff who, therefore, sues said defendants by such fictitious names. Plaintiff is informed and believes, and thereon alleges, that each of the defendants named herein as a fictitiously named defendant is in some manner responsible for the events and happenings referred to herein, and has caused damage to the plaintiff as herein alleged. When plaintiff ascertains the true

names and capacities of DOES 1 through 100, inclusive, it will ask leave of this Court to amend its Complaint by setting forth the true names and capacities when they are ascertained.

7. Plaintiff is informed and believes, and based thereon alleges, that defendants DOES 1 through 50, inclusive, assert an interest in the real property which is the subject of plaintiff's Mechanic's Lien described herein.

8. At all times herein mentioned, each of the defendants named in this Complaint, was, and now is, the agent, servant or employee of each of the other defendants, and all of the things alleged to have been done by said defendants were done in the course, scope and capacity of said agency, servitude and employment, and with the permission of each co-defendant.

9. On or about March 18, 1992, defendants THE LEGACY GROUP, L. P., and MICHAEL S. BROWN, and DOES 1 through 100, and each of them, with the express permission and consent of all the additional named defendants, including those claiming an ownership interest in the subject real property, entered into a written agreement with plaintiff for the rendition of civil engineering services. The civil engineering services were intended to be used, and were actually used, for the permanent improvement of real property known as the "Valley Rose" subdivision (hereinafter referred to as "the subject real property").

RRACHE, CLARK
& POTTER
TTORNEYS AT LAW
01 CALIFORNIA AVE
SUITE 301
BAKERSFIELD

3

A true copy of the written agreement is attached hereto as "Exhibit A" and is incorporated herein by reference. A true copy of the legal description for the subject real property is attached hereto as "Exhibit B" and is incorporated herein by reference.

10. Pursuant to the written agreement, plaintiff furnished the civil engineering services requested by defendants and fully performed all things on its part to be done under the written agreement. The civil engineering services were hired for the purpose of the permanent improvement of the real property described in the preceding paragraph, and were actually used for the permanent improvement of such real property.

11. Defendants MICHAEL S. BROWN, THE LEGACY GROUP, L. P., and DOES 1 through 100, and each of them, promised to pay plaintiff for the aforesaid civil engineering services at specified rates. These rates were the reasonable amount for the civil engineering services furnished to defendants, MICHAEL S. BROWN, THE LEGACY GROUP, L. P., and DOES 1 through 100, inclusive.

12. On or about March 20, 1993, defendants, and each of them, breached the written agreement by failing to pay the sum due on that date.

13. As a result of the defendants' breach of the written agreement, plaintiff has been damaged in the sum of $330,309.30, together with interest thereon at the rate of 18% per annum from March 20, 1993.

14. By the terms of the written agreement ("Exhibit A"), defendants, and each of them, agreed to pay reasonable attorney's fees incurred in collecting any amount due under the written agreement. Plaintiff alleges that the amount of $100,000.00, or as further proved this Court, is a reasonable sum as and for attorney's fees.

## SECOND CAUSE OF ACTION

(FOR FORECLOSURE OF MECHANIC'S LIEN AGAINST DEFENDANTS, MICHAEL S. BROWN, THE LEGACY GROUP, L. P., THE CITY OF WASCO, AND DOES 1 THROUGH 100, INCLUSIVE)

15. Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 14, inclusive, of its First Cause of Action, and by this reference thereto incorporates the same as though fully set forth herein.

16. Plaintiff is informed and believes, and based thereon alleges, that the defendants, MICHAEL S. BROWN, THE LEGACY GROUP, L. P., THE CITY OF WASCO, and DOES 1 through 50, inclusive, are the owners or reputed owners, or assert some claim of interest in the real property described in this paragraph, each as purchasers, owners, judgment claimants, lienholders, trustees or beneficiaries under Deeds of Trust or otherwise. Said property is commonly known as the "Valley Rose" subdivision, located near the City of Wasco, County of Kern, State of California. This real property is more specifically described on "Exhibit B" attached hereto and incorporated herein by reference.

17. Plaintiff duly served a Preliminary 20-Day Notice in the manner required by Section 3097 of the Civil Code, for all of the civil engineering services hired by defendants,

and each of them, under the written agreement.

18. After providing the civil engineering services and fully performing under the written agreement, plaintiff duly filed and recorded with the County Recorder's Office of Kern County, California, its Mechanic's Lien describing with sufficient particularity the subject real property and the reputed owners and the amount of plaintiff's unpaid claim as of said recording date, a true copy of which is attached hereto, marked "Exhibit C" and incorporated herein by reference.

19. No Notice of Non-Responsibility has been posted or recorded by any of the defendants relating to the subject real property.

20. No Notice of Completion or Cessation of Labor upon the subject real property had been recorded or posted at the construction project prior to the date of recordation of plaintiff's Mechanic's Lien Claim.

21. Ninety (90) days have not elapsed between the plaintiff's recordation of its Mechanic's Lien and the commencement of these proceedings.

22. All of the services and materials furnished by plaintiff were furnished with the knowledge and consent of the defendants, and each of them.

23. In its Claim of Lien ("Exhibit C"), plaintiff claimed a Mechanic's Lien on the work of improvement and the real property for the unpaid contract price, the sum of $330,309.30, which is the reasonable value of the services and materials which plaintiff has furnished. Plaintiff has further incurred indebtedness which was necessary for the recording and verification of the Claim of Lien.

24. By reason of the foregoing, plaintiff is entitled to a decree of foreclosure upon the whole of the above-described real property and requests that a judicial foreclosure sale be ordered for said real property to satisfy plaintiff's Mechanic's Lien.

25. Defendants THE CITY OR WASCO and DOES 1 through 100, inclusive, and each of them, claim to have some right, title or interest in the above-described real property, the exact nature of which is unknown to plaintiff, which claims are subject and subordinate to the Mechanic's Lien of plaintiff.

### THIRD CAUSE OF ACTION

(FOR COMMON COUNTS AGAINST ALL DEFENDANTS,
AND DOES 1 THROUGH 100, INCLUSIVE)

26. Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 14, inclusive, of its First Cause of Action, and Paragraphs 16 through 25, inclusive, of its Second Cause of Action, and by this reference thereto incorporates the same as though fully set forth herein.

RRACHE, CLARK
& POTTER
ATTORNEYS AT LAW
01 CALIFORNIA AVE
SUITE 301

27. Within the four years immediately preceding the filing of this Complaint, in the County of Kern, State of California, defendants herein, and each of them, became indebted to plaintiff in the sum of $330,309.30 for engineering services and materials furnished by plaintiff, at the special instance and request of defendants. The reasonable value for the engineering services and materials furnished was, and now is, the sum of $330,309.30, which defendants agreed to pay to plaintiff.

28. No part of this sum has been paid. Therefore, there is now due, owing and unpaid the sum of $330,309.30, with interest thereon at the rate of 18% per annum from March 20, 1993.

WHEREFORE, plaintiff prays judgment as follows:

1. For the principal sum of $330,309.30, together with interest at the rate of 18% per annum from March 20, 1993.

2. For costs of suit incurred herein;

3. For reasonable attorney's fees in the sum of $100,000.00, or according to proof;

4. For an order adjudging that the Mechanic's Lien be foreclosed and that the usual judgment be made for the sale of the property by the court, the Sheriff of the County of Kern, or by a commissioner to be appointed by the court; that the proceeds of the sale be applied and payment of the amounts including interest and costs herein; that each defendant and all persons claiming under each of them be banned and foreclosed from all rights, claims, interest or equity of redemption in the property;

RRACHE, CLARK
& POTTER
TTORNEYS AT LAW
01 CALIFORNIA AVE
SUITE 301
BAKERSFIELD

8

5.  For an order that plaintiff may have judgment and execution against defendants, and each of them, for any deficiency that may remain after applying all the proceeds of the sale of the premises wherever applicable to the satisfaction of said judgment;

6.  For an order that the court permit plaintiff or any other parties to this suit to be a purchaser at the foreclosure sale; that the court, commissioner or Sheriff execute a deed to the purchaser of the property at the sale; that the purchaser be let into possession of the property on production of the commissioner's, court's or Sheriff's deed;

7.  For such other and further relief as the court may deem just and proper.

DATED: December 29, 1994.  ARRACHE, CLARK & POTTER

By: *David B. Potter*
DAVID B. POTTER
Attorneys for Plaintiff,
MARTIN-McINTOSH