Steven J. Hassing
California SBN 152125
LAW OFFICES OF STEVEN J. HASSING
425 Calabria Court
Roseville, CA 95747
Telephone: (916) 677-1776
Facsimile: (916) 677-1770

Attorney *for Defendant, Northern California Universal Enterprise Company and Lotus Developments, L.P.*

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROGER MCINTOSH,<br><br>                              Plaintiff(s);<br>v.<br><br>NORTHERN CALIFORNIA UNIVERSAL ENTERPRISES COMPANY, ET AL.,<br><br>                              Defendant(s). | No. 1:07-CV-01080-LJO-GSA<br><br>**DECLARATION OF STEVEN J. HASSING IN SUPPORT OF NORTHERN'S OPPOSITION TO WASCO'S SUMMARY JUDGMENT MOTION**<br><br>**JUDGE: Lawrence J. O'Neill** |

I, Steven J Hassing, declare;

1. I am licensed to practice before this Court and represent Northern and Lotus herein.

2. I have personal knowledge of each fact stated below.

3. Attached hereto as Exhibit "A" are true and correct copies of excerpts from the deposition of Danny Espita taken by me on January 29, 2009. (pp 7, 9-12).

4.  Attached hereto as Exhibit "B" are true and correct copies of excerpts from the deposition of Larry Pennell taken by me on January 29, 2009. (pp 6, 7, 10 and 11)

5.  Attached hereto as Exhibit "C" is a true and correct copy of a Complaint filed by Martin-McIntosh against The City of Wasco and Legacy on December 29, 1994 with the MM/Legacy contract attached thereto.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Dated this 18 day of October, 2009

/s/ Steven J. Hassing, Esq.
Steven J Hassing, Attorney for Northern

## CERTIFICATE OF SERVICE

1. On October 19, 2009, I served the following document:

   **DECLARATION OF STEVEN J. HASSING IN SUPPORT OF NORTHERN'S OPPOSITION TO WASCO'S SUMMARY JUDGMENT MOTION**

2. The above-named document was served by the following means to the persons as listed below:

   __XX__  United States Mail, first class postage fully prepaid and addressed to:

   James Braze
   Jeffrey Travis
   Borton, Petrini, LLP
   1600 Truxtun Avenue
   Bakersfield, CA  93301

   Chaka Okadigbo
   Garcia Calderon Ruiz, LLP
   500 South Grand Avenue, Ste. 1100
   Los Angeles, CA  90071

   William L. Alexander
   Alexander & Associates
   1925 G Street
   Bakersfield, CA  93301

   ____ By fax transmission. I faxed the document to the persons at the fax number listed below. No error was reported by the fax machine that I used. A copy of the record of the fax transmission is attached.

   I declare under penalty of perjury that the foregoing is true and correct. Dated this 19th day of October, 2009.

   /s/ Kimberley A. Hassing
   Kimberley A. Hassing

# EXHIBIT A

**Certified Copy**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

ROGER McINTOSH,

    Plaintiff,

vs.

NORTHERN CALIFORNIA UNIVERSAL
ENTERPRISES COMPANY, ET AL.,

    Defendants.

Case No.
107CV-01080-
LJO-WMW

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

## DEPOSITION OF

## DANNY ESPITIA

January 29, 2009
9:35 a.m.

Suite 170, 5001 East Commercenter
Bakersfield, California

Brian S. Cardoza, CSR No. 8362



Toll Free: 800.300.1214
Facsimile: 661.322.2242

Suite 170
5001 East Commercenter Drive
Bakersfield, CA 93309
www.esquiresolutions.com

```
1    finish your answer before I jump in with my next question,
2    okay?
3            Also, all answers have to be audible.  So, you
4    can't nod your head or shake your head if you want to say
5    yes or no, you have to actually say "yes" or "no".
6         A.   Understood.
7         Q.   All right.  You used to be the mayor of
8    Wasco, right?
9         A.   In 2004.
10        Q.   Is that the only year you were the mayor?
11        A.   Oh, wow, I -- that's -- I've been mayor for
12   the City of Wasco on -- on two occasions.
13        Q.   Okay.  When did each of those occasions
14   occur?
15        A.   I can't remember.
16        Q.   All right.  You were mayor, though, in 2004?
17        A.   Yes, sir.
18        Q.   All right.  And you had some involvement, I
19   take it, with the sale of the Valley Rose Estates
20   subdivision to the Northern California Universal?
21        A.   Yes, sir.
22        Q.   On behalf of the City?
23        A.   Yes, sir.
24        Q.   Okay.
25            The notice of deposition, that has some documents
```



Toll Free: 800.300.1214
Facsimile: 661.322.2242

Suite 170
5001 East Commercenter Drive
Bakersfield, CA 93309
www.esquiresolutions.com

ESQUIRE
an Alexander Gallo Company

1       Q.  On behalf of the City of Wasco?

2       A.  Yes, it is.

3       Q.  Okay.  This particular exhibit to our Exhibit
4  1, which is "Purchase and Sale Agreement and Joint Escrow
5  Instructions", appears to be dated April 6th, 2004, and
6  entered into between Wasco Project, LLC and the City of
7  Wasco.  Do you know who or what Wasco Project, LLC is or
8  was?

9       A.  To be honest, no.

10      Q.  Okay.  Did you ever talk to anybody from
11 Wasco Project, LLC in connection with this agreement?

12      A.  No, I didn't.

13      Q.  Did you have any part in the negotiation of
14 this sale with any representative of Wasco Project, LLC?

15      A.  No.

16      Q.  What was your involvement with respect to the
17 sale agreement that you signed between the City and Wasco
18 Project, LLC?

19      A.  Just at the council meeting, when the -- it
20 was brought before us, our staff gave us recommendation,
21 and the council voted, it was done, then I signed the
22 papers.

23      Q.  Okay.  As mayor, it was your --

24      A.  Of -- of course, reading the documents as
25 well.



ESQUIRE
an Alexander Gallo Company

Toll Free: 800.300.1214
Facsimile: 661.322.2242

Suite 170
5001 East Commercenter Drive
Bakersfield, CA 93309
www.esquiresolutions.com

                                10

1        Q.   Okay.  As mayor of Wasco at that time, the
2   duty of signing the sale agreement fell on your shoulders?
3        A.   That's correct.
4        Q.   All right.  And so once the City Council
5   voted with approval to enter into this agreement, you read
6   it and then you signed it; is that correct?
7        A.   Yes, sir.
8        Q.   All right.  Did you have any involvement with
9   regard to the attempted marketing of the Valley Rose
10  Estates?
11       A.   No.
12       Q.   All right.  Prior to the vote that night
13  where the City Council voted to approve the sale, were you
14  even aware that the City was negotiating to sell the
15  Valley Rose Estates to Wasco Project, LLC?
16       A.   No.  I knew they were negotiating with
17  different people, but not these guys, or Wasco Project,
18  LLC.
19       Q.   Did you have any involvement in the marketing
20  to any of these other people?
21       A.   No.
22       Q.   Prior to signing this agreement on or around
23  April 6th, 2004, did you have any understanding as to
24  whether or not a tentative map had been approved for the
25  property that was being sold under this agreement?



Toll Free: 800.300.1214
Facsimile: 661.322.2242

Suite 170
5001 East Commercenter Drive
Bakersfield, CA 93309
www.esquiresolutions.com

                                      11

1       A.  No, I was not aware of any -- any maps.
2       Q.  Okay.  Were you aware of whether or not any
3  infrastructure improvements had been completed within that
4  property?
5       A.  I knew there were -- there were some -- there
6  was some infrastructure there, but I didn't know at to
7  what length.
8       Q.  Okay.  Did you have any understanding as to
9  who had drafted the plans for the infrastructure
10 improvements?
11      A.  No.
12      Q.  Did you have any understanding as to who had
13 prepared the original tentative map that pertained to that
14 property?
15      A.  No.
16      Q.  At the time you signed this document, did you
17 have any understanding as to whether or not anybody
18 claimed a copyright interest in any of the documents
19 associated with that subdivision?
20      A.  No.
21      Q.  At the time you signed this document, did you
22 have any understanding of copyright law?
23      A.  No.
24      Q.  At the time you signed this agreement, did
25 you consider the potential effect of any copyright claims



Toll Free: 800.300.1214
Facsimile: 661.322.2242

Suite 170
5001 East Commercenter Drive
Bakersfield, CA 93309
www.esquiresolutions.com

12

```
 1   to documents associated with that subdivision?
 2        A.  No.  Like I said, we -- we depended solely on
 3   our -- our staff and our -- and our counsel, our city
 4   attorney at the time, --
 5        Q.  All right.
 6        A.  -- to cover every aspect of that when we came
 7   before the council.
 8        Q.  All right.  So, at the council meeting, there
 9   was public discussion with regard to this agreement,
10   correct?
11        A.  I can't recall, it's a long time ago.
12        Q.  All right.  Do you recall any discussion with
13   regard to copyright issues during that council meeting?
14        A.  Honestly, I can't remember.
15        Q.  Okay.  At the time you signed this agreement,
16   April 6th, 2004, or thereabouts, did you have any
17   understanding with regard to the seller's, which would be
18   the City of Wasco's, obligation to make full disclosure of
19   all material facts regarding the property?  Did you
20   understand the City had an obligation to make full
21   disclosure of all material facts?
22        A.  I didn't know anything about that.
23        Q.  Okay.  All right.  Have you ever sold a home
24   in California?
25        A.  No.
```


ESQUIRE
an Alexander Gallo Company

Toll Free: 800.300.1214
Facsimile: 661.322.2242

Suite 170
5001 East Commercenter Drive
Bakersfield, CA 93309
www.esquiresolutions.com

# EXHIBIT B

Certified Copy

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

ROGER McINTOSH,

      Plaintiff,

vs.

NORTHERN CALIFORNIA UNIVERSAL
ENTERPRISES COMPANY, ET AL.,

      Defendants.

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

Case No.
107CV-01080-
LJO-WMW

**DEPOSITION OF**

**LARRY F. PENNELL**

January 29, 2009
11:43 a.m.

Suite 170, 5001 East Commercenter
Bakersfield, California

Brian S. Cardoza, CSR No. 8362



Toll Free: 800.300.1214
Facsimile: 661.322.2242

Suite 170
5001 East Commercenter Drive
Bakersfield, CA 93309
www.esquiresolutions.com

```
 1            Q.   Okay.  What I want to do is ask you some
 2   questions about your involvement with regard to some
 3   documents, some agreements that were entered into back in
 4   2006.
 5            MR. OKADIGBO:  Four.
 6            BY MR. HASSING:  Four.  2004.
 7            Q.   I'm looking at Exhibit Number 1 to Mr. Alan
 8   Peake's deposition, and it is a 13-page document, which
 9   was a Purchase and Sale Agreement entered into by the City
10   in April of 2004 concerning their intended sale of the
11   Valley Rose Estates to an LLC called Wasco Project.
12            Do you recall being in any way involved in the
13   negotiations of that proposed sale between the City and
14   Wasco Project, LLC?
15            A.   On the -- I wasn't involved in it on the
16   periphery.  I designated John Wooner, the finance
17   director, to be our point person on those negotiations.
18            Q.   All right.  During those negotiations, during
19   that time period, were you aware of the fact that
20   Mr. McIntosh, or his old partnership, Martin-McIntosh,
21   claimed some sort of a copyright interest in any documents
22   associated with the Valley Rose Estates?
23            A.   No.
24            Q.   Approximately when did you first learn that
25   Mr. McIntosh did claim a copyright interest in documents
```



Toll Free: 800.300.1214
Facsimile: 661.322.2242

Suite 170
5001 East Commercenter Drive
Bakersfield, CA 93309
www.esquiresolutions.com

7

1  associated with the Valley Rose Estates subdivision?
2       A.  Maybe two months ago, when I was advised by
3  the city attorney's office of Wasco.
4       Q.  Okay.  You were the city manager in 2004?
5       A.  I was.
6       Q.  For that entire year?
7       A.  Correct.
8       Q.  You understand that the City didn't
9  consummate a sale to Wasco Project, LLC, are you not?
10      A.  I am aware of that.
11      Q.  And at some time after April of 2004, the
12 City sold the Valley Rose Estates to Northern California
13 Universal?
14      A.  I think that was the -- part of the
15 assignment clause in the sale agreement, yes.
16      Q.  Okay.  Now, did you have any involvement in
17 the negotiation of the sale to Northern California?
18      A.  I had significant involvement with regard to
19 the golf course.  Much less significant involvement with
20 regard to Valley Rose Estates.
21      Q.  As it pertains to Northern California?
22      A.  Yes, sir.
23      Q.  Tell me about your involvement, as it
24 pertains to the Valley Rose Estates subdivision, to
25 Northern California Universal?  And we'll talk about the



ESQUIRE
an Alexander Gallo Company

Toll Free: 800.300.1214
Facsimile: 661.322.2242

Suite 170
5001 East Commercenter Drive
Bakersfield, CA 93309
www.esquiresolutions.com

10

1  I was -- you know, it's obvious there are streets there,
2  just looking at the -- at the parcel, and one could assume
3  there's water and sewer because of the water lines there
4  popped up in different locations where the meter boxes
5  would go.
6       But we didn't require that the developer utilize
7  any of that.
8       Q.  No.  No.  And I understand that.  In talking
9  to Mr. Souza about Northern's potential purchase of that
10 property, was there any discussion about the fact that
11 since these improvements were already in place, that
12 Northern would not have to then extend the money that it
13 would cost to put them in, if they chose to use that same
14 configuration?
15      A.  I don't recall any discussion like that.
16      Q.  Okay.  In May of 2004, there was an
17 assignment of the Wasco Project, LLC contract to Northern.
18 Do you recall that?
19      A.  Yes.
20      Q.  All right.  Between the time that Wasco
21 Project, LLC entered into their contract with the City,
22 which was in April of '04, and May of '04, when Northern
23 took the assignment, during that intervening time period,
24 did you ever learn of any claim by Mr. McIntosh or
25 Martin-McIntosh of any copyright claims concerning that



Toll Free: 800.300.1214
Facsimile: 661.322.2242
Suite 170
5001 East Commercenter Drive
Bakersfield, CA 93309
www.esquiresolutions.com

1  land?
2        A.  No.  I -- I can't recall that.
3        Q.  All right.  All right.  Back in 2004, did you
4  have any understanding with regard to whether or not an
5  engineer like Mr. McIntosh had any copyright claims to
6  tentative subdivision maps?
7        A.  Yeah, the first I heard about a copyright
8  claim was, again, a couple of months ago.
9        Q.  Right.  That's the first time you heard about
10 McIntosh's copyright claim, right?
11       A.  That's correct.
12       Q.  All right.  Going back to 2004, back in 2004,
13 did you even know that an engineer had a copyright
14 interest in a tentative subdivision map?
15       A.  No.
16       Q.  Back in 2004, did you even know that an
17 engineer could have a copyright claim to improvement
18 plans?
19       A.  No.
20       Q.  Is John -- how do you spell Warmer (sic)?
21       A.  Wooner.
22       Q.  Wooner.
23       A.  W-o-o-n-e-r.
24       Q.  Does he still work for the City, do you know?
25       A.  No, he does not.



Toll Free: 800.300.1214
Facsimile: 661.322.2242

Suite 170
5001 East Commercenter Drive
Bakersfield, CA 93309
www.esquiresolutions.com

EXHIBIT C

FILED

(SPACE BELOW FOR FILING STAMP ONLY)

2

ARRACHE, CLARK & POTTER
ATTORNEYS AT LAW
5401 CALIFORNIA AVENUE, SUITE 301
BAKERSFIELD, CALIFORNIA 93309-0702
(805) 328-1800

David B. Potter, SBN 85813

Attorneys for Plaintiff,
MARTIN-McINTOSH

FILED
94 DEC 29 A10:57

TERRY ___LY, CLERK
KERN COUNTY, CALIF

___ DEPUTY

INDEXED

THIS CASE HAS BEEN ASSIGNED TO THE FAST TRACK SYSTEM

Entered ☐



SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF KERN

\* \* \* \* \* \* \* \*

| | |
|---|---|
| MARTIN-McINTOSH, a General Partnership, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>MICHAEL S. BROWN; )<br>THE LEGACY GROUP, L. P.; )<br>THE CITY OF WASCO; and )<br>DOES 1 through 100, inclusive, )<br>)<br>Defendants. ) | Case No. 227661 AEW<br><br>COMPLAINT FOR BREACH OF CONTRACT, FOR FORECLOSURE OF MECHANIC'S LIEN, AND FOR COMMON COUNTS<br><br>SUMMONS ISSUED |

Plaintiff, MARTIN-McINTOSH, alleges:

FIRST CAUSE OF ACTION

(FOR BREACH OF CONTRACT AGAINST DEFENDANTS, MICHAEL S. BROWN, THE LEGACY GROUP, L. P., AND DOES 1 THROUGH 50, INCLUSIVE)

1.  At all times herein mentioned, plaintiff was, and now is, a general partnership, organized and existing under the laws of the State of California, with its

principal place of business in the County of Kern, California.

2. At all times herein mentioned, defendant, THE LEGACY GROUP, L. P., was a partnership with its principal place of business in the County of Kern, State of California.

3. At all times herein mentioned, defendant MICHAEL S. BROWN was an individual serving as a general partner in the partnership known as the defendant, THE LEGACY GROUP, L. P.

4. At all times herein mentioned, THE CITY OF WASCO was, and now is, a municipal entity whose form is unknown to plaintiff.

5. At all times herein mentioned, the Mechanic's Lien described in plaintiff's Complaint encumbered real property in the County of Kern, State of California, and the above-entitled Court is the proper Court for the trial of this action.

6. The true names and capacities, whether individual, corporate, associate or otherwise, of defendants DOES 1 through 100, inclusive, are unknown to plaintiff who, therefore, sues said defendants by such fictitious names. Plaintiff is informed and believes, and thereon alleges, that each of the defendants named herein as a fictitiously named defendant is in some manner responsible for the events and happenings referred to herein, and has caused damage to the plaintiff as herein alleged. When plaintiff ascertains the true

ARRACHE, CLARK
& POTTER
ATTORNEYS AT LAW
401 CALIFORNIA AVE.
SUITE 301
BAKERSFIELD.

2

names and capacities of DOES 1 through 100, inclusive, it will ask leave of this Court to amend its Complaint by setting forth the true names and capacities when they are ascertained.

7. Plaintiff is informed and believes, and based thereon alleges, that defendants DOES 1 through 50, inclusive, assert an interest in the real property which is the subject of plaintiff's Mechanic's Lien described herein.

8. At all times herein mentioned, each of the defendants named in this Complaint, was, and now is, the agent, servant or employee of each of the other defendants, and all of the things alleged to have been done by said defendants were done in the course, scope and capacity of said agency, servitude and employment, and with the permission of each co-defendant.

9. On or about March 18, 1992, defendants THE LEGACY GROUP, L. P., and MICHAEL S. BROWN, and DOES 1 through 100, and each of them, with the express permission and consent of all the additional named defendants, including those claiming an ownership interest in the subject real property, entered into a written agreement with plaintiff for the rendition of civil engineering services. The civil engineering services were intended to be used, and were actually used, for the permanent improvement of real property known as the "Valley Rose" subdivision (hereinafter referred to as "the subject real property").

ARRACHE, CLARK
& POTTER
ATTORNEYS AT LAW
1401 CALIFORNIA AVE.
SUITE 301
BAKERSFIELD,

3