Steven J. Hassing
California SBN 152125
LAW OFFICES OF STEVEN J. HASSING
425 Calabria Court
Roseville, CA  95747
Telephone:  (916) 677-1776
Facsimile:   (916) 677-1770

Attorney *for Defendant, Northern California Universal Enterprise Company and Lotus Developments, L.P.*

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROGER MCINTOSH,<br><br>                              Plaintiff(s);<br>v.<br><br>NORTHERN CALIFORNIA UNIVERSAL ENTERPRISES COMPANY, ET AL.,<br><br>                              Defendant(s). | No.  1:07-CV-01080-LJO-GSA<br><br>**NORTHERN'S EVIDENTIARY OBJECTIONS TO MCINTOSH'S MOTION FOR SUMMARY ADJUDICATION**<br><br>**JUDGE: Lawrence J. O'Neill** |

Northern makes the following evidentiary objections;

**A.     Regarding Plaintiff's Separate Statement**

1.      Northern objects to Plaintiff's evidence offered in support of his separate statement #2, #6 and #15 as ambiguous and vague.  Provisions 8, 9 and 13 of the MM/Legacy contract do not refer to "ownership" nor do they refer to ownership of "copyright" and do not, therefore, support the facts asserted.

2.      Northern objects to Plaintiff's separate statement #12 on the following grounds;

        a.  Hearsay

1

b. Evidence is incomplete.  Page 40 of Wu's deposition was not provided.

c. Evidence is misstated.  Wu's deposition makes clear that Wu was only speaking about the pump station plans, not the sewer, water, storm drain, street, curb, gutter or sidewalk plans.

d. McIntosh's deposition of December, 2008 (pages 181- 183) does not support the alleged "fact".

3. Northern objects to the evidence offered in support of separate statement # 17 as incomplete.  Exhibit "C" to McIntosh's Declaration consists of 19 pages and pages 4- 12 and 14- 17 were omitted along with the exhibits referred therein.

4. Northern objects to the evidence offered in support of separate statement # 33 and #36 as vague as to time.  Further, the evidence does not indicate that Northern had access to anything other than pump station and landscape plans.  Further, separate statement #36 does not differentiate between Defendants.

**B.    Regarding the Declaration of Jeff Travis**

1. Northern objects to paragraph 20 of the Declaration of Jeff Travis on the basis that the supplemental responses to interrogatories were not signed or verified by the responding party and are hearsay.

2. Northern objects to paragraph 21 of the Declaration of Jeff Travis on the basis that the request for admissions referred to were not provided rendering the exhibit incomplete, vague, ambiguous and unreliable.  In addition, the supplemental responses to were not signed or verified by the responding party and are hearsay.

Dated this 18th day of October, 2009           /s/ Steven J. Hassing, Esq.
                                               Steven J. Hassing, Attorney for Northern

**CERTIFICATE OF SERVICE**

1.  On October 21, 2009, I served the following document:

    - **NORTHERN'S EVIDENTIARY OBJECTIONS TO MCINTOSH'S MOTION FOR SUMMARY ADJUDICATION**

2.  The above-named document was served by the following means to the persons as listed below:

__XX__   United States Mail, first class postage fully prepaid and addressed to:

James Braze
Jeffrey Travis
Borton, Petrini, LLP
1600 Truxtun Avenue
Bakersfield, CA  93301

Chaka Okadigbo
Garcia Calderon Ruiz, LLP
500 South Grand Avenue, Ste. 1100
Los Angeles, CA  90071

William L. Alexander
Alexander & Associates
1925 G Street
Bakersfield, CA  93301

_____   By fax transmission. I faxed the document to the persons at the fax number listed below. No error was reported by the fax machine that I used. A copy of the record of the fax transmission is attached.

I declare under penalty of perjury that the foregoing is true and correct.

Dated this 21st day of October, 2009             /s/ Kimberley A. Hassing
                                                 Kimberley A. Hassing