st

1   James J. Braze, Esq.; SBN 75911
    Jeffrey A. Travis, Esq.; SBN 235507
2   BORTON PETRINI, LLP
    5060 California Avenue, Suite 700
3   Post Office Box 2026
    Bakersfield, CA 93303
4   Telephone (661) 322-3051
    email: jbraze@bortonpetrini.com
5   email: jtravis@bortonpetrini.com

6   Attorneys for Plaintiff, Roger McIntosh dba McIntosh
    & Associates

7

8                    UNITED STATES DISTRICT COURT

9         EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION

10

11  ROGER McINTOSH,                          Case No.  1:07-CV- 01080 LJO-GSA

12                   Plaintiff,
                                             PLAINTIFF"S OPPOSITION TO
13          v.                               DEFENDANT CITY OF WASCO'S
                                             SEPARATE STATEMENT OF
14  NORTHERN CALIFORNIA UNIVERSAL            UNDISPUTED FACTS IN SUPPORT OF
    ENTERPRISES COMPANY, a California        MOTION FOR SUMMARY JUDGMENT
15  corporation; LOTUS DEVELOPMENTS,         AND MOTION FOR SUMMARY
    LLP; THE CITY OF WASCO, a municipal      ADJUDICATION AGAINST PLAINTIFF
16  corporation; DEWALT CM, INC., a California   ROGER McINTOSH
    corporation also doing business as DEWALT
17  CORPORATION; and DOES 1 through 10,      DATE:  October 28, 2009
    inclusive                                TIME:   OFF CALENDAR
18                                           DEPT:   4
                     Defendants.             JUDGE: Lawrence J. O'Neill
19

20
    CITY OF WASCO,
21
                     Cross-Complaint,
22
            vs.
23
    NORTHERN CALIFORNIA UNIVERSAL
24  ENTERPRISES COMPANY, INC.,

25                   Cross-Defendant.

26

27  / / /

28

H:\PUBLIC\054493\060971
McIntosh v.
Northern\Pleadings\MSJ -
Wasco\OPP TO STMT MAT
FACTS (WASCO).wpd

1

PL"S OPP TO DF CITY OF WASCO'S SEPARATE STATEMENT OF UNDISPUTED FACTS IN SUPPORT OF MOJ, ETC.

| | ALLEGED UNDISPUTED MATERIAL FACTS | ALLEGED SUPPORTING EVIDENCE | ADMIT OR DENY | SUPPORTING EVIDENCE FOR DENIAL |
|---|---|---|---|---|
| | 1. Plaintiff, Roger McIntosh, is a civil engineer doing business as McIntosh & Associates, a sole proprietorship. | 1. Para 4, Chaka C. Okadigbo Decl. and Exhibit "C" thereto. (Complaint, ¶ 2.) | Undisputed | |
| | 2. Defendant City of Wasco ("City") is a municipal corporation formed and organized under the laws of the State of California. | 2. Para 4, Chaka C. Okadigbo Decl. and Exhibit "C" thereto. (Complaint, ¶ 5.) | Undisputed | |
| | 3. Defendants Northern California Universal Enterprises Company and Lotus Developments, LP are California companies engaged in the business of developing land and, in particular, subdivisions. | 3. Para 10, Chaka C. Okadigbo Decl. and Exhibit "I" thereto. (Wu Deposition, 5:20-22, 8:15-17, 9:25-2.) | Undisputed | |
| | 4. Defendant Dennis W. DeWalt, Inc. ("DeWalt") is a company that, among other services, performs topographical and land surveys and prepares tentative and final maps for subdivisions of land. | 4. Paras 15 and 16, Chaka C. Okadigbo Decl. and Exhibits "N" and "O" thereto. (Gutierrez Deposition, Exhibits 3 and 4 attached thereto.) | Undisputed | |
| | 5. During the period 1992 through 1994, the Legacy Group, Ltd. ("Legacy") owned the Valley Rose Estates and made efforts to develop it as a subdivision. | 5. Para 4, Chaka C. Okadigbo Decl. and Exhibit "C" thereto. (Complaint, ¶¶ 7, 15, 28; Michael Brown Decl., ¶ 3 [NCUE UMF1].) | Undisputed | |
| | 6. Michael S. Brown ("Brown") was a general partner at Legacy and served as the point person for Legacy's plans to develop the Valley Rose Estates. | 6. Para 5, Chaka C. Okadigbo Decl. and Exhibit "D" thereto. (McIntosh Deposition, 64:14; Michael Brown Decl., ¶ 2.) | Undisputed | |

2

| | | | |
|---|---|---|---|
| 7.  In April 1992, Legacy set out to create a master planned community for the Valley Rose Estates, which at the time consisted of 480 acres. | 7.  Para 7, Chaka C. Okadigbo Decl. and Exhibit F attached thereto | Undisputed | |
| 8.  Martin-McIntosh created a "draft guidance package" that provided direction and clarified expectations between the Legacy, the City and Martin-McIntosh. | 8.  Para 7, Chaka C. Okadigbo Decl. and Exhibit F attached thereto | Undisputed | |
| 9.  The City's acceptance of the package was intended as a commitment to expeditious and efficient processing of the Valley Rose Estates master plan. The City did not guarantee that it would approve Legacy's project. | 9.  Para 7, Chaka C. Okadigbo Decl. and Exhibit F attached thereto. | Undisputed | |
| 10.  Of note, the Package clarifies that Martin-McIntosh was to serve as "the representative of the Legacy Group Limited" with respect to the City's review and processing of its master plan.  (p.4). | 10.  Para 7, Chaka C. Okadigbo Decl. and Exhibit F attached thereto. | Undisputed | |
| 11.  Ron Staub was mentioned as the point of contact for Martin-McIntosh in connection with the vision to create a master planned community in the Valley Rose Estates. | 11.  Para 7, Chaka C. Okadigbo Decl. and Exhibit F attached thereto. | Undisputed | |
| 12.  The guidance package called for Martin-McIntosh to produce master plans, tentative maps and improvement plans and to share it with the City and the public as part of the City's review and approval process. | 12.  Para 7, Chaka C. Okadigbo Decl. and Exhibit F attached thereto. | (This is a compound fact)

Undisputed as to the fact that Martin-McIntosh was to prepare plans and | McIntosh did not give any party an unrestricted right to use his maps and plans. (See Declaration of Michael Brown, Exhibit "B" ¶¶ 8 and 9) |

H:\PUBLIC\054493\060971
McIntosh v.
Northern\Pleadings\MSJ -
Wasco\OPP TO STMT MAT
FACTS (WASCO).wpd

3

PL'S OPP TO DF CITY OF WASCO'S SEPARATE STATEMENT OF UNDISPUTED FACTS IN SUPPORT OF MOJ, ETC.

| | | | |
|---|---|---|---|
| | | maps | |
| | | Disputed as to the phrase "share it with the City" | |
| 13. On March 18, 1992, Martin-McIntosh prepared a written contract ("The Contract") which set forth the work it would perform for the entire 480 acres of the Subdivision. Under The Contract, Martin-McIntosh would prepare a conceptual plan for $15,200, prepare master plans for water, sewer and drainage and other utilities for $54,800 and conduct a survey of the Subdivision for $19,100. Altogether, Martin-McIntosh's services would cost $89,100. | 13. Para 7, Michael Brown Declaration and Exhibit B attached thereto, including Martin-McIntosh's March 18, 1992 letter [NCUE UMF 11] | (The Fact is compound)<br><br>Undisputed as to the preparation of the Contract.<br><br>Disputed as to the fact that McIntosh's services would cost $89,100 | The costs for the construction of Tract 5472 included both onsite and offsite construction (See Travis Decl., Exh. "A" Deposition of Roger McIntosh, June 24, 2009, 13:18-25 ) See footnote 1 below. |
| 14. The contract was expanded to include preparation of Parcel Map No. 9572 for $5,000, preparation of improvement plans and a final map for Tract No. 5472 for $57,900 and additional work that is not relevant to this case. | 14. Para 7, Declaration of Michael Brown and Exhibit C attached thereto [NCUE UMF 12] | Undisputed | |
| 15. On July 21, 1992, Martin-McIntosh recorded Parcel Map 9572, which divided the 480 acres into six separate parcels of property ranging from 26.54 to 154.31 acres each. | 15. Para 11, Steven J. Hassing Decl. and Exhibit F attached thereto. [NCUE UMF 18] | Undisputed | |

/ / /

/ / /

H:\PUBLIC\054493\060971 McIntosh v. Northern\Pleadings\MSJ - Wasco\OPP TO STMT MAT FACTS (WASCO).wpd

4

PL"S OPP TO DF CITY OF WASCO'S SEPARATE STATEMENT OF UNDISPUTED FACTS IN SUPPORT OF MOJ, ETC.

/ / /

1.  Unless otherwise noted, all references to the Travis Declaration refer to the declaration in support of Plaintiff's Opposition to Defendant Wasco's Statement of Undisputable Facts.

| | | | |
|---|---|---|---|
| 16.  Parcel 1, the parcel at issue in this lawsuit (and which subsequently became Tract No. 5472 and then Tract No. 6451), contains 33.51 acres. | 16.  Para 12, Steven J. Hassing Decl. and page 3 of Exhibit F attached thereto [NCUE UMF 19] | Undisputed | |
| 17.  Parcel Map 5472 sought to further subdivide Parcel 1 into 69 lots, 68 for single family residential homes and 1 for 96 apartments. | 17.  Para 3, Steven J. Hassing Decl. and Exhibit B attached thereto; Para 8, Jeff Gutierrez Decl [NCUE UMF 20] | Undisputed | |
| 18.  In 2007, the Final Map for Tract No. 6451 divided Parcel 1 into 68 family lots | 18.  Para 14, Steven J. Hassing Decl. and Exhibit G attached thereto [NCUE UMF 21] | Undisputed | |
| 19.  On January 28, 1993, the City and Legacy, aided by Martin-McIntosh, executed an Acquisition Agreement whereby the City agreed to purchase Martin-McIntosh's improvement plans and specifications as well as the infrastructure improvements to be constructed on Parcel 1 (Tract No. 5472). | 19.  James Zervis Decl. ¶ 4 and Exhibit A attached thereto. | Disputed | Objection: See Objections to Zervis Decl. accompanying this Opposition<br><br>The Document speaks for itself and identifies Martin-McIntosh as a Consultant for Legacy Group<br><br>McIntosh entered into an agreement with Michael Brown/Legacy Group as a Consultant and retaining all rights to his work (See Declaration of Michael Brown, Exhibit "B")<br><br>Martin-McIntosh was not a party to the Acquisition Agreement (See, Acquisition Agreement)<br><br>The City of Wasco was unable to enter |

H:\PUBLIC\054493\060971 McIntosh v. Northern\Pleadings\MSJ - Wasco\OPP TO STMT MAT FACTS (WASCO).wpd

PL"S OPP TO DF CITY OF WASCO'S SEPARATE STATEMENT OF UNDISPUTED FACTS IN SUPPORT OF MOJ, ETC.

| | | | |
|---|---|---|---|
| | | | into an implied agreement with Martin-McIntosh (Government Code § 40602 requires only written arguments with cities.) |
| 20. Ron Staub, Martin-McIntosh's project manager, prepared the engineering cost summary for the Acquisition Agreement, which established the amounts Martin-McIntosh would receive from the City. | 20. McIntosh Deposition, at 156:11-13, 156:17-19; Paras 9 and 10, Michael Brown Decl. and Exhibit G attached thereto (see pages 2 and 3) [NCUE UMF 23]. | Undisputed | |
| 21. the City paid at least $98,000 for the Martin-McIntosh improvement plans for Parcel 1, as evidenced by an engineer's report prepared by Terry Schroepfer, then of Quad Engineering, for the City. | 21. Robert Wren Decl. ¶ 8 and Exhibit A attached thereto. | Disputed | Objection: See Objections to Wren Decl. accompanying this Opposition

The City paid Martin-McIntosh on behalf of the Legacy Group from invoices submitted by Martin-McIntosh to Legacy Group (See McIntosh Decl., ¶ 6, Exh. "B")

Legacy Group defaulted on amounts owed to Martin-McIntosh for services it performed pursuant to their 1992 Agreement (McIntosh Decl., ¶ 7  )

McIntosh was unable to collect any monies from Legacy Group because Wasco was unable to enter into any implied agreements with Martin-McIntosh (See, McIntosh Decl., ¶ 8 and Government Code |

PL"S OPP TO DF CITY OF WASCO'S SEPARATE STATEMENT OF UNDISPUTED FACTS IN SUPPORT OF MOJ, ETC.

| | | | |
|---|---|---|---|
| | | | § 40602) |
| 22.  The City paid Martin-McIntosh over $800,000 for services rendered for the Subdivision. | 22.  Para 9, Steven J. Hassing Decl.  and Exhibit D attached thereto (see 3:1-6.) [NCUE UMF 25] | Disputed | See, facts opposing UMF No. 21. |
| 23.  On or about April 21, 1992, Martin-McIntosh prepared a tentative map for the Subdivision (Revised Tentative Map for Tract No. 5472). | 23.  Para 3, Chaka C. Okadigbo Decl.  and Exhibit B attached thereto. | Undisputed | |
| 24.  In 1993, Martin-McIntosh prepared improvement plans (streets, sidewalks, curb and gutter, storm drain, sewer, water and utilities) for the Subdivision. | 24.  Para 4, Chaka C. Okadigbo Decl.  and Exhibit C attached thereto (Complaint, ¶ 26.) | Undisputed | |
| 25.  Martin-McIntosh submitted both the improvement plans and Revised Tentative Map for Tract No. 5472 to the City. | 25.  Para 4, Chaka C. Okadigbo Decl.  and Exhibit C attached thereto (Complaint, ¶ 26.) | Undisputed | |
| 26.  The City approved the Revised Tentative Map for Tract No. 5472 and construction commenced on the subdivision created. | 26.  Para 4, Chaka C. Okadigbo Decl.  and Exhibit C attached thereto (Complaint, ¶ 6.) | Undisputed | |
| 27.  In or after 1994, the Legacy Group declared bankruptcy, and construction on the subdivision ceased.  The City purchased the property with the partially constructed subdivision at a tax sale. | 27.  Para 4, Chaka C. Okadigbo Decl.  and Exhibit C attached thereto (Complaint, ¶ 28.) | Undisputed | |
| 28.  All or substantially all improvements in Valley Rose Estates Subdivision were constructed by 1994 in | 28.  Para 5, Chaka C. Okadigbo Decl.  and Exhibit D attached thereto (McIntosh Deposition at, 81:1-2; | Undisputed | |

| | | |
|---|---|---|
| accordance with the Martin-McIntosh improvement plans. | 21-34; 82:3-11, 278:25-279; 14-21.) | |
| 29. Thus, the streets, sidewalks, curbs, gutters, storm drain, and driveway approaches were constructed during that time period. | 29. Paras 10, 17, 19, Chaka C. Okadigbo Decl. and Exhibit I attached thereto (Wu Deposition, at 48:4-12; Helt Deposition, at 39:7-11, 41:8-16; Pennell Deposition, at 19:18-21) | Undisputed |
| 30. In 1999, McIntosh purchased Matin's share of Martin-McIntosh and contends that he became the owner of Martin-McIntosh's copyright interests in the Revised Tentative Map for Tract No. 5472 and the Martin-McIntosh improvement plans. | 30. Para 4, Chaka C. Okadigbo Decl. and Exhibit C attached thereto (Complaint, ¶¶ 12, 25.) | Undisputed |
| 31. The Revised Tentative Map for Tract No. 5472 expired on May 11, 2001. | 31. Para 11, Chaka C. Okadigbo Decl. and Exhibit J attached thereto (Schroepfer Deposition, at 14:8-21.) | Undisputed |
| 32. Following Legacy's bankruptcy, the Subdivision lay dormant until April 26, 2002 when the City purchased parcels 1 and 3 through a tax sale. | 32. Para 5, Chaka C. Okadigbo Decl. and Exhibit D attached thereto (McIntosh Deposition, at 178:14-17.) | Undisputed |
| 33. On or about May 18, 2004, the City sold the Valley Rose Estates Subdivision to Northern California Universal Enterprises Company ("NCUE"), a California corporation owned and operated by Joe Wu. | 33. Para 10, Chaka C. Okadigbo Decl. and Exhibit "I" thereto. (Wu Deposition, at 8:15-17; 29:25-30:16; Zervis Decl. ¶ 6.) | Undisputed |
| 34. Mr. Wu also directs the activities of Lotus Developments, LP and, | 34. Para 4, Joe Wu Declaration [filed with NCUE SJ Motion]; | Undisputed |

H:\PUBLIC\054493\060971 McIntosh v. Northern\Pleadings\MSJ - Wasco\OPP TO STMT MAT FACTS (WASCO).wpd

8

PL'S OPP TO DF CITY OF WASCO'S SEPARATE STATEMENT OF UNDISPUTED FACTS IN SUPPORT OF MOJ, ETC.

| | | |
|---|---|---|
| in his dealings with the City to develop the Subdivision, has used NCUE and Lotus Developments interchangeably. | Dennis McNamara Declaration, ¶ 4. | |
| 35.  NCUE bought the Valley Rose Estates, knowing that improvements had already been constructed in the Subdivision and intending to take advantage of the existing improvements to develop the property. | 35.  Para 10, Chaka C. Okadigbo Decl.  and Exhibit "I" thereto. (Wu Deposition, at 13:25-14:5) | Undisputed |
| 36.  Indeed, Mr. Wu is experienced in purchasing and completing subdivisions in which improvements have already been constructed but the development of the subdivision remains incomplete. | 36.  Para 10, Chaka C. Okadigbo Decl.  and Exhibit "I" thereto. (Wu Deposition, at 11:1-7; 17:24-18:6.) | Undisputed for purposes of this motion |
| 37.  The purchase agreement between the City and NCUE did not require NCUE to complete the development of the Valley Rose Estates as a subdivision | 37.  James Zervis Decl. ¶ 6; Exhibit B attached thereto. | Undisputed for purposes of this motion |
| 38.  Following the sale of the Subdivision, the City's ownership interests in the Subdivision ceased | 38.  James Zervis Decl. ¶ 7 | Undisputed |
| 39.  The City and NCUE have not entered into any joint venture, partnership, co-ownership or other such arrangement with respect to owning or developing the Subdivision. | 39.  James Zervis Decl. ¶ 8 | Undisputed for purposes of this motion | (This is not a fact but a conclusion of law.  It is also immaterial for the points submitted in the motion) |
| 40.  Similarly, the City | 40.  James Zervis Decl. | Undisputed | This is not a fact but a |

H:\PUBLIC\054493\060971
McIntosh v.
Northern\Pleadings\MSJ -
Wasco\OPP TO STMT MAT
FACTS (WASCO).wpd

| | | | |
|---|---|---|---|
| has not entered into any such arrangement with Lotus Developments. | ¶ 9 | for purposes of this motion | conclusion of law.  It is also an immaterial fact for the points submitted in the motion. |
| 41.  The decision to continue developing the Subdivision was made by NCUE and/or Lotus Developments, not the City.  The City's role was merely to perform <u>routine municipal functions</u> – (1) review, comment on and approve or disprove NCUE and/or Lotus Development's tentative and final maps based on whether they complied with the Subdivision Map Act and/or the City's Municipal Code and (2) process any additional requests from NCUE/Lotus Developments associated with finalizing the development of the Subdivision. | 41.  Paras 9, 10, and 11, Chaka C. Okadigbo Decl. and Exhibits "H", "I" and "J" thereto. (Woodcock Deposition, at 26:19-25; 26:23-25; Wu Deposition, at 38:24-39:21; 40:9-13; Terry Schroepfer Deposition, at 15:15-20; McNamara Decl. ¶ 3; Wren Decl. ¶¶ 3, | Disputed | Objection as to the phrase "routine municipal functions" which is undefined and unsupported by any facts and is a conclusion of law; The City of Wasco had ultimate final authority over approval of the 6451 Tentative Map.  (See Deposition of Dennis McNamara, City Planning Commission Senior Planner, 20:19-23) |
| 42.  Beyond the tentative map approval stage, the City's dealings with NCUE and Lotus Developments has consisted of requiring these entities to perform lift station improvements and repair and maintenance in connection with NCUE and/or Lotus Developments' sustained interests in completing the Subdivision and recording a final map. | 42.  Wren Decl. ¶ 10. | Undisputed | |
| 43.  The City informed NCUE and/or Lotus Developments that the Revised Tentative Map for Tract No.  5472 had | 43.  Paras 10 and 11, Chaka C. Okadigbo Decl.  and Exhibits "I" and "J" thereto.  (Wu Deposition, at 37:19- | Undisputed | |

H:\PUBLIC\054493\060971 McIntosh v. Northern\Pleadings\MSJ - Wasco\OPP TO STMT MAT FACTS (WASCO).wpd

PL"S OPP TO DF CITY OF WASCO'S SEPARATE STATEMENT OF UNDISPUTED FACTS IN SUPPORT OF MOJ, ETC.

| | | | |
|---|---|---|---|
| expired and, this, NCUE and/or Lotus Developments were required to submit a new tentative and final map to proceed with its plans to develop the Subdivision. | 38:2: Schroepfer Deposition, at 14:8-21; *see also* Government Code § 66452.6(e) (providing for a five year maximum life for tentative maps) | | |
| 44.  Consequently, NCUE and/or Lotus Developments retained DeWalt to prepare and submit a new tentative map (Tentative Map for Tract No. 6451) and a final map (Final Map for Tract No. 6451) for the Valley Rose Estates. | 44.  Paras 10 and 13, Chaka C. Okadigbo Decl.  and Exhibits "I" and "L" thereto.  (Greg Black Deposition, at 32:15-18; Wu Deposition at 52:4-8.) | Undisputed | |
| 45.  The City provided a copy of the Martin-McIntosh improvement plans to Greg Black, the person at DeWalt who supervised other employees responsible for conducting the land surveys and for preparing the Tentative Map for Tract No. 6451 and the Final Map for Tract No. 6451. | 45.  Paras 13 and 14, Chaka C. Okadigbo Decl. and Exhibits "L" and "M" thereto. (Black Deposition, at 18:14-18; Gutierrez Deposition, at 15-17.) | Undisputed | |
| 46.  Plaintiff contends that the City also provided a copy of the Revised Tentative map for Tract No. 5472 to DeWalt, based on the deposition testimony of Jeffrey Gutierrez, DeWalt's President. | 46.  Para 14, Chaka C. Okadigbo Decl. and Exhibit "M" thereto.  (Gutierrez Deposition, at 35:15-17.) | Undisputed | (See Decl. of Joe Wu, attached to Northern's Motion, Exhibit "A", Developer Information Package, which was prepared by Wasco and with McIntosh's Tentative Map No. 5472 and sent to Northern) |
| 47.  DeWalt prepared the Tentative Map for Tract No. 6451 and the Final Map for Tract No. 6451 and submitted these maps to the City. | 47.  Para 10, Chaka C. Okadigbo Decl. and Exhibit "I" thereto. (Wu Deposition, at 36:17-37:1-2; 52:6-16.) | Undisputed | |
| 48.  DeWalt conducted its own land survey, which provided the basis | 48.  Para 14, Chaka C. Okadigbo Decl. and Exhibit M attached | This is a compound fact. | DeWalt compared the 5472 and 6451 Maps. (Deposition of Jeff |

H:\PUBLIC\054493\060971
McIntosh v.
Northern\Pleadings\MSJ -
Wasco\OPP TO STMT MAT
FACTS (WASCO).wpd

PL'S OPP TO DF CITY OF WASCO'S SEPARATE STATEMENT OF UNDISPUTED FACTS IN SUPPORT OF MOJ, ETC.

| | | | |
|---|---|---|---|
| for the information depicted in its tentative and final maps. | thereto (Gutierrez Deposition, at 14:15-20, 14:23-8, 19:4-20:1); Gutierrez Decl. ¶¶ 4,5 [submitted concurrently with NCUE SJ Motion]; Black Decl. ¶ 10,11[submitted concurrently with NCUE SJ Motion] | Undisputed that DeWalt performed its own land survey<br><br>Disputed that the land survey formed the basis for the information depicted in the tentative and final maps | Gutierrez, 17:20-25; 18; 19:1-7)<br><br>Exhibit "W" to Travis Decl. (Supplemental Response to Request for Admissions Nos. 1, 4, and 6 wherein DeWalt admits it requested information from the City of Wasco which may have included the 5472 Map, and that it used and saw Tentative Map No. 5472 in assisting in the preparation of Tentative Map No. 6451)<br><br>DeWalt's employee used McIntosh's improvement plans to assist them in preparation of the 6451 Tentative Map (Deposition of Sarah Burgi. 8:2-4; 9:5-12; 12:5-12; 13:1-16)<br><br>In Wasco's UMF No. 45 they admit they gave McIntosh's improvement plans to DeWalt and which contained the 5472 map. |
| 49.  Plaintiff's expert, James K.  Delmarter, concedes that DeWalt conducted its own land surveys. | 49.  Para 22, Chaka C. Okadigbo Decl. and Exhibit "U" thereto.  (Delmarter Deposition, at 55:2-6; 64:7-3.; Gutierrez Declaration, ¶¶4, 6.) | Undisputed | |
| 50.  The employees at DeWalt responsible for performing the surveying work for the Tentative Map for Tract No. 6451 and the Final Map for Tract No. 6451 testified | 50.  Paras 13, 14, 17, and 18, Chaka C. Okadigbo Decl. and Exhibits "L", "M", "P" and "Q" thereto. (Helt Deposition, at 21:11-15, 35:19-25, | Undisputed as to what the employees testified<br><br>Disputed that they didn't | Objection.  The testimony is not a fact but a legal conclusion. Copying can be determined either by direct evidence or indirect |

H:\PUBLIC\054493\060971 McIntosh v. Northern\Pleadings\MSJ - Wasco\OPP TO STMT MAT FACTS (WASCO).wpd

| | | | |
|---|---|---|---|
| during depositions that they did not copy the Revised Tentative map for Tract No. 5472. | 36:1-4; Black Deposition, at 54:10-12, 56:4-9; Gutierrez Deposition, at 18:3; 47:22; 48:17-20; Burgi Deposition, at 7:24-8:49:5-9; 9:20-23, 12:2-12, 24:16-20, 24:25-25:3; Black Decl., ¶¶ 7, 8; Gutierrez Decl., ¶¶ 7, 11.) | copy the map | (circumstantial) evidence which is determined by access to the work, and substantial similarity.<br><br>See, Also, Objections to Declarations of Gutierrez and Black in Plaintiff's Opp. to Northern's Sep. Stmnt.<br><br>Access:<br><br>Northern Had Access to The 5472 Tentative Map and Plans from Wasco (Travis Decl., ¶12, Exhibit "N", Dep. of Bob Wren, 10:14-25, 11:1-6; Travis Decl., ¶10, Exhibit "I", Dep. of Joe Wu, 69:20-25; 70:1-13; 71:1-12)<br><br>Wasco Had Access to The 5472 Tentative Map and Plans (Travis Decl., ¶10, Exhibit "S", (Tentative Map No. 5472 attached as an appendix to Developer Information Package given by Wasco to purchasing developers))<br><br>Wasco Made the 5472 Map Available to Defendants (Travis Decl., ¶12, Exhibit "N", Dep. of Bob Wren, 10:14-25; 11:1-6.)<br><br>DeWalt Had Access to The 5472 Tentative Map and Plans (Travis Decl., ¶5, Exhibit "D," exhibit 7 attached to Gutierrez |

H:\PUBLIC\054493\060971
McIntosh v.
Northern\Pleadings\MSJ -
Wasco\OPP TO STMT MAT
FACTS (WASCO).wpd

13

PL"S OPP TO DF CITY OF WASCO'S SEPARATE STATEMENT OF UNDISPUTED FACTS IN SUPPORT OF MOJ, ETC.

| | |
|---|---|
| 1 | Deposition as PMK for DeWalt CM, Inc. |
| 2 | (emails sent from Wasco to DeWalt |
| 3 | with the 5472 improvement plans |
| 4 | attached); |
| 5 | Travis Decl., ¶20, Exhibit "V" |
| 6 | (Supplemental Response No. 2 |
| 7 | wherein DeWalt admits it used |
| 8 | Tentative Map No. 5472 in assisting in |
| 9 | the preparation of Tentative Map No. |
| 10 | 6451) ("TTM 5472" or, Tentative Tract |
| 11 | Map 5472) |
| 12 | Travis Decl., ¶21, Exhibit "W" |
| 13 | (Supplemental Response to Request |
| 14 | for Admissions Nos. 1, 4, and 6 wherein |
| 15 | DeWalt admits it requested information |
| 16 | from the City of Wasco which may |
| 17 | have included the 5472 Map, and it used |
| 18 | and saw Tentative Map No. 5472 in |
| 19 | assisting in the preparation of |
| 20 | Tentative Map No. 6451) |
| 21 | DeWalt Admitted it |
| 22 | Compared the 6451 Tentative Map with |
| 23 | the 5472 Map and Plans (Travis Decl. |
| 24 | ¶19, Exhibit "U," Dep. of Sarah Burgi. 8:2-4; |
| 25 | 9:5-12; 12:5-12; 13:1-16; Travis Decl., ¶18, |
| 26 | Exhibit "T", Gutierrez Dep. as PMK for |
| 27 | Dennis W. DeWalt, Inc.; 17:20-25; 18; |
| 28 | |

PL"S OPP TO DF CITY OF WASCO'S SEPARATE STATEMENT OF UNDISPUTED FACTS IN SUPPORT OF MOJ, ETC.

| | | | |
|---|---|---|---|
| 1 | | | 19:1-7) |
| 2 | | | <u>Substantial Similarity:</u> |
| 3 | | | The overall layout of |
| 4 | | | the two maps are the same |
| 5 | | | (Woodcock Dep. 19:18-25; 20:1-10; |
| 6 | | | Black Dep. 27:4-25; 28:1-18; Northern's |
| 7 | | | Response to Request for Admission, Set |
| 8 | | | One, No. 7, attached as Exhibits "L" and |
| 9 | | | "M" to Travis Decl.; Dep. of Stephen |
| 10 | | | Wong; 78:11-15) |
| 11 | | | The lots are identical (Dep. of Jeff |
| 12 | | | Gutierrez; 40: 21-24; 41:20-25 42: 1-10 |
| 13 | | | 43: 2-13; Northern's Response to Request |
| 14 | | | for Admission, Set One, Nos. 27-28, |
| 15 | | | attached as Exhibits "L" and "M" to Travis |
| 16 | | | Decl.) |
| 17 | | | The 6451 Map was based on McIntosh's |
| 18 | | | Improvement Plans (Dep. Of Stephen |
| 19 | | | Wong 34:22-25; 35, 36:1-19; 38:15-24 – |
| 20 | | | Exhibit 2) (76:15-25; 77:1-3) |
| 21 | | | |
| 22 | | | |
| 23 | 51.  At no point in time did any persons from the | 51.  Para 13, Chaka C. Okadigbo Decl. | Disputed | See Facts Opposing UMF No. 50 |
| 24 | City advise, inform or suggest to DeWalt, | and Exhibit "L" thereto.  (Black | | |
| 25 | NCUE or Lotus Developments that they | Deposition, at 67:21-25, 58:20-25, 67:21- | | |
| 26 | copy, rely upon or use the Martin-McIntosh | 25, 68:1, 68:2-10, 69:2.  69:10, 69:19-23, | | |
| 27 | improvement plans or tentative map in | 81:14-21; Wren Decl. 11; McNamara Decl. | | |
| 28 | | | | |

H:\PUBLIC\054493\060971
McIntosh v.
Northern\Pleadings\MSJ –
Wasco\OPP TO STMT MAT
FACTS (WASCO).wpd

15

PL"S OPP TO DF CITY OF WASCO'S SEPARATE STATEMENT OF UNDISPUTED FACTS IN SUPPORT OF MOJ, ETC.

| | | | |
|---|---|---|---|
| infringing ways to perform any of the work required to finalize the development of the Subdivision. | 9; Zervis Decl. ¶ 1.) | | |
| 52. Upon submitting the Tentative Map for Tract No. 6451, the Subdivision became identified as Tract No. 6451 and ceased being identified as Tract No. 5472. | 52.  Dennis McNamara Declaration, ¶ 7. | Undisputed for purposes of this motion | |
| 53.  The City approved the Tentative Map for Tract No. 6451 on March 14, 2005 and the Final Map for Tract No. 6451 on February 20, 2007. | 53.  Dennis McNamara Declaration, ¶ 8. | Undisputed | |
| 54.  During its review of the tentative and final maps for Tract No. 6451, the City never compared the old and new tentative maps for the Subdivision and never used or relied upon the old tentative map for any purpose when processing the new tentative and final maps for the Subdivision. | 54.  Paras 17 and 20, Chaka C. Okadigbo Decl.  and Exhibits "P" and "S" thereto.  (Helt Deposition, at 39:14-19, 41:8-16, McNamara Deposition, at 8:13-17, 15:13-14; McNamara Decl., ¶ 6.) | Disputed, | See Facts Opposing UMF No. 50 |
| 55.  Similarly, the City did not consult the Martin-McIntosh improvement plans because improvement plans are not considered during the tentative map review and approval process. | 55.  Paras 9 and 20, Chaka C. Okadigbo Decl.  and Exhibits "H" and "S" thereto. (Woodcock Deposition, at 15:15-18; McNamara Deposition, at 15:13-15.) | Disputed | See Facts Opposing UMF No. 50 |
| 56.  Indeed, Municipal Code §§ 16.16.050 through 16.16.110 and 16.20.010 through 16.20.140 reveal that improvement plans are neither required nor considered during the City's tentative or final | 56.  Para 28, Chaka C. Okadigbo Decl. and Exhibit AA attached thereto. | Disputed | Improvement plans in this case were required in order to process the 6451 Final Map (See, Deposition of Dennis McNamara, 15:2-25; 26:1) |

H:\PUBLIC\054493\060971
McIntosh v.
Northern\Pleadings\MSJ -
Wasco\OPP TO STMT MAT
FACTS (WASCO).wpd

16

PL''S OPP TO DF CITY OF WASCO'S SEPARATE STATEMENT OF UNDISPUTED FACTS IN SUPPORT OF MOJ, ETC.

| | | | |
|---|---|---|---|
| map review process | | | The 6451 Map was based on the "Associative Improvement Plans" which the parties concede were done by McIntosh. (See, 6451 Map attached as Exhibit D to Declaration of Travis in Opposition to Wasco v. Northern's Motion for Summary Judgment) |
| 57.  The City did not require NCUE to submit improvement plans because the improvements for the Subdivision had already been constructed. | 57.  Paras 9, 13, 17, and 19, Chaka C. Okadigbo Decl. and Exhibits "H", "L", "P" and "R" thereto. (Black Deposition, at 33:15; 67:21-25; 66:19-25; 68:1; Woodcock Deposition, at 33:4-16: Helt Deposition, at 39:7-11, 41:8-16, 42:5-8; Pennell Deposition, at 19:18-21.) | Undisputed | (Defendants needed McIntosh's plans or else they would have had to create new ones) |
| 58. Neither NCUE nor Lotus Developments prepared or submitted any improvement plans for the Valley Rose Estates. | 58. Paras 13 and 14, Chaka C. Okadigbo Decl.  and Exhibits "L" and "M" thereto. (Black Deposition, at 17:1-8, 48:11-20, 49:11-12, 49:21-23, 66:19-25, 67:21-25, 68:1, 76:5-7; Wu Deposition, at 46:4-11; Gutierrez Decl., ¶11.) | Undisputed | (Defendants needed McIntosh's plans or else they would have had to create new ones) |
| 59.  Similarly, neither NCUE nor Lotus Developments prepared any "as-built" plans in connection with developing the Valley Rose Estates as a subdivision. | 59.  Para 13, Chaka C. Okadigbo Decl. and Exhibit "L" thereto.  (Black Deposition, at 37:2.) | Undisputed | (Defendants needed McIntosh's plans or else they would have had to create new ones) |
| 60.  Neither NCUE nor Lotus Developments | 60.  Paras 13, 14, 17, and 18, Chaka | Disputed. | See Facts Opposing UMF No. 50 |

H:\PUBLIC\054493\060971 McIntosh v. Northern\Pleadings\MSJ - Wasco\OPP TO STMT MAT FACTS (WASCO).wpd

| | | | |
|---|---|---|---|
| relied upon, used, or copy the Martin-McIntosh improvement plans to perform any work required to complete the Subdivision. | C. Okadigbo Decl. and Exhibits L, M, P and Q attached thereto (Helt Deposition, at 21:11-15, 35:19-25, 36:1-4; Black Deposition, at 54:10-12, 56:4-9; Gutierrez Deposition, at 18:3, 47:22. 48:17-20; Burgi Deposition, at 7:24-8:4, 9:5-9, 9:20-23, 24:25-25:3; Black Deposition, at 54:10-12, 68:20-23; Gutierrez Deposition, at 16:6-19; Black Decl. ¶ 7, 8; Gutierrez Decl. ¶¶ 7,11.) | | |
| 61.  Plaintiff is aware of no facts suggesting that Joseph Wu and/or NCUE and/or Lotus Developments and/or DeWalt copied the Martin-McIntosh improvement plans, besides plaintiff's allegation that the Tentative Map for Tract No. 6451 looks "substantially similar" to the Martin-McIntosh improvement plans. | 61.  Para 8, Chaka C. Okadigbo Decl. and Exhibit "G" thereto.  (McIntosh Deposition, at 298:11-14, 299:5-10, 299:14-20, 299:24-300:6, 302:16-303:2, 303:17-24, 303:25-304:7, 304:8-12, 304:13-17, 305:24-306:19, 306:20-307:4, 307:5-9 307:10-23; 307:24-308:1.) | Disputed | See Facts Opposing UMF No. 50 |
| 62.  On or about February, 2007, the City and Lotus Developments entered into a Subdivision Agreement. | 62.  Para 10, Chaka C. Okadigbo Decl. and Exhibit I attached thereto (Wu Deposition, at 27:17-20; Zervis Decl.  9; Exhibit C attached thereto) | Undisputed | |
| 63.  The purpose of the Subdivision Agreement was to ensure that NCUE and/or Lotus Developments completed all necessary repairs and maintenance of the improvements in the Subdivision in exchange | 63.  Para 10, Chaka C. Okadigbo Decl. and Exhibit I attached thereto (Wu Deposition, at 53:19-54:6; Wren Decl.  9.) | Undisputed | |

| | | |
|---|---|---|
| for the City's approval of the Final Map for Tract No. 6451. | | |
| 64. Although the Subdivision Agreement references the construction of improvements, such work had already been performed, as Plaintiff acknowledges. | 64. Paras 5, 9, and 17, Chaka C. Okadigbo Decl. and Exhibits "D", "H" and "P" thereto. (Keith Woodcock Deposition, at 11:13-19, 14-19-15:3, 22:5-18, 33:4-16, Helt Deposition, at 42:5-8; McIntosh Deposition, at 82:3-11; Wren Decl., ¶ 9.) | Undisputed |
| 65. The Agreement reference the construction of improvements only because the City initially insisted that NCUE or Lotus Developments post a bond for the improvements. The Agreement, therefore, listed the improvements that were to be bonded. | 65. Paras 9 and 17, Chaka C. Okadigbo Decl. and Exhibits "H" and"P" thereto. (Woodcock Deposition, at 14:19-15:3; Helt Deposition, at 43:18-25) | Undisputed |
| 66. However, the City later dropped this requirement, after concluding that it was unnecessary because the improvements had already been constructed and inspected during the Legacy era and that they conformed to the improvement plans. | 66. Paras 9, 17, and 21, Chaka C. Okadigbo Decl. and Exhibits "H", "P" and "T" thereto. (Woodcock Deposition, at 13:18-14:12;15:7-14, 22:5-18, 30:23-33:25; Helt Deposition, at 45:5-10, 45L14-17; Wren Deposition, at 8:16-18.) | Undisputed |
| 67. No City inspection of the improvements since the Legacy era has involved comparing the improvements with the Martin-McIntosh improvement plans. | 67. Para 21, Chaka C. Okadigbo Decl. and Exhibit T attached thereto. (Wren Deposition, at 13:6-10.) | Undisputed |
| 68. On or about November 6, 2007 and April 23, 2009, the City | 68. Wren Decl. ¶ 4. | Undisputed |

H:\PUBLIC\054493\060971 McIntosh v. Northern\Pleadings\MSJ - Wasco\OPP TO STMT MAT FACTS (WASCO).wpd

PL"S OPP TO DF CITY OF WASCO'S SEPARATE STATEMENT OF UNDISPUTED FACTS IN SUPPORT OF MOJ, ETC.

| | | |
|---|---|---|
| 1 | sent Mr. Wu a list of punch list items | | |
| 2 | summarizing all required repairs and maintenance | | |
| 3 | that NCUE and/or Lotus Developments needed to | | |
| 4 | complete in the Valley Rose Estates to complete | | |
| 5 | the recording of the Final Map for Tract No. 6451. | | |
| 6 | | | |
| 7 | 69.  The only work the NCUE and/or Lotus | 69.  Paras 5 and 10, Chaka C. Okadigbo | Undisputed |
| 8 | Developments have performed in connection | Decl.  and Exhibits "D" and "I" thereto. | |
| 9 | with the improvements in the Valley Rose Estates | (Wu Deposition, at 48:13-49:5; 68:3-8; | |
| 10 | has been repair and maintenance work, such | McIntosh Deposition, at 81:1-2, 81:21-24, | |
| 11 | as repairing cracks in concrete, fixing street | 82:1-11.) | |
| 12 | lights, repaving streets and performing | | |
| 13 | landscaping work. | | |
| 14 | 70.  On or about July, 2007, Plaintiff filed the | 70.  Para 29, Chaka C. Okadigbo Decl. | Undisputed |
| 15 | instant lawsuit NCUE and Lotus Developments. | and Exhibit "BB" attached thereto. | |
| 16 | | (Civil Docket for Case #: 1:07-cv-01080-LJO- | |
| 17 | | GSA.) | |
| 18 | 71.  Plaintiff subsequently amended | 71. Para 29, Chaka C. Okadigbo Decl. | Undisputed |
| 19 | his complaint three times to add the City and | and Exhibit "BB" attached thereto. | |
| 20 | DeWalt as additional defendants. | (Civil Docket for Case #: 1:07-cv-01080-LJO- | |
| 21 | | GSA.) | |
| 22 | 72.  Plaintiff alleges that Defendants have | 72.  Para 4, Chaka C. Okadigbo Decl. | Undisputed |
| 23 | infringed upon his copyright interests by | and Exhibit "C" attached thereto | |
| 24 | copying and/or using the Martin-McIntosh | (Complaint, ¶ 6.) | |
| 25 | improvement plans and the Revised Tentative | | |
| 26 | Map for Tract No. 5472 as part of their efforts to | | |
| 27 | complete the development of the Subdivision | | |
| 28 | | | |

H:\PUBLIC\054493\060971
McIntosh v.
Northern\Pleadings\MSJ -
Wasco\OPP TO STMT MAT
FACTS (WASCO).wpd

20

PL"S OPP TO DF CITY OF WASCO'S SEPARATE STATEMENT OF UNDISPUTED FACTS IN SUPPORT OF MOJ, ETC.

| | | |
|---|---|---|
| 73. Specifically, Plaintiff contends that NCUE's tentative map (Tentative Map for Tract No. 6451) and the Martin-McIntosh tentative map (Revised Tentative map for Tract No. 5472) look "substantially similar." | 73. Para 23, Chaka C. Okadigbo Decl. and Exhibit V attached thereto (Expert Witness Disclosure of James K. Delmarter) | Undisputed |
| 74. Plaintiff also contends that improvement plans are required to complete the Subdivision and, thus, Defendants must have used or relied upon the Martin-McIntosh improvement plans since they did not prepare their own improvement plans. | 74. Para 8, Okadigbo Decl. and Exhibit G attached thereto (McIntosh Deposition, at 265:8-11.) | Undisputed |
| 75. Plaintiff maintains that the Tentative Map for Tract No. 6451 is "substantially similar" to the Revised Tentative Map for Tract No. 5472 in that the street names, lot configuration, numbering system and tract boundaries appear to be identical. | 75. Paras 5 and 23, Chaka C. Okadigbo Decl. and Exhibits "D" and "V" thereto. (McIntosh Deposition, at 204:1-4; Delmarter Deposition; Expert Witness Disclosure of James K. Delmarter by Plaintiff; Exhibit A attached thereto). | Undisputed |
| 76. As additional evidence of copying, Plaintiff also alleges that (1) both maps contain the same number of lots; (2) the legends in the Tentative Map for Tract No. 6451 reference existing centerline monuments and lot corner tags, and (3) a note on the map acknowledges the construction of improvements per the Martin-McIntosh improvement plans and tentative map. (Revised Tentative Map for Tract No. 5472). | 76. Para 5, Chaka C. Okadigbo Decl. and Exhibit D attached thereto. (McIntosh Deposition, at 205:20-25, 206:11-7, 206:15-16.) | Undisputed |

H:\PUBLIC\054493\060971
McIntosh v.
Northern\Pleadings\MSJ -
Wasco\OPP TO STMT MAT
FACTS (WASCO).wpd

21

PL"S OPP TO DF CITY OF WASCO'S SEPARATE STATEMENT OF UNDISPUTED FACTS IN SUPPORT OF MOJ, ETC.

| | | | |
|---|---|---|---|
| 77.  The lot corner tags and monuments, however, are physical objects observable in the Subdivision, facts which Plaintiff acknowledges. | 77.  Para 5, Chaka C. Okadigbo Decl. and Exhibit D attached thereto.  (McIntosh Deposition, at 206:10-14.) | Undisputed | |
| 78.  Plaintiff also admits the Legacy, not Martin-McIntosh, generated the street names for the Subdivision. | 78.  Para 5, Chaka C. Okadigbo Decl. and Exhibit D attached thereto (McIntosh Deposition, at 165:166:2) | Undisputed | |
| 79.  As for lot configuration, Plaintiff claimed that Martin-McIntosh maximized the number of lots in the Subdivision after considering the City requirements, such as minimum street widths, zoning, lot dimensions and setbacks, the size of the Subdivision, and the developer's interests in increasing profits. | 79.  Para 5, Chaka C. Okadigbo Decl. and Exhibit D thereto. (McIntosh Deposition, at 163:164:24.) | Undisputed | |
| 80.  Based on the construction of the improvements and on NCUE's desire to leave the existing improvements in place and to maximize profits by creating as many lots as possible within the Subdivision, however, DeWalt was left with no choice but to configure the lots, design the Subdivision similarly to Martin-McIntosh's design and create approximately the same number of lots. | 80.  Para 8, Chaka C. Okadigbo Decl. and Exhibit "G" thereto.  (McIntosh Deposition, at 265:8-11.) | Disputed | The Valley Rose subdivision could have been re-designed by the developer if it wanted (Travis, Decl., ¶ 8, Exhibit "G", Depo. of Alan Peake, Pgs. 8:14-25; 9:1-14; 10:11-25; 11:1

Travis, Decl.,  Exhibit "E", Depo. of Larry Pennell, Pgs. 20:24-25, 21:1-21

Travis, Decl., Exhibit "F", Depo. of Keith Woodcock,  Pgs. 25:2-25; 26:1-2

Travis, Decl., Exhibit "H", Plaintiffs Expert Depo. of James Delmarter,  Pg. 66:5- |

H:\PUBLIC\054493\060971
McIntosh v.
Northern\Pleadings\MSJ -
Wasco\OPP TO STMT MAT
FACTS (WASCO).wpd

22

PL'S OPP TO DF CITY OF WASCO'S SEPARATE STATEMENT OF UNDISPUTED FACTS IN SUPPORT OF MOJ, ETC.

| | | | 19 |
|---|---|---|---|
| | | | Travis, Decl., Exhibit "Q", Defendants Expert Depo. of Stephen Wong, Pgs. 50:9-25;51; 52:1-20; 54:8-25; 55; 56:1-5 |
| | | | McIntosh, Decl., ¶ 13 |
| 81.  Plaintiff's direct infringement cause of action against the City is premised on the City's distribution of the Martin-McIntosh tentative map and improvement plans to NCUE and/or its agents (DeWalt). | 81.  Para 5, Chaka C. Okadigbo Decl. and Exhibit 4 attached thereto (McIntosh Deposition, at **105:21-106:12**) | Undisputed | |
| 82.  The City concedes that Dennis McNamara provided the improvement plans to Greg Black, the NCUE's Director of Engineering, via electronic mail on April 13, 2005. | 82.  Para 5, Chaka C. Okadigbo Decl. and Exhibit "D" thereto.  (McIntosh Deposition, at 205:20-25, 206:1-7, 206:15-16.) | Undisputed | |
| 83.  It is unclear whether the City provided the Revised Tentative Map for Tract No. 5472 to DeWalt.  However, Jeffrey Gutierrez, DeWalt's President, contends that he received this map from the City. | 83.  Para 14, Chaka C. Okadigbo DEcl. and Exhibit M attached thereto (Gutierrez Deposition, at 35:15-17.) | Disputed | Wasco admitted it sent a copy of the plans to Dewalt in UMF No. 45 and which contained a layout of the tentative map

The improvement plans contained similar layouts as Tentative Map No. 5472 (See Improvement Plans, Exhibit "D to Travis Decl. Opp. Wasco and Northern's Motions)

See also "Developer Information Package" with expired Tentative Map No. 5472 sent by |

H:\PUBLIC\054493\060971
McIntosh v.
Northern\Pleadings\MSJ -
Wasco\OPP TO STMT MAT
FACTS (WASCO).wpd

23

PL"S OPP TO DF CITY OF WASCO'S SEPARATE STATEMENT OF UNDISPUTED FACTS IN SUPPORT OF MOJ, ETC.

| | | | |
|---|---|---|---|
| | | | Wasco to developers to sell the Subdivision. (Travis Decl., Exhibit "S") |
| 84. For statutory reasons (e.g. California Public Records Act, CEQA, Brown Act), the City treats tentative maps and improvement plans as public records. The City also paid for the plans. | 84. Robert Wren Decl. ¶ 8; Exhibits A and B attached thereto. | This is a compound fact<br><br>Undisputed as to how the City "treats" Maps and plans.<br><br>Disputed that Wasco "paid" for the plans. | See Facts Opposing UMF No. 19 |
| 85. Plaintiff's contributory copyright infringement claim against the City, alleges that the City: (1) controlled the development of the Valley Rose Estates as a subdivision; (2) financially benefited from the allegedly infringing activities described in the Plaintiff's Second Amended Complaint; and (3) induced the infringing activities described in Plaintiff's Second Amended Complaint by copying, distributing and recording Plaintiff's "plans." | 85. Para 4, Chaka C. Okadigbo Decl. and Exhibit C attached thereto (Complaint, at ¶¶ 41-46.) | Undisputed | |
| 86. When asked, during his deposition, about the bases for his contention that the City "controlled" the development of the Subdivision, Plaintiff alluded to the alleged facts that the City entered into a development agreement with Legacy, funded the construction, of the improvements | 86. Para 8, Chaka C. Okadigbo Decl. and Exhibit "G" thereto. (McIntosh Deposition, at 270-272, 282:5-15, 285:19-22). | Undisputed for purposes of this motion | |

H:\PUBLIC\054493\060971
McIntosh v.
Northern\Pleadings\MSJ -
Wasco\OPP TO STMT MAT
FACTS (WASCO).wpd

24

PL"S OPP TO DF CITY OF WASCO'S SEPARATE STATEMENT OF UNDISPUTED FACTS IN SUPPORT OF MOJ, ETC.

| | | | |
|---|---|---|---|
| during the Legacy era, inspected the improvements, bought the Subdivision at a tax sale and then sold it to NCUE, "obtained the benefit" of the improvement plans, and collected impact fees from the Subdivision. With the exception of impact fee collection, each of these alleged events occurred before the City sold the Subdivision to NCUE. | | | |
| 87.  Plaintiff states that he told Mr. Wu that he expected Mr. Wu to pay him for work Martin-McIntosh performed for Legacy and for which Martin-McIntosh was not paid, 15 years ago! | 87.  Para 8, Chaka C. Okadigbo Decl. and Exhibit "G" thereto.  (McIntosh Deposition, at 310:24-311:17.) | Disputed | Objection. Misstates testimony.  The deposition testimony speaks for itself and shows that Mr. McIntosh was attempting to negotiate a price with Mr. Wu for what he believed was the value of the work, not as payment for a debt owed by Mr. Wu. |
| 88.  The Revised Tentative Map for Tract No. 5472 is substantially different from the Tentative Map for Tract No. 6451. | 88.  Paras 3 and 24, Chaka C. Okadigbo Decl.  and Exhibits "A", "B" and "W" thereto.  (Stephen Wong Deposition, at 67-69, 103-120.) | Disputed | See Facts Opposing UMF No. 50  A Tentative Map only needs to identify the intent of what the map is supposed to create to be approved. (Deposition of Stephen Wong; 84:24-25; 85:1-10)  The 6451Map contains many Inconsequential Differences necessary for approval. (Wong Dep.; 80:13-16 (legends are unnecessary); 82:8-15 (notes are unnecessary); |

H:\PUBLIC\054493\060971
McIntosh v.
Northern\Pleadings\MSJ -
Wasco\OPP TO STMT MAT
FACTS (WASCO).wpd

25

PL"S OPP TO DF CITY OF WASCO'S SEPARATE STATEMENT OF UNDISPUTED FACTS IN SUPPORT OF MOJ, ETC.

| | |
|---|---|
| 1 | 86:21-25; 87:1-11 (monuments not |
| 2 | necessary); 87:12-14 (shading not |
| 3 | necessary); 87:17-19 (topography not |
| 4 | necessary); 87:20-25; 88:1-5 (lot areas not |
| 5 | necessary)) |
| 6 | The 6451 Maps were based on McIntosh's |
| 7 | improvement plans (Dep. Of Stephen |
| 8 | Wong, 34:22-25; 35, 36:1-19; 38:15-24 – |
| 9 | Exhibit 2) (76:15-25; 77:1-3; Woodcock |
| 10 | Dep., 18:16-25; 19:1-4; Dep. of Jeff |
| 11 | Gutierrez, 43:2-13, 35: 22-25; 36:1-14) |

12

13    DATED:   October 21, 2009

14                              BORTON PETRINI, LLP

15

16

17

18                              By:    /s/ Jeffrey A. Travis
                                  Jeffrey A. Travis, Attorney for Plaintiff,
19                                Roger McIntosh dba McIntosh & Associates

20

21

22

23

24

25

26

27

28

H:\PUBLIC\054493\060971
McIntosh v.
Northern\Pleadings\MSJ -
Wasco\OPP TO STMT MAT
FACTS (WASCO).wpd

26

PL"S OPP TO DF CITY OF WASCO'S SEPARATE STATEMENT OF UNDISPUTED FACTS IN SUPPORT OF MOJ, ETC.

<div align="center">

**PROOF OF SERVICE**
**(FRCP No. 5(b)(2)(E))**

</div>

**STATE OF CALIFORNIA, COUNTY OF KERN**

I, Vanessa J. Claridge, declare:

I am a citizen of the United States. I am employed in the County of Kern, State of California. I am over the age of 18 and not a party to the within action; my business address is 5060 California Avenue, Suite 700, Bakersfield, California 93309.

On **October 21, 2009**, I served the foregoing document described as **OPPOSITION TO DEFENDANT CITY OF WASCO'S SEPARATE STATEMENT OF UNDISPUTED FACTS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT AND MOTION FOR SUMMARY ADJUDICATION AGAINST PLAINTIFF ROGER McINTOSH** on the other party(ies) in this action as follows:

| | |
|---|---|
| Steven John Hassing, Esq.<br>Law Offices of Steven J. Hassing<br>425 Calabria Court<br>Roseville, CA 95747<br>email address: **stevehassing@yahoo.com** | Attorneys for Attorneys for Defendants,<br>Northern California Universal Enterprises<br>Company and Lotus Developments<br>Tel:   916/677-1776<br>**Fax:   916/677-1770** |
| Chaka Okadigbo<br>**Garcia Calderon Ruiz, LLP**<br>500 South Grand Ave Suite 1100<br>Los Angeles, CA 90071<br>email address: **cokadigbo@gcrlegal.com** | Attorneys for Defendant, City of Wasco<br><br>Tel: 213/347-0210<br>**Fax: 213-347-0216** |
| William L. Alexander, Esq.<br>Alexander & Associates<br>1925 "G" Street<br>Bakersfield, CA 93301<br>email address: **walexander@alexander-law.com** | Attorneys for Defendant, DeWalt CM, Inc.<br><br>Tel: 661/316-7888<br>**Fax: 661/316-7890** |

X   **BY ELECTRONIC SERVICE:**  Pursuant to Fed. R. Civ. P. 5(b)(2)(E) and Local Court Rule(s), the foregoing document will be served by the court via CM/ECF..  Pursuant to the CM/ECF docket for this case proceeding the following person(s) are on the Electronic Mail Notice List to receive ECF transmission at the email address(es) indicated below:

X   **BY MAIL:**   As follows:  I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at , California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

Executed on **October 21, 2009**, at Bakersfield, California.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

<div style="display:flex; justify-content:space-between;">

Vanessa J. Claridge

/s/ Vanessa J. Claridge
</div>

PL"S OPP TO DF CITY OF WASCO'S SEPARATE STATEMENT OF UNDISPUTED FACTS IN SUPPORT OF MOJ, ETC.