nr:st

James J. Braze, Esq.; SBN 75911
Jeffrey A. Travis, Esq.; SBN 235507
BORTON PETRINI, LLP
5060 California Avenue, Suite 700
Post Office Box 2026
Bakersfield, CA 93303
Telephone (661) 322-3051
email: jbraze@bortonpetrini.com
email: jtravis@bortonpetrini.com

Attorneys for Plaintiff, Roger McIntosh dba McIntosh & Associates

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION

ROGER McINTOSH,

Plaintiff,

v.

NORTHERN CALIFORNIA UNIVERSAL ENTERPRISES COMPANY, a California corporation; LOTUS DEVELOPMENTS, LLP; THE CITY OF WASCO, a municipal corporation; DEWALT CM, INC., a California corporation also doing business as DEWALT CORPORATION; and DOES 1 through 10, inclusive

Defendants.

CITY OF WASCO,

Cross-Complaint,

vs.

NORTHERN CALIFORNIA UNIVERSAL ENTERPRISES COMPANY, INC.,

Cross-Defendant.

Case No. 1:07-CV- 01080 LJO-GSA

OBJECTIONS TO THE DECLARATION OF DENNIS McNAMARA IN SUPPORT OF DEFENDANT CITY OF WASCO'S MOTION FOR SUMMARY JUDGMENT

Plaintiff hereby objects to certain portions of the Declaration of Dennis McNamara in that the testimony is not admissible and request that the testimony be stricken.

1

H:\PUBLIC\054493\060971 McIntosh v. Northern\Pleadings\MSJ - Wasco\OBJ DCL McNAMARA 10-13-09.wpd

OBJS TO THE DCL OF DENNIS McNAMARA IN SUPPORT OF DF CITY OF WASCO'S MOJ

(*FDIC v. New Hampshire Insurance Co.* (9th Cir. 1991) 953 F.2d 478, 484.)

| DECLARATION PARAGRAPH | OBJECTION |
| --- | --- |
| 9. "At no point in time did I advise, inform or suggest to DeWalt, NCUE and/or Lotus Developments that they copy, rely upon or use the Martin-McIntosh Improvement Plans or revised Tentative Map for Tract No. 5472. . . ." | • Lack of foundation: The declarant is admittedly without personal knowledge as to any of the facts relevant to whether or not any of the defendants copied any of McIntosh's works.<br>• Legal conclusion: The term "copied" is a legal term of art which is defined by case law outlined in the moving and opposition papers as whether or not the defendants had access to and the works were substantially similar to the infringing work. Therefore, and insofar as Mr. McNamara did not testify to any of these particular facts, the statement is irrelevant and calls for a legal conclusion. |
| 9. "To my knowledge no one else in the Planning Department has ever suggested to DeWalt, NCUE and/or Lotus Developments that they copy, rely upon or use the Martin-McIntosh Improvement Plans or Tentative Map to perform any of the work required to finalize the development of the subdivision." | • Lack of foundation: Mr. McNamara has not testified or established that he was a party to the Acquisition Agreement attached as Exhibit "B" nor does he state any facts that he had personal knowledge as to the facts surrounding the acquisition agreement. He is simply reviewing a document given to him by another department.<br>• Hearsay: Since the testimony testifies as to what Mr. McNamara claims to have heard from other persons, the testimony is inadmissible hearsay.<br>• Speculative: The testimony is speculative and therefore should be stricken.<br>• Lack of personal knowledge/ foundation: Mr. McNamara is testifying to facts he does not know. |
| 9. ". . . I am confident that no one from the Planning Department advised or suggested to DeWalt, NCUE and/or Lotus Developments that they use or rely upon the Martin-McIntosh Improvement Plans to complete the development of the subdivision." | • Hearsay: Since the testimony testifies to what Mr. McNamara claims to have heard from other persons, the testimony is inadmissible hearsay.<br>• Speculative: The testimony is speculative and therefore should be stricken. |

- Lack of personal knowledge/ foundation: Mr. McNamara is testifying to facts he does not know.

For the foregoing reasons, plaintiff Roger McIntosh requests that the above portions of the declaration be stricken and/or not considered in ruling on Wasco's Motion.

DATED: October 21, 2009

BORTON PETRINI, LLP

By: /s/ Jeffrey A. Travis
Jeffrey A. Travis, Attorney for Plaintiff,
Roger McIntosh dba McIntosh & Associates

**PROOF OF SERVICE**
**(FRCP No. 5(b)(2)(E))**

**STATE OF CALIFORNIA, COUNTY OF KERN**
I, Vanessa J. Claridge, declare:

I am a citizen of the United States. I am employed in the County of Kern, State of California. I am over the age of 18 and not a party to the within action; my business address is 5060 California Avenue, Suite 700, Bakersfield, California 93309.

On October 21, 2009, I served the foregoing document described as **OBJECTIONS TO THE DECLARATION OF DENNIS McNAMARA IN SUPPORT OF DEFENDANT CITY OF WASCO'S MOTION FOR SUMMARY JUDGMENT** on the other party(ies) in this action as follows:

Steven John Hassing, Esq.
Law Offices of Steven J. Hassing
425 Calabria Court
Roseville, CA 95747
email address: **stevehassing@yahoo.com**

Attorneys for Attorneys for Defendants, Northern California Universal Enterprises Company and Lotus Developments
Tel: 916/677-1776
**Fax: 916/677-1770**

Chaka Okadigbo
**Garcia Calderon Ruiz, LLP**
500 South Grand Ave Suite 1100
Los Angeles, CA 90071
email address: **cokadigbo@gcrlegal.com**

Attorneys for Defendant, City of Wasco
Tel: 213/347-0210
**Fax: 213-347-0216**

William L. Alexander, Esq.
Alexander & Associates
1925 "G" Street
Bakersfield, CA 93301
email address: **walexander@alexander-law.com**

Attorneys for Defendant, DeWalt CM, Inc.
Tel: 661/316-7888
**Fax: 661/316-7890**

x **BY ELECTRONIC SERVICE:** Pursuant to Fed. R. Civ. P. 5(b)(2)(E) and Local Court Rule(s), the foregoing document will be served by the court via CM/ECF. Pursuant to the CM/ECF docket for this case proceeding the following person(s) are on the Electronic Mail Notice List to receive ECF transmission at the email address(es) indicated below:

x **BY MAIL:** As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at , California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

Executed on October 21, 2009, at Bakersfield, California.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Vanessa J. Claridge ______ /s/ Vanessa J. Claridge

H:\PUBLIC\054493\060971 McIntosh v. Northern\Pleadings\MSJ - Wasco\OBJ DCL McNAMARA 10-13-09.wpd

4

OBJS TO THE DCL OF DENNIS McNAMARA IN SUPPORT OF DF CITY OF WASCO'S MOJ