nr

1  James J. Braze, Esq.; SBN 75911
   Jeffrey A. Travis, Esq.; SBN 235507
2  BORTON PETRINI, LLP
   5060 California Avenue, Suite 700
3  Post Office Box 2026
   Bakersfield, CA 93303
4  Telephone (661) 322-3051
   email: jbraze@bortonpetrini.com
5  email: jtravis@bortonpetrini.com

6  Attorneys for Plaintiff, Roger McIntosh dba
   McIntosh & Associates
7

8                UNITED STATES DISTRICT COURT

9            EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION

10

11 ROGER McINTOSH,                         Case No. 1:07-CV- 01080 LJO-GSA

12           Plaintiff,                    OBJECTIONS TO THE DECLARATION
                                           OF ROBERT EDWARD WREN IN
13 v.                                      SUPPORT OF DEFENDANT CITY OF
                                           WASCO'S MOTION FOR SUMMARY
14 NORTHERN CALIFORNIA UNIVERSAL           JUDGMENT
   ENTERPRISES COMPANY, a California
15 corporation; LOTUS DEVELOPMENTS,
   LLP; THE CITY OF WASCO, a municipal
16 corporation; DEWALT CM, INC., a California
   corporation also doing business as DEWALT
17 CORPORATION; and DOES 1 through 10,
   inclusive
18
             Defendants.
19

20 ─────────────────────────────────
   CITY OF WASCO,
21
             Cross-Complaint,
22
       vs.
23
   NORTHERN CALIFORNIA UNIVERSAL
24 ENTERPRISES COMPANY, INC.,

25           Cross-Defendant.

26

27         Plaintiff hereby objects to certain portions of the Declaration of Robert Edward Wren

28 in that the testimony is not admissible and request that the testimony be stricken.

H:\PUBLIC\054493\060971
McIntosh v.
Northern\Pleadings\MSJ -
Wasco\OBJ DCL BWREN
10-12-09.wpd

1

OBJS TO THE DCL OF ROBERT EDWARD WREN IN SUPPORT OF DF CITY OF WASCO'S MOJ

1  (*FDIC v. New Hampshire Insurance Co.* (9th Cir. 1991) 953 F.2d 478, 484.)

| DECLARATION PARAGRAPH | OBJECTION |
|---|---|
| 6. ". . . No one has ever informed me that the present developers of the Valley Rose Estate Subdivision (NCUE and/or Lotus Developments) used, copied, or relied upon the Martin-McIntosh Improvement Plans in their efforts to complete the development of the subdivision. Similarly, to my knowledge, no other employees within the Public Works Department have ever been informed that NCUE and/or Lotus Developments used, copied, or relied upon the Martin-McIntosh Improvement Plans in their efforts to complete the development of the subdivision." | • Lack of personal knowledge: The declarant is admittedly without the personal knowledge as to any of the facts relevant to whether or not any of the defendants copied any of McIntosh's works. The testimony is irrelevant and inadmissible.<br><br>• Legal conclusion: The term "copied" is a legal term of art which is defined by case law outlined in the moving and opposition papers as whether or not the defendants had access to works and that those were substantially similar to the copyrighted work. Therefore, and insofar as Mr. Wren did not testify to any of these particular facts, the statement is irrelevant and calls for a legal conclusion. |
| 8. ". . . Other documents, such as *Engineers Report and Assessment:* Valley Rose Assessment District, revealed that the City paid at least $98,000 for the Improvement Plans." | • Lack of foundation: Mr. Wren has not testified or established any foundation as to the fact that he was a party to the Acquisition Agreement attached as Exhibit "B" nor does he have personal knowledge as to the facts surrounding the acquisition agreement. He is simply reviewing a document given to him by another department.<br><br>• Legal conclusion: Mr. Wren is also testifying as to a legal conclusion of whether or not the City "paid for" Improvement Plans yet as the Government Code establishes it is not up to the City Planning Commission to create contracts with third parties but it is the City Council and the Mayor. As such, they are the only ones sufficient to testify whether or not such a written agreement was made. Mr. Wren has no personal knowledge as to Mr. McIntosh's dealings with the City at that time, therefore his testimony is irrelevant and speculative. |
| 9. "On or about February 2007, the City and | • Lack of foundation: Mr. Wren has |

H:\PUBLIC\054493\060971
McIntosh v.
Northern\Pleadings\MSJ -
Wasco\OBJ DCL BWREN
10-12-09.wpd

2

OBJS TO THE DCL OF ROBERT EDWARD WREN IN SUPPORT OF DF CITY OF WASCO'S MOJ

| | |
|---|---|
| Lotus Developments entered into a subdivision agreement." | only testified that he is a part of the planning department and so there is no foundation that he has knowledge as to that particular subdivision agreement or that he is even the person responsible for creating drafting or in any way participated in subdivision agreements. Many officers of the City of Wasco have interactions with third parties, however, they do not all participate in the creation of specific agreements between those third parties and Mr. Wren has not testified to that fact. |
| 11. "At no point in time have I advised, informed or suggested to DeWalt, NCUE or Lotus Developments that the copy relied upon have used Martin-McIntosh's Improvement Plans or Tentative Map to perform any of the work required to finalize the development of the subdivision. To my knowledge, no one else in the Public Works Department has ever suggested to DeWalt, NCUE or Lotus Developments that they copy, rely upon or use the Martin-McIntosh Improvement Plans or Tentative Map. . . ." | • Lack of foundation: The declarant is admittedly without the personal knowledge as to any of the facts relevant to whether or not any of the defendants copied any of McIntosh's works.<br><br>• Legal conclusion: The term "copied" is a legal term of art which is defined by case law outlined in the moving and opposition papers whether or not the defendants had access to the copyrighted work and whether the works were substantially similar to the infringing copyright works. Therefore, and insofar as Mr. Wren did not testify to any of these particular facts, the statement is irrelevant and calls for a legal conclusion.<br><br>• Speculative: Mr. Wren is guessing whether or not anyone told the other defendants. |

For the foregoing reasons, plaintiff Roger McIntosh requests that the above portions of the declaration be stricken and/or not considered in ruling on Wasco's Motion.

DATED:   October 21, 2009

BORTON PETRINI, LLP

By:   /s/ Jeffrey A. Travis
　　　Jeffrey A. Travis, Attorney for Plaintiff,
　　　Roger McIntosh dba McIntosh & Associates

**PROOF OF SERVICE**
**(FRCP No. 5(b)(2)(E))**

**STATE OF CALIFORNIA, COUNTY OF KERN**

I, Vanessa J. Claridge, declare:

I am a citizen of the United States. I am employed in the County of Kern, State of California. I am over the age of 18 and not a party to the within action; my business address is 5060 California Avenue, Suite 700, Bakersfield, California 93309.

On October 21, 2009, I served the foregoing document described as **OBJECTIONS TO THE DECLARATION OF ROBERT EDWARD WREN IN SUPPORT OF DEFENDANT CITY OF WASCO'S MOTION FOR SUMMARY JUDGMENT** on the other party(ies) in this action as follows:

| | |
|---|---|
| Steven John Hassing, Esq.<br>Law Offices of Steven J. Hassing<br>425 Calabria Court<br>Roseville, CA 95747<br>email address: **stevehassing@yahoo.com** | Attorneys for Attorneys for Defendants,<br>Northern California Universal Enterprises<br>Company and Lotus Developments<br>Tel:    916/677-1776<br>**Fax:    916/677-1770** |
| Chaka Okadigbo<br>**Garcia Calderon Ruiz, LLP**<br>500 South Grand Ave Suite 1100<br>Los Angeles, CA 90071<br>email address: **cokadigbo@gcrlegal.com** | Attorneys for Defendant, City of Wasco<br><br>Tel: 213/347-0210<br>**Fax: 213-347-0216** |
| William L. Alexander, Esq.<br>Alexander & Associates<br>1925 "G" Street<br>Bakersfield, CA 93301<br>email address: **walexander@alexander-law.com** | Attorneys for Defendant, DeWalt CM, Inc.<br><br>Tel: 661/316-7888<br>**Fax: 661/316-7890** |

x   **BY ELECTRONIC SERVICE:** Pursuant to Fed. R. Civ. P. 5(b)(2)(E) and Local Court Rule(s), the foregoing document will be served by the court via CM/ECF. Pursuant to the CM/ECF docket for this case proceeding the following person(s) are on the Electronic Mail Notice List to receive ECF transmission at the email address(es) indicated below:

x   **BY MAIL:** As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at , California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

Executed on October 21, 2009, at Bakersfield, California.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Vanessa J. Claridge                                          /s/ Vanessa J. Claridge

H:\PUBLIC\054493\060971
McIntosh v.
Northern\Pleadings\MSJ -
Wasco\OBJ DCL BWREN
10-12-09.wpd

4

OBJS TO THE DCL OF ROBERT EDWARD WREN IN SUPPORT OF DF CITY OF WASCO'S MOJ