BONIFACIO BONNY GARCIA (SBN 100761)
EVA M. PLAZA (SBN 250321)
CHAKA C. OKADIGBO (224547)
GCR, LLP
520 SOUTH GRAND AVENUE, SUITE 695
LOS ANGELES, CA 90071
(213) 347-0210; Fax (213) 347-0216

Attorneys for Defendant CITY OF WASCO

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION

| | |
|---|---|
| ROGER McINTOSH,<br><br>Plaintiff,<br><br>vs.<br><br>NORTHERN CALIFORNIA UNIVERSAL ENTERPRISES COMPANY, INC., *et al.*,<br><br>Defendants. | Case No: 1:07-CV-01080-LJO-WMV<br><br>**DEFENDANT CITY OF WASCO'S OBJECTION TO COURT'S ISSUANCE OF SANCTIONS AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date:        October 28, 2009<br>Time:        8:30 a.m.<br>Judge:       Hon. Lawrence J. O'Neill<br>Department:  4 |

I.   INTRODUCTION

Because the Court used its inherent authority to sanction the City of Wasco (the "City") in a manner that both the Supreme Court and the Ninth Circuit have proscribed, the City respectfully objects to and asks that this Court to reconsider its Order sanctioning it.

II.   FACTUAL BACKGROUND OF THE COURT'S SANCTIONING THE CITY

On July 26, 2007, this Court entered a Scheduling Order. On the last two pages of the scheduling order was attached a Standing Order requiring that motions filed before the Court abide by strict page limits (hereinafter the "Standing Order"). The Standing Order was not separately listed on the docket, and in fact the docket entry where the Standing Order could be found showed no indication that in fact contained any order, let alone an order restricting page

lengths.[1] Almost one year later, the City was brought into the above-captioned litigation when Plaintiff filed its first Amended Complaint; the City was not subsequently served the Standing Order. (*Okadigbo Decl.* ¶¶ 3,4.) Prior to filing for Summary Judgment, the City attempted to ascertain the existence of any page limitation through discussions with co-defendant's counsel and also through review of the local rules. (*Okadigbo Decl.* ¶ 6.) Seeing no page restriction, on September 30, 2009, the City filed a summary judgment motions that exceeded the Court's page limitation. (*Okadigbo Decl.* ¶¶ 6, 7.)

As a result of the City exceeding the Court's page limitation, on October 1, 2009, the Court issued an Order to Show Cause as to why the Court should not sanction the City. The City responded on October 5, 2009. On October 7, 2009, the Court sanctioned the City without making a finding of bad faith. (Renewed Order on Summary Judgment Briefing ¶ 2, n1.) The sanctions prohibit the City from filing or serving reply papers of any kind, including points and authorities, declarations, a statement of undisputed material facts, and objections (hereinafter "the Sanction"). (*Id.*) The punishments in the Sanction apply not only to the motion that violated the page limitations, but also to a completely separate motion that was in compliance with the Standing Order. (*Id.*)

### III. THIS COURT IMPROPERLY USED ITS INHERENT AUTHORITY TO SANCTION THE CITY

Because this Court issued the Sanction under its inherent authority and the conduct sanctioned was neither motivated by bad faith nor proportionate to the severity of the Court's punishment, the Sanction fails to comply with Ninth Circuit and Supreme Court precedent.[2]

---

[1] The docket entry in question reads: "CIVIL NEW CASE DOCUMENTS ISSUED; Initial Scheduling Conference set for 1/7/2008 at 08:30 AM in Courtroom 4(LJO) before District Judge Lawrence J. O'Neill. (Attachments: # 1 Consent Forms # 2 Consent Forms # 3 VDRP Forms) (Verduzco, M) (Entered: 07/27/2007)."

[2] Under FRCP 83 and in 28 U.S.C. § 2071, Congress provided authority to the federal courts to make local rules for the proper administration of judicial business, and under such authority, this District promulgated Rule 11-110 which states that "[f]ailure of counsel or of a party to comply with . . . any order of the Court may be grounds for imposition by the Court of any and all sanctions." However, the Court could not have sanctioned the City in this instance under such legislative authority for the following reasons: First, this Court did not actually have authority to sanction beyond its inherent authority as an individual district court's standing orders do not qualify as "local rules," which are promulgated under congressional authority and subject to notice and comment. 28 U.S.C. § 2071(b) (authorizing local rules only after "appropriate public notice and an opportunity for comment."). Second, the only evidence on file is Mr. Okadigbo's declaration that the City had no actual knowledge of the page limitation, which alone fatally undermines the basis for the Court's sanction. FRCP 83 (stating "no sanction or other disadvantage

The Sanction in question is clearly not proportional to the error that the City committed and thus is fatally flawed on that basis alone. A court must exercise its inherent sanction power "with restraint and discretion." *Mendez v. County of San Bernardino*, 540 F.3d 1109, 1132-33 (9th Cir. 2008) *(citing Roadway Express v. Piper*, 447 U.S. 752, 764 (1980) (superseded on other grounds)). As such, any sanction imposed under a Court's inherent power "must be proportionate to the offense." *Zambrano v. Tustin*, 885 F.2d 1473, 1480 (9th Cir. 1989) (refusing to find sanctions permissible for negligently violating local rules).

The error that the City made was minor – exceeding the page limitation on a single motion, and the Court had a variety of options that could have been roughly proportionate to the offense. For example, the Court could have warned the City regarding potential penalties for violating the Standing Order while requiring it to certify that it understood the existence of the Standing Order's page limit requirement, allowed the opposition to file longer briefs, reduced the City's time at oral argument, allowed the opposing counsel to submit costs for responding to brief's excess length, fined the law firm, or simply stricken the brief while allowing the City to refile. Instead, the Court issued a severe punishment that forbids the filing or serving of reply briefs of any kind for the City's Summary Judgment Motions, including objections. As a result, the opposition to these Motions could make any number of improper arguments or submissions on response, and the City would be barred from contesting them under the Court's order. As evidence of these possibilities, the Court need only look at Plaintiff's mischaracterizations of fact and law in his *Plaintiff's Memorandum of Points and Authorities in Support of Motion for Partial Summary Judgment*. Both the City and Northern California Universal Enterprises Company have pointed out these errors in their papers opposing Plaintiff's *Motion*.

Not only may this bar amount to the City being forced to waive its right to appeal, it also constitutes a violation of the City's right to due process. *See, e.g., Ortiz v. Stewart*, 149 F.3d

---

may be imposed for noncompliance with any requirement not in federal law, federal rules, or the local rules unless the alleged violator has been furnished in the particular case with actual notice of the requirement.") Third, even if such orders were to constitute "local rules," and the City had had actual notice of the Standing Order, the conduct in question would still be insufficient to sanction under the Court's legislative authority to sanction. *Washburn v. Morgado*, No. 05-17069, 2009 U.S. App. LEXIS 11282 at *6-7 (9th Cir. May 26, 2009) (holding that conduct sanctionable under such authority consists of "recklessness, gross negligence, repeated--although unintentional-- flouting of court rules, or willful misconduct.") (citing *Zambrano v. Tustin*, 885 F.2d 1473, 1480 (9th Cir. 1989)).

923, 939 (9th Cir. 1998) (noting that due process requires "effective opportunity to defend") (citing *Goldberg v. Kelly*, 397 U.S. 254, 268 (1970)); *EEOC v. Pan American World Airways, Inc.*, 897 F.2d 1499, 1507-1508 (9th Cir. 1990) (stating that an elementary and fundamental requirement of due process includes "an opportunity to present . . . objections.") (quoting *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314, (1950)). In fact, the Sanction does not further the Court's goal of expediency, as it gives opposing counsel every incentive to toss baseless and inadmissible facts into its summary judgment response merely to avoid summary judgment. Even worse, the Sanction applies not only to the deficient filing, but also to an unrelated Motion which the City properly filed and on this separate ground is violative of due process. *See, e.g., Ins. Corp. of Ir. v. Compagnie Des Bauxites De Guinee*, 102 S. Ct. 2099, 2107 (1982) (noting that the rule a sanction must be specifically related to the particular claim at issue "represents the general due process restrictions on the court's discretion."). This last aspect of the Sanction is particularly puzzling as it inures to the benefit of a party that, in spite of having knowledge of the Standing Order, made the same error as the City.

Moreover, as part of exercising its inherent power "with restraint and discretion," a Court must make a finding of a bad faith. *Yagman v. Republic Ins.*, 987 F.2d 622, 628 (9th Cir. 1993) (vacating imposition of sanctions where there was no evidence that the attorney had "acted in bad faith or intended to mislead the court"); *United States v. Stoneberger*, 805 F.2d 1391, 1393 (9th Cir. 1986) (holding, in reversing sanctions imposed on a chronically late attorney, that a specific finding of bad faith by the trial judge or magistrate must "precede **any** sanction under the court's inherent powers.") (emphasis added).[3] The Ninth Circuit "insist[s] on the finding of

---

[3] Contrary caselaw exists indicating that bad faith is not necessarily required in all circumstances. *United States v. Seltzer*, 227 F.3d 36, 41 n3 (2d Cir. 2000) (citing *Uniguard Sec. Ins. Co. v. Lakewood Eng'g Mfg. Corp.*, 982 F.2d 363, 368 n.2 (9th Cir. 1992), for the proposition that a finding of bad faith is not required where sanctions fail to take the form of cost and fee shifting); *see also People of the Territory of Guam v. Palomo*, 35 F.3d 368, 376 (9th Cir. 1994) (upholding sanctions under inherent powers doctrine where sanctions order was "specific and detailed"). However, in *Palomo*, an attorney was sanctioned for the tone and content of his briefs and for a comment made during oral argument. In responding to an Order to Show Cause as to why he ought not to have been sanctioned, the attorney responded in the same manner that caused the caused the court to sanction him. Thus, an evidentiary hearing before the issuance of sanctions would have been futile, the court found. By contrast, here, the City's counsel provided the Court with a good faith explanation of why he failed to comply with the Standing – he was never aware of the Order. **In fact, the Order was not served on the City's counsel and was attached to the back of another document entitled Order Settling Mandatory Scheduling Conference, which document was issued almost one year before the City became a party to this action and never served on the City. These facts,**

bad faith because it ensures that restraint is properly exercised and it preserves a balance between protecting the court's integrity and encouraging meritorious arguments." *Primus Auto. Fin. Servs. v. Batarse*, 115 F.3d 644, 649 (9th Cir. 1997). The bad faith requirement "sets a high threshold" and the Ninth Circuit has refused to hold that it is synonymous with a district court's mere characterization of both the litigant's arguments as "totally frivolous," "outrageous," "inexcusable," and also the litigant's behavior as "appall[ing]." *Id.* In fact, Circuit law is clear that inadvertence, or even recklessness, is not alone enough for a Court to sanction under its inherent power. *Zambrano* at 1485 (holding that district court could not use its inherent power to sanction mere inadvertent conduct); *id.* at 1483 (stating that "[n]othing in the record indicates that their failure to request admission to the district bar was anything more than an oversight or ordinary negligence on their part."); *Fink v. Gomez*, 239 F.3d 989, 993-94 (9th Cir. 2001) (noting that "mere recklessness, without more, does not justify sanctions under a court's inherent power.").

In the case at hand, not only did the Court fail to make a finding of bad faith, it could not do so. The evidence before the Court makes clear that the City made a good faith effort to discern whether there were rules regarding page limitations prior to filing the Motion for Summary Judgment. That the City came to an incorrect result is irrelevant because, as Mr. Okadigbo's declaration makes clear, the City had no knowledge of, and was never served, the Standing Order that caused the Sanction. Further, the fact that the Court issued the Standing Order **prior** to the City's entry into the case strongly supports the City's testimony.

///

///

///

---

therefore, are severely more compelling than that of *Palomo*. As for *Seltzer*, it relies on a case (*Uniguard*) whose proposition was based on the dissent of a Supreme Court Opinion and runs counter to established and subsequent Ninth Circuit precedent. *Fink v. Gomez*, 239 F.3d 989, 992 (9th Cir. 2001) (stating that because "[a] specific finding of bad faith ... must 'precede **any** sanction under the court's inherent power'") quoting *Roadway Express*, 447 U.S. at 767) (emphasis added); *Stoneberger* at 1393 (9th Cir. 1986) (reversing a sanction of suspension from practice by quoting same ); *see also, Fink* at  992 ("In reviewing sanctions under the court's inherent power, our cases have consistently focused on bad faith."). Further, *Seltzer* has been rejected in a subsequent unpublished Ninth Circuit opinion citing the above mentioned

**IV. CONCLUSION**

Because the Court issued a disproportionate penalty to sanction conduct that it had failed find that bad faith motivated, the City respectfully objects to the Sanction and requests that the Court reconsider it.

DATED: October 21, 2009           GCR, LLP


By: *[signature]*
CHAKA C. OKADIGBO
Attorneys for Defendant
CITY OF WASCO

## PROOF OF SERVICE
### (FRCP No. 5(b)(2)(E))

I declare that I am over the age of eighteen (18) and not a party to this action. My business address is 500 South Grand Avenue, Suite 1100, Los Angeles, California 90071.

On **October 21, 2009**, I served the following documents: **DEFENDANT CITY OF WASCO'S OBJECTION TO COURT'S ISSUANCE OF SANCTIONS AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** on the interested parties in this action by placing a true and correct copy of such document, enclosed in a sealed envelope, addressed as follows:

Jeffrey Travis
Borton Petrini, LLP
1600 Truxtun Ave.
Bakersfield, CA 93301
jtravis@bortonpetrini.com

Steven J. Hassing
Law Offices of Steven J. Hassing
425 Calabria Court
Roseville, CA 95747
stevehassing@yahoo.com

William L. Alexander
Alexander & Associates
1925 G Street
Bakersfield, CA 93301
walexander@alexander-law.com

( X )   **BY MAIL**: I am readily familiar with the business' practice for collection and processing of correspondence for mailing with the United States Postal Service. I know that the correspondence was deposited with the United States Postal Service on the same day this declaration was executed in the ordinary course of business. I know that the envelope was sealed and, with postage thereon fully prepaid, placed for collection and mailing on this date in the United States mail at Los Angeles, California.

( X )   **BY ELECTRONIC SERVICE**: Pursuant to Fed. R. Civ. P. 5(b)(2)(E) and Local Court Rules(s), the foregoing document will be served by the court via CM/ECF. Pursuant to the CM/ECF docket for this case proceeding the following person(s) are on the Electronic Mail Notice List to receive ECF transmission at the email address(es) indicated above.

( )   (State)   I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

( X )   (Federal)   I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed **October 21, 2009**, Los Angeles, California.

_____
Carolyn Dominguez