**William L. Alexander** (State Bar Number 126607)
Alexander & Associates
1925 G Street
Bakersfield, CA  93301
Phone:  (661) 316-7888
Fax:  (661) 316-7890

**Attorneys for defendant Dennis W. De Walt, Inc.**

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION

| | |
|---|---|
| ROGER McINTOSH,<br><br>            Plaintiff,<br><br>vs.<br><br>NORTHERN CALIFORNIA UNIVERSAL ENTERPRISES COMPANY, et al.<br><br>           Defendants. | Case No.  107CV 01080 LJO-GSA<br><br>**DENNIS W. DE WALT, INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO MCINTOSH'S CROSS-MOTION FOR PARTIAL SUMMARY JUDGMENT**<br><br>Date:  No hearing; hearing ordered vacated<br>Time: N/A<br>Dept.: 10<br><br>JUDGE: Lawrence J. O'Neill (Gary A. Austin) |

## INTRODUCTION

Dennis D. DeWalt, Inc. dba DeWalt Corporation (hereafter "DeWalt") submits this Memorandum of Points and Authorities in opposition to the Motion for Partial Summary Judgment, etc., filed by plaintiff McIntosh.

McIntosh seeks only to obtain partial summary judgment (effectively, summary adjudication) that certain affirmative defenses cannot survive.  Those defenses, as defined by McIntosh, are: 1) Publication, 2) Implied License, 3) First Sale Doctrine, 4) Abandonment of Copyright, 5) Merger of Copyright, 6) Statute of Limitation, 7) Laches, and 8) Independent Creation.  DeWalt is unaware of any facts supporting the defense of Statute of Limitations and, therefore, will not oppose McIntosh's Motion on that ground.

1

Alexander & Associates
Attorneys at Law
1925 G Street
Bakersfield, CA 93301
(661) 316-7888

DeWALT'S OPPOSITION TO MCINTOSH'S MOTION FOR PARTIAL SUMMARY JUDGMENT

Case No.: 1:07-cv-01080-LJO-GSA

1    Although it is far from clear, it appears that McIntosh contends that the copyrighted works are collectively his tentative map, his final map, and his improvements plans, although he seems to place great emphasis, at times, on the improvement plans.

    DeWalt focuses its arguments below on establishing that there are material facts in dispute, and in need of determination by a trier of fact, relating to the following defenses: 1) Publication, 2) Merger of Copyright, and 8) Independent Creation.  DeWalt also argues, albeit by incorporation of the arguments and evidence of defendants Northern and defendant Wasco, that McIntosh's motion for partial summary judgment should also be denied as to the defenses of 2) Implied License, 3) First Sale Doctrine, and 4) Abandonment of Copyright.

    (DeWalt advises this Court and the parties that it apparently has no answer on file in relation to the Third Amended Complaint, a fact unknown to DeWalt and all parties.  However, and so that this Court may completely resolve the issues relating to McIntosh's Motion, DeWalt proposes, with this Court's permission, to correct this inadvertence and omission by immediately filing an answer containing the same affirmative defenses being challenged by McIntosh in his Motion.)

## DISCUSSION

### I

### STANDARDS APPLICABLE TO MOTIONS FOR PARTIAL SUMMARY JUDGMENT

McIntosh bears the burden of proving that there is "no genuine issue as to any material fact" as to any particular defense and that "the movant is entitled to judgment as a matter of law." (FRCP 56(a), (b), and (c); see *Beal Bank, SSB v. Pittorino*, 177 F3d 65, 68 (1st Cir. 1999); *Wang Laboratories, Inc. v. Mitsubishi Electronics, America, Inc.*, 860 F.Supp. 1448, 1450 (CD CA 1993).)

Because summary judgment is a "drastic device" that prevents a party from presenting its case to a jury, the moving party bears a "heavy burden" of demonstrating the absence of any triable issue of material fact. (*Nationwide Life Ins. Co. v. Bankers Leasing Ass'n, Inc.*, 182 F3d 157, 160 (2nd Cir. 1999).)

### II

### MATERIAL FACTS ARE IN DISPUTE AS TO WHETHER OR NOT THE PLANS IN QUESTIONS WERE PUBLISHED

2

**Alexander & Associates**
**Attorneys at Law**
**1925 G Street**
**Bakersfield, CA 93301**
**(661) 316-7888**

DeWALT'S OPPOSITION TO MCINTOSH'S MOTION FOR PARTIAL SUMMARY JUDGMENT

Case No.:  1:07-cv-01080-LJO-GSA

1    The "publication" defense is based on relevant portions of 17 U.S.C., Section 101, which are
2    as follows:

> "Publication" is the distribution of copies … of a work to the public by sale or
> other transfer of ownership, or by rental, lease, or lending.  The offering to
> distribute copies … to a group of persons for purposes of further distribution,
> public performance, or public display, constitutes publication.  …."

7    Here, McIntosh argues that partial summary judgment should be granted as to this defense
8    because there was no publication under 17 U.S.C., Section 101, as a matter of law.  However, the
9    facts and arguments advanced by defendants Northern and defendant Wasco demonstrate that there
10   are genuine issues of material fact that must be adjudicated at trial.

11   First and most important, defendants Northern and defendant Wasco have advanced facts,
12   which they contend are undisputed, that defendant Wasco purchased the improvement plans and
13   specifications from McIntosh (Wasco's Separate Statement of Undisputed Facts ("SSUF") filed in
14   support of its motion for summary judgment, Numbers 19 – 22, and supporting evidence; and
15   Northern's SSUF, Numbers 22 – 25, and supporting evidence.)  Under 17 U.S.C., Section 101,
16   "publication" occurs when the owner of copyrighted works distributes copies pursuant to a sale or
17   transfer of ownership.  The above-referenced undisputed facts contradict McIntosh's contention at
18   page 4, lines 25 – 28 of his Points and Authorities that he retained ownership of the copyrighted
19   works.  For this reason, alone, there appears to be a material factual dispute as to whether or not
20   McIntosh sold or transferred the copyrighted works to Wasco.  For this reason, alone, McIntosh's
21   motion for partial summary judgment on the Publication defense must fail.

22   Moreover, the cases upon which McIntosh relies are not, contrary to McIntosh's claims,
23   "identical" to the facts in this case and are not, therefore, controlling.

24   *Danielson v. Winchester*, 186 F.Supp2d 1 (D. Mass 2002) is distinguishable on its facts.  In
25   this case, the plans were not copied, as is discussed below; in *Danielson*, they were.  In fact and as
26   also discussed below, DeWalt conducted a complete survey of the site and then prepared a complete
27   and independent set of plans for the development of the project, again unlike the situation in
28   *Danielson*.  The plans here were not copied or used, and did not otherwise benefit DeWalt, which

Alexander & Associates
Attorneys at Law
1925 G Street
Bakersfield, CA 93301
(661) 316-7888

DeWALT'S OPPOSITION TO MCINTOSH'S MOTION FOR PARTIAL SUMMARY JUDGMENT

Case No.:  1:07-cv-01080-LJO-GSA

1   conducted its own work and prepared its own plans and maps.  (Northern's SSUF, Numbers 47, 48,
2   51, 52, 54 – 60, 68, and 69, and supporting evidence.)

3        Also distinguishable on its facts is *Del Madera Properties v. Rhodes* 637 F.Supp. 262 (N.D.
4   Cal. 1985).  *Del Madera* involved failed claims of infringement stemming from a tentative
5   subdivision map.  In that case, the property owner for whom the plans were drawn lost the land to
6   foreclosure.  The new owners used the existing subdivision map to construct the subdivision
7   improvements.  While the infringement claim failed, the court recognized that the tentative map was
8   subject to copyright protection.

9        In this case, unlike in *Del Madera*, the subsequent landowner, Northern (nor its agent,
10  DeWalt) did not use McIntosh's subdivision map in anyway whatsoever.  Northern hired DeWalt to
11  conduct a topographic survey of the property, to prepare tentative and final maps for the property,
12  and to provide surveying services.  (Plaintiff's SSUF in support of motion for partial summary
13  judgment, Number 25, and supporting evidence.)  In fact, DeWalt conducted the survey, which
14  included, necessarily, the improvements that had been constructed on the property many years
15  before.  In fact, DeWalt produced a totally different map from its own survey.  DeWalt did not copy
16  or use the McIntosh map in its work.  (Northern's SSUF, Numbers 52, 54, and 55, and supporting
17  evidence.)  Finally, defendant Northern did not build the improvements using McIntosh's plans; the
18  improvements were already constructed and in place on the property.  (Northern's SSUF, Number
19  60, and supporting evidence.)

## II

## MATERIAL FACTS ARE IN DISPUTE AS TO WHETHER OR NOT
## THE PLANS IN QUESTIONS WERE IMPLIEDLY LICENSED

23       DeWalt refers to and incorporates the arguments and evidence relied on by defendants
24  Northern and defendant Wasco.

25       Moreover, DeWalt points out that there are material facts in dispute (actually alleged not to
26  be in dispute by defendants Northern and defendant Wasco) as to whether McIntosh (as successor in
27  interest, of course) formed an agreement or affiliation with Wasco and the former developer
28  (Legacy).  (Northern's SSUF, Number 2, and supporting evidence.)  If so, then there are material

Alexander & Associates
Attorneys at Law
1925 G Street
Bakersfield, CA 93301
(661) 316-7888

DeWALT'S OPPOSITION TO MCINTOSH'S MOTION FOR PARTIAL SUMMARY JUDGMENT

Case No.:  1:07-cv-01080-LJO-GSA

1  factual disputes as to whether that agreement or affiliation resulted in the creation of an implied
2  license to use the plans for that specific development and property.

3      Moreover, and as alluded to above, McIntosh, defendant Wasco and the former developer
4  (Legacy) all participated in the later Acquisition Agreement, which provided for payment to
5  McIntosh (actually, his predecessor) for his plans and specifications. (Northern's SSUF, Numbers
6  22, 24, and 25, and supporting evidence.) Defendant Wasco paid McIntosh (his predecessor) over
7  $800,000 for his services, including preparing the plans and specifications defined in the Agreement
8  as part of the "improvements" purchased by Wasco. (Northern's SSUF, Number 25, and supporting
9  evidence.)

10     Clearly, McIntosh intended that the plans be used to construct the subdivision, and the plans
11 were used for that purpose. Even though the plans were not used by defendant DeWalt or
12 defendants Northern (Northern's SSUF, Numbers 51, 52, 54, 55, 57, 58, and 59, and supporting
13 evidence), they could have been used because defendant Wasco had license to use those plans for
14 purposes of that subdivision. (*I.A.E. Inc. v. Shaver* 74 F.3d. 768, 772 (7th Cir. 1996) and *Effects*
15 *Associates, Inc. v. Cohen* 908 F.2d 555, 558. (9th Cir. 1990).

16     Therefore, and based on the above facts, there are material facts in dispute as to whether
17 defendant Wasco and defendants Northern acquired an implied license from McIntosh.

### III

### MATERIAL FACTS ARE IN DISPUTE AS TO WHETHER
### THE PLANS IN QUESTIONS ARE SUBJECT TO A FIRST SALE DEFENSE

21     DeWalt refers to and incorporates the arguments and evidence relied on by defendants
22 Northern and defendant Wasco. DeWalt also reiterates is argument that there is a material factual
23 dispute as to whether or not McIntosh sold or transferred the copyrighted works to defendant Wasco.

### IV

### MATERIAL FACTS ARE IN DISPUTE AS TO WHETHER
### McINTOSH ABANDONED THE PLANS

27     DeWalt refers to and incorporates the arguments and evidence relied on by defendants
28 Northern and defendant Wasco.

Alexander & Associates
Attorneys at Law
1925 G Street
Bakersfield, CA 93301
(661) 316-7888

DeWALT'S OPPOSITION TO MCINTOSH'S MOTION FOR PARTIAL SUMMARY JUDGMENT

Case No.: 1:07-cv-01080-LJO-GSA

# V

## MATERIAL FACTS ARE IN DISPUTE AS TO WHETHER THE PLANS IN QUESTION ARE SUBJECT TO A MERGER DEFENSE

DeWalt refers to and incorporates the arguments and evidence relied on by defendants Northern and defendant Wasco. In addition, DeWalt argues as follows.

The reality is, unlike in all or nearly all of the cases cited and relied upon by McIntosh, that all of the improvements were constructed many years before the involvement of defendants Northern and defendant DeWalt. It is irrelevant to argue that the project could have been redesigned – of course it could have been redesigned. The fact is that defendants Northern had the right to develop the property in the manner that they saw fit. They had the right to utilize the hundreds of thousands of dollars in improvement already in place. They had the right to design the development of their property in a manner in which they could use the existing improvements. However, defendants Northern still had to comply with the requirements imposed by defendant Wasco, which required compliance with the Subdivision Map Act.

By utilizing the existing improvements after verifying the project's existing streets, curbs, gutters, monuments, manholes, block walls, and visible utilities through a comprehensive survey, the resulting map (6451) had to resemble the Map 5472. (Northern's SSUF, Number 71, and supporting evidence.) This is because the property had already been improved pursuant to Map 5472.

The layout of the subdivision is based on an idea that cannot be copyrighted. As defendants Northern pointed out: "The protection that a map receives extends only to its original expression, and neither the facts nor the idea embodied in the map is protected. (*Mason v. Montgomery Data, Inc.*, 967 F. 2d 135, 140 (5th Cir. 1992)." The fact is that DeWalt created Map 6451 based its survey of the existing physical site, including all improvements on the ground. (Northern's SSUF, Numbers 47 and 68, and supporting evidence.)

As also explained by defendants Northern, when the "idea" and its "expression" are inseparable, even copying the expression will not be barred, since the expression in such circumstances would confer a monopoly of the idea. (*Baker v. Selden*, 101 U.S. 99, 103 (1879). Also see *Herbert Rosenthal Jewelry Corp v. Kalpakian* 446 F.2d 738 (9th Cir. 1971).)

Alexander & Associates
Attorneys at Law
1925 G Street
Bakersfield, CA 93301
(661) 316-7888

DeWALT'S OPPOSITION TO MCINTOSH'S MOTION FOR PARTIAL SUMMARY JUDGMENT

Case No.:  1:07-cv-01080-LJO-GSA

Based on the discussion above, there are material facts in dispute as to whether there has been a merger so as to defeat McIntosh's claims, and McIntosh's motion for partial summary judgment as to this defense must be denied.

## VI

## MATERIAL FACTS ARE IN DISPUTE AS TO WHETHER THE PLANS IN QUESTION ARE SUBJECT THE INDEPENDENT CREATION DEFENSE

Perhaps the most obvious and applicable affirmative defense of DeWalt is the defense of independent creation.

McIntosh correctly argues that in order to meet his burden of proof as a claimant, McIntosh must establish 1) copying by direct evidence or indirect evidence (access to the copyrighted work) and 2) substantial similarity of the defendant's work to his work.

With regard to the second requirement, there are material facts in dispute.

A case relied upon by McIntosh, *Kunycia v. Melville Realty Co., Inc.* 755 F. Supp. 566 (S.D.N.Y. 1990), is helpful. *Kunycia* confirms at page 571 that:

> "Although novelty, uniqueness and ingenuity are not required, independent creation is. Independent creation, in turn, means that a work must not consist of actual copying."

In that case, the plaintiff asserted that the "format" of his drawings of a specific retail store was protected by copyright. (Format refers to the method of expressing the basic design of the store, including layout.) The court held there is no copyright infringement when the subject of the drawing is observed and then a new drawing is created from that observation. (*Kunycia, Id.*, at p. 576.)

In this case, DeWalt (along with defendants Northern) offers compelling evidence of independent creation. This evidence derives from the testimony from Jeff Gutierrez, Greg Black and Josh Woodard, who testify in detail how DeWalt conducted its own survey of the existing streets, curbs, gutters, monuments, manholes, block walls, and visible utilities, and then created its own independent and different map from the results of that survey, without copying anything from McIntosh's work. (Northern's SSUF, Numbers 47, 48, 51, 52, and 54, and supporting evidence.)

On the issue of substantial similarity, expert witness Steve Wong provided extensive

7

Alexander & Associates
Attorneys at Law
1925 G Street
Bakersfield, CA 93301
(661) 316-7888

DeWALT'S OPPOSITION TO MCINTOSH'S MOTION FOR PARTIAL SUMMARY JUDGMENT

Case No.:  1:07-cv-01080-LJO-GSA

1  testimony illustrating the material differences between Maps 5472 and 6451. (Northern's SSUF, Numbers 70, and supporting evidence.) The supporting evidence reveals over 250 differences, one of which being that Map 5472 was designed for 69 lots, one of which would house 96 apartments and the balance being 68 residential lots, while Map 6451 is a 68 lot map.

It is significant to note that even where expressions turn out to be identical, though created through independent efforts, there is no infringement. (*Kunycia v. Melville Realty Co. Inc.*, 755 F. Supp. 566, 576 (S.D.N.Y. 1990).) This is because copyright infringement requires copying. (*Feist Publications, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991).)

DeWalt also explains that Jeff Gutierrez of DeWalt did not "admit to "using" Map 5472 in creating Map 6451 in the context of McIntosh's argument. Rather, DeWalt simply <u>compared</u> the results of Map 6451 to Map 5472 to determine whether there were any major external boundary differences. Had there been material differences in the external boundaries of the recently prepared Map 6451 when compared to another known survey, Map 5472, then additional work would have been justified to understand the differences. Mr. Gutierrez explained that Map 5472 was not otherwise used in connection with DeWalt's work. (Paragraphs 3 and 4 of the Declaration of Jeff Gutierrez submitted in support of defendants Northern's Opposition to McIntosh's Motion for Partial Summary Judgment.)

## **CONCLUSION**

The defendants, including DeWalt, and defendants Northern and defendant Wasco, separately, have illustrated that there are material facts in dispute in relation to the defenses challenged by McIntosh in his motion for partial summary judgment. (DeWalt provides no opposition in relation to the defenses of statute of limitation or laches.)

Dated: 10/21/09                                   Respectfully submitted,

                                                  ALEXANDER & ASSOCIATES, PLC


                                                  By:   /S/ William L. Alexander
                                                        WILLIAM L. ALEXANDER
                                                        Attorneys for defendant DeWalt

8

Alexander & Associates
Attorneys at Law
1925 G Street
Bakersfield, CA 93301
(661) 316-7888

DeWALT'S OPPOSITION TO MCINTOSH'S MOTION FOR PARTIAL SUMMARY JUDGMENT

Case No.:  1:07-cv-01080-LJO-GSA

## PROOF OF SERVICE

I am employed in the County of Kern, State of California.  I am over the age of 18 and not a party to the within action; my business address is 1925 G Street, Bakersfield, California.

On October 21, 2009, I served the foregoing document entitled **DENNIS W. DE WALT, INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO MCINTOSH'S CROSS-MOTION FOR PARTIAL SUMMARY JUDGMENT** on interested parties in this action:

| | |
|---|---|
| James J. Braze, Esq. | Steven John Hassing, Esq. |
| Jeffrey A. Travis, Esq. | Law Offices of Steven J. Hassing |
| Borton Petrini & Conron | 425 Calabria Court |
| 5060 California Avenue, Suite 700 | Roseville, CA 95747 |
| Bakersfield, CA 93303-2026 | Email address: stevehassing@yahoo.com |
| Email address: jbraze@bortonpetrini.com | |
| Email address: jtravis@bortonpetrini.com | |

Chaka Chuba Okadigbo, Esq.
Garcia Caledron Ruiz
50 S. Grand Avenue, Suite 1100
Los Angeles, CA 90071
Email address: cokadigbo@gerlegal.com

___ BY MAIL.  I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. postal service on that same day with postage thereon fully prepaid at Bakersfield, California in the ordinary course of business.  The above sealed envelopes were placed for collection and mailing on the above date following ordinary business practice.

 XX  BY ELECTRONIC SERVICE.  Pursuant to Fed. R. Civ.P. 5(b)(2)(E) and Local Court Rule(s), the foregoing document will be served by the court via CM/ECF.  Pursuant to the CM/ECF docket for this case proceeding the following person(s) are on the Electronic Mail Notice List to receive ECF transmission at the email address(es) indicated above.

Executed on October 21, 2009, at Bakersfield, California.

 X  (Federal)  I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

/s/     Diane Ruff
DIANE RUFF