1   BONIFACIO B. GARCIA (SBN 100761)
    EVA M. PLAZA (SBN 250321)
2   CHAKA C. OKADIGBO (SBN 224547)
    GCR, LLP
3   520 S. Grand Avenue, Suite 695
    Los Angeles, CA 90071
4   (213) 347-0210; Fax (213) 347-0216

5   Attorneys for Defendant CITY OF WASCO

6

7

8                  UNITED STATES DISTRICT COURT

9          EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION

10

| | |
|---|---|
| 11 ROGER McINTOSH. | Case No: 1:07-CV-01080-LJO-GSA |
| 12 Plaintiffs, | **DEFENDANT CITY OF WASCO'S SEPARATE STATEMENT OF** |
| 13 vs. | **CONTROVERTED MATERIAL FACTS IN OPPOSITION TO PLAINTIFF'S MOTION** |
| 14 NORTHERN CALIFORNIA UNIVERSAL ENTERPRISES, INC. *et al.* | **FOR PARTIAL SUMMARY JUDGMENT** |
| 15 Defendants. | Date:   October 28<br>Time:   8:30 a.m. |
| 16 | Dept.:  4<br>Judge:  Lawrence J. O'Neill |
| 17 | |

18              **PUBLICATION – CONTROVERTED MATERIAL FACTS**

19

| No. | UNDISPUTED MATERIAL FACTS | EVIDENCE |
|---|---|---|
| 1. | Martin-McIntosh submitted its improvement plans and tentative map to the City before it registered its copyright. | Plaintiff's Separate Statement of Undisputed Material Facts, 27 and evidentiary support underlying statement; Declaration of Chaka C. Okadigbo in Support of Defendant's Motion for Summary Judgment, ¶¶ 3, 4 and Exhibit B, C (Third Amended Complaint, ¶ 6) attached thereto. |
| 2. | Under California law and the City of Wasco's Municipal Code, improvement plans and tentative maps are required to be made available to the public as public records and as part of the process for | *See* California Subdivision Map Act (California Government Code §§ 66451.3, 66473 *et seq.*); City of Wasco Municipal Code §, Title 16, Chapter 16.16 [16.16.090]; the Ralph |

**DEFENDANT CITY OF WASCO'S SEPARATE STATEMENT OF CONTROVERTED MATERIAL FACTS IN OPPOSITION TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

| | | | |
|---|---|---|---|
| | | reviewing and approving the maps and plans. | M. Brown Act (California Government Code § 54953(a) *et seq.* [§54957.5]; the California Environmental Quality Act ("CEQA")(California Public Resources Code § 21000 *et seq.* [§ 21092(a)(b), § 21092.2]; CEQA Guidelines § 15072); California Public Records Act (California Government Code §§ 6250, 6252(a), 6252(e), 6253 , 6253.1 ) |
| | 3. | On January 28, 1993, the City and Legacy, aided by Martin-McIntosh executed an Acquisition Agreement pursuant to which the City acquired the Martin-McIntosh improvement plans and infrastructure improvements to be constructed on Tract 5472 (now Tract 6451). | James Zervis Declaration, ¶ 4, Exhibit A attached thereto; Michael Brown Declaration, ¶ 9,¶ 10; Exhibit F attached thereto. |
| | 4. | Ron Staub, Martin-McIntosh's project manager, prepared the engineering cost summary for the Acquisition Agreement that established the amounts Martin-McIntosh would receive from the City for the improvement plans. | Michael Brown Declaration, ¶ 10 Declaration of Steven J. Hassing, ¶ 7 and Exhibit U attached thereto (McIntosh December 18, 2008 deposition, 156:2-22); James Zervis Declaration, ¶ 4, Exhibit A attached thereto. |
| | 5. | The City paid Martin-McIntosh over $800,000 for engineering services rendered in connection with the Subdivision and $98,000 specifically for the Martin-McIntosh improvement plans. | Declaration of Steven J. Hassing in Support of Defendant's Summary Judgment Motion, ¶ 9, Exhibit D attached thereto (see 3:1-6); Robert Wren Declaration, ¶ 8 and Exhibit A attached thereto; Michael Brown Declaration, ¶ 9, Exhibit "F" attached thereto. |
| | 6. | The Acquisition Agreement gave the City the right to complete any improvements which were not completed by the developer. | Michael Brown Declaration, ¶ 9, Exhibit "F" attached thereto; James Zervis Declaration, ¶ 4, Exhibit A attached thereto. |
| | 7. | Section 6 of the Acquisition Agreement provided that it would inure to the benefit of the parties' heirs, executors, administrators, successors and assigns. | Michael Brown Declaration, ¶ 9, Exhibit "F" attached thereto; James Zervis Declaration, ¶ 4, Exhibit A attached thereto. |

| 8. | The Contract between Legacy/Brown and Martin-McIntosh does not prohibit the City from using The Plans for the specific purpose for which they were intended. | Michael Brown Declaration, ¶ 7, Exhibit "B" attached thereto. |
| 9. | Paragraph 13 of the Contract between Legacy/Brown and Martin-McIntosh specifically spells out that the plans, drawings or other work product may be used for the project described on the face hereof. | Michael Brown Declaration, ¶ 7, Exhibit "B" attached thereto. (see para 13). |

## PUBLICATION – CONCLUSIONS OF LAW

| No. | CONCLUSIONS OF LAW |
|---|---|
| | The submission of a tentative map and improvement plans to a public entity permits which in turn makes the maps and plans available to the public as required under state law constitutes a publication. (17 U.S.C. § 101 of the Copyright Act; *Certified Engineering, Inc. v. First Fidelity Bank, N.A.*, 849 F.Supp. 318 (D.N.J. 1994)). |

## IMPLIED LICENSE – UNDISPUTED MATERIAL FACTS

| No. | UNDISPUTED MATERIAL FACTS | EVIDENCE |
|---|---|---|
| 10. | Under California law and the City of Wasco's Municipal Code, improvement plans and tentative maps are required to be made available to the public as public records and as part of the process for reviewing and approving the maps and plans. | *See* California Subdivision Map Act (California Government Code §§ 66451.3, 66473 *et seq*.); City of Wasco Municipal Code §, Title 16, Chapter 16.16 [16.16.090]; the Ralph M. Brown Act (California Government Code § 54953(a) *et seq*. [§54957.5); the California Environmental Quality Act ("CEQA")(California Public Resources Code § 21000 *et seq*. [§ 21092(a)(b), § 21092.2]; CEQA Guidelines § 15072); California Public Records Act (California Government Code §§ 6250, 6252(a), 6252(e), 6253 , 6253.1 ) |
| 11. | On January 28, 1993, the City and Legacy, aided by Martin-McIntosh executed an Acquisition Agreement | James Zervis Declaration, ¶ 4, Exhibit A attached thereto; Michael Brown Declaration, ¶ 9,¶ 10; Exhibit |

| No. | | |
|---|---|---|
| | pursuant to which the City acquired the Martin-McIntosh improvement plans and infrastructure improvements to be constructed on Tract 5472 (now Tract 6451). | F attached thereto. |
| 12. | Ron Staub, Martin-McIntosh's project manager, prepared the engineering cost summary for the Acquisition Agreement that established the amounts Martin-McIntosh would receive from the City for the improvement plans. | Michael Brown Declaration, ¶ 10<br><br>Declaration of Steven J. Hassing, ¶ 7 and Exhibit U attached thereto (McIntosh December 18, 2008 deposition, 156:2-22); James Zervis Declaration, ¶ 4, Exhibit A attached thereto. |
| 13. | The City paid Martin-McIntosh over $800,000 for engineering services rendered in connection with the Subdivision and $98,000 specifically for the Martin-McIntosh improvement plans. | Declaration of Steven J. Hassing in Support of Defendant's Summary Judgment Motion, ¶ 9, Exhibit D attached thereto (see 3:1-6); James Zervis Declaration, ¶ 4, Exhibit A attached thereto; Robert Wren Declaration, ¶ 8 and Exhibit A attached thereto. |

**IMPLIED LICENSE – CONCLUSIONS OF LAW**

A nonexclusive license may be granted without a writing. 17 U.S.C. § 101. Nonexclusive licenses may be implied from conduct. *I.A.E. Incorporated v. Shaver*, 74 F.3d 768, 775 (7th Cir. 1996); *see also Effects Associates, Inc. v. Cohen*, 908 F.2d 555, 558 (9th Cir. 1990). An implied license is found when a party who creates a work turns a copy of the work over to the defendant intending that the defendant use it. *SmithKline Beecham Consumer Healthcare, L.P. v. Watson Pharmaceuticals, Inc.*, 211 F.3d 21, 25 (2nd Cir. 2000).

**FIRST SALE DOCTRINE**

| No. | UNDISPUTED MATERIAL FACTS | EVIDENCE |
|---|---|---|
| 14. | The City purchased the Subdivision improvement plans and paid Martin-McIntosh 98,000 for the plans and $800,000 for engineering services rendered for the Subdivision. | James Zervis Declaration, ¶ 4, Exhibit A attached thereto; Michael Brown Declaration, ¶ 9,¶ 10; Exhibit F attached thereto. |

4821-9960-7045

| 15. | Ron Staub, Martin-McIntosh's project manager, prepared the engineering cost summary for the Acquisition Agreement that established the amounts Martin-McIntosh would receive from the City for the improvement plans. | Michael Brown Declaration, ¶ 10<br><br>Declaration of Steven J. Hassing, ¶ 7 and Exhibit U attached thereto (McIntosh December 18, 2008 deposition, 156:2-22); James Zervis Declaration, ¶ 4, Exhibit A attached thereto. |

## FIRST SALE DOCTRINE - CONCLUSIONS OF LAW

> The first Sale doctrine allows a purchaser of a copyrighted work to transfer (i.e. sell or give-away) a particular lawfully-made copy of the copyrighted work without permission once the purchaser has obtained the work. 17 U.S.C. § 109.

## ABANDONMENT – UNDISPUTED MATERIAL FACT

| No. | UNDISPUTED MATERIAL FACTS | EVIDENCE |
|-----|---------------------------|----------|
| 16. | The City purchased the Subdivision improvement plans and paid Martin-McIntosh 98,000 for the plans and $800,000 for engineering services rendered for the Subdivision. | James Zervis Declaration, ¶ 4, Exhibit A attached thereto; Michael Brown Declaration, ¶ 9,¶ 10; Exhibit F attached thereto. |
| 17. | Ron Staub, Martin-McIntosh's project manager, prepared the engineering cost summary for the Acquisition Agreement that established the amounts Martin-McIntosh would receive from the City for the improvement plans. | Michael Brown Declaration, ¶ 10<br><br>Declaration of Steven J. Hassing, ¶ 7 and Exhibit U attached thereto (McIntosh December 18, 2008 deposition, 156:2-22); James Zervis Declaration, ¶ 4, Exhibit A attached thereto. |

## ABANDMENT – CONCLUSIONS OF LAW

> Abandonment occurs when there is a showing that the copyright holder intends to surrender his rights in the work and carries out an overt act evidencing such intent.  4 *Melville B. Nimmer & David B. Nimmer, Nimmer on Copyright*, §13.06 (2001); *Micro Star v. Formgen, Inc.*, 154 F.3d 1107, 1114 (9th Cir. 1998).

DEFENDANT CITY OF WASCO'S SEPARATE STATEMENT OF CONTROVERTED MATERIAL FACTS IN OPPOSITION TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT

**MERGER – UNDISPUTED MATERIAL FACTS**

| No. | UNDISPUTED MATERIAL FACTS | EVIDENCE |
|---|---|---|
| 18. | In 1993, Martin-McIntosh submitted the Martin-McIntosh improvement plans for Revised Tentative Map for Tract No. 5472 to the City so that Legacy could obtain building permits and begin constructing improvements. | Third Amended Complaint attached to Steven J. Hassing Declaration as Exhibit "C", ¶ 26 |
| 19. | All or substantially all improvements in the Valley Rose Estates Subdivision were constructed by 1994 in accordance with the Martin-McIntosh improvement plans. | Chaka C. Okadigbo Declaration, ¶ 5, Exhibit D attached thereto. (McIntosh Deposition at 81:1-2, 81:21-34, 82:3-11, 278:25-279:7, 279: 14-21.) |
| 20. | Thus, the streets, sidewalks, curbs, gutters, storm drain, and driveway approaches were constructed during that time period. | Chaka C. Okadigbo Declaration, ¶¶ 10, 17, 19, Exhibit I attached thereto (Wu Deposition, at 48:4-12; Helt Deposition, at 39:7-11, 41:8-16; Pennell Deposition, at 19:18-21.) |
| 21. | DeWalt surveyed the streets, curbs, gutters, manhole covers, block walls and all visible improvements which had been constructed within Revised Tentative Map for Tract No. 5472. | Greg Black Declaration, ¶ 11. Jeff Gutierrez Declaration, ¶ 4. |
| 22. | DeWalt then processed the survey information and created a map which depicted all observed site improvements and conditions. | Greg Black Declaration, ¶ 12. Jeff Gutierrez Declaration, ¶ 6. |
| 23. | DeWalt surveyed all of the parcels in which Tentative Map for Tract No. 6451 is located.  It then surveyed the existing improvements within Tentative Map for Tract No. 6451, including existing streets, curbs and gutters, building pads, any visible utilities, block walls and previously set street monuments. | Greg Black Declaration, ¶¶ 10 and 11. Jeff Gutierrez Declaration, ¶ 4. |
| 24. | The "idea" of a 68 lot subdivision with streets running through it in the same | Jeff Gutierrez Declaration, ¶ 13. |

DEFENDANT CITY OF WASCO'S SEPARATE STATEMENT OF CONTROVERTED MATERIAL FACTS IN OPPOSITION TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT

| | | |
|---|---|---|
| | manner as in Martin-McIntosh's "idea" was employed by DeWalt because all of the improvements were in and that was the only way of drawing a map to take advantage of those expensive improvements. | |
| 25. | DeWalt then processed the survey information and created a map which depicted all observed site improvements and conditions. | Greg Black Declaration, ¶ 12.<br><br>Jeff Gutierrez Declaration, ¶ 6. |

## MERGER – CONCLUSIONS OF LAW

The merger doctrine "will not protect a copyrighted work from infringement if the idea underlying the copyright work can be expressed in only one way, lest there be a monopoly on the underlying idea." (*Ets-Hokin v. Skyy Spirits, Inc.,* 225 F.3d 1068, 1082 (9th Cir.2000) *CDN, Inc. v. Kapes,* 197 F.3d 1256, 1261 (9th Cir. 1999).

## INDEPENDENT CREATION – UNDISPUTED MATERIAL FACTS

| No. | UNDISPUTED MATERIAL FACTS | EVIDENCE |
|---|---|---|
| 26. | On July 21, 2004, Wu hired DeWalt to survey the existing improvements and prepare and process the new tentative map for the sum of $26, 000.00. | Joe Wu Declaration, ¶ 13.<br><br>Jeff Gutierrez Declaration, ¶ 3. |
| 27. | DeWalt surveyed the streets, curbs, gutters, manhole covers, block walls and all visible improvements which had been constructed within Revised Tentative Map for Tract No. 5472. | Greg Black Declaration, ¶ 11.<br><br>Jeff Gutierrez Declaration, ¶ 4. |
| 28. | DeWalt then processed the survey information and created a map which depicted all observed site improvements and conditions. | Greg Black Declaration, ¶ 12.<br><br>Jeff Gutierrez Declaration, ¶ 6. |
| 29. | Greg Black was the lead engineer/project manager for DeWalt regarding Tentative Map for Tract No. 6451. | Greg Black Declaration, ¶ 3.<br><br>Jeff Gutierrez Declaration, ¶ 10. |
| 30. | Greg Black did not reproduce anything from, or otherwise make any use of any | Greg Black Declaration, ¶¶ 7 and 8. |

**DEFENDANT CITY OF WASCO'S SEPARATE STATEMENT OF CONTROVERTED MATERIAL FACTS IN OPPOSITION TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

| | | | |
|---|---|---|---|
| | | improvement plans the City provided to him in connection with his work on Tentative Map for Tract No. 6451 and has no knowledge of any DeWalt employee reproducing improvement plans prepared by Martin-McIntosh. | |
| 31. | | Sarah Burgi was another DeWalt employee that did some work on Tentative Map for Tract No. 6451. | Sarah Burgi Declaration, ¶ 2. |
| 32. | | Sarah Burgi never even saw the Martin-McIntosh improvement plans or the Revised Tentative Map for Tract No. 5472 prior to this litigation. | Sarah Burgi Declaration, ¶ 3. |
| 33. | | Josh Woodard, another DeWalt employee involved in preparing the Tentative Map for Tract No. 6451, does not recall ever working on Tentative Map for Tract No. 6451 but knows for a fact that he never copied from another engineer's work while working on any map for DeWalt. | Josh Woodard Declaration, ¶¶ 4 and 7. |
| 34. | | DeWalt surveyed all of the parcels in which Tentative Map for Tract No. 6451 is located.  It then surveyed the existing improvements within Tentative Map for Tract No. 6451, including existing streets, curbs and gutters, building pads, any visible utilities, block walls and previously set street monuments. | Greg Black Declaration, ¶¶ 10 and 11.<br><br>Jeff Gutierrez Declaration, ¶ 4. |
| 35. | | DeWalt processed the survey information and created a map which depicted all observed site improvements and conditions. | Greg Black Declaration, ¶ 12.<br><br>Jeff Gutierrez Declaration, ¶ 6. |
| 36. | | Pages 67 through 79 and pages 103 through 120 of the deposition transcript of Steven Wong are filled with differences between Revised Tentative Map for Tract No. 5472 and Tentative Map for Tract No. 6451. | Para 31, Steven J. Hassing Declaration, ¶ 31, Exhibit "Y" attached thereto; Declaration of C. Okadigbo, ¶ 24, Exhibit "W" attached thereto. |
| 37. | | The "idea" of 68 lot subdivision with streets running though it in the same | Jeff Gutierrez Declaration, ¶ 13. |

| | | | |
|---|---|---|---|
| | | manner as in Martin-McIntosh's "idea" was employed by DeWalt because all of the improvements were in and that was the only way of drawing a map to take advantage of those expensive improvements. | |
| 38. | | DeWalt had no need to copy the Martin-McIntosh improvement plans and did not copy them. | Greg Black Declaration, ¶ 13. Josh Woodard Declaration, ¶¶ 5 and 7. Jeff Gutierrez Declaration, ¶ 7. Sarahh Burgi Declaration, ¶ 6. Steven J. Hassing Declaration, ¶¶ 26 and 17, Exhibit "T" attached thereto. |

## INDEPENDENT CREATION – CONCLUSIONS OF LAW

The act of copying is rarely witnessed so copying is ordinarily established indirectly which is proved by the plaintiff demonstrating that the defendant had 1) access to the copyrighted items, and 2) that the defendant's product is substantially similar to plaintiffs' work. Once this is done, the burden shifts to the defendant to prove his work was not copied, but independently created. *Kamar Int'l v. Russ Berrie and Co.,* (9th Cir. 1982) 657 F.2d 1059, 1962.

DATED:  October 21, 2009                    GCR, LLP


By: _____
        CHAKA C. OKADIGBO
        Attorneys for Defendant
        CITY OF WASCO

DEFENDANT CITY OF WASCO'S SEPARATE STATEMENT OF CONTROVERTED MATERIAL FACTS IN OPPOSITION TO
PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT

**PROOF OF SERVICE**
**(FRCP No. 5(b)(2)(E)**

I declare that I am over the age of eighteen (18) and not a party to this action. My business address is 500 South Grand Avenue, Suite 1100, Los Angeles, California 90071.

On **October 21, 2009**, I served the following documents: **DEFENDANT CITY OF WASCO'S DEPARATE STATEMENT OF CONTROVERTED MATERIAL FACTS IN OPPOSITION TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT** on the interested parties in this action by placing a true and correct copy of such document, enclosed in a sealed envelope, addressed as follows:

Jeffrey Travis
Borton Petrini, LLP
1600 Truxtun Ave.
Bakersfield, CA 93301
jtravis@bortonpetrini.com

Steven J. Hassing
Law Offices of Steven J. Hassing
425 Calabria Court
Roseville, CA 95747
stevehassing@yahoo.com

William L. Alexander
Alexander & Associates
1925 G Street
Bakersfield, CA 93301
walexander@alexander-law.com

( **X** )    **BY MAIL**:  I am readily familiar with the business' practice for collection and processing of correspondence for mailing with the United States Postal Service.  I know that the correspondence was deposited with the United States Postal Service on the same day this declaration was executed in the ordinary course of business. I know that the envelope was sealed and, with postage thereon fully prepaid, placed for collection and mailing on this date in the United States mail at Los Angeles, California.

( **X** )    **BY ELECTRONIC SERVICE:**  Pursuant to Fed. R. Civ. P. 5(b)(2)(E) and Local Court Rules(s), the foregoing document will be served by the court via CM/ECF.  Pursuant to the CM/ECF docket for this case proceeding the following person(s) are on the Electronic Mail Notice List to receive ECF transmission at the email address(es) indicated above.

( )        (State)        I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

( **X** )    (Federal)      I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed **October 21, 2009**, Los Angeles, California.

Carolyn Dominguez