1  BONIFACIO BONNY GARCIA (SBN 100761)
   EVA M. PLAZA (SBN 250321)
2  CHAKA C. OKADIGBO (224547)
   GCR, LLP
3  500 SOUTH GRAND AVENUE, SUITE 1100
   LOS ANGELES, CA 90071
4  (213) 347-0210; Fax (213) 347-0216

5  Attorneys for Defendant CITY OF WASCO

6

7

8              UNITED STATES DISTRICT COURT

9        EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION

10

11  ROGER McINTOSH              Case No: 1:07-CV-01080-LJO-WMV

12        Plaintiff,
                               **CITY OF WASCO'S RESPONSE TO**
13     vs.                     **PLAINTIFF'S SEPARATE STATEMENT**
                               **OF FACTS**
14  NORTHERN CALIFORNIA
    UNIVERSAL ENTERPRISES
15  COMPANY, INC., *et al.*,

16        Defendants.

17

18

19

20

21

22

23

24

25

26

27

28

| NO. | ASSERTED UNDISPUTED MATERIAL FACTS: | CITY OF WASCO'S RESPONSE |
|---|---|---|
| | **PUBLICATION** | |
| 1. | Martin-McIntosh entered into a contract with Legacy Group in 1992 to prepare a Tentative Map and Improvement plans for the Valley Rose Subdivision.<br><br>Exhibit "1", Declaration of Roger McIntosh, ¶6, Exhibit "A". ("McIntosh Decl.") | Undisputed |
| 2. | Martin-McIntosh Retained ownership of their work pursuant to the contract between it and the Legacy Group<br><br><br><br>Exhibit "1", Declaration of Roger McIntosh, ¶6, Exhibit "A", (Provisions 8, 9, and 13) | Disputed.<br><br>The "ownership" claimed by McIntosh is ambiguous.  The contract clauses cited, (8, 9 and 13) make it clear that McIntosh reserved the right to use the work product and that Legacy was prohibited from using unsigned copies for any purpose and signed copies for purposes other than on the project for which they were created.<br><br>Evidence:<br><br>Plaintiff's Exhibit "1", Declaration of Roger McIntosh, Para 6, Exhibit "A", Provisions 8, 9 and 13) |
| 3. | The City of Wasco approved the 5472 Tentative Map and Improvements Plans with conditions.<br><br>Exhibit "1", McIntosh Decl., ¶7, Exhibit "B";<br><br>Exhibit "2", Declaration of Jeffrey A. Travis, ¶4, Exhibit "C" ("Travis Decl.") (Resolution No. 05-10 by the City of Wasco approving Tentative | Undisputed |

**CITY OF WASCO'S RESPONSE TO PLAINTIFF'S SEPARATE STATEMENT OF FACTS**

| NO. | ASSERTED UNDISPUTED MATERIAL FACTS | |
|---|---|---|
| | Map No. 6451)<br><br>Exhibit "2", Declaration of Jeffrey A. Travis, ¶4, Exhibit "R" (Deposition of Terry Schroepfer, 8:7281, and ex. "f" attached thereto)<br><br>Travis Decl., Exhibit "P", The City of Wasco's Response to Roger McIntosh's Request for Admissions No. 1.<br><br>Exhibit "3", Request for Judicial Notice, Exhibit "A", City of Wasco Municipal Code, §16.16 et seq. | |
| 4. | The 5472 Tentative Map expired<br><br>Travis, Decl. ¶15, Exhibit "R" (2/2/2000 Quad Knopf Report and Letter attached as Exhibit 2 to Deposition of Terry Schroepfer, page 2)<br><br>Travis, Decl. ¶5, Exhibit "D" (Gutierrez Deposition, Exhibit "3", page 3-002, and exhibit "4", provision A)<br><br>Travis, Decl. ¶ 4, Exhibit "B," Development Agreement, Clauses 2.17, 3, 4.2, 4.4. | Undisputed |
| **IMPLIED LICENSE** | | |
| NO. | ASSERTED UNDISPUTED MATERIAL FACTS | |
| 5. | The contract to create the 5472 Map and Improvement plans was between Martin-McIntosh and Legacy Group<br><br>Exhibit "1" McIntosh, Decl., ¶ 5, Exhibit "A" | Undisputed |

**CITY OF WASCO'S RESPONSE TO PLAINTIFF'S SEPARATE STATEMENT OF FACTS**

| | | | |
|---|---|---|---|
| 6. | Martin-McIntosh Retained ownership of their work pursuant to the contract between it and the Legacy Group | | Objection: |
| | | | The evidence cited by Plaintiff does not support the alleged fact. Provision 12 of Exhibit "A" to McIntosh's declaration pertains only to soil issues, not ownership. |
| | Decl. of Roger McIntosh, Exhibit "A" attached thereto (Provisions 12 and 13) | | Provision 13 simply prohibits the use by Legacy of work that has not been finaled and prohibits use of final work on a different project. There is no allegation that any of McIntosh's work was used on any project other than Parcel 1 of the Valley Rose Estates Subdivision. |
| | | | The terms "ownership" is not used in the contract. |
| | | | Disputed: |
| | | | MARTIN-MCINTOSH allowed Legacy to sell the plans and improvements to The City under an Acquisition Agreement. MARTIN-MCINTOSH even participated in the Acquisition Agreement by having Ronald Staub, MARTIN-MCINTOSH's project manager, provide the engineering costs that were included in the Acquisition Agreement. Thereafter, The City paid MARTIN-MCINTOSH over $800,000 based on the Acquisition Agreement. |
| | | | Evidence: |
| | | | Paras 9 and 10 of Michael Brown Declaration and Exhibit "F" thereto at pages 2 and 3. |
| | | | Page 156, lines 2-22 of Dec 18, 2008 McIntosh Depo, Exhibit "U" to Hassing Declaration |
| | | | Para 9, Hassing Dec and Exhibit "D" thereto (see 3;1-6 of Eugene Martin Dec). |

**CITY OF WASCO'S RESPONSE TO PLAINTIFF'S SEPARATE STATEMENT OF FACTS**

| | | |
|---|---|---|
| 7. | The copyrighted works were to be used only by the Legacy Group and only in connection with the 5472 Project<br><br><br>Decl. of Roger McIntosh, Exhibit "A" attached thereto (Provision 13) | Disputed:<br><br>While provision 13 does state that the plans, drawings and other work are for the exclusive use of Legacy, MARTIN-MCINTOSH allowed Legacy to sell the plans and improvements to The City under an Acquisition Agreement. MARTIN-MCINTOSH even participated in the Acquisition Agreement by having Ronald Staub, MARTIN-MCINTOSH's project manager, provide the engineering costs that were included in the Acquisition Agreement. Thereafter, The City paid MARTIN-MCINTOSH over $800,000 based on the Acquisition Agreement.<br><br>Evidence:<br><br>Paras 9 and 10 of Michael Brown Declaration and Exhibit "F" thereto at pages 2 and 3.<br><br>Page 156, lines 2-22 of Dec 18, 2008 McIntosh Depo, Exhibit "U" to Hassing Declaration<br><br>Para 9, Hassing Dec and Exhibit "D" thereto (see 3;1-6 of Eugene Martin Dec) |
| 8. | Wasco was never given permission by McIntosh to use the 5472 Tentative map or plans to process the 6451 Maps<br><br><br>Declaration of Roger Mcintosh, ¶8<br><br>Exhibit "3", Request for Judicial Notice, Exhibit "A", City of Wasco Municipal Code, § 16.37.050 | Disputed:<br><br>The Acquisition Agreement incorporates the plans and specifications as improvements by reference The Acquisition Agreement then provides, "The City of Wasco shall acquire the improvements (which include the plans and specs per section 2) from the sub-divider..."<br><br>Evidence: |

**CITY OF WASCO'S RESPONSE TO PLAINTIFF'S SEPARATE STATEMENT OF FACTS**

| | | | |
|---|---|---|---|
| | | | Paras 9 and 10 of Michael Brown Declaration and Exhibit "F" thereto at section 2 on page 2 and section 3 on page 3.<br><br>Fact:<br><br>The attachments to the Acquisition Agreement clearly establish that the plans and other engineering was included within the Agreement.  McIntosh testified that MARTIN-MCINTOSH's project manager, Ronald Staub, was the person who prepared that engineering cost suMartin-McIntoshary.<br><br>Evidence:<br><br>Page 156, lines 2-22 of Dec 18, 2008 McIntosh Depo, Exhibit "U" to Hassing Declaration |
| 9. | | Northern was never given permission by McIntosh to use the 5472 Tentative map or plans to process the 6451 Maps<br><br>Declaration of Roger Mcintosh, ¶9, and<br><br>Travis Decl., Exhibit "O", Deposition of Roger McIntosh 182 :3-25; 183; 1-17. | Undisputed |
| 10. | | Lotus was never given permission by McIntosh to use the 5472 Tentative map or plans to process the 6451 Maps<br><br>Declaration of Roger Mcintosh, ¶9 | Undisputed |
| 11. | | Dewalt was never given permission by McIntosh to use the 5472 Tentative map or plans to process the 6451 Maps | Undisputed |

| | | |
|---|---|---|
| | McIntosh Decl., ¶8<br><br>Travis Decl., ¶ 13;  McIntosh Dep. 197: 6-16 | |
| 12. | McIntosh's office told Joe Wu of Northern California Universal that he could not have the improvement plans for Tract No. 5472 because they were owned by another company<br><br><br><br>Travis Decl., Exhibit "I", Deposition of Joe Wu, person most knowledgeable for Northern and Lotus (40:14-25, 41:1-10)<br><br>Travis, ¶ 13, Exhibit "O", McIntosh Dep. Pages 181-183. | Objection:<br><br>Plaintiff cites to pages 40 and 41 of Joe Wu's deposition.  However, page 40 was not provided and page 41 is incomplete without page 40 in that the question being answered on page 41 is contained on page 40.  Further, it is obvious that the question on missing page 40 related only to the pump plans, not all of the improvement plans.<br><br>Further, the citation to McIntosh's deposition, pages 181- 183, does not support the "fact" that Northern could not have the improvement plans because they were owned by another company.  That is a misstatement of the evidence.<br><br>Disputed:<br><br>McIntosh told Wu that he would not prepare a new tentative map for Northern unless he was paid over $800,000 for work previously done for Legacy and The City.<br><br>Evidence:<br><br>Para 12, Wu Declaration<br><br>Para 16, Hassing Declaration and Exhibit "J" thereto (Jan 28, 2009 deposition of Roger McIntosh, pp 310;24- 311; 17) |

## FIRST SALE DOCTRINE

| NO. | ASSERTED UNDISPUTED MATERIAL FACTS | |
|---|---|---|

7

**CITY OF WASCO'S RESPONSE TO PLAINTIFF'S SEPARATE STATEMENT OF FACTS**

| 13. | The contract to create the 5472 Map and Improvement plans was between Martin-McIntosh and Legacy Group<br><br>Exhibit "1" McIntosh, Decl., Exhibit "A" | Undisputed |
|---|---|---|
| 14. | Contract between Martin-McIntosh and Legacy Group provided that Martin-McIntosh retained ownership of the works they created, pursuant to the contract.<br><br>Decl. of Roger McIntosh, Decl., Exhibit "A" (Provisions 12 and 13) | Disputed<br><br>The contract does not use the word ownership.<br><br>Evidence:<br><br>Decl. of Roger McIntosh, Decl., Exhibit "A" (Provisions 8, 9, 13) |
| 15. | Martin-McIntosh Retained ownership of the works created for Legacy Group<br><br>McIntosh, Decl. Exhibit "A" (Provisions 13) | Disputed:<br><br>The "ownership" claimed by McIntosh is ambiguous.  The contract clauses cited (8, 9 and 13) make it clear that McIntosh reserved the right to use the work product and that Legacy was prohibited from using unsigned copies for any purpose and signed copies for purposes other than on the project for which they were created.<br><br>Evidence:<br><br>Plaintiff's Exhibit "1", Declaration of Roger McIntosh, Para 6, Exhibit "A", Provisions 8, 9 and 13) |
| 16. | The 5472 map and plans were to be used by Legacy Group in Connection with the project<br><br>McIntosh, Decl. Exhibit "A" (Provisions 13) | Undisputed |

**CITY OF WASCO'S RESPONSE TO PLAINTIFF'S SEPARATE STATEMENT OF FACTS**

| 17. | The 5472 Tentative Map and Improvement Plans were transferred to Roger McIntosh<br><br>McIntosh ¶ 12, Exhibit"C", provision 2(a). | Objection:<br><br>Exhibit "C" to McIntosh's Declaration is an <u>incomplete document</u>. That portion of the document which has been produced as Exhibit "C" indicated that it consists of 19 pages. Plaintiff has omitted pages 4-12 and 14-17 thereof as well as the exhibits reference therein. |
|---|---|---|
| 18. | Wasco Never Paid McIntosh for the use of Copyrighted Work<br><br>McIntosh Declaration ¶ 11 | Disputed<br><br>The City paid MARTIN-MCINTOSH over $800,000 for its services and $98,000 for the Martin-McIntosh improvement plans.<br><br>Evidence:<br><br>Para 9, Hassing Dec and Ex "D" thereto (Martin Declaration at 3;1-6)<br><br>Para 4, Robert Wren Dec and Ex B and C attached thereto |
| 19. | NCUE never paid McIntosh for use of the Copyrighted Work<br><br>McIntosh Declaration ¶ 11 | Undisputed |
| 20. | Lotus never paid McIntosh for the use of the Copyrighted Work<br><br>McIntosh Declaration ¶ 11 | Undisputed |
| 21. | DeWalt never paid McIntosh for the use of the Copyrighted Work<br><br>McIntosh Declaration ¶ 11 | Undisputed |
| **ABANDONMENT** | | |

CITY OF WASCO'S RESPONSE TO PLAINTIFF'S SEPARATE STATEMENT OF FACTS

| NO. | ASSERTED UNDISPUTED MATERIAL FACTS | |
|---|---|---|
| 22. | Contract between Martin-McIntosh and Legacy Group provided that Martin-McIntosh retained ownership of the 5472 map and plans<br><br>Decl. of Roger McIntosh, Exhibit"A" | Undisputed |
| 23. | The 5472 map and plans were to be used only by Legacy Group in connection with the project<br><br><br><br>Decl. of Roger McIntosh, Exhibit "A"<br>(Provision 13) | Disputed:<br><br>The Contract between Legacy and MARTIN-MCINTOSH does not <u>prohibit</u> The City from using The Plans for the specific purpose for which they were intended<br><br>Evidence:<br><br>Paragraph 13 of The Contract between Legacy and MARTIN-MCINTOSH specifically spells out that the plans, drawings or other work product may be used for the project described on the face hereof.  Exhibit "B" to Michael Brown Declaration |

| MERGER | | |
|---|---|---|
| NO. | ASSERTED UNDISPUTED MATERIAL FACTS | |
| 24. | The Valley Rose subdivision could have been re-designed by the developer<br><br>Travis, Decl., ¶8,<br>Exhibit "G", Depo. of Alan Peak,<br>Pgs. 8:14-25; 9:1-14; 10:11-25; 11:1<br><br>Travis, Decl., Exhibit "E", Depo. of | Undisputed |

10

| | | |
|---|---|---|
| | Larry Pennell, Pgs. 20:24-25, 21:1-21 Travis, Decl., Exhibit "F", Depo. of Keith Woodcock, Pgs. 25:2-25; 26:1-2 Travis, Decl., Exhibit "H", Plaintiffs Expert Depo. of James Delmarte, Pg. 66:5-19 Travis Decl., Exhibit "Q", Defendants Expert Depo. of Stephen Wang, Pgs. 50:9-25;51; 52:1-20; 54:8-25; 55; 56:1-5 McIntosh, Decl., ¶ 13 | |
| **STATUTE OF LIMITATIONS** | | |
| **NO.** | **ASSERTED UNDISPUTED MATERIAL FACTS** | |
| 25. | Northern entered into a contract to prepare the tentative map in September of 2004 Travis, ¶ 5, Exhibit "D"(Deposition of Jeffrey Gutierrez, 31:1-11, Exhibit "4"). Travis, Decl., ¶ 18, Exhibit "T"(Invoices for preparing map No. 6451 attached as exhibit 5 to deposition of Jeff Gutierrez) | Undisputed |
| 26. | McIntosh was unaware of the contract between NCUE and Dewalt in September of 2004 McIntosh Decl., ¶15 | Disputed Fact: McIntosh's telephone conversation with Wu took place prior to Lotus's purchase of Parcel 1. |

11

| | | |
|---|---|---|
| 1 | | Evidence: |
| 2 | | Para 12 of Wu declaration |
| 3 | | Jan 28, 2009 deposition of Roger |
| 4 | | McIntosh pp 310; 24- 311; 17 as Ex. "J" to Hassing dec. |
| 5 | | |
| 6 | | Fact: |
| 7 | | Northern contracted to purchase Parcels 1 and 3 of the Valley Rose Estates |
| 8 | | Subdivision on May 18, 2004 |
| 9 | | Evidence; |
| 10 | | Exhibit L1 of Jeff Travis Declaration, |
| 11 | | bates stamped pages L017 and L018. |
| 12 | | Fact: |
| 13 | | Right after McIntosh's telephone |
| 14 | | conversation with Wu, McIntosh requested that The City send him all |
| 15 | | future City agendas so he could follow Wu's progress. |
| 16 | | |
| 17 | | Evidence; |
| 18 | | December 18, 2008 deposition of Roger McIntosh pp 186; 8- 188; 3 as Exhibit |
| 19 | | "M" Hassing dec. |
| 20 | | Fact: |
| 21 | | McIntosh's decision to sue Lotus and |
| 22 | | Northern was made when DeWalt started processing Map 6451. |
| 23 | | Evidence: |
| 24 | | |
| 25 | | December 18, 2008 Deposition of Roger McIntosh, 198; 12-16 as Ex "O" to |
| 26 | | Hassing Dec. |
| 27 | | Fact: |
| 28 | | DeWalt submitted Map 6451 to The City |

| | | | |
|---|---|---|---|
| 1 | | | on November 10, 2004. |
| 2 | | | Evidence: |
| 3 | | | Para 14, Black Declaration |
| 4 | | | Para 14, Gutierrez Declaration |
| 5 | | | |
| 6 | 27. | McIntosh filed his claim in February of 2007 | Undisputed |
| 7 | | | |
| 8 | | Request for Judicial Notice, Exhibit "C", Copyright Registration Filed in 2/2007 and Complaint, filed in 7/2007. | |
| 9 | | | |
| 10 | | | |
| 11 | 28. | McIntosh only became aware of the use of his improvement plans and the probability of his map being copied in 2006 | Disputed |
| 12 | | | Fact: |
| 13 | | | |
| 14 | | | McIntosh's telephone conversation with Wu took place prior to Lotus's purchase of Parcel 1. |
| 15 | | | |
| 16 | | Travis, Decl., ¶13, Exhibit "O", Pgs. 108:8-25, 109:1-22, McIntosh Dep., | Evidence: |
| 17 | | | Para 12 of Wu declaration |
| 18 | | | Jan 28, 2009 deposition of Roger McIntosh pp 310;24- 311; 17 as Ex "J" to Hassing dec. |
| 19 | | | |
| 20 | | | |
| 21 | | | Fact; |
| 22 | | | Northern contracted to purchase Parcels 1 and 3 of the Valley Rose Estates Subdivision on May 18, 2004 |
| 23 | | | |
| 24 | | | Evidence: |
| 25 | | | Exhibit L1 of Jeff Travis Declaration, bates stamped pages L017 and L018. |
| 26 | | | |
| 27 | | | Fact: |
| 28 | | | McIntosh believed that if Wu used a |

different engineer, one besides McIntosh, that Wu would be infringing and that McIntosh could sue

Evidence:

Para 20, Hassing Dec and Ex "N" thereto (Dec 18, 2008 depo of Roger McIntosh pp 191;12- 192;12

Fact:

Right after McIntosh's telephone conversation with Wu, McIntosh requested that The City send him all future City agendas so he could follow Wu's progress.

Evidence:

December 18, 2008 deposition of Roger McIntosh pp 186; 8- 188; 3 as Exhibit "M" Hassing dec.

Fact:

McIntosh's decision to sue Lotus and Northern was made when DeWalt started processing Map 6451.

Evidence:

December 18, 2008 Deposition of Roger McIntosh, 198; 12-16 as Ex "O" to Hassing Dec.

Fact:

DeWalt submitted Map 6451 to The City on November 10, 2004.

Evidence:

Para 14, Black Declaration

Para 14, Gutierrez Declaration

**CITY OF WASCO'S RESPONSE TO PLAINTIFF'S SEPARATE STATEMENT OF FACTS**

| | LACHES | |
|---|---|---|
| **NO.** | **ASSERTED UNDISPUTED MATERIAL FACTS** | |
| 29. | Plaintiff did not know of infringing activity until November or December of 2006<br><br>Decl. of Roger McIntosh, ¶15<br><br>Declaration of Jeffrey A. Travis, Exhibit"O" McIntosh Dep., Pgs. 108:8-25;109:1-22; 195:12-25; 196:1-10 | Disputed<br><br>Fact:<br><br>McIntosh's telephone conversation with Wu took place prior to Lotus's purchase of Parcel 1.<br><br>Evidence:<br><br>Para 12 of Wu declaration<br><br>Jan 28, 2009 deposition of Roger McIntosh pp 310; 24- 311; 17 as Ex "J" to Hassing dec.<br><br>Fact:<br><br>Northern contracted to purchase Parcels 1 and 3 of the Valley Rose Estates Subdivision on May 18, 2004<br><br>Evidence:<br><br>Exhibit L1 of Jeff Travis Declaration, bates stamped pages L017 and L018.<br><br>Fact:<br><br>Right after McIntosh's telephone conversation with Wu, McIntosh requested that The City send him all future City agendas so he could follow Wu's progress.<br><br>Evidence:<br><br>December 18, 2008 deposition of Roger McIntosh pp 186; 8- 188; 3 as Exhibit "M" Hassing dec. |

**CITY OF WASCO'S RESPONSE TO PLAINTIFF'S SEPARATE STATEMENT OF FACTS**

| | | | Fact; |
|---|---|---|---|
| | | | McIntosh's decision to sue Lotus and Northern was made when DeWalt started processing Map 6451. |
| | | | Evidence: |
| | | | December 18, 2008 Deposition of Roger McIntosh, 198; 12-16 as Ex "O" to Hassing Dec. |
| | | | Fact: |
| | | | DeWalt submitted Map 6451 to The City on November 10, 2004. |
| | | | Evidence: |
| | | | Para 14, Black Declaration |
| | | | Para 14, Gutierrez Declaration |
| 30. | Plaintiff brought his suit in February of 2007

Request for Judicial Notice, Exhibit "A", Complaint, filed on 7/26/2007 | | Undisputed |
| 31. | Homes were already being built on the Valley Rose subdivision when McIntosh discovered the infringement


Travis, Decl., ¶13, Exhibit "O", Pgs. 108:8-25, 109:1-22, McIntosh Dep., | | Disputed

Fact:

McIntosh's telephone conversation with Wu took place prior to Lotus's purchase of Parcel 1.

Evidence:

Para 12 of Wu declaration

Jan 28, 2009 deposition of Roger McIntosh pp 310;24- 311; 17 as Ex "J" to Hassing dec.

Fact; |

| | | |
|---|---|---|
| | | Northern contracted to purchase Parcels 1 and 3 of the Valley Rose Estates Subdivision on May 18, 2004 |
| | | Evidence: |
| | | Exhibit L1 of Jeff Travis Declaration, bates stamped pages L017 and L018. |
| | | Fact: |
| | | Right after McIntosh's telephone conversation with Wu, McIntosh requested that The City send him all future City agendas so he could follow Wu's progress. |
| | | Evidence: |
| | | December 18, 2008 deposition of Roger McIntosh pp 186; 8- 188; 3 as Exhibit "M" Hassing dec. |
| | | Fact: McIntosh's decision to sue Lotus and Northern was made when DeWalt started processing Map 6451. |
| | | Evidence: |
| | | December 18, 2008 Deposition of Roger McIntosh, 198; 12-16 as Ex "O" to Hassing Dec. |
| | | Fact; |
| | | DeWalt submitted Map 6451 to The City on November 10, 2004. |
| | | Evidence: |
| | | Para 14, Black Declaration |
| | | Para 14, Gutierrez Declaration |
| 32. | The homes were not completed on | Disputed |

**CITY OF WASCO'S RESPONSE TO PLAINTIFF'S SEPARATE STATEMENT OF FACTS**

| | | |
|---|---|---|
| the subdivision until 2007 | 21 of the 68 homes were completed by the end of 2007 |
| | Evidence: |
| See, Exhibit "3", Request for Judicial Notice, Exhibit "B", Kern County Assessor's records showing homes were completed by Northern in 2007 | Para 3, October 7, 2009 Declaration of Joe Wu, in support of Northern's Opposition to Plaintiff's Statement of Undisputed Facts. |

**INDEPENDENT CREATION**

| NO. | ASSERTED UNDISPUTED MATERIAL FACTS | |
|---|---|---|
| 33. | Northern Had Access to The 5472 Tentative Map and Plans from Wasco | Objection:<br><br>1. Vague as to time<br><br>2. Compound |
| | Travis Decl., ¶12, Exhibit "N", Dep. Of Bob Wren, 10:14-25, 11:1-6<br><br>Travis Decl., ¶10, Exhibit "I", Dep. of Joe Wu, 69:20-25; 70:1-13; 71:1-12 | 3. Pages 10, line 14- Page 11, line 6 of Bob Wren's deposition does not provide any evidence to support the alleged undisputed fact that Northern had access to map 5472 or The Plans.<br><br>4. Pages 69, line 20- Page 70, line 13 and Page 71, lines 1- 12 of Joe Wu's deposition only establishes that Wu received pump station plans and provides no evidence that he had access to map 5472 and plans, in addition to the pump station plans.<br><br>Disputed:<br><br>Prior to this lawsuit being filed, Northern, Lotus and Wu only had a copy of the landscape plans and the pump station plans.<br><br>Evidence: |

**CITY OF WASCO'S RESPONSE TO PLAINTIFF'S SEPARATE STATEMENT OF FACTS**

| | | | |
|---|---|---|---|
| | | | Paragraphs 16 and 17 of Wu Declaration. |
| | 34. | Wasco Had Access to The 5472 Tentative Map and Plans<br><br>Travis Decl., ¶10, Exhibit "S", (Tentative Map No. 5472 attached as an appendix to Developer Information Package given by Wasco to purchasing developers) | Objection, Vague as to time |
| | 35. | DeWalt Had Access to The 5472 Tentative Map and Plans<br><br>Travis Decl., ¶5, Exhibit "D", exhibit 7 attached to Gutierrez Deposition as PMK for DeWalt CM, Inc. (emails sent from Wasco to DeWalt with the 5472 improvement plans attached)<br><br>Travis Decl., ¶20, Exhibit "V" (Supplemental Response No. 2 wherein DeWalt admits it used Tentative Map No. 5472 in assisting in the preparation of Tentative Map No. 6451)<br>("TTM 5472" or, Tentative Tract Map 5472)<br><br>Travis Decl., ¶21, Exhibit "W" (Supplemental Response to Request for Admissions Nos. 1, 4 and 6 wherein DeWalt admits it requested information from the City of Wasco which may have included the 5472 Map, and it used and saw Tentative Map No. 5472 in assisting in the preparation of tentative Map No. 6451) | Objection, Vague as to time |
| | 36. | Wasco Made the 5472 Map Available to Defendants | Objection<br><br>1.  Vague as to time |

19

| | | | |
|---|---|---|---|
| | | Travis Decl., ¶12, Exhibit "N", Dep. of Bob Wren, 10:14-25; 11:1-6. | 2. Vague as to "Defendants"<br><br>3. Pages 10, line 14- Page 11, line 6 of Bob Wren's deposition does not provide any evidence to support the alleged undisputed fact that Northern had access to map 5472 or The Plans. |
| 37. | | DeWalt Admitted it Compared the 6451 Tentative Map with the 5472 Map and Plans<br><br>Travis Decl., ¶19, Exhibit "U", Dep. of Sarah Burgi. 8:2-4; 9:5-12; 12:5-12; 13:1-16.<br><br>Travis Decl., ¶18, Exhibit "T", Gutierrez Dep. As PMK for Dennis W. DeWalt, Inc.; 17:20-25; 18; 19:1-7 | Objection:  Misstates evidence<br><br>1. The citations to Sarah Burgi's deposition do not support the alleged "fact" that DeWalt compared the 6451 map with the 5472 map and plans.  Page 13 of the deposition only verifies that Josh Woodard asked Burgi for the improvement plans.  There is no indication she gave them to him and there is no indication that he asked for or received map 5472 to compare it with 6451.  In fact, Burgi's declaration, submitted in support of Northern's motion, at paragraph 6 she stated that she had, "no knowledge of any DeWalt employee using the improvement plans associated with Tentative Map 5472.<br><br>2. The citations to Jeff Gutierrez's deposition also do not support the allegation that DeWalt compared map 6451 with map 5472 and the plans.  On page 18 Gutierrez testified that they try and find out as much information about a property they are working on as possible.  He was asked if he actually researched the improvement plans in preparing map 6451.  He responded "that's a little tough for me to answer specifically".  He then explained that Greg Black was the guy who ran the project.  He said he didn't know of DeWalt having any improvement plans.  He then says that if they were provided we would have gone through them and looked at them because they were pertinent to what we were doing. (18; 6- 19;7).  He never says they had the plans or used the plans.  There |

| | | was no testimony related to the map. |
|---|---|---|

DATED:  October 21, 2009                    GCR, LLP


By: _____
    CHAKA C. OKADIGBO
    Attorneys for Defendant
    CITY OF WASCO

**CITY OF WASCO'S RESPONSE TO PLAINTIFF'S SEPARATE STATEMENT OF FACTS**

**PROOF OF SERVICE**
**(FRCP No. 5(b)(2)(E))**

I declare that I am over the age of eighteen (18) and not a party to this action.  My business address is 500 South Grand Avenue, Suite 1100, Los Angeles, California 90071.

On **October 21, 2009**, I served the following documents: **CITY OF WASCO'S RESPONSE TO PLAINTIFF'S SEPARATE STATEMENT OF FACTS** on the interested parties in this action by placing a true and correct copy of such document, enclosed in a sealed envelope, addressed as follows:

Jeffrey Travis                              Steven J. Hassing
Borton Petrini, LLP                        Law Offices of Steven J. Hassing
1600 Truxtun Ave.                          425 Calabria Court
Bakersfield, CA 93301                      Roseville, CA 95747
jtravis@bortonpetrini.com                  stevehassing@yahoo.com

William L. Alexander
Alexander & Associates
1925 G Street
Bakersfield, CA 93301
walexander@alexander-law.com

( X )         **BY MAIL**:  I am readily familiar with the business' practice for collection and processing of correspondence for mailing with the United States Postal Service.  I know that the correspondence was deposited with the United States Postal Service on the same day this declaration was executed in the ordinary course of business.  I know that the envelope was sealed and, with postage thereon fully prepaid, placed for collection and mailing on this date in the United States mail at Los Angeles, California.

( X )         **BY ELECTRONIC SERVICE:**  Pursuant to Fed. R. Civ. P. 5(b)(2)(E) and Local Court Rules(s), the foregoing document will be served by the court via CM/ECF.  Pursuant to the CM/ECF docket for this case proceeding the following person(s) are on the Electronic Mail Notice List to receive ECF transmission at the email address(es) indicated above.

( )         (State)         I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

( X )         (Federal)         I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed **October 21, 2009**, Los Angeles, California.


                                        Carolyn Dominguez