st

1  James J. Braze, Esq.; SBN 75911
   Jeffrey A. Travis, Esq.; SBN 235507
2  BORTON PETRINI, LLP
   5060 California Avenue, Suite 700
3  Post Office Box 2026
   Bakersfield, CA 93303
4  Telephone (661) 322-3051
   email: jbraze@bortonpetrini.com
5  email: jtravis@bortonpetrini.com

6  Attorneys for Plaintiff, Roger McIntosh dba McIntosh
   & Associates

7

8              UNITED STATES DISTRICT COURT

9       EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION

10

11  ROGER McINTOSH,                          Case No.  1:07-CV- 01080 LJO-GSA

12              Plaintiff,
                                             PLAINTIFF'S REPLY TO CITY OF
13  v.                                       WASCO AND NORTHERN'S
                                             RESPONSES TO PLAINTIFF'S
14  NORTHERN CALIFORNIA UNIVERSAL            SEPARATE STATEMENT OF FACTS
    ENTERPRISES COMPANY, a California
15  corporation; LOTUS DEVELOPMENTS,
    LLP; THE CITY OF WASCO, a municipal
16  corporation; DEWALT CM, INC., a California
    corporation also doing business as DEWALT
17  CORPORATION; and DOES 1 through 10,
    inclusive
18
                Defendants.
19

20  CITY OF WASCO,

21              Cross-Complaint,

22        vs.

23  NORTHERN CALIFORNIA UNIVERSAL
    ENTERPRISES COMPANY, INC.,
24
                Cross-Defendant.
25

26

27        Because, Wasco and Northern's Responses to Plaintiff's Separate Statement of

28  Undisputed Facts appear to be identical therefore, a single reply to both has been prepared.

H:\PUBLIC\054493\060971
McIntosh v.
Northern\Pleadings\MSJ -
McIntosh\REPLY\PLTF
REPLY TO WASCO &
NORTHERN RESP TO SEP
STMT.wpd

1

PLAINTIFF'S REPLY TO CITY OF WASCO & NORTHERN'S RESP TO PLAINTIFF'S SEP STMT OF FACTS

| ASSERTED UNDISPUTED MATERIAL FACTS | CITY OF WASCO AND NORTHERN'S RESPONSE | PLAINTIFF'S REPLY |
|---|---|---|
| 1. Martin-McIntosh entered into a contract with Legacy Group in 1992 to prepare a Tentative Map and Improvement plans for the Valley Rose Subdivision<br><br>Exhibit "1", Declaration of Roger McIntosh, ¶6, Exhibit "A". ("McIntosh Decl.") | Undisputed | |
| 2. Martin-McIntosh Retained ownership of their work pursuant to the contract between it and the Legacy Group<br><br>Exhibit "1", Declaration of Roger McIntosh, ¶6, Exhibit "A", (Provisions 8, 9, and 13 ) | Disputed;<br><br>The "ownership" claimed by McIntosh is ambiguous. The contract clauses cited, (8,9 and 13) make it clear that McIntosh reserved the right to use the work product and that Legacy was prohibited from using unsigned copies for any purpose and signed copies for purposes <u>other than</u> on the project for which they were created.<br><br>Evidence;<br><br>Plaintiff's Exhibit "1", Declaration of Roger McIntosh, ¶ 6, Exhibit "A", (Provisions 8, 9 and 13) | The Contract expressly provides that only Legacy was allowed to use the works and which Defendant's concede in Response to No. 7 below. (Provision 13)<br><br>The Contract also provides Legacy's use was only so long as they were not in default and no one disputes Legacy was in default.<br><br>The Project referenced in the Contract is Project No. 92-22 for the services performed in the Contract and its related addendums. (See Brown Decl., Exhibits B-F)<br><br>The 5472 Map expired. |
| 3. The City of Wasco approved the 5472 Tentative Map and Improvement Plans with conditions.<br><br>Exhibit "1", McIntosh Decl., ¶7, Exhibit "B";<br><br>Exhibit "2", Declaration of Jeffrey A. Travis, ¶4, Exhibit "C" ("Travis Decl.") (Resolution No. 05-10 by | Undisputed | |

H:\PUBLIC\054493\060971 McIntosh v. Northern\Pleadings\MSJ - McIntosh\REPLY\PLTF REPLY TO WASCO & NORTHERN RESP TO SEP STMT.wpd

1  the City of Wasco
   approving Tentative Map
2  No. 6451)

3  Exhibit "2", Declaration of
   Jeffrey A. Travis, ¶4,
4  Exhibit "R" (Deposition of
   Terry Schroepfer, 8:7281,
5  and ex. "f" attached thereto)

6  Travis Decl., Exhibit
   "P",The City of Wasco's
7  Response to Roger
   McIntosh's Request For
8  Admissions No. 1.

9  Exhibit "3", Request for
   Judicial Notice, Exhibit
10 "A", City of Wasco
   Municipal Code, §16.16 et
11 seq.

12 4. The 5472 Tentative Map          Undisputed
   expired
13

14 Travis, Decl. ¶15, Exhibit
   "R" (2/2/2000 Quad Knopf
15 Report and Letter attached
   as Exhibit 2 to Deposition
16 of Terry Schroepfer, page 2)

17 Travis, Decl.¶ 5, Exhibit
   "D" (Gutierrez Deposition,
18 Exhibit "3", page 3-002, and
   exhibit "4", provision A)
19

20 Travis, Decl. ¶ 4 ,
   Exhibit "B," Development
   Agreement, Clauses 2.17, 3,
21 4.2, 4.4.

22 5. The contract to create          Undisputed
   the 5472 Map and
23 Improvement plans was
   between Martin-McIntosh
24 and Legacy Group

25
   Exhibit "1" McIntosh,
26 Decl., ¶ 5, Exhibit"A"

27 6. Martin-McIntosh           Objection;                    The Contract provided that
   Retained ownership of their                               only Legacy was allowed
28 work pursuant to the         The evidence cited by         use of the works which

H:\PUBLIC\054493\060971
McIntosh v.
Northern\Pleadings\MSJ -
McIntosh\REPLY\PLTF
REPLY TO WASCO &
NORTHERN RESP TO SEP
STMT.wpd

3

PLAINTIFF'S REPLY TO CITY OF WASCO & NORTHERN'S RESP TO PLAINTIFF'S SEP STMT OF FACTS

| 1 | contract between it and the Legacy Group | Plaintiff does not support the alleged fact. Provision 12 of Exhibit "A" to McIntosh's declaration pertains only to soil issues, not ownership. | included the 5472 Map and plans. |

1 contract between it and the Legacy Group

2

3 Decl. of Roger McIntosh, Exhibit"A" attached thereto
4 (Provisions 12 and 13)

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Plaintiff does not support the alleged fact. Provision 12 of Exhibit "A" to McIntosh's declaration pertains only to soil issues, not ownership.

Provision 13 simply prohibits the use by Legacy of work that has not been finalized and prohibits use of final work on a different project. There is no allegation that any of McIntosh's work was used on any project other than Parcel 1 of the Valley Rose Estates Subdivision.

The terms "ownership" is not used in the contract.

Disputed;

MM allowed Legacy to sell the plans and improvements to The City under an Acquisition Agreement. MM even participated in the Acquisition by having Ronald Staub, MM's project manager, provide the engineering costs that were included in the Acquisition Agreement. Thereafter, The City paid MM over $800,000 based on the Acquisition Agreement.

Evidence;

Paras 9 and 10 of Michael Brown Declaration and Exhibit "F" thereto at pages 2 and 3.

Page 156, lines 2-22 of Dec 18, 2008 McIntosh Depo, Exhibit "U" to Hassing Declaration

Para 9, Hassing Dec and Exhibit "D" thereto (see 3:1-6 of Eugene Martin

included the 5472 Map and plans.

That MM supplied cost exhibits for the Acquisition Agreement is not in dispute.

MM was, by the terms of Contract, a consultant and an "advisor" to Legacy on all governmental relations. (Provision 7)

Although defendants assert MM was "paid" by Wasco, these alleged "payments" were all sent by Wasco "on account" of Legacy for invoices sent by MM to Legacy. (See, McIntosh Decl. in Support of Opp. to Wasco and Northern's Motions for Summary Judgment, ¶6, Exhibit "A")

Northern and Wasco admit in No. 7below that the Contract limits the use of the works to Legacy. Therefore, defendants' argument is essentially limited to the Acquisition Agreement alone.

MM was not a party to the Acquisition Agreement.

The Acquisition Agreement was signed between Legacy and Wasco for the sale of improvements and related costs. (Section 3)

The Acquisition Agreement does not provide for the sale of MM's map or plans to Wasco. Instead, it only provides that Wasco will reimburse Legacy for the improvements and costs related to installing them and for which Legacy has already paid MM. (Sections 2 and 3 and Exhibit "B")

H:\PUBLIC\054493\060971 McIntosh v. Northern\Pleadings\MSJ - McIntosh\REPLY\PLTF REPLY TO WASCO & NORTHERN RESP TO SEP STMT.wpd

4

PLAINTIFF'S REPLY TO CITY OF WASCO & NORTHERN'S RESP TO PLAINTIFF'S SEP STMT OF FACTS

| | | |
|---|---|---|
| 1 | Dec). | Exhibit "B" to the Acquisition Agreement was only produced by MM to justify the costs expended by Legacy to Wasco. |
| 2 | | |
| 3 | | |
| 4 | | The Acquisition Agreement was signed by Legacy and Wasco before Legacy was in default to MM. |
| 5 | | |
| 6 | | |
| 7 | | Wasco was unable to enter into an implied agreement with MM per the Government Code |
| 8 | | |
| 9 | | |
| 10 | 7. The copyrighted works were to be used only by the Legacy Group and only in connection with the 5472 Project | Here, Northern and Wasco admit that the Consultant Contract limits the use of the works to Legacy. Therefore, defendants' argument is confined to the Acquisition Agreement alone. |
| 11 | | |
| 12 | | |
| 13 | Decl. of Roger McIntosh, Exhibit "A" attached thereto (Provision 13) | |
| 14 | | |
| 15 | | See Responses to No. 6 above. |
| 16 | While provision 13 does state that the plans, drawings and other work are for exclusive use of Legacy, MM allowed Legacy to sell the plans and improvements to The City under an Acquisition Agreement. MM even participated in the Acquisition Agreement by having Ronald Staub, MM's project manager, provide the engineering costs that were included in the Acquisition Agreement. Thereafter, The City paid MM over $800,000 based on the Acquisition Agreement. | |
| 17 | | |
| 18 | | |
| 19 | | |
| 20 | | |
| 21 | Evidence; | |
| 22 | Paras 9 and 10 of Michael Brown Declaration and Exhibit "F" thereto at pages 2 and 3. | |
| 23 | | |
| 24 | | |
| 25 | Page 156, lines 2-22 of Dec 18, 2008 McIntosh Depo, Exhibit "U" to Hassing Declaration | |
| 26 | | |
| 27 | Para 9, Hassing Dec and Exhibit "D" thereto (see 3:1-6 of Eugene Martin | |
| 28 | | |

H:\PUBLIC\054493\060971
McIntosh v.
Northern\Pleadings\MSJ -
McIntosh\REPLY\PLTF
REPLY TO WASCO &
NORTHERN RESP TO SEP
STMT.wpd

5

PLAINTIFF'S REPLY TO CITY OF WASCO & NORTHERN'S RESP TO PLAINTIFF'S SEP STMT OF FACTS

| | | |
|---|---|---|
| 1 | Dec). | |
| 2 | 8. Wasco was never given permission by McIntosh to use the 5472 Tentative map or plans to process the 6451 Maps | Disputed; | See Responses to No. 6 above. |
| 3 | | The Acquisition Agreement incorporates the plans and specifications as improvements by reference The Acquisition Agreement then provides, "The City of Wasco shall acquire the improvements (which include the plans and specs per section 2) from the sub-divider..." | |
| 4 | | | |
| 5 | Declaration of Roger McIntosh, ¶ 8 | | |
| 6 | | | |
| 7 | Exhibit "3", Request for Judicial Notice, Exhibit "A", City of Wasco Municipal Code, §16.37.050 | | |
| 8 | | Evidence; | |
| 9 | | | |
| 10 | | Paras 9 and 10 of Michael Brown Declaration and Exhibit "F" thereto at pages 2 and 3 and section 3 on page 3. | |
| 11 | | | |
| 12 | | Fact; | |
| 13 | | | |
| 14 | | The attachments to the Acquisition clearly establish that the plans and other engineering was included within the Agreement. McIntosh testified that MM's project manager, Ronald Staub, was the person who prepared that engineering cost summary. | |
| 15 | | | |
| 16 | | | |
| 17 | | | |
| 18 | | | |
| 19 | | Evidence; | |
| 20 | | | |
| 21 | | Page 156, lines 2-22 of Dec 18, 2008 McIntosh Depo, Exhibit "U" to Hassing Declaration | |
| 22 | | | |
| 23 | | | |
| 24 | | | |
| 25 | | | |
| 26 | | | |
| 27 | | | |
| 28 | | | |

H:\PUBLIC\054493\060971
McIntosh v.
Northern\Pleadings\MSJ -
McIntosh\REPLY\PLTF
REPLY TO WASCO &
NORTHERN RESP TO SEP
STMT.wpd

6

PLAINTIFF'S REPLY TO CITY OF WASCO & NORTHERN'S RESP TO PLAINTIFF'S SEP STMT OF FACTS

| | | |
|---|---|---|
| 9.   Northern was never given permission by McIntosh to use the 5472 Tentative map or plans to process the 6451 Maps | Undisputed | |
| Declaration of Roger McIntosh, ¶ 9, and | | |
| Travis Decl., Exhibit "O", Deposition of Roger McIntosh 182 :3-25; 183:1-17. | | |
| 10.  Lotus was Never given permission by McIntosh to use the 5472 Tentative map or plans to process the 6451 Maps | Undisputed | |
| Declaration of Roger McIntosh, ¶ 9 | | |
| 11.  Dewalt was never given permission by McIntosh to use the 5472 Tentative map or plans to process the 6451 Maps | Undisputed | |
| McIntosh Decl., ¶8 | | |
| Travis Decl., ¶ 13; McIntosh Dep. 197: 6-16 | | |
| 12.  McIntosh's office told Joe Wu of Northern California Universal that he could not have the improvement plans for Tract No. 5472 because they were owned by another company

Travis Decl., Exhibit "I", Deposition of Joe Wu, person most knowledgeable for Northern and Lotus (40:14-25, 41:1-10) | Objection;

Plaintiff cites to pages 40 and 41 of Joe Wu's deposition. However, page 40 was not provided and page 41 is <u>incomplete</u> without page 40 in that the question being answered is on page 41 is contained on page 40.   Further, it is obvious that the question on missing page 40 related only to the pump plans, not all of the improvement plans. | The entire deposition was provided to the Court by Plaintiff per Local Rules.

The pump station plans are part of the improvement plans.   But the fact is undisputed, that Wu was told he could not have them and McIntosh expected to be paid for their use. |

H:\PUBLIC\054493\060971
McIntosh v.
Northern\Pleadings\MSJ -
McIntosh\REPLY\PLTF
REPLY TO WASCO &
NORTHERN RESP TO SEP
STMT.wpd

7

PLAINTIFF'S REPLY TO CITY OF WASCO & NORTHERN'S RESP TO PLAINTIFF'S SEP STMT OF FACTS

| | |
|---|---|
| Travis, ¶ 13, Exhibit "0", McIntosh Dep. pages 181-183. | Further, the citation to McIntosh's deposition, pages 181-183, does not support the "fact" that Norther could not have the improvement plans because they were owned by another company. that is a misstatement of the evidence.<br><br>Disputed;<br><br>McIntosh told Wu that he would not prepare a new tentative map for Northern unless he was paid over $800,000 for work previously done for Legacy and The City.<br><br>Evidence;<br><br>Para 12, Wu Declaration<br><br>Para 16, Hassing Declaration and Exhibit "J" thereto (Jan 28, 2009 deposition of Roger McIntosh, pp 310; 24-311; 17) |
| 13. The contract to create the 5472 Map and Improvement plans was between Martin-McIntosh and Legacy Group<br><br>Exhibit "1", McIntosh, Decl., Exhibit"A" | Undisputed |
| 14. Contract between Martin-McIntosh and Legacy Group provided that Martin-McIntosh retained ownership of the works they created, pursuant to the contract.<br><br>Decl. of Roger McIntosh, Decl., Exhibit"A" (Provisions 12 and 13) | Undisputed |

H:\PUBLIC\054493\060971
McIntosh v.
Northern\Pleadings\MSJ -
McIntosh\REPLY\PLTF
REPLY TO WASCO &
NORTHERN RESP TO SEP
STMT.wpd

8

PLAINTIFF'S REPLY TO CITY OF WASCO & NORTHERN'S RESP TO PLAINTIFF'S SEP STMT OF FACTS

| | | |
|---|---|---|
| 15.   Martin-McIntosh Retained ownership of the works created for Legacy Group<br><br>McIntosh, Decl. Exhibit "A" (Provision 13) | Disputed;<br><br>The "ownership" claimed by McIntosh is ambiguous. The contract clauses cited, (8,9 and 13) make it clear that McIntosh reserved the right to use the work product and that Legacy was prohibited from using unsigned copies for any purpose and signed copies for purposes <u>other than</u> on the project for which they were created.<br><br>Evidence;<br><br>Plaintiff's Exhibit "1", Declaration of Roger McIntosh, ¶ 6, Exhibit "A", (Provisions 8, 9 and 13) | Northern and Wasco have already admitted in their Response to No. 7 that the Contract does limit the use of the works to Legacy. |
| 16.   The 5472 map and plans were to be used only by Legacy Group in connection with the project<br><br>McIntosh, Decl., Exhibit "A" (Provision 13) | Undisputed | |
| 17.   The 5472 Tentative Map and Improvement Plans were transferred to Roger McIntosh<br><br>McIntosh, ¶ 12, Exhibit "C", provision 2(a). | Objection;<br><br>Exhibit "C" to McIntosh's Declaration is an <u>incomplete document</u>. That portion of the document which has been produced as Exhibit "C" indicated that it consists of 19 pages. Plaintiff omitted pages 4-12 and 14-17 thereof as well as the exhibits referenced therein. | This is an objection, but not disputed. Further, Northern was given access to the entire document under a stipulated protective order. If there were anything showing a lack of ownership, this could have been cited to create a dispute. |
| 18.   Wasco Never Paid McIntosh for the use of the Copyrighted Work<br><br>McIntosh Declaration , ¶ 11 | Disputed;<br><br>The City paid MM over $800,000 for its services<br><br>Evidence;<br><br>Para 9, Hassing Dec and Exh "D" thereto (Martin | See Responses to No. 6 above. |

H:\PUBLIC\054493\060971<br>McIntosh v.<br>Northern\Pleadings\MSJ -<br>McIntosh\REPLY\PLTF<br>REPLY TO WASCO &<br>NORTHERN RESP TO SEP<br>STMT.wpd

9

PLAINTIFF'S REPLY TO CITY OF WASCO & NORTHERN'S RESP TO PLAINTIFF'S SEP STMT OF FACTS

| | | |
|---|---|---|
| 1 | Declaration at 3;1-6) | |
| 2 | 19.   NCUE never paid McIntosh for use of the Copyrighted Work | Undisputed |
| 3 | | |
| 4 | | |
| | McIntosh Declaration, ¶ 11 | |
| 5 | | |
| 6 | 20.   Lotus never paid McIntosh for the use of the Copyrighted Work | Undisputed |
| 7 | | |
| 8 | McIntosh Declaration, ¶ 11 | |
| 9 | 21.   DeWalt never paid McIntosh for use of the Copyrighted Work | Undisputed |
| 10 | | |
| 11 | | |
| | McIntosh Declaration, ¶ 11 | |
| 12 | | |
| 13 | 22.   Contract between Martin-McIntosh and Legacy Group provided that Martin-McIntosh retained ownership of the 5472 map and plans | Undisputed |
| 14 | | |
| 15 | | |
| 16 | | |
| | Decl. of Roger McIntosh, Exhibit"A" | |
| 17 | | |
| 18 | 23.   The 5472 map and plans were to be used only by Legacy Group in connection with the project | Disputed;

The Contract between Legacy and MM does not <u>prohibit</u> The City from using The Plans for the specific purpose for which they were intended | See Responses to No. 6 above.

To limit the use of the works to only one party would necessarily prohibit their use to all others. |
| 19 | | |
| 20 | | |
| 21 | Decl. of Roger McIntosh, Exhibit"A" (Provision 13) | |
| 22 | | Evidence;

Paragraph 13 of The Contract between Legacy and MM specifically spells out that the plans, drawings or other work product may be used for the project described on the face hereof.   Exhibit "B" to Michael Brown Declaration | The project was the preparation of the 5472 Map and improvement plans, and related documents for the Valley Rose Estates and identified as Project No. 92-22 (See, B through E attached to the Declaration of Michael Brown) |
| 23 | | |
| 24 | | |
| 25 | | |
| 26 | | |
| 27 | | |
| 28 | | |

H:\PUBLIC\054493\060971
McIntosh v.
Northern\Pleadings\MSJ -
McIntosh\REPLY\PLTF
REPLY TO WASCO &
NORTHERN RESP TO SEP
STMT.wpd

10

PLAINTIFF'S REPLY TO CITY OF WASCO & NORTHERN'S RESP TO PLAINTIFF'S SEP STMT OF FACTS

| | | |
|---|---|---|
| 1<br>2<br>3 | 24.   The   Valley   Rose subdivision could have been re-designed   by   the developer | Undisputed |
| 4<br>5<br>6 | Travis, Decl., ¶ 8,<br>Exhibit "G", Depo. of Alan Peake, Pgs. 8:14-25; 9:1-14; 10:11-25; 11:1 | |
| 7<br>8 | Travis, Decl.,  Exhibit "E", Depo. of Larry Pennell, Pgs. 20:24-25, 21:1-21 | |
| 9<br>10 | Travis, Decl., Exhibit "F", Depo. of Keith Woodcock, Pgs. 25:2-25; 26:1-2 | |
| 11<br>12 | Travis, Decl., Exhibit "H", Plaintiffs  Expert  Depo.  of James Delmarte,  Pg. 66:5-19 | |
| 13<br>14<br>15 | Travis, Decl., Exhibit "Q", Defendants Expert Depo. of Stephen Wang, Pgs. 50:9-25;51; 52:1-20; 54:8-25; 55; 56:1-5 | |
| 16 | McIntosh, Decl., ¶ 13 | |
| 17<br>18<br>19 | 25.  Northern Entered into a contract   to   prepare   the tentative map in September of 2004 | Undisputed |
| 20<br>21<br>22 | Travis,   ¶   5,   Exhibit "D"(Deposition   of   Jeffrey Gutierrez, 31:1-11, Exhibit "4"). | |
| 23<br>24<br>25 | Travis Decl., ¶18, Exhibit "T", (Invoices for preparing map No. 6451 attached as exhibit 5 to deposition of Jeff Gutierrez) | |
| 26<br>27<br>28 | 26. McIntosh was unaware of  the  contract  between NCUE   and   Dewalt   in September of 2004 | Disputed;<br><br>Fact;<br><br>McIntosh's   telephone conversation with Wu took | We agree that the telephone conversation took place before   Lotus'   purchase which means there is no way that McIntosh could have   been   aware   of   a |

H:\PUBLIC\054493\060971<br>McIntosh v.<br>Northern\Pleadings\MSJ -<br>McIntosh\REPLY\PLTF<br>REPLY TO WASCO &<br>NORTHERN RESP TO SEP<br>STMT.wpd

11

PLAINTIFF'S REPLY TO CITY OF WASCO & NORTHERN'S RESP TO PLAINTIFF'S SEP STMT OF FACTS

| | | | |
|---|---|---|---|
| 1 | McIntosh Decl., ¶ 15 | place prior to Lotus' purchase of Parcel 1. | contract that did not exist. |
| 2 | | | According to DeWalt's invoices, the Contract between Northern and DeWalt was September of 2004 |
| 3 | | Evidence; | |
| 4 | | Para 12 of Wu declaration | |
| 5 | | Jan 28, 2009 deposition of Roger McIntosh pp 310; 24-311; 17 as Exh. "J" to Hassing dec. | McIntosh did request all agendas but Northern never provides them to show that this would have given McIntosh knowledge of infringement. |
| 6 | | | |
| 7 | | Fact; | |
| 8 | | Northern contracted to purchase Parcels 1 and 3 of the Valley Rose Estates Subdivision on May 18, 2004 | All agendas from 2004 until 2006 which mention Valley Rose have been pulled from Wasco's website. The first one that McIntosh testified hinted at a potentially infringing map is in August 15, 2006. (See, Request for Judicial Notice by Plaintiff, City of Wasco City Council Agendas from 2004 until 2006, Exhibit "A" attached to this Reply) |
| 9 | | | |
| 10 | | | |
| 11 | | Evidence; | |
| 12 | | Exhibit L1 of Jeff Travis Declaration, bates stamped pages L017 and L018. | |
| 13 | | | |
| 14 | | Fact; | |
| 15 | | Right after McIntosh's telephone conversation with Wu, McIntosh requested that The City send him all future City agendas so he could follow Wu's progress. | None of the agendas show what type of map or plans were being prepared. |
| 16 | | | |
| 17 | | | |
| 18 | | | |
| 19 | | Evidence; | |
| 20 | | December 18, 2008 deposition of Roger McIntosh pp 186; 8-188;3 as Exhibit "M" Hassing dec. | |
| 21 | | | |
| 22 | | Fact; | |
| 23 | | McIntosh's decision to sue Lotus and Northern was made when DeWalt started processing Map 6451. | |
| 24 | | | |
| 25 | | | |
| 26 | | Evidence; | |
| 27 | | December 18, 2008 deposition of Roger McIntosh, 198;12-16 as Exh. "O" to Hassing Dec. | |
| 28 | | | |

H:\PUBLIC\054493\060971
McIntosh v.
Northern\Pleadings\MSJ -
McIntosh\REPLY\PLTF
REPLY TO WASCO &
NORTHERN RESP TO SEP
STMT.wpd

12
PLAINTIFF'S REPLY TO CITY OF WASCO & NORTHERN'S RESP TO PLAINTIFF'S SEP STMT OF FACTS

| | | |
|---|---|---|
| | Fact; | |
| | DeWalt submitted Map 6451 to The City on November 10, 2004. | |
| | Evidence; | |
| | Para 14, Black Declaration | |
| | Para 14, Gutierrez Declaration | |
| 27. McIntosh filed his claim in February of 2007 | Undisputed | |
| Request for Judicial Notice, Exhibit "C", Copyright Registration Filed in 2/2007 and Complaint, filed in 7/2007. | | |
| 28. McIntosh only became aware of the use of his improvement plans and the probability of his map being copied in 2006 | Disputed; | See Responses to No. 26 above. |
| | Fact; | |
| | McIntosh's telephone conversation with Wu took place prior to Lotus' purchase of Parcel 1. | |
| Travis, Decl., ¶13, Exhibit "O", Pgs. 108:8-25, 109:1-22, McIntosh Dep., | Evidence; | |
| | Para 12 of Wu declaration | |
| | Jan 28, 2009 deposition of Roger McIntosh pp 310; 24-311; 17 as Exh. "J" to Hassing dec. | |
| | Fact; | |
| | Northern contracted to purchase Parcels 1 and 3 of the Valley Rose Estates Subdivision on May 18, 2004 | |
| | Evidence; | |
| | Exhibit L1 of Jeff Travis Declaration, bates stamped pages L017 and L018. | |

H:\PUBLIC\054493\060971
McIntosh v.
Northern\Pleadings\MSJ -
McIntosh\REPLY\PLTF
REPLY TO WASCO &
NORTHERN RESP TO SEP
STMT.wpd

13

PLAINTIFF'S REPLY TO CITY OF WASCO & NORTHERN'S RESP TO PLAINTIFF'S SEP STMT OF FACTS

1    Fact;

2    McIntosh believed that if
     Wu used a different
3    engineer, one besides
     McIntosh, that Wu would
4    be infringing and that
     McIntosh could sue
5
     Evidence;
6
     Para 20, Hassing Dec and
7    Exh. "N" thereto
     (Dec 18, 2008 depo of
8    Roger McIntosh pp. 191;12-
     192;12)
9
     Fact;
10
     Right after McIntosh's
11   telephone conversation with
     Wu, McIntosh requested
12   that The City send him all
     future City agendas so he
13   could follow Wu's progress.

14   Evidence;

15   December 18, 2008
     deposition of Roger
16   McIntosh pp 186; 8-188;3
     as Exhibit "M" Hassing dec.
17
     Fact;
18
     McIntosh's decision to sue
19   Lotus and Northern was
     made when DeWalt started
20   processing Map 6451.

21   Evidence;

22   December 18, 2008
     deposition of Roger
23   McIntosh, 198;12-16 as
     Exh. "O" to Hassing Dec.
24
     Fact;
25
     DeWalt submitted Map
26   6451 to The City on
     November 10, 2004.
27
     Evidence;
28

H:\PUBLIC\054493\060971
McIntosh v.
Northern\Pleadings\MSJ -
McIntosh\REPLY\PLTF
REPLY TO WASCO &
NORTHERN RESP TO SEP
STMT.wpd

14

PLAINTIFF'S REPLY TO CITY OF WASCO & NORTHERN'S RESP TO PLAINTIFF'S SEP STMT OF FACTS

| | | | |
|---|---|---|---|
| 1 | | Para 14, Black Declaration | |
| 2 | | Para 14, Gutierrez Declaration | |
| 3 | | | |
| 4 | 29. Plaintiff did not know of infringing activity until November or December of 2006 | Disputed; | See Responses to No. 26 above. |
| 5 | | Fact; | |
| 6 | | McIntosh's telephone conversation with Wu took place prior to Lotus' purchase of Parcel 1. | |
| 7 | Decl. of Roger McIntosh, ¶15 | | |
| 8 | Declaration of Jeffrey A. Travis, Exhibit"O" | Evidence; | |
| 9 | McIntosh Dep., Pgs. 108:8-25;109:1-22; 195:12-25; 196:1-10 | Para 12 of Wu declaration | |
| 10 | | Jan 28, 2009 deposition of Roger McIntosh pp 310; 24-311; 17 as Exh. "J" to Hassing dec. | |
| 11 | | | |
| 12 | | Fact; | |
| 13 | | | |
| 14 | | Northern contracted to purchase Parcels 1 and 3 of the Valley Rose Estates Subdivision on May 18, 2004 | |
| 15 | | | |
| 16 | | Evidence; | |
| 17 | | | |
| 18 | | Exhibit L1 of Jeff Travis Declaration, bates stamped pages L017 and L018. | |
| 19 | | | |
| 20 | | Fact; | |
| 21 | | Right after McIntosh's telephone conversation with Wu, McIntosh requested that The City send him all future City agendas so he could follow Wu's progress. | |
| 22 | | | |
| 23 | | | |
| 24 | | Evidence; | |
| 25 | | December 18, 2008 deposition of Roger McIntosh pp 186; 8-188;3 as Exhibit "M" Hassing dec. | |
| 26 | | | |
| 27 | | Fact; | |
| 28 | | | |

H:\PUBLIC\054493\060971
McIntosh v.
Northern\Pleadings\MSJ -
McIntosh\REPLY\PLTF
REPLY TO WASCO &
NORTHERN RESP TO SEP
STMT.wpd

15

PLAINTIFF'S REPLY TO CITY OF WASCO & NORTHERN'S RESP TO PLAINTIFF'S SEP STMT OF FACTS

| | | |
|---|---|---|
| 1 | | McIntosh's decision to sue Lotus and Northern was made when DeWalt started processing Map 6451. |
| 2 | | |
| 3 | | |
| 4 | | Evidence; |
| 5 | | December 18, 2008 deposition of Roger McIntosh, 198;12-16 as Exh. "O" to Hassing Dec. |
| 6 | | |
| 7 | | Fact; |
| 8 | | DeWalt submitted Map 6451 to The City on November 10, 2004. |
| 9 | | |
| 10 | | Evidence; |
| 11 | | Para 14, Black Declaration |
| 12 | | Para 14, Gutierrez Declaration |
| 13 | 30. Plaintiff brought his suit in February of 2007 | Undisputed |
| 14 | | |
| 15 | | |
| 16 | Request for Judicial Notice, Exhibit "A", Complaint, filed on 7/26/2007 | |
| 17 | | |
| 18 | 31. Homes were already being built on the Valley Rose subdivision when McIntosh discovered the infringement | Disputed; | See Responses to No. 26 above. |
| 19 | | Fact; |
| 20 | | McIntosh's telephone conversation with Wu took place prior to Lotus' purchase of Parcel 1. |
| 21 | Travis, Decl., ¶13, Exhibit "O", Pgs. 108:8-25, 109:1-22, McIntosh Dep., | |
| 22 | | Evidence; |
| 23 | | Para 12 of Wu declaration |
| 24 | | Jan 28, 2009 deposition of Roger McIntosh pp 310; 24-311; 17 as Exh. "J" to Hassing dec. |
| 25 | | |
| 26 | | Fact; |
| 27 | | |
| 28 | | Northern contracted to purchase Parcels 1 and 3 of |

H:\PUBLIC\054493\060971
McIntosh v.
Northern\Pleadings\MSJ -
McIntosh\REPLY PLTF
REPLY TO WASCO &
NORTHERN RESP TO SEP
STMT.wpd

16

PLAINTIFF'S REPLY TO CITY OF WASCO & NORTHERN'S RESP TO PLAINTIFF'S SEP STMT OF FACTS

| | | |
|---|---|---|
| 1 | | the Valley Rose Estates Subdivision on May 18, 2004 |
| 2 | | |
| 3 | | Evidence; |
| 4 | | Exhibit L1 of Jeff Travis Declaration, bates stamped pages L017 and L018. |
| 5 | | |
| 6 | | Fact; |
| 7 | | Right after McIntosh's telephone conversation with Wu, McIntosh requested that The City send him all future City agendas so he could follow Wu's progress. |
| 8 | | |
| 9 | | |
| 10 | | |
| 11 | | Evidence; |
| 12 | | December 18, 2008 deposition of Roger McIntosh pp 186; 8-188;3 as Exhibit "M" Hassing dec. |
| 13 | | |
| 14 | | Fact; |
| 15 | | McIntosh's decision to sue Lotus and Northern was made when DeWalt started processing Map 6451. |
| 16 | | |
| 17 | | |
| 18 | | Evidence; |
| 19 | | December 18, 2008 deposition of Roger McIntosh, 198;12-16 as Exh. "O" to Hassing Dec. |
| 20 | | |
| 21 | | Fact; |
| 22 | | DeWalt submitted Map 6451 to The City on November 10, 2004. |
| 23 | | |
| 24 | | Evidence; |
| 25 | | Para 14, Black Declaration |
| 26 | | Para 14, Gutierrez Declaration |
| 27 | | |
| 28 | 32. The homes were not completed on the | Disputed; | The essential fact is not in dispute which is that |

H:\PUBLIC\054493\060971
McIntosh v.
Northern\Pleadings\MSJ -
McIntosh\REPLY\PLTF
REPLY TO WASCO &
NORTHERN RESP TO SEP
STMT.wpd

17

PLAINTIFF'S REPLY TO CITY OF WASCO & NORTHERN'S RESP TO PLAINTIFF'S SEP STMT OF FACTS

| 1 | subdivision until 2007 | 21 of the 68 homes were completed by the end of 2007 | Northern had already purchased the subdivision, and engaged in the mapping and building process before McIntosh knew of infringement. |
|---|---|---|---|
| 2 | See, Exhibit "3", Request for Judicial Notice, Exhibit "B", Kern County Assessor's records showing homes were completed by Northern in 2007 | Evidence; | |
| 3 | | | |
| 4 | | Para 3, October 7, 2009 Declaration of Joe Wu, in support of Northern's Opposition to Plaintiff's Statement of Undisputed Facts. | |
| 5 | | | |
| 6 | | | |
| 7 | | | |
| 8 | 33. Northern Had Access to The 5472 Tentative Map and Plans from Wasco | Objection; | The deposition of Bob Wren demonstrated that Northern had the opportunity to view the map and plans since Wasco made them available to anyone that wanted them. |
| 9 | | 1. Vague as to time | |
| 10 | Travis Decl., ¶12, Exhibit "N", Dep. of Bob Wren, 10:14-25, 11:1-6 | 2. Compound | |
| 11 | | 3. Pages 10, line 14-Page 11, line 6 of Bob Wren's deposition does not provide any evidence to support the alleged undisputed fact that Northern had access to map 5472 or The Plans. | Northern, pursuant to a Rule 26 disclosure, delivered to Plaintiff a "Developer Information Package" given to prospective purchasers of the Valley Rose subdivision with the 5472 Map attached. Northern does not dispute this in No. 34 below. |
| 12 | Travis Decl., ¶10, Exhibit "I", Dep. of Joe Wu, 69:20-25; 70:1-13; 71:1-12 | | |
| 13 | | | |
| 14 | | 4. Pages 69, line 20-Page 70, line 13 and Page 71, lines 1-12 of Joe Wu's deposition only establishes that Wu received pump station plans and provides no evidence that he had access to map 5472 and plans, in addition to pump station plans. | |
| 15 | | | |
| 16 | | | |
| 17 | | | |
| 18 | | | |
| 19 | | | |
| 20 | | Disputed; | |
| 21 | | Prior to this lawsuit being filed, Northern, Lotus and Wu only had a copy of the landscape plans and the pump station plans. | |
| 22 | | | |
| 23 | | | |
| 24 | | Evidence; | |
| 25 | | Paragraphs 16 and 17 of Wu Declaration. | |
| 26 | | | |
| 27 | 34. Wasco Had Access to The 5472 Tentative Map and Plans | Objection, Vague as to time | |
| 28 | | | |

H:\PUBLIC\054493\060971
McIntosh v.
Northern\Pleadings\MSJ -
McIntosh\REPLY\PLTF
REPLY TO WASCO &
NORTHERN RESP TO SEP
STMT.wpd

18

PLAINTIFF'S REPLY TO CITY OF WASCO & NORTHERN'S RESP TO PLAINTIFF'S SEP STMT OF FACTS

| | | |
|---|---|---|
| Travis Decl., ¶10, Exhibit "S", (Tentative Map No. 5472 attached as an appendix to Developer Information Package given by Wasco to purchasing developers) | | |
| 35.  DeWalt Had Access to The 5472 Tentative Map and Plans | Objection, Vague as to time | |
| Travis Decl., ¶5, Exhibit "D," exhibit 7 attached to Gutierrez Deposition as PMK for DeWalt CM, Inc. (emails sent from Wasco to DeWalt with the 5472 improvement plans attached) | | |
| Travis Decl., ¶20, Exhibit "V" (Supplemental Response No. 2 wherein DeWalt admits it used Tentative Map No. 5472 in assisting in the preparation of Tentative Map No. 6451) ("TTM 5472" or, Tentative Tract Map 5472) | | |
| Travis Decl., ¶21, Exhibit "W" (Supplemental Response to Request for Admissions Nos. 1, 4, and 6 wherein DeWalt admits it requested information from the City of Wasco which may have included the 5472 Map, and it used and saw Tentative Map No. 5472 in assisting in the preparation of Tentative Map No. 6451) | | |
| 36.  Wasco Made the 5472 Map Available to Defendants | Objection;  1. Vague as to time  2. Vague as to "Defendants"  3. Pages 10, line 14-Page 11, line 6 of Bob Wren's deposition does not provide | See Responses to No. 33 above. |
| Travis Decl., ¶12, Exhibit "N", Dep. of Bob Wren, 10:14-25; 11:1-6. | | |

H:\PUBLIC\054493\060971
McIntosh v.
Northern\Pleadings\MSJ -
McIntosh\REPLY\PLTF
REPLY TO WASCO &
NORTHERN RESP TO SEP
STMT.wpd

19

PLAINTIFF'S REPLY TO CITY OF WASCO & NORTHERN'S RESP TO PLAINTIFF'S SEP STMT OF FACTS

1

2

3

4   37.   DeWalt Admitted it Compared the 6451 Tentative Map with the 5472 Map and Plans

5

6

7   Travis Decl. ¶19, Exhibit "U," Dep. of Sarah Burgi. 8:2-4;  9:5-12;  12:5-12; 13:1-16.

8

9   Travis Decl., ¶18, Exhibit "T", Gutierrez Dep. as PMK for Dennis W. DeWalt, Inc.; 17:20-25; 18; 19:1-7

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

any evidence to support the alleged undisputed fact that Northern had access to map 5472 or The Plans.

Objection;  Misstates evidence

1. The citations to Sarah Burgi's deposition do not support the alleged "fact" that DeWalt compared the 6451 map with the 5472 map and plans. Page 13 of the deposition only verifies that Josh Woodard asked Burgi for the improvement plans.   There is no indication she gave them to him and there is no indication that he asked for or received map 5472 to compare it with 6451.  In fact, Burgi's declaration, submitted in support of Northern's motion, at paragraph 6 she stated that she had, "no knowledge of any DeWalt employee using the improvement plans associated with Tentative map 5472.

2.   The citations to Jeff Gutierrez's deposition also do not support the allegation that DeWalt compared map 6451 with map 5472 and the plans. On page 18 Gutierrez testified that they try and find out as much information about a property they are working on as possible.   He was asked if he actually researched the improvement plans in preparing map 6451. He responded "that's a little tough for me to answer specifically".   He then explained that Greg Black was the guy who ran the project.  he said he didn't know of DeWalt

Sarah Burgi's deposition was an admission by her that the one person who actually drafted the 6451 Map (Josh Woodard) asked to see the 5472 Improvement plans.

These improvement plans show the 5472 Tentative Map. (See, Declaration of Jeffrey A. Travis in Support of Plaintiff's Opposition to Wasco and Northern's Motions for Summary Judgment, ¶¶4-5, Exhibits "A" and "B")

Sarah Burgi has no personal knowledge of whether the 5472 Map or plans were actually used to fill in missing information.

Greg Black, the supervising project engineer also admitted in deposition that he was unaware of how information in the 6451 Map was filled in. (Black Dep., 24:6-11 and 26:1-8)

In his deposition, Jeff Gutierrez spoke generally about the process for preparing maps but admitted he knew nothing personally about the details of the preparation of the 6451 Map other than that it was compared with the 5472 Map. (Gutierrez Dep., Nov. 24, 2008, 15:12-18; 16:6-13)

DeWalt does admit it asked for all documents from the City of Wasco "which would reveal pertinent

H:\PUBLIC\054493\060971 McIntosh v. Northern\Pleadings\MSJ - McIntosh\REPLY\PLTF REPLY TO WASCO & NORTHERN RESP TO SEP STMT.wpd

20

PLAINTIFF'S REPLY TO CITY OF WASCO & NORTHERN'S RESP TO PLAINTIFF'S SEP STMT OF FACTS

having any improvement plans. he then says that if they were provided we would have gone through them and looked at them because they were pertinent to what we were doing. (18;6-19;7). He never says they had the plans or used the plans. There was no testimony related to the map.

information" about the subdivision. (Response to Request for Admission No. 1, Exhibit "W" attached to Travis Decl.)

DeWalt also admits that it saw and reviewed the 5472 Map before preparing the 6451 Map; (Id., Response Nos. 4 and 6.)

DeWalt admits it used the 5472 Map to assist it in preparing the 6451 Map; (Id., Response No. 2.)

DATED:   October 28, 2009

BORTON PETRINI, LLP

By: ___ /s/ Jeffrey A. Travis _____
       Jeffrey A. Travis, Attorney for Plaintiff,
       Roger McIntosh dba McIntosh & Associates

H:\PUBLIC\054493\060971
McIntosh v.
Northern\Pleadings\MSJ -
McIntosh\REPLY\PLTF
REPLY TO WASCO &
NORTHERN RESP TO SEP
STMT.wpd

21

PLAINTIFF'S REPLY TO CITY OF WASCO & NORTHERN'S RESP TO PLAINTIFF'S SEP STMT OF FACTS

**PROOF OF SERVICE**
**(FRCP No. 5(b)(2)(E))**

**STATE OF CALIFORNIA,  COUNTY OF KERN**

I, Vanessa J. Claridge, declare:

I am a citizen of the United States. I am employed in the County of Kern, State of California. I am over the age of 18 and not a party to the within action; my business address is 5060 California Avenue, Suite 700, Bakersfield, California 93309.

On **October 28, 2009**, I served the foregoing document described as **PLAINTIFF'S REPLY TO CITY OF WASCO AND NORTHERN'S RESPONSE TO PLAINTIFF'S SEPARATE STATEMENT OF FACTS** on the other party(ies) in this action as follows:

| | |
|---|---|
| Steven John Hassing, Esq. | Attorneys for Attorneys for Defendants, |
| Law Offices of Steven J. Hassing | Northern California Universal Enterprises |
| 425 Calabria Court | Company and Lotus Developments |
| Roseville, CA 95747 | Tel:    916/677-1776 |
| email address: **stevehassing@yahoo.com** | **Fax:  916/677-1770** |
| | |
| Chaka Okadigbo | Attorneys for Defendant, City of Wasco |
| **GCR, LLP** | |
| 520 S. Grand Ave,  Suite 695 | Tel: 213/347-0210 |
| Los Angeles, CA 90071 | **Fax: 213-347-0216** |
| email address: **cokadigbo@gcrlegal.com** | |
| | |
| William L. Alexander, Esq. | Attorneys for Defendant, DeWalt CM, Inc. |
| Alexander & Associates | |
| 1925 "G" Street | Tel: 661/316-7888 |
| Bakersfield, CA 93301 | **Fax: 661/316-7890** |
| email address: **walexander@alexander-law.com** | |

X    **BY ELECTRONIC SERVICE:**  Pursuant to Fed. R. Civ. P. 5(b)(2)(E) and Local Court Rule(s), the foregoing document will be served by the court via CM/ECF.  Pursuant to the CM/ECF docket for this case proceeding the following person(s) are on the Electronic Mail Notice List to receive ECF transmission at the email address(es) indicated below:

X    **BY MAIL:**   As follows:  I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at , California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

Executed on **October 28, 2009**, at Bakersfield, California.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

_____               _____
Vanessa J. Claridge                                   /s/ Vanessa J. Claridge

H:\PUBLIC\054493\060971
McIntosh v.
Northern\Pleadings\MSJ -
McIntosh\REPLY\PLTF
REPLY TO WASCO &
NORTHERN RESP TO SEP
STMT.wpd

PLAINTIFF'S REPLY TO CITY OF WASCO & NORTHERN'S RESP TO PLAINTIFF'S SEP STMT OF FACTS