Steven J. Hassing
California SBN 152125
LAW OFFICES OF STEVEN J. HASSING
425 Calabria Court
Roseville, CA  95747
Telephone:  (916) 677-1776
Facsimile:   (916) 677-1770

Attorney *for Defendants, Northern California Universal Enterprise Company and Lotus Developments*

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROGER MCINTOSH,<br><br>                              Plaintiff(s);<br>v.<br><br>NORTHERN CALIFORNIA UNIVERSAL ENTERPRISES COMPANY,  a California corporation; LOTUS DEVELOPMENTS, LLP; THE CITY OF WASCO, a municipal corporation; DEWALT CM, INC., a California corporation also doing business as DEWALT CORPORATION; DENNIS W. DEWALT, INC., a California Corporation also doing business as DEWALT CORPORATION; and DOES 1 through 10, inclusive,,<br><br>                              Defendant(s). | No.  1:07-CV-01080-LJO-GSA<br><br>**NORTHERN'S AND LOTUS'S ANSWER TO THIRD AMENDED COMPLAINT AND**<br><br>**CROSS-CLAIM AGAINST DENNIS W. DEWALT, INC. AND CITY OF WASCO** |

Comes now defendants, Northern California Universal Enterprises Company, Inc. and Lotus Developments, LP and in response to Plaintiff's Third Amended Complaint answer as follows;

///

///

# I
# ANSWER

1. Defendants deny that they "created" a subdivision or that they employed the embodiment of Plaintiff's designs. Defendants further deny that they have infringed on any real or claimed copyright belonging to Plaintiff or that the subdivision "design" is subject to copyright protection.

2. Defendants admit the allegations of paragraph 2.

3. Defendants admit the allegations of paragraph 3.

4. Defendants admit the allegations of paragraph 4.

5. Defendants admit the allegation of paragraph 5.

6. Defendants deny the allegations of paragraph 6.

7. Defendants admit that the Legacy Group was a land development company originally involved in the development of the subject property but deny that it no longer exists.

8. Defendants admit the allegations of paragraph 8.

9. Defendants admit the allegations of paragraph 9.

10. Defendants admit the allegations of paragraph 10.

11. Defendants admit the allegations of paragraph 11.

12. Defendants admit that Roger McIntosh bought out his partner in 1999 but deny that the Martin-McIntosh copyright interest in plans or maps associated with Tract 5472 was transferred to Roger McIntosh.

13. Defendants admit the allegations of paragraph 13.

14. Defendants admit the allegations of paragraph 14.

15. Defendants admit the allegations of paragraph 15.

16. Defendants admit the allegations of paragraph 16.

17. The terms of the McIntosh-Legacy contract speak for themselves.

18. The terms of the McIntosh-Legacy contract speak for themselves.

19. The terms of the McIntosh-Legacy contract speak for themselves.

20. Defendants do not possess information sufficient to know if the allegations of paragraph 20 are true or false and therefore deny same.

21. Defendants deny the allegations of paragraph 21.

22. Defendant's admit the allegation of paragraph 22.

23. Defendants do not possess information sufficient to know if the allegations of paragraph 23 are true or false and therefore deny same.

24. Defendants deny the allegations of paragraph 24.

25. Defendants deny the allegations of paragraph 25.

26. Defendants admit the allegations of paragraph 26.

27. Defendants admit the allegations of paragraph 27.

28. Defendants admit that the City of Wasco purchased the subdivision at a tax sale but do not possess information sufficient to know if the remaining allegations of paragraph 28 are true or false and therefore deny same.

29. Defendants admit that in December of 2004 Lotus purchased the subdivision but deny that Northern California Universal Enterprise Company was a purchaser.

30. Defendants deny that there was contact between Mr. Wu and McIntosh in late 2005 or early 2006 and deny that Mr. Wu asked Mr. McIntosh if Mr. Wu could "use the Plans" or that Mr. McIntosh requested that Mr. Wu pay for the Plans.

31. Defendants admit building homes in the subdivision but deny the allegations of paragraph 31.

32. Defendants do not possess information sufficient to know if the allegations of paragraph 32 are true or false and therefore deny same.

33. Defendants deny that they constructed the subdivision and therefore deny the remaining allegations of paragraph 33.

34. Defendants deny that they constructed the subdivision and therefore deny the remaining allegations of paragraph 34.

35. Defendants deny the allegations of paragraph 35.

36. Defendants admit having obtained a copy of pump station and landscape plans from the City of Wasco and admit that they have not paid McIntosh for use of the plans but deny the remaining allegations of paragraph 36.

## FIRST CAUSE OF ACTION
### Copyright Infringement of Technical Drawings

37. Defendants incorporate their answers set forth in paragraphs 1-36.

38. Defendants do not possess information sufficient to know if the allegations of paragraph 38 are true or false and therefore deny same.

39. Defendants deny that they copied Plaintiff's plans and deny the remaining allegations of paragraph 39.

40. Defendants deny the allegations of paragraph 40.

## SECOND CAUSE OF ACTION
### Contributory Copyright Infringement of Technical Drawings

41. Defendants incorporate their responses to paragraphs 1-40.

42. The allegations of paragraph 42 are vague and ambiguous and these answering Defendants cannot ascertain what is meant by "controlled" or development" in the context used and on that basis the allegations are denied.

43. Defendants admit that the City of Wasco obtained a direct financial benefit from the construction of the Valley Rose Estates subdivision but deny that there was any unlawful use of plans drawn by McIntosh.

44. Defendants deny the allegations of paragraph 44.

45. Defendants deny the allegations of paragraph 45.

46. Defendants deny the allegations of paragraph 46.

## II
## SEPARATE AFFIRMATIVE DEFENSES

Defendants, and each of them, hereby assert the following affirmative defenses.

### FIRST AFFIRMATIVE DEFENSE

47. The TAC and each cause of action alleged therein fails to state a claim upon which relief can be granted. Plaintiff's TAC further fails to state facts sufficient to support injunctive relief or an award of attorney's fees.

### SECOND AFFIRMATIVE DEFENSE

48. The claims of the Plaintiff in the TAC are barred by the equitable doctrine of Unclean Hands.

### THIRD AFFIRMATIVE DEFENSE

49. At all relevant times and places mentioned in the Plaintiff's TAC herein, plaintiff failed to mitigate the amount of damages, if any. The damages claimed by Plaintiff could have been mitigated by due diligence on its part or by acting reasonable under similar

circumstances. The failure of the Plaintiff to mitigate damages is a bar to recovery under the TAC.

**FOURTH AFFIRMATIVE DEFENSE**

50. The claims of the Plaintiff in the TAC are barred by the doctrine of Fair Use.

**FIFTH AFFIRMATIVE DEFENSE**

51. The claims of the Plaintiff in the TAC are barred by the equitable doctrines of Estoppel and Acquiescence.

**SIXTH AFFIRMATIVE DEFENSE**

52. The claims of the Plaintiff in the TAC for statutory damages and attorney's fees under 17 U.S.C. §504 are barred because copyright registration was not made within three months after the first publication of the allegedly infringing works as required by 17 U.S.C. §412.

**SEVENTH AFFIRMATIVE DEFENSE**

53. The claims of the Plaintiff in the TAC are barred by the doctrine of Consent. The Plaintiff and its predecessors in interest consented to the use of the plans for construction of the subdivision improvements which now exist within the subdivision and which Defendant purchased from the City of Wasco.

**EIGHTH AFFIRMATIVE DEFENSE**

54. At the time of Defendants' purchase from the City of Wasco the subdivision had already been constructed by Legacy. Northern hired DeWalt Engineering to prepare new and different tentative and final maps based upon a new survey of what had already been constructed.

///

### NINTH AFFIRMATIVE DEFENSE

55.     Plaintiff has suffered no damage.

### TENTH AFFIRMATIVE DEFENSE

56.     Plaintiff sustained no damage caused by Defendants.  Any damages sustained by Plaintiff were caused by others against whom Defendants have equitable indemnity rights.

### ELEVENTH AFFIRMATIVE DEFENSE

57.     Plaintiff intended that its improvement plans would be used for the construction of the improvements now existing within the subdivision.

### TWELFTH AFFIRMATIVE DEFENSE

58.     When the unprotectable elements are filtered from Defendant's Tentative Map 6451 there is no substantial similarity to Plaintiff's Tentative Map 5274.

### THIRTEENTH AFFIRMATIVE DEFENSE

59.     In supervising the construction of subdivision improvements based upon Plaintiffs plans with the knowledge and intent that the improvements would ultimately be accepted and owned by the City of Wasco, Plaintiff placed the plans and map into the public domain with no copyright protection.

### FOURTEENTH AFFIRMATIVE DEFENSE

60.     If Plaintiff were to receive any of the relief requested by his TAC he would be unjustly enriched because Plaintiff has already been paid in full for the Tentative Map and plans.

///

///

### FIFTHEENTH AFFIRMATIVE DEFENSE

61. The improvements constructed in accordance with Martin-McIntosh plans and specifications by Legacy Group in 1993 and 1994 under the supervision of Martin-McIntosh, were owned by Lotus at the time Northern and Lotus obtained Final Map Approval.

### PRAYER FOR RELIEF

WHEREFORE, Defendants respectfully request the following relief:

1. For dismissal of the Plaintiffs' action with prejudice and a judgment in favor of Defendants denying all relief requested by Plaintiff in this action;

2. For an award of Defendant's costs of suit;

3. For an award of attorneys fees as allowed by law; and

4. For such further and other relief and the Court deems fair and just.

### III
### CROSS-CLAIM AGAINST DENNIS W. DEWALT, INC AND CITY OF WASCO
### Equitable Indemnity – Implied Contractual Indemnity-Declaratory Relief

**Procedural History**

Defendants/Cross-Defendants, Northern California Universal Enterprise Company, (**"Northern"**)**,** and Lotus Developments, L.P., (**"Lotus"**)**,** now as Cross-Claimants, allege the following;

1. On July 26, 2007, Plaintiff filed a <u>Complaint</u> against Northern and Lotus seeking damages for alleged copyright infringement.

2. On June 12, 2008, Plaintiff filed a <u>First Amended Complaint,</u> adding City of Wasco as a defendant against whom he sought damages for copyright infringement and contributory infringement.

3.      On February 9, 2009, Plaintiff filed his <u>Second Amended Complaint</u>, adding DeWalt CM, Inc. as a copyright infringement defendant.  DeWalt CM, Inc. was dismissed on June 25, 2009.

4.      On April 23, 2009, Plaintiff filed his <u>Third Amended Complaint</u>, adding Dennis W. DeWalt, Inc., **("DeWalt"),** as a copyright infringement defendant.

5.      On July 21, 2008, City of Wasco filed a <u>Cross-Complaint</u> against Northern seeking contractual indemnity.

6.      On November 18, 2008, City of Wasco filed a <u>First Amended Cross-Complaint</u> making Lotus an additional cross-defendant from which Wasco also sought contractual indemnity.

7.      On May 21, 2009, City of Wasco filed its <u>Second Amended Cross-Complaint</u> against Northern for contractual indemnity.

**Jurisdiction and Venue**

8.      This is a copyright infringement case and this Court has jurisdiction over the claims asserted in the TAC pursuant to 28 U.S.C. Section 1331, 1338(a) and 1367.  Venue is proper pursuant to 28 U.S.C. Section 1391(b).

9.      This Court has jurisdiction over DeWalt, a California Corporation and City of Wasco, a California Municipal Corporation by virtue of their prior appearances and participation in this case.

10.     Northern is presently authorized by the State of California to conduct business in this jurisdiction as a corporation and Lotus is presently authorized by the State of California to conduct business in this jurisdiction as a limited partnership.  Northern is Lotus's general

partner and all acts by Northern as alleged herein were undertaken on behalf of both Northern and Lotus.

11. The claims raised by this Cross-Claim all arise from the occurrence which is the subject matter of the TAC and, as to the cross-claim against City of Wasco, also arise out of the transaction which is the subject of the City of Wasco's cross-claim against Northern.

12. As to the Cross-Claim asserted against City of Wasco, Claimants are exempt from the pre-filing claim requirements of California's Government Code pursuant to *Krainock v. Superior Court* (1990) 216 Cal.App.3d 1473.

13. There now exists between Cross-Claimants and City of Wasco, an actual controversy regarding a matter now within Federal Court subject matter jurisdiction.

**Parties**

14. Northern and Lotus are Cross-Claimants herein.

15. DeWalt and City of Wasco are Cross-Defendants herein.

16. Cross-Claimants are ignorant of the true names and capacities of any Cross-Defendants sued herein as Roes 1 through 10 and therefore sues these Cross-Defendants by such fictitious names. Cross-Claimants will amend this complaint to allege their true names and capacities when ascertained. Cross-Claimants are informed and believe and thereon allege that each of the fictitiously named Cross-Defendants is responsible in some manner for any judgment rendered against Cross-Claimant in favor of Plaintiff and that Plaintiff's damages, if any, were proximately caused by conduct of these Cross-Defendants, DeWalt and City of Wasco.

///

**FIRST CLAIM FOR EQUITABLE INDEMNITY**
**(Against Dennis W. DeWalt, Inc. and ROES 1-10)**

17.     In May of 2004, City of Wasco and Northern entered into a written contract whereby Northern agreed to purchase and City of Wasco agreed to sell, expired Tract 5472 (**"The Property"**).

18.     On July 21, 2004, in a letter written to Northern in connection with Northern's intended purchase of The Property, DeWalt offered to research existing horizontal and vertical monumentation, research existing infrastructure improvement plans, survey existing pads, streets and infrastructure improvements, process and transfer the survey data for entry into electronic drafting software and prepare a topographic survey plat and prepare and process Tentative and Final Subdivision Maps.  A true and correct copy of this written offer is attached hereto as **Exhibit "A"**.

19.     On September 7, 2004, DeWalt prepared a written agreement which incorporated the terms of the July 21, 2004 offer.  Within days of its preparation, DeWalt and Northern executed the written agreement.  A true and correct copy of the written agreement is attached as **Exhibit "B"**.

20.     Northern hired DeWalt, a professional engineering company, to independently create new Tentative and Final Maps based upon DeWalt's separate and independent survey of The Property.

21.     Northern, itself, did not prepare any maps or plans, nor did it submit any maps or plans to City of Wasco for approval or processing.  All documents related to maps submitted by Northern or DeWalt relative to The Property were created and submitted by DeWalt in fulfilling its contractual obligations to Northern.

22.     Plaintiff's TAC, filed on April 23, 2009, alleges that Defendants, (Northern, Lotus, City of Wasco and DeWalt), obtained, copied and used Plaintiff's subdivision designs and plans without permission or license.

23.     Northern and Lotus have been named as defendants in Plaintiff's TAC based upon the alleged actions of DeWalt in preparing and submitting Tentative and Final Maps and processing same through City of Wasco.

24.     On September 29, 2009, Northern and Lotus learned that on September 17, 2009, in responding to Plaintiff's request for admissions, DeWalt's attorney sent unverified responses indicating that DeWalt likely "looked at and used Map 5472 to assist in the preparation of Map 6451".

25.     Also on September 29, 2009, Northern and Lotus learned that in its Supplemental Responses to Plaintiff's Special Interrogatory Number 2, DeWalt, having been asked to list all documents it used to assist it in preparing Map 6451, listed, among others, Tentative Map 5472.

26.     In performing its contract with Northern, DeWalt had a duty to refrain from committing copyright infringement for which Northern and Lotus could be held liable and impliedly promised to refrain therefrom.

27.     In entering into the written contract with Northern, DeWalt impliedly agreed to exercise due care and refrain from intentional tortious conduct and to indemnify Northern and Lotus for foreseeable damages resulting from a breach of those implied promises.

28.     Any conduct on the part of DeWalt which is determined at trial to have been an infringement of Plaintiff's copyright was either negligent or willful requiring DeWalt to

indemnify Northern and Lotus for any Judgment entered against them which may be based upon the acts of DeWalt.

29.     The written contract between Northern, Lotus and DeWalt contains an attorney's fees clause requiring the losing party to pay the prevailing party's attorney's fees and costs.

## SECOND CLAIM FOR DECLARATORY RELIEF
### (Against The City of Wasco)

30.     Cross-Claimants re-allege and incorporate by reference all allegations contained in paragraphs 1 through 29 of their Cross-Claim as though fully set forth herein.

31.     In late 2003, in an attempt to interest developers in purchasing The Property, City of Wasco prepared a written marketing brochure entitled Developer Information Package, **("The Package").**  The Package contained representations that infrastructure had already been installed within The Property.  The Package also contained a copy of Subdivision Map 5472 which depicted the layout of the streets and lots for a 68 single family residences and 96 apartment units.

32.     In April of 2004 City of Wasco entered into a written contract wherein it agreed to sell The Property to a developer, not a party to this action.  A true and correct copy of that contract is attached as **Exhibit "C".**

33.     In May of 2004 the developer noted in paragraph 31 above, assigned its rights and obligations to Northern which assignment was consented to and approved by City of Wasco. A true and correct copy of the assignment is attached as **Exhibit "D".**

34.     On or around May 18, 2004 City of Wasco and Northern entered into a contract amendment, a true and correct copy of which is attached hereto as **Exhibit "E".**

35.     Prior to close of escrow, Northern assigned its interest in the purchase contract to Lotus, a limited partnership in which Northern was the general partner.

36.     On December 28, 2004, City of Wasco, by written deed, sold The Property to Lotus on the terms and conditions of the contracts (**Exhibits "C", "D" and "E"**).

37.     Notwithstanding the fact that The Property was purchased "as is" City of Wasco had a duty to disclose all material facts which may have impacted Cross-Claimants' decision to purchase.

38.     The purchase contract (**Exhibits "C", "D" and "E"**) contains an implied promise of good faith and fair dealing.

39.     In or around February, 2007, Northern and City of Wasco entered into a written contract called Subdivision Agreement for Tract 6451, a true and correct copy of which is attached as **Exhibit "F"**.

40.     The Subdivision Agreement obligated Northern to construct various improvements including streets, sidewalks, waterlines, sewers, building pads, storm drains and other items.

41.     Subsequent to the execution of the Subdivision Agreement, City of Wasco waived the requirement that Northern construct improvements because those improvements had already been constructed in accordance with plans and specifications created by Martin-McIntosh.

42.     Neither Northern, Lotus or DeWalt prepared or submitted improvement plans to City of Wasco in obtaining approval of the Tentative or Final Maps.

43.     At the time City of Wasco prepared The Package, entered into contract with Northern, sold the property to Lotus and waived the requirement that Northern produce or provide

improvement plans it knew that Martin-McIntosh claimed ownership of the Tract 5472 improvement plans.

44.     At some time between May, 2004 and the date Plaintiff filed his complaint, City of Wasco provided Northern with a copy of the plans drawn by Martin-McIntosh under which a pump station was constructed.  City of Wasco then required Northern to make certain repairs to the pump station.

45.     At some time between May, 2004 and the date Plaintiff filed his complaint, City of Wasco provided Northern with a copy of the plans drawn by Martin-McIntosh under which subdivision landscaping was constructed.  City of Wasco then required Northern to make certain repairs to the landscaping.

46.     Plaintiff has sued Northern and Lotus alleging that they infringed on his copyright by having their Tentative and Final Maps accepted and recorded without providing improvement plans, by "using" the pump station plans to repair the pump station and by "using" the landscape plans to repair the landscaping.

47.     Neither Northern, Lotus or DeWalt copied or "used" the improvement plans in obtaining approval of the Tentative Map or recording of the Final Map.

48.     Neither Northern or Lotus copying or distributed the pump station or landscape plans.

49.     To the extent that Northern and Lotus are found to have infringed upon Plaintiff's copyright by virtue of City of Wasco's acts as described herein, and not the acts of Northern, Lotus or DeWalt, City of Wasco has an implied contractual and equitable obligation to indemnify Northern and Lotus all arising from **Exhibits "C", "D", "E" and "F"**.

50.     By this Cross-Claim, Northern and Lotus do not presently seek damages from City of Wasco but rather seek certain declarations regarding the terms of the contracts between City of Wasco, Northern and Lotus.

51.     The contracts between Cross-Claimants and City of Wasco, noted herein, contain attorney's fees clauses allowing recovery by the prevailing party

Wherefore, Northern and Lotus pray for the following equitable relief;

**On the First Claim against DeWalt and ROES 1-10**

1.      Judgment in an amount equal to any amount Plaintiff may recover against Northern or Lotus resulting from work performed by DeWalt.

2.      Costs of suit.

3.      Attorney's fees pursuant to contract.

**On the Second Claim against City of Wasco or ROES 1-10**

1.      For a Declaration that;

   a. City of Wasco owed Northern and Lotus a duty of good faith and fair dealing arising from the purchase contract and deed referenced herein.

   b. the duty of good faith and fair dealing which City of Wasco owed Northern and Lotus required it to disclose to Northern and Lotus any and all material facts known to it, or under the circumstances, which should have been known to it, which may have effected the desirability or value of The Property.

   c. in light of the evidence admitted during trial neither the terms of the Purchase Contract nor of the Subdivision Agreement impose a duty upon Cross-Claimants to defend or indemnify City of Wasco for damages arising from this lawsuit.

    d. the decision to waive the requirement that improvement plans be submitted as a condition of obtaining a Final Map was made exclusively by City of Wasco.

    e. any and all acts in accepting and allowing recordation of the Final Map in reliance on the existing improvements or on Martin-McIntosh's improvement plans were committed solely by City of Wasco and not by either Cross-Complainant.

2.    Costs of suit.

3.    Attorney's fees pursuant to contract.

**On all Claims;**

1.    For such other relief as the Court deems appropriate in accordance with the evidence.

Dated this 9th day of November, 2009      /s/ Steven J. Hassing, Esq.
                                                              Steven J Hassing, Attorney
                                                              for defendants

# CERTIFICATE OF SERVICE

1. On November 9, 2009, I served the following document:

   **NORTHERN'S AND LOTUS'S ANSWER TO THIRD AMENDED COMPLAINT AND CROSS-CLAIM AGAINST DENNIS W. DEWALT, INC. AND CITY OF WASCO**

2. The above-named document was served by the following means to the persons as listed below:

       ECF System of the United States Bankruptcy Court, District of Nevada.

   _XX_  United States Mail, first class postage fully prepaid and addressed to:

   James Braze
   Jeffrey Travis
   Borton, Petrini, LLP
   1600 Truxtun Avenue
   Bakersfield, CA  93301

   Chaka Okadigbo
   Garcia Calderon Ruiz, LLP
   520 South Grand Avenue, Ste. 695
   Los Angeles, CA  90071

   William L. Alexander
   Alexander & Associates
   1925 G Street
   Bakersfield, CA  93301

       By fax transmission. I faxed the document to the persons at the fax number listed below. No error was reported by the fax machine that I used. A copy of the record of the fax transmission is attached.

   I declare under penalty of perjury that the foregoing is true and correct.
   Dated this 9th Day of November, 2009.

                                           /s/ Kimberley A. Hassing
                                             Kimberley A. Hassing