10. <u>Representations and Warranties of Buyer</u>. Buyer hereby represents and warrants to Seller as follows:

(a) Buyer has full authority to enter into this Agreement and all documents executed by Buyer which are to be delivered to Seller at the Closing are or at the time of Closing will be duly authorized, executed and delivered by Buyer and do not and at the time of Closing will not violate any provisions of any agreement or judicial order to which Buyer is a party or to which Buyer or the Property is subject.

(b) The Buyer does not have any material contingent obligations or any material contractual agreements which could materially adversely affect the ability of the Buyer to carry out its obligations in this Agreement.

(c) There are no material pending or, so far as is known to the Buyer, threatened legal proceedings to which the Buyer is or may be made a party or to which any of its property is or may become subject, which has not been fully disclosed in the material submitted to the Seller which could materially and adversely affect the ability of the Buyer to carry out its obligations in this Agreement.

(d) Buyer has the full financial where with all to secure financial commitments to be able to purchase the Property on the terms and conditions set forth in this Agreement.

(e) The Buyer shall maintain the improvements on the Property and shall keep the Property free from any accumulation of debris, weeds, or waste materials.

(f) The Buyer covenants and agrees for itself, its successors, its assigns and every successor-in-interest to the Property or any part thereof, there shall be no discrimination against or segregation of any person, or group of persons, on account of sex, marital status, race, color, religion, creed, national origin, ancestry or handicap in the sale, lease, sublease, transfer, use, occupancy, tenure or enjoyment of the Property, nor shall the Buyer, itself or any person claiming under or through it, establish or permit any such practice or practices of discrimination or segregation with reference to the selection, location, number, use or occupancy of tenants, lessees, subtenants, sublessees or employees.

11. <u>Liquidated Damages on Buyer Default</u>. AS USED IN THIS AGREEMENT, "BUYER DEFAULT" SHALL MEAN THE FAILURE OF BUYER TO COMPLY WITH ANY PROVISION HEREOF AND SHALL INCLUDE ANY FAILURE OF THE CLOSING TO OCCUR (AFTER SATISFACTION OF THE CONDITIONS SET FORTH IN PARAGRAPH 6, ABOVE) AT THE TIME AND IN THE MANNER PROVIDED IN THIS AGREEMENT FOR ANY REASON OTHER THAN THE MATERIAL FAILURE OF SELLER TO COMPLY WITH ANY OF ITS OBLIGATIONS UNDER THIS AGREEMENT. BUYER AND SELLER HEREBY ACKNOWLEDGE AND AGREE THAT, IN THE EVENT OF A BUYER

DEFAULT, SELLER WILL SUFFER DAMAGES IN AN AMOUNT WHICH WILL, DUE TO THE SPECIAL NATURE OF THE TRANSACTION CONTEMPLATED BY THIS AGREEMENT AND THE SPECIAL NATURE OF THE NEGOTIATIONS WHICH PRECEDED THIS AGREEMENT, BE IMPRACTICAL OR EXTREMELY DIFFICULT TO ASCERTAIN. IN ADDITION, BUYER WISHES TO HAVE A LIMITATION PLACED UPON THE POTENTIAL LIABILITY OF BUYER TO SELLER IN THE EVENT OF A BUYER DEFAULT, AND WISHES TO INDUCE SELLER TO WAIVE OTHER REMEDIES WHICH SELLER MAY HAVE IN THE EVENT OF A BUYER DEFAULT. BUYER AND SELLER, AFTER DUE NEGOTIATION, HEREBY ACKNOWLEDGE AND AGREE THAT THE AMOUNT OF THE DEPOSIT, TOGETHER WITH INTEREST EARNED THEREON IN ESCROW, REPRESENTS A REASONABLE ESTIMATE OF THE DAMAGES WHICH SELLER WILL SUSTAIN IN THE EVENT OF SUCH BUYER DEFAULT. BUYER AND SELLER HEREBY AGREE THAT SELLER MAY, IN THE EVENT OF A BUYER DEFAULT, TERMINATE THIS AGREEMENT AND THE ESCROW BY WRITTEN NOTICE TO BUYER AND RETAIN THE DEPOSIT, TOGETHER WITH INTEREST EARNED THEREON IN ESCROW, AS LIQUIDATED DAMAGES. SUCH RETENTION OF THE DEPOSIT AND INTEREST EARNED THEREON IN ESCROW BY SELLER IS INTENDED TO CONSTITUTE LIQUIDATED DAMAGES TO SELLER PURSUANT TO SECTIONS 1671, 1676 AND 1677 OF THE CALIFORNIA CIVIL CODE, AND SHALL NOT BE DEEMED TO CONSTITUTE A FORFEITURE OR PENALTY WITHIN THE MEANING OF SECTION 3275 OR SECTION 3369 OF THE CALIFORNIA CIVIL CODE, OR ANY SIMILAR PROVISIONS. FOLLOWING THE TERMINATION OF THIS AGREEMENT, CANCELLATION OF THE ESCROW AND RETENTION OF THE DEPOSIT AND INTEREST EARNED THEREON IN ESCROW AS LIQUIDATED DAMAGES PURSUANT TO THIS SECTION 10, ALL OF THE RIGHTS AND OBLIGATIONS OF BUYER AND SELLER UNDER THIS AGREEMENT SHALL BE TERMINATED. RETENTION OF THE DEPOSIT AND INTEREST EARNED THEREON IN ESCROW AND TERMINATION OF THIS AGREEMENT AND THE ESCROW AS PROVIDED HEREIN SHALL BE SELLER'S SOLE AND EXCLUSIVE REMEDY IN THE EVENT OF BUYER DEFAULT, AND SELLER EXPRESSLY WAIVES ITS RIGHT TO SPECIFIC ENFORCEMENT OF THIS AGREEMENT IN SUCH EVENT.

BUYER AND SELLER ACKNOWLEDGE THAT THEY HAVE READ AND UNDERSTAND THE PROVISIONS OF THIS SECTION 9 AND BY THEIR INITIALS IMMEDIATELY BELOW AGREE TO BE BOUND BY ITS TERMS.

"Seller":                                        "Buyer":

City of Wasco

12.  Seller Default. If there is a material default by Seller under this Agreement (which remains uncured ten (10) days after notice from Buyer to Seller), then Buyer may, at its sole remedy hereunder, terminate this Agreement upon written notice to Seller and Escrow Holder, in which case the Deposit shall be paid to Buyer and each party shall be released from all obligations hereunder, provided, however, Buyer shall be entitled to receive reimbursement from Seller for its actual "out-of-pocket" costs and expenses incurred in connection with its investigation of the Property, in no event to exceed $10,000.00. The foregoing remedies are the

W02-LA:LYL\70663279.1                    -9-                                               L 012

only remedies of Buyer hereunder in the event of Seller's default under this Agreement, and Buyer shall not be entitled to, and hereby waives all right to seek any other damages, specific performance, or any other remedies that otherwise may be available at law or in equity to it. Under no circumstances shall Buyer have the right to file a lis pendens against the Property.

13. Notices. All notices, approvals, disapprovals or elections required or permitted to be given under this Agreement shall be in writing and shall be delivered personally, or mailed certified or registered mail, return receipt requested, or sent by Federal Express or other professional courier, to the parties at the following addresses:

If to Buyer: WASCO PROJECT LLC
P.O. BOX 12263
MILL CREEK, WA 98082
Attention: MEL RADFORD
Telephone: 425-239-6626
Fax: 425-337-7320
Email: MEL.RADFORD@ATT.NET

If to Seller: City of Wasco
P.O. Box 190
Wasco, CA 93280
Attention: Dru Gibson City Clerk
Telephone: (661) 758-7200
Fax: (661) 758-5411
Email: DRGIBSON@CI.WASCO.CA.US

And a copy to:

Wall, Wall & Peake
1601 "F" Street
P.O. Box 2507
Bakersfield, CA 93303
Attention: Alan J. Peake, Esq.
Telephone: (661) 327-8461
Fax: (661) 327-8568
Email: ajpesq@pacbell.net

Personally delivered and courier-delivered notices shall be deemed given upon actual personal delivery or tender of delivery to the intended recipient. Mailed notices shall be deemed given upon the date of actual delivery or tender of delivery as evidenced by the return receipt.

14. Attorneys' Fees. In the event of any action between Buyer and Seller for enforcement or interpretation of any of the terms or conditions of this Agreement, the prevailing party in such action shall be entitled to recover its reasonable costs and expenses, including without limitation court costs and attorneys' fees actually incurred, as awarded by a court of competent jurisdiction.

15. **Brokers.** Except for RADFORD & ASSOCIATES INC., A WASHINGTON CORP. ("Broker"), who shall be paid THREE HUNDRED THOUSAND ($ 300,000.00) by Buyer when the Property is transferred, each party represents and warrants to the other that no broker or real estate agent has been engaged by it in connection with this Agreement or the subject transaction. Buyer shall be solely responsible for any commission due to Broker. Buyer and Seller each hereby indemnify and hold the other harmless from and against all costs, expenses or liabilities (including without limitation attorneys' fees and court costs, whether or not taxable and whether or not any action is prosecuted to judgment) incurred by the indemnified party in connection with any claim or demand by any person or entity for any broker's, finder's or other commission or fee in connection with the indemnifying party's entry into this Agreement and the transactions contemplated hereby.

16. **Effect and Duration Covenants, Conditions and Obligations which are for Seller's Benefit.** The covenants established in this Agreement and the Grant Deed shall, without regard to technical classification and designation, be binding for the benefit and in favor of the Seller, its successors, and assigns, as to those covenants which are for its benefit. The covenants, contain in this Agreement and the Grant Deed (Attachment No. 3) shall remain in perpetuity.

The Seller is deemed the beneficiary of the terms and provisions of this Agreement and of the covenants running with the land, for and in its own rights and for the purposes of protecting the interests of the community and other parties, public or private, in whose favor and for whose benefit this Agreement and the covenants running with the land have been provided. The Agreement and the covenants shall run in favor of the Seller without regard to whether the Seller has been, remains or is an owner of any land or interest therein in the Property. The Seller shall have the right, if the Agreement or covenants are breached, to exercise its rights and remedies, and to maintain any actions or suits at law or in equity or other proper proceedings to enforce the curing of such breaches to which it or any other beneficiaries of this Agreement and covenants may be entitled.

17. **Continuation and Survival of Representations, Warranties and Covenants.** All representations, and covenants by the respective parties contained herein or made in writing pursuant to this Agreement are intended to and shall remain true and correct as of the Close of Escrow, shall be deemed to be material, and shall survive the execution and delivery of this Agreement, the delivery of the Grant Deed and transfer of title.

18. **Conflict of Interest.** No member, official or employee of the Seller shall have any personal interest, direct or indirect, in this Agreement nor shall any such member, official or employee participate in any decision relating to the Agreement which affects his or her personal interests or the interests of any corporation, partnership or association in which he or she is directly or indirectly interested.

19. **Non-Liability of Seller Officials and Employees.** No member, official, employee, consultant, Attorney, or independent contractor of the Seller shall be personally liable to the Buyer, or any successor-in-interest, in the event of any default or breach by the Seller or for any amount which may become due to the Buyer, or to its successor, or on any obligations under the terms of this Agreement.

20. <u>INVALIDITY OF TERMS.</u> It is hereby declared to be the intention of the parties that the sections, paragraphs, sentences, clauses and phrases of this Agreement are severable, and if any phrase, clause, sentence, paragraph or section of this Agreement shall be declared unconstitutional, invalid or unenforceable by a judgment or decrees of a court of competent jurisdiction, such unconstitutionality, invalidity or unenforceability shall not affect any of the remaining clauses, sentences, paragraphs and sections of this Agreement.

21. <u>TIME FOR ACCEPTANCE OF AGREEMENT BY SELLER.</u> This Agreement, when executed by the Buyer and delivered to the Seller must be authorized, executed and delivered by the Seller within thirty (30) days after the date of signature by the Buyer or this Agreement may be terminated by the Buyer on written notice to the Seller. The date of this Agreement shall be the date when the Agreement shall have been signed by the Seller.

/ / /

/ / /

/ / /

/ / /

22. **Miscellaneous.** This Agreement, together with the documents described and referred to herein, contains all of the agreements of Buyer and Seller with regard to the transactions contemplated hereby, and supersedes all prior agreements, understandings and negotiations, whether written or oral. This Agreement shall not be modified or amended except by an instrument in writing duly executed by both Buyer and Seller. This Agreement may be executed in counterparts either by original signature or facsimile thereof, each of which shall be deemed to be an original, and all counterparts shall together constitute the Agreement. The provisions of this Agreement shall be binding upon and shall inure to the benefit of the successors in interest and assigns of Buyer and Seller; provided, however, that Buyer shall have no right to assign its rights or obligations hereunder without the express prior written consent of Seller. This Agreement shall be governed by and construed in accordance with the laws of the State of California. The paragraph headings and captions in this Agreement are for convenience only and shall not limit or define the contents of this Agreement. This Agreement shall survive the Closing, and shall not merge into the Grant Deed upon recordation. Time is of the essence of this Agreement. As used in this Agreement, "business day" shall mean any day except Saturday, Sunday or a day on which banking institutions in California are required or allowed to close for business.

IN WITNESS WHEREOF, Seller and Buyer have caused this Agreement to be duly executed as of the date first above written.

"Buyer"

WASCO PROJECT LLC

By: _____ (MEL RADFORD)
    _____ (JAMES COUSNARD)
Its: MANAGING MEMBERS

"Seller"

CITY OF WASCO

By: _____
    Danny Espitia
Its: Mayor

ATTEST:
_____
City Clerk