Bonifacio B. Garcia, Esq.; SBN 100761
Chaka C. Okadigbo, Esq.; SBN 224547
GCR, LLP
520 S. Grand Avenue, Suite 695
Los Angeles, California 90071
Telephone: (213) 347-0210
Facsimile:  (213) 347-0216
bgarcia@gcrlegal.com
cokadigbo@gcrlegal.com

Attorneys for Defendant
City of Wasco

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION

| | |
|---|---|
| ROGER McINTOSH,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>NORTHERN CALIFORNIA UNIVERSAL ENTERPRISES COMPANY, a California corporation; LOTUS DEVELOPMENTS, LLP; THE CITY OF WASCO, a municipal corporation, and DOES 1 through 10, inclusive,<br><br>　　　　Defendants. | CASE NO.: 1:07-CV-01080LJO-GSA<br><br>**DEFENDANT CITY OF WASCO'S ANSWER TO PLAINTIFF'S THIRD AMENDED COMPLAINT FOR COPYRIGHT INFRINGEMENT** |

Defendant City of Wasco ("Defendant") hereby answers the Third Amended Complaint for Copyright Infringement ("Third Amended Complaint") filed by Plaintiff Roger McIntosh.

## ANSWER

1.　Defendant admits that Plaintiff has filed an action through which Plaintiff seeks redress for the alleged infringement of copyrighted works. Defendant, however, denies committing, causing or inducing the commission of any alleged acts of infringement, as alleged in Paragraph 1 of the *Third Amended Complaint*.

2.　Defendant is without knowledge to form a belief as to the truth of the

allegations of Paragraph 2 of the *Third Amended Complaint* and, therefore, denies same.

3. Defendant admits that Defendant Northern California Universal Enterprises Company has a business address at 2099 Fortune Drive, San Jose, California 95131. Defendant is without knowledge to form a belief as to the remainder of the allegations of Paragraph 3 of the *Third Amended Complaint* and, therefore, denies same.

4. Defendant admits that Lotus Developments has a business address at 300 B Street, Turlock, California 95380. Defendant is without knowledge to form a belief as to the remainder of the allegations of Paragraph 4 of the *Third Amended Complaint* and, therefore, denies same.

5. Defendant admits the allegations of Paragraph 5 of the *Third Amended Complaint*.

6. Defendant is without knowledge to form a belief as to the truth of the allegations of Paragraph 6 of the *Third Amended Complaint* and, therefore, denies same.

7. Defendant admits the allegations of Paragraph 7 of the *Third Amended Complaint*.

8. Defendant admits the allegations of Paragraph 8 of the *Third Amended Complaint*.

9. Defendant admits the allegations of Paragraph 9 of the *Third Amended Complaint*.

10. Defendant is without knowledge to form a belief as to the truth of the allegations of Paragraph 10 of the *Third Amended Complaint* and, therefore, denies same.

11. Defendant is without knowledge to form a belief as to the truth of the allegations of Paragraph 11 of the *Third Amended Complaint* and, therefore, denies same.

12. Defendant is without knowledge to form a belief as to the truth of the allegations of Paragraph 12 of the *Third Amended Complaint* and, therefore, denies same.

13. Defendant is without knowledge to form a belief as to the truth of the allegations of Paragraph 13 of the *Third Amended Complaint* and, therefore, denies same.

14. Defendant is without knowledge to form a belief as to the truth of the allegations of Paragraph 14 of the *Third Amended Complaint* and, therefore, denies same.

15. Defendant is admits the allegations of Paragraph 15 of the *Third Amended Complaint*.

16. Defendant admits that Martin-McIntosh prepared drainage, sewer, water and utility plans for The Legacy Group, Ltd. Defendant, however, is without knowledge to form a belief as to the truth of the remainder of the allegations in Paragraph 16 of the *Third Amended Complaint* and, therefore, denies same.

17. Defendant is without knowledge to form a belief as to the truth of the allegations of Paragraph 17 of the *Third Amended Complaint* and, therefore, denies same.

18. Defendant is without knowledge to form a belief as to the truth of the allegations of Paragraph 18 of the *Third Amended Complaint* and, therefore, denies same.

19. Defendant is without knowledge to form a belief as to the truth of the allegations of Paragraph 19 of the *Third Amended Complaint* and, therefore, denies same.

20. Defendant is without knowledge to form a belief as to the truth of the allegations of Paragraph 20 of the *Third Amended Complaint* and, therefore, denies same.

21. Defendant is without knowledge to form a belief as to the truth of the

allegations of Paragraph 21 of the *Third Amended Complaint* and, therefore, denies same.

22.  Defendant is without knowledge to form a belief as to the truth of the allegations of Paragraph 22 of the *Third Amended Complaint* and, therefore, denies same.

23.  Defendant is without knowledge to form a belief as to the truth of the allegations of Paragraph 23 of the *Third Amended Complaint* and, therefore, denies same.

24.  Defendant is without knowledge to form a belief as to the truth of the allegations of Paragraph 24 of the *Third Amended Complaint* and, therefore, denies same.

25.  Defendant is without knowledge to form a belief as to the truth of the allegations of Paragraph 25 of the *Third Amended Complaint* and, therefore, denies same.

26.  Defendant admits that Martin-McIntosh submitted improvement plans to the City of Wasco and that the City of Wasco subsequently approved the plans, as alleged in Paragraph 26 of the *Third Amended Complaint*. Defendant is without knowledge to form a belief as to the remainder of the allegations of Paragraph 26 of the *Third Amended Complaint* and, therefore, denies same.

27.  Defendant admits the allegations of Paragraph 27 of the *Third Amended Complaint*.

28.  Defendant admits that construction on the subdivision ceased, that The Legacy Group, Ltd. declared bankruptcy and that the City purchased the subdivision at a tax sale, as alleged in Paragraph 28 of the *Third Amended Complaint*. Defendant is without knowledge to form a belief as to the remainder of the allegations of Paragraph 28 of the *Third Amended Complaint* and, therefore, denies same.

29.  Defendant admits that Northern California Enterprises purchased the

subdivision, as an assignee of Wasco Project, LLC, the initial purchaser, in 2004, as alleged in Paragraph 29 of the *Third Amended Complaint*. Defendant denies the remainder of the allegations in Paragraph 29 of the *Third Amended Complaint*, but acknowledges that Plaintiff pleads these allegations on information and belief.

30. Defendant is without knowledge to form a belief as to the truth of the allegations of Paragraph 30 of the *Third Amended Complaint* and, therefore, denies same.

31. Defendant admits that it did not pay Plaintiff (as distinct from Martin-McIntosh) for the Martin-McIntosh improvement plans, as alleged in Paragraph 31 of the *Third Amended Complaint*. Defendant denies the remaining allegations of Paragraph 31 of the *Third Amended Complaint*.

32. Defendant denies the allegations of Paragraph 32 of the *Third Amended Complaint*.

33. Defendant denies the allegations of Paragraph 33 of the *Third Amended Complaint*.

34. Defendant admits that the Subdivision was constructed in accordance with the Martin-McIntosh improvement plans during the Legacy era by persons and entities whom or that are not parties to this lawsuit. Defendant denies the remaining allegations of Paragraph 34 of the *Third Amended Complaint*.

35. Defendant denies the allegations of Paragraph 35 of the *Third Amended Complaint*.

36. Defendant denies the allegations of Paragraph 36 of the *Third Amended Complaint*.

37. Defendant incorporates its responses to Paragraphs 1-36 with respect to answering Paragraph 37 of the *Third Amended Complaint*.

38. Defendant is without knowledge to form a belief as to the truth of the allegations of Paragraph 38 of the *Third Amended Complaint* and, therefore, denies same.

39. Defendant denies the allegations of Paragraph 39 of the *Third Amended Complaint*.

40. Defendant denies the allegations of Paragraph 40 of the *Third Amended Complaint*.

41. Defendant incorporates its responses to Paragraphs 1-40 with respect to answering Paragraph 41 of the *Third Amended Complaint*.

42. Defendant denies the allegations of Paragraph 42 of the *Third Amended Complaint*.

43. Defendant denies the allegations of Paragraph 43 of the *Third Amended Complaint*.

44. Defendant denies the allegations of Paragraph 44 of the *Third Amended Complaint*.

45. Defendant denies the allegations of Paragraph 45 of the *Third Amended Complaint*.

46. Defendant denies the allegations of Paragraph 46 of the *Third Amended Complaint*.

### FIRST AFFIRMATIVE DEFENSE

47. The *Third Amended Complaint* fails to state a claim upon which relief may be granted in that, amongst other things, the facts alleged do not constitute contributory copyright infringement.

### SECOND AFFIRMATIVE DEFENSE

48. Plaintiff's claims of infringement and/or contributory infringement are barred by the doctrine of fair use.

### THIRD AFFIRMATIVE DEFENSE

49. Plaintiff's claims of infringement are barred by the doctrine of estoppel and/or acquiescence.

### FOURTH AFFIRMATIVE DEFENSE

50. Plaintiff's claims are barred by the doctrine of unclean hands.

## FIFTH AFFIRMATIVE DEFENSE

51. Plaintiff's claims are barred, in whole or in part, by the doctrine of unjust enrichment.

## SIXTH AFFIRMATIVE DEFENSE

52. Plaintiff's claims are barred, in whole or in part, by waiver, license, abandonment or forfeiture by Plaintiff of any rights previously held under the Copyright Act or have otherwise been surrendered by operation of law.

## SEVENTH AFFIRMATIVE DEFENSE

53. Defendant did not violate nor cause the violation of any of Plaintiff's rights.

## EIGHTH AFFIRMATIVE DEFENSE

54. Defendant denies all allegations, if any, and conclusions of law, to which it did not specifically reply in its *Answer to Third Amended Complaint for Copyright Infringement*.

## NINTH AFFIRMATIVE DEFENSE

55. Defendant did not intentionally or otherwise deprive or cause Plaintiff to be deprived of any of Plaintiff's rights.

## TENTH AFFIRMATIVE DEFENSE

56. Plaintiff failed to mitigate his damages, if any.

## ELEVENTH AFFIRMATIVE DEFENSE

57. Plaintiff has suffered no damage by virtue of any acts, events or occurrences alleged in the Complaint, whether or not attributable to Defendant.

## TWELFTH AFFIRMATIVE DEFENSE

58. All damages which Plaintiff claims to have suffered were caused in whole, or in part, by other parties, including, but not limited to, Plaintiff and Defendants Northern California Universal Enterprises Co. and Lotus Developments, LLP.

///

### THIRTEENTH AFFIRMATIVE DEFENSE

59. Plaintiff's claims in the *Third Amended Complaint* are barred in whole or in part by Plaintiff's acts of copyright misuse. Plaintiff has misused its alleged copyright and is wrongfully attempting to extend the scope of the limited monopoly granted by the Copyright Act.

### FOURTEENTH AFFIRMATIVE DEFENSE

60. Plaintiffs' claims in the *Third Amended Complaint* are barred by the doctrine of Consent. Plaintiff and/or its predecessors in interest consented to the use of Plaintiff's alleged copyrighted materials under agreements between Plaintiff and/or its predecessors and his or its customers and/or former customers and by submitting the alleged copyrighted works to a governmental agency.

### FIFTEENTH AFFIRMATIVE DEFENSE

61. To the extent that any infringement is found to have been committed by Defendant, Defendant committed innocent infringement within the meaning of 17 U.S.C. § 504(c)(2).

### SIXTEENTH AFFIRMATIVE DEFENSE

62. Plaintiff's claims for statutory damages and attorneys' fees under 17 U.S.C. § 504 are barred because copyright registration was not made within three months after the first publication of the allegedly infringing works, as required by 17 U.S.C. § 412.

### SEVENTEENTH AFFIRMATIVE DEFENSE

63. Neither the Martin-McIntosh improvement plans nor the Martin-McIntosh tentative map are/is substantially similar to the tentative and/or final maps prepared by any Defendant.

///
///
///
///

### EIGHTEENTH AFFIRMATIVE DEFENSE

64. Defendant reserves its right to plead additional defenses that may be identified during the course of discovery and/or investigation.

### JURY TRIAL DEMAND

Defendant demands a jury trial on all issues triable of right by a jury.

Respectfully Submitted,

Dated: November 9, 2009

GCR, LLP

By: _____
Chaka C. Okadigbo
Attorneys for Defendant
CITY OF WASCO