Steven J. Hassing
California SBN 152125
LAW OFFICES OF STEVEN J. HASSING
425 Calabria Court
Roseville, CA  95747
Telephone:  (916) 677-1776
Facsimile:   (916) 677-1770

Attorney *for Defendant, Northern California Universal Enterprise Company and Lotus Developments, L.P.*

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROGER MCINTOSH,<br><br>                                Plaintiff(s);<br>v.<br><br>NORTHERN CALIFORNIA UNIVERSAL ENTERPRISES COMPANY, ET AL.,<br><br>                                Defendant(s). | No.  1:07-CV-01080-LJO-GSA<br><br>**DECLARATION OF STEVEN J. HASSING IN RESPONSE TO COURT'S ORDER TO SHOW CAUSE REGARDING BELATED CROSS-CLAIMS**<br><br>**JUDGE: Lawrence J. O'Neill** |

I, Steven J Hassing, declare;

1. I am an attorney licensed to practice before this Court, represent Northern and Lotus herein and have personal knowledge of each fact set forth below.

2. On April 15, 2009, I appeared telephonically before U.S. Magistrate Judge, Gary S. Austin at a regularly scheduled scheduling conference.  At that time, Plaintiff and DeWalt CM, Inc. were embroiled in a dispute over the name of the correct "DeWalt" entity which should be a party to this case.  Plaintiff had named DeWalt CM, Inc. and

1

DeWalt's attorney was advising that a different company, Dennis W. DeWalt, Inc. was the correct company and that DeWalt CM, Inc. should be dismissed. Counsel then agreed that, **"to that end"**, any <u>amendments</u> to the pleadings would be completed on or before April 24, 2009. (April 16, 2009 Scheduling Conference Order). On April 23, 2009, Plaintiff's complaint was amended to include Dennis W. DeWalt as a defendant.

3.   On September 29, 2009, Plaintiff filed a motion for summary adjudication. Plaintiff's attorney submitted his declaration in support thereof which contained September 17, 2009 discovery responses by Dennis W. DeWalt that had not previously been received by me.

4.   At that time, I learned for the first time from DeWalt's responses to request for admissions, that DeWalt "likely looked at and used Map 5472 to assist in the preparation of Map 6451".

5.   I also learned for the first time that in responding to Plaintiff's interrogatories that DeWalt, having been asked to list all documents it used to assist it in preparing Map 6451, had identified Map 5472.

6.   Between September 29 and October 21, 2009, I was engaged in drafting opposition to Wasco's and Plaintiff's motions for summary judgment or adjudication.

7.   Between October 21 and October 30, I was awaiting this Court's decision regarding Plaintiff's summary adjudication motion and was considering DeWalt's recent discovery responses and what, if anything, Northern and Lotus should do about them.

8.   On November 4 I began researching indemnity and on around November 6, began drafting an answer to Plaintiff's TAC and the indemnity Cross-Claims.

9.      Prior to filing same on November 9, I reviewed Judge Austin's Scheduling Conference Order and found nothing which I interpreted as precluding the filing of cross-claims with the answer.  In hindsight, perhaps it was a narrow reading, but I interpreted the Order to apply only to amended pleadings as stated.  In addition, I did not believe that any additional discovery would be required.

10.     Admittedly, the Cross-Claim against City of Wasco was not based upon "new information".  However, at the time the Cross-Claim was filed, City of Wasco and Northern were close to an agreement whereby both Wasco's Cross-Claim against Northern and Lotus and Northern's and Lotus's Cross-Claim against the City were to be dismissed with each party awaiting the outcome of this trial before determining what to do regarding indemnification.  Northern and Lotus are prepared to, and now desire to dismiss their Cross-Claim against Wasco.

11.     In considering filing the Cross-Claims, I took into consideration that fact that the indemnity claims were based upon contracts well known to all parties and believed that no additional discovery would be necessary.  Further, to the extent that DeWalt wishes to take additional discovery from Northern or Lotus relevant to the indemnity Cross-Claim, Cross-Claimants will stipulate to allowing same.

       I swear, under penalty of perjury, under the laws of the State of California and the United States of America, that the foregoing is true and correct.

Dated this 16th day of November, 2009           /s/ Steven J. Hassing, Esq.
                                                Steven J Hassing, Attorney for Defendants.
                                                Northern and Lotus

3

**CERTIFICATE OF SERVICE**

1. On November 16, 2009, I served the following document:

   - **DECLARATION OF STEVEN J. HASSING IN RESPONSE TO COURT'S ORDER TO SHOW CAUSE REGARDING BELATED CROSS-CLAIMS**

2. The above-named document was served by the following means to the persons as listed below:

__XX__  United States Mail, first class postage fully prepaid and addressed to:

Irma Lira
Courtroom Clerk
United States District Court
Courtroom 4
2500 Tulare Street
Fresno, CA  93821

James Braze
Jeffrey Travis
Borton, Petrini, LLP
1600 Truxtun Avenue
Bakersfield, CA  93301

Chaka Okadigbo
Garcia Calderon Ruiz, LLP
520 South Grand Avenue, Ste. 695
Los Angeles, CA  90071

William L. Alexander
Alexander & Associates
1925 G Street
Bakersfield, CA  93301

By fax transmission. I faxed the document to the persons at the fax number listed below. No error was reported by the fax machine that I used. A copy of the record of the fax transmission is attached.

I declare under penalty of perjury that the foregoing is true and correct.
Dated this 16th day of November, 2009.

                                       /s/ Kimberley A. Hassing
                                       Kimberley A. Hassing