**William L. Alexander** (State Bar Number 126607)
**Tenielle E. Cooper** (State Bar Number 226717)
Alexander & Associates, PLC
1925 G Street
Bakersfield, CA 93301
Phone: (661) 316-7888
Fax: (661) 316-7890

**Attorneys for Defendant, Dennis W. DeWalt, Inc.**

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION

| | |
|---|---|
| ROGER McINTOSH, | ) Case No. 1:07-CV-01080 LJO-GSA |
| Plaintiff, | ) **JOINT PRETRIAL STATEMENT** |
| vs. | ) |
| NORTHERN CALIFORNIA UNIVERSAL ENTERPRISES COMPANY, a California Corporation, et al, | ) |
| Defendants. | ) |

## **JOINT PRETRIAL STATEMENT**

Counsel for plaintiff, ROGER McINTOSH ("McINTOSH"), and Defendants, NORTHERN CALIFORNIA UNIVERSAL ENTERPRISES COMPANY ("NORTHERN"), LOTUS DEVELOPMENTS, LLP ("LOTUS"), THE CITY OF WASCO ("THE CITY") and DENNIS W. DeWALT, INC. ("DeWALT") collectively submit the following Joint Pretrial Statement:

///

///

///

Alexander & Associates
Attorneys at Law
1925 G Street
Bakersfield, CA 93301
(661) 316-7888

1

Joint Pretrial Statement
Case No. 1:07-CV-01080 LJO-GSA

## I.

## JURISDICTION AND VENUE

This court has subject matter jurisdiction over the claims in this action, pursuant to 28 U.S.C. §1331; 28 U.S.C. §1338(a), (b); and 28 U.S.C. § 1367. Venue in this judicial district is also proper under 28 U.S.C. §1391(b). No parties dispute the jurisdiction or venue for this matter.

## II.

## JURY/NON-JURY

Plaintiff has waived his right to a jury trial. Defendants, and each of them, have demanded trial by jury.

## III.

## UNDISPUTED FACTS

The parties, and each of them, have met and conferred and agreed to the following undisputed facts at this time. All parties are confident that in advance of trial additional facts may be stipulated to as undisputed:

1. The plaintiff, ROGER McINTOSH, is a civil engineer doing business as "McIntosh & Associates," a sole proprietorship.

2. Prior to 1999, ROGER McINTOSH was partners with Mr. Eugene Martin, in the firm "Martin-McIntosh." That firm dissolved in 1999 and Martin-McIntosh assigned its assets to ROGER McINTOSH, the individual.

3. Defendant NORTHERN CALIFORNIA UNIVERSAL ENTERPRISES CO. ("NORTHERN") is a California Corporation engaged in real estate acquisition and development.

4. Defendant LOTUS DEVELOPMENTS, L.P. ("LOTUS") is a California Limited Partnership engaged in real estate development and sales.

5. NORTHERN is the general partner of LOTUS.

6. Defendant THE CITY OF WASCO ("THE CITY") is a city, located in Kern County, California.

7. Defendant DENNIS W. DeWALT, INC. ("DeWALT") is a California Corporation, that performs civil engineering work in Kern County, California.

Alexander & Associates
Attorneys at Law
1925 G Street
Bakersfield, CA 93301
(661) 316-7888

2

Joint Pretrial Statement
Case No.  1:07-CV-01080 LJO-GSA

8. In 1992 The Legacy Group (which is not a party to this case) owned land in Wasco, California known as the "Valley Rose Estates Subdivision."

## IV.

## DISPUTED FACTS

Please refer to Attachment "A" to this Joint Pretrial Statement.

## V.

## DISPUTED EVIDENTIARY ISSUES

**A.    PLAINTIFF**

1. <u>Exclusion of the expert deposition testimony of Steven Wong</u>:  Steven Wong has been designated by the City of Wasco as a Civil Engineering expert.  During his deposition, Mr. Wong testified as to the standard for substantial similarity based upon his knowledge of the copyright laws and his review of a website on copyright law.  Plaintiff will argue that this is not the appropriate subject for an expert to testify to as to substantial similarity and will seek to exclude such testimony through an appropriate motion in limine.

2. <u>Exclusion of Evidence of a lawsuit filed by Roger McIntosh against the City of Wasco in the early 1990's</u>:  Mr. McIntosh had previously filed a lawsuit against the City of Wasco, among others, in an attempt to collect monies owed to him by the Legacy Group.  Evidence that McIntosh filed suit against Wasco and the result is irrelevant.

3. <u>Exclusion of All Evidence By Defendants Relating to Deductible Expenses</u>: McIntosh will argue that because infringement, if found, was willful and deliberate, expenses relating to deductions from overall gross sales should be excluded.

4. <u>Exclusion of Certain profit and loss documents related to the Valley Rose Estates by Northern California Universal Enterprises Company and Lotus Developments, LLP</u>:  Northern has previously produced roughly 6,000 pages of documents in an attempt to show deductions for any profits made, however, most of this documentation takes place well after the actual infringement occurred.  Therefore, plaintiff will be filing an appropriate motion in limine to exclude most of this documentation.

///

Alexander & Associates
Attorneys at Law
1925 G Street
Bakersfield, CA 93301
(661) 316-7888

3

Joint Pretrial Statement
Case No.  1:07-CV-01080 LJO-GSA

5. <u>Exclusion of Certain Evidence relating to Defenses Already Adjudicated</u>: There are numerous factual issues plaintiff believes defendants will attempt to introduce with no relevance to the issues of infringement, damages, or any non-adjudicated defenses such as: Evidence about whether McIntosh knew he had a copyright interest in the map prior to and while Northern was having it prepared; Evidence about McIntosh's duty to tell defendants about the copyright; Evidence related to the Acquisition Agreement between Wasco and Legacy Group; Evidence that the copyrighted work was in the public domain; and other evidence relevant to the excluded defenses.

6. <u>Exclusion of any testimony from Eric Heath James</u>: Defendants previously identified at deposition and in a response to discovery responses the identity of "Heath James" as a person who had provided additional information as to the preparation of Tentative Map No. 6451. After requests were made, this was the name given and no address was provided. Plaintiff was unable to subpoena this person. Now, it is suspected Defendants intend to produce this person as "Eric Heath James" with an address provided.

7. <u>Exclusion of any testimony other than Jeff Gutierrez, Sarah Burgi, and Greg Black relating to the preparation of Tentative Map No. 5472, exclusive of survey information</u>: At the depositions of Jeff Gutierrez, Greg Black, and Sarah Burgi, each identified themselves as the only persons responsible for designing the map along with Josh Woodard, and exclusive of survey information provided by Heath James. It is expected defendant's will attempt to introduce additional persons to avoid the admissions of these persons.

8. <u>Exclusion of Evidence By Wasco relating to Bond Debt</u>: It is believed Wasco will attempt to introduce evidence of bond debts to try and use this as a deductible expense to any potential award of lost profits. However, bond debts that are over a decade old are not believed to be related to the infringement and therefore should be excluded.

9. <u>Requests to Have Certain Matters Deemed Admitted by all Defendants based on Responses to Request for Admissions by Plaintiff</u>

10. <u>Exclusion of Evidence Denying Review of Improvement Plans For the Preparation of Tentative Map No. 6451</u>: During depositions, and in responses to written discovery, DeWalt has consistently denied having sufficient information to conclude that it did not review the 5472

Alexander & Associates
Attorneys at Law
1925 G Street
Bakersfield, CA 93301
(661) 316-7888

4

Joint Pretrial Statement
Case No. 1:07-CV-01080 LJO-GSA

1  improvement plans while preparing the 6451 Tentative or Final Map and should be precluded from
2  introducing same at trial.

3      **B.**    **DEFENDANTS NORTHERN, LOTUS AND DeWALT**

4      Defendants expect to file motions *in limine* seeking to preclude testimony on the following:

5      1.    To preclude Plaintiff from offering into evidence, DeWALT's Supplemental
6  Response to Plaintiff's Request for Admission Number 4 on the basis that the request contained an
7  inappropriate "definition" by which Plaintiff sought to completely change the true meaning of the
8  work "reviewed".  Further, the response was not an unqualified admission, is ambiguous and non-
9  responsive in stating that documents DeWALT reviewed <u>"likely"</u> included Map No. 5472 which
10 suggests speculation rather than admission.  Finally, the Request for Admissions and the response is
11 misleading and more prejudicial than probative.

12     2.    To preclude Plaintiff from commenting during voir dire or contending during opening
13 statement that street names, lot numbers or boundaries are protected by copyright or provide
14 evidence of copying.

15     3.    To preclude Plaintiff from commenting during voir dire or contending during opening
16 statement that NORTHERN, LOTUS, or DeWALT infringed Plaintiff's copyright in the
17 improvement plans unless Plaintiff can first convince the Court that there is <u>any</u> admissible evidence
18 of copying.

19     4.    To preclude Plaintiff from commenting during voir dire or contending during opening
20 statement that NORTHERN or LOTUS infringed Plaintiff's copyright by simply having possession
21 of the pump station plans or landscape plans unless Plaintiff can first convince the Court that simply
22 possessing those plans is evidence of infringement.

23     5.    To preclude comment or testimony that "someone" at the City of Wasco "told"
24 Plaintiff that the City was using 5472 plans in conjunction with the 6451 Map Application based on
25 hearsay and on the fact that Plaintiff was pressed during deposition and in written discovery to
26 provide the name of the City employee who made the statement to him and could not do so.

27 ///
28 ///

5

**Alexander & Associates**
**Attorneys at Law**
**1925 G Street**
**Bakersfield, CA 93301**
**(661) 316-7888**

Joint Pretrial Statement
Case No.  1:07-CV-01080 LJO-GSA

6. To preclude James DelMarter from testifying as an expert on substantial similarity on the basis of lack of qualification and that his entire testimony will focus upon non-copyrightable elements of the maps.

7. Defendants have been advised by Plaintiff's counsel on December 10, 2009, for the very first time, that Plaintiff intends to seek damages for contributory infringement against them by an amendment according to proof at trial. Defendants will seek, via a motion *in limine*, to prevent Plaintiff from offering evidence of contributory infringement against these Defendants, or seeking or obtaining judgment for contributory infringement.

Another matter on which that may be an evidentiary dispute involves independent creation. During this case independent creation has been referred to as an affirmative defense. Independent creation is actually a denial of copying. As such, the burden of persuasion remains with Plaintiff and does not shift to Defendant. Plaintiff always has the burden of persuasion or burden of proof on copying and initially bears the burden of production.

**C.     DEFENDANT, THE CITY OF WASCO**

1. The expert deposition testimony of James K. Delmarter, whom Plaintiff designated as a civil engineering expert. Mr. Delmarter testified on the issue of substantial similarity, even though he lacked any understanding as to what that terminology means in the context of copyright law. His testimony to that effect, therefore, would be irrelevant and distracting to a jury. The City also moves to bar his testimony to the extent that he proposes to testify to a similarity between the maps and plans as to non-copyrightable elements of the maps and/or plans.

2. Evidence of damages that do not relate specifically to the fair market value of Plaintiff's tentative map and/or improvement plans, lost profits, or lost opportunity to license (all of which amount to the same thing as the value of Plaintiff's plans and/or map), or to the issue of infringer profits.

3. Evidence of damages relating to the value of Plaintiff's improvement plans and costs associated with plans in that the plans were distributed after DeWalt prepared the tentative map for Tract 6451 and the City did not require NCUE/DeWalt/Lotus Developments to submit improvement plans.

Alexander & Associates
Attorneys at Law
1925 G Street
Bakersfield, CA 93301
(661) 316-7888

6

Joint Pretrial Statement
Case No.  1:07-CV-01080 LJO-GSA

4. Evidence of Plaintiff's attorneys' fees on the ground that Plaintiff failed to timely register his copyright.

5. Evidence concerning impact fees as infringer profits on the ground that impact fees are not profits as a matter of law.

Counsel for THE CITY intends to join in, or brief in full, any motion *in limine* issues raised by counsel for NORTHERN or DeWALT.

6. Evidence of copying/substantial similarity in maps and plans that relates to non-copyrightable elements of the maps and plans at issue in this litigation.

7. Evidence concerning McIntosh's testimony that a City employee informed him about use of his improvement plans on grounds that such testimony is hearsay and is based on lack of personal knowledge.

## VI.

## SPECIAL FACTUAL INFORMATION IN CERTAIN ACTIONS

Not applicable.

## VII.

## RELIEF SOUGHT

**A.  PLAINTIFF**

1. A declaration for willful infringement.

2. Injunctive relief against defendants and all persons acting in concert or participation with them or persons acting or purporting to act on their behalf, directing defendants to cease and desist from infringing plaintiff's copyright, the destruction of all copies of the copyrighted plans.

3. Impounding any copies of the copyrighted works and any other materials derived from the copyrighted works either in whole or in part.

4. A compliance report.

5. Monetary damages equal to the actual damages suffered by McINTOSH as a result of the infringement and any profits earned by defendants from the creation and commercial exploitation of the copyrighted works.

6. Costs of suit.

7
Alexander & Associates
Attorneys at Law
1925 G Street
Bakersfield, CA 93301
(661) 316-7888

Joint Pretrial Statement
Case No.  1:07-CV-01080 LJO-GSA

**B.  DEFENDANTS, and each of them**

1. Judgment in favor of defendants, and each of them individually, on all issues.
2. An award of costs and attorneys' fees.

## VIII.
## POINTS OF LAW

Please refer to Attachment "B" to this Joint Pretrial Statement.

## IX.
## ABANDONED/PRECLUDED ISSUES

The following affirmative defenses:

1. The defense of implied license.
2. The defense of publication.
3. The defense of for sale.
4. The defense of abandonment.
5. The defense of merger.
6. The defense of statutes of limitations.

Defendants acknowledge that these affirmative defenses have been precluded by the court, but are not abandoned by Defendants and they reserve their rights to address these matters on appeal.

## X.
## WITNESSES

Please refer to Attachment "C" to this Joint Pretrial Statement.

## XI.
## EXHIBITS

Please refer to Attachment "D" to this Joint Pretrial Statement.

## XII.
## DISCOVERY DOCUMENTS

Please refer to Attachment "E" to this Joint Pretrial Statement.

///

Alexander & Associates
Attorneys at Law
1925 G Street
Bakersfield, CA 93301
(661) 316-7888

8

Joint Pretrial Statement
Case No.  1:07-CV-01080 LJO-GSA

## XIII.
## FURTHER DISCOVERY MOTIONS

None currently anticipated other than the pretrial motions *in limine* concerning evidentiary issues.

## XIV.
## STIPULATIONS

All parties have agreed that they will stipulate to certain undisputed facts and certain exhibits.

## XV.
## AMENDMENTS/DISMISSALS

The cross-complaint against NORTHERN has been dismissed without prejudice by this Court pursuant to a stipulation between all parties.

## XVI.
## SETTLEMENT NEGOTIATIONS

No meaningful settlement negotiations have been made up to this time.

Plaintiff is agreeable to settlement negotiations.

THE CITY of WASCO is amenable to settlement negotiations with Plaintiff.

## XVII.
## AGREED STATEMENTS

All parties will agree to a brief statement of the case. All parties also request that because of the unique nature of the facts involved relating to the Subdivision Map Act, that a brief overview of the Map Act and the mapping process be explained and be available to the jury.

## XVIII.
## SEPARATE TRIAL OF ISSUES

**A.    PLAINTIFF**

Due to the fact that many of the defenses that would have lengthened the trial to the original time estimate of 15 days are now moot, trial is expected to be no more than six days. Plaintiff will defer to the Court's judgment.

Alexander & Associates
Attorneys at Law
1925 G Street
Bakersfield, CA 93301
(661) 316-7888

9

Joint Pretrial Statement
Case No.  1:07-CV-01080 LJO-GSA

**B.    DEFENDANTS, and each of them**

Defendants propose that the issue of damages be bifurcated and tried immediately following the jury's findings on infringement. Bifurcation of damages would result in more efficiency and time conservation. Should the jury not find liability on the part of NORTHERN, LOTUS, or DeWALT there will be no need to go through over 6,000 pages of checks, invoices, and other cost-related evidence. Similarly, if the jury finds no liability on the part of THE CITY, there will be no need to go through all of the evidence and argument regarding impact fees, bond debt, etc. Defendants see no prejudice to any party by bifurcating these issues.

## IXX.
## IMPARTIAL EXPERTS – LIMITATIONS OF EXPERTS

Motions *in limine* related to experts are anticipated, as discussed *supra*.

## XX.
## ATTORNEYS' FEES

**A.    PLAINTIFF**

Plaintiff is requesting attorneys' fees.

**B.    DEFENDANTS, and each of them**

Defendants contend that Plaintiff, even should he prevail at trial, is precluded from obtaining attorneys' fees. Although under Section 505 the prevailing party is entitled to attorneys' fees, Section 412 precludes such recovery by the Plaintiff in this case. However, should Defendants prevail, it/they shall be entitled to attorneys' fees and costs under Section 505 and *Fogerty v. Fantasy, Inc.* 510 U.S. 517 (1994).

## XXI.
## TRIAL EXHIBITS

Please refer to Attachment "F" to this Joint Pretrial Statement.

## XXII.
## MISCELLANEOUS

The parties have met and conferred, and offer the proposed pre-trial schedule:

Jan 8, 2010:    Exchange proposed exhibit books.

Alexander & Associates
Attorneys at Law
1925 G Street
Bakersfield, CA 93301
(661) 316-7888

10

Joint Pretrial Statement
Case No. 1:07-CV-01080 LJO-GSA

1      Jan 20, 2010:    Meet and confer at counsel for Plaintiff's office in Bakersfield regarding exhibits to arrive at agreement on joint stipulated exhibit books. Rest can go into non-stipulated book(s).

     Feb 1, 2010:    Finalize and exchange agreed upon exhibit books.

     Feb 1, 2010:    File and serve motions *in limine.*

     Feb 10, 2010:    File and serve opposition to motions *in limine.*

     Feb 25, 2010:    File and serve trial briefs.

     Feb 28, 2010:    Exchange proposed jury instructions.

## **JOINT STATEMENT OF THE CASE**

This case alleges copyright infringement. Plaintiff, ROGER McINTOSH, alleges that he is the owner of a copyright for technical drawings and maps for a subdivision called the "Valley Rose Estates." Plaintiff further alleges that defendants, THE CITY OF WASCO, NORTHERN CALIFORNIA UNIVERSAL ENTERPRISES COMPANY, LOTUS DEVELOPMENTS, LLP, and DENNIS W. DeWALT, INC. infringed those drawings. Each defendant contends that it neither copied any of plaintiff's drawings and maps, nor that they infringed upon any of plaintiff's copyright interests.

The full content of this document and its attachments have been reviewed and approved by counsel for all parties.

DATED: December 10, 2009          ALEXANDER & ASSOCIATES, PLC

                                      By:    /s/ Tenielle E. Cooper
                                             TENIELLE E. COOPER,
                                             Attorneys for Defendant, Dennis W. DeWalt, Inc.

Alexander & Associates
Attorneys at Law
1925 G Street
Bakersfield, CA 93301
(661) 316-7888

11
Joint Pretrial Statement
Case No. 1:07-CV-01080 LJO-GSA