# ATTACHMENT "A" TO JOINT PRETRIAL STATEMENT

## IV.

## DISPUTED FACTS

**A.  PLAINTIFF**

1. Martin-McIntosh created an original work embodied in the 5472 map and plans.
2. Martin-McIntosh received a copyright certificate for the 5472 Map and improvement plans.
3. The 5472 map and plans were to be used only by Legacy Group in connection with the 5472 tract project and which even legacy did not have the right to use if it was in default to Martin-Mcintosh.
4. The ownership of the copyrighted work was later transferred to Roger McIntosh in 1999.
5. Defendants infringed McIntosh's copyrighted work.
6. The defendants were partners or "practically partners" in the development of the Valley Rose Estates.
7. The Valley Rose subdivision could have been re-designed by the developer.
8. The city has received fees from the Valley Rose Estates in the amount of $529,058.11.
9. Defendants had access to the copyrighted works.
10. The 6451 Tentative and Final Map were substantially similar to the copyrighted work
11. Dewalt's survey was based on McIntosh's map and work.
12. Defendants copied relevant portions of the 5472 map and/or plans to prepare the 6451 map.
13. McIntosh has suffered actual damages by being prevented from obtaining the value of his map and plans.
14. Defendants' have profited from the copying of the copyrighted work.
15. Defendants had the right and ability to control the infringing activity.

16. Defendants failed to exercise their ability to control the infringing activity.

17. The Defendants intentionally induced or materially contributed to the infringing activity of the other defendants.

**B.     DEFENDANTS NORTHERN, LOTUS and DeWALT**

1. Whether DeWalt, Northern or Lotus copied any protected element of Map 5472.

2. Whether DeWalt, Northern or Louts copied any protected element of the Tract 5472 Improvement Plans.

3. Whether Northern copied or used the pump station plans.

4. Whether Northern copied or used the landscape plans.

5. Whether Map 5472 and Map 6451 are substantially similar.

6. Whether DeWalt independently created Map 6451.

7. Whether Plaintiff has a valid copyright and what documents does that copyright protect.

**C.     DEFENDANT, THE CITY OF WASCO**

1. The Revised Tentative Map for Tract 5472 contained in the Disclosure Package did not in any way influence Northern's decision to purchase the Subdivision.

2. DeWalt conducted its own land survey, which constituted the basis for the information conveyed and/or in depicted in DeWalt's tentative and final maps.

3. DeWalt's maps depicted observable physical facts in the Subdivision, such as existing street signs, all above-ground improvements (e.g. curb, gutter, sidewalks), stakes, lot corner tags and monuments.

4. The City never entered into any joint venture or business partnership of any type with Northern, Lotus Developments or DeWalt for purposes of developing the Subdivision.

5. The City never had an employer-employee relationship or an independent contractor relationship with Northern, Lotus or DeWalt.

6. The City has had no conversations with any of the other Defendants about using the Revised Tentative Map for Tract 5472 and/or the Martin-McIntosh improvement plans for any purpose in connection with developing the Subdivision.

7. The City has had no conversations with other Defendants regarding the processes or methodology each or all of them would use to prepare the Tentative Map for Tract 6451 or the Final Map for Tract 6451.

8. The City treated the Subdivision improvement plans and Revised Tentative Map for Tract 5472 as public records, believing that it could disseminate them to the public.

9. By providing the Martin-McIntosh improvement plans to DeWalt, the City never intended to encourage DeWalt, Northern or Lotus to infringe upon Plaintiff's alleged copyright interests.

10. The City did not intend to violate any copyright interests or encourage infringement by distributing the Developer Information Package to Northern, as alleged by Plaintiff.

11. Northern, Lotus or DeWalt have not used or relied upon the Subdivision improvement plans in any infringing manner in connection with the work performed in the Subdivision.

12. The City has not used or relied upon the Subdivision improvement plans for any purpose in connection with approving the DeWalt tentative and final maps.

13. None of the Defendants (Northern, DeWalt, and the City) have copied any protectable copyright elements of the Revised Tentative Map for Tract 5472.

14. The Revised Tentative Map for Tract 5472 and the Tentative Map for Tract 6451 are not substantially similar.

15. Thus far, the only work the NCUE and/or Lotus Developments have performed in connection with the improvements in the Valley Rose Estates has been repair work and maintenance work, such as repairing cracks in concrete, fixing street lights, repaving streets and performing landscaping work and lift station repairs.

| | | |
|---|---|---|
| 1 | 16. | The City ultimately paid for the construction, installation and acquisition of the Subdivision improvement plans. |
| 3 | 17. | Eugene Martin, Plaintiff's former business partner, acknowledges receiving payments from the City to the tune of $800,000 for work performed by Martin-McIntosh in connection with developing the Subdivision. |
| 6 | 18. | The City has made no profits from the allegedly infringing activities of which Plaintiff complains. |
| 8 | 19. | Plaintiff cannot establish that he has a copyright interest in the Revised Tentative Map for Tract 5472 or the improvement plans at issue in this litigation. |
| 10 | 20. | The City did not know, or have reason to know, of any allegedly infringing activities engaged in by Northern, Lotus or DeWalt, within the context of contributory infringement. |
| 13 | 21. | The City did not have the right and ability to supervise and/or control any of the allegedly infringing activities such that it may be found liable for vicarious infringement. |
| 16 | 22. | The City did not require NCUE or Lotus to submit improvement plans |
| 17 | 23. | The City provided the improvement plans to DeWalt after the City had already approved the Tentative Map for Tract 6451. |

Attachment "A" – Disputed Facts
Case No.  1:07-CV-01080 LJO-GSA