**ATTACHMENT "B" TO JOINT PRETRIAL STATEMENT**

**VIII.**

**POINTS OF LAW**

A.    **PLAINTIFF**

**Validity of Copyright**

1.    Whether technical drawings are copyrightable subject matter. 17 U.S.C. §§101, 102(a)(5); *Del Madera Properties v. Rhodes and Gardner*, 637 F.Supp. 262 (N.D. Cal.  1985); and *Del Madera Properties v. Rhodes and Gardner*, 820 F.2d 973 (9th Cir. 1987).

2.    Whether plaintiff has proven ownership of a valid copyright? 17 U.S.C. §§201-205; *Entertainment Research v. Genesis Creative Group*, 122 F.3d 1211, 1217 (9th Cir. 1997)**;** *Three Boys Music Corp. v. Bolton*, 212 F.3d 477, 486 (9th Cir. 2000).

3.    Whether plaintiff is the assignee of the copyrighted work? 17 U.S.C. §201(d)(1); *Urantia Foundation v. Maaherra*, 114 F.3d 955, 961 (9th Cir. 1997); Nimmer, Melville B., *Nimmer on Copyright*, 3:10.10[A] (2006).

4.    Whether the allegedly infringing work is a derivative work? 17 U.S.C. §§ 101, 103(b), 106(2); *Entertainment Research v. Genesis Creative Group*, 122 F.3d 1211, 1217 (9th Cir. 1997); *Durham Industries, Inc. v. Tomy Corp*., 630 F.2d 905 (2d Cir. 1980).

**Infringement Issues**

5.    Whether defendants copied plaintiff's copyrighted works? 17 U.S.C. §106; *S.O.S., Inc. v. Payday Inc.*, 886 F.2d 1081 (9th Cir. 1989); *Transgo, Inc. v. Ajac Transmission Parts Corp.,* 768 F.2d 1001 (9th Cir. 1985), cert denied, 474 U.S. 1059 (1986);

6.    Whether defendants had access to the copyrighted works? *Transgo, Inc. v. Ajac Transmission Parts Corp.,* 768 F.2d 1001 (9th Cir. 1985), cert denied, 474 U.S. 1059 (1986); *Sid and Marty Krofft Television Productions, Inc. v. McDonald's Corp*., 562 F.2d 1157, 1172 (9th Cir. 1977).

7.    Whether the copyrighted work and the allegedly infringing work are substantially similar? *Baxter v. MCA, Inc*., 812 F.2d 421, 425 (9th Cir. 1987).

1

8.      Whether if there was infringement, the copyrighted works were independently created. *Kamar International Inc. v. Russ Berrie and Co.,* .657 F.2d 1059 (9th Cir. 1981); *Overman v. Loesser* 205 F.2d 521, 523 (9th Cir. 1953).

9.      Whether creating a work based on the non-copyrightable expression of a copyrighted work, is copying within the meaning of 17 U.S.C. ; Donald Frederick Evans and Associates, Inc. v. Continental Homes, Inc. ; 785 F.2d 897 (11th Cir. 1986);  Imperial Homes Corp. v. Lamont, 458 F.2d 895 (5th Cir.1972); Gross v. Seligman, 212 F. 930 (2d Cir. 1914).

10.      Whether there was contributory copyright infringement by any of the defendants? *Sony Corp. v. Universal City Studios*, 464 U.S. 417, 437-438 (1984); *Lewis Galoob Toys, Inc. v. Nintendo of Am. Inc.*, 964 F.2d 965, 970 (9th Cir. 1992).

11.      Whether there was vicarious copyright infringement by any of the defendants? *Sony Corp. v. Universal City Studios*, 464 U.S. 417, 437-438 (1984); Fonovisa, Inc. v. Cherry Auction, Inc., 76 F.3d 259, 262-263 (9th Cir. 1996).

12.      Whether there was inducement of infringement by any of the defendants? *Metro - Goldwyn Mayer Studios Inc. v. Grokster, Ltd.*, 125 S.Ct. 2764 (2005).

**Damages**

13.      Whether the copyrighted works has a value according to actual damages within the meaning of 17 U.S.C. § 504?

14.      Whether profits can be construed to include impact fees received by a city within the meaning of 17 U.S.C. § 504?

15.      Whether there is a sufficient nexus between profits received by Defendants and the infringement sufficient to satisfy applicable standards for infringer's profits within the meaning of 17 U.S.C. § 504?

16.      Whether any joint infringers also acted as partners or "practically partners" and are, therefore, jointly liable for infringer's profits within the meaning of 17 U.S.C. § 501?. *Kamar International Inc. v. Russ Berrie and Co.,* .657 F.2d 1059 (9th Cir. 1981).

17.      Whether statutory damages are applicable within the meaning of 17 U.S.C. § 504?

///

2

**B.**     **DEFENDANTS, NORTHERN, LOTUS, and DeWALT**

Defendants' defense centers around the concept of independent creation, that ideas and facts are not copyrightable, that when the non-protectable elements are filtered out, Map 5472 and 6451 are not substantially similar.  Defendants also contend that even if Plaintiff prevails, he is not entitled to attorney's fees pursuant to 17 U.S.C Section 412.

**Points of law which Defendants believe may be disputed by Plaintiff include the following:**

1.     A copyright infringement action requires the copyright owner to prove copying of a copyrighted work by an infringer.  *Weissmann v. Freeman*, 868 F.2d 1313, 1320 (2d Cir. 1989).

2.     Copyright protection extends only to those components of a work that are original to the author.  *Feist Publications, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991).

3.     Proof of copyright infringement requires that the "constituent elements of the work that are original" were copied. *Feist Publications, Inc. v. Rural Tel. Serv. Co*., 499 U.S. 340, 361 (1991).

4.     Originality requires only that the work display "something irreducible, which is one man's alone".  *Bleistein v. Donaldson Lithographing Co.*, 188 U.S. 239, 250

5.     Substantial similarity may often be decided as a matter of law.  *Funky Films, Inc. v. Time Warner*, 462 F.3d 1072, 1076, (9th Cir. 2006).  *Shaw v. Lindheim*, 919 F.2d 1353, 1355 (9th Cir. 1990).  *See v. Durang*, 711 F.2d 141 (9th Cir. 1983).  *Warner Bros. v. American Broadcasting Co*., 720 F.2d 231, 240 (2nd Cir. 1983).

6.     In determining substantial similarity, one must filter out and disregard the non-protectable elements and inquire only whether the "protectable elements", standing alone, are substantially similar.  *Cavalier v. Random House*, 297 F.3d 815, 822 (9th Cir 2002). Apple Computer v. Microsoft, 35 F.3d 1435, 1442- 43, 46.

7.     In determining substantial similarity, one must examine both intrinsic and extrinsic factors.  The intrinsic test employs an ordinary person's subjective impression of the similarities and is the exclusive province of the jury.  The extrinsic test is objective.  It depends on specific criteria

3

1  which can be listed and analyzed.  It focuses on articulable similarities.  *Funky Films, Inc. v. Time*
2  *Warner,* 462 F.3d 1072, 1077, (9th Cir. 2006).

3      8.     A copyright owner in a civil infringement action may elect one of two types of
4  damages; (1) actual damages and "any additional profits of the infringer" or (2) statutory damages.
5  (17 U.S.C. Section 504(a)).

6      9.     If registration is not made within three months after first publication of the work or if
7  the copyright work was not registered prior to commencement of the infringement, the copyright
8  owner cannot recover statutory damages.  *(*17 U.S.C. Section 412); *Polar Bear Pools, Inc. v Timex*
9  *Corp.*, 384 F.3d 700, 707 n.5 (9th Cir. 2004).

10     10.    In addition to actual damages suffered as a result of infringement, the copyright
11 owner is entitled to recover any profits of the infringer that are attributable to the infringement and
12 that are not taken into account in computing the actual damages.  (17 U.S.C. §§§§ 504(b)).

13     11.    17 U.S.C. Section 505.

14     12.    17 U.S.C. Section 412.

15     13.    17 U.S.C. Section 106.

16     **Defendants' further body of points of law:**

17     14.    A copyright infringement action requires the copyright owner to prove copying of a
18 copyrighted work by an infringer.  *Weissmann v. Freeman*, 868 F.2d 1313, 1320 (2d Cir. 1989).

19     15.    Copyright protection extends only to those components of a work that are original to
20 the author.  *Feist Publications, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991).

21     16.    It is well-settled that copyright of a map does not give the author an exclusive right
22 to the symbols and key used in delineating boundaries of and locations within the territory depicted.
23 *United States v. Hamilton*, 583 F.2d 448, 451, (9th Cir. 1978).

24     17.    Proof of copyright infringement requires that the "constituent elements of the work
25 that are original" were copied. *Feist Publications, Inc. v. Rural Tel. Serv. Co*., 499 U.S. 340, 361
26 (1991).

27     18.    Originality requires only that the work display "something irreducible, which is one
28 man's alone".  *Bleistein v. Donaldson Lithographing Co.*, 188 U.S. 239, 250

4

1  19.  Without copying, there can be no infringement. *Mazer v. Stein*, 347 U.S. 201, 218

2  (1954).

3  20.  One may copyright a map by independently re-surveying an area even though the

4  result of that work might be identical to a map already in the public domain.  *Sheldon v Metro-*

5  *Goldwyn Pictures Corp*., 81 F.2d 49, 54 (2d Cir. 1936), Aff'd, 309 U.S. 390, 60 S.Ct. 681 (1940).

6  21.  Independent creation of drawings based upon examination of existing improvements

7  does not constitute infringement. *Kunycia v. Melville Co., Inc.,* 755 F. Supp. 566, 576, (S.D.N.Y.

8  1990).

9  22.  Copyright law does not authorize the ownership of ideas and ideas cannot be

10  copyrighted. *Harper & Row, Publishers, Inc. v. Nation Enterprises*, 471 U.S. 539, 547, (1985).

11  *Cooling Systems and Flexibles v. Stuart Radiator*, 777 F.2d 485, 491, (9th Cir. 1985). *Eli Attia v.*

12  *Society of N.Y. Hospital*, 201 F.3d 50 (2nd Cir.1999).

13  23.  Neither the facts nor the idea embodied in a map is protected by copyright. *Mason v.*

14  *Montgomery Data, Inc*., 967 F.2d 135, 140 (5th Cir. 1992).

15  24.  Objective facts and ideas are not copyrightable. *Satava v. Lowry,* 323 F.3d 805, 810

16  (9th Cir. 2003).

17  25.  Even when the idea and its expression are not completely inseparable, there may still

18  be only a limited number of ways of expressing the idea.  In such a case, the burden of proof is

19  heavy on the plaintiff who may have to show "near identity" between the works at issue. *Concrete*

20  *Machinery Co., Inc. v. Classic Lawn Ornaments, Inc*., 843 F.2d 600, 606 (1st Cir. 1988).

21  26.  The idea of the geological location of a physical object (pipeline) is not copyrightable

22  as lines depicting such on a map are the only way to express the idea of the location. *Kern River*

23  *Gas Transmission Co. v. Coastal Corp*, 899 F.2d 1458, 1464 (5th Cir. 1990).

24  27.  Constructed streets, curbs, gutters, manholes, walls, monuments and signs

25  constructed are concrete facts within the public domain visible for all to see.  Concrete facts are not

26  subject to copyright protection. *Cooling Systems and Flexibles, Inc. v. Stuart Radiator, Inc*., 777

27  F.2d 485, 490 (9th Cir. 1985).

28

5

28. Substantial similarity may often be decided as a matter of law. *Funky Films, Inc. v. Time Warner,* 462 F.3d 1072, 1076, (9th Cir. 2006). *Shaw v. Lindheim*, 919 F.2d 1353, 1355 (9th Cir. 1990). *See v. Durang*, 711 F.2d 141 (9th Cir. 1983). *Warner Bros. v. American Broadcasting Co.*, 720 F.2d 231, 240 (2nd Cir. 1983).

29. In determining substantial similarity, one must filter out and disregard the non-protectable elements and inquire only whether the "protectable elements", standing alone, are substantially similar. *Cavalier v. Random House*, 297 F.3d 815, 822 (9th Cir 2002). Apple Computer v. Microsoft, 35 F.3d 1435, 1442- 43, 46.

30. A compilation of random similarities scattered throughout the works is inherently subjective and unreliable and do not justify a finding of substantial similarity. *Cavalier v. Random House*, 297 F.3d 815, 825 (9th Cir 2002).

31. In determining substantial similarity, one must examine both intrinsic and extrinsic factors. The intrinsic test employs an ordinary person's subjective impression of the similarities and is the exclusive province of the jury. The extrinsic test is objective. It depends on specific criteria which can be listed and analyzed. It focuses on articulable similarities. *Funky Films, Inc. v. Time Warner,* 462 F.3d 1072, 1077, (9th Cir. 2006).

32. Inevitable similarity based upon a shared concept or idea results in a thin copyright which protects against only virtually identical copying. *Ets-Hokin v. Skyy Spirits, Inc*. 323 F.2d 763, 766 (9th Cir. 2003). *Apple Computer, Inc. v. Microsoft Corp*. 35 F.3d 1435, 1442 (9th Cir. 1994).

33. Where much of the similarity between forms was necessitated by the limited number copyrightable expressions available under the circumstances there was no infringement. *Kregos v. Associated Press*, 3 F.3d 656, 664, (2d. Cir. 1993).

34. The principles of equitable estoppel apply to copyright actions. *Hampton v. Paramount Pictures Corp*., 279 F.2d 100, 104 (9th Cir. 1960).

35. Laches is a viable defense to a copyright infringement suit. *Los Angeles News Service v. Tullo,* 973 F2d. 791, 799, (9th Cir. 1992); *Haas v. Leo Feist, Inc.* 234 F. 105, 108, (S.D.N.Y. 1916). To obtain a judgment on this affirmative defense, a defendant must prove both an

1  unreasonable delay by Plaintiff and prejudice to itself.  *King v. Hallmark Cards*, 225 F.3d 1030,
2  1036, (9th Cir. 2000).

3     36. Unclean hands prevents the copyright owner from asserting infringement.
4  *Supermarket of Homes, Inc., v. San Franando Valley Board of Realtors*, 786 F2d 1400, 1408, (9th
5  Cir. 1986).

6     37. A copyright owner in a civil infringement action may elect one of two types of
7  damages; (1) actual damages and "any additional profits of the infringer" or (2) statutory damages.
8  (17 U.S.C. Section 504(a)).

9     38. If registration is not made within three months after first publication of the work or if
10  the copyright work was not registered prior to commencement of the infringement, the copyright
11  owner cannot recover statutory damages.  *(17 U.S.C. Section 412); Polar Bear Pools, Inc. v Timex*
12  *Corp.*, 384 F.3d 700, 707 n.5 (9th Cir. 2004).

13     39. Every court to consider the issue has held that infringement commences for purposes
14  of section 412 when the first act in a series of acts constituting continuing infringement occurs.
15  *Derek Andrews, Inc. v. Poof Apparel*, 528 F.3d 696, 700- 701 (9th Cir. 2008).

16     40. In addition to actual damages suffered as a result of infringement, the copyright
17  owner is entitled to recover any profits of the infringer that are attributable to the infringement and
18  that are not taken into account in computing the actual damages.  (17 U.S.C. §§§§ 504(b)).

19     41. Where it is clear that not all of the profits are attributable to the infringing activity,
20  the copyright owner is not entitled to recover all of those profits merely because the infringer fails to
21  establish with certainty the portion attributable to the non-infringing elements.  Where the evidence
22  suggests some division which may rationally be used as a springboard it is the duty of the court to
23  make some apportionment.  It would certainly be unjust to give the plaintiffs everything because
24  defendants cannot, with certainty, compute their own share.  *Cream Records, Inc. v. Jos. Schlitz*
25  *Brewing Co.*, 754 F.2d 826, 828- 829, (9th Cir. 1985).

26     42. 17 U.S.C. Section 505; 17 U.S.C. 412.

27     43. Prevailing defendants are entitled to attorneys fees in copyright infringement cases;
28  *Fogerty v. Fantasy, Inc.,* 510 U.S. 517, 534.

44.     A defendant is a contributory infringer if it: (1) has knowledge of a third party's infringing activity, and (2) "induces, causes, or materially contributes to the infringing conduct." *Perfect 10, Inc. v. Visa International Service Association*, 494 F.3d 788, 795 (9th Cir. 2007).

45.     One who, with knowledge of the infringing activity, induces, causes or materially contributes to the infringing conduct of another, may be held liable as a contributory infringer." *Gershwin Publishing Corp. v. Columbia Artists Management, Inc*., 443 F.2d 1159, 1162 (2nd Cir. 1963).

46.     Contributory liability is predicated on either of two theories, proof that the defendant actively encouraged (or induced) infringement through specific acts or proof that the defendant distributed a product that is capable only of infringing uses.  *Metro-Goldwyn-Mayer Studios, Inc. v. Grokster, Ltd*., 545 U.S. 913, 942 (2005) (Ginsburg, J., concurring) (quoting *Sony Corporation v. Universal City Studios, Inc*., 464 U.S. 417, 442 (1984)).

47.     In instances where the copyrighted work that was distributed is capable of substantial lawful (i.e. non-infringing uses) uses, "mere knowledge of infringing potential or of actual infringing uses would not be enough … to subject a distributor to liability.  Nor would ordinary acts incident to product distribution, such as offering customers technical support or product updates, support liability in themselves.  The inducement rule, instead, premises liability on purposeful, culpable expression and conduct."  *Grokster*, *supra*, 545 U.S. at 937.

48.     The distribution of a product is considered contributory infringement only in instances where the distributor <u>intends and encourages</u> the use of the product for infringing uses. *Grokster*, *supra*, 545 U.S. at 940.

49.     Proof of direct infringement by a primary infringer is a necessary precondition to establishing both contributory and vicarious liability under the Copyright Act.  *MGM Studios Inc. v. Grokster Ltd, 380 F.3d 1154*; C*ontessa Food Products v. Lockpur Fish Processing Co*., 123 Fed.Appx. 747 (9th Cir. 2005) (re: contributory infringement being predicated on a finding of direct infringement against a primary infringer).

///
///

8

C.      **DEFENDANT, THE CITY OF WASCO**

**Direct Copyright Infringement**

1.      "Copyright does not prevent subsequent users from copying from a prior author's work those constituent elements that are not original, for example facts or materials in the public domain, as long as such use does not unfairly appropriate the author's original contributions." *Feist Publications, Inc. v. Rural Telephone Service Co., Inc*., 499 U.S. 340 (1991).

2.      To establish copyright infringement, two elements must be proven: (1) ownership of a valid copyright; and (2) copying of constituent elements of the work that are original. *Feist Publications, Inc. v. Rural Telephone Service Co., Inc*., 499 U.S. 340 (1991).

3.      Copyright protection extends only to those components of a work that are original to the author. *Feist Publications, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991).

4.      It is well-settled that copyright of a map does not give the author an exclusive right to the symbols and key used in delineating boundaries of and locations within the territory depicted. *United States v. Hamilton*, 583 F.2d 448, 451, (9th Cir. 1978).

5.  Proof of copyright infringement requires that the "constituent elements of the work that are original" were copied. *Feist Publications, Inc. v. Rural Tel. Serv. Co*., 499 U.S. 340, 361 (1991).

6.      Originality requires only that the work display "something irreducible, which is one man's alone". *Bleistein v. Donaldson Lithographing Co.*, 188 U.S. 239, 250

7      Without copying, there can be no infringement. *Mazer v. Stein*, 347 U.S. 201, 218 (1954).

8.      One may copyright a map by independently re-surveying an area even though the result of that work might be identical to a map already in the public domain. *Sheldon v Metro-Goldwyn Pictures Corp*., 81 F.2d 49, 54 (2d Cir. 1936), Aff'd, 309 U.S. 390, 60 S.Ct. 681 (1940).

9.      Independent creation of drawings based upon examination of existing improvements does not constitute infringement. *Kunycia v. Melville Co., Inc.,* 755 F. Supp. 566, 576, (S.D.N.Y. 1990).

10.      Copyright law does not authorize the ownership of ideas and ideas cannot be copyrighted. *Harper & Row, Publishers, Inc. v. Nation Enterprises*, 471 U.S. 539, 547, (1985).

9

1   *Cooling Systems and Flexibles v. Stuart Radiator*, 777 F.2d 485, 491, (9th Cir. 1985). *Eli Attia v.*

2   *Society of N.Y. Hospital*, 201 F.3d 50 (2nd Cir.1999).

3        11.    Neither the facts nor the idea embodied in a map is protected by copyright.  *Mason v.*

4   *Montgomery Data, Inc.*, 967 F.2d 135, 140 (5th Cir. 1992).

5        12.    Objective facts and ideas are not copyrightable.  *Satava v. Lowry,* 323 F.3d 805, 810

6   (9th Cir. 2003).

7        13.    Even when the idea and its expression are not completely inseparable, there may still

8   be only a limited number of ways of expressing the idea.  In such a case, the burden of proof is

9   heavy on the plaintiff who may have to show "near identity" between the works at issue.  *Concrete*

10  *Machinery Co., Inc. v. Classic Lawn Ornaments, Inc.*, 843 F.2d 600, 606 (1st Cir. 1988).

11       14.    The idea of the geological location of a physical object (pipeline) is not copyrightable

12  as lines depicting such on a map are the only way to express the idea of the location.  *Kern River*

13  *Gas Transmission Co. v. Coastal Corp*, 899 F.2d 1458, 1464 (5th Cir. 1990).

14       15.    Constructed streets, curbs, gutters, manholes, walls, monuments and signs

15  constructed are concrete facts within the public domain visible for all to see.  Concrete facts are not

16  subject to copyright protection.  *Cooling Systems and Flexibles, Inc. v. Stuart Radiator, Inc*., 777

17  F.2d 485, 490 (9th Cir. 1985).

18       16.    Substantial similarity may often be decided as a matter of law.  *Funky Films, Inc. v.*

19  *Time Warner,* 462 F.3d 1072, 1076 (9th Cir. 2006).  *Shaw v. Lindheim*, 919 F.2d 1353, 1355 (9th

20  Cir. 1990).  *See v. Durang*, 711 F.2d 141 (9th Cir. 1983); *Warner Bros. v. American Broadcasting*

21  *Co*., 720 F.2d 231, 240 (2nd Cir. 1983).

22       17.    In determining substantial similarity, one must filter out and disregard the non-

23  protectable elements and inquire only whether the "protectable elements", standing alone, are

24  substantially similar.  *Cavalier v. Random House*, 297 F.3d 815, 822 (9th Cir 2002). *Apple*

25  *Computer v. Microsoft*, 35 F.3d 1435, 1442- 43, 46.

26       18.    The copying of numbers is not a protected copyright interest.  *Southco, Inc. v.*

27  *Kanebridge Corporation*, 390 F.2d 276 (3rd Cir. 2004); *R & B, Inc. v. Needa Parts Manufacturing,*

28  *Inc*., 418 F.Supp.2d 684 (E.D. Pa. 2005).

19.     A compilation of random similarities scattered throughout the works is inherently subjective and unreliable and do not justify a finding of substantial similarity. *Cavalier v. Random House*, 297 F.3d 815, 825 (9th Cir 2002).

20.     In determining substantial similarity, one must examine both intrinsic and extrinsic factors. The intrinsic test employs an ordinary person's subjective impression of the similarities and is the exclusive province of the jury. The extrinsic test is objective. It depends on specific criteria which can be listed and analyzed. It focuses on articulable similarities. *Funky Films, Inc. v. Time Warner,* 462 F.3d 1072, 1077, (9th Cir. 2006).

21.     Inevitable similarity based upon a shared concept or idea results in a thin copyright which protects against only virtually identical copying. *Ets-Hokin v. Skyy Spirits, Inc.* 323 F.2d 763, 766 (9th Cir. 2003). *Apple Computer, Inc. v. Microsoft Corp.* 35 F.3d 1435, 1442 (9th Cir. 1994).

22.     Where much of the similarity between forms was necessitated by the limited number copyrightable expressions available under the circumstances there was no infringement. *Kregos v. Associated Press*, 3 F.3d 656, 664, (2d. Cir. 1993).

**Contributory Infringement**

23.     A defendant is a contributory infringer if it: (1) has knowledge of a third party's infringing activity, and (2) "induces, causes, or materially contributes to the infringing conduct." *Perfect 10, Inc. v. Visa International Service Association*, 494 F.3d 788, 795 (9th Cir. 2007).

24.     One who, with knowledge of the infringing activity, induces, causes or materially contributes to the infringing conduct of another, may be held liable as a contributory infringer." *Gershwin Publishing Corp. v. Columbia Artists Management, Inc*., 443 F.2d 1159, 1162 (2nd Cir. 1963).

25.     Contributory liability is predicated on either of two theories, proof that the defendant actively encouraged (or induced) infringement through specific acts or proof that the defendant distributed a product that is capable only of infringing uses. *Metro-Goldwyn-Mayer Studios, Inc. v. Grokster, Ltd*., 545 U.S. 913, 942 (2005) (Ginsburg, J., concurring) (quoting *Sony Corporation v. Universal City Studios, Inc*., 464 U.S. 417, 442 (1984)).

11

26.     In instances where the copyrighted work that was distributed is capable of substantial lawful (i.e. non-infringing uses) uses, "mere knowledge of infringing potential or of actual infringing uses would not be enough … to subject a distributor to liability.  Nor would ordinary acts incident to product distribution, such as offering customers technical support or product updates, support liability in themselves.  The inducement rule, instead, premises liability on purposeful, culpable expression and conduct."  *Grokster*, *supra*, 545 U.S. at 937.

27.     The distribution of a product is considered contributory infringement only in instances where the distributor <u>intends and encourages</u> the use of the product for infringing uses. *Grokster*, *supra*, 545 U.S. at 940.

28.     Proof of direct infringement by a primary infringer is a necessary precondition to establishing both contributory and vicarious liability under the Copyright Act.  *MGM Studios Inc. v. Grokster Ltd, 380 F.3d 1154*; C*ontessa Food Products v. Lockpur Fish Processing Co*., 123 Fed.Appx. 747 (9th Cir. 2005) (re: contributory infringement being predicated on a finding of direct infringement against a primary infringer).

**Vicarious Infringement**

29.     To state a claim for vicarious copyright infringement, a plaintiff must prove that the defendant has (1) the right and ability to supervise the infringing conduct and (2) a direct financial interest in the infringing activity.  *Perfect 10, Inc. v. Visa International Service Association*, 494 F.3d 788, 802 (9th Cir. 2007).

30.     *Deutsch v. Arnold*, 98 F.2d 686 (2nd Cir. 1938) is a landlord-tenant line of vicarious infringement case in which courts have found landlords not to be vicariously liable for the infringing acts of their tenants in instances where the landlord exercises no control over the leased premises, has no knowledge of the tenants' infringing acts, and in no way contributes to infringement.  The City contends that the facts of the instant case resemble these line of cases more than they do the "dance hall cases" such as *Buck v. Jewell-LaSalle Realty Co*., 238 U.S. 191 (1931), in which vicarious infringement was found.

31.     The City did not have the right and ability to supervise infringing conduct and, therefore, did not control the development of the Subdivision within the context of copyright law.

12

32.     The City's performance of routine municipal functions, such as reviewing, approving or denying the approval of tentative and final maps, without more, cannot constitute vicarious infringement.

33.     The City's power to review, approve or deny approval of tentative and final maps is circumscribed by California law and the City's own ordinances. *See, e.g.* California Government Code §§ 65455 (requirement that the City make findings in support of its decision to approve or disprove a tentative or final map), 66473 (in determining whether to approve or disprove a tentative map, a city can apply only those ordinances, policies and standards which were in effect at the time the application was determined to be complete), 66473.1, 66474 (requiring that local agencies deny tentative maps if it makes any of the findings stated in California Government Code § 66474), 66474.1; City of Wasco Municipal Code § 16.20.080 (requirement that the City approve the final map if it substantially complies with the tentative map), 16.16.110 (requirement that the City make findings in support of its decision to approve or disprove a tentative or final map).

34.     The approval of a final map is a ministerial act. *Anthony v. Snyder*, 116 Cal.App.4[th] 643 (2004).

35.     Applicants for tentative and/or final maps may challenge a city's denial of a tentative map by filing a petition for a writ of mandate under California Code of Civil Procedure § 1094.5 contending that the city abused its discretion.

36.     The approval or denial of a final map may be challenged through an ordinary writ of mandate under Code of Civil Procedure § 1085. *Youngblood v. Board of Supervisors*, 22 Cal.3d 644 (1978).

**<u>Cases Concerning Motive for City's Distribution of Copyright (to rebut Claims of intent to encourage infringement)</u>**

37.     The City's alleged distribution of the tentative map and/or improvement plans at issue in this litigation was done pursuant to the belief that these drawings were public records and, therefore, could be freely distributed.

38.     The City's rationale is supported by various California statutes and City ordinances, including the Public Records Act (California Government Code § 6250 *et seq.*), the Ralph M. Brown

13

1  Act (California Government Code § 54950 *et seq*.), the California Environmental Quality Review

2  Act (*see, e.g.* Public Resources Code §§ 21092(a), 21092(b), 21064.5, 21092, 21092.2, CEQA

3  Guidelines § 15072), all of which concern disseminating maps to the public in connection with

4  public hearings on the environmental compliance review process), the Subdivision Map Act and

5  City of Wasco Municipal Code § 16.16.090.[1]

6      39.    Each of these statutes either classify materials possessed by a governmental agency as

7  public records or require that these materials be disseminated to the public either as part of a public

8  hearing requirement or to ensure that the decision making of public agencies are transparent.

9  **Damages**

10     40.    17 U.S.C.S. § 504(b) erects a two-prong "profits" structure, treating "direct" and

11  "indirect" profits distinctly.  "Direct profits" are those that are generated by selling an infringing

12  product; "indirect" profits, in counterpoint, are defined as revenue that has a more attenuated nexus

13  to the infringement.  *Lynch v. Trendwest Resorts, Inc*., 64 Fed. Appx. 44 (9th Cir. 2003).

14     41.    The phrase "actual damages" is defined as the extent to which the market value of a

15  copyrighted work has been injured or destroyed by an infringement. To determine the work's

16  "market value" at the time of the infringement, a hypothetical approach is endorsed: what a willing

17  buyer would have been reasonably required to pay to a willing seller for the owner's work.  *Mackie*

18  *v. Rieser*, 296 F.3d 909  (9th Cir. 2002).

19     42.    In the copyright infringement context, actual damages, and its accompanying "market

20  value" test, is essentially an objective rather than a subjective measure of damages. *Mackie v. Rieser*,

21  296 F.3d 909  (9th Cir. 2002).

22     43.    A plaintiff seeking "indirect" profits under 17 U.S.C.S. § 504(b), is required to

23  proffer some evidence to create a triable issue regarding whether the infringement at least partially

24  caused the profits that the infringer generated as a result of the infringement. Sufficient non-

25  speculative evidence of a connection between the infringement and the profits generated indirectly is

26

27  _____

28  [1] A public hearing is also encouraged under the CEQA.  CEQA Guidelines, § 15202(a), (g).  But see CEQA Guidelines, § 15074.1(a) (to avoid re-circulating a proposed negative declaration, a public agency must hold a public hearing before substituting equivalent of more effective mitigation measures).

1   necessary to sustain an "indirect" profits claim."  *Lynch v. TrendWest Resorts, Inc.,* 64 Fed. Appx.

2   44, 2003 U.S. App. LEXIS 7469 (9th Cir. 2003).

3        44.    A plaintiff in a copyright infringement action must establish a sufficient causal

4   connection between the infringement and the infringer profits it seeks to recover.  *Polar Bear*

5   *Productions, Inc. v. Timex Corp.*, 384 F.3d 700 (9th Cir. 2004).

6        45.    Actual damages are usually determined by the loss in the fair market value of the

7   copyright, measured by the profits lost due to the infringement or by the value of the use of the

8   copyrighted work to the infringer.  *Polar Bear Productions, Inc. v. Timex Corp.*, 384 F.3d 700 (9th

9   Cir. 2004).

10       46.    Under 17 U.S.C.S. § 504(b) actual damages must be suffered "as a result of the

11  infringement," and recoverable profits must be attributable to the infringement."  From the statutory

12  language, it is apparent that a causal link between the infringement and the monetary remedy sought

13  is a predicate to the recovery of both actual damages and profits.  *Polar Bear Productions, Inc. v.*

14  *Timex Corp.*, 384 F.3d 700 (9th Cir. 2004).

15       47.    Damages must be proved and not just dreamed.  *Polar Bear Productions, Inc. v.*

16  *Timex Corp.*, 384 F.3d 700 (9th Cir. 2004).

17       48.    Because the amount of profits attributable to infringement in an indirect profits case

18  is not always clear, the copyright holder must establish the existence of a causal link before indirect

19  profits damages can be recovered.  *Polar Bear Productions, Inc. v. Timex Corp.*, 384 F.3d 700 (9th

20  Cir. 2004).

21       49.    A district court can preclude recovery of a defendant's profits if they are only

22  remotely or speculatively attributable to the infringement. In the same vein, in a copyright action, a

23  trial court is entitled to reject a proffered measure of damages if it is too speculative. A district court

24  must conduct a threshold inquiry into whether there is a legally sufficient causal link between the

25  infringement and subsequent indirect profits. Such an approach dovetails with common sense - there

26  must first be a demonstration that the infringing acts had an effect on profits before the parties can

27  wrangle about apportionment.

28  ///

15

50.     When an infringer's profits are only remotely and speculatively attributable to infringement, courts will deny recovery to the copyright owner.  *Polar Bear Productions, Inc. v. Timex Corp.*, 384 F.3d 700 (9th Cir. 2004).

51.     17 U.S.C.S. creates a two step process for the recovery of indirect profits: (1) the copyright claimant must show a causal nexus between the infringement and the gross revenue; and (2) once the causal nexus is shown, the infringer bears the burden of apportioning the profits that were not the result of infringement.  *Polar Bear Productions, Inc. v. Timex Corp.*, 384 F.3d 700 (9th Cir. 2004).

52.     Even if it is suspected that a copyright infringer derived some quantum of profits from the infringement because its infringement was part of promotional efforts, it nevertheless remains the duty of the plaintiff to establish a causal connection between the infringement and gross revenue reasonably associated with the infringement.  *Polar Bear Productions, Inc. v. Timex Corp.*, 384 F.3d 700 (9th Cir. 2004).

53.     If Plaintiff fails to prove its infringement claims against Northern, DeWalt or Lotus, then the impact fee aspect of its damage claims against the City will fail to satisfy *Polar Bear's* two prong test for the recovery of indirect profits.

54.     A copyright owner in a civil infringement action may elect one of two types of damages; (1) actual damages and "any additional profits of the infringer" or (2) statutory damages. (17 U.S.C. Section 504(a)).

55.     If registration is not made within three months after first publication of the work or if the copyright work was not registered prior to commencement of the infringement, the copyright owner cannot recover statutory damages.  *(*17 U.S.C. Section 412); *Polar Bear Pools, Inc. v Timex Corp.*, 384 F.3d 700, 707 n.5 (9th Cir. 2004).

56.     17 U.S.C. Section 505; 17 U.S.C. 412.

57.     Every court that has considered the issue has held that infringement commences for purposes of section 412 when the first act in a series of acts constituting continuing infringement occurs.  *Derek Andrews, Inc. v. Poof Apparel*, 528 F.3d 696, 700- 701 (9th Cir. 2008).

///

16

58.     In addition to actual damages suffered as a result of infringement, the copyright owner is entitled to recover any profits of the infringer that are attributable to the infringement and that are not taken into account in computing the actual damages.  (17 U.S.C. §§§§ 504(b)).

59.     Where it is clear that not all of the profits are attributable to the infringing activity, the copyright owner is not entitled to recover all of those profits merely because the infringer fails to establish with certainty the portion attributable to the non-infringing elements.  Where the evidence suggests some division which may rationally be used as a springboard it is the duty of the court to make some apportionment.  It would certainly be unjust to give the plaintiffs everything because defendants cannot, with certainty, compute their own share.  *Cream Records, Inc. v. Jos. Schlitz Brewing Co.*, 754 F.2d 826, 828- 829, (9th Cir. 1985).

60.      Where a copyright owner did not register its copyright before infringement, it can recover only actual damages and profits under 17 U.S.C.S. § 504(b), not statutory damages under § 504(c).  *Polar Bear Productions, Inc. v. Timex Corp.*, 384 F.3d 700 (9th Cir. 2004).

61.     Prevailing defendants are entitled to attorneys fees in copyright infringement cases.  *Fogerty v. Fantasy, Inc.,* 510 U.S. 517, 534.

62.     Impact fees are not profits as a matter of law.  *See, e.g*. Mitigation Fee Act (California Government Code § 66000 *et seq*.) (establishing purposes for collection of fees and conditions on use of such fees).

63.     Impact fees are: (1) levied to fund public facilities and services necessary to serve new developments; (2) levied in an amount that is proportionate to the need for the public facilities and services necessary to serve a new development; and (3) required to be spent for the purposes they are levied. (California Government Code § 66000 *et seq*.)

64.     The City of Wasco's Municipal Code establishes the purposes for which various fees, including impact fees are collected.  See Chapters 12, 13 and 16.  None of the purposes include generating "profit" as the term is defined under copyright law.

65.     A defendant is not jointly and severally liable for the infringer profits earned by a co-defendant.  *MCA, Inc. v. Wilson*, 677 F.2d 180 (2nd Cir. 1981); *Pacific Information Systems v. Simple Communications*, 2008 U.S. Dist. LEXIS 98943  (N.D. Cal. 2008).

17

66.     The rule of several liability for profits applies, at least, where defendants do not act as partners, or "practically partners." *Frank Music Corp. v. Metro-Goldwyn-Mayer*, 772 F.2d 505 (9th Cir. 1985).

67.     *Sammons v. Colonial Press, Inc*., 126 F.2d 341, 346-47 (1st Cir. 1942) (court refused to hold printer jointly liable for publisher's profits since printer was paid a fixed price for work, payable whether or not infringing books made profit).

**Equitable Estoppel**

68.     The principles of equitable estoppel apply to copyright actions. *Hampton v. Paramount Pictures Corp*., 279 F.2d 100, 104 (9th Cir. 1960).

**Laches**

69.     Laches is a viable defense to a copyright infringement suit. *Los Angeles News Service v. Tullo,* 973 F2d. 791, 799, (9th Cir. 1992); *Haas v. Leo Feist, Inc.* 234 F. 105, 108, (S.D.N.Y. 1916).  To obtain a judgment on this affirmative defense, a defendant must prove both an unreasonable delay by Plaintiff and prejudice to itself.  *King v. Hallmark Cards*, 225 F.3d 1030, 1036, (9th Cir. 2000).

**Unclean Hands**

70.     Unclean hands prevents the copyright owner from asserting infringement. *Supermarket of Homes, Inc., v. San Fernando Valley Board of Realtors*, 786 F2d 1400, 1408, (9th Cir. 1986).

**Fair Use**

71.     17 U.S.C. § 106.

**Miscellaneous**

72.     The process the City of Wasco follows in reviewing, approving or denying tentative maps is specified in Chapter 16 of the Wasco Municipal Code.

73.     With regards to the construction of sidewalks, curbs and gutters, the City follows the procedures set forth in Chapter 12 of the Wasco Municipal Code.

74.     The City of Wasco follows the procedures set forth in Chapter 16 of the Wasco Municipal Code with respect to the development of subdivisions.  The California Subdivision Map

18

1 | Act also governs the development of subdivisions in California (California Government Code §

2 | 66410 *et seq.*).

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Attachment "B" – Points of Law
Case No.  1:07-CV-01080 LJO-GSA