Steven J. Hassing
California SBN 152125
LAW OFFICES OF STEVEN J. HASSING
425 Calabria Court
Roseville, CA 95747
Telephone: (916) 677-1776
Facsimile: (916) 677-1770

Attorney *for Defendant, Northern California Universal Enterprise Company and Lotus Developments, L.P.*

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROGER MCINTOSH,<br><br>　　　　　　　　　　　　Plaintiff(s);<br>v.<br><br>NORTHERN CALIFORNIA UNIVERSAL ENTERPRISES COMPANY, ET AL.,<br><br>　　　　　　　　　　　　Defendant(s). | No. 1:07-CV-01080-LJO-GSA<br><br>**NORTHERN'S, AND LOTUS'S — JOINED BY DEWALT — MOTION IN LIMINE NUMBER 2**<br><br>**TO PRECLUDE COMMENT INDICATING THAT ANY DEFENDANT INFRINGED ANY COPYRIGHT INTEREST IN THE IMPROVEMENT PLANS PREPARED BY PLAINTIFF**<br><br>DATE: FEBRUARY 12, 2010<br>TIME: 1:30 P.M.<br>DEPT.: 4 (LJO)<br><br>TRIAL DATE: MARCH 1, 2010<br><br>HONORABLE LAWRENCE O'NEILL |

　　　Northern and Lotus — joined by DeWalt — move this Court for an Order precluding Plaintiff from commenting or arguing that these Defendants violated his copyright of subdivision improvement plans unless he can, (1) demonstrate evidence of any copying; (2) explain how plans for these utilitarian objects, (sewers, water lines,

1

storm drains, streets, curbs, gutters, sidewalks, landscape and walls) are copyrightable,

and (3) demonstrate that the improvement plans were completed by the end of 1992.

### Points and Authorities in Support of Northern's Motion in Limine Number 2

### FACTS

In early 1992, McIntosh contracted with Legacy to prepare the technical drawings necessary for the construction of the underground utilities, (sewer, water and storm drain) as well as those for construction of the streets, curbs, gutters, landscaping, a pump station and walls within proposed subdivision 5472.  The improvement plans were not drafted in 1992.  In 1994, after all of the improvements were constructed, Legacy went bankrupt.

In 2002, The City of Wasco purchased the parcel at a tax sale and became the owner of the improvements that Legacy had constructed pursuant to McIntosh's plans.  In December of 2004, The City sold the parcel and the improvements to Lotus.  Northern then hired DeWalt to create new tentative and final maps to allow for the construction of 68 homes.

DeWalt surveyed all visible improvements, (physical facts), readily visible to the surveyors as they walked the site taking measurement of each such fact.

DeWalt obtained a copy of Plaintiff's improvement plans from The City.  By reviewing those plans, DeWalt was able to ascertain what had been constructed underground and noted their presence on the face of the maps it prepared.

Since all of the improvements required by The City for this 68 lot subdivision had already been constructed, and because The City already had the plans, it did not require new plans from Northern, Lotus or DeWalt.  (para 2, Hassing dec.).

In 2007, Plaintiff registered a copyright of "Land Planning Drawings and Landscape Design" created in <u>1992</u>.  (para 3, Hassing dec.).

## LEGAL ARGUMENT

**A.     As to Copying**

There is no dispute over the foregoing facts.  Plaintiff has produced no evidence to indicate that Northern, Lotus or DeWalt copied any of the improvement plans.  Instead, Plaintiff argues that were it not for McIntosh's improvement plans, Lotus's subdivision map could not have been finaled without Lotus having to pay some engineer to create improvement plans and pay to have improvements constructed.  While true, Plaintiff has not pointed to any legal authority supporting a copyright infringement claim against moving defendants who have not copied the improvement plans.

Plaintiff cannot make a case for copyright infringement of its improvement plans without evidence of copying.  *Feist Publications, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361.  Without some evidence of copying, Plaintiff should not be allowed to confuse the jury with comment or argument intended to make the jury believe that such copying took place.

**B.     As to "Utilitarian Exception"**

Plaintiff claims copyright of the improvement plans under 17 U.S.C section 102(a)(5) which covers pictorial or graphic works including maps, technical drawings and architectural plans.  Before commenting to the jury on Defendant's infringement of his copyright as to those plans, Plaintiff must explain the theory under which he claims

copyright protection of drawings of exclusively <u>utilitarian articles</u> which are not protected by copyright law.

The Copyright Act does not protect drawings or plans of utilitarian works.  The design of a "useful article" is only protected to the extent that "such design incorporates pictorial, graphic, or sculptural features that can be identified separately from, and are capable of existing independently of, the utilitarian aspects of the article." (17 U.S.C. § 101).

A "useful article" is defined as "an article having an intrinsic utilitarian function that is not merely to portray the appearance of the article or to convey information."  (17 U.S.C. § 101); *Fabrica Inc. v. El Dorado Corp.*, 697 F.2d 890, 893 (9th Cir. 1983).  Also see *Barnhart Inc. v. Economy Cover Corp.*, 773 F.2d 411 (1985) (where the court held that mannequins of partial human torsos used to display clothing were utilitarian works not entitled to copyright protection), and *Brandir International, Inc. v. Cascade Pacific Lumber Co.*, 834 F.2d 1142 (1987) (where the court held that a bicycle rack was a utilitarian object not entitled to copyright protection).

**C.    Plaintiff's Copyright Does Not Include Documents Completed After 1992**

Plaintiff registered a copyright of drawings completed in <u>1992</u>.  The plans created in 1993 were not registered and cannot be included in this lawsuit.  (17 U.S.C sec 411(a)).

///

///

///

**Declaration of Steven J Hassing in Support of Northern's,
Motion in Limine Number 2**

I, Steven J Hassing, declare;

1.      I represent Northern and Lotus herein and have personal knowledge of the facts stated below.

2.      Attached hereto as Exhibit "A" are true and correct copies of excerpts from the January 20, 2009 deposition of Keith Woodcock, Wasco's Planning Director at the time Lotus's Subdivision Agreement was entered into.  (7; 8- 9; 25), (10; 21- 11; 7), (13; 18- 14; 12), (29; 2-8)

3.      Attached hereto as Exhibit "B" is a true and correct copy of Plaintiff's February 22, 2007 Registration Certificate.

   I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Dated this 26 day of January, 2010            /s/ Steven J. Hassing, Esq.
                                              Steven J Hassing, Attorney for
                                              defendants, Northern and Lotus

# CERTIFICATE OF SERVICE

1. On January 28, 2010, I served the following document:

- **NORTHERN'S, AND LOTUS'S — JOINED BY DEWALT — MOTION IN LIMINE NUMBER 2**

2. The above-named document was served by the following means to the persons as listed below:

__XX__  United States Mail, first class postage fully prepaid and addressed to:

James Braze
Jeffrey Travis
Borton, Petrini, LLP
1600 Truxtun Avenue
Bakersfield, CA  93301

Chaka Okadigbo
Garcia Calderon Ruiz, LLP
520 South Grand Avenue, Ste. 695
Los Angeles, CA  90071

William L. Alexander
Tenielle E. Cooper
Alexander & Associates
1925 G Street
Bakersfield, CA  93301

_____ By fax transmission. I faxed the document to the persons at the fax number listed below. No error was reported by the fax machine that I used. A copy of the record of the fax transmission is attached.

I declare under penalty of perjury that the foregoing is true and correct.

Dated this 28th day of January, 2010.

/s/ Kimberley A. Hassing
Kimberley A. Hassing