Steven J. Hassing
California SBN 152125
LAW OFFICES OF STEVEN J. HASSING
425 Calabria Court
Roseville, CA  95747
Telephone:  (916) 677-1776
Facsimile:   (916) 677-1770

Attorney *for Defendant, Northern California Universal Enterprise Company and Lotus Developments, L.P.*

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROGER MCINTOSH,<br><br>                              Plaintiff(s);<br>v.<br><br>NORTHERN CALIFORNIA UNIVERSAL ENTERPRISES COMPANY, ET AL.,<br><br>                              Defendant(s). | No.  1:07-CV-01080-LJO-GSA<br><br>**NORTHERN'S AND LOTUS'S MOTION IN LIMINE NUMBER 3**<br><br>**TO PRECLUDE PLAINTIFF FROM COMMENTING OR ARGUING THAT THESE DEFENDANTS VIOLATED HIS COPYRIGHT OF PUMP STATION AND LANDSCAPE PLANS**<br><br>DATE:   FEBRUARY 12, 2010<br>TIME:   1:30 P.M.<br>DEPT.:  4 (LJO)<br><br>TRIAL DATE:  MARCH 1, 2010<br><br>HONORABLE LAWRENCE O'NEILL |

   Northern moves this Court for an Order precluding Plaintiff from commenting or arguing that these Defendants violated his copyright of pump station and landscape plans by virtue of Northern having possession thereof and referring to same in making City ordered repairs unless he can, (1) demonstrate to this Court, evidence of any copying; (2)

1

explain how plans for these utilitarian objects, (pump station plans and landscape) are copyrightable, and (3) demonstrate that the pump station plans and landscape plans were completed by the end of 1992.

**Points and Authorities in Support of Northern's Motion in Limine Number 3**

**FACTS**

Northern acknowledges that The City provided Plaintiff's pump station and Landscape plans for Northern to refer to in making City required repairs. Northern's president has testified that Northern did not copy either set of plans. He will testify that he looked at both sets of plans, as did employees, while determining how to repair a problem with the electrical system at the pump station and how to replace destroyed or dead landscaping.

**ARGUMENT**

**A.     As to Copying**

Plaintiff has produced no evidence to indicate that Northern copied the pump station or landscape plans. Instead, Plaintiff argues that "possession" while making repairs is infringement. Plaintiff has not pointed to any legal authority supporting a tenable copyright infringement claim without copying. Infringement requires copying. *Feist Publications, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361. Without some evidence of copying, Plaintiff should not be allowed to confuse the jury with comment or argument intended to make the jury believe that such copying took place.

///

///

**B.     As to Utilitarian Exception**

Before commenting to the jury on Northern's infringement of his copyright as to those plans, Plaintiff must explain the theory under which he claims copyright protection of drawings of exclusively utilitarian articles which are not protected by copyright law.

The Copyright Act does not protect plans of utilitarian works. The design of a "useful article" is only protected to the extent that "such design incorporates pictorial, graphic, or sculptural features that can be identified separately from, and are capable of existing independently of, the utilitarian aspects of the article." 17 U.S.C. § 101.

A "useful article" is defined as "an article having an intrinsic utilitarian function that is not merely to portray the appearance of the article or to convey information."  (17 U.S.C. § 101); *Fabrica Inc. v. El Dorado Corp.*, 697 F.2d 890, 893 (9th Cir. 1983).  Also see *Barnhart Inc. v. Economy Cover Corp.*, 773 F.2d 411 (1985) and *Brandir International, Inc. v. Cascade Pacific Lumber Co.*, 834 F.2d 1142 (1987).

**C.     Plaintiff's Copyright Does Not Include Documents Completed After 1992**

Plaintiff registered a copyright of drawings completed in 1992.  The pump station and landscape plans were created after 1992 and cannot be included in this lawsuit.  (17 U.S.C sec 411(a)).

Dated this 26 day of January, 2010                                  /s/ Steven J. Hassing, Esq.
                                                                                              Steven J Hassing, Attorney for
                                                                                              defendants, Northern and Lotus

**CERTIFICATE OF SERVICE**

1. On January 28th, 2010, I served the following document:

   - **NORTHERN'S AND LOTUS'S MOTION IN LIMINE NUMBER 3**

2. The above-named document was served by the following means to the persons as listed below:

__XX__   United States Mail, first class postage fully prepaid and addressed to:

James Braze
Jeffrey Travis
Borton, Petrini, LLP
1600 Truxtun Avenue
Bakersfield, CA  93301

Chaka Okadigbo
Garcia Calderon Ruiz, LLP
520 South Grand Avenue, Ste. 695
Los Angeles, CA  90071

William L. Alexander
Tenielle E. Cooper
Alexander & Associates
1925 G Street
Bakersfield, CA  93301

_____ By fax transmission. I faxed the document to the persons at the fax number listed below. No error was reported by the fax machine that I used. A copy of the record of the fax transmission is attached.

I declare under penalty of perjury that the foregoing is true and correct.

Dated this 28th day of January, 2010.

/s/ Kimberley A. Hassing
Kimberley A. Hassing