**William L. Alexander** (State Bar Number 126607)
**Tenielle E. Cooper** (State Bar Number 226717)
Alexander & Associates, PLC
1925 G Street
Bakersfield, CA  93301
Phone:  (661) 316-7888
Fax:  (661) 316-7890

**Attorneys for Defendant, Dennis W. DeWalt, Inc.**

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION

| | |
|---|---|
| ROGER McINTOSH,<br><br>                    Plaintiff,<br><br>vs.<br><br>NORTHERN CALIFORNIA UNIVERSAL ENTERPRISES COMPANY, a California Corporation, et al,<br><br>                    Defendants. | Case No.  1:07-CV-01080 LJO-GSA<br><br>**DeWALT and DEFENDANTS' JOINT MOTION *IN LIMINE* No. 1 - TO PRECLUDE REFERENCE TO OR USE OF THE TERM  "PARTNERSHIP" OR "JOINT VENTURE" AS BETWEEN DEFENDANTS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date:        February 12, 2010<br>Time:        1:30 p.m.<br>Courtroom: 4<br>Judge:       Hon. Lawrence J. O'Neill |

   Defendant DENNIS W. DeWALT, INC., joined by defendants NORTHERN CALIFORNIA UNIVERSAL ENTERPRISES COMPANY ("NORTHERN"), LOTUS DEVELOPMENTS, LLP ("LOTUS") and CITY OF WASCO ("CITY"), respectfully move the Court *in limine* for an order to preclude plaintiff from referring to defendants, and each of them, as "partners" or in a "partnership" or "joint venture" with each other in any phase of the trial and during *voir dire*.  This motion is made on the grounds that injection of the aforementioned terms into the trial of this case, including but not limited to references during voir dire, opening statements, questions to witnesses, comments on evidence, objections, and/or closing arguments, would result in irreparable prejudice and harm to

1                       Case No. 1:07-CV-01080 LJO-GSA

**Alexander & Associates**
**Attorneys at Law**
**1925 G Street**
**Bakersfield, CA 93301**
**(661) 316-7888**

DeWALT and DEFENDANTS' JOINT MOTION *IN LIMINE* No. 1 - TO PRECLUDE REFERENCE TO
OR USE OF THE TERM  "PARTNERSHIP" OR "JOINT VENTURE" AS BETWEEN DEFENDANTS

1  defendants' cases, which no curative instruction by the Court to the jury could properly heal.

2  DeWALT and defendants further request the Court to order all counsel, parties, and witnesses (including "independent" witnesses) to comply with this Court's rulings, and to abstain from any reference to the aforementioned terms and topics without first obtaining the express permission of the Court outside the presence of the jury.

DeWALT and defendants jointly submit the following memorandum of points and authorities thereon.

## MEMORANDUM OF POINTS AND AUTHORITIES

### INTRODUCTION

Plaintiff's counsel has intimated that he plans to attempt to establish at trial that defendants, and each of them, were "partners" or acting "like" partners or in a "joint venture" in the Valley Rose Estates project, so as to create the impression that if one defendant is liable for copyright infringement, they should all be liable together.  This utilization of "partner" and/or "joint venture" will be used not only for the assessment of copyright infringement liability amongst the defendants, but as to joint liability for damages as well.  Throughout the discovery in this case there has been no testimony or documents presented that in any way evidence or tend to show any type of partnership or joint venture – actual or otherwise – as between and amongst any of the defendants, except as between NORTHERN and LOTUS who are general partners.

Allowing plaintiff to intimate partnership or a joint venture, or to refer to, or to address, any of the defendants as partners or joint venturers would prove would misleading to the jurors, would confuse issues, and would be unduly prejudicial to defendants and given that no partnerships or joint ventures exist.  Moreover, plaintiff's "joint liability for infringer profits" damages theory is misplaced.  Accordingly, on both bases, reference to "partnership" and/or "joint venture" is inaccurate, inappropriate, and should be precluded from introduction at trial.

### DISCUSSION

A.   THE COURT MAY EXCLUDE EVIDENCE *IN LIMINE*.

A party may make a motion *in limine* for the purpose of limiting the disclosure and use of evidence in front of the jury. This Court has the authority to grant motions *in limine* under the

2        Case No. 1:07-CV-01080 LJO-GSA

Alexander & Associates
Attorneys at Law
1925 G Street
Bakersfield, CA 93301
(661) 316-7888

DeWALT and DEFENDANTS' JOINT MOTION *IN LIMINE* No. 1 - TO PRECLUDE REFERENCE TO
OR USE OF THE TERM  "PARTNERSHIP" OR "JOINT VENTURE" AS BETWEEN DEFENDANTS

appropriate circumstances, which fall within the inherent authority of the court to manage trials. (See *G. Heileman Brewing Co. v. Joseph Oat Corp.,* 871 F. 2d 648, 653 n.6 (7th Cir. 1989); *In re Japanese Elec. Products Antitrust Litigation,* 723 F.2d 238, 260 (3d Cir. 1983), *rev'd on other grounds*, *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574 (1986).

B. <u>NONE OF THE DEFENDANTS WERE, NOR ACTED AS, PARTNERS OR IN A JOINT VENTURE</u>.

The basic definition of a partnership is:

> "A business owned by two or more persons that is not organized as a corporation. A voluntary contract between two or more competent persons to place their money, effects, labor, and skill, or some or all of them, in lawful commerce or business, **with the understanding that there shall be a proportional sharing of the profits and losses between them**." (Emphasis added.)

(See Black's Law Dict. (abr. 6th ed. 1991) p. 773, col. 2.; see also Cal. Corp. Code §16101(9).)

Similarly, "[a] joint venture is an undertaking by two or more persons jointly to carry out a single business enterprise for profit." (*Weiner v. Fleischman*, 54 Cal.3d 476, 482.) Under California law, a joint venture, like a partnership, is formed via written agreement or by "parol agreement…, or it may be assumed as a reasonable deduction from the acts and declarations of the parties." (*April Enters., Inc. v. KTTV*, 147 Cal. App.3d 805, 819.) The elements necessary to create a joint venture are: (1) "joint interest in a common business; (2) with an understanding to share profits and losses; and (3) a right to joint control." (*April Enters.*, 147 Cal.App.3d at 819.) Accordingly, under California case law, the main factual elements to evaluate when assessing the existence of partnership or a joint venture is whether or not the parties anticipated sharing in the profits and losses of an ongoing business or in a single business transaction, and the parties' rights of joint management and control of the business. (*Bank of California v. Connolly* 36 Cal.App.3d 350, 364; citing 3 Witkin, Summary of Cal. Law (7th ed.) pp. 2271-2272; *Holtz v. United Plumbing & Heating Co.*, 49 Cal.2d 501, 506-507; *Connor v. Great Western Sav. & Loan Assn.*, 69 Cal.2d 850, 863; *Spier v. Lang*, 4 Cal.2d 711, 716.)

Alexander & Associates
Attorneys at Law
1925 G Street
Bakersfield, CA 93301
(661) 316-7888

3      Case No. 1:07-CV-01080 LJO-GSA

DeWALT and DEFENDANTS' JOINT MOTION *IN LIMINE* No. 1 - TO PRECLUDE REFERENCE TO OR USE OF THE TERM "PARTNERSHIP" OR "JOINT VENTURE" AS BETWEEN DEFENDANTS

1  The conduct of the defendants in this case, and each of them, does not meet the standards necessary to establish the existence of a partnership or joint venture. In the discovery conducted, there has been no testimony or documentation provided to support a finding of partnership or joint ventures between any of the defendants. DeWALT was not a party to the real estate transaction whereby the CITY sold the property to NORTHERN. (Declaration Jeff Gutierrez ¶ 10; Declaration Joe Wu ¶11.) DeWALT was hired by NORTHERN to do a single job, for a one-time, lump sum payment, to create a tract map. (Decl. J. Gutierrez, ¶¶3 – 4; Decl. J. Wu ¶5.) DeWALT at no time had any interest in, nor any right to, any of the profits to potentially be derived by NORTHERN as related to the Valley Rose Estates subdivision project. (Decl. J. Gutierrez, ¶5; Decl. J. Wu ¶6.) DeWALT never stood to lose anything should NORTHERN's project fail to turn a profit. (Decl. J. Gutierrez, ¶6; Decl. J. Wu ¶7.) At no time did DeWALT ever have any managerial or supervisorial authority over the Valley Rose Estates project. (Decl. J. Gutierrez, ¶7; Decl. J. Wu ¶8.) After DeWALT completed its job and processed the tract map its relationship with NORTHERN was over. (Decl. J. Gutierrez, ¶8; Decl. J. Wu ¶9.) And at no time did DeWALT have any financial relationship with the CITY related to this project. (Decl. J. Gutierrez, ¶9.)

Similarly, NORTHERN/LOTUS and the CITY had no agreements that the CITY would share in the profits earned by NORTHERN/LOTUS from their development and sale of residences at the Valley Rose Estates. (Decl. of J. Wu ¶13.) The CITY sold the property to NORTHERN in a standard real estate transaction, and the CITY retained no ownership interest in the property after the sale. (Decl. J. Wu ¶10; Declaration James Zervis ¶¶1 -4.) The sale of any residence at the Valley Rose Estates subdivision that created a profit for NORTHERN/LOTUS did not confer any financial profit upon the CITY inasmuch as the CITY did not stand to realize a percentage interest, nor any share, of any profit.[1] (Decl. J. Wu ¶13; Decl. J. Zervis ¶4.) Moreover, had NORTHERN's sale of residences at Valley Rose produced a financial loss for NORTHERN, the CITY would not have suffered. (Decl. J. Wu ¶13; Decl. J. Zervis ¶4.)

---

[1] Although Plaintiff erroneously contends that municipal impact fees constitute a "profit" to the CITY, that assertion fails as a matter of law, as is addressed in the CITY's motion *in limine* on that issue.

4                    Case No. 1:07-CV-01080 LJO-GSA

Alexander & Associates
Attorneys at Law
1925 G Street
Bakersfield, CA 93301
(661) 316-7888

DeWALT and DEFENDANTS' JOINT MOTION *IN LIMINE* No. 1 - TO PRECLUDE REFERENCE TO OR USE OF THE TERM "PARTNERSHIP" OR "JOINT VENTURE" AS BETWEEN DEFENDANTS

Therefore, to allow plaintiff to refer to, or use the terminology "partners" or "partnership" or "joint venture" would be erroneous because no such relationships existed actually or impliedly. Testimony regarding partnership or joint venture would thus be irrelevant and should be excluded.

Relevant evidence is defined as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable that it would be without the evidence." (Fed. R. Evid. 401.) However, "[i]f proffered evidence does not tend to do either of these things, it has no place in the trial and is either immaterial or collateral to the inquiry. (*Herzog v. U.S.*, 226 F.2d 561, 565 (9th Cir. 1955).) Using the terms "partnership" and/or "joint venture" will not stand to prove partnerships or joint ventures that do not exist as a matter of law and fact.

Additionally, using those legal terms of art before a lay jury would most likely prove confusing and cause the jury to reach conclusions prejudicial to defendants. The Court may exclude evidence "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, [or] waste of time[.]" (Fed. R. Evid. 403; see also *Tennison v. Circus Circus Enters., Inc*., 244 F.3d 684, 689-690 (9th Cir. 2001).) Here, should the court allow plaintiff to reference defendants as "partners" the jury will likely deduce joint culpability, or a "togetherness" in the defendants actions when such joinder is improper. Accordingly, this Court should preclude the use of the terms "partners" or "partnership" or "joint venture" so as to avoid this confusion and result.

C. <u>"PARTNERSHIP" SHOULD ALSO BE PRECLUDED AS TO DAMAGES</u>.

If copyright infringement is found, plaintiff's damages are his actual damages and the disgorgement of infringer's profits. (See 17 U.S.C. Section 504(a).) Plaintiff contends that should defendants be found liable for copyright infringement the defendants should be held jointly and severally liable for any and all profits derived from the alleged infringement of plaintiff's map, such that any profit realized by NORTHERN should be borne by DeWALT and the CITY, and *vice versa*, because they were "partners" or "practically partners." Plaintiff's contention is misplaced.

The case cited by plaintiff in his points of law in the parties' pretrial statement in support of the aforementioned contention, *Kamar International Inc. v. Russ Berrie and Co*., 657 F.2d 1059 (9th

5   Case No. 1:07-CV-01080 LJO-GSA

**Alexander & Associates**
**Attorneys at Law**
**1925 G Street**
**Bakersfield, CA 93301**
**(661) 316-7888**

DeWALT and DEFENDANTS' JOINT MOTION *IN LIMINE* No. 1 - TO PRECLUDE REFERENCE TO OR USE OF THE TERM "PARTNERSHIP" OR "JOINT VENTURE" AS BETWEEN DEFENDANTS

1  Cir. 1981) does not address joint and several liability of infringer's profits pursuant to partnership or
2  "practical partnership." The most recent case that does reference potential joint and several liability
3  for disgorgement of infringer profits is *Frank Music Corp. v. Metro-Goldwyn-Mayer, Inc.* 772 F.2d
4  505 (9th Cir. 1985) – but that case does not provide a bright line rule of law establishing joint
5  liability for profits between defendants; it merely remanded the case back to the district court with
6  directions to undertake a factual finding to determine if the defendants were, in fact, partners.

7  In *Frank Music Corp.* the appeals court directed the district court to reconsider its
8  apportionment of profits in the underlying copyright infringement case where the district court had
9  granted judgment of $22,000.00 "against defendants" in the plural. (*Frank Music Corp.* at 519.)
10 And the court went on to state that "if the district court intended that each of the defendants be
11 jointly and severally liable for the $22,000 award, [it] was [in] error." (*Id.*)  The court held that
12 "[w]hen a copyright is infringed, all infringers are jointly and severally liable for plaintiffs' *actual*
13 *damages*, but each defendant is severally liable for his or its own illegal *profit*; **one defendant is not**
14 **liable for the profit made by another**." (*Id.*) (emphasis added); (citing *MCA, Inc. v. Wilson,* 677
15 F.2d 180, 186 (2d Cir. 1981), see also *Cream Records, Inc. v. Jos. Schlitz Brewing Co.,* 754 F.2d
16 826, 829 (9th Cir. 1985).)

17 The court in *Frank Music Corp.* went on to further state that "[t]he rule of several liability
18 for profits applies, at least, where defendants do not act as partners or 'practically partners'" –
19 referencing a "practically partners" finding in the antiquated and since rejected 1892 case of *Belford,*
20 *Clarke & Co. v. Scribner*, 144 U.S. 488 (1892). The court compared Belford with the later case of
21 *Sammons v. Colonial Press, Inc.* 126 F.2d 341 (1st Cir. 1942), in evaluating the authority for the
22 application of joint liability.

23 In *Sammons* the First Circuit Court of Appeals refused to hold a printer of an infringed book
24 jointly liable for the profits of the book's publisher because the printer merely received a fixed price
25 for printing the books, and was not involved with the publisher's profits. (*Sammons* at 346-347.)
26 The *Sammons* court expounded upon the equity behind a disgorgement of an infringer's profits
27 holding that such disgorgement was not meant to act as further punishment through inequitable joint
28 liability for all defendants' profits. *Sammons* quoted *Belknap v. Schild* 161 U.S. 10, 25 – 26 (1896):

6                    Case No. 1:07-CV-01080 LJO-GSA

Alexander & Associates
Attorneys at Law
1925 G Street
Bakersfield, CA 93301
(661) 316-7888

DeWALT and DEFENDANTS' JOINT MOTION *IN LIMINE* No. 1 - TO PRECLUDE REFERENCE TO
OR USE OF THE TERM "PARTNERSHIP" OR "JOINT VENTURE" AS BETWEEN DEFENDANTS

> "In a suit in equity for the infringement of a patent, the ground upon which profits are recovered is that they are the benefits which have accrued to the defendants from their wrongful use of the plaintiff's invention, and for which they are liable, ex æquo et bono, to the like extent as a trustee would be who had used the trust property for his own advantage. The defendants, in any such suit, are therefore liable to account for such profits only as have accrued to themselves from the use of the invention, and not for those which have accrued to another, and in which they have no participation."

The *Sammons* court adopted this principal for patent infringement and applied it similarly to copyright infringement actions. (*Sammons* at 347.) Moreover, in analyzing the earlier joint liability holding in *Belford, Clarke & Co. v. Scribner* the *Sammons* court stated that "the (*Belford*) court based its opinion upon the ground that the printer and publisher were 'practically partners' in putting the infringing book on the market, a conclusion hardly justified by the facts of the case." (*Id.*) And finally the court reasoned that *Belford*'s holding was "irreconcilable with the long line of cases…explaining the true equitable principles upon which an infringer is accountable for profits; hence we cannot accept *Belford v. Scribner* as controlling authority in the instant case." (*Id.*)

The facts underlying the *Sammons* case are analogous to the case at hand. In *Sammons* the issue on appeal was whether a printer, contracted by a publisher to print a book – the contents of which had been infringed – should be jointly liable for the profits made from the sales of the book received by the publisher. In that case defendant Colonial Press printed a book, and derived no actual profit from its singular printing contract with the publisher. However, Colonial Press was found liable for infringement, nevertheless, because it had assisted in placing the book into the market. But on appeal the *Sammons* court refused to hold Colonial Press liable for the publisher's profits since Colonial Press was paid a fixed price for its work, payable whether or not sales of the books turned a profit or sustained a loss – as they had not been partners. (*Sammons* at 344 - 347.)

When applying the *Sammons* rationale to the facts of *Frank Music Corp.* the court there did not find that the infringers were jointly and severally liable as to profits by law, but instead remanded and directed the district court to determine "partnership" or "practical partners" as a question of fact – advising the district court to consider factors such as whether or not infringers

7    Case No. 1:07-CV-01080 LJO-GSA

Alexander & Associates
Attorneys at Law
1925 G Street
Bakersfield, CA 93301
(661) 316-7888

DeWALT and DEFENDANTS' JOINT MOTION *IN LIMINE* No. 1 - TO PRECLUDE REFERENCE TO OR USE OF THE TERM "PARTNERSHIP" OR "JOINT VENTURE" AS BETWEEN DEFENDANTS

1 were employees or independent contractors rather than partners, and whether or not infringers
2 received "fixed salary or a percentage of profits and whether [they] bore any risk of loss on the
3 production." (*Frank Music Corp.* at 519.) Accordingly, there is no bright line rule that co-
4 defendants found liable for copyright infringement are, as a matter of law, jointly liable for
5 disgorgement of profits. Joint liability is a question of law and fact contemplating whether or not the
6 parties were, for all intents and purposes, "partners."

7 Applying those considerations recommended in *Frank Music Corp.* to the case at hand, the
8 analysis returns to whether or not any of these defendants acted as partners or joint venturers
9 (*supra*). Here, much like the printer in *Sammon*s, DeWALT was paid a fixed price by NORTHERN
10 to prepare a tentative map, and DeWALT in no way stood to gain any profit from NORTHERN's
11 use of the tentative map or any of the homes sold. DeWALT was an independent contractor – held
12 to one job and one payment. And, as stated *supra* the CITY did not stand to earn any profit from
13 NORTHERN's development of the Valley Rose Estates, nor did NORTHERN ever anticipate
14 deriving any profit from the CITY. To hold the defendants jointly liable for one another's profits
15 creates a punishing, inequitable result unsupported by case law and the facts at bar.

## CONCLUSION

Accordingly, as no facts present themselves to indicate that the defendants, and each of them, were partners with one another the introduction of testimony regarding partnership is irrelevant and inappropriate – as to both liability, and damages. Defendants request this court order *in limine* that plaintiff be precluded from using the term "partner" or "partnership" in reference to the defendants' relationships with one another in front of the jury.

DATED: January 28, 2010            ALEXANDER & ASSOCIATES, PLC

By:    /s/ Tenielle E. Cooper
      TENIELLE E. COOPER
      Attorneys for Defendant, Dennis W.
      DeWalt, Inc.

Alexander & Associates
Attorneys at Law
1925 G Street
Bakersfield, CA 93301
(661) 316-7888

8      Case No. 1:07-CV-01080 LJO-GSA

DeWALT and DEFENDANTS' JOINT MOTION *IN LIMINE* No. 1 - TO PRECLUDE REFERENCE TO
OR USE OF THE TERM "PARTNERSHIP" OR "JOINT VENTURE" AS BETWEEN DEFENDANTS


# **PROOF OF SERVICE**

I am employed in the County of Kern, State of California. I am over the age of 18 and not a party to the within action; my business address is 1925 G Street, Bakersfield, California.

On January 29, 2010, I served the foregoing document entitled **DeWALT and DEFENDANTS' JOINT MOTION *IN LIMINE* No. 1 - TO PRECLUDE REFERENCE TO OR USE OF THE TERM "PARTNERSHIP" OR "JOINT VENTURE" AS BETWEEN DEFENDANTS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** on interested parties in this action:

| | |
|---|---|
| James J. Braze, Esq. | Steven John Hassing, Esq. |
| Jeffrey A. Travis, Esq. | Law Offices of Steven J. Hassing |
| Borton Petrini & Conron | 425 Calabria Court |
| 5060 California Avenue, Suite 700 | Roseville, CA 95747 |
| Bakersfield, CA 93303-2026 | Email address: stevehassing@yahoo.com |
| Email address: jbraze@bortonpetrini.com | |
| Email address: jtravis@bortonpetrini.com | |

Chaka Chuba Okadigbo, Esq.
Garcia Caledron Ruiz
50 S. Grand Avenue, Suite 1100
Los Angeles, CA 90071
Email address: cokadigbo@gerlegal.com

___   BY MAIL. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. postal service on that same day with postage thereon fully prepaid at Bakersfield, California in the ordinary course of business. The above sealed envelopes were placed for collection and mailing on the above date following ordinary business practice.

 XX   BY ELECTRONIC SERVICE. Pursuant to Fed. R. Civ.P. 5(b)(2)(E) and Local Court Rule(s), the foregoing document will be served by the court via CM/ECF. Pursuant to the CM/ECF docket for this case proceeding the following person(s) are on the Electronic Mail Notice List to receive ECF transmission at the email address(es) indicated above.

Executed on January 29, 2010, at Bakersfield, California.

 X   (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

      /s/      Diane Ruff
      DIANE RUFF

9   Case No. 1:07-CV-01080 LJO-GSA

**Alexander & Associates**
**Attorneys at Law**
**1925 G Street**
**Bakersfield, CA 93301**
**(661) 316-7888**

DeWALT and DEFENDANTS' JOINT MOTION *IN LIMINE* No. 1 - TO PRECLUDE REFERENCE TO OR USE OF THE TERM "PARTNERSHIP" OR "JOINT VENTURE" AS BETWEEN DEFENDANTS