**William L. Alexander** (State Bar Number 126607)
**Tenielle E. Cooper** (State Bar Number 226717)
Alexander & Associates, PLC
1925 G Street
Bakersfield, CA  93301
Phone:  (661) 316-7888
Fax:  (661) 316-7890

**Attorneys for Defendant, Dennis W. DeWalt, Inc.**

### UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION

| | |
|---|---|
| ROGER McINTOSH, | Case No.  1:07-CV-01080 LJO-GSA |
| Plaintiff, | **DeWALT and DEFENDANTS NCUE/LOTUS' JOINT MOTION *IN LIMINE* No. 2 - TO PRECLUDE HEARSAY TESTIMONY REGARDING PURPORTED USE OF PLAINTIFF'S MAP; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** |
| vs. | |
| NORTHERN CALIFORNIA UNIVERSAL ENTERPRISES COMPANY, a California Corporation, et al, | |
| Defendants. | Date:     February 12, 2010 |
| | Time:     1:30 p.m. |
| | Courtroom: 4 |
| | Judge:    Hon. Lawrence J. O'Neill |

Defendant DENNIS W. DeWALT, INC. and defendants NORTHERN CALIFORNIA UNIVERSAL ENTERPRISES COMPANY ("NORTHERN"), and LOTUS DEVELOPMENTS, LLP ("LOTUS") move the Court *in limine* for an order precluding testimony in any phase of the trial and during *voir dire* regarding plaintiff's alleged conversation where "someone from the CITY" told plaintiff that the CITY and/or NORTHERN/LOUTS were "using" plaintiff's plans/maps in conjunction with processing the 6451 map.

This motion is made on the grounds that injection of the aforementioned into the trial of this case, including but not limited to references during voir dire, opening statements, questions to witnesses, comments on evidence, objections, and/or closing arguments, would result in irreparable prejudice and harm to defendants' cases, which no curative instruction by the Court to the jury could

Alexander & Associates
Attorneys at Law
1925 G Street
Bakersfield, CA 93301
(661) 316-7888

1          Case No. 1:07-CV-01080 LJO-GSA

**DeWALT and all DEFENDANTS' JOINT MOTION *IN LIMINE* No. 2 - TO PRECLUDE HEARSAY TESTIMONY  REGARDING PURPORTED USE OF PLAINTIFF'S MAP**

1   properly heal, and because such testimony is inadmissible hearsay.

2       DeWALT and defendants further request the Court to order all counsel, parties, and

3   witnesses (including "independent" witnesses) to comply with this Court's rulings, and to abstain

4   from any reference to the aforementioned topic without first obtaining the express permission of the

5   Court outside the presence of the jury.

6       DeWALT and defendants submit the following memorandum of points and authorities.

7               **MEMORANDUM OF POINTS AND AUTHORITIES**

8                              **DISCUSSION**

9       A party may make a motion *in limine* for the purpose of limiting the disclosure and use of

10  evidence in front of the jury.  This Court has the authority to grant motions *in limine* under the

11  appropriate circumstances, which fall within the inherent authority of the court to manage trials.

12  (See *G. Heileman Brewing Co. v. Joseph Oat Corp.,* 871 F. 2d 648, 653 n.6 (7th Cir. 1989); *In re*

13  *Japanese Elec. Products Antitrust Litigation,* 723 F.2d 238, 260 (3d Cir. 1983), *rev'd on other*

14  *grounds*, *Matsushita Elec. Indus. Co. v. Zenith Radio Corp*., 475 U.S. 574 (1986).

15      Plaintiff's counsel has indicated that he may attempt to introduce testimony at trial that

16  "someone" from, or representing, the CITY "told" plaintiff that the CITY and/or

17  NORTHERN/LOTUS was "using" plaintiff's 5472 plans in conjunction with the 6451 map

18  application.  Plaintiff testified about having had this alleged conversation during his December 19,

19  2008 deposition.  Such testimony should be precluded as inadmissible hearsay and, alternatively,

20  because its introduction will prove more prejudicial than probative. Specifically, plaintiff testified:

21      Q:  Okay.  Any other instance?

22      A: I don't know directly, but I was told by the Public Works Department, when I

23          inquired about the improvement plans for 6451, that the City had used the plans for tract

24          5472.  And whether or not they gave them out to other parties, I would assume that they

25          would have to give them to the city engineer, to Mr. Wu, to anyone that was working on

26          the project to finish up the project…

27  (See Exhibit "A," to Declaration T. Cooper at ¶3 - Depo. R. McIntosh, Vol. I, p. 105, line 20 – p.

28  106, line 2.)

Alexander & Associates
Attorneys at Law
1925 G Street
Bakersfield, CA 93301
(661) 316-7888

1    Q: All right.  Now, getting back to your last answer, you were told by somebody in the

2    Public Works Department at the City that Mr. Wu was using your plans, right?

3    A: That's correct.

4    Q: Who told you that?

5    A: I don't recall his name, but he works in the Public Works Department…

6    (See Exhibit "A," to Declaration T. Cooper at ¶3 - Depo. R. McIntosh, Vol. I, p. 108, line 8 – 15.)

7    Federal Rule of Evidence 801(c) defines hearsay as: "…a statement, other than one made by

8    the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the

9    matter asserted."  (Fed. R. Evid. 801(c.).)  And Federal Rule of Evidence 802 specifically states that

10    hearsay is not admissible.  (See Fed. R. Evid. 802.)

11    In this case, plaintiff wishes to testify that he had a conversation with "someone" from the

12    CITY who "told" him that defendants were "using his plans" to create their map in order to establish

13    that as truth and fact.  Plaintiff's case of copyright infringement is premised upon proving that

14    DeWALT and NORTHERN/LOTUS had access to plaintiff's map and that the maps were

15    "substantially similar" in order to prove, essentially copying.  Testimony about this alleged

16    conversation can only be offered for the truth of the matter it purports to assert – that defendants had

17    plaintiff's plans/map, and were using it for processing their own.  Such testimony falls squarely

18    within the tenants of inadmissible hearsay, and is without exception.

19    The Court may also exclude evidence "if its probative value is substantially outweighed by

20    the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations

21    of undue delay, [or] waste of time[.]"  (Fed. R. Evid. 403; see also *Tennison v. Circus Circus*

22    *Enters., Inc*., 244 F.3d 684, 689-690 (9th Cir. 2001).)  Here, allowing testimony about this alleged

23    conversation would serve no other purpose than to prejudice defendants.  Even if plaintiff were to

24    attempt to apply a hearsay exception to this alleged conversation, its probative value would still be

25    outweighed by the prejudice it would create, because the information is so lacking in substantiation.

26    <u>**CONCLUSION**</u>

27    Defendants, and each of them, respectfully move for an *in limine* order that there shall be no

28    mention, directly or indirectly in any manner whatsoever, concerning plaintiff's alleged conversation

Alexander & Associates
Attorneys at Law
1925 G Street
Bakersfield, CA 93301
(661) 316-7888

1  wherein "someone from the CITY" told plaintiff that defendant(s) were "using" plaintiff's

2  plans/map in conjunction with preparing DeWALT's 6451 map.

3  DATED:  January 28, 2010                    ALEXANDER & ASSOCIATES, PLC

4                                              By:____/s/  Tenielle E. Cooper_____

5                                                  TENIELLE E. COOPER
                                                   Attorneys for Defendant, Dennis W.
6                                                  DeWalt, Inc.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Alexander & Associates
Attorneys at Law
1925 G Street
Bakersfield, CA 93301
(661) 316-7888

**DeWALT and all DEFENDANTS' JOINT MOTION *IN LIMINE* No. 2 - TO PRECLUDE HEARSAY
TESTIMONY  REGARDING PURPORTED USE OF PLAINTIFF'S MAP**

**PROOF OF SERVICE**

I am employed in the County of Kern, State of California. I am over the age of 18 and not a party to the within action; my business address is 1925 G Street, Bakersfield, California.

On January 29, 2010, I served the foregoing document entitled **DeWALT and DEFENDANTS' JOINT MOTION *IN LIMINE* No. 2 – TO PRECLUDE HEARSAY TESTIMONY REGARDING PURPORTED USE OF PLAINTIFF'S MAP; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** on interested parties in this action:

James J. Braze, Esq.                              Steven John Hassing, Esq.
Jeffrey A. Travis, Esq.                           Law Offices of Steven J. Hassing
Borton Petrini & Conron                           425 Calabria Court
5060 California Avenue, Suite 700                  Roseville, CA 95747
Bakersfield, CA 93303-2026                         Email address: stevehassing@yahoo.com
Email address: jbraze@bortonpetrini.com
Email address: jtravis@bortonpetrini.com

Chaka Chuba Okadigbo, Esq.
Garcia Caledron Ruiz
50 S. Grand Avenue, Suite 1100
Los Angeles, CA 90071
Email address: cokadigbo@gerlegal.com

____ BY MAIL. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. postal service on that same day with postage thereon fully prepaid at Bakersfield, California in the ordinary course of business. The above sealed envelopes were placed for collection and mailing on the above date following ordinary business practice.

_XX_ BY ELECTRONIC SERVICE. Pursuant to Fed. R. Civ.P. 5(b)(2)(E) and Local Court Rule(s), the foregoing document will be served by the court via CM/ECF. Pursuant to the CM/ECF docket for this case proceeding the following person(s) are on the Electronic Mail Notice List to receive ECF transmission at the email address(es) indicated above.

Executed on January 29, 2010, at Bakersfield, California.

_X_ (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

/s/      Diane Ruff
DIANE RUFF

Alexander & Associates
Attorneys at Law
1925 G Street
Bakersfield, CA 93301
(661) 316-7888