**William L. Alexander** (State Bar Number 126607)
**Tenielle E. Cooper** (State Bar Number 226717)
Alexander & Associates, PLC
1925 G Street
Bakersfield, CA  93301
Phone:  (661) 316-7888
Fax:  (661) 316-7890

**Attorneys for Defendant, Dennis W. DeWalt, Inc.**

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION

| | |
|---|---|
| ROGER McINTOSH, | Case No.  1:07-CV-01080 LJO-GSA |
| Plaintiff, | **DeWALT and DEFENDANTS' JOINT MOTION # 3 - TO WITHDRAW DeWALT'S RESPONSE TO SUPPLEMENTAL REQUEST FOR ADMISSION NO. 4, OR IN THE ALTERNATIVE TO PRECLUDE *IN LIMINE* ITS PRESENTATION AT TRIAL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** |
| vs. | |
| NORTHERN CALIFORNIA UNIVERSAL ENTERPRISES COMPANY, a California Corporation, et al, | |
| Defendants. | Date:       February 12, 2010<br>Time:       1:30 p.m.<br>Courtroom: 4<br>Judge:      Hon. Lawrence J. O'Neill |

## MEMORANDUM OF POINTS AND AUTHORITIES

Defendant DENNIS W. DeWALT, INC., joined by defendants NORTHERN CALIFORNIA UNIVERSAL ENTERPRISES COMPANY ("NORTHERN"), LOUTS DEVELOPMENTS, LLP ("LOTUS") and CITY OF WASCO ("CITY") respectfully submit this Memorandum of Points and Authorities in support of their motion to withdraw admission of DeWALT's response to Request for Admission No. 4, or in the alternative to preclude the introduction of DeWALT's "response" to Plaintiff's Request for Admission No. 4 via an *in limine* order, on the grounds that the "response" is not an admission, the premise being adopted by Plaintiff is factually inaccurate, its introduction

1          Case No. 1:07-CV-01080 LJO-GSA

Alexander & Associates
Attorneys at Law
1925 G Street
Bakersfield, CA 93301
(661) 316-7888

JOINT MOTION #3 TO WITHDRAW DeWALT'S RESPONSE TO SUPPLEMENTAL REQUEST FOR ADMISSION NO. 4, OR IN THE ALTERNATIVE TO PRECLUDE IN LIMINE ITS PRESENTATION AT TRIAL

would prove confusing to the jury, would constitute a waste of time and resources, and would prove substantially more prejudicial than probative such that it would constitute manifest injustice.

## INTRODUCTION

Plaintiff, ROGER McINTOSH, served upon DeWALT Request for Admissions, Set No. One. Plaintiff's Request for Admissions, Number 4 asked DeWALT to: *"Admit that you reviewed Tentative Map No. 5472 before you prepared Tentative Map No. 6451. (Reviewed means that you looked at and used Tentative Map 5472 to assist you in the preparation of Tentative Map No. 6451.)"* DeWALT submitted the following response: *"Responding party admits that it reviewed multiple documents, which likely included Tentative Map No. 5472, before preparing Tentative Map 6451."*

DeWALT's response was not an admission, nor a complete denial. In fact, DeWALT's response was drafted in relation to Plaintiff's Request For Admission No. 1, which read:

> *"Admit that you requested a copy of Tentative Map No. 5472 from the City of Wasco. (You refers to Dennis W. DeWalt, Inc. or any of its agents or subsidiaries that engaged in the preparation of Tentative Map No. 6451 and City of Wasco refers to those who you worked with at the City of Wasco or communicated while working on the preparation of Tentative Map No. 6451.)"*

DeWALT submitted the following response:

> *"Responding party admits that a request was made to the City of Wasco for any and all documents which would reveal pertinent information about the subject property. Responding party lacks sufficient information and belief on which to either admit or deny that a specific request for Tentative Tract Map No. 5472 was made."*

(See Exhibits "B" and Exhibit "C" attached to Declaration of T. Cooper at ¶¶4, 5).

DeWALT's non-admission to Request for Admission No. 4 was meant to substantiate the information in the prior admission from No. 1 – that documents had been requested, but it was unknown which were received, and subsequently, which were reviewed. The issues surrounding

Alexander & Associates
Attorneys at Law
1925 G Street
Bakersfield, CA 93301
(661) 316-7888

JOINT MOTION #3 TO WITHDRAW DeWALT'S RESPONSE TO SUPPLEMENTAL REQUEST FOR ADMISSION NO. 4, OR IN THE ALTERNATIVE TO PRECLUDE IN LIMINE ITS PRESENTATION AT TRIAL

1   DeWALT's response to Request for Admission No. 4 arose at or around the time the parties in this
2   case filed their respective Motions for Summary Judgment. At that time DeWALT's principal,
3   Jeffrey Gutierrez, signed a declaration in support of NORTHERN's opposition to plaintiff's motion,
4   explaining how DeWALT's response was qualified. As Mr. Gutierrez stated in that declaration:

> *"In responding to the interrogatories and requests for admissions I indicated that Map 5472 was one of many documents used by DeWalt in preparing Map 6451. The only reason for those responses was that we compared Map 5472 to Map 6451 after Map 6451 was nearly completed for the sole reason of determining if there appeared to be any major external boundary differences."*

(See Declaration of J. Gutierrez as Exhibit "D" attached to Declaration of T. Cooper ¶6,).

Yet despite this qualification, plaintiff has indicated that he intends to submit this "response" to Request for Admission No. 4 to the jury as a complete admission, to prove that DeWALT (1) actually "looked" at Plaintiff's Tentative Map 5472, (2) "used" Plaintiff's Tentative Map 5472 in preparing DeWALT's map, and essentially (3) that DeWALT has admits to copying Plaintiff's map. The foregoing contentions are inaccurate in their entirety and to surmise and present as much from DeWALT's response is improper.

## DISCUSSION

### A. DeWALT's RESPONSE WAS NOT A COMPLETE ADMISSION.

A response to a request for admission should consist either of an objection or an answer. (Fed. Rule Civ. Proc 36(a)(3).) An answer must consist of an admission, a denial, or a statement detailing why the answering party is unable to admit or deny the matter. (Fed Rule Civ. Proc. 36(a)(3),(4); *Asea Inc. v. Southern Pac. Transp. Co.* (9th Cir. 1981) 669 F.2d 1242, 1245 – 1246.) But, if a portion of the request for admission is true, but another part is not, the responding party must admit that portion that portion: "[W]hen good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest." (Fed. Rule Civ. Proc. 36(a)(4); see *Holmgren v. State Farm Mut. Auto. Ins. Co.* (9th Cir. 1992) 976 F.2d 573, 579 -580.)

Alexander & Associates
Attorneys at Law
1925 G Street
Bakersfield, CA 93301
(661) 316-7888

JOINT MOTION #3 TO WITHDRAW DeWALT'S RESPONSE TO SUPPLEMENTAL REQUEST FOR ADMISSION NO. 4, OR IN THE ALTERNATIVE TO PRECLUDE IN LIMINE ITS PRESENTATION AT TRIAL

Here, DeWALT admitted only part of plaintiff's request – that DeWALT reviewed many documents requested from the CITY. DeWALT offered pure speculation that it may have reviewed Map 5472 in the context presented by plaintiff's request for admission – but did not admit to having done so. DeWALT's response was not made out of gamesmanship, but because DeWALT only really knows for sure that it reviewed the map for boundary purposes, not for the purposes proposed by plaintiff's request for admission. (See Declaration of J. Gutierrez as Exhibit "D" attached to Declaration of T. Cooper ¶ 6).

### B. THE COURT MAY ALLOW A PARTY TO WITHDRAW A RESPONSE TO A REQUEST FOR ADMISSION BEFORE OR AFTER A PRETRIAL ORDER HAS ISSUED.

A party may be permitted to withdraw or amend a response to a request for admission only when the court finds that its withdrawal will "aid in presenting the merits of the case; and no substantial prejudice to the party who requested the admission will result from allowing the admission to be withdrawn or amended." (CAL. PRAC. GUIDE: CA. FED. CIV. PROC. [The Rutter Group 2009] 11:2087, citing Fed. Rule Civ. Proc. 36(b); *Conlon v. United States* (9th Cir. 2007) 474 F.3d 616, 625; *Gutting v. Falstaff Brewing Corp*. (8th Cir. 1983) 710 F.2d 1309, 1313.) Moreover, if a motion for withdrawal is made after a pretrial order has issued, the amendment must be necessary to "prevent manifest injustice." (Fed. Rule Civ. Proc. 16(e).)

The main issue in the case against DeWALT is simple: did DeWALT copy information from Plaintiff's 5472 tract map in order to create DeWALT's 6451 tract map? Plaintiff's goal is to utilize DeWALT's response to Request for Admission No. 4 to prove just that, even though DeWALT's response does not clearly state, nor admit, as much, and in spite of Jeff Gutierrez' subsequent declaration.

Plaintiff's case depends on establishing copyright infringement, and plaintiff will be required to present evidence to establish all of the elements related thereto. Given the plaintiff's burden, not allowing this confused response to Request for Admission No. 4 will not prejudice plaintiff, in light of all of the other evidence to be presented to prove its case-in-chief.

///

4   Case No. 1:07-CV-01080 LJO-GSA

Alexander & Associates
Attorneys at Law
1925 G Street
Bakersfield, CA 93301
(661) 316-7888

JOINT MOTION #3 TO WITHDRAW DeWALT'S RESPONSE TO SUPPLEMENTAL REQUEST FOR ADMISSION NO. 4, OR IN THE ALTERNATIVE TO PRECLUDE IN LIMINE ITS PRESENTATION AT TRIAL

## C. ALLOWING THE RESPONSE WILL PROVE MORE PREJUDICIAL AND CONFUSING THAN ITS POTENTIAL PROBATIVE VALUE.

Alternatively, defendants request this Court order *in limine* that the response should not be utilized at trial because the uncertainty that will be created in explaining the response, subsequent responses, what was "meant" by the response, etc. will cause the jury confusion, will confuse the issues in the case, and will constitute a waste of time and resources.

A party may make a motion *in limine* for the purpose of limiting the disclosure and use of evidence in front of the jury. This Court has the authority to grant motions *in limine* under the appropriate circumstances, which fall within the inherent authority of the court to manage trials. (See *G. Heileman Brewing Co. v. Joseph Oat Corp.,* 871 F. 2d 648, 653 n.6 (7th Cir. 1989); *In re Japanese Elec. Products Antitrust Litigation,* 723 F.2d 238, 260 (3d Cir. 1983), *rev'd on other grounds*, *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574 (1986). Here, the circumstances are appropriate inasmuch as the use of the response will prove prejudicial and confusing to the jury.

Relevant evidence is defined as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable that it would be without the evidence." (Fed. R. Evid. 401.) However, "[i]f proffered evidence does not tend to do either of these things, it has no place in the trial and is either immaterial or collateral to the inquiry. (*Herzog v. U.S.*, 226 F.2d 561, 565 (9th Cir. 1955.). The Court may exclude evidence "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, [or] waste of time[.]" (Fed. R. Evid. 403; see also *Tennison v. Circus Circus Enters., Inc*., 244 F.3d 684, 689-690 (9th Cir. 2001); United States v. Atwell, 766 F.2d 416, 420 (10th Cir. 1985). Moreover, an inference drawn from evidence that is the result of speculation or conjecture is not relevant. (*Engstrand v. Pioneer Hi-Bred Int'l, Inc*. 946 F. Supp. 1390, 1396 (SD IA 1996) [aff'd 112 F.3d 513 (8th Cir. 1997)).

Here, allowing the presentation of DeWALT's response to the request for admission as a "complete admission" would be misleading to the jury, in light of the speculative nature of the response itself. Moreover, allowing the response will require substantial subsequent efforts to

5   Case No. 1:07-CV-01080 LJO-GSA

Alexander & Associates
Attorneys at Law
1925 G Street
Bakersfield, CA 93301
(661) 316-7888

JOINT MOTION #3 TO WITHDRAW DeWALT'S RESPONSE TO SUPPLEMENTAL REQUEST FOR ADMISSION NO. 4, OR IN THE ALTERNATIVE TO PRECLUDE IN LIMINE ITS PRESENTATION AT TRIAL

1 clarify and explain the response to the jury constituting a delay and waste of trial time.

## CONCLUSION

For the foregoing reasons, defendants, and each of them, request this Court allow DeWALT to withdraw its response to Request for Admission No. 4, or alternatively for this court to order *in limine* that said response shall not be presented in any phase of this trial.

DATED: January 28, 2010                                      ALEXANDER & ASSOCIATES, PLC

By:     /s/  Tenielle E. Cooper
TENIELLE E. COOPER,
Attorneys for Defendant, Dennis W. DeWalt, Inc.

Alexander & Associates
Attorneys at Law
1925 G Street
Bakersfield, CA 93301
(661) 316-7888

6                     Case No. 1:07-CV-01080 LJO-GSA

JOINT MOTION #3 TO WITHDRAW DeWALT'S RESPONSE TO SUPPLEMENTAL REQUEST FOR ADMISSION NO. 4, OR IN THE ALTERNATIVE TO PRECLUDE IN LIMINE ITS PRESENTATION AT TRIAL

# PROOF OF SERVICE

I am employed in the County of Kern, State of California. I am over the age of 18 and not a party to the within action; my business address is 1925 G Street, Bakersfield, California.

On January 29, 2010, I served the foregoing document entitled **DeWALT and DEFENDANTS' JOINT MOTION #3 – TO WITHDRAW DeWALT'S RESPONSE TO RESPONSE TO SUPPLEMENTAL REQUEST FOR ADMISSION NO. 4, OR IN THE ALTERNATIVE TO PRECLUDE IN LIMINE ITS PRESENTATION AT TRIAL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** on interested parties in this action:

| | |
|---|---|
| James J. Braze, Esq. | Steven John Hassing, Esq. |
| Jeffrey A. Travis, Esq. | Law Offices of Steven J. Hassing |
| Borton Petrini & Conron | 425 Calabria Court |
| 5060 California Avenue, Suite 700 | Roseville, CA 95747 |
| Bakersfield, CA 93303-2026 | Email address: stevehassing@yahoo.com |
| Email address: jbraze@bortonpetrini.com | |
| Email address: jtravis@bortonpetrini.com | |

Chaka Chuba Okadigbo, Esq.
Garcia Caledron Ruiz
50 S. Grand Avenue, Suite 1100
Los Angeles, CA 90071
Email address: cokadigbo@gerlegal.com

___ BY MAIL. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. postal service on that same day with postage thereon fully prepaid at Bakersfield, California in the ordinary course of business. The above sealed envelopes were placed for collection and mailing on the above date following ordinary business practice.

 XX  BY ELECTRONIC SERVICE. Pursuant to Fed. R. Civ.P. 5(b)(2)(E) and Local Court Rule(s), the foregoing document will be served by the court via CM/ECF. Pursuant to the CM/ECF docket for this case proceeding the following person(s) are on the Electronic Mail Notice List to receive ECF transmission at the email address(es) indicated above.

Executed on January 29, 2010, at Bakersfield, California.

 X  (Federal)  I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

/s/     Diane Ruff
DIANE RUFF

7                 Case No. 1:07-CV-01080 LJO-GSA

**Alexander & Associates**
**Attorneys at Law**
**1925 G Street**
**Bakersfield, CA 93301**
**(661) 316-7888**

JOINT MOTION #3 TO WITHDRAW DeWALT'S RESPONSE TO SUPPLEMENTAL REQUEST FOR ADMISSION NO. 4, OR IN THE ALTERNATIVE TO PRECLUDE IN LIMINE ITS PRESENTATION AT TRIAL