nr

1  James J. Braze, Esq.; SBN 75911
   Jeffrey A. Travis, Esq.; SBN 235507
2  BORTON PETRINI, LLP
   5060 California Avenue, Suite 700 (93309)
3  Post Office Box 2026
   Bakersfield, CA 93303
4  Telephone (661) 322-3051
   email: jbraze@bortonpetrini.com
5  email: jtravis@bortonpetrini.com

6  Attorneys for Plaintiff, Roger McIntosh dba
   McIntosh & Associates
7

8               UNITED STATES DISTRICT COURT

9       EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION

10

11  ROGER McINTOSH,                          Case No.  1:07-CV- 01080 LJO-GSA

12              Plaintiff,                    MOTION IN LIMINE NO. 1 (EXCLUSION
                                             OF EXPERT TESTIMONY OF STEVEN
13  v.                                        WONG AS TO LEGAL OPINIONS
                                             RELATING TO COPYRIGHT LAW)
14  NORTHERN CALIFORNIA UNIVERSAL
    ENTERPRISES COMPANY, a California
15  corporation; LOTUS DEVELOPMENTS,
    LLP; THE CITY OF WASCO, a municipal
16  corporation; DEWALT CM, INC., a California
    corporation also doing business as DEWALT
17  CORPORATION; and DOES 1 through 10,
    inclusive
18
                Defendants.
19

20
    CITY OF WASCO,
21
                Cross-Complaint,
22
        vs.
23
    NORTHERN CALIFORNIA UNIVERSAL
24  ENTERPRISES COMPANY, INC.,

25              Cross-Defendant.

26

27  / / /

28  / / /

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION IN LIMINE NO. 1 TO PRECLUDE THE TESTIMONY OF STEVEN WONG AS TO THE ISSUE OF SUBSTANTIAL SIMILARITY**

## I.

## INTRODUCTION

The role of an expert is to testify as to facts requiring special knowledge or facts and outside the expertise of a lay person. Steven Wong has been designated by the City of Wasco as a Civil Engineer and is an expert as to facts related to civil engineering. However, and in his deposition, Mr. Wong testified that he was going to be testifying that the McIntosh's copyrighted works and the allegedly infringing Tentative and Final Maps were substantially similar because of his review of copyright law. He testified that he is basing this opinion upon a single website relating to copyright law and his later review of the two maps with this website in mind.

Such evidence is properly precluded on the grounds that this testimony is outside the scope of expert testimony related to the field in which Mr. Wong is an expert and instead is a legal opinion based upon copyright law.

## II.

## STATEMENT OF FACTS

Mr. Wong testified he was unfamiliar with copyright law and so reviewed a website relating to copyright law and on the topic of "substantial similarity." He testified that he would base his opinion, in part, on this basis.

## III.

## THE EXPERT TESTIMONY OF STEVEN WONG RELATING TO SUBSTANTIAL SIMILARITY SHOULD BE EXCLUDED

Expert testimony may be excluded if the reasoning or methodologies to support the expert opinion is invalid or irrelevant. (*Daubert v. Merrell Dow Pharmaceuticals*, 509 U.S. 579, 592 1993.) In copyright cases, expert testimony is not ordinarily required to establish substantial similarity. (*Nemer* on Copyright, Vol. 6, 130.02[B], 2006.) This is usually a question of fact for the jury. (*Ibid.*) However, and although expert opinion and analytical dissection are not appropriate to

1    establish or rebut similarity of expression (intrinsic test), it may be used to identify objective

2    similarities between the copyrighted and allegedly infringing works. (*Hartman v. Hallmark Cards,*

3    *Inc.*, 833 F.2d 117, 120 (8th Cir. 1987).)

4              Steven Wong has been designated by the City of Wasco as a civil engineering expert.

5    During his deposition, Mr. Wong testified that he would be testifying that McIntosh's work and the

6    allegedly infringing 6451 Map prepared by DeWalt were not substantially similar. He testified that

7    they were not similar based, in part, on his knowledge of copyright laws and from his review of a

8    website relating to copyrights. This is not the appropriate subject for an expert to testify in a

9    copyright infringement case, but is a legal conclusion.

10             As an example of what is appropriate, plaintiff has submitted their own expert, James

11   Del Marter, a civil Engineer for 40 years, to testify as to what would be enough information

12   sufficient for the 6451 Map to meet the conditions set out by the City of Wasco so that it could

13   obtain final approval status and the developer could sell lots. This is within the ambit of a civil

14   engineer to testify as to the special knowledge why one map would need to be similar to another map

15   and would be outside the expertise of a non-expert. With this information, the jury then has

16   information enough to understand what were the essential as opposed to the non-essential elements

17   of the two maps. By contrast, Mr. Wong wants to testify that the reason the two maps are similar

18   is because, per his understanding of copyright law the two maps are substantially different. This is

19   a legal opinion on copyrights and if that were the case would make more sense to have a copyright

20   attorney testify as to what is and is not substantially similar about the two maps rather than a civil

21   engineering expert.

22             Plaintiff asks this court to instruct defendants and their witnesses not to mention as

23   to any questions about, refer to or discuss any of the following matters of this designated expert,

24   Steven Wong:

25             *Any and all testimony or evidence relating to whether or not McIntosh's copyrighted*

26   *works and any of the 6451 Maps are substantially similar.*

27   / / /

28   / / /

# IV.

## CONCLUSION

Based on the foregoing, plaintiff requests the court preclude any of the defendants from having Mr. Wong testify or introduce any evidence related to his opinions on substantial similarity.

DATED:  January 29, 2010

BORTON PETRINI, LLP

By:_____
James J. Braze, Jeffrey A. Travis, Attorneys for Plaintiff, Roger McIntosh dba McIntosh & Associates