nr

James J. Braze, Esq.; SBN 75911
Jeffrey A. Travis, Esq.; SBN 235507
BORTON PETRINI, LLP
5060 California Avenue, Suite 700 (93309)
Post Office Box 2026
Bakersfield, CA 93303
Telephone (661) 322-3051
email: jbraze@bortonpetrini.com
email: jtravis@bortonpetrini.com

Attorneys for Plaintiff, Roger McIntosh dba McIntosh & Associates

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION

| | |
|---|---|
| ROGER McINTOSH,<br><br>    Plaintiff,<br><br>v.<br><br>NORTHERN CALIFORNIA UNIVERSAL ENTERPRISES COMPANY, a California corporation; LOTUS DEVELOPMENTS, LLP; THE CITY OF WASCO, a municipal corporation; DEWALT CM, INC., a California corporation also doing business as DEWALT CORPORATION; and DOES 1 through 10, inclusive<br><br>    Defendants.<br><br>CITY OF WASCO,<br><br>    Cross-Complaint,<br><br>vs.<br><br>NORTHERN CALIFORNIA UNIVERSAL ENTERPRISES COMPANY, INC.,<br><br>    Cross-Defendant. | Case No. 1:07-CV- 01080 LJO-GSA<br><br>MOTION IN LIMINE NO. 2 (EXCLUSION OF TESTIMONY OR EVIDENCE RELATING TO LITIGATION BETWEEN PLAINTIFF AND CITY OF WASCO) |

/ / /

/ / /

H:\PUBLIC\054493\060971
McIntosh v. Northern\MOL
#2 EXCLUDE LIT
EVID.wpd

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION IN LIMINE NO. 2 TO EXCLUDE TESTIMONY OR EVIDENCE BY ANY OF THE DEFENDANTS RELATING TO LITIGATION BETWEEN PLAINTIFF AND THE CITY OF WASCO DURING THE 1990'S**

## I.

### INTRODUCTION

This is a copyright infringement case. Although Mr. McIntosh, on behalf of his former firm, Martin-McIntosh, had pursued a breach of contract claim against the City of Wasco for events relating to the earlier development of Valley Rose Estates, this has nothing to do with the copyright infringement which occurred over ten years later. Such evidence or testimony is entirely irrelevant and also could potentially prejudice the jury into speculating that Mr. McIntosh had previously been paid or is trying to collect additional monies for work that he has already done. Neither of these is true and any testimony or evidence on this point should be excluded.

## II.

### STATEMENT OF RELEVANT FACTS

Roger McIntosh assumed the benefits of the contract between Martin-McIntosh and Legacy Group as consultant for the Valley Rose Estates Project. After Legacy defaulted in its payments to Martin-McIntosh, Martin-McIntosh filed a mechanic's lien against the Legacy Group in addition to a breach of contract claim against the City of Wasco for unpaid monies owed for Martin-McIntosh's work on the Valley Rose Estates. This litigation dragged on well into the late 90's and was ultimately resolved. This litigation did not resolve any questions related to copyright interests in any of the engineering work surrounding the Valley Rose Estates nor had any additional development by any of the defendants occurred at that time. The first act of alleged infringement of this case did not occur until sometime after 2004.

///
///
///
///

### III.

### ANY TESTIMONY OR EVIDENCE ATTEMPTING RELATING TO THE EARLIER LITIGATION BETWEEN MARTIN-McINTOSH AND THE CITY OF WASCO IS VIOLATIVE OF FEDERAL RULES OF EVIDENCE SECTION 403

A court may exclude facts that are irrelevant and prejudicial. (Fed. Rules Evid., § 403; *Wall Data, Inc. v. Los Angeles County Sheriff's Department* (9th Cir. 2006), 447 F.3d 769, 776, 782-783; *Sheraton v. E.I. Dupont Denamores & Co.* (3rd Cir. 1996) 100 F.3d 1061, 1076 (and Bank).) Specifically, in *Wall Data,* a copyright case, the court was found it properly excluded a financial document because: "It did not deal specifically with the action at hand." (*Wall Data* at 782.)

It is no secret that plaintiff filed a breach of contract claim against the City of Wasco for monies Martin-McIntosh believed were owed to it for engineering work it had done on the Valley Rose Estates. Plaintiff believes that defendants will attempt to prejudice the jury as to the intent of McIntosh's copyright claims by pointing to this lawsuit. It is believed defendants will use this evidence to attempt to paint Mr. McIntosh as someone who is greedily looking for more when he may have already been paid in part by them, that the issue had already been settled or, to distract from the real issue of copyright infringement which occurred years later.

Regardless of whether McIntosh filed a claim against Wasco or even whether he was paid for the work done by Martin-McIntosh on the Valley Rose Project <u>is irrelevant to the wholly separate act of infringement that occurred years later</u>. This would also mean that defendants would take up valuable court time by delving into the complexities of an entirely different litigation from years ago inside this litigation, and therefore confusing the jury. The real issue here is whether defendants committed copyright infringement in 2004 and beyond, not for alleged breaches that may or may not have occurred years earlier.

Therefore, plaintiff Roger McIntosh requests this court to instruct defendants and their witnesses not to mention, ask any questions about, refer to or discuss any of the following matters:

*The litigation between Roger McIntosh or Martin-McIntosh and the Legacy Group*

1  and the City of Wasco that took place from approximately 1993 to 2000.

## IV.

## CONCLUSION

Based on the foregoing, plaintiff requests that the court exclude defendants from proffering evidence or argument or introducing any evidence of the fact that Martin-McIntosh and/or Roger McIntosh had engaged in litigation relating to the Valley Rose Estates prior to the allegations of copyright infringement.

DATED: January 27, 2010

BORTON PETRINI, LLP

By: _____
James J. Braze, Jeffrey A. Travis, Attorneys for Plaintiff,
Roger McIntosh dba McIntosh & Associates