nr

1 James J. Braze, Esq.; SBN 75911
Jeffrey A. Travis, Esq.; SBN 235507
2 BORTON PETRINI, LLP
5060 California Avenue, Suite 700 (93309)
3 Post Office Box 2026
Bakersfield, CA 93303
4 Telephone (661) 322-3051
email: jbraze@bortonpetrini.com
5 email: jtravis@bortonpetrini.com

6 Attorneys for Plaintiff, Roger McIntosh dba
McIntosh & Associates
7

8 UNITED STATES DISTRICT COURT

9 EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION

10

11 ROGER McINTOSH,                                    Case No.  1:07-CV- 01080 LJO-GSA

12             Plaintiff,                             MOTION IN LIMINE NO. 3 (EXCLUSION
                                                      OF ADDITIONAL TESTIMONY
13 v.                                                 RELATING TO PREPARATION OF
                                                      TENTATIVE MAP NO. 6451 BY
14 NORTHERN CALIFORNIA UNIVERSAL                      DeWALT)
ENTERPRISES COMPANY, a California
15 corporation; LOTUS DEVELOPMENTS,
LLP; THE CITY OF WASCO, a municipal
16 corporation; DEWALT CM, INC., a California
corporation also doing business as DEWALT
17 CORPORATION; and DOES 1 through 10,
inclusive
18
             Defendants.
19

20 ─────────────────────────────────────

CITY OF WASCO,
21
             Cross-Complaint,
22
      vs.
23
NORTHERN CALIFORNIA UNIVERSAL
24 ENTERPRISES COMPANY, INC.,

25             Cross-Defendant.

26

27 / / /

28 / / /

1

MOL NO. 3 (EXCL OF ADD'L TEST. RELATING TO PREPARATION OF TENTATIVE MAP NO. 6451 By DeWALT)

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF ROGER McINTOSH'S MOTION IN LIMINE NO. 3 TO EXCLUDE ANY AND ALL TESTIMONY OR EVIDENCE RELATING TO ANY ADDITIONAL TESTIMONY BY DeWALT RELATING TO ITS PREPARATION OF TENTATIVE MAP NO. 6451**

## I.

## INTRODUCTION

Plaintiff took numerous deposition testimonies based upon the representations by DeWalt and who it claimed actually prepared the 6451 Maps. Plaintiff initially took the deposition of Jeff Gutierrez who testified that he was not sure how certain information was included on the map and referred to former employee, Greg Black. Greg Black, when deposed, indicated that he did not know who would be how certain information on the map was supplied and therefore referred plaintiff to Sarah Burgi because her name was shown on the map as the person who drew the map. Sarah Burgi, when deposed, referred to Josh Woodard as the person who actually drew the map and when he was deposed stated that he could not remember anything about the 6451 Maps or the 5472 Map or Improvement Plans.

## II.

## STATEMENT OF RELEVANT FACTS

In response to discovery and during depositions, DeWalt admitted that it did not know if it had used the Improvement Plans in assisting in its preparation of the 6451 Tentative Maps. This was said in depositions and in discovery responses *(Deposition Testimony of Jeff Gutierrez; Response to Special Interrogatory No. 3, Set No. One).*

Northern California had signed a contract with DeWalt Corporation to prepare the 6451 Maps. Plaintiff subpoenaed Jeff Gutierrez the person most knowledgeable for DeWalt with the documentation production for, "all documents . . . relating to your engineering work on the Valley Rose Estates Subdivision." Gutierrez, as the person most knowledgeable, testified that he had located, "everything that was in the files" relating to the project and brought it with him to the deposition. *(Deposition Testimony of Jeff Gutierrez, 8:3-19.)* Everything that he had brought to his

1    deposition was attached to his deposition as an exhibit. In addition to the drawing of the 6451 Maps,

2    DeWalt had email documents which showed that Heath James was the surveyor who did the survey

3    work for DeWalt.

4           Gutierrez testified he had no idea about how details in the map were prepared and also

5    testified that Greg Black was the person who would know this. Greg Black was also asked who was

6    the person who drew the 6451 Tentative Map and he said that he did not specifically recall how

7    street names, lot numbers and details of the 6451 Map were determined but indicated it would have

8    been the person who initialed the map. On the 6451 Map, it shows that it was "drawn by: SAB"

9    which, in this case, was Sarah Burgi. *(Deposition Testimony of Sarah Burgi, 23:12-25; 24:1-11;*

10   *26:1-8.)*

11          Special permission was sought by plaintiff from this court to depose Sarah Burgi. In

12   her deposition Sarah Burgi was asked if she drew the 6451 Map and she said she did not, but that

13   Josh Woodard did. *(Deposition Testimony of Sarah Burgi, 11:17-22.)* Burgi was asked if there was

14   anyone else that worked on the map and she mentioned that maybe Heath James had done something

15   but it may have been her. *(Deposition Testimony of Sarah Burgi, 25:12-24.)* Plaintiff then had to

16   seek special permission from this court to depose Josh Woodard since notice to him would have been

17   outside of this court's scheduling order. Further, plaintiff had to fly up to Redding, California, where

18   Josh Woodard now lives. In this deposition and after the 6451 Tentative and final Maps and the

19   5472 Map and Improvement Plans were presented to him for his review, Josh Woodard had no

20   recollection of any of those documents. *(Deposition Testimony of Josh Woodard, pp. 20-28.)*

21                                            **III.**

22           **DEFENDANTS' REPRESENTATIONS DURING**
         **DISCOVERY SHOULD LIMIT TESTIMONY**
23       **ONLY AS TO THOSE PERSONS WHO WERE**
         **IDENTIFIED AS NECESSARY FOR THE**
24       **PREPARATION OF THE 6451 MAPS**

25           This court has the authority to limit testimony where a party fails to disclose or

26   supplement evidence. *(Fed. Rules Civ. Proc., § 37(c)(1).)* Federal Rules also require parties to

27   supplement its disclosure, ". . . in a timely manner if the party learns that in some material respect

28   the disclosure responses are incomplete or incorrect, and if the additional or corrective information

1  has not otherwise been made known to the other parties during the discovery process or in writing."

2  (*Fed. Rules Civ. Proc., § 26(d)(2)(b)(e)(1).*)

3          Here, the person most knowledgeable for DeWalt, Jeff Gutierrez was unable to say

4  how certain details in the 6451 Maps were determined. All he could say was that Greg Black was

5  the former project leader for this job and he would know. None of the documents produced by

6  DeWalt showed any other person other than "SAB" or Sarah A. Burgi as the drafts person for the

7  map and Heath James as the surveyor. Greg Black stated that he could not specifically recall how

8  details such as lot numbering and street names were determined but that information would have

9  been up to the drafts person and again referring to Sarah Burgi. Greg Black later testified that he

10 gave no specific instruction as to how to determine this information. Sarah Burgi referred to Josh

11 Woodard who she claims was the "actual drafts person but who could not remember anything."

12 Defendants did respond after discovery had ended in a supplemental response that certain other

13 people did "assist" in the preparation of the 6451 Map although in what capacity is uncertain and this

14 could have included administrative duties and etc.

15          Defendants may attempt to introduce new witnesses who will testify as to how certain

16 details of the 6451 Map were determined. Plaintiff took the deposition of DeWalt's person most

17 knowledgeable in 2008. All work on the 6451 Map had already been completed as evidence by all

18 parties' concessions during the numerous summary judgment motions on file with this Court.

19 DeWalt produced its entire file and there was nothing that is known now in 2010 or earlier that could

20 have been known to the parties and deponents at the time of the depositions. Therefore, this court

21 should exclude:

22          *Any testimony by anyone other than Jeff Gutierrez, Greg Black, Sarah Burgi or Josh*

23 *Woodard as to how the 6451 Maps were drawn.*

24 / / /

25 / / /

26 / / /

27 / / /

28 / / /

1

## IV.

## <u>CONCLUSION</u>

Based on the foregoing, plaintiff requests that the Court preclude defendants from proffering evidence or argument as to anything other than what the above-named persons have declared as how the maps were drawn.

DATED:   January 29, 2010

BORTON PETRINI, LLP

By:

James J. Braze, Jeffrey A. Travis, Attorney for Plaintiff, Roger McIntosh dba McIntosh & Associates

MOL NO. 3 (EXCL OF ADD'L TEST. RELATING TO PREPARATION OF TENTATIVE MAP NO. 6451 BY DeWALT)