nr

James J. Braze, Esq.; SBN 75911
Jeffrey A. Travis, Esq.; SBN 235507
BORTON PETRINI, LLP
5060 California Avenue, Suite 700 (93309)
Post Office Box 2026
Bakersfield, CA 93303
Telephone (661) 322-3051
email: jbraze@bortonpetrini.com
email: jtravis@bortonpetrini.com

Attorneys for Plaintiff, Roger McIntosh dba McIntosh & Associates

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION

ROGER McINTOSH,

Plaintiff,

v.

NORTHERN CALIFORNIA UNIVERSAL ENTERPRISES COMPANY, a California corporation; LOTUS DEVELOPMENTS, LLP; THE CITY OF WASCO, a municipal corporation; DEWALT CM, INC., a California corporation also doing business as DEWALT CORPORATION; and DOES 1 through 10, inclusive

Defendants.

CITY OF WASCO,

Cross-Complaint,

vs.

NORTHERN CALIFORNIA UNIVERSAL ENTERPRISES COMPANY, INC.,

Cross-Defendant.

Case No. 1:07-CV- 01080 LJO-GSA

MOTION IN LIMINE NO. 4 (EXCLUSION OF EVIDENCE BY DEFENDANTS OF DEDUCTIBLE EXPENSES)

/ / /

/ / /

**MEMORANDUM OF POINTS AND AUTHORITIES BY PLAINTIFF IN SUPPORT OF MOTION IN LIMINE NO. 4 TO EXCLUDE TESTIMONY OR EVIDENCE OF DEDUCTIBLE EXPENSES FROM ANY GROSS PROFITS**

## I.

## INTRODUCTION

In general, plaintiffs who prove copyright infringement are entitled to, among other things, defendants' profits resulting from copyright infringement. All a plaintiff need do is prove the defendants' gross revenue by preponderance of the evidence. A defendant may then deduct from any gross profits by introducing any expenses from the defendants' gross revenue. Expenses are all operating costs, overhead costs and production costs incurred in producing the gross revenue and that are related to the infringement.

On the other hand, if the defendants' infringement is found to be wilful, then these expenses are denied. Plaintiff brings this motion preliminarily to the damages phase of trial, so that if a jury verdict makes the determination of wilful infringement, plaintiff will request this court exclude any evidence of any deductible expenses to gross profits.

## II.

## STATEMENT OF RELEVANT FACTS

Plaintiff will introduce testimony and evidence that demonstrates that all defendants engaged in acts that infringed the copyright and that the defendants knew that those acts infringed the copyrighted works.

## III.

## IF PLAINTIFF PROVES WILFUL INFRINGEMENT DURING LIABILITY PHASE OF TRIAL, DEDUCTIONS OF DEFENDANTS' EXPENSES SHOULD BE EXCLUDED DURING THE DAMAGES PHASE OF TRIAL

In general, deductions of defendants' expenses are denied where the defendants' infringement is wilful or deliberate. (*Kamar International, Inc. v. Russ Berrie & Company*, 752 F.2d 1326, 1331-1332 (9th Cir. 1984); see also, *Three Boys Music Court v. Bolton*, 212 F.3d 477, 487

(9th Cir. 2000).) Wilful infringement encompasses profits related to infringement by defendant in addition to statutory damages. (*Ibid.*)

At the end of the liability phase of trial, plaintiff will ask that the jury be allowed to determine whether or not any infringement was wilful. If the jury returns a verdict for wilful infringement, then plaintiff will seek to exclude any deductible expenses based upon the above-cited authority as to any defendants whom the jury deems wilfully committed acts of infringement.

**IV.**

**CONCLUSION**

Based on the foregoing, plaintiff respectfully requests the court should any infringement be found, preclude any evidence or testimony relating to deductible expenses of the defendants during the damages phase of trial should the jury return a verdict for wilful infringement.

DATED: January 29, 2010

Respectfully submitted,

BORTON PETRINI, LLP

By: ______________________
James J. Braze, Jeffrey A. Travis, Attorney for Plaintiff, Roger McIntosh dba McIntosh & Associates