nr

1  James J. Braze, Esq.; SBN 75911
   Jeffrey A. Travis, Esq.; SBN 235507
2  BORTON PETRINI, LLP
   5060 California Avenue, Suite 700 (93309)
3  Post Office Box 2026
   Bakersfield, CA 93303
4  Telephone (661) 322-3051
   email: jbraze@bortonpetrini.com
5  email: jtravis@bortonpetrini.com

6  Attorneys for Plaintiff, Roger McIntosh dba
   McIntosh & Associates

7

8              UNITED STATES DISTRICT COURT

9         EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION

10

11 ROGER McINTOSH,                          Case No. 1:07-CV- 01080 LJO-GSA

12              Plaintiff,                  MOTION IN LIMINE NO. 5 (MOTION TO
                                            EXCLUDE EVIDENCE OF BOND
13 v.                                       DEBTS)

14 NORTHERN CALIFORNIA UNIVERSAL
   ENTERPRISES COMPANY, a California
15 corporation; LOTUS DEVELOPMENTS,
   LLP; THE CITY OF WASCO, a municipal
16 corporation; DEWALT CM, INC., a California
   corporation also doing business as DEWALT
17 CORPORATION; and DOES 1 through 10,
   inclusive
18
                Defendants.
19

20 CITY OF WASCO,

21              Cross-Complaint,

22 vs.

23
   NORTHERN CALIFORNIA UNIVERSAL
24 ENTERPRISES COMPANY, INC.,

25              Cross-Defendant.

26

27 / / /

28 / / /

H:\PUBLIC\054493\060971
McIntosh v. Northern\MOL
#5 EXCL BOND DEBT.wpd

1

MOTION IN LIMINE NO. 5 (MOTION TO EXCLUDE EVIDENCE OF BOND DEBTS)

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION TO EXCLUDE EVIDENCE BY THE CITY OF WASCO OF BOND DEBTS AS DEDUCTIBLE EXPENSES

### I.

### INTRODUCTION

Should the jury return a verdict for infringement after the liability phase of trial, then the second phase of trial will relate to damages. The City of Wasco intends to introduce testimony and evidence related to bond debts that occurred in the early 1990's as a deductible expense relating to any infringement, deductible expenses need to be expenses incurred in arriving at profits. Since bond debts that were incurred over a decade before infringement occurred, any such evidence should be excluded.

### II.

### STATEMENT OF RELEVANT FACTS

In order to promote development at Valley Rose Estates, the City of Wasco purchased numerous bonds to help in financing development through the Legacy Group. The bond notes fell through and the City of Wasco was unable to continue financing and development and was left holding bond debts.

The City of Wasco later purchased the Valley Rose Estates in or about 1999 and then promoted the development and sold it to Lotus Developments via Northern California Universal Enterprises Company. This sale occurred in 2004 and the infringing acts occurred thereafter.

### III.

### ANY EVIDENCE OF BOND DEBT THAT OCCURRED IN THE EARLY 1990'S SHOULD NOT BE ALLOWED AS A DEDUCTIBLE EXPENSE FOR INFRINGEMENT THAT OCCURRED IN THE 2000'S

In establishing infringer's profits, a copyright owner is required to present proof only of the infringer's gross revenue, and the infringer is required to prove his or her deductible expenses and the elements of profit attributable to factors other than the copyrighted work. (17 U.S.C. § 504(b).) The infringer is required to prove deductible expenses and the percentage of their profit

that were not attributable to copying the infringing work. (*Three Boys Music Corp. v. Bolton*, 212 F.3d 477, 487 (9th Cir. 2000).) This means that the only deductible expenses that can be presented by the defendants are those which allow them to arrive at the deductions of the profits or that are directly connected to the infringing activity. (*Kamar International, Inc. v. Russ Berrie & Company*, 752 F.2d 1326, 1331 (9th Cir. 1984).)

Of course, if the defendants' infringement is wilful or deliberate, the defendants' expenses are denied. (*Ibid.* at 1331-1332.) However, and even if infringement is not wilful or deliberate, the expenses can be denied if they are not directly related. Here, the City of Wasco is attempting to introduce bond debt that is clearly not related to the infringing activity. Therefore, plaintiff would request that if the jury should return a verdict of infringement against the City of Wasco, that it deny any and all evidence related to bond debt or any other expenses that occurred long before the infringement actually occurred.

## IV.

## CONCLUSION

Based on the foregoing, plaintiff respectfully requests this court preclude defendants from proffering any evidence or testimony as to any expenses that occurred prior to infringement.

DATED: January 29, 2010

Respectfully submitted,

BORTON PETRINI, LLP

By: _____
James J. Braze, Jeffrey A. Travis, Attorney for Plaintiff, Roger McIntosh dba McIntosh & Associates