nr

James J. Braze, Esq.; SBN 75911
Jeffrey A. Travis, Esq.; SBN 235507
BORTON PETRINI, LLP
5060 California Avenue, Suite 700 (93309)
Post Office Box 2026
Bakersfield, CA 93303
Telephone (661) 322-3051
email: jbraze@bortonpetrini.com
email: jtravis@bortonpetrini.com

Attorneys for Plaintiff, Roger McIntosh dba McIntosh & Associates

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION

| | |
|---|---|
| ROGER McINTOSH,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>NORTHERN CALIFORNIA UNIVERSAL ENTERPRISES COMPANY, a California corporation; LOTUS DEVELOPMENTS, LLP; THE CITY OF WASCO, a municipal corporation; DEWALT CM, INC., a California corporation also doing business as DEWALT CORPORATION; and DOES 1 through 10, inclusive<br><br>　　　　　Defendants.<br><br>CITY OF WASCO,<br><br>　　　　　Cross-Complaint,<br><br>vs.<br><br>NORTHERN CALIFORNIA UNIVERSAL ENTERPRISES COMPANY, INC.,<br><br>　　　　　Cross-Defendant. | Case No.  1:07-CV- 01080 LJO-GSA<br><br>MOTION IN LIMINE NO. 6 (MOTION TO EXCLUDE TESTIMONY BY HEATH JAMES) |

/ / /

/ / /

# MEMORANDUM OF POINTS AND AUTHORITIES BY PLAINTIFF TO PRECLUDE THE TESTIMONY OF HEATH JAMES

## I.

## INTRODUCTION

After conducting numerous depositions relating to who was responsible for the preparation of Tentative Map No. 6451, plaintiff pointed to several individuals and also to a person named Heath James as the surveyor for the map. Plaintiff conducted follow-up discovery to determine the name and contact information for Mr. James and attempted to subpoena him based upon the information provided by DeWalt, but to no avail. Even though he was designated as a surveyor, he could not be found through any official channels and plaintiff was unable to depose or interview him. Attempts at service based upon information provided by DeWalt were also unsuccessful.

Now, and after reviewing the Pretrial Order, it appears that there is an address for a Heath James and in addition it appears that his name is not actually Heath James but Eric Heath James. This was all information readily known to defendants during discovery and any testimony by Mr. James should be excluded at trial.

## II.

## STATEMENT OF RELEVANT FACTS

Plaintiff reincorporates the Statement of Relevant Facts from Motion in Limine No. 3 and adds to them, as follows:

Defendant DeWalt had disclosed during the deposition of Greg Black and Jeff Gutierrez that his change was a surveyor on the 6451 Project. According to Jeff Gutierrez, Heath James was still employed by DeWalt and had actually compared the 6451 Map with the 5472 Map when the 6451 Map was prepared.

Armed with this information, plaintiff attempted to subpoena Mr. James. However, the only known address for Heath James is DeWalt's address after searching the California Board of Professional Engineers and Land Surveyors website and revealed no surveyor named "Heath James." In his supplemental interrogatory, DeWalt later claimed it did not have Mr. James' contact

information.

Now, and in defendant's Pretrial Statement, defendant DeWalt has submitted a witness list with a person identified as "Eric Heath James" with an address of 5909 Hesketh Drive, Bakersfield, California.

### III.

### ANY TESTIMONY FROM ERIC HEATH JAMES SHOULD BE EXCLUDED BASED UPON DEFENDANTS' FAILURE TO PROVIDE SUCH INFORMATION DURING DISCOVERY

Plaintiff refers this court to the legal standard in its Motion in Limine No. 3 and similarly argues that allowing the defendants to avoid disclosure of a key witness until the Pretrial Statement is clear abuse of the discovery process. DeWalt made it clear and under oath twice that Heath James was employed by them and then that it had no idea as to his contact information. Heath James was an employee of DeWalt and to provide no contact information until a Joint Pretrial Statement and after discovery is closed should be enough to exclude any testimony from this witness.

It is also unknown how vital Heath James' testimony may or may not have been to plaintiff's case. It is clear that he was one of four people directly involved with the actual drawing and creation of the 6451 Map. This is the crux of the case. Plaintiff went to extra lengths and spent a lot of time and money including two unopposed <u>motions to seek information relating to the drafting of the 6451 Map from this court</u>. Now, plaintiff has discovered the full name of Mr. James and an address that is suddenly known to defendants. It is within the authority of this court to impose sanctions including monetary sanctions for plaintiff to now be required to bring this motion. (Fed. Rules Civ. Proc., § 37(c)(1).) Sanctions may also be an appropriate instruction to the jury of the parties failure. An instruction is appropriate here because if Heath James' testimony was harmful to defendants, his testimony could be a deciding factor in plaintiff's favor. It may also have been vital enough to bring this case to an early settlement. It is now too late for plaintiff to find out.

For this reason, plaintiff requests this court:

1. Exclude any and all testimony of Heath James or Eric Heath James;
2. Instruct the jury of the defendants' failure to provide the name and contact

1  information to plaintiff; and

2         3.     Impose monetary sanctions against defendants for having to bring this Motion
3  in Limine.

## IV.

## CONCLUSION

Based on the foregoing, plaintiff requests that the court preclude any and all testimony from Heath James and also instruct the jury of the defendants' failure to provide the name and contact information of this witness.

DATED: January 29, 2010

                       Respectfully submitted,

                       BORTON PETRINI, LLP

                       By: _____
                           James J. Braze, Jeffrey A. Travis, Attorney for Plaintiff, Roger McIntosh dba McIntosh & Associates