```
 1  BONIFACIO BONNY GARCIA (SBN 100761)
    CHAKA C. OKADIGBO (224547)
 2  GCR, LLP
    500 SOUTH GRAND AVENUE, SUITE 695
 3  LOS ANGELES, CA  90071
    Tel: (213) 347-0210
 4  Fax (213) 347-0216

 5  Attorneys for Defendant CITY OF WASCO
```

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION

| | |
|---|---|
| ROGER McINTOSH<br><br>Plaintiff,<br><br>vs.<br><br>NORTHERN CALIFORNIA UNIVERSAL ENTERPRISES COMPANY, INC., *et al.*,<br><br>Defendants. | Case No: 1:07-CV-01080-LJO-WMV<br><br>**DEFENDANTS CITY OF WASCO AND DENNIS W. DEWALT, INC.'S JOINT MOTION IN LIMINE NO. 1 TO EXCLUDE THE TESTIMONY OF PLAINTIFF'S EXPERT WITNESS, JAMES K. DELMARTER; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** |

## MOTION IN LIMINE

Defendant, City of Wasco ("City"), joined by Defendant Dennis W. Dewalt, Inc. ("DeWalt") hereby move this Court for an order to exclude Plaintiff's expert, James Delmarter, from testifying that DeWalt, Inc.'s Tentative Map for Tract 6451 of the Valley Rose Estates Subdivision is substantially similar to the Revised Tentative Map for Tract 5472, a map Plaintiff claims to own. Defendants also seek to preclude Mr. Delmarter from testifying that the two maps at issue are substantially similar from a civil engineering standpoint. Defendant Dennis W. DeWalt, Inc. ("DeWalt") joins the City in this Motion.

This motion is made based on: Federal Rule of Evidence 702, prohibiting evidence from unqualified experts; Federal Rule of Evidence 704, prohibiting expert testimony with regard to an ultimate issue of law; Federal Rules of Evidence 401 and 402, prohibiting the admission of irrelevant evidence; and Federal Rule of Evidence 403, prohibiting relevant evidence that is outweighed by the prejudicial nature of same.

This motion is based on this motion, the accompanying memorandum of points and authorities, and the exhibits filed herewith, the papers and records on file herein, the Declaration of Chaka C. Okadigbo and on such oral and documentary evidence that may be presented at the hearing of this motion.

DATED: January 29, 2010            GCR, LLP

By: /s/ Chaka C. Okadigbo
CHAKA C. OKADIGBO
Attorneys for Defendant
CITY OF WASCO

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

The instant lawsuit alleges, among other claims, that, as part of their efforts to complete the development of the Valley Rose Estates Subdivision ("Subdivision"), Defendants Northern California Universal Enterprises Company ("NCUE"), Lotus Developments, LP ("Lotus") and Dennis W. DeWalt, Inc. ("DeWalt") (collectively, "Defendants") prepared a tentative map for the Subdivision (Map 6451) by copying a tentative map (Map 5472) that had previously been prepared for the Subdivision and which Plaintiff claims he owns.

In furtherance of these claims, Plaintiff intends to offer expert testimony from James Delmarter that the Map 6451 is "substantially similar" to Map 5472, based on alleged similarities in lot configurations, street names, Subdivision tract boundaries, lot numbering sequences, and number of lots. Mr. Delmarter, however, admitted during his deposition that he has no understanding of the meaning of "substantial similarity" within the context of copyright law. Indeed, Mr. Delmarter stated during his deposition that he understood the term "substantial similarity" to mean "substantial conformance," a civil engineering term of art. It does not.

Under copyright law, only the copyrightable aspects of the plaintiff's work are considered when assessing whether or not two works are substantially similar. Based on Mr. Delmarter's lack of understanding of the meaning of substantial similarity under copyright law, his testimony is not the product of reliable principles of methods under Rule 702 of the Federal Rules of Evidence and is irrelevant under Rule 402 of the Federal Rules of Evidence and should be barred altogether. Mr. Delmarter's testimony should also be barred on the ground that he may not testify to an ultimate issue of law – that the two maps at issue are substantially similar. In the end, Mr. Delmarter's testimony would also be highly prejudicial to the City in that the jury would be presented with an opinion from a person purporting to be an expert on an ultimate issue of law – that Map 6451 is substantially similar to Map 5472. For all of these reasons, the Court should bar Mr. Delmarter's testimony.

Additionally, Defendants note, from the parties' *Joint Pretrial Conference Statement* and the *Pretrial Order*, that Plaintiff perhaps now intends Plaintiff's expert to render an opinion on substantial similarity within the civil engineering context. However, such testimony is irrelevant to establishing whether or not Defendants Map 6451 is substantially similar to Map 5472 within the context of copyright law and, therefore, must be excluded. Secondly, Plaintiff did not designate Mr. Delmarter to render an opinion on substantial similarity outside the context of copyright law and Mr. Delmarter never expressed his intention to testify on the issue of substantial similarity outside the context of copyright law. Any testimony concerning substantial similarity that is not rooted in an understanding of copyright law is irrelevant, highly prejudicial to Defendants and would serve only to confuse the jury. Accordingly, such testimony must be excluded.

## II. THIS COURT HAS THE AUTHORITY TO CONSIDER AND GRANT MOTIONS IN LIMINE

A party may make a motion in limine prior to or during a trial, for the purpose of limiting the disclosure and use of evidence. This Court has the authority to grant motions in limine under the appropriate circumstances, which fall within the inherent authority of the court to manage trials. *See G. Heileman Brewing Co. v. Joseph Oat Corp.*, 871 F. 2d 648, 653 n.6 (7th Cir. 1989); *In re Japanese Elec. Products Antitrust Litigation*, 723 F.2d 238, 260 (3d Cir. 1983), *rev'd on other grounds, Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574 (1986).

## III. ARGUMENT

### A. James K. Delmarter's Expert Testimony Should Be Excluded Because His Testimony Is Unreliable and Irrelevant Pursuant to Rule 702 of The Federal Rules Of Evidence.

Federal Rule of Evidence 702 provides that a qualified expert witness may testify regarding his or her specialized knowledge provided that: (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case. Fed. R. Evid. 702; *see also Wasson v. Peabody Coal Co.*, 542 F.3d 1172, 1176 (7th Cir. 2008) (where the

court upheld the lower court's determination to exclude expert testimony based on the fact that the expert's opinion was not "based upon sufficient facts or data," nor was it "the product of reliable principles and methods," as required by Rule 702). Therefore, in order for expert testimony to be admitted under Rule 702, this Court must ensure that the testimony is both reliable and relevant. *See Daubert v. Merrell Dow Pharmaceuticals, Inc.* 509 U.S. 579, 589 (1993).

Reliability of expert testimony is determined by the expert's scientific, technical or specialized knowledge that will assist the trier of fact in understanding the evidence or determine a fact in issue. *Id.* at 589 – 590. The expert witnesses proposed testimony must be based on appropriate validation or "good grounds" in order to establish reliability. *Id.* at 590. Rule 702 further requires that the expert's testimony "assist the trier of fact to understand the evidence or to determine a fact in issue." *Id.* at 591. In other words, the expert's testimony must be relevant to the determination of the issue at hand.

On the facts of this case, Plaintiff's expert is neither reliable, nor will his testimony assist the jury to understand the evidence or determine the facts at issue. Mr. Delmarter admits that he does not understand the meaning of "substantial similarity" as it relates to copyright law, yet that is what is precisely at issue in this case. Delmarter Dep. 34:18 – 35:5, Feb. 2, 2009, see Okadigbo decl. ¶ 8, Ex. F. His assumption that substantial similarity means the same as "substantial conformance" is inaccurate, and therefore unreliable. Delmarter Dep. 34:18 – 35:5, see Okadigbo decl. ¶ 8, Ex. F. Under copyright law, the analysis as to whether or not a defendant's work is substantially similar to the plaintiff's work considers only the copyrightable aspects of the plaintiff's work. *Cavalier v. Random House*, 297 F.3d 815, 822 (9th Cir. 2002); *Apple Computer v. Microsoft*, 35 .3d 1435, 1442-43, 1446 (9th Cir. 1994). On the other hand, substantial conformance, as Mr. Delmarter testified, does not involve considering what are and are not copyrightable elements of Map 5472 before assessing whether it is similar to Map 6451. Furthermore, substantial conformance concerns comparing the tentative and final maps for Tract 6451, both of which DeWalt prepared; it did not involve comparing Map 5472 with Map 6451.

Delmarter Dep. 22:20 – 21:15; 34:18 – 35:5, see Okadigbo decl. ¶ 8, Ex. F. Mr. Delmarter's testimony is clearly based on unreliable principle and methods and, thus, should be barred pursuant to Rule 702 of the Federal Rules of Evidence.

The deficiencies in Mr. Delmarter's principles and methods are evident upon a closer inspection of the facts upon which his opinion that Map 6451 is substantially similar to Map 5472 is based.

Mr. Delmarter contends that Map 5472 is substantially similar to Map 6451 insofar as both maps contain the same lot configurations, lot numbering system, street names and tract boundaries. See Expert Witness Disclosure of James K. Delmarter, see Okadigbo decl. ¶ 10, Ex. H; see also Delmarter Dep. 65:24-66:2, see Okadigbo decl. ¶ 8, Ex. F.[1] However, none of these alleged similarities are copyrightable aspects of Map 5472 and, therefore, should not factor into the analysis of whether or not Map 5472 is substantially similar to Map 6451, as Defendants contend in Motion in Limine No. 6, filed concurrently herewith.

With respect to street names, Plaintiff conceded during his deposition that neither he nor Martin-McIntosh conceived of the street names for the Subdivision. McIntosh Dep. 165:23-166:9, Dec. 18, 2008, see Okadigbo decl. ¶ 3, Ex. A. Plaintiff believes that the prior developer of the Subdivision generated the street names. McIntosh Dep. 165:23-166:9, see Okadigbo decl. ¶ 3, Ex. A. Thus, as a matter of law, Plaintiff never had a copyright interest in the street names for the Subdivision and cannot rely upon the similarities in street names for his conclusion that Map 5472 and 6451 are substantially similar. *Feist Publications, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991) (copyright protection applicable only to components of a work that are original to the author).

Similarly, identities in lot numbering between Map 5472 and Map 6451 are of no consequence because numbering sequences lack the requisite element of creativity needed to

---

[1] Mr. Delmarter, does not intend to testify to any additional alleged similarities between Map 5472 and Map 6451 at trial. Delmarter Dep. 38:14-18; 74:24-75:2, see Okadigbo decl. ¶ 8, Ex. F.

justify copyright protection. *Southco, Inc. v. Kanebridge Corporation*, 390 F.2d 276 (3rd Cir. 2004); *R & B, Inc. v. Needa Parts Manufacturing, Inc.*, 418 F.Supp.2d 864 (E.D. Pa. 2005).

Regarding street alignments, lot configurations and tract boundaries, Mr. Delmarter acknowledges that DeWalt surveyed Tract 6451/5472 and that improvements for this tract were constructed before DeWalt performed its survey. Delmarter Dep. 66:11-12; 67:7-13; 73:8-12, see Okadigbo decl. ¶ 8, Ex. F. The street alignments were necessarily part of the improvements in place at the time DeWalt performed its survey. Delmarter Dep. 66:11-12; 66:15-19, see Okadigbo decl. ¶ 8, Ex. F; Government Code § 66419.[2] Mr. Delmarter further testified during his deposition that Plaintiff informed him that he (or Martin-McIntosh) had placed physical objects in the Subdivision (lot corner tags and monument boundaries) which identify the boundaries of Tract 5472/6451 and the lot boundaries. Delmarter Dep. 66:20-21; 67:1-4; 69:20-25, see Okadigbo decl. ¶ 8, Ex. F. Mr. Delmarter stated that the lot configurations and the street alignments could not have been depicted any differently from what was reflected in Map 5472 unless NCUE and/or Lotus decided to tear out the existing improvements and redesign the Subdivision. Delmarter Dep. 66:15-19, see Okadigbo decl. ¶ 8, Ex. F. In light of the above testimony and his admitted lack of understanding as to the meaning of substantial similarity, Mr. Delmarter clearly did not consider whether or not he could base his opinion that Map 6451 and Map 5472 are substantially similar on the alleged similarities in lot configurations and tract boundaries.

It is well established that copyright law does not protect objective facts and ideas contained in published works. *Harper & Row, Publishers, Inc. v. Nation Enterprises*, 471 U.S. 539, 105 S. Ct. 2218 (1969); *Cooling Systems & Flexibles, Inc. v. Stuart Radiator, Inc.*, 777 F.2d 485, 491 (9th Cir. 1985). Furthermore, copyright protection does not protect against independent creation of similar, even identical, works. That DeWalt performed its own survey and used the

---

[2] Government Code § 66419 defines improvements as refers to any street work and utilities to be installed, or agreed to be installed, by the subdivider on the land to be used for public or private streets, highways, ways, and easements, as are necessary for the general use of the lot owners in the subdivision and local neighborhood traffic and drainage needs as a condition precedent to the approval and acceptance of the final map thereof.

physical objects present in Tract 6451/5472 to determine lot configurations and tract boundaries is permitted under copyright law. Copyright law does not prohibit DeWalt from depicting in Map 6451 its observations from the field. *See, e.g. Morgan v. Hawthorne Homes, Inc.*, 2009 U.S. Dist. LEXIS 31456, 40-41 (W.D. Pa. 2009) (copying a structure depicted in plans, without copying the plans themselves, is not copyright infringement); *Eliya, Inc. v. Kohl's Department Stores*, 2006 U.S. Dist. LEXIS 66637, 28-29 (S.D.N.Y. 2006) (copyright protection does not extend to depiction of physical objects). Therefore, Mr. Delmarter's reliance upon the similarities in tract boundaries and lot configurations to conclude that Map 6451 is substantially similar to Map 5472 is misplaced.

Lastly, Mr. Delmarter's lack of understanding of "substantial similarity" within copyright terminology prevented him from considering whether or not he could conclude that Map 6451 is substantially similar to Map 5472 if any, or all, of the similar elements of both maps ranging from street names to lot numbering to tract boundaries to lot boundaries were disregarded or deemed to be non-copyrightable elements of Map 5472.

For the above reasons Plaintiff's expert's testimony is both unreliable and irrelevant and this Court has a duty to exclude the evidence in an effort to preserve justice and the Federal Rules of Evidence.

**B.    Pursuant to Fed. R. Evid. Rule 704(a) Plaintiff's Expert's Testimony On An Ultimate Issue of Law is prohibited.**

It is well settled that "testimony in the form of an opinion or inference otherwise admissible is not objectionable because it embraces an ultimate issue to be decided by the trier of fact." Fed. R. of Evid. 704(a). However, an expert witness cannot give an opinion as to an ultimate issue of law or his or her legal conclusion. *Nationwide Transp. Fin. v. Cass Info. Sys.* (2008) 523 F.3d 1051, 1058 (citations omitted); *and see Funky Films, Inc. v. Time Warner*, 462 F.3d 1072, 1076 (9th Cir. 2006); *Shaw v. Lindheim*, 919 F.2d 1353, 1355 (9th Cir. 1990); *See v. Durang*, 711 F.2d 141 (9th Cir. 1983); *Warner Bros. v. American Broadcasting Co.*, 720 F.2d

231, 240 (2nd Cir. 1983) (all standing for the proposition that substantial similarity may often be decided as a matter of law).

Here, Mr. Delmarter intends to testify that Map 6451 and Map 5472 are substantially similar. Not only is this testimony based on unfounded and inaccurate notions of substantially similarity, it, is improper since Mr. Delmarter is testifying to an ultimate issue of law or legal conclusion in violation of Rule 704(a) of the Federal Rules of Evidence. For these reasons, this Court must bar Mr. Delamarter from testifying that Map 6451 is substantially similar to Map 5472 as it is improper under Rule 704(a).

### C. Pursuant to Fed. R. Evid. Rules 401 and 402 Plaintiff's Expert's Testimony Should Be Excluded On The Grounds That It Is Not Relevant.

Evidence is only relevant if it has a tendency to prove or disprove a fact that is of consequence to the determination of the action. Fed. R. Evid. 401. Evidence which is not relevant is not admissible. Fed. R. Evid. 402. With regard to expert testimony, "the court's role is one of a gatekeeper to exclude invalid and unreliable expert testimony[,… and] an expert's opinion is no different than any other evidence in that it is subject to the relevancy requirement of Rule 401 of the Federal Rules of Evidence." *Bickerstaff v. Vassar College*, 196 F.3d 435, 449 (2d Cir. 1999) (omitting an expert's analysis because it did not include major variables).

The central issue of this case is whether or not NCUE, Lotus or DeWalt infringed upon Map 5472 by copying it. Copying is established by showing that Map 6451 is substantially similar to Map 5472 under copyright law. Mr. Delmarter admits that he does not know what substantial similarity means in copyright law, yet he is ready to render an opinion either that the maps are substantially similar in the copyright sense. His testimony necessarily fails to assess whether the features of Map 6451 upon which his conclusion of substantial similarity is based are copyrightable. Consequently, it does not address whether or not the maps are substantially similar under copyright law. Additionally, the term "substantial similarity" as used in copyright law has a different meaning than that ascribed to it by Mr. Delmarter and is, therefore, irrelevant to resolving the matter at hand. Accordingly, pursuant to Rule 402 of the Federal Rules of

4838-1261-2869                                    9

DEFENDANTS CITY OF WASCO AND DENNIS W. DEWALT, INC.'S JOINT MOTION IN LIMINE NO. 1 TO
EXCLUDE THE TESTIMONY OF PLAINTIFF'S EXPERT WITNESS, JAMES K. DELMARTER; MEMORANDUM
OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

Evidence, the Court should preclude Mr. Delmarter from testifying on the issue of substantial similarity both within and outside the context of copyright law.

### D. Pursuant to Fed. R. Evid. 403 Plaintiff's Expert's Testimony Should Be Excluded On The Grounds That It Is Unnecessarily Prejudicial.

Even if this Court determines that Plaintiff's expert's expert evidence is both relevant and admissible, this Court should exclude the evidence based on the fact that its probative value is substantially outweighed by the danger of unfair prejudice. Fed. R. Evid. 403. The concept expressed by Rule 403 embodies the principle that "[c]ourts have recognized that it is sometimes desirable that such evidence, even though it may be relevant, should be excluded where the minute peg of relevancy will be entirely obscured by the dirty linen hung upon it." *Lucero v. Donovan*, 354 F.2d 16, 18, n. 2 (9th Cir. 1965) (citations omitted).

As stated above, the issue of critical concern to this case is whether or not Defendants copied Map 5472. The trier of fact must decide whether Map 6451 is substantially similar to Map 5472 to resolve this matter. If Mr. Delmarter were to testify that the two maps at issue are substantially similar from the perspective of copyright law, such testimony would be highly prejudicial to Defendants because it would be transmitted to the jury under the auspices of expert testimony when, in fact, it is based on unfounded conclusions of law. Similarly, if Mr. Delmarter were to offer testimony that the maps are substantially similar from a civil engineering perspective, such testimony would be irrelevant as the issue is whether or not the maps are substantially similar under copyright law. Mr. Delmarter's testimony would also confuse and mislead the jury in it would cause the jury to focus on irrelevant issues and unnecessarily distract it from its mission. Thus, this Court should bar Plaintiff's expert's testimony altogether or, at the very least, and, in the alternative, instruct Plaintiff not to put on any evidence relating to the substantial similarity between Map 5472 and Map 6451 under any construction of the term.

### IV. CONCLUSION

This Court should bar Plaintiff's expert from testifying to the alleged substantial similarities between Map 6451 and Map 5472. Plaintiff's expert's testimony is simply unreliable

1  and improperly opines on an ultimate issue of law, namely whether the two maps at issue in this
2  litigation are substantially similar.  The Court should, similarly, bar Plaintiff's expert from
3  offering any testimony of substantial similarity that is based on an understanding of the term
4  outside the context of copyright law.  Plaintiff's expert's testimony is irrelevant and, even if this
5  Court were inclined to permit his testimony, is unduly prejudicial and of low probative value.

6  DATED: January 29, 2010                         GCR, LLP

8                                                 By: /s/ Chaka Okadigbo
                                                  CHAKA C. OKADIGBO
                                                  Attorneys for Defendant
9                                                 CITY OF WASCO

4838-1261-2869                            11

DEFENDANTS CITY OF WASCO AND DENNIS W. DEWALT, INC.'S JOINT MOTION IN LIMINE NO. 1 TO
EXCLUDE THE TESTIMONY OF PLAINTIFF'S EXPERT WITNESS, JAMES K. DELMARTER; MEMORANDUM
OF POINTS AND AUTHORITIES IN SUPPORT THEREOF