1  BONIFACIO BONNY GARCIA (SBN 100761)
   CHAKA C. OKADIGBO (SBN 224547)
2  GCR, LLP
   520 SOUTH GRAND AVENUE, SUITE 695
3  LOS ANGELES, CA  90071
   Tel: (213) 347-0210
4  Fax: (213) 347-0216

5  Attorneys for Defendant CITY OF WASCO

6

7

8                      UNITED STATES DISTRICT COURT

9         EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION

10

11  ROGER McINTOSH                    Case No: 1:07-CV-01080-LJO-WMV

12          Plaintiff,               **DEFENDANTS CITY OF WASCO,
                                      DEWALT AND NORTHERN
13      vs.                          CALIFORNIA UNIVERSAL
                                      ENTERPRISES COMPANY'S MOTION *IN
14  NORTHERN CALIFORNIA              LIMINE* NO. 2 TO EXCLUDE EVIDENCE
    UNIVERSAL ENTERPRISES            OF ANY DAMAGES NOT RELATED TO
15  COMPANY, INC., *et al.*,         THE ALLEGED INFRINGEMENT OF
                                      TRACT 5472 MAPS AND PLANS;
16          Defendants.              MEMORANDUM OF POINTS AND
                                      AUTHORITIES IN SUPPORT THEREOF.**

17

18

19

20                          **MOTION *IN LIMINE***

21       Defendant CITY OF WASCO "the City", joined by Defendants Dennis D. DeWalt, Inc.

22  ("DeWalt") and Northern California Universal Enterprises, Company ("NCUE"), hereby moves

23  the Court to instruct Plaintiff ROGER McINTOSH and his counsel "Plaintiff", before trial and

24  selection of the jury in the above-entitled case, that he may not refer to, mention, comment

25  upon, or otherwise introduce into evidence at trial any evidence or testimony related to damages

26  other than those caused by the alleged infringement of subdivision map and/or improvement

27

28
DEFENDANTS CITY OF WASCO, DEWALT AND NORTHERN CALIFORNIA UNIVERSAL ENTERPRISES COMPANY'S
MOTION *IN LIMINE* NO. 2 TO EXCLUDE EVIDENCE OF ANY DAMAGES NOT RELATED TO THE ALLEGED
INFRINGEMENT OF TRACT 5472 MAPS AND PLANS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT

1  plans for Tract 5472.[1]  This motion is made on the grounds that the prejudicial impact of such

2  testimony and evidence will outweigh any probative value of the same, and that such evidence

3  will confuse and mislead the jury.  Federal Rules of Evidence §403.

4      This motion is made on the memorandum accompanying this motion, the Declaration of

5  Chaka C. Okadigbo, on the papers and records on file herein, and on such oral and documentary

6  evidence that may be presented at the hearing on this motion.

7  DATED:  January 29, 2010                    GCR, LLP

8

9

10  By: _____

11                    CHAKA C. OKADIGBO
                      Attorneys for Defendant
12                    CITY OF WASCO

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27  [1] The City contends that the improvement plans are not protected by copyright laws.  However, to the extent that this Court finds that the improvement plans are protected by copyright, the City respectfully requests that any evidence of damages be limited to the improvement plans for Tract 5472.

28  4836-0958-2341                    2

1

## MEMORANDUM OF POINTS AND AUTHORITIES

2 **I.    INTRODUCTION**

3          In or about 1994, the Legacy Group hired Martin-McIntosh, a civil engineering firm, to

4 prepare subdivision maps for a new housing development, the Valley Rose Estates Subdivision

5 "Subdivision".   Martin-McIntosh prepared subdivision maps and improvement plans for six 6

6 tracts of land within the Subdivision, including Tract 5472, the tract at issue in this litigation.

7 Ultimately, Legacy was unable to complete the development of the Subdivision.   Nevertheless,

8 Legacy constructed the Subdivision improvements and filed Martin-McIntosh's tentative map

9 for Tract 5472 "Map 5472".   Northern California Universal Enterprises co. "NCUE" and Lotus

10 Developments, LP "Lotus" subsequently purchased the property and, as part of their efforts to

11 complete the development of the Tract 5472, hired Defendant Dennis W. DeWalt, Inc.

12 "DeWalt" to prepare tentative and final maps for Tract 5472.   DeWalt prepared tentative and

13 final maps for Tract 6451, the same property encompassed by Tract 5472.   Plaintiff claims that

14 Defendants NCUE, Lotus and DeWalt copied and used Map 5472 to prepare the tentative and

15 final maps for Tract 6451.   Plaintiff further maintains that he owns all Martin-McIntosh maps

16 and improvement plans for all six Subdivision tracts and, thus, Defendants infringed upon his

17 copyright interests.   The City is being sued on contributory and vicarious copyright

18 infringement theories.

19          Plaintiff seeks actual damages and infringer profits from all Defendants.   The City

20 anticipates, however, that Plaintiff will attempt to introduce evidence of actual damages that

21 moves beyond the fair market value of the Martin-McIntosh improvement plans and tentative

22 map for Tract 5472.   For example, the City anticipates that Plaintiff will attempt to recover as

23 actual damages the value all work Martin-McIntosh performed for the Subdivision, even though

24 his claims of infringement relate only to the map and plans for Tract 5472/6451.   Any evidence

25 of damages resulting from any work Plaintiff performed related to other tracts and for which he

26 was not compensated is irrelevant, prejudicial and likely to confuse or mislead the jury.

27 Moreover, as a matter of law, Plaintiff cannot recover as actual damages anything more than the

28

4836-0958-2341                                        3

1    fair market value of the Martin-McIntosh improvement plans and tentative map for Tract 5472.

2    Accordingly, the CITY seeks a court order instructing Plaintiff that evidence of actual damages

3    must be restricted to the fair market value of Map 5472, the Martin-McIntosh improvement

4    plans for Tract 5472, and infringer profits derived from the use of Map 5472 and the Martin-

5    McIntosh improvement plans for Tract 5472.

6    **II.    ARGUMENT**

7        **A.    The Court Has Authority to Exclude Evidence.**

8        Pursuant to Rule 402 of the Federal Rule of Evidence, irrelevant evidence is

9    inadmissible in court.  Under Rule 403 of the Federal Rules of Evidence, "evidence may be

10   excluded if its probative value is substantially outweighed by the danger of unfair prejudice,

11   confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of

12   time, or needless presentation of cumulative evidence."  In this instance, evidence unrelated to

13   the fair market value of Map 5472 and/or the Martin-McIntosh improvement plans is irrelevant

14   to the recovery of actual damages and, thus, should be barred.  Furthermore, it would be

15   prejudicial to the City and confusing and misleading to the jury if Plaintiff if were permitted to

16   introduce evidence of unrelated damages because the jury would be presented with a grossly

17   inflated estimate of the damages at issue which would unfairly affect its evaluation of this case.

18   The proper measurement of damages is the fair market value of the copied map and/or plans,

19   thus the City's motion is well taken.

20       **B.    Plaintiff Is Entitled to Only Those Damages Arising Only From the
             Infringement of the Copyrighted Work.**
21

22       Pursuant to 17 USC §504a, a copyright owner is entitled to actual damages and/or profit

23   suffered as a result of the infringement.  "From the statutory language, it is apparent that a

24   casual link between the infringement and the monetary remedy sought is a predicate to recovery

25   of both actual damages and profits.  We take this opportunity to reaffirm the principle that a

26   plaintiff in a §504b action must establish this casual connection . . ." *Polar Bear Prods. v.*

27

28

DEFENDANTS CITY OF WASCO, DEWALT AND NORTHERN CALIFORNIA UNIVERSAL ENTERPRISES COMPANY'S
MOTION *IN LIMINE* NO. 2 TO EXCLUDE EVIDENCE OF ANY DAMAGES NOT RELATED TO THE ALLEGED
INFRINGEMENT OF TRACT 5472 MAPS AND PLANS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT

1  *Timex Corp.* 384 F.3d 700, 708 9th Cir. Wash. 2004.  Hence, Plaintiff must limit his evidence to

2  any actual damages and any infringer profit attributable to the alleged copyright violation.

3       Plaintiff has stated in his deposition that his copyright was intended to relate only to

4  work performed for Tract 5472.  "It was my intent to copyright the work done for 5472, and all

5  related work that was necessary to support the tract."  McIntosh Dep. p. 40:3-5, December 18,

6  2008 Vol. I, see Okadigbo Decl. ¶ 3, Ex. A.  He specifically denies any intent to copyright any

7  of the work related to any other tract within the Subdivision.  McIntosh Dep., p. 55:20-56:1, see

8  Okadigbo Decl. ¶ 3, Ex. A.  Thus, any evidence of damages must be limited to damages related

9  to the infringement of maps and plans related to Tract 5472.  Furthermore, the evidence of

10  actual damages must be limited to the fair market value of the copyrighted material.

11              **1.     Actual Damages.**

12       In a case where the Plaintiff cannot claim a lost sale or lost opportunity as a result of an

13  infringement, the Plaintiff is limited to showing the fair market value for the use of the

14  copyrighted material.  "The question is not what the owner would have charged, but rather what

15  is the fair market value.  In order to make out his claim that he has suffered actual damage

16  because of the infringer's failure to pay, the owner must show that the thing taken had a fair

17  market value." *On Davis v. The Gap, Inc.* 246 F.3d 152, 166 2d Cir. N.Y. 2001.  Fair market

18  value is determined by "what a willing buyer would have been reasonably required to pay to a

19  willing seller for [the owner's] work" *Mackie v. Rieser* 296 F.3d 909, 917 9th Cir. Wash. 2002

20  internal citations omitted.  In determining the appropriate measurement for damages for the

21  infringement of plans that have already been used in a project, the courts have found that the

22  damages are the fair market value of the plans as revised to be used in the new project.  For

23  example, in *Aitken, et al. v. Empire Constr. Co.,* an architect was retained to create plans for an

24  apartment complex.  The developer, without the architect's permission, took the same plans and

25  used them to build another apartment complex. The court determined that Plaintiff's damages in

26  that case was limited to "the fair market value of its architectural **plans as revised for use** in

27  constructing the [second apartment complex]." *Aitken, Hazen, Hoffman, Miller, P.C. v. Empire*

28

1    *Constr. Co.* 542 F. Supp. 252, 264 D. Neb. 1982 emphasis added.    The court went on to note

2    that the evidence did not show that the "revised set of plans were of any greater value than the

3    original set.  Indeed, there being only one potential buyer for the plans and the ... plans being a

4    revised, rather than an original, set of plans, the ... plans may have been of less value."   *Id* at

5    263-264.  In this case, Plaintiff had already prepared the tentative map for Tract 5472 of the

6    Subdivision.  Plaintiff is therefore limited to producing evidence with regard to what a willing

7    buyer would have reasonably paid Plaintiff for the revision of the tentative map and

8    improvement plans for Tract 5472.

9         **2.      Profits.**

10        Any profits claimed by Plaintiff must also be the result of the alleged infringement of

11   the tentative map and improvement plans for Tract 5472.  " [I]t nevertheless remains the duty of

12   the copyright plaintiff to establish a causal connection between the infringement and the gross

13   revenue reasonably associated with the infringement." *Polar Bear* at 716.  As noted above,

14   Plaintiff is limiting his claims to the infringement of the tentative subdivision map and/or the

15   improvement plans for Tract 5472 only.  Not surprisingly, Plaintiff has failed to present any

16   evidence that the City has derived any profits from the alleged copying and/or use of any map

17   or improvement plans besides those relating to Tract 5472.

18        Because Plaintiff has failed to produce any evidence establishing a causal link between

19   infringer profits and any infringement concerning the other Subdivision tracts besides 5472, he

20   should be barred from introducing such evidence at trial.

21   / / /

22   / / /

23   / / /

24   / / /

25   / / /

26   / / /

27   / / /

28

III.   **CONCLUSION**

The CITY respectfully requests that this Court instruct Plaintiff that his evidence of actual damages must be limited to the fair market value of the revision and use of his subdivision map and improvement plans for Tract 5472 at the time of the infringement.   In addition, the City respectfully requests an instruction that any evidence regarding profit be limited to those profits that are attributable to the infringement.   And, to the extent that the improvement plans were not registered and/or are not copyrightable, the City respectfully requests that the Court instruct Plaintiff not to introduce evidence related to damages arising from the infringement of the improvement plans for Tract 5472.

DATED:  January 29, 2010                   GCR, LLP


By: _____
CHAKA C. OKADIGBO
Attorneys for Defendant
CITY OF WASCO

4836-0958-2341                                   7