BONIFACIO BONNY GARCIA (SBN 100761)
CHAKA C. OKADIGBO (SBN 224547)
GCR, LLP
520 SOUTH GRAND AVENUE, SUITE 695
LOS ANGELES, CA 90071
Tel: 213 347-0210
Fax: 213 347-0216

Attorneys for Defendant CITY OF WASCO

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION

| | |
|---|---|
| ROGER McINTOSH<br><br>Plaintiff,<br><br>vs.<br><br>NORTHERN CALIFORNIA UNIVERSAL ENTERPRISES COMPANY, INC., *et al.*,<br><br>Defendants. | Case No: 1:07-CV-01080-LJO-WMV<br><br>**DEFENDANT CITY OF WASCO AND DENNIS W. DEWALT, INC.'S JOINT MOTION *IN LIMINE* NO. 3 TO EXCLUDE EVIDENCE OR TESTIMONY RELATED TO INFRINGEMENT OF IMPROVEMENT PLANS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** |

## MOTION *IN LIMINE*

Defendant CITY OF WASCO "the City", joined by Defendant Dennis D. DeWalt, Inc. ("DeWalt"), hereby moves the Court to instruct Plaintiff ROGER McINTOSH and his counsel "Plaintiff", before trial and selection of the jury in the above-entitled case, that he may not refer to, mention, comment upon, or otherwise introduce into evidence at trial any evidence or testimony related to any alleged infringement or damages relating to the improvement plans for Tract 5472 of the Valley Rose Estates Subdivision. This motion is made on the grounds that such testimony is irrelevant, that the prejudicial impact of such testimony and evidence will outweigh any probative value of the same, and that such evidence will confuse and mislead the jury. Fed. R. Evid. §§402, 403.

4848-8471-6293                                                                 1

1    This motion is made on the memorandum accompanying this motion, the Declaration of Chaka C. Okadigbo, on the papers and records on file herein, and on such oral and documentary evidence that may be presented at the hearing on this motion.

DATED: January 29, 2010						GCR, LLP

								By: /s/ Chaka C. Okadigbo
								CHAKA C. OKADIGBO
								Attorneys for Defendant
								CITY OF WASCO

4848-8471-6293                                 2

DEFENDANT CITY OF WASCO AND DENNIS W. DEWALT, INC.'S JOINT MOTION *IN LIMINE* NO. 3 TO EXCLUDE EVIDENCE OR TESTIMONY RELATED TO INFRINGEMENT OF IMPROVEMENT PLANS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.  INTRODUCTION

The instant lawsuit alleges that Defendant Northern California Universal Enterprises Co. "NCUE", Lotus Developments, LP "Lotus" and Dennis W. DeWalt, Inc. "DeWalt", as part of their efforts to complete the development of one of six tracts of land Tract 6451, which was formerly Tract 5472 within the Valley Rose Estates Subdivision "Subdivision", prepared subdivision maps by unlawfully copying and/or using a tentative map "Map 5472" and a set of improvement plans "5472 Plans" that Plaintiff claims he owns. Defendant City of Wasco "the City" it being sued on theories of vicarious and contributory copyright infringement.

The City anticipates that Plaintiff will attempt to introduce evidence of infringement related to all improvement plans prepared for the Subdivision, including 5472 Plans. Plaintiff will also contend that he is owed actual damages under 17 U.S.C. § 504 for the value of all Subdivision improvement plans, including 5472 Plans. None of this evidence, however, is relevant under Rule 402 of the Federal Rules of Evidence because the Subdivision **improvement plans are not protected by copyright law**. Additionally, Plaintiff has failed to produce any evidence to support his allegation that Defendants NCUE, Lotus and/or DeWalt unlawfully copied or used his improvement plans to complete the development of Tract 6451. To the contrary, Defendants have irrefutably established that:

- the Legacy Group, a prior developer of the Subdivision, constructed the improvements for Tract 6451/5472 before NCUE/Lotus purchased Tract 6451;
- as a result of the construction of improvements, the City did not require NCUE or Lotus to submit improvement plans; and,
- NCUE, Lotus, and DeWalt did not submit improvement plans.

Because the Subdivision improvement plans are not protected by copyright law and, in any event, Plaintiff has failed to establish that Defendants NCUE, Lotus Developments and/or DeWalt infringed on any Subdivision improvement plans, evidence of the value of these plans is irrelevant, unduly prejudicial to Defendants and would likely mislead and confuse the jury.

1  For these reasons, the Court should exclude all evidence of alleged infringement relating to the Subdivision improvement plans, including evidence of damages, pursuant to Rules 402 and 403 of the Federal Rules of Evidence.

## II.   ARGUMENT

### A.   The Court Has Authority to Exclude Evidence.

Pursuant to Rule 402 of the Federal Rule of Evidence, irrelevant evidence is inadmissible in court. Under Rule 403 of the Federal Rules of Evidence, "evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." *Federal Rules of Evidence* §403. It would prejudicial to the City and confusing and misleading to the jury if Plaintiff is permitted to introduce evidence of damages regarding the improvement plans.

### B.   Plaintiff Did Not Register the Improvement Plans With the Copyright Office.

Before brining a lawsuit for copyright infringement, the plaintiff must register the work with the U.S. Copyright Office. "'No action for infringement of the copyright in any work shall be instituted until registration of the copyright claim has been made. . . .' 17 U.S.C. § 411a. Copyright registration is not a prerequisite to a valid copyright, but it is a prerequisite to a suit based on a copyright." *Kodadek v. MTV Networks,* 152 F.3d 1209, 1211 9th Cir. Cal. 1998 cites omitted. Thus, filing a copyright registration is a *jurisdictional* prerequisite.

On February 22, 2007, Plaintiff, registered with the Copyright Office "Land Planning Drawings and Landscape Design" for the Valley Rose Planned Community. For the registration to be valid, Plaintiff was also required to state the year in which the work was completed. "This information must be given in all cases." Okadigbo Decl. ¶ 9, Ex. G. Plaintiff stated that the "Land Planning Drawings and Landscape Design" were completed in 1992. Okadigbo Decl. ¶ 9, Ex. G. The improvement plans, however, were not completed in 1992. The 5472 Plans were completed in 1993, as is evident from the dates stated on the plans.

4848-8471-6293                                4

DEFENDANT CITY OF WASCO AND DENNIS W. DEWALT, INC.'S JOINT MOTION *IN LIMINE* NO. 3 TO EXCLUDE EVIDENCE OR TESTIMONY RELATED TO INFRINGEMENT OF IMPROVEMENT PLANS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

Okadigbo Decl. ¶ 14, Ex. K and ¶5, Ex. C. Plaintiff has failed to register the 5472 Plans as required under 17 U.S.C. §411a. As a result, this Court does not have jurisdiction over any infringement claims for improvements plans completed after 1992.

Even if the Court were inclined to find that the 5472 Plans might be covered by the Certificate of Registration, there is no evidence that that the improvement plans for the other Subdivision tracts were registered. Indeed, Plaintiff has himself testified that the Certificate relates only to Tract 5472 maps and plans. McIntosh Dep. 39:23-40:5, December 18, 2008, see Okadigbo Decl. ¶ 3, Ex. A.

In the end, there is no basis to allow Plaintiff to introduce any evidence of infringement regarding 5472 Plans because the plans are not the subject of Plaintiff's Certificate of Registration. Based on Plaintiff's testimony that the Certificate applies only to Tract 5472 maps and plans, there is similarly no evidence that Plaintiff registered any of the other Subdivision improvement plans before filing this lawsuit. The Court should, therefore, bar any evidence or testimony relating to the infringement of Subdivision plans or to the value of any Subdivision plan on the ground that it is not relevant under Rule 402 of the Federal Rules of Evidence.

### C. Improvement Plans Are Not Protected by Copyright.

The copyright statute is intended to protect "pictorial, graphic, and sculptural works." 17 U.S.C. §101. However, the statute is careful to distinguish pictorial, graphic and sculptural works from mere designs of a "useful article." A useful article is defined as "an article having an intrinsic utilitarian function." *Id.* Thus, to be copyrightable, an article's "pictorial, graphic and sculptural" features must be able to exist separately and independently of the utilitarian function of the "useful article." *Conwest Resources, Inc. v. Playtime Novelties, Inc.* U.S. Dist. LEXIS 85461, p. 11-12 N.D. Cal. Nov. 17, 2006. To determine whether artistic features can exist separately and independently from the utilitarian function, the courts have developed a variety of tests. One test requires that the artistic features be the primary aspect of the article while the utilitarian features be secondary. Another test requires that the useful article be

1 marketable to a significant portion of the community simply because of the article's aesthetic qualities. A third test would require that the useful article "stimulate in the mind of the beholder a concept that is separate from the concept evoked by its utilitarian function." The fourth test seeks a determination that the artistic design was not significantly influenced by the utilitarian functions. Or, under the fifth test, there must be a finding that the artistic features can stand alone as a work of art and the useful article would be equally useful without the artistic features. The last test would require a determination that the artistic features are not utilitarian. *Id* at 12-13 cites omitted. The improvement plans fail each of these tests.

The improvements plans set forth the placement of utility lines, sewer lines, streets, curbs, etc. The purpose of the plans is to guide the contractors in placing these infrastructures in the correct place. Thus, it cannot be argued that the utilitarian functions are "secondary." The plans have little or no value to anyone or anything outside of the Subdivision. Nothing in the plans can be said to "stimulate the mind" as there is nothing extraordinary about the plans. Clearly, the plans are influenced by their utilitarian functions. And, there is no independent artistic value to the improvement plans that can be separated from the utilitarian features of the location of sewer lines, power cables, etc. There simply is no evidence that the improvement plans are anything more than industrial design that is not copyrightable. "'[T]he dominant characteristic of industrial design is the influence of nonaesthetic, utilitarian concerns' and hence concludes that copyrightability 'ultimately should depend on the extent to which the work reflects artistic expression uninhibited by functional considerations.'" *Brandir International, Inc. v. Cascade Pacific Lumber Co.* 834 F.2d 1142, 1145 2d Cir. N.Y. 1987 cites omitted. In light of the purely utilitarian function of the improvement plans, the improvement plans are not subject to copyright protection.

**D.     The Improvement Plans Were Not Infringed.**

Even if the Court were to find that the improvement plans are not merely an industrial design and are somehow subject to copyright law protections, Plaintiff's claim is moot because

1  there was no infringement of the improvement plans. Infringement is generally defined as the
2  copying, or use, of the owner's material without the owner's permission.
3     To state a prima facie case of copyright infringement, the plaintiff must prove
4     ownership of copyrighted material and copying of that material by the defendant.
5     'Ownership' is proved by establishing originality and copyrightability of the
6     material and copying of that material by the defendant. 'Copying' may be shown
7     by establishing that the defendant had access to the copyrighted material and that
8     the defendant's work is substantially similar to the plaintiff's.
9  *Kern River Gas Transmission Co. v. The Coastal Corp.* 899 F.2d 1458, 1462 5th Cir. Tex. 1990
10 cites omitted.   Yet, Plaintiff stated in his deposition that the use of improvement plans without
11 the owner's permission is permissible once the plans have been approved by a city. "If [the
12 improvement plans] are approved and accepted by the city, then they would be - - they could be
13 used without the engineer's permission." McIntosh Dep. p. 267:18-20, January 28, 2009 Vol.
14 II, see Okadigbo Decl., ¶ 3, Ex. A. Moreover, Plaintiff has failed to produce any admissible
15 evidence that NCUE, Lotus, and/or DeWalt unlawfully copied or used the Martin-McIntosh
16 improvement plans to complete the development of Tract 5472/6451.

      **1.    The CITY Did Not Require Submission of Improvement Plans and No Defendant Either Prepared Improvement Plans or Submitted Improvement Plans to the City.**

19 The City generally requires a developer to submit improvement plans before
20 construction can commence. *City of Wasco Municipal Code* §16.12.030   The improvement
21 plans set forth the proposed location for the infrastructure, including but limited to streets,
22 curbs, drive ways, sewer and water lines, for Tract 5472.   In 2004, the infrastructure for Tract
23 5472 had already been installed pursuant to Plaintiff's improvement plans for Tract 5472 before
24 NCUE and/or Lotus purchased Tract 5472. According to the City's Engineer, Gerald Helt, "in
25 the early '90s there were improvement plans drawn by McIntosh that were used to construct the
26 improvements on that subdivision, and the improvements were constructed and completed at
27 that time." Helt Dep., p. 39:7-10, October 28, 2009, see Okadigbo Decl. ¶ 7, Ex. E. As a result,

the City did not require NCUE to submit improvement plans for Tract 6451 formerly Tract 5472. Greg Black, the manager at DeWalt responsible for the preparation of tentative map for Tract 6451, confirmed that DeWalt did not prepare any improvement plans. "[D]id the city tell you to submit improvement plans? Did they specifically direct you and/or DeWalt to submit improvement plans? A. No." Black Dep. p. 66:22-25, see Okadigbo Decl., ¶ 6, Ex. D. The City also advised its engineer that it would not be requiring improvement plans because the improvements were already done and the CITY had been maintaining them. Helt Dep. p. 41:11-16, see Okadigbo Decl. ¶7, Ex. E. As such, none of the Defendants filed any improvement plans. *See*, Black Dep. p. 66:22-25, see Okadigbo Decl. ¶ 6, Ex. D; Woodcock Dep. p. 33:4-16, January 29, 2009, see Okadigbo Decl. ¶ 4, Ex. B; and, Pennell Dep. p. 19:18-21, DATE, see Okadigbo Decl. ¶ 15, Ex.L.

Indeed, Greg Black stated that he did not recall using the improvement plans.

> Q. Did you ever make use of those improvement plans?
>
> A. Not that I recall.

Black Dep. p. 54:10-12, see Okadigbo Decl. ¶ 6, Ex. D. Nor could he not think of any reason why he would need to use the improvement plans for Tract 5472 in preparing any of his work.

> Q. Sure. In a situation like in 64 - - in preparing and processing the tentative and final map where the improvements are already in the ground and all you need to do is prepare and process that map, why would you need improvement plans, if you would need them at all? Can you think of a situation where you would need them?
>
> A. I can't think of a situation where I would need them.

Black Dep. p. 33:8-16, see Okadigbo Decl. ¶ 6, Ex. D. He further testified that when he prepared a cost estimate for the improvements in Tract 6451, he did not use the improvement plans for 5472. Instead, he calculated the estimates using the tentative map and the firm's database to obtain historical construction costs. Black Dep. p. 54:16-25, see Okadigbo Decl. ¶

6, Ex. D. There is no evidence to contrary.[1] Based on Plaintiff's failure to produce any evidence that Defendants either copied or unlawfully used the Martin-McIntosh improvement plans, or any Subdivision improvement plans, evidence of damages related to the value of these plans is irrelevant. Thus, Plaintiff should be barred from introducing any evidence or testimony related to the value of the Martin-McIntosh improvement plans.

### 2. The Copying of Facts Is Not An Infringement.

Even assuming *arguendo* that Plaintiff could show Defendants had used the improvement plans in preparation of some of their work, Plaintiff still could not sustain a claim for infringement. By the time NCUE purchased the Valley Rose Estates property, the infrastructure had already been installed. Mr. Black testified that NCUE's subdivision map was limited by infrastructure already in place. "The physical constraints of the improvements that were already in place were pretty limiting. The streets were already there. The perimeter walls were already there. The curb, gutter and sidewalk were in. Driveways cuts were in. And that kind of locked us in to where each lot would be." Black Dep. p. 57:7-12, see Okadigbo Decl. ¶ 6, Ex. D. Any plans or maps needed to take the location of the infrastructure into account. But factual elements, like location of things, are not subject to copyright. "The problem for the copyrightability of the resulting maps, however, is not a lack of originality, but rather that the maps created express in the only effective way the idea of the location of the pipeline." *Kern* at 1464. Plaintiff cannot show "that what has been taken from his expression is something more than what 'must unavoidably be produced by anyone who wishes to use and restate" the facts that form the greater part of the work.'" *Cooling Systems and Flexibles, Inc. v. Stuart Radiator, Inc.* 777 F.2d 485, 492 9th Cir. Cal. 1985. There is no infringement because the improvement plans merely express facts.

/ / /

/ / /

---

[1] Plaintiff does allege that he was told by an employee of the City that the improvement plans were used. However, Plaintiff is unable to name the city employee or provide any details to identify the person who allegedly made this statement. This is inadmissible hearsay evidence and Plaintiff lacks personal knowledge to testify to the observations of an alleged City employee, as the City contends in Motion in Limine 7.

4848-8471-6293

9

### III. CONCLUSION

THE CITY respectfully requests that this Court instruct Plaintiff not to introduce evidence of damages related to the improvements plans. Plaintiff is not entitled to damages for the improvement plans, as discussed above, and the introduction of such evidence will cause undue prejudice and is likely to confuse or mislead the jury.

DATED: January 29, 2010

GCR, LLP

By: _____
CHAKA C. OKADIGBO
Attorneys for Defendant
CITY OF WASCO

4848-8471-6293

10

DEFENDANT CITY OF WASCO AND DENNIS W. DEWALT, INC.'S JOINT MOTION *IN LIMINE* NO. 3 TO EXCLUDE EVIDENCE OR TESTIMONY RELATED TO INFRINGEMENT OF IMPROVEMENT PLANS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF