1  BONIFACIO BONNY GARCIA (SBN 100761)
   CHAKA C. OKADIGBO (224547)
2  GCR, LLP
   520 SOUTH GRAND AVENUE, SUITE 695
3  LOS ANGELES, CA  90071
   Tel: (213) 347-0210
4  Fax (213) 347-0216

5  Attorneys for Defendant CITY OF WASCO

6

7

8
                    UNITED STATES DISTRICT COURT
9
          EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION
10

11
   ROGER McINTOSH                          Case No: 1:07-CV-01080-LJO-WMV
12
              Plaintiff,
13                                          DEFENDANTS CITY OF WASCO AND
       vs.                                  DENNIS W. DEWALT INC.'S JOINT
14                                          MOTION IN LIMINE NO. 4 TO PRECLUDE
   NORTHERN CALIFORNIA                      EVIDENCE OF ATTORNEYS' FEES;
15 UNIVERSAL ENTERPRISES                    MEMORANDUM OF POINTS AND
   COMPANY, INC., *et al.*,                 AUTHORITIES IN SUPPORT THEREOF
16
              Defendants.
17

18

19

20

21

22

23

24

25

26

27

28
   4824-6230-8869                     1

## MOTION IN LIMINE

Defendant City of Wasco ("Defendant") joined by Defendant Dennis W. DeWalt, Inc. ("DeWalt") hereby move this Court for an order excluding all testimony and evidence produced by Plaintiff that relates to Plaintiff's attorney's fees.

This motion is made based on Federal Rule of Evidence 401 and 402 prohibiting the admissibility of evidence that is not relevant.

This motion is made on this motion, the accompanying memorandum of points and authorities, and the exhibits filed herewith, the papers and records on file herein, and on such oral and documentary evidence that may be presented at the hearing of this motion.

DATED: January 29, 2010                    GCR, LLP

By: _____
CHAKA C. OKADIGBO
Attorney for Defendant
CITY OF WASCO

4824-6230-8869                              2

**DEFENDANTS CITY OF WASCO AND DENNIS W. DEWALT INC.'S JOINT MOTION IN LIMINE NO. 4 TO PRECLUDE EVIDENCE OF ATTORNEYS' FEES; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

1

## MEMORANDUM OF POINTS AND AUTHORITIES

2

## I.    INTRODUCTION

3    The instant lawsuit alleges, among other claims, that, as part of their efforts to complete

4    the development of the Valley Rose Estates Subdivision ("Subdivision"), Defendants Northern

5    California Universal Enterprises Company ("NCUE"), Lotus Developments, LP ("Lotus") and

6    Dennis W. DeWalt, Inc. ("DeWalt") (collectively, "Defendants") prepared a tentative map for

7    the Subdivision (Tentative Map 6451) by coping a prior tentative map (Map 5472) that Plaintiff

8    claims he owns.  Plaintiff further claims that the City encouraged and/or induced infringement

9    and, thus, is liable to Plaintiff on vicarious and contributory copyright infringement theories.  If

10   Plaintiff were to prevail on his claims, the City anticipates that Plaintiff will attempt to recover

11   attorney's fees pursuant to 17 U.S.C. § 505.  However, Plaintiff failed to timely register his

12   copyright and, thus, is barred from recovering attorneys' fees under 17 U.S.C. § 412.

13   Accordingly, the Court should bar Plaintiff from introducing any evidence of damages in the

14   form of attorneys' fees on the ground that it is irrelevant under Rules 401 and 402 of the Federal

15   Rules of Evidence.

16
## II.   THIS COURT HAS THE AUTHORITY TO CONSIDER AND GRANT MOTIONS
         IN LIMINE
17

18       A party may make a motion in limine prior to or during a trial, for the purpose of limiting the

19   disclosure and use of evidence. This Court has the authority to grant motions in limine under the

20   appropriate circumstances, which fall within the inherent authority of the court to manage trials.

21   See G. Heileman Brewing Co. v. Joseph Oat Corp., 871 F. 2d 648, 653 n.6 (7th Cir. 1989); In re

22   Japanese Elec. Products Antitrust Litigation, 723 F.2d 238, 260 (3d Cir. 1983) , rev'd on other

23   grounds, Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574 (1986).

24   / / /

25   / / /

26   / / /

27   / / /

28
4824-6230-8869                              3
DEFENDANTS CITY OF WASCO AND DENNIS W. DEWALT INC.'S JOINT MOTION IN LIMINE NO.
4 TO PRECLUDE EVIDENCE OF ATTORNEYS' FEES; MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT THEREOF

1  III.  **ARGUMENT**

2      A.     **Plaintiff Is Not Entitled To Attorney's Fees Because He Failed To Timely Register His Copyright.**

3

4      Based on Plaintiff's *Third Amended Complaint*, Defendant anticipates that Plaintiff

5  intends to recover attorneys fees pursuant to 17 U.S.C. § 505.  However, Plaintiff failed to timely

6  register the copyrighted works at issue in this litigation, as required by 17 U.S.C. § 412.  For this

7  reason, the Court should bar all evidence relating to Plaintiff's attorneys' fees as irrelevant and

8  immaterial pursuant to 17 U.S.C. section 412 and Federal Rules of Evidence 401 and 402.

9      17 USC § 412, in pertinent part, provides that:

10         "no award of statutory damages or of attorney's fees, as provided

11         by sections 504 and 505 [17 USCS §§ 504 and 505], shall be made

12         for (1) any infringement of copyright in an unpublished work

13         commenced before the effective date of its registration; or (2) any

14         infringement of copyright commenced after first publication of the

15         work and before the effective date of its registration, unless

16         registration is made within three months after the first publication

17         of the work."

18      In the case of unpublished works, the courts have established that a plaintiff may not

19  recover attorneys' fees if he fails to register his copyright claim to a work before the

20  commencement of the alleged infringement.  *Teevee Toons, Inc. v. Overture Records*, 501 F.

21  Supp. 2d 964 (2nd Cir. 2007). In the case of published works, the courts have established that to

22  recover attorneys' fees, registration must be made within three months after first publication of

23  the work. *Derek Andrew, Inc. v. Poof Apparel Corp.*, 528 F.3d 696 (9th Cir. 2008).

24      Here, whether or not the copyrighted works at issue in this litigation are considered

25  published or unpublished, Plaintiff still failed to timely register them and, therefore, is barred

26  from recovering attorneys' fees.

27

28

**DEFENDANTS CITY OF WASCO AND DENNIS W. DEWALT INC.'S JOINT MOTION IN LIMINE NO. 4 TO PRECLUDE EVIDENCE OF ATTORNEYS' FEES; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

1    Plaintiff maintains that Defendants prepared Tentative Map 6451 by copying Map 5472,

2    thereby infringing on his copyright interests.  Plaintiff registered his copyright to Map 5472 on

3    February 22, 2007. Copyright Registration Certificate, see Okadigbo decl. ¶ 9, Ex. G. The

4    alleged infringing act, however, could not have occurred any later than March 14, 2005, the date

5    that the City approved Tentative Map 6451. McNammara Decl. ¶ 8, see Okadigbo decl. ¶ 12, Ex.

6    J.  Based on the foregoing, if Plaintiff's works are considered unpublished, he may not recover

7    attorneys' fees because he failed to register the copyrighted works at issue before the alleged

8    infringement occurred.

9    Even if, on the other hand, Plaintiff's works are considered published, he still cannot

10   recover attorneys' fees because Plaintiff did not register his maps within three months after

11   publication of the work. For purposes of 17 U.S.C. § 412, a work is published if it is distributed

12   to the public or put on public display with the authorization of the copyright holder. See *Zito v.*

13   *Steeplechase Films, Inc.*, 267 F. Supp. 2d 1022, 1026 (N.D. Cal. 2003). Plaintiff's revised

14   tentative map for tract 5472 was completed on April 21, 1992. Revised Tentative Map for Tract

15   5472, see Okadigbo decl. ¶ 13, Ex. K. Plaintiff's own registration certificate concedes that his

16   works were completed in 1992. Copyright Registration Certificate, see Okadigbo decl. ¶ 9, Ex.

17   G. Plaintiff submitted the tentative map to the City for approval in 1993. Plaintiff's *Third*

18   *Amended Complaint*, ¶ 26, see Okadigbo decl. ¶ 11, Ex. I. Plaintiff has acknowledged that this

19   submission was done as part of the City's public review process, a process that gives the public

20   access to his work with his consent. McIntosh Dep. 220:22-24, see Okadigbo decl. ¶ 3, Ex. A.

21   Therefore, first publication of Plaintiff's works occurred no later than 1993. As set forth above,

22   Plaintiff registered his copyright to Map 5472 on February 22, 2007, more than a decade after

23   first publication. Therefore, Pursuant to 17 U.S.C. § 412(2), Plaintiff is not entitled to attorneys'

24   fees because he registered his copyright years after the three month registration window expired.

25   Based on the foregoing, regardless of whether Plaintiff's work is considered published or

26   unpublished, 17 USC § 412 bars Plaintiff from recovering attorney's fees because Plaintiff failed

27   to timely register his copyright.

28

4824-6230-8869                                                  5
**DEFENDANTS CITY OF WASCO AND DENNIS W. DEWALT INC.'S JOINT MOTION IN LIMINE NO.
4 TO PRECLUDE EVIDENCE OF ATTORNEYS' FEES; MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT THEREOF**

1       **B.      Evidence Relating to Attorney's Fees is Irrelevant to Plaintiff's Claims.**

2               Evidence is only relevant if it has a tendency to prove or disprove a fact that is of

3       consequence to the determination of the action. Fed. R. Evid. 401. The facts that are of

4       consequence to the determination of the action are generally determined by the pleadings,

5       motions and pre-trial orders on file therein. *See, Clark v. Martinez*, 295 F.3d 809, 814 (8th Cir.

6       2002). Evidence that is not pertinent to the issues established by these documents (*e.g.*, evidence

7       that tends to prove or disprove facts related to remedies that are unavailable to the Plaintiff) is

8       immaterial, and it would be error to allow the introduction of such evidence. Fed. R. Evid. 402.

9               Here, neither party disputes that Plaintiff registered his copyright on February 22, 2007,

10      that NCUE submitted their new (allegedly copyright infringing) tentative map to the City on

11      March 14, 2005, and that if publication occurred, first publication of Plaintiff's work occurred no

12      later than 1993. Given these facts, 17 USC § 412 explicitly bars Plaintiff from recovering

13      attorney's fees because Plaintiff failed to timely register his copyright. Evidence of attorney's

14      fees is immaterial because it is evidence of a remedy not available to the Plaintiff, and it would

15      be an error to allow the introduction of such evidence. Evidence of attorney's fees should

16      therefore be excluded because it has no bearing on any fact of consequence to the determination

17      of the action. Fed. R. Evid. 401, 402.

18      **IV.      CONCLUSION**

19              Based on the foregoing, Defendant City of Wasco asks the court for an order prohibiting

20      the use of such irrelevant and prejudicial evidence, and admonishing the plaintiff and its

21      witnesses as well as counsel not to introduce any such evidence in any form, and not to suggest,

22      comment directly or indirectly upon, or refer to any such evidence in any way before the jury.

23      DATED:  January 29, 2010                         GCR, LLP

24

25

26                                      By: _____
                                        CHAKA C. OKADIGBO
27                                      Attorneys for Defendant
                                        CITY OF WASCO
28

4824-6230-8869                                      6

**DEFENDANTS CITY OF WASCO AND DENNIS W. DEWALT INC.'S JOINT MOTION IN LIMINE NO. 4 TO PRECLUDE EVIDENCE OF ATTORNEYS' FEES; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**