BONIFACIO BONNY GARCIA (SBN 100761)
CHAKA C. OKADIGBO (224547)
GCR, LLP
500 SOUTH GRAND AVENUE, SUITE 695
LOS ANGELES, CA 90071
Phone: (213) 347-0210
Fax: (213) 347-0216

Attorneys for Defendant CITY OF WASCO

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION

| | |
|---|---|
| ROGER McINTOSH,<br><br>    Plaintiff,<br><br>vs.<br><br>NORTHERN CALIFORNIA UNIVERSAL ENTERPRISES COMPANY, INC., *et al.*,<br><br>    Defendants. | Case No: 1:07-CV-01080-LJO-WMV<br><br>**DEFENDANTS CITY OF WASCO AND DENNIS W. DEWALT, INC.'S JOINT MOTION IN LIMINE NO. 6 TO EXCLUDE TESTIMONY RELATING TO NONCOPYRIGHTABLE ASPECTS OF THE COPYRIGHTED WORKS AT ISSUE; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** |

**MOTION IN LIMINE**

Defendant City of Wasco ("City"), joined by Defendant Dennis W. Dewalt, ("Defendants") hereby move this Court for an order excluding all testimony and evidence produced by Plaintiff's expert James Delmarter as it relates to the alleged substantial similarities of the tentative and final subdivision maps ("Maps").

This motion is made based on Federal Rules of Evidence 401 and 402 prohibiting the admissibility of evidence that is not relevant; and Federal Rule of Evidence 403 prohibiting relevant evidence that is outweighed by the prejudicial nature of same.

///

1  This motion is made on this motion, the accompanying memorandum of points and
2  authorities, and the exhibits filed herewith, the papers and records on file herein, and on such
3  oral and documentary evidence that may be presented at the hearing of this motion.

4  DATED: January 29, 2010                   GCR, LLP

                                             By: /s/ Chaka C. Okadigbo
                                             CHAKA C. OKADIGBO
                                             Attorneys for Defendant
                                             CITY OF WASCO

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

The instant lawsuit alleges, among other claims, that, as part of their efforts to complete the development of the Valley Rose Estates Subdivision, Defendants Northern California Universal Enterprises Company ("NCUE"), Lotus Developments, LP ("Lotus") and Dennis W. DeWalt, Inc. ("DeWalt") (collectively, "Defendants") copied a tentative map (Map 5472) and a set of improvement plans which Plaintiff claims he owns. Specifically, Plaintiff contends that Defendants submitted a tentative map (Tentative Map 6451) to the City, that is "substantially similar" to Map 5472. In support this contention, Plaintiff alludes to several features of both maps which he claims to be identical – similarities in lot configurations, street names, Subdivision tract boundaries, lot numbering sequences, and number of lots – none of which are protected by copyright law.

Defendants request that the Court restrict Plaintiff from offering testimony on these non-copyrightable elements of Map 5472 because such testimony is irrelevant under Federal Rules of Evidence 401 and 402 and, further, is highly prejudicial under Federal Rule of Evidence 403.

## II. THIS COURT HAS THE AUTHORITY TO CONSIDER AND GRANT MOTIONS IN LIMINE

A party may make a motion in limine prior to or during a trial, for the purpose of limiting the disclosure and use of evidence. This Court has the authority to grant motions in limine under the appropriate circumstances, which fall within the inherent authority of the court to manage trials. *See G. Heileman Brewing Co. v. Joseph Oat Corp.*, 871 F. 2d 648, 653 n.6 (7th Cir. 1989); *In re Japanese Elec. Products Antitrust Litigation*, 723 F.2d 238, 260 (3d Cir. 1983), *rev'd on other grounds, Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574 (1986).

/ / /

/ / /

/ / /

/ / /

4851-1278-1317                                   3

DEFENDANTS CITY OF WASCO AND DENNIS W. DEWALT, INC.'S JOINT MOTION IN LIMINE NO. 6 TO EXCLUDE
TESTIMONY RELATING TO NONCOPYRIGHTABLE ASPECTS OF THE COPYRIGHTED WORKS AT ISSUE;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

### III. ARGUMENT

#### A. Non-Copyrightable Elements of the Map And Plans at Issue In This Litigation Evidence Are Not Relevant And, Therefore, Should Be Excluded Pursuant to Rules 401 and 402 of the Federal Rules of Evidence.

Evidence is only relevant if it has a tendency to prove or disprove a fact that is of consequence to the determination of the action. Fed. R. Evid. 401. Evidence which is not relevant is not admissible. Fed. R. Evid. 402. In the context of this litigation, evidence that is irrelevant to determining whether or not Defendants copied Map 5472 is irrelevant and should be excluded. Defendants expects Plaintiff to attempt to establish that Defendants copied Map 5472 by referring to elements of Map 5472 that, as a matter of law, are not protected by copyright and are irrelevant in determining whether infringement occurred. For this reason, these elements should be excluded from the determination of whether Map 5472 is substantially similar to Map 6451.

Proof of copyright infringement requires showing that "constituent elements of the work that are original" were copied. *Feist Publications, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991). Plaintiff's allegation that Defendants copied Map 5472 requires proving that Map 6451 is "substantially similar" to Map 6451. *Funky Films, Inc. v. Time Warner*, 462 F.3d 1072, 1076. To determine whether or not two works are substantially similar, one must filter out and disregard non-protectable elements of the copyrighted work at issue and inquire only as to whether the "protectable elements," standing alone are substantially similar. *Cavalier v. Random House*, 297 F.3d 815, 822 (9th Cir. 2002); *Apple Computer v. Microsoft*, 35 F.3d 1435, 1442-43, 1446 (9th Cir. 1994). A trier of fact cannot base an infringement decision on the un-protectable aspects of the plaintiff's work. *Harper House, Inc. v. Thomas Nelson, Inc.*, 889 F.2d 197, 207-208 (9th Cir. 1989). The court must determine whether any of the allegedly similar features between the copyrighted work and the alleged copy are protected by copyright. *Apple Computer, supra*, 35 F.3d at 1443. After determining the alleged similarities, the court must then "define the scope of the plaintiff's copyright – that is decide whether the work is entitled to 'broad' or 'thin' protection. Depending on the degree of protection, the court must set the appropriate

standard for a subjective comparison of the works to determine whether, as a whole they are sufficiently similar to support a finding of illicit copying." By purging general ideas and non-protectable elements, the focus becomes the expression of ideas, and not the ideas themselves. *Cavalier v. Random House, Inc.*, 297 F.3d 815, 823 (9th Cir. 2002); 17 U.S.C. § 102(b). In other words, any trivial elements of compilation and arrangement are not protected by copyright since they fall below the threshold of originality. *United States v. Hamilton*, 583 F.2d 448, 451 (9th Cir. 1978). In fact, it is a well-settled principal that "copyright of a map does not give the author an exclusive right to the coloring, symbols, and key used in delineating boundaries of and locations within the territory depicted." *Id.* It is well established that copyright law does not protect objective facts and ideas contained in published works. *Harper & Row, Publishers, Inc. v. Nation Enterprises*, 471 U.S. 539, 105 S. Ct. 2218; *Cooling Systems & Flexibles, Inc. v. Stuart Radiator, Inc.*, 777 F.2d 485, 491 (9th Cir. 1985). Furthermore, copyright protection does not protect against independent creation of similar, even identical, works.

Here, Plaintiff expects to establish that the Map 5472 is substantially similar to Map 6451 insofar as both maps contain the same lot configurations, lot numbering system, street names and tract boundaries. See Expert Witness Disclosure of James K. Delmarter, see Okadigbo decl. ¶ 10, Ex. H; see also Delmarter Dep. 65:24-66:2, Feb. 2, 2009, see Okadigbo decl. ¶ 8, Ex. F.[1] However, none of these alleged similarities are copyrightable aspects of Map 5472 and, therefore, should be excluded from the analysis of whether or not Map 5472 is substantially similar to Map 6451.

In fact, Mr. Delmarter acknowledges that DeWalt surveyed the Subdivision and that the Subdivision improvements had already been constructed before DeWalt performed its survey. Delmarter Dep. 66:11-12; 67:7-13; 73:8-12, see Okadigbo decl. ¶ 8, Ex. F. The street alignments were necessarily part of the improvements in place at the time DeWalt performed its survey. Delmarter Dep. 66:11-12; 66:15-19, see Okadigbo decl. ¶ 8, Ex. F; Government Code § 66419.[2]

---

[1] Plaintiff's expert, James Delmarter, does not intend to testify to any additional alleged similarities between Map 5472 and Map 6451 at trial. Delmarter Dep. 38:14-18; 74:24-75:2, see Okadigbo decl. ¶ 8, Ex. F.
[2] Government Code § 66419 defines improvements as refers to any street work and utilities to be installed, or agreed to be installed, by the subdivider on the land to be used for public or private streets, highways, ways, and easements,

4851-1278-1317
5

1  Mr. Delmarter further testified during his deposition that Plaintiff informed him that he (or
2  Martin-McIntosh) had placed physical objects in the Subdivision (lot corner tags and monument
3  boundaries) that identify the boundaries of the Subdivision and the lot boundaries. Delmarter
4  Dep. 66:20-21; 67:1-4; 69:20-25, see Okadigbo decl. ¶ 8, Ex. F. Mr. Delmarter also testified that
5  the lot configurations and the street alignments could not have been depicted any differently
6  from what was reflected in Map 5472 unless NCUE and/or Lotus decided to tear out the existing
7  improvements and redesign the Subdivision. Delmarter Dep. 66:15-19, see Okadigbo decl. ¶ 8,
8  Ex. F.

9  Based on the above, it is clear that the *idea* of the Subdivision street alignments is not a protected element of Map 5472 because the streets had already been constructed in accordance with the Martin-McIntosh improvement plans by the prior developer and, therefore, could be observed in plain view by any person or entity, such as DeWalt, wishing to draw a map reflecting the street layouts. Indeed, Mr. Delmarter acknowledges that DeWalt surveyed the Subdivision.

15  Furthermore, the ideas of the tract boundaries and lot configurations are neither original nor protected in this instance because, with the construction of the Subdivision improvements, and placement of the lot corners and monument boundaries before DeWalt performed its survey, these ideas could have been, and were, ascertained by DeWalt from existing ground conditions in the Subdivision without copying Map 5472. Again, Plaintiff's expert concedes that DeWalt prepared its own survey and that the lot configurations and tract boundaries of Map 6451 necessarily resemble those of Map 5472, unless NCUE was intent on ripping out the Subdivision improvements and redesigning the Subdivision. Delmarter Dep. 55:2-6; 66:15-19, see Okadigbo decl. ¶ 8, Ex. F. In any event, the tract boundaries are established by law and, thus, are bound to reflect the same shape regardless of which person or entity depicts such information in a map, assuming that NCUE did not intend to tear out the existing Subdivision improvements. As such,

---

as are necessary for the general use of the lot owners in the subdivision and local neighborhood traffic and drainage needs as a condition precedent to the approval and acceptance of the final map thereof.
4851-1278-1317                                6

the Court should exclude any testimony regarding the similarities between Map 6451 and Map 5472 on the issue of tract boundaries and lot configurations.

On the issue of lot numbering, the copying of numbers is not a protected copyright interest because a numbering system lacks the requisite element of creativity needed to justify copyright protection. *Southco, Inc. v. Kanebridge Corporation*, 390 F.2d 276 (3rd Cir. 2004); *R & B, Inc. v. Needa Parts Manufacturing, Inc.*, 418 F.Supp.2d 864 (2005). Thus, the fact that Map 6451 and Map 5472 contain the same lot numbering sequence is irrelevant to the issue of whether or not Defendants copied Map 5472.

Lastly, with respect to street names, Plaintiff conceded during his deposition that neither he nor Martin-McIntosh conceived of the street names for the Subdivision. McIntosh Dep. 165:23-166:9, Dec. 18, 2008, see Okadigbo decl. ¶ 3, Ex. A. Plaintiff believes that the prior developer of the Subdivision generated the street names. McIntosh Dep. 165:23-166:9, see Okadigbo decl. ¶ 3, Ex. A. Thus, as a matter of law, Plaintiff never had a copyright interest in the street names for the Subdivision and cannot rely upon a similarity in street names for his claim that Map 5472 and 6451 are substantially similar. *Feist Publications, Inc., supra*, 499 U.S. at 361 (copyright protection applicable only to components of a work that are original to the author).

Based on the above analysis, the Court should exclude evidence of a substantial similarity between Map 6451 and Map 5472 that is rooted in similarities between lot configurations, tract boundaries, street names and lot numbering sequences because such evidence is irrelevant pursuant to Rules 401 and 402 of the Federal Rules of Evidence.

**B.      Pursuant to Fed. R. Evid. 403, Testimony Relating to Non-Copyrightble Elements Should Be Excluded On The Grounds That It Is Unnecessarily Prejudicial.**

Even if this Court determines that testimony relating to the non-copyrightable elements of Map 5472, the Court should exclude the evidence based on the fact that its probative value is substantially outweighed by the danger of unfair prejudice. Fed. R. Evid. Rule 403. The concept expressed by Rule 403 embodies the principle that "[c]ourts have recognized that it is sometimes

4851-1278-1317                                    7

DEFENDANTS CITY OF WASCO AND DENNIS W. DEWALT, INC.'S JOINT MOTION IN LIMINE NO. 6 TO EXCLUDE TESTIMONY RELATING TO NONCOPYRIGHTABLE ASPECTS OF THE COPYRIGHTED WORKS AT ISSUE; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

desirable that such evidence, even though it may be relevant, should be excluded where the minute peg of relevancy will be entirely obscured by the dirty linen hung upon it." *Lucero v. Donovan*, 354 F.2d 16, 18, n. 2 (9th Cir. 1965) (citations omitted).

Here, as explained in the preceding argument, Plaintiff's evidence of the similarities between Map 5472 and Map 6451 is based entirely on non-copyrightable aspects of Map 5472. More importantly, Plaintiff's expert witness is prepared to testify that Map 5472 and Map 6451 are "substantially similar" even though he has no understanding of the meaning of "substantial similarity" within the context of copyright law. Delmarter Dep. 34:12-14, see Okadigbo decl. ¶ 8, Ex. F; *and see* Expert Witness Disclosure of James K. Delmarter, see Okadigbo decl. ¶ 10, Ex. H. Cumulatively, Plaintiff's conclusion that Map 6451 and Map 5472 are substantially similar is founded upon non-copyrightable elements of Map 5472 and is based on expert testimony that will be irrelevant and highly confusing to a jury given his expert's lack of understanding of substantial similarity.

The determination of whether or not two works are substantially similar requires disregarding non-copyrightable elements of the maps, as stated above. Plaintiff's expert clearly did consider which aspects of Map 5472 are copyrightable before reaching his conclusion that it is substantially similar to Map 6451. Furthermore, he testified that the construction of the Subdivision improvements and the setting of monument boundaries and lot corners by Plaintiff dictated the manner in which DeWalt could depict this information, assuming that NCUE did not wish to tear out the existing improvements. However, he lacks any understanding regarding how these facts relate to the ultimate determination of whether or not Map 6451 is substantially similar to Map 5472.

Indeed, despite conceding that the Subdivision tract and lot boundaries could be ascertained from existing field conditions and that DeWalt surveyed the Subdivision, Mr. Delmarter is, nevertheless, prepared to testify that the two maps at issue are substantial similar even though he is not aware that copyright law does not restrict DeWalt from depicting in Map 6451 its observations from the field. *See, e.g. Morgan v. Hawthorne Homes, Inc.*, 2009 U.S.

Dist. LEXIS 31456, 40-41 (2009) (copying a structure depicted in plans, without copying the plans themselves, is not copyright infringement); *Eliya, Inc. v. Kohl's Department Stores*, 2006 U.S. Dist. LEXIS 66637, 28-29 (2006) (copyright protection does not extend to depiction of physical objects).

Mr. Delmarter's testimony will be highly prejudicial to Defendants if offered at trial because it would only mislead and confuse the jury on a critical issue of law. Accordingly, the Court should Bar Plaintiff from presenting any evidence regarding a substantial similarity between Map 5472 and Map 6451 that is based on non-copyrightable aspects of Map 5472. The Court should also bar Plaintiff from introducing expert testimony on the issue of substantial similarity, given that his expert does not understand the meaning of the term within the context of copyright law and, as such, his testimony is likely to confuse and mislead the jury.

## IV. CONCLUSION

This Court should eliminate any and all evidence presented by Plaintiff relating to substantial similarities of non-copyrightable elements of Map 5472 because this evidence irrelevant. Even if this Court found that such testimony is in fact relevant, the prejudicial effect of this evidence far outweighs any potential probative value.

DATED: January 29, 2010           GCR, LLP

By: _____
CHAKA C. OKADIGBO
Attorneys for Defendant
CITY OF WASCO