BONIFACIO BONNY GARCIA (SBN 100761)
CHAKA C. OKADIGBO (224547)
GCR, LLP
520 SOUTH GRAND AVENUE, SUITE 695
LOS ANGELES, CA 90071
Tel: (213) 347-0210
Fax: (213) 347-0216

Attorneys for Defendant CITY OF WASCO

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION

| | |
|---|---|
| ROGER McINTOSH<br><br>　　　　Plaintiff,<br><br>vs.<br><br>NORTHERN CALIFORNIA UNIVERSAL ENTERPRISES COMPANY, INC., *et al.*,<br><br>　　　　Defendants. | Case No: 1:07-CV-01080-LJO-WMV<br><br>**DEFENDANTS CITY OF WASCO AND NORTHERN CALIFORNIA UNIVERSAL ENTERPRISES COMPANY'S JOINT MOTION IN LIMINE NO. 7 TO EXCLUDE PLAINTIFF'S TESTIMONY RELATING TO CONVERSATIONS WITH AN UNNAMED CITY EMPLOYEE ABOUT THE USE OF MARTIN-MCINTOSH IMPROVEMENT PLANS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** |

## MOTION IN LIMINE

Defendant City of Wasco ("Defendant" or "City"), joined by Defendant Northern California Universal Enterprises Company ("NCUE"), hereby move this Court for an order excluding Plaintiff's testimony relating to conversations with an unnamed City employee about the use of Martin-McIntosh improvement plans.

This motion is made based on Federal Rule of Evidence 602 prohibiting testimony not based on personal knowledge; and Federal Rules of Evidence 801 and 802 prohibiting the admissibility of evidence that is hearsay.

This motion is made on this motion, the accompanying memorandum of points and authorities, and the exhibits filed herewith, the papers and records on file herein, and on such oral and documentary evidence that may be presented at the hearing of this motion.

DATED: January 29, 2010             GCR, LLP

By: /s/ Chaka C. Okadigbo
CHAKA C. OKADIGBO
Attorney for Defendant
CITY OF WASCO

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

The instant lawsuit alleges, among other claims, that, as part of their efforts to complete the development of the Valley Rose Estates Subdivision ("Subdivision"), Defendants Northern California Universal Enterprises Company ("NCUE"), Lotus Developments, LP ("Lotus") and Dennis W. DeWalt, Inc. ("DeWalt") (collectively, "Defendants") copied a tentative map (Map 5472) and used or relied upon a set of improvement plans which Plaintiff claims he owns. The City of Wasco ("the City") anticipates that Plaintiff will attempt to establish that Defendants used his improvement plans by testifying that a City employee informed him of such use during a conversation in November 2006. However, when asked during his deposition and in written discovery propounded to him to state the name of the employee who allegedly informed him about the use of his improvement plans, Plaintiff conceded that he could not recall the name of this person. Plaintiff has also failed to provide any information that would sufficiently enable the City to ascertain the identity of the person who allegedly informed him that his improvement plans were being used. The City requests that the Court bar Plaintiff from testifying about his alleged conversations with a City employee on the ground that he lacks personal knowledge about the use of his improvement plans and, therefore, such testimony should be excluded under Rule 602 of the Federal Rules of Evidence.

Plaintiff's proposed testimony about the alleged use of his improvement plans also constitutes inadmissible hearsay insofar as it purports to establish that Defendants in fact used and/or relied upon Plaintiff's improvements plans and is based on an out-of-court statement. For this additional reason, Plaintiff's testimony regarding his alleged conversation with an unnamed City employee in November 2006 should be excluded pursuant to Rules 801 and 802 of the Federal Rules of Evidence.

///

///

///

## II. THIS COURT HAS THE AUTHORITY TO CONSIDER AND GRANT MOTIONS IN LIMINE

A party may make a motion in limine prior to or during a trial, for the purpose of limiting the disclosure and use of evidence. This Court has the authority to grant motions in limine under the appropriate circumstances, which fall within the inherent authority of the court to manage trials. *See G. Heileman Brewing Co. v. Joseph Oat Corp.*, 871 F. 2d 648, 653 n.6 (7th Cir. 1989); *In re Japanese Elec. Products Antitrust Litigation*, 723 F.2d 238, 260 (3d Cir. 1983), rev'd on other grounds, *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574 (1986).

## III. ARGUMENT

### A. Plaintiff's Testimony Regarding Information Obtained From An Unnamed City Employee Should Be Excluded Because It Is Based on a Lack of Personal Knowledge

Pursuant to Federal Rule of Evidence 602, a witness must have personal knowledge about the matters upon which he or she intends to testify. *Kemp v. Balboa,* 23 F.3d 211 (8th Cir. 1994). The City anticipates that Plaintiff will attempt to testify to an alleged conversation he had with a City employee from the Public Works Department in November 2006 to establish that Defendants used and/or relied upon the Martin-McIntosh improvement plans to complete the Subdivision. Plaintiff claims that the City employee informed him that Joe Wu, the principal of NCUE and Lotus, was using Plaintiff's improvement plans to complete the Subdivision. McIntosh Dep. 105:21-106:12, see Okadigbo decl. ¶ 3, Ex. A. However, such testimony is not derived from Plaintiff's personal knowledge about the use of his improvement plans; it is based on someone else's alleged observations. Because Plaintiff may only testify to matters upon which he has personal knowledge under Federal Rule of Evidence 602, Plaintiff's testimony about his conversations with a City employee about the use of his improvement plans should be excluded.

Plaintiff confirmed that he lacks any personal knowledge about the use of his improvement plans. Defendant propounded Special Interrogatory No. 1 asking Plaintiff, "Is any person listed in attached Exhibit A the person to whom you spoke about the use of Martin-

McIntosh improvement plans as testified to in your deposition of December 18, 2008? (See Deposition of Roger McIntosh, pages 108:8-109:22, attached hereto as Exhibit B)" Special Interrogatories, see Okadigbo decl. ¶ 11, Ex. I. Plaintiff responded as follows:

RESPONSE TO SPECIAL INTERROGATORY NO. 1

> Although Mr. McIntosh had discussions with a person at the Public Works department at the City of Wasco referred to in the attached Exhibit B, he was never told this person's last name and so cannot identify who that person was based on the information supplied in the interrogatory and has no information at this time relating to his name, address, and telephone number.

Plaintiff could not recall the name of the City employee who allegedly imparted this information to him, nor could Plaintiff identify that employee through a list of names of all City employees who worked in the Public Works Department from December 1, 2005 through December 31, 2007. Such "evidence" obtained through a discussion with an unidentifiable person is therefore based on a lack of personal knowledge because Plaintiff did not personally observe the use of his maps. Fed. R. Evid. 602. This alleged conversation with an unnamed City employee is inadmissible on lack of personal knowledge grounds. Fed. R. Evid. 602.

In addition to Plaintiff's lack of personal knowledge regarding the alleged City employee's observations that the use of his improvement plans, none of the Defendants had the opportunity to question this phantom City employee or to ascertain the bases for his alleged claim that Plaintiff's improvement plans were being used to complete the Subdivision because Plaintiff failed to sufficiently identify this person. It would be unduly prejudicial to the City and to the other Defendants for Plaintiff to offer speculative and self serving testimony about the use of improvement plans when, despite the City's best efforts to unearth the underlying evidence in support of the statement, Plaintiff failed to sufficiently identify the person who allegedly imparted this information to him.

Based on the foregoing, evidence of Plaintiff's alleged conversation with an unnamed City employee is based on a lack of personal knowledge and should be excluded on those grounds.

### B. Plaintiff's Testimony Regarding Information Obtained from an Unnamed City Employee Should Be Excluded Because Testimony Is Hearsay.

Plaintiff's evidence of the alleged conversation he had with the City employee is also inadmissible hearsay under Federal Rules of Evidence 801 and 802 because Plaintiff is purporting to introduce an out of court statement to establish the truth of the matter being asserted – that the Martin-McIntosh improvement plans were used to complete the Subdivision. Statements concerning the truth of the matter asserted are statements that are known as "operative legal facts," or cases that involve statements that have "independent legal significance." *See, United States v. Moss*, 9 F.3d 543 (6th Cir. 1993).

Here, a statement that Plaintiff's plans were being used is an operative legal fact because such a statement purports to establish use of Plaintiff's work, an essential element to Plaintiff's copyright claim. Plaintiff has produced no evidence that somebody observed NCUE, Lotus Developments or DeWalt using or copying the Martin-McIntosh improvement plans or that these Defendants submitted any improvement plans to the City, much less the Martin-McIntosh improvement plans. McIntosh Dep. 122:5-6, see Okadigbo decl. ¶ 3, Ex. A. To the contrary, the City and the other Defendants have produced evidence that improvement plans were not required and that neither NCUE nor Lotus Developments submitted any improvement plans. Black Dep. 17:1-8, see Okadigbo decl. ¶ 6, Ex. D. As such, Plaintiff's testimony of the alleged conversation he had with a City employee is hearsay. Fed. R. Evid. 801 and 802.

Because Plaintiff's testimony relates to an out of court statement offered to prove the truth of the matter asserted- that Plaintiff's plans were being used to complete the subdivision, such a statement constitutes inadmissible hearsay and should be excluded on those grounds.

### C. Alleged Conversation With City Employee Is Not An Admission By A Party Opponent Because There Has Been No Showing Of Authority Or Capacity Of Alleged City Employee.

Although Plaintiff might contend that the alleged statement by the City employee constitutes an admission by party opponent under Federal Rule of Evidence 801(d)(2), this

would be inaccurate. Plaintiff has no means of establishing the nature of the position that the alleged City employee held within the City.

When a representative is not identified and there is no showing of the authority or capacity in which that representative served his principal, such statements are properly excluded from trial. *See, Northern Oil Co. v. Socony Mobil Oil Co.*, 347 F.2d 81 (2nd Cir. 1965). Here, Plaintiff maintains that the employee was the "head of the corporation yard," yet no such title exists at the City. Plaintiff cannot prove that the employee was of sufficient authority within the City for his statements to deemed binding upon the City as an admission. Indeed, the person with whom Plaintiff claims to have discussed the use of Martin-McIntosh improvement plans might not be a City employee. Certainly, the fact that there is no "head of corporation yard" position within the City bolsters this conclusion.

Because Plaintiff has not identified nor has made a showing of authority or capacity of the alleged statement by a city employee, alleged statement is not an admission and constitutes inadmissible hearsay and should be excluded on those grounds.

### IV. CONCLUSION

Based on the foregoing, Defendant City of Wasco asks the court for an order prohibiting the use of such evidence that is hearsay and is based on a lack of personal knowledge, and admonishing the plaintiff and its witnesses as well as counsel not to introduce any such evidence in any form, and not to suggest, comment directly or indirectly upon, or refer to any such evidence in any way before the jury.

DATED: January 29, 2010          GCR, LLP

By: /s/ *[signature]*
CHAKA C. OKADIGBO
Attorneys for Defendant
CITY OF WASCO