BONIFACIO BONNY GARCIA (SBN 100761)
CHAKA C. OKADIGBO (224547)
GCR, LLP
500 SOUTH GRAND AVENUE, SUITE 1100
LOS ANGELES, CA 90071
Tel: (213) 347-0210
Fax (213) 347-0216

Attorneys for Defendant CITY OF WASCO

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION

| | |
|---|---|
| ROGER McINTOSH<br><br>Plaintiff,<br><br>vs.<br><br>NORTHERN CALIFORNIA UNIVERSAL ENTERPRISES COMPANY, INC., *et al.*,<br><br>Defendants. | Case No: 1:07-CV-01080-LJO-WMV<br><br>**DEFENDANT CITY OF WASCO'S MOTION IN LIMINE NO. 8 TO EXCLUDE IRRELEVANT TESTIMONY REGARDING THE CITY'S ACQUISITION OF VALLEY ROSE ESTATES SUBDIVISION TRACTS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** |

## MOTION IN LIMINE

Defendant City of Wasco ("City") hereby moves this Court for an order to exclude all testimony and evidence which may be produced by Plaintiff relating to the extinction of Plaintiff's prior lien on the property in question during the process of Defendant City of Wasco's acquisition of the property.

This motion is made based on Federal Rule of Evidence 401 and 402, prohibiting the admissibility of evidence that is not relevant and Federal Rule of Evidence 403, prohibiting relevant evidence that is outweighed by the prejudicial nature of same.

This motion is made on this motion, the accompanying memorandum of points and authorities, and the exhibits filed herewith, the papers and records on file herein, and on such oral and documentary evidence that may be presented at the hearing of this motion.

DATED: January 29, 2010            GCR, LLP

By: _____
CHAKA C. OKADIGBO
Attorneys for Defendant
CITY OF WASCO

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

The instant lawsuit alleges: (1) Copyright Infringement of Technical Drawings; and (2) Contributory Copyright Infringement of Technical drawings. These two causes of action are premised on the allegations that, as part of their efforts, to complete the development of Tract 6451 (formerly Tract 5472) of the Valley Rose Estates Subdivision ("Subdivision"), Defendants Northern California Universal Enterprises Company ("NCUE"), Lotus Developments, LP ("Lotus") and Dennis W. DeWalt, Inc. ("DeWalt") (collectively, "Defendants") prepared a tentative map for the Subdivision (Map 6451) by copying a tentative map (Map 5472) that had previously been prepared for the Subdivision and which Plaintiff claims he owns.

In furtherance of these claims, Plaintiff, Roger McIntosh, seeks to introduce irrelevant and highly prejudicial testimony relating to the City of Wasco's acquisition of a parcel of the Subdivision contrary to Federal Rules of Evidence 401, 402, and 403. Specifically, Plaintiff, when asked during his deposition to state the bases for his claim that the City of Wasco ("City") encouraged the other Defendants to infringe on the map and plans allegedly protected by Plaintiff's copyright registration, Plaintiff testified that the City essentially "wiped out" a mechanic lien interest that he had held in the property by (a) passing a resolution to establish an assessment district lien on the on the property on behalf of the City, the effect of which was to establish the City's lien as first priority and the Plaintiff's lien as second priority, and (b) purchasing the property at a tax sale pursuant to State law establishing that the City had the first and exclusive right of purchase. McIntosh Dep. 176:14 – 178:17; 178:8 – 17; 178:23 – 179:18, Dec. 18, 2008, see Okadigbo decl. ¶ 3, Ex. A. Evidence relating to the manner in which Plaintiff's lien was allegedly extinguished is irrelevant to deciding the issue of infringement in this action and, thus, should be excluded.

The foundational questions of this lawsuit are whether or Map 6451 is substantially similar to Map 5472 under copyright law and whether or not the City encouraged, or financially benefited from, infringement by the other Defendants. These questions have nothing to do with

the history of the City's acquisition of a parcel of the Subdivision. To be certain, Defendants do not take issue with the introduction of evidence relating to the purchase of a parcel of the Subdivision and the price of the same. However, any evidence tending to allege that the City committed any wrongdoing and/or that it essentially squeezed out Plaintiff's lien should be omitted as it is entirely irrelevant, and highly prejudicial. Accordingly, such testimony must be excluded.

## II. THIS COURT HAS THE AUTHORITY TO CONSIDER AND GRANT MOTIONS IN LIMINE

A party may make a motion in limine prior to or during a trial, for the purpose of limiting the disclosure and use of evidence. This Court has the authority to grant motions in limine under the appropriate circumstances, which fall within the inherent authority of the court to manage trials. *See G. Heileman Brewing Co. v. Joseph Oat Corp.*, 871 F. 2d 648, 653 n.6 (7th Cir. 1989); *In re Japanese Elec. Products Antitrust Litigation*, 723 F.2d 238, 260 (3d Cir. 1983), *rev'd on other grounds, Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574 (1986).

## III. ARGUMENT

### A. Pursuant to Fed. R. Evid. Rules 401 and 402 Plaintiff's Testimony Should Be Excluded On The Grounds That It Is Not Relevant.

Evidence is only relevant if it has a tendency to prove or disprove a fact that is of consequence to the determination of the action. Fed. R. Evid. Rule 401. The test of relevancy is derived from common law and set forth in Federal Rule of Evidence Rule 401, as follows: "any tendency to make the existence of any fact that is of consequence to the determination of the action more or less probable than it would be without the evidence." *United States v. Hobson*, 519 F.2d 765, 776 (9th Cir. 1975). The inquiry that the court should make is as follows: "whether a reasonable man might believe the probability of the truth of the consequential fact to be different if he knew of the proffered evidence." *United States v. Brashier*, 548 F.2d 1315, 1325 (9th Cir. 1976) (citations omitted). Evidence which is not relevant is not admissible. Fed. R. Evid. Rule 402.

Plaintiff's testimony is irrelevant as it sets forth unnecessary and irrelevant history with regard to the City's purchase of a parcel of the Subdivision. In addition, Plaintiff's testimony tends to suggest that the City purchased the entire Subdivision, when in fact, the City only purchased a parcel within the Subdivision in question. Plaintiff's testimony attempts to cast the City in a poor light by suggesting that that the City unethically "wiped" out a mechanic's lien placed on the property by Plaintiff to recoup monies allegedly owed by Michael Brown, the prior developer of the Subdivision. Plaintiff claims that the City passed a resolution to establish its right to place a lien of first priority on the property. Plaintiff then maintains the City performed some legal maneuvers so as to purchase the property via tax sale free and clear of his lien. McIntosh Dep. 178:8 – 17, see Okadigbo decl. ¶ 3, Ex. A.

Defendants anticipate that Plaintiff intends to offer the above testimony in relation to his claim that the City controlled the development of the Subdivision for purposes of his vicarious infringement claim. Indeed, Plaintiff referenced the City's acquisition of the Subdivision as evidence that the City controlled the development of the Subdivision. McIntosh Dep. 271:3-12, see Okadigbo decl. ¶ 3, Ex. A. However, although Plaintiff may certainly testify to the City's acquisition of a parcel of the Subdivision and, perhaps, the price it paid for the same, the issue of extinguishing Plaintiff's mechanic's lien on the property is not relevant to the question of whether or not any Defendant infringed, or encouraged other Defendants to infringe, on Plaintiff's alleged copyright interests.

Furthermore, the time for Plaintiff to challenge the manner in which the City acquired the property has undoubtedly come and gone and, in any event, Plaintiff cannot make this challenge through this testimony. If there was anything unlawful about the City's acquisition, Plaintiff would have challenged the acquisition, prevailed and referenced his court victory. His deposition testimony, however, suggests that he either failed to challenge, or was unsuccessful in challenging, the acquisition. Plaintiff should not now be permitted to introduce evidence or testimony of the City's alleged sinister motive in extinguishing his lien when the City acted lawfully and given that this alleged motive is unrelated to the issues before this Court.

Although Defendants do not oppose the introduction of evidence that the City did in fact purchase a parcel of the Subdivision and the amount for which it purchased the same, any additional information relating to how the City acquired the property has no bearing on whether or not Defendants infringed upon Plaintiff's alleged copyright interests. For the foregoing reasons, Plaintiff's testimony is simply not relevant and should be excluded by this Court under Rule 402 of the Federal Rules of Evidence.

**B.  Pursuant to Fed. R. Evid. Rule 403 Plaintiff's Testimony Should Be Excluded On The Grounds That It Is Unnecessarily Prejudicial.**

Even if this Court determines that Plaintiff's expert's expert evidence is both relevant and admissible, this Court should exclude the evidence based on the fact that its probative value is substantially outweighed by the danger of unfair prejudice. Fed. R. Evid. Rule 403. The concept expressed by Rule 403 embodies the principle that "[c]ourts have recognized that it is sometimes desirable that such evidence, even though it may be relevant, should be excluded where the minute peg of relevancy will be entirely obscured by the dirty linen hung upon it." *Lucero v. Donovan*, 354 F.2d 16, 18, n. 2 (9th Cir. 1965) (citations omitted). In fact, relevant evidence may still be excluded from a trial if: (1) its probative value is substantially outweighed by the danger of unfair prejudice; (2) confusion of the issues, or misleading the jury; (3) it will cause undue delay; (4) waste of time; or (5) needless presentation of cumulative evidence. *United States v. Henderson*, 68 F.3d 323, 327 (9th Cir. 1995). Courts are given considerable latitude in carrying out this balancing test and their decision will be upheld short of a clear abuse of discretion. *Rogers v. Raymark Industries, Inc.*, 922 F.2d 1426, 1430 (9th Cir. 1991).

In this instance, Plaintiff's testimony that the City somehow "wiped" out Plaintiff's lien and improperly acquired the Subdivision parcel in question is irrelevant, unnecessarily prejudicial and likely to confuse and mislead the jury on central issues of this case. As stated above, discussing the how the City extinguished Plaintiff's lien is not relevant to issues of infringement. Plaintiff may still put on evidence of the City's acquisition of Subdivision tracts and the price it paid for them without specifically delving into the lien extinction matter.

If the issue of how the City extinguished Plaintiff's lien reaches the jury, however, it may cause the jury to unnecessarily link Plaintiff's other alleged facts in such a manner as to infer that the City controlled the development of the Subdivision. Such evidence could cause the jury to conclude, for example, that the City has had a longstanding "axe to grind" against Plaintiff, which not only unnecessarily prejudices the City's defense against Plaintiff's contributory infringement and vicarious infringement claims, but also could improperly influence the jury's damage calculations in the event that the City is found liable for contributory and/or vicarious copyright infringement. On the other hand, evidence of the extinction of Plaintiff's lien has no probative value.

In the end, Defendants are not opposed to Plaintiff presenting evidence of the facts the City once purchased the Subdivision parcel and the sum it paid to acquire the property. However, Defendants urge this Court to bar Plaintiff from offering any testimony relating to extinction of his lien and or that implies that the City wrongfully acquired the Subdivision parcel. Such testimony is both irrelevant, unduly prejudicial to the City and of no probative value and, therefore, should be excluded under Rule 403 of the Federal Rules of Evidence.

## IV. CONCLUSION

This Court should eliminate any and all evidence presented by Plaintiff relating to the City's acquisition of the Subdivision parcel. In particular, this Court should eliminate any evidence relating to the City's extinction of Plaintiff's mechanic's lien on the Subdivision parcel when it purchased the same. Such testimony is both irrelevant and unduly prejudicial and lacks any probative value.

DATED: January 29, 2010                    GCR, LLP

By: _____
CHAKA C. OKADIGBO
Attorneys for Defendant
CITY OF WASCO