# Exhibit A

# Rule 26 Expert Disclosure by James K. Delmarter

Filed U.S. 17  A 11: 33

**Case Title:**  Roger McIntosh v. Northern California Universal
Enterprises Company,  (Civil Docket #1:07-cv-01080).

**Venue:**  United States District Court
Eastern District of California
Fresno Division

**Subject Matter:**  Copyright Infringement.

**Qualifications:**  Bachelor of Science in Civil Engineering  - University of
California-Berkeley 1964 with Honors.

Callfornia Registered Civil Engineer - 1967.

1964 - 1974   Engineer of Predecessor Partnerships.

1974 - Present -   Partner of Current Delmarter & Delfel and
its Predecessor Partnerships.

Professional Affiliations:

Fellow and Life Member of American Society of Civil
Engineers.

Past President and Director of Kern County Chapter of
American Council of Engineering Companies of California.

**Experience:**  45 Years of Civil Engineering (42 years as Registered
Engineer) specializing in Land Development and Surveying.

Processed approximately 195 Final Map Subdivisions, over one-
thousand Parcel Maps, Lot Line Adjustments and Parcel Map
Waivers, and numerous Commercial and Industrial Projects in the
County of Kern communities of Rosamond and Lamont, and the cities
of Bakersfield, Arvin, Shafter, McFarland, Delano, Tehachapi and
Wasco.

**Publications:**  None

**Trial Listing:**  None

**Deposition Listing:**  None

Compensation:          $150.00 per hour for document review and research.
                       $250.00 per hour for deposition testimony and trial
                       $1.00 per mile for travel.
                       Out-of-pocket expense for out-of-town meals and lodging.


Materials Reviewed:

    In forming my opinions, I have reviewed the following documents:

1.    Tentative Tract No. 5472 and Conditions of Approval
2.    Tentative Tract No. 6451 and Conditions of Approval
3.    Final Map Tract No. 6451
4.    Parcel Map No. 9572
5.    Contracts and Agreements
6.    Street, Sewer, Water-Storm Drain, and Wall Plans
7.    Master Drainage Plan
8.    Master Sewer Plan
9.    Master Water Plan
10.   Master Land Use Plan, including Traffic Study.

    Based on my review of the documents provided to date, I am prepared to render the following opinions with respect to the above referenced case. To the extent that additional materials are brought to my attention, I respectfully reserve the right to supplement and/or amend the following opinions.

    The revised Tentative Map for Tract No. 5472, dated April 21, 1992, and the Tentative Map for Tract No. 6451, dated November 8, 2004, are substantially similar in that the Lot configuration, numbering, street names and Tract boundary appear to be identical with minor differences due to the separate surveys. Tentative Tract No. 6451 reflects existing improvements constructed as a result of the plans prepared for Tract No. 5472 hereinabove referenced.

    It is my opinion that Tract No. 6451 could not have been recorded had the improvements, prepared from the plans for Tract No. 5472, not been constructed.


Prepared and Submitted by:                          December 17, 2008

James K. Delmarter
R.C.E. 17564   Expires: 6-30-2009

1

**PROOF OF SERVICE**
**(FRCP No, 5(b)(2)(E))**

2

3  STATE OF CALIFORNIA, COUNTY OF KERN

4          I, Gina Pomato, declare:

5

6          I am a citizen of the United States. I am employed in the County of Kern, State of
California. I am over the age of 18 and not a party to the within action; my business
7  address is 5060 California Avenue, Suite 700, Bakersfield, California 93309.

8          On December 1 9, 2008 , I served the foregoing document described as
**EXPERT WITNESS DISCLOSURE OF JAMES K. DELMARTER BY**
9  **PLAINTIFF, ROGER McINTOSH** on the other party(ies) in this action as follows:

10  Steven John Hassing, Esq,                     Attorneys for Attorneys for Defendants,
**Law Offices of Steven J, Hassing**            Northern California Universal Enterprises
11  425 Calabria Court                           Company and Lotus Developments
12  Roseville, CA 95747                          Tel:   916/677-1776
                                                 **Fax:  916/677-1770**
13  email address: **stevehassing@yahoo.com**

14
Chaka Okadigbo                                   Attorneys for Defendant, City of Wasco
15  **Garcia Calderon Ruiz, LLP**
500 South Grand Ave Suite 1100                   Tel: 213/347-0210
16  Los Angeles, CA 90071                        **Fax: 213-347-0216**

17  email address: **cokadigbo@gerlegal.com**

18          **BY ELECTRONIC SERVICE:** Pursuant to Fed. R, Civ, P, 5(b)(2)(E) and Local Court
Rule(s), the foregoing document will be served by the court via CM/ECF.. Pursuant to
19  the CM/ECF docket for this case proceeding the following person(s) are on the Electronic
Mail Notice List to receive ECF transmission at the email address(es) indicated below:

20          **BY MAIL:** As follows: I am "readily familiar" with the firm's practice of collection and
processing correspondence for mailing. Under that practice it would be deposited with
21  U.S. postal service on that same day with postage thereon fully prepaid at , California in
the ordinary course of business. I am aware that on motion of the party served, service is
22  presumed invalid if postal cancellation date or postage meter date is more than one day
23  after date of deposit for mailing in affidavit.

24          Executed on **December 1 9**, 2008, at Bakersfield, California.

25          I declare that I am employed in the office of a member of the bar of this court at
whose direction the service was made.

26

27

28          Gina Pomato                          /s/ Gina Pomato

# EXHIBIT I

1  James J. Braze, Esq.; SBN 75911
   Jeffrey A. Travis, Esq.; SBN 235507
2  BORTON PETRINI, LLP
   5060 California Avenue, Suite 700
3  Post Office Box 2026
   Bakersfield, CA 93303
4  Telephone (661) 322-3051
   jbraze@bortonpetrini.com
5  jtravis@bortonpetrini.com

6  Attorneys for Plaintiff, Roger McIntosh
   dba McIntosh & Associates

7

8              UNITED STATES DISTRICT COURT

9        EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION

10

11  ROGER McINTOSH,                    Case No. 1:07-CV-01080-LJO-GSA

12          Plaintiff,
                                       THIRD AMENDED COMPLAINT FOR
13  v.                                 COPYRIGHT INFRINGEMENT; DEMAND
                                       FOR JURY TRIAL
14  NORTHERN CALIFORNIA UNIVERSAL
    ENTERPRISES COMPANY, a California
15  corporation; LOTUS DEVELOPMENTS,
    LLP; THE CITY OF WASCO, a municipal
16  corporation; DEWALT CM, INC., a
    California corporation also doing business as
17  DEWALT CORPORATION; DENNIS W.
    DE WALT, INC., a California corporation
18  also doing business as DEWALT
    CORPORATION; and DOES 1 through 10,
19  inclusive,

20          Defendants.

21

22          For his complaint against Northern California Universal Enterprises Company

23  ("Universal") Lotus Developments, LLP ("Lotus"), the City of Wasco ("Wasco"), DeWalt CM, Inc.,

24  also doing business as DeWalt Corporation, and Dennis W. De Walt, Inc., also doing business as

25  DeWalt Corporation (collectively "DeWalt") (all defendants referred to collectively as,

26  "Defendants"), Roger McIntosh dba McIntosh & Associates ("McIntosh") alleges:

27

28

## NATURE OF THE ACTION

1.    This is an action to redress the infringement of McIntosh's registered copyrights. Universal, Lotus and Wasco have created a residential subdivision by copying and using McIntosh's copyrighted works and employing a tangible embodiment of the landscape and subdivision design McIntosh conceived and created and that is the subject of Copyright Registration Certificate No. VAU-721-180.

## PARTIES AND OTHER IMPORTANT PERSONS

2.    Plaintiff Roger McIntosh is a civil engineer doing business as McIntosh & Associates and Associates, a sole proprietorship with its principal place of business at 2001 Wheelan Court, Bakersfield, CA 93309.

3.    Defendant Northern California Universal Enterprises Company, a California corporation with an address at 2099 Fortune Drive, San Jose, California 95131, started as a land development company in 1980 and is now a builder in California's Central Valley. On information and belief, Joseph Wu is the founder and head of Northern California Universal Enterprises Company.

4.    Defendant Lotus Developments is a California Limited Partnership with an address at 300 B Street, Turlock, CA 95380. On information and belief, Joseph Wu is also the founder and head of Lotus Developments.

5.    Defendant City of Wasco is a municipal corporation formed and organized under the laws of the State of California with an address at 746 Eighth Street, Wasco, CA 93280.

6.    The true names and capacities of defendants Does 1 through 10 inclusive are unknown to plaintiff, who therefore sues said defendants by such fictitious names. Plaintiff is informed and believes and thereon alleges that each of the defendants herein designated as a Doe is responsible in some manner for the events and happenings herein referred to and caused injuries proximately thereby as hereinafter alleged. Plaintiff is informed and believes and thereon alleges that at all times herein mentioned, each of the defendants was the agent, servant and employee of each of the remaining defendants, and at all times herein mentioned, each was acting within the purpose and scope of said agency and employment. Plaintiff is further informed and believes and

H:\PUBLIC\0544\0706\0971
McIntosh v
Northern\THIRD AMD-CP
12-29-08 1/pd

1   thereon alleges that at all times herein mentioned, each of the defendants' employees was the agent,

2   servant and employee of each employee's respective employer, that at all times herein mentioned,

3   each employee was acting within the purpose and scope of said agency and employment, and that

4   each defendant has ratified and approved the acts of its agents and employees.

5       7.     The Legacy Group, referred to throughout, is not a defendant in this action

6   and no longer exists. The Legacy Group was a land development company originally involved in

7   the development of the property that is the subject of this action.

8                     **JURISDICTION AND VENUE**

9       8.     This court has subject matter jurisdiction over the claims in this action

10   pursuant to 28 U.S.C. section 1331, 28 U.S.C. section 1338(a) through (b) and 28 U.S.C.

11   section 1367.

12       9.     Venue in this judicial district is proper under 28 U.S.C. section 1391(b).

13                     **FACTUAL BACKGROUND**

14                     **McINTOSH & ASSOCIATES**

15       10.     For more than 34 years, Roger McIntosh has been engaged in urban planning,

16   specifically the design of residential subdivisions in community spaces throughout California. In

17   1980, Mr. McIntosh and Eugene Martin founded Martin-McIntosh Land Surveying.

18       11.     Over the last 27 years, the firm has expanded to offer an array of land-

19   planning services from civil engineering and landscape architecture to construction management

20   throughout Central and Southern California, Arizona and Nevada.

21       12.     On May 3, 1999, Roger McIntosh bought out his partner, Mr. Martin, and

22   Martin-McIntosh became McIntosh & Associates. Pursuant to the buy-out agreement, the rights and

23   all works created up to that point by Martin-McIntosh were assigned to Roger McIntosh.

24       13.     McIntosh & Associates provides all types of civil engineering services,

25   specializing in site planning for private developments, residential developments and public works

26   projects, including infrastructure, subdivision design and oil field facilities.

27       14.     McIntosh & Associates also offers land surveying services, from boundary

28   surveys to geodetic control surveys.

## CONTRACT WITH THE LEGACY GROUP

15.    In or about 1992, McIntosh contracted with the Legacy Group to design and supervise the private development and construction of a subdivision called the Valley Rose Estates Project (the "Subdivision") on a parcel of land owned by the Legacy Group.

16.    Specifically, McIntosh contracted to (1) develop the subdivision's master plans for water, sewer and drainage systems; (2) develop a phase traffic and circulation plan; (3) determine boundaries; (4) develop a tentative tract map for the Subdivision; and (5) develop landscape design unique to the Subdivision.

17.    According to the contract between McIntosh and the Legacy Group, all work product McIntosh created for the Subdivision remained his property and McIntosh retained the right to use the plans without the Legacy Group's consent, including but not limited to McIntosh's designs and technical drawings.

18.    In addition, the Legacy Group agreed that McIntosh's designs and technical drawings were being created exclusively for the Legacy Group and could only be used by the Legacy Group on the Valley Rose Estates project.

19.    The contract between McIntosh and the Legacy Group also established that the agreement between the parties could not be assigned without the written consent of the other party.

20.    The Legacy Group had an agreement with the City of Wasco wherein the City would pay for the Subdivision project with bond anticipation notes. The Legacy Group was to pay McIntosh and the contractor from the money it received from the City of Wasco.

21.    According to the agreement between Wasco and the Legacy Group, the development agreement expired in 2002 because the improvements were not completed.

22.    The tentative map for the Valley Rose Estates subdivision, Tract No. 5472, expired in 2001.

## THE SUBDIVISION PLANS

23.    In accordance with his obligations under the Legacy Group contract, McIntosh designed the overall layout of the Subdivision, as well as the division of the individual

1  plots and common spaces. McIntosh also created landscape designs for the Subdivision. McIntosh's

2  subdivision and landscape designs are depicted in technical drawings ("The Plans") that are the

3  subject of Copyright Registration Certificate No. VAU-721-180, a true and correct copy of which

4  is attached as Exhibit "A."

5        24.   McIntosh is the sole author of the subdivision and landscape designs

6  embodied in the technical drawings.

7        25.   McIntosh is the sole owner of the copyright and the technical drawings. (See

8  Exhibit "A," Copyright Registration Certificate No. VAU-721-180.)

9                 **INITIAL CONSTRUCTION OF THE SUBDIVISION**

10        26.   In 1993, McIntosh submitted the Plans to the City of Wasco in order to obtain

11  a building permit to commence construction on the Subdivision. The City of Wasco subsequently

12  approved the Plans.

13        27.   Construction of the Subdivision commenced after the City of Wasco approved

14  the Plans. Several different contractors worked on the construction of the Subdivision, according

15  to McIntosh's Plans. McIntosh supervised construction of the Subdivision to ensure that the Plans

16  were properly implemented.

17        28.   In 1994, the bottom dropped out of the real estate market and the City of

18  Wasco's bond anticipation notes lost their value. The City was no longer able to pay the Legacy

19  Group for the construction on the Subdivision. Consequently, construction on the Subdivision

20  ceased. The Legacy Group subsequently declared bankruptcy and the City of Wasco purchased the

21  Subdivision at a tax sale.

22             **DEFENDANTS' INFRINGEMENT OF MCINTOSH' PLANS**

23        29.   On information and belief, in or about December 2004, of defendants Lotus

24  and Universal purchased the Subdivision, with all the improvements, from the City of Wasco.

25        30.   In or about late 2005 or early 2006, Mr. Wu of Northern California Universal

26  Enterprises Company and Lotus Developments contacted McIntosh and asked if he could use

27  McIntosh's Plans to finish the Subdivision. McIntosh told Mr. Wu that he could use the plans if he

28  paid for them. Mr. Wu refused to pay the price proposed by McIntosh for use of the Plans.

1        31.    On information and belief, in or about October 2006, without paying McIntosh

2  for his Plans, defendants commenced construction on the Subdivision.

3        32.    In or about November 2006, a Wasco city employee told McIntosh that

4  Mr. Wu was using McIntosh's plans to complete the Subdivision.

5        33.    On information and belief, Defendants' construction of the Subdivision is

6  based on landscape and subdivision designs substantially similar to the subdivision and landscape

7  design conceived and created by McIntosh that is represented in the plans and that is the subject of

8  Copyright Registration Certificate No. VAU-721-180.

9        34.    A point-by-point, feature-by-feature comparison between the subdivision

10  constructed by Defendants and the Plans authored by McIntosh shows that the prominent features

11  of the subdivision are substantially similar to the Plans, such that the overall look and feel of the

12  design representative of the plans is embodied in the subdivision.

13        35.    Specifically, a feature-by-feature comparison between the subdivision and the

14  Plans reveals substantial similarity in, among other things, the streets, curbs and gutters, utilities,

15  walls, fences, entry monuments, street lights, landscaping, and reference lines, annotations, and

16  reference numbering.

17        36.    On information and belief, Defendants, without permission or license,

18  obtained and copied the Plans and are using them or have used them to complete the subdivision.

19  Defendants have not paid McIntosh for use of the Plans.

20                  **FIRST CAUSE OF ACTION**

21        **COPYRIGHT INFRINGEMENT OF TECHNICAL DRAWINGS**

22        37.    McIntosh incorporates by reference and re-alleges paragraphs 1 through 36

23  above.

24        38.    Plaintiff has in all respects complied with the requirements of the copyright

25  laws of the United States with respect to the Plans.

26        39.    The copying of the Plans by defendants constitutes infringement of

27  McIntosh's registered copyright and the technical drawings depicted in the Plans, in violation of the

28  Copyright Act, resulting in harm and injury to McIntosh.

1         40.    As a result of the above-described wrongful acts of defendants in creating

2  infringing copies of the Plans, McIntosh's copyright of the Plans has been infringed and he is entitled

3  to recover actual damages and that portion of the profits realized by Defendants from the use and

4  commercial exploitation of the infringing copies attributable to the unlawful use by Defendants of

5  the copyrighted material contained in the plans that is the subject of Copyright Registration

6  Certificate No. VAU-721-180.

**SECOND CAUSE OF ACTION**

**CONTRIBUTORY COPYRIGHT INFRINGEMENT OF TECHNICAL DRAWINGS**

10         41.    McIntosh incorporates by reference and re-alleges paragraphs 1 through 40

11  above.

12         42.    At all times during the construction of the Valley Rose Estates subdivision,

13  the City of Wasco controlled the development of the Valley Rose Estates subdivision project.

14         43.    As a result of the construction of the Valley Rose Estates subdivision and the

15  unlawful use of McIntosh's copyrighted plans, Wasco obtained a direct financial benefit.

16         44.    As a result of its actions, the City of Wasco knowingly and materially

17  contributed to and induced the infringing conduct of Lotus and Universal.

18         45.    Defendants also induced infringement through their copying, distribution, and

19  continued recording of the Plans.

20         46.    As a result of the above-described wrongful acts of defendants in contributing

21  to the infringement and infringing use of the Plans, McIntosh's copyright in the Plans has been

22  infringed and he is entitled to recover actual damages and that portion of the profits realized by

23  Defendants from the use of and commercial exploitation of the infringing copies attributable to the

24  unlawful use by Defendants of the copyrighted material contained in the Plans that is the subject of

25  Copyright Registration Certificate No. VAU-721-180.

26  **DEMAND/PRAYER FOR RELIEF**

27         WHEREFORE, McIntosh requests that this Court enter a judgment against the

28  defendants that provides for:

1         (a)     A declaration that the defendants have willfully infringed McIntosh's

2 exclusive rights in the copyrighted material contained in the Plans that is the subject of Copyright

3 Registration Certificate No. VAU-721-180;

4         (b)     A preliminary and thereafter permanent injunction against defendants and all

5 persons acting in concert or participation with them or persons acting or purporting to act on their

6 behalf, including but not limited to their officers, directors, stockholders, partners, owners, agents,

7 representatives, employees, attorneys, successors and assigns and any and all other persons acting

8 in concert or privity with them, directing defendants to:

9               (i)  '   Cease and desist from infringing plaintiff's copyright in the Plans;

10               (ii)     Destroy all copies of the plans, including any and all drawings, models,

11 advertisements, catalogues and other materials based on or derived from the Plans; and .

12               (iii)    Take all steps necessary to remove any structures or design elements

13 that have been copied from the Plans or built based on the Plans;

14         (c)     The impounding of all copies of the Plans and any other materials derived

15 from the Plans in whole or in part, incorporating any element of the Plans, and all means by which

16 such copies may be reproduced and in order providing for the destruction or other reasonable

17 disposition of materials containing copies of the Plans of the designs embodied in the Plans that have

18 been used in violation of McIntosh's exclusive rights and all means by which such copies may be

19 produced; and in the event that certain such copies are no longer under the control of defendants,

20 provide the name, address and relevant contact information of those believed to be in possession and

21 control of such materials;

22         (d)     The filing with this Court and the service on McIntosh within thirty (30) days

23 following service of the injunction order, a report under oath and in writing, setting forth in detail

24 the manner and form in which defendants have complied with the injunction;

25         (e)     The awarding to plaintiff McIntosh of damages in an amount equal to the

26 actual damages suffered by McIntosh as a result of the infringement and that portion of the profits

27 earned by Defendants from the creation and commercial exploitation of the copied Plans and the

28 infringing building that is attributable to the infringement, and not taken into account in computing

8

1  McIntosh's actual damages, including an award of the reasonable attorney fees, costs and

2  disbursements incurred by McIntosh in connection with this action;

3        (f)  Alternatively, the awarding to plaintiff McIntosh the maximum statutory

4  damages permitted under the Copyright Act with respect to each infringement, or for such other

5  amount as may be proper pursuant to 17 U.S.C. section 504(c), including an award of reasonable

6  attorney fees, costs, and disbursements incurred by McIntosh in connection with this action; and

7        (g)  The granting to McIntosh of such other and further relief as this Court may

8  deem just and proper.

9                  **JURY TRIAL DEMAND**

10      McIntosh demands a trial by jury on all issues triable of right by a jury.

11  DATED:  April 23, 2009        BORTON PETRINI, LLP

12

13

14                 By:  /s/ Jeffrey A. Travis
                    Jeffrey A. Travis, Attorneys for Plaintiff, Roger
                    McIntosh dba McIntosh & Associates

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT A



PROOF OF SERVICE
(FRCP No. 5(b)(2)(E))

STATE OF CALIFORNIA, COUNTY OF KERN

I, Vanessa J. Claridge, declare:

I am a citizen of the United States. I am employed in the County of Kern, State of California. I am over the age of 18 and not a party to the within action; my business address is 5060 California Avenue, Suite 700, Bakersfield, California 93309.

On April 23, 2009, I served the foregoing document described as **THIRD AMENDED COMPLAINT FOR COPYRIGHT INFRINGEMENT; DEMAND FOR JURY TRIAL** on the other party(ies) in this action as follows:

| | |
|---|---|
| Steven John Hassing, Esq.<br>**Law Offices of Steven J. Hassing**<br>425 Calabria Court<br>Roseville, CA 95747<br>email address: **stevehassing@yahoo.com** | Attorneys for Attorneys for Defendants,<br>Northern California Universal Enterprises<br>Company and Lotus Developments<br>Tel:    916/677-1776<br>**Fax:   916/677-1770** |
| Chaka Okudigbo<br>**Garcia Calderon Ruiz, LLP**<br>500 South Grand Ave Suite 1100<br>Los Angeles, CA 90071<br>email address: cokudigbo@gcrlegal.com | Attorneys for Defendant, City of Wasco<br>Tel: 213/347-0210<br>**Fax: 213-347-0216** |
| William L. Alexander, Esq.<br>**Alexander & Associates**<br>1925 "G" Street<br>Bakersfield, CA 93301<br>email address: **walexander@alexander-law.com** | Attorneys for Defendant, DeWalt CM, Inc.<br>Tel: 661/316-7888<br>**Fax: 661/316-7890** |

☒ **BY ELECTRONIC SERVICE:** Pursuant to Fed. R. Civ. P. 5(b)(2)(E) and Local Court Rule(s), the foregoing document will be served by the court via CM/ECF. Pursuant to the CM/ECF docket for this case proceeding the following person(s) are on the Electronic Mail Notice List to receive ECF transmission at the email address(es) indicated below:

☐ **BY MAIL:** As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at , California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

Executed on **April 23, 2009**, at Bakersfield, California.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

_____Vanessa J. Claridge_____          _/s/ Vanessa J. Claridge_

10

H:\PUBL\CW\04497\0050971
Melynda v.
Northwest\THIRD AMD CP
12-29-08.wpd

# EXHIBIT J

09/30/2009  14:48    6617597239                    CITY OF WASCO                    PAGE  02/05
Received:                              Sep 30 2009 03:44pm

1  | BONIFACIO B. GARCIA (SBN 100761)
   | EVA M. PLAZA (SBN 250321)
2  | CHAKA C. OKADIGBO (SBN 224547)
   | GARCIA CALDERON RUIZ, LLP
3  | 500 S. Grand Avenue, Suite 1100
   | Los Angeles, CA 90071
4  | (213) 347-0210; Fax (213) 347-0216

5  | Attorneys for Defendant CITY OF WASCO

6

7

8  | UNITED STATES DISTRICT COURT

9  | EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION

10

11 | ROGER McINTOSH.                           Case No:  1:07-CV-01080-LJO-GSA

12 |            Plaintiffs,                     **DECLARATION OF DENNIS MCNAMARA
   |                                            IN SUPPORT OF CITY OF WASCO'S**
13 |       vs.                                  **MOTION FOR SUMMARY JUDGMENT**

14 | NORTHERN CALIFORNIA
   | UNIVERSAL ENTERPRISES, INC. et al.         Date:   October 28, 2009
15 |                                            Time:   8:30 a.m.
   |            Defendants.                      Dept.:  4
16 |                                            Judge:  Lawrence J. O'Neill

17

18

19 | I, Dennis McNamara, declare as follows:

20 |        1.     I have firsthand personal knowledge of the facts set forth below, except as to

21 | those matters attested to on information and belief, and, if called as a witness, could and would

22 | competently testify thereto under oath.

23 |        2.     I am currently employed by the City of Wasco ("City") as a Senior Planner in the

24 | City's Planning Department.  I have served in this capacity since 2005.  As the Senior Planner,

25 | part of my duties are to serve as the project Planner on a variety of projects including the

26 | processing of the Tentative Map for Tract No. 6451, which concerns the Valley Rose Estates

27 | Subdivision ("Subdivision").

28

1      3.     The Planning Department's dealings with respect to the Subdivision, located in

2 the City, has consisted of: (1) communicating City requirements for review and processing of

3 tentative and final maps for the Subdivision to Northern California Universal Enterprises

4 Company ("NCUE"), Lotus Developments and/or DeWalt (the owners of the Subdivision); and

5 (2) processing the tentative and final maps (Tentative Map for Tract No. 6451 and Final Map for

6 Tract No. 6451) submitted by these parties, as required by City ordinance, the California

7 Subdivision Map Act and the California Environmental Quality Review Act ("CEQA").

8      4.     In his dealings with the City regarding the development of the Subdivision, Joe

9 Wu, the President of NCUE and Lotus Developments, has used these two companies

10 interchangeably.

11      5.     My role with respect to the processing of the Tentative Map for Tract No. 6451

12 was to (1) shepherd the map through the CEQA review process by preparing a negative

13 declaration and routing the negative declaration out to the public for comments; (2) recommend,

14 on behalf of the Planning Department, that the map be approved because it satisfied both the

15 City's criteria for approval of tentative maps and the California Subdivision Map Act.

16      6.     In reviewing the Tentative Map for Tract No. 6451 and performing my analysis as

17 to whether or not the map should be approved, I did not compare the map with the Revised

18 Tentative Map for Tract No. 5472, a prior tentative map for the Subdivision that had expired. In

19 fact, the Tentative Map for Tract No. 5472 has played no role in the performance of my work.

20 To my knowledge, no other person in the Planning Department used the Revised Tentative Map

21 for Tract No. 5472 for any purposes in connection with the Planning Department's review of,

22 and recommendation to approve, the Tentative Map for Tract No. 6451. Furthermore, the

23 Planning Commission was not provided with a copy of the Revised Tentative Map for Tract No.

24 5472 and, therefore, did not rely upon this map when it reviewed and approved the Tentative

25 Map for Tract No. 6451.

26      7.     Prior to the creation of the Tentative Map for Tract No. 6451, a previous

27 developer, Legacy Group, had prepared a Revised Tentative Map for Tract No. 5472. Both

28 tentative maps relate specifically to the Subdivision. The Revised Tentative Map for Tract No.

1    5472 expired in 2001. The Subdivision came to be identified as Tract No. 6451 upon the

2    submission of the new tentative map.

3        8.     The City approved the Tentative Map for Tract No. 6451 on March 14, 2005 and

4    the Final Map for Tract No. 6451 on February 20, 2007. The Final Map for Tract No. 6451 was

5    recorded in the Office of the County Recorder on March 13, 2007.

6        9.     At no point in time have I advised, informed or suggested to DeWalt, NCUE or

7    Lotus Developments that they copy, rely upon or use the Martin-McIntosh improvement plans or

8    Revised Tentative Map for Tract No. 5472 to perform any of the work required to finalize the

9    development of the Subdivision. To my knowledge, no one else in the Planning Department has

10    ever suggested to DeWalt, NCUE or Lotus Developments that they copy, rely upon or use the

11    Martin-McIntosh improvement plans or tentative map to perform any of the work required to

12    finalize the development of the Subdivision. In fact, improvement plans play no role in the

13    tentative map review process. The Public Works Department, not the Planning Department,

14    handles the issue of whether or not improvement plans are required to be submitted. For this

15    reason, I am confident that no one from the Planning Department advised or suggested to

16    DeWalt, NCUE or Lotus Developments that they use or rely upon the Martin-McIntosh

17    improvement plans to complete the development of the Subdivision.

18    ///

19    ///

20    ///

21    ///

22    ///

23    ///

24    ///

25    ///

26    ///

27    ///

28    ///

09/30/2009  14:48    6617587239    Received:    Sep 30 2009 03:44pm    CITY OF WASCO    PAGE  05/05

1        10.     Prior to the filing of this lawsuit, no one ever informed me that anybody or entity

2    was infringing upon any copyright interests that Roger McIntosh claims he has in the

3    improvement plans for the Subdivision that had been created by Martin-McIntosh or in Revised

4    Tentative Map for Tract No. 5472.  To my knowledge, no one else in the Planning Department

5    was advised or informed  that anybody or entity have been infringing on Roger McIntosh's

6    alleged copyright interests in the Martin-McIntosh improvement plans or the Tentative Map for

7    Tract No. 5472.

8        I declare under penalty of perjury that the foregoing is true and correct.

9        Executed this 29th day of September, 2009, at Wasco, California.

10

11

12                      Dennis McNamara

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT K



BP000435



BP000436



BP000437



BP000438



BP000439



BF000440



BP000041



BP000442



BP000443



BB000644



BP000445



BP000446

# EXHIBIT L

**Certified Copy**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

ROGER McINTOSH,

      Plaintiff,

    vs.

NORTHERN CALIFORNIA UNIVERSAL
ENTERPRISES COMPANY, ET AL.,

      Defendants.

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

Case No.
107CV-01080-
LJO-WMW

### DEPOSITION OF

### LARRY F. PENNELL

January 29, 2009
11:43 a.m.

Suite 170, 5001 East Commercenter
Bakersfield, California

Brian S. Cardoza, CSR No. 8362



ESQUIRE
an Alexander Gallo Company

Toll Free: 800.300.1214
Facsimile: 661.322.2242

Suite 170
5001 East Commercenter Drive
Bakersfield, CA 93309
www.esquiresolutions.com

19

1        A.   Yes.

2        Q.   And is that true?

3        A.   Yes.

4        Q.   Okay.

5        A.   Alan's testimony?  Are you asking me if

6   Alan's testimony is true?

7        Q.   I'm asking you if you understand that those

8   discussions took place?

9        A.   Yes.

10       Q.   Okay.  And the lot sizes that were originally

11  done in 1992 by the previous developer, are those the same

12  lots that exist today?

13       MR. OKADIGBO:  Well, objection, insofar as this

14  testimony of when the lot sizes were done, and in 1992,

15  and there's no fact established as to that.

16       BY MR. TRAVIS:  Okay, well we can go through that

17  in detail, if we need to.

18       Q.   But you understand that because you had

19  previously testified that improvements were already put in

20  place before Mr. Wu purchased the property?

21       A.   That's correct.

22       Q.   Okay.  And correct me if I'm wrong, but you

23  had said that lots were already outlined and in place in

24  that subdivision; isn't that right?

25       A.   I testified that the water meter boxes were



Toll Free: 800.300.1214
Facsimile: 661.322.2242

ESQUIRE
an Alexander Gallo Company

Suite 170
5001 East Commercenter Drive
Bakersfield, CA 93309
www.esquiresolutions.com

# EXHIBIT M

1  James J. Braze, Esq.; SBN 75911
   Jeffrey A. Travis, Esq.; SBN 235507
2  BORTON PETRINI, LLP
   5060 California Avenue, Suite 700
3  Post Office Box 2026
   Bakersfield, CA 93303
4  Telephone (661) 322-3051

5  Attorneys for Plaintiff, Roger McIntosh dba McIntosh
   & Associates
6

7

8              UNITED STATES DISTRICT COURT

9      EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION

10

11  ROGER McINTOSH,                    Case No. 107CV 01080 LJO-WMW

12              Plaintiff,             RESPONSES OF PLAINTIFF ROGER
                                       McINTOSH TO DEFENDANT, CITY OF
13  v.                                 WASCO'S SPECIAL
                                       INTERROGATORIES (SET NO. ONE)
14  NORTHERN CALIFORNIA UNIVERSAL
    ENTERPRISES COMPANY, et al.
15
              Defendants.
16

17

18  PROPOUNDING PARTY:        DEFENDANT, CITY OF WASCO

19  RESPONDING PARTY:         PLAINTIFF, ROGER McINTOSH

20  SET NO.:                  ONE

21          Pursuant to Federal Rules of Civil Procedure, Rule 33, plaintiff Roger McIntosh

22  hereby responds to defendant Northern California Universal Enterprise Company's Special

23  Interrogatories (Set No. One), as follows:

24  ///

25  ///

26  ///

27  ///

28

ORIGINAL

1

## PRELIMINARY STATEMENT

2          The answers and responses herein provided are made and based on information and

3     belief, and upon information gathered from multiple sources including our attorneys (and as a result

4     of searches and review of various documents and/or records). There may be additional records or

5     persons having knowledge of facts which are presently unknown to us.

6          Responding party has not completed investigation of the facts relating to this case,

7     and has not fully completed discovery or preparation for trial. The responses are based only on such

8     information and documents as are presently available to and specifically known to this party and/or

9     its attorneys, and include only those contentions heretofore thought-out or developed, and which

10    presently occur to respondent. It is anticipated that further investigation, discovery, research and

11    analysis will reveal and supply additional facts, add meaning to known facts, and establish new

12    factual conclusions and legal contentions, any of which may lead to significant additions to, changes

13    in, and variations from the facts and contentions set forth herein.

14          The following responses are given without prejudice to responding party's right to

15    produce evidence of any later-discovered fact or facts or of any additional facts which responding

16    party may later recall. Responding party accordingly reserves the right to change or supplement any

17    response herein as additional facts are ascertained, analyses are made, legal research is performed,

18    and contentions are developed. The responses are provided in a good faith effort to supply as much

19    factual information and as much specification of contentions as is presently known. Such efforts will

20    in no way prejudice this responding party in relation to further discovery, research or analysis.

21    **SPECIAL INTERROGATORY NO. 1:**

22          Is any person listed in the attached Exhibit A the person whom you spoke about the

23    use of Martin-McIntosh improvement plans as testified to in your deposition of December 18, 2008?

24    (See, Deposition of Roger McIntosh, pages 108:8-109:22, attached hereto as Exhibit B).

25    **RESPONSE TO SPECIAL INTERROGATORY NO. 1:**

26          Although Mr. McIntosh had discussions with a person at the Public Works

27    department at the City of Wasco referred to in the attached Exhibit B, he was never told this person's

28    last name and so cannot identify who that person was based on the information supplied in the

RESPONSES OF PLF ROGER McINTOSH TO DF NCUE COMPANY'S SPECIAL ROGS (SET NO. ONE)

1  interrogatory and has no information at this time relating to his name, address, and telephone

2  number.

3  **SPECIAL INTERROGATORY NO. 2:**

4        If your response to Special Interrogatory 1 is yes, please identify which individual

5  from attached Exhibit A is the person to whom you spoke about the use of Martin-McIntosh

6  improvement plans. (See, Deposition of Roger McIntosh, pages 108:8-109:22, attached hereto as

7  Exhibit B).

8  **RESPONSE TO SPECIAL INTERROGATORY NO. 2:**

9        See response to Special Interrogatory No. 1.

10  **SPECIAL INTERROGATORY NO. 3:**

11        If no person listed in the attached Exhibit A is the person to whom you spoke about

12  the use of Martin-McIntosh improvement plans, please identify by name, address and telephone

13  number, if known, the person to whom you spoke about the use of Martin-McIntosh improvement

14  plans. (See, Deposition of Roger McIntosh, pages 108:8-109:22, attached hereto as Exhibit B).

15  **RESPONSE TO SPECIAL INTERROGATORY NO. 3:**

16        See response to Special Interrogatory No. 1.

17

18

19  DATED: June 8, 2009

20                          BORTON PETRINI, LLP

21

22

23                    By: _____

                        Jeffrey A. Travis, Attorney for Plaintiff,

24                          Roger McIntosh dba McIntosh & Associates

25

26

27

28

1

## VERIFICATION

2      I, the undersigned, declare:

3      I am the plaintiff in this action and am authorized to make this verification for that

4  reason; I have read the **RESPONSES OF PLAINTIFF ROGER MCINTOSH TO DEFENDANT**

5  **CITY OF WASCO'S SPECIAL INTERROGATORIES (SET NO. ONE)** and know its contents;

6  I am informed and believe and on that ground allege that the matters stated in it are true.

7      I declare under penalty of perjury under the laws of the State of California that the

8  foregoing is true and correct.

9      Executed on this _10th_ day of June, 2009, at Bakersfield, California.

10

11

12      _____

Roger McIntosh

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

<div align="center">

**PROOF OF SERVICE**
(FRCP No. 5(b)(2)(E))

**STATE OF CALIFORNIA, COUNTY OF KERN**

</div>

I, Gina Pomato, declare:

    I am a citizen of the United States. I am employed in the County of Kern, State of California. I am over the age of 18 and not a party to the within action; my business address is 5060 California Avenue, Suite 700, Bakersfield, California 93309.

    On June _9_, 2009, I served the foregoing document described as **RESPONSES OF PLAINTIFF ROGER McINTOSH TO DEFENDANT CITY OF WASCO'S SPECIAL INTERROGATORIES (SET NO. ONE)** on the other party(ies) in this action as follows:

| | |
|---|---|
| Steven John Hassing, Esq.<br>Law Offices of Steven J. Hassing<br>425 Calabria Court<br>Roseville, CA 95747<br><br>email address: **stevehassing@yahoo.com** | Attorneys for Attorneys for Defendants,<br>Northern California Universal Enterprises<br>Company and Lotus Developments<br>Tel:   916/677-1776<br>**Fax:  916/677-1770** |
| Chaka Okadigbo<br>**Garcia Calderon Ruiz, LLP**<br>500 South Grand Ave Suite 1100<br>Los Angeles, CA 90071<br><br>email address: **cokadigbo@gcrlegal.com** | Attorneys for Defendant, City of Wasco<br><br>Tel: 213/347-0210<br>**Fax: 213-347-0216** |
| William L. Alexander, Esq.<br>Alexander & Associates<br>1925 "G" Street<br>Bakersfield, CA 93301<br><br>email address: **walexander@alexander-law.com** | Attorneys for DeWalt CM, Inc.<br>BUS: (661) 316-7888<br>FAX: (661) 316-7890 |

X    **BY ELECTRONIC SERVICE:** Pursuant to Fed. R. Civ. P. 5(b)(2)(E) and Local Court Rule(s), the foregoing document will be served by the court via CM/ECF. Pursuant to the CM/ECF docket for this case proceeding the following person(s) are on the Electronic Mail Notice List to receive ECF transmission at the email address(es) indicated below:

X    **BY MAIL:** As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at , California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

1   Executed on **June** 9, **2009**, at Bakersfield, California.

2   I declare that I am employed in the office of a member of the bar of this court at
whose direction the service was made.

3

4   Joanne Balduc

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT N



# EXHIBIT O

1  BONIFACIO B. GARCIA (SBN 100761)
   CHAKA C. OKADIGBO (SBN 224547)
2  GARCIA CALDERON RUIZ, LLP
   520 S. Grand Avenue, Suite 695
3  Los Angeles, CA 90071
   (213) 347-0210; Fax (213) 347-0216
4
   Attorneys for Defendant CITY OF WASCO
5

6

7                    UNITED STATES DISTRICT COURT

8           EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION

9

10                                          Case No: 1:07-CV-01080-LJO-GSA
   ROGER McINTOSH.
11                                          **DECLARATION OF ROBERT EDWARD**
            Plaintiffs,                      **WREN IN SUPPORT OF DEFENDANT**
12                                          **CITY OF WASCO'S MOTIONS IN LIMINE**
        vs.
13                                          Date:
   NORTHERN CALIFORNIA                      Time:
14 UNIVERSAL ENTERPRISES, INC. *et al.*     Dept.:   4
                                            Judge:  Lawrence J. O'Neill
15          Defendants.

16

17

18 I, Robert Edward Wren, declare as follows:

19       1.      I have firsthand personal knowledge of the facts set forth below, except as to

20 those matters attested to on information and belief, and, if called as a witness, could and would

21 competently testify thereto under oath.

         2.      I am currently employed by the City of Wasco ("City") and have worked
22
   for the City since January 2005. Since October, 2007, I have served as the Deputy Director of
23
   City's Public Works Department. Before October 2007, I served as City Projects Manager and
24
   Superintendent of Streets and City Projects from Jan 3, 2005 through October, 2007. In all of
25
   these capacities, I have overseen City construction projects, including the construction of roads,
26
   improvements and reconstruction projects. I have also liaised with the Contract City Engineer
27

28

                                          -1-
                        DECLARATION OF ROBERT EDWARD WREN

1   on civil engineering issues relating to City construction projects. Regarding the Valley Rose

2   Estates, I have overseen the public works inspections of the Valley Rose Estates Subdivision.

3        3.        The City's Public Works Department maintains all records of improvement plans

4   related to any developments with the city limits.

5        4.        Attached hereto are full size copies of the improvement plans for tract 5472 on

6   file with the City.

7        I declare under penalty of perjury, under the laws of the State of California, that the

8   foregoing is true and correct.

9        Executed this 29th day of January, 2010, at Wasco, California.

10

11

12   Robert  Wren

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DECLARATION OF ROBERT EDWARD WREN