Steven J. Hassing
California SBN 152125
LAW OFFICES OF STEVEN J. HASSING
425 Calabria Court
Roseville, CA  95747
Telephone:  (916) 677-1776
Facsimile:  (916) 677-1770

Attorney *for Defendant, Northern California Universal Enterprise Company and Lotus Developments, L.P.*

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROGER MCINTOSH,<br><br>                Plaintiff(s);<br>v.<br><br>NORTHERN CALIFORNIA UNIVERSAL ENTERPRISES COMPANY, ET AL.,<br><br>                Defendant(s). | No.  1:07-CV-01080-LJO-GSA<br><br>**NORTHERN'S OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE NUMBER 4 SEEKING TO EXCLUDE EVIDENCE OF EXPENSES**<br><br>**JOINED BY ALL DEFENDANTS**<br><br>**DATE:  FEBRUARY 12, 2010**<br>**TIME:  1:30 P.M.**<br>**DEPT.:  4 (LJO)** |

**TRIAL DATE:  MARCH 1, 2010**

**HONORABLE LAWRENCE O'NEILL**

Plaintiff claims that a finding of willful infringement results in Defendants being assessed damages equal to gross profit without deduction.  Plaintiff is wrong and the cases cited by him do not support his contention.

Plaintiff cites two cases in support of this motion.  *Three Boy's Music Corporation v. Bolton* 212 F.3d 477 (9th Cir. 2000) and *Kamar International, Inc. v. Russ Berrie* 752 F.2d 1326 (9th Cir. 1984).  Neither case provides support for the proposition urged by

1

Plaintiff, i.e., that in calculating profit damages, all expenses of production should be denied a willful infringer.

First, in *Three Boys*, the Court only discussed whether or not a willful infringer should be allowed to deduct **income taxes** from profit.  In this case none of the Defendants have claimed an income tax deduction and Three Boys does not address denial of other expenses or costs of production.

The *Kamar* Court did not even find willful infringement.  (1330, 1331).  Nor did it hold that a willful infringer be precluded from deducting <u>all expenses</u>.  Instead, the Court considered whether willful infringers should be precluded from deduction of <u>"overhead expenses".</u>  There, the Court noted that even the "harsh rule" denying all expenses to a constructive trustee who consciously misappropriated the property of another has been softened and commented that even a plagiarist, while he may not charge for <u>his labor</u> in exploiting what he has taken, is not denied all overhead.  (id at 1331).  The *Kamar* case was more focused upon increasing statutory damages where the infringement was determined to be willful.  Of course in this case at bar, Plaintiff is precluded from statutory damages because of his delay in filing this lawsuit.  (17 U.S.C see 412).

What the *Kamar* Court did say about profit calculation in relation to willful infringement was that the ultimate goal behind awarding infringer's profits was deterring infringement and that this goal can best be achieved by allowing a deduction for overhead only when the infringer can demonstrate it was of actual assistance in production, distribution or sale of the infringing product.  (id @ 1332)

In this case at bar, Plaintiff claims that the "profit remedy" extends all the way to the homes built and sold by Lotus.  As to Lotus, "overhead" constitutes only a small percentage of total expenses and costs.  Plaintiff's attempt to deny Defendants <u>any and all</u> deductions of expenses of production, operating costs and overhead, does not find support in the two cases cited.

Plaintiff's Motion Number 4 should be denied since Plaintiff has provided no authority in support of it and the relief requested is not in accord with existing law.

Dated this 4th day of February, 2010            _____/s/ Steven J. Hassing, Esq.
Steven J Hassing, Attorney for
Northern and Lotus with Joinder by the
remaining Defendants

## CERTIFICATE OF SERVICE

1.   On February 5th, 2010, I served the following document:

- **NORTHERN'S, OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE NUMBER 4 SEEKING TO EXCLUDE EVIDENCE OF EXPENSES**

2.   The above-named document was served by the following means to the persons as listed below:

  XX   United States Mail, first class postage fully prepaid and addressed to:

James Braze
Jeffrey Travis
Borton, Petrini, LLP
1600 Truxtun Avenue
Bakersfield, CA  93301

Chaka Okadigbo
Garcia Calderon Ruiz, LLP
520 South Grand Avenue, Ste. 695
Los Angeles, CA  90071

William L. Alexander
Tenielle E. Cooper
Alexander & Associates
1925 G Street
Bakersfield, CA  93301

  By fax transmission. I faxed the document to the persons at the fax number listed below. No error was reported by the fax machine that I used. A copy of the record of the fax transmission is attached.

I declare under penalty of perjury that the foregoing is true and correct.

Dated this 5th day of February, 2010.

/s/ Kimberley A. Hassing
Kimberley A. Hassing