**William L. Alexander** (State Bar Number 126607)
**Tenielle E. Cooper** (State Bar Number 226717)
Alexander & Associates, PLC
1925 G Street
Bakersfield, CA  93301
Phone:  (661) 316-7888
Fax:  (661) 316-7890

**Attorneys for Defendant, Dennis W. DeWalt, Inc.**

### UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION

| | |
|---|---|
| ROGER McINTOSH, | Case No.  1:07-CV-01080 LJO-GSA |
| Plaintiff, | **DeWALT and DEFENDANTS' JOINT OPPOSITION TO PLAINTIFF'S MOTION _IN LIMINE_ NO. 3 TO EXCLUDE TESTIMONY RELATING TO THE PREPARATION OF MAP 6451** |
| vs. | |
| NORTHERN CALIFORNIA UNIVERSAL ENTERPRISES COMPANY, a California Corporation, et al, | Date:        February 12, 2010 |
| | Time:        1:30 p.m. |
| | Courtroom: 4 |
| Defendants. | Judge:       Hon. Lawrence J. O'Neill |

Defendant DENNIS W. DeWALT, INC. ("DeWALT") and defendants, and each of them, submit the following Opposition to Plaintiff's Motion _in liminie_ to Exclude Testimony Relating to the Preparation of Tentative Map 6451.

### MEMORANDUM OF POINTS AND AUTHORITIES

### INTRODUCTION

The introductory facts provided by plaintiff in his Motion _in limine_ are lean, vague and misleading.  Moreover, the request of the motion itself is confusing.  Under heading III, plaintiff states that "Defendants' representations during discovery should limit testimony only as to those persons who were identified as necessary for the preparation of the 6451 maps."  (See Plaintiff's

Alexander & Associates
Attorneys at Law
1925 G Street
Bakersfield, CA 93301
(661) 316-7888

Motion *in limine* No. 3, page 3, lines 21 – 24.)  Presumably, Plaintiff is requesting that only Jeff Gutierrez, Greg Black, Sarah Burgi, and Josh Woodard should be allowed to testify at trial, because those were the individuals (including Heath James) identified by DeWALT as having worked on preparing Tentative Map 6451, and those were the individuals Plaintiff deposed during discovery.

However, in Plaintiff's conclusion, he asks this Court to "preclude defendants from proffering evidence or argument as to anything other than what the above-named persons have declared **as how the maps were drawn**."  (See Plaintiff's Motion *in limine* No. 3, page 5, lines 1 – 5 (bold added).)  Here, plaintiff is asking this Court to limit these individuals as to <u>what</u> they can testify to.  But the convoluted nature of Plaintiff's motion begs the question:  does Plaintiff seek to exclude witnesses, or witness testimony, or both?

If, in fact, Plaintiff is seeking to limit the testimony of the DeWALT deponents to that which is contained in their deposition transcripts, such a request is in error as it would require the court to police the testimony and the deposition transcripts, and would preclude the witnesses from freely testifying under oath at trial.  Moreover, should plaintiff attempt to state that additional DeWALT employees, including but not limited to Heath James, should be precluded from testifying – such a contention is also misplaced.  (Issues related to Heath James are addressed in Plaintiff's Motion *in limine* No. 6, and again in DeWALT's opposition thereto.)

<u>**DISCUSSION**</u>

<u>**PLAINTIFF'S CONTENTIONS REGARDING DEPONENTS' TESTIMONY IS**</u>

<u>**MISLEADING AND OFF-BASE**</u>

In his motion, Plaintiff has provided a watered-down version of testimony by various DeWALT employees, and cited no deposition testimony for others.  Plaintiff states that DeWALT's president, Jeffrey Gutierrez testified at his deposition that he had "no idea" about how details in the map were prepared.  (See Plaintiff's Motion *in limine* No. 3, page 3, lines 4-5.)  This is inaccurate, and plaintiff provided no deposition testimony attached to his motion to support this contention.   In fact, on November 24, 2008 Mr. Gutierrez testified:

Q:      And what did you survey out there, if you know?

Alexander & Associates
Attorneys at Law
1925 G Street
Bakersfield, CA 93301
(661) 316-7888

1          A:    I'll say that I wasn't involved in the actual survey.  We had a crew

2                that went out there.    I have seen the results of it on paper with

3                points that are set.  And so just from that observation, we surveyed

4                --- I'll start from the outside and kind of come in.  We surveyed the

5                section, we surveyed monumentation that was local to the site and

6                adjacent to it.  We surveyed monumentation that was within the

7                site.  We surveyed curbs and gutters.  We surveyed the actual pads,

8                and any visible utilities, street signs.  That's pretty much it.

9 (See Depo. J. Gutierrez, Vol. I (11/24/08), pp. 14, line 21 – pp. 15 line 8, attached as Exhibit A to

10 Declaration of Tenielle Cooper.)  As president of DENNIS W. DeWALT, INC. Mr. Gutierrez has

11 intimate knowledge of the Valley Rose Estates tentative map project, how it was performed, who

12 worked on the project, etc.  Plaintiff's statement is in error.

13     Plaintiff then states in his motion *in limine*:  "Greg Black was also asked who was the person

14 who drew the 6451 Tentative Map, and he said that he did not specifically recall how street names,

15 lot numbers and details of the 6451 Map were determined…"  (See Plaintiff's Motion *in limine*, No.

16 3, page 3, lines 5 – 7.)  Asking Mr. Black "who drew the map" is different than asking him how

17 "street names, lot numbers, etc" were determined.  Moreover, plaintiff cited no deposition testimony

18 of Mr. Black to support his contention.  In reality, Mr. Black was the project manager for the

19 DeWALT 6451 Tentative Map project, and oversaw the creation of the map.  In fact, on January 22,

20 2009 Mr. Black testified:

21          A:    I would have made a site visit, probably not before the survey crew

22                went out, but at some point in time early in the project would have

23                made a site visit just to look around,  inspect the conditions on-site.

24                Then after the survey crew had gathered their data and the survey

25                technician had processed that data in creating the base map, I

26                would have then taken that, sat down with the designer and say

27                [sic] "Here's – Here's what the site looks like right now and this is

28                kind of approximately how I want to lay it out.  This was a very

Alexander & Associates
Attorneys at Law
1925 G Street
Bakersfield, CA 93301
(661) 316-7888

3          Case No. 1:07-CV-01080 LJO-GSA

DeWALT and DEFENDANTS' JOINT OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE NO. 3 TO EXCLUDE
TESTIMONY RELATING TO THE PREPARATION OF MAP 6451

1    unique case in the fact that, with the streets and all   the

2    improvements already there, it was kind of limiting to how you

3    would lay it out.

4  (See Deposition of Greg Black p. 64, line 23 – page 65, line 11, attached as Exhibit B to Decl. T.

5  Cooper .)

6        Moreover, the statements Plaintiff made about Sarah Burgi are also inaccurate.   Plaintiff

7  stated in his motion that: "In her deposition Sarah Burgi was asked if she drew the 6451 Map and

8  she

9  said she did not, but that Josh Woodard did."  (See Plaintiff's Motion *in limine* No. 3, page 3, lines

10  11 – 12.)  Moreover, Ms. Burgi actually testified at her deposition as follows:

11            Q:      And you were involved in the creation of Tentative Map

12                    6451; is that correct?

13            A:      Yes.

14  (See Deposition of Sarah Burgi, p. 8 lines 2 – 4, attached as Exhibit C to Decl. T.

15  Cooper.)

16            Q:      And in the bottom right-hand corner it looks like there's

17                    some sort of an identifier table.

18            A:      Yes.

19            Q:      Okay.  And there's some, looks like SAB, do you know

20                    what SAB stands for?

21            A:      Those are my initials.

22            Q:      Those are your initials?

23            A:      Yes.

24            Q:      And in there it says "drawn by"?

25            A:      Mmm-hmm

26            Q:      So is it fair to say this whole map was draw by you?

27

28

Alexander & Associates
Attorneys at Law
1925 G Street
Bakersfield, CA 93301
(661) 316-7888

4                Case No. 1:07-CV-01080 LJO-GSA

DeWALT and DEFENDANTS' JOINT OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE NO. 3 TO EXCLUDE
TESTIMONY RELATING TO THE PREPARATION OF MAP 6451

A:   **No.  I assisted Josh Woodard in drawing this map.  I believe it was his first tentative map he had ever done so I helped him with the bulk of it.**

(See Depo. S. Burgi p. 8, line 20 – p. 9, line 9; Exh. C To Decl. T. Cooper.)

Plaintiff's motion clearly tries to insinuate that all of these deponents have no recollection of working on the 6451 Tentative Map, which is clearly erroneous.  Mr. Gutierrez is the president of Dennis W. DeWalt, Inc and has knowledge of the project and the map.  Mr. Black was the project manager.  And Ms. Burgi assisted in drawing the map.  Clearly, these individuals have more to testify about at trial than "nothing" as Plaintiff contends.

## WITNESSES MAY BE IMPEACHED WITH THEIR DEPOSITION TESTIMONY WHEN TESTIFYING AT TRIAL

Plaintiff, in his "conclusion" asks this Court to limit the above-deponents as to those statements that plaintiff included in his motion *in limine*.  Namely, plaintiff asks this Court to instruct the witnesses that they can only testify at trial to not knowing anything about how the 6451 Tentative Map was created, drawn, edited, or finalized.  Or, alternatively, Plaintiff is asking this Court to instruct the witnesses that they can only testify exactly as to what they testified to in their depositions.  Basically, Plaintiff asks the court to police the testimony of the DeWALT witnesses, and preclude them from changing their mind or recalling any additional facts at trial.  Either scenario is inappropriate, and Plaintiff has provided no authority in his motion to support such a request.

A deposition may be used in any court proceeding against any party present at the deposition or who had reasonable notice thereof.  (Fed. Rule Civ. Proc. 32(a).)  Moreover, a deposition may be admissible evidence at trial in order to impeach the deponent's testimony.  (Fed. Rule Civ. Proc. 32(a)(2).)  If a witness testifying at trial gives testimony inconsistent with an earlier deposition, the prior statement is admissible to impeach but it is up to the jury to determine the witness' credibility.  (Fed. Rule Evid. 801(d)(1).)  This issue is also approached in the 9th Circuit Model Jury Instruction No. 1.11 "Credibility of Witnesses" – instructing jurors as to their role in assessing the credibility of the witnesses who testify at trial.

Alexander & Associates
Attorneys at Law
1925 G Street
Bakersfield, CA 93301
(661) 316-7888

DeWALT and DEFENDANTS' JOINT OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE NO. 3 TO EXCLUDE TESTIMONY RELATING TO THE PREPARATION OF MAP 6451

1    If the DeWALT witnesses were to testify at trial differently than they testified in their

2    deposition, Plaintiff would have the opportunity to impeach those witnesses with their deposition

3    testimony and to present to the jury that the individuals lacked credibility.  But asking this Court to

4    police the testimony at witnesses at trial, to ensure that it is *verbatim* what was testified to at their

5    deposition is misplaced and would constitute a waste of judicial resources.  Moreover, it would

6    prevent Plaintiff's counsel from having to do his job.

7                                        **CONCLUSION**

8            Accordingly, DeWALT and defendants, jointly and respectfully request this Court deny

9    Plaintiff's Motion *in limine* No. 3.

10

11   DATED:  February 4, 2010                    ALEXANDER & ASSOCIATES, PLC

12                                               By:   _____/s/  Tenielle E. Cooper
13                                                     TENIELLE E. COOPER,
                                                       Attorneys for Defendant, Dennis W.
14                                                     DeWalt, Inc.

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Alexander & Associates
Attorneys at Law
1925 G Street
Bakersfield, CA 93301
(661) 316-7888

6                    Case No. 1:07-CV-01080 LJO-GSA

DeWALT and DEFENDANTS' JOINT OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE NO. 3 TO EXCLUDE
TESTIMONY RELATING TO THE PREPARATION OF MAP 6451

**PROOF OF SERVICE**

I am employed in the County of Kern, State of California.  I am over the age of 18 and not a party to the within action; my business address is 1925 G Street, Bakersfield, California.

On February 5, 2010, I served the foregoing document entitled **DeWALT and DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE NO. 3 TO PRECLUDE TESTIMONY RELATED TO THE PREPARATION OF MAP 6451** on interested parties in this action:

James J. Braze, Esq.                    Steven John Hassing, Esq.
Jeffrey A. Travis, Esq.                 Law Offices of Steven J. Hassing
Borton Petrini & Conron                 425 Calabria Court
5060 California Avenue, Suite 700        Roseville, CA 95747
Bakersfield, CA 93303-2026              Email address:  stevehassing@yahoo.com
Email address: jbraze@bortonpetrini.com
Email address: jtravis@bortonpetrini.com

Chaka Chuba Okadigbo, Esq.
Garcia Caledron Ruiz
50 S. Grand Avenue, Suite 1100
Los Angeles, CA 90071
Email address:  cokadigbo@gerlegal.com

___  BY MAIL.  I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. postal service on that same day with postage thereon fully prepaid at Bakersfield, California in the ordinary course of business.  The above sealed envelopes were placed for collection and mailing on the above date following ordinary business practice.

XX   BY ELECTRONIC SERVICE.  Pursuant to Fed. R. Civ.P. 5(b)(2)(E) and Local Court Rule(s), the foregoing document will be served by the court via CM/ECF.  Pursuant to the CM/ECF docket for this case proceeding the following person(s) are on the Electronic Mail Notice List to receive ECF transmission at the email address(es) indicated above.

Executed on February 5, 2010, at Bakersfield, California.

X   (Federal)  I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

/s/      Rocki L. Parnell
ROCKI L. PARNELL

Alexander & Associates
Attorneys at Law
1925 G Street
Bakersfield, CA 93301
(661) 316-7888