nr

James J. Braze, Esq.; SBN 75911
Jeffrey A. Travis, Esq.; SBN 235507
BORTON PETRINI, LLP
5060 California Avenue, Suite 700 (93309)
Post Office Box 2026
Bakersfield, CA 93303
Telephone (661) 322-3051
email: jbraze@bortonpetrini.com
email: jtravis@bortonpetrini.com

Attorneys for Plaintiff, Roger McIntosh dba McIntosh & Associates

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION

| | |
|---|---|
| ROGER McINTOSH,<br><br>    Plaintiff,<br><br>v.<br><br>NORTHERN CALIFORNIA UNIVERSAL ENTERPRISES COMPANY, a California corporation; LOTUS DEVELOPMENTS, LLP; THE CITY OF WASCO, a municipal corporation; DEWALT CM, INC., a California corporation also doing business as DEWALT CORPORATION; and DOES 1 through 10, inclusive<br><br>    Defendants. | Case No.  1:07-CV- 01080 LJO-GSA<br><br>PLAINTIFF'S OPPOSITION TO MOTION IN LIMINE NO. 1 BY DEWALT (MOTION TO PRECLUDE REFERENCE TO OR USE OF THE TERM "PARTNERSHIP OR JOINT VENTURE") |
| CITY OF WASCO,<br><br>    Cross-Complaint,<br><br>vs.<br><br>NORTHERN CALIFORNIA UNIVERSAL ENTERPRISES COMPANY, INC.,<br><br>    Cross-Defendant. | |

/ / /

/ / /

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

### IF A PLAINTIFF ESTABLISHES THAT DEFENDANTS WERE "PARTNERS" OR "PRACTICALLY PARTNERS" WHILE ENGAGING IN THE INFRINGING ACTIVITY, THEY CAN BE HELD BOTH JOINTLY AND SEVERALLY LIABLE FOR PROFITS EARNED BY THE OTHER DEFENDANT

In general, defendants are jointly and severally liable for actual damages but are only severally liable for any profits they may have received and which are attributable to any infringing activity. (*Frank Music Corp. v. Metro Goldwyn Meyer, Inc.*, 772 F.2d 505, 519 (9th Cir. 1985), citing *MCA, Inc. v. Wilson*, 677 F.2d 180, 186 (2nd Cir. 1981).)

However, the Ninth Circuit has set forth an additional test where if the infringers are acting as partners or what has been termed "practically partners," the infringers can be held jointly liable for each other's profits. (*Frank Music Corp.* at 519.) Ultimately, this is a factual issue for the jury. (*Ibid.*) The court in *Frank Music* pointed out that, "relevant to this determination among others are such factors as whether [the defendant] received a fixed salary or a percentage of profits and whether he bore any of the risk of loss on the production. (*Ibid.*) There does not appear to be any rigid requirement (e.g., a written partnership agreement) as to how this "partnership" is created but is formed based on that entity's role in the infringing activity, degree of direction of activity, and financial interest in activity. (*Nelson-Salabes, Inc. v. Morningside Development*, LLC, 284 F.3d 505, 517 (4th Cir. 2002).

**A.     Plaintiff Will Introduce Evidence That Northern/lotus and Wasco Should Be Held Jointly and Severally Liable for Each Other's Profits.**

Northern/Lotus and Wasco had much to gain from the development of the Valley Rose Subdivision after sitting for ten years with no revenue coming into the city or from any development. Plaintiff will prove that without the infringing activity they could not sell lots. Without the infringing map, developers could not sell lots and make money and without lots being

sold Wasco could not obtain any revenue from fees. Plaintiff will show that Wasco sold the subdivision with the expectation that Northern and/or Lotus would use existing improvements and a substantially similar map to push the development process forward without having to start over. Even though Wasco and Northern knew about McIntosh's interest, each looked the other way so both could make a buck and not pay McIntosh.

As to these defendants, it should be left to the jury to decide whether they were working as partners or practically partners given each of their mutual interest in coordinating the infringing activity. Per *Frank Music*, this is fact issue and plaintiff will ask this court for a special jury instruction and verdict form that will instruct the jury on this issue. A special instruction is necessary because this rule relating to profits is not currently part of the Ninth Circuit's Model Jury Instructions for Copyright.

**B.     Joint and Several Liability as to DeWalt.**

As to De Walt, this is ultimately a question of fact. Plaintiff will introduce evidence that shows all parties working in concert to achieve an end that benefitted all of them. This is not irrelevant or unduly prejudicial evidence and is simply a factual issue to be determined by a jury.

De Walt's motion relates to profits only. Denying testimony or evidence as to DeWalt for any actual damages that may be had would preclude monetary relief to plaintiff to which he is entitled by law.

## II.

## CONCLUSION

In conclusion, plaintiff would ask that this court deny the Motion in Limine since plaintiff will need to introduce evidence that defendants worked hand in hand to achieve a profits through each other's mutual acts. If the court should grant the motion as to any evidence of partnership between any of the other defendants, plaintiff would request this court deny the motion insofar as it would be impossible to talk about the interrelation between the parties with such an order in place.

DATED:  February ____, 2010

1  BORTON PETRINI, LLP

2

3

4  By: _____
   James J. Braze, Jeffrey A. Travis, Attorney for Plaintiff,
   Roger McIntosh dba McIntosh & Associates

5