nr

James J. Braze, Esq.; SBN 75911
Jeffrey A. Travis, Esq.; SBN 235507
BORTON PETRINI, LLP
5060 California Avenue, Suite 700 (93309)
Post Office Box 2026
Bakersfield, CA 93303
Telephone (661) 322-3051
email: jbraze@bortonpetrini.com
email: jtravis@bortonpetrini.com

Attorneys for Plaintiff, Roger McIntosh dba McIntosh & Associates

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION

| | |
|---|---|
| ROGER McINTOSH,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>NORTHERN CALIFORNIA UNIVERSAL ENTERPRISES COMPANY, a California corporation; LOTUS DEVELOPMENTS, LLP; THE CITY OF WASCO, a municipal corporation; DEWALT CM, INC., a California corporation also doing business as DEWALT CORPORATION; and DOES 1 through 10, inclusive<br><br>　　　　　Defendants. | Case No. 1:07-CV- 01080 LJO-GSA<br><br>PLAINTIFF'S OPPOSITION TO DEWALT'S MOTION IN LIMINE NO. 2 (MOTION TO PRECLUDE HEARSAY TESTIMONY REGARDING USE OF PLAINTIFF'S MAP) |
| CITY OF WASCO,<br><br>　　　　　Cross-Complaint,<br><br>　　vs.<br><br>NORTHERN CALIFORNIA UNIVERSAL ENTERPRISES COMPANY, INC.,<br><br>　　　　　Cross-Defendant. | |

/ / /

/ / /

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

### WASCO'S AGENT'S STATEMENT TO PLAINTIFF CONSTITUTES A NON-HEARSAY ADMISSION AND WHICH IS ADMISSIBLE UNDER FEDERAL RULES OF EVIDENCE, SECTION 803

A party's statement in either an individual or representative capacity may be offered as an admission. (Federal Rules of Evidence, 801(d)(2)(a).) If a party makes an admission in either capacity, it is non-hearsay under the Federal Rules. (*Ibid.*, see also, *Gilbrook v. City of Westminister*, 177 F.3d 839, 859 (9th Cir. 1999.) According to the Advisory Committee Notes and the Federal Rules of Evidence for 803(d)(2), there is also a trend that "favors admitting statements relating to a matter within the scope of the agency or employment" of the party opponent. (FRE 801(d)(2)(a), Advisory Committee Notes citing *Grayson v. Williams*, 256 F.2d 61 (10th Cir. 1958).)

When McIntosh testified that he went to see whether defendants were creating a map based on existing improvements, Wasco correctly recounts part if McIntosh's testimony but omits other parts.

McIntosh, claims he spoke with someone who "works in the Public Works Department;" someone who is "in the building across the street from City Hall;" someone who was the "head of the corporation yard;" someone he believed to be the one who "maintains all the city improvements, the city streets, the city buildings, and he keeps the records for the - the tracks;" someone who was "forty-five" appeared to be Hispanic; and who he estimated to be about 5'10" with a medium build. (Deposition of Roger McIntosh, p. 108, lns. 8-25; and p. 109, lns. 1-7.) Mr. McIntosh also testified that he spoke with this person sometime in November or December. (Deposition of Roger McIntosh, p. 109, Vol. 1, lns. 12-22.) Further, and as Wasco correctly recounted, he testified that what he was told was that the city and Mr. Wu of Northern were using the plans for Tract 5472.

Defendants contend that any testimony by McIntosh relating to what the person at the city's Public Works Department told him should be considered hearsay pursuant to Federal Rules

of Evidence 801(c). Yet, defendant's motion fails to address the hearsay exception of an admission by a party opponent in the body of its motion.

Wasco is a municipal organization with various distinct units. One of these is the Public Works Department where it keeps records such as improvement plans and tentative maps. Those working at Wasco in this unit are working in their capacity and role as agents or representatives of Wasco's Public Works department sufficient to make admissions. Further, the reliability of these admissions is trustworthy since at that time when it was made there would have been no reason for that person to lie about the improvement plans and who was using them and where they were kept.

Further, Wasco and not plaintiff had access to who was working at their own Public Works Department during the time when McIntosh went out there. Contrary to the limited testimony that defendants submit to this court, McIntosh gave them detailed information about who it was, what his position was, what he said, and when he said it. What he could not remember was his name. Wasco then sent discovery to McIntosh asking him to remember his name and giving McIntosh a list of names for McIntosh to hopefully refresh his recollection. What Wasco or any of the defendants failed to do was to send any pictures of any particular individuals which would have made more sense since McIntosh had already testified he did not remember what the person's name was or who he talked to. Plaintiff should not be penalized by being able to fully present his case because of defendants failure to have Mr. McIntosh identify by sight the person in question.

## II.

## CONCLUSION

For the above reasons, plaintiff respectfully requests this court deny in its entirety defendants' Motion in Limine No. 2 to preclude the testimony by plaintiff of an admission by Wasco's employee that the Improvement Plans were being used by the City of Wasco and Joe Wu in the preparation of Tract No. 6451.

DATED: February ____, 2010

BORTON PETRINI, LLP

By: _____
James J. Braze, Jeffrey A. Travis, Attorney for Plaintiff, Roger McIntosh dba McIntosh & Associates