nr

1  James J. Braze, Esq.; SBN 75911
   Jeffrey A. Travis, Esq.; SBN 235507
2  BORTON PETRINI, LLP
   5060 California Avenue, Suite 700
3  Post Office Box 2026
   Bakersfield, CA 93303
4  Telephone (661) 322-3051
   email: jbraze@bortonpetrini.com
5  email: jtravis@bortonpetrini.com

6  Attorneys for Plaintiff, Roger McIntosh dba McIntosh
   & Associates
7

8                    UNITED STATES DISTRICT COURT

9               EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION

10

11  ROGER McINTOSH,                          Case No. 1:07-CV- 01080 LJO-GSA

12              Plaintiff,                   PLAINTIFF'S OPPOSITION TO
                                             DEWALT'S MOTION IN LIMINE NO. 3
13       v.                                  (MOTION TO BY DEWALT TO
                                             WITHDRAW ADMISSIONS)
14  NORTHERN CALIFORNIA UNIVERSAL
    ENTERPRISES COMPANY, a California
15  corporation; LOTUS DEVELOPMENTS,
    LLP; THE CITY OF WASCO, a municipal
16  corporation; DEWALT CM, INC., a California
    corporation also doing business as DEWALT
17  CORPORATION; and DOES 1 through 10,
    inclusive
18
                Defendants.
19

20  CITY OF WASCO,

21              Cross-Complaint,

22       vs.

23
    NORTHERN CALIFORNIA UNIVERSAL
24  ENTERPRISES COMPANY, INC.,

25              Cross-Defendant.

26

27  / / /

28

H:\PUBLIC\054493\060971
McIntosh v. Northern\Trial
Prep\Motions In
Limine\DeWalt\OPPOSITIO
NS\OPP DEWALT MIL NO.
3.wpd

1
PLAINTIFF'S OPPOSITION TO DEWALT'S MOTION IN LIMINE NO. 3

/ / /

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## LEGAL STANDARD

Rule 36 of the Federal Rules of Civil Procedure allows a party to serve a request for another party to admit the truth of a particular matter relating to the facts, the application of law to facts, or opinions about either. (FRCP 36(a)(1))  Rule 36 goes on to state that: "If a matter is not admitted, the answer must <u>specifically deny it or state in detail why the answering party cannot truthfully admit or deny it.</u>" (FRCP 36(a)(4).) (Underline added.)  If a defendant refuses to admit certain matters of which an admission was requested instead of specifically denying them or setting forth in detail the reasons why the party could not truthfully admit or deny these matters, the facts as they are set forth in the request for admissions should be deemed admitted for the purposes of the action. (*Bowles v. Batson*, 61 F.Supp. 839; *Western District of South Carolina* (1945).)  In its opinion, the court in *Bowles* stated that because the defendant gave answers which did not specifically deny the request, the matters were deemed admitted for purposes of summary judgment and the court stated that it only had conclusions of law before it and ruled against the admitting party. (*Ibid.*)

Typically, however, the party will usually immediately move to withdraw or amend an admission when it discovers that an admission has been made. (*In Re Carney*, 258 F.3d 415, 419 (5th Cir. 2001); see also, FRCP 36(b)  This requires a formal motion to be made by the party wishing for a matter to be deemed withdrawn or amended.

In order to allow withdrawal of a deemed admission, Rule 36(b) requires that a trial court find that the requested withdrawal or amendment either: (1) Serve the presentation of the case on its merits but that it would not (2) prejudice the party that obtained the admissions in its presentation of the case. (*In Re Carney*, *supra*.)  Even when these two factors are established, the court still has discretion to deny request for leave to withdraw or amend an admission. (*Ibid.*)

/ / /

/ / /

///

## II.

## STATEMENT OF RELEVANT FACTS

Before being added as a party, plaintiff deposed Jeff Gutierrez, the person most knowledgeable for DeWalt. In discussing the 5472 Map, Gutierrez stated:

> Q. Was there at any time through knowledge did anyone compare your results with Map 5472?
> A. I believe yes they did.
> Q. Do you know who did that?
> A. That was probably Heath James.
> Q. And is he still employed by DeWalt?
> A. Yes."

(Deposition of Jeff Gutierrez, 15:19-21, October 28, 2008)

Plaintiff later requested special permission to not only include Dennis W. DeWalt, Inc. ("DeWalt") as a party but also made discovery requests to DeWalt to gather information about how they went about preparing the 6451 Map. The discovery request consisted of a first and only set of special interrogatories and request for admissions. Special Interrogatory No. 2 asked:

> "Special Interrogatory No. 2: Please identify all documents which you used to assist you in preparing Tentative Map No. 6451.
>
> "Response to Special Interrogatory No. 2: Objection(s): Overbroad and unduly burdensome and oppressive. Without waiving and subject to such objection(s): Documents used include PM9572; PM9629; PM10488; PM10542; PM10556; PM10608; PM10669; RS19-054; RS20-191; RS21-012; **TTM5472**; 7-1, BK.7-PG.48; PTR by Fidelity National Title Company; City of Wasco Zoning Ordinance; Results of Survey by DeWalt Corporation."

(Bold added) ("TTM" known to mean Tentative Tract Map No. 5472)

In addition to the special interrogatories, plaintiff also asked DeWalt to admit the following:

> Admit that you reviewed Tentative Map No. 5472 before you prepared Tentative Map No. 6451. (Reviewed means that you looked at and used Tentative Map No. 5472 to assist you in the preparation of Tentative Map No. 6451.)

De Walt responded without objection as follows:

> "Responding party admits that it reviewed multiple documents, which likely included Tentative Map No. 5472, <u>before</u> preparing Tentative Map No. 6451." (underline added)

## III.

## ARGUMENT

**A. DeWalt Has Admitted During Deposition and in its Responses to Written Discovery That it Had Seen and Used Plaintiff's Map in Preparing Tentative Tract Map 6451, Making the Admission True.**

**1. DeWalt's Written Admission Is Consistent with Dewalt's Deposition Testimony as a Clear Admission That it Used and Compared to 5472 Map Before Preparing the 6451 Map.**

DeWalt admitted during deposition that it had compared McIntosh's 5472 Map and admitted in written responses that it used it during the preparation of the 6451 Map. DeWalt made a key admission and now wants to get out of it. DeWalt also admitted in written discovery that saw and used the 5472 before it prepared the 6451 Map. DeWalt now wants out of this key admission.

DeWalt attempts to use its previous admission to Request for Admission No. 1 to "explain" its response to Request for Admission No. 4. DeWalt argues that the response to No. 1 shows that, . . . "documents had been requested but it was unknown which were received and subsequently which were reviewed." Yet, and if this court looks at DeWalt's Response to Request for Admission No. 1, DeWalt only admits that it did not know whether or not a "specific request for Tentative Tract Map No. 5472 is made." It does not, as DeWalt now argues, deny that Tentative Tract Map No. 5472 that was included in the document request or that it had received this map from Wasco. To the contrary, Jeff Gutierrez during deposition, clearly admits that his staff were in the possession of the 5472 Map when preparing the 6451 Map. He also states this in his Response to Request for Admission No. 4. He again admits this in his Response to Special Interrogatory No. 2 which clearly identifies Tentative Tract Map No. 5472 as one of many documents DeWalt used in preparing Tentative Map No. 6451.

DeWalt does concede in its motion that the response was an admission just not a "complete admission" because "it only really knows for sure that it reviewed the map for boundary purposes." (Motion, Part A, p. 4.) If there was any ambiguity or vagueness, DeWalt could have objected. It did not do so. DeWalt could have also filed a noticed motion to amend or withdraw its response when it was made back in September. However, it failed to do so nor did ever fail to

supplement its disclosures as is required under Rule 26. Only now does DeWalt ask this court to amend these responses.

DeWalt also points to its declaration in support of the defendant's motion for summary judgment as an attempt to prove to this court that the admissions are consistent with its position that, "we compared the Map 5472 to Map 6451 after Map 6451 was nearly completed for the sole reason of determining if there appeared to be any major external boundary differences." DeWalt makes a critical error here in its analysis. In plaintiff's request for admission, it specifically whether DeWalt reviewed Map 5472 <u>before</u> preparing the 6451 Map and DeWalt admitted that it, "reviewed multiple documents . . . <u>before</u> preparing TTM6451." (Underline added.) DeWalt cannot have it both ways and submit a later declaration and a motion which is directly contrary to its earlier admission.

Strangely, DeWalt objects to their own response as "speculative." Yet, it was DeWalt's admission that went without objection and DeWalt's person most knowledgeable, Jeff Gutierrez, was clearly in a position to understand its own processes for gathering data before performing any work. It is also presumed that their person most knowledgeable reviews its processes and procedures for how they perform work to determine whether or not certain documents would or would not have been included as part of their general procedures for preparing a tentative tract map. As DeWalt admits, they had requested "any and all documents" from the City of Wasco and after receiving that information would have used that information accordingly. This is the implication of the Response to Request for Admission No. 4 that DeWalt's person most knowledgeable reviewed all of its policies and procedures and what it would customarily do before preparing the type of work requested by Northern and concluded that it would have received and reviewed a Tentative Tract Map No. 5472 before preparing 6451. This is what was intended by the question and that was what was intended by the response.

/ / /

/ / /

/ / /

**2. The Request for Admission Establishes Access as to DeWalt under the Test for Indirect Evidence of Copying.**

A case for copyright infringement is established either by direct or indirect evidence. Direct evidence is rarely found in courts of all plaintiffs to establish copying through indirect evidence, i.e., through access to the copyrighted works and substantial similarity of infringing the copyrighted works. *(Lamps Plus, Inc. v. Seattle Lighting Fixture Co.*, 345 F.3d 1140, (9th Cir. 2003)

The motion argues, incorrectly, that plaintiff's only use for the evidence found in the admission in Request for Admission No. 4 would be to establish that DeWalt copied information from the 5472 Map and then put it onto the 6451 Map. (Motion, Part B, p. 4.)  They argue that the admission in its requested form would confuse the jury because the admission is "speculative" because DeWalt now contends it did not "copy" information from one map to the other but only that they compared survey information from one map to the other.  In essence, DeWalt is arguing that plaintiff cannot use this admission to conclusively establish direct evidence of copying.

However, the evidence does conclusively establish <u>access</u> to the copyrighted works under the test for indirect evidence of copying regardless of how they used it.  This is conclusive evidence for the trier of fact to hear and is exactly one of the reasons why plaintiff drafted the request the way in which they did.

DeWalt fails to articulate why this is not conclusive evidence of, at a minimum, access to the copyrighted work under the test for indirect evidence.  DeWalt would have this court deny plaintiff's right to present indirect evidence of copying through their admissions because of the implications on indirect evidence of copying.  This is unsupported by the law and defeats the very purpose of discovery which is to obtain just this type of information.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

**3.    DeWalt's Late Request Will Prejudiced Plaintiff's Case since If Granted Would Mean That Plaintiff's Reliance on These Admissions Would Preclude its Ability to Present Key Admissions from Witnesses at Trial**.

An admission under Federal Rules of Civil Procedure is conclusively established proof. (*Central Add Mixture Pharmacy Services, Inc. v. Advanced Cardiac Solution PC*, 482 F.3d 1347, 1352 (Fed. Cir. 2007).)  By comparison, an extra judicial admission is simply evidence but not conclusive. (*Murrey v. U.S.*, 73 F.3d 1448, 1455 (7th Cir. 1996).)  This is an important weapon for a party because if the response to an admission admits liability, the defendant cannot then deny liability on the grounds that there is evidence that the admission was mistaken. (FRCP 36(b); *United States v. Kasuboski*, 34 F.2d 1345, 1350 (7th Cir. 1987).)

For a party to amend at or near trial requires "exceptional circumstances." (*United States v. Lemmons*, 135 F.Supp. 686, 689-690; *Western District of Arkansas* (1954).)  A request is usually made by motion "when it is learned that a party's admission is untrue." (*Ibid.*)

> "If the party were to wait until the trial of the case before seeking to deny admissions he had made, it would require exceptional circumstances before the court will be justified in permitting him to deny said admissions.  The reason for this is that the opposing party has the right to rely on said admissions as being true and might not have witnesses available . . . to prove the facts admitted in said admissions in such event the said opposing party would be greatly prejudiced if the party making the admissions were permitted to deny them during the course of the trial." (*United States v. Lemmons*, 125 F.Supp. at 689-690.)

DeWalt was added as a party in August of 2009 and was served with a Request for Admissions shortly thereafter.  After a request by plaintiff to extend discovery, DeWalt made its response in September of 2009.  Since that time, DeWalt made no motion to amend or withdraw these admissions nor did DeWalt notify plaintiff that they would attempt to move or supplement their discovery responses.  All parties are now virtually on the eve of trial after discovery has long since concluded.  There is no longer any way for plaintiff to go back and assess the merits of an admission that was believed to be conclusive many months ago.

DeWalt urges this court to grant his motion because as he sees it "in light of all the other evidence to be presented" there is no real harm to plaintiff.  (Motion, Part B, p. 4.)  In setting

forth this position, defendant ignores the conclusiveness effect of their admissions. DeWalt also ignores the fact that they were the ones who were doing the manual work of preparing the 6451 map and have control over all facts and witnesses related to this litigation and peculiar to that map's preparation. They also ignore the fact that the ones who drew the map, Josh Woodard and Sarah Bergi cannot seem to remember anything about it. All plaintiff will be left with is a bunch of witnesses who cannot seem to remember a thing and now with a person most knowledgeable who has suddenly decided to go back on his story.

Plaintiff urges this court to deny this motion since in doing so it will have made plaintiff's effort to obtain meaningful discovery pointless and will severely prejudice plaintiff in an attempt to prove his case.

**B.     DeWalt's Position That it Neither Admitted Nor Denied the Request Is a Violation of Rule 36(b) That it Should Specifically Deny the Request and Should Therefore Be Deemed Admitted and DeWalt Should Be Sanctioned Accordingly.**

A response to admission must consist of either an admission or denial or a statement of why the party cannot admit or deny the matter. (Motion, Part A, citing FRCP 36(a).) A party in denying a request must also specifically deny any matter not admitted. (FRCP 36(a)(4).) The answer may not evade or sidestep the question request. (*Asea, Inc. v. Southern Pacific Transportation Company*, 669 F.2d 1242, 1245 (9th Cir. 1981).) Furthermore, and when the purpose and significance of request is reasonably clear, courts should not permit denials based on an overly technical reading of that request. (*U.S. ex rel Englund v. Los Angeles County*, 235 FRD 675, (E.D. Ca 2006)).

If, however, a party wants to admit in part and deny in part then they must say which part they admit and which part they deny. (FRCP 36(a)(4).) If a party fails to <u>specifically</u> deny a request for admission, then that matter should be deemed admitted. (*Bowles v. Batson*; 621 F.Supp. 839 (W.D.S.C. 1945), *affirmed*, 154 F.2d 556.)

Here, DeWalt failed to object any perceived ambiguity; failed to specifically deny the request; failed to admit in part or deny in part; and now confesses that it "admitted only part of the request." (Motion, Part A.) More cavalierly, DeWalt also claims that the response was a "non-

1  admission." (Motion, Introduction.) Looking at the response to the special interrogatories and
2  admissions in deposition testimony, DeWalt is engaged in what appears to be a kind of
3  gamesmanship with discovery by admitting here, denying there, and now telling this Court, we now
4  have no idea what we knew.

5  If DeWalt is now contending that it was in fact a non-admission or a partial admission
6  to what seemed to be a pretty straightforward response to both plaintiff and defendant at the time,
7  plaintiff requests this court sanction DeWalt for its gamesmanship and/or evasiveness in its
8  discovery responses. This court has inherent authority to impose such sanctions under FRCP 36(a).
9  Sanctions under this section include:

- That the request be deemed admitted for failure to respond; *Weiss v. National Westminister Bank, PLC,* 242 FRD 33, Eastern Dist. NY (2007); and
- The payment of the opposing party's attorneys' fees in proving this matter. (*Hause v. Giant of Maryland, LLC*, 232 FRD 257, Eastern Dist. of Vir. (2005).

### III.
### CONCLUSION

Plaintiff expended great time, effort and money in attempting to prove his case over the past two years. This included several motions the defendants would not stipulate to and then went unopposed motions to extend discovery. These were done so that plaintiff would have all the information necessary in order to properly present its case to this Court. It is only now that DeWalt is moving to amend what has long been presumed to be a conclusive fact and which plaintiff has relied on in its efforts to obtain discoverable information. DeWalt's current position also is in direct contradiction to the previous deposition testimony of its person most knowledgeable and in its discovery responses. Either DeWalt is not being straightforward in its previous discovery or it is not being straightforward now. Either way, DeWalt should not be rewarded for such actions. Plaintiff respectfully requests this court deny this request in its entirety and also award sanctions in favor of plaintiff in the form of having the matter deemed conclusively established and also for attorneys'

1  fees in having to expend the efforts necessary to oppose this motion.

2  DATED: February ____, 2010

3                                          BORTON PETRINI, LLP

6  By:_____
   James J. Braze, Jeffrey A. Travis, Attorney for Plaintiff,
   Roger McIntosh dba McIntosh & Associates