James J. Braze, Esq.; SBN 75911
Jeffrey A. Travis, Esq.; SBN 235507
BORTON PETRINI, LLP
5060 California Avenue, Suite 700
Post Office Box 2026
Bakersfield, CA 93303
Telephone (661) 322-3051
email: jbraze@bortonpetrini.com
email: jtravis@bortonpetrini.com

Attorneys for Plaintiff, Roger McIntosh dba McIntosh & Associates

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION

| | |
|---|---|
| ROGER McINTOSH,<br><br>            Plaintiff,<br><br>v.<br><br>NORTHERN CALIFORNIA UNIVERSAL ENTERPRISES COMPANY, a California corporation; LOTUS DEVELOPMENTS, LLP; THE CITY OF WASCO, a municipal corporation; DEWALT CM, INC., a California corporation also doing business as DEWALT CORPORATION; and DOES 1 through 10, inclusive<br><br>            Defendants. | Case No. 1:07-CV- 01080 LJO-GSA<br><br>PLAINTIFF'S OPPOSITION TO NORTHERN/LOTUS/DEWALT'S MOTION IN LIMINE NO. ONE (MOTION TO PRECLUDE EVIDENCE OF COPYING) |
| CITY OF WASCO,<br><br>            Cross-Complaint,<br><br>     vs.<br><br>NORTHERN CALIFORNIA UNIVERSAL ENTERPRISES COMPANY, INC.,<br><br>            Cross-Defendant. | |

/ / /

H:\PUBLIC\054493\060971 McIntosh v. Northern\Trial Prep\Motions In Limine\Northern\OPPOSITIONS\OPP TO NORTHERN MIL NO 1 EV OF COPYING.wpd

1

PLTFF'S OPP TO NORTHERN/LOTUS/DEWALT'S MIL#1 (MOTION TO PRECLUDE EVIDENCE OF COPYING)

1  / / /

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.

### INTRODUCTION

At trial, plaintiff intends to introduce the certificate of registration for the Valley Rose Estates Subdivision map and plans.  These were registered as technical drawings and which are clearly statutory subject matter as is established by statute, law, and the copyright office itself. Joining defendants file this motion based on the argument that because individual components are not separately copyrightable, therefore the entire technical drawing submitted by McIntosh should not be allowed to be introduced at trial. Defendants take the novel approach that if numerous components of a work are not copyrightable, then the whole must not be either.  This is completely unsupported by law and, in the end, is a question of fact for the jury.

Furthermore, this is not a motion in limine but a motion for summary judgment on the issue of originality of the copyrighted works.  The joining defendants are asking that this Court summarily adjudicate the issue of whether or not the technical drawings as submitted are statutory subject matter.  This was more appropriate for Rule 56(b) motion prior to the deadline for filing such motions and according to this court's previous scheduling order.

### II.

**THE JOINING DEFENDANTS' MOTION IMPROPERLY SEPARATES OUT THE VARIOUS ELEMENTS OF THE COPYRIGHTED TECHNICAL DRAWINGS IN AN ATTEMPT TO EXCLUDE THE ENTIRE WORK AT TRIAL.**

Plaintiff does not disagree with numerous cases cited by defendant.  For example, plaintiff does not disagree that numbers, in and of themselves, are not protected by copyright; Plaintiff also does not disagree that names, in and of themselves, are not protected by copyright; and finally, plaintiff does also not disagree that land boundaries are also, in and of themselves, not protected by copyright.  Yet, defendants are assuming that plaintiff is going to be introducing each

H:\PUBLIC\054493\060971 McIntosh v. Northern\Trial Prep\Motions In Limine\Northern\OPPOSITIONS\OPP TO NORTHERN MIL NO 1 EV OF COPYING.wpd

2

PLTFF'S OPP TO NORTHERN/LOTUS/DEWALT'S MIL#1 (MOTION TO PRECLUDE EVIDENCE OF COPYING)

1  of these separately as separately copyrightable elements at trial.  Plaintiff is introducing his entire
2  map and plans as a technical drawing.  The motion is off point and misapplies the law.
3        Plaintiff intends to submit the entirety of his copyrighted work as embodied in the
4  technical drawings.  It is clear that works that comprise various factual elements to create an original
5  technical drawing in the form of a tentative map and improvement plans are clearly copyrightable
6  even if those separate elements are not. (*Del Madera v. Rhodes and Gardner*; 820 F.2d 973, 976 (9th
7  Cir. 1987)) Using the joining defendants' logic, any technical drawing, or even any copyright for that
8  matter, would not be copyrightable because you could separately identify each of the non-
9  copyrightable elements to remove any protection under the Copyright Act.
10       It is clear under *Del Madera* technical drawings in the form of maps and plans, and
11 efforts in creating that map are statutory subject matter and protected by copyright. *Id., at 977*  This
12 is well established not only in this district, but in others across the country.  To attack the statutory
13 subject matter now during motion in limine is improper.

### III.

### CONCLUSION

16       For the above reasons, plaintiff respectfully requests that this court deny the joining
17 defendants Motion in Limine No. One to Preclude Evidence of Copying.

19 DATED:  February ___, 2010

20                                                        BORTON PETRINI, LLP

23                               By:  /s/ Jeffrey A. Travis
                                        Jeffrey A. Travis, Attorney for Plaintiff,
                                        Roger McIntosh dba McIntosh & Associates

H:\PUBLIC\054493\060971 McIntosh v. Northern\Trial Prep\Motions In Limine\Northern\OPPOSITIONS\OPP TO NORTHERN MIL NO 1 EV OF COPYING.wpd

3
PLTFF'S OPP TO NORTHERN/LOTUS/DEWALT'S MIL#1 (MOTION TO PRECLUDE EVIDENCE OF COPYING)