nr

James J. Braze, Esq.; SBN 75911
Jeffrey A. Travis, Esq.; SBN 235507
BORTON PETRINI, LLP
5060 California Avenue, Suite 700 (93309)
Post Office Box 2026
Bakersfield, CA 93303
Telephone (661) 322-3051
email: jbraze@bortonpetrini.com
email: jtravis@bortonpetrini.com

Attorneys for Plaintiff, Roger McIntosh dba McIntosh & Associates

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION

| | |
|---|---|
| ROGER McINTOSH,<br><br>        Plaintiff,<br><br>v.<br><br>NORTHERN CALIFORNIA UNIVERSAL ENTERPRISES COMPANY, a California corporation; LOTUS DEVELOPMENTS, LLP; THE CITY OF WASCO, a municipal corporation; DEWALT CM, INC., a California corporation also doing business as DEWALT CORPORATION; and DOES 1 through 10, inclusive<br><br>        Defendants. | Case No. 1:07-CV- 01080 LJO-GSA<br><br>OPPOSITION TO CITY OF WASCO'S JOINT MOTION IN LIMINE NO. 1 (EXCLUSION OF TESTIMONY OF JAMES K. DELMARTER) |
| CITY OF WASCO,<br><br>        Cross-Complaint,<br><br>vs.<br><br>NORTHERN CALIFORNIA UNIVERSAL ENTERPRISES COMPANY, INC.,<br><br>        Cross-Defendant. | |

/ / /

/ / /

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

### AN EXPERT TESTIMONY IS ADMISSIBLE TO ASSIST THE TRIER OF FACT IN UNDERSTANDING FACTUAL ISSUES OUTSIDE ITS EXPERTISE

An expert's testimony is relevant to assist the trier of fact in understanding the factual complexity surrounding a particular case. *Fed. Rules of Evidence 702*. So long as the expert has sufficient facts or data, is reliable, and has applied the principles and methods reliably to the facts of the case, an expert's testimony is appropriate. *Id*.

Here, the tentative mapping process is a complex one that is encompassed in California's Subdivision Map Act ("CSMA"). *Gov. Code, § 66410-66499.58* However, the mapping process is one that every developer and city must follow with few exceptions in order for homes to be built. *Id*. To be accepted by the municipality, a final map must be certified by a qualified engineer or surveyor who certifies that the final map "substantially conforms" to the tentative map. To "substantially conform" the final map must accurately show data sufficient to identify the intended purpose of the subdivision. *(Gov. Code*, § 66442(a); 57 Op.Atty.Gen. 239, 5-24-74; *Wasco Municipal Code*, 16.20.060, *Request for Judicial Notice, Exhibit "A"*.)

Here, one of the ultimate issues in whether or not a copyright has been infringed is whether or not a plaintiff can prove indirect evidence of infringement through the defendant having both access and that the allegedly infringing work is substantially similar to the copyrighted work. There is no hard and fast rule as to what substantially similar means.[1]

Plaintiff will not deny at trial that there are certain differences between the allegedly infringing work and the copyrighted works. However, the plaintiff will show that the infringing

---

[1] In fact, the Ninth Circuit modeled jury instructions on copyright completely removed this jury instruction because of the vast factual patterns that can emerge.

H:\PUBLIC\054493\060971
McIntosh v. Northern\Trial
Prep\Motions In
Limine\Wasco\OPPOSITION
S\OPP WASCO MIL 1.wpd

2

OPPOSITION TO CITY OF WASCO'S JOINT MOTION IN LIMINE NO. 1

1  6451 Maps contain critical, essential elements that needed to be in those maps to gain acceptance
2  by the City of Wasco. Plaintiff will use his expert, James K. Delmarter, to testify as to those
3  elements of the 6451 Map that needed to be there in order for the map to meet conditions for
4  approval. This expert will show how the critical conditions for each of the maps were contained in
5  the 6451 Map were also contained in the 5472 Map and Plans.

6  Wasco argues that "substantial conformity" as used by James K. Delmarter is not the
7  same thing as substantial similarity. We agree and, in fact, believe that is what makes
8  Mr. Delmarter's testimony especially useful to a jury because he is not testifying as to conclusion
9  of law but as to an engineering standard for the mapping which determines the critical elements of
10 those maps necessary for approval. Plaintiff will argue that this is why DeWalt's map had to be
11 "substantially similar" to plaintiff's map.

12 For all these reasons, Mr. DelMarter's testimony is also distinguishable from Wasco's
13 expert, Wong, who readily admits he will be testifying as to substantial similarity based on his,
14 admittedly, limited understanding of copyright law.

15 **II.**
**CONCLUSION**
16 For all these reasons, plaintiff respectfully requests this Court deny Wasco's Motion
17 in Limine No. 1.

18 DATED: February ____, 2010

19                                    BORTON PETRINI, LLP

20

21
                                      By:_____
22                                        Jeffrey A. Travis, Attorney for Plaintiff,
                                          Roger McIntosh dba McIntosh & Associates
23

24

25

26

27

28

H:\PUBLIC\054493\060971
McIntosh v. Northern\Trial
Prep\Motions In
Limine\Wasco\OPPOSITION
S\OPP WASCO MIL 1.wpd

3

OPPOSITION TO CITY OF WASCO'S JOINT MOTION IN LIMINE NO. 1