st

1  James J. Braze, Esq.; SBN 75911
Jeffrey A. Travis, Esq.; SBN 235507
2  BORTON PETRINI, LLP
5060 California Avenue, Suite 700
3  Post Office Box 2026
Bakersfield, CA 93303
4  Telephone (661) 322-3051
email: jbraze@bortonpetrini.com
5  email: jtravis@bortonpetrini.com

6  Attorneys for Plaintiff, Roger McIntosh dba McIntosh
& Associates

7

8                  UNITED STATES DISTRICT COURT

9        EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION

10

11  ROGER McINTOSH,                        Case No.  1:07-CV- 01080 LJO-GSA

12              Plaintiff,

13  v.                                     PLAINTIFF'S OPPOSITION TO CITY OF
                                            WASCO'S JOINT MOTION IN LIMINE
14  NORTHERN CALIFORNIA UNIVERSAL          NO. TWO (MOTION TO EXCLUDE
    ENTERPRISES COMPANY, a California      EVIDENCE OF DAMAGES
15  corporation; LOTUS DEVELOPMENTS,       UNRELATED TO INFRINGEMENT)
    LLP; THE CITY OF WASCO, a municipal
16  corporation; DEWALT CM, INC., a California
    corporation also doing business as DEWALT
17  CORPORATION; and DOES 1 through 10,
    inclusive
18
                Defendants.
19

20  CITY OF WASCO,

21              Cross-Complaint,

22          vs.

23  NORTHERN CALIFORNIA UNIVERSAL
    ENTERPRISES COMPANY, INC.,
24

25              Cross-Defendant.

26

27  / / /

28

H:\PUBLIC\054493\060971
McIntosh v. Northern\Trial
Prep\Motions In
Limine\Wasco\OPPOSITION
S\OPP WASCO MIL NO.
2.wpd

1   / / /

2

3   **MEMORANDUM OF POINTS AND AUTHORITIES**

4   **I.**

5   **BRIEF STATEMENT OF RELEVANT FACTS**

6         Plaintiff does not generally disagree with the summary of facts stated in the City of

7   Wasco's introduction.  However, Wasco confuses actual damages and their value with the separate

8   element of infringers profits, and also confuses plaintiff's intent at trial to introduce any evidence

9   related to his previous work.

10         To clarify, plaintiff will attempt to introduce evidence during the damages phase of

11   trial, if applicable, of what it cost plaintiff to create the tentative map and supporting documents,

12   which are currently protected by copyright.  Contrary to Wasco's summary, plaintiff is not intending

13   to introduce evidence of work that he was not compensated for, but does intend to introduce

14   evidence of what it cost him to create the tentative map and improvement plans and including the

15   efforts expended in creating those works.  This will establish the total value of the copyrighted

16   works.

17   **II.**

18   **ARGUMENT**

19

20   **A.   Plaintiff Is Entitled to Actual Damages and Any Infringer's Profits for the Infringement by Defendants of His Copyrighted Work.**

21         17 U.S.C. section 504(a) makes a distinction between two types of damages to which

22   a plaintiff is entitled should he prove copyright infringement.  The first of these is actual damages

23   or, the fair market value, of his copyrighted work.  On this point, plaintiff agrees with the City of

24   Wasco and its citation to *On Davis v. The Gap, Inc.* 246 Federal.3d. 152, 166 (2nd Cir. 2001).

25   Plaintiff disagrees, however, with Wasco's attempt to mitigate that fair market value by pointing to

26   a dissimilar case that argues for a reduced version of that value when certain plans are used "as

27   revised for use" in a second project.  *Aitken Hazen Hoffman Miller PC v. Empire Construction*

28

H:\PUBLIC\054493\060971
McIntosh v. Northern\Trial
Prep\Motions In
Limine\Wasco\OPPOSITION
S\OPP WASCO MIL NO.
2.wpd

2

PLTF'S OPP TO WASCO'S JOINT MOTION IN LIMINE #2 (MOT TO EXCLUDE EVID OF DAMAGES UNRELATED TO INFRINGEMENT)

1    *Company* 542 Fed.Supp.252, 264 (Dist. Neb. 1982) (as is cited in Wasco's Memorandum II.B.1).

2            The problem with this analysis and which is factually distinguishable from Wasco's

3    review of this particular case is that in *Aitken*, the project had already been done, and the fees had

4    already been paid, and therefore, the court determined that you could not take all the monies that

5    were paid to determine the fair market value of the new project.  This is different here since plaintiff

6    will argue that the value of the project is exactly what the original project intended.  This is

7    established by looking at what was actually intended to be paid by the original developer.  This has

8    nothing to do with what may or may not have been paid, but had to do with what the actual value of

9    the plans were for that particular subdivision.

10           In this particular case, plaintiff will attempt to show that the fair market value was

11   the total cost for construction as originally intended.  This is shown by submitting evidence of the

12   actual invoices and receipts and total cost for what plaintiff expended in creating the original map

13   and improvement plans.  In fact, these are not revised plans at all, but the original plans for the

14   original project.  If McIntosh were to submit these for another subdivision, then *Aitken* might be

15   applicable, but in this case, it is not.

16           Further, Wasco's motion only argues for a way to discount plaintiff's work, not for

17   its total exclusion.  This has nothing to do with irrelevant or prejudicial evidence, in fact, the fair

18   market value as determined by the original amount intended to be paid is the most probative type of

19   evidence needed to determine what the actual damage is for plaintiff.

20           Therefore, plaintiff would respectfully request that this court deny City of Wasco and

21   the defendants' motion to exclude evidence related to the value of McIntosh's copyrighted works

22   as originally paid as a determination of fair market value.

23
     **B.    RESPONSE TO WASCO'S MOTION TO EXCLUDE EVIDENCE RELATED TO**
24   **       PROFITS.**

25           Wasco confuses the standards for infringers profits and actual damages.  Evidence

26   related to the original value of the 5472 map and plans is unrelated to infringer's profits.  Wasco also

27   argues that any profits must be the result of the alleged infringement of the tentative map and

28

H:\PUBLIC\054493\060971
McIntosh v. Northern\Trial
Prep\Motions In
Limine\Wasco\OPPOSITION
S\OPP WASCO MIL NO.
2.wpd

3

PLTF'S OPP TO WASCO'S JOINT MOTION IN LIMINE #2 (MOT TO EXCLUDE EVID OF DAMAGES UNRELATED TO INFRINGEMENT)

1  improvement plans, and that plaintiff has failed to produce any evidence establishing a causal link

2  between profits and infringement.  It is unclear what exactly Wasco is referring to and if this is a

3  conclusion or summary of what it presented in Wasco's Motion in Limine No. 5, then plaintiff refers

4  this court to his opposition to that motion.

### III.

### CONCLUSION

7          For the above reasons, plaintiff requests that this court deny City of Wasco's Motion

8  in Limine No. 2 to exclude evidence of actual damages.

9  DATED:   February ___, 2010

10                             BORTON PETRINI, LLP

12                      By:_____/s/ Jeffrey A. Travis_____

13                          Jeffrey A. Travis, Attorney for Plaintiff,
                            Roger McIntosh dba McIntosh & Associates

H:\PUBLIC\054493\060971
McIntosh v. Northern\Trial
Prep\Motions In
Limine\Wasco\OPPOSITION
S\OPP WASCO MIL NO.
2.wpd

4

PLTF'S OPP TO WASCO'S JOINT MOTION IN LIMINE #2 (MOT TO EXCLUDE EVID OF DAMAGES UNRELATED TO INFRINGEMENT)