lj

James J. Braze, Esq.; SBN 75911
Jeffrey A. Travis, Esq.; SBN 235507
BORTON PETRINI, LLP
5060 California Avenue, Suite 700
Post Office Box 2026
Bakersfield, CA 93303
Telephone (661) 322-3051
email: jbraze@bortonpetrini.com
email: jtravis@bortonpetrini.com

Attorneys for Plaintiff, Roger McIntosh dba McIntosh & Associates

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION

| | |
|---|---|
| ROGER McINTOSH,<br><br>    Plaintiff,<br><br>v.<br><br>NORTHERN CALIFORNIA UNIVERSAL ENTERPRISES COMPANY, a California corporation; LOTUS DEVELOPMENTS, LLP; THE CITY OF WASCO, a municipal corporation; DEWALT CM, INC., a California corporation also doing business as DEWALT CORPORATION; and DOES 1 through 10, inclusive<br><br>    Defendants. | Case No. 1:07-CV- 01080 LJO-GSA<br><br>PLAINTIFF'S OPPOSITION TO WASCO'S MOTION IN LIMINE NO. 3 (MOTION TO EXCLUDE INFRINGEMENT AS TO IMPROVEMENT PLANS) |
| CITY OF WASCO,<br><br>    Cross-Complaint,<br><br>vs.<br><br>NORTHERN CALIFORNIA UNIVERSAL ENTERPRISES COMPANY, INC.,<br><br>    Cross-Defendant. | |

/ / /

/ / /

# MEMORANDUM OF POINTS AND AUTHORITIES

## I

## BRIEF STATEMENT OF THE LAW

Copyrights are distinguishable from patents or trademarks. For copyrights, a copyright in the work inheres in all works from the moment of fixation in any tangible medium of expression. (17 U.S.C. 101; 3 Nimmer on Copyright, § 9.10[A][1][b] (2006).)

A work is fixed when its embodiment in a copy is sufficiently permanent to permit it to be perceived, reproduced or otherwise communicated for a period of more than transitory duration. (*Ibid.*) This fixation and a tangible medium of expression and in which a copyright inheres to every single author of that mode of expression at the moment that work is created. (See e.g., Copyright Circular No. 46 "Copyright Registration for Works of the Visual Arts, Copyright Protection is Automatic" attached to Travis Declaration as Exhibit "A")

Whereas patents and copyrights undergo rigorous examination by the United States Patent and Trademark Office in order for a right in either of these two properties to be established, this is not true for copyrights. Rather, copyrights are only rudimentarily reviewed by the Copyright Office and then given a certificate of registration. There is no substantive examination for copyrights at the Copyright Office. This is why it is well-established that immaterial or inadvertent errors in an application for copyright registration do not jeopardize the validity of that registration. (See *Masquerade Novelty, Inc. v. Unique Industries, Inc.* 912 F.2d 663, 667-668, n. 5 (3d Cir. 1990); *Whimsicality, Inc. v. Rubies Casting Co.* 891 F.2d 452, 456 (2d. Cir. 1989) citing *Eckes v. Card Prices Update* 736 F.2d 859, 861-862 (2d. Cir. 1984); *Harris v. Emus Records Corp.* 734 F.2d 1329-1335 (9th Cir. 1984); *Original Appalachian Artworks, Inc. v. Toy Loft, Inc.* 684 F.2d 821, 828 (11th Cir. 1982); and *2* Nimmer § 7.20 at 7-201 (A misstatement or clerical error in the registration application if unaccompanied by fraud will not invalidate the copyright or render the registration certificate incapable of supporting an infringement action). In general, an error is immaterial in a copyright registration if its discovery is not likely to have led the Copyright Office to refuse the application. (See *Eckes*, 736 F.2d p. 861-862; and *Data General Corp. v. Gruman* 36 F.3d 1147,

(D. Mass. 1994).)

Ultimately, the validity of a copyright is a question of fact and a certificate of registration offers a presumption of a prima facie proof of the validity of copyright. *(Lamps Plus, Inc. v. Seattle Lighting Fixture Co.*, 345 F.3d 1140, 1144-45 (9th Cir. 2003) It is then up to the defendant to submit evidence to overcome that prima facie case. *Id.*

## II

## ARGUMENT

**A.   AN INADVERTENT ERROR IN THE YEAR OF COMPLETION OF A COPYRIGHT DOES NOT INVALIDATE A COPYRIGHT REGISTRATION**

Wasco's motion argues that because there is a year on the improvement plans different from the date of completion on the certificate of registration, this is *per se* proof of invalidity of a copyright.  There is absolutely no legal support for such a notion and is contrary to the authorities cited above.

Here, the Copyright examined and sent in was for "Land Planning Drawings and Landscape Design" for the Valley Rose Planned Community.  The Copyright Office did not refuse this application and plaintiff will present testimony supporting this application.

Further, the case Wasco cites, *Kodadek v. MTV Networks* is a case based on the jurisdictional affects of the registration and that a certificate of registration is only necessary to bring a suit based on that copyright claim. (See *Kodadek v. MTV Networks* 152 F.3d 1209, 1211 (9th Cir. 1998).)  As Wasco correctly points out, a copyright registration is a jurisdictional prerequisite yet nowhere do they show that because a year on a copyright registration is different that what is on the work justifies the notion that this Court has no jurisdiction over this matter.

Furthermore, all parties to this action have, through every answer and even in the joint pretrial orders and statements submitted by Wasco and all other parties have conceded this Court does have jurisdiction.

If defendants have evidence to rebut the prima facie case that will be presented by plaintiff, then that is certainly their right to do so.  Then, and if that evidence is sufficient to rebut

plaintiff's copyrighted case, and any witnesses presented by plaintiff, then the jury can make the determination of whether or not that copyright registration is valid. However, that issue is for a jury to decide and is not an appropriate subject for a motion in limine.

## B. MCINTOSH'S IMPROVEMENT PLANS AS TECHNICAL DRAWINGS ARE PROTECTED BY COPYRIGHT

Each Copyright Office certificate of registration includes, as protected works, technical drawings. (See, Certificate of Registration attached to Third Amended Complaint) Further, the Copyright Office clearly indicates that technical drawings are appropriate subject matter for copyright. (Travis Decl., Exh. "A") Courts have also consistently held that such works are appropriate subject matter for copyright protection. (*Del Madera Properties v. Rhodes & Gardner, Inc.* 820 F.2d 973, 976-977. (9th Cir. 1987)) As stated in *Del Madera*, 17 U.S.C. 101 includes technical drawings as part of the list of protected works. (*Ibid.* at p. 976.) As explained in *John G. Danielson, Inc. v. Winchester-Conant Properties, Inc.* explained that this was clearly within the Legislative intent as understood by many courts following the Copyright Act of 1976. (*John G. Danielson*, 186 F.Supp. 2d 1 (D. Mass. 2002) 9, 10.) (See also, *Sullivan Associates, Inc. v. Deloots, Inc.* (1997) WL 778976 E.D. Pa.; *Guillot Vogt Associcates, Inc. v. Holly & Smith* 848 F.Supp. 682, 686 (E.D. La. 1994); and *Schuchart & Assoc. v. Solo Serve Corp.* 540 F.Supp. 928, 943 (W.D. Tex. 1982).)

Wasco argues to the contrary and that the technical drawings as submitted by McIntosh are not protected by copyright under the "useful article" exception. Wasco fundamentally misapplies and does not understand this exception as it relates to technical drawings and copyrights.

The useful article exception deals with the problem of when a copyright holder wants to protect a 3-dimensional object with a utilitarian function and based on a copyrighted work. The classic example is that of a copyright holder wanting to protect the shape of a lamp as applied to a lamp as a useful article. Courts have said that a copyright holder cannot prevent others from making lamps of that shape although a copyright holder could protect a unique design on that lamp since it is ornamental and can be separated from that article. (See, 2 Nimmer on Copyright §2.18[A] 2-200

(2006)) This exception deals with the intersection of copyrights and design patents and there has been much case law on this subject going back and forth on how much protection to give useful articles under copyright law. (*See, Baker v. Selden*, 101 U.S. 99 (1879))

Simply, the useful articles exception is inapplicable to the technical drawings that form the basis for McIntosh's claims.

Still, even recent case law in this Circuit on this subject does recognize certain protection for useful articles despite their limited protection. (See, *Harper House, Inc. v. Thomas Nelson, Inc.*, concedes that a copyrightable compilation can consist mainly or entirely of elements which might be separately uncopyrightable. (*Harper House, Inc. v. Thomas Nelson, Inc.* 889 F.2d 197, 204-205.)

## C. PLAINTIFF WILL ESTABLISH A CASE OF INFRINGEMENT AS TO THE IMPROVEMENT PLANS

Wasco, in its motion in limine, is arguing for a case of non-infringement based on lack of similarity (Motion, II.D) This issue was dealt with in Wasco's previous motion for summary judgment in which this Court denied judgment finding sufficient factual disputes to proceed to trial on this issue.

Wasco's argument is also confusing. The caption states that plaintiff cannot make a case for infringement based on copying and yet argue, in effect, a type of affirmative defense constituting allowable use (e.g., license or a license, for sale) by defendant with McIntosh's permission. Wasco then goes on to make the conclusion that plaintiff has failed to produce any admissible evidence of copying.

At its highest level, this is not a motion in limine, but is effectively a disguised summary judgment motion intending to argue the merits of infringement. Plaintiff should not be required to argue summarily against the types of non-infringement claims set forth by Wasco in this particular motion. To rebut this motion, plaintiff will effectively have to submit its entire case to demonstrate that there was infringement. None of the evidence that Wasco's alludes to is ever even

5
PLAINTIFF'S OPPOSITION TO WASCO'S MOTION IN LIMINE NO. 3

H:\PUBLIC\054493\060971 McIntosh v. Northern\Trial Prep\Motions In Limine\Wasco\OPPOSITIONS\OPP TO WASCO MIL NO. 3.wpd

argued to be irrelevant only that Plaintiff's evidence is deficient to prove his case.

Plaintiff will present evidence and testimony that Wasco did require improvement plans and which were plaintiff's; that Northern/Lotus' principal requested and obtained copies of the improvement plans as did DeWalt. None of this evidence should be excluded because it is all highly relevant and probative to the claims alleged in plaintiff's complaint.

As to the issue raised by Wasco's point in Motion in Limine No. 3,II.D.2, that copying of facts is not an infringement, the whole issue is also not appropriate for this motion. Wasco seems to be arguing that because all the items necessary to create the map were on the ground, or at least most of them, this is not infringement.

First, this is a subject of dispute because the point assumes that all DeWalt did was copy items that were on the ground. This is simply not true and plaintiff will submit testimony in evidence and even admissions by DeWalt that this was not all that occurred. Plaintiff should be able to set forth this evidence in order to present his case. Furthermore, Wasco's argument that DeWalt had to make the 6451 map look like what was already on the ground and which was a reflection of the 5472 map, sort of underscores the fact that there was actually infringement of a substantially similar map. It should be pointed out that a copyright exists in any work that is in a fixed tangible medium of expression. (17 U.S.C. 101.) Therefore, it is an arguable point that even if everything DeWalt says is true, this would still constitute copyright infringement because McIntosh's work was reflected on the ground. As a separate point of law, plaintiff will bring a motion for directed verdict at the close of trial if DeWalt assumes this as their sole position at trial.

### III

**WASCO'S MOTION IS AN ABUSE OF THE PRETRIAL MOTION STAGE BY UNNECESSARILY BRINGING SUMMARY JUDGMENT ISSUES**

In its motion, Wasco wants this Court to summarily judge issues relating to originality, validity of the certificate of registration, issues of non-infringement, and issues relating

to statutory subject matter of improvement plans. Although Wasco presents this motion as means of excluding irrelevant or unduly prejudicial evidence, Wasco never explains how any of these issues relate to irrelevant evidence or, evidence that is unduly prejudicial to defendants.

Sorting through this motion and also others presented by Wasco and the other defendants, and rehashing issues that have already been determined or should have been determined by separate motions under Rule 56(b), consumes valuable time and plaintiff believes is an abuse of the pretrial motion process. (*See, Kelly v. New West Federal Savings*, 49 Cal.App.4th 659, 671 (2d Dist. 1996) For this reason, plaintiff would request that the Court sanction Wasco in the form of attorneys' fees for plaintiff having to submit substantive arguments in defense of its case at this stage of the litigation.

## IV
## CONCLUSION

For the foregoing reasons, plaintiff respectfully requests this Court deny Wasco's Motion in Limine No. 3.

DATED: February ____, 2010

BORTON PETRINI, LLP

By:_____
Jeffrey A. Travis, Attorney for Plaintiff,
Roger McIntosh dba McIntosh & Associates