James J. Braze, Esq.; SBN 75911
Jeffrey A. Travis, Esq.; SBN 235507
BORTON PETRINI, LLP
5060 California Avenue, Suite 700
Post Office Box 2026
Bakersfield, CA 93303
Telephone (661) 322-3051
email: jbraze@bortonpetrini.com
email: jtravis@bortonpetrini.com

Attorneys for Plaintiff, Roger McIntosh dba McIntosh & Associates

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION

| | |
|---|---|
| ROGER McINTOSH,<br><br>  Plaintiff,<br><br>v.<br><br>NORTHERN CALIFORNIA UNIVERSAL ENTERPRISES COMPANY, a California corporation; LOTUS DEVELOPMENTS, LLP; THE CITY OF WASCO, a municipal corporation; DEWALT CM, INC., a California corporation also doing business as DEWALT CORPORATION; and DOES 1 through 10, inclusive<br><br>  Defendants. | Case No. 1:07-CV- 01080 LJO-GSA<br><br>PLAINTIFF'S OPPOSITION TO WASCO'S MOTION IN LIMINE NO. FOUR (MOTION TO PRECLUDE EVIDENCE OF ATTORNEY'S FEES) |
| CITY OF WASCO,<br><br>  Cross-Complaint,<br><br>vs.<br><br>NORTHERN CALIFORNIA UNIVERSAL ENTERPRISES COMPANY, INC.,<br><br>  Cross-Defendant. | |

/ / /

///

# MEMORANDUM OF POINTS AND AUTHORITY

## I.

## ARGUMENT

**A. Plaintiff Does Not Dispute That He Is Not Entitled to Attorney's Fees under 17 USC Section 505.**

In general, plaintiff does not dispute that the work is unpublished and that he did not register his work until February of 2007 and after defendants created infringing copies of the 6451 maps and of the improvement plans. It is expected that defendants will likely argue that any later acts of infringement constituted a single occurrence that resulted from the original act of copyright infringement. Unless the evidence at trial is substantially different than what has been discovered during the discovery phase, plaintiff will not dispute this either. Therefore, and as it relates to 17 USC section 505, plaintiff does not believe attorney's fees under this statute or statutory damages will be relevant.

However, plaintiff does dispute that the work was actually published as Wasco argues in its motion. Whether or not the work is published or unpublished has already been adjudicated summarily by this court and determined the work was unpublished. Plaintiff will not re-argue that point here.

Finally, and although plaintiff does not expect to be seeking attorney's fees pursuant to §505, plaintiff will, if successful at the liability phase of trial, seek attorney's fees pursuant to Rule 37(c)(2) of the Federal Rules of Civil Procedure. This provision states that "if a party fails to admit what is requested under Rule 36, and if the requesting party later proves a document to be genuine or the matter true, the requesting party may move that the party who failed to admit pay the reasonable expenses including attorney's fees in making that prove." (*FRCP 37 C2*)

**B. Evidence Relating to Attorney's Fees**

Plaintiff does not believe that any party should be submitting evidence of attorney's fees at this point since this is more appropriate for a post judgment motion based on the jury's

verdict.

/ / /

/ / /

## II.

## CONCLUSION

For the above reasons, plaintiff respectfully requests that this court reserve judgment until after any issues of liability have been established to determine appropriate attorney's fees, if any.

DATED:  February ___, 2010

                      BORTON PETRINI, LLP


By:_____
      Jeffrey A. Travis, Attorney for Plaintiff,
      Roger McIntosh dba McIntosh & Associates