nr

1   James J. Braze, Esq.; SBN 75911
    Jeffrey A. Travis, Esq.; SBN 235507
2   BORTON PETRINI, LLP
    5060 California Avenue, Suite 700 (93309)
3   Post Office Box 2026
    Bakersfield, CA 93303
4   Telephone (661) 322-3051
    email: jbraze@bortonpetrini.com
5   email: jtravis@bortonpetrini.com

6   Attorneys for Plaintiff, Roger McIntosh dba McIntosh
    & Associates

7

8                      UNITED STATES DISTRICT COURT

9            EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION

10

11   ROGER McINTOSH,                          Case No.  1:07-CV- 01080 LJO-GSA

12                    Plaintiff,              PLAINTIFF'S OPPOSITION TO
                                              WASCO'S MOTION IN LIMINE NO. 5
13   v.                                       (EXCLUSION OF TESTIMONY AND/OR
                                              EVIDENCE RELATED TO WASCO'S
14   NORTHERN CALIFORNIA UNIVERSAL            COLLECTION OF IMPACT FEES)
     ENTERPRISES COMPANY, a California
15   corporation; LOTUS DEVELOPMENTS,
     LLP; THE CITY OF WASCO, a municipal
16   corporation; DEWALT CM, INC., a California
     corporation also doing business as DEWALT
17   CORPORATION; and DOES 1 through 10,
     inclusive
18
                     Defendants.
19

20   CITY OF WASCO,

21                    Cross-Complaint,

22           vs.

23   NORTHERN CALIFORNIA UNIVERSAL
     ENTERPRISES COMPANY, INC.,
24

25                    Cross-Defendant.

26

27   / / /

28

H:\PUBLIC\054493\060971
McIntosh v. Northern\Trial
Prep\Motions In
Limine\Wasco\OPPOSITION
S\OPP WASCO MIL 5.wpd

1

PLAINTIFF'S OPPOSITION TO WASCO'S MOTION IN LIMINE NO. 5

/ / /

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## INTRODUCTION

The City of Wasco makes the novel argument and unsupported by any legal authority or statute that because they are a city and the way that way they draw revenue is to collect fees, that they cannot be held liable for infringer's profits under 17 U.S.C. § 504.  Under that statute, <u>any</u> infringer is potentially liable for profits made from the infringing activity.  There is no exception carved out in statute or law that a municipal agency or any public entity is somehow immunized from paying infringer's profits.

Further, the City was not able to collect these fees unless they were able to sell lots and this was only accomplished through the approval of a final map.  This nexus between the sale of lots and Wasco's fees will go virtually unrefuted during trial.  At the very least, this is an issue of fact for the jury to determine whether such a causal nexus exists.

## II.

## LEGAL STANDARD

Whether or not a plaintiff is entitled to certain profits from an infringing defendant is a matter for the jury. (*Sid and Marty Krofft Television Productions, Inc. v. McDonalds Corp*, 562 F.2d 1157 (9th Cir. 1977); see also, *Feltner v. Columbia Pictures Television, Inc.*, 523 U.S. 340 (1998).

The Copyright Act provides in part that a copyright owner is entitled to recover:

> "Any profits of the infringer that are attributable to the infringement and are not taken into account in computing the actual damages.  In establishing the infringer's profits, the copyright owner is required to present proof only of the infringer's gross revenue, and the infringer is required to prove his or her deductible expenses and the elements of profit attributable to factors other than the copyrighted work." (17 U.S. § 504(b).)

So far, the only immunity given to any entity against copyright claims are against Indian tribes. (See *Bassett v. Mashantucket Pequot Tribe*, 204 F.3d 343, 357 (2nd Cir. 2000).) Even

H:\PUBLIC\054493\060971
McIntosh v. Northern\Trial
Prep\Motions In
Limine\Wasco\OPPOSITION
S\OPP WASCO MIL 5.wpd

2

PLAINTIFF'S OPPOSITION TO WASCO'S MOTION IN LIMINE NO. 5

1 the federal government can be sued under the Copyright Act.  (See *Turnton v. United States*, 212

2 F.2d 354 (6th Cir. 1954); *Pennsylvania v. Union Gas Company*, 491 U.S. 1 (1989) (holding that

3 states could also be liable for infringement under the Copyright Act).)   There is no statutory

4 provision that provides any exception to being sued under the Copyright Act or being immune from

5 any of the various statutes that surround the Copyright Act.  This includes immunity by any entity

6 as to infringer's profits under section 504.

7 Infringer's profits are the burden of the plaintiff to show gross revenue by the

8 infringing defendant and a causal nexus between the infringement and those revenues.  (*Polar Bear

9 Productions, Inc. v. Timex Corp.*, 384 F.3d 700, 711, 714, Note 10 (9th Cir. 2004).)  Profits can be

10 shown through indirect connection or link to infringement by the plaintiff establishing that causal

11 relationship.  (*Ibid.*)  The proof necessary for such a nexus is such that the plaintiff "must proffer

12 some evidence that the infringement at least partially caused the profits that the infringer generated

13 as a result of the infringement.  (*Ibid* at 711.)

14 **III.**

15 **ARGUMENT**

16 **A.    A Municipal Entity Is as Liable "For Profits" as Is Any Other Defendant under the**
**Copyright Act.**

17

18 The Copyright Act makes no distinction between municipal entities, private

19 companies, individuals, or even state and federal governments regarding liability for infringement.

20 In fact, the only known exception is that of Indian tribes.  If, therefore, municipal entities like the

21 City of Wasco are equally liable for any alleged infringement, then they are equally liable for any

22 gross revenues they receive as a result of that infringement and provided the plaintiff can establish

23 a nexus between infringing activity and those revenues.

24 Wasco cites to *On Davis v. The Gap, Inc.* in an attempt to show that profits mean

25 something other than what the City of Wasco received in its capacacity as a municipal entity.  As

26 Wasco points out, profits means "revenues generated in excess of costs."  Wasco does not deny that

27 it obtains revenues from impact and other fees collected from the developers and taxes received from

28

H:\PUBLIC\054493\060971
McIntosh v. Northern\Trial
Prep\Motions In
Limine\Wasco\OPPOSITION
S\OPP WASCO MIL 5.wpd

1  homeowners, it just asserts that those are different than profits that a non-public entity would receive.

2          Looking closer at Wasco's analysis of *On Davis* reveals a point that is directly

3  contrary to Wasco's argument.  Wasco states that "profits mean revenues generated in excess of

4  costs."  Thereafter, they attempt to distinguish between profits and fees because the fees in Wasco's

5  opinion are only those which are allowed to be reimbursed to the City for actual or projected costs.

6  Yet, and later on in its motion, the City tacitly admits that fees act very much like profits. For

7  example, if the court looks to Part II.B, page 6, lines 14-18, Wasco admits that often times there are

8  unexpected funds remaining from the collection of those fees.  In a sense, Wasco is acting like a

9  corporate structure with its citizens as shareholders.  Functionally, there is no difference.

10          Wasco also attempts to rely on Mr. McIntosh's lay experience to establish their case.

11  They cite to an objected question to Mr. McIntosh during his deposition which asks for his legal

12  opinion of whether or not impact fees are profits.  What Mr. McIntosh may or may not have believed

13  were profits is a legal conclusion and irrelevant to the analysis set forth by both parties here.

14  Furthermore, and in response to Wasco's argument that because a city ordinance requires particular

15  fees to be expended in a particular fashion does not necessarily take them out of the running as

16  profits within the meaning of the Copyright Act.  This is simply a device within Wasco to determine

17  where those funds shall be spent.  Whether it be a private corporation for profit, a non-profit

18  corporation, or even a municipal entity, all of these are equally liable for the same types of fees as

19  every other.

20          We do agree with Wasco, however, in pointing out the case of *Associated Residential*

21  *Design, LLC v. Molotky* because it is instructive for this court and also for a jury to determine that

22  profit is not just monies received in excess of any deductible expenses but could even be <u>any value</u>

23  <u>including equity in a home that is retained by an infringer as a result of their infringing activity</u>.  This

24  will be important when looking at, for example, Northern/Lotus' equity in their currently unsold

25  homes and also their current lots which do not have homes on it but which have a value in and of

26  themselves and insofar as homes could later be sold on those lots.  (*See, Associated Residential*

27  *Design, LLC v. Molotky*, 226 F.Supp.2d 1251, 1256, Dist. of NV (2002))

28

H:\PUBLIC\054493\060971
McIntosh v. Northern\Trial
Prep\Motions In
Limine\Wasco\OPPOSITION
S\OPP WASCO MIL 5.wpd

4

PLAINTIFF'S OPPOSITION TO WASCO'S MOTION IN LIMINE NO. 5

1    Finally, the City claims it has gained no value from infringing the copyrighted works.

2 Plaintiff disagrees and will submit evidence to the contrary.

3    For this reason, plaintiff requests that this court deny Wasco's motion to exclude

4 evidence of any impact fees related to the Valley Rose Estates.

5 **B.    Wasco Would Be Unable to Collect Any Fees Without the Final Map Allowing Northern to Sell Lots.**

6

7    Plaintiff will submit at trial evidence that both Northern and Wasco needed each

8 other's contribution to the infringement in order to mutually benefit from the development of the

9 Valley Rose Estates. Northern/Lotus needed Wasco's approval of the final map to sell homes, and

10 Wasco needed Northern/Lotus' contribution in the final map and sale of homes in order to obtain

11 impact fees.  This was critically important for this particular development because of the long history

12 of litigation, lack of development, and its location at the heart of Wasco near its golf course which

13 spurred both parties to expedite development as quickly as possible.  Plaintiff will submit evidence

14 that without each of each other's approval and activity neither could benefit.

15    Wasco argues in depth about the lack of causal connection between the infringing

16 activity and the impact fees.  They spend a lot of time explaining to the court how the calculation of

17 those fees were established yet fail to affirmatively declare to this court that without a final map and

18 the sale of homes, they would not be able to collect those fees regardless of how those fees were

19 calculated.  Contrary to what Wasco asserts without authority, fees could not be collected without

20 approval of a final map so that homes could be developed.

21    Finally, in Part 11.B.2, Wasco tries argues that the difference between profits related

22 to direct infringement are unrelated to profits related to vicarious infringement.  This is novel

23 argument and was made without authority that somehow if an infringer is vicariously or

24 contributorily liable then they would not be liable to profits if direct infringement should be found.

25 Neither statute nor law makes such a distinction.  Plaintiff requests that this court deny Wasco's

26 motion to exclude evidence of impact fees.  Plaintiff contends that any such determination of

27 whether or not there is a causal connection between the infringing activity and any fees collected is

28

H:\PUBLIC\054493\060971
McIntosh v. Northern\Trial
Prep\Motions In
Limine\Wasco\OPPOSITION
S\OPP WASCO MIL 5.wpd

5

PLAINTIFF'S OPPOSITION TO WASCO'S MOTION IN LIMINE NO. 5

1   a matter for the jury to decide and for which an appropriate jury instruction is readily available from

2   the Ninth Circuit's Model Jury Instructions.

3   ///

4   ///

5                                              IV.

6                                         **CONCLUSION**

7              Based upon the foregoing, plaintiff Roger McIntosh respectfully requests this court

8   deny Wasco's Motion in Limine No. 5 to Exclude Evidence of Impact Fees

9   DATED:   February _____, 2010

10                              BORTON PETRINI, LLP

11

12                              By:_____

13                                 James J. Braze, Jeffrey A. Travis, Attorney for Plaintiff,
                                   Roger McIntosh dba McIntosh & Associates

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

H:\PUBLIC\054493\060971
McIntosh v. Northern\Trial
Prep\Motions In
Limine\Wasco\OPPOSITION
S\OPP WASCO MIL 5.wpd

6

PLAINTIFF'S OPPOSITION TO WASCO'S MOTION IN LIMINE NO. 5