James J. Braze, Esq.; SBN 75911
Jeffrey A. Travis, Esq.; SBN 235507
BORTON PETRINI, LLP
5060 California Avenue, Suite 700
Post Office Box 2026
Bakersfield, CA 93303
Telephone (661) 322-3051
email: jbraze@bortonpetrini.com
email: jtravis@bortonpetrini.com

Attorneys for Plaintiff, Roger McIntosh dba McIntosh & Associates

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION

| | |
|---|---|
| ROGER McINTOSH,<br><br>    Plaintiff,<br><br>v.<br><br>NORTHERN CALIFORNIA UNIVERSAL ENTERPRISES COMPANY, a California corporation; LOTUS DEVELOPMENTS, LLP; THE CITY OF WASCO, a municipal corporation; DEWALT CM, INC., a California corporation also doing business as DEWALT CORPORATION; and DOES 1 through 10, inclusive<br><br>    Defendants. | Case No.  1:07-CV- 01080 LJO-GSA<br><br>PLAINTIFF'S OPPOSITION TO WASCO'S MOTION IN LIMINE NO. 6 (EXCLUSION OF TESTIMONY RELATING TO NON-COPYRIGHTABLE ASPECTS OF COPYRIGHTED WORKS) |
| CITY OF WASCO,<br><br>    Cross-Complaint,<br><br>vs.<br><br>NORTHERN CALIFORNIA UNIVERSAL ENTERPRISES COMPANY, INC.,<br><br>    Cross-Defendant. | |

/ / /

H:\PUBLIC\054493\060971 McIntosh v. Northern\Trial Prep\Motions In Limine\Wasco\OPPOSITIONS\OPP TO WASCO MOL NO. 6 SUB SIMILARITY.wpd

1

PLAINTIFF'S OPPOSITION TO WASCO'S MOTION IN LIMINE NO. 6

/ / /

# MEMORANDUM OF POINTS AND AUTHORITIES

## I

## INTRODUCTION

In general, plaintiff objects to this motion in that is not the proper subject for a motion in limine. Certainly, McIntosh' copyrighted works are relevant to the allegations of the complaint. In fact, they are not only relevant, they form the basis of the complaint and are highly probative of the infringing activity alleged therein. Therefore, plaintiff vehemently objects to this motion in that it is another disguised motion for summary judgment on the issue of substantial similarity and which has already been adjudicated.

## II

## ARGUMENT

**A. PLAINTIFF SHOULD BE ALLOWED TO PRESENT TO THE JURY HIS COPYRIGHTED WORKS RELATIVE TO THE INFRINGING WORKS IN ORDER TO BE ABLE TO PROVE INFRINGEMENT**

Wasco wants to remove the plaintiff's ability to present his case by declaring that the copyrighted works are irrelevant to this action. Wasco makes the novel argument that because in their legal opinion, the two works are not substantially similar, plaintiff should not be allowed to present his case.

Wasco explores in great detail the legal standard for whether or not elements of the work that are original are copied, but then goes on to separate out individually the components of McIntosh's work to come to the conclusion that because Wasco can identify elements that <u>standing alone</u> are not copyrightable, plaintiff should not be allowed to submit this to the jury. In their opinion, this makes the entirety of McIntosh's works irrelevant. In effect, Wasco asks this Court to summarily judge the issue of substantial similarity

Rather than addressing Wasco's argument point by point which would require substantial briefing and which has already been done in his opposition to Wasco's motion for summary judgment on substantial similarity, plaintiff stands on his previously filed oppositions to

H:\PUBLIC\054493\060971 McIntosh v. Northern\Trial Prep\Motions In Limine\Wasco\OPPOSITIONS\OPP TO WASCO MOL NO. 6 SUB SIMILARITY.wpd

2

PLAINTIFF'S OPPOSITION TO WASCO'S MOTION IN LIMINE NO. 6

both Wasco and Northern's Motion for Summary Judgment on the issue of Substantial Similarity.

**B.  PLAINTIFF'S EVIDENCE IS RELEVANT AND HIGHLY PROBATIVE OF THE INFRINGING ACTIVITIES OF DEFENDANTS**

Wasco's argument, in part 3.B and their motion is essentially an attack on the ability of plaintiff's expert Jim DelMarter, to comment on substantial similarity.  This is a rehash of Wasco's Motion in Limine No. 1.  Plaintiff therefore refers this Court to his opposition to the joint defendants' Motion in Limine No. 1 to Exclude Mr. DelMarter's Testimony.  However, plaintiff will state that the characterization of Mr. DelMarter's testimony is somewhat inaccurate.

Finally, Wasco's motion also addresses the issue that they addressed in a previous motion relating to the useful article exception under the Copyright Act.  (See Wasco's Motion in Limine No. 6, III.B, p. 8-9, citing *Morgan v. Hawthorne Homes, Inc.* (2009) WL 1010476 W.D. Pa. (2009) and *Eliya, Inc. v. Kohl's Department Stores* (2006) U.S. Dist. Lexis 66637-28-29 2006.)  Yet, and as is explained in plaintiff's in Opposition to Wasco and De Walt's Joint Motion in Limine No. 3 and again in Opposition to Northern's Motion in Limine No.2, the useful article exception is only relevant to three-dimensional objects which are utilitarian in nature and which the copyright holder seeks the equivalent of a design patent.  This has no bearing on technical drawings.  As such, it is completely irrelevant to this case.

### III

### CONCLUSION

For the foregoing reasons, plaintiff respectfully requests this Court deny Wasco and the DeWalt's Motion in Limine to Exclude Plaintiff's Copyrighted Works at Trial. On its face, the motion is a disguised motion for summary judgment on substantial similarity and which has already been denied previously by this Court. Further, and for the reasons stated in plaintiff's opposition to those motions and also in his opposition to the motions in limine dealing with the expert testimony of Jim DelMarter, Wasco's motion should also be denied. The evidence that will be submitted by plaintiff is highly probative to plaintiff's claims for infringement.

DATED:  February ____, 2010

H:\PUBLIC\054493\060971\
McIntosh v. Northern\Trial
Prep\Motions In
Limine\Wasco\OPPOSITION
S\OPP TO WASCO MOL
NO. 6 SUB
SIMILARITY.wpd

3

PLAINTIFF'S OPPOSITION TO WASCO'S MOTION IN LIMINE NO. 6

1                  BORTON PETRINI, LLP

2

3

4           By: _____
               Jeffrey A. Travis, Attorney for Plaintiff,
               Roger McIntosh dba McIntosh & Associates

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

H:\PUBLIC\054493\060971 McIntosh v. Northern\Trial Prep\Motions In Limine\Wasco\OPPOSITIONS\OPP TO WASCO MOL NO. 6 SUB SIMILARITY.wpd

4

PLAINTIFF'S OPPOSITION TO WASCO'S MOTION IN LIMINE NO. 6