lj

James J. Braze, Esq.; SBN 75911
Jeffrey A. Travis, Esq.; SBN 235507
BORTON PETRINI, LLP
5060 California Avenue, Suite 700
Post Office Box 2026
Bakersfield, CA 93303
Telephone (661) 322-3051
email: jbraze@bortonpetrini.com
email: jtravis@bortonpetrini.com

Attorneys for Plaintiff, Roger McIntosh dba McIntosh & Associates

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION

| | |
|---|---|
| ROGER McINTOSH,<br><br>          Plaintiff,<br><br>v.<br><br>NORTHERN CALIFORNIA UNIVERSAL ENTERPRISES COMPANY, a California corporation; LOTUS DEVELOPMENTS, LLP; THE CITY OF WASCO, a municipal corporation; DEWALT CM, INC., a California corporation also doing business as DEWALT CORPORATION; and DOES 1 through 10, inclusive<br><br>          Defendants. | Case No. 1:07-CV- 01080 LJO-GSA<br><br>PLAINTIFF'S OPPOSITION TO WASCO'S MOTION IN LIMINE NO. 7 (EXCLUSION OF TESTIMONY RELATING TO CONVERSATION WITH WASCO CITY EMPLOYEE) |
| CITY OF WASCO,<br><br>          Cross-Complaint,<br><br>     vs.<br><br>NORTHERN CALIFORNIA UNIVERSAL ENTERPRISES COMPANY, INC.,<br><br>          Cross-Defendant. | |

/ / /

H:\PUBLIC\054493\060971 McIntosh v. Northern\Trial Prep\Motions In Limine\Wasco\OPPOSITIONS\OPP TO WASCO MOL NO. 7 HEARSAY.wpd

1
PLAINTIFF'S OPPOSITION TO WASCO'S MOTION IN LIMINE NO. 7

/ / /

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## THE STATEMENT MADE BY THE WASCO CITY EMPLOYEE WAS MADE BY SOMEONE WHO HAD THE AUTHORITY TO MAKE SUCH STATEMENTS

This motion is similar, if not identical to DeWalt's previous motion to exclude testimony relating to plaintiff's testimony regarding a conversation between him and a city employee in or about November 2006.  (See DeWalt and NCUE/Lotus' Joint Motion in Limine No. 2 and plaintiff's Opposition to said motion.)  To the extent that plaintiff has already opposed and addressed the issues in that motion, plaintiff would refer this Court to that opposition.

However, and insofar as Wasco brings up an additional point relating to the authority of the person who Mr. McIntosh makes that statement, plaintiff will address that issue here.

Wasco argues in its motion that because the representative city employee is not identified and there is no showing of the authority of the capacity in which that representative served Wasco, the statement should be excluded, citing to *Northern Oil Co. v. Socony Mobil Oil Co.* 347 F.2d 84 (2d. Cir. 1965).

What Wasco fails to point out is that the statement made in *Socony*, was made by an individual testifying as to matters outside his capacity as a Mobil employee.  When one reads this case, it becomes clear that the person making the statement was an assistant and did not have the capacity to make statements regarding the intentions of Mobil Oil regarding litigation.  Such is not the case here where it should be expected that anyone sitting behind the desk at the Public Works Department should know where particular plans are being used and who was using them.  This is not a comment on a legal position or a comment on a subject outside the scope of that particular department, but is what is expected to be known by anyone who is situated behind the desk at the Public Works Department.

In fact, Robert Wren, the deputy director of Public Works at Wasco confirms this point:

Q:     It has been indicated by counsel that you would be one of the people most

H:\PUBLIC\054493\060971 McIntosh v. Northern\Trial Prep\Motions In Limine\Wasco\OPPOSITIONS\OPP TO WASCO MOL NO. 7 HEARSAY.wpd

2

PLAINTIFF'S OPPOSITION TO WASCO'S MOTION IN LIMINE NO. 7

knowledgeable to testify regarding the procedures for accessing subdivision maps for the City.
    A:    Yes.
    Q:    Is that something you believe you're most knowledgeable about?
    A:    Yes.
    Q:    How does one go about accessing City maps at the City of Wasco?
    A:    They come to the counter of public works and ask for them if we have them. ...And if it's on something that we have, if they ask to look at it, I will allow them to look at it in-house. If they want a copy of it, if it's an approved map, they have to send a blueprint service or a bonded company out to pick them up and make copies. We don't have the ability to make a 24-by-36 copy, so I would let them make copies of them but we couldn't do it for them.
    Q:    Do you take a log of people who have asked to look at plans?
    A:    We do not. We do not.
    Q:    – or a log as to people who obtain copies of maps?
    A:    We do not.

Deposition of Robert Wren, 9:12-25; 10:1-13; October 28, 2008.

It is the duty of those working behind the counter at the Public Works Department to know where such items are. Whoever made that statement was an employee of Wasco making statements in his capacity as a City employee.

Finally, plaintiff will reiterate that although Wasco objects to the fact that plaintiff could not identify the first or last name of the individual who we spoke with, Wasco never sent any discovery that attempted to have Mr. McIntosh identify by sight or through a photograph sufficient to identify that person.

## II.
## CONCLUSION

Based on the foregoing, plaintiff respectfully requests that this Court take into consideration its opposition to DeWalt and Northern/Lotus' Motion in Limine No. 7 and the arguments set forth above to deny this motion and allow plaintiff to testify as to those statements made by Wasco's own employee.

DATED: February ____, 2010

                          BORTON PETRINI, LLP

                          By:_____
                               Jeffrey A. Travis, Attorney for Plaintiff,
                               Roger McIntosh dba McIntosh & Associates

H:\PUBLIC\054493\060971 McIntosh v. Northern\Trial Prep\Motions In Limine\Wasco\OPPOSITIONS\OPP TO WASCO MOL NO. 7 HEARSAY.wpd

3

PLAINTIFF'S OPPOSITION TO WASCO'S MOTION IN LIMINE NO. 7