nr

1  James J. Braze, Esq.; SBN 75911
   Jeffrey A. Travis, Esq.; SBN 235507
2  BORTON PETRINI, LLP
   5060 California Avenue, Suite 700 (93309)
3  Post Office Box 2026
   Bakersfield, CA 93303
4  Telephone (661) 322-3051
   email: jbraze@bortonpetrini.com
5  email: jtravis@bortonpetrini.com

6  Attorneys for Plaintiff, Roger McIntosh dba McIntosh
   & Associates

7

8                    UNITED STATES DISTRICT COURT

9          EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION

10

11  ROGER McINTOSH,                          Case No.  1:07-CV- 01080 LJO-GSA

12                    Plaintiff,             PLAINTIFF'S OPPOSITION TO
                                             NORTHERN/LOTUS/DEWALT'S
13  v.                                       MOTION IN LIMINE NO. 2 (PRECLUDE
                                             EVIDENCE THAT DEFENDANT
14  NORTHERN CALIFORNIA UNIVERSAL            INFRINGED ANY COPYRIGHT
    ENTERPRISES COMPANY, a California        INTEREST IN THE IMPROVEMENT
15  corporation; LOTUS DEVELOPMENTS,         PLANS)
    LLP; THE CITY OF WASCO, a municipal
16  corporation; DEWALT CM, INC., a California
    corporation also doing business as DEWALT
17  CORPORATION; and DOES 1 through 10,
    inclusive
18
19                    Defendants.

20  CITY OF WASCO,

21                    Cross-Complaint,

22          vs.

23  NORTHERN CALIFORNIA UNIVERSAL
24  ENTERPRISES COMPANY, INC.,

25                    Cross-Defendant.

26

27  / / /

28

H:\PUBLIC\054493\060971
McIntosh v. Northern\Trial
Prep\Motions In
Limine\Northern\OPPOSITI
ONS\OPP NORTHERN MIL
2.wpd

1

/ / /

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.**

**INTRODUCTION**

Northern is again asking this Court to summarily decide the issue of infringement as it relates to copying. Northern makes the conclusory statement that plaintiff can present no evidence on this point, plaintiff disagrees and requests it be allowed to present its case.

The joining defendants and also Wasco in its Motion in Limine No. 2 do not understanding the "utilitarian exception" as it relates to copyrights. This doctrine precludes the ability of certain copyright holders to gain protection over certain three dimensional objects or "articles". Nowhere is there any authority to support the assertion in the motion that technical drawings cannot be copyrighted. In fact, these have been protected under copyright law for well over 100 years.

Additionally, plaintiff is again attempting to have this Court summarily adjudicate the issue of copyright validity by pointing out the fact that there is a date of 1993 on some of the Improvement Plans submitted by Mr. McIntosh for copyright. They make a point of this in their motion because the date of completion on the Certificate of Registration states 1992. However, non-critical omissions or errors in a Certificate of Registration will not, under the law, prove a certificate defective. At most, it simply presents a question of fact for a jury to decide on issues of validity.

For both of the reasons stated above, plaintiff requests this motion be denied in its entirety.

**II.**

**ARGUMENT**

A.   **At Trial a  Plaintiff Will Present Evidence That the Defendants' Copied the 5472 Map and Improvement Plans, Both of Which Are Subject to Copyright Protection.**

Plaintiff will present both direct and indirect evidence of copying.

Plaintiff will present direct evidence that all of the moving defendants have admitted

H:\PUBLIC\054493\060971
McIntosh v. Northern\Trial
Prep\Motions In
Limine\Northern\OPPOSITI
ONS\OPP NORTHERN MIL
2.wpd

2

PLAINTIFF'S OPPOSITION TO NORTHERN/LOTUS/DEWALT'S MOTION IN LIMINE NO. 2

1  to making copies or having copies of the copyrighted works including the improvement plans.

2  Evidence will show that this was admitted in deposition by the moving  and other parties and also

3  through documents including copies of McIntosh's improvement plans and a substantially similar

4  Maps created by the DeWalt at the request of Northern and Lotus.  Plaintiff should not now have to

5  prove his entire case on this issue in a motion in limine by producing all of the evidence that will

6  support his case for copying by defendants.

7        Northern, Lotus and DeWalt want this court to effectively prevent plaintiff from

8  presenting any evidence to the jury of copying whether direct or indirectly as to the Improvement

9  Plans.  This is tantamount to a summary judgment motion since this will prevent plaintiff from

10  presenting any evidence at the liability phase of trial. Defendants are arguing that it will be

11  prejudicial and will confuse the jury if plaintiff were allowed to present evidence of copying.  Under

12  the moving defendants' theory, no party could ever present evidence on the merits because it would

13  be "prejudicial" to the opposing party.  All evidence to some degree is prejudicial to an opposing

14  party.  The problem for the moving defendants is that it is also highly probative of the act of

15  infringement.  This is what plaintiff intends to prove and so requests this court deny the motion's

16  attempt to allow plaintiff to present his case.

17  **B.**     **Technical Drawings in the Form of Improvement Plans Are an Appropriate Subject Matter for Copyright.**

18

19        Each Copyright Office certificate of registration includes, as protected works,

20  technical drawings.  (See, Certificate of Registration attached to Third Amended Complaint)

21  Further, the Copyright Office clearly indicates that technical drawings are appropriate subject matter

22  for copyright.  (Travis Decl., Exh. "A") Courts have also consistently held that such works are

23  appropriate subject matter for copyright protection.  (*Del Madera Properties v. Rhodes & Gardner, Inc.* 820 F.2d 973,976-977. (9th Cir. 1987))  As stated in *Del Madera*, 17 U.S.C. 101 includes

24  technical drawings as part of the list of protected works.  (*Ibid.* at p. 976.)  As explained in *John G.*

25  *Danielson, Inc. v. Winchester-Conant Properties, Inc.* explained that this was clearly within the

26  Legislative intent as understood by many courts following the Copyright Act of 1976.  (*John G.*

27  *Danielson*, 186 F.Supp. 2d 1 (D. Mass. 2002) 9, 10.) (See also, *Sullivan Associates, Inc. v. Deloots,*

28

H:\PUBLIC\054493\060971
McIntosh v. Northern\Trial
Prep\Motions In
Limine\Northern\OPPOSITI
ONS\OPP NORTHERN MIL
2.wpd

3

PLAINTIFF'S OPPOSITION TO NORTHERN/LOTUS/DEWALT'S MOTION IN LIMINE NO. 2

1    *Inc.* (1997) WL 778976 E.D. Pa.; *Guillot Vogt Associcates, Inc. v. Holly & Smith* 848 F.Supp. 682,

2    686 (E.D. La. 1994); and *Schuchart & Assoc. v. Solo Serve Corp.* 540 F.Supp. 928, 943 (W.D. Tex.

3    1982).)

4              The moving defendants point to a problem at the intersection of copyrights and design

5    patents and whether a copyright should extend to three dimensional objects.  This problem first

6    propped up in *Mazer v. Stein*, 347 U.S. 201 (1954) where the Supreme Court held that ornamental

7    designs of useful articles come within the category of copyrightable "works of art." (*Mazer v. Stein*,

8    347 U.S. 201.)  Since then, a whole host of cases including the ones cited by the moving defendants

9    and also by Wasco in its Motion in Limine No. 3 point to a question of law not completely decided

10   by any court.

11             This, however, is completely removed from the fact whether or not technical drawings

12   like the kind copyrighted here are protected by copyright.  There is no case cited by defendants that

13   state that.  To prove this point, plaintiff refers this court to the types of copyrights in the cases cited

14   by defendants (e.g., a three dimensional advertising display folder, Halloween costume, and an

15   organizer).

16             Yet, and even assuming defendants' argument is valid, even the case in *Harper*

17   *House, Inc. v. Thomas Nelson, Inc.* stated that even useful articles are copyrightable as compilations.

18   (See *Harper House, Inc. v. Thomas Nelson*, 889 F.2d 197, 204 (9th Cir. 1989.)  Compilations under

19   *Harper House* include mainly or even entirely of uncopyrightable elements.  (*Ibid.*)  In this way,

20   copyright holders that might not be able to gain copyright protection under the useful articles

21   exception could still gain protection for those objects as compilations.

22             Since plaintiff filed his technical drawings as copyright and there is no "useful article"

23   at issue here, the motion is wholly inapplicable.

24             Still, the defendants' motion does raise the issue of whether or not the improvements

25   in the ground themselves and their organization comprise a derivative work of plaintiff's copyrighted

26   technical drawing either constitutes a tangible work of expression itself, or even protection as a

27   compilation under the useful article exception.  This is a wholly separate issue and plaintiff would

28

H:\PUBLIC\054493\060971
McIntosh v. Northern\Trial
Prep\Motions In
Limine\Northern\OPPOSITI
ONS\OPP NORTHERN MIL
2.wpd

4

PLAINTIFF'S OPPOSITION TO NORTHERN/LOTUS/DEWALT'S MOTION IN LIMINE NO. 2

1   apprise the court that it intends to submit a jury instruction on this issue.

2   / / /

3

4

5   **C.   A Certificate of Registration Is Prima Facie Proof of Copyright and Whether**
    **Copyright Registration Is Defective Is a Question of Fact for the Jury Which Should**
6   **Be Decided in Favor of Plaintiff.  There Is No Uncontroverted Testimony and Evidence**
    **of Fraud.**

7

8            A Certificate of Registration creates a presumption of validity.*(Lamps Plus, Inc. v.*

9   *Seattle Lighting Fixture Co.*, 345 F.3d 1140, 1144-45 (9th Cir. 2003) Further, whether defendants

10  submitted evidence sufficient to overcome this presumption is a question of fact and shifts the

11  burden to defendants to overcome.  (*Lamps Plus, Inc. v. Serally Lighting Fixture*, 345 F.3 1140,

12  1144-45 (9th Cir. 2003).)

13           It is well established that immaterial inadvertent errors in an application for copyright

14  registration do not jeopardize the validity of the registration.  (*Masquerade Novelty, Inc. v. Unique*

15  *Industries, Inc.*, 912 F.2d 663, 667-68, Endnote 5 (3rd Cir. 1990); *Whimsicality, Inc. v. Rubie's*

16  *Costume Company*, 891 F.2d 452, 456 (2nd Cir. 1989), citing *Xdckes v. Card Prices Update*, 736

17  F.2d 859, 861-62 (2nd Cir. 1984); *Harris v. Emus Records Corp.,* 734 F.2d 1329, 1335 (9th Cir.

18  1984); *Original Appellation Artworks, Inc. v. Toy Loft, Inc.*, 684 F.2d 821, 828 (11th Cir. 1982).)

19  As also stated in *Nemer*, "a mis-statement or clerical error in the registration application define a

20  company  by fraud will not invalidate the copyright nor render the registration certificate incapable

21  of supporting an infringement action."  (2 *Nemer*, § 7.20[b] at 7-210, Release 69 (2006); see also,

22  *Xdckes,* 736 F.2d at 861-62, as cited and dated *General Corp. v. Grumen*, 36 F.2d 1147, Dist. of MA

23  (1994) "in general and error is immaterial if its discovery is not likely to have led the copyright office

24  to refuse the application.")

25           Lotus, Northern and DeWalt are requesting this court summarily adjudicate the issue

26  of validity of copyright based upon what they perceive to be an error in the certificate of registration.

27  Their contention is that because on the Improvement Plans there is the year 1993 when the

28

H:\PUBLIC\054493\060971
McIntosh v. Northern\Trial
Prep\Motions In
Limine\Northern\OPPOSITI
ONS\OPP NORTHERN MIL
2.wpd

5

PLAINTIFF'S OPPOSITION TO NORTHERN/LOTUS/DEWALT'S MOTION IN LIMINE NO. 2

1  Certificate of Registration states year of completion is 1992, that the copyright is so inherently

2  defective that the plaintiff should not be able to submit his Certificate of Registration or present any

3  proof of copyright.  Since a Certificate of Registration is prima facie proof of copyright, this is all

4  plaintiff needs to establish his claim under the Copyright Act.

5        Defendants are certainly free to refute that presumption of validity.  They are also free

6  to present evidence of fraud, if any.  We would ask this Court to consider that it is also a general rule

7  that, "the uncontradicted testimony of a witness to a particular fact may not be disregarded, but

8  should be accepted as proof of the fact."  (10 Cal.Jur., § 362, p. 1143; *Estate of Warner*, 167 Cal.

9  686, 690 (1914)  Based on the foregoing and if, at the close of trial, defendants have presented no

10  evidence to refute this presumption and no fraud has been presented, plaintiff will ask this court to

11  direct the jury in plaintiff's favor on the issue of copyright validity.

12  **III.**

13  <u>**CONCLUSION**</u>

14        Based on the foregoing, the plaintiff respectfully requests this court deny this motion

15  in its entirety.   Plaintiff should be allowed to present evidence that defendants copied his

16  Improvement Plans; it is also an undisputed fact of law that technical drawings as embodied in the

17  copyright works are subject to copyright protection; and any issues that moving defendants have with

18  the Certificate of Registration will be their burden at trial to rebut.

19  DATED:   February _____, 2010

20                      BORTON PETRINI, LLP

21

22

23                By: _____
                     James J. Braze, Jeffrey A. Travis, Attorney for Plaintiff,
                     Roger McIntosh dba McIntosh & Associates

24

25

26

27

28

H:\PUBLIC\054493\060971
McIntosh v. Northern\Trial
Prep\Motions In
Limine\Northern\OPPOSITI
ONS\OPP NORTHERN MIL
2.wpd

6

PLAINTIFF'S OPPOSITION TO NORTHERN/LOTUS/DEWALT'S MOTION IN LIMINE NO. 2