BONIFACIO BONNY GARCIA (SBN 100761)
CHAKA C. OKADIGBO (224547)
GCR, LLP
500 SOUTH GRAND AVENUE, SUITE 1100
LOS ANGELES, CA 90071
Tel: (213) 347-0210
Fax (213) 347-0216

Attorneys for Defendant CITY OF WASCO

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION

| | |
|---|---|
| ROGER McINTOSH<br><br>Plaintiff,<br><br>vs.<br><br>NORTHERN CALIFORNIA UNIVERSAL ENTERPRISES COMPANY, INC., *et al.*,<br><br>Defendants. | Case No: 1:07-CV-01080-LJO-WMV<br><br>**DEFENDANT CITY OF WASCO'S RESPONSE TO PLAINTIFF'S MOTION IN LIMINE NO. 1 TO EXCLUDE DEFENDANT CITY OF WASCO'S EXPERT WITNESS, STEPHEN WONG FROM TESTIFYING TO SUBSTANTIAL SIMILARITY**<br><br>Date: February 12, 2010<br>Time: 1:30 p.m.<br>Dept: 4 (LJO)<br>Trial Date: March 1, 2010<br>Honorable Lawrence O'Neill |

**A.   DEFENDANT CITY OF WASCO'S RESPONSE TO PLAINTIFF'S MOTION IN LIMINE 1 SEEKING TO BAR STEPHEN WONG FROM TESTIFYING AS TO SUBSTANTIAL SIMILARITY**

Defendant City of Wasco ("the City"), joined by Defendants Northern California Universal Enterprises Company ("NCUE") and Dennis W. DeWalt, Inc. ("DeWalt"), hereby respond to Plaintiff's Motion in Limine No. 1, which seeks to bar the City's expert, Stephen Wong, from offering legal conclusions.

Defendants understand Plaintiff's Motion in Limine No. 1 as seeking to preclude Mr. Wong from testifying to a legal conclusion that the maps in question are "substantially similar." Plaintiff has stated no other ground for excluding Mr. Wong's testimony. Based on this

understanding, Defendants do not oppose Plaintiff's contention that Mr. Wong may not offer legal conclusions. "It is well-established, however, that expert testimony concerning an ultimate issue is not per se improper. Indeed, Federal Rule of Evidence 704(a) provides that expert testimony that is otherwise admissible is not objectionable because it embraces an ultimate issue to be decided by the trier of fact. *Mukhtar v. Cal. State Univ.*, 299 F.3d 1053, 1066 (9th Cir. 2002) (citations omitted). In this instance, Mr. Wong has been retained to provide facts which, if accepted by the jury, would tend to establish that the maps are not substantially similar. His testimony is both relevant and proper, even if it embraces the ultimate issue to be decided by the trier of fact.

Defendant further clarifies that contrary to Plaintiff's representation, Plaintiff's expert, Mr. James Delmarter, has in fact been designated to testify that the Revised Tentative Map for Tract No. 5472 is substantially similar to the Tentative Map for Tract No. 6451 on the bases of lot configuration, numbering, street names, and tract boundaries. *See* Expert Witness Disclosure of James K. Delmarter, see Okadigbo decl. ¶ 10, Ex. H; *see also* Delmarter Dep. 65:24-66:2, *see* Okadigbo decl. ¶ 8, Ex. F.[1]

## B. CONCLUSION

Based on the foregoing, to the extent that Plaintiff's Motion in Limine No. 1 seeks only to bar Mr. Wong from offering legal conclusions, Defendants do not oppose Plaintiff's request. Defendants otherwise intend to have Mr. Wong testify to facts, which, if accepted by the jury, would tend to establish that the maps at question are not substantially similar.

DATED: February 5, 2010                    GCR, LLP

By: _____
CHAKA C. OKADIGBO
Attorneys for Defendant
CITY OF WASCO

---

[1] Exhibits H and F, as well as Okadigbo's Declaration, have been previously filed with this Court in connection with Defendant City of Wasco's Motions in Limine Nos. 1 – 8.

4815-9749-6581

2

DEFENDANT CITY OF WASCO'S RESPONSE TO PLAINTIFF'S MOTION IN LIMINE NO. 1 TO EXCLUDE DEFENDANT CITY OF WASCO'S EXPERT WITNESS, STEPHEN WONG FROM TESTIFYING TO SUBSTANTIAL SIMILARITY

## PROOF OF SERVICE
## (FRCP No. 5(b)(2)(E))

I declare that I am over the age of eighteen (18) and not a party to this action. My business address is 520 South Grand Avenue, Suite 695, Los Angeles, California 90071.

On **February 5, 2010**, I served the following documents: **DEFENDANT CITY OF WASCO'S RESPONSE TO PLAINTIFF'S MOTION IN LIMINE NO. 1 TO EXCLUDE DEFENDANT CITY OF WASCO'S EXPERT WITNESS, STEPHN WONG FROM TESTIFYING TO SUBSTANTIAL SIMILARITY** on the interested parties in this action by placing a true and correct copy of such document, enclosed in a sealed envelope, addressed as follows:

Jeffrey Travis
Borton Petrini, LLP
1600 Truxtun Ave.
Bakersfield, CA 93301
jtravis@bortonpetrini.com

Steven J. Hassing
Law Offices of Steven J. Hassing
425 Calabria Court
Roseville, CA 95747
stevehassing@yahoo.com

William L. Alexander
Alexander & Associates
1925 G Street
Bakersfield, CA 93301
walexander@alexander-law.com

( )  **BY MAIL**: I am readily familiar with the business' practice for collection and processing of correspondence for mailing with the United States Postal Service. I know that the correspondence was deposited with the United States Postal Service on the same day this declaration was executed in the ordinary course of business. I know that the envelope was sealed and, with postage thereon fully prepaid, placed for collection and mailing on this date in the United States mail at Los Angeles, California.

( X )  **BY ELECTRONIC SERVICE:** Pursuant to Fed. R. Civ. P. 5(b)(2)(E) and Local Court Rules(s), the foregoing document will be served by the court via CM/ECF. Pursuant to the CM/ECF docket for this case proceeding the following person(s) are on the Electronic Mail Notice List to receive ECF transmission at the email address(es) indicated above.

( )  (State)  I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

( X )  (Federal)  I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed **February 5, 2010**, Los Angeles, California.

_____
Carolyn Dominguez