1  BONIFACIO BONNY GARCIA (SBN 100761)
   CHAKA C. OKADIGBO (224547)
2  GCR, LLP
   500 SOUTH GRAND AVENUE, SUITE 695
3  LOS ANGELES, CA 90071
   Tel: (213) 347-0210
4  Fax (213) 347-0216

5  Attorneys for Defendant CITY OF WASCO

6

7

8  UNITED STATES DISTRICT COURT

9  EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION

10

11 ROGER McINTOSH                          Case No: 1:07-CV-01080-LJO-WMV

12            Plaintiff,
                                           **DEFENDANTS CITY OF WASCO,
13      vs.                                NORTHERN CALIFORNIA UNIVERSAL
                                           ENTERPRISES COMPANY, AND DENNIS
14 NORTHERN CALIFORNIA                     W. DEWALT, INC.S' JOINT RESPONSE
   UNIVERSAL ENTERPRISES                   TO PLAINTIFF'S MOTION TO EXCLUDE
15 COMPANY, INC., *et al.*,                EVIDENCE OF PRIOR LITIGATION**

16            Defendants.                  Date: February 12, 2010
                                           Time: 1:30 p.m.
17                                         Dept: 4 (LJO)
                                           Trial Date: March 1, 2010
18                                         Honorable Lawrence O'Neill

19

20 A.    **EVIDENCE OF PLAINTIFF'S PRIOR LITIGATION AGAINST THE CITY OF
         WASCO IS RELEVANT AND ADMISSIBLE, AND, THEREFORE, SHOULD
21       NOT BE EXCLUDED.**

22       Plaintiff seeks to bar the City of Wasco ("City") from introducing evidence of Plaintiff's

23 prior lawsuit against the City on the grounds that it is prejudicial to Plaintiff and irrelevant to this

24 lawsuit. Contrary to Plaintiff's claims, however, evidence of his prior lawsuit is relevant to

25 establish Defendants' position that Plaintiff should reimburse Defendants for their attorneys' fees

26 if and when Defendants prevail in this litigation. It is also relevant for purposes of impeaching

27 Plaintiff's testimony on the value of the map and plans at issue in this litigation.

28

Plaintiff is seeking millions of dollars from Defendants in the form of "infringer profits" and the costs of all work he has performed for the Subdivision even though his infringement claims relate to only one Subdivision tract – 5472 (now 6451). Plaintiff has admitted during his deposition that he is seeking to collect as damages in this lawsuit the monies which he was seeking to recover from the City and the previous developer of the Subdivision in his prior lawsuit. McIntosh Dep. 208:14-209:25, see Okadigbo decl. ¶ 3, Ex. A. He further admitted that when Joe Wu, the President of Northern California Universal Enterprises Company ("NCUE"), contacted him about preparing new subdivision maps for Tract 5472, he informed Mr. Wu that he expected to be paid $800,000, the amount allegedly outstanding and owed from the prior litigation, in addition to his fee for preparing new maps. McIntosh Dep. 310:24-311:18, see Okadigbo decl. ¶ 4, Ex. B. When the dust settles, Defendants NCUE, Lotus Developments, LP ("Lotus) and Dennis W. DeWalt, Inc. ("DeWalt") will establish that they did not copy the Martin-McIntosh tentative map and that any existing similarities between that map and Defendants' maps are attributable to the construction of infrastructure improvements and the effects thereof. By consequence, Plaintiff's contributory and vicarious infringement claims against the City will also fail. Combined with his failure to establish infringement, Plaintiff's motive to recover outstanding monies allegedly owed to him from an entirely separate matter will be relevant to establish Defendants' position that they are entitled to attorneys' fees under 17 U.S.C. § 504.

Evidence regarding Plaintiff's prior lawsuit against the City is also relevant to impeach his testimony regarding the market value of the allegedly copyrighted works at issue in this litigation. Plaintiff has failed to designate an expert to testify to the value of the map and plans at issue and, therefore, will likely testify to the fees he would charge for these works. Plaintiff is expected to inflate the value of these maps and plans and to be influenced in his calculation of value by the $800,000 figure he quoted to Mr. Wu even though internal accounting records from his former civil engineering firm, Martin-McIntosh put the value of the 5472 map at $10,000. Martin-McIntosh Schedule of Value, see Okadigbo decl. ¶ 5, Ex. C. Evidence that Plaintiff is

seeking to collect monies from the prior litigation is relevant to impeach Plaintiff's credibility as to the value of his map and plans and should, therefore, not be excluded.

**B.   CONCLUSION**

For the above reasons, the Court should deny Plaintiff's motion seeking to bar Defendants from offering evidence and/or testimony relating to Plaintiff's prior lawsuit. Such evidence is relevant and admissible under Rules 401 and 402 of the Federal Rules of Evidence.

DATED: February 5, 2010          GCR, LLP

By: _____
CHAKA C. OKADIGBO
Attorneys for Defendant
CITY OF WASCO

# PROOF OF SERVICE
## (FRCP No. 5(b)(2)(E))

I declare that I am over the age of eighteen (18) and not a party to this action. My business address is 520 South Grand Avenue, Suite 695, Los Angeles, California 90071.

On **February 5, 2010**, I served the following documents: **DEFENDANTS CITY OF WASCO, NORTHERN CALIFORNIA UNIVERSAL ENTERPRISES COMPANY, AND DENNIS W. DEWALT, INC.S' JOINT RESPONSE TO PLAINTIFF'S MOTION TO EXCLUDE EVIDENCE OF PRIOR LITIGATION** on the interested parties in this action by placing a true and correct copy of such document, enclosed in a sealed envelope, addressed as follows:

Jeffrey Travis
Borton Petrini, LLP
1600 Truxtun Ave.
Bakersfield, CA 93301
jtravis@bortonpetrini.com

Steven J. Hassing
Law Offices of Steven J. Hassing
425 Calabria Court
Roseville, CA 95747
stevehassing@yahoo.com

William L. Alexander
Alexander & Associates
1925 G Street
Bakersfield, CA 93301
walexander@alexander-law.com

( )   **BY MAIL**: I am readily familiar with the business' practice for collection and processing of correspondence for mailing with the United States Postal Service. I know that the correspondence was deposited with the United States Postal Service on the same day this declaration was executed in the ordinary course of business. I know that the envelope was sealed and, with postage thereon fully prepaid, placed for collection and mailing on this date in the United States mail at Los Angeles, California.

( X )   **BY ELECTRONIC SERVICE:** Pursuant to Fed. R. Civ. P. 5(b)(2)(E) and Local Court Rules(s), the foregoing document will be served by the court via CM/ECF. Pursuant to the CM/ECF docket for this case proceeding the following person(s) are on the Electronic Mail Notice List to receive ECF transmission at the email address(es) indicated above.

( )   (State)   I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

( X )   (Federal)   I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed **February 5, 2010**, Los Angeles, California.

Carolyn Dominguez