1   BONIFACIO BONNY GARCIA (SBN 100761)
    CHAKA C. OKADIGBO (224547)
2   GCR, LLP
    500 SOUTH GRAND AVENUE, SUITE 695
3   LOS ANGELES, CA  90071
    Tel: (213) 347-0210
4   Fax (213) 347-0216

5   Attorneys for Defendant CITY OF WASCO

6

7

8                    UNITED STATES DISTRICT COURT

9            EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION

10

11  ROGER McINTOSH                      Case No: 1:07-CV-01080-LJO-WMV

12         Plaintiff,
                                        **DEFENDANT CITY OF WASCO'S**
13     vs.                              **OPPOSITION TO PLAINTIFF'S MOTION**
                                        **TO EXCLUDE EVIDENCE OF BOND**
14  NORTHERN CALIFORNIA                 **DEBTS**
    UNIVERSAL ENTERPRISES
15  COMPANY, INC., et al.,              Date:  February 12, 2010
                                        Time:  1:30 p.m.
16         Defendants.                  Dept:  4 (LJO)
                                        Trail Date: March 1, 2010
17                                      Honorable Lawrence O'Neill

18

19  **I.    PLAINTIFF'S BOND DEBTS ARE RELEVANT TO PROVE DEDUCTABLE**
           **EXPENSES**
20

21       Plaintiff contends that the City of Wasco's bond debts are irrelevant to this lawsuit and,

22  therefore, should be excluded.  The City's bond debts, however, are relevant because if Plaintiff

23  prevails in the liability phase of the instant trial, the City intends to present evidence of

24  deductible expenses.

25       As part of his damage claims, Plaintiff intends to collect "infringer profits" pursuant to 17

26  U.S.C. § 504.  The City intends to establish that it has not profited from any of the allegedly

27  infringing activities.  Towards this end, the City intends to put on evidence of expenses it has

28  incurred that should be deducted from the fees it has collected from the Subdivision, as permitted

4821-0481-1525                          1

1  by 17 U.S.C. § 501(b).  The City's bond debts establish its deductible expenses because the debts

2  were incurred solely for purposes of funding the construction of the Valley Rose Estates

3  Subdivision ("Subdivision").  Thus, although the City has collected impact fees to reimburse it

4  for the costs of constructing the Subdivision improvements, it has expended far more on the

5  construction of the Subdivision improvements.  In any event, the bond debts establish the costs

6  of constructing the Subdivision improvements and, therefore, the City's deductible expenses.

7  For these reasons, evidence of the bond debts is relevant and admissible under Rules 401 and

8  402 of the Federal Rules of Evidence.

9        The City notes, however, that if the Court grants its motion to bar Plaintiff from

10  introducing testimony or evidence related to collection of impact fees on the ground that impact

11  fees are not profits, then the City will not put on any evidence of bond debts.

12  **II.  CONCLUSION**

13        Based on the foregoing, the Court should deny Plaintiff's motion in limine seeking to bar

14  the City from introducing evidence relating to the City's bond debts.  Such evidence is relevant

15  and admissible under Rules 401 and 402 of the Federal Rules of Evidence.

16  DATED: February 5, 2010           GCR, LLP

17

18

19                                  By: _____

20                                     CHAKA C. OKADIGBO
                                   Attorneys for Defendant
                                   CITY OF WASCO

21

22

23

24

25

26

27

28

**DEFENDANT CITY OF WASCO'S OPPOSITION TO PLAINTIFF'S MOTION TO EXCLUDE
EVIDENCE OF BOND DEBTS**

## PROOF OF SERVICE
### (FRCP No. 5(b)(2)(E)

I declare that I am over the age of eighteen (18) and not a party to this action. My business address is 520 South Grand Avenue, Suite 695, Los Angeles, California 90071.

On **February 5, 2010**, I served the following documents: **DEFENDANT CITY OF WASCO'S OPPOSITION TO PLAINTIFF'S MOTION TO EXCLUDE EVIDENCE OF BOND DEBTS** on the interested parties in this action by placing a true and correct copy of such document, enclosed in a sealed envelope, addressed as follows:

Jeffrey Travis
Borton Petrini, LLP
1600 Truxtun Ave.
Bakersfield, CA 93301
jtravis@bortonpetrini.com

Steven J. Hassing
Law Offices of Steven J. Hassing
425 Calabria Court
Roseville, CA 95747
stevehassing@yahoo.com

William L. Alexander
Alexander & Associates
1925 G Street
Bakersfield, CA 93301
walexander@alexander-law.com

( )    **BY MAIL:** I am readily familiar with the business' practice for collection and processing of correspondence for mailing with the United States Postal Service. I know that the correspondence was deposited with the United States Postal Service on the same day this declaration was executed in the ordinary course of business. I know that the envelope was sealed and, with postage thereon fully prepaid, placed for collection and mailing on this date in the United States mail at Los Angeles, California.

( X )  **BY ELECTRONIC SERVICE:** Pursuant to Fed. R. Civ. P. 5(b)(2)(E) and Local Court Rules(s), the foregoing document will be served by the court via CM/ECF. Pursuant to the CM/ECF docket for this case proceeding the following person(s) are on the Electronic Mail Notice List to receive ECF transmission at the email address(es) indicated above.

( )    (State)    I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

( X )  (Federal)  I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed **February 5, 2010**, Los Angeles, California.

**Carolyn Dominguez**