IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROGER McINTOSH, | CASE NO. CV F 07-1080 LJO GSA |
| Plaintiff, | **ORDER ON DeWALT'S MOTIONS IN LIMINE** |
| vs. | (Docs. 201-203.) |
| NORTHERN CALIFORNIA UNIVERSAL ENTERPRISES, INC., et al, | |
| Defendants. | |

Defendant Dennis W. DeWalt, Inc. ("DeWalt") filed three motions in limine, in which defendants Northern California Universal Enterprises Company, Inc. ("NCUE"), Lotus Developments, L.P. ("Lotus"), and City of Wasco ("Wasco") joined. Plaintiff Roger McIntosh ("Mr. McIntosh") opposed DeWalt's motions in limine. The parties' moving and opposition papers are clear. This Court needs no oral argument on DeWalt's motions in limine. This Court issues the following rulings on DeWalt's motions in limine and VACATES the February 12, 2010 hearing on DeWalt's motions in limine.

**DeWALT'S MIL[1] NO. 1 TO PRECLUDE USE OF "PARTNER" OR "PARTNERSHIP" TO REFER TO DEFENDANTS' RELATIONSHIP**

DeWalt, joined by other defendants, seeks to preclude reference to defendants as "partners," a "partnership," or "joint venture."

---

[1] As used in the headings, "MIL" refers to motion in limine.

1

"When a copyright is infringed, all infringers are jointly and severally liable for plaintiffs' actual damages, but each defendant is severally liable for his or its own illegal profit; one defendant is not liable for the profit made by another." *Frank Music Corp. v. Metro-Goldwyn-Mayer, Inc.*, 772 F.2d 505, 519 (9th Cir. 1985) (citing *MCA, Inc. v. Wilson*, 677 F.2d 180, 186 (2d Cir.1981)). "When a court finds the existence of a partnership or a 'practical partnership,' the 'partners' thereof are jointly and severally liable for any profits that they collectively derived from the acts of copyright infringement." *Nelson-Salabes v. Morningside Development*, 284 F.3d 505, 517 (4th Cir. 2002).

"The rule of several liability for profits applies, at least, where defendants do not act as partners, or 'practically partners.'" *Frank Music*, 772 F.2d at 519. *Compare Belford, Clarke & Co. v. Scribner*, 144 U.S. 488, 507-508, 12 S.Ct. 734, 740, 36 L.Ed. 514 (1892) (printer held jointly liable for publisher's profits on infringing book since they were "practically partners."), with *Sammons v. Colonial Press, Inc.*, 126 F.2d 341, 346-47 (1st Cir. 1942) (printer not jointly liable for publisher's profits since printer was paid a fixed price for work, payable whether or not infringing books made profit).

DeWalt objects to use of "partner," "partnership," and "joint venture" by Mr. McIntosh's counsel. DeWalt appears to acknowledge that Mr. McIntosh may attempt to prove a partnership or joint venture among defendants. Although the evidence suggests no partnership or joint venture, Mr. McIntosh is entitled to attempt to prove one. Preclusion of "partner," "partnership," or "joint venture" would hamper unduly attempts to prove a partnership or joint venture. DeWalt points to no meaningful prejudice from reference to "partner," "partnership," or "joint venture." At this point, this Court is unable to prejudge the facts to preclude reference to "partner," "partnership," or "joint venture."

***ORDER***

This Court DENIES the motion in limine.

**DeWALT'S MIL NO. 2 TO EXCLUDE HEARSAY TESTIMONY REGARDING USE OF MAP 5472**

DeWalt, joined by NCUE and Lotus, seeks to exclude as hearsay and unduly prejudicial evidence of Mr. McIntosh's conversation where "someone from the City" told Mr. McIntosh that Wasco and/or NCUE/Lotus used Mr. McIntosh's maps to process Map 6451.

At his deposition, Mr. McIntosh testified:

| | | |
|---|---|---|
| 1 | A. | . . . I was told by the Public Works Department, when I inquired about the improvement plans for 6451, that the City had used the plans for tract 5472. And whether or not they gave them out to other parties, I would assume that they would have to give them to the city engineer, to Mr. Wu [NCUE president], to anyone that was working on the project to finish up the project . . . |
| 4 | Q. | . . . You were told by somebody in the Public Works Department at the City that Mr. Wu was using your plans, right? |
| 6 | A. | That's correct. |
| 7 | Q. | Who told you that? |
| 8 | A. | I don't recall his name, but he works in the Public Works Department. |

Mr. McIntosh notes that in his deposition, he identified the Public Works Department employee as "head of the corporation yard" who: (1) "maintains all the city improvements, the city streets, the city buildings"; (2) "keeps the records for the – all tracks"; (3) was age 45 and appeared Hispanic; and (4) was 5-foot-10 with medium build.

Testimony as to the conversation with the Public Works Department employee is hearsay. There is no dispute that Mr. McIntosh seeks to use employee's statements for the truth of the matter asserted, that is, that NCUE/Lotus and Wasco used Mr. McIntosh's works to complete the subdivision. Mr. McIntosh fails to substantiate elements to qualify the employee's statements as a party-opponent admission. A mystery remains as to the employee's potential position with Wasco. Mr. McIntosh offers no trustworthiness or credibility for the purported employee statements.

***ORDER***

This Court GRANTS the motion in limine to EXCLUDE evidence of Mr. McIntosh's conversation with the employee.

**DeWALT'S MIL NO. 3 TO WITHDRAW OR PRECLUDE ITS RESPONSE TO REQUEST FOR ADMISSION**

DeWalt, joined by the other defendants, seeks to withdraw, or alternatively, preclude its response to Mr. McIntosh's Request for Admission ("RFA") No. 4 that it reviewed multiple documents which likely included Tentative Map 5472 before preparing Tentative Map 6451.

Mr. McIntosh's RFA No. 4 asked DeWalt to:

Admit that you reviewed Tentative Map No. 5472 before you prepared Tentative

3

Map No. 6451. (Reviewed means that you looked at and used Tentative Map 5472 to assist you in preparation of Tentative Map. No. 6451.)

DeWalt responded:

Responding party admits that it reviewed multiple documents, which likely included Tentative Map No. 5472, before preparing Tentative Map 6451.

DeWalt claims that it drafted its RFA No. 4 response in relation to Mr. McIntosh's RFA No. 1:

Admit that you requested a copy of Tentative Map No. 5472 from the City of Wasco. (You refers to Dennis W. DeWalt, Inc. or any of its agents or subsidiaries that engaged in preparation of Tentative Map No. 6451 and City of Wasco refers to those who you worked with at the City of Wasco or communicated while working on the preparation of Tentative Map No. 6451.)

DeWalt responded:

Responding party admits that a request was made to the City of Wasco for any and all documents which would reveal pertinent information about the subject property. Responding party lacks sufficient information and belief on which to either admit or deny that a specific request for Tentative Map No. 5472 was made.

DeWalt points the declaration of its principal Jeffrey Gutierrez ("Mr. Gutierrez") to support summary judgment:

In responding to the interrogatories and requests for admissions I indicated that Map 5472 was one of many documents used by DeWalt in preparing Map 6451. The only reason for those responses was that we compared Map 5472 to Map 6451 after Map 6451 was nearly completed for the sole reason of determining if there appeared to be any major external boundary differences.

DeWalt contends that its "non-admission" to RFA No. 4 "was meant to substantiate the information" in its response to RFA No. 1 – "that documents had been requested, but it was unknown which were received, and subsequently, which were reviewed." DeWalt claims that it offered "pure speculation" that it may have reviewed Tentative Map 5472 "in the context presented" by RFA No. 4 but "did not admit to having done so."

F.R.Civ.P. 36(b) permits withdrawal of an admission:

Subject to Rule 16(e), the court may permit withdrawal or amendment if it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits.

F.R.Civ.P. 16(e) permits a court to modify a pretrial order "only to prevent manifest injustice."

"Two requirements, therefore, must be met before an admission may be withdrawn: (1) presentation of the merits of the action must be subserved, and (2) the party who obtained the admission must not be prejudiced by the withdrawal." *Hadley v. United States*, 45 F.3d 1345, 1348 (9th Cir. 1995). The subserving of presentation of the merits prong "is satisfied when upholding the admission would practically eliminate any presentation of the merits of the case." *Hadley*, 45 F.3d at 1348.

A district court's denial of a motion to withdraw an admission is reviewed for "an abuse of discretion." *999 v. C.I.T. Corp.*, 776 F.2d 866, 869 (9th Cir. 1985). "Trial courts are advised to be cautious in exercising their discretion to permit withdrawal or amendment of an admission." *999*, 776 F.2d at 869. "A party *seeking relief from admissions must make a strong showing*." 2 Schwarzer, Tashima & Wagstaffe, *Cal. Practice Guide: Federal Civil Procedure Before Trial* (2009), para.11:2088, p. 11-290 (italics in original).

A fellow district court has decried belated attempts to undo admissions:

> . . . if a party were to wait until the trial of a case before seeking to deny admissions he had made, it would require exceptional circumstances before the Court would be justified in permitting him to deny said admissions. The reason for this is that the opposing party has the right to rely on said admissions as being true, and might not have witnesses available (whose attendance could have been secured if the party had received notice of the proposed repudiation of the admissions) to prove the facts admitted in said admissions. In such event the said opposing party would be greatly prejudiced if the party making the admissions were permitted to deny them during the course of the trial.

*United States v. Lemmons*, 125 F.Supp. 686, 689-690 (D. Ark. 1954).

RFA No. 4 is straightforward. It asks DeWalt to admit whether it reviewed Tentative Map 5472 before preparing Tentative Map 6451. DeWalt responded that it reviewed multiple documents which likely included Tentative Map 5472. DeWalt fails to substantiate confusion in connection with RFA No. 1, which is also straightforward. To attempt to withdraw its response, DeWalt engages in semantics. DeWalt's RFA responses and Mr. Gutierrez' declaration suggest that DeWalt reviewed Tentative Map 5472. DeWalt will have the opportunity to explain the role of its review of Tentative Map 5472 in its preparation of Tentative Map 6451.

DeWalt notes that withdrawal of its RFA No. 4 response must satisfy F.R.Civ.P. 16(e)'s requirement to "prevent manifest injustice." DeWalt points to no manifest injustice to it. DeWalt's attempt at clever RFA responses has caught up with it. DeWalt fails to satisfy requirements to warrant

withdrawal of its response to RFA No. 4 at this late juncture.

DeWalt seeks to invoke F.R.Civ.P. 403 to preclude admission of its response to RFA No. 4. DeWalt demonstrates no unfair prejudice, confusion of issues, misleading the jury, or waste of time or resources to warrant preclusion of its response to RFA No. 4. DeWalt must live with the consequences of its response to RFA No. 4. Ruling otherwise defeats the purpose of requests for admission.

## *ORDER*

This Court DENIES withdrawal or preclusion of DeWalt's response to RFA No. 4.

## ORDER AS TO DUTY OF COUNSEL

Counsel are cautioned against filing motions for reconsideration without legal prerequisites firmly established. Failure of counsel to raise or articulate points or issues does not justify reconsideration.

Counsel are discouraged from filing motions "for clarification" when such motions are nothing more than a statement of disagreement with the Court's ruling and/or an attempt to modify the ruling. Being surprised at the Court's ruling, no matter where the I.Q. chart's result lands, is not a basis for such a motion.

During trial, the parties' counsel shall meet with the Court each morning prior to jury arrival to address evidentiary issues and disputes. The jury will **NOT** be kept waiting. The Court will rule on matters to the extent possible prior to commencement of trial each day out of the jury's presence. If such ruling depends on receipt of testimony or other evidence, the Court will rule as appropriate upon the receipt of such testimony or evidence. If evidentiary problems are anticipated, the parties' counsel are required to notify the Court immediately that a hearing outside the jury's presence will be required, but should not expect such hearing while the jury waits in the jury room. Such hearings will take place before jurors arrive or after they depart.

Finally, should objections be made in front of the jury on a purported violation of a motion in limine ruling, counsel are expected to object stating the **LEGAL** ground, followed by reference to the number of the motion in limine (e.g., "Objection, relevance, violation of plaintiff's motion in limine no. 4.")

IT IS SO ORDERED.

| | |
|---|---|
| Dated: February 10, 2010 | /s/ Lawrence J. O'Neill |
| | UNITED STATES DISTRICT JUDGE |