1

2

3

4

5

6                    **IN THE UNITED STATES DISTRICT COURT**

7                **FOR THE EASTERN DISTRICT OF CALIFORNIA**

8

9    ROGER McINTOSH,                              CASE NO. CV F 07-1080 LJO GSA

10                    Plaintiff,                  **ORDER ON NCUE/LOTUS MOTIONS IN**
                                                  **LIMINE**
11          vs.                                   (Docs. 198-200.)

12   NORTHERN CALIFORNIA
     UNIVERSAL ENTERPRISES,
13   INC., et al,

14                    Defendants.
     _____/
15

16          Defendants Northern California Universal Enterprises Company, Inc. ("NCUE") and Lotus

17   Developments, L.P. ("Lotus") filed three motions in limine, in which defendants Dennis W. DeWalt,

18   Inc. ("DeWalt") and City of Wasco ("Wasco") joined.  Plaintiff Roger McIntosh ("Mr. McIntosh")

19   opposed NCUE and Lotus' motions in limine.  This Court needs no oral argument on NCUE and Lotus'

20   motions in limine.  This Court issues the following rulings on NCUE and Lotus' motions in limine and

21   VACATES the February 12, 2010 hearing on NCUE and Lotus' motions in limine.

22   **NCUE AND LOTUS' MIL[1] NO. 1 TO EXCLUDE COMMENT THAT SIMILAR STREET**

23   **NAMES, LOT NUMBERS OR LAND BOUNDARIES EVIDENCE COPYING**

24          NCUE and Lotus, joined by Wasco and DeWalt, seek to exclude comment or argument that

25   Maps 5472 and 6451's shared identical lot numbers, street names and exterior boundaries evidence

26   copying due to unfair prejudice and jury confusion.

27   _____

28        [1]        As used in the headings, "MIL" refers to motion in limine.

                                                    1

1    The motion's thrust and scope are unclear.  NCUE and Lotus explain no unfair prejudice or jury

2  confusion from that which they seek to exclude.

3    The identical, sequential lot numbering, street names and land boundaries address substantial

4  similarity of Maps 5472 and 6451 although by themselves such elements are not copyrightable.

5  Defendants are free to argue that such matters are not evidence of substantial similarity.

6    Tentative maps and supporting documents are subject to copyright protection.  "The Tentative

7  Map itself falls within the category of pictorial, graphic, and sculptural works" under 17 U.S.C. § 102,

8  providing copyright protection for "original works of authorship fixed in any tangible medium of

9  expression." *Del Madera v. Rhodes and Gardner*, 820 F.2d 973, 976 (9th Cir. 1987).  "Effort expended

10  to create the Tentative Map and supporting documents is effort expended to create tangible works of

11  authorship. As such, this effort is within the scope of copyright protection." *Del Madera*, 820 F.2d at

12  976.

13    NCUE and Lotus offer no guidance to craft a particular order they seek.

14                                    ***ORDER***

15    This Court DENIES the motion in limine.

16  **NCUE AND LOTUS' MOTION IN LIMINE NO. 2 TO EXCLUDE COMMENT THAT**

17  **DEFENDANTS INFRINGED COPYRIGHT INTEREST IN IMPROVEMENT PLANS**

18    NCUE and Lotus, joined by DeWalt, seek to exclude comment or argument that defendants

19  violated the copyright in the McIntosh improvement plans[2] unless Mr. McIntosh demonstrates evidence

20  of copying, how the McIntosh improvement plans are copyrightable, and that the McIntosh improvement

21  plans were completed by the end of 1992.

22    The motion's thrust and scope are unclear.  NCUE and Lotus appear to attempt to force Mr.

23  McIntosh to pursue a claim of direct copying.  Mr. McIntosh is not so limited.

24    "Absent evidence of direct copying, 'proof of infringement involves fact-based showings that

25  the defendant had 'access' to the plaintiff's work and that the two works are 'substantially similar.'"

26  *Funky Films, Inc. v. Time Warner Entertainment Co.*, 462 F.3d 1072, 1076 (9th Cir. 2006).  "[T]here

27

28    [2]    The "McIntosh improvement plans" refer to Mr. McIntosh's subdivision and landscape designs depicted
in technical drawings which he claims are subject to his February 22, 2007 copyright registration certificate.

1    must be substantial similarity between infringing work and the work copyrighted; and that similarity

2    must have been caused by the defendant's having copied the copyright holder's creation." *Roth Greeting*

3    *Cards v. United Card Co.*, 429 F.2d 1106, 1110 (9th Cir. 1970).

4          Mr. McIntosh's copyright registration is presumed valid.  Defendants may attempt to rebut the

5    presumption.

6          "Under the copyright laws, the registration of a copyright certificate constitutes prima facie

7    evidence of the validity of a copyright in a judicial proceeding . . ." *Entm't Research Group, Inc. v.*

8    *Genesis Creative Group, Inc.*, 122 F.3d 1211, 1217 (9th Cir. 1997).  "To rebut the presumption, an

9    infringement defendant must simply offer some evidence or proof to dispute or deny the plaintiff's prima

10   facie case of infringement." *Entm't Research Group*, 122 F.3d at 1217.

11         "[I]nadvertent mistakes on registration certificates do not invalidate a copyright and thus do not

12   bar infringement actions, unless . . . the claimant intended to defraud the Copyright Office by making

13   the misstatement." *Urantia Found. v. Maaherra*, 114 F.3d 955, 963 (9th Cir. 1997).  The presumption

14   of a registered copyright's validity may be overcome by "evidence or proof to dispute or deny the

15   plaintiff's prima facie case of infringement." *Entm't Research Group*, 122 F.3d at 1217.

16         The motion lacks support.

17                                    ***ORDER***

18         This Court DENIES the motion in limine.

19   **NCUE AND LOTUS' MIL NO. 3 TO EXCLUDE COMMENT ON COPYRIGHT VIOLATION**

20   **OF PUMP STATION AND LANDSCAPE PLANS**

21         NCUE and Lotus seek to exclude comment or argument that they violated the copyright in  Mr.

22   McIntosh's pump station and landscape plans based on NCUE possession of them unless Mr. McIntosh

23   demonstrates evidence of copying, how the plans are copyrightable, and that the plans were completed

24   by the end of 1992.

25         The motion's thrust and scope are unclear.  NCUE and Lotus fail to explain that the pump station

26   and landscape plans are disconnected to matters subject to Mr. McIntosh's copyright.  Evidence of

27   NCUE's possession of the pump station and landscape plans may support substantial similarity between

28   Maps 5471 and 6451.

"Absent evidence of direct copying, 'proof of infringement involves fact-based showings that the defendant had 'access' to the plaintiff's work and that the two works are 'substantially similar.'" *Funky Films*, 462 F.3d at 1076. "[T]here must be substantial similarity between infringing work and the work copyrighted; and that similarity must have been caused by the defendant's having copied the copyright holder's creation." *Roth Greeting Cards*, 429 F.2d at 1110.

The motion lacks support.

### *ORDER*

This Court DENIES the motion in limine.

### ORDER AS TO DUTY OF COUNSEL

Counsel are cautioned against filing motions for reconsideration without legal prerequisites firmly established.  Failure of counsel to raise or articulate points or issues does not justify reconsideration.

Counsel are discouraged from filing motions "for clarification" when such motions are nothing more than a statement of disagreement with the Court's ruling and/or an attempt to modify the ruling. Being surprised at the Court's ruling, no matter where the I.Q. chart's result lands, is not a basis for such a motion.

During trial, the parties' counsel shall meet with the Court each morning prior to jury arrival to address evidentiary issues and disputes.  The jury will **NOT** be kept waiting.  The Court will rule on matters to the extent possible prior to commencement of trial each day out of the jury's presence.  If such ruling depends on receipt of testimony or other evidence, the Court will rule as appropriate upon the receipt of such testimony or evidence.  If evidentiary problems are anticipated, the parties' counsel are required to notify the Court immediately that a hearing outside the jury's presence will be required, but should not expect such hearing while the jury waits in the jury room.  Such hearings will take place before jurors arrive or after they depart.

Finally, should objections be made in front of the jury on a purported violation of a motion in limine ruling, counsel are expected to object stating the **LEGAL** ground, followed by reference to the

/ / /

/ / /

4

number of the motion in limine (e.g., "Objection, relevance, violation of plaintiff's motion in limine no. 4.")

IT IS SO ORDERED.

**Dated:    February 10, 2010**                              /s/ Lawrence J. O'Neill
                                                         UNITED STATES DISTRICT JUDGE