1

2

3

4

5

6

7

8              **IN THE UNITED STATES DISTRICT COURT**

9          **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11   ROGER McINTOSH,                          CASE NO. CV F 07-1080 LJO GSA

12               Plaintiff,                   **ORDER ON PLAINTIFF'S MOTIONS IN LIMINE**
                                              (Docs. 206-211.)
13        vs.

14   NORTHERN CALIFORNIA
     UNIVERSAL ENTERPRISES,
15   INC., et al,

16               Defendants.
                                        /
17

18          Plaintiff Roger McIntosh ("Mr. McIntosh") filed six motions in limine.  Defendants Northern

19   California Universal Enterprises Company, Inc. ("NCUE"), Lotus Developments, L.P. ("Lotus"), Dennis

20   W. DeWalt, Inc. ("DeWalt"), and City of Wasco ("Wasco") oppose Mr. McIntosh's motions in limine.

21   The parties' moving and opposition papers are clear.  This Court needs no oral argument on Mr.

22   McIntosh's motions in limine.  This Court issues the following rulings on Mr. McIntosh's motions in

23   limine and VACATES the February 12, 2010 hearing on Mr. McIntosh's motions in limine.

24   **MR. McINTOSH'S MIL[1] NO. 1 TO EXCLUDE WASCO EXPERT OPINION WHETHER MR.**

25   **McINTOSH'S COPYRIGHTED WORKS AND MAP 6451 ARE SUBSTANTIALLY SIMILAR**

26          Mr. McIntosh seeks to exclude opinion of Wasco civil engineer expert Steven Wong ("Mr.

27

28          [1]         As used in headings, "MIL" refers to motion in limine.

                                                1

1 Wong") whether Mr. McIntosh's copyrighted works and Map 6451 are substantially similar as legal

2 conclusion beyond Mr. Wong's expertise.

3       Wasco appears to limit Mr. Wong's testimony as to his observations between Mr. McIntosh's

4 copyrighted works and Tentative and Final Maps 6451 without concluding that they are substantially

5 similar.  Wasco concedes that Mr. Wong is unqualified to opine on a legal conclusion that Mr.

6 McIntosh's copyrighted works and Tentative and Final Maps 6451 are substantially similar.  As such,

7 Mr. Wong's testimony is properly limited to his observations between Mr. McIntosh's copyrighted

8 works, on one hand, and Tentative and Final Maps 6451, on the other hand, without concluding that they

9 are substantially similar.

10 ***ORDER***

11       This Court GRANTS the motion in limine insofar as to LIMIT Mr. Wong's testimony as to his

12 observations between Mr. McIntosh's copyrighted works, on the one hand, and Tentative and Final

13 Maps 6451, on the other hand, without concluding that they are substantially similar.

14 **MR. McINTOSH'S MIL NO. 2 TO EXCLUDE EVIDENCE OF PRIOR LITIGATION**

15       Mr. McIntosh seeks to exclude evidence that his former Martin-McIntosh partnership pursued

16 a breach of contract claim against Wasco arising from original developer Legacy Group, L.P.'s failed

17 original subdivision development.

18       Wasco fails to demonstrate how the prior litigation supports impeachment.  Wasco does not

19 identify the evidence it intends to use for impeachment and presumably such evidence is Mr. McIntosh's

20 settlement demands or agreed to settlement.

21       Wasco fails to address the relevance of Mr. McIntosh's prior, resolved breach of contract claim

22 – either for Mr. McIntosh's impeachment or motive to support a post-judgment award of attorney fees.

23 Wasco does not claim an offset based on amounts Mr. McIntosh received to settle the claim.  Evidence

24 of the prior claim would serve to disparage Mr. McIntosh and confuse issues.

25 ***ORDER***

26       This Court GRANTS the motion in limine to EXCLUDE evidence of Mr. McIntosh's prior

27 litigation and settlement.

28 / / /

2

1 **MR. McINTOSH'S MIL NO. 3 TO LIMIT DeWALT WITNESSES AS TO HOW TENTATIVE**

2 **AND FINAL MAPS 6451 WERE DRAWN**

3      Mr. McIntosh seeks to limit testimony as to drawing of Tentative and Final Maps 6451 to four

4 former or current DeWalt employees and to prohibit new witness testimony as to how details of Map

5 6451 were determined.

6      In the absence of DeWalt discovery responses to identify additional witnesses, testimony of

7 Tentative and Final Map 6451 drawing is limited to Jeff Gutierrez, Greg Black, Sarah Burgi and Josh

8 Woodward.  However, these witnesses are not limited to their deposition testimony (as defendants claim

9 Mr. McIntosh seeks) but may be impeached with it.

10                                                      ***ORDER***

11      This Court GRANTS the motion in limine to LIMIT testimony of Tentative and Final Map 6451

12 drawing to Jeff Gutierrez, Greg Black, Sarah Burgi and Josh Woodward but their trial testimony is not

13 limited to the scope of their deposition testimony.

14 **MR. McINTOSH'S MIL NO. 4 TO EXCLUDE DEFENDANTS' EXPENSES IN DAMAGES**

15 **PHASE**

16      If Mr. McIntosh proves defendants' willful copyright infringement during the liability phase, Mr.

17 McIntosh seeks to exclude deduction of defendants' expenses from their gross profits in the damages

18 phase.

19      Mr. McIntosh fails to substantiate his claim that defendants may not deduct expenses.  17 U.S.C.

20 § 504(b) provides: "In establishing the infringer's profits, the copyright owner is required to present

21 proof only of the infringer's gross revenue, and the infringer is required to prove his or her deductible

22 expenses and the elements of profit attributable to factors other than the copyrighted work."  The statute

23 is contrary to Mr. McIntosh's position

24                                                      ***ORDER***

25      This Court DENIES the motion in limine.

26 **MR. McINTOSH'S MIL NO. 5 TO EXCLUDE WASCO'S BOND DEBT  AS A DEDUCTION**

27 **TO PROFITS**

28      If Mr. McIntosh proves copyright infringement, Mr. McIntosh seeks to exclude Wasco's bond

1  debts to deduct as an expense from profits.

2      The parties fail to quantify the bond debts. The bond debts were incurred years prior to alleged

3  infringement. Wasco fails to establish how bond debts incurred in the early 1990s are germane to Wasco

4  profits earned more than 10 years later. The bond debts are too removed and disconnected from alleged

5  profits from infringement to constitute deductible expenses.

6                                   *ORDER*

7      This Court GRANTS the motion in limine to EXCLUDE evidence of Wasco's bond debts.

8  **MR. McINTOSH'S MIL NO. 6 TO EXCLUDE SURVEYOR HEATH JAMES**

9      Mr. McIntosh seeks to exclude former DeWalt surveyor Heath James' testimony in that DeWalt

10  delayed until the pretrial statement witness list to provide James' correct name and address, and Mr.

11  McIntosh has not deposed James.

12      F.R.Civ.P. 37(c)(1) addresses failure to provide discovery disclosures or supplements and

13  provides:

14          If a party fails to provide information or identify a witness as required by Rule
            26(a) or (e), the party is not allowed to use that information or witness . . . at a trial,
15          unless the failure was substantially justified or is harmless. In addition to or instead of
            this sanction, the court . . .
16
            (A) may order payment of the reasonable expenses, including attorney's fees,
17          caused by the failure;

18          (B) may inform the jury of the party's failure; and

19          (C) may impose other appropriate sanctions, including any of the orders listed in
            Rule 37(b)(2)(A)(i)-(vi).
20

21      There is no indication that DeWalt fulfilled its affirmative duty to update or supplement its

22  discovery disclosures or responses to reveal James' place of employment to enable Mr. McIntosh to

23  subpoena James without undue effort or expense. The record before this Court suggests that DeWalt

24  desired to spring James' testimony without the benefit to Mr. McIntosh of James' deposition. The

25  proper recourse for DeWalt's failure to satisfy its F.R.Civ.P. 26(e)(1) obligations is to exclude James

26  as a witness.

27                                   *ORDER*

28      This Court GRANTS the motion in limine insofar as to exclude JAMES as a witness but denies

                                      4

1    other requested relief or sanctions.

2    **ORDER AS TO DUTY OF COUNSEL**

3    Counsel are cautioned against filing motions for reconsideration without legal prerequisites

4    firmly established.   Failure of counsel to raise or articulate points or issues does not justify

5    reconsideration.

6    Counsel are discouraged from filing motions "for clarification" when such motions are nothing

7    more than a statement of disagreement with the Court's ruling and/or an attempt to modify the ruling.

8    Being surprised at the Court's ruling, no matter where the I.Q. chart's result lands, is not a basis for such

9    a motion.

10   During trial, the parties' counsel shall meet with the Court each morning prior to jury arrival to

11   address evidentiary issues and disputes.  The jury will **NOT** be kept waiting.  The Court will rule on

12   matters to the extent possible prior to commencement of trial each day out of the jury's presence.  If such

13   ruling depends on receipt of testimony or other evidence, the Court will rule as appropriate upon the

14   receipt of such testimony or evidence.  If evidentiary problems are anticipated, the parties' counsel are

15   required to notify the Court immediately that a hearing outside the jury's presence will be required, but

16   should not expect such hearing while the jury waits in the jury room.  Such hearings will take place

17   before jurors arrive or after they depart.

18   Finally, should objections be made in front of the jury on a purported violation of a motion in

19   limine ruling, counsel are expected to object stating the **LEGAL** ground, followed by reference to the

20   number of the motion in limine (e.g., "Objection, relevance, violation of plaintiff's motion in limine no.

21   4.")

22   IT IS SO ORDERED.

23   **Dated:     February 10, 2010**                        /s/ Lawrence J. O'Neill
                                                        UNITED STATES DISTRICT JUDGE

24

25

26

27

28