1  **William L. Alexander** (State Bar Number 126607)
2  **Tenielle E. Cooper** (State Bar Number 226717)
   Alexander & Associates, PLC
3  1925 G Street
   Bakersfield, CA  93301
4  Phone:  (661) 316-7888
   Fax:  (661) 316-7890
5
6  **Attorneys for Defendant, Dennis W. DeWalt, Inc.**
7
8
                       UNITED STATES DISTRICT COURT
9
            EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION
10
11

| | |
|---|---|
| ROGER McINTOSH, | Case No.  1:07-CV-01080 LJO-GSA |
| Plaintiff, | **DeWALT and DEFENDANTS' JOINT OBJECTION TO PLAINTIFF'S MAP OVERLAYS EXHIBIT** |
| vs. | |
| NORTHERN CALIFORNIA UNIVERSAL ENTERPRISES COMPANY, a California Corporation, et al, | Date:        March 1, 2010<br>Time:       8:30 a.m.<br>Courtroom: 4<br>Judge:      Hon. Lawrence J. O'Neill |
| Defendants. | |

        Defendant DENNIS W. DeWALT, INC. ("DeWALT") and defendants, and each of them, in accordance with Federal Rule of Civil Procedure 26(a)(3)(B) file this objection to Plaintiff, ROGER McINTOSH's map and acetate overlays exhibit on the grounds that defense counsel never saw this 13 page exhibit in advance of February 10, 2010, still has not seen the actual exhibit itself, and because plaintiff's counsel refuses to disclose who will testify with this exhibit – other than to say that plaintiff himself will provide impermissible expert opinion utilizing the exhibit.

        To allow plaintiff to use an exhibit at trial that has never been seen would be unfair, prejudicial and would constitute a waste of time.

Alexander & Associates
Attorneys at Law
1925 G Street
Bakersfield, CA 93301
(661) 316-7888

1    Case No. 1:07-CV-01080 LJO-GSA

DeWALT and DEFENDANTS' OBJECTION TO PLAINTIFF's "OVERLAYS" EXHIBIT

## INTRODUCTION

On February 10, 2010 at the parties' exhibits exchange, and without having provided them to defendants ever before, plaintiff showed defense counsel a very large and voluminous exhibit comprised of 13 pages of map work. Plaintiff had one copy. Plaintiff's counsel further stated that the exhibit he showed to defense counsel that day – 13 pages of highly intricate map drawings – wasn't the "actual" exhibit he would use at trial, but that the "real" exhibit would be page after page of clear acetate overlays with various colors to be used by laying one page over another to depict various elements of maps or stages of mapping. In essence, plaintiff disclosed an exhibit without ever actually disclosing the exhibit. Accordingly, defense counsel has had no opportunity to show the actual exhibit to its clients, witnesses, or experts.

Moreover, when defense counsel asked who, exactly, would be testifying with this exhibit, plaintiff's counsel refused to disclose who would be testifying as to the numbers, facts, colors, scale, and other information on the exhibit, except, possible, plaintiff.

## DISCUSSION

**<u>Plaintiff Should Be Precluded From Using the Exhibit For Failing To Adhere to the Pre-Trial Order and Failing to Disclose the Actual Exhibit, To Date, to Defense Counsel.</u>**

The purpose of exchanging exhibits at the pre-trial exhibits exchange is to allow the parties to see all of the exhibits the parties plan to use at trial. Despite this Court's Pre-Trial Order requiring all parties to exchange their proposed exhibits no later than February 9, 2010 – defendants have still not seen the actual, colored-acetate exhibit plaintiff intends to use at trial. And, despite this Court's Pre-Trial Order requiring all parties to meet and conduct an exhibit conference about those exhibits no later than February 12, 2010 - Plaintiff has failed to exchange the actual exhibit he intends to use. Such conduct is improper.

On February 12th – three days after the required exchange, and two days after the parties' conference - plaintiff merely provided a small, .pdf black-and-white electronic copy to counsel via e-mail, after only showing defense counsel a large black-and-white paper (only) set of the items at the exhibits exchange.

Alexander & Associates
Attorneys at Law
1925 G Street
Bakersfield, CA 93301
(661) 316-7888

2          Case No. 1:07-CV-01080 LJO-GSA

DeWALT and DEFENDANTS' OBJECTION TO PLAINTIFF's "OVERLAYS" EXHIBIT

However, plaintiff has indicated that the exhibit will be at trial, in reality, a clear acetate multi-page overlay, with various colors depicting various elements of the map or stages of development. The various pages will be set atop others in order to interact with the other pages of overlay material as one interchangeable demonstrative exhibit. Defendants have yet to see that exhibit.

Inasmuch as this exhibit was only been verbally – not visually – disclosed on February10, 2010, there has been absolutely no written or deposition discovery performed about its contents. Defendants have been unable to show this "actual" exhibit to its clients, witnesses, or experts.

**Plaintiff's Expert Should Be Precluded From Using the Exhibit at Trial as it Would Be Unfair, Prejudicial and a Waste of Time.**

Plaintiff's expert, James K. Delmarter, should not be permitted to utilize the overlays exhibit at trial because he has provided no opinion testimony regarding, or utilizing, that exhibit. Mr. Delmarter was deposed on February 2, 2009. At that time he testified that he had been asked by Plaintiff and Plaintiff's counsel to compare Plaintiff's tentative map and DeWALT's map, to determine if there were similarities. (Depo. James Delmarter, p. 22, line 11 – p. 23 – 8; See Exhibit "A" attached to Declaration of T. Cooper.) Mr. Delmarter testified, and gave his expert opinions, related to that comparison – alone. Mr Delmarter never testified, nor disclosed, that he had ever reviewed a colored-acetate overlays exhibit, or that the planned to rely on one at trial.

Moreover, Mr. Delmarter testified that he had no other opinions which he intended to give at trial nor had he been asked to render further opinions. (Depo. J. Delmarter, p. 39, line 24 – page 40, line 1.) Additionally, Mr. Delmarter provided a written report in which he provided his opinions and provided a list of all documents which he reviewed. The overlays exhibit was not disclosed in Mr. Delmarter's report. (See Exhibit "B" attached to Declaration of T. Cooper.) Nothing about this overlay exhibit was provided by plaintiff in any Rule 26 disclosures, deposition testimony, or expert reports.

Again, it bears noting that defendants have not been able to show the overlays exhibit to their experts – because defense counsel has not received the exhibit. It would be unfair and prejudicial to

Alexander & Associates
Attorneys at Law
1925 G Street
Bakersfield, CA 93301
(661) 316-7888

3    Case No. 1:07-CV-01080 LJO-GSA

DeWALT and DEFENDANTS' OBJECTION TO PLAINTIFF's "OVERLAYS" EXHIBIT

1  allow plaintiff or his expert to utilize a document that has never before been seen by defendants and
2  defense experts. (See FRE 403.)

3  **Plaintiff Should Not Be Permitted to Testify as an Expert.**

4  As previously discussed, defendants have no idea who will testify with plaintiff's overlays
5  exhibit because counsel has refused to disclose that information as well. But assuming that plaintiff,
6  ROGER McINTOSH, plans to utilize the exhibit to provide opinion testimony, such testimony
7  should be precluded because McINTOSH was not designated by plaintiff as an expert, and
8  defendants did not have an opportunity to depose McINTOSH as such. (FRE 701.)

9  **CONCLUSION**

10  Defendants, and each of them respectfully request this Court disallow plaitniff's proposed
11  "overlays" exhibit from use at trial on the grounds that defense counsel never saw this 13 page
12  exhibit in advance of February 10, 2010, still has not seen the actual exhibit itself, and because
13  plaintiff's counsel refuses to disclose who will testify with this exhibit – other than to say that
14  plaintiff himself will provide impermissible expert opinion utilizing the exhibit, and because to allow
15  plaintiff to use an exhibit at trial that has never been seen would be unfair, prejudicial and would
16  constitute a waste of time.

17  DATED: February 16, 2010                ALEXANDER & ASSOCIATES, PLC

18                                          By:      /s/  Tenielle E. Cooper
19                                                 TENIELLE E. COOPER,
                                                   Attorneys for Defendant, Dennis W.
20                                                 DeWalt, Inc.

Alexander & Associates
Attorneys at Law
1925 G Street
Bakersfield, CA 93301
(661) 316-7888

4                        Case No. 1:07-CV-01080 LJO-GSA

DeWALT and DEFENDANTS' OBJECTION TO PLAINTIFF's "OVERLAYS" EXHIBIT

# PROOF OF SERVICE

I am employed in the County of Kern, State of California. I am over the age of 18 and not a party to the within action; my business address is 1925 G Street, Bakersfield, California.

On February 16, 2010, I served the foregoing document entitled **DeWALT and DEFENDANTS' OBJECTION TO PLAINTIFF'S "OVERLAYS" EXHIBIT** on interested parties in this action:

| | |
|---|---|
| James J. Braze, Esq. | Steven John Hassing, Esq. |
| Jeffrey A. Travis, Esq. | Law Offices of Steven J. Hassing |
| Borton Petrini & Conron | 425 Calabria Court |
| 5060 California Avenue, Suite 700 | Roseville, CA 95747 |
| Bakersfield, CA 93303-2026 | Email address: stevehassing@yahoo.com |
| Email address: jbraze@bortonpetrini.com | |
| Email address: jtravis@bortonpetrini.com | |

Chaka Chuba Okadigbo, Esq.
Garcia Caledron Ruiz
50 S. Grand Avenue, Suite 1100
Los Angeles, CA 90071
Email address: cokadigbo@gerlegal.com

___ BY MAIL. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. postal service on that same day with postage thereon fully prepaid at Bakersfield, California in the ordinary course of business. The above sealed envelopes were placed for collection and mailing on the above date following ordinary business practice.

 XX  BY ELECTRONIC SERVICE. Pursuant to Fed. R. Civ.P. 5(b)(2)(E) and Local Court Rule(s), the foregoing document will be served by the court via CM/ECF. Pursuant to the CM/ECF docket for this case proceeding the following person(s) are on the Electronic Mail Notice List to receive ECF transmission at the email address(es) indicated above.

Executed on February 16, 2010, at Bakersfield, California.

 X  (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

/s/      Diane Ruff
DIANE RUFF

Alexander & Associates
Attorneys at Law
1925 G Street
Bakersfield, CA 93301
(661) 316-7888

5                        Case No. 1:07-CV-01080 LJO-GSA

DeWALT and DEFENDANTS' OBJECTION TO PLAINTIFF's "OVERLAYS" EXHIBIT