**William L. Alexander** (State Bar Number 126607)
**Tenielle E. Cooper** (State Bar Number 226717)
Alexander & Associates, PLC
1925 G Street
Bakersfield, CA  93301
Phone:  (661) 316-7888
Fax:  (661) 316-7890

**Attorneys for Defendant, Dennis W. DeWalt, Inc.**

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION

| | |
|---|---|
| ROGER McINTOSH,<br><br>            Plaintiff,<br><br>vs.<br><br>NORTHERN CALIFORNIA UNIVERSAL ENTERPRISES COMPANY, a California Corporation, et al,<br><br>            Defendants. | Case No.  1:07-CV-01080 LJO-GSA<br><br>**DECLARATION OF TENIELLE E. COOPER IN SUPPORT OF DeWALT and DEFENDANTS' JOINT OBJECTION TO PLAINTIFF'S "OVERLAYS" EXHIBIT**<br><br>Trial Date: March 1, 2010<br>Time:       8:30 a.m.<br>Courtroom: 4<br>Judge:      Hon. Lawrence J. O'Neill |

I, TENIELLE E. COOPER, declare:

1.      I am an attorney at law duly admitted to practice in the United States District Court, Eastern District of California, and am the attorney of record on behalf of defendant DENNIS W. DeWALT, INC. ("DeWALT") in the above-entitled matter.

2.      I am personally familiar with all of the pleadings and papers in this case, and I have personal knowledge of the facts stated herein.  If called as a witness, I could and would competently testify to the matters stated in this Declaration.

3.      Attached hereto as Exhibit "A" is a true and correct copy of portions of the deposition testimony of plaintiff's expert James K. Delmarter taken on February 2, 2009, along with cover page

1                           Case No. 1:07-CV-01080 LJO-GSA

Alexander & Associates
Attorneys at Law
1925 G Street
Bakersfield, CA 93301
(661) 316-7888

DECLARATION OF TENIELLE E. COOPER IN SUPPORT OF DeWALT and
DEFENDANTS' JOINT OBJECTION TO PLAINTIFF'S "OVERLAYS" EXHIBIT

1 and certification page.

2     4.    Attached hereto as Exhibit "B" is a true and correct copy of James K. Delmarter's
3 Expert Witness Disclosure served by plaintiff's counsel.

4     I declare under penalty of perjury under the laws of the State of California that the foregoing
5 is true and correct and that this declaration was executed on February 16, 2010 at Bakersfield,
6 California.

7

8                           By:/s/   Tenielle E. Cooper
                              TENIELLE E. COOPER,
9                               Attorney for Defendant Dennis W. DeWalt,
                              Inc.

**Alexander & Associates**
**Attorneys at Law**
**1925 G Street**
**Bakersfield, CA 93301**
**(661) 316-7888**

2          Case No. 1:07-CV-01080 LJO-GSA

DECLARATION OF TENIELLE E. COOPER IN SUPPORT OF DeWALT and
DEFENDANTS' JOINT OBJECTION TO PLAINTIFF'S "OVERLAYS" EXHIBIT

# EXHIBIT "A"

```
 1                UNITED STATES DISTRICT COURT
 2                EASTERN DISTRICT OF CALIFORNIA
 3
 4    ROGER McINTOSH,
 5             Plaintiff,
 6       vs.                        Case No.
                                    107CV-01080-LJO-WMW
 7    NORTHERN CALIFORNIA UNIVERSAL
      ENTERPRISES COMPANY, ET AL.,
 8
               Defendants.
 9    ~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~
10
11
12
                         DEPOSITION OF
13
                       JAMES K. DELMARTER
14
15
16
                        February 2, 2009
17                         1:32 p.m.
18
19
                      5001 East Commercenter
20                         Suite 170
                      Bakersfield, California
21
22
23
24
                 Brian S. Cardoza, CSR No. 8362
25
```

```
 1    willing to serve as an expert?
 2           A.   Yes.
 3           Q.   And did he tell you anything about the case?
 4           A.   No.
 5           Q.   All right.  Did he tell you in that phone
 6    conversation the type of opinions he was looking to
 7    develop for trial?
 8           A.   No.
 9           Q.   Okay.  That came later?
10           A.   Yes.
11           Q.   All right.  So, as I understand it, between
12    the first time you talked to Mr. McIntosh and your
13    December 11th meeting, you didn't have any other
14    conversations with McIntosh but you had one with
15    Mr. Travis; is that correct?
16           A.   Yes.
17           Q.   Okay.  So then we come to December 11th where
18    you meet with the two of them?
19           A.   Yes.
20           Q.   Tell me what happened at that meeting?
21           A.   Well, they brought a lot of exhibits and so
22    forth and explained to me what -- what they were looking
23    for with regard to my testimony and what they were looking
24    for with regard to an opinion.
25           Q.   Well, let's stop right there for a second.
```

1  ==What did they tell you that they were looking for with==
2  ==regard to your testimony?==
3  ==    A.   They wanted me to review the process of --==
4  ==and the work that Mr. McIntosh had done and compare it==
5  ==with the -- the tentative map that he had prepared and==
6  ==find if there was any similarities between that tentative==
7  ==map and the tentative map that was subsequently prepared==
8  ==by DeWalt.==
9       Q.   Well, Mr. McIntosh told you about the
10  similarities, didn't he?
11       A.   Yes.
12       Q.   And he asked you to look at the two maps and
13  see if you concurred with the similarities that he pointed
14  out to you or that he mentioned to you?
15       A.   Yes.
16       Q.   All right.
17            Let's have a couple of exhibits marked.  Do you
18  want me to mark them again?  I guess that's what we've
19  been doing.  Okay.
20            (Defendants' Exhibit 1 was marked for
21            identification by the court reporter.)
22            MR. HASSING:  Exhibit Number 1 is my notice of
23  deposition.
24            THE WITNESS:  Yes, I have a copy of that.
25            MR. HASSING:  All right.  And, by the way, while

1   constructed or bonded for, plans have to be prepared and
2   approved, signed by the City, in this particular case, and
3   either a -- a security -- a -- secured for -- through a
4   bond or the improvements to be constructed.  I didn't go
5   into the detail in that second opinion, but that's what I
6   intended.
7          Q.  Okay.  So, if I understand you correctly, and
8   correct me if I'm wrong, I don't want to put words in your
9   mouth, but it seems to me what you have just done is
10  basically explained, or given an explanation, or a partial
11  explanation, for your second opinion.  Would that be fair
12  to say?
13         A.  Yes.
14         Q.  All right.  All right.  I understand what you
15  said.  Now, other than what you've testified to so far
16  today, and other than these two opinions, are there any
17  other opinions that you intend to give at trial?
18         A.  No.
19         Q.  There are no other opinions that you've been
20  asked to render at trial, correct?
21         A.  No.
22         Q.  That's not correct?
23         A.  Yes, that's correct, no more opinions.
24         Q.  Okay.  All right.  Do you intend to review
25  any more documents between now and the time of trial?

1          A.   No.

2          Q.   One of the documents that you reviewed was

3     parcel map 9572, correct?

4          A.   Yes.

5          Q.   Did your review of parcel map 9572 have any

6     bearing upon either of the opinions you plan to give at

7     trial?

8          A.   No.

9          Q.   Did you rely on parcel map 9572 in arriving

10    at your opinions?

11         A.   No.

12         Q.   You also reviewed contracts and agreements,

13    correct?

14         A.   Yes.

15         Q.   What contracts and agreements did you review?

16         A.   Well, I have four separate documents here

17    that I -- I looked at.  I didn't use them in any way to

18    form my opinions, I just was interested as to what the

19    nature of the work that was being done entailed.  And so

20    these four contracts, or -- or -- or proposals, basically,

21    are -- one's a proposal, and then some are additions to

22    the agreements, another addition to the agreement, and

23    another letter that -- it's an update between

24    Martin-McIntosh and the Legacy Group at the time.

25         Q.   All right.  Can I have those for a minute?

```
 1                REPORTER'S CERTIFICATION
 2
 3    STATE OF CALIFORNIA, )
 4                         ) ss.
 5    COUNTY OF KINGS.     )
 6
 7            I, the undersigned, a Certified Shorthand
 8    Reporter of the State of California, do hereby certify:
 9            That the foregoing proceedings were taken before
      me at the time and place herein set forth; that any
10    witnesses in the foregoing proceedings, prior to
11    testifying, were placed under oath; that a verbatim record
      of the proceedings was made by me using machine shorthand
12    which was thereafter transcribed under my direction;
13    further, that the foregoing is an accurate transcription
      thereof.
14            I further certify that I am neither financially
15    interested in the action nor a relative or employee of any
      attorney of any of the parties.
16            IN WITNESS WHEREOF, I have this date subscribed
17    my name.

18    Dated: _____
19
20
21                       _____
22                           BRIAN S. CARDOZA   C.S.R. #8362
23
24
25
```

**EXHIBIT "B"**

nr

| | |
|---|---|
| 1 | James J. Braze, Esq.; SBN 75911 |
| | Jeffrey A. Travis, Esq.; SBN 235507 |
| 2 | BORTON PETRINI, LLP |
| | 5060 California Avenue, Suite 700 |
| 3 | Post Office Box 2026 |
| | Bakersfield, CA 93303 |
| 4 | Telephone (661) 322-3051 |
| 5 | Attorneys for Plaintiff, Roger McIntosh |

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION

| | |
|---|---|
| ROGER McINTOSH, | Case No. 107CV 01080 LJO-WMW |
| Plaintiff, | EXPERT WITNESS DISCLOSURE OF JAMES K. DELMARTER BY PLAINTIFF, ROGER McINTOSH |
| v. | |
| NORTHERN CALIFORNIA UNIVERSAL ENTERPRISES COMPANY, et al, | |
| Defendants. | |

TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:

COMES NOW plaintiff, Roger McIntosh (hereinafter "Plaintiff"), pursuant to Federal Rules of Civil Procedure, Rule 26, as agreed to by the parties and as required by the Court, submits the following expert to be called at the time of trial:

**RETAINED EXPERT**

Mr. James K. Delmarter, is qualified through education and experience to testify as an expert in this matter as set forth in Rule 26 Expert Disclosure and Report of Mr. Delmarter. Mr. Delmarter is presently prepared to provide meaningful testimony in support of any and all opinions which he intends to offer at the trial in this matter.

The Rule 26 Expert Disclosure and Report of Mr. Delmarter is attached hereto and incorporated herein by reference as Exhibit "A."

#2

1  The aforementioned expert has reviewed the file and other relevant materials, and is prepared to submit to meaningful deposition on the opinions to which he intends to testify at trial. The aforementioned expert reserves the right to review additional materials, documents and depositions that are brought to his attention and to modify, alter or supplement his testimony based on those additional and/or supplemental material, documents or testimony. Plaintiff further reserves the right to call as an expert witness any and all other experts who may have been designated and/or identified by any other party in this matter.

Further, Plaintiff reserves its constitutional, statutory and common rights to later name other experts before trial and to call to testify at trial experts not presently named whose testimony is needed to aid in the prosecution of this matter and/or to refute and/or rebut the contentions and testimony of opposition experts and/or witnesses.

DATED: December 16, 2008

BORTON PETRINI, LLP

By: _____
Jeffrey A. Travis, Attorney for Plaintiff,
Roger McIntosh

# Exhibit A

## Rule 26 Expert Disclosure by James K. Delmarter

| | |
|---|---|
| Case Title: | Roger McIntosh v. Northern California Universal Enterprises Company. (Civil Docket #1:07-cv-01080). |
| Venue: | United States District Court<br>Eastern District of California<br>Fresno Division |
| Subject Matter: | Copyright Infringement. |
| Qualifications: | Bachelor of Science in Civil Engineering - University of California-Berkeley 1964 with Honors.<br><br>California Registered Civil Engineer - 1967.<br><br>1964 - 1974   Engineer of Predecessor Partnerships.<br><br>1974 - Present -   Partner of Current Delmarter & Deifel and its Predecessor Partnerships.<br><br>Professional Affiliations:<br><br>Fellow and Life Member of American Society of Civil Engineers.<br><br>Past President and Director of Kern County Chapter of American Council of Engineering Companies of California. |
| Experience: | 45 Years of Civil Engineering (42 years as Registered Engineer) specializing in Land Development and Surveying.<br><br>Processed approximately 195 Final Map Subdivisions, over one-thousand Parcel Maps, Lot Line Adjustments and Parcel Map Waivers, and numerous Commercial and Industrial Projects in the County of Kern communities of Rosamond and Lamont, and the cities of Bakersfield, Arvin, Shafter, McFarland, Delano, Tehachapi and Wasco. |
| Publications: | None |
| Trial Listing: | None |
| Deposition Listing: | None |

Compensation:  $150.00 per hour for document review and research.
$250.00 per hour for deposition testimony and trial
$1.00 per mile for travel.
Out-of-pocket expense for out-of-town meals and lodging.

Materials Reviewed.

In forming my opinions, I have reviewed the following documents:

1. Tentative Tract No. 5472 and Conditions of Approval
2. Tentative Tract No. 6451 and Conditions of Approval
3. Final Map Tract No. 6451
4. Parcel Map No. 9572
5. Contracts and Agreements
6. Street, Sewer, Water-Storm Drain, and Wall Plans
7. Master Drainage Plan
8. Master Sewer Plan
9. Master Water Plan
10. Master Land Use Plan, including Traffic Study

Based on my review of the documents provided to date, I am prepared to render the following opinions with respect to the above referenced case. To the extent that additional materials are brought to my attention, I respectfully reserve the right to supplement and/or amend the following opinions.

The revised Tentative Map for Tract No. 5472, dated April 21, 1992, and the Tentative Map for Tract No. 6451, dated November 8, 2004, are substantially similar in that the Lot configuration, numbering, street names and Tract boundary appear to be identical with minor differences due to the separate surveys. Tentative Tract No. 6451 reflects existing improvements constructed as a result of the plans prepared for Tract No. 5472 hereinabove referenced.

It is my opinion that Tract No. 6451 could not have been recorded had the improvements, prepared from the plans for Tract No. 5472, not been constructed.

Prepared and Submitted by:                                December 17, 2008

*[signature]*

James K. Delmarter
R.C.E. 17564   Expires: 6-30-2009

# PROOF OF SERVICE
## (FRCP No. 5(b)(2)(E))

STATE OF CALIFORNIA, COUNTY OF KERN

I, Gina Pomato, declare:

I am a citizen of the United States. I am employed in the County of Kern, State of California. I am over the age of 18 and not a party to the within action; my business address is 5060 California Avenue, Suite 700, Bakersfield, California 93309.

On **December 19, 2008**, I served the foregoing document described as **EXPERT WITNESS DISCLOSURE OF JAMES K. DELMARTER BY PLAINTIFF, ROGER McINTOSH** on the other party(ies) in this action as follows:

| | |
|---|---|
| Steven John Hassing, Esq.<br>**Law Offices of Steven J. Hassing**<br>425 Calabria Court<br>Roseville, CA 95747<br><br>email address: **stevehassing@yahoo.com** | Attorneys for Attorneys for Defendants,<br>Northern California Universal Enterprises<br>Company and Lotus Developments<br>Tel:   916/677-1776<br>**Fax:   916/677-1770** |
| Chaka Okadigbo<br>**Garcia Calderon Ruiz, LLP**<br>500 South Grand Ave Suite 1100<br>Los Angeles, CA 90071<br><br>email address: **cokadigbo@gcrlegal.com** | Attorneys for Defendant, City of Wasco<br><br>Tel: 213/347-0210<br>**Fax: 213-347-0216** |

☒ **BY ELECTRONIC SERVICE:** Pursuant to Fed. R. Civ. P. 5(b)(2)(E) and Local Court Rule(s), the foregoing document will be served by the court via CM/ECF.. Pursuant to the CM/ECF docket for this case proceeding the following person(s) are on the Electronic Mail Notice List to receive ECF transmission at the email address(es) indicated below:

☒ **BY MAIL:** As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at , California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

Executed on **December 19, 2008**, at Bakersfield, California.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

_____        /s/ Gina Pomato
Gina Pomato

3
EXPERT WITNESS DISCLOSURE OF PLAINTIFF, ROGER McINTOSH

# **PROOF OF SERVICE**

I am employed in the County of Kern, State of California. I am over the age of 18 and not a party to the within action; my business address is 1925 G Street, Bakersfield, California.

On February 16, 2010, I served the foregoing document entitled **DECLARATION OF TENIELLE E. COOPER IN SUPPORT OF DeWALT and DEFENDANTS' JOINT OBJECTION TO PLAINTIFF'S "OVERLAYS" EXHIBIT** on interested parties in this action:

| | |
|---|---|
| James J. Braze, Esq.<br>Jeffrey A. Travis, Esq.<br>Borton Petrini & Conron<br>5060 California Avenue, Suite 700<br>Bakersfield, CA 93303-2026<br>Email address: jbraze@bortonpetrini.com<br>Email address: jtravis@bortonpetrini.com | Steven John Hassing, Esq.<br>Law Offices of Steven J. Hassing<br>425 Calabria Court<br>Roseville, CA 95747<br>Email address: stevehassing@yahoo.com |

Chaka Chuba Okadigbo, Esq.
Garcia Caledron Ruiz
50 S. Grand Avenue, Suite 1100
Los Angeles, CA 90071
Email address: cokadigbo@gerlegal.com

___ BY MAIL. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. postal service on that same day with postage thereon fully prepaid at Bakersfield, California in the ordinary course of business. The above sealed envelopes were placed for collection and mailing on the above date following ordinary business practice.

 XX  BY ELECTRONIC SERVICE. Pursuant to Fed. R. Civ.P. 5(b)(2)(E) and Local Court Rule(s), the foregoing document will be served by the court via CM/ECF. Pursuant to the CM/ECF docket for this case proceeding the following person(s) are on the Electronic Mail Notice List to receive ECF transmission at the email address(es) indicated above.

Executed on February 16, 2010, at Bakersfield, California.

 X  (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

                          /s/      Diane Ruff
                          DIANE RUFF

Alexander & Associates
Attorneys at Law
1925 G Street
Bakersfield, CA 93301
(661) 316-7888

3     Case No. 1:07-CV-01080 LJO-GSA

DECLARATION OF TENIELLE E. COOPER IN SUPPORT OF DeWALT and
DEFENDANTS' JOINT OBJECTION TO PLAINTIFF'S "OVERLAYS" EXHIBIT