nr

1  James J. Braze, Esq.; SBN 75911
   Jeffrey A. Travis, Esq.; SBN 235507
2  BORTON PETRINI, LLP
   5060 California Avenue, Suite 700 (93309)
3  Post Office Box 2026
   Bakersfield, CA 93303
4  Telephone (661) 322-3051
   email: jbraze@bortonpetrini.com
5  email: jtravis@bortonpetrini.com

6  Attorneys for Plaintiff, Roger McIntosh dba
   McIntosh & Associates

7

8              UNITED STATES DISTRICT COURT

9      EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION

10

11  ROGER McINTOSH,                    Case No.  1:07-CV- 01080 LJO-GSA

12              Plaintiff,             PLAINTIFF'S DISCOVERY
                                       DOCUMENTS INTENDED TO BE USED
13  v.                                 AT TRIAL

14  NORTHERN CALIFORNIA UNIVERSAL
    ENTERPRISES COMPANY, a California
15  corporation; LOTUS DEVELOPMENTS,
    LLP; THE CITY OF WASCO, a municipal
16  corporation; DEWALT CM, INC., a California
    corporation also doing business as DEWALT
17  CORPORATION; and DOES 1 through 10,
    inclusive
18
19              Defendants.

20  ─────────────────────────────────

21  CITY OF WASCO,

22              Cross-Complaint,

23  vs.

24  NORTHERN CALIFORNIA UNIVERSAL
    ENTERPRISES COMPANY, INC.,
25
                Cross-Defendant.
26

27  / / /

28

H:\PUBLIC\054493\060971
McIntosh v. Northern\Trial
Prep\Exhibit List\Discovery
Documents\PLTFFS
DISCOVERY
DOCUMENTS.wpd

1
PLAINTIFF'S OBJECTIONS TO EXHIBITS FILED BY DEFENDANTS

Plaintiff, Roger McIntosh, hereby submits his list of discovery documents and their related responses to be used at trial.

- Northern California Universal Enterprise Co.'s Response to Request for Admissions, Set One, propounded by Roger McIntosh (Request and Response Attached hereto as Exhibit "A")

- Lotus Development, LP.'s Response to Request for Admissions, Set One, propounded by Roger McIntosh (Request and Response Attached hereto as Exhibit "B")

- City of Wasco's Responses to Request for Admissions, Set One, propounded by Roger McIntosh. (Request and Response Attached hereto as Exhibit "C")

- Dennis W. De Walt, Inc.'s Supplemental Responses to Request for Admissions, Set One, propounded by Roger McIntosh; (Request and Response Attached hereto as Exhibit "D")

- Dennis W. De Walt, Inc.'s Supplemental Responses to Special Interrogatories, Set One, propounded by Roger McIntosh; (Request and Response Attached hereto as Exhibit "E")

- City of Wasco's Responses to Request for Production of Documents, Set One, propounded by Roger McIntosh. (Request and Response Attached hereto as Exhibit "F")

- Northern California Universal Enterprise Co.'s Response to Request for Production of Documents, Set One, propounded by Roger McIntosh (Request and Response Attached hereto as Exhibit "G")

- Lotus Development, LP.'s Response to Request for Production of Documents, Set One, propounded by Roger McIntosh (Request and Response Attached hereto as Exhibit "H")

- Northern California Universal Enterprise Co.'s Response to Request for Production of Documents, Set Three, propounded by Roger McIntosh (Request and Response Attached hereto as Exhibit "I")

- Lotus Development, LP.'s Response to Request for Production of Documents, Set Three, propounded by Roger McIntosh (Request and Response Attached hereto as Exhibit "J")

- California Public Records Request Act by McIntosh and Document Production Responses by the City of Wasco (Request and Response Attached hereto as Exhibit "K")

DATED:  February 15, 2010

BORTON PETRINI, LLP


By:____s/Jeffrey A. Travis/_____
James J. Braze, Jeffrey A. Travis, Attorney for Plaintiff, Roger McIntosh dba McIntosh & Associates

H:\PUBLIC\054493\060971
McIntosh v. Northern\Trial
Prep\Exhibit List\Discovery
Documents\PLTFFS
DISCOVERY
DOCUMENTS.wpd

2

PLAINTIFF'S OBJECTIONS TO EXHIBITS FILED BY DEFENDANTS

# EXHIBIT "A"

vja

1  James J. Braze, Esq.; SBN 75911
   Jeffrey A. Travis, Esq.; SBN 235507
2  BORTON PETRINI, LLP
   1600 Truxtun Avenue
3  Post Office Box 2026
   Bakersfield, CA 93303
4  Telephone (661) 322-3051

5  Attorneys for Plaintiff, Roger McIntosh

6

7

8              UNITED STATES DISTRICT COURT

9      EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION

10

11  ROGER McINTOSH,                    Case No.  107CV 01080 LJO-WMW

12              Plaintiff,             REQUESTS FOR ADMISSION (SET NO.
                                       ONE) TO NORTHERN CALIFORNIA
13  v.                                 UNIVERSAL ENTERPRISES COMPANY

14  NORTHERN CALIFORNIA UNIVERSAL
    ENTERPRISES COMPANY, et al,
15
                Defendants.
16

17

18  PROPOUNDING PARTY    :    PLAINTIFF ROGER McINTOSH

19  RESPONDING PARTY     :    DEFENDANT NORTHERN CALIFORNIA UNIVERSAL
                              ENTERPRISES COMPANY
20
    SET NO.              :    ONE (1)
21

22                **PRELIMINARY STATEMENT**

23          Plaintiff, Roger McIntosh, requests defendant Northern California Universal

24  Enterprises Company ("Northern") respond  within 30 days of this request to admit the following:

25  / / /

26  / / /

27  / / /

28  / / /

1    **REQUEST FOR ADMISSION NO. 1**:

2        Admit that you had Tentative Tract Map No. 6451 (a copy of which is attached to this

3    request as Exhibit "1," Bates No. BP001314) prepared by Dewalt CM, Inc., also known as Dewalt

4    Corporation ("Dewalt").

5    **REQUEST FOR ADMISSION NO. 2**:

6        Admit that you had Vesting Tentative Tract Map No. 6451 (a copy of which is

7    attached to this request as Exhibit "2," and previously produced as BP000155 and A01918) prepared

8    by Dewalt.

9    **REQUEST FOR ADMISSION NO. 3**:

10       Admit that the 6451 Tentative and Final Maps include the same lot numbering as

11   Tentative Map No. 5472.

12   **REQUEST FOR ADMISSION NO. 4**:

13       Admit that, except for the street formerly named as "Olympic Close" on Tentative

14   Map No. 5472, the 6451 Tentative and Final Maps include the same street names as Tentative Map

15   No. 5472.

16   **REQUEST FOR ADMISSION NO. 5**:

17       Admit that the 6451 Tentative and Final Maps include the same parcel boundaries

18   as Tentative Map No. 5472.

19   **REQUEST FOR ADMISSION NO. 6**:

20       Admit that the 6451 Tentative and Final Maps include the same lot boundaries as

21   Tentative Map No. 5472.

22   **REQUEST FOR ADMISSION NO. 7**:

23       Admit that the 6451 Tentative and Final Maps include the same subdivision design

24   as Tentative Map No. 5472.

25   **REQUEST FOR ADMISSION NO. 8**:

26       Admit that the 6451 Tentative and Final Maps are substantially similar to Tentative

27   Map No. 5472.

28   **REQUEST FOR ADMISSION NO. 9**:

1    Admit that you had the authority to stop the preparation of Tentative Map No. 6451

2  any time prior to its acceptance by the City of Wasco.

3  **REQUEST FOR ADMISSION NO. 10:**

4    Admit that you wanted the improvement plans prepared by Martin-McIntosh to

5  complete repairs for the Valley Rose Estates subdivision.

6  **REQUEST FOR ADMISSION NO. 11:**

7    Admit that the improvement plans for Tract No. 6451 are the improvement plans

8  prepared by Martin-McIntosh for Tract No. 5472.

9  **REQUEST FOR ADMISSION NO. 12:**

10    Admit that you received from the City of Wasco improvement plans prepared by

11  Martin-McIntosh for completing repairs to the Valley Rose Estates subdivision.

12  **REQUEST FOR ADMISSION NO. 13:**

13    Admit that you received improvement plans prepared by Martin-McIntosh from the

14  City of Wasco.

15  **REQUEST FOR ADMISSION NO. 14:**

16    Admit that you received improvement plans prepared by Martin-McIntosh from

17  Dewalt.

18  **REQUEST FOR ADMISSION NO. 15:**

19    Admit that you knew previous Tentative Map No. 5472 had expired.

20  **REQUEST FOR ADMISSION NO. 16:**

21    Admit that you knew Tentative Map No. 6451 replaced expired Tentative Map No.

22  5472.

23  **REQUEST FOR ADMISSION NO. 17:**

24    Admit that you called Roger McIntosh to inquire about the pump station design for

25  the Valley Rose Estates subdivision.

26  **REQUEST FOR ADMISSION NO. 18:**

27    Admit that you called Roger McIntosh to discuss re-processing Tract No. 5472.

28  **REQUEST FOR ADMISSION NO. 19:**

1    Admit that your purpose in developing Tract No. 6451 was to make a profit on the

2    sale of homes built on the lots on that tract.

3    **REQUEST FOR ADMISSION NO. 20**:

4    Admit that Roger McIntosh asked you to pay money to him for the use of his

5    improvement plans.

6    **REQUEST FOR ADMISSION NO. 21**:

7    Admit that you have not paid Roger McIntosh for the improvement plans for the

8    Valley Rose Estates subdivision.

9    **REQUEST FOR ADMISSION NO. 22**:

10   Admit that Northern California Universal Enterprises Company was the developer

11   of Tract No. 6451.

12   **REQUEST FOR ADMISSION NO. 23**:

13   Admit that Lotus Developments, LP was the developer of Tract No. 6451.

14   **REQUEST FOR ADMISSION NO. 24**:

15   Admit that Tentative Map No. 6451 for the Valley Rose Estates subdivision replaced

16   expired Tentative Map No. 5472.

17   **REQUEST FOR ADMISSION NO. 25**:

18   Admit that Tentative Map No. 6451 is a portion of the southeast quarter of southwest

19   quarter of Section 4, Township 27 South, Range 24 East, Mt. Diablo base and meridian, City of

20   Wasco.

21   **REQUEST FOR ADMISSION NO. 26**:

22   Admit that Tentative Map No. 6451 comprises a subdivision with a road named St.

23   Andrews Crescent intersecting Valley Rose Parkway, Olympic Court (formerly Olympic Close) and

24   Pebble Beach Way.

25   **REQUEST FOR ADMISSION NO. 27**:

26   Admit that Tentative Map No. 6451 contains consecutively numbered lots from 1 to

27   68.

28   **REQUEST FOR ADMISSION NO. 28**:

1       Admit that the Tentative Map No. 5472 contains consecutively numbered lots from

2   1 to 68.

3   **REQUEST FOR ADMISSION NO. 29**:

4       Admit that the "Associative Approved Improvement Plans" referenced in the "Notes"

5   section of Tentative Map No. 6451 refers to the improvement plans prepared by Martin-McIntosh.

6   **REQUEST FOR ADMISSION NO. 30**:

7       Admit that the numbered lots on the Wall Improvement Plans (Nos. BP000452-

8   BP000456) refers to the buildable lots on Tentative Map No. 6451.

9   **REQUEST FOR ADMISSION NO. 31**:

10      Admit that the numbered lots on the Wall Improvement Plans (Plaintiff's Bates

11  Nos. BP000452-BP000456) refers to the lots on Tentative Map No. 5472.

12  **REQUEST FOR ADMISSION NO. 32**:

13      Admit that Tentative Map No. 6451 has three places on the Tentative Map that are

14  referred to as "Designated Remainder" and which refer to the same portion(s) of land on Tentative

15  Map No. 5472 referenced as "Not a Part".

16  **REQUEST FOR ADMISSION NO. 33**:

17      Admit that you were granted a $25,000 Zone of Benefit credit for installing a power

18  generator at the wastewater lift station at the Valley Rose Estates.

19  **REQUEST FOR ADMISSION NO. 34**:

20      Admit that you obtained an appraisal for the Valley Rose Estates which enabled you

21  to get a loan to purchase the Valley Rose Estates golf course.

22  DATED:  December 20, 2008

23          BORTON PETRINI, LLP

24

25  By

26        Jeffrey A. Travis, Attorney for Plaintiff,
      Roger McIntosh

27

28

1

## PROOF OF SERVICE (FRCP Rule No. 5)

2

## STATE OF CALIFORNIA, COUNTY OF KERN

3

I am employed in the County of Kern, State of California.  I am over the age of 18
and not a party to the within action; my business address is 1600 Truxtun Avenue,

4

Bakersfield, California 93301.

5

On December **29**, **2008**, I served the foregoing document described as
**REQUESTS FOR ADMISSION (SET NO. ONE) TO NORTHERN CALIFORNIA**

6

**UNIVERSAL ENTERPRISES COMPANY** on the other parties in this action by placing
a true copy thereof enclosed in sealed envelopes addressed as follows:

7

8

Steven John Hassing, Esq.                        Attorneys for Attorneys for Defendants,
**Law Offices of Steven J. Hassing**             Northern California Universal Enterprises

9

425 Calabria Court                               Company and Lotus Developments
Roseville, CA 95747                              Tel:   916/677-1776

10

email address: **stevehassing@yahoo.com**

11

Chaka Okadigbo                                   Attorneys for Defendant, City of Wasco
**Garcia Calderon Ruiz, LLP**                    Tel: 213/347-0210

12

500 South Grand Ave Suite 1100                   **Fax: 213-347-0216**
Los Angeles, CA 90071

13

email address: **cokadigbo@gcrlegal.com**

14

**BY ELECTRONIC SERVICE:**  Pursuant to Fed. R. Civ. P. 5(b)(2)(E) and Local
Court Rule(s), the foregoing document will be served by the court via CM/ECF..  Pursuant

15

to the CM/ECF docket for this case proceeding the following person(s) are on the Electronic
Mail Notice List to receive ECF transmission at the email address(es) indicated below; and

16

17

**BY MAIL:**  As follows: I am "readily familiar" with the firm's practice of collection
and processing correspondence for mailing.  Under that practice it would be deposited with

18

U.S. postal service on that same day with postage thereon fully prepaid at , California in the
ordinary course of business.  I am aware that on motion of the party served, service is

19

presumed invalid if postal cancellation date or postage meter date is more than one day after
date of deposit for mailing in affidavit.:

20

Executed on **December 29**, **2008**, at **Bakersfield**, California.

21

I declare that I am employed in the office of a member of the bar of this court at
whose direction the service was made.

22

23

24

**Gina Pomato**
Type or Print Name                                       Signature

25

26

27

28

H:\PUBLIC\054493\060971
McIntosh v. Northern\RQA
#1 TO DF NCUE
12-23-08.wpd

Exhibit "1"



BP001314

Exhibit "2"

SST000155

A 01918



1   Steven J. Hassing
    California SBN 152125
2   LAW OFFICES OF STEVEN J. HASSING
    425 Calabria Court
3   Roseville, CA 95747
    Telephone: (916) 677-1776
4   Facsimile: (916) 677-1770

5   Attorney *for Defendants, Northern California*
    *Universal Enterprise Company and Lotus*
6   *Developments*

7

8

9                    UNITED STATES DISTRICT COURT

10                   EASTERN DISTRICT OF CALIFORNIA

11

12

13                                          No. 1:07-CV-01080-LJO-GSA

14  ROGER MCINTOSH,
                                            **DEFENDANT, NORTHERN**
                         Plaintiff(s);      **CALIFORNIA UNIVERSAL**
15                                          **ENTERPRISE COMPANY'S**
    v.                                      **RESPONSE TO ROGER MCINTOSH'S**
16                                          **REQUEST FOR ADMISSIONS**
    NORTHERN CALIFORNIA UNIVERSAL
17  ENTERPRISES COMPANY, ET AL.,           **SET ONE**

18                       Defendant(s).

19

20  PROPOUNDING PARTY:          PLAINTIFF ROGER MCINTOSH

21  RESPONDING PARTY:           Defendant, NORTHERN CALIFORNIA
22                              UNIVERSAL ENTERPRISE COMPANY

23  SET NO.                     ONE

24

25      Defendant, Northern California Universal Enterprise Company responds to Roger

26  McIntosh's Request for Admissions, Set One as follows:

27  ///

28  ///

**REQUEST FOR ADMISSION NO. 1:**

Admit that you had Tentative Tract Map No. 6451 (a copy of which is attached to this request as Exhibit "1," Bates No. BP001314) prepared by Dewalt CM, Inc., also know as Dewalt Corporation ("Dewalt").

**RESPONSE**

Admit

**REQUEST FOR ADMISSION NO. 2:**

Admit that you had Vesting Tentative Tract Map No. 6451 (a copy of which is attached to this request as Exhibit "2," and previously produced as BP000155 and A01918) prepared by Dewalt.

**RESPONSE**

Admit

**REQUEST FOR ADMISSION NO. 3:**

Admit that the 6451 Tentative and Final Maps include the same lot numbering as Tentative Map No. 5472.

**RESPONSE**

Admit

**REQUEST FOR ADMISSION NO. 4:**

Admit that, except for the street formerly named as "Olympic Close" on Tentative Map No. 5472, the 6451 Tentative and Final Maps include the same street names as Tentative Map No. 5472.

**RESPONSE**

Admit

**REQUEST FOR ADMISSION NO. 5:**

Admit that the 6451 Tentative and Final Maps include the same parcel boundaries as Tentative Map No. 5472.

**RESPONSE**

Denied

**REQUEST FOR ADMISSION NO. 6:**

Admit that the 6451 Tentative and Final Maps include the same lot boundaries as Tentative Map No. 5472.

**RESPONSE**

Denied

**REQUEST FOR ADMISSION NO. 7:**

Admit that the 6451 Tentative and Final Maps include the same subdivision design as Tentative Map No. 5472.

**RESPONSE**

Admit

**REQUEST FOR ADMISSION NO. 8:**

Admit that the 6451 Tentative and Final Maps are substantially similar to Tentative Map No. 5472.

**RESPONSE**

Denied

**REQUEST FOR ADMISSION NO. 9:**

Admit that you had the authority to stop the preparation of Tentative Map No. 6451 any time prior to its acceptance by the City of Wasco.

**RESPONSE**

Denied.

**REQUEST FOR ADMISSION NO. 10:**

Admit that you wanted the improvement plans prepared by Martin-McIntosh to complete repairs for the Valley Rose Estates subdivision.

**RESPONSE**

Denied

**REQUEST FOR ADMISSION NO. 11:**

Admit that the improvement plans for Tract No. 6451 are the improvement plans prepared by Martin-McIntosh for Tract No. 5472.

**RESPONSE**

Denied

**REQUEST FOR ADMISSION NO. 12:**

Admit that you received from the City of Wasco improvement plans prepared by Martin-McIntosh for completing repairs to the Valley Rose Estates subdivision.

**RESPONSE**

Denied

**REQUEST FOR ADMISSION NO. 13:**

Admit that you received improvement plans prepared by Martin-McIntosh from the City of Wasco.

**RESPONSE**

Denied

///

**REQUEST FOR ADMISSION NO. 14:**

Admit that you received improvement plans prepared by Martin-McIntosh from Dewalt.

**RESPONSE**

Denied

**REQUEST FOR ADMISSION NO. 15:**

Admit that you knew previous Tentative Map No. 5472 had expired.

**RESPONSE**

Admit

**REQUEST FOR ADMISSION NO. 16:**

Admit that you knew Tentative Map No. 6451 replaced expired Tentative Map No. 5472.

**RESPONSE**

Denied

**REQUEST FOR ADMISSION NO. 17:**

Admit that you called Roger McIntosh to inquire about the pump station design for the Valley Rose Estates subdivision.

**RESPONSE**

Admit

**REQUEST FOR ADMISSION NO. 18:**

Admit that you called Roger McIntosh to discuss re-processing Tract No. 5472.

**RESPONSE**

Denied

///

///

**REQUEST FOR ADMISSION NO. 19:**

Admit that your purpose in developing Tract No. 6451 was to make a profit on the sale of homes built on the lots on that tract.

**RESPONSE**

Admit

**REQUEST FOR ADMISSION NO. 20:**

Admit that Roger McIntosh asked you to pay money to him for the use of his improvement plans.

**RESPONSE**

Denied

**REQUEST FOR ADMISSION NO. 21:**

Admit that you have not paid Roger McIntosh for the improvement plans for the Valley Rose Estates subdivision.

**RESPONSE**

Admit

**REQUEST FOR ADMISSION NO. 22:**

Admit that Northern California Universal Enterprises Company was the developer of Tract No. 6451.

**RESPONSE**

Admit

**REQUEST FOR ADMISSION NO. 23:**

Admit that Lotus Developments, LP was the developer of Tract No. 6451.

///

**RESPONSE**

Denied

**REQUEST FOR ADMISSION NO. 24:**

Admit that Tentative Map No. 6451 for the Valley Rose Estates subdivision replaced expired Tentative Map No. 5472.

**RESPONSE**

Denied

**REQUEST FOR ADMISSION NO. 25:**

Admit that Tentative Map No. 6451 is a portion of the southeast quarter of southwest quarter of Section 4, Township 27 South, Range 24 East, Mt. Diablo base and meridian, City of Wasco.

**RESPONSE**

Admit

**REQUEST FOR ADMISSION NO. 26:**

Admit that Tentative Map No. 6451 comprises a subdivision with a road named St. Andrews Crescent intersecting Valley Rose Parkway, Olympic Court (formerly Olympic Close) and Pebble Beach Way.

**RESPONSE**

Admit

**REQUEST FOR ADMISSION NO. 27:**

Admit that Tentative Map No. 6451 contains consecutively numbered lots from 1 to 68.

**RESPONSE**

Admit

**REQUEST FOR ADMISSION NO. 32:**

Admit that Tentative Map No. 6451 has three places on the Tentative Map that are referred to as "Designated Remainder" and which refer to the same portion(s) of land on Tentative Map No. 5472 referenced as "Not a Part".

**RESPONSE**

Denied

**REQUEST FOR ADMISSION NO. 33:**

Admit that you were granted a $25,000 Zone of Benefit credit for installing a power generator at the wastewater lift station at the Valley Rose Estates.

**RESPONSE**

Denied

**REQUEST FOR ADMISSION NO. 34:**

Admit that you obtained an appraisal for the Valley Rose Estates which enabled you to get a loan to purchase the Valley Rose Estates golf course.

**RESPONSE**

Denied

Dated this 30th day of January, 2009

Steven J. Hassing, Attorney
for defendants

# PROOF OF SERVICE

**Case No. 1:07-CV-01080-LJO-GSA**

I, the undersigned, declare:

I am employed in the County of Placer, State of California. I am over the age of eighteen years and not a party to the within action; my business address is 425 Calabria Court, Roseville, CA 95747. I am readily familiar with the business practice for collection and processing of correspondence for mailing with the United States Postal Service. On February 2, 2009 I served the foregoing described as:

**DEFENDANT, NORTHERN CALIFORNIA UNIVERSAL ENTERPRISE COMPANY, INC.'S RESPONSE TO PLAINTIFF'S REQUEST FOR ADMISSIONS, SET ONE**

on the parties in this action.

___ placing an original or true copy thereof enclosed in a sealed envelope with postage fully prepaid, placed for collection and mailing in Roseville, California, on said date, following ordinary business practice, and addressed as follows:

XX by hand delivery to:

Jeffrey A. Travis
Borton Petrini, LLP
5001 E. Commercenter Drive, Suite 170
Bakersfield 93309

Chaka Okadigbo
Garcia Calderon Ruiz, LLP
5001 E. Commercenter Drive, Suite 170
Bakersfield 93309

___ Emailed to:   James Braze @jbraze@bortonpetrini.com and
Chaka Okadigbo @cokadigbo@gcrlegal.com

___ Overnight service via UPS to:

I declare under penalty of perjury that the foregoing is true and correct, and that this declaration was executed on February 2, 2009.

_____
Steven J. Hassing

PROOF OF SERVICE - 1

EXHIBIT "B"



vja

1  James J. Braze, Esq.; SBN 75911
   Jeffrey A. Travis, Esq.; SBN 235507
2  BORTON PETRINI, LLP
   1600 Truxtun Avenue
3  Post Office Box 2026
   Bakersfield, CA 93303
4  Telephone (661) 322-3051

5  Attorneys for Plaintiff, Roger McIntosh

6

7

8                    UNITED STATES DISTRICT COURT

9         EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION

10

11  ROGER McINTOSH,                          Case No.  107CV 01080 LJO-WMW

12                 Plaintiff,                REQUESTS FOR ADMISSION (SET NO.
                                             ONE) TO LOTUS DEVELOPMENTS,
13  v.                                       LLC

14  NORTHERN CALIFORNIA UNIVERSAL
    ENTERPRISES COMPANY, et al,
15
                   Defendants.
16

17

18  PROPOUNDING PARTY      :    PLAINTIFF ROGER MCINTOSH

19  RESPONDING PARTY       :    DEFENDANT LOTUS DEVELOPMENTS, LLC

20  SET NO.                :    ONE (1)

21                        **PRELIMINARY STATEMENT**

22       Plaintiff, Roger McIntosh, requests defendant Lotus Developments, LLC ("Lotus")

23  respond  within 30 days of this request to admit the following:

24  / / /

25  / / /

26  / / /

27

28

H:\PUBLIC\054493\060971
McIntosh v. Northern\RQA
#1 TO DF LOTUS
12-30-08.wpd

1    **REQUEST FOR ADMISSION NO. 1:**

2           Admit that you had Tentative Tract Map No. 6451 (a copy of which is attached to this

3    request as Exhibit "1," Bates No. BP001314) prepared by Dewalt CM, Inc., also known as Dewalt

4    Corporation ("Dewalt").

5    **REQUEST FOR ADMISSION NO. 2:**

6           Admit that you had Vesting Tentative Tract Map No. 6451 (a copy of which is

7    attached to this request as Exhibit "2," and previously produced as BP000155 and A01918) prepared

8    by Dewalt.

9    **REQUEST FOR ADMISSION NO. 3:**

10          Admit that the 6451 Tentative and Final Maps include the same lot numbering as

11   Tentative Map No. 5472.

12   **REQUEST FOR ADMISSION NO. 4:**

13          Admit that, except for the street formerly named as "Olympic Close" on Tentative

14   Map No. 5472, the 6451 Tentative and Final Maps include the same street names as Tentative Map

15   No. 5472.

16   **REQUEST FOR ADMISSION NO. 5:**

17          Admit that the 6451 Tentative and Final Maps include the same parcel boundaries

18   as Tentative Map No. 5472.

19   **REQUEST FOR ADMISSION NO. 6:**

20          Admit that the 6451 Tentative and Final Maps include the same lot boundaries as

21   Tentative Map No. 5472.

22   **REQUEST FOR ADMISSION NO. 7:**

23          Admit that the 6451 Tentative and Final Maps include the same subdivision design

24   as Tentative Map No. 5472.

25   **REQUEST FOR ADMISSION NO. 8:**

26          Admit that the 6451 Tentative and Final Maps are substantially similar to Tentative

27   Map No. 5472.

28   **REQUEST FOR ADMISSION NO. 9:**

1         Admit that you had the authority to stop the preparation of Tentative Map No. 6451

2 any time prior to its acceptance by the City of Wasco.

3 **REQUEST FOR ADMISSION NO. 10:**

4         Admit that you wanted the improvement plans prepared by Martin-McIntosh to

5 complete repairs for the Valley Rose Estates subdivision.

6 **REQUEST FOR ADMISSION NO. 11:**

7         Admit that the improvement plans for Tract No. 6451 are the improvement plans

8 prepared by Martin-McIntosh for Tract No. 5472.

9 **REQUEST FOR ADMISSION NO. 12:**

10         Admit that you received from the City of Wasco improvement plans prepared by

11 Martin-McIntosh for completing repairs to the Valley Rose Estates subdivision.

12 **REQUEST FOR ADMISSION NO. 13:**

13         Admit that you received improvement plans prepared by Martin-McIntosh from the

14 City of Wasco.

15 **REQUEST FOR ADMISSION NO. 14:**

16         Admit that you received improvement plans prepared by Martin-McIntosh from

17 Dewalt.

18 **REQUEST FOR ADMISSION NO. 15:**

19         Admit that you knew previous Tentative Map No. 5472 had expired.

20 **REQUEST FOR ADMISSION NO. 16:**

21         Admit that you knew Tentative Map No. 6451 replaced expired Tentative Map No.

22 5472.

23 **REQUEST FOR ADMISSION NO. 17:**

24         Admit that you called Roger McIntosh to inquire about the pump station design for

25 the Valley Rose Estates subdivision.

26 **REQUEST FOR ADMISSION NO. 18:**

27         Admit that you called Roger McIntosh to discuss re-processing Tract No. 5472.

28 **REQUEST FOR ADMISSION NO. 19:**

1    Admit that your purpose in developing Tract No. 6451 was to make a profit on the

2  sale of homes built on the lots on that tract.

3  **REQUEST FOR ADMISSION NO. 20:**

4    Admit that Roger McIntosh asked you to pay money to him for the use of his

5  improvement plans.

6  **REQUEST FOR ADMISSION NO. 21:**

7    Admit that you have not paid Roger McIntosh for the improvement plans for the

8  Valley Rose Estates subdivision.

9  **REQUEST FOR ADMISSION NO. 22:**

10    Admit that Northern California Universal Enterprises Company was the developer

11  of Tract No. 6451.

12  **REQUEST FOR ADMISSION NO. 23:**

13    Admit that Lotus Developments, LP was the developer of Tract No. 6451.

14  **REQUEST FOR ADMISSION NO. 24:**

15    Admit that Tentative Map No. 6451 for the Valley Rose Estates subdivision replaced

16  expired Tentative Map No. 5472.

17  **REQUEST FOR ADMISSION NO. 25:**

18    Admit that Tentative Map No. 6451 is a portion of the southeast quarter of southwest

19  quarter of Section 4, Township 27 South, Range 24 East, Mt. Diablo base and meridian, City of

20  Wasco.

21  **REQUEST FOR ADMISSION NO. 26:**

22    Admit that Tentative Map No. 6451 comprises a subdivision with a road named St.

23  Andrews Crescent intersecting Valley Rose Parkway, Olympic Court (formerly Olympic Close) and

24  Pebble Beach Way.

25  **REQUEST FOR ADMISSION NO. 27:**

26    Admit that Tentative Map No. 6451 contains consecutively numbered lots from 1 to

27  68.

28

1 **REQUEST FOR ADMISSION NO. 28**:

2   Admit that the Tentative Map No. 5472 contains consecutively numbered lots from

3 1 to 68.

4 **REQUEST FOR ADMISSION NO. 29**:

5   Admit that the "Associative Approved Improvement Plans" referenced in the "Notes"

6 section of Tentative Map No. 6451 refers to the improvement plans prepared by Martin-McIntosh.

7 **REQUEST FOR ADMISSION NO. 30**:

8   Admit that the numbered lots on the Wall Improvement Plans (Nos. BP000452-

9 BP000456) refers to the buildable lots on Tentative Map No. 6451.

10 **REQUEST FOR ADMISSION NO. 31**:

11   Admit that the numbered lots on the Wall Improvement Plans (Plaintiff's Bates

12 Nos. BP000452-BP000456) refers to the lots on Tentative Map No. 5472.

13 **REQUEST FOR ADMISSION NO. 32**:

14   Admit that Tentative Map No. 6451 has three places on the Tentative Map that are

15 referred to as "Designated Remainder" and which refer to the same portion(s) of land on Tentative

16 Map No. 5472 referenced as "Not a Part".

17 **REQUEST FOR ADMISSION NO. 33**:

18   Admit that you were granted a $25,000 Zone of Benefit credit for installing a power

19 generator at the wastewater lift station at the Valley Rose Estates.

20 **REQUEST FOR ADMISSION NO. 34**:

21   Admit that you obtained an appraisal for the Valley Rose Estates which enabled you

22 to get a loan to purchase the Valley Rose Estates golf course.

23 DATED:   December 31, 2008

     BORTON PETRINI, LLP

24

25

26 By: _____

27   Jeffrey A. Travis, Attorney for Plaintiff,
  Roger McIntosh

28

H:\PUBLIC\054493\D00971
McIntosh v. Northland\RQA
#1 TO DF LOTUS
12-30-08.wpd

**PROOF OF SERVICE (FRCP Rule No. 5)**

**STATE OF CALIFORNIA, COUNTY OF KERN**

I am employed in the County of Kern, State of California. I am over the age of 18 and not a party to the within action; my business address is 1600 Truxtun Avenue, Bakersfield, California 93301.

On December 29, 2008, I served the foregoing document described as **REQUESTS FOR ADMISSION (SET NO. ONE) TO LOTUS DEVELOPMENTS, LLC** on the other parties in this action by placing a true copy thereof enclosed in sealed envelopes addressed as follows:

Steven John Hassing, Esq.
**Law Offices of Steven J. Hassing**
425 Calabria Court
Roseville, CA 95747
email address: stevehassing@yahoo.com

Attorneys for Attorneys for Defendants, Northern California Universal Enterprises Company and Lotus Developments
Tel:   916/677-1776

Chaka Okadigbo
**Garcia Calderon Ruiz, LLP**
500 South Grand Ave Suite 1100
Los Angeles, CA 90071
email address: cokadigbo@gcrlegal.com

Attorneys for Defendant, City of Wasco
Tel: 213/347-0210
**Fax: 213-347-0216**

**BY ELECTRONIC SERVICE:** Pursuant to Fed. R. Civ. P. 5(b)(2)(E) and Local Court Rule(s), the foregoing document will be served by the court via CM/ECF.. Pursuant to the CM/ECF docket for this case proceeding the following person(s) are on the Electronic Mail Notice List to receive ECF transmission at the email address(es) indicated below; and

**BY MAIL:** As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at , California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.:

Executed on December 29, 2008, at Bakersfield, California.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

**Gina Pomato**
Type or Print Name

_____
Signature

H:\PUBLIC\054493\060971
Mdntcals v. Northern\RQA
#1 TO DF LOTUS
12-30-08.wpd

Exhibit "1"



BP001314

Exhibit "2"

BP000155

A 01918



VESTING TENTATIVE TRACT NO. 6451
CITY OF WASCO, CALIFORNIA

Steven J. Hassing
California SBN 152125
LAW OFFICES OF STEVEN J. HASSING
425 Calabria Court
Roseville, CA 95747
Telephone: (916) 677-1776
Facsimile: (916) 677-1770

Attorney *for Defendants, Northern California
Universal Enterprise Company and Lotus
Developments*

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| ROGER MCINTOSH,<br><br>                    Plaintiff(s);<br><br>v.<br><br>NORTHERN CALIFORNIA UNIVERSAL<br>ENTERPRISES COMPANY, ET AL.,<br><br>                    Defendant(s). | No. 1:07-CV-01080-LJO-GSA<br><br>**DEFENDANT, LOTUS<br>DEVELOPMENTS, LP'S RESPONSE<br>TO ROGER MCINTOSH'S REQUEST<br>FOR ADMISSIONS**<br><br>**SET ONE** |

PROPOUNDING PARTY:        PLAINTIFF ROGER MCINTOSH

RESPONDING PARTY:        Defendant, LOTUS DEVELOPMENTS, LP

SET NO.        ONE

        Defendant, Lotus Development, LP responds to Roger McIntosh's Request for

Admissions, Set One as follows:

/// 

/// 

///

**REQUEST FOR ADMISSION NO. 1:**

Admit that you had Tentative Tract Map No. 6451 (a copy of which is attached to this request as Exhibit "1," Bates No. BP001314) prepared by Dewalt CM, Inc., also know as Dewalt Corporation ("Dewalt").

**RESPONSE**

Admit

**REQUEST FOR ADMISSION NO. 2:**

Admit that you had Vesting Tentative Tract Map No. 6451 (a copy of which is attached to this request as Exhibit "2," and previously produced as BP000155 and A01918) prepared by Dewalt.

**RESPONSE**

Admit

**REQUEST FOR ADMISSION NO. 3:**

Admit that the 6451 Tentative and Final Maps include the same lot numbering as Tentative Map No. 5472.

**RESPONSE**

Admit

**REQUEST FOR ADMISSION NO. 4:**

Admit that, except for the street formerly named as "Olympic Close" on Tentative Map No. 5472, the 6451 Tentative and Final Maps include the same street names as Tentative Map No. 5472.

**RESPONSE**

Admit

**REQUEST FOR ADMISSION NO. 5:**

Admit that the 6451 Tentative and Final Maps include the same parcel boundaries as Tentative Map No. 5472.

**RESPONSE**

Denied

**REQUEST FOR ADMISSION NO. 6:**

Admit that the 6451 Tentative and Final Maps include the same lot boundaries as Tentative Map No. 5472.

**RESPONSE**

Denied

**REQUEST FOR ADMISSION NO. 7:**

Admit that the 6451 Tentative and Final Maps include the same subdivision design as Tentative Map No. 5472.

**RESPONSE**

Admit

**REQUEST FOR ADMISSION NO. 8:**

Admit that the 6451 Tentative and Final Maps are substantially similar to Tentative Map No. 5472.

**RESPONSE**

Denied

**REQUEST FOR ADMISSION NO. 9:**

Admit that you had the authority to stop the preparation of Tentative Map No. 6451 any time prior to its acceptance by the City of Wasco.

**RESPONSE**

Denied.

**REQUEST FOR ADMISSION NO. 10:**

Admit that you wanted the improvement plans prepared by Martin-McIntosh to complete repairs for the Valley Rose Estates subdivision.

**RESPONSE**

Denied

**REQUEST FOR ADMISSION NO. 11:**

Admit that the improvement plans for Tract No. 6451 are the improvement plans prepared by Martin-McIntosh for Tract No. 5472.

**RESPONSE**

Denied

**REQUEST FOR ADMISSION NO. 12:**

Admit that you received from the City of Wasco improvement plans prepared by Martin-McIntosh for completing repairs to the Valley Rose Estates subdivision.

**RESPONSE**

Denied

**REQUEST FOR ADMISSION NO. 13:**

Admit that you received improvement plans prepared by Martin-McIntosh from the City of Wasco.

**RESPONSE**

Denied

///

**REQUEST FOR ADMISSION NO. 14:**

Admit that you received improvement plans prepared by Martin-McIntosh from Dewalt.

**RESPONSE**

Denied

**REQUEST FOR ADMISSION NO. 15:**

Admit that you knew previous Tentative Map No. 5472 had expired.

**RESPONSE**

Admit

**REQUEST FOR ADMISSION NO. 16:**

Admit that you knew Tentative Map No. 6451 replaced expired Tentative Map No. 5472.

**RESPONSE**

Denied

**REQUEST FOR ADMISSION NO. 17:**

Admit that you called Roger McIntosh to inquire about the pump station design for the Valley Rose Estates subdivision.

**RESPONSE**

Admit

**REQUEST FOR ADMISSION NO. 18:**

Admit that you called Roger McIntosh to discuss re-processing Tract No. 5472.

**RESPONSE**

Denied

///

///

**REQUEST FOR ADMISSION NO. 19:**

Admit that your purpose in developing Tract No. 6451 was to make a profit on the sale of homes built on the lots on that tract.

**RESPONSE**

Admit

**REQUEST FOR ADMISSION NO. 20:**

Admit that Roger McIntosh asked you to pay money to him for the use of his improvement plans.

**RESPONSE**

Denied

**REQUEST FOR ADMISSION NO. 21:**

Admit that you have not paid Roger McIntosh for the improvement plans for the Valley Rose Estates subdivision.

**RESPONSE**

Admit

**REQUEST FOR ADMISSION NO. 22:**

Admit that Northern California Universal Enterprises Company was the developer of Tract No. 6451.

**RESPONSE**

Admit

**REQUEST FOR ADMISSION NO. 23:**

Admit that Lotus Developments, LP was the developer of Tract No. 6451.

///

**RESPONSE**

Denied

**REQUEST FOR ADMISSION NO. 24:**

Admit that Tentative Map No. 6451 for the Valley Rose Estates subdivision replaced expired Tentative Map No. 5472.

**RESPONSE**

Denied

**REQUEST FOR ADMISSION NO. 25:**

Admit that Tentative Map No. 6451 is a portion of the southeast quarter of southwest quarter of Section 4, Township 27 South, Range 24 East, Mt. Diablo base and meridian, City of Wasco.

**RESPONSE**

Admit

**REQUEST FOR ADMISSION NO. 26:**

Admit that Tentative Map No. 6451 comprises a subdivision with a road named St. Andrews Crescent intersecting Valley Rose Parkway, Olympic Court (formerly Olympic Close) and Pebble Beach Way.

**RESPONSE**

Admit

**REQUEST FOR ADMISSION NO. 27:**

Admit that Tentative Map No. 6451 contains consecutively numbered lots from 1 to 68.

**RESPONSE**

Admit

**REQUEST FOR ADMISSION NO. 28:**

Admit that the Tentative Map No. 5472 contains consecutively numbered lots from 1 to 68.

**RESPONSE**

Admit

**REQUEST FOR ADMISSION NO. 29:**

Admit that the "Associative Approved Improvement Plans" referenced in the "Notes" section of Tentative Map No. 6451 refers to the improvement plans prepared by Martin-McIntosh.

**RESPONSE**

Denied

**REQUEST FOR ADMISSION NO. 30:**

Admit that the numbered lots on the Wall Improvement Plans (Nos. BP000452-BP000456) refers to the buildable lots on Tentative Map No. 6451.

**RESPONSE**

Denied

**REQUEST FOR ADMISSION NO. 31:**

Admit that the numbered lots on the Wall Improvement Plans (Plaintiff's Bates Nos. BP000452-BP000456) refers to the lots on Tentative Map No. 5472.

**RESPONSE**

Denied

///

///

**REQUEST FOR ADMISSION NO. 32:**

Admit that Tentative Map No. 6451 has three places on the Tentative Map that are referred to as "Designated Remainder" and which refer to the same portion(s) of land on Tentative Map No. 5472 referenced as "Not a Part".

**RESPONSE**

Denied

**REQUEST FOR ADMISSION NO. 33:**

Admit that you were granted a $25,000 Zone of Benefit credit for installing a power generator at the wastewater lift station at the Valley Rose Estates.

**RESPONSE**

Denied

**REQUEST FOR ADMISSION NO. 34:**

Admit that you obtained an appraisal for the Valley Rose Estates which enabled you to get a loan to purchase the Valley Rose Estates golf course.

**RESPONSE**

Denied

Dated this 30th day of January, 2009

Steven J Hassing, Attorney
for defendants

Defendant, Lotus Developments LP's Response to Roger McIntosh's Request for Admissions
Set One

**PROOF OF SERVICE**

Case No. 1:07-CV-01080-LJO-GSA

I, the undersigned, declare:

I am employed in the County of Placer, State of California. I am over the age of eighteen years and not a party to the within action; my business address is 425 Calabria Court, Roseville, CA 95747. I am readily familiar with the business practice for collection and processing of correspondence for mailing with the United States Postal Service. On February 2, 2009 I served the foregoing described as:

**DEFENDANT, LOTUS DEVELOPMENTS, LP'S RESPONSE TO PLAINTIFF'S REQUEST FOR ADMISSIONS, SET ONE**

on the parties in this action.

___ placing an original or true copy thereof enclosed in a sealed envelope with postage fully prepaid, placed for collection and mailing in Roseville, California, on said date, following ordinary business practice, and addressed as follows:

__XX__ by hand delivery to:

Jeffrey A. Travis
Borton Petrini, LLP
5001 E. Commercenter Drive, Suite 170
Bakersfield 93309

Chaka Okadigbo
Garcia Calderon Ruiz, LLP
5001 E. Commercenter Drive, Suite 170
Bakersfield 93309

____ Emailed to:   James Braze @jbraze@bortonpetrini.com and
                   Chaka Okadigbo @cokadigbo@gcrlegal.com

___ Overnight service via UPS to:

I declare under penalty of perjury that the foregoing is true and correct, and that this declaration was executed on February 2, 2009.

_____
Steven J. Hassing

EXHIBIT "C"

nr

1   James J. Braze, Esq.; SBN 75911
Jeffrey A. Travis, Esq.; SBN 235507
2   BORTON PETRINI, LLP
5060 California Avenue, Suite 700
3   Post Office Box 2026
Bakersfield, CA 93303
4   Telephone (661) 322-3051

5   Attorneys for Plaintiff, Roger McIntosh

6

7

8                    UNITED STATES DISTRICT COURT

9          EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION

10

11   ROGER McINTOSH,                    Case No.  107CV 01080 LJO-WMW

12              Plaintiff,              REQUEST FOR ADMISSIONS TO CITY
OF WASCO (SET NO. ONE)
13   v.

14   NORTHERN CALIFORNIA UNIVERSAL
ENTERPRISES COMPANY, et al,
15
Defendants.
16

17

18   PROPOUNDING PARTY:          PLAINTIFF, ROGER McINTOSH

19   RESPONDING PARTY:           DEFENDANT, CITY OF WASCO

20   SET NO.:                    ONE

21        Plaintiff Roger McIntosh requests defendant, City of Wasco, ("Wasco") to respond

22   within 30 days to the following requests:

23   **REQUEST FOR ADMISSION NO. 1:**

24        Admit that the staff report attached to this request as Exhibit "1" is a staff report

25   prepared by the City of Wasco for Tract No. 5472 of the Valley Rose Estate Subdivision.

26   (Previously produced as Bates Nos. BP000928 to BP000931.)

27   **REQUEST FOR ADMISSION NO. 2:**

28        Admit that the staff report attached to this request as Exhibit "2" is a staff report

1   prepared by the City of Wasco for Tract No. 6451 of the Valley Rose Estate Subdivision.

2   (Previously produced as Bates Nos. BP000809 to BP000823.)

3   **REQUEST FOR ADMISSION NO. 3**:

4               Admit that Tentative Map No. 5472 attached to this request as Exhibit "3" is a copy

5   of a Tentative Map prepared by Martin-McIntosh for the Valley Rose Estate Subdivision.

6   (Previously produced as BP000434.)

7   **REQUEST FOR ADMISSION NO. 4**:

8               Admit that Vesting Tentative Map No. 6451 attached to this request as Exhibit "4"

9   is a copy of a Vesting Tentative Map prepared for the Valley Rose Estate Subdivision.  (Previously

10  produced as BP000155 and A01918).

11  **REQUEST FOR ADMISSION NO. 5**:

12              Admit that the copy of Vesting Tentative Map No. 6451 attached to this request as

13  Exhibit "5" contains hand-written annotations made by the City of Wasco. (Previously produced as

14  BP000101)

15  **REQUEST FOR ADMISSION NO. 6**:

16              Admit that the copy of Tentative Map No. 6451 attached to this request as Exhibit "6"

17  is a copy of a Tentative Map prepared for the Valley Rose Estate Subdivision. (BP001314)

18  **REQUEST FOR ADMISSION NO. 7**:

19              Admit that Final Map No. 6451 attached to this request as Exhibit "7" is a copy of

20  a Final Map prepared for the Valley Rose Estate Subdivision.  (Previously produced as BP00047-

21  BP00049)

22  **REQUEST FOR ADMISSION NO. 8**:

23              Admit that Martin-McIntosh prepared the Improvement Plans for expired Tentative

24  Map No. 5472 of the Valley Rose Estate Subdivision.

25  **REQUEST FOR ADMISSION NO. 9**:

26              Admit that Martin-McIntosh prepared the Improvement Plans for Tentative Map

27  No. 6451 of the Valley Rose Estate Subdivision.

28

1   **REQUEST FOR ADMISSION NO. 10:**

2          Admit that the, "the Associative Approved Improvement Plans" referenced in the

3   "Notes" section of Tentative Map No. 6451 (BP001314) refers to the Improvement Plans prepared

4   by Martin-McIntosh for the Valley Rose Estate Subdivision.

5   **REQUEST FOR ADMISSION NO. 11:**

6          Admit that the numbered lots in the Wall Improvement Plans in Exhibit "8" attached

7   hereto and labeled as Bates Nos. BP000452 to BP000456 refers to the lots referenced on Tentative

8   Map No. 6451.

9   **REQUEST FOR ADMISSION NO. 12:**

10         Admit that the City of Wasco gave a copy of Tentative Map No. 5472 to by Dewalt

11   CM, Inc., also known as Dewalt Corporation, ("Dewalt").

12   **REQUEST FOR ADMISSION NO. 13:**

13         Admit that the City of Wasco gave a copy of Tentative Map No. 5472 to Northern

14   California Universal Enterprises. ("Northern")

15   **REQUEST FOR ADMISSION NO. 14:**

16         Admit that the City of Wasco gave a copy of Tentative Map No. 5472 to Lotus

17   Developments, LLC. ("Lotus")

18   **REQUEST FOR ADMISSION NO. 15:**

19         Admit that the City of Wasco gave a copy of Tentative Map No. 5472 to Joe Wu.

20   ("Wu")

21   **REQUEST FOR ADMISSION NO. 16:**

22         Admit that the City of Wasco gave a copy of the Improvement Plans prepared by

23   Martin-McIntosh to DeWalt.

24   **REQUEST FOR ADMISSION NO. 17:**

25         Admit that the City of Wasco gave a copy of the Improvement Plans prepared by

26   Martin-McIntosh to Northern.

27   **REQUEST FOR ADMISSION NO. 18:**

28         Admit that the City of Wasco gave a copy of the Improvement Plans prepared by

1  Martin-McIntosh to Wu.

2  **REQUEST FOR ADMISSION NO. 19**:

3       Admit that the City of Wasco gave a copy of the Improvement Plans prepared by

4  Martin-McIntosh to Lotus.

5  **REQUEST FOR ADMISSION NO. 20**:

6       Admit that without the prior approval by the City of Wasco of the Improvement Plans

7  prepared by Martin-McIntosh for the Valley Rose Estate Subdivision, the City of Wasco would not

8  have approved Tentative Map No. 6451.

9  **REQUEST FOR ADMISSION NO. 21**:

10      Admit that the City of Wasco knew that references contained in Tentative Map No.

11 6451, specifically, the lot numbers and boundaries, needed to be the same or similar to those in prior

12 Tentative Tract Map No. 5472.

13 **REQUEST FOR ADMISSION NO. 22**:

14      Admit that the "plans" referred to in Exhibit "2", (item "10" in BP00814) refers to the

15 Improvement Plans originally prepared by Martin-McIntosh for Tract No. 5472.

16 **REQUEST FOR ADMISSION NO. 23**:

17      Admit that the City of Wasco has not accepted the improvements for Tract No. 6451.

18 **REQUEST FOR ADMISSION NO. 24**:

19      Admit that the City of Wasco would not have approved a tentative map for Tract No.

20 6451 with lot numbers different than those referred to in Tentative Map No. 5472 without modified

21 improvement plans.

22 **REQUEST FOR ADMISSION NO. 25**:

23      Admit that the City of Wasco is now able to collect impact fees based on the number

24 of dwelling units on the Valley Rose Estates Subdivision to reimburse the city's enterprise funds'

25 capital accounts for the costs incurred by the city in constructing the public Valley Rose Estates

26 infrastructure project.

27 **REQUEST FOR ADMISSION NO. 26**:

28      Admit that the City of Wasco is now able to collect impact fees to pay for the

1    engineering done on the Valley Rose Estates subdivision.

2    **REQUEST FOR ADMISSION NO. 27**:

3            Admit that the City of Wasco had the ability to either approve or disapprove of

4    Tentative Map No. 6451.

5    **REQUEST FOR ADMISSION NO. 28**:

6            Admit that the City of Wasco had the ability to either approve or disapprove of Final

7    Map No. 6451.

8    **REQUEST FOR ADMISSION NO. 29**:

9            Admit that Tentative Map No. 5472 and Tentative Map No. 6451 are substantially

10   similar.

11   **REQUEST FOR ADMISSION NO. 30**:

12           Admit that Tentative Map No. 5472 and Final Map No. 6451 are substantially similar.

13   **REQUEST FOR ADMISSION NO. 31**:

14           Admit that Tentative Map No. 5472 and Vesting Tentative Map No. 6451 are

15   substantially similar

16   **REQUEST FOR ADMISSION NO. 32**:

17           Admit that without the prior approval by the City of Wasco of the Improvement Plans

18   prepared by Martin-McIntosh for the Valley Rose Estate Subdivision, the City of Wasco would not

19   have approved final Map No. 6451.

20   **REQUEST FOR ADMISSION NO. 33**:

21           Admit that Lotus submitted a final map and improvement plans in order to get your

22   approval of a subdivision agreement between you and Lotus.

23   **REQUEST FOR ADMISSION NO. 34**:

24           Admit that Lotus submitted a final map and improvement plans in order to get your

25   approval of a subdivision agreement between you and Northern.

26   **REQUEST FOR ADMISSION NO. 35**:

27           Admit that without a final map and improvement plans, you would not have signed

28   the subdivision agreement between you and Northern.

1

2  **REQUEST FOR ADMISSION NO. 36**:

3        Admit that the City of Wasco sold the Valley Rose Estates golf course to Northern.

4  **REQUEST FOR ADMISSION NO. 37**:

5        Admit that the City of Wasco sold the Valley Rose Estates golf course to Lotus.

6  **REQUEST FOR ADMISSION NO. 38**:

7        Admit that the City of Wasco sold the Valley Rose Estates golf course to Wu.

8  DATED:  December 20 2008

9                 BORTON PETRINI, LLP

10

11            By:

12                Jeffrey A. Travis, Attorney for Plaintiff,
              Roger McIntosh

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# PROOF OF SERVICE
## (FRCP No. 5(b)(2)(E))

**STATE OF CALIFORNIA, COUNTY OF KERN**

I, Gina Pomato, declare:

I am a citizen of the United States. I am employed in the County of Kern, State of California. I am over the age of 18 and not a party to the within action; my business address is 1600 Truxtun Avenue, Bakersfield, California 93301.

On **December 29, 2008**, I served the foregoing document described as **REQUEST FOR ADMISSIONS TO CITY OF WASCO (SET NO. ONE)** on the other party(ies) in this action as follows:

| | |
|---|---|
| Steven John Hassing, Esq. | Attorneys for Attorneys for Defendants, |
| **Law Offices of Steven J. Hassing** | Northern California Universal Enterprises |
| 425 Calabria Court | Company and Lotus Developments |
| Roseville, CA 95747 | Tel:   916/677-1776 |
| email address: **stevehassing@yahoo.com** | |

| | |
|---|---|
| Chaka Okadigbo | Attorneys for Defendant, City of Wasco |
| **Garcia Calderon Ruiz, LLP** | Tel: 213/347-0210 |
| 500 South Grand Ave Suite 1100 | **Fax: 213-347-0216** |
| Los Angeles, CA 90071 | |
| email address: **cokadigbo@gcrlegal.com** | |

**BY ELECTRONIC SERVICE:** Pursuant to Fed. R. Civ. P. 5(b)(2)(E) and Local Court Rule(s), the foregoing document will be served by the court via CM/ECF.. Pursuant to the CM/ECF docket for this case proceeding the following person(s) are on the Electronic Mail Notice List to receive ECF transmission at the email address(es) indicated below; and

**BY MAIL:** As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at , California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.:

Executed on **December 29, 2008** , at Bakersfield, California.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

_____          /s/ Gina Pomato
            Gina Pomato

7

REQUEST FOR ADMISSIONS TO CITY OF WASCO (SET NO. ONE)

Exhibit "1"

STAFF REPORT

FILE: Tentative Tract 5472

APPLICANT: Wasco Community Development Company by Porter Robertson

LOCATION: Section 4, Township 27 S., Range 24 E. (Adjacent to the West side of the Valley Rose Golf Course, and North of State Highway 46.

APN #: 070-050-23

CEQA ACTION: Negative Declaration

PUBLIC INQUIRY AND CORRESPONDENCE:
        Department of Transportation
        Shafter-Wasco Irrigation District
        State Clearinghouse
        Department of Public Works
        Southern California Gas Co.
        Kern County Fire Department

ANALYSIS: The proposed project was a part of Annexation #23 and is approximately 26.85 acres in size. Tentative Tract 5472 consists of 86 large, single family lots and 16 multi-family lots. The City of Wasco Land Use Element of the General Plan designates the site as Low Density Residential, and the adjacent properties are designated by the Land Use Element as follows:

        North: Low Density Residential
        East: Public Facilities
        South: Commercial
        West: Low Density Residential

    The City of Wasco Zone Plan designates the above mentioned site as R-1 (Low Density Residential) and R-3 P-D (High Density Residential, Precise Development). The adjacent properties are zoned as follows:

        North: R-1 (Low Density Residential)
               R-2 P-D (Medium Density Residential, Precise Develop-
               ment)
        East: R-F O-S (Recreational Forest, Open Space)
        South: H-C P-D (Highway Commercial, Precise Development)
               C-2 P-D (General Commercial, Precise Development)
        West: A (County Agriculture)

1

BP000928

The existing land use of the project site is Vacant Agricultural (fallow). The existing land uses surrounding the property are as follows:

North: Agriculture (vacant)
East:  Recreational Forest, Open Space (Valley Rose Golf Course)
South: Agriculture (vacant)
West:  Agriculture (Cotton)

The site is within the Wasco City limits and is in compliance with the Wasco General Plan Land Use Element and Zone Plan. Mitigation measures included in the Master Environmental Assessment for Annexation #23 (SCH#90020231) shall be included as a part of this project in order to avoid potentially significant adverse effects.

STAFF RECOMMENDATIONS: Staff recommends approval of Tentative Tract 5472 with the following conditions:

1. All requirements of the Development Agreement between Wasco Community Development Company and the City of Wasco shall be met.

2. All requirements of the Kern County Fire Department shall be met.

3. All requirements of the California Department of Transportation (CALTRANS) shall be met including:

   A) A traffic impact analysis for the intersection of Highway 46 and Schofield Avenue;
   B) A tiered traffic impact analysis on said intersection when additional new development occurs;
   C) A traffic impact study for Augusta Way when it intersects with Highway 46;
   D) A tiered traffic impact analysis on said intersection when new development occurs;

These impact analysis reports will be used to determine needs for signalization, channelization, merge lanes or other improvements.

4. Final subdivision map must be in accordance with City Ordinances and the Subdivision Map Act.

5. Storm water may not flow on to neighboring properties.

6. All required construction shall be detailed on plans prepared by a licensed Civil Engineer and shall conform to City of Wasco Standards and shall be subject to review and approval by the City Engineer.

2

BP000929

7.  All improvements shall be installed prior to recordation of
    the Subdivision Map or securities, as deemed sufficient, by
    the City, shall be provided in accordance with the Subdivi-
    sion Map Act.

8.  To the extent feasible, the subdivision shall utilize energy
    conservation techniques in it's development.

9.  Payment of all required City fees shall be made.

10. All utilities including cable services shall be installed in
    accordance  with the City of Wasco Standards and each of  the
    appropriate utility company standards.

11. All storm drainage, sewer and water facilities shall be in
    accordance with the requirements of the City Engineer and
    the  respective Master Plans for the area as approved by  the
    City Engineer.  Plans shall be submitted for approval of  the
    City Engineer.

12. All dedication and improvements of land for rights-of-way
    purposes shall be in accordance with the requirements of  the
    Planning Director, City Engineer and the Circulation Element
    of the City of Wasco General Plan.

13. Revised storm drainage, water and sewer studies shall be
    submitted and approved by the City Engineer before improve
    ment plans are submitted to the City.

14. Street improvements shall be made to Highway 46 and Schofield
    Avenue  (to Hazeltine Terrace) as determined in the  required
    traffic  study.   As  a minimum,  Schofield  Avenue  shall  be
    widened to ultimate half street width at the connection  with
    Hazeltine  Terrace and the ultimate connection made  at  this
    location including curb returns.

15. Full street improvements shall be made to Augusta Way, Cy
    press Point, Olympic Court, Pebble Beach Way, Sawgrass Court,
    St.  Andrews Lane and St. Augustine Way.   Hazeltine  Terrace
    shall have full street improvements within the boundary of
    Tentative Tract 5472.  Full street improvements are not
    required outside of the tract boundary, except at the connec-
    tion  to  Schofield Avenue.   Hazeltine Terrace  shall  be  de
    veloped to a twenty-eight (28) foot all paved section between
    the tract boundary and Schofield Avenue with transition to be
    provided at Schofield Avenue and the tract boundary

16. All through lots shall have a one foot non-access easement at
    the rear of the property.

17. Irrevocable offers of dedication (totaling fifty-five feet
    from  center  line) shall be given to the City of  Wasco  for
    Schofield Avenue, Gromer Road, Leonard Avenue and Highway 46.

BP000930

18. All open ended streets or those streets not terminating at an intersection of another street or in a cul-de-sac, shall have barriers placed at the end of pavement. All barriers are to be approved by the City Engineer.

19. A ninety (90) foot utility easement shall be established along the proposed alignment of Augusta Way between Highway 46 and Tract 5478.

BP000931

Exhibit "2"

**CITY OF WASCO PLANNING DEPARTMENT**
**STAFF REPORT**
**TENTATIVE TRACT 6451**

| | |
|---|---|
| **FILE:** | Tentative Tract 6451 |
| **APPLICANT:** | Lotus Development<br>2278 Trade Zone Blvd<br>San Jose CA 95131 |
| **PROPOSAL:** | 68 lot single family lot subdivision. |
| **LOCATION:** | The project is located approximately one quarter mile northwest of the intersection of Highway 46 and Leonard Avenue |
| **CEQA:** | Mitigated Negative Declaration |

**GENERAL PLAN:**
The City of Wasco General Plan shows the site to be designated as **Low Density Residential** and the surrounding areas are designated as follows:

| | |
|---|---|
| North: | Low Density Residential and Estate Residential |
| East: | Parks and Open Space |
| South: | Community Retail and Neighborhood Commercial |
| West: | Low Density Residential |

**ZONING:**
The City of Wasco Zoning Ordinance shows the site to be Zoned Designations, **R-1-6(Low Density Residential 6,000 sq.ft. lots)** and the surrounding land as follows:

| | |
|---|---|
| North: | R-1-8 (Low Density Residential 8,000 square foot lot) and Estate Residential |
| West: | R-1-8 (Low Density Residential 8,000 square foot lot) |
| East: | O-S (Recreation Open Space) |
| South: | N-C (Neighborhood Commercial) |

**APN#:**      487-050-46

| **EXHIBITS:** | Exhibit "A" | Regional Location Map |
|---|---|---|
| | Exhibit "B" | Land Use – General Plan |
| | Exhibit "C" | Land Use – Zoning |
| | Exhibit "D" | Tentative Tract #6451 |

BP000809

**ANALYSIS –Tentative Tract 6451 (Exhibit "D"):**

Tentative Tract 6451 is a sixty eight (68) lot detached single family subdivision. The project was previously mapped as Tentative Tract 5472, which was never recorded and therefore expired. However, upon approval of Tract 5472, the previous developer commenced to put in improvements which were never formally accepted by the City of Wasco. These improvements include: streets, sidewalks, curb and gutter, storm drain, sewer, water and dry utilities.

**ALL DEVELOPMENT SHALL BE REQUIRED TO COMPLY WITH THE STANDARDS SET FORTH IN THE GENERAL PLAN, ZONING ORDINANCE AND SUBDIVISION ORDINANCE IN ADDITION TO ANY CONDITIONS REQUIRED BY EFFECTED AGENCIES.**

**STAFF RECOMMENDATION:**

Staff recommends approval of Tentative Tract 6451 with the following conditions:

**GENERAL**

1) The applicant(s), at their sole cost and expense, shall defend, indemnify and hold harmless the City of Wasco, its agents, legislative body, officers or employees in any legal or administrative action, claim or proceeding concerning approval of Tentative Tract 6451: or, at its election and in the alternative, shall relinquish such approval. The applicant(s) shall assume the defense of the City in any such legal or administrative action, claim or proceeding with legal counsel paid for in the entirety by the applicant(s), but subject to the City's reasonable approvals. The applicant shall also reimburse the City, its agents, its legislative body, officers or employees for any judgments, amounts paid in the settlements court costs and attorneys' fees which the City, its agents, legislative body, officers or employees may be required to pay at court as a result of such action, claim or proceeding. The City may, at its sole discretion, participate at its own expense in the defense of any such action, claim or proceeding, but such participation shall not relieve the applicant(s) of their obligations under this condition.

2) A copy of a current Preliminary Title Report shall be submitted to the Planning Department by the applicant prior to submittal of any improvement plans or final map;

3) The following disclosure shall be given as part of the transfer of ownership: "If your real property is near property used for agricultural or golf course operations, you may be subject to inconveniences or discomforts arising from such operations on any 24 hour basis. Said discomforts may include, but not be limited to equipment noises, loud voices, stray golf balls, odors from manure or other chemicals, and dust or smoke. The City of Wasco has determined that the use of real property for agricultural operations is a high priority and favored use to the City and the County

and will not be considered a nuisance for those inconveniences or discomforts arising from agricultural operations, provided such operations are consistent with accepted customs, standards and laws."

4) The subdivider, or general contractor, shall submit a list of all contractors and/or subcontractors performing work on this project to the office of the Finance Director and such contractors and subcontractors shall obtain valid business licenses to do business and/or work in the City of Wasco.

5) The subdivider shall participate in the provision of funding to maintain police services by voting to approve a Special Tax for the Parcels created by this subdivision. The Special Tax shall be the per parcel amount (with appropriate future CPI adjustment) as established at the time of voting by the City Council. The election to provide for the Special Tax shall be completed prior to the transfer of any of the parcels in the subdivision from the subdivider to any person. The property owner shall be responsible for paying the cost of holding the election, payable at the time the election is requested by the owner. The tax shall be due at the time specified in the ordinance imposing the tax.

6) Until all portions of the subdivision have been completed, all vacant and undeveloped land shall be maintained within the boundaries of the subdivision in a weed free and clean manner by the property owner. Should any property not be so maintained, the City shall notify the property owner that the property is to be cleaned within thirty (30) days of receipt of said notice. If the property owner does not comply within the required time frame, the City may then clear the land and bill the property owner for the expenses incurred.

7) This Tentative Tract shall expire twenty-four (24) months from the date of approval by the City Council, unless an extension is granted by the City Council. Should an extension be requested, the applicant, not less than sixty (60) days prior to the expiration date, shall submit to the City in writing, a request for an extension of time in accordance with the provisions of City Code;

8) The applicant shall provide written documentation form the Division of Oil and Gas that there are no abandoned wells in the proximity of the project site. If there are abandoned wells in the area, the applicant should obtain written approval from the Division of Oil and Gas for the construction of any roadway over or in the proximity of an abandoned well location. Any habitable structures shall be set back per the requirements of the Division of Oil and Gas;

9) The applicant shall obtain a State Water Resources Control Board Permit for Construction prior to the approval of the grading plan;

10) The applicant shall pay all development fees adopted by the City in effect at the time of issuance of any building permits including but not limited to Quimby fees, school fees, plan check fees and recordation fees;

11) The applicant shall comply with the latest Uniform Building Code, Uniform Mechanical Code, Uniform Plumbing Code, National Electric Code and all other applicable codes, ordinances, regulations and development standards in effect at the time of issuances of relative permits;

12) If the developer's engineer utilizes computer assisted design drafting for the final map and the subdivision improvement plans, then prior to recordation of the map, the developer's engineer shall ensure a disk with said information, in a format compatible with the City's computers, to the City Engineer;

13) **THE APPROVED SET OF CONDITIONS SHALL BE POSTED AT THE JOB SITE AT ALL TIMES.**

## PLANNING DEPARTMENT

1) Installation of all tract improvements shall be completed within one year from date of filing of the final map unless a time extension is granted by the City Council. The recording of any final map shall be in accordance with the Subdivision Map Act and the Wasco Municipal Code.

2) The Developer shall place the entire subdivision within a Landscape and Lighting Maintenance District, prior to the acceptance of Phase 1 improvements by the City. The developer shall be required to maintain all landscaping, including the replacement of any trees or shrubs that do not survive, within the public right-of-way and landscape easements for a period of six months after final inspection of the landscape improvements. The Developer shall be fully responsible for the formation of the Landscape and Lighting Maintenance District, as directed by the City Engineer. The developer shall be fully responsible for paying the cost of the water for all landscaping and electricity for the street lights until such time as the maintenance district is formed.

3) The subdivider shall submit a copy of Covenants, Conditions and Restrictions (CC&R's) to the Planning Director and City Attorney prior to recordation of the final map or any phase of the final map. If City staff determines that said CC&R's result in any inconsistencies with City Ordinances, the City General Plan, or City development standards, said CC&R's shall be amended to eliminate any such inconsistency. Once the CC&R's are accepted by the City, none of the portions thereof shall be amended, modified or changed without first obtaining the written consent of the City.

4) The City of Wasco, per Section 17.19.01(N) requires site plan review for each residence prior to the issuance of building permits. The following residential design criteria shall be included with each site plan:
    - The applicant shall be required to construct all fencing to the City of Wasco standards. Please see staff for details.

- Prior to the issuance of each building permit the developer shall submit a site plan to the City Planning Department for review and approval and prior to any foundations being poured. The site plan must reference the floor plan layout and building elevations, including exterior building materials and colors, for each of the single family residences built.
- A color pallet shall be approved by the Planning Department prior to the construction of any house at the time of site plan review.
- Lots deeper than 100 feet shall have a minimum five (5) foot variation in the front yard setback from twenty-five (25) to thirty (30). No more than two houses with the same front yard setback shall be placed on adjacent lots.
- All roofs shall be of a concrete tile, approved shake or twenty five (25) year minimum architectural style composite shingle.
- A minimum of fifteen (15) percent of the houses within the approved subdivision shall have concrete or approved tile roofs.
- All exterior wall elevations of buildings and screen walls shall have architectural treatments enhancing building appearance. Uniform materials and consistent style should be evident within a development in all exterior elevations. Secondary materials should be used to highlight building features and provide visual interest.
- All houses within the subdivision shall provide decorative lighting on both sides of the garage or shall provide lighting under the eave of the garage.
- Residential mechanical equipment shall be placed on the ground and screened from public view.
- The second story of a two story residence shall be offset to the rear of the first floor.
- If fencing is installed in the front yard setback, said fencing shall not exceed three and one half feet (3 ½) in height and shall not be chain link.
- There shall be a minimum of four (4) building footprints and a minimum of four (4) elevations per footprint.
- No two elevations shall be placed side by side within a subdivision.
- All new residential developments shall provide landscaping and automatic irrigation in the front yard area, the landscaping shall consist of sod and two trees (this does not include the tree in the public right of way).
- All trees shall be from a pre-approved list including planting instructions, from the Planning Department.
- All the landscaping and irrigation system shall be done prior to the issuance of a Certificate of Occupancy
- To the extent feasible the subdivision shall include energy conservation techniques in its' development;

5) The developer shall pay all applicable taxes, fees and charges at the rate and amount in effect at the time such taxes, fees and charges become due and payable before recordation of the final map;

BP000813

6) The developer shall be required to obtain all necessary permits from agencies having jurisdiction over the property being developed;

7) The subdivider shall dedicate or cause to be dedicated, appropriate easements for existing or proposed City maintained facilities if such facilities are located outside City right-of-way.

8) All easements shall be kept open and clear and free from buildings and structures of any kind pursuant to the City of Wasco Zoning Ordinance. All obstructions, including utility poles and lines, trees, pole signs or similar obstructions, shall be removed from the ultimate right of way at the time of development. Compliance with this requirement is the responsibility of the applicant and may result in significant financial expenditures.

9) The developer shall provide the City of Wasco with "can and will serve" letters from utility companies that will provide services to the proposed subdivision.

10) All public improvements shall conform to the City of Wasco Improvement Standards, and plans shall be submitted to the City Engineer for approval, prior to the Final Map approval.

11) All public improvements shall be installed prior to recordation of the subdivision map or security as deemed sufficient by the City shall be provided in accordance with the Subdivision Map Act and the City of Wasco Subdivision Ordinance;

12) The Subdivider is responsible for the design and installation of street lights. Street light locations shall be shown on the improvement plans and on the key map. Prior to acceptance of street lights for maintenance, the lights shall be tested to the satisfaction of the City/utility company with a power source provided by the contractor. The City of Wasco will own the poles and PG&E will provide the electricity;

13) Street name signs and traffic regulatory signs shall be provided by the Subdivider as required by the City Engineer, Planning Director and Public Works Director. No traffic shall be allowed onto streets until regulatory signs are in place;

14) Access shall be restricted on each final map as required by the City Engineer. Specifically this restriction shall be shown on the final map where lots back onto public streets or a belt park;

15) Developer shall meet all applicable requirements of the San Joaquin Valley Unified Air Pollution Control District including but not limited to the following:
    - **Regulation VIII:** (Fugitive PM10 Prohibitions)
    - **Rule 4103:** (Open Burning)
    - **Rule 4901:** (Wood Burning Fireplaces and Wood Burning Heaters)
    - **Rule 4902:** (Residential Water Heaters)
    - For any additional information please contact the District at (661) 326-6980

16) The developer shall provide Cluster Mailbox Units (CBU's), placed for efficient access for all residents and Postal Service personnel. Locations must be approved by the City of Wasco Planning Department and the United States Postal Service.

17) The proposed subdivision is located in the Valley Rose Estates Zone of Benefit, therefore all applicable fees shall be collected prior to the final recordation of the last phase.

**18) The applicant is required to rename Olympic Close to Olympic Ct.**

## WATER/FIRE

1) Water line locations, sizes and materials shall be subject to the approval of the City Engineer

2) Tie-ins to existing water mains shall be constructed as directed by the City Engineer.

3) The City Engineer shall recommend the hydrant type and location. Developer shall seek approval in writing from the County Fire Marshall for hydrant locations.

4) Prior to issuance of a building permit, water mains and fire hydrants to be installed by the developer shall be tested and accepted by the Kern County Fire Department.

## BUILDING

1) No building permit, with the exception of model homes, shall be issued until this subdivision, or any phase thereof, has been recorded pursuant to the requirements of the California State Subdivision Map Act and the Wasco Municipal Code.

2) Prior to the issuance of a building permit an approved final soils report will be required.

3) Private drives shall be constructed of Portland cement-concrete and shall be constructed at a minimum width of twenty (20) feet from the edge of the public roadway pavement to the garage of each house.

4) Prior to permitting occupancy of any lot all required improvements must be completed and accepted by the City of Wasco.

## PUBLIC WORKS:

1) Within in any given phase of development, secondary access easements and improvements shall be provided, as directed by the City Engineer. Access roads shall be twelve (12) feet in width and surfaced with 0.4'' of Class II Aggregate Base.

2) The developer's engineer is to provide to the City of Wasco, verification of substantial compliance of any and all onsite or offsite improvements prior to acceptance by the City of Wasco.

3) Prior to review of any improvement plans, a drainage study, performed by a registered civil engineer, and a grading plan shall be submitted to and approved by the City Engineer. The drainage study shall include the ability of the existing storm water drainage basin facility to accommodate new development. Additionally, the study must demonstrate the ability of any off-site street carrying the development's storm water. Storm drainage protection and disposal of water into and from the Tract shall be by a method approved by the City Engineer;

4) Developer shall be fully responsible for any necessary expansion and/or upgrade of the proposed storm water drainage basin facility.

5) The developer's engineer shall provide a "rough grade certification" prior to the commencement of public improvements and then provide a "final grade certification" prior to the issuance of any building permit.

6) All building pads shall provide a minimum of 1% slope away from the house and to the street from all points on any one lot. The minimum pad height shall be twelve (12) inches above the adjacent curb.

7) Prior to the review of improvement plans by the Engineering Services Division of Public Works, all planning and conceptual improvements shall be obtained, and the developer shall submit the following items:
   - Preliminary Soils Report – including R-Values taken from the proposed road locations, and infiltration tests taken from the proposed basin site.
   - Preliminary Engineer's Estimate
   - Plan check and inspection fees

8) The developer shall maintain the entire project, including adjacent streets in a dust free condition at all times. This condition applies at all times including weekends, evenings and night time hours. During construction operations, cleanup of soil from the public roadways shall be required, if deemed necessary by the City Engineer.

9) All utilities proposed under paving shall be installed prior to paving. Cover over utilities shall be a depth as approved by the City Engineer in the Development Standards.

10) Expanded intersections shall be provided as directed by the City Engineer. A traffic study may be required.

11) Sufficient street right-of-way and landscape easements shall be provided as required by City standards to accommodate the required street sections.

12) Temporary turnarounds may be required with each phase of construction, as directed by the City Engineer.

13) Property lines shall be marked with a chiseled line on the top of curb for all lot property lines. The location of all sewer laterals shall be marked on top of curb with the letter "S".

14) All new utilities shall be provided with underground services.

15) Sidewalks and parkways shall be constructed in accordance with the City's subdivision standards.

16) Monument and monument covers shall be set as determined by the City Engineer.

17) Any damaged private or public improvements shall be removed and replaced at the developer's expense in the manner directed by the City Engineer, before final acceptance.

18) Any obstructions including utilities, irrigation lines, etc., shall be removed and/or relocated, as necessary, at the expense of the subdivider.

19) A six (6) foot Public Utilities easement shall be provided on the front of all lots and on the street side of all corner lots as requested by the utility companies and the City of Wasco.

20) No final inspections shall be approved for any lot until all required improvements have been completed by the developer and accepted by the City.

21) Temporary drainage basins may be allowed as approved by the City Engineer. These basins shall be landscaped and fenced accordingly.

22) Sewer, water and storm drain mains shall be stubbed to the tract boundaries to facilitate development of adjacent properties as directed by the City Engineer.

23) All improvements, as designated or approved by the Planning Commission and shown on the marked up map presented to the Commission shall be submitted on a **Revised Tentative Map** following the Commission meeting. This map shall be used for final map checking.



BP000818



Map prepared 02/05/05

N

BP000820

TENTATIVE TRACT 6451
Zoning- Land Use
Exhibit C

    

R-E    ESTATE RESIDENTIAL
R-1    LOW DENS RES. 6,000
R-1-6  LOW DENS RES. 6,000
R-2    MEDIUM DENSITY RESIDENTIAL
R-R    RURAL RESIDENTIAL
R-1    MEDIUM DENSITY RESIDENTIAL
C-R    COMMERCIAL RETAIL
C-N    COMMERCIAL NEIGHBORHOOD
C-H    COMMERCIAL HIGHWAY
P-F    PUBLIC FACILITIES
REC'T  REC'T/FOREST OPEN SPACE

Scofield Ave

C-H

C-R

R-1-8

R-2

R-F O-S

R-1-8

C-N

SITE

P-F

R-1-8

P-F

R-E

SR-46

Valley Rose
Golf Course

Leonard Ave

Wasco Cemetery

R-R

R-R

Exhibit "3"



# "REVISED"
## TENTATIVE TRACT MAP No. 5472

BP000434

Exhibit "4"

SS1000088
A 01918



VESTING TENTATIVE TRACT MAP NO. 6451

VESTING TENTATIVE TRACT NO. 6451
CITY OF WASCO, CALIFORNIA

DEWALT
Corporation

Exhibit "5"



VESTING TENTATIVE
TRACT MAP NO. 6451

VESTING TENTATIVE TRACT NO. 6451
CITY OF WASCO, CALIFORNIA

Exhibit "6"



BP001314

Exhibit "7"



TRACT NO. 6451

CONSISTING OF 3 SHEETS

SHEET 1 of 3

A 01775

BP000047



A 01776

BP000048



BP000049

Exhibit "8"





BP000452



BP000453



BP000454



BP000455



BP000456

**PROOF OF SERVICE**
**(FRCP No. 5(b)(2)(E))**

**STATE OF CALIFORNIA, COUNTY OF KERN**

I, Gina Pomato, declare:

I am a citizen of the United States. I am employed in the County of Kern, State of California. I am over the age of 18 and not a party to the within action; my business address is 1600 Truxtun Avenue, Bakersfield, California 93301.

On **December 22, 2008**, I served the foregoing document described as **REQUEST FOR ADMISSIONS TO CITY OF WASCO (SET NO. ONE)** on the other party(ies) in this action as follows:

| | |
|---|---|
| Steven John Hassing, Esq. | Attorneys for Attorneys for Defendants, |
| **Law Offices of Steven J. Hassing** | Northern California Universal Enterprises |
| 425 Calabria Court | Company and Lotus Developments |
| Roseville, CA 95747 | Tel:   916/677-1776 |
| | **Fax:   916/677-1770** |

email address: **stevehassing@yahoo.com**

| | |
|---|---|
| Chaka Okadigbo | Attorneys for Defendant, City of Wasco |
| **Garcia Calderon Ruiz, LLP** | |
| 500 South Grand Ave Suite 1100 | Tel: 213/347-0210 |
| Los Angeles, CA 90071 | **Fax: 213-347-0216** |

email address: **cokadigbo@gcrlegal.com**

☐   **BY ELECTRONIC SERVICE:**  Pursuant to Fed. R. Civ. P. 5(b)(2)(E) and Local Court Rule(s), the foregoing document will be served by the court via CM/ECF..  Pursuant to the CM/ECF docket for this case proceeding the following person(s) are on the Electronic Mail Notice List to receive ECF transmission at the email address(es) indicated below:

☐   **BY MAIL:**   As follows:  I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at , California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

Executed on **December 22, 2008**, at Bakersfield, California.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

_____                    _____
        Gina Pomato                                   /s/ Gina Pomato

1   BONIFACIO B. GARCIA (SBN 100761)
    EVA M. PLAZA (SBN 250321)
2   CHAKA C. OKADIGBO (SBN 224547)
    GARCIA CALDERON RUIZ, LLP
3   500 S. Grand Avenue, Suite 1100
    Los Angeles, CA 90071
4   (213) 347-0210; Fax (213) 347-0216

5   Attorneys for Defendant CITY OF WASCO

6

7

8                   UNITED STATES DISTRICT COURT

9         EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION

10

11  ROGER McINTOSH.                   Case No: 1:07-CV-01080-LJO-WMV

12              Plaintiffs,
                                      DEFENDANT CITY OF WASCO'S
13      vs.                           RESPONSES TO PLAINTIFF ROGER
                                      McINTOSH'S REQUESTS FOR
14  NORTHERN CALIFORNIA               ADMISSION, SET ONE
    UNIVERSAL ENTERPRISES, INC. et al.
15
                Defendants.
16

17

18  PROPOUNDING PARTY:       PLAINTIFF, ROGER McINTOSH

19  RESPONDING PARTY:        DEFENDANT, THE CITY OF WASCO

20  SET NO.:                 ONE

21       Defendant City of Wasco (the "City") hereby responds to Plaintiff Roger McIntosh's

22  requests for admission as follows:

23  **REQUEST FOR ADMISSION NO. 1:**

24       Admit that the staff report attached to this request as Exhibit "1" is a staff report prepared

25  by the City of Wasco for Tract No. 5472 of the Valley Rose Estate Subdivision. (Previously

26  produced as Bates Nos. BP000928 to BP000931.)

27  ///

28  ///

                                   -1-

1  **RESPONSE TO REQUEST FOR ADMISSION NO. 1:**

2         The City is unable to admit or deny this request on the ground that the reference to "City

3  of Wasco" is unclear, vague and ambiguous in that it does not specify whether an employee of

4  the City is intended by the reference, whether the reference relates to persons with authority to

5  bind the City to acts and/or omissions, or whether the City Council is intended.  Furthermore, the

6  City cannot admit or deny the instant request on the ground that the term "Valley Rose Estate

7  Subdivision" is a capitalized term which Plaintiff has failed to define and, as such, renders the

8  request vague and ambiguous.  For these reasons, the City denies the request.

9         In any event, the City admits that the staff report attached as Exhibit 1 to Plaintiff's

10  request for admissions is a staff report prepared by the City of Wasco Planning Department.

11  **REQUEST FOR ADMISSION NO. 2:**

12         Admit that the staff report attached to this request as Exhibit "2" is a staff report prepared

13  by the City of Wasco for Tract No. 6451 of the Valley Rose Estate Subdivision.  (Previously

14  produced as Bates Nos. BP000809 to BP000823).

15  **RESPONSE TO REQUEST FOR ADMISSION NO. 2:**

16         The City is unable to admit or deny this request on the ground that the reference to "City

17  of Wasco" is unclear, vague and ambiguous in that it does not specify whether an employee of

18  the City is intended by the reference, whether the reference relates to persons with authority to

19  bind the City to acts and/or omissions, or whether the City Council is intended.  Furthermore, the

20  City cannot admit or deny the instant request on the ground that the term "Valley Rose Estate

21  Subdivision" is a capitalized term which Plaintiff has failed to define and, as such, renders the

22  request vague and ambiguous.  For these reasons, the City denies the request.

23         In any event, the City admits that the staff report attached as Exhibit 2 to Plaintiff's

24  request for admissions is a staff report prepared by the City of Wasco Planning Department.

25  **REQUEST FOR ADMISSION NO. 3:**

26         Admit that Tentative Map No. 5472 attached to this request as Exhibit "3" is a copy of a

27  Tentative Map prepared by Martin-McIntosh for the Valley Rose Estate Subdivision.

28  (Previously produced as BP000434)

1   **RESPONSE TO REQUEST FOR ADMISSION NO. 3:**

2        The City cannot admit or deny this request as drafted on the ground that the document is

3   entitled "'Revised' Tentative Tract Map No. 5472" and not "Tentative Map No. 5472."

4   Furthermore, the City cannot admit or deny the instant request on the ground that the term

5   "Valley Rose Estate Subdivision" is a capitalized term which Plaintiff has failed to define and, as

6   such, renders the request vague and ambiguous. Furthermore, by invoking the word "prepared,"

7   the request requires that the City confirm or deny the intentions of the drafter of the document, a

8   fact to which the City cannot attest. For these reasons, the City denies the request.

9        In any event, the City admits that the document attached as Exhibit 4 to Plaintiff's

10   requests for admission states that it was prepared by Martin-McIntosh.

11   **REQUEST FOR ADMISSION NO. 4:**

12        Admit that Vesting Tentative Map No. 6451 attached to this request as Exhibit "4' is a

13   copy of a Vesting Tentative Map prepared for the Valley Rose Estate Subdivision. (Previously

14   produced as BP000155 and A01918).

15   **RESPONSE TO REQUEST FOR ADMISSION NO. 4:**

16        The City cannot admit or deny this request as drafted on the ground that the document

17   attached as Exhibit 4 is entitled "Vesting Tentative Tract Map No. 6451' and not "Vesting

18   Tentative Map No. 6451." Additionally, the City cannot admit or deny the instant request for

19   admission on the grounds that "Vesting Tentative Map" and "Valley Rose Estate Subdivision"

20   are capitalized terms which Plaintiff has failed to define and, as such, render Plaintiff's request

21   vague and ambiguous. Furthermore, by invoking the word "prepared," the request requires that

22   the City confirm or deny the intentions of the drafter of the document, a fact to which the City

23   cannot attest. For these reasons, the City denies the request.

24        In any event, the City admits that the document attached as Exhibit 4 to McIntosh's

25   request for admission is entitled "Vesting Tentative Tract Map No. 6451."

26   ///

27   ///

28   ///

1   **REQUEST FOR ADMISSION NO. 5:**

2       Admit that the copy of Vesting Tentative Map No. 6451 attached to this request as

3   Exhibit "5" contains hand-written annotations made by the City of Wasco.  (Previously produced

4   as BP000101)

5   **RESPONSE TO REQUEST FOR ADMISSION NO. 5:**

6       The City is unable to admit or deny the request as drafted on the ground that the reference

7   to "City of Wasco" is unclear, vague and ambiguous in that it does not specify whether an

8   employee of the City is intended by the reference, whether the reference relates to persons with

9   authority to bind the City to acts and/or omissions, or whether the City Council is intended.

10  Additionally, the City cannot admit or deny the instant request for admission on the grounds that

11  the term "Vesting Tentative Tract Map No. 6451" is a capitalized term which Plaintiff has failed

12  to define and, as such, renders Plaintiff's request vague and ambiguous.  For these reasons, the

13  City denies the request.

14      In any event, the City admits that hand written notations were made by a City of Wasco

15  employee on a document entitled "Vesting Tentative Tract Map No. 6451."

16  **REQUEST FOR ADMISSION NO. 6:**

17      Admit that the copy of Tentative Map No. 6451 attached to this request as Exhibit "6" is

18  a copy of a Tentative Map prepared for the Valley Rose Estate subdivision.  (BP001314).

19  **RESPONSE TO REQUEST FOR ADMISSION NO. 6:**

20      The City cannot admit or deny the request as drafted on the ground that the document

21  attached as Exhibit 6 to Plaintiff's request for admissions is entitled "Tentative Tract Map No.

22  6451" and not "Tentative Map No. 6451."  Additionally, the City cannot admit or deny the

23  request on the ground that "Tentative Map" and Valley Rose Estate Subdivision" are capitalized

24  terms which Plaintiff has failed to define and, as such, render Plaintiff's request vague and

25  ambiguous.  Furthermore, by invoking the word "prepared," the request requires that the City

26  confirm or deny the intentions of the drafter of the document, a fact to which the City cannot

27  attest.  For these reasons, the City denies the request.

28  / / /

1    In any event, the City admits that the document attached as Exhibit 6 to Plaintiff's

2    requests for admission is entitled "Tentative Tract Map No. 6451."

3    **REQUEST FOR ADMISSION NO. 7:**

4    Admit that Final Map No. 6541 attached to this request as Exhibit "7" is a copy of a Final

5    Map prepared for the Valley Rose Estate Subdivision.  (Previously produced as BP00047-

6    BP00949)

7    **RESPONSE TO REQUEST FOR ADMISSION NO. 7:**

8    The City cannot admit or deny the request as drafted on the ground that no where in the

9    document attached as Exhibit 7 to Plaintiff's request for admissions does the document use the

10   term "Final Map."  Similarly, the City cannot admit or deny the request on the ground that "Final

11   Map" and "Valley Rose Estate Subdivision" are capitalized terms which Plaintiff has failed to

12   define and, as such, render Plaintiff's request vague and ambiguous.  Furthermore, the City

13   cannot admit or deny the request on the ground that, by invoking the word "prepared," the

14   request requires that the City confirm or deny the intentions of the drafter of the document, a fact

15   to which the City cannot attest. For these reasons, the City denies the request.

16   In any event, the City responds that the document attached as Exhibit 7 to Plaintiff's

17   request for admissions appears to be a copy of a final map for Tract No. 6451.

18   **REQUEST FOR ADMISSION NO. 8:**

19   Admit that Martin-McIntosh prepared the Improvement Plans for expired Tentative Map

20   No .5472 of the Valley Rose Estate subdivision.

21   **RESPONSE TO REQUEST FOR ADMISSIONS NO. 8:**

22   The City cannot admit or deny the request as drafted on the ground that the term

23   "Improvement Plans" is a capitalized term which Plaintiff has failed to define and, as such,

24   renders Plaintiff's request vague and ambiguous.  As such, the City denies the request.

25   Furthermore, by invoking the word "prepared," the request requires that the City confirm or deny

26   the intentions of the drafter of the document, a fact to which the City cannot attest.  For these

27   reasons, the City denies the request.

28   / / /

1    In any event, the City admits that improvement plans for Tract No. 5472 were submitted

2  to the City.

3  **REQUEST FOR ADMISSION NO. 9:**

4    Admit that Martin-McIntosh prepared the Improvement Plans for Tentative Map No.

5  6451 of the Valley Rose Estate subdivision.

6  **RESPONSE TO REQUEST FOR ADMISSION NO. 9:**

7    Deny.

8  **REQUEST FOR ADMISSION NO. 10:**

9    Admit that the, "Associative Approved Improvement Plans" referenced in the "Notes"

10  section of Tentative Map No. 6451 (BP001314) refers to the Improvement Plans prepared by

11  Martin-McIntosh for the Valley Rose Estate subdivision.

12  **RESPONSE TO REQUEST FOR ADMISSION NO. 10:**

13    The City cannot admit or deny this request on the ground that, by invoking the term

14  "prepared," the request requires that the City confirm or deny the intentions of the drafter of the

15  document, a fact to which the City cannot attest.  Additionally, the City cannot admit or deny this

16  request on the ground that "Improvement Plans" is a capitalized term which Plaintiff has failed

17  to define and, therefore, renders the request vague and ambiguous.  For these reasons, the City

18  denies the request.

19    In any event, the City admits that the document states "This document contains existing

20  improvements built per "Valley Rose Planned Community" Expired Tentative Tract 5472, and

21  Associative Approved Improvement Plans."

22  **REQUEST FOR ADMISSION NO. 11:**

23    Admit that the numbered lots in the Wall Improvement Plans in Exhibit "8" attached

24  hereto and labeled as Bates Nos. BP000452 to BP000456 refers to the lots referenced on

25  Tentative Map No. 6451.

26  **RESPONSE TO REQUEST FOR ADMISSION NO. 11:**

27    Deny.

28  / / /

1   **REQUEST FOR ADMISSION NO. 12:**

2        Admit that the City of Wasco gave a copy of Tentative Map No. 5472 to by [sic] DeWalt

3   CM, Inc., also known as DeWalt Corporation, ("DeWalt").

4   **RESPONSE TO REQUEST FOR ADMISSION NO. 12:**

5        The City cannot admit or deny the instant request on the ground that the reference to

6   "Tentative Map No. 5472" is unclear, vague and ambiguous in that a capitalized term is being

7   used without definition and no specific document identified by Bates numbering or any other

8   manner is identified in the request. Furthermore, the request is unclear as to what the City is

9   being asked to admit insofar it uses a vague and ambiguous term ("to by DeWalt CM, Inc.")

10  Furthermore, the City cannot admit or deny the request for admission to the extent that it requires

11  confirmation of other aliases assumed by the DeWalt Corporation.

12        In any event, the City lacks sufficient knowledge to admit or deny this request, after

13  having conducted a reasonable inquiry into the matter. As such, the City denies the request.

14  **REQUEST FOR ADMISSION NO. 13:**

15        Admit that the City of Wasco gave a copy of Tentative Map No. 5472 to Northern

16  California Universal Enterprises. ("Northern")

17  **RESPONSE TO REQUEST FOR ADMISSION NO. 13:**

18        Deny.

19  **REQUEST FOR ADMISSION NO. 14:**

20        Admit that the City of Wasco gave a copy of Tentative Map No. 5472 to Lotus

21  Developments, LLC. ("Lotus")

22  **RESPONSE TO REQUEST FOR ADMISSION NO. 14:**

23        Deny.

24  **REQUEST FOR ADMISSION NO. 15:**

25        Admit that the City of Wasco gave a copy of Tentative Map No. 5472 to Joe Wu.

26  ("Wu").

27  ///

28  ///

1 | **RESPONSE TO REQUEST FOR ADMISSION NO. 15:**

2 |     Deny.

3 | **REQUEST FOR ADMISSION NO. 16:**

4 |     Admit that the City of Wasco gave a copy of the Improvement Plans prepared by Martin-

5 | McIntosh to DeWalt.

6 | **RESPONSE TO REQUEST FOR ADMISSION NO. 16:**

7 |     The City cannot admit or deny the instant request on the ground that the reference to

8 | "Improvement Plans" is unclear, vague and ambiguous in that a capitalized term is being used

9 | without definition and no specific documents identified by Bates numbering or any other manner

10 | are identified in the request.  Furthermore, the City is unable to admit or deny the request as

11 | drafted on the ground that the reference to "City of Wasco" is unclear, vague and ambiguous in

12 | that it does not specify whether an employee of the City is intended by the reference, whether the

13 | reference relates to persons with authority to bind the City to acts and/or omissions, or whether

14 | the City Council is intended.

15 |     In any event, the City admits that a City employee appears to have provided Greg Black a

16 | copy of improvement plans related to Tract No. 5472.

17 | **REQUEST FOR ADMISSION NO. 17:**

18 |     Admit that the City of Wasco gave a copy of the Improvement Plans prepared by Martin-

19 | McIntosh to Northern.

20 | **RESPONSE TO REQUEST FOR ADMISSION NO. 17:**

21 |     Deny.

22 | **REQUEST FOR ADMISSION NO. 18:**

23 |     Admit that the City of Wasco gave a copy of the Improvement Plans prepared by Martin-

24 | McIntosh to Wu.

25 | **RESPONSE TO REQUEST FOR ADMISSION NO. 18:**

26 |     Deny.

27 | ///

28 | ///

1  **REQUEST FOR ADMISSION NO. 19:**

2        Admit that the City of Wasco gave a copy of the Improvement Plans prepared by Martin-

3  McIntosh to Lotus.

4  **RESPONSE TO REQUEST FOR ADMISSION NO. 19:**

5        Deny.

6  **REQUEST FOR ADMISSION NO. 20:**

7        Admit that without prior approval by the City of Wasco of the Improvement Plans

8  prepared by Martin-McIntosh for the Valley Rose Estate Subdivision, the City of Wasco would

9  not have approved Tentative Map No. 6451.

10  **RESPONSE TO REQUEST FOR ADMISSION NO. 20:**

11        Deny.

12  **REQUEST FOR ADMISSION NO. 21:**

13        Admit that the City of Wasco knew that the references contained in Tentative Map No.

14  6451, specifically, the lot numbers and boundaries, needed to be the same or similar to those in

15  prior Tentative Tract Map No. 5472.

16  **RESPONSE TO REQUEST FOR ADMISSION NO. 21:**

17        Deny.

18  **REQUEST FOR ADMISSION NO. 22:**

19        Admit that the "plans" referred to in Exhibit "2", (item "10" in BP00814) refers to the

20  Improvement Plans originally prepared by Martin-McIntosh for Tract No. 5472.

21  **RESPONSE TO REQUEST FOR ADMISSION NO. 22:**

22        Deny.

23  **REQUEST FOR ADMISSION NO. 23:**

24        Admit that the City of Wasco has not formally accepted the improvements for Tract No.

25  6451.

26  **RESPONSE TO REQUEST FOR ADMISSION NO. 23:**

27        Admit.

28  ///

1    **REQUEST FOR ADMISSION NO. 24:**

2        Admit that the City of Wasco could not have approved a tentative map for Tract No.

3   6451 with lot numbers different than those referenced to in Tentative Map No. 5472 without

4   modified improvement plans.

5    **RESPONSE TO REQUEST FOR ADMISSION NO. 24:**

6       Deny.

7    **REQUEST FOR ADMISSION NO. 25:**

8        Admit that the City of Wasco is now able to collect impact fees based on the number of

9   dwelling units on the Valley Rose Estates Subdivision to reimburse the city's enterprise funds'

10   capital accounts for the costs incurred by the city in constructing the public Valley Rose Estates

11   infrastructure project.

12   **RESPONSE TO REQUEST FOR ADMISSION NO. 25:**

13       The City admits that it is able to collect impact fees for reasons set forth in a 2004

14   ordinance adopting chapter 13.19 of the Wasco Municipal Code. The City otherwise denies the

15   request.

16   **REQUEST FOR ADMISSION NO. 26:**

17       Admit that the City of Wasco is now able to collect impact fees to pay for the engineering

18   work done on the Valley Rose Estates subdivision.

19   **RESPONSE TO REQUEST FOR ADMISSION NO. 26:**

20       The City admits that it is able to collect impact fees for reasons set forth in a 2004

21   ordinance adopting chapter 13.19 of the Wasco Municipal Code. The City otherwise denies the

22   request.

23   **REQUEST FOR ADMISSION NO. 27:**

24       Admit that the City of Wasco had the ability to either approve or disapprove of Tentative

25   Map No. 6451.

26   **RESPONSE TO REQUEST FOR ADMISSION NO. 27:**

27       The City cannot admit or deny this request on the ground that the terms "approve or

28   disapprove" are unclear, vague and ambiguous. Additionally, the City cannot admit or deny this

1  request on the ground that the reference to "Tentative Map No. 6451" is unclear, vague and

2  ambiguous in that no particular document identified by Bates numbering or any other manner is

3  specified. For these reasons, the City denies the request.

4  **REQUEST FOR ADMISSION NO. 28:**

5          Admit that the City of Wasco had the ability to either approve or disapprove of Final Map

6  No. 6451.

7  **RESPONSE TO REQUEST FOR ADMISSION NO. 28:**

8          The City cannot admit or deny this request on the ground that the terms "approve or

9  disapprove" are unclear, vague and ambiguous. Additionally, the City cannot admit or deny this

10  request on the ground that the reference to "Final Map No. 6451" is unclear, vague and

11  ambiguous in that no particular document identified by Bates numbering or any other manner is

12  specified. For these reasons, the City denies the request.

13  **REQUEST FOR ADMISSION NO. 29:**

14          Admit that Tentative Map No. 5472 and Tentative Map No. 6451 are substantially

15  similar.

16  **RESPONSE TO REQUEST FOR ADMISSION NO. 29:**

17          Deny.

18  **REQUEST FOR ADMISSION NO. 30:**

19          Admit that Tentative Map No. 5472 and Final Map No. 6451 are substantially similar.

20  **RESPONSE TO REQUEST FOR ADMISSION NO. 30:**

21          Deny.

22  **REQUEST FOR ADMISSION NO. 31:**

23          Admit that Tentative Map No. 5472 and Vesting Tentative Map No. 6451 are

24  substantially similar.

25  **RESPONSE TO REQUEST FOR ADMISSION NO. 31:**

26          Deny.

27  ///

28  ///

1    **REQUEST FOR ADMISSION NO. 32:**

2       Admit that without prior approval by the City of Wasco of the Improvement Plans

3    prepared by Martin-McIntosh for the Valley Rose Estate subdivision, the City of Wasco would

4    not have approved final Map No. 6451.

5    **RESPONSE TO REQUEST FOR ADMISSION NO. 32:**

6      Deny.

7    **REQUEST FOR ADMISSION NO. 33:**

8       Admit that Lotus submitted a final map and improvement plans in order to get your

9    approval of a subdivision agreement between you and Lotus.

10    **RESPONSE TO REQUEST FOR ADMISSION NO. 33:**

11      Deny.

12    **REQUEST FOR ADMISSION NO. 34:**

13       Admit that Lotus submitted a final map and improvement plans in order to get your

14    approval of a subdivision agreement between you and Northern.

15    **RESPONSE TO REQUEST FOR ADMISSION NO. 34:**

16      Deny.

17    **REQUEST FOR ADMISSION NO. 35:**

18       Admit that without a final map and improvement plans, you would not have signed the

19    subdivision agreement between you and Northern.

20    **RESPONSE TO REQUEST FOR ADMISSION NO. 35:**

21      Deny.

22    **REQUEST FOR ADMISSION NO. 36:**

23       Admit that the City of Wasco sold the Valley Rose Estates golf course to Northern.

24    **RESPONSE TO REQUEST FOR ADMISSION NO. 36:**

25       The City admits that the Valley Rose Estates golf course was sold to Northern California

26    Universal Enterprises Co., Inc. through a trustee sale. The City otherwise denies the request.

27    **REQUEST FOR ADMISSION NO. NO. 37:**

28       Admit that the City of Wasco sold the Valley Rose Estates golf course to Lotus.

1   **RESPONSE TO REQUEST FOR ADMISSION NO. 37:**

2      Deny.

3   **REQUEST FOR ADMISSION NO. 38:**

4      Admit that the City of Wasco sold the Valley Rose Estates golf course to Wu.

5   **RESPONSE TO REQUEST FOR ADMISSIONS NO. 38:**

6      Deny.

7

8   DATED: February 4, 2009        GARCIA CALDERON RUIZ, LLP

9

10

11                       By:

12                             CHAKA C. OKADIGBO
                            Attorneys for Defendant

13                             CITY OF WASCO

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

02/04/2009  14:48   6617587239                    CITY OF WASCO                        PAGE  02/02
Fax:                          Feb  4 2009 02:08pm P002/002

**VERIFICATION**

I have read the foregoing **DEFENDANT CITY OF WASCO'S RESPONSES TO PLAINTIFF ROGER McINTOSH'S REQUESTS FOR ADMISSION, SET ONE** propounded by Roger McIntosh and know its contents.

I am the Assistant City Manager for the City of Wasco, a party to this action, and am authorized to make this verification for and on its behalf, and I make this verification for that reason. I am informed and believe and on that ground allege that the matters stated in the foregoing document are true.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed this 4th day of February, 2009, at Wasco, California.

By: _____
    JIM ZERVIS

CITY OF WASCO'S RESPONSES TO PLAINTIFF ROGER McINTOSH'S REQUESTS FOR ADMISSION

1

**PROOF OF SERVICE**

2

    I declare that I am over the age of eighteen (18) and not a party to this action. My business address is 500 South Grand Avenue, Suite 1100, Los Angeles, California 90071.

3

On **February 4, 2009,** I served the following documents: **DEFENDANT CITY OF WASCO'S RESPONSES TO PLAINTIFF ROGER MCINTOSH'S REQUESTS FOR ADMISSION, SET ONE** on the interested parties in this action by placing a true and correct copy of such document, enclosed in a sealed envelope, addressed as follows:

4

5

6

Steven J. Hassing
Law Offices of Steven J. Hassing
425 Calabria Court
Roseville, CA 95747

7

8

Jeffrey A. Travis
Borton Petrini, LLP
5060 California Avenue, Suite 700
Bakersfield, CA 93303

9

( X )    **BY MAIL:** I am readily familiar with the business' practice for collection and processing of correspondence for mailing with the United States Postal Service. I know that the correspondence was deposited with the United States Postal Service on the same day this declaration was executed in the ordinary course of business. I know that the envelope was sealed and, with postage thereon fully prepaid, placed for collection and mailing on this date in the United States mail at Los Angeles, California.

10

11

12

13

( )    **BY OVERNIGHT COURIER:** I caused the above-referenced document(s) to be deposited in a box or other facility regularly maintained by the overnight courier, or I delivered the above-referenced document(s) to an overnight courier service, for delivery to the above addressee(s).

14

15

16

( )    **BY HAND-DELIVERY:** I caused the above-referenced document(s) to be hand-delivered to the addressee(s)

17

( )    (State)    I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

18

19

( X )    (Federal)    I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

20

21

Executed **February 4, 2009,** Los Angeles, California.

22

23

Carolyn Dominguez

24

25

26

27

28

EXHIBIT "D"

60971

James J. Braze, Esq.; SBN 75911
Jeffrey A. Travis, Esq.; SBN 235507
BORTON PETRINI, LLP
5060 California Avenue, Suite 700 (93309)
Post Office Box 2026
Bakersfield, CA 93303
Telephone (661) 322-3051
email: jbraze@bortonpetrini.com
email: jtravis@bortonpetrini.com

Attorneys for Plaintiff, Roger McIntosh dba
McIntosh & Associates

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION

ROGER McINTOSH,

          Plaintiff,

v.

NORTHERN CALIFORNIA UNIVERSAL
ENTERPRISES COMPANY, a California
corporation; LOTUS DEVELOPMENTS,
LLP; THE CITY OF WASCO, a municipal
corporation; DEWALT CM, INC., a California
corporation also doing business as DEWALT
CORPORATION; and DOES 1 through 10,
inclusive

          Defendants.

Case No.  1:07-CV- 01080 LJO-GSA

REQUEST FOR ADMISSIONS
(SET NO. ONE) TO DENNIS W.
DeWALT, INC.

PROPOUNDING PARTY:    PLAINTIFF, ROGER MCINTOSH DBA
MCINTOSH & ASSOCIATES

RESPONDING PARTY:    DEFENDANT, DENNIS W. DeWALT, INC.

SET NO.:    ONE

**REQUEST FOR ADMISSION NO. 1**:

       Admit that you requested a copy of Tentative Map No. 5472 from the City of Wasco.

(You refers to Dennis W. De Walt, Inc. or any of its agents or subsidiaries that engaged in the

preparation of Tentative Map No. 6451 and City of Wasco refers to those who you worked with at

ORIGINAL

1   the City of Wasco or communicated while working on the preparation of Tentative Map No. 6451.)

2   **REQUEST FOR ADMISSION NO. 2**:

3      Admit that you received emails from Dennis McNamara from the City of Wasco with

4   copies of Roger McIntosh's improvement plans attached to those emails.

5   **REQUEST FOR ADMISSION NO. 3**:

6      Admit that you knew Martin-McIntosh prepared the improvement plans for Tract

7   No. 5472.

8   **REQUEST FOR ADMISSION NO. 4**:

9      Admit that you reviewed Tentative Map No. 5472 before you prepared Tentative Map

10   No. 6451. (Reviewed means that you looked at and used Tentative Map No. 5472 to assist you in

11   the preparation of Tentative Map No. 6451.)

12   **REQUEST FOR ADMISSION NO. 5**:

13      Admit that you reviewed the improvement plans for Tract No. 5472 before you

14   prepared Tentative Map No. 6451. (Reviewed means that you looked at and used the improvement

15   plans for Tract No. 5472 to assist you in the preparation of Tentative Map No. 6451.)

16   **REQUEST FOR ADMISSION NO. 6**:

17      Admit that you saw Tentative Map No. 5472 before you prepared Tentative Map

18   No. 6451.

19   **REQUEST FOR ADMISSION NO. 7**:

20      Admit that you saw the improvement plans for Tract No. 5472 before you prepared

21   Tentative Map No. 6451.

22   **REQUEST FOR ADMISSION NO. 8**:

23      Admit that the "Associative Improvement Plans" referred to in the Notes section of

24   Tentative Map No. 6451 refers to the improvement plans originally created by Martin-McIntosh for

25   Tract No. 5472.

26   **REQUEST FOR ADMISSION NO. 9**:

27      Admit that you prepared Vesting Tentative Tract Map No. 6451

28   .

1   **REQUEST FOR ADMISSION NO. 10**:

2   　　　　Admit that the 6451 Tentative and Final Maps included the same lot numbering as

3   Tentative Map No. 5472.

4   **REQUEST FOR ADMISSION NO. 11**:

5   　　　　Admit that except for the street formerly known as Olympic on Tentative Map

6   No. 5472, the Tentative and Final Maps include the same street names as Tentative Map No. 5472.

7   **REQUEST FOR ADMISSION NO. 12**:

8   　　　　Admit that the 6451 Tentative and Final Maps include the same parcel boundaries

9   as Tentative Map No. 5472.

10   **REQUEST FOR ADMISSION NO. 13**:

11   　　　　Admit that the 6451 Tentative and Final Maps include the same lot boundaries as

12   Tentative Map No. 5472.

13   **REQUEST FOR ADMISSION NO. 14**:

14   　　　　Admit that the 6451 Tentative and Final Maps include the subdivision design as

15   Tentative Map No. 5472.

16   **REQUEST FOR ADMISSION NO. 15**:

17   　　　　Admit that the 6451 Tentative and Final Maps are substantially similar to Tentative

18   Map No. 5472.

19   **REQUEST FOR ADMISSION NO. 16**:

20   　　　　Admit that you received improvement plans prepared by Martin-McIntosh for Tract

21   No. 5472 from the City of Wasco.

22   **REQUEST FOR ADMISSION NO. 17**:

23   　　　　Admit that you received improvement plans prepared by Martin-McIntosh for Tract

24   No. 5472 from Northern California Universal Enterprises Company ("NCUE").

25   **REQUEST FOR ADMISSION NO. 18**:

26   　　　　Admit that you prepared Tentative Map No. 6451 based on direction from NCUE.

27   **REQUEST FOR ADMISSION NO. 19**:

28   　　　　Admit that you prepared Tentative Map No. 6451 based on direction from the City

1    of Wasco.

2    **REQUEST FOR ADMISSION NO. 20:**

3           Admit that you were paid $26,000 to prepare Tentative Map No. 6451 according to

4    the contract between you and NCUE.

5    **REQUEST FOR ADMISSION NO. 21:**

6           Admit that you did not prepare any improvement plans for Tract No. 6451.

7    **REQUEST FOR ADMISSION NO. 22:**

8           Admit that a bond did not need to be posted for Tract No. 6451 because the

9    improvements were already in place.

10   **REQUEST FOR ADMISSION NO. 23:**

11          Admit that Martin-McIntosh prepared the improvement plans for Tract No. 5472.

12   **REQUEST FOR ADMISSION NO. 24:**

13          Admit that Martin-McIntosh prepared Tentative Map No. 5472 for Tract No. 5472

14   in the Valley Rose Estates.

15   **REQUEST FOR ADMISSION NO. 25:**

16          Admit that in order to get the City of Wasco to accept Final Map No. 6451, Final Map

17   No. 6451 needed to conform to the improvement plans created by Martin-McIntosh for Tract

18   No. 5472. (Conform to the improvement plans means that the Tentative Map had to incorporate the

19   placement of streets of division layout street names, lot numbering and basis of bearing as shown

20   on the improvement plans.)

21   **REQUEST FOR ADMISSION NO. 26:**

22          Admit that improvement plans for Tract No. 6451 were submitted to the City of

23   Wasco prior to approval of Final Map No. 6451.

24   **REQUEST FOR ADMISSION NO. 27:**

25          Admit that Dennis W. DeWalt, Inc. was the corporation doing business as DeWalt

26   Corporation on the September 7, 2004 Contract between NCUE and DeWalt Corporation.

27   **REQUEST FOR ADMISSION NO. 28:**

28          Admit that DeWalt CM, Inc. assumed some of the obligations of the September 2004

1   contract between NCUE and DeWalt Corporation for the preparation of Tentative Map No. 6451.

2   **REQUEST FOR ADMISSION NO. 29**:

3       Admit that DeWalt CM, Inc. assumed some of the benefits of the September 2004

4   contract between NCUE and DeWalt Corporation for the preparation of Tentative Map No. 6451.

5   **REQUEST FOR ADMISSION NO. 30**:

6       Admit that the "plans referred to in Part II, second paragraph of the 2007 Subdivision

7   Agreement attached hereto as Exhibit "2," refers to the improvement plans originally prepared by

8   Martin-McIntosh for the Valley Rose Estates subdivision.

9   **REQUEST FOR ADMISSION NO. 31**:

10      Admit that without the prior approval of Tentative Map No. 5472 by the City of

11  Wasco you could not have processed Tentative Map. No. 6451.

12  **REQUEST FOR ADMISSION NO. 32**:

13      Admit that without the prior approval of the Martin-McIntosh improvement plans by

14  the City of Wasco for Tract No. 5472 you could not have processed Tentative Map No. 6451.

15  **REQUEST FOR ADMISSION NO. 33**:

16      Admit that you never contacted Roger McIntosh or McIntosh & Associates to prepare

17  Tentative Map No. 6451.

18  **REQUEST FOR ADMISSION NO. 34**:

19      Admit that you never paid Roger McIntosh or McIntosh & Associates for the rights

20  to prepare Tentative Map No. 6451

21  / / /

22  / / /

23  / / /

24  / / /

25  / / /

26  / / /

27  / / /

28  / / /

H:\PUBLIC\054493\060971
McIntosh v. Northern\RQA
#1 TO DEWALT
5-19-09.wpd

REQUEST FOR ADMISSIONS (SET NO. ONE)

1  **REQUEST FOR ADMISSION NO. 35**:

2           Admit that you could have redesigned the Valley Rose subdivision to include a

3  different subdivision layout of streets and lots if there were no previous conditions for the Valley

4  Rose subdivision preventing such a redesign.

5

6  DATED:  June 11, 2009

7                              BORTON PETRINI, LLP

8

9                    By: _____

10                          Jeffrey A. Travis, Attorney for Plaintiff,
                            Roger McIntosh dba McIntosh & Associates

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**PROOF OF SERVICE**
**(FRCP No. 5(b)(2)(E))**

**STATE OF CALIFORNIA, COUNTY OF KERN**

I, Joanne Balduc, declare:

I am a citizen of the United States. I am employed in the County of Kern, State of California. I am over the age of 18 and not a party to the within action; my business address is 5060 California Avenue, Suite 700, Bakersfield, California 93309.

On **June 12, 2009,** I served the foregoing document described as **REQUEST FOR ADMISSIONS (SET NO. ONE) TO DENNIS W. DEWALT, INC.** on the other party(ies) in this action as follows:

| | |
|---|---|
| Steven John Hassing, Esq. | Attorneys for Attorneys for Defendants, |
| Law Offices of Steven J. Hassing | Northern California Universal Enterprises |
| 425 Calabria Court | Company and Lotus Developments |
| Roseville, CA 95747 | Tel:   916/677-1776 |
| | **Fax:   916/677-1770** |

email address: **stevehassing@yahoo.com**

| | |
|---|---|
| Chaka Okadigbo | Attorneys for Defendant, City of Wasco |
| **Garcia Calderon Ruiz, LLP** | |
| 500 South Grand Ave Suite 1100 | Tel: 213/347-0210 |
| Los Angeles, CA 90071 | **Fax: 213-347-0216** |

email address: **cokadigbo@gcrlegal.com**

| | |
|---|---|
| William L. Alexander, Esq. | Attorneys for Defendant, DeWalt CM, Inc. |
| Alexander & Associates | |
| 1925 "G" Street | Tel: 661/316-7888 |
| Bakersfield, CA 93301 | **Fax: 661/316-7890** |

email address: **walexander@alexander-law.com**

X  **BY ELECTRONIC SERVICE:** Pursuant to Fed. R. Civ. P. 5(b)(2)(E) and Local Court Rule(s), the foregoing document will be served by the court via CM/ECF.. Pursuant to the CM/ECF docket for this case proceeding the following person(s) are on the Electronic Mail Notice List to receive ECF transmission at the email address(es) indicated below:

X  **BY MAIL:**  As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at , California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

Executed on **June 12, 2009**, at Bakersfield, California.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

_____
**Joanne Balduc**

1  **William L. Alexander** (State Bar Number 126607)
2  Alexander & Associates
   1925 G Street
3  Bakersfield, CA 93301                              2009 SEP 18  P 12: 13
   Phone: (661) 316-7888
4  Fax: (661) 316-7890

5  **Attorneys for defendant Dennis W. De Walt, Inc.**

6

7

8                    UNITED STATES DISTRICT COURT

9         EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION

10  ROGER McINTOSH,                    Case No.  107CV 01080 LJO-GSA

11                  Plaintiff,      )  **SUPPLEMENTAL RESPONSES TO**
                                    )  **REQUEST FOR ADMISSIONS, SET ONE**
12  vs.                             )
                                    )
13                                  )
    NORTHERN CALIFORNIA UNIVERSAL   )
14  ENTERPRISES COMPANY, et al.     )
                                    )
15                  Defendants.     )
                                    )
16                                  )
                                    )
17                                  )

18      **PROPOUNDING PARTY:**      **Plaintiff Roger McIntosh**

19      **RESPONDING PARTY:**       **Defendant Dennis W. De Walt, Inc.**

20      **SET NO.:**                **One**

21      Defendant Dennis W. De Walt, Inc. ("Responding Party") responds to Requests for

22  Admissions, Set One, propounded by plaintiff Roger McIntosh. This response is based only upon

23  such information presently available to and specifically known to Responding Party as a result of a

24  diligent and reasonable inquiry. This response is given without prejudice to Responding Party's

25  right to present evidence at the time of trial of any subsequently discovered information. Responding

26  Party expressly reserves the right to change this response as additional information becomes

27  available. This response is made in a good faith effort to state all information presently available and

28  specifically known to Responding Party, but should in no way be to the prejudice of Responding

                                        1

Alexander & Associates
Attorneys at Law
1925 G Street
Bakersfield, CA 93301
(661) 316-7888

SUPPLEMENTAL RESPONSES TO REQUEST FOR ADMISSIONS, SET ONE
                                Case No.: 1:07-cv-01080-LJO-GSA

1 | Party in relation to further discovery, independent investigation, and analyses.

2 | RESPONSE TO REQUEST FOR ADMISSION NO. 1: Responding party admits that a

3 | request was made to the City of Wasco for any and all documents which would reveal pertinent

4 | information about the subject property. Responding party lacks sufficient information and belief on

5 | which to either admit or deny that a specific request for Tentative Tract Map No. 5472 was made.

6 | RESPONSE TO REQUEST FOR ADMISSION NO. 2: Responding party lacks sufficient

7 | information and belief on which to either admit or deny this request and, therefore, denies this

8 | request on that basis.

9 | RESPONSE TO REQUEST FOR ADMISSION NO. 3: Responding party admits that it

10 | believes Martin-McIntosh prepared those plans.

11 | RESPONSE TO REQUEST FOR ADMISSION NO. 4: Responding party admits that it

12 | reviewed multiple documents, which likely included Tentative Map No. 5472, before preparing

13 | Tentative Map No. 6451.

14 | RESPONSE TO REQUEST FOR ADMISSION NO. 5: Responding party lacks sufficient

15 | information and belief on which to either admit or deny this request and, therefore, denies this

16 | request on that basis.

17 | RESPONSE TO REQUEST FOR ADMISSION NO. 6: Admitted.

18 | RESPONSE TO REQUEST FOR ADMISSION NO. 7: Responding party lacks sufficient

19 | information and belief on which to either admit or deny this request and, therefore, denies this

20 | request on that basis.

21 | RESPONSE TO REQUEST FOR ADMISSION NO. 8: Responding party admits that the

22 | note refers to the approved improved plans on record with the City of Wasco.

23 | RESPONSE TO REQUEST FOR ADMISSION NO. 9: Admitted.

24 | RESPONSE TO REQUEST FOR ADMISSION NO. 10: Admitted.

25 | RESPONSE TO REQUEST FOR ADMISSION NO. 11: Admitted.

26 | RESPONSE TO REQUEST FOR ADMISSION NO. 12: Denied. While the boundary refers

27 | to the same property description, responding party's measurements of the subject property were

28 | slightly different.

Alexander & Associates
Attorneys at Law
1925 G Street
Bakersfield, CA 93301
(661) 316-7888

SUPPLEMENTAL RESPONSES TO REQUEST FOR ADMISSIONS, SET ONE
Case No.: 1:07-cv-01080-LJO-GSA

1  RESPONSE TO REQUEST FOR ADMISSION NO. 13:  Denied.  Lots for Tentative Tract

2  Map and Final Map 6451 were created using information gathered from topographic and boundary

3  surveys, legal descriptions, title reporting, existing available mapping and approved plans, zoning

4  and city regulatory ordinance.

5  RESPONSE TO REQUEST FOR ADMISSION NO. 14:  Denied.

6  RESPONSE TO REQUEST FOR ADMISSION NO. 15:  Objection(s):  calls for speculation,

7  vague and ambiguous.  Without waiving and subject to such objection(s):  denied.  However, there

8  are obviously similarities between the maps.

9  RESPONSE TO REQUEST FOR ADMISSION NO. 16:  Responding party lacks sufficient

10  information and belief on which to either admit or deny this request and, therefore, denies this

11  request on that basis.

12  RESPONSE TO REQUEST FOR ADMISSION NO. 17:  Responding party lacks sufficient

13  information and belief on which to either admit or deny this request and, therefore, denies this

14  request on that basis.

15  RESPONSE TO REQUEST FOR ADMISSION NO. 18:  Admitted in part and denied in

16  part.  Responding party admits that Tentative Map No. 6451 was prepared with input from multiple

17  sources, including direction from NCUE.

18  RESPONSE TO REQUEST FOR ADMISSION NO. 19:  Admitted in part and denied in

19  part.  Responding party admits that Tentative Map No. 6451 was prepared with input from multiple

20  sources, including direction from NCUE.

21  RESPONSE TO REQUEST FOR ADMISSION NO. 20:  Denied.

22  RESPONSE TO REQUEST FOR ADMISSION NO. 21:  Admitted.

23  RESPONSE TO REQUEST FOR ADMISSION NO. 22:  Responding party admits that no

24  improvement bond was required, and assumes that no bond was required because the improvements

25  were largely or completed in place.

26  RESPONSE TO REQUEST FOR ADMISSION NO. 23:  Responding party admits that it

27  believes Martin-McIntosh prepared those plans.

28  RESPONSE TO REQUEST FOR ADMISSION NO. 24:  Responding party admits that it

Alexander & Associates
Attorneys at Law
1925 G Street
Bakersfield, CA 93301
(661) 316-7888

1    believes Martin-McIntosh prepared those plans.

2        RESPONSE TO REQUEST FOR ADMISSION NO. 25: Denied. Tentative Map and Final

3    Map No. 6451 needed to conform to any and all of the requirements of any other tentative and final

4    maps prepared and recorded in the City of Wasco.

5        RESPONSE TO REQUEST FOR ADMISSION NO. 26: Denied.

6        RESPONSE TO REQUEST FOR ADMISSION NO. 27: Admitted.

7        RESPONSE TO REQUEST FOR ADMISSION NO. 28: Denied.

8        RESPONSE TO REQUEST FOR ADMISSION NO. 29: Denied.

9        RESPONSE TO REQUEST FOR ADMISSION NO. 30: Objection(s): lacks foundation, as

10   no exhibits were attached.  Responding party lacks sufficient information and belief on which to

11   either admit or deny this request and, therefore, denies this request on that basis.

12       RESPONSE TO REQUEST FOR ADMISSION NO. 31: Denied.

13       RESPONSE TO REQUEST FOR ADMISSION NO. 32: Denied.

14       RESPONSE TO REQUEST FOR ADMISSION NO. 33: Admitted.

15       RESPONSE TO REQUEST FOR ADMISSION NO. 34: Admitted.

16       RESPONSE TO REQUEST FOR ADMISSION NO. 35: Objection(s): lacks foundation,

17   assumes facts that do not exist.  Without waiving and subject to such objection(s):  any physical

18   redesign was possible if a person was willing to tear out and remove the improvements.

19   As to any objections, only.

20   Dated: September 17, 2009          ALEXANDER & ASSOCIATES

21

22

23                    By: _____

24                      WILLIAM L. ALEXANDER
                   Attorneys for defendant

25                      Dennis W. De Walt, Inc.

26

27

28

SUPPLEMENTAL RESPONSES TO REQUEST FOR ADMISSIONS, SET ONE
Case No.: 1:07-cv-01080-LJO-GSA

**PROOF OF SERVICE**

I am employed in the County of Kern, State of California.  I am over the age of 18 and not a party to the within action; my business address is 1925 G Street, Bakersfield, California.

On September 17, 2009, I served the foregoing document entitled **SUPPLEMENTAL RESPONSES TO REQUEST FOR ADMISSIONS, SET NO. ONE** on interested parties in this action

___   by placing the true copies thereof enclosed in sealed envelopes addressed as stated on the attached mailing list.

_X_   by placing ___ the original, _x_ a true copy thereof, enclosed in sealed envelopes addressed as follows:

James J. Braze, Esq.                      Steven John Hassing, Esq.
Jeffrey A. Travis, Esq.                   Law Offices of Steven J. Hassing
Borton Petrini & Conron                   Five Sierragate Plaza, Suite 330
5060 California Avenue, Suite 700          Roseville, CA 95678
Bakersfield, CA 93303-2026

Chaka Chuba Okadigbo, Esq.
Garcia Caledron Ruiz
50 S. Grand Avenue, Suite 1100
Los Angeles, CA 90071

_X_   BY MAIL

___   I deposited such envelope in the mail at Bakersfield, California, with postage thereon fully prepaid.

_x_   I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. postal service on that same day with postage thereon fully prepaid at Bakersfield, California in the ordinary course of business.  The above sealed envelopes were placed for collection and mailing on the above date following ordinary business practice.

___   BY FACSIMILE

I caused the foregoing document to be served by facsimile transmission to the facsimile machine telephone number last given by the person so served.

___   BY PERSONAL SERVICE

I caused such envelope to be hand delivered to the office(s) of the addressee(s).

Executed on September 17, 2009, at Bakersfield, California.

_X_  (Federal)        I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

_Diane Ruff_
DIANE RUFF

Alexander & Associates
Attorneys at Law
1925 G Street
Bakersfield, CA 93301
(661) 316-7888

Borton Petrini, LLP
(Printed on: 09/21/09  4:20p  KSN

Memo for Event record number 53582.


Who        A-MARTIN           George F. Martin

What       COMPEL          Motion to compel

When       10/30/09        October 30, 2009
Time
Duration 0.00
Remind1  0
Remind2  0

Where

Matter    McIntosh v No. Calif Universal

Name

Type      D               Deadline

Priority  0               0

Status    N               Not done

Eventno   0

Rule

Operator KSN           Entry: 09/18/09

Note:
L/D to Compel Dennis W. De Walt, Inc.'s further responses to Special Roggs (Set
One),
Req for Admissions (Set One)

*[Handwritten note:]* Joyce
Per Jeff
we are
not Calendaring
on this
it's Federal

EXHIBIT "E"

6097/

nr

1  James J. Braze, Esq.; SBN 75911
   Jeffrey A. Travis, Esq.; SBN 235507
2  BORTON PETRINI, LLP
   5060 California Avenue, Suite 700 (93309)
3  Post Office Box 2026
   Bakersfield, CA 93303
4  Telephone (661) 322-3051
   email: jbraze@bortonpetrini.com
5  email: jtravis@bortonpetrini.com

6  Attorneys for Plaintiff, Roger McIntosh dba
   McIntosh & Associates
7

8              UNITED STATES DISTRICT COURT

9        EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION

10

11 ROGER McINTOSH,                          Case No.  1:07-CV- 01080 LJO-GSA

12              Plaintiff,                   SPECIAL INTERROGATORIES
                                             (SET NO. ONE) TO DENNIS W.
13 v.                                        DeWALT, INC.

14 NORTHERN CALIFORNIA UNIVERSAL
   ENTERPRISES COMPANY, a California
15 corporation; LOTUS DEVELOPMENTS,
   LLP; THE CITY OF WASCO, a municipal
16 corporation; DEWALT CM, INC., a California
   corporation also doing business as DEWALT
17 CORPORATION; and DOES 1 through 10,
   inclusive
18
                Defendants.
19

20

21 PROPOUNDING PARTY:          PLAINTIFF,  ROGER  MCINTOSH DBA
                                MCINTOSH & ASSOCIATES
22
   RESPONDING PARTY:           DEFENDANT, DENNIS W. DeWALT, INC.
23
   SET NO.:                    ONE
24

25 **SPECIAL INTERROGATORY NO. 1:**

26       Please identify all persons who assisted you in the preparation of Tentative Map

27 No. 6451 including their names, addresses and contact information.

28 ///

ORIGINAL

1   **SPECIAL INTERROGATORY NO. 2**:

2        Please identify all documents which you used to assist you in preparing Tentative

3   Map No. 6451.

4   **SPECIAL INTERROGATORY NO. 3**:

5        Please identify any improvement plans you used to assist you in the preparation of

6   Tentative Map No. 6451.

7   **SPECIAL INTERROGATORY NO. 4**:

8        Please identify the location of any improvement plans for Tract No. 6451.

9   **SPECIAL INTERROGATORY NO. 5**:

10        Please identify the authors of any improvement plans for Tract No. 6451.

11   **SPECIAL INTERROGATORY NO. 6**:

12        Please identify all documents which support your contention, if any, that Dennis W.

13   DeWalt, Inc. is the corporate entity responsible for any liability flowing from the 2004 Contract

14   between Northern California Universal Enterprises Company ("NCUE") and DeWalt Corporation.

15   **SPECIAL INTERROGATORY NO. 7**:

16        Please identify all documents which show any of the assumption of the benefits or

17   obligations of the 2004 Contract between NCUE and DeWalt Corporation by any company other

18   than Dennis W. DeWalt, Inc.

19   **SPECIAL INTERROGATORY NO. 8**:

20        Please identify how much money you were paid for performing work pursuant to the

21   September 2004 contract between NCUE and DeWalt Corporation.

22   **SPECIAL INTERROGATORY NO. 9**:

23        Please identify the person with the initials "SAB" on Tentative Map No. 6451.

24   / / /

25   / / /

26   / / /

27   / / /

28   / / /

**PROOF OF SERVICE**
**(FRCP No. 5(b)(2)(E))**

**STATE OF CALIFORNIA, COUNTY OF KERN**

I, Joanne Balduc declare:

I am a citizen of the United States. I am employed in the County of Kern, State of California. I am over the age of 18 and not a party to the within action; my business address is 5060 California Avenue, Suite 700, Bakersfield, California 93309.

On **June 12, 2009**, I served the foregoing document described as **SPECIAL INTERROGATORIES (SET NO. ONE) TO DENNIS W. DeWALT, INC.** on the other party(ies) in this action as follows:

| | |
|---|---|
| Steven John Hassing, Esq. | Attorneys for Attorneys for Defendants, |
| Law Offices of Steven J. Hassing | Northern California Universal Enterprises |
| 425 Calabria Court | Company and Lotus Developments |
| Roseville, CA 95747 | Tel:    916/677-1776 |
| | **Fax:   916/677-1770** |
| email address: **stevehassing@yahoo.com** | |

| | |
|---|---|
| Chaka Okadigbo | Attorneys for Defendant, City of Wasco |
| **Garcia Calderon Ruiz, LLP** | |
| 500 South Grand Ave Suite 1100 | Tel: 213/347-0210 |
| Los Angeles, CA 90071 | **Fax: 213-347-0216** |
| email address: **cokadigbo@gcrlegal.com** | |

| | |
|---|---|
| William L. Alexander, Esq. | Attorneys for Defendant, DeWalt CM, Inc. |
| Alexander & Associates | |
| 1925 "G" Street | Tel: 661/316-7888 |
| Bakersfield, CA 93301 | **Fax: 661/316-7890** |
| email address: **walexander@alexander-law.com** | |

X    **BY ELECTRONIC SERVICE:** Pursuant to Fed. R. Civ. P. 5(b)(2)(E) and Local Court Rule(s), the foregoing document will be served by the court via CM/ECF.. Pursuant to the CM/ECF docket for this case proceeding the following person(s) are on the Electronic Mail Notice List to receive ECF transmission at the email address(es) indicated below:

X    **BY MAIL:** As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at , California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

Executed on **June 12, 2009**, at Bakersfield, California.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

_____**Joanne Balduc**_____

4

SPECIAL INTERROGATORIES (SET NO. ONE)

60971

1  **William L. Alexander** (State Bar Number 126607)
   Alexander & Associates
2  1925 G Street
   Bakersfield, CA 93301                              2009 SEP 18  P 12: 13
3  Phone: (661) 316-7888
   Fax: (661) 316-7890
4
5  **Attorneys for defendant Dennis W. De Walt, Inc.**
6
7
8                  **UNITED STATES DISTRICT COURT**
9        **EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION**
10  ROGER McINTOSH,                    Case No.  107CV 01080 LJO-GSA
11                     Plaintiff,    ) **SUPPLEMENTAL RESPONSES TO**
                                     ) **SPECIAL INTERROGATORIES, SET ONE**
12  vs.                              )
13                                   )
    NORTHERN CALIFORNIA UNIVERSAL     )
14  ENTERPRISES COMPANY, et al.       )
                                     )
15                     Defendants.   )
16                                   )
                                     )
17                                   )

18  **PROPOUNDING PARTY:**      **Plaintiff Roger McIntosh**

19  **RESPONDING PARTY:**       **Defendant Dennis W. De Walt, Inc.**

20  **SET NO.:**                **One**

21      Defendant  Dennis  W.  De  Walt,  Inc.  ("Responding  Party")  responds  to  Special

22  Interrogatories, Set One, propounded by plaintiff Roger McIntosh.  This response is based only upon

23  such information presently available to and specifically known to Responding Party as a result of a

24  diligent and reasonable inquiry.  This response is given without prejudice to Responding Party's

25  right to present evidence at the time of trial of any subsequently discovered information.  Responding

26  Party expressly reserves the right to change this response as additional information becomes

27  available.  This response is made in a good faith effort to state all information presently available and

28  specifically known to Responding Party, but should in no way be to the prejudice of Responding

                                      1

Alexander & Associates
Attorneys at Law
1925 G Street
Bakersfield, CA 93301
(661) 316-7888

SUPPLEMENTAL RESPONSES TO SPECIAL INTERROGATORIES, SET ONE
Case No.: 1:07-cv-01080-LJO-GSA

1 | Party in relation to further discovery, independent investigation, and analyses.

2 |     SPECIAL INTERROGATORY NO. 1:

3 |     Please identify all persons who assisted you in the preparation of Tentative Map No. 6451
4 | including their names, addresses and contact information.

5 |     RESPONSE TO SPECIAL INTERROGATORY NO. 1:  Greg Black, Joe Stormont, Mike
6 | Weller, Robert Balow, Paul Chavez, Kenny Greer, Heath James, Joshua Woodard, Brandon
7 | Thompson, Rebekah Tiner, Sarah Burgi, Kevin Bedford, and Alberto Lopez.

8 |     SPECIAL INTERROGATORY NO. 2:

9 |     Please identify all documents which you used to assist you in preparing Tentative Map No.
10 | 6451.

11 |     RESPONSE TO SPECIAL INTERROGATORY NO. 2:  Objection(s):  overbroad and
12 | unduly burdensome and oppressive.  Without waiving and subject to such objection(s):  documents
13 | used include PM 9572; PM 9629; PM 10488; PM 10542; PM 10556; PM 10608; PM 10669; RS 19-
14 | 054; RS 20-191; RS 21-012; TTM 5472; 7-1, Bk.7 – Pg. 48; PTR by Fidelity National Title
15 | Company; City of Wasco Zoning Ordinance; Results of survey by DeWalt Corporation.

16 |     SPECIAL INTERROGATORY NO. 3:

17 |     Please identify any improvement plans you used to assist you in the preparation of Tentative
18 | Map No. 6451.

19 |     RESPONSE TO SPECIAL INTERROGATORY NO. 3:  Objection(s):  lacks foundation,
20 | assumes facts not in evidence.  Without waiving and subject to such objection(s):  responding party
21 | lacks sufficient information and belief upon which to respond.

22 |     SPECIAL INTERROGATORY NO. 4:

23 |     Please identify the location of any improvement plans for Tract No. 6451.

24 |     RESPONSE TO SPECIAL INTERROGATORY NO. 4:  Objection(s):  lacks foundation,
25 | assumes facts not in evidence, and calls for speculation.  Without waiving and subject to such
26 | objection(s):  responding party is unaware of any such plans.

27 |     SPECIAL INTERROGATORY NO. 5:

28 |     Please identify the authors of any improvement plans for Tract No. 6451.

Alexander & Associates
Attorneys at Law
1925 G Street
Bakersfield, CA 93301
(661) 316-7888

SUPPLEMENTAL RESPONSES TO SPECIAL INTERROGATORIES, SET ONE
Case No.: 1:07-cv-01080-LJO-GSA

1     RESPONSE TO SPECIAL INTERROGATORY NO. 5:   Objection(s):   lacks foundation,

2   assumes facts not in evidence, and calls for speculation.   Without waiving and subject to such

3   objection(s):  responding party is unaware of any such plans.

4     SPECIAL INTERROGATORY NO. 6:

5     Please identify all documents which support your contention, if any, that Dennis W. DeWalt,

6   Inc. is the corporate entity responsible for any liability flowing from the 2004 contract between

7   Northern California Universal Enterprises Company ("NCUE") and DeWalt Corporation.

8     RESPONSE TO SPECIAL INTERROGATORY NO. 6:   Objection(s):   unduly burdensome

9   and oppressive in that the identification of responsive documents would include nearly every piece of

10  paper involved in the project.   The contract, invoices, and communications between the developer

11  and responding party are examples.

12    SPECIAL INTERROGATORY NO. 7:

13    Please  identify  all  documents  which  show  any  of  the  assumption  of  the  benefits  or

14  obligations of the 2004 contract between NCUE and DeWalt Corporation by any company other than

15  Dennis W. DeWalt, Inc.

16    RESPONSE TO SPECIAL INTERROGATORY NO. 7:  There are none.

17    SPECIAL INTERROGATORY NO. 8:

18    Please  identify  how  much  money  you  were  paid  for  performing  work  pursuant  to  the

19  September 2004 contract between NCUE and DeWalt Corporation.

20    RESPONSE TO SPECIAL INTERROGATORY NO. 8:  $27,196.76

21    SPECIAL INTERROGATORY NO. 9:

22    Please identify the person with the initials "SAB" on Tentative Map No. 6451.

23    RESPONSE TO SPECIAL INTERROGATORY NO. 9:  Sarah A. Burgi

24    SPECIAL INTERROGATORY NO. 10:

25    Please identify the last known address and contact information for Heath James.

26    RESPONSE TO SPECIAL INTERROGATORY NO. 10:  Unknown at this time.

27  ///

28  ///

Alexander & Associates
Attorneys at Law
1925 G Street
Bakersfield, CA 93301
(661) 316-7888

SUPPLEMENTAL RESPONSES TO SPECIAL INTERROGATORIES, SET ONE
Case No.: 1:07-cv-01080-LJO-GSA

1 | As to any objections, only.

2 | Dated:  September 17, 2009

ALEXANDER & ASSOCIATES

By: _____

WILLIAM L. ALEXANDER
Attorneys for defendant
Dennis W. De Walt, Inc.

Alexander & Associates
Attorneys at Law
1925 G Street
Bakersfield, CA 93301
(661) 316-7888

4

**PROOF OF SERVICE**

I am employed in the County of Kern, State of California.  I am over the age of 18 and not a party to the within action; my business address is 1925 G Street, Bakersfield, California.

On September 17, 2009, I served the foregoing document entitled **SUPPLEMENTAL RESPONSES TO SPECIAL INTERROGATORIES, SET NO. ONE** on interested parties in this action

__  by placing the true copies thereof enclosed in sealed envelopes addressed as stated on the attached mailing list.

_X_  by placing __ the original, _x_ a true copy thereof, enclosed in sealed envelopes addressed as follows:

James J. Braze, Esq.
Jeffrey A. Travis, Esq.
Borton Petrini & Conron
5060 California Avenue, Suite 700
Bakersfield, CA 93303-2026

Steven John Hassing, Esq.
Law Offices of Steven J. Hassing
Five Sierragate Plaza, Suite 330
Roseville, CA 95678

Chaka Chuba Okadigbo, Esq.
Garcia Caledron Ruiz
50 S. Grand Avenue, Suite 1100
Los Angeles, CA 90071

_X_   BY MAIL

__   I deposited such envelope in the mail at Bakersfield, California, with postage thereon fully prepaid.

_x_   I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. postal service on that same day with postage thereon fully prepaid at Bakersfield, California in the ordinary course of business.  The above sealed envelopes were placed for collection and mailing on the above date following ordinary business practice.

____   BY FACSIMILE

I caused the foregoing document to be served by facsimile transmission to the facsimile machine telephone number last given by the person so served.

____   BY PERSONAL SERVICE

I caused such envelope to be hand delivered to the office(s) of the addressee(s).

Executed on September 17, 2009, at Bakersfield, California.

_X_ (Federal)         I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

_Diane Ruff_
DIANE RUFF

EXHIBIT "F"

vja

1   James J. Braze, Esq.; SBN 75911
    Jeffrey A. Travis, Esq.; SBN 235507
2   BORTON PETRINI, LLP
    1600 Truxtun Avenue
3   Post Office Box 2026
    Bakersfield, CA 93303
4   Telephone (661) 322-3051

5   Attorneys for Plaintiff, Roger McIntosh

6

7

8                   UNITED STATES DISTRICT COURT

9          EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION

10

11  ROGER McINTOSH,                       Case No.  107CV 01080 LJO-WMW

12              Plaintiff,
                                          REQUEST FOR PRODUCTION OF
13  v.                                    DOCUMENTS, ETC., UNDER FEDERAL
                                          RULES OF CIVIL PROCEDURE,
14  NORTHERN CALIFORNIA UNIVERSAL         RULE 34 (SET NO. ONE)
    ENTERPRISES COMPANY, et al,
15
                Defendants.
16

17

18  PROPOUNDING PARTY    : Plaintiff Roger McIntosh

19  RESPONDING PARTY     : Defendant City of Wasco

20  SET NO.              : One (1)

21          Plaintiff Roger McIntosh requests defendant, City of Wasco, ("Wasco") to respond

22  within 30 days to the following requests:

23  **REQUEST FOR PRODUCTION NO. 1:**

24          That defendant produce and permit plaintiff to inspect and to copy each of the

25  following documents: all documents that support your denial in Paragraph 42 of the First Amended

26  Complaint.

27  **REQUEST FOR PRODUCTION NO. 2:**

28          Produce all documents that support your Second Affirmative Defense that plaintiff's

1  claims are barred by the doctrine of fair use.

2  **REQUEST FOR PRODUCTION NO. 3:**

3          Produce all documents that support your Third Affirmative Defense that plaintiff's

4  claims are barred by the doctrine of estoppel and/or acquiescence.

5  **REQUEST FOR PRODUCTION NO. 4:**

6          Produce all documents that support your Fourth Affirmative Defense that plaintiff's

7  claims are barred by the doctrine of unclean hands.

8  **REQUEST FOR PRODUCTION NO. 5:**

9          Produce all documents that support your Fifth Affirmative Defense that plaintiff's

10  claims are barred by the doctrine of laches.

11  **REQUEST FOR PRODUCTION NO. 6:**

12          Produce all documents that support your Sixth Affirmative Defense that plaintiff's

13  claims are barred by waiver, license, abandonment or forfeiture and have been surrendered by

14  operation of law.

15  **REQUEST FOR PRODUCTION NO. 7:**

16          Produce all documents that support your Thirteenth Affirmative Defense that all

17  damages which plaintiff claims to have suffered were caused in whole or in part by other parties,

18  including but not limited to plaintiff and defendants Northern California Universal Enterprises

19  Company and Lotus Developments, LLP.

20  **REQUEST FOR PRODUCTION NO. 8:**

21          Produce all documents that support your Fourteenth Affirmative Defense that

22  plaintiff's claims are barred by the first sale doctrine.

23  **REQUEST FOR PRODUCTION NO. 9:**

24          Produce all documents that support your Sixteenth Affirmative Defense that plaintiff

25  failed to include all individuals who committed the alleged acts of infringement against plaintiff and

26  who are necessary and indispensable parties under Rules 12(b)(7) and (19) of the Federal Rules of

27  Civil Procedure.

28  / / /

1 **REQUEST FOR PRODUCTION NO. 10:**

2            Produce all documents which support your Seventeenth Affirmative Defense that

3 plaintiff's claims are barred by the doctrine of consent and that plaintiff and/or its predecessors in

4 interest consented to the use of plaintiff's alleged copyrighted materials under agreements between

5 plaintiff and/or its predecessors and his or its customers and/or former customers and by the

6 submission of the alleged copyrighted works to a governmental agency.

7 **REQUEST FOR PRODUCTION NO. 11:**

8            Produce all documents, including all logs and records since 2000, that show who has

9 accessed the plans for the Valley Rose Estates subdivision from the City of Wasco.

10 **REQUEST FOR PRODUCTION NO. 12:**

11            Produce all documents, including all logs and records since 2000, that show who has

12 accessed tentative maps for Tract No. 5471 of the Valley Rose Estates subdivision from the City of

13 Wasco.

14 **REQUEST FOR PRODUCTION NO. 13:**

15            Produce all documents, including all communication between you and the defendants.

16 **REQUEST FOR PRODUCTION NO. 14:**

17            Produce all as-built plans for the Valley Rose Estates subdivision, Tract No. 6451.

18 **REQUEST FOR PRODUCTION NO. 15:**

19            Produce all as-built plans for the Valley Rose Estates subdivision, Tract No. 5471.

20 **REQUEST FOR PRODUCTION NO. 16:**

21            Produce all documents showing impact fees collected for the Valley Rose Estates

22 subdivision.

23 **REQUEST FOR PRODUCTION NO. 17:**

24            Produce all documents showing engineering costs paid by the City of Wasco to

25 develop the Valley Rose Estates subdivision.

26 ///

27 ///

28 ///

1    **REQUEST FOR PRODUCTION NO. 18**:

2            Produce all documents showing engineering costs and costs for completing the

3    improvements for Tract No. 6451.

4

5    DATED:  September _23_, 2008

6                                    BORTON PETRINI, LLP

7

8                            By:_____

9                                    James J. Braze, Attorney for Plaintiff,
                                      Roger McIntosh

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4

REQUEST FOR PRODUCTION OF DOCUMENTS

1

## PROOF OF SERVICE (FRCP Rule No. 5)

2

### STATE OF CALIFORNIA, COUNTY OF KERN

3          I am employed in the County of Kern, State of California.  I am over the age of 18
and not a party to the within action; my business address is 1600 Truxtun Avenue,
4      Bakersfield, California 93301.

5          On **September** _23_ , **2008**, I served the foregoing document described as  on the
other parties in this action by placing a true copy thereof enclosed in sealed envelopes
6      addressed as follows:

7

Steven J. Hassing, Esq.                       Chaka Okadigbo
8      **Law Offices of Steven J. Hassing**      Garcia Calderon Ruiz, LLP
425 Calabria Court                            500 South Grand Avenue, Suite 1100
9      Roseville, CA 95747                       Los Angeles, CA 90071

10

**BY MAIL:**

11

12          As follows:  I am "readily familiar" with the firm's practice of collection and
processing correspondence for mailing.  Under that practice it would be deposited with U.S.
postal service on that same day with postage thereon fully prepaid at **Bakersfield**, California
13     in the ordinary course of business.  I am aware that on motion of the party served, service is
presumed invalid if postal cancellation date or postage meter date is more than one day after
14     date of deposit for mailing in affidavit.

15          Executed on **September** _23_ , **2008**, at **Bakersfield**, California.

16          I declare that I am employed in the office of a member of the bar of this court at
whose direction the service was made.

17

18

19     <u>**Gina Pomato**</u>                                      _____
Type or Print Name                              Signature

20

21

22

23

24

25

26

27

28

604 / 1
12/16/08
MCY
cdvs

1 | BONIFACIO B. GARCIA (SBN 100761)
CITY ATTORNEY, and
2 | EVA M. PLAZA (SBN 250321)
CHAKA C. OKADIGBO (SBN 224547)
3 | GARCIA CALDERON RUIZ, LLP
500 South Grand Ave., Suite 1100
4 | Los Angeles, California 90071
(213) 347-0210; FAX (213) 347-0216
5
Attorneys for Defendant
6 | CITY OF WASCO

2008 OCT 27  A 10: 16

7

8 | UNITED STATES DISTRICT COURT

9 | EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION

10

11 | ROGER McINTOSH,                    | Case No: 107CV 0180 LJO-WMW

12 |          Plaintiff,               | **DEFENDANT CITY OF WASCO'S RESPONSE TO PLAINTIFF'S REQUEST**

13 |     vs.                           | **FOR PRODUCTION OF DOCUMENTS, UNDER FEDERAL RULES OF CIVIL**

14 | NORTHERN CALIFORNIA UNIVERSAL     | **PROCEDURE, RULE 34 SET ONE**
ENTERPRISES, et al.

15 |                                   | Judge:      Hon. Lawrence O'Neill
Dept.:      4
16 |          Defendants.             | Action Filed: July 24, 2007
Trial Date:   June 1, 2009

17

18

19 | RESPONDING PARTY: CITY OF WASCO

20 | PROPOUNDING PARTY: ROGER McINTOSH

21 | SET NO: ONE

22 |       Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Defendant CITY OF

23 | WASCO ("the City") hereby responds to Plaintiff's first set of requests for production of

24 | documents as follows:

25 | **PRELIMINARY STATEMENT**

26 |       It should be noted that this responding party has not completed discovery in this action

27 | and has not completed preparation for trial. Each inspection request is objected to, to the extent

28 | that it requests documents protected from discovery by the attorney-client privilege and/or the

4824-6293-3507

-1-

**RESPONSE TO PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS**

1   attorney work product doctrine. Diligent efforts will be made to review the documents produced

2   in order to remove documents that are protected from discovery pursuant to the attorney-client

3   privilege and/or the attorney work product doctrine. However, it is possible that all such

4   protected documents may not be removed. In the event that a document is produced which is

5   protected by the attorney-client privilege and/or the attorney work product doctrine, such

6   production is deemed inadvertent and is not considered a waiver of either the attorney-client

7   privilege or the attorney work product doctrine.

8        This introductory statement shall apply to each and every response given herein, and shall

9   be incorporated by reference as though set forth in each of the responses appearing on the

10  following pages.

11               **RESPONSES TO REQUEST FOR PRODUCTION**

12  **REQUEST FOR PRODUCTION NO. 1:**

13       That defendant produce and permit plaintiff to inspect and to copy each of the following

14  documents: all documents that support your denial in Paragraph 42 of the First Amended

15  Complaint.

16  **RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

17       The City objects to this request to the extent that it calls for documents protected by the

18  attorney-client privilege or the attorney work product doctrine. The City also objects to this

19  request on the ground that it is vague, ambiguous and unintelligible insofar as the City has made

20  no denials in Plaintiff's First Amended Complaint. Without waiving the foregoing objections,

21  the City responds as follows:

22       The use of the word "controlled" in Plaintiff's First Amended Complaint is a legal term

23  and not a factual statement. To the extent that Plaintiff contends that it is a statement of fact,

24  then the City contends that the term is vague and ambiguous and, for this reason, the City has

25  denied the assertion in Paragraph 42 of the Complaint and cannot produce documents related to

26  this assertion. In any event, in connection with a prior request for documents under the Public

27  Records Act by Plaintiff's counsel in April, 2008, the City has already produced documents

28

           **RESPONSE TO PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS**

1  relating its role in the present development of the Valley Rose Estates subdivision.  Over the

2  nextfew days, the City will be producing files maintained by Helt Engineering.

3  **REQUEST FOR PRODUCTION NO. 2:**

4      Produce all documents that support your Second Affirmative Defense that plaintiff's

5  claims are barred by the doctrine of fair use.

6  **RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

7      The City objects to this request to the extent that it calls for documents protected by the

8  attorney-client privilege or the attorney work product doctrine.  Without waiving the foregoing

9  objections, the City responds as follows:

10      Discovery is still ongoing and, as such, the City is not presently able to produce all

11  documents in support of its affirmative defense of fair use.  The City cannot produce all

12  documents responsive to this defense insofar as some of these documents are not within

13  Plaintiff's possession and have not yet been turned over to the City.  Furthermore, co-defendants

14  Northern California Universal Enterprises, Inc., and Lotus Developments, LP have also pled an

15  affirmative defense of fair use.  To the extent that these defendants are in possession of

16  documents supporting the City's fair use affirmative defense, whether or not such documents

17  have already been disclosed to Plaintiff and/or the City, the City intends to rely upon them to

18  support its defense.  Pursuant to a California Public Records Act request made by Plaintiff's law

19  firm in April, 2008, the City produced a host of documents, within its possession, responsive to

20  Plaintiff's document production requests.  Over the next few days, the City will be producing

21  files maintained by Helt Engineering.

22  **REQUEST FOR PRODUCTION NO. 3:**

23      Produce all documents that support your Third Affirmative Defense that plaintiff's claims

24  are barred by the doctrine of estoppel and/or acquiescence.

25  **RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

26      The City objects to this request to the extent that it calls for documents protected by the

27  attorney-client privilege or the attorney work product doctrine.  Without waiving the foregoing

28  objections, the City responds as follows:

4824-6293-3507

-3-

1      Discovery is still ongoing and, as such, the City is not presently able to produce all

2 documents in support of its affirmative defense of estoppel and/or acquiescence.  The City

3 cannot produce all documents responsive to this defense insofar as some of these documents are

4 not within Plaintiff's possession and have not yet been turned over to the City.  Furthermore, co-

5 defendants Northern California Universal Enterprises, Inc., and Lotus Developments, LP have

6 also pled an affirmative defense of estoppel.   To the extent that these defendants are in

7 possession of documents supporting the City's affirmative defense of estoppel and/or

8 acquiescence, whether or not such documents have already been disclosed to Plaintiff and/or the

9 City, the City intends to rely upon them to support its defense.  Pursuant to a California Public

10 Records Act request made by Plaintiff's law firm in April, 2008, the City produced a host of

11 documents, within its possession, responsive to Plaintiff's document production requests.  Over

12 the next few days, the City will be producing files maintained by Helt Engineering.

13 **REQUEST FOR PRODUCTION NO. 4:**

14      Produce all documents that support your Fourth Affirmative Defense that plaintiff's

15 claims are barred by the doctrine of unclean hands.

16 **RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

17      The City objects to this request to the extent that it calls for documents protected by the

18 attorney-client privilege or the attorney work product doctrine.  Without waiving the foregoing

19 objections, the City responds as follows:

20      Discovery is still ongoing and, as such, the City is not presently able to produce all

21 documents in support of its affirmative defense of unclean hands.  The City cannot produce all

22 documents responsive to this defense insofar as some of these documents are not within

23 Plaintiff's possession and have not yet been turned over to the City.  Furthermore, co-defendants

24 Northern California Universal Enterprises, Inc., and Lotus Developments, LP have also pled an

25 affirmative defense of unclean hands.  To the extent that these defendants are in possession of

26 documents supporting the City's fair use affirmative defense, whether or not such documents

27 have already been disclosed to Plaintiff and/or the City, the City intends to rely upon them to

28 support its defense. Pursuant to a California Public Records Act request made by Plaintiff's law

**RESPONSE TO PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS**

1   firm in April, 2008, the City produced a host of documents, within its possession, responsive to

2   Plaintiff's document production requests.  Over the next few days, the City will be producing

3   files maintained by Helt Engineering.

4   **REQUEST FOR PRODUCTION NO. 5:**

5       Produce all documents that support your Fourth Affirmative Defense that plaintiff's

6   claims are barred the doctrine of laches.

7   **RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

8       The City objects to this request to the extent that it calls for documents protected by the

9   attorney-client privilege or the attorney work product doctrine.  Without waiving the foregoing

10   objections, the City responds as follows:

11       Discovery is still ongoing and, as such, the City is not presently able to produce all

12   documents in support of its affirmative defense of laches.   The City cannot produce all

13   documents responsive to this defense insofar as some of these documents are not within

14   Plaintiff's possession and have not yet been turned over to the City.  Furthermore, co-defendants

15   Northern California Universal Enterprises, Inc., and Lotus Developments, LP have also pled an

16   affirmative defense of laches.  To the extent that these defendants are in possession of documents

17   supporting the City's affirmative defense of laches, whether or not such documents have already

18   been disclosed to Plaintiff and/or the City, the City intends to rely upon them to support its

19   defense.  Pursuant to a California Public Records Act request made by Plaintiff's law firm in

20   April 2008, the City produced a host of documents, within its possession, responsive to

21   Plaintiff's document production requests.  Over the next few days, the City will be producing

22   files maintained by Helt Engineering.

23   **REQUEST FOR PRODUCTION NO. 6:**

24       Produce all documents that support your Fourth Affirmative Defense that plaintiff's

25   claims are barred by waiver, license, abandonment or forfeiture and have been surrendered by

26   operation of law.

27   / / /

28   / / /

**RESPONSE TO PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS**

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

The City objects to this request to the extent that it calls for documents protected by the attorney-client privilege or the attorney work product doctrine.  Without waiving the foregoing objections, the City responds as follows:

Discovery is still ongoing and, as such, the City is not presently able to produce all documents in support of its fourth affirmative defense.  The City cannot produce all documents in support of this defense insofar as some of these documents are within Plaintiff's possession and has not yet been turned over to the City.  Furthermore, co-defendants Northern California Universal Enterprises, Inc., and Lotus Developments, LP's have plead a ninth affirmative defense, in their answer to Plaintiff's First Amended Complaint, that is more or less the same as the City's fourth affirmative defense.  To the extent that these defendants are in possession of documents supporting the City's fourth affirmative defense, whether or not such documents have already been disclosed to Plaintiff and/or the City, the City intends to rely upon them to support its defense.  Pursuant to a California Public Records Act request made by Plaintiff's law firm in April, 2008, the City produced a host of documents, within its possession, responsive to Plaintiff's document production requests.  Over the next few days, the City will be producing files maintained by Helt Engineering.

**REQUEST FOR PRODUCTION NO. 7**

Produce all documents that support your Thirteenth Affirmative Defense that all damages which plaintiff claims to have suffered were caused in whole or part by other parties, including but not limited to plaintiff and defendants Northern California Universal Enterprises Company and Lotus Developments, LLP.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

The City objects to this request to the extent that it calls for documents protected by the attorney-client privilege or the attorney work product doctrine.  Without waiving the foregoing objections, the City responds as follows:

Discovery is still ongoing and, as such, the City is not presently able to produce all documents in support of its thirteenth affirmative defense.  The City cannot produce all

**REQUEST FOR PRODUCTION NO. 9:**

Produce all documents that support your Sixteenth Affirmative Defense that plaintiff failed to include all individuals who committed the alleged acts of infringement against plaintiff and who are necessary and indispensable parties under Rules 12(b)(7) and (19) of the Federal Rule of Civil Procedure.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

The City objects to this request to the extent that it calls for documents protected by the attorney-client privilege or the attorney work product doctrine. Without waiving the foregoing objections, the City responds as follows:

Co-defendants Northern California Universal Enterprises, Inc., and Lotus Developments, LP have pled an affirmative defense related to the joining of necessary and indispensable parties. To the extent that these defendants are in possession of documents supporting the City's sixteenth affirmative defense, whether or not such documents have already been disclosed to Plaintiff and/or the City, the City intends to rely upon them to support its defense. Pursuant to a California Public Records Act request made by Plaintiff's law firm in April, 2008, the City produced a host of documents, within its possession, responsive to Plaintiff's document production requests. Over the next few days, the City will be producing files maintained by Helt Engineering.

**REQUEST FOR PRODUCTION NO. 10:**

Produce all documents which support your Seventeenth Affirmative Defense that plaintiff's claims are barred by the doctrine of consent and that plaintiff and/or its predecessors in interest consented to the use of plaintiff's alleged copyright under agreements between plaintiff and/or its predecessors and his or its customers and/or former customers and by the submission of the alleged copyrighted works to a governmental agency.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

The City objects to this request to the extent that it calls for documents protected by the attorney-client privilege or the attorney work product doctrine. Without waiving the foregoing objections, the City responds as follows:

**RESPONSE TO PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS**

1    The City cannot produce all documents in support of its seventeenth defense insofar as

2  some of these documents are within Plaintiff's possession and has not yet been turned over to the

3  City.   Furthermore, co-defendants Northern California Universal Enterprises, Inc., and Lotus

4  Developments, LP have also pled a similar affirmative defense as their thirteenth affirmative

5  defense to Plaintiff's First Amended Complaint.   To the extent that these defendants are in

6  possession of documents supporting the City's seventeenth affirmative defense, whether or not

7  such documents have already been disclosed to Plaintiff and/or the City, the City intends to rely

8  upon them to support its defense.  Pursuant to a California Public Records Act request made by

9  Plaintiff's law firm in April, 2008, the City produced a host of documents, within its possession,

10  responsive to Plaintiff's document production requests.  Over the next few days, the City will be

11  producing files maintained by Helt Engineering.

12  **REQUEST FOR PRODUCTION NO. 11:**

13    Produce all documents, including all logs and records since 2000, that show who has

14  accessed the plans for the Valley Rose Estates subdivision from the City of Wasco.

15  **RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

16    The City objects to this request to the extent that it calls for documents protected by the

17  attorney-client privilege or the attorney work product doctrine.  Without waiving the foregoing

18  objections, the City responds as follows:

19    The City has no such records.

20  **REQUEST FOR PRODUCTION NO. 12:**

21    Produce all documents, including all logs and records since 2000, that show who has

22  accessed tentative maps for Tract No. 5471 of the Valley Rose Estates subdivision from the City

23  of Wasco.

24  **RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

25    The City objects to this request to the extent that it calls for documents protected by the

26  attorney-client privilege or the attorney work product doctrine.  Without waiving the foregoing

27  objections, the City responds as follows:

28    The City has no such records.

1  **REQUEST FOR PRODUCTION NO. 13**

2        Produce all documents, including all communication between you and the defendants.

3  **RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

4        The City objects to this request to the extent that it calls for documents protected by the

5  attorney-client privilege or the attorney work product doctrine.  The City further objects to this

6  request on the ground that it is overbroad in that it encompasses documents that are irrelevant to

7  this litigation and vague in that it fails to define the subjects of communication.  Without waiving

8  the foregoing objections, the City responds as follows:

9        Pursuant to a California Public Records Act request made by Plaintiff's law firm in April,

10  2008, the City produced a host of documents, within its possession, responsive to Plaintiff's

11  document production requests.   Over the next few days, the City will be producing files

12  maintained by Helt Engineering.

13  **REQUEST FOR PRODUCTION NO. 14:**

14        Produce all as-built plans for the Valley Rose Estates subdivision, Tract No. 6451.

15  **RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

16        The City objects to this request to the extent that it calls for documents protected by the

17  attorney-client privilege or the attorney work product doctrine.  Without waiving the foregoing

18  objections, the City responds as follows:

19        The City has no such records.

20  **REQUEST FOR PRODUCTION NO. 15:**

21        Produce all as-built plans for the Valley Rose Estates subdivision, Tract No. 5471.

22  **RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

23        The City objects to this request to the extent that it calls for documents protected by the

24  attorney-client privilege or the attorney work product doctrine.  Without waiving the foregoing

25  objections, the City responds as follows:

26        The City has no such records.

27  / / /

28  / / /

**RESPONSE TO PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS**

1 | **REQUEST FOR PRODUCTION NO. 16:**

2 | Produce all documents showing impact fees collected for the Valley Rose Estates

3 | subdivision.

4 | **RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

5 | The City objects to this request to the extent that it calls for documents protected by the

6 | attorney-client privilege or the attorney work product doctrine. The City further objects to this

7 | request on the ground that it is irrelevant. Without waiving the foregoing objections, the City

8 | responds as follows:

9 | Pursuant to a California Public Records Act request made by Plaintiff's law firm in April,

10 | 2008, the City produced a host of documents, within its possession, responsive to Plaintiff's

11 | document production requests.  Over the next few days, the City will be producing files

12 | maintained by Helt Engineering.

13 | **REQUEST FOR PRODUCTION NO. 17:**

14 | Produce all documents showing engineering costs paid by the City of Wasco to develop

15 | the Valley Rose Estates subdivision.

16 | **RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

17 | The City objects to this request to the extent that it calls for documents protected by the

18 | attorney-client privilege or the attorney work product doctrine.  The City further objects to this

19 | request on the ground that it is irrelevant.  Without waiving the foregoing objections, the City

20 | responds as follows:

21 | The City of Wasco did not pay the engineering costs of developing the Valley Rose

22 | Estates subdivision; Northern California Universal Enterprises, Inc. and/or Lotus Developments,

23 | LP paid these costs.  As such, there are no documents that relate to Request for Production No.

24 | 17.

25 | **REQUEST FOR PRODUCTION NO. 18:**

26 | Produce all documents showing engineering costs and costs for completing

27 | improvements for Tract No. 6451.

28 | / / /

1 **RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

2       The City objects to this request to the extent that it calls for documents protected by the

3 attorney-client privilege or the attorney work product doctrine. The City further objects to this

4 request on the ground that it is irrelevant. Without waiving the foregoing objections, the City

5 responds as follows:

6       The City of Wasco did not pay the engineering costs and costs for completing the

7 improvements for Tract No. 6451; Northern California Universal Enterprises, Inc. and/or Lotus

8 Developments, LP paid these costs. As such, there are no documents that relate to Request for

9 Production No. 18.

10 .DATED: October 23, 2008           GARCIA CALDERON RUIZ, LLP

11

12

13                         By   :

14                             EVA M. PLAZA
                            CHAKA C. OKADIGBO

15                             Attorneys for Defendant
                            CITY OF WASCO

16

17

18

19

20

21

22

23

24

25

26

27

28

**RESPONSE TO PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS**

**PROOF OF SERVICE**

I declare that I am over the age of eighteen (18) and not a party to this action.  My business address is 500 South Grand Avenue, Suite 1100, Los Angeles, California 90071.

On **October 23, 2008,** I served the following document:  **DEFENDANT CITY OF WASCO'S RESPONSE TO PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS, UNDER FEDERAL RULES OF CIVIL PROCEDURE, RULE 34 SET ONE** on the interested parties in this action by placing a true and correct copy of such document, enclosed in a sealed envelope, addressed as follows:

James J. Braze, Esq.                           Steven J. Hassing, Esq.
Borton Petrini, LLP                            Law Offices of Steven J. Hassing
1600 Truxtun Avenue                            425 Calabria Court
Bakersfield, CA 93303                          Roseville, CA 95747
Fax: 661-322-4628                              Fax: 916-677-1770

( X )      **BY MAIL:**  I am readily familiar with the business' practice for collection and processing of correspondence for mailing with the United States Postal Service. I know that the correspondence was deposited with the United States Postal Service on the same day this declaration was executed in the ordinary course of business. I know that the envelope was sealed and, with postage thereon fully prepaid, placed for collection and mailing on this date in the United States mail at Los Angeles, California.

( X )      **BY FACSIMILE:**  This document was transmitted by using a facsimile machine that complies with California Rules of Court Rule 2006.  The transmission was reported as completed and without error.  The names and facsimile numbers of the person(s) served are as set forth above.

(  )       **BY OVERNIGHT COURIER:**  I caused the above-referenced document(s) to be deposited in a box or other facility regularly maintained by the overnight courier, or I delivered the above-referenced document(s) to an overnight courier service, for delivery to the above addressee(s).

(  )       (State)        I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

( X )      (Federal)      I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed **October 23, 2008,** Los Angeles, California.

_Carolyn Dominguez_
Carolyn Dominguez

EXHIBIT "G"

vja

1  James J. Braze, Esq.; SBN 75911
   Jeffrey A. Travis, Esq.; SBN 235507
2  BORTON PETRINI, LLP
   1600 Truxtun Avenue
3  Post Office Box 2026
   Bakersfield, CA 93303
4  Telephone (661) 322-3051

5  Attorneys for Plaintiff, Roger McIntosh

6

7

8                    UNITED STATES DISTRICT COURT

9          EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION

10

11  ROGER McINTOSH,                    Case No.  107CV 01080 LJO-WMW

12            Plaintiff,

                                       REQUEST FOR PRODUCTION OF
13  v.                                 DOCUMENTS, ETC., UNDER FEDERAL
                                       RULES OF CIVIL PROCEDURE,
14  NORTHERN CALIFORNIA UNIVERSAL      RULE 34 (SET NO. ONE)
    ENTERPRISES COMPANY, et al,
15
              Defendants.
16

17  PROPOUNDING PARTY     : Plaintiff Roger McIntosh

18  RESPONDING PARTY      : Defendant Northern California Universal Enterprises Company, Inc.

19  SET NO.               : One (1)

20         Plaintiff  Roger  McIntosh  requests  defendant,  Northern  California  Universal

21  Enterprises Company, ("NCUE") respond within 30 days to the following requests:

22  **REQUEST FOR PRODUCTION NO. 1:**

23         That  defendant  produce  and  permit  plaintiff  to  inspect  and  to  copy  each  of  the

24  following documents: all documents that support your denial of Paragraph 30 of the First Amended

25  Complaint.

26  **REQUEST FOR PRODUCTION NO. 2:**

27         That  defendant  produce  and  permit  plaintiff  to  inspect  and  to  copy  each  of  the

28  following documents: all documents that support your denial of Paragraph 31 of the First Amended

1  Complaint.

2  **REQUEST FOR PRODUCTION NO. 3**:

3     That defendant produce and permit plaintiff to inspect and to copy each of the

4  following documents: all documents that support your denial of Paragraph 33 of the First Amended

5  Complaint.

6  **REQUEST FOR PRODUCTION NO. 4**:

7     That defendant produce and permit plaintiff to inspect and to copy each of the

8  following documents: all documents that support your denial of Paragraph 34 of the First Amended

9  Complaint.

10  **REQUEST FOR PRODUCTION NO. 5**:

11     That defendant produce and permit plaintiff to inspect and to copy each of the

12  following documents: all documents that support your denial of Paragraph 38 of the First Amended

13  Complaint.

14  **REQUEST FOR PRODUCTION NO. 6**:

15     Produce all documents that support your Second Affirmative Defense that plaintiff's

16  claims are barred by copyright misuse.

17  **REQUEST FOR PRODUCTION NO. 7**:

18     Produce all documents that support your Third Affirmative Defense that plaintiff's

19  claims are barred by the doctrine of laches.

20  **REQUEST FOR PRODUCTION NO. 8**:

21     Produce all documents that support your Fourth Affirmative Defense that plaintiff's

22  claims are barred by the doctrine of unclean hands.

23  **REQUEST FOR PRODUCTION NO. 9**:

24     Produce all documents that support your Fifth Affirmative Defense that plaintiff

25  failed to mitigate its damages.

26  **REQUEST FOR PRODUCTION NO. 10**:

27     Produce all documents that support your Sixth Affirmative Defense that plaintiff's

28  claims are barred by any statute of limitations.

1   **REQUEST FOR PRODUCTION NO. 11**:

2           Produce all documents that support your Seventh Affirmative Defense that plaintiff's

3   claims are barred by the doctrine of fair use.

4   **REQUEST FOR PRODUCTION NO. 12**:

5           Produce all documents that support your Eighth Affirmative Defense that plaintiff's

6   claims are barred by the first sale doctrine.

7   **REQUEST FOR PRODUCTION NO. 13**:

8           Produce all documents that support your Ninth Affirmative Defense that plaintiff's

9   claims are barred by the waiver, license, abandonment, or forfeiture of any rights it may have held

10  under the Copyright Act..

11  **REQUEST FOR PRODUCTION NO. 14**:

12          Produce all documents that support your Tenth Affirmative Defense that plaintiff's

13  claims are barred by the equitable doctrine of estoppel.

14  **REQUEST FOR PRODUCTION NO. 15**:

15          Produce all documents that support your Twelfth Affirmative Defense that plaintiff's

16  claims for an award of statutory damages and attorneys fees are barred because the identified

17  copyright registration of the Plaintiff was not made within three months after the first publication

18  of the allegedly infringing works.

19  **REQUEST FOR PRODUCTION NO. 16**:

20          Produce all documents that support your Thirteenth Affirmative Defense that

21  plaintiff's claims are barred by the doctrine of consent.

22  **REQUEST FOR PRODUCTION NO. 17**:

23          Produce all documents showing engineering costs paid by NCUE to DeWalt for its

24  work on the Valley Rose Estates subdivision.

25  **REQUEST FOR PRODUCTION NO. 18**:

26          Produce all documents showing engineering costs paid by NCUE to develop the

27  Valley Rose Estates subdivision.

28

1    **REQUEST FOR PRODUCTION NO. 19**:

2           Produce all documents, including all electronic copies of said documents, of all plans

3    and maps of the Valley Rose Estates subdivision.

4    **REQUEST FOR PRODUCTION NO. 20**:

5           Produce all documents, including all electronic copies of said documents, of all plans

6    and maps of the Valley Rose Estates subdivision received from the City of Wasco.

7    **REQUEST FOR PRODUCTION NO. 21**:

8           Produce all documents, including all communication, between NCUE and DeWalt

9    engineering related to the development of the Valley Rose Estates subdivision.

10    **REQUEST FOR PRODUCTION NO. 22**:

11           Produce all documents, including all communication, between NCUE and the City

12    of Wasco related to the development of the Valley Rose Estates subdivision.

13    **REQUEST FOR PRODUCTION NO. 23**:

14           Produce all as-built plans for Tract No. 6451.

15    **REQUEST FOR PRODUCTION NO. 24**:

16           Produce all written requests to the City of Wasco for

17    **REQUEST FOR PRODUCTION NO. 25**:

18           Produce all documents, including all written authorization, giving NCUE permission

19    to use maps or plans of the Valley Rose Estates subdivision.

20    **REQUEST FOR PRODUCTION NO. 26**:

21           Produce all development agreements between NCUE and the City of Wasco for

22    development of any part of the Valley Rose Estates subdivision.

23    ////

24    ////

25    ////

26    /////

27    ////

28    /////

1    PLEASE TAKE NOTICE that if documents have already been previously produced pursuant

2  to previous discovery or disclosures and are individually stamped, you do not need to produce those

3  documents but may merely reference the stamped numbers in response to your answers to the above

4  requests.

5  DATED:   September _26_, 2008

                    BORTON PETRINI, LLP

6

7

8                  By: _____
                     Jeffrey A. Travis, Attorney for Plaintiff,
9                    Roger McIntosh

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                            5

                                    REQUEST FOR PRODUCTION OF DOCUMENTS

**PROOF OF SERVICE (FRCP Rule No. 5)**

STATE OF CALIFORNIA, COUNTY OF KERN

I am employed in the County of Kern, State of California. I am over the age of 18 and not a party to the within action; my business address is 1600 Truxtun Avenue, Bakersfield, California 93301.

On **September 26, 2008**, I served the foregoing document described as **REQUEST FOR PRODUCTION OF DOCUMENTS, ETC., UNDER FEDERAL RULES OF CIVIL PROCEDURE, RULE 34 (SET NO. ONE)**   on the other parties in this action by placing a true copy thereof enclosed in sealed envelopes addressed as follows:

Steven J. Hassing, Esq.  
**Law Offices of Steven J. Hassing**  
425 Calabria Court  
Roseville, CA 95747

Chaka Okadigbo  
Garcia Calderon Ruiz, LLP  
500 South Grand Avenue, Suite 1100  
Los Angeles, CA 90071

**BY MAIL:**

As follows:  I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at **Bakersfield**, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

Executed on **September 26, 2008**, at **Bakersfield**, California.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

 

 

\_\_\_\_**Gina Pomato**\_\_\_\_  
Type or Print Name

_____  
Signature

H:\PUBLIC\054493\060971  
McIntosh v. Northern\RPD  
SET 1 TO NCUE  
9-24-08.wpd

REQUEST FOR PRODUCTION OF DOCUMENTS

604 11
MC 3
Cols

1

Steven J. Hassing
California SBN 152125
LAW OFFICES OF STEVEN J. HASSING
425 Calabria Court
Roseville, CA 95747
Telephone: (916) 677-1776
Facsimile:  (916) 677-1770

2008 OCT 27  A 10: 18

Attorney *for Defendants, Northern California
Universal Enterprise Company and Lotus
Developments*

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

ROGER MCINTOSH,

                                    Plaintiff(s);

v.

NORTHERN CALIFORNIA UNIVERSAL
ENTERPRISES COMPANY, ET AL.,

                                    Defendant(s).

No.  1:07-CV-01080-LJO-GSA

**DEFENDANT, NORTHERN
CALIFORNIA UNIVERSAL
ENTERPRISE COMPANY'S
RESPONSE TO PLAINTIFF'S
REQUEST FOR PRODUCTION OF
DOCUMENTS**

**SET ONE**

PROPOUNDING PARTY:          Plaintiff, ROGER MCINTOSH

RESPONDING PARTY:          Defendant, NORTHERN CALIFORNIA
                                          UNIVERSAL ENTERPRISE COMPANY

SET NO.                                ONE

        Defendant, Northern California Universal Enterprise Company responds to Plaintiff's

Request for Production of Documents, Set One as follows:

///

///

**REQUEST NO. 1:**

That defendant produce and permit plaintiff to inspect and to copy each of the following documents: all documents that support your denial of Paragraph 30 of the First Amended Complaint.

**RESPONSE**

Responding party objects to the production of the documents identified on the basis that each and every document in the possession or under the control of NCUEC has been produced to the requesting party in satisfaction of its disclosure requirements.

**REQUEST NO. 2:**

That defendant produce and permit plaintiff to inspect and to copy each of the following documents: all documents that support your denial of Paragraph 31 of the First Amended Complaint.

**RESPONSE**

Responding party objects to the production of the documents identified on the basis that each and every document in the possession or under the control of NCUEC has been produced to the requesting party in satisfaction of its disclosure requirements.

**REQUEST NO. 3:**

That defendant produce and permit plaintiff to inspect and to copy each of the following documents: all documents that support your denial of Paragraph 33 of the First Amended Complaint.

///

///

///

**RESPONSE**

Responding party objects to the production of the documents identified on the basis that each and every document in the possession or under the control of NCUEC has been produced to the requesting party in satisfaction of its disclosure requirements.

**REQUEST NO. 4:**

That defendant produce and permit plaintiff to inspect and to copy each of the following documents: all documents that support your denial of Paragraph 34 of the First Amended Complaint.

**RESPONSE**

Responding party objects to the production of the documents identified on the basis that each and every document in the possession or under the control of NCUEC has been produced to the requesting party in satisfaction of its disclosure requirements.

**REQUEST NO. 5:**

That defendant produce and permit plaintiff to inspect and to copy each of the following documents: all documents that support your denial of Paragraph 38 of the First Amended Complaint.

**RESPONSE**

Responding party objects to the production of the documents identified on the basis that each and every document in the possession or under the control of NCUEC has been produced to the requesting party in satisfaction of its disclosure requirements.

**REQUEST NO. 6:**

Produce all documents that support your Second Affirmative Defense that plaintiff's claims are barred by copyright misuse.

**RESPONSE**

Responding party objects to the production of the documents identified on the basis that each and every document in the possession or under the control of NCUEC has been produced to the requesting party in satisfaction of its disclosure requirements.

**REQUEST NO. 7:**

Produce all documents that support your Third Affirmative Defense that plaintiff's claims are barred by the doctrine of laches.

**RESPONSE**

Responding party objects to the production of the documents identified on the basis that each and every document in the possession or under the control of NCUEC has been produced to the requesting party in satisfaction of its disclosure requirements.

**REQUEST NO. 8:**

Produce all documents that support your Fourth Affirmative Defense that plaintiff's claims are barred by the doctrine of unclean hands.

**RESPONSE**

Responding party objects to the production of the documents identified on the basis that each and every document in the possession or under the control of NCUEC has been produced to the requesting party in satisfaction of its disclosure requirements.

**REQUEST NO. 9:**

Produce all documents that support your Fifth Affirmative Defense that plaintiff failed to mitigate its damages.

///

///

**RESPONSE**

Responding party objects to the production of the documents identified on the basis that each and every document in the possession or under the control of NCUEC has been produced to the requesting party in satisfaction of its disclosure requirements.

**REQUEST NO. 10:**

Produce all documents that support your Sixth Affirmative Defense that plaintiff's claims are barred by any statute of limitations.

**RESPONSE**

Responding party objects to the production of the documents identified on the basis that each and every document in the possession or under the control of NCUEC has been produced to the requesting party in satisfaction of its disclosure requirements.

**REQUEST NO. 11:**

Produce all documents that support your Seventh Affirmative Defense that plaintiff's claims are barred by the doctrine of fair use.

**RESPONSE**

Responding party objects to the production of the documents identified on the basis that each and every document in the possession or under the control of NCUEC has been produced to the requesting party in satisfaction of its disclosure requirements.

**REQUEST NO. 12:**

Produce all documents that support your Eighth Affirmative Defense that plaintiff's claims are barred by the first sale doctrine.

///

///

**RESPONSE**

Responding party objects to the production of the documents identified on the basis that each and every document in the possession or under the control of NCUEC has been produced to the requesting party in satisfaction of its disclosure requirements.

**REQUEST NO. 13:**

Produce all documents that support your Ninth Affirmative Defense that plaintiff's claims are barred by the waiver, license, abandonment, or forfeiture of any rights it may have held under the Copyright Act..

**RESPONSE**

Responding party objects to the production of the documents identified on the basis that each and every document in the possession or under the control of NCUEC has been produced to the requesting party in satisfaction of its disclosure requirements.

**REQUEST NO. 14:**

Produce all documents that support your Tenth Affirmative Defense that plaintiff's claims are barred by the equitable doctrine of estoppel.

**RESPONSE**

Responding party objects to the production of the documents identified on the basis that each and every document in the possession or under the control of NCUEC has been produced to the requesting party in satisfaction of its disclosure requirements.

**REQUEST NO. 15:**

Produce all documents that support your Twelfth Affirmative Defense that plaintiff's claims for an award of statutory damages and attorneys fees are barred because the identified

copyright registration of the Plaintiff was not made within three months after the first publication of the allegedly infringing works.

**RESPONSE**

Responding party objects to the production of the documents identified on the basis that each and every document in the possession or under the control of NCUEC has been produced to the requesting party in satisfaction of its disclosure requirements.

**REQUEST NO. 16:**

Produce all documents that support your Thirteenth Affirmative Defense that plaintiff's claims are barred by the doctrine of consent.

**RESPONSE**

Responding party objects to the production of the documents identified on the basis that each and every document in the possession or under the control of NCUEC has been produced to the requesting party in satisfaction of its disclosure requirements.

**REQUEST NO. 17:**

Produce all documents showing engineering costs paid by NCUEC to DeWalt for its work on the Valley Rose Estates subdivision.

**RESPONSE**

Objection, irrelevant, will not lead to discovery of admissible evidence.  Objection, seeks to invade responding party's private proprietary financial information for the sole sake of harassment.

**REQUEST NO. 18:**

Produce all documents showing engineering costs paid by NCUEC to develop the Valley Rose Estates subdivision.

**RESPONSE**

Objection, irrelevant, will not lead to discovery of admissible evidence.  Objection, seeks to invade responding party's private proprietary financial information for the sole sake of harassment.

**REQUEST NO. 19:**

Produce all documents, including all electronic copies of said documents, of all plans and maps of the Valley Rose Estates subdivision.

**RESPONSE**

Responding party will produce the documents requested.

**REQUEST NO. 20:**

Produce all documents, including all electronic copies of said documents, of all plans and maps of the Valley Rose Estates subdivision received from the City of Wasco.

**RESPONSE**

Responding party will produce the documents requested.

**REQUEST NO. 21:**

Produce all documents, including all communication, between NCUEC and DeWalt engineering related to the development of the Valley Rose Estates subdivision.

**RESPONSE**

Responding party will produce the documents requested.

**REQUEST NO. 22:**

Produce all documents, including all communication, between NCUEC and the City of Wasco related to the development of the Valley Rose Estates subdivision.

///

**RESPONSE**

      Responding party objects to the production of the documents identified on the basis

that each and every document in the possession or under the control of NCUEC has been

produced to the requesting party in satisfaction of its disclosure requirements.


Dated this 21st day of October, 2008

                                                       _____

                                              Steven J Hassing, Attorney
                                              for defendants

## PROOF OF SERVICE

**Case No. 1:07-CV-01080-LJO-GSA**

I, the undersigned, declare:

I am employed in the County of Placer, State of California.  I am over the age of eighteen years and not a party to the within action; my business address is 425 Calabria Court, Roseville, CA 95747.  I am readily familiar with the business practice for collection and processing of correspondence for mailing with the United States Postal Service.  On October 23, 2008 I served the foregoing described as:

**NORTHERN CALIFORNIA UNIVERSAL ENTERPRISE COMPANY'S RESPONSE TO PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS**

on the parties in this action.

__xx__ placing an original or true copy thereof enclosed in a sealed envelope with postage fully prepaid, placed for collection and mailing in Roseville, California, on said date, following ordinary business practice, and addressed as follows:

James J. Braze
Jeffrey A. Travis
Borton Petrini, LLP
1600 Truxtun Avenue
Post Office Box 2026
Bakersfield, CA 93303

Chaka Okadigbo
Garcia Calderon Ruiz, LLP
500 South Grand Avenue, Ste. 1100
Los Angeles, CA 90071

_____ Emailed to:   James Braze @jbraze@bortonpetrini.com and
Chaka Okadigbo @cokadigbo@gcrlegal.com

__ Overnight service via UPS to:

I declare under penalty of perjury that the foregoing is true and correct, and that this declaration was executed on October 23, 2008.

Kimberley A. Hassing

EXHIBIT "H"

vja

1   James J. Braze, Esq.; SBN 75911
    Jeffrey A. Travis, Esq.; SBN 235507
2   BORTON PETRINI, LLP
    1600 Truxtun Avenue
3   Post Office Box 2026
    Bakersfield, CA 93303
4   Telephone (661) 322-3051

5   Attorneys for Plaintiff, Roger McIntosh

6

7

8                     UNITED STATES DISTRICT COURT

9          EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION

10

11  ROGER McINTOSH,                    Case No.  107CV 01080 LJO-WMW

12              Plaintiff,
                                       REQUEST FOR PRODUCTION OF
13  v.                                 DOCUMENTS, ETC., UNDER FEDERAL
                                       RULES OF CIVIL PROCEDURE,
14  NORTHERN CALIFORNIA UNIVERSAL      RULE 34 (SET NO. ONE)
    ENTERPRISES COMPANY, et al,
15
                Defendants.
16

17

18  PROPOUNDING PARTY     : Plaintiff Roger McIntosh

19  RESPONDING PARTY      : Defendant, Lotus Developments, LP.

20  SET NO.               : One (1)

21          Plaintiff Roger McIntosh requests defendant, Lotus Developments, LP., ("Lotus")

22  respond within 30 days to the following requests:

23  **REQUEST FOR PRODUCTION NO. 1:**

24          That defendant produce and permit plaintiff to inspect and to copy each of the

25  following documents: all documents that support your denial of Paragraph 30 of the First Amended

26  Complaint.

27  **REQUEST FOR PRODUCTION NO. 2:**

28          That defendant produce and permit plaintiff to inspect and to copy each of the

1  following documents: all documents that support your denial of Paragraph 31 of the First Amended

2  Complaint.

3  **REQUEST FOR PRODUCTION NO. 3**:

4  That defendant produce and permit plaintiff to inspect and to copy each of the

5  following documents: all documents that support your denial of Paragraph 33 of the First Amended

6  Complaint.

7  **REQUEST FOR PRODUCTION NO. 4**:

8  That defendant produce and permit plaintiff to inspect and to copy each of the

9  following documents: all documents that support your denial of Paragraph 34 of the First Amended

10  Complaint.

11  **REQUEST FOR PRODUCTION NO. 5**:

12  That defendant produce and permit plaintiff to inspect and to copy each of the

13  following documents: all documents that support your denial of Paragraph 38 of the First Amended

14  Complaint.

15  **REQUEST FOR PRODUCTION NO. 6**:

16  Produce all documents that support your Second Affirmative Defense that plaintiff's

17  claims are barred by copyright misuse.

18  **REQUEST FOR PRODUCTION NO. 7**:

19  Produce all documents that support your Third Affirmative Defense that plaintiff's

20  claims are barred by the doctrine of laches.

21  **REQUEST FOR PRODUCTION NO. 8**:

22  Produce all documents that support your Fourth Affirmative Defense that plaintiff's

23  claims are barred by the doctrine of unclean hands.

24  **REQUEST FOR PRODUCTION NO. 9**:

25  Produce all documents that support your Fifth Affirmative Defense that plaintiff

26  failed to mitigate its damages.

27  **REQUEST FOR PRODUCTION NO. 10**:

28  Produce all documents that support your Sixth Affirmative Defense that plaintiff's

1  claims are barred by any statute of limitations.

2  **REQUEST FOR PRODUCTION NO. 11:**

3  Produce all documents that support your Seventh Affirmative Defense that plaintiff's

4  claims are barred by the doctrine of fair use.

5  **REQUEST FOR PRODUCTION NO. 12:**

6  Produce all documents that support your Eighth Affirmative Defense that plaintiff's

7  claims are barred by the first sale doctrine.

8  **REQUEST FOR PRODUCTION NO. 13:**

9  Produce all documents that support your Ninth Affirmative Defense that plaintiff's

10  claims are barred by the waiver, license, abandonment, or forfeiture of any rights it may have held

11  under the Copyright Act..

12  **REQUEST FOR PRODUCTION NO. 14:**

13  Produce all documents that support your Tenth Affirmative Defense that plaintiff's

14  claims are barred by the equitable doctrine of estoppel.

15  **REQUEST FOR PRODUCTION NO. 15:**

16  Produce all documents that support your Twelfth Affirmative Defense that plaintiff's

17  claims for an award of statutory damages and attorneys fees are barred because the identified

18  copyright registration of the Plaintiff was not made within three months after the first publication

19  of the allegedly infringing works.

20  **REQUEST FOR PRODUCTION NO. 16:**

21  Produce all documents that support your Thirteenth Affirmative Defense that

22  plaintiff's claims are barred by the doctrine of consent.

23  **REQUEST FOR PRODUCTION NO. 17:**

24  Produce all documents showing engineering costs paid by Lotus to DeWalt for its

25  work on the Valley Rose Estates subdivision.

26  **REQUEST FOR PRODUCTION NO. 18:**

27  Produce all documents showing engineering costs paid by Lotus to develop the Valley

28  Rose Estates subdivision.

1  **REQUEST FOR PRODUCTION NO. 19**:

2          Produce all documents, including all electronic copies of said documents, of all plans

3  and maps of the Valley Rose Estates subdivision.

4  **REQUEST FOR PRODUCTION NO. 20**:

5          Produce all documents, including all electronic copies of said documents, of all plans

6  and maps of the Valley Rose Estates subdivision received from the City of Wasco.

7  **REQUEST FOR PRODUCTION NO. 21**:

8          Produce all documents, including all communication, between Lotus and DeWalt

9  engineering related to the development of the Valley Rose Estates subdivision.

10  **REQUEST FOR PRODUCTION NO. 22**:

11          Produce all documents, including all communication, between Lotus and the City of

12  Wasco related to the development of the Valley Rose Estates subdivision.

13  **REQUEST FOR PRODUCTION NO. 23**:

14          Produce all as-built plans for Tract No. 6451.

15  **REQUEST FOR PRODUCTION NO. 24**:

16          Produce all written requests to the City of Wasco for

17  **REQUEST FOR PRODUCTION NO. 25**:

18          Produce all documents, including all written authorization, giving Lotus permission

19  to use maps or plans of the Valley Rose Estates subdivision.

20  **REQUEST FOR PRODUCTION NO. 26**:

21          Produce all development agreements between Lotus and the City of Wasco for

22  development of any part of the Valley Rose Estates subdivision.

23  ////

24  ////

25  ////

26  ////

27  ////

28  ////

1      PLEASE TAKE NOTICE that if documents have already been previously produced pursuant

2 to previous discovery or disclosures and are individually stamped, you do not need to produce those

3 documents but may merely reference the stamped numbers in response to your answers to the above

4 requests.

5 DATED:   September _26_, 2008

6                      BORTON PETRINI, LLP

7

8

9                By: _____

                     Jeffrey A. Travis, Attorney for Plaintiff,

10                    Roger McIntosh

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## PROOF OF SERVICE (FRCP Rule No. 5)

### STATE OF CALIFORNIA, COUNTY OF KERN

I am employed in the County of Kern, State of California. I am over the age of 18 and not a party to the within action; my business address is 1600 Truxtun Avenue, Bakersfield, California 93301.

On **September 26, 2008**, I served the foregoing document described as **REQUEST FOR PRODUCTION OF DOCUMENTS, ETC., UNDER FEDERAL RULES OF CIVIL PROCEDURE, RULE 34 (SET NO. ONE)** on the other parties in this action by placing a true copy thereof enclosed in sealed envelopes addressed as follows:

Steven J. Hassing, Esq.            Chaka Okadigbo
**Law Offices of Steven J. Hassing**   Garcia Calderon Ruiz, LLP
425 Calabria Court                 500 South Grand Avenue, Suite 1100
Roseville, CA 95747                Los Angeles, CA 90071

## BY MAIL:

As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at **Bakersfield**, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

Executed on **September 26, 2008**, at **Bakersfield**, California.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

_____            _____
**Gina Pomato**                                  Signature
Type or Print Name

6

REQUEST FOR PRODUCTION OF DOCUMENTS

Steven J. Hassing
California SBN 152125
LAW OFFICES OF STEVEN J. HASSING
425 Calabria Court
Roseville, CA 95747
Telephone: (916) 677-1776
Facsimile: (916) 677-1770

2008 OCT 27  A 10 18

Attorney *for Defendants, Northern California*
*Universal Enterprise Company and Lotus*
*Developments*

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| ROGER MCINTOSH,<br><br>                          Plaintiff(s);<br><br>v.<br><br>NORTHERN CALIFORNIA UNIVERSAL<br>ENTERPRISES COMPANY, ET AL.,<br><br>                          Defendant(s). | No. 1:07-CV-01080-LJO-GSA<br><br>**DEFENDANT, LOTUS**<br>**DEVELOPMENTS, LP'S RESPONSE**<br>**TO PLAINTIFF'S REQUEST FOR**<br>**PRODUCTION OF DOCUMENTS**<br><br>**SET ONE** |

PROPOUNDING PARTY:          Plaintiff, ROGER MCINTOSH

RESPONDING PARTY:          Defendant, LOTUS DEVELOPMENTS, LP.

SET NO.          ONE

     Defendant, Lotus Developments, LP responds to Plaintiff's Request for Production of

Documents, Set One as follows:

///

///

///

**REQUEST NO. 1:**

That defendant produce and permit plaintiff to inspect and to copy each of the following documents: all documents that support your denial of Paragraph 30 of the First Amended Complaint.

**RESPONSE**

Responding party objects to the production of the documents identified on the basis that each and every document in the possession or under the control of Lotus has been produced to the requesting party in satisfaction of its disclosure requirements.

**REQUEST NO. 2:**

That defendant produce and permit plaintiff to inspect and to copy each of the following documents:  all documents that support your denial of Paragraph 31 of the First Amended Complaint.

**RESPONSE**

Responding party objects to the production of the documents identified on the basis that each and every document in the possession or under the control of Lotus has been produced to the requesting party in satisfaction of its disclosure requirements.

**REQUEST NO. 3:**

That defendant produce and permit plaintiff to inspect and to copy each of the following documents: all documents that support your denial of Paragraph 33 of the First Amended Complaint.

///

///

///

**RESPONSE**

      Responding party objects to the production of the documents identified on the basis that each and every document in the possession or under the control of Lotus has been produced to the requesting party in satisfaction of its disclosure requirements.

**REQUEST NO. 4:**

      That defendant produce and permit plaintiff to inspect and to copy each of the following documents: all documents that support your denial of Paragraph 34 of the First Amended Complaint.

**RESPONSE**

      Responding party objects to the production of the documents identified on the basis that each and every document in the possession or under the control of Lotus has been produced to the requesting party in satisfaction of its disclosure requirements.

**REQUEST NO. 5:**

      That defendant produce and permit plaintiff to inspect and to copy each of the following documents: all documents that support your denial of Paragraph 38 of the First Amended Complaint.

**RESPONSE**

      Responding party objects to the production of the documents identified on the basis that each and every document in the possession or under the control of Lotus has been produced to the requesting party in satisfaction of its disclosure requirements.

**REQUEST NO. 6:**

      Produce all documents that support your Second Affirmative Defense that plaintiff's claims are barred by copyright misuse.

**RESPONSE**

Responding party objects to the production of the documents identified on the basis that each and every document in the possession or under the control of Lotus has been produced to the requesting party in satisfaction of its disclosure requirements.

**REQUEST NO. 7:**

Produce all documents that support your Third Affirmative Defense that plaintiff's claims are barred by the doctrine of laches.

**RESPONSE**

Responding party objects to the production of the documents identified on the basis that each and every document in the possession or under the control of Lotus has been produced to the requesting party in satisfaction of its disclosure requirements.

**REQUEST NO. 8:**

Produce all documents that support your Fourth Affirmative Defense that plaintiff's claims are barred by the doctrine of unclean hands.

**RESPONSE**

Responding party objects to the production of the documents identified on the basis that each and every document in the possession or under the control of Lotus has been produced to the requesting party in satisfaction of its disclosure requirements.

**REQUEST NO. 9:**

Produce all documents that support your Fifth Affirmative Defense that plaintiff failed to mitigate its damages.

///

///

**RESPONSE**

Responding party objects to the production of the documents identified on the basis that each and every document in the possession or under the control of Lotus has been produced to the requesting party in satisfaction of its disclosure requirements.

**REQUEST NO. 10:**

Produce all documents that support your Sixth Affirmative Defense that plaintiff's claims are barred by any statute of limitations.

**RESPONSE**

Responding party objects to the production of the documents identified on the basis that each and every document in the possession or under the control of Lotus has been produced to the requesting party in satisfaction of its disclosure requirements.

**REQUEST NO. 11:**

Produce all documents that support your Seventh Affirmative Defense that plaintiff's claims are barred by the doctrine of fair use.

**RESPONSE**

Responding party objects to the production of the documents identified on the basis that each and every document in the possession or under the control of Lotus has been produced to the requesting party in satisfaction of its disclosure requirements.

**REQUEST NO. 12:**

Produce all documents that support your Eighth Affirmative Defense that plaintiff's claims are barred by the first sale doctrine.

///

///

**RESPONSE**

Responding party objects to the production of the documents identified on the basis that each and every document in the possession or under the control of Lotus has been produced to the requesting party in satisfaction of its disclosure requirements.

**REQUEST NO. 13:**

Produce all documents that support your Ninth Affirmative Defense that plaintiff's claims are barred by the waiver, license, abandonment, or forfeiture of any rights it may have held under the Copyright Act..

**RESPONSE**

Responding party objects to the production of the documents identified on the basis that each and every document in the possession or under the control of Lotus has been produced to the requesting party in satisfaction of its disclosure requirements.

**REQUEST NO. 14:**

Produce all documents that support your Tenth Affirmative Defense that plaintiff's claims are barred by the equitable doctrine of estoppel.

**RESPONSE**

Responding party objects to the production of the documents identified on the basis that each and every document in the possession or under the control of Lotus has been produced to the requesting party in satisfaction of its disclosure requirements.

**REQUEST NO. 15:**

Produce all documents that support your Twelfth Affirmative Defense that plaintiff's claims for an award of statutory damages and attorneys fees are barred because the identified

copyright registration of the Plaintiff was not made within three months after the first publication of the allegedly infringing works.

**RESPONSE**

Responding party objects to the production of the documents identified on the basis that each and every document in the possession or under the control of Lotus has been produced to the requesting party in satisfaction of its disclosure requirements.

**REQUEST NO. 16:**

Produce all documents that support your Thirteenth Affirmative Defense that plaintiff's claims are barred by the doctrine of consent.

**RESPONSE**

Responding party objects to the production of the documents identified on the basis that each and every document in the possession or under the control of Lotus has been produced to the requesting party in satisfaction of its disclosure requirements.

**REQUEST NO. 17:**

Produce all documents showing engineering costs paid by Lotus to DeWalt for its work on the Valley Rose Estates subdivision.

**RESPONSE**

Objection, irrelevant, will not lead to discovery of admissible evidence.  Objection, seeks to invade responding party's private proprietary financial information for the sole sake of harassment.

**REQUEST NO. 18:**

Produce all documents showing engineering costs paid by Lotus to develop the Valley Rose Estates subdivision.

**RESPONSE**

Objection, irrelevant, will not lead to discovery of admissible evidence.  Objection, seeks to invade responding party's private proprietary financial information for the sole sake of harassment.

**REQUEST NO. 19:**

Produce all documents, including all electronic copies of said documents, of all plans and maps of the Valley Rose Estates subdivision.

**RESPONSE**

Responding party will produce the documents requested.

**REQUEST NO. 20:**

Produce all documents, including all electronic copies of said documents, of all plans and maps of the Valley Rose Estates subdivision received from the City of Wasco.

**RESPONSE**

Responding party will produce the documents requested.

**REQUEST NO. 21:**

Produce all documents, including all communication, between Lotus and DeWalt engineering related to the development of the Valley Rose Estates subdivision.

**RESPONSE**

Responding party will produce the documents requested.

**REQUEST NO. 22:**

Produce all documents, including all communication, between Lotus and the City of Wasco related to the development of the Valley Rose Estates subdivision.

///

**RESPONSE**

Responding party will produce the documents requested.

**REQUEST NO. 23:**

Produce all as-built plans for Tract No. 6451.

**RESPONSE**

Responding party will produce the documents requested.

**REQUEST NO. 24:**

Produce all written requests to the City of Wasco for

**RESPONSE**

Objection, vague and ambiguous; unintelligible.

**REQUEST NO. 25:**

Produce all documents, including all written authorization, giving Lotus permission to use maps or plans of the Valley Rose Estates subdivision.

**RESPONSE**

Responding party objects to the production of the documents identified on the basis that each and every document in the possession or under the control of Lotus has been produced to the requesting party in satisfaction of its disclosure requirements.

**REQUEST NO. 26:**

Produce all development agreements between Lotus and the City of Wasco for development of any part of the Valley Rose Estates subdivision.

///

///

///

**RESPONSE**

    Responding party objects to the production of the documents identified on the basis

that each and every document in the possession or under the control of Lotus has been

produced to the requesting party in satisfaction of its disclosure requirements.

Dated this 21st day of October, 2008

                                  Steven J Hassing, Attorney
                                  for defendants

**PROOF OF SERVICE**

Case No. 1:07-CV-01080-LJO-GSA

I, the undersigned, declare:

I am employed in the County of Placer, State of California. I am over the age of eighteen years and not a party to the within action; my business address is 425 Calabria Court, Roseville, CA 95747. I am readily familiar with the business practice for collection and processing of correspondence for mailing with the United States Postal Service. On October 23, 2008 I served the foregoing described as:

**LOTUS DEVELOPMENT'S RESPONSE TO PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS**

on the parties in this action.

<u>xx</u>   placing an original or true copy thereof enclosed in a sealed envelope with postage fully prepaid, placed for collection and mailing in Roseville, California, on said date, following ordinary business practice, and addressed as follows:

James J. Braze
Jeffrey A. Travis
Borton Petrini, LLP
1600 Truxtun Avenue
Post Office Box 2026
Bakersfield, CA 93303

Chaka Okadigbo
Garcia Calderon Ruiz, LLP
500 South Grand Avenue, Ste. 1100
Los Angeles, CA 90071

_____   Emailed to:   James Braze @jbraze@bortonpetrini.com and
Chaka Okadigbo @cokadigbo@gcrlegal.com

_____   Overnight service via UPS to:

I declare under penalty of perjury that the foregoing is true and correct, and that this declaration was executed on October 23, 2008.

Kimberley A. Hassing

PROOF OF SERVICE - 1

EXHIBIT "I"

lj:nr

1   James J. Braze, Esq.; SBN 75911
    Jeffrey A. Travis, Esq.; SBN 235507
2   BORTON PETRINI, LLP
    5060 California Avenue, Suite 700
3   Post Office Box 2026
    Bakersfield, CA 93303
4   Telephone (661) 322-3051

5   Attorneys for Plaintiff, Roger McIntosh

6

7

8                   UNITED STATES DISTRICT COURT

9        EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION

10

11  ROGER McINTOSH,                    | Case No.  107CV 01080 LJO-WMW
                                       |
12              Plaintiff,             | REQUEST FOR PRODUCTION OF
                                       | DOCUMENTS, SET NO. THREE, TO
13  v.                                 | NORTHERN CALIFORNIA UNIVERSAL
                                       | ENTERPRISES COMPANY
14  NORTHERN CALIFORNIA UNIVERSAL      |
    ENTERPRISES COMPANY, et al,        |
15                                     |
                Defendants.            |
16                                     |
17

18  PROPOUNDING PARTY    :   PLAINTIFF, ROGER McINTOSH

19  RESPONDING PARTY     :   DEFENDANT, NORTHERN CALIFORNIA UNIVERSAL
                             ENTERPRISES COMPANY
20
    SET NO.              :   THREE
21

22          Plaintiff, Roger McIntosh, requests defendant, Northern California Universal

23  Enterprises Company ("NCUE") respond within 30 days to the following requests:

24  **REQUEST FOR PRODUCTION NO. 36:**

25          Produce all property appraisals of the Valley Rose Subdivision used to assist you in

26  getting a loan to buy the Valley Rose golf course.

27  **REQUEST FOR PRODUCTION NO. 37:**

28          Produce any documents showing the sale price of each house sold on the Valley Rose

1

1  subdivision.

2  **REQUEST FOR PRODUCTION NO. 38:**

3          Produce any documents showing the improvement value of each of the lots you sold

4  on the Valley Rose Estates subdivision.

5  **REQUEST FOR PRODUCTION NO. 39:**

6          Produce any documents which show where you received the money to purchase the

7  Valley Rose golf course.

8  **REQUEST FOR PRODUCTION NO. 40:**

9          Produce any documents which show how much money you received from loans to

10  purchase the Valley Rose golf course.

11  **REQUEST FOR PRODUCTION NO. 41:**

12          Produce any documents show which bank loaned you money to purchase the Valley

13  Rose golf course.

14  DATED:  June 15 , 2009

                        BORTON PETRINI, LLP

15

16

17          By: _____

18              Jeffrey K. Travis, Attorney for Plaintiff,
                Roger McIntosh

19

20

21

22

23

24

25

26

27

28

**PROOF OF SERVICE**
**(FRCP No. 5(b)(2)(E))**
**STATE OF CALIFORNIA, COUNTY OF KERN**

I, Joanne Balduc, declare:

    I am a citizen of the United States. I am employed in the County of Kern, State of California. I am over the age of 18 and not a party to the within action; my business address is 5060 California Avenue, Suite 700, Avenue, Bakersfield, California 93309.

    On **June 16, 2009** , I served the foregoing document described as **REQUEST FOR PRODUCTION OF DOCUMENTS, SET NO. THREE, TO NORTHERN CALIFORNIA UNIVERSAL ENTERPRISES COMPANY** on the other party(ies) in this action as follows:

| | |
|---|---|
| Steven John Hassing, Esq.<br>**Law Offices of Steven J. Hassing**<br>425 Calabria Court<br>Roseville, CA 95747<br>email address: **stevehassing@yahoo.com** | Attorneys for Attorneys for Defendants, Northern California Universal Enterprises Company and Lotus Developments<br>**Tel:** 916/677-1776<br>**Fax:** 916/677-1770 |
| Chaka Okadigbo<br>**Garcia Calderon Ruiz, LLP**<br>500 South Grand Ave Suite 1100<br>Los Angeles, CA 90071<br>email address: **cokadigbo@gcrlegal.com** | Attorneys for Defendant, City of Wasco<br>Tel: 213/347-0210<br>**Fax: 213-347-0216** |
| William L. Alexander, Esq.<br>Alexander & Associates<br>1925 "G" Street<br>Bakersfield, CA 93301<br>email address: **walexander@alexander-law.com** | Attorneys for Defendant, DeWalt CM, Inc.<br>Tel: 661/316-7888<br>**Fax: 661/316-7890** |

**X**     **BY ELECTRONIC SERVICE:** Pursuant to Fed. R. Civ. P. 5(b)(2)(E) and Local Court Rule(s), the foregoing document will be served by the court via CM/ECF.. Pursuant to the CM/ECF docket for this case proceeding the following person(s) are on the Electronic Mail Notice List to receive ECF transmission at the email address(es) indicated below:

**X**     **BY MAIL:** As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at , California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

    Executed on **June 16, 2009**, at Bakersfield, California.

    I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

    Joanne Balduc

Steven J. Hassing
California SBN 152125
LAW OFFICES OF STEVEN J. HASSING
425 Calabria Court
Roseville, CA 95747
Telephone: (916) 677-1776
Facsimile: (916) 677-1770

Attorney *for Defendants, Northern California*
*Universal Enterprise Company and Lotus*
*Developments*

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| ROGER MCINTOSH, <br><br> Plaintiff(s); <br><br> v. <br><br> NORTHERN CALIFORNIA UNIVERSAL ENTERPRISES COMPANY, ET AL., <br><br> Defendant(s). | No. 1:07-CV-01080-LJO-WMW <br><br> **DEFENDANT, NORTHERN CALIFORNIA UNIVERSAL ENTERPRISE COMPANY'S SUPPLEMENTAL RESPONSES TO PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS** <br><br> **SET THREE** |

PROPOUNDING PARTY:          Plaintiff, ROGER MCINTOSH

RESPONDING PARTY:          Defendant, NORTHERN CALIFORNIA
UNIVERSAL ENTERPRISE COMPANY

SET NO.          THREE

Defendant, Northern California Universal Enterprise Company responds to Plaintiff's

Request for Production of Documents, Set Three as follows:

///

///

1

Defendant, Northern California Universal Enterprise Company's Supplemental Responses to Plaintiff's Request for Production of Documents - Set Three

**REQUEST FOR PRODUCTION NO. 36:**

Produce all property appraisals of the Valley Rose Subdivision used to assist you in getting a loan to buy the Valley Rose golf course.

**RESPONSE**

There are no documents responsive to request number 36 and never have been.

**REQUEST NO. FOR PRODUCTION 37:**

Produce any documents showing the sale price of each house sold on the Valley Rose subdivision.

**RESPONSE**

Responding party is producing closing statements with this supplemental response.

**REQUEST NO. FOR PRODUCTION 38:**

Produce any documents showing the improvement value of each of the lots you sold on the Valley Rose Estates subdivision.

**RESPONSE**

Northern did not sell any lots so there are no responsive documents.

**REQUEST NO. FOR PRODUCTION 39:**

Produce any documents which show where you received the money to purchase the Valley Rose golf course.

**RESPONSE**

Responding party did not purchase the golf course so there are no responsive documents.

///

///

**REQUEST NO. FOR PRODUCTION 40:**

Produce any documents which show how much money you received from loans to purchase the Valley Rose golf course.

**RESPONSE**

Responding party did not purchase the golf course so there are no responsive documents.

**REQUEST NO. FOR PRODUCTION 41:**

Produce any documents show which bank loaned you money to purchase the Valley Rose golf course.

**RESPONSE**

Responding did not purchase the golf course so there are no responsive documents.

Dated this 6th day of August, 2009        _____

Steven J. Hassing, Attorney
for Northern Universal Enterprise Co.

# PROOF OF SERVICE

**Case No. 1:07-CV-01080-LJO-GSA**

I, the undersigned, declare:

I am employed in the County of Placer, State of California.  I am over the age of eighteen years and not a party to the within action; my business address is 425 Calabria Court, Roseville, CA 95747.  I am readily familiar with the business practice for collection and processing of correspondence for mailing with the United States Postal Service.  On August 6, 2009 I served the foregoing described as:

**DEFENDANT, NORTHERN CALIFORNIA UNIVERSAL ENTERPRISE COMPANY'S SUPPLEMENTAL RESPONSES TO PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS**

on the parties in this action.

__XX__  placing an original or true copy thereof enclosed in a sealed envelope with postage fully prepaid, placed for collection and mailing in Roseville, California, on said date, following ordinary business practice, and addressed as follows:

Jeffrey A. Travis
Borton Petrini, LLP
5060 California Ave, Suite 700
Post Office Box 2026
Bakersfield, CA  93309

Chaka Okadigbo
Garcia Calderon Ruiz, LLP
500 South Grand Avenue, Ste. 1100
Los Angeles, CA  90071

William L. Alexander
Alexander & Associates
1925 G Street
Bakersfield, CA  93301

__  Overnight service via UPS to:

I declare under penalty of perjury that the foregoing is true and correct, and that this declaration was executed on August 6, 2009.

Kimberley A. Hassing

PROOF OF SERVICE - 1

EXHIBIT "K"

EXHIBIT "J"

lj:nr

1   James J. Braze, Esq.; SBN 75911
    Jeffrey A. Travis, Esq.; SBN 235507
2   BORTON PETRINI, LLP
    5060 California Avenue, Suite 700
3   Post Office Box 2026
    Bakersfield, CA 93303
4   Telephone (661) 322-3051

5   Attorneys for Plaintiff, Roger McIntosh

6

7

8                    UNITED STATES DISTRICT COURT

9          EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION

10

11  ROGER McINTOSH,                      Case No.  107CV 01080 LJO-WMW

12              Plaintiff,
                                         REQUEST FOR PRODUCTION OF
13  v.                                   DOCUMENTS, SET NO. THREE, TO
                                         LOTUS DEVELOPMENTS, LLC.
14  NORTHERN CALIFORNIA UNIVERSAL
    ENTERPRISES COMPANY, et al,
15
                Defendants.
16

17

18  PROPOUNDING PARTY    :    PLAINTIFF, ROGER McINTOSH

19  RESPONDING PARTY     :    DEFENDANT, LOTUS DEVELOPMENTS, LLC

20  SET NO.              :    THREE

21          Plaintiff, Roger McIntosh, requests defendant, Lotus Developments, LLC, ("Lotus")

22  respond within 30 days to the following requests:

23  **REQUEST FOR PRODUCTION NO. 36:**

24          Produce all property appraisals of the Valley Rose Subdivision used to assist you in getting

25  a loan to buy the Valley Rose golf course.

26  **REQUEST FOR PRODUCTION NO. 37:**

27          Produce any documents showing the sale price of each house sold on the Valley Rose

28  subdivision.

1  **REQUEST FOR PRODUCTION NO. 38:**

2       Produce any documents showing the improvement value of each of the lots you sold on the

3  Valley Rose Estates subdivision.

4  **REQUEST FOR PRODUCTION NO. 39:**

5       Produce any documents which show where you received the money to purchase the Valley

6  Rose golf course.

7  **REQUEST FOR PRODUCTION NO. 40:**

8       Produce any documents which show how much money you received from loans to purchase

9  the Valley Rose golf course.

10  **REQUEST FOR PRODUCTION NO. 41:**

11       Produce any documents show which bank loaned you money to purchase the Valley Rose

12  golf course.

13  DATED:   June 16 , 2009

                              BORTON PETRINI, LLP

14

15

16                          By:_____

17                             Jeffrey A. Travis, Attorney for Plaintiff,
                           Roger McIntosh

18

19

20

21

22

23

24

25

26

27

28

**PROOF OF SERVICE**
**(FRCP No. 5(b)(2)(E))**
**STATE OF CALIFORNIA, COUNTY OF KERN**

I, Joanne Balduc, declare:

I am a citizen of the United States. I am employed in the County of Kern, State of California. I am over the age of 18 and not a party to the within action; my business address is 5060 California Avenue, Suite 700, Avenue, Bakersfield, California 93309.

On June 16, 2009 , I served the foregoing document described as **REQUEST FOR PRODUCTION OF DOCUMENTS, SET NO. THREE, TO LOTUS DEVELOPMENTS, LLC** on the other party(ies) in this action as follows:

Steven John Hassing, Esq.
**Law Offices of Steven J. Hassing**
425 Calabria Court
Roseville, CA 95747
email address: **stevehassing@yahoo.com**

Attorneys for Attorneys for Defendants,
Northern California Universal Enterprises
Company and Lotus Developments
Tel:   916/677-1776
**Fax:   916/677-1770**

Chaka Okadigbo
**Garcia Calderon Ruiz, LLP**
500 South Grand Ave Suite 1100
Los Angeles, CA 90071
email address: **cokadigbo@gcrlegal.com**

Attorneys for Defendant, City of Wasco

Tel: 213/347-0210
**Fax: 213-347-0216**

William L. Alexander, Esq.
Alexander & Associates
1925 "G" Street
Bakersfield, CA 93301
email address: **walexander@alexander-law.com**

Attorneys for Defendant, DeWalt CM, Inc.

Tel: 661/316-7888
**Fax: 661/316-7890**

X    **BY ELECTRONIC SERVICE:** Pursuant to Fed. R. Civ. P. 5(b)(2)(E) and Local Court Rule(s), the foregoing document will be served by the court via CM/ECF.. Pursuant to the CM/ECF docket for this case proceeding the following person(s) are on the Electronic Mail Notice List to receive ECF transmission at the email address(es) indicated below:

X    **BY MAIL:** As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at , California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

Executed on June 16, 2009, at Bakersfield, California.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Joanne Balduc

3

REQUEST FOR PRODUCTION OF DOCUMENTS, SET NO. THREE

Steven J. Hassing
California SBN 152125
LAW OFFICES OF STEVEN J. HASSING
425 Calabria Court
Roseville, CA 95747
Telephone: (916) 677-1776
Facsimile: (916) 677-1770

Attorney *for Defendants, Northern California
Universal Enterprise Company and Lotus
Developments*

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| ROGER MCINTOSH,<br><br>                              Plaintiff(s);<br><br>v.<br><br>NORTHERN CALIFORNIA UNIVERSAL<br>ENTERPRISES COMPANY, ET AL.,<br><br><br>                              Defendant(s). | No. 1:07-CV-01080-LJO-WMW<br><br>**DEFENDANT, LOTUS<br>DEVELOPMENTS, LP'S<br>SUPPLEMENTAL RESPONSES TO<br>PLAINTIFF'S REQUEST FOR<br>PRODUCTION OF DOCUMENTS**<br><br>**SET THREE** |

PROPOUNDING PARTY:          Plaintiff, ROGER MCINTOSH

RESPONDING PARTY:          Defendant, LOTUS DEVELOPMENTS, LP

SET NO.                              THREE

          Defendant, Lotus Developments, LP responds to Plaintiff's Request for Production of

Documents, Set Three as follows:

///

///

///

**REQUEST FOR PRODUCTION NO. 36:**

Produce all property appraisals of the Valley Rose Subdivision used to assist you in getting a loan to buy the Valley Rose golf course.

**RESPONSE**

There are no responsive documents.

**REQUEST NO. FOR PRODUCTION 37:**

Produce any documents showing the sale price of each house sold on the Valley Rose subdivision.

**RESPONSE**

All closing statements are being produced herewith.

**REQUEST NO. FOR PRODUCTION 38:**

Produce any documents showing the improvement value of each of the lots you sold on the Valley Rose Estates subdivision.

**RESPONSE**

All documents are being produced herewith.

**REQUEST NO. FOR PRODUCTION 39:**

Produce any documents which show where you received the money to purchase the Valley Rose golf course.

**RESPONSE**

There are no responsive documents.

**REQUEST NO. FOR PRODUCTION 40:**

Produce any documents which show how much money you received from loans to purchase the Valley Rose golf course.

**RESPONSE**

There are no responsive documents.

**REQUEST NO. FOR PRODUCTION 41:**

Produce any documents show which bank loaned you money to purchase the Valley Rose golf course.

**RESPONSE**

There are no responsive documents.

Dated this 6th day of August, 2009

_____

Steven T Hassing, Attorney
for Lotus Developments

## PROOF OF SERVICE

**Case No. 1:07-CV-01080-LJO-GSA**

I, the undersigned, declare:

I am employed in the County of Placer, State of California. I am over the age of eighteen years and not a party to the within action; my business address is 425 Calabria Court, Roseville, CA 95747. I am readily familiar with the business practice for collection and processing of correspondence for mailing with the United States Postal Service. On August 6, 2009 I served the foregoing described as:

**DEFENDANT, LOTUS DEVELOPMENTS, LP'S SUPPLEMENTAL RESPONSES TO PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS**

on the parties in this action.

<u>XX</u>   placing an original or true copy thereof enclosed in a sealed envelope with postage fully prepaid, placed for collection and mailing in Roseville, California, on said date, following ordinary business practice, and addressed as follows:

Jeffrey A. Travis
Borton Petrini, LLP
5060 California Ave, Suite 700
Post Office Box 2026
Bakersfield, CA 93309

Chaka Okadigbo
Garcia Calderon Ruiz, LLP
500 South Grand Avenue, Ste. 1100
Los Angeles, CA 90071

William L. Alexander
Alexander & Associates
1925 G Street
Bakersfield, CA 93301

___   Overnight service via UPS to:

I declare under penalty of perjury that the foregoing is true and correct, and that this declaration was executed on August 6, 2009.

Kimberley A. Hassing

PROOF OF SERVICE - 1

# EXHIBIT "K"

60971

REGIONAL OFFICES
FRESNO
TELEPHONE (559) 256-0117
FAX (559) 237-7995
LOS ANGELES
TELEPHONE (213) 624-2869
FAX (213) 480-3930
MODESTO
TELEPHONE (209) 576-1701
FAX (209) 527-9753
ORANGE COUNTY
TELEPHONE (562) 596-2300
FAX (562) 596-2322
SACRAMENTO
TELEPHONE (916) 858-1212
FAX (916) 858-1252

# BORTON PETRINI, LLP

1800 TRUXTUN AVENUE
POST OFFICE BOX 2026
BAKERSFIELD, CALIFORNIA 93303-2026
(661) 322-3051
FAX: (661) 322-4628
EMAIL: BPCBAK@BPCLAW.COM
WEB SITE: WWW.BORTONPETRINI.COM

F.E. BORTON (1877-1948)
JAMES PETRINI (1897-1978)
HARRY M. CONRON (1907-1971)
RICHARD E. HITCHCOCK (1925-2001)
KENNETH D. PINSENT (1953-1984)

REGIONAL OFFICES
SAN BERNARDINO
TELEPHONE (909) 381-0527
FAX (909) 381-0658
SAN DIEGO
TELEPHONE (619) 232-2424
FAX (619) 531-0794
SAN FRANCISCO
TELEPHONE (415) 677-0730
FAX (415) 677-0737
SAN JOSE
TELEPHONE (408) 535-0870
FAX (408) 535-0878

IN REPLY REFER
TO OUR FILE NO.
Bakersfield
054493/060971

April 11, 2008

Ms. Vickie Hight
Wasco City Clerk
City of Wasco
746 8th Street
Wasco, CA 93280

Re:    California Public Records Act Request

Dear Planning Director:

Pursuant to the California Public Records Act (Cal. Gov. Code § 6250, et seq.) and on behalf of Roger McIntosh and McIntosh & Associates, please provide me with copies of the following public records:

1.    All recorded tentative or final maps for Tract No. 6451;

2.    All recorded tentative or final maps for Tract No. 5472;

3.    All writings, referring to, relating to or concerning the recording of Tract No. 6451;

4.    All writings, referring to, relating to or concerning the recording of Tract No. 5472;

5.    All writings, referring to, relating to or concerning the Valley Rose Estate subdivision and its related maps, specifically, all records and log book entries at the City of Wasco Public Works that reference either Tract No. 6451;

6.    All writings, referring to, relating to or concerning the Valley Rose Estate subdivision and its related maps, specifically, all records and log book entries at the City of Wasco Public Works that reference either Tract No. or 5472;

7.    All writings, referring to, relating to or concerning the Valley Rose Estate subdivision and its related maps, specifically, all records and log book entries at the City of Wasco Public Works that reference Joseph Wu;

COT TO WASCO CPRAR.wpd

**FILE COPY**

Ms. Vickie Hight
April 11, 2008
Page 2

8.    All writings, referring to, relating to or concerning the Valley Rose Estate subdivision and its related maps, specifically, all records and log book entries at the City of Wasco Public Works that reference Jeffrey Gutierrez;

9.    All writings, referring to, relating to or concerning the Valley Rose Estate subdivision and its related maps, specifically, all log book entries at the City of Wasco Public Works that reference Dewalt or, Dewalt Engineering;

10.    All writings, referring to, relating to or concerning the Valley Rose Estate subdivision and its related maps, specifically, all records and log book entries at the City of Wasco Public Works that reference Greg Black;

11.    All writings, referring to, relating to or concerning the Valley Rose Estate subdivision and its related maps, specifically, all records and log book entries at the City of Wasco Public Works that reference Jess Marimla;

12.    All writings, referring to, relating to or concerning the Valley Rose Estate subdivision and its related maps, specifically, all records and log book entries at the City of Wasco Public Works that reference Chris Oliveras;

13.    All as-built plans for Tract No. 6451;

14.    All as-built plans for Tract No. 5472;

15.    All writings referring to, relating to, or concerning Dewalt Engineering or any of its agents and relating to the Valley Rose Estate subdivision;

16.    All correspondences with Northern California Universal Enterprises, Inc., or any of its agents referring to, and referring to, relating to, or concerning the Valley Rose Estate subdivision;

17.    All correspondences with Lotus Enterprises, Inc., or any of its agents referring to, relating to, or concerning the development of the Valley Rose Estate subdivision;

18.    A copy of the report entitled, "IMPACT FEE ENGINEERING STUDY - City of Wasco VALLEY ROSE ESTATES Zone benefit - VALLEY ROSE ESTATES Infrastructure Improvements," referred to in Section, 13.21.040 of the Wasco Municipal Codes.

For the purpose of this request, the term "writings" includes all documents and things as defined by Government Code section 6252(g), as well as written contracts and correspondence.

A previous, similar but not identical request was sent to the City of Wasco on or about February 13, 2007, by a previous law firm representing Mr. McIntosh (Goodwin Proctor). Although we have made every attempt to tailor this request to exclude these documents in this request, if any documents in the instant request are duplicates of the previous request, these need not be copied.

Copies of these documents should be sent to me at the above address within ten (10) days of receipt of this request. I hereby authorize payment of any fees incurred in copying these

COT TO WASCO CPRAR.wpd

BORTON PETRINI, LLP

Ms. Vickie Hight
April 11, 2008
Page 3

documents, up to $100. If costs exceed this amount, please contact me for further authorization. Please contact me if you have any questions. I await delivery of the requested records within the specified time frame.

Very truly yours,

Jeffrey A. Travis

JAT:vc

COT TO WASCO CPRAR.wpd



**Wasco**
GROW WITH US

City Manager's Office (661) 758-7214 Fax (661) 758-5411
746 8th Street, Wasco, CA 93280

2008 JUN -4 P 5: 06

May 19, 2008

Borton Petrini, LLP
P.O. Box 2026
Bakersfield, Ca 93303

*Jeffrey A. Travis*

Re:   *Response to California Public Records Act Request*

Dear Mr. Travis:

I thank you for your patience during our retrieval and review of your requested documents.

Please know that you are welcome to review the set of requested documents at 746 8th Street, Wasco to determine which records you would like copied. Please call 661-758-7215 to make arrangements for review, or at your request we will provide the entire file for a duplication fee of $92.00 plus the cost of postage. Should you have any questions regarding the foregoing, please do not hesitate to contact me at 661-758-7215.

Sincerely,

Vickie Hight, City Clerk
City of Wasco

*Wasco*
GROW WITH US

City Manager's Office (661) 758-7214 Fax (661) 758-5411
746 8th Street, Wasco, CA  93280

2008 MAY -2  A 10 22

April 21, 2008

Jeffrey A Travis
Borton Petrini, LLP
P.O. Box 2026
Bakersfiled, CA 93303

Re: Request for Public Records

We have received your request for records.

This letter is to inform you that The City Clerks office is working on this request and will be in contact with you regarding the amount of records and of the duplication fee.

Should you have any questions or comments, please do not hesitate to give us a call at (661) 758-7215

Best Regards,

Vickie Hight, City Clerk
City of Wasco

CC: Jake Raper, Interim Community Development Director
    Dan Allen, Public Works Director
    Bob Wren Deputy Public Works Director
    Eva Plaza, City Attorney
    Ron Mittag, City Manager

60971

LAW OFFICES OF

# BORTON PETRINI, LLP

**REGIONAL OFFICES**

**FRESNO**
TELEPHONE (559) 268-0117
FAX (559) 237-7995

**LOS ANGELES**
TELEPHONE (213) 624-2869
FAX (213) 489-3930

**MODESTO**
TELEPHONE (209) 576-1701
FAX (209) 527-9753

**ORANGE COUNTY**
TELEPHONE (562) 596-2300
FAX (562) 596-2322

**SACRAMENTO**
TELEPHONE (916) 858-1212
FAX (916) 858-1252

1600 TRUXTUN AVENUE
POST OFFICE BOX 2026
BAKERSFIELD, CALIFORNIA 93303-2026
(661) 322-3051
FAX: (661) 322-4628
EMAIL: BPCBAK@BPCLAW.COM
WEB SITE: WWW.BORTONPETRINI.COM

F.E. BORTON (1877-1948)
JAMES PETRINI (1897-1978)
HARRY M. CONRON (1907-1971)
RICHARD E. HITCHCOCK (1925-2001)
KENNETH D. PINSENT (1953-1984)

**REGIONAL OFFICES**

**SAN BERNARDINO**
TELEPHONE (909) 381-0527
FAX (909) 381-0656

**SAN DIEGO**
TELEPHONE (619) 232-2424
FAX (619) 531-0784

**SAN FRANCISCO**
TELEPHONE (415) 677-0730
FAX (415) 677-0737

**SAN JOSE**
TELEPHONE (408) 535-0870
FAX (408) 535-0878

IN REPLY REFER
TO OUR FILE NO.
Bakersfield
054493/060971

May 28, 2008

Ms. Vickie Hight
Wasco City Clerk
City of Wasco
746 8th Street
Wasco, CA 93280

Re:     <u>California Public Records Act Request</u>

Dear Ms. Hight:

We refer to our letter dated April 11, 2008, and, per your instructions, enclose herewith Check Number 346227 for the sum of $92.00 for the cost of providing copies of the public records request.   Copies of these documents should be sent to our office at the above address.

Please contact Mr. Jeffrey A. Travis if you have any questions.   Thanking you for your prompt attention to this matter.

Very truly yours,

Vanessa J. Claridge
Administrative Assistant to
Jeffrey A. Travis, Esq.

:vjc
Enclosure - Check

COT TO WASCO RE CHECK FOR RECORDS.wpd

Sent 950

**FILE COPY**



BORTON PETRINI, LLP
CK DATE: 05-28-2008

PAYEE: City of Wasco
VENDOR #: 19259

| INV. DATE | INVOICE NUMBER | VENDOR COMMENT | CHECK | AMOUNT |
|---|---|---|---|---|
| | 854080R1 | Mcintosh v. Northern California University Enterprises Co. | | |

# BORTON PETRINI, LLP

## Check Request Form

Requested by:_____ **Vanessa Claridge** _____

Office:_____ **Bakersfield, CA** _____

Date Needed:_____ **May 28, 2008** _____

Date Sent To Accounting: **May 28, 2008** _____

Check Amount:_____ **$92.00** _____

Reason for Check:_____ **Obtaining records per our records request** ____

Case Name:_____ **McIntosh v. Northern California Universal Enterprises**

Client #:___ **054493** ____ Matter #:___ **60971** ___

Comments:_____ **Attn: Vickie Hight** _____

*Make Check Payable To:_ **City of Wasco** _____

*Street Address:_____ **746 8th Street** _____

*City:_ **Wasco** ___ State:_ **CA** ___ Zip Code:**93280** _____

*Telephone Number:_____ **661/758-7215** _____

*SS# / Tax I.D.#:_____

*Approved by:_____
   (Office Expenses Approved by Managing Partner/Client Costs Approved by Responsible Attorney)

**XX** **Return Check to Person Requesting**

☐   Mail Check to Vendor

**Requests received by 1:00 p.m. will be issued and pouched to you that day.**
**Any Requests received after 1:00 p.m. will not be guaranteed for next day.**
**Unless otherwise specified, all check requests will be returned to the requesting party**

Please fax Check requests to Accounting at 661-322-4231

**\*Required Fields**

```
MODE = MEMORY TRANSMISSION          START=MAY-28 13:22    END=MAY-28 13:23

    FILE NO.=921

STN   COMM.   ONE-TOUCH/  STATION NAME/TEL NO.                PAGES     DURATION
NO.           ABBR NO.

001   OK      ☎          3224231                             001/001   00:00:18


                                    -BORTON PETRINI, LLP    -

******************************* -BAKERSFIELD  - ***** -  661 322 4628- *********
```

# BORTON PETRINI, LLP

## Check Request Form

Requested by: **Vanessa Claridge**

Office: **Bakersfield, CA**

Date Needed: **May 28, 2008**

Date Sent To Accounting: **May 28, 2008**

Check Amount: **$92.00**

Reason for Check: **Obtaining records per our records request**

Case Name: **McIntosh v. Northern California Universal Enterprises**

Client #: **054493**    Matter #: **60971**

Comments: **Attn: Vickie Hight**

*Make Check Payable To: **City of Wasco**

*Street Address: **746 8th Street**

*City: **Wasco**    State: **CA**    Zip Code: **93280**

*Telephone Number: **661/758-7215**

*SS# / Tax I.D.#: _____

*Approved by: _____
(Office Expenses Approved by Managing Partner/Client Costs Approved by Responsible Attorney)

**XX** Return Check to Person Requesting

☐ Mail Check to Vendor

**Requests received by 1:00 p.m. will be issued and pouched to you that day.
Any Requests received after 1:00 p.m. will not be guaranteed for next day.
Unless otherwise specified, all check requests will be returned to the requesting party**

Please fax Check requests to Accounting at 661-322-4231

*Required Fields

[50-003]
Rev. 3/19/07

BORTON PETRINI, LLP
Check Request for Records from City of Wasco.wpd