Steven J. Hassing
California SBN 152125
LAW OFFICES OF STEVEN J. HASSING
425 Calabria Court
Roseville, CA  95747
Telephone:  (916) 677-1776
Facsimile:   (916) 677-1770

Attorney *for Defendant, Northern California Universal Enterprise Company and Lotus Developments, L.P.*

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROGER MCINTOSH,<br><br>                                  Plaintiff(s);<br>v.<br><br>NORTHERN CALIFORNIA UNIVERSAL ENTERPRISES COMPANY, ET AL.,<br><br>                                  Defendant(s) | No.  1:07-CV-01080-LJO-GSA<br><br>**NORTHERN'S OBJECTION TO PLAINTIFF'S PROPOSED SPECIAL JURY INSTRUCTION NO. 4**<br><br>**JOINED BY LOTUS, DEWALT AND CITY OF WASCO** |

   Northern, joined by all other Defendants, objects to the following special jury instruction proposed by Plaintiff;

///

///

///

///

///

1

Northern's Objection to Plaintiff's Proposed Special Jury Instruction No. 4 Joined in by Lotus, DeWalt and City of Wasco

# SPECIAL JURY INSTRUCTION NO. 4

# JOINT LIABILITY FOR INFRINGER'S PROFITS

When a copyright is infringed, all infringers are jointly and severally liable for plaintiff's actual damages but each defendant is severally liable for his or its own illegal profit. One defendant is not liable for the profit made by another.

However, the rule of several liability for profit does not apply where the defendants act as partners or "practically partners."

Relevant factors in determining whether any of the defendants were acting as partners or practically partners is their role in the infringing activity, the degree of direction of activity, and each's financial interest in activity.

# SUPPORTING AUTHORITIES:

*Nelson v. Salabes, Inc. v. Morningside Development, LLC*, 284 F.3d 505, 517 (4th Cir. 2002); *MCA, Inc. v. Wilson*, 677 F.2d 180, 186 (2nd Cir. 1981); *Frank Music Corp. v. Metro Goldwyn Meyer, Inc*., 772 F.2d 505, 519 (9th Cir. 1985); *Sammons v. Colonial Press, Inc*., 126 F.2d 341 (1st Cir. 1942); and *Belford, Clarke & Company v. Scribner*, 144 U.S. 488, 1892.

DATED: February 15, 2010

BORTON PETRINI, LLP


By:   s/Jeffrey A. Travis/
    James J. Braze, Jeffrey A. Travis, Attorney for Plaintiff,
    Roger McIntosh dba McIntosh & Associates

**Objectionable Matter**

Defendants object to the term "practically" in practically partners.

**Legal Authority Explaining Grounds for Objection**

One purpose of jury instructions is to inform the jury of various permissible ways of resolving the issues in the case, and a party is entitled to an instruction on its theory of the case so long as it is legally correct and there is factual evidence to support it.  *Rahn v. Hawkins*, 464 F.3d 813, 818 (8th Cir. 2006).

The primary purpose of jury instructions is to clarify issues for the jury and to educate the jury about what factors are probative on those issues.  *Humphrey v. Staszak,* 148 F.3d 719, 724 (7th Cir. 1998).

**Reason Why The Proposed Instruction is Improper**

Plaintiff would like the jury to find that various defendants have joint liability for profits.  To that end, Plaintiff wants the jury to consider whether any of the defendants were partners or "practically partners".  There is no definition of a "practical partner" or "practically partners".  Accordingly, it would be unfair to charge the jury with making such a determination.

Plaintiff has cited five cases in support of his desired wording.  None of those cases support such an instruction under the known facts of this case.

In *Belford, Clarke & Company*, an 1892 case, the defendants, a book publisher and a printer, shared in the profits from the sale of books created via infringement.  Because of this profit sharing, they were deemed "practically partners".

In *Sammons v. Colonial Press*, a 1942 case there was no finding of partners or practical partners because one defendant, an independent contractor, charged a fixed fee for his work without regard to whether or not the other defendant realized a profit. The case suggests that without some evidence of profit sharing there can be no finding of "practically partners".

In *Frank Music*, the Court determined that it would be necessary to find a "substantial and continuing connection" between the two defendants in order to access joint liability for profit. (at 520). It noted that even a parent corporation cannot be held liable for the infringement by a subsidiary unless there is a <u>substantial and continuing connection</u> between the two regarding the infringing acts. (at 519, 520).

In *MCA, Inc. v. Wilson*, the case turned on whether there was a sharing of profits. There wasn't and there was no finding of joint liability.

Finally, Plaintiff cited *Nelson- Salabes,* a case in which joint liability for profits was not imposed. The *Nelson* Court, citing Belford and Frank Music, explained that the lower court erred in imposing joint liability for profits, mentioned that there was no finding of partnership or practical partners (at 516).

*Nelson* is of no help to Plaintiff and the other cases indicate that there should be some evidence of <u>profit sharing</u> or a <u>substantial and continuing connection</u> before joint liability is considered. To give a jury an instruction containing the term "practical partners" without any definition (and there isn't one) begs confusion.

Where the known facts establish that DeWalt got paid without regard to Lotus's profit and the City of Wasco got paid a set price for the land without regard to Lotus's profit, it is

obvious that the jury could not find partnership or practical partnership.  Accordingly the instruction should not be given.

**Possible Alternate Instruction**

Same instruction but without the term "practically partners".  Defendants have also drafted a special instruction using the CACI definition of "partnership" (See DeWalt's proposed special instruction number 9).

Dated this 16th day of February, 2010                /s/ Steven J. Hassing
                                                                    Steven J. Hassing, attorney for
                                                                    Northern and Lotus

# CERTIFICATE OF SERVICE

1. On February 16th, 2010, I served the following document:

**NORTHERN'S OBJECTION TO PLAINTIFF'S PROPOSED SPECIAL JURY INSTRUCTION NO. 4 JOINED BY NORTHERN, LOTUS AND CITY OF WASCO**

2. The above-named document was served by the following means to the persons as listed below:

__XX__   United States Mail, first class postage fully prepaid and addressed to:

James Braze
Jeffrey Travis
Borton, Petrini, LLP
1600 Truxtun Avenue
Bakersfield, CA  93301

Chaka Okadigbo
Garcia Calderon Ruiz, LLP
520 South Grand Avenue, Ste. 695
Los Angeles, CA  90071

William L. Alexander
Tenielle E. Cooper
Alexander & Associates
1925 G Street
Bakersfield, CA  93301

By fax transmission. I faxed the document to the persons at the fax number listed below. No error was reported by the fax machine that I used. A copy of the record of the fax transmission is attached.

I declare under penalty of perjury that the foregoing is true and correct.

Dated this 16th day of February, 2010.

/s/ Kimberley A. Hassing
Kimberley A. Hassing