Steven J. Hassing
California SBN 152125
LAW OFFICES OF STEVEN J. HASSING
425 Calabria Court
Roseville, CA  95747
Telephone:  (916) 677-1776
Facsimile:   (916) 677-1770

Attorney *for Defendant, Northern California Universal Enterprise Company and Lotus Developments, L.P.*

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROGER MCINTOSH,<br><br>                              Plaintiff(s);<br>v.<br><br>NORTHERN CALIFORNIA UNIVERSAL ENTERPRISES COMPANY, ET AL.,<br><br>                              Defendant(s) | No.  1:07-CV-01080-LJO-GSA<br><br>**NORTHERN'S OBJECTION TO PLAINTIFF'S PROPOSED SPECIAL JURY INSTRUCTION NO. 10**<br><br>**JOINED BY LOTUS, DEWALT AND CITY OF WASCO** |

   Northern, joined by all other Defendants, objects to the following special jury instruction proposed by Plaintiff;

///

///

///

///

///

1
Northern's Objection to Plaintiff's Proposed Special Jury Instruction No. 10 Joined in by Lotus, DeWalt and City of Wasco

## SPECIAL JURY INSTRUCTION NO. 10

## COPYRIGHTS – STATUTORY SUBJECT MATTER

Effort expended in creating tentative maps and supporting documents is effort expended in creating tangible works of authorship.  As such, this effort is within the scope of copyright protection.

### SUPPORTING AUTHORITIES:

*De Madera v. Rhodes & Gardner,* 820 F.2d 973, 976 (9th Cir. 1987).

DATED:  February 15, 2010

                        BORTON PETRINI, LLP


                    By:   s/Jeffrey A. Travis/
                         James J. Braze, Jeffrey A. Travis, Attorney for Plaintiff,
                         Roger McIntosh dba McIntosh & Associates

**Objectionable Matter**

Plaintiff's proposed special instruction number 10 is objectionable as vague, ambiguous and inapplicable to the facts and controversies of this case

**Legal Authority Explaining Grounds for Objection**

One purpose of jury instructions is to inform the jury of various permissible ways of resolving the issues in the case, and a party is entitled to an instruction on its theory of the case so long as it is legally correct and there is factual evidence to support it. *Rahn v. Hawkins*, 464 F.3d 813, 818 (8th Cir. 2006).

The primary purpose of jury instructions is to clarify issues for the jury and to educate the jury about what factors are probative on those issues. *Humphrey v. Staszak,* 148 F.3d 719, 724 (7th Cir. 1998).

**Reason Why The Proposed Instruction is Improper**

The phrase from *Del Madera* which Plaintiff proposes as an instruction is properly quoted. However, it has no application to this case at bar.

The question at issue leading to the Court's statement that "effort expended in creating tentative maps and supporting documents is effort expended in creating tangible works of authorship" was one of preemption. The Court was determining which of Del Madera's causes of action were preempted. Del Madera had asserted causes of action for copyright infringement, unfair competition and unjust enrichment. Del Madera had argued that its federal copyright claim did not preempt its state law claims for unfair competition and unjust enrichment.

3
Northern's Objection to Plaintiff's Proposed Special Jury Instruction No. 10 Joined in by Lotus, DeWalt and City of Wasco

In sorting these claims out, the Court of Appeal found that "effort expended to create the Tentative Map and supporting documents is effort expended to create tangible works of authorship" and came within the purview of the copyright cause of action. It found that effort to obtain subdivision approval is not copyrightable subject matter and not subject to preemption.

In this case at bar, we don't have any causes of action except copyright infringement. Accordingly, this instruction is not necessary and is inappropriate.

**Possible Alternate Instruction**

None


Dated this 16th day of February, 2010          /s/ Steven J. Hassing
                                               Steven J. Hassing, attorney for
                                               Northern and Lotus

**CERTIFICATE OF SERVICE**

1. On February 16th, 2010, I served the following document:

   **NORTHERN'S OBJECTION TO PLAINTIFF'S PROPOSED SPECIAL JURY INSTRUCTION NO. 10 JOINED BY NORTHERN, LOTUS AND CITY OF WASCO**

2. The above-named document was served by the following means to the persons as listed below:

__XX__  United States Mail, first class postage fully prepaid and addressed to:

   James Braze
   Jeffrey Travis
   Borton, Petrini, LLP
   1600 Truxtun Avenue
   Bakersfield, CA  93301

   Chaka Okadigbo
   Garcia Calderon Ruiz, LLP
   520 South Grand Avenue, Ste. 695
   Los Angeles, CA  90071

   William L. Alexander
   Tenielle E. Cooper
   Alexander & Associates
   1925 G Street
   Bakersfield, CA  93301

   By fax transmission. I faxed the document to the persons at the fax number listed below. No error was reported by the fax machine that I used. A copy of the record of the fax transmission is attached.

I declare under penalty of perjury that the foregoing is true and correct.

Dated this 16th day of February, 2010.

                    /s/ Kimberley A. Hassing
                    Kimberley A. Hassing