1    BONIFACIO BONNY GARCIA (SBN 100761)
     CHAKA C. OKADIGBO (224547)
2    GCR, LLP
     520 SOUTH GRAND AVENUE, SUITE 695
3    LOS ANGELES, CA 90071
     Tel: (213) 347-0210
4    Fax (213) 347-0216

5    Attorneys for Defendant CITY OF WASCO

6

7

8                        UNITED STATES DISTRICT COURT

9            EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION

10

11   ROGER McINTOSH                    Case No: 1:07-CV-01080-LJO-WMV

12        Plaintiff,
                                        **DEFENDANT CITY OF WASCO'S**
13        vs.                           **SPECIAL JURY INSTRUCTION NO. 1**

14   NORTHERN CALIFORNIA
     UNIVERSAL ENTERPRISES            Date: February 12, 2010
15   COMPANY, INC., *et al.*,          Time: 1:30 p.m.
                                       Dept: 4 (LJO)
16        Defendants.                  Trial Date: March 1, 2010
                                       Honorable Lawrence O'Neill
17

18

19   **CONTRIBUTORY INFRINGEMENT – KNOWLEDGE OF INFRINGING ACTIVITY**

20        In instances, where the copyrighted work that was distributed is capable of substantial

21   lawful (i.e. non-infringing) uses, "mere knowledge of infringing potential or of actual infringing

22   uses is-not enough ... to subject a distributor to liability.  Nor would ordinary acts incident to

23   product distribution, such as offering customers technical support or product updates, support

24   liability in themselves.  The inducement rule, instead, premises liability on purposeful, culpable

25   expression and conduct."

26

27

28

4844-8534-3237                              1

1   ***Comment***

2   *Metro-Goldwyn-Mayer Studios, Inc. v. Grokster, Ltd.*, 545 U.S. 913, 937 (2005).

3

4   DATED:  February 16, 2010                    GCR, LLP

5

6                                           By:

7                                               CHAKA C. OKADIGBO
                                                Attorneys for Defendant
8                                               CITY OF WASCO

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**PROOF OF SERVICE**
**(FRCP No. 5(b)(2)(E)**

I declare that I am over the age of eighteen (18) and not a party to this action.   My business address is 520 South Grand Avenue, Suite 695, Los Angeles, California 90071.

On **February 16, 2010**, I served the following documents:   **DEFENDANT CITY OF WASCO'S SPECIAL JURY INSTRUCTION NO. 1** on the interested parties in this action by placing a true and correct copy of such document, enclosed in a sealed envelope, addressed as follows:

Jeffrey Travis                                               Steven J. Hassing
Borton Petrini, LLP                                      Law Offices of Steven J. Hassing
5060 California Ave., Suite 700                     425 Calabria Court
Bakersfield, CA 93301                                 Roseville, CA 95747
jtravis@bortonpetrini.com                            stevehassing@yahoo.com

William L. Alexander
Alexander & Associates
1925 G Street
Bakersfield, CA 93301
walexander@alexander-law.com

( )          **BY MAIL**:  I am readily familiar with the business' practice for collection and processing of correspondence for mailing with the United States Postal Service.  I know that the correspondence was deposited with the United States Postal Service on the same day this declaration was executed in the ordinary course of business. I know that the envelope was sealed and, with postage thereon fully prepaid, placed for collection and mailing on this date in the United States mail at Los Angeles, California.

( X )       **BY ELECTRONIC SERVICE:**   Pursuant to Fed. R. Civ. P. 5(b)(2)(E) and Local Court Rules(s), the foregoing document will be served by the court via CM/ECF.  Pursuant to the CM/ECF docket for this case proceeding the following person(s) are on the Electronic Mail Notice List to receive ECF transmission at the email address(es) indicated above.

( )          (State)           I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

( X )       (Federal)        I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed **February 16, 2010**, Los Angeles, California.

**Carolyn Dominguez**

1  BONIFACIO BONNY GARCIA (SBN 100761)
   CHAKA C. OKADIGBO (224547)
2  GCR, LLP
   520 SOUTH GRAND AVENUE, SUITE 695
3  LOS ANGELES, CA  90071
   Tel: (213) 347-0210
4  Fax (213) 347-0216

5  Attorneys for Defendant CITY OF WASCO

6

7

8                    UNITED STATES DISTRICT COURT

9           EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION

10

11  ROGER McINTOSH                    Case No: 1:07-CV-01080-LJO-WMV

12        Plaintiff,
                                      **DEFENDANT CITY OF WASCO'S**
13     vs.                            **SPECIAL JURY INSTRUCTION NO. 2**

14  NORTHERN CALIFORNIA               Date:  February 12, 2010
    UNIVERSAL ENTERPRISES            Time:  1:30 p.m.
15  COMPANY, INC., et al.,            Dept:  4 (LJO)
                                      Trial Date:  March 1, 2010
16        Defendants.                 Honorable Lawrence O'Neill

17

18    **VICARIOUS INFRINGEMENT -- RIGHT AND ABILITY TO CONROL OR**

19              **SUPERVISE INFRINGING ACTIVITY**

20        The City of Wasco had the right and ability to control (or supervise) the infringing

21  activity only if plaintiff can show by a preponderance of the evidence that the City of Wasco

22  had:

23        1.    the legal right to stop or limit the infringing activity of the other defendants; and

24        2.    the practical ability to stop or limit infringement.

25        If you find that plaintiff has proved both of these elements, then you must find that the

26  City of Wasco had the right or ability to control over the infringing activity.  If, however, the

27

28

1  plaintiff has failed to prove either one of these elements, you must find that the City of Wasco
2  did not have control over the infringing activity.

3  ***Comment***

4      "[A] defendant exercises control over a direct infringer when he has both a legal right to
5  stop or limit the directly infringing conduct, as well as the practical ability to do so." *Perfect 10,*
6  *Inc. v. Google, Inc.* 508 F.3d 1146, 1173 (9th Cir. 2007).

7  DATED: February 16, 2010        GCR, LLP

8
9
10                 By:_____
                    CHAKA C. OKADIGBO
11                     Attorneys for Defendant
                    CITY OF WASCO
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**PROOF OF SERVICE**
**(FRCP No. 5(b)(2)(E)**

I declare that I am over the age of eighteen (18) and not a party to this action. My business address is 520 South Grand Avenue, Suite 695, Los Angeles, California 90071.

On **February 16, 2010**, I served the following documents: **DEFENDANT CITY OF WASCO'S SPECIAL JURY INSTRUCTION NO. 2** on the interested parties in this action by placing a true and correct copy of such document, enclosed in a sealed envelope, addressed as follows:

Jeffrey Travis
Borton Petrini, LLP
5060 California Ave., Suite 700
Bakersfield, CA 93301
jtravis@bortonpetrini.com

Steven J. Hassing
Law Offices of Steven J. Hassing
425 Calabria Court
Roseville, CA 95747
stevehassing@yahoo.com

William L. Alexander
Alexander & Associates
1925 G Street
Bakersfield, CA 93301
walexander@alexander-law.com

( )        **BY MAIL**:  I am readily familiar with the business' practice for collection and processing of correspondence for mailing with the United States Postal Service. I know that the correspondence was deposited with the United States Postal Service on the same day this declaration was executed in the ordinary course of business. I know that the envelope was sealed and, with postage thereon fully prepaid, placed for collection and mailing on this date in the United States mail at Los Angeles, California.

( X )      **BY ELECTRONIC SERVICE:**  Pursuant to Fed. R. Civ. P. 5(b)(2)(E) and Local Court Rules(s), the foregoing document will be served by the court via CM/ECF.  Pursuant to the CM/ECF docket for this case proceeding the following person(s) are on the Electronic Mail Notice List to receive ECF transmission at the email address(es) indicated above.

( )        (State)      I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

( X )      (Federal)    I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed **February 16, 2010**, Los Angeles, California.

Carolyn Dominguez

1  BONIFACIO BONNY GARCIA (SBN 100761)
   CHAKA C. OKADIGBO (224547)
2  GCR, LLP
   520 SOUTH GRAND AVENUE, SUITE 695
3  LOS ANGELES, CA 90071
   Tel: (213) 347-0210
4  Fax (213) 347-0216

5  Attorneys for Defendant CITY OF WASCO

6

7

8                    UNITED STATES DISTRICT COURT

9          EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION

10

11  ROGER McINTOSH                    Case No: 1:07-CV-01080-LJO-WMV

12        Plaintiff,
                                      **DEFENDANT CITY OF WASCO'S**
13     vs.                            **SPECIAL JURY INSTRUCTION NO. 3**

14  NORTHERN CALIFORNIA               Date: February 12, 2010
    UNIVERSAL ENTERPRISES            Time: 1:30 p.m.
15  COMPANY, INC., *et al.*,           Dept: 4 (LJO)
                                      Trial Date: March 1, 2010
16        Defendants.                  Honorable Lawrence O'Neill

17

18           **COPYRIGHT—AFFIRMATIVE DEFENSE—FAIR USE**

19                        **(17 U.S.C. § 107)**

20         One who is not the owner of the copyright may use the copyrighted work in a reasonable

21  way under the circumstances without the consent of the copyright owner if it would advance the

22  public interest. Such use of a copyrighted work is called a fair use. The owner of a copyright

23  cannot prevent others from making a fair use of the owner's copyrighted work.

24         **Defendant City of Wasco** contends that **it** made fair use of the copyrighted work for the

25  purpose of criticism or comment or scholarship or research **by providing information about the**

26  **property existing in its public records to prospective purchasers of a tract within the Valley**

27  **Rose Estates.** The defendant has the burden of proving this defense by a preponderance of the

28  evidence.

1    In determining whether the use made of the work was fair, you should consider the

2    following factors:

3        1.    the purpose and character of the use, including whether such use is of a

4            commercial nature or is for nonprofit educational purposes;

5        2.    the nature of the copyrighted work;

6        3.    the amount and substantiality of the portion used in relation to the copyrighted

7            work as a whole; and

8        4.    the effect of the use upon the potential market for or value of the copyrighted

9            work.

10   If you find that the defendant proved by a preponderance of the evidence that the

11   defendant made a fair use of the plaintiff's work, your verdict should be for the defendant.

12   ***Comment***

13   There are no "bright line" rules for applying 17 U.S.C. § 107 and courts should tailor fair

14   use analysis to the specific facts presented in each case. *Campbell v. Acuse-Rose Music, Inc.*,

15   510 U.S. 569, 576, 127 L.Ed. 2d 500, 514 (1994).

16   "The fair use doctrine 'permits [and requires] courts to avoid rigid application of the

17   copyright statute when, on occasion, it would stifle the very creativity which that law is designed

18   to foster.'" *Campbell v. Acuse-Rose Music, Inc.*, 510 U.S. at 576 (quoting *Stewart v. Abend*, 495

19   U.S. 207, 236, 109 L.Ed. 2d 184, 110 S.Ct. 1750 (1990).

20   ///

21   ///

22   ///

23   ///

24   ///

25   ///

26   ///

27   ///

28   ///

**DEFENDANT CITY OF WASCO'S SPECIAL INSTRUCTION NO. 3**

1    Regarding the nature of the purpose and character of use and nature of copyrighted work

2    elements, the court is free to consider the public benefit resulting from a particular use of a

3    copyrighted item notwithstanding the fact that the alleged infringer may gain commercially.

4    Public benefit need not be direct or tangible, but may arise because the challenged use serves a

5    public interest. *Sega Enters. Ltd. v. Accolade,* Inc., 977 F.2d 1510, 1523 (9th Cir. 1992).

6

7    DATED: February 16, 2010                    GCR, LLP

8

9

                                                By: _____
10                                                    CHAKA C. OKADIGBO
                                                      Attorneys for Defendant
11                                                    CITY OF WASCO

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**PROOF OF SERVICE**
**(FRCP No. 5(b)(2)(E))**

I declare that I am over the age of eighteen (18) and not a party to this action.  My business address is 520 South Grand Avenue, Suite 695, Los Angeles, California 90071.

On **February 16, 2010**, I served the following documents:    **DEFENDANT CITY OF WASCO'S SPECIAL JURY INSTRUCTION NO. 3** on the interested parties in this action by placing a true and correct copy of such document, enclosed in a sealed envelope, addressed as follows:

Jeffrey Travis
Borton Petrini, LLP
5060 California Ave., Suite 700
Bakersfield, CA 93301
jtravis@bortonpetrini.com

Steven J. Hassing
Law Offices of Steven J. Hassing
425 Calabria Court
Roseville, CA 95747
stevehassing@yahoo.com

William L. Alexander
Alexander & Associates
1925 G Street
Bakersfield, CA 93301
walexander@alexander-law.com

( )    **BY MAIL**:  I am readily familiar with the business' practice for collection and processing of correspondence for mailing with the United States Postal Service.  I know that the correspondence was deposited with the United States Postal Service on the same day this declaration was executed in the ordinary course of business.  I know that the envelope was sealed and, with postage thereon fully prepaid, placed for collection and mailing on this date in the United States mail at Los Angeles, California.

( X )    **BY ELECTRONIC SERVICE:**  Pursuant to Fed. R. Civ. P. 5(b)(2)(E) and Local Court Rules(s), the foregoing document will be served by the court via CM/ECF.  Pursuant to the CM/ECF docket for this case proceeding the following person(s) are on the Electronic Mail Notice List to receive ECF transmission at the email address(es) indicated above.

( )    (State)    I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

( X )    (Federal)    I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed **February 16, 2010**, Los Angeles, California.

**Carolyn Dominguez**

BONIFACIO BONNY GARCIA (SBN 100761)
CHAKA C. OKADIGBO (224547)
GCR, LLP
520 SOUTH GRAND AVENUE, SUITE 695
LOS ANGELES, CA  90071
Tel: (213) 347-0210
Fax (213) 347-0216

Attorneys for Defendant CITY OF WASCO

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION

| | |
|---|---|
| ROGER McINTOSH<br><br>Plaintiff,<br><br>vs.<br><br>NORTHERN CALIFORNIA UNIVERSAL ENTERPRISES COMPANY, INC., *et al.*,<br><br>Defendants. | Case No: 1:07-CV-01080-LJO-WMV<br><br>**DEFENDANT CITY OF WASCO'S SPECIAL JURY INSTRUCTION NO. 4**<br><br>Date:  February 12, 2010<br>Time:  1:30 p.m.<br>Dept:  4 (LJO)<br>Trial Date:  March 1, 2010<br>Honorable Lawrence O'Neill |

**COPYRIGHT REGISTRATION – REBUTTAL OF PRIMA FACIE CASE OF**

**REGISTRATION OF COPYRIGHT REGISTRATION**

       To rebut the presumption that plaintiff's copyright registration constitutes prima facie evidence of the validity of plaintiff's copyright, an infringement defendant must simply offer some evidence or proof to dispute or deny the plaintiff's prima facie case of infringement.

***Comment***

*Entertainment Research Group v. Genesis Creative Group*, 122 F.3d 1211, 1217-1218.

DATED:  February 16, 2010

GCR, LLP


By: _____
    CHAKA C. OKADIGBO
    Attorneys for Defendant
    CITY OF WASCO

## PROOF OF SERVICE
### (FRCP No. 5(b)(2)(E))

I declare that I am over the age of eighteen (18) and not a party to this action. My business address is 520 South Grand Avenue, Suite 695, Los Angeles, California 90071.

On **February 16, 2010**, I served the following documents: **DEFENDANT CITY OF WASCO'S SPECIAL JURY INSTRUCTION NO. 4** on the interested parties in this action by placing a true and correct copy of such document, enclosed in a sealed envelope, addressed as follows:

Jeffrey Travis
Borton Petrini, LLP
5060 California Ave., Suite 700
Bakersfield, CA 93301
jtravis@bortonpetrini.com

Steven J. Hassing
Law Offices of Steven J. Hassing
425 Calabria Court
Roseville, CA 95747
stevehassing@yahoo.com

William L. Alexander
Alexander & Associates
1925 G Street
Bakersfield, CA 93301
walexander@alexander-law.com

( )   **BY MAIL**:  I am readily familiar with the business' practice for collection and processing of correspondence for mailing with the United States Postal Service. I know that the correspondence was deposited with the United States Postal Service on the same day this declaration was executed in the ordinary course of business. I know that the envelope was sealed and, with postage thereon fully prepaid, placed for collection and mailing on this date in the United States mail at Los Angeles, California.

( **X** )   **BY ELECTRONIC SERVICE:**  Pursuant to Fed. R. Civ. P. 5(b)(2)(E) and Local Court Rules(s), the foregoing document will be served by the court via CM/ECF. Pursuant to the CM/ECF docket for this case proceeding the following person(s) are on the Electronic Mail Notice List to receive ECF transmission at the email address(es) indicated above.

( )   (State)   I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

( **X** )   (Federal)   I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed **February 16, 2010**, Los Angeles, California.

Carolyn Dominguez

1 | BONIFACIO BONNY GARCIA (SBN 100761)
CHAKA C. OKADIGBO (224547)
2 | GCR, LLP
520 SOUTH GRAND AVENUE, SUITE 695
3 | LOS ANGELES, CA  90071
Tel: (213) 347-0210
4 | Fax (213) 347-0216

5 | Attorneys for Defendant CITY OF WASCO

6

7

8 | UNITED STATES DISTRICT COURT

9 | EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION

10

11 | ROGER McINTOSH                         Case No: 1:07-CV-01080-LJO-WMV

12 | Plaintiff,

13 | vs.                                    **DEFENDANT CITY OF WASCO'S
SPECIAL JURY INSTRUCTION NO. 5**

14 | NORTHERN CALIFORNIA                    Date:  February 12, 2010
UNIVERSAL ENTERPRISES                  Time:  1:30 p.m.
15 | COMPANY, INC., *et al.*,               Dept:  4 (LJO)
Trial Date:  March 1, 2010
16 | Defendants.                            Honorable Lawrence O'Neill

17

18 | **SUBSTANTIAL SIMILARITY**

19 | The test for substantial similarity is whether the difference between the copyrighted work

20 | and the preexisting work is non-trivial.

21 | ***Comment***

22 | *North Coast Industries v. Jason Maxwell, Inc.*, 972 F.2d 1031, 1033

23

24 | DATED:  February 16, 2010          GCR, LLP

25 | By: _____

26 | CHAKA C. OKADIGBO
Attorneys for Defendant
27 | CITY OF WASCO

28

**PROOF OF SERVICE**
**(FRCP No. 5(b)(2)(E)**

I declare that I am over the age of eighteen (18) and not a party to this action.  My business address is 520 South Grand Avenue, Suite 695, Los Angeles, California 90071.

On **February 16, 2010**, I served the following documents:   **DEFENDANT CITY OF WASCO'S SPECIAL JURY INSTRUCTION NO. 5** on the interested parties in this action by placing a true and correct copy of such document, enclosed in a sealed envelope, addressed as follows:

Jeffrey Travis                                    Steven J. Hassing
Borton Petrini, LLP                        Law Offices of Steven J. Hassing
5060 California Ave., Suite 700      425 Calabria Court
Bakersfield, CA 93301                   Roseville, CA 95747
jtravis@bortonpetrini.com            stevehassing@yahoo.com

William L. Alexander
Alexander & Associates
1925 G Street
Bakersfield, CA 93301
walexander@alexander-law.com

( )          **BY MAIL**:  I am readily familiar with the business' practice for collection and processing of correspondence for mailing with the United States Postal Service.  I know that the correspondence was deposited with the United States Postal Service on the same day this declaration was executed in the ordinary course of business. I know that the envelope was sealed and, with postage thereon fully prepaid, placed for collection and mailing on this date in the United States mail at Los Angeles, California.

( **X** )     **BY ELECTRONIC SERVICE:**   Pursuant to Fed. R. Civ. P. 5(b)(2)(E) and Local Court Rules(s), the foregoing document will be served by the court via CM/ECF.  Pursuant to the CM/ECF docket for this case proceeding the following person(s) are on the Electronic Mail Notice List to receive ECF transmission at the email address(es) indicated above.

( )          (State)          I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

( **X** )     (Federal)        I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed **February 16, 2010**, Los Angeles, California.

**Carolyn Dominguez**