**William L. Alexander** (State Bar Number 126607)
**Tenielle E. Cooper** (State Bar Number 226717)
Alexander & Associates, PLC
1925 G Street
Bakersfield, CA  93301
Phone:  (661) 316-7888
Fax:  (661) 316-7890

**Attorneys for Defendant, Dennis W. DeWalt, Inc.**

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION

| | |
|---|---|
| ROGER McINTOSH, | Case No.  1:07-CV-01080 LJO-GSA |
| Plaintiff, | *AMENDED* **STIPULATED VERDICT FORMS** |
| vs. | |
| NORTHERN CALIFORNIA UNIVERSAL ENTERPRISES COMPANY, a California Corporation, et al, | Date:        March 1, 2010 Time:       8:30 a.m. Courtroom: 4 Judge:      Hon. Lawrence J. O'Neill |
| Defendants. | |

   The parties, and each of them, submit the attached as their stipulated verdict forms for the above-referenced trial.  Attached as Exhibit "A" is the verdict form for the liability phase of the trial, and attached as Exhibit "B" is the proposed verdict form for the damages phase of the trial.

   However, the parties are currently working toward a stipulation to no longer bifurcate this matter.

DATED:  February 16, 2010                     ALEXANDER & ASSOCIATES, PLC
                                                                        By:        /s/  Tenielle E. Cooper
                                                                                TENIELLE E. COOPER,
                                                                                Attorneys for Defendant, Dennis W. DeWalt, Inc.

Alexander & Associates
Attorneys at Law
1925 G Street
Bakersfield, CA 93301
(661) 316-7888

1            Case No. 1:07-CV-01080 LJO-GSA
*AMENDED* STIPULATED VERDICT FORMS

**EXHIBIT "A"**

**VERDICT FORM**

**OWNERSHIP OF THE COPYRIGHT**

1.  Has plaintiff, ROGER McINTOSH, proven by a preponderance of the evidence that he owned the copyright to the Tentative Map for Tract 5472?

      YES_____           NO_____

2.  Has plaintiff, ROGER McINTOSH, proven by a preponderance of the evidence that he owned the copyright to the Improvement Plans for Tract 5472?

      YES_____           NO_____

   If your response to Question Nos. 1 and 2 is NO, please sign, date and return this verdict form to the marshal or bailiff.  Thank you for your service.

   If your response to Question No. 1 or 2i s YES, please continue to Question No. 3.

**COPYRIGHT INFRINGEMENT**

3.  Has plaintiff, ROGER McINTOSH, proven by a preponderance of the evidence that defendant DENNIS W. DeWALT, INC. copied plaintiff's Tentative Map 5472 for Tract 5472?

      YES_____           NO_____

4.  Has plaintiff, ROGER McINTOSH, proven by a preponderance of the evidence that defendant DENNIS W. DeWALT, INC. copied plaintiff's Improvement Plans for Tract 5472?

      YES_____           NO_____

5.  Has plaintiff, ROGER McINTOSH, proven by a preponderance of the evidence that defendant NORTHERN CALIFORNIA UNIVERSAL ENTERPRISES, INC. copied plaintiff's Tentative Map 5472 for Tract 5472?

   YES_____     NO_____

6.  Has plaintiff, ROGER McINTOSH, proven by a preponderance of the evidence that defendant NORTHERN CALIFORNIA UNIVERSAL ENTERPRISES, INC. copied plaintiff's Improvement Plans for Tract 5472?

   YES_____     NO_____

7.  Has plaintiff, ROGER McINTOSH, proven by a preponderance of the evidence that defendant LOTUS DEVELOPMENTS, LP copied plaintiff's Tentative Map 5472 for Tract 5472?

   YES_____     NO_____

8.  Has plaintiff, ROGER McINTOSH, proven by a preponderance of the evidence that defendant LOTUS DEVELOPMENTS, LP copied plaintiff's Improvement Plans for Tract 5472?

   YES_____     NO_____

9.  Has plaintiff, ROGER McINTOSH, proven by a preponderance of the evidence that defendant THE CITY OF WASCO copied plaintiff's Tentative Map 5472 for Tract 5472?

   YES_____     NO_____

10.     Has plaintiff, ROGER McINTOSH, proven by a preponderance of the evidence that defendant THE CITY OF WASCO copied plaintiff's Improvement Plans for Tract 5472?

     YES_____                    NO_____

     If your responses to Questions 3, 4, 5, 6, 7, 8, 9, and 10 were NO, please sign, date and return this verdict form to the marshal or bailiff.  Thank you for your service.

     If your response to any of Questions  3, 4, 5, 6, 7, 8, 9 or 10 were YES, please continue to Question No. 10, below.

**CONTRIBUTORY COPYRIGHT INFRINGEMENT BY THE CITY OF WASCO**

11.     If you found that any or all of the defendants copied plaintiff's work, has plaintiff proven by a preponderance of the evidence that defendant, THE CITY OF WASCO, knew or had reason to know of the infringing activity by the other defendants, if any?

     YES_____                    NO_____

12.     If you found that any or all of the defendants copied plaintiff's work, has plaintiff proven by a preponderance of the evidence that defendant, The CITY OF WASCO, intentionally and materially contributed to any infringement by any of the other defendants?

     YES_____                    NO_____

3

**VICARIOUS COPYRIGHT INFRINGEMENT**

13. Has plaintiff, ROGER McINTOSH, proven by a preponderance of the evidence that THE CITY OF WASCO profited directly from any copying of the plaintiff's work (either/or Tentative Map 5472 or Improvement Plans for Tract 5472) done by any of the defendants?

    YES_____                NO_____

14. Has plaintiff, ROGER McINTOSH, proven by a preponderance of the evidence, that THE CITY OF WASCO had the right and ability to supervise or control the other defendants from copying plaintiff's work?

    YES_____                NO_____

15. Has plaintiff, ROGER McINTOSH, proven by a preponderance of the evidence, that THE CITY OF WASCO failed to exercise that right and ability to supervise or control the other defendants from copying plaintiff's work?

    YES_____                NO_____

16. Has plaintiff, ROGER McINTOSH, proven by a preponderance of the evidence that the DENNIS W. DeWALT, INC. profited directly from any copying of the plaintiff's work done by any of the defendants?

    YES_____                NO_____

17.     Has plaintiff, ROGER McINTOSH, proven by a preponderance of the evidence, that DENNIS W. DeWALT, INC. had the right and ability to supervise or control the other defendants from copying plaintiff's work?

       YES_____                    NO_____

18.     Has plaintiff, ROGER McINTOSH, proven by a preponderance of the evidence, that DENIS W. DeWALT, INC. failed to exercise that right and ability to supervise or control the other defendants from copying plaintiff's work?

       YES_____                    NO_____

19.     Has plaintiff, ROGER McINTOSH, proven by a preponderance of the evidence that NORTHERN CALIFORNIA UNIVERSAL ENTERPRISES, INC. profited directly from any copying of the plaintiff's work done by any of the defendants?

       YES_____                    NO_____

20.     Has plaintiff, ROGER McINTOSH, proven by a preponderance of the evidence, that NORTHERN CALIFORNIA UNIVERSAL ENTERPRISES, INC. had the right and ability to supervise or control the other defendants from copying plaintiff's work?

       YES_____                    NO_____

21.     Has plaintiff, ROGER McINTOSH, proven by a preponderance of the evidence, that NORTHERN CALIFORNIA UNIVERSAL ENTERPRISES, INC. failed to exercise that right and ability to supervise or control the other defendants from copying plaintiff's work?

   YES_____        NO_____

22.     Has plaintiff, ROGER McINTOSH, proven by a preponderance of the evidence that LOTUS DEVELOPMENTS, LLP profited directly from any copying of the plaintiff's work done by any of the defendants?

   YES_____        NO_____

23.     Has plaintiff, ROGER McINTOSH, proven by a preponderance of the evidence, that LOTUS DEVELOPMENTS, LLP had the right and ability to supervise or control the other defendants from copying plaintiff's work?

   YES_____        NO_____

24.     Has plaintiff, ROGER McINTOSH, proven by a preponderance of the evidence, that LOTUS DEVELOPMENTS, LLP failed to exercise that right and ability to supervise or control the other defendants from copying plaintiff's work?

   YES_____        NO_____

Please sign, date and return this verdict form to the marshal or bailiff.  Thank you for your service.

**EXHIBIT "B"**

# **DAMAGES VERDICT FORM**

A copyright owner is entitled to recover the actual damages suffered as a result of the copyright infringement.  Actual damages is the amount a willing buyer would have been reasonably required to pay a willing seller at the time of the infringement for the actual use made by the defendant(s) of the plaintiff's work.

1.What are the actual damages plaintiff is entitled to?  (This is the amount of money you will be awarding to plaintiff, ROGER McINTOSH.)

$_____

2.Did any of the defendants obtain a profit attributable to their infringing activity?

YES_____NO_____

If you answered NO to Question No. 2, please sign, date, and return this verdict form to the marshal or bailiff.  Thank you for your service.

If you answered YES to Question No. 2, please continue.

3.Did defendant DENNIS W. DeWALT, INC. obtain a profit from its infringing activity?

YES_____NO_____

4.      If you answered YES to Question No. 3, what was the amount of DENNIS W. DeWALT, INC.'s profit?

$_____

5.      Did defendant NORTHERN CALIFORNIA UNIVERSAL ENTERPRISES, INC. obtain a profit from its infringing activity?

YES_____          NO_____

6.      If you answered YES to Question No. 5, what was the amount of NORTHERN CALIFORNIA UNIVERSAL ENTERPRISES, INC.'s profit?

$_____

7.      Did defendant LOTUS DEVELOPMENTS, LP. obtain a profit from its infringing activity?

YES_____          NO_____

8.      If you answered YES to Question No. 7, what was the amount of LOTUS DEVELOPMENTS, LP's profit?

$_____

9.      Did defendant THE CITY OF WASCO obtain a profit from its infringing activity?

YES_____          NO_____


10.     If you answered YES to Question No. 9, what was the amount of THE CITY OF WASCO's profit?


$_____

**PROOF OF SERVICE**

I am employed in the County of Kern, State of California. I am over the age of 18 and not a party to the within action; my business address is 1925 G Street, Bakersfield, California.

On February 17, 2010, I served the foregoing document entitled *AMENDED* **STIPULATED VERDICT FORMS** on interested parties in this action:

| | |
|---|---|
| James J. Braze, Esq. | Steven John Hassing, Esq. |
| Jeffrey A. Travis, Esq. | Law Offices of Steven J. Hassing |
| Borton Petrini & Conron | 425 Calabria Court |
| 5060 California Avenue, Suite 700 | Roseville, CA 95747 |
| Bakersfield, CA 93303-2026 | Email address: stevehassing@yahoo.com |
| Email address: jbraze@bortonpetrini.com | |
| Email address: jtravis@bortonpetrini.com | |

Chaka Chuba Okadigbo, Esq.
Garcia Caledron Ruiz
50 S. Grand Avenue, Suite 1100
Los Angeles, CA 90071
Email address: cokadigbo@gerlegal.com

___   BY MAIL. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. postal service on that same day with postage thereon fully prepaid at Bakersfield, California in the ordinary course of business. The above sealed envelopes were placed for collection and mailing on the above date following ordinary business practice.

_XX_   BY ELECTRONIC SERVICE. Pursuant to Fed. R. Civ.P. 5(b)(2)(E) and Local Court Rule(s), the foregoing document will be served by the court via CM/ECF. Pursuant to the CM/ECF docket for this case proceeding the following person(s) are on the Electronic Mail Notice List to receive ECF transmission at the email address(es) indicated above.

Executed on February 17, 2010, at Bakersfield, California.

_X_ (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

/s/     Diane Ruff
DIANE RUFF

Alexander & Associates
Attorneys at Law
1925 G Street
Bakersfield, CA 93301
(661) 316-7888

2   Case No. 1:07-CV-01080 LJO-GSA
*AMENDED* STIPULATED VERDICT FORMS