TK:lj

James J. Braze, Esq.; SBN 75911
Jeffrey A. Travis, Esq.; SBN 235507
BORTON PETRINI, LLP
5060 California Avenue, Suite 700
Post Office Box 2026
Bakersfield, CA 93303
Telephone (661) 322-3051
email: jbraze@bortonpetrini.com
email: jtravis@bortonpetrini.com

Attorneys for Plaintiff, Roger McIntosh dba McIntosh & Associates

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION

| | |
|---|---|
| ROGER McINTOSH,<br><br>             Plaintiff,<br><br>v.<br><br>NORTHERN CALIFORNIA UNIVERSAL ENTERPRISES COMPANY, a California corporation; LOTUS DEVELOPMENTS, LLP; THE CITY OF WASCO, a municipal corporation; DEWALT CM, INC., a California corporation also doing business as DEWALT CORPORATION; and DOES 1 through 10, inclusive<br><br>             Defendants. | Case No. 1:07-CV- 01080 LJO-GSA<br><br>PLAINTIFFS OBJECTIONS TO DEPOSITION TESTIMONY INTENDED TO BE USED BY DEFENDANTS |
| CITY OF WASCO,<br><br>             Cross-Complaint,<br><br>vs.<br><br>NORTHERN CALIFORNIA UNIVERSAL ENTERPRISES COMPANY, INC.,<br><br>             Cross-Defendant. | |

/ / /

H:\PUBLIC\054493\060971 McIntosh v. Northern\Trial Prep\Exhibit List\Deposition Testimony\PLTFFS OBJECTIONS TO DEP TESTIMONY.wpd

1

PLAINTIFFS OBJECTIONS TO DEPOSITION TESTIMONY INTENDED TO BE USED BY DEFENDANTS

Plaintiff, Roger McIntosh, hereby presents his objections to deposition testimony intended to be used by all defendants. Since many of the references between the joining defendants (Northern/Lotus/DeWalt) and the City of Wasco are similar or identical, all objections and proposed additions, will be addressed below:

**1.     PLAINTIFF'S OBJECTIONS TO THE USE OF CERTAIN PORTIONS OF THE DEPOSITION TESTIMONY OF ROGER MCINTOSH BY ALL DEFENDANTS**

**A.     Objection to Use of Testimony Relating to Costs Paid to Martin-mcintosh for Engineering Work for the Valley Rose Estates**

(Deposition Taken on December 18, 2008):     27-29, 49, 80, 81, 89, 90, 96, 142, 160, 173-176, 183, 185, 186, 195, 209, 210, 239
(Deposition Taken on January 28, 2009):     269, 308, 309, 310.
(Deposition Taken on June 24, 2009 Deposition):     12:18-25, 13:1-10, 25

The above testimony seeks to introduce evidence relating to whether Martin-McIntosh was paid for its previous engineering work. As clearly outlined in the jury instructions on actual damages, fair market value is, "the amount a willing buyer would have been reasonably required to pay a willing seller at the time of the infringement for the actual use made by the defendant of the plaintiff's work." There is no instruction that deductions can be made to actual damages based on what has been paid nor is there any authority to support such a theory. Therefore, at trial, plaintiff will object to any attempts to introduce such testimony, under F.R.E. 402, as irrelevant.

The above testimony also has the strong potential to influence a jury to reduce a fair market value based on a difference from what was paid in an attempt to "play the equities" when no such equity is required under 17 U.S.C. 504. It will also confuse the jury as to what is meant by the fair market value of the copyrighted works when that instruction makes it clear on its face.

It will confuse a jury by potentially introducing a separate element related to the previous litigation of a breach of contract and a mechanic's lien. This was all precluded by this Court's Order on plaintiff Motion in Limine No. 2.

/ / /

H:\PUBLIC\054493\060971
McIntosh v. Northern\Trial
Prep\Exhibit List\Deposition
Testimony\PLTFFS
OBJECTIONS TO DEP
TESTIMONY.wpd

2
PLAINTIFFS OBJECTIONS TO DEPOSITION TESTIMONY INTENDED TO BE USED BY DEFENDANTS

**B.  Objection to Use of Testimony Relating to Whether Mcintosh Failed to Tell Anyone about His Copyright Claim Either Directly or Through a Copyright Notice**

(Deposition Taken on December 18, 2008):    30, 32:, 35:5-15, 190, 197, 198, 212, 213
(Deposition Taken on January 28, 2009):     311, 312-315

The above testimony relates to whether a copyrighted symbol was placed on the tentative map or whether McIntosh told or failed to tell anyone about his copyright claim.  At trial, plaintiff will object that the testimony is irrelevant under F.R.E. 402 for two reasons.

First, placing a copyright designation on a copyrighted work has not been necessary since 1989 when the United States adopted the Berne Convention Implementation Act. 17 U.S.C. 401(a).  Therefore, plaintiff will object that whether or not plaintiff placed a copyright notice on his works was unnecessary and not required by law.

Finally, plaintiff previously moved for summary adjudication on certain defenses relating to abandonment, license issues, and laches.  This Court's granting of these motions made any testimony relating to delay or notice by plaintiff moot and irrelevant.  Allowing this testimony in brings those issues back and will unfairly prejudice plaintiff if they believe that he should have brought his claim sooner or had ulterior motivations in bringing his claim.

**C.  Objection to Use of Testimony Asking Plaintiff for His Conclusions of Law to the Facts of His Copyright Claim**

(Deposition Taken on December 18, 2008):     37-43, 44
(Deposition Taken on January 28, 2009):      191, 192, 193, 278,
(Deposition Taken on June 24, 2009 Deposition):  8

At his deposition, Mr. McIntosh was asked several times about legal conclusions based on his understanding of copyright laws and legal language contained on the Copyright Registration Form. Counsel for plaintiff objected based on the questions asked for a legal conclusion (See, Page 7 and 8 to June 24, 2009 deposition and January 28, 2009 deposition, page 273) and instructed McIntosh to answer only based on his own understanding.

Under California law, oral questions at a deposition requesting the deponent to form a legal conclusion or apply a law to a fact, are improper and where instructions not to answer have

H:\PUBLIC\054493\060971 McIntosh v. Northern\Trial Prep\Exhibit List\Deposition Testimony\PLTFFS OBJECTIONS TO DEP TESTIMONY.wpd

3

PLAINTIFFS OBJECTIONS TO DEPOSITION TESTIMONY INTENDED TO BE USED BY DEFENDANTS

1  even been upheld. See, Rifkind v. Superior Court, (1994) 22 Cal.App. 4th 1255, 1258.  McIntosh
2  is not a lawyer and also testified that he did not even fill out the copyright certificate that was filed
3  by his previous firm.
4        Further, plaintiff provided to all defendants last year the name of the attorney who
5  did file the copyright certificate and had listed him as a potential witness in a joint case management
6  statement. (See, Document 73 filed herein, "Person Most Knowledgeable at Goodwin Proctor) None
7  of the defendants sought to depose this person.  However, this person most knowledgeable will be
8  presented by plaintiff at trial to answer these questions.
9     **D.**    **Objection to Unidentifiable Testimony** (Northern/Lotus/DeWalt)
10        (Deposition Taken on December 18, 2008):       84
11       The page numbers do not exist.  Therefore, plaintiff is not sure if what is being
12  referenced is objectionable and reserves the right to object if the testimony is not stricken.
13    **E.**    **Objection to Use of Testimony As Presented By Defendants**
14  (Northern/Lotus/DeWalt)
15        (Deposition Taken on December 18, 2008):       88
16       Plaintiff requests pages 18-23 also be read to clear up what the practice of Martin-
17  McIntosh was in 1992 and as asked by counsel.  We will also object for reasons already stated that
18  reference to what was previously paid is irrelevant.
19    **F.**    **Objection to Use of Testimony As Presented By Defendants**
20  (Northern/Lotus/DeWalt)
21        (Deposition Taken on December 18, 2008):       102
22       Plaintiff requests that the portion of the testimony where Mr. McIntosh refers to the
23  CELSOC contract as referring to copyrights be included if this testimony is allowed. (102:1-18)
24    **G.**    **Objection to a Question as Vague and Ambiguous** (Northern/Lotus/DeWalt)
25        (Deposition Taken on June 24, 2009 Deposition):   20:1-15
26       This question was objected to as vague and ambiguous in that it could be answered
27  two different ways depending on which missing premise is assumed.  For example, if the question
28

H:\PUBLIC\054493\060971 McIntosh v. Northern\Trial Prep\Exhibit List\Deposition Testimony\PLTFFS OBJECTIONS TO DEP TESTIMONY.wpd

4

PLAINTIFFS OBJECTIONS TO DEPOSITION TESTIMONY INTENDED TO BE USED BY DEFENDANTS

assumed the subdivision could have been redesigned at all, the answer could be yes. However, if the intent was to determine if the subdivision could have been redesigned and not use the existing improvements based on the copyrighted works, then the answer could be no. The question was vague and ambiguous as asked and objected and plaintiff requests the testimony be precluded.

**2.  PLAINTIFF'S OBJECTIONS TO THE USE OF CERTAIN PORTIONS OF THE DEPOSITION TESTIMONY OF JAMES DELMARTER BY NORTHERN/LOTUS/DEWALT**

    **A.**     **Page 58:1-25**

Plaintiff requests that the portion of the testimony that has been cut-off by the designation be supplemented to be completely read and include **59:1**

    **B.**     **Page 74:1-5**

The testimony, as referenced is incomplete since the answer was supplemented several lines below. Plaintiff requests that the portion of the testimony that if such testimony is read, include **74:5-10**.

DATED:   February 18, 2010

                              BORTON PETRINI, LLP

                              By:   s/Jeffrey A. Travis/
                                  Jeffrey A. Travis, Attorney for Plaintiff,
                                  Roger McIntosh dba McIntosh & Associates

H:\PUBLIC\054493\060971
McIntosh v. Northern\Trial Prep\Exhibit List\Deposition Testimony\PLTFFS OBJECTIONS TO DEP TESTIMONY.wpd

5
PLAINTIFFS OBJECTIONS TO DEPOSITION TESTIMONY INTENDED TO BE USED BY DEFENDANTS

# PROOF OF SERVICE
### (FRCP No. 5(b)(2)(E))

**STATE OF CALIFORNIA, COUNTY OF KERN**

I, Jeffrey A. Travis, declare:

I am a citizen of the United States. I am employed in the County of Kern, State of California. I am over the age of 18 and not a party to the within action; my business address is 5060 California Avenue, Suite 700, Bakersfield, California 93309.

On **February 18, 2010**, I served the foregoing document described as **PLAINTIFFS OBJECTIONS TO DEPOSITION TESTIMONY INTENDED TO BE USED BY DEFENDANTS** on the other party(ies) in this action as follows:

| | |
|---|---|
| Steven John Hassing, Esq.<br>Law Offices of Steven J. Hassing<br>425 Calabria Court<br>Roseville, CA 95747<br><br>email address: **stevehassing@yahoo.com** | Attorneys for Attorneys for Defendants,<br>Northern California Universal Enterprises<br>Company and Lotus Developments<br>Tel:   916/677-1776<br>**Fax:   916/677-1770** |
| Chaka Okadigbo<br>**GCR, LLP**<br>520 S. Grand Ave, Suite 695<br>Los Angeles, CA 90071<br>email address: **cokadigbo@gcrlegal.com** | Attorneys for Defendant, City of Wasco<br><br>Tel: 213/347-0210<br>**Fax: 213-347-0216** |
| William L. Alexander, Esq.<br>Alexander & Associates<br>1925 "G" Street<br>Bakersfield, CA 93301<br>email address: **walexander@alexander-law.com** | Attorneys for Defendant, DeWalt CM, Inc.<br><br>Tel: 661/316-7888<br>**Fax: 661/316-7890** |

X   **BY ELECTRONIC SERVICE:** Pursuant to Fed. R. Civ. P. 5(b)(2)(E) and Local Court Rule(s), the foregoing document will be served by the court via CM/ECF. Pursuant to the CM/ECF docket for this case proceeding the following person(s) are on the Electronic Mail Notice List to receive ECF transmission at the email address(es) indicated below:

☐   **BY MAIL:** As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at , California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

Executed on **February 18, 2010**, at Bakersfield, California.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Jeffrey A. Travis                                    /s/ Jeffrey A. Travis

H:\PUBLIC\054493\060971 McIntosh v. Northern\Trial Prep\Exhibit List\Deposition Testimony\PLTFFS OBJECTIONS TO DEP TESTIMONY.wpd

6

PLAINTIFFS OBJECTIONS TO DEPOSITION TESTIMONY INTENDED TO BE USED BY DEFENDANTS