Steven J. Hassing
California SBN 152125
LAW OFFICES OF STEVEN J. HASSING
425 Calabria Court
Roseville, CA  95747
Telephone:  (916) 677-1776
Facsimile:   (916) 677-1770

Attorney *for Defendant, Northern California Universal Enterprise Company and Lotus Developments, L.P.*

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROGER MCINTOSH,<br><br>                         Plaintiff(s);<br>v.<br><br>NORTHERN CALIFORNIA UNIVERSAL ENTERPRISES COMPANY, ET AL.,<br><br>                         Defendant(s) | No.  1:07-CV-01080-LJO-GSA<br><br>**NORTHERN'S COUNTER DEPOSITION DESIGNATIONS AND OBJECTIONS**<br><br>**JOINED BY LOTUS, DEWALT AND CITY OF WASCO**<br><br>Trial  Date:        March 1, 2010<br>Time:                8: 30 a.m.<br>Courtroom:       4<br>Judge:              Hon. Lawrence J. O'Neill |

Northern, joined by all other Defendants, hereby discloses counter designations and objections to the deposition excerpts designated by Plaintiff.

**JOE WU (OCTOBER 28, 2008)**

41; 11- 20

49; 13-25

54; 16-23

55; 1-25

**JEFF GUTIERREZ (NOVEMBER 24, 2008)**

16; 10-25

47; 20-25

**JEFF GUITIERREZ (JUNE 19, 2009)**

22; 18

**GREG BLACK (JANUARY 22, 2009)**

19; 1-6

    Defendants also object to a portion of the testimony at page 76 lines 11- 15 (in bold italics) as based upon speculation and lacking foundation or personal knowledge. (Rule 602, Fed. Rules of. Evid.) The portion objected to was also non-responsive. The Question and answer, verbatim are;

Q.    Do you know if DeWalt ever provided a set of improvement plans that you received from Mr. McNamara to Joe or Northern?

A.    I don't specifically remember doing that, ***but it may have, may have happened***.

Argument

    The witness was asked if he knew? He testified that he didn't specifically remember----but in going further, adding ***"but it may have, may have happened"*** he engaged in speculation, testified to facts of which he had no personal knowledge and his answer became

unresponsive.  If read to a jury there is a danger that the jury may misconstrue that portion of the response as fact.

Dated this 18th day of February, 2010                /s/ Steven J. Hassing
                                                                 Steven J. Hassing, attorney for
                                                                 Northern and Lotus

## CERTIFICATE OF SERVICE

1. On February 18th, 2010, I served the following document:

**NORTHERN'S COUNTER DEPOSITION DESIGNATIONS AND OBJECTIONS JOINED BY LOTUS, DEWALT AND CITY OF WASCO**

2. The above-named document was served by the following means to the persons as listed below:

__XX__  United States Mail, first class postage fully prepaid and addressed to:

James Braze
Jeffrey Travis
Borton, Petrini, LLP
1600 Truxtun Avenue
Bakersfield, CA  93301

Chaka Okadigbo
Garcia Calderon Ruiz, LLP
520 South Grand Avenue, Ste. 695
Los Angeles, CA  90071

William L. Alexander
Tenielle E. Cooper
Alexander & Associates
1925 G Street
Bakersfield, CA  93301

_____  By fax transmission. I faxed the document to the persons at the fax number listed below. No error was reported by the fax machine that I used. A copy of the record of the fax transmission is attached.

I declare under penalty of perjury that the foregoing is true and correct.

Dated this 18th day of February, 2010.

/s/ Kimberley A. Hassing
Kimberley A. Hassing