BONIFACIO BONNY GARCIA (SBN 100761)
SUSAN GRAHAM BARNES (phv)
CHAKA C. OKADIGBO (224547)
GCR, LLP
520 SOUTH GRAND AVENUE, SUITE 695
LOS ANGELES, CA 90071
Tel: (213) 347-0210
Fax (213) 347-0216

Attorneys for Defendant CITY OF WASCO

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION

| | |
|---|---|
| ROGER McINTOSH<br><br>Plaintiff,<br><br>vs.<br><br>NORTHERN CALIFORNIA UNIVERSAL ENTERPRISES COMPANY, INC., *et al.*,<br><br>Defendants. | Case No: 1:07-CV-01080-LJO-WMV<br><br>**DEFENDANT CITY OF WASCO'S OBJECTIONS TO PLAINTIFF'S DESIGNATIONS OF DEPOSITION TESTIMONY**<br><br>Trial Date: March 1, 2010<br>Time: 8:30 a.m.<br>Dept: 4 (LJO)<br>Honorable Lawrence O'Neill |

**OBJECTIONS TO PLAINTIFF'S DESIGNATIONS OF DEPOSITION TESTIMONY**

The City of Wasco ("City") hereby objects to Plaintiff's designations of deposition testimony as follows:

**Plaintiff's Designations of Testimony from Dennis McNamara**

1. The City objects to page 13, lines 20-25 of the McNamara deposition on the ground that it is an incomplete question and does not contain a response from the deponent. As such, the question alone is irrelevant under Rule 401 of the Federal Rules of Evidence.

2. The City objects to page 14, lines 21-25 of the McNamara deposition on grounds of vagueness and ambiguity as to the use of the word "conditions."

3. The City objects to page 15, lines 2-8 of the McNamara deposition on grounds of vagueness and ambiguity as to the use of the word "conditions" and as to timeframe. The question also calls for speculation in that it asks the deponent about "conditions" that may or not apply generally and fails to specify what the conditions are intended to refer to.

4. The City objects to page 17, lines 5-15 of the McNamara deposition on grounds of vagueness and ambiguity and lack of foundation as to the question asked of the deponent.

5. The City objects to page 32:15-18 of the McNamara deposition on the ground that that page number does not exist. The deposition consists of 26 pages.

6. The City objects to page 15, line 1 of the McNamara deposition on the ground that it is vague, ambiguous, and incomplete standing alone as a sentence. It is also vague and ambiguous as to the use of the word "conditions."

**Plaintiff's Designations of Testimony from the Deposition of Keith Woodcock**

1. The City objects to page 19, line 18 through page 20, line 10 of the Woodcock deposition on the grounds of vagueness and ambiguity as to timeframe.

2. The City objects to page 19, lines 21 through page 20, line 10 of the Woodcock deposition on the grounds that the witness is asked to speculate on the "similarity" of the maps, which invokes a legal term of art (substantial similarity) and requires the witness to offer opinion that is beyond the province of lay testimony per Rule 701 of the Federal Rules of Evidence.

3. The City objects to page 22, lines 19-21 of the Woodcock deposition on the grounds that bonding costs are irrelevant. Plaintiff insists on discussing bonding

costs when the testimony establishes that the improvements were not bonded for in the end because they were already in place. The City understands Plaintiff to want to refer to bonding costs as evidence of damages. However, this information is irrelevant under Rule 401 of the Federal Rules of Evidence because it does not relate to the fair market value of Plaintiff's maps and plans (actual damages) or to infringer profits under 17 U.S.C. § 504.

4. The City objects to page 23, lines 18-24 of the Woodcock deposition on the grounds that (1) the deponent's answer is non-responsive; (2) the deponent's answers are improper opinion testimony (speculative and improperly makes legal conclusions about copyright ownership) per Rule 701 of the Federal Rules of Evidence; (3) the testimony is improper expert testimony under Rule 702 of the Federal Rules of Evidence insofar as it purports to render legal conclusions of law on copyright ownership by a lay person who is not a copyright expert; (4) the testimony is based on an incomplete hypothetical.

5. The City objects to page 35, lines 5-20 of the Woodcock deposition insofar as it is being offered to establish bonding values of the improvement for damages purposes. This information is irrelevant under Rule 401 of the Federal Rules of Evidence because it does not relate to the fair market value of Plaintiff's maps and plans (actual damages) or to infringer profits under 17 U.S.C. § 504. However, to the extent that the Court is inclined to permit the designation, then the City counter designates the following citation to the transcript: 35:16-36:7.

**Plaintiff's Designations of Testimony from the Deposition of Larry Pennell**

1. The City objects to page 14, lines 14-20 and 15, lines 1-16 of the Pennell deposition on the ground that the testimony is speculative and is improper opinion testimony insofar as Mr. Pennell is not qualified to render an opinion on what the law requires for the sale of lots. Furthermore, Plaintiff's counsel failed to establish any foundation as to the basis for Mr. Pennell's testimony. His position as City Manager does not establish his qualification to opine on the status of

improvements and the nature of the remaining work to be done, which subject matter lie within the province of the Public Works Department. The persons best equipped to discuss the passage quoted from the Quad Knopf report are the preparer of the report, Terry Schroepfer, whom Plaintiff has both deposed and subpoenaed and Bob Wren, whom Plaintiff has deposed and is the City's Deputy Director of Public Works.

**Plaintiff's Designations of Testimony from the Deposition of Stephen Wong**

1. The City objects to Plaintiff's reference to page 80-, lines 30-16 on the ground that Plaintiff's citation is vague, ambiguous and unclear. There is no line 30 on any deposition page and the citations do not work from upwards from the bottom.

DATED: February 18, 2010

GCR, LLP

By: [signature]
CHAKA C. OKADIGBO
SUSAN GRAHAM BARNES
BONIFACIO BONNY GARCIA
Attorneys for Defendant
CITY OF WASCO