1 | **Willilam L. Alexander** (State Bar Number 126607)
2 | **Tenielle E. Cooper** (State Bar Number 226717)
   | Alexander & Associates, PLC
3 | 1925 G Street
   | Bakersfield, CA  93301
4 | Phone:  (661) 316-7888
   | Fax:  (661) 316-7890
5 |
6 | **Attorneys for Defendant, Dennis W. DeWalt, Inc.**

7

8 | **UNITED STATES DISTRICT COURT**

9 | **EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION**

10

11 | ROGER McINTOSH,                             ) Case No.  1:07-CV-01080 LJO-GSA
                                               )
12 |                    Plaintiff,             ) **DEFENDANT DENNIS W. DeWALT'S**
                                               ) **TRIAL BRIEF**
13 | vs.                                       )
                                               ) **(Joined By Defendants Northern & Lotus)**
14 | NORTHERN CALIFORNIA UNIVERSAL             )
15 | ENTERPRISES COMPANY, a California         ) Trial  Date:        March 1, 2010
   | Corporation, et al,                       ) Time:              8: 30 a.m.
16 |                                            ) Courtroom:          4
17 |                                            ) Judge:             Hon. Lawrence J. O'Neill
                                               )
18 |                    Defendants.           )
   | _____ )

19

20 |        Defendant DENNIS W. DeWALT, INC. ("DeWALT"), joined by defendants NORTHERN

21 | CALIFORNIA UNIVERSAL ENTERPRISES COMPANY ("NORTHERN") and LOTUS

22 | DEVELOPMENTS, LP ("LOTUS"), submits the following trial brief.

23 |                                **INTRODUCTION**

24 |        This case concerns alleged copyright infringement.  Plaintiff contends that defendants

25 | infringed his copyright to a tentative tract map and improvement plans.  Defendants, and each of

26 | them, deny plaintiff's claims and contend that DeWALT surveyed the land and created its own map,

27 | such that the defense of independent creation applies.

28

Alexander & Associates
Attorneys at Law
1925 G Street
Bakersfield, CA 93301
(661) 316-7888

1          Case No. 1:07-CV-01080 LJO-GSA

**Defendants DENNIS W. DeWALT and NORTHERN and LOTUS's TRIAL BRIEF**

**FACTS TO BE PROVEN**

In 1992, plaintiff ROGER McINTOSH ("McINTOSH"), a civil engineer, entered into a contract[1] with The Legacy Group (not a party to this case) to perform engineering and mapping work for a 480 acre parcel of land named the Valley Rose Estates subdivision in Wasco, California. The Legacy Group planned to build a residential community on the property.  Pursuant to that agreement, McINTOSH would prepare a conceptual plan for $15,200.00, master plans for water, sewer, drainage, and other utilities for approximately $54,000.00, and perform a survey of the area for just over $19,000.00.   McINTOSH's total contract with The Legacy Group was about $89,000.00.

McINTOSH and The Legacy Group later modified the contract to add the preparation of Parcel Map 9572 in order to subdivide the 480 acres into six separate parcels.  Additionally, they agreed that McINTOSH would prepare improvement plans and a final map for Tract 5472 – located within Parcel Number 1.  This additional work added $57,900.00 to the overall contract price. Finally, the contract was amended again to pay McINTOSH $12,100.00 to prepare a tentative map for Tract 5472.  Although the McINTOSH/Legacy Group contract started at $89,100.00, it expanded over one year to a total in excess of $650,000.00.   However, only roughly $70,000.00 of this $650,000.00 was for work directly pertaining to Tract 5472 – which is the tract at issue in this case.

McINTOSH prepared the tract map and improvement plans for Tract 5472, and submitted them to defendant THE CITY OF WASCO ("THE CITY"), which approved those documents. After the map and plans were approved, The Legacy Group began construction of the improvements. The Legacy Group graded the land and began installing streets, utility lines including water and sewer, curbs, gutters, manholes, block walls, driveway approaches and other monuments.  However, before The Legacy Group could begin constructing homes, it went bankrupt.

The property sat dormant after The Legacy Group's bankruptcy.  In 2001, plaintiff's Tentative Tract Map 5472 expired.   Then in April of 2002 THE CITY purchased Parcels 1 and 3 of the Valley Rose Estate's 6 total parcels at a tax sale.  In late 2003, THE CITY began marketing

---

[1] The contract was originally with the firm "Martin-McIntosh" but plaintiff claims sole ownership interest in all Martin-McIntosh copyright interests, pursuant to a buy-out agreement.

Alexander & Associates
Attorneys at Law
1925 G Street
Bakersfield, CA 93301
(661) 316-7888

2                Case No. 1:07-CV-01080 LJO-GSA

**Defendants DENNIS W. DeWALT and NORTHERN and LOTUS's TRIAL BRIEF**

1    those parcels for sale to real estate developers.  THE CITY advertised the property as already having

2    "infrastructure" installed for the residential development.

3         In May 2004, THE CITY sold LOTUS Parcel 1, which contained Tract 5472.  THE CITY

4    required LOTUS to prepare a new Tentative Map for 5472, but did not require that new

5    improvement plans be submitted since the improvements had already been constructed.  THE CITY

6    did, however, require NORTHERN (LOTUS' general partner and construction company) to repair

7    and/or replace dilapidated improvements previously constructed by The Legacy Group.

8         Understanding that a tentative tract map had previously been prepared for the tract,

9    NORTHERN contacted McINTOSH to hire him to re-process the original Tentative Map.

10   McINTOSH advised NORTHERN that he had not been paid approximately $300,000.00 from The

11   Legacy Group for the work performed, and that interest on that unpaid amount had accrued for the

12   last decade.  McINTOSH demanded $800,000.00 to process the Tract Map.

13        Given the astronomical demand made by McINTOSH for his map, NORTHERN hired

14   DeWALT, a civil engineering firm in Bakersfield, to conduct a land survey and to prepare its own

15   map for the tract.  DeWALT was paid about $26,000.00 for the work.  DeWALT sent its survey

16   crew to survey the land and its previously-constructed improvements, and to create a new map –

17   which it named Tentative Tract Map 6451.  Although the size of the tract itself and the placement of

18   the lots are the same, a myriad of differences exist between Plaintiff's 5472 and DeWALT's 6451

19   maps showing that DeWALT independently created its own map.

20        In 2006 DeWALT's 6451 map was recorded.  In February 2007 McINTOSH registered his

21   copyright for documents related to the Valley Rose Estates (although which documents is unknown

22   due to the lack of specificity on the copyright registration certificate and McINTOSH's failure to

23   provide the documents in discovery).  McINTOSH then filed suit against the parties in July 2007.

24        McINTOSH claims NORTHERN, LOTUS, and DeWALT infringed his copyright, and that

25   THE CITY contributorily infringed the copyright.  McINTOSH asserts that NORTHERN had only

26   two choices:  (1) pay the grossly inflated and improper $800,000.00 demand for the opportunity to

27   reprocess his original map, or (2) to tear out all of the improvements that The Legacy Group had

28   constructed, at a cost of hundreds of thousands of dollars, and redesign the entire subdivision.

Alexander & Associates
Attorneys at Law
1925 G Street
Bakersfield, CA 93301
(661) 316-7888

3                           Case No. 1:07-CV-01080 LJO-GSA

Defendants DENNIS W. DeWALT and NORTHERN and LOTUS's TRIAL BRIEF

1   Defendants DeWALT, NORTHERN and LOTUS will show that they made no profits from

2   the survey and creation of Tentative Tract Map 6451 and the Valley Rose Estates projects – and that

3   they actually lost money on the projects.  Without profits, plaintiff's damages, if any, will be limited

4   to actual damages – the amount The Legacy Group would have, and should have, paid McINTOSH

5   for work related to the Tentative Map and Improvement Plans for Tract 5472, or about $70,000.00.

6   **STIPULATED FACTS**

7   Attached hereto as Exhibit "A" is a Joint Statement of Stipulated Facts filed with the Court

8   on February 16, 2010 as Document 260.

9   **DISCUSSION**

10   **I**

11   **TO ESTABLISH COPYRIGHT INFRINGEMENT PLAINTIFF MUST**

12   **ESTABLISH THAT ORIGINAL ELEMENTS WERE COPIED**

13   To establish actual copyright infringement, the plaintiff must prove that (1) he owns a valid

14   copyright, and (2) the copying of constituent elements of that copyright, which were original.  *Feist*

15   *Publications, Inc. v. Rural Telephone Service Co., Inc.* 499 U.S. 340, 361 (1991).  Copying is

16   established indirectly by the plaintiff proving access to the copyrighted work and "substantial"

17   similarity.  Copying arises only when the similarities relate to protectable elements.  *Johnson v.*

18   *Gordon*, 409 F.3d 12, 18 – 19 (1st Cir. 2005).

19   Owning a copyright does not give its owner unfettered and sole rights to basic information

20   that is not original, factual in nature, public domain information, or in ideas themselves.  Originality

21   requires that the work display "something irreducible, which is one man's alone."  *Bleistein v.*

22   *Donaldson Lithographing Co.*, 188 U.S. 239, 250.  Moreover, it is well-settled that a copyright in a

23   map does not give the author an exclusive right to the symbols and key used in delineating

24   boundaries of and locations within the territory depicted.  *United States v. Hamilton*, 583 F.2d 448,

25   451 (9th Cir. 1978).

26   Those elements of plaintiff's map which are not copyrightable are not subject to a claim for

27   copyright infringement.  And only those elements of a work that are protectable by copyright can be

28   compared in order to determine whether or not a work was actually infringed.  If an element is not

Alexander & Associates
Attorneys at Law
1925 G Street
Bakersfield, CA 93301
(661) 316-7888

**Defendants DENNIS W. DeWALT and NORTHERN and LOTUS's TRIAL BRIEF**

subject to copyright, it must be identified and filtered out before the works can be considered as a whole. *Apple Computer, Inc. v. Microsoft Corp.* 35 F. 3d 1435, 1446 (9th Cir. 1994).

In this case, DeWALT surveyed the land in its then-existing condition – complete with previously-constructed improvements already in the ground such as streets, block walls, curbs, gutters, driveway approaches into each of the 68 lots, manholes, utilities, etc.  Those items that existed when NORTHERN/LOTUS purchased the property, and when DeWALT surveyed them, were facts in the public domain and are not subject to copyright protection.  *Cooling Systems and Flexibles, Inc. v. Stuart Radiator, Inc.* 777 F. 2d 485, 490 (9th Cir. 1985); *Mazer v. Stein*, 347 U.S. 201, 217 – 218.

Plaintiff will be unable to establish copying of the improvement plans because they were not copied or used and because, at least as to the storm drain, sewer and water lines and streets, sidewalks, curbs and gutters, those improvements are subject to a "useful article" exception wherein copyright protection is only available to the extent the design of these things can be identified separately from, and is capable of existing independently of, the utilitarian aspects of the article.  17 U.S.C. Section 101; *Amini Innovation Corporation v. Anthony California, Inc.*, 439 F.3d 1365, 1369.

## II

## DeWALT'S MAP WAS INDEPENDENTLY CREATED

Copyright law does not authorize the ownership of ideas and ideas cannot be copyrighted, just as existing facts cannot be copyrighted either.  *Harper & Row Publishers, Inc. v. Nation Enterprises*, 471 U.S. 539, 547 (1985); *Cooling Systems* at 491; see also *Eli Attia v. Society of N.Y. Hospital*, 201 F.3d 50 (2nd Cir. 1999); *Satava v. Lowry*, 232 F. 3d 805, 810 (9th Cir. 2003).

The streets, curbs, gutters and other physical improvements constructed on the site prior to Lotus's purchase are all "facts" in the public domain. *Cooling Systems and Flexibles, Inc. v. Stuart Radiator, Inc.* 777 F.2d 485, 490 (9th Cir. 1985).  Plaintiff's copyright of a map does not prohibit one from surveying those improvements constructed from the copyrighted plans and creating a new drawing to show what was built.  *Kunycia v. Melville Co., Inc.* 755 F. Supp 566, 576 (S.D.N.Y. 1990) citing *Mazer v. Stein* 347 U.S. 201, 217- 218.

Case No. 1:07-CV-01080 LJO-GSA

Alexander & Associates
Attorneys at Law
1925 G Street
Bakersfield, CA 93301
(661) 316-7888

**Defendants DENNIS W. DeWALT and NORTHERN and LOTUS's TRIAL BRIEF**

### III

### PLAINTIFF'S RELIANCE ON *DEL MADERA PROPERTIES* IS MISPLACED

Plaintiff has based his entire case largely upon Del Madera Properties v. Rhodes and Gardner, Inc., 637 F. Supp. 262, (N.D. Cal. 1985).   However, the crucial facts in Del Madera regarding copying are very different from the facts of this case.

In *Del Madera*, the owner of land hired engineers to create a masterplan reflecting placement of lots, roads and open spaces.  It was approved by the City.  A Tentative Map, based upon the masterplan was prepared and approved by the City.

Del Madera defaulted on its loan and the bank foreclosed.  Del Madera obtained an assignment of his engineer's copyright.  The bank then developed the property by using the old Tentative Map.  There was no new survey of improvements.  There wasn't even any mention made of improvements or of improvement plans. [1]   There was no independent creation, just an unauthorized infringing use of the old Tentative Map.  Without again restating the facts, that is totally different than what happened in this case.

### IV

### PLAINTIFF'S DAMAGES ARE LIMITED TO THE ACTUAL DAMAGES
### OF THE COPYRIGHTED WORK AND INFRINGER PROFITS

Plaintiff's expectation for actual damages is inflated.  Plaintiff's potential damages award is limited to his actual damages, and the disgorgement of infringer's profits.  17 U.S.C. §504 (a)(1). Actual damages are measured by the extent to which the market value of a copyrighted work was injured or destroyed by the alleged infringement.  The test of market value is "what a willing buyer would have been reasonably required to pay to a willing seller for plaintiffs' work."  *Frank Music Corp. v. Metro-Goldwyn Mayer, Inc.* 772 F. 2d 505, 512, (1985) citations omitted.

Although plaintiff claims his actual damages are in excess of one million dollars – he cannot prove the same.  As this Court stated in its rulings on motions *in limine*, plaintiff may prove his

---

[1]  In the companion case, *Del Madera Properties v. Rhodes and Gardner*, 820 F. Supp. 973, (9th Cir. 1987) it is made clear that the documents supporting the Tentative Map included the vegetation plan and the covenants, conditions and restrictions.  No mention of any improvement plans.

Alexander & Associates
Attorneys at Law
1925 G Street
Bakersfield, CA 93301
(661) 316-7888

6                         Case No. 1:07-CV-01080 LJO-GSA

**Defendants DENNIS W. DeWALT and NORTHERN and LOTUS's TRIAL BRIEF**

actual damages by what The Legacy Group paid, or should have paid, for the Tentative Map and Improvement Plans for Tract 5472. And, as stated *supra*, that amount is limited to at, or near, $70,000.00. It is without argument that no buyer, ever, would have been willing to pay $800,000.00 or $1,000,000.00 for a tentative tract map and improvement plans for a single parcel of land less than 30 acres in size. Plaintiff prepared Map 5472 for $10,000. DeWalt prepared Tentative Map 6451, Final Map 6451 and performed the survey all for $27,000. Actual damages should be so limited.

As to disgorgement of profits, there were none---for any of the Defendants. DeWalt lost $10,000 because it bid the work for $27,000 which actually cost $37,000 to perform. Lotus, because of the drastic decline in the real estate market, particularly in Kern County, lost around a million dollars. Northern didn't even generate any income from which a profit could have been earned

## V

## ANTICIPATED EVIDENTIARY DISPUTES

**1.      Does liability for infringement extend beyond Tract 5472?**

Even after this Court granted the City's Motion in Limine Number 2, Plaintiff still contends that there was infringement of improvement plans for improvements constructed outside of the 15 acre Tract 5472. His argument seems to be that the improvements within Tract 5472 would not be "operational" without other improvements outside of the tract. Nor would they be useful without the overall "effort" expended in masterplanning the entire 480 acre area. Defendants believe that this Court resolved that issue in granting City of Wasco's Motion in Limine Number 2.

17 U.S.C. Section 504(a) only provides for damages resulting from infringement. Since there is no allegation that Defendants copied maps or plans from other areas of the development, Plaintiff should be precluded from offering evidence of the value of these additional plans in attempting to prove damages. Section 504(b) requires a casual connection between the infringement and the monetary remedy. Accordingly, Plaintiff must be limited to any actual damages and any infringer profit attributable to the alleged copyright violation. Defendants believe that their position conforms to this Court ruling on the City's motion, i.e., that Plaintiff is limited to evidence of work for Tract 5472 only, noting that "evidence as to work for tracts other than Tract 5472 is irrelevant".

Alexander & Associates
Attorneys at Law
1925 G Street
Bakersfield, CA 93301
(661) 316-7888

**2.      Are the fees left unpaid by Legacy relevant in this case?**

When Wu and McIntosh spoke regarding the possibility of McIntosh preparing new tentative and final maps on the land Lotus purchased, McIntosh said he wouldn't do it unless he was first paid what Legacy still owed----$800,000.  Of course, Wu never called back.  Instead, he hired DeWalt for $27,000.  McIntosh did not disclose his copyright or that he intended to sue if Wu hired some other engineer.

Defendants intend to offer evidence from McIntosh's financial records establishing that when McIntosh told Wu that he was still owed $800,000, he was only owed $67,000 for work performed on the 15 acre Tract 5472. The balance of the $800,000 was for other work.

"Relevant evidence" is evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.  (Rule 401 Fed. Rules of Evid.)

If the unpaid engineering fees associated with Tract 5472 was only a fraction of the amount Plaintiff demanded from Wu, then the jury could find that Plaintiff was not dealing in good faith with Wu.  If Plaintiff was not dealing in good faith, the jury might also conclude that he was not acting with clean hands in his dealing with Wu.  Unclean hands remains an affirmative defense and evidence having a tendency to establish that defense is relevant.

Defendants also believe that this evidence is relevant to Plaintiff's "willfulness" allegation. Wu didn't know about the copyright when he hired DeWalt.  He didn't know because Plaintiff, the only person who did know, admits that he didn't tell him.  Had McIntosh dealt fairly with Wu and quoted a somewhat reasonable rate, perhaps the two would have talked long enough to make a deal or at least long enough for Wu to come to understand that there was a copyright issue.

Of course, the amount McIntosh charged Legacy is also relevant in determining damages as noted in this Court's ruling on the City of Wasco's Motion in Limine Number 2.

## CONCLUSION

Federal law is clear that items not subject to copyright cannot be infringed, and that if a work is similar to another copyrighted work it may have been independently created despite similarities. In this case DeWALT invested the time, work, and effort and expense to independently survey

Alexander & Associates
Attorneys at Law
1925 G Street
Bakersfield, CA 93301
(661) 316-7888

8                                    Case No. 1:07-CV-01080 LJO-GSA

**Defendants DENNIS W. DeWALT and NORTHERN and LOTUS's TRIAL BRIEF**

1  NORTHERN's land in its "AS-IS" condition, with the existing improvements, and to prepare and
2  create its own Tentative Tract Map 6451.

3      Despite what some similarities between plaintiff's map and Tentative Tract Map 6451 – they
4  are not so substantially similar as to prove copying, and the majority of the elements in plaintiff's
5  map are not subject to copyright protection.

6      The jury will be asked to decide if plaintiff held a valid copyright, and if it was infringed.  If
7  the jury finds that the works were substantially similar so as to find infringement, plaintiff's
8  damages are still *de minimis*.  Plaintiff's damages are limited to the value of Tract 5472 work only,
9  and infringer profits.  The value of the Tract 5472 work was perhaps $70,000.00.  And DeWALT,
10  NORTHERN, and LOTUS failed to profit from the Valley Rose Estates projects, thereby leading to
11  no profits to be disgorged.

12

13  DATED:  February 18, 2010                     ALEXANDER & ASSOCIATES, PLC

14

15                                      By:___/S/ Tenielle E. Cooper_____
16                                          TENIELLE E. COOPER,
                                            Attorneys for Defendant, Dennis W.
17                                          DeWalt, Inc.

18

19

20

21

22

23

24

25

26

27

28

Alexander & Associates
Attorneys at Law
1925 G Street
Bakersfield, CA 93301
(661) 316-7888

9                     Case No. 1:07-CV-01080 LJO-GSA

**Defendants DENNIS W. DeWALT and NORTHERN and LOTUS's TRIAL BRIEF**

# EXHIBIT "A"

1 | **William L. Alexander** (State Bar Number 126607)
2 | **Tenielle E. Cooper** (State Bar Number 226717)
   | Alexander & Associates, PLC
3 | 1925 G Street
   | Bakersfield, CA  93301
4 | Phone:  (661) 316-7888
   | Fax:  (661) 316-7890
5 |
6 | **Attorneys for Defendant, Dennis W. DeWalt, Inc.**

7

8 | **UNITED STATES DISTRICT COURT**

9 | **EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION**

| ROGER McINTOSH, | ) | Case No.  1:07-CV-01080 LJO-GSA |
|---|---|---|
| | ) | |
| Plaintiff, | ) | **JOINT STATEMENT OF STIPULATED** |
| | ) | **FACTS** |
| vs. | ) | |
| | ) | Trial Date:     March 1, 2010 |
| NORTHERN CALIFORNIA UNIVERSAL | ) | Time:            8:30 a.m. |
| ENTERPRISES COMPANY, a California | ) | Courtroom:    4 |
| Corporation, et al, | ) | Judge:           Hon. Lawrence J. O'Neill |
| | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

The parties, and each of them, submit the following Joint Statement of Undisputed Facts:

1.      The Plaintiff is ROGER McINTOSH.

2.      Mr. McINTOSH is a civil engineer who does business as McIntosh & Associates.

3.      Prior to 1999, ROGER McINTOSH was partners with Eugene Martin in the firm Martin-McIntosh.

4.      The firm, Martin-McIntosh, dissolved in 1999.

5.      Defendant, NORTHERN CALIFORNIA UNIVERSAL ENTERPRISES CO. ("NORTHERN") is a California corporation engaged in real estate acquisition and development.

6.      Defendant LOTUS DEVELOPMENTS, L.P. ("LOTUS") is a California limited partnership engaged in real estate development and sales.

Alexander & Associates
Attorneys at Law
1925 G Street
Bakersfield, CA 93301
(661) 316-7888

1                              Case No. 1:07-CV-01080 LJO-GSA

JOINT STATEMENT OF STIPULATED FACTS

7.      NORTHERN is the general partner of LOTUS.

8.      Defendant, THE CITY OF WASCO ("THE CITY") is a city located in Kern County, California.

9.      Defendant, DENNIS W. DeWALT, INC. ("DeWALT") is a California corporation that performs civil engineering work in Kern County, California.

10.     In 1992 a company called The Legacy Group, which is not a party to this case, hired the Martin-McIntosh firm to perform civil engineering services for a 480 acre parcel of land located in Wasco, California.  The Legacy Group planned to develop the land and build a residential community.

11.     The 480 acre parcel of land was named the "Valley Rose Estates."

12.     The 480 acre parcel was then subdivided into six (6) separate parcels in preparation for development and construction.

13.     In 1992 the Martin-McIntosh firm prepared a Tentative Tract Map for a part of Parcel Number One in the Valley Rose Estates.  The tract in Parcel One was named "5472."

14.     Martin-McIntosh also prepared improvement plans for Tract 5472.

15.     THE CITY approved the Tentative Tract Map and Improvement Plans for Tract 5472.

16.     The Legacy Group constructed streets, sidewalks, curbs, gutters, storm drains, sewers, water utility, block walls, and driveway approaches within Tract 5472.

17.     The Legacy Group ran out of funding and declared bankruptcy before it could begin building any homes on Tract 5472.

18.     In 2001, the Tentative Tract Map for Tract 5472 expired.

19.     In 2002, The Legacy Group's development agreement with THE CITY expired.

20.     In 2002, THE CITY purchased Tract 5472 of the Valley Rose Estates subdivision at a tax sale.

21.     In December of 2004, THE CITY sold Tract 5472 to LOTUS.

22.     THE CITY required LOTUS/NORTHERN to prepare a new tentative tract map for Tract 5472.

Alexander & Associates
Attorneys at Law
1925 G Street
Bakersfield, CA 93301
(661) 316-7888

**JOINT STATEMENT OF STIPULATED FACTS**

23.     THE CITY did not require LOTUS/NORTHERN to prepare or submit new improvement plans for Tract 5472 because the improvements had already been constructed in Tract 5472 by The Legacy Group.

24.     THE CITY required LOTUS/NORTHERN to repair and/or replace damaged subdivision improvements.

25.     NORTHERN hired DeWALT to prepare a new tentative tract map for Tract 5472.

26.     In 2004, DeWALT prepared a new tentative map which DeWALT numbered as Tract 6451.

27.     DeWALT submitted its Tentative Tract Map 6451 to THE CITY in November of 2004.

28.     On February 22, 2007, ROGER McINTOSH received copyright registration certificate No. VAU 721-180.

29.     Between 2006 and the present day, LOTUS sold 19 total homes at Tract 6451.

DATED:  February 16, 2010                    ALEXANDER & ASSOCIATES, PLC

                                             By:_____/s/  Tenielle E. Cooper_____
                                                 TENIELLE E. COOPER
                                                 Attorneys for Defendant, Dennis W.
                                                 DeWalt, Inc.

Alexander & Associates
Attorneys at Law
1925 G Street
Bakersfield, CA 93301
(661) 316-7888

3                    Case No. 1:07-CV-01080 LJO-GSA

JOINT STATEMENT OF STIPULATED FACTS

# PROOF OF SERVICE

I am employed in the County of Kern, State of California. I am over the age of 18 and not a party to the within action; my business address is 1925 G Street, Bakersfield, California.

On February 16, 2010, I served the foregoing document entitled **JOINT STATEMENT OF STIPULATED FACTS** on interested parties in this action:

James J. Braze, Esq.
Jeffrey A. Travis, Esq.
Borton Petrini & Conron
5060 California Avenue, Suite 700
Bakersfield, CA 93303-2026
Email address: jbraze@bortonpetrini.com
Email address: jtravis@bortonpetrini.com

Steven John Hassing, Esq.
Law Offices of Steven J. Hassing
425 Calabria Court
Roseville, CA 95747
Email address: stevehassing@yahoo.com

Chaka Chuba Okadigbo, Esq.
Garcia Caledron Ruiz
50 S. Grand Avenue, Suite 1100
Los Angeles, CA 90071
Email address: cokadigbo@gerlegal.com

____ BY MAIL. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. postal service on that same day with postage thereon fully prepaid at Bakersfield, California in the ordinary course of business. The above sealed envelopes were placed for collection and mailing on the above date following ordinary business practice.

XX BY ELECTRONIC SERVICE. Pursuant to Fed. R. Civ.P. 5(b)(2)(E) and Local Court Rule(s), the foregoing document will be served by the court via CM/ECF. Pursuant to the CM/ECF docket for this case proceeding the following person(s) are on the Electronic Mail Notice List to receive ECF transmission at the email address(es) indicated above.

Executed on February 16, 2010, at Bakersfield, California.

X (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

/s/    Rocki L. Parnell
ROCKI L. PARNELL

Alexander & Associates
Attorneys at Law
1925 G Street
Bakersfield, CA 93301
(661) 316-7888

**PROOF OF SERVICE**

I am employed in the County of Kern, State of California.  I am over the age of 18 and not a party to the within action; my business address is 1925 G Street, Bakersfield, California.

On February 19, 2010, I served the foregoing document entitled **DEFENDANT DENNIS W. DeWALT'S TRIAL BRIEF** on interested parties in this action:

| | |
|---|---|
| James J. Braze, Esq. | Steven John Hassing, Esq. |
| Jeffrey A. Travis, Esq. | Law Offices of Steven J. Hassing |
| Borton Petrini & Conron | 425 Calabria Court |
| 5060 California Avenue, Suite 700 | Roseville, CA 95747 |
| Bakersfield, CA 93303-2026 | Email address:  stevehassing@yahoo.com |
| Email address: jbraze@bortonpetrini.com | |
| Email address: jtravis@bortonpetrini.com | |

Chaka Chuba Okadigbo, Esq.
Garcia Caledron Ruiz
50 S. Grand Avenue, Suite 1100
Los Angeles, CA 90071
Email address:  cokadigbo@gerlegal.com

____   BY MAIL.  I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. postal service on that same day with postage thereon fully prepaid at Bakersfield, California in the ordinary course of business.  The above sealed envelopes were placed for collection and mailing on the above date following ordinary business practice.

 XX    BY ELECTRONIC SERVICE.  Pursuant to Fed. R. Civ.P. 5(b)(2)(E) and Local Court Rule(s), the foregoing document will be served by the court via CM/ECF.  Pursuant to the CM/ECF docket for this case proceeding the following person(s) are on the Electronic Mail Notice List to receive ECF transmission at the email address(es) indicated above.

Executed on February 19, 2010, at Bakersfield, California.

 X    (Federal)  I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

/s/      Diane Ruff
DIANE RUFF

Alexander & Associates
Attorneys at Law
1925 G Street
Bakersfield, CA 93301
(661) 316-7888

10                           Case No. 1:07-CV-01080 LJO-GSA

**Defendants DENNIS W. DeWALT and NORTHERN and LOTUS's TRIAL BRIEF**