BONIFACIO BONNY GARCIA (SBN 100761)
SUSAN GRAHAM BARNES (phv)
CHAKA C. OKADIGBO (224547)
GCR, LLP
520 SOUTH GRAND AVENUE, SUITE 695
LOS ANGELES, CA 90071
Tel: (213) 347-0210; Fax (213) 347-0216

Attorneys for Defendant CITY OF WASCO

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION

| | |
|---|---|
| ROGER McINTOSH<br><br>Plaintiff,<br><br>vs.<br><br>NORTHERN CALIFORNIA UNIVERSAL ENTERPRISES COMPANY, INC., *et al.*,<br><br>Defendants. | Case No: 1:07-CV-01080-LJO-WMV<br><br>**DEFENDANT CITY OF WASCO'S AMENDED TRIAL BRIEF**<br><br>Trial Date: March 1, 2010<br>Time: 8:30 a.m.<br>Dept: 4 (LJO)<br>Honorable Lawrence O'Neill |

The City of Wasco ("the City"), through counsel, submits the following Trial Brief.

### I. STATEMENT OF THE CASE

The parties have agreed to the following joint statement of the case.

This case is about copyrights. Plaintiff, Roger McIntosh, claims to own a copyright in a Tract Map and Improvement Plans for Tract 5472. Plaintiff claims that his copyright has been infringed. Defendants, and each of them, deny Plaintiff's claims.

### II. STATEMENT OF FACTS

The parties have agreed to a joint statement of facts, a copy of which is attached as Exhibit A to this Brief. The evidence of the City and the other defendants[1] will include the following additional facts.

---

[1] The City's co-defendants are referred to herein as "Lotus," "Northern," and "DeWalt."

At the time Lotus purchased Tract 5472 from the City, the improvements described in the improvement plans for Tract 5472 prepared by McIntosh-Martin were completed. The new tentative map prepared by DeWalt was independently created by DeWalt beginning with a new survey, which was the basis for the information conveyed in its tentative and final maps for renamed Tract 6451. The DeWalt maps depicted observable physical facts disclosed by its own survey, including above ground improvements (curbs, gutters, sidewalks. lot corner tags and monuments). The existing improvements and the decision of Lotus/Northern not to rip them out account for some similarities between Revised Tentative Map 5472 (prepared by Martin-McIntosh) and DeWalt's tentative map 6451, but the maps are not substantially similar. The City had no conversations with any of the defendants about using Revised Tentative Map 5472 and/or the Martin-McIntosh improvement plans or about the methodology or processes they would use to prepare tentative Map 6451. City officials had hoped that Lotus would come up with a new, upscale design for the tract but did not impose any requirement as to what the new design should be or whether the old improvements should remain in place.

City officials treated the tentative map and improvement plans as public records and believed that it was appropriate to make them available to organizations interested in developing the site. The prior improvement plans were part of the site history to which a developer and its engineers would expect to have access under California's public records laws (California Public Records Act).

Plaintiff demanded that Lotus/Northern pay him $300,000 up front as a condition of preparing a new tentative map for the tract and then began monitoring development of the tract rather than asserting his claimed rights. Plaintiff himself had placed a $10,000 value on Martin-McIntosh Revised Tentative map long before making his $300,000 demand to Lotus/Northern.

The City did not know and did not have reason to know about any infringing activities engaged in by any other party. The City had no ability to supervise or control any of those alleged activities. After Lotus/Northern's purchase of the tract, the City's activities were limited to those ordinarily required to review and approve the maps and plans for Tract 6451 submitted

by Lotus, Northern and DeWalt under its Municipal Code. The City was not an employer of, or partner or joint-venturer with any of the co-defendants.

The City did not require Lotus/Northern to submit improvement plans because the improvements were already in place. The City provided a copy of the plans to DeWalt after the City had already approved Tentative Map 6451. The City did not use or rely on the improvement plans for any purpose in connection with approving the tentative and final maps prepared by DeWalt. There will be no evidence from which it can be inferred that the City intended to encourage Lotus, Northern or DeWalt from infringing on Plaintiff's alleged copyright interests and no evidence that the City itself intended to violate any copyright interest of the Plaintiff. The City ultimately paid for the construction, installation and acquisition of the improvements on the tract. The City has made no profit from the allegedly infringing activities of its co-defendants.

### III.  SUMMARY OF POINTS OF LAW

A.  **LIABLITY**

  1. **Plaintiff Will Be Unable to Establish His Vicarious and Contributory Infringement Claims Against the City Based on His Inability to Prove His Underlying Infringement Claims Against Northern, Lotus and/or DeWalt.**

For the sake of brevity and undue repetition, the City refers the Court to the arguments made by counsel for DeWalt regarding Plaintiff's inability to establish his underlying infringement claims against Northern, Lotus and DeWalt and to the merits of the independent creation defense.

The City further contends that because proof of direct infringement by a primary infringer is a necessary precondition to establishing vicarious and contributory liability, Plaintiff's inability to establish his underlying infringement claims against Northern, Lotus and/or DeWalt necessarily absolves the City of any liability for contributory or vicarious copyright infringement. *Metro-Goldwyn-Mayer Studios, Inc. v. Grokster, Ltd.*, 380 F.3d 1154, 1160 (9th Cir. 2004); *Contesssa Food Products v. Lockspur Fish Processing Co.*, 123 Fed.App. 747 (9th Cir. 2005).

2.  **<u>Plaintiff Will Not Establish His Vicarious and Contributory Infringement Claims Against the City, Based on His Inability to Prove that the City Had Actual or Constructive Knowledge of Any of the Infringing Activities Allegedly Engaged In By Defendants Northern, Lotus and DeWalt.</u>**

Plaintiff's contributory infringement claim requires establishing that the City knew of the allegedly infringing activities of Northern, Lotus and/or DeWalt and that it materially induced, caused, or contributed to such conduct. *Perfect 10, Inc. v. Visa International Service Association*, 494 F.3d 788, 795 (9th Cir. 2007). Plaintiff's vicarious infringement claim requires him to establish that the CITY had the right and ability to supervise the allegedly infringing activities of Northern, Lotus and/or DeWalt. *Id.* at 802. Plaintiff cannot establish these foundational elements of his contributory and vicarious infringement claims.

With respect to the contributory infringement claim, Plaintiff will fail to meet his burden of showing that the City provided the 5472 tentative map and improvement plans to Northern, Lotus and/or DeWalt with the intent to encourage infringement. The City, on the other hand, will offer evidence that its motive in providing maps and plans to any of the co-defendants was to provide information about the Subdivision that it considered to be public records. Plaintiff will fail to establish otherwise.

Regarding his vicarious infringement claim, Plaintiff will be unable to establish that the City had an ability to supervise or control Northern, Lotus and/or DeWalt's allegedly infringing activities. The City never intended to encourage infringement and was never informed that any of the Defendants were allegedly copying or otherwise unlawfully using tentative map 5472 and/or the improvement plans. Plaintiff will not provide any evidence to suggest otherwise. And, with respect to improvement plans, the City informed Northern and Lotus that improvement plans were not needed to finalize the development of Tract 6451. For these reasons, Plaintiff's vicarious infringement claims against the City fail.

///
///
///
///

B.   **DAMAGES**

1.   **Anticipated Issues Regarding Plaintiff's Actual Damages Claim.**

The parties have agreed on jury instructions (Form 17.23 of the Ninth Circuit Model Instructions) which unmistakably establish that actual damages is "amount a willing buyer would have been reasonably required to pay a willing seller at the time of the infringement for the actual use made by the defendant of the plaintiff's work." 17 U.S.C. § 504(b); *Mackie v. Rieser*, 296 F.3d 909 (9th Cir. 2002). Furthermore, the Court further ruled in the City's favor on a motion in limine seeking to prevent Plaintiff from introducing evidence of the value of maps and plans besides Tract 5472. Indeed, the Court specifically stated that Plaintiff is limited to putting on evidence of the monetary amounts which the prior developer (Legacy) paid Plaintiff for the Tract 5472 map and plans.

Plaintiff, however, continues to insist on offering evidence of the value of other Subdivision work, arguing that such work created value in Tract 5472. Indeed, Plaintiff showed counsel for Defendants a demonstrative exhibit which he intends to offer at trial that alleges $1.1 million in actual damages even though the documentary evidence does not support a claim that a 1992 expired Tract 5472 map and a set of Tract 5472 improvement plans are worth that much. To the contrary, the contract between Plaintiff and Legacy established the value of Tract 5472 map and plans combined at $70,000. Whether or not Plaintiff's claim that his other Subdivision work created value for Tract 5472 is accurate, it is irrelevant. Both the law and the Court's order establish that Plaintiff's actual damages will consist of no more than the amount a willing buyer (Legacy) would pay for Tract 5472 maps and plans in the unlikely event that Plaintiff prevails on his infringement claims.

Interestingly, Plaintiff is attempting to prevent Defendants from discussing the fact that he has been previously paid for Tract 5472 work, arguing that such evidence is irrelevant on the issue of whether or not Defendants infringed on his alleged copyright interests in Tract 5472 map and plans. Plaintiff, however, expects to be able to discuss his past work in the Subdivision and the costs of the work for purposes of inflating his actual damages estimate. He cannot have it both ways. If the Court is inclined to limit Defendants from commenting on the payments

1  Plaintiff received, it should also bar Plaintiff from putting on any evidence of damages beyond
2  that which establishes the value of Tract 5472 map and plans.
3        In any event, since the Court has stated that Plaintiff's actual damages is the amount
4  Legacy agreed to pay for Plaintiff's Tract 5472 map and plans, Defendants should be permitted
5  to introduce any evidence that establishes the value of Tract 5472 map and plans during the time
6  Martin-McIntosh prepared the map and plans.

     **2.**    **Plaintiff Will Fail to Either Establish Profits on the Part of the City or Prove a Causal Relationship Between the Collection of Revenue from Tract 6451 and Any Infringement on the Part of the City.**

9  Plaintiff expects to establish that the City's collection of fees from Tract 6451 constitutes
10 profit within the meaning of 17 U.S.C. § 504.
11       Impact fees are not profits, as the City has argued extensively in its motion in limine in
12 which it sought to prevent Plaintiff from introducing evidence of the collection of such fees as
13 profits. The Court ruled that the issue is one of fact and not law. The City expects to convince
14 the jury that the revenue collected from the Subdivision cannot be construed as profits insofar as
15 it has been collected to reimburse the City for the actual or projected impacts of the development
16 on the City's existing resources.
17       Regardless, Plaintiff must also convince the jury that there is a sufficient causal
18 connection between "infringer profits" and infringement. *Polar Bear Productions, Inc. v. Timex*
19 *Corp.*, 384 F.3d 700 (9th Cir. 2004). Plaintiff will be unable to shore up his vicarious and
20 contributory infringement claims against the City. He will, therefore, face the insurmountable
21 task of proving that there is a causal nexus between the distribution of Tract 5472 map and plans
22 and the collection of fees from Tract 5472. When an infringer's profits are only remotely and
23 speculatively attributable to infringement, courts will deny recovery to the copyright owner. *Id.*
24 A failure to establish his contributory and vicarious infringement claims against the City
25 necessarily means that the City committed no wrongdoing in approving the allegedly infringing
26 map (DeWalt's 6451 tentative map). As such, Plaintiff will fail to establish that the collection of
27 impact fees is causally related to the distribution of Tract 5472 map and plans.
28

If Plaintiff can establish that the City distributed the Tract 5472 map and plans for free but cannot prove that the City was responsible for any infringement on the part of Northern, Lotus and/or DeWalt, then there is no causal link between the distribution of the map and plans and the collection of fees from Tract 6451.

### IV. ANTICIPATED EVIDENTIARY ISSUES

#### 1. Evidence of Prior Litigation

The Court granted Plaintiff's motion in limine which sought to bar any testimony or evidence regarding Plaintiff's prior lawsuit against the City for breach of contract. The City does not understand the Court to have forbidden the City from presenting evidence to impeach Plaintiff's credibility with respect to his damages estimate. Plaintiff admitted during his deposition that he told Joe Wu, the President of Northern, that he expected to be paid $300,000 in unpaid monies. He further admitted during his deposition that he expected to recover these monies as damages in this litigation. Such testimony is impeachment evidence related to Plaintiff's credibility as to the value of his map and plans under Rules 607 and 608 of the Federal Rules of Evidence. Plaintiff's Trial Brief establishes that he intends to offer evidence that the 1992 expired tract map and the Martin-McIntosh set of improvement plans for Tract 5472 are worth in excess of $1 million. *Plaintiff's Trial Brief*, p.13. This testimony is not supported by the evidence and to the extent that Plaintiff intends to testify on such exaggerated sums, Defendants should be permitted to challenge his credibility on the valuation of the Tract 5472 map and plans.

#### 2. Plaintiff's Claim that DeWalt Could Never Have Independently Created the 6451 Tentative Map Is Unsupported By the Law.

Plaintiff's Trial Brief takes the position that DeWalt could never have independently created its own tentative map without tearing out the existing subdivision improvements and starting afresh. *Plaintiff's Trial Brief*, pp. 10-12. Plaintiff's position, however, is not supported by the law. Copyright law does not authorize the ownership of ideas and ideas cannot be copyrighted. *Harper & Row, Publishers, Inc. v. Nation Enterprises*, 471 U.S. 539, 547 (1985);

1  *Cooling Systems and Flexibles v. Stuart Radiator*, 777 F.2d 485, 491 (9th Cir. 1985). Neither
2  facts nor the idea embodied in a map is protected by copyright. *Mason v. Montgomery Data,*
3  *Inc.*, 967 F.2d 135, 140 (5th Cir. 1992). Plaintiff cannot bar others from depicting observable
4  physical facts in the Valley Rose Estates Subdivision merely because he conceived of these facts
5  and put them in a map. *See, e.g. Morgan v. Hawthorne Homes, Inc.*, 2009 U.S. Dist. LEXIS
6  31456, *40-41 (W.D. Pa 2009) (holding, in the context of architectural plans, that copying a
7  structure depicted in plans, without copying the plans themselves, is not copyright infringement).
8  In any event, under Plaintiff's construction of copyright law, anyone (even school children) who
9  draws on a piece of paper what he or she observes in the Subdivision would be found liable to
10 Plaintiff for copyright infringement even if he or she is unaware of Plaintiff's copyright interests
11 or of the existence of map and plans for the Subdivision. This simply is not the law.
12 ///
13 ///
14 ///
15 ///
16 ///
17 ///
18 ///
19 ///
20 ///
21 ///
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

3. **Evidence Related to the California Public Records Act.**

The City understands that the Court has rejected its public domain defense in which the City asserted that it could freely distribute maps and plans as public records under various California statutes, including the California Public Records Act, the California Environmental Quality Act, all of which provide, or require, that maps and plans be made available to the public as public records or for purposes of public hearings associated with their review. The City does not intend to revisit its public domain defense at trial. However, the City intends to offer witness testimony regarding the City's motive for distributing the Tract 5472 map and plans. Plaintiff's contributory infringement claim against the City requires him to establish that the City intended to encourage infringement by distributing the map and plans. *See Gershwin Publishing Corp. v. Columbia Artists Management, Inc.* 443 F.2d 1159, 1162 (2nd Cir. 1963) ("one who, with knowledge of infringing activity induces, causes, or materially contributes to the infringing conduct of another, may be held liable as a contributory infringer"). Evidence as to the City's rationale for distributing Tract 5472 map and plans is relevant to refute any contention that the City intended to encourage infringement. Plaintiff has also submitted special verdict instructions indicating that he intends to claim that the City engaged in willful copyright infringement. Evidence of the City's motive in distributing the 5472 map and plans will also be relevant to rebut Plaintiff's contentions under Rule 401 of the Federal Rules of Evidence.

DATED: February 20, 2010

GCR, LLP

By: _____
CHAKA C. OKADIGBO
SUSAN GRAHAM BARNES
BONIFACIO BONNY GARCIA
Attorneys for Defendant
CITY OF WASCO