Steven J. Hassing
California SBN 152125
LAW OFFICES OF STEVEN J. HASSING
425 Calabria Court
Roseville, CA  95747
Telephone:  (916) 677-1776
Facsimile:   (916) 677-1770

Attorney *for Defendant, Northern California Universal Enterprise Company*

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROGER MCINTOSH,<br><br>                              Plaintiff(s);<br>v.<br><br>NORTHERN CALIFORNIA UNIVERSAL ENTERPRISES COMPANY, ET AL.,<br><br>                              Defendant(s). | No.  1:07-CV-01080-LJO-GSA<br><br>**POINTS AND AUTHORITIES IN SUPPORT OF NORTHERN'S MOTION REQUESTING THE COURT TO MAKE FACTUAL DETERMINATIONS LEFT UNRESOLVED BY THE JURY**<br><br>**DATE:  APRIL 20, 2010**<br>**TIME:  8:30 A.M.**<br>**DEPT.:  4 (LJO)**<br><br>**TRIAL DATE:  MARCH 1, 2010**<br><br>**HONORABLE LAWRENCE O'NEILL**<br><br>**FRCP 49(a)(3)** |

## NORTHERN REQUESTS THAT THE COURT DECIDE
## THREE MATERIAL FACTUAL ISSUES LEFT UNRESOLVED BY THE JURY

A special verdict was employed in this case.  Under Rule 49(a)(3) of the Federal

Rules of Civil Procedure, a party waives the right to a jury trial on any issue of fact raised

by the pleadings or evidence but not submitted to the jury unless, before the jury retires,

the party demands its submission to the jury.  If the party does not demand submission, the court may make a finding on the issue.

The issues of fact raised by the pleadings or evidence which, were not submitted to the jury are;

     **1.**     **What portion of profits, if any, bore a casual relationship to infringement?**

     **2.**     **What is the amount of actual damages for which each defendant is liable?**

     **3.**     **Through which Defendant was Northern and Lotus found to be vicariously liable?**

The parties agreed on the special verdict form.  The form did not request the jury to determine these three material issues.  Accordingly, the parties waived jury findings on these issues which should now be determined by the Court so that clear and unambiguous judgment may be entered.[1]

## ISSUE NUMBER ONE

## WHAT PORTION OF PROFITS, IF ANY, BORE A CASUAL RELATIONSHIP TO INFRINGEMENT?

Jury Instruction 43 instructed that Plaintiff was entitled to profits *attributable* to infringement and that an award of the defendant's profits was only permissible upon a finding that the plaintiff established a *causal relationship* between the infringement and the profits generated indirectly from the infringement.

---

[1]  This motion is made without prejudice to a later post-judgment Rule 59 motion.

Points and Authorities in Support of Northern's Motion Requesting the Court to Make Factual Determinations Left Unresolved by the Jury

In response to questions 26 and 28 of the special verdict, Northern and Lotus were both found to have obtained a profit from infringing.  Total profit had to be determined before profit attributable to infringement could be determined.  In response to questions 27 and 29, Northern and Lotus were found to have each earned total profits of $1,992,107.50.  There was, however, no finding on causation or allocation.

There was no question on the verdict form which asked the jury to determine what part of that profit was attributable to infringement — or even if all profit was attributable to infringement.  Similarly, there was no place on the verdict form for the jury to render a finding regarding a casual relationship between profit and infringement.  Finally, the jury failed to award any profits as damages.

Northern is not faulting any party for these omissions.  Northern is simply requesting that these material issues which were left unresolved now be determined by the Court as provided in Rule 49(a)(3).

In cases where an infringer's profits are not entirely due to the infringement, and the evidence suggests some division which may rationally be used as a springboard, it is the duty of the court to make some apportionment.  *Orgel v. Clark Boardman Co*., 301 F.2d 119, 121 (2d Cir. 1962).

The jury determined that Lotus and Northern together made a profit of $3,984,215.00, seventeen cents more than the maximum profit calculated by Dr. Merati. (P-112).  So, did the jury determine that all profit was attributable to the infringement?  Based on the verdict, we don't know.  There is, however, ample evidence by which this Court can apportion the percentage of profit which could reasonably have been

Points and Authorities in Support of Northern's Motion Requesting the Court to Make Factual Determinations Left Unresolved by the Jury

attributable to infringement.  That evidence is found in trial exhibits D-217, P-112, D-250 and J-18, all attached as exhibits to the declaration of Steven J. Hassing.

Plaintiff contended that all profit was attributable to infringement because, without the map, no homes could be sold and no profit earned.  Wu testified that without the various components necessary for construction of a home or without a bank loan, no homes could be built and sold and no profit could be generated.[2]

Exhibit D-217 provided Lotus's analysis of all factors resulting in its bottom line. These factors included engineering, materials, city fees, building permits, subcontractors, commissions, interest, property taxes, operating expenses, loan fees and land costs.  All of those factors contributed to profit (or loss).  Although he came to a different bottom line conclusion, Dr. Merati offered the same component categories as did Lotus, (see P-112).

Lotus and DeWalt were found to have copied the map.  The evidence established that the map cost $10,000 in 1992, (D-250) (and may have cost $20,000 in 2004).[3]  The evidence established that Northern was willing to pay $27,000 for a tentative map, final map and survey, (J-18).  From these facts this Court can make a determination of the reasonable price that a willing buyer would likely have been willing to pay McIntosh for use of his tentative map.

---

[2]  Wu's testimony will be produced in a supplemental declaration when the transcript is received.

[3]  McIntosh's testimony will be produced by supplemental declaration when the transcript is received.

Points and Authorities in Support of Northern's Motion Requesting the Court to Make Factual Determinations Left Unresolved by the Jury

Using factors set forth in the trial exhibits noted above, an allocation of profit, as a percentage of the value of the map, could be determined.[4]

### ISSUE NUMBER TWO

### WHAT ARE THE ACTUAL DAMAGES FOR WHICH EACH DEFENDANT IS LIABLE

The jury determined that Plaintiff suffered actual damages of $1,400,000.[5]  It determined that all four defendants infringed Plaintiff's copyright of Map 5472 but determined that only the City of Wasco infringed Plaintiff's copyright of the improvement plans.  The verdict form did not allow the jury to differentiate between actual damages resulting from infringement of the map and actual damages resulting from infringement of the plans.  Since the jury did not address this distinction the Court should make an allocation before entering a judgment.  (FRCP 49(a)(3)).

### ISSUE NUMBER THREE

### THROUGH WHICH DEFENDANT WAS NORTHERN AND LOTUS FOUND TO BE VICARIOUSLY LIABLE?

The jury found that Northern and Lotus were each vicariously liable for infringement because they had the right and ability to supervise or control the infringing activities of another defendant.  However, there was no determination as to which of the other defendants---DeWalt or City of Wasco---- Northern and Lotus failed to supervise or control.  If it was DeWalt, Northern and Lotus would be found to be vicariously liable for

---

[4]  All other arguments regarding profits are reserved for Rule 59 motions.

[5]  This, of course, will be addressed in a Rule 59 motion rather than in this motion.

Points and Authorities in Support of Northern's Motion Requesting the Court to Make Factual Determinations
Left Unresolved by the Jury

infringement of the map.  If it was City of Wasco, Northern and Lotus could be vicariously liable for infringement of the map <u>and</u> the plans.  The verdict form didn't allow for this distinction so resolution of this issue falls upon the Court.  (FRCP. 49(a)(3)).

## CONCLUSION

Since the agreed upon special verdict form didn't allow the jury to make certain material factual determinations, these remaining issues should be resolved by the Court pursuant to Rule 49(a)(3).  Thereafter, the Court may enter judgment on complete findings, allowing the parties to then make any appropriate post-judgment motions addressing a clear and unambiguous judgment.

Dated this 18th day of March, 2010                     _____/s/ Steven J. Hassing, Esq.
Steven J Hassing, Attorney for
Northern California Universal
Enterprise Company

## CERTIFICATE OF SERVICE

1.    On March 19th , 2010, I served the following document:

- **POINTS AND AUTHORITIES IN SUPPORT OF NORTHERN'S MOTION REQUESTING THE COURT TO MAKE DETERMINATIONS LEFT UNRESOLVED BY THE JURY**

2.    The above-named document was served by the following means to the persons as listed below:

_XX_    United States Mail, first class postage fully prepaid and addressed to:

James Braze
Jeffrey Travis
Borton, Petrini, LLP
1600 Truxtun Avenue
Bakersfield, CA  93301

Chaka Okadigbo
Garcia Calderon Ruiz, LLP
520 South Grand Avenue, Ste. 695
Los Angeles, CA  90071

William L. Alexander
Alexander & Associates
1925 G Street
Bakersfield, CA  93301

By fax transmission. I faxed the document to the persons at the fax number listed below. No error was reported by the fax machine that I used. A copy of the record of the fax transmission is attached.

I declare under penalty of perjury that the foregoing is true and correct.

Dated this 19th day of March, 2010.

/s/ Kimberley A. Hassing
Kimberley A. Hassing

Points and Authorities in Support of Northern's Motion Requesting the Court to Make Factual Determinations Left Unresolved by the Jury