nr

James J. Braze, Esq.; SBN 75911
Jeffrey A. Travis, Esq.; SBN 235507
BORTON PETRINI, LLP
5060 California Avenue, Suite 700 (93309)
Post Office Box 2026
Bakersfield, CA 93303
Telephone (661) 322-3051
email: jbraze@bortonpetrini.com
email: jtravis@bortonpetrini.com

Attorneys for Plaintiff, Roger McIntosh dba McIntosh & Associates

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION

| | |
|---|---|
| ROGER McINTOSH,<br><br>        Plaintiff,<br><br>v.<br><br>NORTHERN CALIFORNIA UNIVERSAL ENTERPRISES COMPANY, a California corporation; LOTUS DEVELOPMENTS, LLP; THE CITY OF WASCO, a municipal corporation; DEWALT CM, INC., a California corporation also doing business as DEWALT CORPORATION; and DOES 1 through 10, inclusive<br><br>        Defendants.<br><br>CITY OF WASCO,<br><br>        Cross-Complaint,<br><br>vs.<br><br>NORTHERN CALIFORNIA UNIVERSAL ENTERPRISES COMPANY, INC.,<br><br>        Cross-Defendant. | Case No.  1:07-CV- 01080 LJO-GSA<br><br>PLAINTIFF'S MOTION FOR ENTRY OF FINAL JUDGMENT AND DECLARATORY RELIEF PURSUANT TO RULE 58(B)(2)(a)(b)<br><br>Hon. Lawrence J. O'Neill<br><br>Date of Trial and Verdict: March 10, 2010 |

/ / /

/ / /

Plaintiff, Roger McIntosh, and after a verdict was entered pursuant to a special jury verdict form ("Special Verdict") presented without objections by all parties on March 10, 2010 in the above-referenced case, hereby requests this Court enter final judgment pursuant to that Special Verdict as returned by the jury.

## I.

## **PLAINTIFF'S MOTION FOR ENTRY OF FINAL JUDGMENT**

Having filed his complaint for copyright infringement in the above-captioned case which included both monetary and equitable relief and, after a jury verdict in his favor, plaintiff hereby moves this Court for entry of a final judgment against all defendants according to the Special Verdict. Plaintiff also requests that this Court grant certain equitable relief relating to infringing copies of his copyrighted works pursuant to the relief requested in his complaint as allowable under 17 U.S.C., § 503(b).

## II.

## **FACTUAL BACKGROUND**

The complaint in this copyright action alleges that each of the defendants infringed plaintiff's copyrighted works violating 17 U.S.C., § 106. This provision states that the owner of the copyright has the exclusive rights to his copyrighted works. The complaint alleged both direct and vicarious infringement by the defendants.

In his demand and prayer for relief, the plaintiff also requested equitable relief in the form of an injunction against the defendants and all persons acting in concert or participation with them or persons acting or purporting to act on their behalf.

Further, and as to monetary damages, plaintiff is requesting this Court enter judgment on the damages as stated in the Special Verdict, document No. 328, filed on March 10, 2010.

///
///
///
///

## III.

## DECLARATORY RELIEF

The Copyright Act provides for equitable relief in addition to monetary relief. The Act provides in part:

> (b) As part of a final judgment or decree, the court may order the destruction or other reasonable disposition of all copies or phono records found to have been made or used in violation of the copyright owner's exclusive rights, and of all plates, molds, matrices, masters, tapes, film negatives, or other articles by means of which such copies or phono records may be reproduced. "

17 U.S.C. §503(b)

Plaintiff specifically requested declaratory relief in his complaint. This included:

1. That defendants cease and desist from infringing plaintiff's copyrighted works;

2. The destruction of all copies of the copyrighted works in the possession of the defendant;

3. The removal of any and all structures or design elements that have been copied from the copyrighted works or built based upon them. (See, Third Amended Complaint, Doc. No. 76, Filed April 23, 2009); and

4. A written report from all defendants within 30 days after injunctive relief the manner and form in which defendants have complied with the Court's declaratory order.

Plaintiff is waiving declaratory relief as to No. 3 above. Plaintiff will also not request this Court for declaratory relief as to Nos. 1 and 2 above <u>as it relates to the 6451 Tentative and Final Maps</u> prepared by DeWalt since this would place the existing homeowners in a position where their existing lots and homes would be in jeopardy and potentially foster more unnecessary litigation between the homeowners, Wasco, DeWalt, Wasco's engineer, Northern California Universal Enterprises Co., and Lotus Developments, L.P.

However, at trial, testimony from the City of Wasco's current and past employees indicated that plaintiff's 5472 improvement plans and prior map were not necessary for the 6451 Maps. Since that has been the testimony, plaintiff requests that all hard copies the 5472 Map and Improvement Plans be returned to him and all electronic copies be destroyed.

3
PLF'S MO FOR ENTRY OF FINAL JDGM AND DECL RELIEF PURSUANT TO RULE 58(B)(2)(a)(b)

H:\PUBLIC\054493\060971
McIntosh v. Northern\PL
REQ ENTRY OF
JDGMT.wpd

## IV.

## MONETARY DAMAGES

### A. Judgment on The Special Verdict

The jury returned the Special Verdict relating to liability and damages on March 10, 2010, Court Document No. 328. Plaintiff respectfully requests the Court enter judgment on this verdict according to the liability and damages entered by the jury.

### B. Conditional Judgment

If this Court believes there are certain unresolved issues relating the Special Verdict, then plaintiff would request judgment be entered on resolved issues and allow the parties to brief and address unresolved issues.

## V.

## CONCLUSION

For the above reasons, plaintiff respectfully requests this Court enter the final judgment according to the Special Verdict, and also according the above-requested equitable relief.

DATED: March 22, 2010

Respectfully submitted,

BORTON PETRINI, LLP

By: _____
Jeffrey A. Travis, Attorney for Plaintiff,
Roger McIntosh dba McIntosh & Associates

**PROOF OF SERVICE**
**(FRCP No. 5(b)(2)(E))**

**STATE OF CALIFORNIA, COUNTY OF KERN**

I, Vanessa J. Claridge, declare:

I am a citizen of the United States. I am employed in the County of Kern, State of California. I am over the age of 18 and not a party to the within action; my business address is 5060 California Avenue, Suite 700, Bakersfield, California 93309.

On **March 22, 2010**, I served the foregoing document described as **PLAINTIFF'S MOTION FOR ENTRY OF FINAL JUDGMENT AND DECLARATORY RELIEF PURSUANT TO RULE 58(B)(2)(a)(b)** on the other party(ies) in this action as follows:

| | |
|---|---|
| Steven John Hassing, Esq.<br>Law Offices of Steven J. Hassing<br>425 Calabria Court<br>Roseville, CA 95747<br>email address: **stevehassing@yahoo.com** | Attorneys for Attorneys for Defendants,<br>Northern California Universal Enterprises<br>Company and Lotus Developments<br>Tel:   916/677-1776<br>**Fax:   916/677-1770** |
| Chaka Okadigbo<br>**GCR, LLP**<br>520 S. Grand Ave, Suite 695<br>Los Angeles, CA 90071<br>email address: **cokadigbo@gcrlegal.com** | Attorneys for Defendant, City of Wasco<br><br>Tel: 213/347-0210<br>**Fax: 213-347-0216** |
| William L. Alexander, Esq.<br>Alexander & Associates<br>1925 "G" Street<br>Bakersfield, CA 93301<br>email address: **walexander@alexander-law.com** | Attorneys for Defendant, DeWalt CM, Inc.<br><br>Tel: 661/316-7888<br>**Fax: 661/316-7890** |

X   **BY ELECTRONIC SERVICE:** Pursuant to Fed. R. Civ. P. 5(b)(2)(E) and Local Court Rule(s), the foregoing document will be served by the court via CM/ECF.  Pursuant to the CM/ECF docket for this case proceeding the following person(s) are on the Electronic Mail Notice List to receive ECF transmission at the email address(es) indicated below:

X   **BY MAIL:**  As follows:  I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at , California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

Executed on **March 22, 2010**, at Bakersfield, California.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

_____Vanessa J. Claridge_____         _____/s/ Vanessa J. Claridge_____

nr

James J. Braze, Esq.; SBN 75911
Jeffrey A. Travis, Esq.; SBN 235507
BORTON PETRINI, LLP
5060 California Avenue, Suite 700 (93309)
Post Office Box 2026
Bakersfield, CA 93303
Telephone (661) 322-3051
email: jbraze@bortonpetrini.com
email: jtravis@bortonpetrini.com

Attorneys for Plaintiff, Roger McIntosh dba McIntosh & Associates

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION

| | |
|---|---|
| ROGER McINTOSH, | Case No. 1:07-CV- 01080 LJO-GSA |
| Plaintiff, | |
| v. | [PROPOSED] FINAL JUDGMENT |
| NORTHERN CALIFORNIA UNIVERSAL ENTERPRISES COMPANY, a California corporation; LOTUS DEVELOPMENTS, LLP; THE CITY OF WASCO, a municipal corporation; DEWALT CM, INC., a California corporation also doing business as DEWALT CORPORATION; and DOES 1 through 10, inclusive | Hon. Lawrence J. O'Neill<br><br>Date of Trial and Verdict: March 10, 2010 |
| Defendants. | |
| CITY OF WASCO, | |
| Cross-Complaint, | |
| vs. | |
| NORTHERN CALIFORNIA UNIVERSAL ENTERPRISES COMPANY, INC., | |
| Cross-Defendant. | |

/ / /

H:\PUBLIC\054493\060971
McIntosh v.
Northern\[PROPOSED]
ORDER ON PL REQ
ENTRY OF JDGMT.wpd

1

[PROPOSED] FINAL JUDGMENT

A jury trial and Special Verdict being delivered by the jury in the above-referenced matter on March 10, 2010, the Court hereby enters judgment as follows:

1. Actual damages against all defendants, Dennis W. De Walt, Inc., Northern California Universal Enterprises, Co., Lotus Developments, L.P., and the City of Wasco, jointly and severally, in favor of plaintiff, in the amount of 1.4 million dollars;

2. Infringer's profits against defendant, City of Wasco, and in favor of plaintiff, in the amount of 1.5 million dollars;

3. Infringer's profits against defendant, Northern California Universal Enterprises Co., and in favor of plaintiff, in the amount of $1,992,107.50.

4. Infringers profits against defendant, Lotus Developments, L.P., and in favor of plaintiff, in the amount of $1,992,107.50;

5. Northern and Lotus, found to have acted as partners, are jointly and severally liable for each of their respective profits against them.

6. The return of all hard copies by all defendants of the 5472 Maps and Improvement Plans to plaintiff within 30 days after entry of judgment;

7. The removal of all electronic copies by all defendants of the 5472 Maps and Improvement Plans to plaintiff within 30 days after entry of judgment;

7. A written report by each defendant within 30 days after entry of judgment a report under oath and in writing setting forth in detail the manner and form in which defendants have complied with this injuntion.

IT IS SO ORDERED.

DATED: _____, 2010

Hon. Lawrence J. O'Neill
United States District Court Judge

**PROOF OF SERVICE**
**(FRCP No. 5(b)(2)(E))**

**STATE OF CALIFORNIA, COUNTY OF KERN**

I, Vanessa J. Claridge, declare:

I am a citizen of the United States. I am employed in the County of Kern, State of California. I am over the age of 18 and not a party to the within action; my business address is 5060 California Avenue, Suite 700, Bakersfield, California 93309.

On **March 22, 2010**, I served the foregoing document described as **[PROPOSED] FINAL JUDGMENT** on the other party(ies) in this action as follows:

| | |
|---|---|
| Steven John Hassing, Esq.<br>Law Offices of Steven J. Hassing<br>425 Calabria Court<br>Roseville, CA 95747<br>email address: **stevehassing@yahoo.com** | Attorneys for Attorneys for Defendants,<br>Northern California Universal Enterprises<br>Company and Lotus Developments<br>Tel:   916/677-1776<br>**Fax:   916/677-1770** |
| Chaka Okadigbo<br>**GCR, LLP**<br>520 S. Grand Ave, Suite 695<br>Los Angeles, CA 90071<br>email address: **cokadigbo@gcrlegal.com** | Attorneys for Defendant, City of Wasco<br>Tel: 213/347-0210<br>**Fax: 213-347-0216** |
| William L. Alexander, Esq.<br>Alexander & Associates<br>1925 "G" Street<br>Bakersfield, CA 93301<br>email address: **walexander@alexander-law.com** | Attorneys for Defendant, DeWalt CM, Inc.<br>Tel: 661/316-7888<br>**Fax: 661/316-7890** |

X   **BY ELECTRONIC SERVICE:** Pursuant to Fed. R. Civ. P. 5(b)(2)(E) and Local Court Rule(s), the foregoing document will be served by the court via CM/ECF. Pursuant to the CM/ECF docket for this case proceeding the following person(s) are on the Electronic Mail Notice List to receive ECF transmission at the email address(es) indicated below:

X   **BY MAIL:** As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at , California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

Executed on **March 22, 2010**, at Bakersfield, California.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

_____Vanessa J. Claridge_____          _____/s/ Vanessa J. Claridge_____