Steven J. Hassing
California SBN 152125
LAW OFFICES OF STEVEN J. HASSING
425 Calabria Court
Roseville, CA  95747
Telephone:  (916) 677-1776
Facsimile:   (916) 677-1770

Attorney *for Defendant, Northern California Universal Enterprise Company and Lotus Developments, L.P.*

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROGER MCINTOSH,<br><br>　　　　　　　　　　　Plaintiff(s);<br>v.<br><br>NORTHERN CALIFORNIA UNIVERSAL ENTERPRISES COMPANY, ET AL.,<br><br>　　　　　　　　　　　Defendant(s). | No.  1:07-CV-01080-LJO-GSA<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT NORTHERN'S AND LOTUS'S MOTION TO STAY ENFORCEMENT OF JUDGMENT PENDING RESOLUTION OF RULE 59 MOTIONS**<br><br>**DATE:  MAY 6, 2010**<br>**TIME:   8:30 A.M.**<br>**PLACE:  COURTROOM 4 (LJO)**<br><br>**FRCP 62(b)**<br><br>**JUDGE: Lawrence J. O'Neill** |

## I
## NORTHERN AND LOTUS SEEK STAY OF ENFORCEMENT OF JUDGMENT PENDING RESOLUTION OF RULE 59 MOTIONS

On March 23, 2010, this court executed a final judgment based upon the jury's

March 10, 2010 verdict.  Northern and Lotus both intend to file timely motions seeking to

1
Memorandum of Points and Authorities in Support of Northern's and Lotus's Motion to Stay Enforcement of Judgment Pending Resolution of Rule 59 Motions

Steven J. Hassing
California SBN 152125
LAW OFFICES OF STEVEN J. HASSING
425 Calabria Court
Roseville, CA  95747
Telephone:  (916) 677-1776
Facsimile:   (916) 677-1770

Attorney *for Defendant, Northern California Universal Enterprise Company and Lotus Developments, L.P.*

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROGER MCINTOSH,<br><br>Plaintiff(s);<br>v.<br><br>NORTHERN CALIFORNIA UNIVERSAL ENTERPRISES COMPANY, ET AL.,<br><br>Defendant(s). | No.  1:07-CV-01080-LJO-GSA<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT NORTHERN'S AND LOTUS'S MOTION TO STAY ENFORCEMENT OF JUDGMENT PENDING RESOLUTION OF RULE 59 MOTIONS**<br><br>**DATE:  MAY 6, 2010**<br>**TIME:   8:30 A.M.**<br>**PLACE:  COURTROOM 4 (LJO)**<br><br>**FRCP 62(b)**<br><br>**JUDGE: Lawrence J. O'Neill** |

## I
## NORTHERN AND LOTUS SEEK STAY OF ENFORCEMENT OF JUDGMENT PENDING RESOLUTION OF RULE 59 MOTIONS

On March 23, 2010, this court executed a final judgment based upon the jury's

March 10, 2010 verdict.  Northern and Lotus both intend to file timely motions seeking to

alter or amend the judgment under FRCP 59(e)--- or --- for a new trial under FRCP 59(a). Defendants' motion seeks a stay of enforcement pending this court's determination of these further post trial motions.

A.  **Authority**

Rule 62(b) of the FRCP provides this court with the authority to, on appropriate terms, order a stay of execution pending resolution of post trial motions seeking to alter or amend the judgment or seeking a new trial.

B.  **Appropriate Terms**

The granting of a stay under Rule 62(b) is discretionary and is allowed only on appropriate terms.  The issue in this case is what terms are appropriate?

The judgment against each of these moving Defendants is arguably $3,392,107 ($1,992,107 each and jointly and severely as to another $1,400,000).  Because of the extremely depressed real estate and credit markets, neither Northern nor Lotus have the present ability to post bond even equal to the amount of the judgment.

However, this case presents unusual circumstances in that the verdict, and hence, the judgment, was so obviously excessive and against the weight of the evidence that it will undoubtedly be significantly reduced---or vacated by an order for a new trial. Defendants won't argue their Rule 59 motions here, but this court will surly remember that the verdict was excessive and shocking in the extreme.  Plaintiff's actual damages for infringement of Tract Map 5472 could not have legitimately exceeded $10,000.  Yet, these Defendants are presently saddled with a $1,400,000 judgment representing the jury's view of actual damages.

Similarly, both Northern and Lotus are subject to profit damages in the amount of $1,992,107.

These "profits" will surly be significantly reduced as having been based upon speculation and as having no relationship to the alleged infringement of Plaintiff's $10,000 map.

Based on the foregoing, Defendants suggest that an appropriate undertaking to secure Plaintiff's judgment, pending resolution of the Rule 59 motions, is $250,000.

**C.    Reason Why Stay Should Be Ordered**

Because the jury's verdict was so far over the top and will surely be significantly altered or vacated altogether by order for a new trial, it would be unfair and unjust to allow Plaintiff to execute on this judgment.  It is highly likely that any judgment proceeds collected by Plaintiff would have to be returned after this court's ruling on the Rule 59 motions.  How much time and effort---and court intervention---might be required to effect such return?  A whole host of problems and future proceedings could be avoided by a short stay.

Dated this 5th day of April, 2010                /s/ Steven J. Hassing
                                                 Steven J Hassing, Attorney for
                                                 Northern and Lotus

# CERTIFICATE OF SERVICE

1. On April 5, 2010, I served the following document:

   - **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT NORTHERN'S AND LOTUS'S MOTION TO STAY ENFORCEMENT OF JUDGMENT PENDING RESOLUTION OF RULE 59 MOTIONS**

2. The above-named document was served by the following means to the persons as listed below:

__XX__   United States Mail, first class postage fully prepaid and addressed to:

James Braze
Jeffrey Travis
Borton, Petrini, LLP
1600 Truxtun Avenue
Bakersfield, CA  93301

Chaka Okadigbo
GCR, LLP
520 South Grand Avenue, Ste. 695
Los Angeles, CA  90071

William L. Alexander
Alexander & Associates
1925 G Street
Bakersfield, CA  93301

_____   By fax transmission. I faxed the document to the persons at the fax number listed below. No error was reported by the fax machine that I used. A copy of the record of the fax transmission is attached.

I declare under penalty of perjury that the foregoing is true and correct.
Dated this 5th day of April, 2010.

/s/ Kimberley A. Hassing
Kimberley A. Hassing