James J. Braze, Esq.; SBN 75911
Jeffrey A. Travis, Esq.; SBN 235507
BORTON PETRINI, LLP
5060 California Avenue, Suite 700 (93309)
Post Office Box 2026
Bakersfield, CA 93303
Telephone (661) 322-3051
email: jbraze@bortonpetrini.com
email: jtravis@bortonpetrini.com

Attorneys for Plaintiff, Roger McIntosh dba McIntosh & Associates

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION

| | |
|---|---|
| ROGER McINTOSH,<br><br>Plaintiff,<br><br>v.<br><br>NORTHERN CALIFORNIA UNIVERSAL ENTERPRISES COMPANY, a California corporation; LOTUS DEVELOPMENTS, LLP; THE CITY OF WASCO, a municipal corporation; DEWALT CM, INC., a California corporation also doing business as DEWALT CORPORATION; and DOES 1 through 10, inclusive<br><br>Defendants.<br><br>CITY OF WASCO,<br><br>Cross-Complaint,<br><br>vs.<br><br>NORTHERN CALIFORNIA UNIVERSAL ENTERPRISES COMPANY, INC.,<br><br>Cross-Defendant. | Case No. 1:07-CV- 01080 LJO-GSA<br><br>OPPOSITION TO MOTION TO MAKE DETERMINATIONS LEFT UNRESOLVED BY THE JURY<br><br>DATE: April 20, 2010<br>TIME: 8:30 a.m.<br>DEPT.: 4 (LJ0)<br>The Honorable Lawrence J. O'Neill |

Plaintiff, Roger McIntosh, hereby submits his Memorandum of Points and Authorities in Opposition to defendant Northern California Universal Enterprises Company, Inc.'s Request for

1

the Court to make certain factual determinations pursuant to Federal Rule of Procedure 49.83.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.

### REVIEW OF REQUEST

Northern is requesting that this Court make a factual determination as to:

1. What portion of profits, if any, were casualty related to infringement;
2. The amount of actual damages for which each defendant is liable; and
3. Identify the defendant(s) through who Northern and Lotus were found to be vicariously liable.

According to Special Verdict form, (Document No. 328 attached hereto as Exhibit "A") returned by the verdict on March 10, 2010, it was determined by the jury that all defendants copied Roger McIntosh's copyrighted work. (See Questions 1 through 8.) The jury also found that both Northern California Universal Enterprises and Lotus Developments had the right and ability to supervise and control the other defendants' copying and that each profited directly from the copying done by any of the other defendants. (See Questions 17 through 22.) The jury also found that the total amount of actual damages was $1.4 million. (See, Question No. 23.) The jury also found that Northern California and Lotus Developments separately obtained a profit from the infringing activity in the amount of $1,992,107.50, respectively. (See Questions Nos. 26 through 29.)

### II.

### ARGUMENT

**A.  Northern's Request to Make Factual Determinations of Apportionment of Profits Is an Attempt to Both Invade the Province of the Jury and Is More Appropriate for an Indemnification Claim.**

[INSERT LEGAL STANDARD FOR JURY DETERMINATIONS.]

The jury was given Instruction No. 43 from the Ninth Circuit which instructs the jury to identify what profits, if any, were attributable to infringement and then to award any such amounts to the plaintiff. The Instruction told the jury that it needed to find a substantial relationship between the profits and the infringement before it awarded any profits. The Special Verdict form asked about

1  each defendant and whether they had profited from the infringing activity. The jury answered the
2  question "yes" as to all defendants except DeWalt. This was what was instructed and all that was
3  needed in order for the jury to make a factual determination as to any profits.

4  Now, Northern wants this Court to pry into the jury's deliberation and have it
5  rearrange the facts where the jury has already decided them. Northern is essentially arguing that this
6  Court should question the profit now decided by the jury because of what they perceive to be a
7  defective Special Verdict form. Neither Northern nor any defendant objected to the Special Verdict
8  form and there is no ambiguity. The jury decided that Northern, Lotus and Wasco all profited from
9  the infringing activity and then identified a specific amount of profits.

10 What Northern really seems to be wanting is for this Court to give the defendants a
11 preview of what possible indemnification claims each defendant may or may not have against the
12 other. This is a factual determination However, Wasco filed and then dismissed an indemnification
13 claim against Northern. If it was not dismissed, then the Special Verdict form could have identified
14 specific proportions of fault amongst the various defendants but they chose not to do this. This same
15 option was available to all defendants who were all equally able to file similar claims but all of them
16 elected not to do so for their own reasons. Asking this Court to renegotiate liability and damages,
17 and limit what plaintiff can recover, and after a jury clearly established damages is beyond the scope
18 of this motion.

19 **B.    Northern's Request to Make an Allocation Between the Defendants of the
        Responsibility of Actual Damages Is Inapplicable to the Verdict and Should Be More
20      Properly Addressed in an Indemnification Claim.**

21 If copyright infringement is found, all defendants are jointly and severally liable for
22 all actual damages. (17 U.S.C., § 501.)

23 The jury returned a Special Verdict with actual damages totaling $1.4 million. There
24 was no need to identify who was proportionately responsible for the full amount because this is not
25 what was instructed nor what was needed. It was also irrelevant since all parties are jointly and
26 severally liable for the full amount of whatever amount the jury determined. Again, this is an
27 indemnification argument that is more appropriate for a separate action on this issue. Having the
28 court make such a determination will also require it to make factual determinations in a vacuum

without any reference to the record.

**C. The Request for the Court to Make a Factual Determination of Which Defendant Was Found to Be Vicariously Liable Is Irrelevant and Goes Beyond the Scope of the Facts and Issues at Trial.**

The entire question is irrelevant arguing that they did not copy and that they were not liable for infringement or any damages or profits. Therefore, any questions related to indemnification and any apportionment of fault were absent. The fact is that Northern and Lotus were both found to have been vicariously liable through at least one of the other defendants as the Special Verdict form questions indicate. Whether it was Wasco or DeWalt, it made no difference to the claims at issue in trial so long as the jury found that Northern was responsible for controlling at least one of their actions. This request again would make sense if there was an indemnification claim at trial but there was none. All defendants elected to forego indemnification claims for their own reasons. Asking this Court now to invade the minds of the jury and insert facts where none are needed goes beyond the scope of the rule on which the motion is based.

**D. The Request Imposes an Unfair Burden on the Court and this Opposing Party**

The request by Northern assumes that there is enough in the trial record for the Court to make the factual determination they seek. Further, the request points to nothing in the record that would allow this Court to make such a determination. Northern expects the Court, either in a vacuum and based on its recollection of the trial proceedings to apportion fault between the defendants or, is assuming the Court will cull through the entire record to determine what type of apportionment should be made.

Likewise, and in order for plaintiff to counter such a request, he would also be required to comb through the entire record to figure out whether an such a request is even possible.

**III.**

**CONCLUSION**

For the above reasons, plaintiff respectively requests this Court deny the motion in its entirety.

DATED: April 5, 2010

Respectfully submitted,

H:\PUBLIC\054493\060971
McIntosh v.
Northern\Pleadings\OPP RE
FACTUAL DET.wpd

4

OPPOSITION TO MOTION TO MAKE DETERMINATIONS LEFT UNRESOLVED BY THE JURY

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

BORTON PETRINI, LLP


By:   s/Jeffrey A. Travis
     Jeffrey A. Travis, Attorney for Plaintiff,
     Roger McIntosh dba McIntosh & Associates

# EXHIBIT "A"

**FILED**

MAR 1 0 2010

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROGER McINTOSH, | CASE NO. CV F 07-1080 LJO GSA |
| Plaintiff, | **VERDICT** |
| vs. | |
| NORTHERN CALIFORNIA UNIVERSAL ENTERPRISES, INC., LOTUS DEVELOPMENTS, LP, THE CITY OF WASCO, AND DENNIS W. DeWALT, INC., | |
| Defendants. | |

We, the jury, unanimously find the following, by a **preponderance of the evidence**:

**COPYRIGHT INFRINGEMENT**

**Question No. 1:**

Did defendant Dennis W. DeWalt, Inc. copy plaintiff Roger McIntosh's Tentative Map for Tract 5472?

YES ✓

NO _____

Proceed to Question No. 2.

1

**Question No. 2:**

Did defendant Dennis W. DeWalt, Inc. copy plaintiff Roger McIntosh's Improvement Plans for Tract 5472?

YES _____

NO ___✓____

Proceed to Question No. 3.

**Question No. 3:**

Did defendant Northern California Universal Enterprises, Inc. copy plaintiff Roger McIntosh's Tentative Map for Tract 5472?

YES ___✓____

NO _____

Proceed to Question No. 4.

**Question No. 4:**

Did defendant Northern California Universal Enterprises, Inc. copy plaintiff Roger McIntosh's Improvement Plans for Tract 5472?

YES _____

NO ___✓____

Proceed to Question No. 5.

**Question No. 5:**

Did defendant Lotus Developments, LP copy plaintiff Roger McIntosh's Tentative Map for Tract 5472?

YES ___✓____

NO _____

Proceed to Question No. 6.

/ / /

/ / /

/ / /

/ / /

2

1  **Question No. 6:**
2  Did defendant Lotus Developments, LP copy plaintiff Roger McIntosh's Improvement Plans for
3  Tract 5472?
4  YES_____
5  NO___✓___
6  Proceed to Question No. 7.
7  **Question No. 7:**
8  Did defendant City of Wasco copy plaintiff Roger McIntosh's Tentative Map for Tract 5472?
9  YES___✓___
10 NO_____
11 Proceed to Question No. 8.
12 **Question No. 8:**
13 Did defendant City of Wasco copy plaintiff Roger McIntosh's Improvement Plans for Tract
14 5472?
15 YES___✓___
16 NO_____
17 If you answered "yes" to any of Question Nos. 1-8, proceed to Question No. 9.
18 If you answered "no" to all of Question Nos. 1-8, stop here, answer no further questions, and have your
19 presiding juror date and sign this form.

20 **CONTRIBUTORY COPYRIGHT INFRINGEMENT**
21 **BY DEFENDANT CITY OF WASCO**
22 **Question No. 9:**
23 Did defendant City of Wasco know or have reason to know of the infringing activity by the other
24 defendants, if any?
25 YES___✓___
26 NO_____
27 If you answered "yes" to Question No. 9, proceed to Question No. 10.
28 If you answered "no" to Question No. 9, proceed to Question No. 11.

3

**Question No. 10:**

Did defendant City of Wasco intentionally and materially contribute to any infringement by any of the other defendants?

YES ✓

NO _____

Proceed to Question No. 11.

## VICARIOUS COPYRIGHT INFRINGEMENT

**Question No. 11:**

Did defendant City of Wasco profit directly from any copying of plaintiff Roger McIntosh's work (either the Tentative Map for Tract 5472 or Improvement Plans for Tract 5472) done by any of the other defendants?

YES ✓

NO _____

If you answered "yes" to Question No. 11, proceed to Question No. 12.

If you answered "no" to Question No. 11, proceed to Question No. 14.

**Question No. 12:**

Did defendant City of Wasco have the right and ability to supervise or control the other defendants' copying of plaintiff Roger McIntosh's work?

YES ✓

NO _____

If you answered "yes" to Question No. 12, proceed to Question No. 13.

If you answered "no" to Question No. 12, proceed to Question No. 14.

**Question No. 13:**

Did defendant City of Waco fail to exercise that right and ability to supervise or control the other defendants' copying of plaintiff Roger McIntosh's work?

YES ✓

NO _____

Proceed to Question No. 14.

4

**Question No. 14:**

    Did defendant Dennis W. DeWalt, Inc. profit directly from any copying of plaintiff Roger McIntosh's work done by any of the other defendants?

YES_____

NO\_\_\_\_✓_____

If you answered "yes" to Question No. 14, proceed to Question No. 15.

If you answered "no" to Question No. 14, proceed to Question No. 17.

**Question No. 15:**

    Did defendant Dennis W. DeWalt, Inc. have the right and ability to supervise or control the other defendants' copying of plaintiff Roger McIntosh's work?

YES_____

NO_____

If you answered "yes" to Question No. 15, proceed to Question No. 16.

If you answered "no" to Question No. 15, proceed to Question No. 17.

**Question No. 16:**

    Did defendant Dennis W. DeWalt, Inc. fail to exercise that right and ability to supervise or control the other defendants' copying of plaintiff's work?

YES_____

NO_____

Proceed to Question No. 17.

**Question No. 17:**

    Did defendant Northern California Universal Enterprises, Inc. profit directly from any copying of plaintiff Roger McIntosh's work done by any of the other defendants?

YES\_\_\_✓_____

NO_____

If you answered "yes" to Question No. 17, proceed to Question No. 18.

If you answered "no" to Question No. 17, proceed to Question No. 20.

///

5

**Question No. 18:**

Did defendant Northern California Universal Enterprises, Inc. have the right and ability to supervise or control the other defendants' copying of plaintiff Roger McIntosh's work?

YES ✔

NO _____

If you answered "yes" to Question No. 18, proceed to Question No. 19.

If you answered "no" to Question No. 18, proceed to Question No. 20.

**Question No. 19:**

Did defendant Northern California Universal Enterprises, Inc. fail to exercise that right and ability to supervise or control the other defendants' copying of plaintiff Roger McIntosh's work?

YES ✔

NO _____

Proceed to Question No. 20.

**Question No. 20:**

Did defendant Lotus Developments, LP profit directly from any copying of plaintiff Roger McIntosh's work done by any of the other defendants?

YES ✔

NO _____

If you answered "yes" to Question No. 20, proceed to Question No. 21.

If you answered "no" to Question No. 20, proceed to Question No. 23.

**Question No. 21:**

Did defendant Lotus Developments, LP have the right and ability to supervise or control the other defendants' copying of plaintiff Roger McIntosh's work?

YES ✔

NO _____

If you answered "yes" to Question No. 21, proceed to Question No. 22.

If you answered "no" to Question No. 21, proceed to Question No. 23.

///

6

**Question No. 22:**

Did defendant Lotus Development, LP fail to exercise that right and ability to supervise or control the other defendants' copying of plaintiff Roger McIntosh's work?

YES ✓

NO _____

Proceed to Question No. 23.

## DAMAGES

**Question No. 23:**

What is the total amount of actual damages plaintiff Roger McIntosh is entitled to? (This is the amount of money you will be awarding plaintiff Roger McIntosh.)

$ **1.4 million**

Proceed to Question No. 24.

**Question No. 24:**

Did defendant Dennis W. DeWalt, Inc. obtain a profit from its infringing activity?

YES _____

NO ✓

If you answered "yes" to Question No. 24, proceed to Question No. 25.

If you answered "no" to Question No. 24, proceed to Question No. 26.

**Question No. 25:**

What was the amount of defendant Dennis W. DeWalt, Inc.'s profit?

$ _____

Proceed to Question No. 26.

///
///
///
///
///
///

7

1 **Question No. 26:**

2     Did defendant Northern California Universal Enterprises, Inc. obtain a profit from its infringing

3 activity?

4 YES ✓

5 NO

6 If you answered "yes" to Question No. 26, proceed to Question No. 27.

7 If you answered "no" to Question No. 26, proceed to Question No. 28.

8 **Question No. 27:**

9     What was the amount of defendant Northern California Universal Enterprises, Inc.'s profit?

10 $ 1,992,107.50

11 Proceed to Question No. 28.

12 **Question No. 28:**

13     Did defendant Lotus Developments, LP obtain a profit from its infringing activity?

14 YES ✓

15 NO

16 If you answered "yes" to Question No. 28, proceed to Question No. 29.

17 If you answered "no" to Question No. 28, proceed to Question No. 29.

18 **Question No. 29:**

19     What was the amount of defendant Lotus Developments, LP's profit?

20 $ 1,992,107.50

21 Proceed to Question No. 30.

22 **Question No. 30:**

23     Did defendant City of Wasco obtain a profit from its infringing activity?

24 Yes ✓

25 No

26 If you answered "yes" to Question No. 30, proceed to Question No. 31.

27 If you answered "no" to Question No. 30, proceed to Question No. 32.

28 ///

8

**Question No. 31:**

What was the amount of defendant City of Wasco's profit?

$ __1.5 million__

**Question No. 32:**

If you entered an amount more than $0 in response to Question No. 27, answer Question No. 32.

If you did not enter an amount in response to Question No. 27, proceed to Question No. 33.

In committing infringing activity, did defendant Northern California Universal Enterprises, Inc. act as a partner or practically partner with defendant Lotus Developments, LP?

Yes ✓

No _____

Proceed to Question No. 33.

**Question No. 33:**

If you entered an amount more than $0 in response to Question No. 29, answer Question No. 33.

If you did not enter an amount in response to Question No. 29, stop here, answer no further questions, and have your presiding juror date and sign this form.

In committing infringing activity, did defendant Lotus Developments, LP act as a partner or practically partner with defendant Northern California Universal Enterprises, Inc.?

Yes ✓

No _____

Please have the presiding juror date and sign this form.

DATED: March 10, 2010

_____
PRESIDING JUROR

After this form has been dated and signed, please use a "Note From The Jury" to inform the Court that you have reached a unanimous verdict.

9

**PROOF OF SERVICE**
**(FRCP No. 5(b)(2)(E))**

**STATE OF CALIFORNIA, COUNTY OF KERN**

I, Vanessa J. Claridge, declare:

I am a citizen of the United States. I am employed in the County of Kern, State of California. I am over the age of 18 and not a party to the within action; my business address is 5060 California Avenue, Suite 700, Bakersfield, California 93309.

On **April 5, 2010**, I served the foregoing document described as **OPPOSITION TO MOTION TO MAKE DETERMINATIONS LEFT UNRESOLVED BY THE JURY** on the other party(ies) in this action as follows:

| | |
|---|---|
| Steven John Hassing, Esq.<br>Law Offices of Steven J. Hassing<br>425 Calabria Court<br>Roseville, CA 95747<br><br>email address: **stevehassing@yahoo.com** | Attorneys for Attorneys for Defendants,<br>Northern California Universal Enterprises<br>Company and Lotus Developments<br>Tel:    916/677-1776<br>**Fax:    916/677-1770** |
| Chaka Okadigbo<br>**GCR, LLP**<br>520 S. Grand Ave, Suite 695<br>Los Angeles, CA 90071<br>email address: **cokadigbo@gcrlegal.com** | Attorneys for Defendant, City of Wasco<br><br>Tel: 213/347-0210<br>**Fax: 213-347-0216** |
| William L. Alexander, Esq.<br>Alexander & Associates<br>1925 "G" Street<br>Bakersfield, CA 93301<br>email address: **walexander@alexander-law.com** | Attorneys for Defendant, DeWalt CM, Inc.<br><br>Tel: 661/316-7888<br>**Fax: 661/316-7890** |

X     **BY ELECTRONIC SERVICE:** Pursuant to Fed. R. Civ. P. 5(b)(2)(E) and Local Court Rule(s), the foregoing document will be served by the court via CM/ECF. Pursuant to the CM/ECF docket for this case proceeding the following person(s) are on the Electronic Mail Notice List to receive ECF transmission at the email address(es) indicated below:

X     **BY MAIL:** As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at , California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

Executed on **April 5, 2010**, at Bakersfield, California.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

| | |
|---|---|
| _____Vanessa J. Claridge_____ | _____/s/ Vanessa J. Claridge_____ |