1
2
3
4
5
6
7
8              **IN THE UNITED STATES DISTRICT COURT**

9             **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11   ROGER McINTOSH,                        CASE NO. CV F 07-1080 LJO GSA

12                    Plaintiff,            **JURY INSTRUCTIONS**
             vs.
13
     NORTHERN CALIFORNIA
14   UNIVERSAL ENTERPRISES,
     INC., LOTUS DEVELOPMENTS,
15   LP, THE CITY OF WASCO,
     AND DENNIS W. DeWALT,
16   INC.,

17                    Defendants.
     _____/
18

19          The attached jury instructions were read to the jury in open court.

20

21   Dated: April 8, 2010              VICTORIA MINOR, CLERK OF THE COURT

22                                     By:  _____I. Lira_____
                                                Deputy Clerk
23

24

25

26

27

28

                                        1

**INSTRUCTION NO. 1**

**DUTY OF JURY**

Ladies and gentlemen: You are now the jury in this case.  It is my duty to instruct you on the law.

These instructions are preliminary instructions to help you understand the principles that apply to civil trials and to help you understand the evidence as you listen to it

You must not infer from these instructions or from anything I may say or do as indicating that I have an opinion regarding the evidence or what your verdict should be.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all important.

**INSTRUCTION NO. 2**

**SUMMARY**

To help you follow the evidence, I will give you a brief summary of the positions of the parties.

The plaintiff is Roger McIntosh.  The defendants are Northern California Universal Enterprises, Inc., Lotus Developments, LP, the City of Wasco, and Dennis W. Dewalt, Inc.

This case is about copyrights.  Plaintiff Roger McIntosh claims to own a copyright in a tract map and improvement plans for Tract 5472 for a subdivision in Wasco.  Plaintiff claims that his copyright has been infringed. Defendants deny plaintiff's claims.

**INSTRUCTION NO. 3**

**CONDUCT OF THE JURY**

I will now say a few words about your conduct as jurors.

First, keep an open mind throughout the trial, and do not decide what the verdict should be until you and your fellow jurors have completed your deliberations at the end of the case.

Second, because you must decide this case based only on the evidence received in the case and on my instructions as to the law that applies, you must not be exposed to any other information about the case or to the issues it involves during the course of your jury duty. Thus, until the end of the case or unless I tell you otherwise:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone or electronic means, via e-mail, text messaging, or any Internet chat room, blog, Web site or other feature. This applies to communicating with your fellow jurors until I give you the case for deliberation, and it applies to communicating with everyone else including your family members, your employer, and the people involved in the trial, although you may notify your family and your employer that you have been seated as a juror in the case.

But, if you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Because you will receive all the evidence and legal instruction you properly may consider to return a verdict: do not read, watch, or listen to any news or media accounts or commentary about the

case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.

The law requires these restrictions to ensure the parties have a fair trial based on the same evidence that each party has had an opportunity to address. A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over. If any juror is exposed to any outside information, please notify the court immediately.

## INSTRUCTION NO. 4

## BENCH CONFERENCES AND RECESSES

From time to time during the trial, it may become necessary for me to talk with the attorneys out of the hearing of the jury, either by having a conference at the bench when the jury is present in the courtroom, or by calling a recess.  Please understand that while you are waiting, we are working.  The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

Of course, we will do what we can to keep the number and length of these conferences to a minimum.  I may not always grant an attorney's request for a conference.  Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

**INSTRUCTION NO. 5**

**OUTLINE OF TRIAL**

Trials proceed in the following way:  First, each side may make an opening statement.  An opening statement is not evidence.  It is simply an outline to help you understand what that party expects the evidence will show.  A party is not required to make an opening statement.

The plaintiff will then present evidence, and counsel for the defendants may cross-examine.  Then the defendants may present evidence, and counsel for plaintiff may cross-examine.

After the evidence has been presented, I will instruct you on the law that applies to the case and the attorneys will make closing arguments.

After that, you will go to the jury room to deliberate on your verdict.

**INSTRUCTION NO. 6**

**NO TRANSCRIPT AVAILABLE TO JURY**

During deliberations, you will have to make your decision based on what you recall of the evidence.  You will not have a transcript of the trial.  I urge you to pay close attention to the testimony as it is given.

If at any time you cannot hear or see the testimony, evidence, questions or arguments, let me know so that I can correct the problem.

**INSTRUCTION NO. 7**

**TAKING NOTES**

If you wish, you may take notes to help you remember the evidence.  If you do take notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide the case.  Do not let note-taking distract you. When you leave, your notes should be left in the jury room.  No one will read your notes.  They will be destroyed at the conclusion of the case.

Whether or not you take notes, you should rely on your own memory of the evidence.  Notes are only to assist your memory. You should not be overly influenced by your notes or those of your fellow jurors.

**INSTRUCTION NO. 8**

**WHAT IS EVIDENCE**


The evidence you are to consider in deciding what the facts are consists of:


1.      The sworn testimony of any witness;


2.      The exhibits which are received into evidence; and


3.      Any facts to which the lawyers have agreed.

**INSTRUCTION NO. 9**

**WHAT IS NOT EVIDENCE**

In reaching your verdict, you may consider only the testimony and exhibits received into evidence.  Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

1.   Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they will say in their opening statements and in their closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence.  If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

2.   Questions and objections by lawyers are not evidence.  Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the Court's ruling on it.

3.   Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered.  In addition, sometimes testimony and exhibits are received only for a limited purpose; when I give a limiting instruction, you must follow it.

4.   Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

**INSTRUCTION NO. 10**

**EVIDENCE FOR LIMITED PURPOSE**

Some evidence may be admitted for a limited purpose only.

When I instruct you that an item of evidence has been admitted for a limited purpose, you must consider it only for that limited purpose and for no other.

**INSTRUCTION NO. 11**

**DIRECT AND CIRCUMSTANTIAL EVIDENCE**

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is proof of one or more facts from which you could find another fact.  You should consider both kinds of evidence.

The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

**JURY INSTRUCTION NO. 12**

**BURDEN OF PROOF – PREPONDERANCE OF THE EVIDENCE**

When a party has the burden of proof on any claim or affirmative defense by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim or affirmative defense is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

14

# INSTRUCTION NO. 13

# RULING ON OBJECTIONS

There are rules of evidence that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. If I overrule the objection, the question may be answered or the exhibit received. If I sustain the objection, the question cannot be answered, and the exhibit cannot be received. Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore the evidence. That means that when you are deciding the case, you must not consider the evidence that I told you to disregard.

# INSTRUCTION NO. 14

## CREDIBILITY OF WITNESSES

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe.  You may believe everything a witness says, or part of it, or none of it.  Proof of a fact does not necessarily depend on the number of witnesses who testify about it.

In considering the testimony of any witness, you may take into account:

1.      The opportunity and ability of the witness to see or hear or know the things testified to;

2.      The witness's memory;

3.      The witness's manner while testifying;

4.      The witness's interest in the outcome of the case and any bias or prejudice;

5.      Whether other evidence contradicted the witness's testimony;

6.      The reasonableness of the witness's testimony in light of all the evidence; and

7.      Any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it.

# INSTRUCTION NO. 15
## DUTY OF JURY

Members of the Jury: Now that you have heard all of the evidence and will next hear arguments of the attorneys, it is my duty to instruct you as to the law of the case.

At your request, a copy of these instructions will be sent with you to the jury room when you deliberate.

You must not infer from these instructions or from anything I may say or do as indicating that I have an opinion regarding the evidence or what your verdict should be.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all important.

**INSTRUCTION NO. 16**

**TWO OR MORE PARTIES – DIFFERENT LEGAL RIGHTS**

You should decide the case as to each party separately.  Unless otherwise stated, the instructions apply to all parties.

**INSTRUCTION NO. 17**

**STIPULATIONS OF FACT**

The parties have agreed on certain facts which have been stated to you.  You should therefore treat these facts as having been proved.  In addition, the parties stipulate to the following facts:

1.      The plaintiff is Roger McIntosh.  I will refer to him sometimes as "plaintiff" or "Mr. McIntosh."

2.      Mr. McIntosh is a civil engineer who does business as McIntosh & Associates.

3.      Prior to 1999, Mr. McIntosh was a partner with Eugene Martin in the firm Martin-McIntosh.

4.      The Martin-McIntosh firm dissolved in 1999.

5.      Defendant Northern California Universal Enterprises Co. is a California corporation engaged in real estate acquisition and development.  I will sometimes refer to this defendant as "Northern."

6.      Defendant Lotus Development, LP is a California limited partnership engaged in real estate development and sales.  I will sometimes refer to this defendant as "Lotus."

7.      Northern is the general partner of Lotus.

8.      Defendant the City of Wasco is a city located in Kern County, California.  I will sometimes refer to this defendant as the "City."

19

9.  Defendant Dennis W. DeWalt, Inc. is a California corporation that performs civil engineering work in Kern County, California.  I will sometimes refer to this defendant as "DeWalt."

10.  In 1992, a company called the Legacy Group, which is not a party to this case, hired the Martin-McIntosh firm to perform civil engineering services for a 480-acre parcel of land located in Wasco, California.  The Legacy Group planned to develop the land and build a residential community.

11.  The 480-acre parcel of land was named the "Valley Rose Estates."

12.  The 480-acre parcel was then subdivided into six separate parcels in preparation for development and construction.

13.  In 1992, the Martin-McIntosh firm prepared a Tentative Tract Map for a part of Parcel Number One in the Valley Rose Estates.  The tract in Parcel One was named "5472." I will sometimes refer to that tract as "Tract 5472."

14.  Martin-McIntosh also prepared improvement plans for Tract 5472.

15.  The City approved the tentative tract map and improvement plans for Tract 5472.

16.  The Legacy Group constructed streets, sidewalks, curbs, gutters, storm drains, sewers, water utility, block walls, and driveway approaches within Tract 5472.

17.  The Legacy Group ran out of funding and declared bankruptcy before it could begin building homes on Tract 5472.

18.    In 2001, the tentative tract map for Tract 5472 expired.

19.    In 2002, the Legacy Group's development agreement with the City expired.

20.    In 2002, the City purchased Tract 5472 at a tax sale.

21.    In December of 2004, the City sold Tract 5472 to Lotus.

22.    The City required Lotus/Northern to prepare a new tentative tract map for Tract 5472.

23.    The City did not require Lotus/Northern to prepare or submit new improvement plans for Tract 5472 because the improvements had already been constructed in Tract 5472 by the Legacy Group.

24.    The City required Louts/Northern to repair and/or replace damaged subdivision improvements.

25.    Northern hired DeWalt to prepare a new tentative tract map for Tract 5472.

26.    In 2004, DeWalt prepared a new tentative map which DeWalt numbered as Tract 6451.

27.    DeWalt submitted its Tentative Tract Map 6451 to the City in November of 2004.

28.    On February 22, 2007, Mr. McIntosh received copyright registration certificate No. VAU 721-180.

29.    Between 2006 and the present day, Lotus has sold 19 total homes at Tract 6451.

**INSTRUCTION NO. 18**

**DEPOSITION AS SUBSTANTIVE EVIDENCE**

During trial, you heard testimony read from a deposition.  A deposition is the testimony of a person taken before trial.  At a deposition, the person is sworn to tell the truth and is questioned by the attorneys.

You must consider the deposition testimony that was read to you in the same way as you consider testimony given in court.

**INSTRUCTION NO. 19**

**IMPEACHMENT EVIDENCE – WITNESS**

The evidence that witness lied under oath on a prior occasion may be considered, along with all other evidence, in deciding whether or not to believe the witness and how much weight to give to the testimony of the witness and for no other purpose.

**INSTRUCTION NO. 20**

**USE OF INTERROGATORIES OF A PARTY**

Evidence was presented to you in the form of answers of one of the parties to written interrogatories submitted by the other side. These answers were given in writing and under oath, before the actual trial, in response to questions that were submitted in writing under established court procedures. You should consider the answers, insofar as possible, in the same way as if they were made from the witness stand.

24

**INSTRUCTION NO. 21**

**EXPERT OPINION**

Some witnesses, because of education or experience, have been allowed to state opinions and the reasons for those opinions.

Opinion testimony should be judged just like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

25

**INSTRUCTION NO. 22**

**CHARTS AND SUMMARIES NOT RECEIVED IN EVIDENCE**

Certain charts and summaries not received in evidence have been shown to you in order to help explain the contents of books, records, documents, or other evidence in the case. They are not themselves evidence or proof of any facts. If they do not correctly reflect the facts or figures shown by the evidence in the case, you should disregard these charts and summaries and determine the facts from the underlying evidence.

**INSTRUCTION NO. 23**

**CHARTS AND SUMMARIES IN EVIDENCE**

Certain charts and summaries have been received into evidence to illustrate information brought out in the trial. Charts and summaries are only as good as the underlying evidence that supports them. You should, therefore, give them only such weight as you think the underlying evidence deserves.

# INSTRUCTION NO. 24

## PRELIMINARY INSTRUCTION-COPYRIGHT

This case is about copyrights.  Plaintiff Roger McIntosh claims to own a copyright in a tentative tract Map and improvement plans for Tract 5472 of the Valley Rose Estates subdivision.  Plaintiff claims his copyright has been infringed.  Each defendant denies plaintiff's claims and asserts that a new map was independently created.


## DEFINITION OF COPYRIGHT

The owner of a copyright has the right to exclude any other person from reproducing, preparing derivative works, distributing, performing, displaying, or using the work covered by copyright for a specific period of time.

Copyrighted work can be a pictorial work, graphic work, or architectural work.

Facts, ideas, procedures, processes, systems, methods of operation, concepts, principles or discoveries cannot themselves be copyrighted.

The copyrighted work must be original. An original work that closely resembles other works can be copyrighted so long as the similarity between the two works is not the result of copying.

## COPYRIGHT INTERESTS

The copyright owner may transfer, sell or convey to another person all or part of the owner's property interest in the copyright, that is, the right to exclude others from reproducing, preparing a derivative work from, distributing, performing, or displaying, the copyrighted work. To be valid, the transfer, sale or conveyance must be in writing. The person to whom a right is transferred is called an

assignee.

## HOW COPYRIGHT IS OBTAINED

Copyright automatically exists in a work the moment it is fixed in any tangible medium of expression. The owner of the copyright may register the copyright by delivering to the Copyright Office of the Library of Congress a copy of the copyrighted work. After examination and a determination that the material deposited constitutes copyrightable subject matter and that legal and formal requirements are satisfied, the Register of Copyrights registers the work and issues a certificate of registration to the copyright owner.

## PLAINTIFF'S BURDEN OF PROOF

The plaintiff has the burden of proving by a preponderance of the evidence that the plaintiff is the owner of the copyright and that the defendant copied original elements of the copyrighted work. Preponderance of the evidence means that you must be persuaded by the evidence that it is more probably true than not true that the copyrighted work was infringed.

## PROOF OF COPYING

To prove that the defendant copied the plaintiff's work, the plaintiff may show that the defendant had access to the plaintiff's copyrighted work and that there are substantial similarities between the defendant's work and the plaintiff's copyrighted work.

## LIABILITY FOR INFRINGEMENT

One who reproduces, prepares derivative works from, or distributes a copyrighted work without authority from the copyright owner during the term of the copyright, infringes the copyright.

1   Copyright may also be infringed by vicariously infringing and contributorily infringing.

2

3   **VICARIOUS INFRINGEMENT**

4   A person is liable for copyright infringement by another if the person has profited directly from

5   the infringing activity and has the right and ability to supervise the infringing activity, whether or not

6   the person knew of the infringement.

7

8   **DEFENSES TO INFRINGEMENT**

9

10   The defendants contend that there is no copyright infringement. There is no copyright

11   infringement where the defendant independently created the challenged work, the defendants made fair

12   use of a copyrighted work by reproducing copies for criticism, comment, news reporting, teaching,

13   scholarship, or research.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**INSTRUCTION NO. 25**

**COPYRIGHT—DEFINED**

**(17 U.S.C. § 106)**

Copyright is the exclusive right to copy. This right to copy includes the exclusive rights to:

1.      Authorize, or make additional copies, or otherwise reproduce the copyrighted work in copies;

2.      Recast, transform, adapt the work, and prepare derivative works based upon the copyrighted work;

3.      Distribute copies of the copyrighted work to the public by sale or other transfer of ownership or by rental or lease or lending; and

4.      Display publicly a copyrighted pictorial work or graphic work.

It is the owner of a copyright who may exercise these exclusive rights to copy. The term "owner" includes the author of the work, and an assignee. In general, copyright law protects against production, adaptation, distribution, performance and display of substantially similar copies of the owner's copyrighted work without the owner's permission.

An owner may enforce these rights to exclude others in an action for copyright infringement. Even though one may acquire a copy of the copyrighted work, the copyright owner retains rights and control of that copy, including uses that may result in additional copies or alterations of the work.

31

**INSTRUCTION NO. 26**

**COPYRIGHT—SUBJECT MATTER—GENERALLY**

**(17 U.S.C. § 102)**

The works involved in this trial are known as:

Pictorial works or graphic works such as two-dimensional and three-dimensional works of fine, graphic and applied art, photographs, prints and art reproductions, maps, globes, charts, diagrams, models and technical drawings, including architectural plans.

These works can be protected by the copyright law. Only that part of the works comprised of original works of authorship produced in any tangible form of expression from which it can be perceived, reproduced, or otherwise communicated, either directly or with the aid of a machine or device is protected by the Copyright Act.

Copyright protection for an original work of authorship does not extend to any idea, procedure, process, system, method of operation, concept, principle, or discovery, regardless of the form in which it is described, explained, illustrated, or embodied.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**INSTRUCTION NO. 27**

**COPYRIGHT—SUBJECT MATTER—IDEAS AND EXPRESSION**

**(17 U.S.C. § 102(b))**

Copyright law allows the author of an original work to prevent others from copying the way or form the author used to express the ideas in the author's work. Only the particular expression of an idea can be copyrighted. Copyright law does not give the author the right to prevent others from copying or using the underlying ideas contained in the work, such as any procedures, processes, systems, methods of operation, concepts, principles or discoveries. In order to protect any ideas in the work from being copied, the author must secure some other form of legal protection, because ideas cannot be copyrighted.

The right to exclude others from copying extends only to how the author expressed the ideas in the copyrighted work. The copyright is not violated when someone uses an idea from a copyrighted work, as long as the particular expression of that idea in the work is not copied.

**INSTRUCTION NO. 28**

**COPYRIGHT INFRINGEMENT—OWNERSHIP OF VALID COPYRIGHT— DEFINITION**

**(17 U.S.C. §§ 201–205)**

The plaintiff is the owner of a valid copyright if the plaintiff proves by a preponderance of the evidence that:

1.      The plaintiff's work is original; and

2.      The plaintiff is the author or creator of the work or received a transfer of the copyright.

**INSTRUCTION NO. 29**

**COPYRIGHT INTERESTS—ASSIGNEE**

**(17 U.S.C. § 201(d)(1))**

In this case, the plaintiff does not claim to be the initial owner of the copyright at issue. Instead, the plaintiff claims that he received the copyright by virtue of assignment from the work's initial owner so that the plaintiff is now the assignee of the copyright.

A copyright owner may transfer, sell, or convey to another person all or part of the owner's property interest in the copyright; that is, the right to exclude others from copying the work. The person to whom the copyright is transferred, sold, conveyed becomes the owner of the copyright in the work.

To be valid, the transfer, sale, or conveyance must be in writing. The person to whom this right is transferred is called an assignee. The assignee may enforce this right to exclude others in an action for copyright infringement.

**INSTRUCTION NO. 30**

**COPYRIGHT INFRINGEMENT—ORIGINALITY**

An original work may include or incorporate elements taken from prior works, works from the public domain, and works owned by others, with the owner's permission. The original parts of the plaintiff's work are the parts created:

    1.    Independently by the work's author, that is, the author did not copy it from another work; and

    2.    By use of at least some minimal creativity.

In copyright law, the "original element" of a work need not be new or novel.

**INSTRUCTION NO. 31**

**NUMBERS**

Numbers by themselves are not original works.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**INSTRUCTION NO. 32**

**COPYING—ACCESS AND SUBSTANTIAL SIMILARITY**

The plaintiff has the burden of proving that the defendant copied original elements from the plaintiff's copyrighted work. The plaintiff may show the defendant copied from the work by showing by a preponderance of the evidence that the defendant had access to the plaintiff's copyrighted work and that there are substantial similarities between the defendant's work and original elements of the plaintiff's work.

**INSTRUCTION NO. 33**

**COPYING FROM A COMMON SOURCE**

A work is copied if a defendant copied from a third work rather than from the plaintiff's work if such third work was itself a copy of the plaintiff's work.

**INSTRUCTION NO. 34**

**COPYRIGHT INFRINGEMENT—COPYING—ACCESS DEFINED**

The plaintiff must show by a preponderance of the evidence that an infringing party had access to the plaintiff's work. You may find that an infringing party had access to the plaintiff's work if the infringing party had a reasonable opportunity to view, read, hear, or copy the plaintiff's work before the defendant's work was created.

**INSTRUCTION NO. 35**

**LESSER SHOWING**

A lesser showing of substantial similarity is required by plaintiff if there is a strong showing of access.

**INSTRUCTION NO. 36**

**UNPROTECTED ELEMENTS**

Elements unprotected by copyright law must be identified and filtered out before the works can be considered as a whole.

**INSTRUCTION NO. 37**

**COPYRIGHT-AFFIRMATIVE DEFENSE-FAIR USE**

**(17 U.S.C. § 107)**

One who is not the owner of the copyright may use the copyrighted work in a reasonable way under the circumstances without the consent of the copyright owner if it would advance the public interest. Such use of a copyrighted work is called a fair use. The owner of a copyright cannot prevent others from making a fair use of the owner's copyrighted work.

Defendant City of Wasco contends that it made fair use of the copyrighted work for the purpose of criticism or comment or scholarship or research by providing information about the property existing in its public records to prospective purchasers of a tract within the Valley Rose Estates. The defendant has the burden of proving this defense by a preponderance of the evidence.

In determining whether the use made of the work was fair, you should consider the following factors:

1.    The purpose and character of the use, including whether such use is of a commercial nature or is for nonprofit educational purposes;

2.    The nature of the copyrighted work;

3.    The amount and substantiality of the portion used in relation to the copyrighted work as a whole; and

4.    The effect of the use upon the potential market for or value of the copyrighted work.

If you find that the defendant proved by a preponderance of the evidence that the defendant made

a fair use of the plaintiff's work, your verdict should be for the defendant.

**INSTRUCTION NO. 38**

**DERIVATIVE LIABILITY—VICARIOUS INFRINGEMENT—ELEMENTS AND BURDEN OF PROOF**

If you find that a defendant infringed the plaintiff's copyright in the work, you may consider the plaintiff's claim that a different defendant vicariously infringed that copyright. The plaintiff has the burden of proving each of the following by a preponderance of the evidence:

1.    The defendant profited directly from the infringing activity of the infringing defendant;

2.    The defendant had the right and ability to supervise or control the infringing activity of the infringing defendant; and

3.    The defendant failed to exercise that right and ability to supervise or control the infringing activity of the infringing defendant.

If you find that the plaintiff proved each of these elements, your verdict should be for the plaintiff if you also find that a defendant infringed plaintiff's copyright.

If, on the other hand, the plaintiff has failed to prove any of these elements, your verdict should be for the defendant.

**INSTRUCTION NO. 39**

**[THIS PAGE LEFT BLANK INTENTIONALLY]**

**INSTRUCTION NO. 40**

**COPYRIGHT VALIDITY – CERTIFICATE OF REGISTRATION**

Inadvertent mistakes on copyright registration certificates do not invalidate a copyright and thus do not bar an infringement action, unless the copyright claimant intended to defraud the Copyright Office by making the misstatement.

A copyright defendant may offer evidence to dispute validation of the copyright registration.

47

**INSTRUCTION NO. 41**

**COPYRIGHT—DAMAGES**

**(17 U.S.C. § 504)**

If you find for the plaintiff on the plaintiff's copyright infringement claim, you must determine the plaintiff's damages. The plaintiff is entitled to recover the actual damages suffered as a result of the infringement. In addition, the plaintiff is also entitled to recover any profits of the defendant attributable to the infringement. The plaintiff must prove damages by a preponderance of the evidence.

**INSTRUCTION NO. 42**

**COPYRIGHT—DAMAGES—ACTUAL DAMAGES**

**(17 U.S.C. § 504(b))**

The copyright owner is entitled to recover the actual damages suffered as a result of the infringement. Actual damages means the amount of money adequate to compensate the copyright owner for the reduction of the fair market value of the copyrighted work caused by the infringement.

The reduction of the fair market value of the copyrighted work is the amount a willing buyer would have been reasonably required to pay a willing seller at the time of the infringement for the actual use made by the defendant of the plaintiff's work. That amount also could be represented by the lost license fees the plaintiff would have received for the defendant's unauthorized use of the plaintiff's work.

**INSTRUCTION NO. 43**

**COPYRIGHT—DAMAGES—DEFENDANT'S PROFITS**

**(17 U.S.C. § 504(b))**

In addition to actual damages, the copyright owner is entitled to any profits of the defendant attributable to the infringement. You may not include in an award of profits any amount that you took into account in determining actual damages.

You may make an award of the defendant's profits only if you find that the plaintiff showed a causal relationship between the infringement and the profits generated indirectly from the infringement.

The defendant's profit is determined by subtracting all expenses from the defendant's gross revenue.

The defendant's gross revenue is all of the defendant's receipts from the use or sale of a copyrighted work associated with the infringement. The plaintiff has the burden of proving the defendant's gross revenue by a preponderance of the evidence.

Expenses are all operating costs, overhead costs, and production costs incurred in producing the defendant's gross revenue. The defendant has the burden of proving the defendant's expenses by a preponderance of the evidence.

Unless you find that a portion of the profit from the use or sale of a copyrighted work is attributable to factors other than use of the copyrighted work, all of the profit is to be attributed to the infringement. The defendant has the burden of proving the portion of the profit, if any, attributable to factors other than infringing the copyrighted work.

1

**INSTRUCTION NO. 44**

2

**PARTNERS**

3

4      You will be asked to decide whether the defendants acted as partners or practically partners in

5   infringement of plaintiff's copyright.  Factors to consider to decide whether defendants acted as partners

6   or practically partners include an agreement to share profits and losses, a written or oral agreement, an

7   agreement implied by the defendants' conduct, defendants' roles in the infringing activity, the degree

8   of direction of activity, and each defendant's financial interest in the activity.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**INSTRUCTION NO. 45**

**DUTY TO DELIBERATE**

When you begin your deliberations, you should elect one member of the jury as your presiding juror. That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not hesitate to change your opinion if the discussion persuades you that you should. Do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

**INSTRUCTION NO. 46**

**COMMUNICATION WITH COURT**

If it becomes necessary during your deliberations to communicate with me, you may send a note through the staff attorney or court security officer, signed by your presiding juror or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing; I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court.

If you send out a question, I will consult with the parties before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged. Do not disclose any vote count in any note to the Court.

**INSTRUCTION NO. 47**

**RETURN OF VERDICT**

A verdict form has been prepared for you.  After you have reached unanimous agreement on a verdict, your presiding juror will fill in the form that has been given to you, sign and date it, and advise the Court that you are ready to return to the courtroom.