IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROGER McINTOSH, | CASE NO. CV F 07-1080 LJO GSA |
| Plaintiff, | **ORDER ON MOTION FOR POST-VERDICT FACTUAL FINDINGS** |
| vs. | (Doc. 329.) |
| NORTHERN CALIFORNIA UNIVERSAL ENTERPRISES, INC., et al, | |
| Defendants. / | |

**INTRODUCTION**

Defendant Northern California Universal Enterprises, Inc. ("NCUE") seeks this Court's "factual determinations" on damages issues which NCUE claims the jury did not resolve with its verdict. Plaintiff Roger McIntosh ("Mr. McIntosh") faults NUCE's attempt to invade the jury's province without guidance from the record to permit this Court to make determinations NUCE seeks. This Court considered NCUE's F.R.Civ.P. 49(a)(3) motion for post-verdict factual findings on the record[1] and VACATES the April 20, 2010 hearing, pursuant to Local Rule 230(g). For the reasons discussed below, this Court DENIES NCUE's motion for post-verdict factual findings.

---

[1] NCUE filed no reply papers.

1

# BACKGROUND

## Summary

This action arises from alleged infringing use of a tentative map and improvement plans to develop 480 acres as a subdivision in the City of Wasco ("Wasco"). Mr. McIntosh, a Bakersfield civil engineer, alleges that defendants NCUE, Lotus Developments, L.P. ("Lotus"), Dennis W. DeWalt, Inc. ("DeWalt") and Wasco "created a residential subdivision by copying and using McIntosh's copyrighted works and employing a tangible embodiment of the landscape design McIntosh conceived and created." This Court conducted a March 1-4 and 8-9, 2010 jury trial. The jury returned a March 10, 2010 verdict favorable to Mr. McIntosh.

## Jury Verdict

With its verdict, the jury found that:

1. NCUE, Lotus, DeWalt and Wasco (collectively "defendants") copied Mr. McIntosh's tentative map and that only Wasco had copied Mr. McIntosh's improvement plans;

2. NCUE, Lotus and Wasco profited directly from copying of either Mr. McIntosh's tentative map or improvement plans done by any of the other defendants;

3. NCUE, Lotus and Wasco failed to exercise their right and ability to supervise or control the other defendants' copying of Mr. McIntosh's tentative map or improvement plans;

4. Mr. McIntosh is entitled to $1.4 million in damages;

5. NCUE and Lotus each profited $1,992,107.50 from their respective infringing activity;

6. Wasco profited $1.5 million from its infringing activity; and

7. NCUE and Lots acted as partners or practically partners in committing infringing activity.

The jury was instructed on an award of profits:

> In addition to actual damages, the copyright owner is entitled to any profits of the defendant **attributable to the infringement**. You may not include in an award of profits any amount that you took into account in determining actual damages.
>
> You may make an award of the defendant's profits only if you find that the plaintiff showed a **causal relationship between the infringement and the profits generated** indirectly from the infringement.
>
> The defendant's profit is determined by subtracting all expenses from the

defendant's gross revenue.

The defendant's **gross revenue is all of the defendant's receipts** from the use or sale of a copyrighted work associated with the infringement. The plaintiff has the burden of proving the defendant's gross revenue by a preponderance of the evidence.

Expenses are all operating costs, overhead costs, and production costs incurred in producing the defendant's gross revenue. The defendant has the burden of proving the defendant's expenses by a preponderance of the evidence.

**Unless you find that a portion of the profit from the use or sale of a copyrighted work is attributable to factors other than use of the copyrighted work, all of the profit is to be attributed to the infringement. The defendant has the burden of proving the portion of the profit, if any, attributable to factors other than infringing the copyrighted work.** (Bold added.)

## DISCUSSION

### F.R.Civ.P. 49(a)(3) Motion Standards

NCUE contends that the verdict, agreed upon by the parties, lacks necessary findings on:

1. What portion of profits, if any, bore a casual relationship to infringement and is therefore attributable to infringement;

2. What is the amount of actual damages for which each defendant is liable; and

3. Through which defendant's actions was NCUE and Lotus found vicariously liable.

NCUE argues this Court must make such findings to permit entry of a "clear and unambiguous judgment."

Mr. McIntosh responds that NUCE seeks "to pry into the jury's deliberation" and to permit this Court to "rearrange the facts where the jury has already decided them" and to "question the profit now decided by the jury." Mr. McIntosh concludes that NCUE asks "this Court to renegotiate liability and damages."

F.R.Civ.P. 49(a)(3) provides:

A party waives the right to a jury trial on any issue of fact raised by the pleadings or evidence but not submitted to the jury, unless before the jury retires, the party demands its submission to the jury. If the party does not demand submission, the court **may** make a finding on the issue. If the court makes no finding, it is considered to have made a finding consistent with its judgment on the special verdict. (Bold added.)

When a jury is "specially instructed," and an issue is omitted without objection, a finding is deemed made in accord with a judgment on special verdict, "*unless* the court makes a finding to the contrary." *Roberts v. Karimi*, 251 F.3d 404, 407 (2nd Cir. 2001) (italics in original).

**Apportionment Of Profit**

NCUE asks this Court to apportion profits to a "casual relationship to infringement." NCUE points out that the profits jury instruction advised the jury that Mr. McIntosh is "entitled to profits . . . attributable to the infringement" and that a profits award is permitted only upon a showing of "a causal relationship between the infringement and the profits generated indirectly from the infringement." NCUE argues that findings that NCUE and Lotus each profited $1,992,107.50 from their respective infringing activity lacks "causation or allocation." NCUE claims that the verdict lacks "a finding regarding a casual relationship between profit and infringement" and that whether the jury attributed all profit to infringement is unknown.

"In cases such as this where an infringer's profits are not entirely due to the infringement, and the evidence suggests some division which may rationally be used as a springboard it is the duty of the court to make some apportionment." *Orgel v. Clark Boardman Co.*, 301 F.2d 119, 121 (2nd Cir. 1962), *cert. denied,* 371 U.S. 817, 83 S.Ct. 31 (1962).

To apportion profit attributable in infringement, NCUE directs this Court to Lotus' summary analysis of profit/loss (Exhibit D-217), the profit calculation of Mr. McIntosh's expert Dr. Merati (Exhibit P-112), Mr. McIntosh's costs (Exhibit D-250) and DeWalt's contract with NCUE for surveying and tentative map preparation (Exhibit J-18).

This Court disagrees that the verdict lacks findings as to a causal relationship between infringement and profits. The verdict asked whether, and the jury found that:

1. Defendants copied Mr. McIntosh's tentative map (infringement);
2. NCUE, Lotus and Wasco profited directly from copying of either Mr. McIntosh's tentative map or improvement plans done by any of the other defendants (causation);
3. NCUE, Lotus and Wasco failed to exercise their right and ability to supervise or control the other defendants' copying of Mr. McIntosh's tentative map or improvement plans (infringement); and
4. NCUE and Lotus each profited $1,992,107.50 from their respective infringing activity (causation).

At a minimum, the jury's findings give rise to inferences of a causal relationship between infringement

and profits.

Turning to apportionment of profits, NCUE points to several exhibits but fails to articulate an apportionment of profits or how the exhibits assist to provide such an apportionment.[2] Mr. McIntosh correctly notes that NCUE "points to nothing in the record that would allow this Court to make such a determination." The verdict reflects that the jury accepted Dr. Merati's $3,984,214.83 profits figure and attributed 50 percent of such profits each to NCUE and Lotus. The jury made an apportionment, and NCUE points to no authority to permit this Court to replace an apportionment inconsistent with that of the jury.

### Actual Damages

NCUE seeks this Court's apportionment among defendants of the $1.4 million damages award. NCUE argues that since the jury found that only Wasco copied Mr. McIntosh's improvement plans, the verdict does not differentiate "between actual damages resulting from infringement of the map and actual damages resulting from infringement of the plans."

Mr. McIntosh responds that identity of whom "was proportionately responsible for the full amount" is "irrelevant since all parties are jointly and severally liable" for Mr. McIntosh's actual damages and apportionment is "an indemnification argument."

"When a copyright is infringed, all infringers are jointly and severally liable for plaintiffs' actual damages, but each defendant is severally liable for his or its own illegal profit; one defendant is not liable for the profit made by another." *Frank Music Corp. v. Metro-Goldwyn-Mayer, Inc.*, 772 F.2d 505, 519 (9th Cir. 1985) (citing *MCA, Inc. v. Wilson*, 677 F.2d 180, 186 (2d Cir.1981)).

Given the defendants' joint and several liability, NCUE fails to substantiate the need to apportion actual damages among defendants. Moreover, NCUE provides this Court no guidance as to an apportionment. This Court is not in a position to review the extensive record to find a needle in the hay stack which NUCE is either unwilling or unable to attempt to find. NCUE leaves it to the Court to figure out actual damages without NCUE' citation to meaningful evidence or legal authority. An indemnity action is the proper remedy and means to seek that which NCUE seeks herein.

---

[2] This Court's March 26, 2010 order to require fully supported and explained post-trial motions was prompted in part by defense counsel's substance-free attempt to support his motion.

**Vicarious Liability**

The jury found that NCUE and Lotus profited directly from copying Mr. McIntosh's tentative map or improvement plans done by any of the other defendants and that NCUE and Lotus failed to exercise their right and ability to supervise or control the other defendants' copying of Mr. McIntosh's tentative map or improvement plans.  NCUE notes the absence of finding as to whether NCUE and Lotus failed to supervise and control DeWalt, Wacso or both.  NCUE explains that if NCUE and Lotus failed to supervise and control DeWalt, they are "vicariously liable for infringement of the map."  NCUE further explains that if NCUE and Lotus failed to supervise and control Wasco, they are "vicariously liable for infringement of the map and plans."  (Underlining in original.)

NCUE fails to explain the need to make such distinction given defendants' joint and several liability for actual damages.  In sum, defendants are subject to joint and several liability for the $1.4 million damages award.  Again, an indemnity action is the forum to address the matter.

**CONCLUSION AND ORDER**

For the reasons discussed above, this Court DENIES NCUE's motion for post-verdict factual findings.

IT IS SO ORDERED.

Dated:   April 14, 2010                    /s/ Lawrence J. O'Neill
                                       UNITED STATES DISTRICT JUDGE