Steven J. Hassing
California SBN 152125
LAW OFFICES OF STEVEN J. HASSING
425 Calabria Court
Roseville, CA  95747
Telephone:  (916) 677-1776
Facsimile:   (916) 677-1770

Attorney *for Defendant, Northern California Universal Enterprise Company and Lotus Developments, L.P.*

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROGER MCINTOSH,<br><br>　　　　　　　　　　Plaintiff(s);<br>v.<br><br>NORTHERN CALIFORNIA UNIVERSAL ENTERPRISES COMPANY, ET AL.,<br><br>　　　　　　　　　　Defendant(s). | No.  1:07-CV-01080-LJO-GSA<br><br>**NOTICE OF MOTION AND MOTION**<br><br>**(1) TO ALTER THE JUDGEMENT**<br><br>**(2) FOR A NEW TRIAL**<br><br>**DATE:  JUNE 23, 2010**<br>**TIME:  8:30 A.M.**<br>**DEPT:  COURTROOM 4 (LJO)**<br><br>**FRCP 59(a), (e);**<br>**LOCAL RULE 291.2; 230**<br><br>**HONORABLE LAWRENCE O'NEILL** |

　　　NORTHERN CALIFORNIA UNIVERSAL ENTERPRISE COMPANY AND LOTUS DEVELOPMENTS, L.P. hereby provide notice to all parties that they will, and hereby do, move this court for an order, pursuant to Fed. R. Civ. Proc. 59(e),

1

**Altering or Amending the Judgment** entered in this matter on March 23, 2010—or—in the alternative, **Granting a New Trial** pursuant to Fed. R. Civ. Proc 59(a).

Hearing on the motion shall take place on June 23, 2010 at 8:30 a.m. in Courtroom 4, of the Federal Courthouse, Eastern District of California, located at 2500 Tulare Street, Fresno, California.

The Motion to Alter or Amend the Judgment, or in the alternative, for a New Trial is based on the following joint grounds;

1. The verdict and judgment regarding both actual damages and profit were against the clear weight of the evidence and the law. Actual damages against Northern or Lotus should be no more than $20,500 with profit damages stricken altogether.

2. The judgment awards Plaintiff double compensation constituting an inequitable windfall.

3. All profit damages assessed against Northern should be stricken because there was no evidence that any revenue was ever received by Northern.

4. All profit damages assessed against Northern and Louts should be stricken because there was no evidence of the required <u>casual</u> <u>relationship</u> between the infringement of the tentative map 5472 and profit.

5. All profit damages assessed against Northern and Lotus should be stricken because evidence of indirect profit based upon future sales of homes was remote and speculative.

6.  All profit damages assessed against Northern and Louts should be stricken because interpretation of the evidence in accordance with the opinions expressed by Dr. Merati was unreasonable, unfair and constitutes a manifest injustice because it was based almost entirely on speculation and an illogical application of facts.

7.  The verdict and judgment regarding actual damages and profit damages was grossly excessive, shocking to the conscience and constitutes a miscarriage of justice.

8.  Any part of the judgment based upon the jury's finding of vicarious infringement on the part of Northern or Lotus must be set aside because there was no evidence of <u>direct</u> profit by Northern or Louts.

**Additional grounds upon which Northern's and Lotus's motion for a New Trial is based include the following;**

1.  The finding of direct copying by Northern and Louts contradicts, and is inconsistent with, judicial admissions made during closing argument when Mr. Braze told the jury that neither Northern nor Lotus copied anything and that Plaintiff's claim against them was vicarious.

2.  Prejudicial misconduct by Plaintiff's counsel during closing argument by misstating the law in telling the jury that copying what had been built on the ground eliminated the defense of independent creation.

3.  Error of law by the court in failing to sustain Lotus's objection to, and adequately admonish jury following, Plaintiff's Counsel's statement to the jury that copying what was on the ground eliminated the defense of independent creation.

4. Prejudicial misconduct by Plaintiff's counsel during closing argument by misstating the law in telling the jury that there was a concept under copyright law known as "dependent creation".

5. Error of law by the court in failing to sustain DeWalt's objection to, and adequately admonish the jury following Plaintiff's counsel's statement to the jury that there was a concept under copyright law know as "dependent creation".

6. Prejudicial misconduct by Plaintiff's counsel during closing argument by misstating the law in telling the jury that if Plaintiff proves access and substantial similarity it has proved copying.

7. Prejudicial misconduct by Plaintiff's counsel during closing argument by misstating the law in telling the jury that ideas could be copyrighted.

8. Error on the part of the court in failing to sustain Lotus's motion to strike Plaintiff's exhibits P-112 and P-115 from evidence as based upon speculation.

9. Error of law in sending instruction number 33 (Document # 357) to the jury after previously ordering that it not be admitted.

10. Mistake on the part of the jury.

11. To avoid manifest injustice.

Moving Parties will file and serve their supporting Memorandum of Points and Authorities with detailed citations to the trial transcripts and evidentiary exhibits as well as any declaration deemed appropriate, by no later than May 20, 2010 in accordance with this Court's orders issued March 26, 2010 (Document # 341) and

April 6, 2010 (Document # 356) and *Cambridge Plating Co., Inc. v. Napco, Inc.,* 85 F.3d 752 (1st Cir. 1996).

Dated this 19th day of April, 2010             /s/ Steven J. Hassing
                                                                Steven J Hassing, Attorney for
                                                                 defendants, Northern and Lotus

# CERTIFICATE OF SERVICE

1. On April 20, 2010, I served the following document:

   **NOTICE OF MOTION AND MOTION (1) TO ALTER JUDGEMENT, AND (2) FOR A NEW TRIAL**

2. The above-named document was served by the following means to the persons as listed below:

__XX__   By email to:

   Jeffrey Travis
   Borton, Petrini, LLP
   1600 Truxtun Avenue
   Bakersfield, CA  93301
   *Email: jtravis@bortonpetrini.com*

   Chaka Okadigbo
   Garcia Calderon Ruiz, LLP
   520 South Grand Avenue, Ste. 695
   Los Angeles, CA  90071
   *Email:  cokadigbo@gcrlegal.com*

   William L. Alexander
   Alexander & Associates
   1925 G Street
   Bakersfield, CA  93301
   *Email:  walexander@alexander-law.com*

I declare under penalty of perjury that the foregoing is true and correct.

Dated this 20th day of April, 2010.

                                 /s/ Kimberley A. Hassing
                                 Kimberley A. Hassing