**William L. Alexander** (State Bar Number 126607)
Alexander & Associates, PLC
1925 G Street
Bakersfield, CA 93301
Phone: (661) 316-7888
Fax: (661) 316-7890

**Attorneys for Defendant, Dennis W. DeWalt, Inc.**

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION

| | |
|---|---|
| ROGER McINTOSH, | Case No. 1:07-CV-01080 LJO-GSA |
| Plaintiff, | **DeWALT'S NOTICE OF MOTION AND MOTION FOR AN ORDER ALTERING OR AMENDING THE JUDGMENT AND/OR GRANTING A NEW TRIAL** |
| vs. | |
| NORTHERN CALIFORNIA UNIVERSAL ENTERPRISES COMPANY, a California Corporation, et al, | FRCP, Rule 59(a)&(e) Local Rules 291.2, 230 |
| Defendants. | Date: June 23, 2010<br>Time: 8:30 a.m.<br>Courtroom: 4<br>Judge: Hon. Lawrence J. O'Neill |

Defendant DENNIS W. DeWALT, INC. ("DeWALT"), in accordance with Federal Rules of Civil Procedure, Rule 59, and Local Rules 291.2 and 230, and on June 23, 2010, or on such other date as set by the court, at 8:30 a.m. or as soon thereafter as this matter may be heard, before the Honorable Lawrence J. O'Neill, in Courtroom 4 of the United States District Court, Eastern District of California, located at 2500 Tulare Street, Fresno, California, hereby provides notice to all parties and the court that it intends to move, and hereby moves, this Court for an Order granting a new trial and/or altering or amending the Judgment, all as set forth below.  This motion will be based upon this Notice of Motion and Motion, the Memorandum of Points and Authorities to be separately filed in this matter, the pleadings, files, and records in this case, and any other evidence, documentary or

Alexander & Associates
Attorneys at Law
1925 G Street
Bakersfield, CA 93301
(661) 316-7888

1    Case No. 1:07-CV-01080 LJO-GSA

NOTICE OF MOTION AND MOTION FOR NEW TRIAL, ETC.

1  otherwise, if any, submitted at the hearing on the motion.

2  (This Court issued an Order on April 6, 2010, Document #356, extending the time to file post-trial motions and supporting papers to May 20, 2010. However, DeWalt is filing this Notice of Motion and Motion at this time, with supporting papers to be filed on or before May 20, 2010, <u>only</u> because there is case law suggesting that this Court may not have jurisdiction to extend the time for the filing of this Notice of Motion and Motion, including to the extent it seeks relief under FRCP, Rule 59(e), though there does not appear to be any absence of jurisdiction to extend the time for filing the supporting papers. (See, e.g., *Tillman v. Association of Apt. Owners of Ewa Apts.*, 234 F.3d 1087, 1089 (9th Cir. 2000).) Therefore, this Notice of Motion and Motion are being filed on April 20, 2010, as a precaution, and to avoid any argument by plaintiff, or any determination by any reviewing court, that this Court was without the jurisdiction to extend the time for filing this Notice of Motion and Motion to May 20, 2010.)

Defendant's motion for an Order granting a new trial and/or altering or amending the Judgment is based on the following grounds, in addition to any ground not contained here but asserted by any other defendant in this action:

1.  <u>The jury verdict awards excessive damages to plaintiff</u>. The jury awarded plaintiff: $1,400,000.00 in actual damages (as against all defendants), $1,500,000.00 against defendant City of Wasco for profits earned from its infringing activity, $1,992,107.50 against defendant Northern for profits earned from its infringing activity; and $1,992,107.50 against defendant Lotus for profits earned from its infringing activity, for a total of $6,884,215.00 (Document #328, pages 7-9.). The award is a plain injustice and a shocking result, and should be set aside, as will be explained in the supporting papers to be filed on or prior to May 20, 2010.

2.  <u>The actual damages award of $1,400,000.00 is grossly excessive or monstrous, clearly not supported by the evidence, and/or based on speculation or guesswork</u>. As will be explained in the supporting papers to be filed on or prior to May 20, 2010, the amount of actual damages is the amount a willing buyer would have been reasonably required to pay a willing seller at the time of the infringement for the actual use made of plaintiff's work (Document #357, Jury Instruction 42, Page 49). Here, the only possible evidence is the plaintiff's cost of preparing

Alexander & Associates
Attorneys at Law
1925 G Street
Bakersfield, CA 93301
(661) 316-7888

2    Case No. 1:07-CV-01080 LJO-GSA

NOTICE OF MOTION AND MOTION FOR NEW TRIAL, ETC.

1  Tentative Tract 5472 ($10,000.00), the undisputed amount paid to defendant DeWalt ($27,000.00),
2  or, one could argue, the total amount unpaid to plaintiff with respect to Tract 5472 ($67,663.23;
3  Exhibit J-100).  It would be unreasonable to conclude that a willing buyer would pay the total
4  amount unpaid by the former developer in 1992 – 1994, roughly $341,000, when much of that
5  amount consists of work performed for, on, and for the benefit of properties other than Tentative
6  Tract 5472.  It would be equally unreasonable to conclude that a willing buyer would pay 18%
7  interest (the interest rate plaintiff charged under his contract with the former developer) on the
8  amount unpaid from 1994 until 2004.  Finally, it would be equally unreasonable to conclude that a
9  willing buyer would pay anything other than the cost of preparing and obtaining approvals of
10 tentative and final tract maps.  The fact is that there is no evidence to support a verdict that a willing
11 buyer would have reasonably paid $1,400,000.00 to plaintiff.

12       An award of $1,400,000.00 also has the result of a windfall recovery, with plaintiff being
13 paid two times (or more) for the same work.  Moreover, the jury's calculation of damages of
14 $1,400,000.00 (Document #328, page 7), as explained by plaintiff in closing argument (Reporter's
15 Transcript, page 1009, line 23 through page 1010, line 14 (hereafter "RT page:line") uses the
16 amount billed by plaintiff in 1992 – 1994, approximately $1,100,000.00, and then doubles that
17 amount in 2004 (by using plaintiff's average hourly rate of $72.00 in 1994 versus $144.00 in 2004),
18 for a total of $2,200,000.00.  Then the jury deducts the $800,000.00 paid in 1994 from the
19 $2,200,000.00, instead of using the 2004 value of the $800,000 paid in 1994.  The effect of using
20 2004 dollars to inflate the 1994 unpaid amount and using 1994 paid amount <u>not</u> inflated to 2004,
21 creates an inequitable result and windfall to plaintiff.

22       An award of $1,400,000.00 cannot be supported when it is based on <u>all</u> of the work
23 performed by plaintiff in 1992 – 1994 (on all 480 acres, not just the 33.51 acres involved in this
24 action), including the 5472 improvement plans, while the jury found that DeWalt did <u>not</u> copy the
25 improvement plans.  Plaintiff also failed to provide any evidence of the allocation of work (and cost)
26 among the Tentative Tract Map 5472, Tentative Tract Map 5618, the improvement plans, and the
27 master studies and other work performed outside of Tentative Tract Map 5472, simply asserting that
28 <u>all</u> work done by plaintiff was necessary and inseparable from Tentative Tract 5472.

Alexander & Associates
Attorneys at Law
1925 G Street
Bakersfield, CA 93301
(661) 316-7888

3          Case No. 1:07-CV-01080 LJO-GSA

NOTICE OF MOTION AND MOTION FOR NEW TRIAL, ETC.

1    In addition to its power to alter or amend the Judgment, including the power to set aside and
2 vacate the Judgment, in order to prevent manifest error, this Court has the power to conditionally
3 grant DeWalt's motion for new trial unless plaintiff agrees to a remittitur.  This is particularly ripe
4 for remittitur in the event this Court does not otherwise grant a complete new trial or issue orders
5 setting aside and vacating the Judgment completely.

6    3. <u>The verdict is against the clear weight of the evidence</u>.  As will be explained in the
7 supporting papers to be filed on or prior to May 20, 2010, there is no dispute, and the jury did not
8 conclude otherwise, that DeWalt independently performed all of its services.  The jury's conclusion
9 (Document #328, 7:13-16) that DeWalt did not earn any profits from its work (job costs were greater
10 than amount collected) is a further indication that DeWalt performed all of its own work.  The jury
11 also found that DeWalt did not copy plaintiff's improvement plans (Document #328, 2:1-5), upon
12 which a large part of plaintiff's substantial similarity argument was based.  Based on the jury's
13 findings, the only way the jury could have concluded that DeWalt did not independent create
14 Tentative Tract Map 6451 would be to accept plaintiff's arguments, particularly in opening
15 statement and closing argument, that by "copying what was on the ground" (RT 1102:13-20) – by
16 surveying and drawing the improvements on, in and under the ground – DeWalt committed a
17 copyright violation through "dependent" creation, a non-existent, novel legal concept advanced
18 throughout trial by plaintiff.

19    4. <u>The jury verdict is based on errors of law</u>.  As will be explained in the supporting
20 papers to be filed on or prior to May 20, 2010, the jury verdict in this action is the result of
21 erroneous evidentiary rulings and errors in the jury instructions.  Specifically, and in addition to the
22 evidence issues discussed above, an error of law (through erroneous evidentiary rulings and errors in
23 the jury instructions) occurred Jury Instruction 33 was given to the jury (Document #357, page 39)
24 even though this Court previously ruled that it was not to be given to the jury (RT 954:7) and it was
25 not read to the jury.  The result of this inclusion of Jury Instruction 33 was to give credence and
26 support to the notion advance by plaintiff, which DeWalt claims is an erroneous legal proposition,
27 that by "copying what was on the ground" DeWalt committed copyright infringement (negating
28 independent creation).  Another error of law occurred when plaintiff, in opening statement (RT

Alexander & Associates
Attorneys at Law
1925 G Street
Bakersfield, CA 93301
(661) 316-7888

4    Case No. 1:07-CV-01080 LJO-GSA

NOTICE OF MOTION AND MOTION FOR NEW TRIAL, ETC.

142:9 – 143:19) and in closing argument (RT 1102:13-20), represented to the jury that by "copying what was on the ground" DeWalt committed copyright infringement. An additional error of law occurred when this Court (RT 1102:13 – 1103:20) allowed plaintiff to argue in closing statement, and despite prior rulings by this Court to the contrary, that by "copying what was on the ground" DeWalt committed copyright infringement (negating independent creation), and despite objections to the same and without the jury being given curative instructions or admonishments.

  5. <u>The jury verdict is based on prejudicial misconduct by plaintiff's counsel</u>. Plaintiff's counsel committed the following instances of misconduct (in addition to those referenced above) which, individually or collectively, justify this Court issuing an Order for a new trial.

   a. By arguing to and misleading the jury (RT 1009:23 – 1010:14) that the actual damages are $1,400,000.00 by using the amount billed by plaintiff in 1992 – 1994, about $1,100,000.00, then doubling that amount in 2004 (by using plaintiff's average hourly rate of $72.00 in 1994 and $144.00 in 2004), for a total of $2,200,000.00, then deducting the $800,000.00 paid in 1994 from the $2,200,000.00, instead of deducting the $800,000 paid in 1994 in 2004 dollars.

   b. By arguing to and misleading the jury that all work performed by plaintiff, including work performed on the entire 480 acres of land, and not just the work limited to the 33.51 acres of Tentative Tract 5472, could be considered in calculating the actual damages suffered by plaintiff.

   c. By misstating the law by asserting to the jury that by "copying what was on the ground" (RT 1102:13-20) – by surveying and drawing the improvements on, in and under the ground – DeWalt committed a copyright violation through "dependent" creation, a non-existent legal concept advanced throughout trial by plaintiff.

   d. By misstating the law by asserting to the jury in opening statement (RT 142:9 – 143:19) and in closing argument (RT 1102:13-20) that by "copying what was on the ground" DeWalt committed copyright infringement irrespective of the fact that DeWalt independently created its work.

Alexander & Associates
Attorneys at Law
1925 G Street
Bakersfield, CA 93301
(661) 316-7888

5  Case No. 1:07-CV-01080 LJO-GSA

NOTICE OF MOTION AND MOTION FOR NEW TRIAL, ETC.

Alexander & Associates
Attorneys at Law
1925 G Street
Bakersfield, CA 93301
(661) 316-7888

  e. By misstating the law by asserting to the jury that in order to prevail plaintiff had to prove only access and substantial similarity (RT 1014:16-17; 1015:1-9; 1020:12-14; 1027:6-10; 1101:12 – 1102:20).

  6. <u>The jury verdict is inconsistent</u>.  In that the jury found that DeWalt did not copy the improvement plans and found that DeWalt did not profit from any infringing activity, the jury's finding that DeWalt copied Tentative Tract Map 5472 is inconsistent.  Plaintiff's arguments that DeWalt copied Tentative Tract Map 5472 were largely based on comparison of the improvement plans (including grading plan) which were not copied and DeWalt's Tentative Tract Map 6451 and Final Map 6451.  In addition, DeWalt cannot have copied Tentative Tract Map 5472 if DeWalt, in fact and as proven, independently created and performed its work, as found by the jury through its finding that DeWalt did not receive any profit (its costs were greater than the amount it was paid).  Therefore, the jury verdict finding that DeWalt copied Tentative Tract Map 5472 is inconsistent with the jury verdict that DeWalt did not copy the improvement plans (including grading plan) and the jury verdict that DeWalt earned no profits from any infringing activity.

  DeWalt requests that this Court grant its motion and Order a new trial, either partial or complete, for the reasons set forth above, and/or grant its motion and Order the Judgment altered or amended, or set aside and vacated, for the reasons set forth above.

Dated:  April 20, 2010          ALEXANDER & ASSOCIATES, PLC

              By: /S/ William L. Alexander
                WILLIAM L. ALEXANDER
                Attorneys for defendant Dennis W. DeWalt, Inc.

# PROOF OF SERVICE

I am employed in the County of Kern, State of California. I am over the age of 18 and not a party to the within action; my business address is 1925 G Street, Bakersfield, California.

On April 20, 2010, I served the foregoing document entitled **DeWALT'S NOTICE OF MOTION AND MOTION FOR AN ORDER ALTERING OR AMENDING THE JUDGMENT AND/OR GRANTING A NEW TRIAL** on interested parties in this action:

| | |
|---|---|
| James J. Braze, Esq. | Steven John Hassing, Esq. |
| Jeffrey A. Travis, Esq. | Law Offices of Steven J. Hassing |
| Borton Petrini & Conron | 425 Calabria Court |
| 5060 California Avenue, Suite 700 | Roseville, CA 95747 |
| Bakersfield, CA 93303-2026 | Email address: stevehassing@yahoo.com |
| Email address: jbraze@bortonpetrini.com | |
| Email address: jtravis@bortonpetrini.com | |

Chaka Chuba Okadigbo, Esq.
Garcia Caledron Ruiz
50 S. Grand Avenue, Suite 1100
Los Angeles, CA 90071
Email address: cokadigbo@gerlegal.com

\_\_\_  BY MAIL. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. postal service on that same day with postage thereon fully prepaid at Bakersfield, California in the ordinary course of business. The above sealed envelopes were placed for collection and mailing on the above date following ordinary business practice.

 XX   BY ELECTRONIC SERVICE. Pursuant to Fed. R. Civ.P. 5(b)(2)(E) and Local Court Rule(s), the foregoing document will be served by the court via CM/ECF. Pursuant to the CM/ECF docket for this case proceeding the following person(s) are on the Electronic Mail Notice List to receive ECF transmission at the email address(es) indicated above.

Executed on April 20, 2010, at Bakersfield, California.

 X   (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

/s/     Diane Ruff
DIANE RUFF

Alexander & Associates
Attorneys at Law
1925 G Street
Bakersfield, CA 93301
(661) 316-7888

7                   Case No. 1:07-CV-01080 LJO-GSA

NOTICE OF MOTION AND MOTION FOR NEW TRIAL, ETC.