BONIFACIO BONNY GARCIA (SBN 100761)
CHAKA C. OKADIGBO (SBN 224547)
SUSAN GRAHAM BARNES (phv)
GCR, LLP
520 SOUTH GRAND AVENUE, SUITE 695
LOS ANGELES, CA  90071
Tel: (213) 347-0210
Fax: (213) 347-0216

Attorneys for Defendant CITY OF WASCO

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION

| | |
|---|---|
| ROGER McINTOSH<br><br>Plaintiff,<br><br>vs.<br><br>NORTHERN CALIFORNIA UNIVERSAL ENTERPRISES COMPANY, INC., *et al*.,<br><br>Defendants. | Case No: 1:07-CV-01080-LJO-WMV<br><br>**DEFENDANT CITY OF WASCO'S NOTICE OF MOTION AND MOTION TO ALTER OR AMEND THE JUDGMENT OR, IN THE ALTERNATIVE, FOR A NEW TRIAL PURSUANT TO RULES 59 AND 60 OF THE FEDERAL RULES OF CIVIL PROCEDURE**<br><br>Date:        June 23, 2010<br>Time:       8:30 a.m.<br>Courtroom.: 4<br>Judge:      Honorable Lawrence J. O'Neill |

PLEASE TAKE NOTICE that on June 23, 2010 at 8:30 a.m. in Courtroom 4 of the United States District Court for the Eastern District of California located at 2500 Tulare Street, Fresno, California, Defendant City of Wasco ("the City") will move this Court for an order to amend or alter the judgment in the above-captioned case by entry of judgment in favor of the City dismissing all claims against it or reducing the judgment amount or, alternatively, for a new trial.

The City's motion to amend or alter the judgment is made pursuant to Rule 59(e) of the Federal Rules of Civil Procedure for the following reasons:

(1) To prevent a manifest injustice in that the $1.4 million in actual damages awarded to Plaintiff is in excess of the amount in actual damages that Plaintiff is permitted to recover under copyright law for the Revised Tentative Map for Tract 5472 and the improvement plans for Tract 5472 because (a) Plaintiff may not recover for the value of work performed by Martin-McIntosh outside of Tract 5472, (b) Martin-McIntosh had already received all but approximately $67,000 for all work performed on Tract 5472, (c) Plaintiff will have received a double payment for the same work if the award is permitted to stand, and (d) a willing buyer would not pay $1.4 million for the Revised Tentative Map for Tract 5472 and/or the improvement plans for Tract 5472.

(2) To prevent a manifest injustice in that the $1.4 million in actual damages awarded to Plaintiff is in excess of the amount in actual damages that Plaintiff is permitted to recover because the record establishes that the value of the Revised Tentative Map for Tract 5472 and improvement plans for Tract 5472 was not worth $1.4 million;

(3) To prevent a manifest injustice in that, collectively, (a) the jury's finding that Defendants Northern California Universal Enterprises Company ("Northern"), Lotus Developments, LP ("Lotus"), and Dennis W. DeWalt, Inc. ("DeWalt") did not infringe on Plaintiff's copyright interests in the improvement plans and (b) evidence that the City distributed the 5472 tentative map and improvement plans does not support an award of $1.4 million in actual damages;

(4) To prevent a manifest injustice with regards to the award of $1.5 million in infringer profits because Plaintiff failed to demonstrate a sufficient causal nexus between the distribution of the Revised Tentative Map for Tract 5472 via the Developer Information Package and the monies the City received from the sale of Valley Rose Estates parcels of land to Northern/Lotus;

(5) To prevent a manifest injustice with regards to the award of $1.5 million in infringer profits because the record established that the City received no more

than approximately $240,000 from the sale of parcels 1 and 3 of the Valley Rose Estates to Northern and/or Lotus;

(6) To prevent a manifest injustice with regards to the award of $1.5 million in infringer profits because the record establishes that the $528,000 in impact fees that the City collected from the Valley Rose Estates Subdivision (Tract 6451) was intended to mitigate the impacts of the Subdivision on the costs to the City of providing services, such as water and sewer distribution to the Subdivision and, therefore, cannot factor into the calculation of infringer profits; and

(7) To prevent a manifest injustice because the verdict and judgment regarding actual damages and infringer profits were grossly excessive, are shocking to the conscience and constitute a miscarriage of justice; and

(8) Any grounds not mentioned specifically herein but which Defendants Northern, Lotus and/or DeWalt have asserted in their post trial motions seeking that the Court alter or amend the judgment or issue an order granting a new trial.

The City's alternative request for a new trial is made pursuant to Rule 59(a)(1)(A) of the Federal Rules of Civil Procedure and is based on the following grounds:

(1) The amount awarded by the jury to the Plaintiff as actual damages and infringer profits are excessive and unsupported by copyright law because (a) Plaintiff may not recover for the value of work performed by Martin-McIntosh outside of Tract 5472, (b) Martin-McIntosh had already received all but approximately $67,000 for all work performed on Tract 5472, (c) the record establishes that the value of the Revised Tentative Map for Tract 5472 and improvement plans for Tract 5472 was not worth $1.4 million, (d) the jury's finding that (1) Defendants Northern California Universal Enterprises Company ("Northern"), Lotus Developments, LP ("Lotus"), and Dennis W. DeWalt, Inc. ("DeWalt") did not infringe on Plaintiff's copyright interests in the improvement plans and (2) the City copied the 5472 improvement plans does not support an award in actual damages of $1.4 million, (e) Plaintiff failed to demonstrate a sufficient causal nexus between the

1 distribution of the Revised Tentative Map for Tract 5472 via the Developer
2 Information Package and the profits generated from the sale of parcels 1 and 3 of
3 the Valley Rose Estates to Northern and/or Lotus, (f) the undisputed evidence
4 established that the City only received approximately $240,000 from the sale of
5 parcels 1 and 3 of the Valley Rose Estates to Northern and/or Lotus, thus refuting
6 the $1.5 million infringer profits award against the City, and (g) the record
7 establishes that the impact fees collected by the City from the Valley Rose Estates
8 Subdivision (Tract 6451) were for purposes of mitigating the impacts of the
9 Subdivision on the costs to the City of providing services, such as water and
10 sewer distribution to the Subdivision and, as such, cannot support any part of the
11 infringer profits award of $1.5 million;
12 (2) Plaintiff's counsel committed misconduct during closing argument by contending
13 to the jury that the value of work performed by Martin-McIntosh outside of Tract
14 5472 may be considered by the jury in calculating Plaintiff's actual damages for
15 infringement relating to the Revised Tentative Map for Tract 5472 and
16 improvement plans for Tract 5472;
17 (3) Plaintiff's counsel committed misconduct during the trial by explaining to the jury
18 that, for infringement relating only to the Revised Tentative Map for Tract 5472
19 and the improvement plans for Tract 5472, Plaintiff may nevertheless recover in
20 actual damages payments that Martin-McIntosh had already received for the work
21 it performed both on Tract 5472 and on the entire 480 acres of the Valley Rose
22 Estates;
23 (4) Plaintiff's counsel committed misconduct during the trial by misstating the law
24 when they contended that DeWalt's depiction of the existing infrastructure
25 improvements in their subdivision maps constitutes copyright infringement
26 regardless of whether or not Defendants copied the Revised Tentative Map for
27 Tract 5472 and/or the improvement plans for Tract 5472, thus rendering the trial
28 unfair;

(5) Plaintiff's counsel committed misconduct during the trial by misstating the law when they contended that DeWalt's depiction of the existing infrastructure improvements in its subdivision maps defeats Defendants' independent creation defense regardless of whether or not Defendants copied the Revised Tentative Map for Tract 5472 and/or the improvement plans for Tract 5472 , thus rendering the trial unfair;

(6) Plaintiff's counsel committed misconduct during closing argument when misstating the law by telling the jury that Plaintiff need only prove access and substantial similarity to prevail in the litigation;

(7) The verdict is against the clear weight of the evidence with respect to the jury's finding that Defendants Northern California Universal Enterprises Co., Lotus Developments, LP and Dennis W. DeWalt, Inc. copied the Tentative Map for Tract 6451, which finding, by consequence, means that the jury's findings that the City engaged in contributory and vicarious infringement are also against the clear weight of the evidence;

(8) The Court erred as a matter of law by barring the City from presenting its affirmative defense that the map and plans for Tract 5472 are public records (or in striking the City's publication defense) and, as such, that the City could distribute them without violating copyright laws;

(9) The Court erred as a matter of law by allowing Instruction No. 33 to be given to the jury despite the fact that the Court had already ruled that the instruction should be stricken and that Plaintiff had introduced no evidence at trial of a third work relating to his copyright infringement claims, the effect of which was to enhance Plaintiff's legally unsupported claims that copying the infrastructure improvement alone constitutes copyright infringement and/or that it defeats the defense of independent creation;

| | | |
|---|---|---|
| 1 | (10) | The jury's finding that the City is liable for the copying of the Revised Tentative |
| 2 | | Map for Tract 5472 was against the weight of the evidence insofar as the City's |
| 3 | | fair use defense absolved it of any liability to Plaintiff; |
| 4 | (11) | The Court improperly denied the City's Motion in Limine No. 6 which sought to |
| 5 | | limit Plaintiff's evidence of copying solely to those aspects of the Revised |
| 6 | | Tentative Map for Tract 5472 and/or the 5472 improvement plans that are |
| 7 | | copyrightable, the effect of which was to create a false impression as to the |
| 8 | | magnitude of Plaintiff's evidence of copying and to confuse the jury as to the |
| 9 | | evidence it was legally entitled to consider when determining the issue of |
| 10 | | substantial similarity; |
| 11 | (12) | The Court erred as a matter of law by granting Plaintiff's motion in limine |
| 12 | | seeking to exclude evidence of bond debts, which, as a result, prevented the City |
| 13 | | from presenting relevant and admissible evidence relating to deductions from |
| 14 | | "profit" for purposes of calculating infringer profits; |
| 15 | (13) | The verdict and judgment relating to actual damages and infringer profits were |
| 16 | | excessive and against the weight of the evidence; |
| 17 | (14) | Mistake on the part of the jury; |
| 18 | (15) | To avoid a manifest injustice; and |
| 19 | (16) | Any grounds not mentioned specifically herein but which Defendants Northern, |
| 20 | | Lotus and/or DeWalt have asserted in their post trial motions seeking that the |
| 21 | | Court alter or amend the judgment or issue an order granting a new trial. |

The City's motion for relief from judgment and the October 30, 2009 summary adjudication order (Document No. 186) is made pursuant to Rule 60(b)(1) and (6) of the Federal Rules of Civil Procedure and is based on all of the reasons set forth above.

This motion is based on this notice, the City's memorandum of points and authorities and additional supporting papers that the City will file on or before May 20, 2010, the record of the trial of this matter, all other records in this matter, and on all such matters as the Court deems appropriate.

1   In filing this notice of motion and motion without supporting papers, the City is relying on the Court's order granting its request for an extension of time to file moving and supporting papers for its Rule 59 based post trial motions until May 20, 2010 (Document No. 356) and on the Court's prior order expressing that it would entertain requests for additional time to file supporting papers (Document No. 341).  The City intends to file its supporting papers by May 20, 2010 but is filing this notice of motion and motion within 28 days of the entry of judgment in this action pursuant to Rule 59 of the Federal Rules of Civil Procedure as a precautionary measure so as to avoid any potential claim by Plaintiff that the Court lacks the power to extend the deadline for the filing of post trial motions.  In this regard, the City is relying upon case law which supports its position that it may file supporting papers after it has filed a timely noticed Rule 59 post trial motion, as long as the Court has previously granted a request for an extension of time to file supporting papers outside of the 28 day timeframe of Rule 59. *See, e.g. Flagship West, LLC v. Excel Realty Partners*, L.P., 2007 WL 1574967 (E.D. Cal. 2007); *Cambridge Plating Co., Inc. v. Napco, Inc*., 85 F.3d 752 (1st Cir. 1996); *Moore's Federal Practice*, § 59.11 (3rd ed.)  This Court's April 6, 2010 Order (Document No. 356) granted the City's request for additional time to file moving and supporting papers.

DATED:  April 20, 2010                              GCR, LLP


By:    /s/Chaka C. Okadigbo
CHAKA C. OKADIGBO
SUSAN GRAHAM BARNES
Attorneys for Defendant
CITY OF WASCO

## PROOF OF SERVICE

I, Chaka C. Okadigbo, declare that I am over the age of eighteen (18) and not a party to this action. My business address is 520 South Grand Avenue, Suite 695, Los Angeles, CA 90071.

On April 20, 2010, I served **DEFENDANT CITY OF WASCO'S NOTICE OF MOTION AND MOTION TO ALTER OR AMEND THE JUDGMENT OR, IN THE ALTERNATIVE, FOR A NEW TRIAL PURSUANT TO RULES 59 AND 60 OF THE FEDERAL RULES OF CIVIL PROCEDURE** upon the following parties pursuant to the method described below:

(1)   Jeffrey A. Travis, Esq. at jtravis@bortonpetrini.com

(2)   James Braze, Esq. at jbraze@bortonpetrini.com

(3)   Steven J. Hassing at stevehassing@yahoo.com

(4)   William L. Alexander at walexander@alexander-law.com

**BY ELECTRONIC SERVICE:** Pursuant to Fed.R.Civ.P.5(b)(2) and Local Court Rule(s), the foregoing document will be served by the court via CM/ECF. Pursuant to the CM/ECF docket for this case proceeding, the foregoing person(s) are on the Electronic Mail Notice List to receive ECF transmission at the email address(es) indicated above.

I declare under penalty of perjury under the laws of the state of California that the above is true and correct.

Executed, April 20, 2010 Los Angeles, California.

          /s/ Chaka C. Okadigbo
          Chaka C. Okadigbo