Steven J. Hassing
California SBN 152125
LAW OFFICES OF STEVEN J. HASSING
425 Calabria Court
Roseville, CA  95747
Telephone:  (916) 677-1776
Facsimile:   (916) 677-1770

Attorney *for Defendants, Northern California Universal Enterprise Company and Lotus Developments, L.P.*

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROGER MCINTOSH,<br><br>                         Plaintiff(s);<br>v.<br><br>NORTHERN CALIFORNIA UNIVERSAL ENTERPRISES COMPANY, ET AL.,<br><br>                         Defendant(s). | No.  1:07-CV-01080-LJO-GSA<br><br>**NORTHERN'S AND LOTUS'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION;**<br><br>**(1) TO ALTER OR AMEND JUDGMENT**<br><br>**(2) FOR A NEW TRIAL**<br><br>**FRCP 59(a), (e)**<br><br>DATE:  JUNE 23, 2010<br><br>HONORABLE LAWRENCE O'NEILL |

# TABLE OF CONTENTS

PAGE

I    **INTRODUCTION**    1

     A. Relief Requested    2

     B. Rule 59 allows the court to reweigh the evidence without viewing it in the light most favorable to the party who prevailed at trial    2

     C. Brief summary of defendants' argument    3

II    **PLAINTIFF'S JUDICIAL ADMISSION THAT DEFENDANTS DID NOT COPY PRECLUDED THE JURY FROM FINDING DEFENDANTS LIABLE FOR DIRECT INFRINGEMENT. THE JURY WAS ALSO PRECLUDED FROM FINDING VICARIOUS INFRINGEMENT DUE TO PLAINTIFF'S FAILURE TO OFFER EVIDENCE TO SUPPORT ANY OF THE REQUIRED ELEMENTS OF THAT TORT**    4

     A. Plaintiff admitted during closing argument that neither Northern nor Lotus copied anything and that any infringement liability as to them was vicarious. Plaintiff's attorney even told the jury to mark "no" at the appropriate part of the verdict form to signify finding that Defendants' did not copy    4

     B. Plaintiff failed to plead facts sufficient to obtain relief for vicarious infringement    6

     C. Plaintiff failed to establish receipt of direct profit resulting from another defendant's infringement or that they had the practical ability to supervise or control infringing acts of any other defendant    7

III    **ALL DAMAGES ASSESSED AGAINST NORTHERN AND LOTUS ARE AGAINST THE CLEAR WEIGHT OF EVIDENCE, FIND NO SUPPORT IN LAW, AND ARE THE RESULT OF THE JURY'S OUTRAGEOUS DISREGARD OF THE JURY INSTRUCTIONS**    11

     A. Actual damages of $1,400,000 is against the clear weight of evidence and law, awards plaintiff an inequitable windfall and if not reduced to -0- must be reduced to $20,500    11

i

    B. In Determining Profit Damages of $3,984,815 the Jury Failed to Follow Instruction 43. In Addition, the Award Was Against the Great Weight of Evidence and Law and Was Based on Speculation. The Part of the Judgment Reflecting the Jury's Determination of Profit Must be Reduced to Zero or a New Trial Must be Ordered .......... 14

        1. In determining profit, instruction 43 allowed the jury to use only revenue actually received. The jury's use of $11,845,281.67 in estimated future revenue violated the mandate of instruction 43 and requires a new trial .......... 14

        2. Before the jury could award profit damages to Plaintiff it had to find a casual relationship between the infringement and the profit. However, there is no evidence to support this required relationship .......... 17

        3. The court's failure to strike Merati's written summaries on Lotus's motion mandates a new trial. He had no training as an appraiser or contractor, rendering his opinions on future sales prices and future construction costs unreliable and speculative .......... 19

        4. There was no evidence that Northern received any revenue whatsoever .......... 21

IV    PREJUDICIAL MISSTATEMENT OF LAW BY PLAINTIFF'S COUNSEL, THE COURT'S FAILURE TO ISSUE AN ADEQUATETLY STRICT ADMONITION, AND THE GIVING OF INSTRUCTION 33 OVER ALL DEFENDANTS' OBJECTIONS MANDATE A NEW TRIAL .......... 22

    A. Deliberate Misstatements of Law by Plaintiff's Counsel During Closing Argument Constitutes Prejudicial Misconduct Requiring a New Trial .......... 22

    B. The court's admonitions were ineffective to cure counsel's egregious misstatement of law, and the resulting prejudice requires a new trial .......... 26

    C. It was legal error to give instruction 33 over defendants' Objection .......... 27

V    CONCLUSION .......... 28

# TABLE OF AUTHORITIES

PAGE

**Federal Statutes**

| | |
|---|---|
| Rule 8, Federal Rules of Civil Procedure | 7 |
| Rule 8(a)(2), Federal Rules of Civil Procedure | 7 |
| Rule 8(a)(3), Federal Rules of Civil Procedure | 7 |
| Rule 59, Federal Rules of Civil Procedure | 2, 13, 29 |
| Rule 59(a), Federal Rules of Civil Procedure | 2 |
| Rule 59(e), Federal Rules of Civil Procedure | 2 |
| Rule 702, Federal Rules of Evidence | 19 |

**California Statutes**

| | |
|---|---|
| California Corporations Code § 15643(b) | 22 |
| California Corporations Code § 15653 | 22 |

**Federal Cases**

| | |
|---|---|
| *Adobe Systems Inc. v. Canus Productions*, 173 F.Supp.2d 1044 (C.D. Cal. 2001) | 9, 10, 11 |
| *Bell Atlantic Corp. v Twombly*, 550 U.S. 544 (2007) | 7 |
| *B.K.B. v. Maui Police Dept*, 276 F3d 1091 (9th Cir. 2002) | 27 |
| *Brown v. Royalty*, 535 F.2d 1024 (8th Cir.1976) | 25 |
| *Business Trends Analysts, Inc. v. Freedonia Group, Inc.* 887 F2d 399 (2d Cir. 1989) | 20 |
| *Deutsch v. Arnold*, 98 F.2d 686 (2d Cir. 1938) | 11 |
| *Fonovisa v. Cherry Auction, Inc*, 76 F.3d 259 (9th Cir. 1996) | 10 |
| *Frank Music Corp. v. Metro-Goldwyn-Mayer*, 772 F.2d 505 (9th Cir. 1985) | 18, 19 |
| *Gruca v. Alpha Therapeutic Corp.*, 51 F3d 638 (7th Cir. 1995) | 25, 26 |

*Landes Construction Co., Inc. v. Royal Bank of Canada*, 833 F2d 1365 (9th Cir. 1987) ......... 2

*Mackie v. Rieser*, 296 F.3d 909 (9th Cir. 2002) ......... 11, 12, 18

*McWhorter v. City of Birmingham*, 906 F2d 674 (11th Cir. 1990) ......... 27

*Melvin v. UA Local 13 Pension Plan*, 236 F.R.D. 139 (W.D. N.Y. 2006) ......... 7

*Metro-Goldwyn-Mayer Studios Inc. v. Grokster*, 545 U.S. 913 (2005) ......... 7, 9, 10, 18, 19

*Molski v. M.J. Cable, Inc.* 481 F.3d 724 (9th Cir. 2007) ......... 2, 13

*Official Airline Guides, Inc. v. Goss* 6 F3d 1385 (9th Cir. 1993) ......... 26

*Perfect 10, Inc. v. Amazon.com*, 487 F.3d 701 (9th Cir. 2007) ......... 7

*Polar Bear Productions v. Timex*, 384 F.3d 700 (9th Cir. 2004) ......... 10

*Puerto Rico Aqueduct & Sewer Auth. v. Constructora Lluch, Inc.*, 169 F.3d 68 (1st Cir. 1999) ......... 27

*Shapiro v. Green*, 316 F.2d 304 (2nd Cir. 1963) ......... 10

*Silver Sage Partners, Ltd. v. City of Desert Hot Springs* 251 F3d 814 (9th Cir. 2001) ......... 2, 13

*Tyger Construction Co., Inc. v. Pensacola Construction Co.*, 29 F.3d 137 (4th Cir. 1994) ......... 20

*United States v. Adams*, 422 F.2d 515 (10th Cir. 1970) ......... 4

*United States v. Bentson,* 947 F.2d 1353, 1356 (9th Cir. 1991) ......... 4

*United States v. Guerra de Aguilera*, 600 F.2d 752 (9th Cir. 1979) ......... 4

*United States v. Johnson*, 618 F.2d 60 (9th Cir. 1980) ......... 26