Steven J. Hassing
California SBN 152125
LAW OFFICES OF STEVEN J. HASSING
425 Calabria Court
Roseville, CA 95747
Telephone: (916) 677-1776
Facsimile: (916) 677-1770

Attorney *for Defendants, Northern California*
*Universal Enterprise Company and*
*Lotus Developments, L.P.*

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROGER MCINTOSH,<br><br>                              Plaintiff(s);<br><br>v.<br><br>NORTHERN CALIFORNIA UNIVERSAL ENTERPRISES COMPANY, ET AL.,<br><br>                              Defendant(s). | No. 1:07-CV-01080-LJO-GSA<br><br>**NORTHERN'S COMPENDIUM OF EVIDENCE AND OTHER DOCUMENTS REFERENCED IN ITS MEMORANDUM OF POINTS AND AUTHORITIES SUPPORTING MOTION TO ALTER JUDGMENT OR FOR A NEW TRIAL**<br><br>**DATE: JUNE 23 2010**<br>**TIME: 8:30 A.M.**<br>**DEPT.: 4 (LJO)**<br><br><br>**HONORABLE LAWRENCE O'NEILL** |

The following documents are referenced in Defendants' Memorandum of Points and Authorities in support of their Motion to Alter the Judgment or for New Trial. Relevant portions are indexed and provided to the court in this compendium for the court's convenience.

Ex A    Jury Instruction 17        Relevant Stipulated Facts

Ex B    Jury Instruction 33        Copying of a Copy

Ex C    Jury Instruction 38        Vicarious Infringement

Ex D   Jury Instruction 42          Actual Damages

Ex E   Jury Instruction 43          Profit Damages

Ex F   Verdict Form                Questions 1-5

Ex G   Trial Ex J-3                19 Closing Statements

Ex H   Trial Ex J-4                McIntosh Accounting Record Showing Total Costs and
                                    Payments

Ex I   Trial Ex J-18               DeWalt Proposal to Northern

Ex J   Trial Ex D-250              McIntosh Accounting Record Showing Cost of Map

Ex K   Trial Ex P-112              Merati P & L Summary of Total Profit

Ex L   Trial Ex P-113              Merati P & L on 19 Sold Homes

Ex M   Trial Ex P-114              Merati P & L on 11 Unsold Homes

Ex N   Trial Ex P-115              Merati P & L on 38 Homes to be Built

Ex O   Court's Trial Exhibit "E"   Jury Question and Court's Answer

Ex P   California Corp Code Section 15643(b)

Ex Q   California Corp Code Section 15653


Dated this 20th day of May, 2010                      _____/s/ Steven J. Hassing
                                                      Steven J Hassing, Attorney for Lotus
                                                      Developments, LP and Northern
                                                      California Universal Enterprise
                                                      Company

**CERTIFICATE OF SERVICE**

1.    On May 20, 2010, I served the following document:

- **COMPENDIUM**

2.    The above-named document was served by the following means to the persons as listed below:

__XX__    United States Mail, first class postage fully prepaid and addressed to:

James Braze
Jeffrey Travis
Borton, Petrini, LLP
5060 California Ave, Suite 700
Bakersfield 93309

Chaka Okadigbo
Garcia Calderon Ruiz, LLP
520 South Grand Avenue, Ste. 695
Los Angeles, CA  90071

William L. Alexander
Alexander & Associates
1925 G Street
Bakersfield, CA  93301

By fax transmission. I faxed the document to the persons at the fax number listed below. No error was reported by the fax machine that I used. A copy of the record of the fax transmission is attached.

I declare under penalty of perjury that the foregoing is true and correct.

Dated this 20th day of May, 2010

/s/ Kimberley A. Hassing
Kimberley A. Hassing

EXHIBIT "A"
JURY INSTRUCTION 17

**INSTRUCTION NO. 17**

**STIPULATIONS OF FACT**

The parties have agreed on certain facts which have been stated to you.  You should therefore treat these facts as having been proved.  In addition, the parties stipulate to the following facts:

1.    The plaintiff is Roger McIntosh.  I will refer to him sometimes as "plaintiff" or "Mr. McIntosh."

2.    Mr. McIntosh is a civil engineer who does business as McIntosh & Associates.

3.    Prior to 1999, Mr. McIntosh was a partner with Eugene Martin in the firm Martin-McIntosh.

4.    The Martin-McIntosh firm dissolved in 1999.

5.    Defendant Northern California Universal Enterprises Co. is a California corporation engaged in real estate acquisition and development.  I will sometimes refer to this defendant as "Northern."

6.    Defendant Lotus Development, LP is a California limited partnership engaged in real estate development and sales.  I will sometimes refer to this defendant as "Lotus."

7.    Northern is the general partner of Lotus.

8.    Defendant the City of Wasco is a city located in Kern County, California.  I will sometimes refer to this defendant as the "City."

19

# EXHIBIT "B"
# JURY INSTRUCTION 33

# INSTRUCTION NO. 33

## COPYING FROM A COMMON SOURCE

A work is copied if a defendant copied from a third work rather than from the plaintiff's work if such third work was itself a copy of the plaintiff's work.

39

EXHIBIT "C"
JURY INSTRUCTION 38

**INSTRUCTION NO. 38**

## DERIVATIVE LIABILITY—VICARIOUS INFRINGEMENT—ELEMENTS AND BURDEN OF PROOF

If you find that a defendant infringed the plaintiff's copyright in the work, you may consider the plaintiff's claim that a different defendant vicariously infringed that copyright. The plaintiff has the burden of proving each of the following by a preponderance of the evidence:

1.    The defendant profited directly from the infringing activity of the infringing defendant;

2.    The defendant had the right and ability to supervise or control the infringing activity of the infringing defendant; and

3.    The defendant failed to exercise that right and ability to supervise or control the infringing activity of the infringing defendant.

If you find that the plaintiff proved each of these elements, your verdict should be for the plaintiff if you also find that a defendant infringed plaintiff's copyright.

If, on the other hand, the plaintiff has failed to prove any of these elements, your verdict should be for the defendant.

45

# EXHIBIT "D"
# JURY INSTRUCTION 42

**INSTRUCTION NO. 42**

**COPYRIGHT—DAMAGES—ACTUAL DAMAGES**

**(17 U.S.C. § 504(b))**

The copyright owner is entitled to recover the actual damages suffered as a result of the infringement. Actual damages means the amount of money adequate to compensate the copyright owner for the reduction of the fair market value of the copyrighted work caused by the infringement.

The reduction of the fair market value of the copyrighted work is the amount a willing buyer would have been reasonably required to pay a willing seller at the time of the infringement for the actual use made by the defendant of the plaintiff's work. That amount also could be represented by the lost license fees the plaintiff would have received for the defendant's unauthorized use of the plaintiff's work.

49

# EXHIBIT "E"
# JURY INSTRUCTION 43

## INSTRUCTION NO. 43

### COPYRIGHT—DAMAGES—DEFENDANT'S PROFITS

### (17 U.S.C. § 504(b))

In addition to actual damages, the copyright owner is entitled to any profits of the defendant attributable to the infringement. You may not include in an award of profits any amount that you took into account in determining actual damages.

You may make an award of the defendant's profits only if you find that the plaintiff showed a causal relationship between the infringement and the profits generated indirectly from the infringement.

The defendant's profit is determined by subtracting all expenses from the defendant's gross revenue.

The defendant's gross revenue is all of the defendant's receipts from the use or sale of a copyrighted work associated with the infringement. The plaintiff has the burden of proving the defendant's gross revenue by a preponderance of the evidence.

Expenses are all operating costs, overhead costs, and production costs incurred in producing the defendant's gross revenue. The defendant has the burden of proving the defendant's expenses by a preponderance of the evidence.

Unless you find that a portion of the profit from the use or sale of a copyrighted work is attributable to factors other than use of the copyrighted work, all of the profit is to be attributed to the infringement. The defendant has the burden of proving the portion of the profit, if any, attributable to factors other than infringing the copyrighted work.

50

# EXHIBIT "F"
# VERDICT FORM

1
2
3
4
5
6
7
8                          IN THE UNITED STATES DISTRICT COURT
9                      FOR THE EASTERN DISTRICT OF CALIFORNIA
10
11    ROGER McINTOSH,
                                                 CASE NO. CV F 07-1080 LJO GSA
12                        Plaintiff,
           vs.                                   **VERDICT**
13
      NORTHERN CALIFORNIA
14    UNIVERSAL ENTERPRISES,
      INC., LOTUS DEVELOPMENTS,
15    LP, THE CITY OF WASCO,
      AND DENNIS W. DeWALT,
16    INC.,
17                        Defendants.
18    _____/
19
            We, the jury, unanimously find the following, by a **preponderance of the evidence**:
20
21
22                          **COPYRIGHT INFRINGEMENT**
23    **Question No. 1:**
24            Did defendant Dennis W. DeWalt, Inc. copy plaintiff Roger McIntosh's Tentative Map for Tract
25    5472?
26    YES_____✔_____
27    NO_____
28    Proceed to Question No. 2.

                                          1

1   **Question No. 2:**

2        Did defendant Dennis W. DeWalt, Inc. copy plaintiff Roger McIntosh's Improvement Plans for

3   Tract 5472?

4   YES_____

5   NO    ✓_____

6   Proceed to Question No. 3.

7   **Question No. 3:**

8        Did defendant Northern California Universal Enterprises, Inc. copy plaintiff Roger McIntosh's

9   Tentative Map for Tract 5472?

10  YES    ✓_____

11  NO_____

12  Proceed to Question No. 4.

13  **Question No. 4:**

14       Did defendant Northern California Universal Enterprises, Inc. copy plaintiff Roger McIntosh's

15  Improvement Plans for Tract 5472?

16  YES_____

17  NO    ✓_____

18  Proceed to Question No. 5.

19  **Question No. 5:**

20       Did defendant Lotus Developments, LP copy plaintiff Roger McIntosh's Tentative Map for Tract

21  5472?

22  YES    ✓_____

23  NO_____

24  Proceed to Question No. 6.

25  ///

26  ///

27  ///

28  ///

2