**William L. Alexander** (State Bar Number 126607)
Alexander & Associates, PLC
1925 G Street
Bakersfield, CA  93301
Phone:  (661) 316-7888
Fax:  (661) 316-7890

**Attorneys for Defendant, Dennis W. DeWalt, Inc.**

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION

| | |
|---|---|
| ROGER McINTOSH, | ) Case No.  1:07-CV-01080 LJO-GSA |
| | ) |
| Plaintiff, | ) **DeWALT'S BRIEF IN SUPPORT OF** |
| | ) **MOTION FOR AN ORDER ALTERING OR** |
| vs. | ) **AMENDING THE JUDGMENT AND/OR** |
| | ) **GRANTING A NEW TRIAL** |
| NORTHERN CALIFORNIA UNIVERSAL | ) FRCP, Rule 59 (a) & (e) |
| ENTERPRISES COMPANY, a California | ) Local Rules 291.2, 230 |
| Corporation, et al, | ) |
| | ) Date:       June 23, 2010 |
| | ) Time:       8:30 a.m. |
| Defendants. | ) Courtroom: 4 |
| | ) Judge:      Hon. Lawrence J. O'Neill |
| | ) |

Alexander & Associates
Attorneys at Law
1925 G Street
Bakersfield, CA 93301
(661) 316-7888

Case No. 1:07-CV-01080 LJO-GSA

DeWALT'S BRIEF IN SUPPORT OF MOTION FOR NEW TRIAL, ETC.

# TABLE OF CONTENTS

Page

INTRODUCTION................................................................................................1

DISCUSSION ....................................................................................................5

I.     THE JURY VERDICT AWARDS EXCESSIVE DAMAGES
       TO PLAINTIFF............................................................................................5

       A.    The Total Amount of the Jury Verdict................................................5

       B.    The Lack of a Causal Relationship Between the Amount
             of the Jury Verdict and the Infringing Activity................................5

II.    THE ACTUAL DAMAGES AWARD OF $1,400,000 IS GROSSLY
       EXCESSIVE, CLEARLY NOT SUPPORTED BY THE EVIDENCE,
       AND/OR BASED ON SPECULATION OR GUESSWORK................................6

       A.    Actual Damages Defined and Supporting Evidence
             (or Lack Thereof) ..........................................................................6

             1.    A Willing Buyer............................................................8

             2.    Reasonably Required to Pay ........................................8

             3.    Willing Seller...............................................................9

             4.    At the Time of the Infringement .................................10

             5.    The Actual Use Made by Defendant of the Copyrighted Work..........10

       B.    Excluding Plaintiff's Costs Unrelated to TTM 5472 and
             Plaintiff's Costs Relating to the Improvement Plans......................12

       C.    Other Issues................................................................................14

             1.    Profits Versus Revenues ............................................14

             2.    No Legal Basis ...........................................................14

             3.    Statutory Damages .....................................................15

             4.    2004 "Value" Combined with 1994 Payments .................15

III.   THE VERDICT IN FAVOR OF PLAINTIFF IS AGAINST THE
       CLEAR WEIGHT OF THE EVIDENCE .....................................................15

IV.    THE JURY VERDICT IS BASED ON ERRORS OF LAW .....................................16

       A.    Dependent and Independent Creation ............................................16

       B.    Rejection of DeWalt's Proposed Special Jury Instructions ..............17

Alexander & Associates
Attorneys at Law
1925 G Street
Bakersfield, CA 93301
(661) 316-7888

i

Case No: 1:07-CV-01080 LJO-GSA

DeWALT'S BRIEF IN SUPPORT OF MOTION FOR NEW TRIAL, ETC.

V.      THE JURY VERDICT IS BASED ON PREJUDICIAL MISCONDUCT
        OF PLAINTIFF'S COUNSEL.............................................................................18

VI.     THE JURY VERDICT IS INCONSISTENT................................................19

SUMMARY.....................................................................................................20

Alexander  & Associates
Attorneys at Law
1925 G Street
Bakersfield, CA 93301
(661) 316-7888

ii

Case No: 1:07-CV-01080 LJO-GSA

DeWALT'S BRIEF IN SUPPORT OF MOTION FOR NEW TRIAL, ETC.

1

**TABLE OF AUTHORITIES**

2

Page

3   *Aitken, Hazen, Hoffman, Miller, P.C. v. Empire Constr. Co.* (D. Neb. 1982)
            542 F. Supp. 252, 262 ...................................................................................9

4

5   *Apple Computer, Inc. v. Microsoft Corp.* (9th Cir. 1994)
            35 F.3d 1435, 1446 .....................................................................................18

6   *Cooling Systems and Flexibles, Inc. v. Stuart Radiator, Inc.* (9th Cir. 1985)
            777 F. 2d 485, 490 ................................................................................11, 17

7

8   *Del Madera v. Rhodes and Gardner, Inc. (9th Cir. 1987)*
            820 F.2d 973, 876-977 ...........................................................................4, 14

9   *Del Monte Dunes v. City of Monterey* (9th Cir. 1996)
            F.3d 1422, 1435 ........................................................................................5, 6

10  *Kunycia v. Melville Co., Inc.* (S.D.N.Y. 1990)
            755 F. Supp 566, 576 .................................................................................17

11

12  *Mackie v. Rieser* (9th Cir. 2002)
            296 F.3d 909, 914 .........................................................................................7

13  *Mazer v. Stein*
            347 U.S. 201, 217 – 218 ........................................................................11, 17

14

15  *McRoberts Software, Inc. v. Media 100, Inc.* (7th Cir. 2003)
            3329 F.3d 566 ...............................................................................................7

16  *Polar Bear Productions, Inc. v. Timex Corporation* (9th Cir. 2004)
            384 F.3d 700, 707-708 ..............................................................................7, 15

17

18

19

20

21

22

23

24

25

26

27

28

Alexander & Associates
Attorneys at Law
1925 G Street
Bakersfield, CA 93301
(661) 316-7888

Case No: 1:07-CV-01080 LJO-GSA

DeWALT'S BRIEF IN SUPPORT OF MOTION FOR NEW TRIAL, ETC.

1  **William L. Alexander** (State Bar Number 126607)
   Alexander & Associates, PLC
2  
3  1925 G Street
   Bakersfield, CA  93301
   Phone:  (661) 316-7888
4  Fax:  (661) 316-7890
5  
   **Attorneys for Defendant, Dennis W. DeWalt, Inc.**
6  
7  
8              **UNITED STATES DISTRICT COURT**
9       **EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION**

10  ROGER McINTOSH,                    )  Case No.  1:07-CV-01080 LJO-GSA
                                       )
11                      Plaintiff,     )  **DeWALT'S BRIEF IN SUPPORT OF**
                                       )  **MOTION FOR AN ORDER ALTERING OR**
12  vs.                                )  **AMENDING THE JUDGMENT AND/OR**
                                       )  **GRANTING A NEW TRIAL**
13  NORTHERN CALIFORNIA UNIVERSAL      )  FRCP, Rule 59 (a) & (e)
14  ENTERPRISES COMPANY, a California  )  Local Rules 291.2, 230
    Corporation, et al,                )
15                                     )  Date:      June 23, 2010
16                                     )  Time:      8:30 a.m.
                        Defendants.    )  Courtroom: 4
17                                     )  Judge:     Hon. Lawrence J. O'Neill
                                       )
18  _____ )

19         Defendant Dennis W. DeWalt, Inc. ("DeWalt"), in accordance with Federal Rules of Civil
20  Procedure, Rule 59, and Local Rules 291.2 and 230, hereby files and submits this Brief in support of
21  its Motion for an Order Altering or Amending the Judgment and/or Granting a New Trial.

22                             **<u>INTRODUCTION</u>**

23         Rarely is post-trial intervention by the trial court as warranted and compelled as in this case.

24         This appears to be a case of first impression.  It involves an alleged infringement by copying
25  1) an approved Tentative Tract Map ("TTM") and 2) improvement plans, with the alleged <u>use</u> of the
26  TTM and improvement plans occurring <u>after</u> all improvements had been built.  The jury found that
27  DeWalt copied TTM 5472 (Exhibits J-26 and J-131) but did <u>not</u> copy the improvement plans.
28  (Document (hereafter "Doc.") #328, Jury Verdict, pages 1-2.)

Alexander & Associates
Attorneys at Law
1925 G Street
Bakersfield, CA 93301
(661) 316-7888

                        1              Case No. 1:07-CV-01080 LJO-GSA
_____
           DeWALT'S BRIEF IN SUPPORT OF MOTION FOR NEW TRIAL, ETC.

1   Here, the engineer/surveyor (plaintiff) prepared Revised Tentative Tract Map 5472 ("TTM

2   5472") relating to a 33.51 acres parcel (Parcel 1) as well as improvement plans, as part of overall

3   engineering and surveying work performed on a 480 acres parcel (Reporter's Transcript ("RT")

4   980:13-18 and 980:24 – 981:4).  With respect to the 33.51 acres parcel involved, TTM 5472 and the

5   improvements plans were approved by the municipality (the City of Wasco) (RT 981:5-6).  The

6   developer, for whom plaintiff worked, completed the improvements on the parcel but, before

7   construction of houses could begin, fell insolvent (RT 981:11-13).  The parcel thereafter sat dormant

8   for years; for so long that TTM 5472 expired, requiring a new TTM and Final Map before houses

9   could be built (RT 981:14-15).  The 33.51 acres parcel, along with another partly contiguous 65.32

10   acres parcel (Parcel 3), were acquired by the City and thereafter sold to a developer (Mr. Wu's

11   company, defendant Lotus) for $1,600,000.00.  (RT 981:18-21).

12   Mr. Wu spoke with plaintiff and asked if he was willing to do the work needed to get a new

13   TTM and Final Map approved.  Plaintiff replied that he would do so at a price to be negotiated, but

14   only if he were paid was what owing from the prior developer, about $800,000, which was over

15   $300,000 plus interest 18% per year.  (RT 314:7 – 315:9).  Mr. Wu, needless to say, declined to pay

16   plaintiff roughly $800,000, and, instead, hired DeWalt to perform the work.  (RT 982:5-6).

17   DeWalt researched the project and agreed to do the work for a fixed price of $26,000.00

18   (Exhibit J-16; RT 773:10-14.)  The allocation of the work, along with allocated dollar amounts, is

19   reflected in Exhibit J-18.  DeWalt was ultimately paid $27,200.00 (RT 773:21-22), with actual costs

20   of about $35,000.00, thereby actually losing money on its work.  (RT 773:21 – 774:4.)

21   When DeWalt was hired, all of the improvements had already been built.  (RT 981:3-10;

22   981:24 – 982:2).  Those improvements included:  the paved streets, the sewer lines, the water lines,

23   the water valves, the water hydrants, the electrical lines, the electrical boxes, the curbs, the gutters,

24   the sidewalks, the driveway approaches, the street signs, the walls, and the fences (RT 981:7-10).

25   DeWalt was hired to obtain a TTM and Final Map by surveying what was on the ground.  No

26   engineering work was required; and no improvement plans were required.  (RT 981:24 – 982:2.)

27   DeWalt performed the survey job, created TTM 6451 (Exhibits J-69 and J-134), submitted the same

28   to the City for approval, obtained approval, and then obtained approval of Final Map 6451 (Exhibits

Alexander & Associates
Attorneys at Law
1925 G Street
Bakersfield, CA 93301
(661) 316-7888

2                                    Case No. 1:07-CV-01080 LJO-GSA

DeWALT'S BRIEF IN SUPPORT OF MOTION FOR NEW TRIAL, ETC.

1   J-70 and J-126, J-127, and J-128).  (RT 982:7-10.)  Thereafter, Mr. Wu obtained the permission
2   required to build houses, and began building houses.  (RT 982:14-15.)

3      Sometime later, plaintiff filed suit for copyright infringement, essentially claiming that by
4   surveying and mapping what was on the ground (the improved property) DeWalt infringed upon
5   plaintiff's copyrighted TTM 5472 and improvement plans.  (Doc. #78; Third Amended Claim, 6:5-
6   16; Exhibit J-132.)  In essence, plaintiff argued that the improvements would have to be torn out and
7   the subdivision redesigned.  (RT 346:10-18, 942:25 – 943:12.)  Plaintiff is essentially arguing that a
8   successor owner had no right to utilize and build upon the existing improvements without paying
9   plaintiff the amount he had not been paid by the previous developer in 1994 (RT 325:13-16); and
10  that argument is unsupported in the law.

11     This is <u>not</u> a case where a party has copied a TTM and used it to develop unrelated land.
12  This is <u>not</u> a case where a party has copied a TTM and used it to develop raw or undeveloped land.

13     Plaintiff's real motive and intention was to advance legal propositions not supported by the
14  law – that by surveying and drawing the property as fully improved, a surveyor commits copyright
15  infringement unless the previous surveyor/engineer has been fully paid for his work, and that a
16  subsequent property owner has no right to utilize the property with its existing improvements unless
17  the previous surveyor/engineer has been fully paid for his work.  Plaintiff's motive and intention is
18  revealed in his Trial Brief:

19     "<u>Improvements That Were in the Ground</u> Were Copies of Mcintosh's Original
20     Work and Any Copies Based on That Work Are Direct Evidence of
21     Infringement."  (Doc. #307, Plaintiff's Trial Brief, 10:10-11)

22     "Defendants are expected to attempt to argue that the 6451 Map was created
23     "independently" of the copyrighted works because, they only 'drew what was
24     on the ground.'  They will rely almost exclusively on a survey of the Valley
25     Rose Estates conducted by DeWalt.  Yet, plaintiff will argue that, as a matter
26     of law, even this is not "independent creation" because they surveyed a work
27     based on plaintiff's previous work and from which his work could be
28     reproduced."  (Doc. #307, Plaintiff's Trial Brief, 10:12-17)

Alexander & Associates
Attorneys at Law
1925 G Street
Bakersfield, CA 93301
(661) 316-7888

3     Case No. 1:07-CV-01080 LJO-GSA

DeWALT'S BRIEF IN SUPPORT OF MOTION FOR NEW TRIAL, ETC.

1  "Here, there is nothing under statute or law to suggest that McIntosh's work,
2  as copied from his original map and plans, <u>and as integrated into the ground</u>
3  was anything less than a copy of the original. … Defendant's [sic] deny this
4  principle and, instead, will argue that because they went out and surveyed the
5  existing improvements, this was not copying. …. (emphasis added.) (Doc.
6  #307, Plaintiff's Trial Brief, 11:20-25)

7  In relation to damages, plaintiff is similarly seeking to make new law insofar as what can be
8  considered in determining the <u>actual damages</u> suffered as a result of the infringement. Plaintiff
9  seeks to prove that <u>the reduction of the fair market value</u> of the copyrighted work caused by the
10 infringement is <u>not</u> by the amount a willing buyer would have been reasonably required to pay a
11 willing seller at the infringement for the actual use made by of the plaintiff's work (or by lost license
12 fees). Instead, plaintiff seeks a determination that his:

13 "… actual damages for the infringing work was the fair market value of his
14 work. Plaintiff will show that the value of his work <u>was the value of what it</u>
15 <u>cost to create the 5472 Tentative Map and Improvement Plans</u>. These were all
16 "supporting documents" expended in creating those works. *See, Del Madera*
17 *v. Rhodes and Gardner, Inc. 820 F.2d 973, 876-977 (9th Cir. 1987).*"
18 (emphasis added.) (Doc. #307, Plaintiff's Trial Brief, 13:4-8.)

19 Plaintiff has consistently argued that the cost to create (the amount charged by plaintiff)
20 TTM 5472 and the improvement plans **IS** the measure of his damages, without the deduction of any
21 amount he was paid for his work. (Doc. #307, Plaintiff's Trial Brief, 13:4-15, 20-25; RT 251:3-9.)

22 Also, and as discussed at length below, plaintiff claimed, and the jury erroneously found, that
23 plaintiff is entitled to recover the **ENTIRE** amount he charged in 2004 dollars (less the amount he
24 was paid in 1994 dollars) for work on the 480 acres, even though much of the work was admittedly,
25 in some cases, and proven without doubt in others, unnecessary to TTM 5472.

26 As is demonstrated below, this Court must intervene in some fashion. DeWalt believes that
27 this Court is justified is ordering a complete new trial, a new trial as to damages, only, with specific
28 instructions, issuing a remittitur in relation to a new trial, and amending the Judgment as requested.

Alexander & Associates
Attorneys at Law
1925 G Street
Bakersfield, CA 93301
(661) 316-7888

4                                    Case No. 1:07-CV-01080 LJO-GSA

## DISCUSSION

## I

### THE JURY VERDICT AWARDS EXCESSIVE DAMAGES TO PLAINTIFF

The jury awarded plaintiff: $1,400,000.00 in actual damages (which by law is joint and several against defendants), $1,500,000.00 against defendant City of Wasco for profits earned from its infringing activity, and $1,992,107.50 against each defendant Northern and defendant Lotus for profits earned from their infringing activity, for a total of **$6,884,215.00** (Doc. #328, Jury Verdict, pages 7-9.). The award is a plain injustice and a shocking result, and should be set aside, and this Court has the power under Fed.R.Civ.P. 59 to set aside the verdict for damages. (*Del Monte Dunes v. City of Monterey*, 95 F.3d 1422, 1435 (9th Cir. 1996).)

**A. The Total Amount of the Jury Verdict**

The total amount of the verdict, nearly $7,000,000, shocks the conscience, in and of itself. This is particularly true on light of the following undisputed facts.

First, plaintiff was paid roughly $800,000.00 for his work from 1992 – 1994. (RT 314:7 – 315:9; Exhibit J-4.) His total charges were roughly $1,100,000.00. (RT 314:7 – 315:9; Exhibit J-4.) He was paid more than 70% of the total amount charged by plaintiff to the previous developer.

Second, plaintiff failed to introduce any evidence as to what amount of the $1,100,000.00 was his actual <u>cost</u> of the work (his costs of labor, overhead, general administrative and office) and what portion was <u>profit</u> to plaintiff. Assuming, for example, that plaintiff made 35% profit, plaintiff would have received $385,000 in profits on the project had he been paid in full. The additional award of nearly $7,000,000, unlike the previous charges and the money paid, would be paid directly to plaintiff without any corresponding cost to him.

Third, the actual damages awarded, as discussed below in more detail, bear no relationship to the allowable measure of actual damages.

**B. The Lack of a Causal Relationship Between the Amount of the Jury Verdict and the Infringing Activity**

In relation to the actual damages award, and again as discussed below in more detail, there is a complete lack of a causal relationship between the infringing activity (use of the copyrighted

Alexander & Associates
Attorneys at Law
1925 G Street
Bakersfield, CA 93301
(661) 316-7888

5                                    Case No. 1:07-CV-01080 LJO-GSA

DeWALT'S BRIEF IN SUPPORT OF MOTION FOR NEW TRIAL, ETC.

material) and the amount of damages awarded.  For example, DeWalt was found to have copied TTM 5472, but the extent of the copying alleged to have occurred is minimal, primarily because DeWalt was surveying and mapping the property in an improved condition while TTM 5472 involved a raw parcel of property with no improvements.

## II

**THE <u>ACTUAL</u> DAMAGES AWARD OF $1,400,000 IS GROSSLY EXCESSIVE,**

**CLEARLY NOT SUPPORTED BY THE EVIDENCE,**

**AND/OR BASED ON SPECULATION OR GUESSWORK**

As indicated above, this Court has the power, under Fed.R.Civ.P. 59, to set aside an award that is "grossly excessive …, clearly not supported by the evidence or based only on speculation or guesswork.  (*Del Monte Dunes v. City of Monterey*, 95 F.3d 1422, 1435 (9th Cir. 1996).)

In order to prevent manifest error and injustice, the actual damages verdict of $1,400,000.00 must be set aside completely by an Order altering or amending the Judgment or through a grant of a motion for a new trial (as to damages, only, or as to the entire action).  Alternatively, and again in order to prevent manifest error and injustice, the actual damages award must be substantially reduced through an Order conditionally granting DeWalt's motion for new trial unless plaintiff agrees to a remittitur (reduction in the actual damages).

### A.  Actual Damages Defined and Supporting Evidence (or Lack Thereof)

The amount of actual damages is the amount a willing buyer would have been reasonably required to pay a willing seller at the time of the infringement for the actual use made of plaintiff's work.  (Doc. #357, Jury Instruction 42, Page 49.)  Jury Instruction 42 provides as follows:

> "The copyright owner is entitled to recover the actual damages suffered as a result of the infringement.  Actual damages means the amount of money adequate to compensate the copyright owner for <u>the reduction of the fair market value</u> of the copyrighted work caused by the infringement.
>
> "<u>The reduction of the fair market value</u> of the copyrighted work <u>is</u> the amount a willing buyer would have been reasonably required to pay a willing seller at the time of the infringement for the actual use made by the defendant of the

Alexander & Associates
Attorneys at Law
1925 G Street
Bakersfield, CA 93301
(661) 316-7888

1    plaintiff's work.  That amount also could be represented by the lost license

2    fees the plaintiff would have received for the defendant's unauthorized use of

3    the plaintiff's work."

4         The court in *Polar Bear Productions, Inc. v. Timex Corporation*, 384 F.3d 700, 707 – 708

5    (9th Cir. 2004) also explains the remedy:

6         Congress explicitly provides for two distinct monetary remedies — actual

7         damages and recovery of wrongful profits.  These remedies are two sides of

8         the damages coin — the copyright holder's losses and the infringer's gains.

9         "Actual damages are usually determined by the loss in the fair market value of

10        the copyright, measured by the profits lost due to the infringement **or** by the

11        value of the use of the copyrighted work to the infringer."  *McRoberts*

12        *Software, Inc. v. Media 100, Inc.,* 329 F.3d 557, 566 (7th Cir. 2003); *see also*

13        *Mackie v. Rieser,* 296 F.3d 909, 914 (9th Cir. 2002) (approving of recovery of

14        reasonable license fee).  (emphasis added.)

15        The preliminary definition above of "actual damages" is the "the amount of money adequate

16   to compensate the copyright owner for the reduction of the fair market value of the copyrighted

17   work caused by the infringement."

18        In this case, it is undisputed that plaintiff offered no evidence of 1) the fair market value of

19   the copyrighted work or 2) any reduction in the fair market value of the copyrighted work caused by

20   the infringement.  Plaintiff offered no percipient or expert testimony as to either issue.  Plaintiff

21   offered no evidence as to either issue.  Plaintiff even admitted that the only communications he has

22   had with anyone about licensing or selling TTM 5472 was the single conversation with Mr. Wu in

23   which plaintiff said that he expected to be paid over $800,000.  (RT 314:7-11.)

24        It is also undisputed that plaintiff introduced no evidence of any lost license fees he would

25   have received for the defendant's unauthorized use of the plaintiff's work.

26        It is undisputed that there were no offers or inquires ever made (other than the single inquiry

27   by Mr. Wu) to use TTM 5472.

28        It is undisputed that there was no evidence of marketability of TTM 5472 to any developers

Alexander & Associates
Attorneys at Law
1925 G Street
Bakersfield, CA 93301
(661) 316-7888

7                    Case No. 1:07-CV-01080 LJO-GSA

DeWALT'S BRIEF IN SUPPORT OF MOTION FOR NEW TRIAL, ETC.

or engineers, whether for license or for sale.

There was no evidence of the existence of any parcels of land appropriate in size, location and entitlements for use of TTM 5472.

There was no evidence of any history of selling or licensing TTM 5472, and so little evidence in relation to any other TTM that it is useless.

There was no evidence of industry practices or customs, such as price paid to other engineers and/or surveyors for the sale or licensing of tentative tract maps or of work similar to TTM 5472.

Finally, it is undisputed that TTM 5472 provided no value to DeWalt.  The <u>only</u> evidence admitted was that plaintiff's TTM 5472 did not lessen or reduce DeWalt's work (RT 783:9-14); nor did DeWalt use the improvement plans.  (Doc. #328, Jury Verdict, pages 1-2.)  In fact, not only did DeWalt not have an increase in profits on the job, DeWalt actually lost money on the job.  (Exhibit J-16; RT 773:10-14; 773:21 – 774:4.)  Therefore, TTM 5472 had no value to DeWalt.

In the absence of any evidence of the fair market value loss, as is the case here, or the value to the infringer, DeWalt, as is the case here, "the reduction of the fair market value of the copyrighted work" is further defined to be:  the amount a [1] willing buyer would have been [2] reasonably required to pay to a [3] willing seller [4] at the time of the infringement [5] for the actual use made by the defendant of [6] the copyrighted work.

### 1.   A Willing Buyer

In this case, and as discussed above, there has been only one willing buyer, Mr. Wu.  Mr. Wu was obviously a willing buyer, as he admittedly contacted plaintiff and asked him if he would be willing to do the work needed to get a new TTM and Final Map approved.  Plaintiff indicated that he would be willing at a price to be negotiated, but only if he were paid was what owing from the prior developer, which was about $800,000, which was over $300,000 plus interest 18% per year.  (RT 314:7 – 315:9).  Mr. Wu, not surprisingly, declined to pay plaintiff roughly $800,000.

### 2.   Reasonably Required to Pay

"Reasonable" is an objective standard; it is not a subjective standard.  (*Mackie v. Rieser*, 296 F.3d 909, 917 (9th Cir. 2002).)  Consequently, plaintiff's subjective belief that he should be entitled to be paid what was owing to him from the previous developer (more than $800,000 inclusive of

Alexander & Associates
Attorneys at Law
1925 G Street
Bakersfield, CA 93301
(661) 316-7888

8                        Case No. 1:07-CV-01080 LJO-GSA

DeWALT'S BRIEF IN SUPPORT OF MOTION FOR NEW TRIAL, ETC.

1   interest) is completely irrelevant.  Additionally, plaintiff's average hourly rates in 1994 and in 2004

2   are similarly irrelevant to the amount a willing buyer would reasonably be required to pay for the

3   actual use made of the copyrighted material.

4   On the other hand, a willing buyer would reasonably pay what it would cost to use TTM

5   5472 in order to obtain a new TTM and Final Map.  One obvious measurement of that cost is the

6   actual cost paid by Mr. Wu to DeWalt, $27,200.  (Exhibits J-18, J-16; RT 773:10-14, 773:21-22.)  In

7   fact, that is the only 2004 evidence before this Court on the issue of the cost of obtaining approvals

8   of TTM 6451 and Final Map 6451, as plaintiff failed to introduce any evidence of the amount he

9   would have charged for that work.

10   The evidence from the 1992 – 1994 time period (Exhibit D-250-A; RT 317:13-16, 318:1-23)

11   is that plaintiff charged the previous developer $10,000 for TTM 5472 and $23,000 for the Final

12   Map.  (Exhibit D-250-A, first page.)

13   Although dealing with a more typical copying and use of architectural plans designed for one

14   parcel on a neighboring parcel, the court in *Aitken, Hazen, Hoffman, Miller, P.C. v. Empire Constr.*

15   *Co.*, 542 F. Supp. 252, 262 (D. Neb. 1982) confirmed that the fair market value in such a context

16   was still "the amount [defendant] would reasonably have paid to the plaintiff and the plaintiff would

17   reasonably have expected to receive for the revision and use of the [first set] of plans."

18   Here, it would be unreasonable to conclude that a willing buyer would pay the total amount

19   unpaid by the former developer in 1992 – 1994, roughly $300,000, when much of that amount

20   consists of work performed for, on, and for the benefit of properties other than Tentative Tract 5472.

21   It would be equally unreasonable to conclude that a willing buyer would pay 18% interest (the

22   interest rate plaintiff charged under his contract with the former developer) on the amount unpaid

23   from 1994 until 2004.  Finally, it would be equally unreasonable to conclude that a willing buyer

24   would pay anything other than the cost of preparing and obtaining approvals of tentative and final

25   tract maps.

26   **3.   Willing seller**

27   Plaintiff was arguably not a willing seller, certainly not a reasonable seller.  He made no

28   offer to license the copyrighted work to Mr. Wu.  In fact, he made no mention of his belief, if he

Alexander & Associates
Attorneys at Law
1925 G Street
Bakersfield, CA 93301
(661) 316-7888

9                                Case No. 1:07-CV-01080 LJO-GSA

DeWALT'S BRIEF IN SUPPORT OF MOTION FOR NEW TRIAL, ETC.

held the same, that any of the work was copyrighted in any way.  (RT 213:16-24.)  As discussed above, plaintiff could be considered a willing, albeit unreasonable, seller only insofar as he told Mr. Wu that he expected to be paid what was owing from the prior developer, about $800,000.  (RT 314:7 – 315:9).  No reasonable person in plaintiff's position would have expected to be paid $800,000, let alone $1,400,000; and no reasonable jury could conclude otherwise.  A reasonable person in plaintiff's position would have reasonably expected to receive compensation equal to or slightly more than paid to any competitor; here, the amount paid to DeWalt is fair and reasonable. However, and similar to DeWalt, plaintiff would certainly have to show the amount of profits that plaintiff would have made from the work, not simply the gross revenue he would have received.

### 4.  At the time of the infringement

The infringement occurred in or about 2004.

### 5.  The <u>Actual Use</u> Made by Defendant <u>of the Copyrighted Work</u>

A plaintiff may only recover for those works as are copyrighted, of course.  Here, the alleged copyrighted works are 1) TTM 5472, and 2) the improvement plans (Exhibit P-108).

Identifying TTM 5472 is easy, as it consists of a single map.  (Exhibits J-26 and J-131.)

Identifying the improvement plans, however, is a little more difficult.   According to evidence, the improvement plans consist of the 70 pages or so of documents in Exhibit P-108. Exhibit P-108 consists of the following, in the order presented in Exhibit P-108:  State Highway 46 and Valley Rose Parkway Proposed Intersection Design plans, 2 pages (Bates 464, 463); State Highway 46 and Valley Rose Parkway Proposed Intersection Design, 2 pages (Bates 459, 460); unknown plans, 1 page (Bates 481); TTM 5618, 1 page (Bates 466); TTM 5618, 1 page (Bates 467); Revised Tentative Parcel Map 9572, 1 page (Bates 465), TTM 5618, 1 page (Bates 468); TTM 5618, 1 page (Bates 469); Construction Plans, 1 page (Bates 461); Storm Drain Plan, 1 page (no Bates); System Schematic, 1 page (Bates 451); Revised Master Sewer Plan, 1 page (Bates 449); Revised Master Water Plan (Demand Maps), 11 pages (no Bates numbers); Sewage Pump Station and Force Main plans, 12 pages (no Bates); TTM 5472, 1 page (Bates 434); Construction Plans for Offsite Water, 11 pages (Bates 470-480); Grading Plans, 2 pages (Bates 435 and 436); Landscape Construction Drawings, 7 pages (no Bates); and Wall Construction Plans, 11 pages (Bates 437-447).

Alexander & Associates
Attorneys at Law
1925 G Street
Bakersfield, CA 93301
(661) 316-7888

10                            Case No. 1:07-CV-01080 LJO-GSA

DeWALT'S BRIEF IN SUPPORT OF MOTION FOR NEW TRIAL, ETC.

As discussed above, the jury found that DeWalt did <u>not</u> copy the improvement plans. Therefore, there was no "use" made by DeWalt of any of the improvement plans. The question becomes: what is the <u>actual use</u> made by DeWalt of the copyrighted work, TTM 5472?

Even if one were to assume that the actual use made by DeWalt of TTM 5472 was to completely copy it and perform no surveying or other services (essentially being paid for doing NO work), the damages remain the same, i.e., the amount a willing buyer would reasonably be required to pay to a willing seller for the use of TTM 5472.

Here, that amount should be the same or similar to the amounts discussed above. For example, the evidence has shown, and the jury has confirmed, that DeWalt lost money on the project, collecting $27,200 in fees and paying about $35,000 in costs. If this Court were to apply a measure of damages such as the avoidance of cost, and again assuming that DeWalt did NO work at all, then DeWalt avoided $35,000 in costs.

The evidence, however, shows that DeWalt did <u>not</u> completely copy TTM 5472 and perform no work or services. In fact, the evidence, which is largely undisputed, shows that DeWalt performed all of the work which it contracted to perform. (RT 458:5-7; 459:23 – 460:5.)

<u>What did DeWalt copy</u>?

It is important that DeWalt surveyed the land in its then-existing condition – with all of the improvements already in the ground such as streets, block walls, curbs, gutters, driveway approaches into each of the 68 lots, manholes, utilities, etc. The existing improvements were facts in the public domain and are not subject to copyright protection. (*Cooling Systems and Flexibles, Inc. v. Stuart Radiator, Inc.* 777 F. 2d 485, 490 (9th Cir. 1985); *Mazer v. Stein*, 347 U.S. 201, 217 – 218.)

One could argue that lot numbers were copied, which in and of themselves are not protectable by copyright. (Doc. #357, Jury Instruction 31, page 37.)

Perhaps a better argument would be a copying of the lot number configuration on TTM 5472, i.e., where lot number 1 was located and how the numbering sequence was developed. Assuming this to be true, there is no evidence that this lot numbering configuration had any value to DeWalt. Moreover, the evidence is undisputed that the lot numbers and their locations were in place and publicly available as of May 1994. (Exhibit J-66.)

Alexander & Associates
Attorneys at Law
1925 G Street
Bakersfield, CA 93301
(661) 316-7888

One could argue that DeWalt copied the street names, or some of them.  However, the weight of the evidence is that the street names, or most of them, were selected by Porter Robertson and by plaintiff.  (RT 341:11-18; Exhibit J-25.)  The same holds true for the use of Olympic "Close" instead of "Court" (Exhibits J-66 and J-20 (Bates A 01904), and for St. Andrews Crescent (Exhibit J-66).

One could argue that DeWalt copied the lot configuration, i.e., where the lots were laid out, their general sizes, and the like.  However, this is again the "copy of the improvements" argument in which plaintiff contends that by "surveying and drawing what was on the ground" DeWalt infringed on TTM 5472.

There was certainly evidence of some similar and few identical bearings and measurements, and even some similar and few identical lot measurements.  However, the nature and extent of any copying really must be evaluated in terms of the actual use of the copyrighted materials by DeWalt.  In terms of damages, the actual use, assuming all interpretations of the evidence to be favorable to plaintiff, was insignificant and valueless to DeWalt.

**B.  Excluding Plaintiff's Costs Unrelated to TTM 5472 and Plaintiff's Costs Relating to the Improvement Plans**

Plaintiff claims that his actual damages are equal to the **<u>entire</u>** amount charged to the former developer for his work on all 480 acres of Valley Rose Estates.  The amount charged by plaintiff was about $1.1 million and comprised of the following (excluding amounts under $200):

<u>Valley Rose Golf Course</u> (Exhibits J-4, J-100, D-224)

$18,499.27 charged; $18,499.27 paid; $0.00 unpaid

<u>Survey Topo and Boundary</u> (Exhibits J-4, J-100, D-224; RT 302:24 – 303:4, 8-9)

$47,000.46 charged; $47,000.46 paid; $0.00 unpaid

<u>Master Planning</u> (Exhibits J-4, J-100, D-224; RT 303:5-7)

$142,893.98 charged; $129,837.77 paid; $13,056.21 unpaid

<u>Williamson Act cancellation</u> (Exhibits J-4, J-100, D-224; RT 303:10 – 304:3)

$4,190.45 charged; $4,190.45 paid; $0.00 unpaid

<u>Tract #5472</u> (Exhibits J-4, J-100, D-224)

$308,419.37 charged; $240,776.18 paid; $67,663.23 unpaid

Case No. 1:07-CV-01080 LJO-GSA

Alexander & Associates
Attorneys at Law
1925 G Street
Bakersfield, CA 93301
(661) 316-7888

DeWALT'S BRIEF IN SUPPORT OF MOTION FOR NEW TRIAL, ETC.

1    Tract #5618 (Exhibits J-4, J-100, D-224; RT 189:3-18, 305:5-15)

2    $275,257.17 charged; $149,459.94 paid; $125,797.45 unpaid

3    Parcel Map 9572 (Exhibits J-4, J-100, D-224)

4    $26,073.40 charged; $25,835.80 paid; $237.60 unpaid

5    Assessment District Engineering (Exhibits J-4, J-100, D-224; RT 307:8-12)

6    $36,113.11 charged; $0.00 paid; $36,113.11 unpaid

7    Offsite sewer (Exhibits J-4, J-100, D-224; RT 307:13 – 308:22)

8    $111,125.83 charged; $67,943.18 paid; $43,182.65 unpaid

9    Offsite water (Exhibits J-4, J-100, D-224; RT 308:24 – 309:9)

10   $101,633.48 charged; $69,855.35 paid; $31,778.13 unpaid

11   Offsite highway (Exhibits J-4 and J-100)

12   $59,111.82 charged; $51,698.89 paid; $7,412.93 unpaid

13   Color rendering (Exhibits J-4 and J-100)

14   $4,260.29 charged; $946.16 paid; $3,314.13 unpaid

15   Unbilled assessment work (Exhibits J-4 and J-100)

16   $11,157.89 charged; $0.00 paid; $11,157.89 unpaid

17   Lot Study Plan (Exhibits J-4 and J-100)

18   $3,773.90 charged; $2,000.00 paid; $1,773.90 unpaid

19   However, and as discussed above, the jury specifically found that DeWalt did not copy (or

20   infringe upon) the improvement plans.

21   Therefore, even if this Court were to find that the jury could conclude the "value of

22   plaintiff's work" includes all work done on the 480 acres and is equal to the amount charged,

23   $1,149,910.28 (often rounded to $1.1 million during trial), there are many categories of work (and

24   corresponding charges) that must be completely removed from the damages calculation.

25   **First**, there are several categories of work that plaintiff admits or the evidence has shown

26   were not necessary to TTM 5472:  Valley Rose Golf Course (RT 302:24 – 303:4, 8-9) and TTM

27   #5618 (RT 189:4-18, 303:10 – 304:3).  These charges ($275,257.17 + $18,499.27 = **$293,756.44**)

28   must be backed out of plaintiff's damages.

Alexander & Associates
Attorneys at Law
1925 G Street
Bakersfield, CA 93301
(661) 316-7888

13          Case No. 1:07-CV-01080 LJO-GSA

DeWALT'S BRIEF IN SUPPORT OF MOTION FOR NEW TRIAL, ETC.

**Second**, several of these categories of work relate to the improvement plans (Exhibit P-108) which the jury found were not copied. Those include: Master Planning, $142,893.98 charged; Assessment District Engineering, $36,113.11 charged; Offsite sewer, $111,125.83 charged; Offsite water, $101,633.48 charged; and Offsite highway, $59,111.82 charged.

**Third**, a couple of the categories of work seem analogous to effort expended to obtain subdivision approval. Such effort has been held <u>not</u> effort expended to create a tangible work of authorship. (See, e.g., *Del Madera Properties v. Rhodes and Gardner, Inc.*, 820 F.2d 973, 977 (9th Cir. 1987).) Those categories include: Williamson Act cancellation, $4,190.45 charged; unbilled assessment work, $11,157.89 charged; color rendering, $4,260.29 charged; and the Lot Study Plan, $3,773.90 charged. Assessment District Engineering would also likely fall in this category.

**Last**, even if this Court were to agree that the jury could have found that some or all of the above costs are part of the value of plaintiff's work, the following categories of work benefit ALL of the 480 acres of the development, not just Tentative Tract 5472: Survey Topo and Boundary; Master Planning; Williamson Act cancellation; Parcel Map 9572; Assessment District Engineering; Offsite sewer; Offsite water; and Offsite highway. There is insufficient evidence as to determine whether surveying extras, unbilled assessment work, and the lot study plan benefited all 480 acres.

Because plaintiff failed to submit enough evidence to allow the jury to calculate and allocate the above costs appropriately, the jury had no choice but to engage in speculation or guesswork.

### C. Other Issues

#### 1. Profits Versus Revenues

Even if this Court were to conclude that actual damages may be calculated based on the amount charged by the plaintiff for the copyrighted work (with or without a reduction for any amount paid for the work), the damages awarded are still excessive. This is because plaintiff should not be entitled to recover the <u>cost</u> associated with creating the copyrighted work. A plaintiff, such as plaintiff, should be limited to the profits. Otherwise, plaintiff will receive a windfall award.

For example, this is not a situation where a product is licensed, where there is no cost associated with licensing of a product, but only revenue. That is not the case with TTM 5472.

#### 2. No Legal Basis. There is no legal basis that actual damages are equal to the

Alexander & Associates
Attorneys at Law
1925 G Street
Bakersfield, CA 93301
(661) 316-7888

DeWALT'S BRIEF IN SUPPORT OF MOTION FOR NEW TRIAL, ETC.

1  amount charged for the copyrighted work (whether with or without deduction of amounts paid).

2      **3.**     **Statutory Damages**.  Plaintiff is not entitled to recover statutory damages

3  because he failed to register his copyright before the infringement occurred. (*Polar Bear*

4  *Productions, Inc. v. Timex Corporation*, 384 F.3d 700, 721 fn. 5 (9th Cir. 2004).)

5      **4.**     **2004 "Value" Combined with 1994 Payments**

6      In calculating the damages, plaintiff urged the jury to use, and the jury used, the "value of

7  plaintiff's work" in 1994 ($1.1 million), and then doubled that amount to bring the "value" forward

8  to 2004 ($2.2 million). (RT 1009:23 – 1010:14.) Plaintiff urged the jury to deduct, and the jury

9  deducted the 1994 payments made ($800,000) from the 2004 value of $2.2 million resulting in a

10  verdict of $1.4 million. (RT 1009:23 – 1010:14.) Assuming this procedure was proper, plaintiff

11  should have urged the jury to similarly bring the $800,000 forward to 2004, resulting in 2004

12  payments of $1,600,000. This would have resulted in a verdict of $600,000.

13      This procedure is still inappropriate because, in a roundabout way, it doubles the amount

14  unpaid to the plaintiff in 2004 from roughly $300,000 to $600,000. This is exactly what this Court

15  precluded – the recovery of interest by plaintiff from 1994 through 2004. (RT 252:22 – 257:3.)

16          **III**

17      **THE VERDICT IN FAVOR OF PLAINTIFF**

18      **IS AGAINST THE CLEAR WEIGHT OF THE EVIDENCE**

19      The jury verdict that DeWalt copied TTM 5472 is against the clear weight of the evidence.

20  The clear weight of the evidence is that DeWalt did not copy TTM 5472 because DeWalt

21  independently created TTM 6451 and FM 6451.

22      First, there is no dispute, and the jury did not conclude otherwise, that DeWalt independently

23  performed all of its services; plaintiff admits such was true. (RT 458:5-7; 459:23 – 460:5.)

24      Second, the jury's conclusion (Doc. #328, Jury Verdict, 7:13-16) that DeWalt did not earn

25  any profits from its work (job costs were greater than amount collected) is a further indication that

26  DeWalt performed all of its own work.

27      Third, the jury also found that DeWalt did not copy plaintiff's improvement plans (Doc.

28  #328, Jury Verdict, 2:1-5), a basis for plaintiff's substantial similarity argument. The improvement

Alexander & Associates
Attorneys at Law
1925 G Street
Bakersfield, CA 93301
(661) 316-7888

15      Case No. 1:07-CV-01080 LJO-GSA

DeWALT'S BRIEF IN SUPPORT OF MOTION FOR NEW TRIAL, ETC.

1    plans are Exhibit P-108 and consist of about 70 pages of documents.  Also included within P-108

2    are:  4 pages of TTM 5618 (Bates 466, 467, 468, and 469); and TTM 5472 (Bates 434).

3          Because the jury found that DeWalt did not copy the documents in Exhibit P-108, which

4    were defined by plaintiff and admitted into evidence as the improvement plans, then the jury must

5    have also found that DeWalt did not copy TTM 5472, which is a part of Exhibit P-108.

6          Based on the jury's findings, the only way the jury could have concluded that DeWalt did not

7    independently create TTM 6451 would be to accept plaintiff's arguments, particularly in opening

8    statement and closing argument, that by "copying what was on the ground" (RT 1102:13-20) – by

9    surveying and drawing the improvements on, in and under the ground – DeWalt committed a

10   copyright violation through "dependent" creation, a non-existent, novel legal concept advanced at

11   trial by plaintiff. (RT 142:9-19, 811:6 – 814:18, 815:11-25, 943:22 – 943:4, 950:13-17, 1102:13-20.)

12         Moreover, in light of the fact that the improvements were already installed, there is no way,

13   absent the tearing out of all of the improvements, that TTM 6451 and Final Map 6451 would not

14   appear to be very similar to TTM 5472.  Plaintiff concedes this is true.  (RT 460:6-13.)

15                                              **IV**

16                    **THE JURY VERDICT IS BASED ON ERRORS OF LAW**

17         **A.  Dependent and Independent Creation**

18         An error of law (erroneous evidentiary rulings and errors in the jury instructions) occurred

19   when Jury Instruction 33 was given to the jury (Doc. #357, Jury Instruction 33, page 39) even

20   though this Court previously ruled that it was not to be given to the jury (RT 954:7) and it was not

21   read to the jury.  The result of this inclusion of Jury Instruction 33 was to give credence and support

22   to the notion advance by plaintiff, which DeWalt claims is an erroneous legal proposition, that by

23   "copying what was on the ground" DeWalt committed copyright infringement (negating independent

24   creation).

25         Another error of law occurred when plaintiff, in opening statement (RT 142:9 – 143:19) and

26   in closing argument (RT 1102:13-20), represented to the jury that by "copying what was on the

27   ground" DeWalt committed copyright infringement.

28         An additional error of law occurred when this Court (RT 1102:13 – 1103:20) allowed

Alexander & Associates
Attorneys at Law
1925 G Street
Bakersfield, CA 93301
(661) 316-7888

                                    16                     Case No. 1:07-CV-01080 LJO-GSA

                    DeWALT'S BRIEF IN SUPPORT OF MOTION FOR NEW TRIAL, ETC.

1  plaintiff to argue in closing statement, and despite prior rulings by this Court to the contrary, that by

2  "copying what was on the ground" DeWalt committed copyright infringement (negating independent

3  creation), and despite objections to the same and without the jury being given curative instructions

4  or admonishments.

5  **B.  Rejection of DeWalt's Proposed Special Jury Instructions**

6  DeWalt proposed ten (10) Special Jury Instructions.  Proposed Special Instructions ("SI") 1,

7  2, 4 and 5 are relevant to this discussion, all having been rejected by this Court (Doc. #357, Jury

8  Instructions).  (SI 1 is Doc. #262, SI 2 is Doc. #297, SI 4 is Doc. #265, and SI 5 is Doc. #266.)

9  There were no objections filed by plaintiff to these proposed special instructions.

10  SI 1 (Facts Within the Public Domain are Not Protected by Copyright Law) reads:

11  The streets, sidewalks, curbs, gutters block walls, manhole covers, corner

12  monuments, lot corner markers, and the sewer pump station, all having been

13  constructed and existing prior to DeWalt's creation of Map 6451, were "facts"

14  in the public domain and had no copyright protection.  *Cooling Systems and*

15  *Flexibles, Inc. v. Stuart Radiator, Inc*., 777 F.2d 485, 490 (9th Cir. 1985).

16  SI 1 is an accurate statement of the law and was especially appropriate in light of the

17  evidence that all of the improvements had been built.  In this case, given the findings of the jury in

18  relation to liability and especially damages, the jury should have been given this instruction.  To

19  refuse this instruction allowed plaintiff to intimate, if not argue, that DeWalt copied TTM 5472

20  because of its reliance on monuments and the absence of such references on TTM 6451 (RT 446:7-

21  14; 458:8-20; 459:13-22.)

22  SI 2 (independent creation) reads:

23  If you determine that DeWalt surveyed all of the visible improvements

24  previously constructed within Tract 5472 and then created Map 6451 entirely

25  from that survey, you must find that DeWalt did not infringe upon Plaintiff's

26  copyright of Map 5472.  *Kunycia v. Melville Co., Inc*., 755 F. Supp 566, 576

27  (S.D.N.Y. 1990) citing *Mazer v. Stein* 347 U.S. 201, 217- 218.

28  Again, SI 2 is an accurate statement of the law.  In this case, this instruction would have

Alexander & Associates
Attorneys at Law
1925 G Street
Bakersfield, CA 93301
(661) 316-7888

17                    Case No. 1:07-CV-01080 LJO-GSA

DeWALT'S BRIEF IN SUPPORT OF MOTION FOR NEW TRIAL, ETC.

1  allowed the jury to conclude that if DeWalt surveyed all of the improvements and then prepared

2  TTM 6451 and Final Map 6451 based on its own work, the jury would have to conclude that DeWalt

3  did not infringe on plaintiff's copyright of TTM 5472.

4       SI 4 (Substantial Similarity) should have been given to the jury.  SI 4 reads:

5          Only those elements of a work that are protectable by copyright can be

6          compared in determining whether or not a defendant copied a work.  Elements

7          unprotected by copyright law have to be identified and filtered out before the

8          works can be considered as a whole.   You cannot base a finding of

9          infringement on unprotected items within Plaintiff's work.  *Apple Computer,*

10          *Inc. v. Microsoft Corp.* 35 F.3d 1435, 1446 (9th Cir. 1994)

11       SI 4 is an accurate statement of the law.   Given the incredible ambiguity and lack of

12  specificity in this case, the use of Instruction 36 (Doc. #357, Jury Instruction 36, page 42) in lieu of

13  this proposed instruction failed to adequately instruct the jury that infringement cannot be based on

14  elements not protected by copyright law.

15       SI 5 (Substantial Similarity) should have been given to the jury.  SI 5 reads:

16          If you conclude that almost all of the similarities between Plaintiff's Map 5472

17          and DeWalt's Map 6451 are a result of basic ideas and their obvious

18          expression, you must not find that there is substantial similarity between those

19          maps unless you also find that these two maps are virtually identical.  *Apple*

20          *Computer, Inc. v. Microsoft Corp.* 35 F.3d 1435, 1447

21       SI 5 is an accurate statement of the law.  In light of the existence of the improvements on the

22  land in TTM 5472, this instruction would have been important for the jury.   It would have

23  recognized the fact that TTM 6451 and Final Map 6451 MUST HAVE looked very similar to TTM

24  5472 because of the existence of the improvements in the ground (unless the improvements were

25  torn out and removed).

26  **V**

27  **THE JURY VERDICT IS BASED ON PREJUDICIAL MISCONDUCT**

28  **BY PLAINTIFF'S COUNSEL**

Alexander & Associates
Attorneys at Law
1925 G Street
Bakersfield, CA 93301
(661) 316-7888

18                    Case No. 1:07-CV-01080 LJO-GSA

DeWALT'S BRIEF IN SUPPORT OF MOTION FOR NEW TRIAL, ETC.

1  Plaintiff's counsel committed the following instances of misconduct which, individually or

2  collectively, justify this Court issuing an Order for a new trial.

3  **A. Actual Damages; Misstatement of Law**

4  By arguing to and misleading the jury (RT 1009:23 – 1010:14) that the actual damages are

5  $1,400,000.00 by using the amount billed by plaintiff in 1994, about $1,100,000.00, then doubling

6  that amount in 2004 (by using plaintiff's average hourly rate of $72.00 in 1994 and $144.00 in

7  2004), for a total of $2,200,000.00, then deducting the $800,000.00 paid in 1994 from the

8  $2,200,000.00, instead of deducting the $800,000 paid in 1994 in 2004 dollars.

9  **B. Misstatement of Law; Dependent Creation**

10  By misstating the law by asserting to the jury that by "copying what was on the ground" (RT

11  1102:13-20) – by surveying and drawing the improvements on, in and under the ground – DeWalt

12  committed a copyright violation through "dependent" creation, a non-existent legal concept

13  advanced throughout trial by plaintiff.

14  **C. Misstatement of Law; Negation of Independent Creation**

15  By misstating the law by asserting to the jury in opening statement (RT 142:9 – 143:19) and

16  in closing argument (RT 1102:13-20) that by "copying what was on the ground" DeWalt committed

17  copyright infringement irrespective of the fact that DeWalt independently created its work.

18  **D. Misstatement of Law; Failure to Acknowledge Independent Creation**

19  By misstating the law by asserting to the jury that in order to prevail plaintiff had to prove

20  only access and substantial similarity (RT 1014:16-17; 1015:1-9; 1020:12-14; 1027:6-10; 1101:12 –

21  1102:20).

22  **VI**

23  **THE JURY VERDICT IS INCONSISTENT**

24  In that the jury found that DeWalt did not copy the improvement plans and found that

25  DeWalt did not profit from any infringing activity, the jury's finding that DeWalt copied Tentative

26  Tract Map 5472 is inconsistent.

27  Plaintiff's arguments that DeWalt copied Tentative Tract Map 5472 were based on a

28  comparison of the improvement plans (specifically, the grading plans) which were not copied and

Alexander & Associates
Attorneys at Law
1925 G Street
Bakersfield, CA 93301
(661) 316-7888

19                                                                      Case No. 1:07-CV-01080 LJO-GSA

DeWALT'S BRIEF IN SUPPORT OF MOTION FOR NEW TRIAL, ETC.

1   DeWalt's Tentative Tract Map 6451 and Final Map 6451.  In addition, DeWalt cannot have copied

2   Tentative Tract Map 5472 if DeWalt, in fact and as proven, independently created and performed its

3   work, as found by the jury through its finding that DeWalt did not receive any profit (its costs were

4   greater than the amount it was paid).  Therefore, the jury verdict finding that DeWalt copied

5   Tentative Tract Map 5472 is inconsistent with the jury verdict that DeWalt did not copy the

6   improvement plans (including grading plan) and the jury verdict that DeWalt earned no profits from

7   any infringing activity.

8       P-108 is the improvement plans.  Plaintiff admits that "These are the documents that have

9   been copyrighted, yes."  (RT 164:18 – 165:1.)

10      P-108, Bates BP000434, is "Revised" TTM 5472.  If the jury found that DeWalt did not copy

11   the documents in P-108, then a finding that DeWalt copied TTM 5472 is inconsistent.

12                                   **<u>SUMMARY</u>**

13      In this case, there are few certainties.  However, one of them is that amount of actual

14   damages awarded must be set aside or reduced.

15      The most logical option for this Court is to grant a complete new trial.

16      Alternatively, this Court should consider granting a new trial on damages, only, leaving the

17   liability findings in place if this Court elects to deny DeWalt's motion for a complete new trial.

18      Another viable and attractive alternative is for this Court to reduce the damages on a

19   remittitur to 1) $0.00 (no actual damages), 2) $10,000.00 ($20,000.00 in 2004 dollars based on the

20   doubling of plaintiff's rates), 3) $27,200.00 (the amount paid to DeWalt), 4) $35,000.00 (the cost to

21   DeWalt), 5) $67,000.00 (the amount unpaid in 1994, Exhibits J-4 and J-100) for work done for TTM

22   5472 ($134,000.00 in 2004 if doubled).

23      This Court should make corresponding orders altering and/or amending the Judgment

24   consistent with the new trial and related orders.

25   Dated: May 20, 2010                    ALEXANDER & ASSOCIATES, PLC

26

27                                   By:___/S/ William L. Alexander_____
                                        WILLIAM L. ALEXANDER
28                                      Attorneys for defendant Dennis W. DeWalt, Inc.

Alexander & Associates
Attorneys at Law
1925 G Street
Bakersfield, CA 93301
(661) 316-7888

20                    Case No. 1:07-CV-01080 LJO-GSA

DeWALT'S BRIEF IN SUPPORT OF MOTION FOR NEW TRIAL, ETC.

## PROOF OF SERVICE

I am employed in the County of Kern, State of California.  I am over the age of 18 and not a party to the within action; my business address is 1925 G Street, Bakersfield, California.

On May 20, 2010, I served the foregoing document entitled **DeWALT'S BRIEF IN SUPPORT OF MOTION FOR NEW TRIAL, ETC.** on interested parties in this action:

James J. Braze, Esq.                                  Steven John Hassing, Esq.
Jeffrey A. Travis, Esq.                               Law Offices of Steven J. Hassing
Borton Petrini & Conron                               425 Calabria Court
5060 California Avenue, Suite 700                      Roseville, CA 95747
Bakersfield, CA 93303-2026                            Email address:  stevehassing@yahoo.com
Email address: jbraze@bortonpetrini.com
Email address: jtravis@bortonpetrini.com

Chaka Chuba Okadigbo, Esq.
Garcia Caledron Ruiz
50 S. Grand Avenue, Suite 1100
Los Angeles, CA 90071
Email address:  cokadigbo@gerlegal.com

____   BY MAIL.  I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. postal service on that same day with postage thereon fully prepaid at Bakersfield, California in the ordinary course of business.  The above sealed envelopes were placed for collection and mailing on the above date following ordinary business practice.

 XX    BY ELECTRONIC SERVICE.   Pursuant to Fed. R. Civ.P. 5(b)(2)(E) and Local Court Rule(s), the foregoing document will be served by the court via CM/ECF.  Pursuant to the CM/ECF docket for this case proceeding the following person(s) are on the Electronic Mail Notice List to receive ECF transmission at the email address(es) indicated above.

Executed on May 20, 2010, at Bakersfield, California.

 X   (Federal)  I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

/s/      Diane Ruff
DIANE RUFF

Alexander & Associates
Attorneys at Law
1925 G Street
Bakersfield, CA 93301
(661) 316-7888

21                    Case No. 1:07-CV-01080 LJO-GSA

DeWALT'S BRIEF IN SUPPORT OF MOTION FOR NEW TRIAL, ETC.