sd

James J. Braze, Esq.; SBN 75911
Jeffrey A. Travis, Esq.; SBN 235507
BORTON PETRINI, LLP
5060 California Avenue, Suite 700
Post Office Box 2026
Bakersfield, CA 93303
Telephone (661) 322-3051
email: jbraze@bortonpetrini.com
email: jtravis@bortonpetrini.com

Attorneys for Plaintiff, Roger McIntosh

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION

| | |
|---|---|
| ROGER McINTOSH,<br><br>              Plaintiff,<br><br>v.<br><br>NORTHERN CALIFORNIA UNIVERSAL ENTERPRISES COMPANY, a California corporation; LOTUS DEVELOPMENTS, LLP; THE CITY OF WASCO, a municipal corporation; DEWALT CM, INC., a California corporation also doing business as DEWALT CORPORATION; and DOES 1 through 10, inclusive<br><br>              Defendants. | Case No.  1:07-CV- 01080 LJO-GSA<br><br>DECLARATION OF JEFFREY A. TRAVIS IN SUPPORT OF PLAINTIFF ROGER McINTOSH'S MOTION TO DETERMINE A GOOD FAITH SETTLEMENT. |
| CITY OF WASCO,<br><br>              Cross-Complaint,<br><br>vs.<br><br>NORTHERN CALIFORNIA UNIVERSAL ENTERPRISES COMPANY, INC.,<br><br>              Cross-Defendant. | |

I, JEFFREY A. TRAVIS, state and if so called will testify as follows:

1.      I am an attorney for the Plaintiff in the above-referenced matter and have been

H:\PUBLIC\054493\060971
McIntosh v. Northern\DCL
OF JAT ISO MTN FOR
GOOD FAITH
SETTLEMENT.wpd

1

DEC. OF JAT ISO MOT GOOD FAITH SETTLEMENT

1  responsible for preparing, reviewing, instructing and conducting discovery and investigation of the

2  facts surrounding this matter, and have been the primary person responsible for and familiar with

3  settlement negotiations between plaintiff and defendants.

4         2.     I am duly licensed to practice in the State of California and also licensed to

5  practice in the Eastern District of California.

6         3.     In or about June of this year, plaintiff and the City of Wasco, through their

7  respective counsel, negotiated a final settlement of all claims between the City and Plaintiff

8  conditioned on the Court's approval of a good faith settlement.

9         4.     Attached hereto as Exhibit "A" is a true and correct copy of the Settlement and

10  Release Agreement between plaintiff, Roger McIntosh and the City of Wasco and which

11  memorializes the terms and conditions for the settlement.

12         5.     In or about June of 2010, my office contacted counsel for Northern California

13  Universal Enterprises Co., Lotus Developments, L.P., and Dennis W. De Walt. Inc. in an attempt

14  to obtain a stipulation as to the essential terms of the settlement.  I had the core terms of the

15  settlement sent to each of the non-settling defendants through email communications.

16         6.     I was informed both through email and through a telephone conversation from

17  counsel for Northern and Lotus that they objected to the apportionment of the final settlement

18  between actual damages and infringer's profits.  It was my understanding that Northern and Lotus

19  did not dispute the total amount of settlement. It was also my understanding from those

20  communications that they the entire amount of the settlement should be apportioned to the actual

21  damages of $1.4 million because Wasco had infringed both the map and plans whereas Northern,

22  Lotus, and DeWalt were infringers of the map only.  According to them, this makes Wasco

23  responsible for a larger share of the actual damages.

24         7.     As of the date of signing this declaration, I have not received any response

25  from Dennis W. De Walt, Inc. and have no idea whether they oppose or agree to the proposed

26  settlement.

27         8.     The proposed settlement was made in good faith and was not made as the

28  result of any collusion, fraud or tortious conduct between the settling parties aimed at making the

H:\PUBLIC\054493\060971
McIntosh v. Northern\DCL
OF JAT ISO MTN FOR
GOOD FAITH
SETTLEMENT.wpd

2

DEC. OF JAT ISO MOT GOOD FAITH SETTLEMENT

1  non-settling parties pay more than their fair share.  The settlement allocation proposed by the

2  plaintiff is based on totaling Wasco's proportionate share of actual damages ($350,000) with their

3  share of profits ($1.5 million) divided into the settlement amount to determine an overall percentage

4  of app. 40%. (.4054) Using 40% as a baseline percentage, this a means for proportionately allocating

5  between actual damages and infringer's profits.  Therefore, $600,000 is 40% of $1.5 million and

6  $150,000 is 42% of Wasco's proportionate share of actual damages.

7           I declare under penalty of perjury, under the laws of the State of California, that the

8  foregoing is true and correct.

9           Executed this 17th day of  June, 2010, at Bakersfield, California.

11  _____

    Jeffrey A. Travis, Declarant

H:\PUBLIC\054493\060971
McIntosh v. Northern\DCL
OF JAT ISO MTN FOR
GOOD FAITH
SETTLEMENT.wpd

3

DEC. OF JAT ISO MOT GOOD FAITH SETTLEMENT

Exhibit "A"

## SETTLEMENT AGREEMENT AND RELEASE

### I.

### PARTIES

This Settlement Agreement and Release ("the Agreement") is entered into by and between Plaintiff, Roger McIntosh, an individual ("Plaintiff") and Defendant, City of Wasco, ("Wasco"). Plaintiff and Wasco are sometimes hereinafter referred to as the "party" and, collectively, as the "parties."

### II.

### RECITALS

Plaintiff filed a lawsuit in the U.S. District Court for the Eastern District of California against several defendants, including Wasco, alleging copyright infringement, Case No. CV-07-01080-LJO GSA ("Suit"). Plaintiff contended that all defendants infringed on his copyrighted works consisting of a Revised Tentative Map for Tract 5472 ("5472 Map") and a set of improvement plans for Tract 5472 ("Works"). Plaintiff sued Wasco for direct, contributory and vicarious copyright infringement. Plaintiff sued Northern California Universal Enterprises Co., Lotus Developments, LP, and Dennis W. DeWalt, Inc. for direct and vicarious copyright infringement. Plaintiff sought actual damages and infringer profits from all defendants pursuant to the U.S. Copyright Act. Defendants Northern California Universal Enterprises, Co., Lotus Developments, L.P., and Dennis W. De Walt, Inc. ("Non-Settling Defendants") are not parties to this Agreement.

The Suit was tried before a jury in March of 2010. The jury awarded plaintiff actual damages in the amount of $1.4 million dollars for which all defendants were held jointly and severally liable. The jury also awarded $1.5 million in infringer profits against Wasco.

1                      MCINTOSH SETTLEMENT AGREEMENT

Currently pending before the trial court are motions by all defendants to alter or amend the judgment and, alternatively, for a new trial. Wasco has also filed a Notice of Appeal in the U.S. Court of Appeals for the Ninth Circuit.

Plaintiff and Wasco desire to amicably resolve all differences, conflicts, disputes, and/or claims that may exist between them concerning the matters that are the subject of the Suit. Without admitting liability or fault as to any events that have preceded the execution of this Agreement, and in order to avoid the costs and uncertainty of further litigation, the parties enter into this Agreement.

### III.

### SETTLEMENT TERMS AND CONDITIONS

In consideration of the foregoing terms and conditions which are incorporated into this Agreement and the mutual promises contained herein and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, Plaintiff and Wasco agree as follows:

A.  Settlement Terms.  In exchange for a complete general release as well as all other covenants and conditions in this Agreement and in full and final settlement of the claims against Wasco, Plaintiff and Wasco agree to the following terms:

1.  The U.S. District Court for the Eastern District of California must approve this Agreement as constituting a good faith settlement as a condition precedent to Wasco's obligations under this Agreement;

2.  Wasco will pay Plaintiff a total sum of $750,000 to be paid in the following installments:

> a. First payment: $400,000 within ten
> (10) days after the Court has approved

this Settlement as a good faith
settlement;

b. Second payment: $100,000 no later
than one year after the first payment
has been made;

c. Third payment: $100,000 no later
than one year after the second payment
has been made;

d. Fourth payment $100,000 no later
than one year after the third payment
has been made; and

e. Fifth payment: $50,000 no later
than one year after the fourth payment
has been made.

3. Wasco agrees to return all copies in whatever medium of the Works originally prepared by Martin-McIntosh;

4. McIntosh agrees not to sue Wasco for accepting as-built plans in lieu of the improvement plans for the tract of land in the Valley Rose Estates presently designated as Tract 6451 in Wasco;

5. McIntosh agrees not to sue Wasco for accepting new tentative and final maps for the proposed subdivision located in the Valley Rose Estates presently designated as Tract 6451 in Wasco;

6. The total settlement amount of $750,000 will be proportionately allocated between actual damages and infringer's profits in the following amounts:

a. $600,000 shall be allocated to infringer profits allegedly generated by Wasco from infringing uses of the Works; and

b. $150,000 shall be allocated to Wasco's proportionate share of

3                    MCINTOSH SETTLEMENT AGREEMENT

actual damages.

7.      In the event that the U.S. District Court for the Eastern District of California does not deem the above allocations between infringer profits and actual damages to be acceptable, the parties agree to accept any alternative allocation required by the Court as a condition of its determination that this Agreement constitutes a good faith settlement.

8.      Wasco will dismiss and withdraw all appeals and all pending post-trial motions. Plaintiff agrees that Wasco's fulfillment of the terms of this Agreement will replace and/or satisfy all debts and/or obligations owed by Wasco to Plaintiff pursuant to the judgment entered in the Suit on March 23, 2010.  Regardless of any subsequent decision by a trial court or any other court concerning the respective liability of Wasco and the Non-Settling Defendants or the damages owed to Plaintiff by, and/or the apportionment of damages among, Wasco and the Non-Settling Defendants, Plaintiff agrees that Wasco's payment of $750,000 in accordance with the terms of this Agreement fully satisfies all of Wasco's obligations to Plaintiff and that Plaintiff waives the right to recover any greater amount from Wasco. If the Court does not approve the Agreement, then none of the obligations stated in the Agreement are effective.

9.      Each party shall bear its own attorneys' fees and costs in the Suit.

B.      General Release. Plaintiff, on behalf of himself, his agents, representatives, insureds, heirs, assigns, attorneys and all persons acting by, through, under or in concert with him hereby releases, holds harmless, and forever discharges Wasco and each of their parent companies, subsidiaries, affiliates, divisions, predecessors, successors, agents, representatives, officers, directors, council members, employees, shareholders, insurers, heirs, assigns, attorneys and all persons acting by and through, under or in concert with it of and from any and all claims of every nature howsoever

4                          MCINTOSH SETTLEMENT AGREEMENT

the same may be caused, action, suit, causes of actions, losses, payments, obligations, debts, liens,

contracts, agreements, promises, judgments, costs and expenses of any kind (past and known or

unknown including, without limitation, attorneys fees), punitive damages, investigative costs,

medical expenses, treatments of any kind, rehabilitation costs, and lost wages arising or which could

be claimed to arise out of or in connection with, or to be related in any way to, any of the facts,

events, or matters that were or could have been asserted, alleged or referred to in the Suit.

        C.      Waiver of Civil Code Section 1542. It is understood and agreed that Plaintiff

and Wasco expressly waive any and all rights and benefits conferred by the provisions of Section

1542 of the California Civil Code in connection with the Suit. California Civil Code Section 1542

provides as follows:

> "A general release does not extend to claims the
> creditor does not know or suspect to exist in his or her
> favor at the time of executing the release, which if
> known by him or her must have materially affected his
> or her settlement with the debtor."

In agreeing to a waiver of section 1542, Plaintiff agrees to waive any similar rights under

Federal or State statute or law of similar effect. Plaintiff and Wasco understand and agree that

they may know, suspect, or that there may exist a claim at this time or in the future against

Wasco or Plaintiff resulting from the infringement alleged in the Suit filed by Plaintiff against

Wasco. It is expressly understood and agreed that the possibility of such a claim or claims may

exist being known and understood and has been explicitly taken into account by Plaintiff and

Wasco in determining the amount and nature of the consideration to be accepted for entering into

this Agreement and a portion of said consideration having been bargained for by Plaintiff and

Wasco with knowledge of the possibility of such unknown claim or claims and has been given in

exchange for full accord, satisfaction and discharge of all such claim.

        D.     <u>Attorneys Fees</u>. In the event that a dispute arises between the parties over any term, condition or provision under the Agreement and a civil action or arbitration is commenced, at the option of any party, to resolve the dispute, the prevailing party shall be entitled to its reasonable attorney's fees, expert fees, costs and expenses associated with the action or arbitration. Any judgment or order entered in such action or arbitration shall contain a specific provision providing for the recovery of attorneys and expert fees and costs incurred in enforcing such judgment. All fees and costs to be paid under this section shall be determined by a court of competent jurisdiction and not by a jury. For purposes of this section attorneys and experts fees shall include without limitation fees and costs incurred in the following:

                    1.    Post-judgment motions;
                    2.    Contempt proceedings;
                    3.    Garnishment, levy and debtor and third party examinations;
                    4.    Discovery;
                    5.    Bankruptcy litigation; and
                    6.    Appeals.

        E.     <u>Governing Law</u>. This Agreement shall be governed by, construed and enforced in accordance with the laws of the State of California.

        F.     <u>Enforcement</u>. Plaintiff and Wasco hereby acknowledge, agree and stipulate that each has the right to enforce any provision of this Agreement by filing any appropriate action or proceeding. Any action to enforce this Agreement shall be brought in the County of Kern, State of California.

        G.     <u>No Construction Against Author</u>. This Agreement is the result of arms length negotiations. Each of the parties has cooperated in the drafting and preparation of this

Agreement. Hence, the Agreement shall be construed within its fair meaning, and not against any of the parties.

        H.      Severability. If any provision of this Agreement is held by a court of competent jurisdiction to be invalid, void or unenforceable for whatever reason, the remainder of the Agreement shall continue in full force and effect. If, however, the U.S. District Court for the Eastern District of California finds that the Agreement is not a good faith settlement, then none of the terms of the Agreement would be enforceable or given effect.

        I.       Persons Bound and Benefitted. Except as limited and/or excluded herein, this Agreement shall be binding upon and inured to the benefit of Plaintiff, Wasco, their principals, agents, council members, employees, attorneys, representatives, predecessors, successors in interest, beneficiaries, respective insurance carriers, heirs, successors in interest, agents, employees, servants, principals, assigns, assignors, officers, directors, stockholders, partners, representatives, parent corporations, subsidiary corporations, sister corporations, affiliated corporations, subsequent corporations, partnerships, limited partnerships, joint ventures, executors, guarantors, associates, adjusters, affiliates, including but not limited to all persons or entities.

        J.      Integration/Modification. This Agreement constitutes the entire Agreement between Plaintiff and Wasco relating to the settlement of all claims against Wasco as set forth in the recitals to this Agreement. All prior or contemporaneous agreements, understandings, representations, and statements whether oral or written and whether by a party or such party's legal counsel are integrated into the Agreement. There are no representations, warranties, agreements, arrangements, undertakings oral or written between or among the parties

hereto relating to the subject matter of this Agreement which are not fully expressed herein.

No modification, waiver, amendment, discharge, or changes of this Agreement shall be valid unless it is in writing and has been signed by the party against whom enforcement of such modification, waiver, discharge or change is or has been sought.

K.  Execution of Agreement. This Agreement may be executed in counterparts, and when each party has signed and delivered at least one such counterpart, each counterpart shall be deemed an original, and, when taken together with other signed counterparts, shall constitute one Agreement, which shall be binding upon and effective as to all parties as of the date hereof. True photocopies of signatures shall be deemed as effective as original signatures.

L.  Copy Admissible. In any action or proceeding relating to this Agreement, Plaintiff and Wasco stipulate that a copy of this fully executed Agreement may be admissible to the same extent as the original Agreement.

M.  Captions and Interpretations. Paragraph titles or captions contained herein are inserted as a matter of convenience and for reference and in no way define, limit, extend or describe the scope of the Agreement or any provision hereof.

N.  Right to Independent Counsel. The parties acknowledge and represent that they have had the right to and benefit of consultation with independent legal counsel and expert consultants. Each of the parties to this Agreement has made such investigation of the facts pertaining to this settlement and this Agreement and all the matters pertaining thereto, as it deems necessary. The parties have read and understand the entirety of this Agreement and have been advised as to the legal effects of this Agreement including, for example, their rights and

obligations hereunder and hereby willingly and voluntarily agree to every single term of this Agreement.

O.   <u>Future Cooperation.</u>   The parties agree to execute all such further and additional documents as shall be reasonable, convenient, necessary, or desirable to carry out the provisions of this Agreement.

IN WITNESS WHEREOF, each of the undersigned has executed this Agreement as of the date hereinafter appearing.

DATED: June _17_, 2010

_____
Roger McIntosh, Plaintiff

Approved as to form:

DATED: June _17_, 2010

BORTON PETRINI, LLP

By_____
James J. Braze, Esq. Attorneys for Plaintiff

DATED: June ____, 2010

_____
Danny Espitia, Mayor, City of Wasco

Approved as to form:

DATED: June ____, 2010

GCR, LLP

By_____
Chaka C. Okadigbo, Esq., Attorneys for Plaintiff

9                        MCINTOSH SETTLEMENT AGREEMENT

obligations hereunder and hereby willingly and voluntarily agree to every single term of this Agreement.

       O.    Future Cooperation. The parties agree to execute all such further and additional documents as shall be reasonable, convenient, necessary, or desirable to carry out the provisions of this Agreement.

    IN WITNESS WHEREOF, each of the undersigned has executed this Agreement as of the date hereinafter appearing.

DATED: June ____, 2010

                                  _____
                                    Roger McIntosh, Plaintiff

Approved as to form:

DATED: June ____, 2010

                                  BORTON PETRINI, LLP

                                  By_____
                                    James J. Braze, Esq. Attorneys for Plaintiff

DATED: June _17_, 2010

                                    Danny Espitia, Mayor, City of Wasco

Approved as to form:

DATED: June _17_, 2010

                                  GCR, LLP

                                  By_____
                                    Chaka C. Okadigbo, Esq., Attorneys for Plaintiff

MCINTOSH SETTLEMENT AGREEMENT