Steven J. Hassing
California SBN 152125
LAW OFFICES OF STEVEN J. HASSING
425 Calabria Court
Roseville, CA  95747
Telephone:  (916) 677-1776
Facsimile:   (916) 677-1770

Attorney *for Defendant, Northern California Universal Enterprise Company and Lotus Developments, L.P.*

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROGER MCINTOSH,<br><br>                                  Plaintiff(s);<br>v.<br><br>NORTHERN CALIFORNIA UNIVERSAL ENTERPRISES COMPANY, ET AL.,<br><br>                                  Defendant(s). | No.  1:07-CV-01080-LJO-GSA<br><br>**NORTHERN'S AND LOTUS'S OPPOSITION TO PLAINTIFF'S MOTION TO DETERMINE GOOD FAITH SETTLEMENT**<br><br>**DATE:  NO HEARING DATE PER ORDER OF COURT**<br><br>**HONORABLE LAWRENCE O'NEILL** |

**I
INTRODUCTION**

Defendants agree that CCP § 877.6 and the cases decided thereunder provide the relevant law to be relied upon in ruling on this motion.  However, Northern and Lotus oppose Plaintiff's motion because the proposed allocation between actual damages and profit damages is unfair and inequitable.  Accordingly, the settlement should not be

1

accorded "good faith" status precluding further indemnity or contribution by City of Wasco unless the entire $750,000 is allocated to actual damages.

## II
## LEGAL ARGUMENT

The jury found that Northern and Lotus had copied Plaintiff's map. (Verd. Q. #3, 5). It also found that DeWalt had copied the map and found Northern and Lotus vicariously liable for DeWalt's copying. (Verd. Q. # 1, 17-22). Evidence at trial established the value of the maps to be $20,500. (Exs J-18 and D-250). Jury Instruction 42 restricts actual damages to the fair market value of the infringed article.

On the other hand, The City was found to have copied the map <u>and the plans</u>. (Verd. Q. #7, 8). The jury calculated that the value of the map <u>and</u> the plans were $1,400,000. (Verd. Q. 23). Accordingly, since the map was only valued at $20,500, the balance of the actual damages, $1,379,500, had to result from copying of the plans. Notwithstanding the fact that all defendants are jointly and severally liable for "actual damages", it is unfair for Northern and Lotus to lose all right to seek indemnity from The City based upon a reduction of only $150,000 from the $1,400,000 of actual damages.

The emphasis on equitable apportioning of liability in *Tech-Bilt* creates a rigorous standard. Whirlpool Corp. v. CIT Group, 293 F. Supp.2d 1144, 1152 (D. Hawaii 2003). A defendant's settlement figure must not be grossly disproportionate to what a reasonable person, at the time of the settlement, would estimate the settling defendant's liability to be. *Long Beach Memorial Medical Center v. Superior Court* (2009) 172 Cal.App.4th 865, 874. $150,000 is grossly disproportional to the $1,379,500 for which The City is culpable.

Plaintiff argues that all four defendants are jointly and severely liable for the $1,400,000 of actual damages so dividing the total by the four defendants fairly allocates each's respective share.  However, when Northern and Lotus moved this court[1] to make factual determinations left unresolved by the jury, specifically to determine what portion of the actual damages resulted from infringement of the map and what part resulted from infringement of the plans, Plaintiff argued that these matters should await a later indemnification action.  (Doc #328, page 3, line 27)[2].  The motion was denied on those grounds.  (See Doc. #329, Court's April 14, 2010 order, page 5, line 26).

Now, Plaintiff seeks to eliminate the very remedy that it had earlier urged as the basis for denying Defendants' motion for factual determination.  As with the allocation itself, this is not fair.  Plaintiff can't have it both ways.  According merit to the fact that all Defendants are jointly and severely liable it is therefore necessary to allow the other Defendants to seek indemnification from The City because of the extreme disproportion of culpability.

The City obviously does not care what allocation is given to actual damages as long as its settlement gets this court's good faith blessing.  It is Plaintiff who is pushing the notion that a $150,000 allocation to the $1,400,000 of actual damages is "fair and just".  Even the way Plaintiff came up with his proposed allocation makes no sense.  While previously arguing actual damages are joint and several, Plaintiff, for purposes of this motion, breaks out The City's share by dividing by four and coming up with

---

[1]  Motion under FRCP 49(a)(3) filed March, 2010.

[2] Plaintiff's opposition to motion to make determinations left unresolved.

$350,000. Where actual damages are joint and several it makes no sense to simply divide by four and then state that The City's share is $350,000. Especially in light of the fact that The City was found to have copied the map and the plans. If Plaintiff can argue that The City's share of the actual damages is $350,000 Northern and Lotus can surly argue that it is really $1,379,500. Northern's allocation makes the most sense under the jury's findings.

McIntosh then comes up with the $150,000 allocation to actual damages by multiplying profit damages of $1,500,000 by 40%, arriving at $600,000 and allocating the balance of the $750,000 ($150,000) to actual damages. There is no logic to this method when it is clear that The City should have to pay 98.5 % of actual damages and likely would following a suit for indemnity.[3] The fact that a settling defendant is paying less than its theoretical fair share is <u>evidence</u> of bad faith. *Tech-Bilt, Inc. v. Woodward-Clyde & Associates* (1985) 38 Cal.3d 488, 497. Under Plaintiff's suggested allocation, The City is paying only 10.71% of the actual damages while it should pay 98.5%.

Even Plaintiff understands that, under the circumstances of this case, his calculations are foolish and that this court will likely not go along with them and reveals that understanding at paragraph 7 of the settlement agreement wherein Plaintiff agrees to accept **any** alternative allocation.[4]

The City was the only defendant found to have copied everything; the map and the plans. The City used Plaintiff's copyrighted materials in its marketing brochures in an

---

[3] $1,379,500 ÷ $1,400,000 actual damages = 98.5%.

[4] This, of course, would include allocating the entire $750,000 to actual damages.

4

effort to profit from the sale of the land on which subdivision was built.  On the other hand, Plaintiff <u>admitted</u> that Northern and Lotus <u>did not copy anything</u> and that any liability was vicarious.  (RT 1027; 3-23) (RT 1097, 2-7).  The findings place great culpability on The City and little to none on Northern and Lotus.  When a number of joint tortfeasors are named as defendants, the "fair share" is determined by their relative culpability.  *Employers Ins. of Wausau v. Musick*, 954 F.2d 575, 578 (9th Cir. 1992).  "Good faith" requires the court to inquire whether the settlement is within the reasonable range of the City's proportional share of comparative liability.  *Tech-Bilt, Inc. v. Woodward-Clyde & Associates* (1985) 38 Cal.3d 488, 499.  The settling party's proportionate liability is one of the most important factors.  *Long Beach Memorial Medical Center v. Superior Court* (2009) 172 Cal.App.4th 865, 873.

The settlement must be "reasonable" in light of the settling defendant's liability, and the party asserting the lack of good faith should show that the settlement figure is "out of the ballpark".  *Tech-Bilt, Inc. v. Woodward-Clyde & Associates* (1985) 38 Cal.3d 488, 499.  An allocation of $150,000 against $1,379,500 of actual damage which would likely be attributable to The City in a later indemnity action, is not "reasonable" and is "out of the ballpark".

While Plaintiff extols the virtue of "settlement", the equitable policies implicitly adopted by the legislature include <u>both</u> the encouragement of settlements <u>and</u> the **equitable allocation** of costs among multiple tortfeasors.  Those policies would be disserved by an approach which emphasizes one to the virtual exclusion of the other.  *Tech-Bilt, Inc. v. Woodward-Clyde & Associates* (1985) 38 Cal.3d 488, 498-499.

# III
# CONCLUSION

A good faith settlement, above all else, must be fair and equitable. The jury, in finding $1,400,000 of actual damages also found The City much more culpable than Northern and Lotus.

When Northern and Lotus asked this court to determine the relative liabilities of each defendant regarding actual damages, Plaintiff defeated the motion by arguing that the matter could be resolved later in an indemnity action. The court agreed. By granting Plaintiff's present motion, that opportunity will be lost and Plaintiff will unfairly benefit by keeping the allocation of actual damages low, thereby having obtained The City's $750,000 and still having the remaining three defendants on the hook for $1,250,000 in actual damages.

Discretion, in ruling on a motion under section 877.6 should be exercised in view of the equitable goals of the statute, in conformity with the spirit of the law and in a manner that serves the interests of justice. *Long Beach Memorial Medical Center v. Superior Court* (2009) 172 Cal.App.4th 865, 873.

The motion should be denied unless all $750,000 allocated is to actual damages.

Dated this 23rd day of June, 2010                    /s/ Steven J. Hassing
                                                     Steven J Hassing, Attorney for
                                                     defendants, Northern and Lotus

///

///

///

**CERTIFICATE OF SERVICE**

1. On June 23, 2010, I served the following document:

**NORTHERN'S AND LOTUS'S OPPOSITION TO PLAINTIFF'S MOTION TO DETERMINE GOOD FAITH SETTLEMENT**

2. The above-named document was served by the following means to the persons as listed below:

__XX__   United States Mail, first class postage fully prepaid and addressed to:

Jeffrey Travis
Borton, Petrini, LLP
5060 California Ave, Suite 700
Bakersfield 93309
*Email: jtravis@bortonpetrini.com*

Chaka Okadigbo
Garcia Calderon Ruiz, LLP
520 South Grand Avenue, Ste. 695
Los Angeles, CA  90071
*Email:  cokadigbo@gcrlegal.com*

William L. Alexander
Alexander & Associates
1925 G Street
Bakersfield, CA  93301
*Email:  walexander@alexander-law.com*

I declare under penalty of perjury that the foregoing is true and correct.

Dated this 23rd day of June, 2010.

/s/ Kimberley A. Hassing
Kimberley A. Hassing