Steven J. Hassing
California SBN 152125
LAW OFFICES OF STEVEN J. HASSING
425 Calabria Court
Roseville, CA 95747
Telephone: (916) 677-1776
Facsimile: (916) 677-1770

Attorney *for Defendant, Northern California Universal Enterprise Company and Lotus Developments, L.P.*

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROGER MCINTOSH,<br><br>Plaintiff(s);<br>v.<br><br>NORTHERN CALIFORNIA UNIVERSAL ENTERPRISES COMPANY, ET AL.,<br><br>Defendant(s). | No. 1:07-CV-01080-LJO-GSA<br><br>**NORTHERN'S AND LOTUS'S COMPENDIUM OF EVIDENCE IN SUPPORT OF THEIR OPPOSITION TO PLAINTIFF'S MOTION FOR DETERMINATION OF GOOD FAITH SETTLEMENT**<br><br>DATE: NO HEARING DATE PER ORDER OF COURT<br><br>HONORABLE LAWRENCE O'NEILL |

Northern and Lotus hereby file this compendium of evidence in support of their opposition to Plaintiff's motion for good faith determination re settlement with City of Wasco filed June 23, 2010. Attached hereto are the following documents;

1. Verdict Form

2. Exhibit J-18

---

1

Northern's and Lotus's Compendium of Evidence in Support of Their Opposition to Plaintiff's Motion for Determination of Good Faith Settlement

3. Exhibit D-250

4. Document 346

5. Document 359

Dated this 28th day of June, 2010          /s/ Steven J. Hassing
                                                     Steven J Hassing, Attorney for
                                                     defendants, Northern and Lotus

///

///

///

///

///

///

///

///

///

///

///

///

///

///

///

///

# CERTIFICATE OF SERVICE

1. On June 28, 2010, I served the following document:

**NORTHERN'S AND LOTUS'S COMPENDIUM OF EVIDENCE IN SUPPORT OF THEIR OPPOSITION TO PLAINTIFF'S MOTION FOR DETERMINATION OF GOOD FAITH SETTLEMENT**

2. The above-named document was served by the following means to the persons as listed below:

__XX__   United States Mail, first class postage fully prepaid and addressed to:

Jeffrey Travis
Borton, Petrini, LLP
5060 California Ave, Suite 700
Bakersfield 93309
*Email: jtravis@bortonpetrini.com*

Chaka Okadigbo
Garcia Calderon Ruiz, LLP
520 South Grand Avenue, Ste. 695
Los Angeles, CA  90071
*Email: cokadigbo@gcrlegal.com*

William L. Alexander
Alexander & Associates
1925 G Street
Bakersfield, CA  93301
*Email: walexander@alexander-law.com*

I declare under penalty of perjury that the foregoing is true and correct.

Dated this 28th day of June, 2010.

/s/ Kimberley A. Hassing
Kimberley A. Hassing

EXHIBIT NO. 1



FILED
MAR 1 0 2010
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROGER McINTOSH, | CASE NO. CV F 07-1080 LJO GSA |
| Plaintiff, | **VERDICT** |
| vs. | |
| NORTHERN CALIFORNIA UNIVERSAL ENTERPRISES, INC., LOTUS DEVELOPMENTS, LP, THE CITY OF WASCO, AND DENNIS W. DeWALT, INC., | |
| Defendants. | |

We, the jury, unanimously find the following, by a **preponderance of the evidence**:

**COPYRIGHT INFRINGEMENT**

**Question No. 1:**

Did defendant Dennis W. DeWalt, Inc. copy plaintiff Roger McIntosh's Tentative Map for Tract 5472?

YES ✓

NO _____

Proceed to Question No. 2.

1

1  **Question No. 2:**
2       Did defendant Dennis W. DeWalt, Inc. copy plaintiff Roger McIntosh's Improvement Plans for
3  Tract 5472?
4  YES_____
5  NO_____✓____
6  Proceed to Question No. 3.
7  **Question No. 3:**
8       Did defendant Northern California Universal Enterprises, Inc. copy plaintiff Roger McIntosh's
9  Tentative Map for Tract 5472?
10 YES___✓_____
11 NO_____
12 Proceed to Question No. 4.
13 **Question No. 4:**
14      Did defendant Northern California Universal Enterprises, Inc. copy plaintiff Roger McIntosh's
15 Improvement Plans for Tract 5472?
16 YES_____
17 NO_____✓____
18 Proceed to Question No. 5.
19 **Question No. 5:**
20      Did defendant Lotus Developments, LP copy plaintiff Roger McIntosh's Tentative Map for Tract
21 5472?
22 YES____✓_____
23 NO_____
24 Proceed to Question No. 6.
25 ///
26 ///
27 ///
28 ///

2

1  **Question No. 6:**

2  Did defendant Lotus Developments, LP copy plaintiff Roger McIntosh's Improvement Plans for
3  Tract 5472?

4  YES _____

5  NO ✓ _____

6  Proceed to Question No. 7.

7  **Question No. 7:**

8  Did defendant City of Wasco copy plaintiff Roger McIntosh's Tentative Map for Tract 5472?

9  YES ✓ _____

10 NO _____

11 Proceed to Question No. 8.

12 **Question No. 8:**

13 Did defendant City of Wasco copy plaintiff Roger McIntosh's Improvement Plans for Tract
14 5472?

15 YES ✓ _____

16 NO _____

17 If you answered "yes" to any of Question Nos. 1-8, proceed to Question No. 9.

18 If you answered "no" to all of Question Nos. 1-8, stop here, answer no further questions, and have your
19 presiding juror date and sign this form.

20                **CONTRIBUTORY COPYRIGHT INFRINGEMENT**
21                     **BY DEFENDANT CITY OF WASCO**

22 **Question No. 9:**

23 Did defendant City of Wasco know or have reason to know of the infringing activity by the other
24 defendants, if any?

25 YES ✓ _____

26 NO _____

27 If you answered "yes" to Question No. 9, proceed to Question No. 10.

28 If you answered "no" to Question No. 9, proceed to Question No. 11.

3

1 **Question No. 10:**

2 Did defendant City of Wasco intentionally and materially contribute to any infringement by any
3 of the other defendants?

4 YES ✓

5 NO _____

6 Proceed to Question No. 11.

7 **VICARIOUS COPYRIGHT INFRINGEMENT**

8 **Question No. 11:**

9 Did defendant City of Wasco profit directly from any copying of plaintiff Roger McIntosh's work
10 (either the Tentative Map for Tract 5472 or Improvement Plans for Tract 5472) done by any of the other
11 defendants?

12 YES ✓

13 NO _____

14 If you answered "yes" to Question No. 11, proceed to Question No. 12.

15 If you answered "no" to Question No. 11, proceed to Question No. 14.

16 **Question No. 12:**

17 Did defendant City of Wasco have the right and ability to supervise or control the other
18 defendants' copying of plaintiff Roger McIntosh's work?

19 YES ✓

20 NO _____

21 If you answered "yes" to Question No. 12, proceed to Question No. 13.

22 If you answered "no" to Question No. 12, proceed to Question No. 14.

23 **Question No. 13:**

24 Did defendant City of Waco fail to exercise that right and ability to supervise or control the other
25 defendants' copying of plaintiff Roger McIntosh's work?

26 YES ✓

27 NO _____

28 Proceed to Question No. 14.

4

1  **Question No. 14:**
2  Did defendant Dennis W. DeWalt, Inc. profit directly from any copying of plaintiff Roger
3  McIntosh's work done by any of the other defendants?
4  YES_____
5  NO___✓_____
6  If you answered "yes" to Question No. 14, proceed to Question No. 15.
7  If you answered "no" to Question No. 14, proceed to Question No. 17.
8  **Question No. 15:**
9  Did defendant Dennis W. DeWalt, Inc. have the right and ability to supervise or control the other
10 defendants' copying of plaintiff Roger McIntosh's work?
11 YES_____
12 NO_____
13 If you answered "yes" to Question No. 15, proceed to Question No. 16.
14 If you answered "no" to Question No. 15, proceed to Question No. 17.
15 **Question No. 16:**
16 Did defendant Dennis W. DeWalt, Inc. fail to exercise that right and ability to supervise or
17 control the other defendants' copying of plaintiff's work?
18 YES_____
19 NO_____
20 Proceed to Question No. 17.
21 **Question No. 17:**
22 Did defendant Northern California Universal Enterprises, Inc. profit directly from any copying
23 of plaintiff Roger McIntosh's work done by any of the other defendants?
24 YES___✓_____
25 NO_____
26 If you answered "yes" to Question No. 17, proceed to Question No. 18.
27 If you answered "no" to Question No. 17, proceed to Question No. 20.
28 ///

5

1  **Question No. 18:**
2  Did defendant Northern California Universal Enterprises, Inc. have the right and ability to
3  supervise or control the other defendants' copying of plaintiff Roger McIntosh's work?
4  YES ✓
5  NO ____
6  If you answered "yes" to Question No. 18, proceed to Question No. 19.
7  If you answered "no" to Question No. 18, proceed to Question No. 20.
8  **Question No. 19:**
9  Did defendant Northern California Universal Enterprises, Inc. fail to exercise that right and
10 ability to supervise or control the other defendants' copying of plaintiff Roger McIntosh's work?
11 YES ✓
12 NO ____
13 Proceed to Question No. 20.
14 **Question No. 20:**
15 Did defendant Lotus Developments, LP profit directly from any copying of plaintiff Roger
16 McIntosh's work done by any of the other defendants?
17 YES ✓
18 NO ____
19 If you answered "yes" to Question No. 20, proceed to Question No. 21.
20 If you answered "no" to Question No. 20, proceed to Question No. 23.
21 **Question No. 21:**
22 Did defendant Lotus Developments, LP have the right and ability to supervise or control the other
23 defendants' copying of plaintiff Roger McIntosh's work?
24 YES ✓
25 NO ____
26 If you answered "yes" to Question No. 21, proceed to Question No. 22.
27 If you answered "no" to Question No. 21, proceed to Question No. 23.
28 ///

6

1  **Question No. 22:**

2     Did defendant Lotus Development, LP fail to exercise that right and ability to supervise or
3  control the other defendants' copying of plaintiff Roger McIntosh's work?

4  YES ___✓___

5  NO _____

6  Proceed to Question No. 23.

7                                    **DAMAGES**

8  **Question No. 23:**

9     What is the total amount of actual damages plaintiff Roger McIntosh is entitled to? (This is the
10 amount of money you will be awarding plaintiff Roger McIntosh.)

11 $ ___1.4 million___

12 Proceed to Question No. 24.

13 **Question No. 24:**

14    Did defendant Dennis W. DeWalt, Inc. obtain a profit from its infringing activity?

15 YES _____

16 NO ___✓___

17 If you answered "yes" to Question No. 24, proceed to Question No. 25.

18 If you answered "no" to Question No. 24, proceed to Question No. 26.

19 **Question No. 25:**

20    What was the amount of defendant Dennis W. DeWalt, Inc.'s profit?

21 $ _____

22 Proceed to Question No. 26.

23 / / /
24 / / /
25 / / /
26 / / /
27 / / /
28 / / /

1 | **Question No. 26:**
2 |     Did defendant Northern California Universal Enterprises, Inc. obtain a profit from its infringing
3 | activity?
4 | YES ✓
5 | NO
6 | If you answered "yes" to Question No. 26, proceed to Question No. 27.
7 | If you answered "no" to Question No. 26, proceed to Question No. 28.
8 | **Question No. 27:**
9 |     What was the amount of defendant Northern California Universal Enterprises, Inc.'s profit?
10 | $ 1,992,107.50
11 | Proceed to Question No. 28.
12 | **Question No. 28:**
13 |     Did defendant Lotus Developments, LP obtain a profit from its infringing activity?
14 | YES ✓
15 | NO
16 | If you answered "yes" to Question No. 28, proceed to Question No. 29.
17 | If you answered "no" to Question No. 28, proceed to Question No. 29.
18 | **Question No. 29:**
19 |     What was the amount of defendant Lotus Developments, LP's profit?
20 | $ 1,992,107.50
21 | Proceed to Question No. 30.
22 | **Question No. 30:**
23 |     Did defendant City of Wasco obtain a profit from its infringing activity?
24 | Yes ✓
25 | No
26 | If you answered "yes" to Question No. 30, proceed to Question No. 31.
27 | If you answered "no" to Question No. 30, proceed to Question No. 32.
28 | ///

1  **Question No. 31:**

2     What was the amount of defendant City of Wasco's profit?

3  $ _1.5 million_____

4  **Question No. 32:**

5  If you entered an amount more than $0 in response to Question No. 27, answer Question No. 32.

6  If you did not enter an amount in response to Question No. 27, proceed to Question No. 33.

7     In committing infringing activity, did defendant Northern California Universal Enterprises, Inc.

8  act as a partner or practically partner with defendant Lotus Developments, LP?

9                                                                Yes __✓__

10                                                               No _____

11  Proceed to Question No. 33.

12  **Question No. 33:**

13  If you entered an amount more than $0 in response to Question No. 29, answer Question No. 33.

14  If you did not enter an amount in response to Question No. 29, stop here, answer no further questions,

15  and have your presiding juror date and sign this form.

16     In committing infringing activity, did defendant Lotus Developments, LP act as a partner or

17  practically partner with defendant Northern California Universal Enterprises, Inc.?

18                                                               Yes __✓__

19                                                               No _____

20  Please have the presiding juror date and sign this form.

23  DATED:      March _10_, 2010                    _[signature]_
24                                                   PRESIDING JUROR

26     After this form has been dated and signed, please use a "Note From The Jury" to inform the

27  Court that you have reached a unanimous verdict.

9

# EXHIBIT NO. 2

# DEWALT Corporation

• ENGINEERING    • PLANNING    • SURVEYING    • LAND DEVELOPMENT    • CONSTRUCTION MANAGEMENT

July 21, 2004

04-01P

**NORTHERN CALIFORNIA UNIVERSAL ENTERPRISE CO.**
300 "B" Street
Turlock, CA  95380
FAX:    209.669.0498

Attn.:  Mr. Jess Marimla

Re:   Wasco Subdivision – Expired Tract 5472
      Proposal for Planning / Engineering / Surveying / Professional Services

Dear Mr. Marimla,

DeWalt Corporation is pleased to provide this proposal for the following Planning, Engineering, and Surveying services for the property on Valley Rose Park Way in the City of Wasco, County of Kern. You will recall that the Tentative Map for Tract 5472 was approved with conditions at one point in time. Many of the conditions of approval with regard to infrastructure improvements to the site in question were completed, yet the Tentative Map was allowed to expire before recordation. Find below the various services that DeWalt Corporation proposes to provide to you for this project and their associated costs:

## TOPOGRAPHIC SURVEY:

Topographic survey will be performed in such a manner as to gather data which will be used for planning or engineering purposes. Please note that prior to the commencement of survey we will require a current (less that 30 days old) preliminary title report.

- Research existing horizontal and vertical monumentation with the Kern County Surveyor.
- Research existing infrastructure improvement plans with the Kern County Resource Management Agency, City of Wasco and any other related utility companies and service districts.
- Perform a boundary survey of the site, corroborating the existence of property corners and defining the site boundary. During the course of the boundary portion of the survey, we will also devote time to identifying any encroachment of the property lines.
- Perform a topographic survey of the existing pads, street and infrastructure improvements. Pad certification will be desired for proof of flood and grading plan conformance with County of Kern.
- Process and transfer the survey data for entry into electronic drafting software (AutoCAD) for the purposes of preparing the topographic survey plat.
- Dissemination of the Preliminary Title Report and identification of easements, licenses and recorded documents that encumber the property in question.
- Drafting and review of topographic survey plat.
- Validation and Certification of survey by a licensed land surveyor.
- Cost :                                                                    $7,500.00

Agreed and Understood:

By: _____
Title: PRESIDENT             Date: 9/3/04

**EXHIBIT J-18**

1830 22ND STREET, BAKERSFIELD, CA 93301  (805) 323-4600   •   FAX (805) 323-4874

Expired Tract 5472, Wasco, CA
Proposal for Planning, Engineering and Surveying
Page 2 of 3

## TENTATIVE MAP:

- Meetings with the Owner to discuss development plans / proposed layout / phasing
- Meetings with County Staff to discuss development options, scheduling and fees
- Preparation of Boundary and Easement Map from Record Data and available Title Information
- Prepare and Process Tentative Subdivision Map and Application Package
- Assist in coordination and completion of Tentative Map approval studies and mitigation measures
- Present Tentative Subdivision Map to Governing Bodies for Consideration and Action
- **Cost :**                                                                       $5,500.00

Agreed and Understood:

By: _____  Date: 9/8/04
Title: president

Upon approval of the Tentative Map, DeWalt Corporation and the owner will review and consider the conditions of approval. There may be items in the conditions of approval that will require DeWalt Corporation to engineer and process construction plans for approval by the County of Kern. Costs for these plans are un-determinable at this time and are <u>not</u> a part of this proposal.

## FINAL MAPS:

- Prepare Final Subdivision Map for Recordation
- Process County Improvement Agreements if required
- Prepare legal descriptions as needed
- **Cost :**                                            $5,500.00

Agreed and Understood:

By: _____  Date: 9/8/04
Title: president

## SURVEYING SERVICES:

- Surveying for Centerline Monument and lot corner installation
- **Cost:**                                                                         $7,500.00

Agreed and Understood:

By: _____  Date: 9/8/04
Title: president

Expired Tract 5472, Wasco, CA
Proposal for Planning, Engineering and Surveying
Page 3 of 3

Any work not specifically listed herein shall not be assumed to be included in this proposal. Prices quoted do not include reimbursables such as printing, soils work, document transport, or any governmental, title or other fees. Billing will be monthly, with reimbursables billed separately. Any "extra" work or changes to the scope of work, or revisions requested by the Owner, Title Company, or any other entity, will be performed on a time-and-materials basis per the attached DeWalt Corporation 2004 Fee Schedule as an "extra" or negotiated separately.

Thank you for this opportunity to work with **NORTHERN CALIFORNIA UNIVERSAL ENTERPRISE CO.** on this project. If you have any questions regarding any aspect of this proposal, please do not hesitate to contact me at (661) 323-4600x122. Please sign in the spaces provided authorizing the services you are approving and return one copy to our office at your earliest convenience, indicating our notice to proceed. We will then prepare a Standard Form of Agreement which will serve as our Contract (sample copy attached), and will forward it to you for execution.

Respectfully submitted,

*[signature]*

Jeffrey A. Gutierrez, P.L.S. 7595
President / Director of Surveying
jag@dewaltcorp.com

cc:    Gregory O. Black / Project Manager