EXHIBIT NO. 3

V-R-VALU.XLS

## SCHEDULE OF VALUE
## MARTIN-McINTOSH

| | TOTAL ENGR. COSTS | PERCENT COMPLETE | WORK IN-PLACE | PAID BY BOND DESIGN FEES | REVISIONS |
|---|---|---|---|---|---|
| **TRACT 5472 (69 LOTS)** | | | | | |
| Tentative Map | $10,000.00 | 100% | $10,000.00 | | |
| Storm Drain: street excavation, curb & gutter, aggregate base | $18,000.00 | 100% | $18,000.00 | $18,000.00 | |
| Sewer | $17,000.00 | 100% | $17,000.00 | $17,000.00 | |
| Water | $9,000.00 | 100% | $9,000.00 | $9,000.00 | |
| Street Improvements: Sidewalks, Special Concrete, Paving, street lights & Street Signs | $71,000.00 | 100% | $71,000.00 | $71,000.00 | |
| Final Tract Map | $23,000.00 | 100% | $23,000.00 | $23,000.00 | |
| Landscape and walls | $36,500.00 | 100% | $36,500.00 | $36,500.00 | |
| SUBTOTAL: | $184,500.00 | | $184,500.00 | $174,500.00 | |
| **TRACT 5618 (293 LOTS)** | | | | | |
| Tentative Map | $13,500.00 | 100% | $13,500.00 | $13,500.00 | |
| Storm Drain: Street Excavation, Curb & Gutter, Aggregate Base | $36,000.00 | 95% | $34,200.00 | | |
| Sewer | $24,000.00 | 95% | $22,800.00 | | |
| Water | $17,000.00 | 95% | $16,150.00 | | |
| Street Improvements: | $97,500.00 | 90% | $87,750.00 | | |
| Final Tract Map | $8,700.00 | 100% | $8,700.00 | $8,700.00 | |
| Landscape and Wall Plans | $31,000.00 | 90% | $27,900.00 | | |
| Revisions: | $18,500.00 | 100% | $18,500.00 | $18,500.00 | |

Page 1

D 250

# EXHIBIT NO. 4

nr:sd

1  James J. Braze, Esq.; SBN 75911
   Jeffrey A. Travis, Esq.; SBN 235507
2  BORTON PETRINI, LLP
   5060 California Avenue, Suite 700 (93309)
3  Post Office Box 2026
   Bakersfield, CA 93303
4  Telephone (661) 322-3051
   email: jbraze@bortonpetrini.com
5  email: jtravis@bortonpetrini.com

6  Attorneys for Plaintiff, Roger McIntosh dba
   McIntosh & Associates
7

8                 UNITED STATES DISTRICT COURT

9           EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION

10

| | |
|---|---|
| 11  ROGER McINTOSH, | Case No. 1:07-CV- 01080 LJO-GSA |
| 12           Plaintiff, | OPPOSITION TO MOTION TO MAKE DETERMINATIONS LEFT |
| 13  v. | UNRESOLVED BY THE JURY |
| 14  NORTHERN CALIFORNIA UNIVERSAL ENTERPRISES COMPANY, a California | |
| 15  corporation; LOTUS DEVELOPMENTS, LLP; THE CITY OF WASCO, a municipal | DATE: April 20, 2010<br>TIME: 8:30 a.m. |
| 16  corporation; DEWALT CM, INC., a California corporation also doing business as DEWALT | DEPT.: 4 (LJO)<br>The Honorable Lawrence J. O'Neill |
| 17  CORPORATION; and DOES 1 through 10, inclusive | |
| 18           Defendants. | |
| 19 | |
| 20  CITY OF WASCO, | |
| 21           Cross-Complaint, | |
| 22  vs. | |
| 23  NORTHERN CALIFORNIA UNIVERSAL | |
| 24  ENTERPRISES COMPANY, INC., | |
| 25           Cross-Defendant. | |

26

27          Plaintiff, Roger McIntosh, hereby submits his Memorandum of Points and Authorities

28  in Opposition to defendant Northern California Universal Enterprises Company, Inc.'s Request for

1 the Court to make certain factual determinations pursuant to Federal Rule of Procedure 49.83.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.

### REVIEW OF REQUEST

Northern is requesting that this Court make a factual determination as to:

1. What portion of profits, if any, were casualty related to infringement;
2. The amount of actual damages for which each defendant is liable; and
3. Identify the defendant(s) through who Northern and Lotus were found to be vicariously liable.

According to Special Verdict form, (Document No. 328 attached hereto as Exhibit "A") returned by the verdict on March 10, 2010, it was determined by the jury that all defendants copied Roger McIntosh's copyrighted work. (See Questions 1 through 8.) The jury also found that both Northern California Universal Enterprises and Lotus Developments had the right and ability to supervise and control the other defendants' copying and that each profited directly from the copying done by any of the other defendants. (See Questions 17 through 22.) The jury also found that the total amount of actual damages was $1.4 million. (See, Question No. 23.) The jury also found that Northern California and Lotus Developments separately obtained a profit from the infringing activity in the amount of $1,992,107.50, respectively. (See Questions Nos. 26 through 29.)

### II.

### ARGUMENT

A. **Northern's Request to Make Factual Determinations of Apportionment of Profits Is an Attempt to Both Invade the Province of the Jury and Is More Appropriate for an Indemnification Claim.**

[INSERT LEGAL STANDARD FOR JURY DETERMINATIONS.]

The jury was given Instruction No. 43 from the Ninth Circuit which instructs the jury to identify what profits, if any, were attributable to infringement and then to award any such amounts to the plaintiff. The Instruction told the jury that it needed to find a substantial relationship between the profits and the infringement before it awarded any profits. The Special Verdict form asked about

1  each defendant and whether they had profited from the infringing activity. The jury answered the
2  question "yes" as to all defendants except DeWalt. This was what was instructed and all that was
3  needed in order for the jury to make a factual determination as to any profits.
4        Now, Northern wants this Court to pry into the jury's deliberation and have it
5  rearrange the facts where the jury has already decided them. Northern is essentially arguing that this
6  Court should question the profit now decided by the jury because of what they perceive to be a
7  defective Special Verdict form. Neither Northern nor any defendant objected to the Special Verdict
8  form and there is no ambiguity. The jury decided that Northern, Lotus and Wasco all profited from
9  the infringing activity and then identified a specific amount of profits.
10        What Northern really seems to be wanting is for this Court to give the defendants a
11  preview of what possible indemnification claims each defendant may or may not have against the
12  other. This is a factual determination However, Wasco filed and then dismissed an indemnification
13  claim against Northern. If it was not dismissed, then the Special Verdict form could have identified
14  specific proportions of fault amongst the various defendants but they chose not to do this. This same
15  option was available to all defendants who were all equally able to file similar claims but all of them
16  elected not to do so for their own reasons. Asking this Court to renegotiate liability and damages,
17  and limit what plaintiff can recover, and after a jury clearly established damages is beyond the scope
18  of this motion.

19  **B.     Northern's Request to Make an Allocation Between the Defendants of the
         Responsibility of Actual Damages Is Inapplicable to the Verdict and Should Be More
20       Properly Addressed in an Indemnification Claim.**

21        If copyright infringement is found, all defendants are jointly and severally liable for
22  all actual damages. (17 U.S.C., § 501.)
23        The jury returned a Special Verdict with actual damages totaling $1.4 million. There
24  was no need to identify who was proportionately responsible for the full amount because this is not
25  what was instructed nor what was needed. It was also irrelevant since all parties are jointly and
26  severally liable for the full amount of whatever amount the jury determined. Again, ==this is an
27  indemnification argument that is more appropriate for a separate action on this issue==. Having the
28  court make such a determination will also require it to make factual determinations in a vacuum

1  without any reference to the record.

2  **C.  The Request for the Court to Make a Factual Determination of Which Defendant Was Found to Be Vicariously Liable Is Irrelevant and Goes Beyond the Scope of the Facts and Issues at Trial.**

4  The entire question is irrelevant arguing that they did not copy and that they were not liable for infringement or any damages or profits. Therefore, any questions related to indemnification and any apportionment of fault were absent. The fact is that Northern and Lotus were both found to have been vicariously liable through at least one of the other defendants as the Special Verdict form questions indicate. Whether it was Wasco or DeWalt, it made no difference to the claims at issue in trial so long as the jury found that Northern was responsible for controlling at least one of their actions. This request again would make sense if there was an indemnification claim at trial but there was none. All defendants elected to forego indemnification claims for their own reasons. Asking this Court now to invade the minds of the jury and insert facts where none are needed goes beyond the scope of the rule on which the motion is based.

14 **D.  The Request Imposes an Unfair Burden on the Court and this Opposing Party**

15  The request by Northern assumes that there is enough in the trial record for the Court to make the factual determination they seek. Further, the request points to nothing in the record that would allow this Court to make such a determination. Northern expects the Court, either in a vacuum and based on its recollection of the trial proceedings to apportion fault between the defendants or, is assuming the Court will cull through the entire record to determine what type of apportionment should be made.

21  Likewise, and in order for plaintiff to counter such a request, he would also be required to comb through the entire record to figure out whether an such a request is even possible.

### III.

### CONCLUSION

25  For the above reasons, plaintiff respectively requests this Court deny the motion in its entirety.

27  DATED:  April 5, 2010

28  Respectfully submitted,

| | |
|---|---|
| 1 | BORTON PETRINI, LLP |
| 2 | |
| 3 | |
| 4 | By:   s/Jeffrey A. Travis<br>Jeffrey A. Travis, Attorney for Plaintiff,<br>Roger McIntosh dba McIntosh & Associates |
| 5 | |

# EXHIBIT NO. 5

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROGER McINTOSH, | CASE NO. CV F 07-1080 LJO GSA |
| Plaintiff, | **ORDER ON MOTION FOR POST-VERDICT FACTUAL FINDINGS** |
| vs. | (Doc. 329.) |
| NORTHERN CALIFORNIA UNIVERSAL ENTERPRISES, INC., et al, | |
| Defendants. | |

**INTRODUCTION**

Defendant Northern California Universal Enterprises, Inc. ("NCUE") seeks this Court's "factual determinations" on damages issues which NCUE claims the jury did not resolve with its verdict. Plaintiff Roger McIntosh ("Mr. McIntosh") faults NUCE's attempt to invade the jury's province without guidance from the record to permit this Court to make determinations NUCE seeks. This Court considered NCUE's F.R.Civ.P. 49(a)(3) motion for post-verdict factual findings on the record[1] and VACATES the April 20, 2010 hearing, pursuant to Local Rule 230(g). For the reasons discussed below, this Court DENIES NCUE's motion for post-verdict factual findings.

---

[1] NCUE filed no reply papers.

1

## BACKGROUND

### Summary

This action arises from alleged infringing use of a tentative map and improvement plans to develop 480 acres as a subdivision in the City of Wasco ("Wasco"). Mr. McIntosh, a Bakersfield civil engineer, alleges that defendants NCUE, Lotus Developments, L.P. ("Lotus"), Dennis W. DeWalt, Inc. ("DeWalt") and Wasco "created a residential subdivision by copying and using McIntosh's copyrighted works and employing a tangible embodiment of the landscape design McIntosh conceived and created." This Court conducted a March 1-4 and 8-9, 2010 jury trial. The jury returned a March 10, 2010 verdict favorable to Mr. McIntosh.

### Jury Verdict

With its verdict, the jury found that:

1. NCUE, Lotus, DeWalt and Wasco (collectively "defendants") copied Mr. McIntosh's tentative map and that only Wasco had copied Mr. McIntosh's improvement plans;

2. NCUE, Lotus and Wasco profited directly from copying of either Mr. McIntosh's tentative map or improvement plans done by any of the other defendants;

3. NCUE, Lotus and Wasco failed to exercise their right and ability to supervise or control the other defendants' copying of Mr. McIntosh's tentative map or improvement plans;

4. Mr. McIntosh is entitled to $1.4 million in damages;

5. NCUE and Lotus each profited $1,992,107.50 from their respective infringing activity;

6. Wasco profited $1.5 million from its infringing activity; and

7. NCUE and Lots acted as partners or practically partners in committing infringing activity.

The jury was instructed on an award of profits:

> In addition to actual damages, the copyright owner is entitled to any profits of the defendant **attributable to the infringement**. You may not include in an award of profits any amount that you took into account in determining actual damages.
>
> You may make an award of the defendant's profits only if you find that the plaintiff showed a **causal relationship between the infringement and the profits generated** indirectly from the infringement.
>
> The defendant's profit is determined by subtracting all expenses from the

2

defendant's gross revenue.

The defendant's **gross revenue is all of the defendant's receipts** from the use or sale of a copyrighted work associated with the infringement. The plaintiff has the burden of proving the defendant's gross revenue by a preponderance of the evidence.

Expenses are all operating costs, overhead costs, and production costs incurred in producing the defendant's gross revenue. The defendant has the burden of proving the defendant's expenses by a preponderance of the evidence.

**Unless you find that a portion of the profit from the use or sale of a copyrighted work is attributable to factors other than use of the copyrighted work, all of the profit is to be attributed to the infringement. The defendant has the burden of proving the portion of the profit, if any, attributable to factors other than infringing the copyrighted work.** (Bold added.)

## DISCUSSION

### F.R.Civ.P. 49(a)(3) Motion Standards

NCUE contends that the verdict, agreed upon by the parties, lacks necessary findings on:

1. What portion of profits, if any, bore a casual relationship to infringement and is therefore attributable to infringement;

2. What is the amount of actual damages for which each defendant is liable; and

3. Through which defendant's actions was NCUE and Lotus found vicariously liable.

NCUE argues this Court must make such findings to permit entry of a "clear and unambiguous judgment."

Mr. McIntosh responds that NUCE seeks "to pry into the jury's deliberation" and to permit this Court to "rearrange the facts where the jury has already decided them" and to "question the profit now decided by the jury." Mr. McIntosh concludes that NCUE asks "this Court to renegotiate liability and damages."

F.R.Civ.P. 49(a)(3) provides:

A party waives the right to a jury trial on any issue of fact raised by the pleadings or evidence but not submitted to the jury, unless before the jury retires, the party demands its submission to the jury. If the party does not demand submission, the court **may** make a finding on the issue. If the court makes no finding, it is considered to have made a finding consistent with its judgment on the special verdict. (Bold added.)

When a jury is "specially instructed," and an issue is omitted without objection, a finding is deemed made in accord with a judgment on special verdict, "*unless* the court makes a finding to the contrary." *Roberts v. Karimi*, 251 F.3d 404, 407 (2nd Cir. 2001) (italics in original).

### Apportionment Of Profit

NCUE asks this Court to apportion profits to a "casual relationship to infringement." NCUE points out that the profits jury instruction advised the jury that Mr. McIntosh is "entitled to profits . . . attributable to the infringement" and that a profits award is permitted only upon a showing of "a causal relationship between the infringement and the profits generated indirectly from the infringement." NCUE argues that findings that NCUE and Lotus each profited $1,992,107.50 from their respective infringing activity lacks "causation or allocation." NCUE claims that the verdict lacks "a finding regarding a casual relationship between profit and infringement" and that whether the jury attributed all profit to infringement is unknown.

"In cases such as this where an infringer's profits are not entirely due to the infringement, and the evidence suggests some division which may rationally be used as a springboard it is the duty of the court to make some apportionment." *Orgel v. Clark Boardman Co.*, 301 F.2d 119, 121 (2nd Cir. 1962), *cert. denied*, 371 U.S. 817, 83 S.Ct. 31 (1962).

To apportion profit attributable in infringement, NCUE directs this Court to Lotus' summary analysis of profit/loss (Exhibit D-217), the profit calculation of Mr. McIntosh's expert Dr. Merati (Exhibit P-112), Mr. McIntosh's costs (Exhibit D-250) and DeWalt's contract with NCUE for surveying and tentative map preparation (Exhibit J-18).

This Court disagrees that the verdict lacks findings as to a causal relationship between infringement and profits. The verdict asked whether, and the jury found that:

1. Defendants copied Mr. McIntosh's tentative map (infringement);
2. NCUE, Lotus and Wasco profited directly from copying of either Mr. McIntosh's tentative map or improvement plans done by any of the other defendants (causation);
3. NCUE, Lotus and Wasco failed to exercise their right and ability to supervise or control the other defendants' copying of Mr. McIntosh's tentative map or improvement plans (infringement); and
4. NCUE and Lotus each profited $1,992,107.50 from their respective infringing activity (causation).

At a minimum, the jury's findings give rise to inferences of a causal relationship between infringement

and profits.

Turning to apportionment of profits, NCUE points to several exhibits but fails to articulate an apportionment of profits or how the exhibits assist to provide such an apportionment.[2] Mr. McIntosh correctly notes that NCUE "points to nothing in the record that would allow this Court to make such a determination." The verdict reflects that the jury accepted Dr. Merati's $3,984,214.83 profits figure and attributed 50 percent of such profits each to NCUE and Lotus. The jury made an apportionment, and NCUE points to no authority to permit this Court to replace an apportionment inconsistent with that of the jury.

### Actual Damages

NCUE seeks this Court's apportionment among defendants of the $1.4 million damages award. NCUE argues that since the jury found that only Wasco copied Mr. McIntosh's improvement plans, the verdict does not differentiate "between actual damages resulting from infringement of the map and actual damages resulting from infringement of the plans."

Mr. McIntosh responds that identity of whom "was proportionately responsible for the full amount" is "irrelevant since all parties are jointly and severally liable" for Mr. McIntosh's actual damages and apportionment is "an indemnification argument."

"When a copyright is infringed, all infringers are jointly and severally liable for plaintiffs' actual damages, but each defendant is severally liable for his or its own illegal profit; one defendant is not liable for the profit made by another." *Frank Music Corp. v. Metro-Goldwyn-Mayer, Inc.*, 772 F.2d 505, 519 (9th Cir. 1985) (citing *MCA, Inc. v. Wilson*, 677 F.2d 180, 186 (2d Cir.1981)).

Given the defendants' joint and several liability, NCUE fails to substantiate the need to apportion actual damages among defendants. Moreover, NCUE provides this Court no guidance as to an apportionment. This Court is not in a position to review the extensive record to find a needle in the hay stack which NUCE is either unwilling or unable to attempt to find. NCUE leaves it to the Court to figure out actual damages without NCUE' citation to meaningful evidence or legal authority. ==An indemnity action is the proper remedy and means to seek that which NCUE seeks herein.==

---

[2] This Court's March 26, 2010 order to require fully supported and explained post-trial motions was prompted in part by defense counsel's substance-free attempt to support his motion.

5

## Vicarious Liability

The jury found that NCUE and Lotus profited directly from copying Mr. McIntosh's tentative map or improvement plans done by any of the other defendants and that NCUE and Lotus failed to exercise their right and ability to supervise or control the other defendants' copying of Mr. McIntosh's tentative map or improvement plans. NCUE notes the absence of finding as to whether NCUE and Lotus failed to supervise and control DeWalt, Wacso or both. NCUE explains that if NCUE and Lotus failed to supervise and control DeWalt, they are "vicariously liable for infringement of the map." NCUE further explains that if NCUE and Lotus failed to supervise and control Wasco, they are "vicariously liable for infringement of the map and plans." (Underlining in original.)

NCUE fails to explain the need to make such distinction given defendants' joint and several liability for actual damages. In sum, defendants are subject to joint and several liability for the $1.4 million damages award. Again, an indemnity action is the forum to address the matter.

## CONCLUSION AND ORDER

For the reasons discussed above, this Court DENIES NCUE's motion for post-verdict factual findings.

IT IS SO ORDERED.

Dated:   April 14, 2010              /s/ Lawrence J. O'Neill
                                     UNITED STATES DISTRICT JUDGE