1  **William L. Alexander** (State Bar Number 126607)
2  Alexander & Associates, PLC
   1925 G Street
3  Bakersfield, CA  93301
   Phone:  (661) 316-7888
4  Fax:  (661) 316-7890

5  **Attorneys for Defendant, Dennis W. DeWalt, Inc.**

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION

| | |
|---|---|
| ROGER McINTOSH, | Case No.  1:07-CV-01080 LJO-GSA |
| Plaintiff, | **DeWALT'S OPPOSITION TO PLAINTIFF'S MOTION TO DETERMINE GOOD FAITH SETTLEMENT** |
| vs. | |
| NORTHERN CALIFORNIA UNIVERSAL ENTERPRISES COMPANY, a California Corporation, et al, | |
| Defendants. | |

Defendant Dennis W. DeWalt, Inc. ("DeWalt") hereby files and submits this Opposition to Plaintiff's Motion to Determine Good Faith Settlement.

## **INTRODUCTION**

Plaintiff Roger McIntosh (hereafter "plaintiff" or "McIntosh") and defendant City of Wasco ("Wasco") have tentatively agreed to settle this action between them.  Specifically, Wasco has agreed to pay $750,000 to plaintiff in exchange for a general release and certain covenants not to sue.

Plaintiff and Wasco seek a determination from this Court that the settlement is in good faith. The result of such a determination would be to bar claims against Wasco by the non-settling defendants, Northern and Lotus, and DeWalt, for contribution and indemnity.  Another result of such

Alexander & Associates
Attorneys at Law
1925 G Street
Bakersfield, CA 93301
(661) 316-7888

1    Case No. 1:07-CV-01080 LJO-GSA

DeWALT'S OPPOSITION TO PLAINTIFF'S MOTION TO DETERMINE GOOD FAITH SETTLEMENT

a determination, especially with regard to the proposed allocation of the settlement payment, as discussed below, would be to allow McIntosh to potentially recover more actual damages than otherwise would or could be recovered if more money were allocated to actual damages.

DeWalt does not contest the good faith of the <u>amount</u> of the settlement payment, $750,000.

DeWalt only challenges the <u>allocation</u> of the settlement to actual damages and profits damages. McIntosh and Wasco propose an allocation of the settlement payment of $600,000 to profits damages and $150,000 to actual damages.

The allocation of damages does <u>not</u> affect Wasco, either detrimentally or beneficially (except if this Court were to deny the motion on account of the allocation). On the other hand, the allocation of damages completely <u>affects</u> McIntosh. The actual damages are joint and several as to all defendants. Therefore, if <u>all</u> of the $750,000 were to be allocated to the profits damages, the plaintiff would arguably still be able to collect the entire $1,400,000 in actual damages from any one or more of the non-settling defendants even though plaintiff has actually collected $750,000 in damages from Wasco. Conversely, if <u>all</u> of the $750,000 were allocated to the actual damages, the actual damages would be credited or reduced so that plaintiff could collect only $650,000 in actual damages from the non-settling defendants (assuming the current award stands).

DeWalt argues below that this Court should reject the proposed allocation of the settlement payment of $600,000 to profits damages and $150,000 to actual damages. DeWalt suggests, instead, that this Court has the latitude to do any of the following: 1) find that the settlement is in good faith on the condition that the $750,000 settlement payment is completely allocated to actual damages; 2) find that the settlement is in good faith on the condition that the $750,000 settlement payment is allocated to actual damages in an amount determined by this Court to be equitable; 3) find that the settlement is in good faith on the condition that the $750,000 settlement payment is allocated based on the percentage of Wasco's share of actual damages compared to the total damages awarded against Wasco; or 4) ) find that the settlement is in good faith on the condition that the $750,000 settlement payment is not allocated at all. This Court obviously has the discretion to deny the motion on account of the proposed allocation of the settlement payment.

As discussed below, DeWalt believes that this Court, at the least, is compelled to deny the

Alexander & Associates
Attorneys at Law
1925 G Street
Bakersfield, CA 93301
(661) 316-7888

2       Case No. 1:07-CV-01080 LJO-GSA

DeWALT'S OPPOSITION TO PLAINTIFF'S MOTION TO DETERMINE GOOD FAITH SETTLEMENT

motion unless the allocation is different than that proposed by plaintiff and Wasco.

## DISCUSSION

## I

## THE PROPOSED <u>ALLOCATION</u> OF THE SETTLEMENT PAYMENT IS NOT EQUITABLE AND SHOULD BE REJECTED OR ALTERED

Actual damages were awarded because DeWalt, and Northern and Lotus, were found to have copied Tentative Tract Map ("TTM") 5472 (Exhibits J-26 and J-131), and Wasco was found to have copied both TTM 5472 <u>and</u> the improvement plans (Exhibit P-108).

TTM 5472 consists of a single map. (Exhibits J-26 and J-131.) The improvement plans are the approximate 70 pages of Exhibit P-108 which, in the order presented, are as follows: State Highway 46 and Valley Rose Parkway Proposed Intersection Design plans (Bates 464, 463); State Highway 46 and Valley Rose Parkway Proposed Intersection Design (Bates 459, 460); unknown plans (Bates 481); TTM 5618 (Bates 466); TTM 5618 (Bates 467); Revised Tentative Parcel Map 9572 (Bates 465); TTM 5618 (Bates 468); TTM 5618 (Bates 469); Construction Plans (Bates 461); Storm Drain Plan (no Bates); System Schematic (Bates 451); Revised Master Sewer Plan (Bates 449); Revised Master Water Plan (Demand Maps) 11 pages but no Bates numbers; Sewage Pump Station and Force Main plans, 12 pages, no Bates; TTM 5472 (Bates 434); Construction Plans for Offsite Water (Bates 470-480); Grading Plans (Bates 435 and 436); Landscape Construction Drawings, 7 pages but no Bates; and Wall Construction Plans (Bates 437-447).

### A. <u>Percentage Responsibility for Actual Damages</u>

McIntosh "assumes" that Wasco's percentage responsibility for the actual damages is 25%. This assumption is based on the fact that there are four defendants, DeWalt, Wasco, Northern and Lotus, and completely ignores all other factors. McIntosh therefore argues that Wasco's share of actual damages is $350,000.

The fact is that Wasco is liable for $1,400,000 in actual damages under the doctrine of joint and several liability. Even though Wasco may have a legal right to seek indemnity or contribution from the other defendants, and perhaps then Wasco could recover $350,000 from each other defendant, the fact remains that Wasco is liable to McIntosh for $1,400,000 in actual damages.

Alexander & Associates
Attorneys at Law
1925 G Street
Bakersfield, CA 93301
(661) 316-7888

3   Case No. 1:07-CV-01080 LJO-GSA

DeWALT'S OPPOSITION TO PLAINTIFF'S MOTION TO DETERMINE GOOD FAITH SETTLEMENT

Northern and Lotus would be expected to argue that their share of actual damages is actually a combined one-third of $1,400,000 in that those two parties were acting as one. (Doc. #328, Jury Verdict, page 9). That would reduce a percentage division of the actual damages from four defendants to three defendants. (DeWalt, for obvious reasons, prefers to accept the pure percentage split of 25%, if this Court were to ignore all other factors.) But if this Court were to conclude that Northern and Lotus were responsible for only one-third of the actual damages ($466,667), then Wasco's share would likewise be $466,667 instead of $350,000.

### B. Damages Caused by Copying of TTM 5472 versus Copying of Improvement Plans

An obvious, significant error in the proposed allocation of the settlement payment is the failure of McIntosh and Wasco to address and consider the fact that Wasco was found to have copied both TTM 5472 <u>and</u> the improvement plans (Doc. #328, Jury Verdict, page 3) while the other defendants, Northern and Lotus, and DeWalt, were found <u>not</u> to have copied the improvement plans (Doc. #328, Jury Verdict, pages 1-2). Actual damages were awarded because both TTM 5472 <u>and</u> the improvement plans were copied.

It would seem incumbent on the settling parties, and this Court, to consider the amount of the actual damages awarded on account of the copying of TTM 5472, alone.

DeWalt has already briefed why the amount of actual damages must be reduced. The amount of actual damages is the amount a willing buyer would have been reasonably required to pay a willing seller at the time of the infringement for the actual use made of plaintiff's work. That amount is "the amount of money adequate to compensate the copyright owner for <u>the reduction of the fair market value</u> of the copyrighted work <u>caused</u> by the infringement." (Doc. #357, Jury Instruction 42, Page 49.)

Plaintiff has consistently argued that the cost to create (the amount charged by plaintiff) TTM 5472 **and** the improvement plans **IS** the measure of his damages, <u>without</u> the deduction of any amount he was paid for his work. (Doc. #307, Plaintiff's Trial Brief, 13:4-15, 20-25; RT 251:3-9.)

In this case, it is undisputed that: 1) plaintiff offered <u>no</u> evidence of the fair market value of either TTM 5472 or the improvement plans, or of any reduction in the fair market value of TTM 5472 or the improvement plans <u>caused</u> by the infringement; 2) plaintiff offered no evidence of any

Alexander & Associates
Attorneys at Law
1925 G Street
Bakersfield, CA 93301
(661) 316-7888

4   Case No. 1:07-CV-01080 LJO-GSA

DeWALT'S OPPOSITION TO PLAINTIFF'S MOTION TO DETERMINE GOOD FAITH SETTLEMENT

1  lost license fees he would have received from either TTM 5472 or the improvement plans; 3) there
2  were no offers or inquires ever made (other than the single inquiry by Mr. Wu) to use TTM 5472 or
3  the improvement plans; 4) there was no evidence of marketability of TTM 5472 or the improvement
4  plans, whether for license or for sale; 5) there was no evidence of the existence of any parcels of
5  land appropriate in size, location and entitlements for use of TTM 5472 or the improvement plans;
6  6) there was no evidence of any history of selling or licensing TTM 5472 or the improvement plans;
7  7) there was no evidence of industry practices or customs, such as price paid to other engineers
8  and/or surveyors for the sale or licensing of tentative tract maps or of work similar to TTM 5472 or
9  the improvement plans; and 8) TTM 5472 and the improvement plans provided no value to DeWalt.
10 The <u>only</u> evidence admitted was that TTM 5472 did not lessen or reduce DeWalt's work (RT 783:9-
11 14) and that DeWalt did not use the improvement plans.  (Doc. #328, Jury Verdict, pages 1-2.)

12      There is evidence, however, of the amount charged by plaintiff in 1992 – 1994 for TTM
13 5472 and the improvement plans, and the amount remaining unpaid for such work.  There is also
14 evidence as to the amount a willing buyer would reasonably pay in 2004 to use TTM 5472 in order
15 to obtain a new TTM and Final Map.

16      The evidence from the 1992 – 1994 time period (Exhibit D-250-A; RT 317:13-16, 318:1-23)
17 is that plaintiff charged the previous developer $10,000 for TTM 5472 and $23,000 for the Final
18 Map.  (Exhibit D-250-A, first page.)  As Exhibit D-250-A, first page, illustrates, 100% of the work
19 was done for TTM 5472, the plaintiff charged $10,000, and 100% of the work was done for the Final
20 Tract Map, and plaintiff charged $23,000.  Thus, the evidence supports that the cost to prepare TTM
21 5472 was either $10,000 or, if one were to include the charges for the final map, $33,000.

22      An alternative measurement would be found in the use of Exhibits J-4 and J-100.  If one
23 were to assume that Job 92-22.04 consisted only of charges relating to TTM 5472 (which is
24 obviously contradicted by Exhibit D-250-A), then plaintiff charged $308,419.37, but was <u>not</u> paid
25 $67,663.23 for that work.

26      Another obvious measurement of the amount a willing buyer would have reasonably paid to
27 use TTM 5472 is the actual cost paid by Mr. Wu to DeWalt, $27,200, in 2004.  (Exhibits J-18, J-16;
28 RT 773:10-14, 773:21-22.)  That evidence is, in fact, <u>the only 2004 evidence</u> before this Court on

Alexander & Associates
Attorneys at Law
1925 G Street
Bakersfield, CA 93301
(661) 316-7888

5                   Case No. 1:07-CV-01080 LJO-GSA

DeWALT'S OPPOSITION TO PLAINTIFF'S MOTION TO DETERMINE GOOD FAITH SETTLEMENT

1  the issue of the cost of obtaining approvals of TTM 6451 and Final Map 6451.

2      This Court can use the amounts allocated by plaintiff, himself, for TTM 5472 – either $10,000 or $33,000 (Exhibit D-250-A) – or the amount charged but not paid for TTM 5472, $67,663.23 (Exhibits J-4 and J-100), and compare the same to the allocation being proposed and the actual damages awarded. When it does so, this Court will see that the proposed allocation of $150,000 towards actual damages is unfair and inequitable. For example, if $33,000 is compared to $1,400,000, the percentage is 2.4%. Even if $67,663.23 is used, the percentage is 4.8%. Therefore the damages attributable to the copying of the improvement plans, in contrast to the damages attributable to the copying the TTM 5472, are nearly all of the actual damages. It is only reasonable to conclude that the amount of actual damages award consists of perhaps 2.4% to $4.8% in damages on account of copying of TTM 5472, and the balance is on account of the copying of the improvement plans.

    **C.** **Evaluation of Probability of Success on Post-trial Motions**

    In order to assess whether the proposed allocation of the settlement payment is in good faith, this Court should consider Wasco's probability of success on its post-trial motions, particularly with regard to its argument of a lack of causal nexus between Wasco's profits and its infringing activity. That may be presently difficult to do, however, in that plaintiff has not yet filed any opposition to Wasco's motion nor has Wasco replied to any such opposition. Nevertheless, Wasco's current arguments are available to this Court for consideration. The outcome of Wasco's motion could greatly affect the present motion for determination of a good faith settlement.

    In its motion, Wasco explains in detail the lack of any causal nexus between the alleged $1,500,000 in profits earned by Wasco and the infringement. Absent this causal connection, plaintiff will be entitled to no profits from Wasco.

    If this Court were, for example, to find that the profits damages awarded against Wasco are not recoverable on account of a lack of a causal nexus between those profits and the infringing activity, but that the actual damages are appropriate, then the allocation of the settlement payment would be materially affected. This is because the ratios and relationships between the actual damages and the total damages awarded against Wasco (inclusive of profits damages) would change

Alexander & Associates
Attorneys at Law
1925 G Street
Bakersfield, CA 93301
(661) 316-7888

6    Case No. 1:07-CV-01080 LJO-GSA

DeWALT'S OPPOSITION TO PLAINTIFF'S MOTION TO DETERMINE GOOD FAITH SETTLEMENT

dramatically.

## II

## THERE ARE ALTERNATIVE METHODS TO ALLOCATE THE SETTLEMENT PAYMENT BETWEEN ACTUAL DAMAGES AND PROFITS DAMAGES

Even if this Court were to ignore the fact that the damages caused by copying of TTM 5472 were much less than the damages caused by copying of the improvement plans, the proposed allocation is still inequitable.

As mentioned above, the allocation of damages does <u>not</u> affect Wasco at all but directly affects McIntosh. As the allocation of the settlement payment to actual damages decreases, the more McIntosh can recover in actual damages. As the allocation of the settlement payment to actual damages increases, the less McIntosh can recover in actual damages. Therefore, and contrary to McIntosh's contentions, the allocation of the settlement payment was not a "reasonable arms length negotiation" because from Wasco's standpoint, there was nothing to negotiate. In essence, McIntosh demanded, and Wasco acquiesced because an allocation did not affect Wasco, to an allocation of only $150,000 out of $750,000 (20%) to actual damages. The true result, again contrary to McIntosh's contentions, is to injure the non-settling defendants by reducing the amount of the offset or credit against actual damages to which the non-settling defendants are entitled.

### A. Use of Total Damages Awarded Against Wasco and Actual Damages

The total damages awarded against Wasco are $2,900,000 ($1,400,000 in actual damages, which are joint and several, and $1,500,000 in profits damages). If the total damages were used as a basis for an allocation, 48.3% of the total damages are actual damages and 51.7% are profits damages. Applying the same percentage to the settlement payment, $362,250 (.483 x $750,000) should be allocated to actual damages.

### B. Use of Wasco's Share of Actual Damages Caused

As indicated above, if this Court were to use Wasco's share of the actual damages caused – both from copying of TTM 5472 and copying of the improvement plans – then this Court would have to conclude that the proposed allocation is inequitable. Wasco arguably is responsible for between 95.2% and 97.6% of the actual damages. Under this alternative, between $714,000 and

Alexander & Associates
Attorneys at Law
1925 G Street
Bakersfield, CA 93301
(661) 316-7888

7   Case No. 1:07-CV-01080 LJO-GSA

DeWALT'S OPPOSITION TO PLAINTIFF'S MOTION TO DETERMINE GOOD FAITH SETTLEMENT

1  $732,000 (.952 x $750,000 and .976 x $750,000) should be allocated to actual damages.

### C. Allocation of All of the Settlement Payment to Actual Damages

Another alternative for this Court is to allocate all of the damages to actual damages. There is some logical support for this notion. This concept has merit because of Wasco's persuasive argument of the absence of any causal connection between Wasco's alleged profits and Wasco's alleged infringement. As implied above, this Court may be better served to defer its findings on this issue until its determination of the post-trial motions.

### D. McIntosh's Proposed Methodology

McIntosh would have this Court ignore the fact that Wasco is liable for the entire $1,400,000 in actual damages awarded. McIntosh would also ask this Court to agree that all four defendants (with Northern and Lotus being considered separate defendants) are equally liable for 25% of the $1,400,000 actual damages awarded. Using McIntosh's proposed methodology, the total damages awarded against Wasco are either $1,850,000 (assuming a four-way sharing of the actual damages, or $350,000/defendant + $1,500,000 in profits damages) or $1,966,667 (using a three-way sharing, $466,667/defendant + $1,500,000 in profits damages). On a pure percentage basis, the actual damages were awarded against Wasco were between 18.9% and 23.7% of the total damages. $141,750 to $177,750.

As indicated above, McIntosh's methodology is flawed in many respects.

(McIntosh also reveals the defect in the special verdict. A special verdict requires the jury to resolve all of the controverted issues in the case. (*City of San Diego v. D.R. Horton San Diego Holding Co., Inc.* (2005) 126 Cal.App.4th 668, 678.) A special verdict that fails to allow the jury to do so is fatally defective. (*Saxena v. Goffney* (2008) 159 Cal.App.4th 316, 325.))

### CONCLUSION

The reasons for denying plaintiff's motion, or for granting plaintiff's motion based on this Court's different allocation of the settlement payment to actual damages, are summarized as follows:

1. Because a good faith determination will eliminate the claims of other defendants against Wasco for indemnify and contribution, and the allocation will affect the offset to which the other defendants are entitled, this is an important issue for the non-settling

Alexander & Associates
Attorneys at Law
1925 G Street
Bakersfield, CA 93301
(661) 316-7888

8   Case No. 1:07-CV-01080 LJO-GSA

DeWALT'S OPPOSITION TO PLAINTIFF'S MOTION TO DETERMINE GOOD FAITH SETTLEMENT

defendants.

2. The proposed allocation of the settlement payment would allow McIntosh to potentially recover more actual damages than otherwise would or could be recovered if more money were allocated to actual damages

3. The proposed allocation is completely irrelevant to Wasco and valuable to plaintiff. (In fact, in Paragraph 7 of the Settlement Agreement and Release, plaintiff and Wasco already contemplate that this Court may change the proposed allocation of the settlement payment to actual damages, and will accept this Court's allocation.)

4. Wasco's liability for actual damages is $1,400,000, not $350,000.

5. Wasco bears a much larger responsibility for actual damages because Wasco copied both TTM 5472 and the improvement plans.

6. The improvement plans were a much larger portion of plaintiff's work (and charges) and, therefore, are a much larger portion of the actual damages.

7. This Court should consider the merits of Wasco's post-trial motions in order to assess whether the proposed allocation of the settlement payment is in good faith, particularly the lack of causal nexus between Wasco's profits and its infringing activity. The outcome of Wasco's motion could greatly affect this motion.

8. A better allocation would be to compare the actual damages ($1,400,000) awarded against Wasco to the total damages awarded ($1,400,000 + $1,500,000 in profits damages), which shows that 48.3% of the total damages are actual damages. This would allocate $362,250 (.483 x $750,000) to actual damages.

9. Another better allocation uses Wasco's share of actual damages (copying of TTM 5472 and the improvement plans). Wasco is responsible for 95.2% to 97.6% of the actual damages, resulting in an allocation of either $714,000 or $732,000 to actual damages.

[Counsel for DeWalt wishes to notify this Court and counsel that he will be out of the country on a long-planned and prepaid family vacation from July 4, 2010 through July 20, 2010.]

Dated: June 28, 2010                                        ALEXANDER & ASSOCIATES, PLC

Alexander & Associates
Attorneys at Law
1925 G Street
Bakersfield, CA 93301
(661) 316-7888

9   Case No. 1:07-CV-01080 LJO-GSA
DeWALT'S OPPOSITION TO PLAINTIFF'S MOTION TO DETERMINE GOOD FAITH SETTLEMENT

|     |     |
| --- | --- |
| 1   | By:   /S/ William L. Alexander |
| 2   | WILLIAM L. ALEXANDER<br>Attorneys for defendant Dennis W. DeWalt, Inc. |

Case 1:07-cv-01080-LJO-GSA   Document 395   Filed 06/28/10

10      Case No. 1:07-CV-01080 LJO-GSA

Alexander & Associates
Attorneys at Law
1925 G Street
Bakersfield, CA 93301
(661) 316-7888

DeWALT'S OPPOSITION TO PLAINTIFF'S MOTION TO DETERMINE GOOD FAITH SETTLEMENT

# PROOF OF SERVICE

I am employed in the County of Kern, State of California. I am over the age of 18 and not a party to the within action; my business address is 1925 G Street, Bakersfield, California.

On June 28, 2010, I served the foregoing document entitled **DeWALT'S OPPOSITION TO PLAINTIFF'S MOTION TO DETERMINE GOOD FAITH SETTLEMENT** on interested parties in this action:

| | |
|---|---|
| James J. Braze, Esq. | Steven John Hassing, Esq. |
| Jeffrey A. Travis, Esq. | Law Offices of Steven J. Hassing |
| Borton Petrini & Conron | 425 Calabria Court |
| 5060 California Avenue, Suite 700 | Roseville, CA 95747 |
| Bakersfield, CA 93303-2026 | Email address: stevehassing@yahoo.com |
| Email address: jbraze@bortonpetrini.com | |
| Email address: jtravis@bortonpetrini.com | |

Chaka Chuba Okadigbo, Esq.
Garcia Caledron Ruiz
50 S. Grand Avenue, Suite 1100
Los Angeles, CA 90071
Email address: cokadigbo@gerlegal.com

___  BY MAIL.  I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. postal service on that same day with postage thereon fully prepaid at Bakersfield, California in the ordinary course of business.  The above sealed envelopes were placed for collection and mailing on the above date following ordinary business practice.

 XX   BY ELECTRONIC SERVICE.  Pursuant to Fed. R. Civ.P. 5(b)(2)(E) and Local Court Rule(s), the foregoing document will be served by the court via CM/ECF.  Pursuant to the CM/ECF docket for this case proceeding the following person(s) are on the Electronic Mail Notice List to receive ECF transmission at the email address(es) indicated above.

Executed on June 28, 2010, at Bakersfield, California.

 X   (Federal)  I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

/s/      Diane Ruff
DIANE RUFF

Attorneys at Law
1925 G Street
Bakersfield, CA 93301
(661) 316-7888

11                         Case No. 1:07-CV-01080 LJO-GSA

DeWALT'S OPPOSITION TO PLAINTIFF'S MOTION TO DETERMINE GOOD FAITH SETTLEMENT