sd

James J. Braze, Esq.; SBN 75911
Jeffrey A. Travis, Esq.; SBN 235507
BORTON PETRINI, LLP
5060 California Avenue, Suite 700
Bakersfield, CA 93303
Telephone (661) 322-3051
Facsimile (661) 322-4628
email: jbraze@bortonpetrini.com
email: jtravis@bortonpetrini.com

Attorneys for Plaintiff, Roger McIntosh

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION

| | |
|---|---|
| ROGER McINTOSH,<br><br>       Plaintiff,<br><br>v.<br><br>NORTHERN CALIFORNIA UNIVERSAL ENTERPRISES COMPANY, a California corporation; LOTUS DEVELOPMENTS, LLP; THE CITY OF WASCO, a municipal corporation; DEWALT CM, INC., a California corporation also doing business as DEWALT CORPORATION; and DOES 1 through 10, inclusive<br><br>       Defendants. | Case No.  1:07-CV- 01080 LJO-GSA<br><br>REVISED NOTICE OF MOTION AND MOTION BY ROGER MCINTOSH FOR AN ORDER DECLARING HIM THE PREVAILING PARTY AND FOR ATTORNEY FEES PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 37(c); MEMORANDUM OF POINTS AND AUTHORITIES; AND DECLARATION OF JAMES J. BRAZE<br><br>DATE: August 25, 2010<br>TIME:   8:30 a.m.<br>DEPT.:  4 (LJO) |
| CITY OF WASCO,<br><br>       Cross-Complaint,<br><br>vs.<br><br>NORTHERN CALIFORNIA UNIVERSAL ENTERPRISES COMPANY, INC.,<br><br>       Cross-Defendant. | Trial Date: March 1, 2010<br>Honorable Lawrence J. O'Neill<br><br>FRCP Rule 37(c) |

/ / /

/ / /

H:\PUBLIC\054493\060971
McIntosh v. Northern\POST
TRIAL\37c motion\PLTFS
REVISED RULE 37c
MOTION [REV 3].wpd

1
NT &  MO BY PLAINTIFF  FOR AN ORDER DECLARING HIM THE PREVAILING PARTY AND FOR ATTORNEY FEES, ETC.

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

Please take notice that on **August 25, 2010,** at 8:30 a.m. in Department 4, of the above-entitled court, located at 2500 Tulare Street, Fresno, California 93721, plaintiff, Roger McIntosh, will and hereby does move this court for an order declaring him the prevailing party and for an award of attorney fees pursuant to Federal Rules of Civil Procedure ("FRCP") Rule 37(c) in the amount of $110,764.00 as against defendant, Northern California Universal Enterprises Company ("Northern"), $110,764.00 as against defendants, Lotus Developments, LP("Lotus"), and $87,632.55 as against defendant, Dennis W. DeWalt, Inc.("DeWalt"), for a total amount of $309,160.55.

This motion is made and based upon this Notice of Motion and Motion, the attached Memorandum of Points and Authorities, the attached Declaration of James J. Braze, the Court's file and all records of the proceedings pertaining to this matter and FRCP Rule 37(c) and on such further oral or documentary evidence that may be submitted on this matter.

DATED:   July 27, 2010

                BORTON PETRINI, LLP


                By:    s/Jeffrey A. Travis/
                     Jeffrey A. Travis, Attorney for Plaintiff,
                     Roger McIntosh dba McIntosh & Associates

H:\PUBLIC\054493\060971
McIntosh v. Northern\POST
TRIAL\37c motion\PLTFS
REVISED RULE 37c
MOTION [REV 3].wpd

2
NT & MO BY PLAINTIFF FOR AN ORDER DECLARING HIM THE PREVAILING PARTY AND FOR ATTORNEY FEES, ETC.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I

## INTRODUCTION

On or about December 29, 2008, Roger McIntosh propounded Request For Admissions, Set No. One on Northern California Universal Enterprises, Inc. and on Lotus Developments, LP. On or about June 12, 2009 Roger McIntosh propounded Request For Admission, Set No.One on Dennis W. DeWalt. The Request For Admissions specifically asked each party to admit facts which had they admitted them, all of the elements of plaintiff's causes of action for liability would have been satisfied. Accordingly, there would have been no need to litigate these issues or about three and one-half days of a five day trial could have been avoided.

However, on February 2, 2009, Northern and Lotus served their responses to the Request For Admissions specifically denying requests numbers 8, 12, 13, 14, 24, 29, 30 and 31. (Exhibits A - D). Lastly, on September 17, 2009, DeWalt specifically denied request numbers 2, 14, 15 and 16. (Exhibits E - F). Each of these admissions and denials are outlined in the Material Issues Chart attached as Exhibit "H" to the Declaration of Jeffrey A. Travis.

The request for admissions previously identified asked the defendants to admit that the 6451 maps were substantially similar and established access to the copyrighted works. On March 1, 2010, plaintiff Roger McIntosh was forced to try his case before a jury. Leading up to this and after the admissions were denied, much discovery, motions, and preparation was needed to prove these admissions true including:

- Motions for summary adjudication on issues and defenses relating to substantial similarity;

- Opposing summary judgment motions by DeWalt and Northern/Lotus on substantial similarity;

- Deposing and preparing for numerous witnesses from DeWalt and Wasco relating to substantial similarity;

- Filing motions to extend discovery to depose additional witnesses from DeWalt (Sara Burgi, Josh Woodard) who were key witnesses to proving similarity;

- Prepare and use an expert (James DelMarter) at trial to establish substantial similarity;

H:\PUBLIC\054493\060971 McIntosh v. Northern\POST TRIAL\37c motion\PLTFS REVISED RULE 37c MOTION [REV 2].wpd

3

NT & MO BY PLAINTIFF FOR AN ORDER DECLARING HIM THE PREVAILING PARTY AND FOR ATTORNEY FEES, ETC.

- Filing and opposing numerous pre-trial motions to exclude evidence by DeWalt for evasive tactics during discovery regarding their surveyor, Heath James and other later disclosed witnesses in efforts in proving substantial similarity;

- Filing and opposing numerous pre-trial motions against Northern on issues of substantial similarity; and

- Extensive pre-trial preparation and a five day trial where the bulk of the evidence and testimony that was actually used and presented related to substantial similarity. It was plaintiff's position that liability was a foregone conclusion long before trial.

There was extensive evidence that was completely unrefuted on substantial similarity. Even the City of Wasco's own expert admitted that if there were identical elements from one map to the other it would be unethical and evidence of copying. Northern and Lotus both admitted that the works contained the same lot numbering; street names; and subdivision design. Yet, they denied the two were substantially similar. DeWalt did the same thing and also denied the obvious, that it had received copies of the 5472 improvement plans from the City of Wasco which was undeniable in the face of an email sent to them by Dennis McNamara. (See, Response Nos. 2, 15, and 16). DeWalt never rebutted this evidence either and it is puzzling why plaintiff had to go to such lengths and expend his resources just to prove liability.[1]

The evidence was overwhelmingly in favor of plaintiff on substantial similarity and copying and the trial or later amended judgment ultimately turned on the issue of damages.

In all, and since the denials by Northern, Lotus, and DeWalt plaintiff has had to spend the following amounts proving, defending against, and trying the issue of liability to a jury:

- As to DeWalt, and since September 17, 2009 through trial:       $ 87,632.55
- As to Northern, and since February 4, 2009 through trial:       $110,764.00
- As to Lotus, and since February 4, 2009 through trial:          $110,764.00

Since propounding the Requests for Admissions, Mr. McIntosh has spent $309,160.55 in attorney's fees in proving these specific admissions. (Travis Decl., pp. 17-19 or Exhibit "I").

///

---

[1] Wasco made similar denials but have been made inapplicable because of the settlement between plaintiff and Wasco.

H:\PUBLIC\054493\060971
McIntosh v. Northern\POST
TRIAL\37c motion\PLTFS
REVISED RULE 37c
MOTION [REV 2].wpd

4

NT & MO BY PLAINTIFF FOR AN ORDER DECLARING HIM THE PREVAILING PARTY AND FOR ATTORNEY FEES, ETC.

## II

### WITH THE ENTRY OF FINAL JUDGMENT, ROGER MCINTOSH IS THE PREVAILING PARTY AND SHOULD BE AWARDED ATTORNEYS' FEES PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE RULE 37(c)

A prevailing plaintiff is generally one who succeeds on some significant issue in litigation and thereby achieves some of the benefit sought in filing the lawsuit. *CF Texas State Teachers' Association v. Garland Independent School District* (1989) 49 U.S. 782, 791-792, see also *Hemsley v. Eckerhart* (1983) 461 U.S. 424, 433.

Federal Rules of Civil Procedure rule 37(c)(2) provides, in pertinent part:

> "If a party fails to admit what is requested under rule 36 and if the requesting party later proves a document to be genuine or the matter true, the requesting party may move that the party who failed to admit pay the reasonable expenses, including attorneys fees incurred in making that proof."

The standard for whether a Court may award attorney's fees under this statute is whether the party that denied the admission had "reasonable ground to believe that [it] might prevail on the matter." (Washington State Dept. of Transportation v. Washington Natural Gas Co. Pacificorp, 59 F.3d 793, 805-806, (9th Cir. 1995).

A.   **Northern, Lotus, and DeWalt's Denial of Substantial Similarity.**

From the moment Northern, Lotus, and DeWalt made their admissions there was no dispute that the maps were similar. Northern, Lotus, and DeWalt all admitted the maps were similar in the admissions. (See, Northern and Lotus' response to Request for Admission No. 7 and, DeWalt's Response to Admission No. 15, where, after denying the request, stated " there are obvious similarities.") In addition to admitting the maps had the same overall design, Northern and Lotus also admitted the maps had the same lot numbering (Response No. 3) and street names, (Response No. 4).

In fact, everyone at trial admitted the 5472 or 6451 maps had to be similar to conform to what was on the ground. The briefing and testimony on this point has been extensive by all parties. (See Exhibit "I", Testimony of Stephen Wong, 876:3-14) But, as a recap, Northern and

H:\PUBLIC\054493\060971
McIntosh v. Northern\POST
TRIAL\37c motion\PLTFS
REVISED RULE 37c
MOTION [REV 2].wpd

5

NT & MO BY PLAINTIFF FOR AN ORDER DECLARING HIM THE PREVAILING PARTY AND FOR ATTORNEY FEES, ETC.

Lotus admitted the maps were similar and had the same overall design (Response to Request for Admission No. 7) and all parties have admitted the maps were similar both in admissions and in testimony and the only testimony that was presented by any party to show dissimilarities was that of Wasco's expert, Stephen Wong, who admitted that where you have identical configurations such as bearings, that would be evidence of copying. (Exhibit "I", 877:13-19)

For similar reasons, denials such as those by Northern and Lotus to Nos. 30 and 31 made plaintiff prove that the improvement plans linked the 5472 and 6451 maps. Both had identical lot numbering so that they could conform to the approved plans. There was no reasonable grounds for denying this similarity and was against the weight of all evidence.

There was no evidence presented by any of the defendants that would explain any away the identical similarities in the two maps or give the parties reasonable grounds for denying these admissions. The only defense was that of an independent survey, but even that could not explain the "obvious similarities" (as DeWalt put it) that were unmistakable. There was never any discovery or evidence at trial that could in any way refute the fact that the two maps had to be substantially similar enough to conform to the improvement plans . This is especially so when DeWalt evasively admitted the "Associative Improvement Plans" were the "approved improved plans on record with the City of Wasco." (See Exhibit "F", Response No. 8). There were only one set of plans created as DeWalt, Northern and Wasco well knew.

The fee summaries attached to the Declaration of Jeffrey Travis accompanying this motion. (See par. 11, Exhibit "J" attached to Travis Decl.) This also included the trial testimony and related evidence of plaintiff , Jeff Gutierrez, Greg Black, Sara Burgi, Josh Woodard, Dennis McNamara, Keith Woodcock, Bob Wren, Gerald Helt, James Zervis, and Joe Wu. All of the motions, depositions, pre-trial, and trial work to prove the issue of liability are identified in this schedule.

///
///
///
///

H:\PUBLIC\054493\060971
McIntosh v. Northern\POST
TRIAL\37c motion\PLTFS
REVISED RULE 37c
MOTION [REV 2].wpd

6

NT & MO BY PLAINTIFF FOR AN ORDER DECLARING HIM THE PREVAILING PARTY AND FOR ATTORNEY FEES, ETC.

**B.  Denial That Numbered Lots on the 5472 Wall Improvement Plans Referred to the Lots on Tentative Map Nos. 5472 and 6451.**

Establishing what seemed to be an obvious point became a hurdle and needed to be established at trial through the testimony of Roger McIntosh, James DelMarter, Jeff Gutierrez, Greg Black, Sara Burgi, and Josh Woodard.

It became clear at trial that no party wanted to admit the obvious, namely, that the 6451 map conformed to the improvement plans so that it could be accepted by Wasco which was in their municipal code. Yet, and even though Northern and Lotus admitted the lot numbering for 6451 was the same as 5472 (See Exhibits "B" and "D", Response No. 3) they refused to admit that this was the same lot numbering as those found on the 5472 Improvement Plans even though it was the same subdivision. (Id., Response to Request Nos. 30 and 31). In conjunction with the other admissions on liability, all of this added up to plaintiff proving the obvious that the 6451 Map was similar to the 5472 Map because, like that map, it also had to conform to the improvement plans.

**C.  Dewalt's Denial of Access to Mcintosh's Work.**

DeWalt denied access in their Responses to Admissions Nos. 2 and 16. It was critical then, in addition to issues relating to similarity, to bring in DeWalt and Wasco employees (such as Dennis McNamara and Bob Wren) to show that they not only had access but did, in fact, receive such improvement plans as part of establishing liability.

**D.  Lotus and Northern's Denial That the "Associative Improvement Plans" Referred to on the 6451 Map Did Not Refer to the Plans Prepared by Martin-mcintosh.**

This was another strange denial that required plaintiffs to depose DeWalt and Wasco witnesses to extract this seemingly obvious detail. All defendants admitted that DeWalt had not prepared improvement plans and that was a stipulated fact. There were no other improvement plans that were prepared as established at trial and it was Keith Woodcock, Wasco's former planning director who honestly admitted that the reference on the 6451 Map was referring to McIntosh's improvement plans. (See Exhibit "J", Testimony of Keith Woodcock, 483:22-484:22)

///

///

H:\PUBLIC\054493\060971
McIntosh v. Northern\POST
TRIAL\37c motion\PLTFS
REVISED RULE 37c
MOTION [REV 2].wpd

7

NT & MO BY PLAINTIFF FOR AN ORDER DECLARING HIM THE PREVAILING PARTY AND FOR ATTORNEY FEES, ETC.

This was, again, important in establishing that the 6451 Map had to conform to the 5472 Plans which conclusively linked the 6451 Map by association to the 5472 Map. Plaintiff proved that the two maps had to be similar because they both had to conform to the approved plans. As stated above, DeWalt likely understood this when they evasively admitted that the "Associative Improvement Plans" were the, "approved improved plans on record with the City of Wasco."

Here, the jury returned a verdict on liability and damages. Accordingly, McIntosh clearly benefitted from filing the lawsuit as these unresolved issues have been determined by a trier of fact and affirmed by the amended judgment in favor of plaintiff on both liability and damages.

In the present case, defendants Northern, Lotus, and DeWalt were all served with Request For Admissions. In those request for admissions, the answering defendants were requested to admit relevant facts and which were material to prove the plaintiff's causes of action relating to liability. Primarily, all of them failed to admit that the two maps were substantially similar.

For some inexplicable reason, the defendants decided to do everything they could to stonewall plaintiff on what should have been a conceded issue on liability. This likely would have made the trial on damages more focused, probably avoided the outcome created by the jury, and reduced everyone's attorneys fees. For the admissions cited here, there was no reasonable grounds for denial.

All four defendants failed to admit the various requests for admissions and plaintiff Roger McIntosh later proved that the matters were true as is evidenced by the jury's verdict. Accordingly, plaintiff respectfully requests the Court grant him an award of reasonable attorneys fees.

## III

## CONCLUSION

In conclusion, Roger McIntosh is the prevailing party. All three defendants failed to admit the various requests for admissions and plaintiff Roger McIntosh later proved that the matters were true as is evidenced by the jury's verdict. Accordingly, and pursuant to Federal Rules of Civil Procedure ("FRCP") Rule 37(c), plaintiff requests an award of attorneys fees for proving these admissions true in the amount of $110,764.00 as against defendant, Northern California Universal

H:\PUBLIC\054493\060971
McIntosh v. Northern\POST
TRIAL\37c motion\PLTFS
REVISED RULE 37c
MOTION [REV 2].wpd

8

NT & MO BY PLAINTIFF FOR AN ORDER DECLARING HIM THE PREVAILING PARTY AND FOR ATTORNEY FEES, ETC.

1  Enterprises Company ("Northern"), $110,764.00 as against defendant, Lotus Developments,
2  LP("Lotus"), and $87,632.55 as against defendant, Dennis W. DeWalt, Inc.("DeWalt"), for a total
3  amount of $309,160.55.

4  DATED: July 27, 2010           BORTON PETRINI, LLP

6                                  By: _____
7                                  James J. Braze, Attorney for Plaintiff
                                   Roger McIntosh dba McIntosh & Associates

H:\PUBLIC\054493\060971
McIntosh v. Northern\POST
TRIAL\37c motion\PLTFS
REVISED RULE 37c
MOTION [REV 2].wpd

9

NT & MO BY PLAINTIFF FOR AN ORDER DECLARING HIM THE PREVAILING PARTY AND FOR ATTORNEY FEES, ETC.

## DECLARATION OF JEFFREY A. TRAVIS

I, Jeffrey A. Travis, declare:

1. That I am an attorney at law duly licensed to practice before all the courts of the State of California and an attorney at the law firm of Borton, Petrini, LLP, counsel of record for plaintiff, Roger McIntosh, in the above-captioned matter. This declaration is offered in support of plaintiff Roger McIntosh's motion declaring him the prevailing party and for attorneys fees pursuant to Federal Rule of Civil Procedure 37(c).

2. Attached hereto as Exhibit "A" is a true and correct copy of Request For Admissions Set No. One propounded to Lotus Developments, LLC.

3. Attached hereto as Exhibit "B" is a true and correct copy of defendant Lotus Developments, LP's Response to Request For Admissions Set No. One.

4. Attached hereto as Exhibit "C" is a true and correct copy of Request for Admission Set No. One propounded to Northern California Universal Enterprises Company.

5. Attached hereto as Exhibit "D" is a true and correct copy of defendant Northern California Universal Enterprise Company's Responses to Request For Admissions Set No. One.

6. Attached hereto as Exhibit "E" is a true and correct copy of Request For Admissions Set No. One propounded to Dennis W. DeWalt, Inc.

7. Attached hereto as Exhibit "F" is a true and correct copy of defendant Dennis W. DeWalt, Inc.'s, supplemental responses to Request For Admissions Set. No. One.

8. Attached hereto as Exhibit "G" is a true and correct copy of the Verdict Form returned by the jury on March 10, 2010.

9. Attached hereto as Exhibit "H" is a true and correct copy of a Material Issues chart prepared by plaintiff and which correlates the admissions denied by the remaining defendants with the issues proved by plaintiff as established by the jury verdict.

10. Attached hereto as Exhibit "I" is a true and correct copy of the Amended Final Judgment entered by this court on July 23, 2010.

///

H:\PUBLIC\054493\060971
McIntosh v. Northern\POST
TRIAL\37c motion\PLTFS
REVISED RULE 37c
MOTION [REV 2].wpd

10

NT & MO BY PLAINTIFF FOR AN ORDER DECLARING HIM THE PREVAILING PARTY AND FOR ATTORNEY FEES, ETC.

11. Attached hereto as Exhibit "J" are true and correct copies of the attorney's fees billings Mr. McIntosh incurred as a result of being forced to bring this law suit. I have reviewed the billings and have revised them to include those fees necessary to prove the admissions denied as outlined in the Material Admissions chart and also excluding fees that were incurred exclusively for proving damages and elements related to derivative liability.

12. The Request For Admissions outlined in the Material Issues chart specifically asked each party to admit facts which, had they admitted them, all of the elements of plaintiff's causes of action relating to liability would have been satisfied. Accordingly, there would have been no need to litigate these issues because there was no reasonable basis for denying the fact that the defendants had access to the copyrighted works and that they were substantially similar. Trial proved this to be true since there was no refutation of how identical elements of the copyrighted works were included on the infringing works and even Northern and Lotus admitted the overall subdivision design was the same in their Response to Request for Admission No. 7.

13. On February 2, 2009, Northern and Lotus served their responses to the Request For Admissions specifically denying requests numbers 8, 24, 30 and 31, which went to the core issue whether there was access and substantial similarity.

14. DeWalt served its Supplemental Responses to the Request For Admissions on September 17, 2009, wherein it specifically denied request numbers 2, 14, 15, and 16, which also were core denials of the basic elements of access and substantial similarity.

15. In sum, the request for admissions previously identified asked each defendant to admit the following facts: (1) The defendant had access to the copyrighted work; and (2) There are substantial similarities between the defendant's work and plaintiff's copyrighted work.

16. On July 23, 2010, this court entered an Amended Final Judgment in the above referenced matter which was consistent with the findings of the jury as evidenced by their verdict form. Accordingly, Roger McIntosh is the prevailing party and should be awarded reasonable attorneys fees in accordance with FRCP Rule 37(c).

17. I calculated the fees for Northern and Lotus by reviewing the attorneys fees bill between February 4, 2009 and September 22, 2009, which was between when Northern and

H:\PUBLIC\054493\060971
McIntosh v. Northern\POST
TRIAL\37c motion\PLTFS
REVISED RULE 37c
MOTION [REV 2].wpd

11

NT & MO BY PLAINTIFF FOR AN ORDER DECLARING HIM THE PREVAILING PARTY AND FOR ATTORNEY FEES, ETC.

Lotus both identically answered their admissions and when DeWalt first served its Supplemental Responses to plaintiff's Request for Admissions. For this time period, I only counted the fee items for issues related to substantial similarity based on what was denied. The underlined portions are those I believe were necessary to prove the admissions denied and that form the basis of this motion. For all dates, I did not include any fee items that were directly related to Wasco or that were not related to proving the admissions denied by both Northern and Lotus. For this time period, I calculated the total amount of attorney's fees spent by Mr. McIntosh in proving these admissions to be $28,619.45.

18.    I also calculated the total fees spent by Mr. McIntosh for defending the liability issues denied in the admissions against Northern, Lotus, and DeWalt from September 23, 2009 (the date we received the supplemental responses from DeWalt) through the end of the last day of trial on March 4, 2010, and nothing beyond that. I did not include anything spent that was exclusive to Wasco and numerous entries related to profits and damages. I also deducted from Northern and Lotus' totals anything that was related to proving arguments asserted only by DeWalt and did the same for DeWalt for issues asserted only by Northern and Lotus. I made annotations on the attorney's fees pages to indicate which items were exclusive to these defendants. The total amount I calculated for Northern and Lotus during this time period, and less the fees incurred against Lotus and Northern, was $82,144.55, separately as to each. The total amount during this time period I calculated for DeWalt, less the fees incurred against Northern and Lotus, was $87,632.55.

19.    I calculated the total amount of fees incurred to defend against Northern's material denials from February 4, 2009 through trial to be $110,764.00. I calculated the total amount of fees incurred to defend against Lotus's material denials made from February 4, 2009 through trial to be $110,764.00. I calculated the total amount of fees incurred to defend against DeWalt's's material denials from September 22, 2009 through trial to be $87,632.55, making the total amount of fees incurred to defend against the material admissions to be in the amount of $309,160.55.

20.    Attached hereto as Exhibit "K" is a true and correct copy of relevant portions of the trial transcript of Stephen Wong, City of Wasco's expert on substantial similarity.

21.    Attached hereto as Exhibit "L" is a true and correct copy of relevant portions

H:\PUBLIC\054493\060971
McIntosh v. Northern\POST
TRIAL\37c motion\PLTFS
REVISED RULE 37c
MOTION [REV 2].wpd

12

NT & MO BY PLAINTIFF FOR AN ORDER DECLARING HIM THE PREVAILING PARTY AND FOR ATTORNEY FEES, ETC.

1  of the trial transcript of Keith Woodcock, former planning director of the City of Wasco.

2      I declare under penalty of perjury, under the laws of the State of California, the

3  foregoing is true and correct.

4      Executed this 27 day of July, 2010, at Bakersfield, California.

*[signature]*
Jeffrey A. Travis, Declarant

H:\PUBLIC\054493\060971
McIntosh v. Northern\POST
TRIAL\37c motion\PLTFS
REVISED RULE 37c
MOTION [REV 2].wpd

13

NT & MO BY PLAINTIFF FOR AN ORDER DECLARING HIM THE PREVAILING PARTY AND FOR ATTORNEY FEES, ETC.