GOODWIN PROCTER LLP
Forrest A. Hainline III (State Bar No. 64166)
Nicole Perroton (State Bar No. 233121)
101 California Street, 18th Floor
San Francisco, CA 94111
Telephone: (415) 733-6069
Facsimile: (415) 677-9041
fhainline@goodwinprocter.com
nperroton@goodwinprocter.com

Attorneys for Plaintiff
McINTOSH AND ASSOCIATES

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

(FRESNO DIVISION)

| | |
|---|---|
| ROGER McINTOSH d/b/a McINTOSH and ASSOCIATES,<br><br>Plaintiff,<br><br>v.<br><br>NORTHERN CALIFORNIA UNIVERSAL ENTERPRISES COMPANY, a California Corporation, LOTUS DEVELOPMENTS, LP, and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No.<br><br>**COMPLAINT FOR COPYRIGHT INFRINGEMENT**<br><br>**DEMAND FOR JURY TRIAL** |

For his complaint against Northern California Universal Enterprises Company ("Universal") and Lotus Developments LP ("Lotus") (collectively, "Defendants"), Roger McIntosh d/b/a McIntosh and Associates ("McIntosh") alleges:

### NATURE OF THE ACTION

1. This is an action to redress the infringement of McIntosh's registered copyrights. Universal and Lotus have created a residential subdivision employing a tangible embodiment of the landscape and subdivision design McIntosh conceived and created and that is the subject of Copyright Registration Certificate No. VAU-721-180.

COMPLAINT FOR COPYRIGHT INFRINGEMENT AND DEMAND FOR JURY TRIAL

# PARTIES AND OTHER IMPORTANT PERSONS

2. Plaintiff Roger McIntosh is a civil engineer doing business as McIntosh and Associates, a sole proprietorship with its principal place of business at 2001 Wheelan Court, Bakersfield, CA 93309.

3. Defendant Northern California Universal Enterprise Company, a California Corporation with an address at 2099 Fortune Drive, San Jose, CA 95131, started as a land development company in 1980 and is now a builder in California's Central Valley. On information and belief, Joseph Wu is the founder and head of Northern California Universal Enterprise Company.

4. Defendant Lotus Developments is a California Limited Partnership with an address of 300 B Street, Turlock, CA, 95380. On information and belief, Joseph Wu is the founder and head of Lotus Developments.

5. The true names and capacities of defendants Does 1 through 10 inclusive are unknown to Plaintiff, who therefore sues said defendants by such fictitious names. Plaintiff is informed and believes, and thereon alleges, that each of the defendants herein designated as a Doe is responsible in some manner for the events and happenings herein referred to and caused injuries and damages proximately thereby as hereinafter alleged. Plaintiff is informed and believes, and thereon alleges, that at all times herein mentioned, each of the defendants was the agent, servant and employee of each of the remaining defendants, and at all times herein mentioned each was acting within the purpose and scope of said agency and employment. Plaintiff is further informed and believes, and thereon alleges, that at all times herein mentioned, each of the defendants' employees was the agent, servant and employee of each employee's respective employer, that at all times herein mentioned each employee was acting within the purpose and scope of said agency and employment, and that each defendant has ratified and approved the acts of its agents and employees.

6. The Legacy Group, referred to throughout, is not a defendant in this action and no longer exists. The Legacy Group was a land development company originally involved in the development of the property that is the subject of this action.

COMPLAINT FOR COPYRIGHT INFRINGEMENT AND DEMAND FOR JURY TRIAL

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction over the claims in this action pursuant to 28 U.S.C. § 1331, 28 U.S.C. §§ 1338(a)-(b), and 28 U.S.C. § 1367.

8. Venue in this judicial district is proper under 28 U.S.C. §§ 1391(b).

## FACTUAL BACKGROUND

### McIntosh and Associates

9. For more than 34 years, Roger McIntosh has been engaged in urban planning, specifically the design of residential subdivisions and community spaces, throughout California. In 1980, Mr. McIntosh and Eugene Martin founded Martin-McIntosh Land Surveying.

10. Over the last 27 years the firm has expanded to offer an array of land planning services from civil engineering and landscape architecture to construction management throughout Central and Southern California, Arizona, and Nevada.

11. On May 3, 1999, Roger McIntosh bought out his partner, Mr. Martin, and Martin-McIntosh became McIntosh and Associates. Pursuant to the buy-out agreement the rights in all works created up to that point by Martin-McIntosh were assigned to Roger McIntosh.

12. McIntosh and Associates provides all types of civil engineering services, specializing in site planning for private developments, residential developments and Public Works Projects, including infrastructure, subdivision design, and oil field facilities.

13. McIntosh and Associates also offers land surveying services, from boundary surveys to geodetic control surveys.

### Contract With The Legacy Group

14. In or about 1992, McIntosh contracted with the Legacy Group to design and supervise the construction of a subdivision called the Valley Rose Estates Project ("the Subdivision") on a parcel of land owned by the Legacy Group.

15. Specifically, McIntosh contracted to 1) develop the Subdivision's master plans for water, sewer, and drainage systems; 2) develop a phased traffic and circulation plan; 3) determine boundaries; 4) develop a tentative tract map for the Subdivision; and 5) develop landscape design unique to the Subdivision.

- 3 -
COMPLAINT FOR COPYRIGHT INFRINGEMENT AND DEMAND FOR JURY TRIAL

16. According to the contract, all work product McIntosh created for the Subdivision remained his property and McIntosh retained the right to use the plans without the Legacy Group's consent, including, but not limited to McIntosh's designs and technical drawings.

17. In addition, the Legacy Group agreed that McIntosh's designs and technical drawings were being created exclusively for the Legacy Group and could only be used by the Legacy Group on the Valley Rose Estates project.

18. The contract between McIntosh and the Legacy Group also established that the agreement between the parties could not be assigned without the written consent of the other party.

19. The Legacy Group had an agreement with the City of Wasco wherein the City would pay for the Subdivision project with bond anticipation notes. The Legacy Group was to pay McIntosh and the contractors from the money it received from the City of Wasco.

### The Subdivision Plans

20. In accordance with his obligations under the Legacy Group contract, McIntosh designed the overall layout of the Subdivision, as well as the division of the individual plots and common spaces. McIntosh also created landscape designs for the Subdivision. McIntosh's subdivision and landscape designs are depicted in technical drawings ("the Plans") that are the subject of Copyright Registration Certificate No. VAU-721-180, a true and correct copy of which is attached as Exhibit A.

21. McIntosh is the sole author of the subdivision and landscape designs embodied in the technical drawings.

22. McIntosh is the sole owner of the copyright in the technical drawings. *See* Exhibit A, Copyright Registration Certificate No. VAU-721-180.

### Initial Construction of the Subdivision

23. In 1993, McIntosh submitted the Plans to the City of Wasco in order to obtain a building permit to commence construction on the Subdivision. The City of Wasco subsequently approved the Plans.

24. Construction on the Subdivision commenced after the City of Wasco approved the Plans. Several different contractors constructed the Subdivision according to McIntosh's Plans.

- 4 -
COMPLAINT FOR COPYRIGHT INFRINGEMENT AND DEMAND FOR JURY TRIAL

1  McIntosh supervised construction of the Subdivision to ensure that the Plans were being properly
2  implemented.

3      25.    In 1994 the bottom dropped out of the real estate market and the City of Wasco's
4  bond anticipation notes lost their value. The City was no longer able to pay the Legacy Group for
5  the construction on the Subdivision. Consequently, construction on the Subdivision ceased. The
6  Legacy Group subsequently declared bankruptcy and the City of Wasco purchased the Subdivision
7  at a tax sale.

### Defendants' Infringement of McIntosh's Plans

9      26.    On information and belief, in or about December 2004, Defendants purchased the
10 Subdivision, with all the improvements, from the City of Wasco.

11     27.    In or about late 2005 or early 2006, Mr. Wu of Northern California Universal
12 Enterprise Company and Lotus Developments contacted McIntosh and asked if he could use
13 McIntosh's Plans to finish the Subdivision. McIntosh told Mr. Wu that he could use the Plans if he
14 paid for them. Mr. Wu refused to pay for the plans.

15     28.    On information and belief, in or about October 2006, without paying McIntosh for his
16 plans, Defendants commenced construction on the Subdivision.

17     29.    In or about November 2006, a Wasco city employee told McIntosh that Mr. Wu was
18 using McIntosh's Plans to complete the Subdivision.

19     30.    On information and belief, Defendants' construction of the Subdivision is based on
20 landscape and subdivision designs substantially similar to the subdivision and landscape design
21 conceived and created by McIntosh that is represented in the Plans and that is the subject of
22 Copyright Registration Certificate No. VAU-721-180.

23     31.    A point-by-point, feature-by-feature comparison between the Subdivision constructed
24 by Defendants and the Plans authored by McIntosh shows that the prominent features of the
25 Subdivision are substantially similar to the Plans, such that the over-all look and feel of the design
26 represented in the Plans is embodied in the Subdivision.

Goodwin Procter LLP
101 California Street, 18th Floor
San Francisco, CA 94111

COMPLAINT FOR COPYRIGHT INFRINGEMENT AND DEMAND FOR JURY TRIAL

32. Specifically, a feature-by-feature comparison between the Subdivision and the Plans reveals substantial similarity in, among other things, the streets, curbs and gutters, utilities, walls, fences, entry monuments, street lights, and landscaping.

33. On information and belief, Defendants, without permission or license obtained and copied the Plans, and is using them to complete the Subdivision. Defendants have not paid McIntosh for use of the plans.

## FIRST CAUSE OF ACTION

### Copyright Infringement of Technical Drawings

34. McIntosh incorporates by reference and re-alleges paragraphs 1 through 33 above.

35. Plaintiff has in all respects complied with the requirements of the copyright laws of the United States with respect to the Plans.

36. The copying of the Plans by Defendants constitutes infringement of McIntosh's registered copyright in the technical drawings depicted in the Plans, in violation of the Copyright Act, resulting in harm and injury to McIntosh.

37. As a result of the above-described wrongful acts of Defendants in creating infringing copies of the Plans, McIntosh's copyright in the Plans has been infringed and he is entitled to recover actual damages and that portion of the profits realized by Defendants from the use of and commercial exploitation of the infringing copies attributable to the unlawful use by Defendants of the copyrighted material contained in the Plans that is the subject of Copyright Registration Certificate No. VAU-721-180.

## DEMAND/PRAYER FOR RELIEF

WHEREFORE, McIntosh requests that this Court enter a judgment against the defendants that provides for:

(a) A declaration that the defendants have willfully infringed McIntosh's exclusive rights in the copyrighted material contained in the Plans that is the subject of Copyright Registration Certificate No. VAU-721-180;

(b) A preliminary and thereafter permanent injunction against defendants, and all persons acting in concert or participation with them or persons acting or purporting to act on their behalf,

- 6 -

COMPLAINT FOR COPYRIGHT INFRINGEMENT AND DEMAND FOR JURY TRIAL

including but not limited to their officers, directors, stockholders, partners, owners, agents, representatives, employees, attorneys, successors and assigns and any and all persons acting in concert or privity with them, directing defendants to:

  (1) cease and desist from infringing plaintiff's copyright in the Plans;

  (2) destroy all copies of the Plans, including any and all drawings, models, advertisements, catalogs and other materials based on or derived from the Plans; and

  (3) take all steps necessary to remove any structures or design elements that have been copied from the Plans, or built based on the Plans

 (c) The impounding of all copies of the Plans and any other materials derived from the Plans, in whole or in part, incorporating any element of the Plans, and all means by which such copies may be reproduced, and an order providing for the destruction or other reasonable disposition of materials containing copies of the Plans or the designs embodied in the Plans that have been used in violation of McIntosh's exclusive rights, and all means by which such copies may be reproduced; and in the event that certain such copies are no longer under the control of defendants, provide the name, address and relevant contact information of those believed to be in possession and control of such materials; and

 (d) The filing with this Court and the service on McIntosh within 30 days following service of the injunction order, a report, under oath and in writing, setting forth in detail the manner and form in which defendants have complied with the injunction; and

 (e) The awarding to plaintiff McIntosh of damages in an amount equal to the actual damages suffered by McIntosh as a result of the infringement, and that portion of the profits earned by Defendants from the creation and commercial exploitation of the copied plans and the Infringing Building that is attributable to the infringement, and not taken into account in computing McIntosh's actual damages, including an award of the reasonable attorneys fees, costs and disbursements incurred by McIntosh in connection with this action;

 (f) Alternatively, the awarding to plaintiff McIntosh the maximum statutory damages permitted under the Copyright Act with respect to each infringement, or for such other amount as

- 7 -
COMPLAINT FOR COPYRIGHT INFRINGEMENT AND DEMAND FOR JURY TRIAL

may be proper pursuant to 17 U.S.C. § 504(c), including an award of the reasonable attorneys fees, costs and disbursements incurred by McIntosh in connection with this action; and

    (g)    The granting to McIntosh such other and further relief as this Court may deem just and proper.

## JURY TRIAL DEMAND

McIntosh demands a trial by jury on all issues triable of right by a jury.

DATED: July 24, 2007         By: _/s/ Forrest Hainline_

GOODWIN PROCTER LLP
Forrest A. Hainline III
Nicole Perroton
101 California Street, 18th Floor
San Francisco, CA 94111
Telephone: (415) 733-6065
Facsimile: (415) 677-9041

Attorneys for Plaintiff
MCINTOSH AND ASSOCIATES

LIBA/1814606.1

- 8 -
COMPLAINT FOR COPYRIGHT INFRINGEMENT AND DEMAND FOR JURY TRIAL

# EXHIBIT A

# Certificate of Registration



This Certificate issued under the seal of the Copyright Office in accordance with title 17, United States Code, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Marybeth Peters*

Register of Copyrights, United States of America

**Form VA**
For a Work of the Visual Arts

**VAu 721-180**

EFFECTIVE DATE OF REGISTRATION

**FEB 22 2007**
Month / Day / Year

---

DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.

**1** Title of This Work ▼
Valley Rose Planned Community

NATURE OF THIS WORK ▼ See instructions
Land Planning Drawings and Landscape Design

Previous or Alternative Titles ▼

Publication as a Contribution If this work was published as a contribution to a periodical, serial, or collection, give information about the collective work in which the contribution appeared. Title of Collective Work ▼

If published in a periodical or serial give: Volume ▼  Number ▼  Issue Date ▼  On Pages ▼

**2a** NAME OF AUTHOR ▼
Martin-McIntosh

DATES OF BIRTH AND DEATH
Year Born ▼  Year Died ▼

Was this contribution to the work a "work made for hire"?
☒ Yes
☐ No

Author's Nationality or Domicile
Name of Country
Citizen of  United States
Domiciled in  California

Was This Author's Contribution to the Work
Anonymous?  ☐ Yes ☒ No
Pseudonymous? ☐ Yes ☒ No
If the answer to either of these questions is "Yes," see detailed instructions.

**NOTE**
Under the law, the "author" of a "work made for hire" is generally the employer, not the employee (see instructions). For any part of this work that was "made for hire" check "Yes" in the space provided, give the employer (or other person for whom the work was prepared) as "Author" of that part, and leave the space for dates of birth and death blank.

Nature of Authorship Check appropriate box(es). See instructions
☐ 3-Dimensional sculpture    ☐ Map             ☒ Technical drawing
☐ 2-Dimensional artwork      ☐ Photograph      ☐ Text
☐ Reproduction of work of art ☐ Jewelry design ☐ Architectural work

**2b** Name of Author ▼
N/A

Dates of Birth and Death
Year Born ▼  Year Died ▼

Was this contribution to the work a "work made for hire"?
☐ Yes
☐ No

Author's Nationality or Domicile
Name of Country
Citizen of _____
Domiciled in _____

Was This Author's Contribution to the Work
Anonymous?  ☐ Yes ☐ No
Pseudonymous? ☐ Yes ☐ No

Nature of Authorship Check appropriate box(es). See instructions
☐ 3-Dimensional sculpture    ☐ Map             ☒ Technical drawing
☐ 2-Dimensional artwork      ☐ Photograph      ☐ Text
☐ Reproduction of work of art ☐ Jewelry design ☐ Architectural work

**3a** Year in Which Creation of This Work Was Completed
1992
This information must be given Year in all cases.

**3b** Date and Nation of First Publication of This Particular Work
Complete this information ONLY if this work has been published.
Month N/A  Day _____  Year _____  Nation _____

**4** COPYRIGHT CLAIMANT(S) Name and address must be given even if the claimant is the same as the author given in space 2. ▼

Roger McIntosh d/b/a McIntosh & Associates, a sole proprietorship
2001 Wheelan Court, Bakersfield, CA 93309

APPLICATION RECEIVED
FEB 22 2007
ONE DEPOSIT RECEIVED
FEB 22 2007
TWO DEPOSITS RECEIVED

FUNDS RECEIVED

Transfer If the claimant(s) named here in space 4 is (are) different from the author(s) named in space 2, give a brief statement of how the claimant(s) obtained ownership of the copyright. ▼

The Work was assigned from Martin-McIntosh to McIntosh & Associates on May 3, 1999 via a buyout agreement.

MORE ON BACK ▶ • Complete all applicable spaces (numbers 5-9) on the reverse side of this page.
• See detailed instructions. • Sign the form at line 8.

DO NOT WRITE HERE
Page 1 of 2 pages

| EXAMINED BY | [signature] | FORM VA |
|---|---|---|
| CHECKED BY | | |
| ☐ CORRESPONDENCE Yes | | FOR COPYRIGHT OFFICE USE ONLY |

**DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.**

**PREVIOUS REGISTRATION** Has registration for this work, or for an earlier version of this work, already been made in the Copyright Office?
☐ Yes  ☑ No  If your answer is "Yes," why is another registration being sought? (Check appropriate box.) ▼
a. ☐ This is the first published edition of a work previously registered in unpublished form.
b. ☐ This is the first application submitted by this author as copyright claimant.
c. ☐ This is a changed version of the work, as shown by space 6 on this application.
If your answer is "Yes," give: Previous Registration Number ▼        Year of Registration ▼

**5**

**DERIVATIVE WORK OR COMPILATION** Complete both space 6a and 6b for a derivative work; complete only 6b for a compilation.
a. **Preexisting Material** Identify any preexisting work or works that this work is based on or incorporates. ▼

**6**
a

See instructions before completing this space.

b. **Material Added to This Work** Give a brief, general statement of the material that has been added to this work and in which copyright is claimed. ▼

b

**DEPOSIT ACCOUNT** If the registration fee is to be charged to a Deposit Account established in the Copyright Office, give name and number of Account.
Name ▼        Account Number ▼

**7**

**CORRESPONDENCE** Give name and address to which correspondence about this application should be sent. Name/Address/Apt/City/State/Zip ▼

Kevin V. Lam
Goodwin Procter LLP
101 California St., Suite 1850, San Francisco, CA 94111

b

Area code and daytime telephone number  (415) 733-6052          Fax number  (415) 677-9041
Email  klam@goodwinprocter.com

**CERTIFICATION*** I, the undersigned, hereby certify that I am the
                                    check only one ▶ { ☐ author
                                                       ☐ other copyright claimant
                                                       ☐ owner of exclusive right(s)
                                                       ☑ authorized agent of  Roger McIntosh d/b/a McIntosh & Associates
                                                                              Name of author or other copyright claimant, or owner of exclusive right(s) ▲
of the work identified in this application and that the statements made by me in this application are correct to the best of my knowledge.

**8**

Typed or printed name and date ▼ If this application gives a date of publication in space 3, do not sign and submit it before that date.
Kevin V. Lam, Esq.                                                                                   Date  February 21, 2007

Handwritten signature (X) ▼
X [signature]

| Certificate will be mailed in window envelope to this address: | **Name** ▼ Kevin V. Lam |
| | **Number/Street/Apt** ▼ 101 California St., Suite 1850 |
| | **City/State/ZIP** ▼ San Francisco, CA 94111 |

**YOU MUST:**
• Complete all necessary spaces
• Sign your application in space 8
**SEND ALL 3 ELEMENTS IN THE SAME PACKAGE:**
1. Application form
2. Nonrefundable filing fee in check or money order payable to *Register of Copyrights*
3. Deposit material
**MAIL TO:**
Library of Congress
Copyright Office
101 Independence Avenue SE
Washington, DC 20559-6000

**9**

*17 USC §506(e): Any person who knowingly makes a false representation of a material fact in the application for copyright registration provided for by section 409, or in any written statement filed in connection with the application, shall be fined not more than $2,500.

Form VA – Full  Rev: 07/2006   Print: 07/2006—30,000   Printed on recycled paper                                    U.S. Government Printing Office: 2004-320-958/60,125

# UNITED STATES DISTRICT COURT, EASTERN DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
McIntosh, Roger d/b/a McIntosh and Associates

**DEFENDANTS**
Northern California Universal Enterprises Company,
Lotus Developments LP,
and DOES 1 through 10

**(b) County of Residence of First Listed Plaintiff** (Except in U.S. Plaintiff Cases):
Kern County

County of Residence of First Listed Defendant (In U.S. Plaintiff Cases Only):

**(c) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
Forrest A. Hainline III         (415) 733-6065
Nicole E. Perroton
Goodwin Procter LLP
101 California St., Suite 1850
San Francisco, CA 94111

Attorneys (If Known)

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff
☒ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify):
☐ 6 Multi-District Litigation
☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:** JURY DEMAND: ☒ Yes ☐ No (Check 'Yes' only if demanded in complaint.)
**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☒ No          ☐ MONEY DEMANDED IN COMPLAINT: $_____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
28 U.S.C. § 1331; 28 U.S.C. §§ 1338(a)-(b); 28 U.S.C. § 1367

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | | | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 340 Marine | BANKRUPTCY | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | | ☐ 423 Withdrawal 28 USC 157 | FORFEITURE / PENALTY | |
| ☐ 810 Selective Service | | ☐ 350 Motor Vehicle | | ☐ 610 Agriculture | PROPERTY RIGHTS |
| ☐ 850 Securities/Commodities /Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | ☐ 620 Other Food & Drug | ☒ 820 Copyrights |
| ☐ 875 Customer Challenge 12 USC 3410 | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 830 Patent |
| | ☐ 160 Stockholders' Suits | | ☐ 442 Employment | | ☐ 840 Trademark |
| ☐ 891 Agricultural Act | ☐ 190 Other Contract | ☐ 362 Personal Injury- Med Malpractice | ☐ 443 Housing/Acco-mmodations | | SOCIAL SECURITY |
| ☐ 892 Economic Stabilization Act | ☐ 195 Contract Product Liability | ☐ 365 Personal Injury- Product Liability | ☐ 444 Welfare | | ☐ 861 HIA (1395ff) |
| ☐ 893 Environmental Matters | ☐ 196 Franchise | | ☐ 445 American with Disabilities - Employment | ☐ 630 Liquor Laws | ☐ 862 Black Lung (923) |
| ☐ 894 Energy Allocation Act | REAL PROPERTY | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 640 R.R. & Truck | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 210 Land Condemnation | | | ☐ 650 Airline Regs | ☐ 864 SSID Title XVI |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 220 Foreclosure | | ☐ 446 American with Disabilities - Other | ☐ 660 Occupational Safety /Health | ☐ 865 RSI (405(g)) |
| | ☐ 230 Rent Lease & Ejectment | | | ☐ 690 Other | FEDERAL TAX SUITS |
| | ☐ 240 Torts to Land | | ☐ 440 Other Civil Rights | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | | | | |
| ☐ 890 Other Statutory Actions | ☐ 290 All Other Real Property | | | | ☐ 871 IRS-Third Party 26 USC 7609 |

**VIII(a). IDENTICAL CASES:** Has this action been previously filed and dismissed, remanded or closed? ☒ No ☐ Yes
If yes, list case number(s):

**FOR OFFICE USE ONLY:** Case Number: _____

EDCA-JS44 (01/05)                CIVIL COVER SHEET                Page 1 of 2

Case 1:07-cv-01080-LJO-SAB Document 407-1 Filed 08/02/10 Page 13 of 13
Case 1:07-cv-01080-LJO-SAB Document 7-1 Filed 07/26/07 Page 13 of 13
EDCA JS 44 Reverse (Rev. 01/05)

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.** (a) **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.** **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

**III.** **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.** **Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V.** **Origin.** Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

**VI.** **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553
Brief Description: Unauthorized reception of cable service

**VII.** **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.** **Related Cases.** This section of the JS 44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.