Steven J. Hassing
California SBN 152125
LAW OFFICES OF STEVEN J. HASSING
425 Calabria Court
Roseville, CA 95747
Telephone: (916) 677-1776
Facsimile: (916) 677-1770

Attorney *for Defendant, Northern California*
*Universal Enterprise Company and Lotus*
*Developments, L.P.*

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROGER MCINTOSH,<br><br>Plaintiff(s);<br><br>v.<br><br>NORTHERN CALIFORNIA UNIVERSAL ENTERPRISES COMPANY, ET AL.,<br><br>Defendant(s). | No. 1:07-CV-01080-LJO-GSA<br><br>**NORTHERN'S AND LOTUS'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION SEEKING REVIEW AND DENIAL OR PARTIAL DENIAL OF COSTS SOUGHT BY PLAINTIFF**<br><br>**DATE: SEPTEMBER, 2, 2010**<br>**TIME: 8:30 A.M.**<br>**DEPT.: 4 (LJO)**<br><br>**HONORABLE LAWRENCE J. O'NEILL** |

Northern and Lotus seek full or partial denial of costs sought by Plaintiff on the basis that the meager result obtained against them does not warrant taxing of costs, that Plaintiff has already received a windfall due to City of Wasco's settlement and Plaintiff

1

Northern's and Lotus's Memorandum of Points and Authorities in Support of Motion Seeking Review and Denial or Partial Denial of Costs Sought by Plaintiff

has not apportioned the costs applicable to City of Wasco and instead, seeks to recover in full from the remaining defendants after waiving costs against City.

## I
## FACTS

In this case, Plaintiff sought actual damages of $1,400,000 against City of Wasco, Northern, Lotus and DeWalt, jointly and severally.  He obtained judgment of only $161,500.  (see Am Final Judgmt, Doc. 403).  Of that, Plaintiff settled with City of Wasco for $150,000, leaving only $11,500 to be collected from Northern, Lotus or DeWalt.  (Id.)  Plaintiff also sought disgorgement of profit of nearly $4,000,000 from Northern/Lotus and $1,500,000 from City of Wasco, obtaining only $600,000 from City of Wasco via settlement and nothing from Northern/Lotus.  (Am Final Judgmt, Doc 403).  Further, Plaintiff is prevented by the terms of his settlement (para 9, page 4) with Wasco from seeking or collecting any costs which are properly allocated to his efforts against it. (Settlement Agreement attached to Hassing dec. as Exhibit "A").

## II
## LEGAL ARGUMENT

Rule 54(d) of the Fed. Rules of Civ. Proc. provides the court with discretion to refuse the prevailing party's request for costs.  *Crawford Fitting Co. v. J.T. Gibbons, Inc.,* 482 U.S. 437, 442 (1987).  Factors which are considered in determining whether to deny costs include whether the issues presented were close or difficult *Association of Mexican-American Educators v. State of California*, 231 F.3d 572, 592 (9th Cir. 2000). Where, as in this case at bar, the plaintiff is technically the prevailing party but obtained

only a small portion of the damages sought, the court may deny costs. *Champion Produce, Inc. v. Ruby Robinson Co., Inc.*, 342 F.3d 1016, 1023 (9th Cir. 2003).

Plaintiff sought and obtained judgment against City for copying of his map and various plans. He only obtained judgment against Northern, Lotus and DeWalt for copying of one map. Much of the costs Plaintiff now seeks to recover pertain to his proof of copying the "plans" as opposed to copying the map.

For example, witness fees for Keith Woodcock ($146.70), Robert Wren ($146.70), James Zervis ($146.70), and Terry Schroepfer ($159.90) had little or nothing to do with Plaintiff's judgment against Northern and Lotus. Likewise, the costs of subpoenaing those witnesses (Schroepfer, $90.50, 71.00, 188.00; Heath James, $105.00) should not be charged to Northern or Lotus. In addition, the subpoena cost for Zervis is lumped with the cost for Burgi, McNamara, Black and Helt so it is impossible for Northern to ascertain what the overcharge is as it relates to Zervice. Finally, Joe Wu agreed to be served with a trial subpoena through counsel and the $65.00 billed for a trial subpoena was not incurred by Plaintiff. The total deduction for these two categories is **$679.40,** (plus whatever was paid for serving Zervis).

More importantly, Plaintiff seeks recovery of 100% of all allowable costs against Northern, Lotus and DeWalt despite the fact that he settled with City which was found to have violated Plaintiff's copyright to a significantly greater degree than the other three defendants and notwithstanding the fact that those costs were bargained away by Plaintiff as part of the settlement. Accordingly, a good share of the costs should be allocated to City and not be taxed against these remaining defendants.

Northern's and Lotus's Memorandum of Points and Authorities in Support of Motion Seeking Review and Denial or Partial Denial of Costs Sought by Plaintiff

Before settling with City of Wasco, Plaintiff filed a previous Cost Bill. (Doc 342). That Bill, in addition to including tens of thousands of dollars of non-awardable costs, included all of the same witness fees, subpoena and service fees and deposition costs as sought by this latest Cost Bill. No consideration was given to Plaintiff's settlement with City of Wasco and the costs which pertained strictly to his efforts against City.

Northern suggests that in this particular case, no costs should be taxed to Northern, Lotus or DeWalt because of, (1), the meager, near meaningless recovery obtained from them, especially in light of the amount sought, (see *Champion Produce @* 1023) and (2), the windfall that Plaintiff obtained in its settlement with the City. This argument is based on the fact that the court determined $161,500 was the maximum actual damage which could be awarded Plaintiff and that no profit damages could be awarded against Northern or Lotus because of failure on the part of Plaintiff to demonstrate the required causal connection. Similarly, Plaintiff failed to establish a causal connection between City of Wasco's inclusion of the map within its marketing brochure and "profit" obtained by the City. Had City not settled it seems likely that Plaintiff would not be in a position to enjoy the $600,000 windfall which the settlement provides. Accordingly, Plaintiff has already been over compensated and should not be awarded costs on top.

Alternatively, the court could determine that at least half of the remaining $16,673.38, ($17,352.78 - $679.40 = $16,673.38) be allocated to costs associated

Northern's and Lotus's Memorandum of Points and Authorities in Support of Motion Seeking Review and Denial or Partial Denial of Costs Sought by Plaintiff

with City of Wasco, leaving no more than $8,336.69 to be taxed against Northern, Lotus and DeWalt.

Dated this 3rd day of August, 2010 _____/s/ Steven J. Hassing_____

Steven J Hassing, Attorney for
Northern and Lotus

Northern's and Lotus's Memorandum of Points and Authorities in Support of Motion Seeking Review and Denial or Partial
Denial of Costs Sought by Plaintiff

## CERTIFICATE OF SERVICE

1.  On August 3rd, 2010, I served the following document:

    **NORTHERN'S AND LOTUS'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION SEEKING REVIEW AND DENIAL OR PARTIAL DENIAL OF COSTS SOUGHT BY PLAINTIFF**

2.  The above-named document was served by the following means to the persons as listed below:

__XX__    United States Mail, first class postage fully prepaid and addressed to:

James Braze
Jeffrey Travis
Borton, Petrini, LLP
5060 California Ave, Suite 700
Bakersfield 93309

Chaka Okadigbo
Garcia Calderon Ruiz, LLP
520 South Grand Avenue, Ste. 695
Los Angeles, CA  90071

William L. Alexander
Alexander & Associates
1925 G Street
Bakersfield, CA  93301

By fax transmission. I faxed the document to the persons at the fax number listed below. No error was reported by the fax machine that I used. A copy of the record of the fax transmission is attached.

I declare under penalty of perjury that the foregoing is true and correct.

Dated this 3rd day of August, 2010.

/s/ Kimberley A. Hassing
Kimberley A. Hassing

Northern's and Lotus's Memorandum of Points and Authorities in Support of Motion Seeking Review and Denial or Partial Denial of Costs Sought by Plaintiff