Steven J. Hassing
California SBN 152125
LAW OFFICES OF STEVEN J. HASSING
425 Calabria Court
Roseville, CA 95747
Telephone: (916) 677-1776
Facsimile: (916) 677-1770

Attorney *for Defendant, Northern California Universal Enterprise Company and Lotus Developments, L.P.*

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| ROGER MCINTOSH,<br><br>                         Plaintiff(s);<br><br>v.<br><br>NORTHERN CALIFORNIA UNIVERSAL ENTERPRISES COMPANY, ET AL.,<br><br>                         Defendant(s). | No. 1:07-CV-01080-LJO-GSA<br><br>**DECLARATION OF STEVEN J. HASSING IN SUPPORT OF MOTION BY NORTHERN AND LOTUS SEEKING REVIEW AND DENIAL OR PARTIAL DENIAL OF COSTS SOUGHT BY PLAINTIFF**<br><br>**DATE: SEPTEMBER, 2, 2010**<br>**TIME: 8:30 A.M.**<br>**DEPT.: 4 (LJO)**<br><br>**HONORABLE LAWRENCE J. O'NEILL**<br><br>**FRCP Rule 54(d)** |

I, Steven J Hassing, declare:

1.     I am licensed to practice before this court and represent the moving parties.

2.     I have actual knowledge of each fact stated below.

1

3.      Attached as Exhibit "A" is a true and correct copy of the settlement agreement

entered into between Plaintiff and City of Wasco in this action.

I declare under penalty of perjury under the laws of the State of California that the

foregoing is true and correct.

Dated this 3rd day of August, 2010            _____ /s/ Steven J. Hassing _____

Steven J Hassing, Attorney for
Northern and Lotus

Declaration of Steven J. Hassing in Support of Motion by Northern and Lotus Seeking Review and Denial or Partial Denial
of Costs Sought by Plaintiff

## CERTIFICATE OF SERVICE

1.    On August 3rd, 2010, I served the following document:

**DECLARATION OF STEVEN J. HASSING IN SUPPORT OF MOTION BY NORTHERN AND LOTUS SEEKING REVIEW AND DENIAL OR PARTIAL DENIAL OF COSTS SOUGHT BY PLAINTIFF**

2.    The above-named document was served by the following means to the persons as listed below:

__XX__    United States Mail, first class postage fully prepaid and addressed to:

James Braze
Jeffrey Travis
Borton, Petrini, LLP
5060 California Ave, Suite 700
Bakersfield 93309

Chaka Okadigbo
Garcia Calderon Ruiz, LLP
520 South Grand Avenue, Ste. 695
Los Angeles, CA  90071

William L. Alexander
Alexander & Associates
1925 G Street
Bakersfield, CA  93301

_____    By fax transmission. I faxed the document to the persons at the fax number listed below. No error was reported by the fax machine that I used. A copy of the record of the fax transmission is attached.

I declare under penalty of perjury that the foregoing is true and correct.

Dated this 3rd day of August, 2010.

/s/ Kimberley A. Hassing
Kimberley A. Hassing

EXHIBIT "A"

## SETTLEMENT AGREEMENT AND RELEASE

### I.

### PARTIES

This Settlement Agreement and Release ("the Agreement") is entered into by and between Plaintiff, Roger McIntosh, an individual ("Plaintiff") and Defendant, City of Wasco, ("Wasco"). Plaintiff and Wasco are sometimes hereinafter referred to as the "party" and, collectively, as the "parties."

### II.

### RECITALS

Plaintiff filed a lawsuit in the U.S. District Court for the Eastern District of California against several defendants, including Wasco, alleging copyright infringement, Case No. CV-07-01080-LJO GSA ("Suit"). Plaintiff contended that all defendants infringed on his copyrighted works consisting of a Revised Tentative Map for Tract 5472 ("5472 Map") and a set of improvement plans for Tract 5472 ("Works"). Plaintiff sued Wasco for direct, contributory and vicarious copyright infringement. Plaintiff sued Northern California Universal Enterprises Co., Lotus Developments, LP, and Dennis W. DeWalt, Inc. for direct and vicarious copyright infringement. Plaintiff sought actual damages and infringer profits from all defendants pursuant to the U.S. Copyright Act. Defendants Northern California Universal Enterprises, Co., Lotus Developments, L.P., and Dennis W. De Walt, Inc. ("Non-Settling Defendants") are not parties to this Agreement.

The Suit was tried before a jury in March of 2010. The jury awarded plaintiff actual damages in the amount of $1.4 million dollars for which all defendants were held jointly and severally liable. The jury also awarded $1.5 million in infringer profits against Wasco.

MCINTOSH SETTLEMENT AGREEMENT

Currently pending before the trial court are motions by all defendants to alter or amend the judgment and, alternatively, for a new trial. Wasco has also filed a Notice of Appeal in the U.S. Court of Appeals for the Ninth Circuit.

Plaintiff and Wasco desire to amicably resolve all differences, conflicts, disputes, and/or claims that may exist between them concerning the matters that are the subject of the Suit. Without admitting liability or fault as to any events that have preceded the execution of this Agreement, and in order to avoid the costs and uncertainty of further litigation, the parties enter into this Agreement.

### III.

### SETTLEMENT TERMS AND CONDITIONS

In consideration of the foregoing terms and conditions which are incorporated into this Agreement and the mutual promises contained herein and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, Plaintiff and Wasco agree as follows:

    A.    Settlement Terms. In exchange for a complete general release as well as all other covenants and conditions in this Agreement and in full and final settlement of the claims against Wasco, Plaintiff and Wasco agree to the following terms:

    1.    The U.S. District Court for the Eastern District of California must approve this Agreement as constituting a good faith settlement as a condition precedent to Wasco's obligations under this Agreement;

    2.    Wasco will pay Plaintiff a total sum of $750,000 to be paid in the following installments:

        a. First payment: $400,000 within ten
        (10) days after the Court has approved

MCINTOSH SETTLEMENT AGREEMENT

this Settlement as a good faith settlement;

b. Second payment: $100,000 no later than one year after the first payment has been made;

c. Third payment: $100,000 no later than one year after the second payment has been made;

d. Fourth payment $100,000 no later than one year after the third payment has been made; and

e. Fifth payment: $50,000 no later than one year after the fourth payment has been made.

3.      Wasco agrees to return all copies in whatever medium of the Works originally prepared by Martin-McIntosh;

4.      McIntosh agrees not to sue Wasco for accepting as-built plans in lieu of the improvement plans for the tract of land in the Valley Rose Estates presently designated as Tract 6451 in Wasco;

5.      McIntosh agrees not to sue Wasco for accepting new tentative and final maps for the proposed subdivision located in the Valley Rose Estates presently designated as Tract 6451 in Wasco;

6.      The total settlement amount of $750,000 will be proportionately allocated between actual damages and infringer's profits in the following amounts:

a.      $600,000 shall be allocated to infringer profits allegedly generated by Wasco from infringing uses of the Works; and

b.      $150,000 shall be allocated to Wasco's proportionate share of

3                MCINTOSH SETTLEMENT AGREEMENT

actual damages.

7.      In the event that the U.S. District Court for the Eastern District of California does not deem the above allocations between infringer profits and actual damages to be acceptable, the parties agree to accept any alternative allocation required by the Court as a condition of its determination that this Agreement constitutes a good faith settlement.

8.      Wasco will dismiss and withdraw all appeals and all pending post-trial motions. Plaintiff agrees that Wasco's fulfillment of the terms of this Agreement will replace and/or satisfy all debts and/or obligations owed by Wasco to Plaintiff pursuant to the judgment entered in the Suit on March 23, 2010. Regardless of any subsequent decision by a trial court or any other court concerning the respective liability of Wasco and the Non-Settling Defendants or the damages owed to Plaintiff by, and/or the apportionment of damages among, Wasco and the Non-Settling Defendants, Plaintiff agrees that Wasco's payment of $750,000 in accordance with the terms of this Agreement fully satisfies all of Wasco's obligations to Plaintiff and that Plaintiff waives the right to recover any greater amount from Wasco. If the Court does not approve the Agreement, then none of the obligations stated in the Agreement are effective.

9.      Each party shall bear its own attorneys' fees and costs in the Suit.

B.      General Release. Plaintiff, on behalf of himself, his agents, representatives, insureds, heirs, assigns, attorneys and all persons acting by, through, under or in concert with him hereby releases, holds harmless, and forever discharges Wasco and each of their parent companies, subsidiaries, affiliates, divisions, predecessors, successors, agents, representatives, officers, directors, council members, employees, shareholders, insurers, heirs, assigns, attorneys and all persons acting by and through, under or in concert with it of and from any and all claims of every nature howsoever

4                              MCINTOSH SETTLEMENT AGREEMENT

the same may be caused, action, suit, causes of actions, losses, payments, obligations, debts, liens,

contracts, agreements, promises, judgments, costs and expenses of any kind (past and known or

unknown including, without limitation, attorneys fees), punitive damages, investigative costs,

medical expenses, treatments of any kind, rehabilitation costs, and lost wages arising or which could

be claimed to arise out of or in connection with, or to be related in any way to, any of the facts,

events, or matters that were or could have been asserted, alleged or referred to in the Suit.

        C.     <u>Waiver of Civil Code Section 1542</u>.  It is understood and agreed that Plaintiff

and Wasco expressly waive any and all rights and benefits conferred by the provisions of Section

1542 of the California Civil Code in connection with the Suit.  California Civil Code Section 1542

provides as follows:

> "A general release does not extend to claims the
> creditor does not know or suspect to exist in his or her
> favor at the time of executing the release, which if
> known by him or her must have materially affected his
> or her settlement with the debtor."

In agreeing to a waiver of section 1542, Plaintiff agrees to waive any similar rights under

Federal or State statute or law of similar effect.  Plaintiff and Wasco understand and agree that

they may know, suspect, or that there may exist a claim at this time or in the future against

Wasco or Plaintiff resulting from the infringement alleged in the Suit filed by Plaintiff against

Wasco.  It is expressly understood and agreed that the possibility of such a claim or claims may

exist being known and understood and has been explicitly taken into account by Plaintiff and

Wasco in determining the amount and nature of the consideration to be accepted for entering into

this Agreement and a portion of said consideration having been bargained for by Plaintiff and

Wasco with knowledge of the possibility of such unknown claim or claims and has been given in

                 MCINTOSH SETTLEMENT AGREEMENT

exchange for full accord, satisfaction and discharge of all such claim.

      D.    Attorneys Fees. In the event that a dispute arises between the parties over any term, condition or provision under the Agreement and a civil action or arbitration is commenced, at the option of any party, to resolve the dispute, the prevailing party shall be entitled to its reasonable attorney's fees, expert fees, costs and expenses associated with the action or arbitration. Any judgment or order entered in such action or arbitration shall contain a specific provision providing for the recovery of attorneys and expert fees and costs incurred in enforcing such judgment. All fees and costs to be paid under this section shall be determined by a court of competent jurisdiction and not by a jury. For purposes of this section attorneys and experts fees shall include without limitation fees and costs incurred in the following:

      1.    Post-judgment motions;
      2.    Contempt proceedings;
      3.    Garnishment, levy and debtor and third party examinations;
      4.    Discovery;
      5.    Bankruptcy litigation; and
      6.    Appeals.

      E.    Governing Law. This Agreement shall be governed by, construed and enforced in accordance with the laws of the State of California.

      F.    Enforcement. Plaintiff and Wasco hereby acknowledge, agree and stipulate that each has the right to enforce any provision of this Agreement by filing any appropriate action or proceeding. Any action to enforce this Agreement shall be brought in the County of Kern, State of California.

      G.    No Construction Against Author. This Agreement is the result of arms length negotiations. Each of the parties has cooperated in the drafting and preparation of this

          MCINTOSH SETTLEMENT AGREEMENT

Agreement. Hence, the Agreement shall be construed within its fair meaning, and not against any of the parties.

      H.    <u>Severability</u>. If any provision of this Agreement is held by a court of competent jurisdiction to be invalid, void or unenforceable for whatever reason, the remainder of the Agreement shall continue in full force and effect. If, however, the U.S. District Court for the Eastern District of California finds that the Agreement is not a good faith settlement, then none of the terms of the Agreement would be enforceable or given effect.

      I.    <u>Persons Bound and Benefitted</u>. Except as limited and/or excluded herein, this Agreement shall be binding upon and inured to the benefit of Plaintiff, Wasco, their principals, agents, council members, employees, attorneys, representatives, predecessors, successors in interest, beneficiaries, respective insurance carriers, heirs, successors in interest, agents, employees, servants, principals, assigns, assignors, officers, directors, stockholders, partners, representatives, parent corporations, subsidiary corporations, sister corporations, affiliated corporations, subsequent corporations, partnerships, limited partnerships, joint ventures, executors, guarantors, associates, adjusters, affiliates, including but not limited to all persons or entities.

      J.    <u>Integration/Modification</u>. This Agreement constitutes the entire Agreement between Plaintiff and Wasco relating to the settlement of all claims against Wasco as set forth in the recitals to this Agreement. All prior or contemporaneous agreements, understandings, representations, and statements whether oral or written and whether by a party or such party's legal counsel are integrated into the Agreement. There are no representations, warranties, agreements, arrangements, undertakings oral or written between or among the parties

7

MCINTOSH SETTLEMENT AGREEMENT

hereto relating to the subject matter of this Agreement which are not fully expressed herein.

No modification, waiver, amendment, discharge, or changes of this Agreement shall be valid unless it is in writing and has been signed by the party against whom enforcement of such modification, waiver, discharge or change is or has been sought.

K.    Execution of Agreement.  This Agreement may be executed in counterparts, and when each party has signed and delivered at least one such counterpart, each counterpart shall be deemed an original, and, when taken together with other signed counterparts, shall constitute one Agreement, which shall be binding upon and effective as to all parties as of the date hereof.  True photocopies of signatures shall be deemed as effective as original signatures.

L.    Copy Admissible.  In any action or proceeding relating to this Agreement, Plaintiff and Wasco stipulate that a copy of this fully executed Agreement may be admissible to the same extent as the original Agreement.

M.    Captions and Interpretations.  Paragraph titles or captions contained herein are inserted as a matter of convenience and for reference and in no way define, limit, extend or describe the scope of the Agreement or any provision hereof.

N.    Right to Independent Counsel.  The parties acknowledge and represent that they have had the right to and benefit of consultation with independent legal counsel and expert consultants. Each of the parties to this Agreement has made such investigation of the facts pertaining to this settlement and this Agreement and all the matters pertaining thereto, as it deems necessary. The parties have read and understand the entirety of this Agreement and have been advised as to the legal effects of this Agreement including, for example, their rights and

8                    MCINTOSH SETTLEMENT AGREEMENT

obligations hereunder and hereby willingly and voluntarily agree to every single term of this Agreement.

O.   Future Cooperation.   The parties agree to execute all such further and additional documents as shall be reasonable, convenient, necessary, or desirable to carry out the provisions of this Agreement.

IN WITNESS WHEREOF, each of the undersigned has executed this Agreement as of the date hereinafter appearing.

DATED: June 17, 2010

_____
Roger McIntosh, Plaintiff

Approved as to form:

DATED: June 17, 2010

BORTON PETRINI, LLP

By_____
James J. Braze, Esq. Attorneys for Plaintiff

DATED: June ____, 2010

_____
Danny Espitia, Mayor, City of Wasco

Approved as to form:

DATED: June ____, 2010

GCR, LLP

By_____
Chaka C. Okadigbo, Esq., Attorneys for Plaintiff

9                    MCINTOSH SETTLEMENT AGREEMENT

obligations hereunder and hereby willingly and voluntarily agree to every single term of this Agreement.

    O.   <u>Future Cooperation.</u>  The parties agree to execute all such further and additional documents as shall be reasonable, convenient, necessary, or desirable to carry out the provisions of this Agreement.

    IN WITNESS WHEREOF, each of the undersigned has executed this Agreement as of the date hereinafter appearing.

DATED: June \_\_\_\_, 2010

                                    Roger McIntosh, Plaintiff

Approved as to form:

DATED: June \_\_\_\_, 2010

                     BORTON PETRINI, LLP

                     By_____
                        James J. Braze, Esq. Attorneys for Plaintiff

DATED: June 17, 2010

                     Danny Espitia, Mayor, City of Wasco

Approved as to form:

DATED: June 17, 2010

                     GCR, LLP

                     By _____
                       Chaka C. Okadigbo, Esq., Attorneys for Plaintiff

                                    MCINTOSH SETTLEMENT AGREEMENT