**William L. Alexander** (State Bar Number 126607)
Alexander & Associates, PLC
1925 G Street
Bakersfield, CA 93301
Phone: (661) 316-7888
Fax: (661) 316-7890

**Attorneys for Defendant, Dennis W. DeWalt, Inc.**

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION

| | |
|---|---|
| ROGER McINTOSH, | Case No. 1:07-CV-01080 LJO-GSA |
| Plaintiff, | **DeWALT'S OBJECTIONS TO PLAINTIFF'S BILL OF COSTS** |
| vs. | FRCP, Rule 54(d) |
| NORTHERN CALIFORNIA UNIVERSAL ENTERPRISES COMPANY, a California Corporation, et al, | Local Rule 292 |
| Defendants. | Courtroom: 4<br>Judge: Hon. Lawrence J. O'Neill |

Defendant Dennis W. DeWalt, Inc. ("DeWalt"), in accordance with Federal Rules of Civil Procedure, Rule 54, and Local Rule 292, hereby files and submits these Objections to Plaintiff's Bill of Costs.

**INTRODUCTION**

Plaintiff seeks $17,352.78 in costs. Of that amount, $1,762 is for fees for service of summons and subpoena, $10,507.95 is for fees for printed or electronically recorded transcripts necessarily obtained for use in the case, $1,806.30 is for fees for witnesses, and $3,156.53 is for fees for exemplification and the cost of copies necessarily obtained for use in the case.

As discussed below, DeWalt asks first that this Court deny plaintiff's request for costs. DeWalt alternatively asks that some costs be denied for the reasons set forth below and because

Alexander & Associates
Attorneys at Law
1925 G Street
Bakersfield, CA 93301
(661) 316-7888

1      Case No. 1:07-CV-01080 LJO-GSA

DeWALT'S OBJECTION TO PLAINTIFF'S BILL OF COSTS

1  plaintiff has not provided sufficient support for the amounts of certain costs. DeWalt finally
2  requests as to any costs awarded that those costs be allocated in an equitable manner between and
3  among all of the defendants to this action.

### SPECIFIC OBJECTIONS AND GROUNDS FOR OBJECTIONS

#### Specific Objection 1 to Claimed Item of Costs

This Court should award no costs to plaintiff.

#### Statement of Grounds for Objection 1

This Court has the discretion to deny an award of costs to plaintiff when "it would be inequitable under all of the circumstances…" (*Andretti v. Borla Performance Indus., Inc.* (6th Cir. 2005) 426 F.3d 824, 836.) Based on the reasons set forth below, DeWalt asks this Court to exercise its discretion and award no costs to plaintiff.

DeWalt prevailed on every question put to the jury regarding DeWalt, except one. (Doc. 328, Jury Verdict.) DeWalt was found not to have copied the improvement plans (Doc. 328, Jury Verdict, page 2). DeWalt was found not to have profited directly from any copying of plaintiff's work by the other defendants (Doc. 328, Jury Verdict, page 5). And DeWalt was found not to have profited directly from its own infringing activity (Doc. 328, Jury Verdict, page 7). DeWalt was found to have copied Tentative Tract Map 5472, only (Doc. 328, Jury Verdict, page 1).

While plaintiff is arguably a prevailing party because he received a monetary recovery and prevailed on some of his claims, the plaintiff also failed to prevail, especially as against DeWalt, on his other claims and failed to obtain any monetary recovery in relation to those claims. Thus, this is a case where both parties prevailed on certain of the claims.

Perhaps more importantly is the comparison of the damages sought by plaintiff, $7,413,215 (Reporter's Transcript, 1010:5-14, 1011:13-15, 1012:15-22, 1013:20-22, 1028:13-21, 1029:7-13, 1031:13-20, and 1032:7-16) with the final award to plaintiff, $161,500. The percentage of the amount of damages awarded in relation to the damages requested is roughly 2%.

This Court has the power to deny costs when the prevailing party is only partially successful, as in this case. (*Barber v. T.D. Williamson, Inc.* (10th Cir. 2001) 254 F.3d 1223, 1234-1235.)

Another reason why costs should not be awarded in favor of plaintiff and against DeWalt is

Alexander & Associates
Attorneys at Law
1925 G Street
Bakersfield, CA 93301
(661) 316-7888

2   Case No. 1:07-CV-01080 LJO-GSA

DeWALT'S OBJECTION TO PLAINTIFF'S BILL OF COSTS

because of DeWalt's economic involvement. Specifically, DeWalt was paid $27,200 for its work but had actual costs of $35,000. (Doc. 399, Order on Defendants' F.R.Civ.P. 59 Alternative Motions to Alter or Amend Judgment or for New Trial ("Order on Post-trial Motions"), page 4, fn. 8.) Thus, DeWalt not only failed to profit from its work, but actually lost money in performing the work.

### Specific Objection 2 to Claimed Item of Costs

Any costs awarded to plaintiff should be allocated mostly to defendant Wasco (or deducted from the costs claimed by plaintiff).

### Statement of Grounds for Objection 2

As this Court is aware, $750,000 was paid or to be paid in settlement by defendant City of Wasco to plaintiff. Of that amount, $150,000 was allocated to actual damages and the balance to damages for infringing profits. $161,500 was awarded to plaintiff against all defendants. After application of the offset of $150,000, $11,500 was the net judgment in favor of plaintiff and against remaining defendants DeWalt, and Northern and Lotus.

Regardless of whether or not the settlement was in good faith, as already determined by this Court, this Court should impute into the settlement a reasonable amount of costs that would have been awarded in favor of plaintiff and against defendant City of Wasco. Even if this Court were to determine that the City of Wasco is immune from an award of costs as a result of its good faith settlement with plaintiff, it is only fair that a portion of the costs which would have been awarded against the City of Wasco be deducted from the costs currently claimed by plaintiff.

### Specific Objection 3 to Claimed Item of Costs

As between defendants DeWalt, on one hand, and defendants Northern and Lotus, on the other, any costs awarded to plaintiff should be allocated mostly to defendants Northern and Lotus.

### Statement of Grounds for Objection 3

Taking a pure view of the damages awarded by the jury before this Court's Order on Post-trial Motions, and looking only at the award against defendants Northern and Lotus, and against defendant DeWalt, $4,684,215 in damages were awarded against Northern and Lotus ($700,000 in actual damages, 25% of $1,400,000 x 2, and $3,984,215 in infringing profits) and $350,000 were awarded against DeWalt, with DeWalt bearing 7% of the sum. This Court would be justified in

Alexander & Associates
Attorneys at Law
1925 G Street
Bakersfield, CA 93301
(661) 316-7888

3   Case No. 1:07-CV-01080 LJO-GSA

DeWALT'S OBJECTION TO PLAINTIFF'S BILL OF COSTS

1  allocating 7% of the costs awarded to DeWalt using this information as a basis.

2  Moreover, the overall project involved in this litigation resulted in substantial profits to the
3  City of Wasco and to defendants Northern and Lotus. Defendants Lotus and Northern benefited, and
4  one would say profited, as a result of the work performed by DeWalt, while DeWalt actually lost
5  money on the work performed.

6  **Specific Objection 4 to Claimed Item of Costs**

7  As against defendant DeWalt, plaintiff's request for costs incurred before April 23, 2009,
8  when DeWalt was first joined as a party, should be rejected.

9  **Statement of Grounds for Objection 4**

10  DeWalt was not a party to this case when it was filed on July 26, 2007. Rather, DeWalt was
11  only joined as a defendant on <u>April 23, 2009</u>, roughly 21 months later, when the Third Amended
12  Complaint was filed. Therefore, DeWalt was involved in this action for roughly 1/3 of the time that
13  this action has been pending.

14  Plaintiff should not recover costs incurred during a period of time when DeWalt was not
15  even a party to this action. The costs incurred by plaintiff before April 23, 2009 include the
16  following:

17  **Subpoena and Service Fees**

| Date | Description | Amount |
|---|---|---|
| 06/18/08 | Summons & Complaint on City of Wasco | $100.00 |
| 12/31/08 | Subpoena on Greg Black | $ 60.00 |
| 01/27/09 | Subpoena on Heath James | $105.00 |
| 01/27/09 | Subpoena for trial on Joe Wu | $ 65.00 |
|  |  | $330.00 |

**Deposition Transcripts**

| Date | Description | Amount |
|---|---|---|
| 11/14/08 | Joe Wu / James Zervis / Gerald Helt / Bob Wren / Dennis McNamara | $1,010.00 |
| 12/10/08 | Jeff Gutierrez | $ 315.25 |
| 12/16/08 | Joe Wu (Vol. II) | $ 201.50 |
| 01/15/09 | Roger McIntosh (Vol. I) | $1,045.07 |

Alexander & Associates
Attorneys at Law
1925 G Street
Bakersfield, CA 93301
(661) 316-7888

4                      Case No. 1:07-CV-01080 LJO-GSA

DeWALT'S OBJECTION TO PLAINTIFF'S BILL OF COSTS

| | | | |
|---|---|---|---|
| 1 | 02/14/09 | Greg Black and James Zervis | $ 799.75 |
| 2 | 02/19/09 | Keith Woodcock | $ 187.65 |
| 3 | 03/05/09 | Exhibits to McIntosh deposition | $1,008.07 |
| 4 | 03/10/09 | James Delmarter | $  903.15 |
| 5 | | | $5,470.44 |

**Copying Costs**

| | | | |
|---|---|---|---|
| 7 | 02/24/09 | Blueprint | $ 93.93 |
| 8 | 05/28/09 | Records from City of Wasco | $ 92.00 |
| 9 | | | $185.93 |

**Specific Objection 5 to Claimed Item of Costs**

The $166.00 in costs claimed in relation to wrongfully sued and later dismissed defendant, DeWalt CM, Inc. should be rejected.  (Doc. 86, Order to Deny Request to Dismiss; Doc. 87, Stipulation of Dismissal of DeWalt CM, Inc.; Doc. 88, Order Dismissing DeWalt CM; and Doc. Doc. 405, pages 6 and 17.)

**Statement of Grounds for Objection 5**

DeWalt CM was dismissed from the action and there is no reasonable basis to request costs associated with subpoenaing DeWalt CM.

**Specific Objection 6 to Claimed Item of Costs**

The total costs claimed in relation to serving Josh Woodard are unreasonable and should be rejected.  Those costs are as follows (Doc. 405, pages 6, 7, 17, 22, 28, and 30):

| | | | |
|---|---|---|---|
| 21 | 08/26/09 | Attempted Service | $379.75 |
| 22 | 01/25/10 | Attempted Service | $164.00 |
| 23 | 01/29/10 | Witness Fees Advanced | $ 40.00 |
| 24 | 02/24/10 | Travel & Lodging | $300.00 |
| 25 | | | $883.75 |

**Statement of Grounds for Objection 6**

There is no justification for the amount of these costs incurred.  With respect to the $300.00 paid for travel and lodging, there is nothing to suggest that the $300.00 paid was anything other than

Alexander & Associates
Attorneys at Law
1925 G Street
Bakersfield, CA 93301
(661) 316-7888

5    Case No. 1:07-CV-01080 LJO-GSA

DeWALT'S OBJECTION TO PLAINTIFF'S BILL OF COSTS

a payment to the witness and not reimbursement for travel or lodging.  The money was paid directly to the witness and there is nothing indicating the cost of travel or the cost (or fact) of lodging.

### **Specific Objection 7 to Claimed Item of Costs**

The $105.00 in costs claimed for a subpoena for trial for Heath James should be rejected. (Doc. 405, pages 6 and 13.)

### **Statement of Grounds for Objection 7**

The $105.00 in costs claimed in relation to a subpoena for trial for Heath James is inappropriate in that this Court had ordered that Mr. James could not be called to testify at trial by DeWalt pursuant to a motion filed by plaintiff.

### **SUMMARY**

Plaintiff seeks $17,352.78 in costs.  For the reasons set forth above, DeWalt requests that this Court to award no costs to plaintiff or to allocate the costs in an equitable manner taking into account the costs which would have been awarded against the City of Wasco, the costs incurred before DeWalt was a party to this action, the costs for which there is no support or legal basis, and the proper allocation of costs as between DeWalt and defendants Northern and Lotus.

Dated:  August 3, 2010                              ALEXANDER & ASSOCIATES, PLC


By:    /S/ William L. Alexander
          WILLIAM L. ALEXANDER
          Attorneys for defendant Dennis W. DeWalt, Inc.

Alexander & Associates
Attorneys at Law
1925 G Street
Bakersfield, CA 93301
(661) 316-7888

6                          Case No. 1:07-CV-01080 LJO-GSA

DeWALT'S OBJECTION TO PLAINTIFF'S BILL OF COSTS

**PROOF OF SERVICE**

I am employed in the County of Kern, State of California. I am over the age of 18 and not a party to the within action; my business address is 1925 G Street, Bakersfield, California.

On August 3, 2010, I served the foregoing document entitled **DeWALT'S OBJECTION TO PLAINTIFF'S BILL OF COSTS** on interested parties in this action:

| | |
|---|---|
| James J. Braze, Esq. | Steven John Hassing, Esq. |
| Jeffrey A. Travis, Esq. | Law Offices of Steven J. Hassing |
| Borton Petrini & Conron | 425 Calabria Court |
| 5060 California Avenue, Suite 700 | Roseville, CA 95747 |
| Bakersfield, CA 93303-2026 | Email address: stevehassing@yahoo.com |
| Email address: jbraze@bortonpetrini.com | |
| Email address: jtravis@bortonpetrini.com | |

Chaka Chuba Okadigbo, Esq.
Garcia Caledron Ruiz
50 S. Grand Avenue, Suite 1100
Los Angeles, CA 90071
Email address: cokadigbo@gerlegal.com

___ BY MAIL. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. postal service on that same day with postage thereon fully prepaid at Bakersfield, California in the ordinary course of business. The above sealed envelopes were placed for collection and mailing on the above date following ordinary business practice.

 XX  BY ELECTRONIC SERVICE. Pursuant to Fed. R. Civ.P. 5(b)(2)(E) and Local Court Rule(s), the foregoing document will be served by the court via CM/ECF. Pursuant to the CM/ECF docket for this case proceeding the following person(s) are on the Electronic Mail Notice List to receive ECF transmission at the email address(es) indicated above.

Executed on August 3, 2010, at Bakersfield, California.

 X   (Federal)  I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

/s/      Diane Ruff
DIANE RUFF

7     Case No. 1:07-CV-01080 LJO-GSA

Alexander & Associates
Attorneys at Law
1925 G Street
Bakersfield, CA 93301
(661) 316-7888

DeWALT'S OBJECTION TO PLAINTIFF'S BILL OF COSTS