Steven J. Hassing
California SBN 152125
LAW OFFICES OF STEVEN J. HASSING
425 Calabria Court
Roseville, CA  95747
Telephone:  (916) 677-1776
Facsimile:   (916) 677-1770

Attorney *for Defendant, Northern California Universal Enterprise Company and Lotus Developments, L.P.*

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ROGER MCINTOSH,<br><br>                                    Plaintiff(s);<br>v.<br><br>NORTHERN CALIFORNIA UNIVERSAL ENTERPRISES COMPANY, ET AL.,<br><br>                                    Defendant(s). | No. 1:07-CV-01080-LJO-GSA<br><br>**NORTHERN'S AND LOTUS'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF RULE 11(b)(2) MOTION FOR SANCTIONS**<br><br>DATE:   SEPTEMBER 13, 2010<br>TIME:   8:30 A.M.<br>DEPT.:  4 (LJO)<br><br>HONORABLE LAWRENCE J. O'NEILL<br><br>Rule 11(b)(1), (2) & (3), FRCP<br>Rule 11 (c), FRCP<br>Local Rules 230, 110, 184(a) |

**I**
**INTRODUCTION**

On July 27, 2010, Borton Petrini, LLP filed a motion for attorney's fees against Northern, Lotus and DeWalt allegedly warranted under Rule 37(c).  The motion, notice of motion and declaration were signed by Jeffrey A. Travis and the memorandum of

1

points and authorities was signed by James L Braze, both attorneys for the Borton Petrini firm. (Doc 406, 406-1).

Northern and Lotus, (hereinafter jointly referred to as "Northern") contend that the motion was filed in bad faith in violation of Rule 11(b) in that it was filed for an improper purpose, (to obtain fees not warranted) the claims and legal contentions were not warranted by existing law, the factual contentions had no evidentiary support and the motion was frivolous. Northern seeks sanctions against Borton Petrini, LLP, Mr. Braze and Mr. Travis for the purpose of deterring repetition of this conduct by others similarly situated and to recover the reasonable attorney's fees ($4,800.00) directly resulting from the violation, including the fees incurred in bringing this motion. (Hassing dec., paras 3, 5).

## II
## RULE 11(b)

Rule 11(b) of the Federal Rules of Civil Procedure provides that by presenting a written motion, or other paper to the court, the attorney certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances;

1. it is not being presented for any improper purpose...;

2. the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;

3. the factual contentions have evidentiary support...

Rule 11(c)(1) provides that if, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an

appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation. Absent exceptional circumstances, a law firm must be held jointly responsible for a violation committed by its partner, associate, or employee.

Rule 11(c)(2) provides that, if warranted, the court may award the prevailing party the reasonable expenses, including attorney's fees, incurred for the motion.

Rule 11(c)(4) provides that a sanction imposed under Rule 11 must be limited to what suffices to deter repetition of the conduct by others similarly situated and may include an order directing payment to the Movant of part or all of the reasonable attorney's fees and other expenses directly resulting from the violation.

### III
### MCINTOSH'S ATTORNEY'S FEE MOTION

The motion sought $221,528 in attorney's fees against Northern and an additional $87,632.55 in fees from co-defendant, DeWalt. Together, the fee motion sought $309,160.55. (Doc 406). The claimed basis for the motion was the failure to admit certain requests for admission. In analyzing the requests for admission and comparing same to the jury verdict it was clear that <u>none</u> of the denied requests warranted an award of attorney's fees under Rule 37(c).

Northern requests that this court take Judicial Notice of Doc 412 (Northern's Opposition to Motion for Attorney's Fees) as well as Doc 411 (DeWalt's Opposition to Fees). Borton Petrini's motion violates Rule 11(b)(2) & (3) because the claims and legal contentions are not warranted under existing law and the arguments made by Borton Petrini are clearly frivolous in light of the fact that it is clear that the statements which

were denied were properly denied, were never proven or were of no substantial importance.

Particularly blatant was the attempt to saddle all defendants with exorbitant fees resulting from a failure to admit "substantial similarity" when Northern admitted that the maps "<u>were similar</u>" and DeWalt admitted that the maps "<u>contained obvious similarities</u>". Seeking fees because defendants failed to admit "substantial similarity", given the number of cases detailing the various uses of the term and pointing out the difficulty in even understanding, it could not have been brought in good faith.  (see for example; *Concrete Machinery Co., Inc. v. Classic Lawn Ornaments, Inc.*, 843 F.2d 600, 606 (1st Cir. 1988); *Frybarger v. International Business Machines Corp.*, 812 F.2d 525, 529 (9th Cir. 1987); *Positive Black Talk, Inc., v. Cash Money Records, Inc*., 394 F.3d 357, 370 (5th Cir. 2004)).

DeWalt's opposition does a particularly good job of pointing out Plaintiff's failure to comply with Local Rule 293 (re applications for attorney's fees) and Mr. Alexander's declaration and Exhibits thereto provide detailed analysis of the factual misrepresentations made my Mr. Travis in his declaration and Mr. Braze in his points and authorities regarding the fees requested.

For example, although they contend that Plaintiff incurred $309,160.55 in attorney's fees in "proving" facts denied by defendants, their billing statements show that the <u>maximum</u> that could have been incurred was $145,663.  (Ex 2 to Alexander dec; Doc 411).  This misrepresentation is, at the least, clearly a serious violation of Rule 11(b)(3).

4

Northern warned Mr. Travis, Mr. Braze and Borton Petrini, LLP that they would be subject to sanctions under rule 11(b) if Northern was forced to oppose the meritless motion. (Hassing dec., para 10).

## IV
## NORTHERN INCURRED FEES IN OPPOSING THE MOTION

Having been forced to incur attorney's fees in opposing Plaintiff's meritless motion, Northern seeks $4,800 for 16 hours incurred in researching, drafting and editing an opposition. Northern seeks $900 incurred in preparing this motion and the papers supporting it. (Hassing dec., para 4, 5). Northern was charged a fee of $300.00 per hour for the time spent in opposing the motion. (Hassing dec., para 5).

## V
## CONCLUSION

Plaintiff's fee motion is egregious and outrageous. Clearly, none of the fees sought were even arguably warranted. Worse, the evidence was false, the fees were seriously overstated, proper declarations were not filed in support of the motion and there was no attempt to even tie any of the claimed fees to specific denials. It was as if the attorney's were ordered to attempt to recover fees and knowing that there was no viable argument, they simply threw the motion together to see if anything would stick.

Dated this 12th day of August, 2010            /s/ Steven J. Hassing
                                               Steven J Hassing, Attorney for
                                               Northern and Lotus

# CERTIFICATE OF SERVICE

1. On August 12th, 2010, I served the following document:

   **NORTHERN'S AND LOTUS'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF RULE 11(b)(2) MOTION FOR SANCTIONS**

2. The above-named document was served by the following means to the persons as listed below:

__XX__  United States Mail, first class postage fully prepaid and addressed to:

James Braze
Jeffrey Travis
Borton, Petrini, LLP
5060 California Ave, Suite 700
Bakersfield 93309

Chaka Okadigbo
Garcia Calderon Ruiz, LLP
520 South Grand Avenue, Ste. 695
Los Angeles, CA  90071

William L. Alexander
Alexander & Associates
1925 G Street
Bakersfield, CA  93301

_____ By fax transmission. I faxed the document to the persons at the fax number listed below. No error was reported by the fax machine that I used. A copy of the record of the fax transmission is attached.

I declare under penalty of perjury that the foregoing is true and correct.

Dated this 12th day of August, 2010.

/s/ Kimberley A. Hassing
Kimberley A. Hassing