nr

James J. Braze, Esq.; SBN 75911
Jeffrey A. Travis, Esq.; SBN 235507
BORTON PETRINI, LLP
5060 California Avenue, Suite 700
Bakersfield, CA 93303
Telephone (661) 322-3051
Facsimile (661) 322-4628
email: jbraze@bortonpetrini.com
email: jtravis@bortonpetrini.com

Attorneys for Plaintiff, Roger McIntosh

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION

| | |
|---|---|
| ROGER McINTOSH,<br><br>        Plaintiff,<br><br>v.<br><br>NORTHERN CALIFORNIA UNIVERSAL ENTERPRISES COMPANY, a California corporation; LOTUS DEVELOPMENTS, LLP; THE CITY OF WASCO, a municipal corporation; DEWALT CM, INC., a California corporation also doing business as DEWALT CORPORATION; and DOES 1 through 10, inclusive<br><br>        Defendants. | Case No. 1:07-CV- 01080 LJO-GSA<br><br>REPLY TO NORTHERN'S AND LOTUS' OPPOSITION TO MOTION FOR ATTORNEYS' FEES |
| CITY OF WASCO,<br><br>        Cross-Complaint,<br><br>vs.<br><br>NORTHERN CALIFORNIA UNIVERSAL ENTERPRISES COMPANY, INC.,<br><br>        Cross-Defendant. | |

/ / /

/ / /

# I.

# **INTRODUCTION**

There was only one issue that needed to be proved at trial, liability based indirect evidence of copying which was, infringement. At trial, there was more than just indirect evidence but also direct evidence of infringement. There was no reasonable grounds for denying the request to admit the infringing and copyrighted works were substantially similar. Plaintiff went through each of the fees that were billed to determine which of those fees were, at a minimum, necessary for proving substantial similarity (RFA No. 8). At a minimum, each of the fees designated were necessary to establish substantial similarity which was essential to proving indirect evidence of copying absent direct evidence of copying.

In this case, copying plaintiff's work was infringement which is what plaintiff needed to prove in order to establish liability and which was provided based upon the jury's verdict. No other fees were included in the motion.

# II.

# **REPLY**

**A.  Each of the Admissions Detailed in the Material Issues Chart Attached to the Declaration Were All Denied Without Objection by Both Northern and Lotus.**

Both Northern and Lotus had identical responses to each of the Request for Admissions outlined in the Material Issues Chart attached to the declaration in support of the motion. Federal Rule of Civil Procedure 37(c)(2)(a) states that one of the exceptions for denying attorneys' fees is that the request was held objectionable by the responding party pursuant to Rule 36(a). (See, F.R.C.P., § 37(c)(2)(a) and 36(a).) Neither Northern nor Lotus never objected to any of the admissions identified by this Motion. Therefore, as to Northern and Lotus, the only factors they can rely on in support of their opposition are factors (b), (c) and (d) under FRCP 37(c)(2).

**B.  Each of the Request for Admissions for Substantial Similarity Were Denied Without Objection, with No Reasonable Grounds to Believe They Could Prevail on the Request, and There Was No Good Reason for the Failure to Admit.**

As a first point, both Northern and Lotus object to the form of the question in that it is compound (Opp., Part II., p. 4, lns. 13-17) and in an around about way objects to the form of the question as a legal conclusion. (*Ibid.*, p. 5, lns. 9-24 and p. 6, lns. 1-24.) As stated above, no

1  objections were made at the time of the responses nor were any supplemental admissions made either
2  in written form or during any discovery including depositions. Therefore, these responses are not
3  grounds for opposing the motion since the failure to object under 36(a) during the responses
4  precludes them from doing so now.

5  Northern and Lotus also make the argument that the jury did not make any
6  distinctions between whether the Maps were substantially similar or not, only that they had been
7  copied. The problem with this analysis is that you cannot copy a Map copyright purposes and not
8  have it be substantially similar. You either have direct evidence of copying which is that it was
9  copied identically or without proof of direct evidence that they are substantially similar where there
10 are enough similarities to weigh in favor of copying.

11 Each of the costs underlined and attached to the supporting declaration to the motion
12 were needed to prove copying (substantial similarity) by the defendants. Costs that were not related
13 such as depositions of experts relating to damages, experts of Joe Wu relating to profits that was
14 taken in January, oppositions in response to motions filed by other parties not related to proving
15 copying, certain pre-trial work, post-trial work, and many other fees unrelated to the denials were
16 all excluded in the fees attached to the supporting declaration. What makes the opposition especially
17 disingenuous is the fact that Northern and Lotus did admit that the Maps were similar in their
18 Response to Request for Admission No. 7 and also admitted to the lot numbering and street names
19 but refused to admit the substantial similarity of the two Maps when it turned out at trial that the map
20 had to conform to the improvement plans just like McIntosh's map had to and there were identical
21 measurements to the hundredth and to the second necessary for the map to conform to the
22 subdivision design with no evidence whatsoever to explain this.

23 Northern and Lotus are right in that the key request for admission that was denied was
24 No. 8 and which both denied without objection. Denying the facts that the two Maps were
25 substantially similar went against every single piece of evidence that was submitted at trial despite
26 the differences they claim justified their denial. The fact was that even the City of Wasco's own
27 expert concluded that if there were identical dimensions to the second, this was likely evidence of
28 copying and as the earlier admitted, was unethical.

1  Northern and Lotus belatedly complains about the form of the question as being ones
2 of mixed question of law and fact and improper. But, they equally complain about additional
3 requests for admissions they would concede are purely ones of fact as being "of no substantial
4 importance." For example, they complain about Request for Admissions Nos. 24, 29, 30 and 31 that
5 each of them was of no substantial importance. Yet, these are pure fact questions that are all in
6 support of substantial similarity. Northern and Lotus want it both ways. They want to on one hand
7 to oppose the motion for admission No. 8 because it includes a mixed question or law and fact yet,
8 where there are request for admissions that would attempt to establish substantial similarity through
9 pure questions of fact, they then claim they are of no substantial importance. Plaintiff would
10 obviously deny that Request for Admissions Nos. 24, 29, 30 and 31 were of no substantial
11 importance for the following reasons.

12  The 6451 Tentative Map stated that it was based on the Improvement Plans prepared
13 by McIntosh. This is importance evidence of the inherent similarities of the Map because each of
14 the Maps had to conform to the Plans. By attribution, it would have made them substantially similar
15 so that it would get approval by the City Engineer. This point is further underscored by Request for
16 Admission Nos. 30 and 31 which attempt to show that the Wall Improvement Plans have the same
17 references to both the 6451 and 5472 Maps. Since it was proved McIntosh's Plans were the only
18 ones for the subdivision there was no reasonable grounds to deny this and there was no way they
19 could hope to believe that they would prevail on this matter.

20 **C.  Access to the Plans Was Important in Helping and Establishing Indirect Evidence of**
21 **Copying by the Defendants.**

22  Plaintiff included the admissions relating to access because they were all subsumed
23 in the underlined fees relating to substantial similarity.

24  Northern and Lotus denied without objection their Response to Request for
25 Admissions Nos. 12, 13 and 14 that they received Improvement Plans prepared by Martin-McIntosh
26 from the City of Wasco or from DeWalt. Northern and Lotus declare that if the requests were
27 admitted would have done nothing to lessen plaintiff's burden of proving his case at trial. To the
28 contrary, proving that the Plans were in the hands of both Northern and Lotus conclusively establish

access that was necessary for establishing copying by the defendants. Regardless of whether Mr. Wu found the Plans to be useful or not was irrelevant to the fact that he had access to them which is all that plaintiff needed.  If in fact, if it was their contention that the Plans were of no use to them in making the repairs, then denying this made no sense.  The fact remains that Northern and Lotus did receive a set of Plans regardless of whether or not he found them useful.

### III.

### THE FEES ATTACHED TO PLAINTIFF'S MOTION FOR ATTORNEYS' FEES WERE ALL NECESSARY IN ESTABLISHING COPYING BY THE DEFENDANTS

Northern and Lotus rhetorically asked a number of questions about the relationship between the fees and the Request for Admissions.  Each of the fees that are underlined were expenses that were needed in order to prove substantial similarity by the defendants and the other admissions were also subsumed within these fees. The plaintiff was forced to prove the similarity of the works through numerous discovery devices including written discovery and dozens of depositions.  There were many items that were obviously inapplicable to the Request for Admissions and which were excluded.  It also differentiates between fees that were directly attributable to Northern and Lotus as distinguishable from DeWalt.

Northern and Lotus also argued that there was an error in the way in which the fees were calculated because the "total" amount of fees incurred based upon Northern and Lotus denials was $309,160.55.  The $309,160.55 represents the total amount incurred to defend against the three defendants Northern, Lotus and DeWalt.  The total amount to defend against DeWalt were the underlined fees incurred from September 22, 2009 through trial to be $87,632.55. Northern and Lotus were each responsible from February 4, 2009 and onward for $110,764. If Northern and Lotus are calculated together, they would collectively be responsible for $221,528 of those fees.

### CONCLUSION

Plaintiff respectfully requests the Court award him the fees he expended in proving his case at trial for admissions denied by defendant.

DATED:  August ____, 2010

1   Respectfully submitted,

2   BORTON PETRINI, LLP

3

4

By:   /s/ James J. Braze, /s/ Jeffrey A. Travis
5        James J. Braze, Jeffrey A. Travis, Attorney for Plaintiff,
         Roger McIntosh
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**PROOF OF SERVICE**
**(FRCP No. 5(b)(2)(E))**

**STATE OF CALIFORNIA, COUNTY OF KERN**

I, Vanessa J. Claridge, declare:

I am a citizen of the United States. I am employed in the County of Kern, State of California. I am over the age of 18 and not a party to the within action; my business address is 5060 California Avenue, Suite 700, Bakersfield, California 93309.

On **August ___, 2010**, I served the foregoing document described as **REPLY TO NORTHERN'S AND LOTUS' OPPOSITION TO MOTION FOR ATTORNEYS' FEES** on the other party(ies) in this action as follows:

| | |
|---|---|
| Steven John Hassing, Esq.<br>Law Offices of Steven J. Hassing<br>425 Calabria Court<br>Roseville, CA 95747<br>email address: **stevehassing@yahoo.com** | Attorneys for Attorneys for Defendants,<br>Northern California Universal Enterprises<br>Company and Lotus Developments<br>Tel:   916/677-1776<br>**Fax:   916/677-1770** |
| Chaka Okadigbo, Esq.<br>**GCR, LLP**<br>520 S. Grand Ave, Suite 695<br>Los Angeles, CA 90071<br>email address: **cokadigbo@gcrlegal.com** | Attorneys for Def./Appellant, City of Wasco<br>Tel: 213/347-0210<br>**Fax: 213-347-0216** |
| Ann T. Schwing, Esq.<br>**McDonough Holland & Allen PC**<br>500 Capitol Mall, 18th Floor<br>Sacramento, CA  95814-4704<br>email address: | Attorneys for Def./Appellant, City of Wasco<br>Tel:  916/444-3900<br>**Fax:  916/444-8334** |
| William L. Alexander, Esq.<br>**Alexander & Associates**<br>1925 "G" Street<br>Bakersfield, CA 93301<br>email address: **walexander@alexander-law.com** | Attorneys for Defendant, DeWalt CM, Inc.<br>Tel: 661/316-7888<br>**Fax: 661/316-7890** |

x   **BY ELECTRONIC SERVICE:** Pursuant to Fed. R. Civ. P. 5(b)(2)(E) and Local Court Rule(s), the foregoing document will be served by the court via CM/ECF.  Pursuant to the CM/ECF docket for this case proceeding the following person(s) are on the Electronic Mail Notice List to receive ECF transmission at the email address(es) indicated below:

x   **BY MAIL:**  As follows:  I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at , California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

Executed on **August ___, 2010**, at Bakersfield, California.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Vanessa J. Claridge                                         /s/ Vanessa J. Claridge