sd

1   James J. Braze, Esq.; SBN 75911
    Jeffrey A. Travis, Esq.; SBN 235507
2   BORTON PETRINI, LLP
    5060 California Avenue, Suite 700
3   Post Office Box 2026
    Bakersfield, CA 93303
4   Telephone (661) 322-3051
    email: jbraze@bortonpetrini.com
5   email: jtravis@bortonpetrini.com

6   Attorneys for Plaintiff, Roger McIntosh

7

8                           UNITED STATES DISTRICT COURT

9              EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION

10

11  ROGER McINTOSH,                              Case No.  1:07-CV- 01080 LJO-GSA

12              Plaintiff,                       SUPPLEMENTAL DECLARATION OF
                                                 JEFFREY A. TRAVIS IN SUPPORT OF
13  v.                                           PLAINTIFF ROGER McINTOSH'S
                                                 REPLY TO NORTHERN, LOTUS, AND
14  NORTHERN CALIFORNIA UNIVERSAL                DEWALTS OPPOSITION TO
    ENTERPRISES COMPANY, a California            PLAINTIFFS MOTION FOR
15  corporation; LOTUS DEVELOPMENTS,             ATTORNEY'S FEES PURSUANT TO
    LLP; THE CITY OF WASCO, a municipal          FRCP 37(c).
16  corporation; DEWALT CM, INC., a California
    corporation also doing business as DEWALT
17  CORPORATION; and DOES 1 through 10,
    inclusive
18

19              Defendants.

20

21  CITY OF WASCO,

22              Cross-Complaint,

23  vs.

24  NORTHERN CALIFORNIA UNIVERSAL
    ENTERPRISES COMPANY, INC.,
25
                Cross-Defendant.
26

27          I, JEFFREY A. TRAVIS, state and if so called will testify as follows:

28          1.      I previously submitted a declaration in support of plaintiff's motion to recover

H:\PUBLIC\054493\060971
McIntosh v. Northern\POST
TRIAL\37c motion\SUPPL
DCL OF JAT ISO PLTFS
37C MTN FOR ATTY
FEES.wpd

1

SUPPL DCL OF JAT IN SUPPORT OF PLAINTIFF'S REPLY TO DEF'S OPP TO MOTION FOR
ATTORNEY'S FEES

1   attorneys fees for having to prove admissions denied by all defendants.  In support of that motion,

2   I had supplied the Court with evidence in support of Local Rule 293(b) but had inadvertently

3   overlooked the fact that subsection (4) wanted the moving party to include what appear to be

4   *Lodestar* factors necessary for this Court to determine the appropriateness of any fees requested to

5   be reimbursed.. I am submitting this supplemental declaration to supply this Court with those factors

6   outlined in subsection (c) and do not believe that, although these are supported in a Reply, there is

7   no prejudice to defendants because of the timing of its filing:

8           a)  <u>Time and Labor Required</u>: All time and labor are reflected in the

9   billing statements previously submitted with the motion;

10           b)  <u>Novelty and Difficulty of the Question Presented</u>: Although the

11   primary issue was proving substantial similarity which is not a particularly novel question, it did

12   require a substantial amount of written discovery, depositions, travel, motions, trial prep, and trial

13   testimony to prove the fact that the copyrighted and infringing maps were substantially similar. This

14   made proving the fact difficult, but not especially novel;

15           c)  <u>Skill Required</u>: We can think of no special skills other than being

16   familiar with and understanding copyright laws and subdivision map processing which is a strange

17   but necessary mix to understand the issues in this case.  Borton Petrini, LLP does a substantial

18   amount of land use in subdivision development which enabled them to focus the issues fairly early

19   on to avoid having to depose many unnecessary witnesses since there were a lot of witnesses to the

20   many events surrounding this litigation who would have been redundant;

21           d)  <u>Preclusion of Employment</u>: No employment was turned down as a

22   result of accepting this action;

23           e)  <u>Customary Fee/Rates</u>: The billing statements reflect Borton Petrini's

24   standard hourly business litigation rates.  There were no special fee arrangements for this action.  All

25   invoices submitted to this Court have been billed to the client;

26           f)  <u>Time Limitations</u>: No special time limitations were imposed;

27           g)  <u>Judgment Obtained</u>:  The judgment obtained by the verdict and the

28   Court differed substantially.  This was a novel issue before this Court since there was no prior case

H:\PUBLIC\054493\060971
McIntosh v. Northern\POST
TRIAL\37c motion\SUPPL
DCL OF JAT ISO PLTFS
37C MTN FOR ATTY
FEES.wpd

2

SUPPL DCL OF JAT IN SUPPORT OF PLAINTIFF'S REPLY TO DEF'S OPP TO MOTION FOR
ATTORNEY'S FEES

1  or statute that articulated just how actual damages or even infringer's profits should be awarded for

2  the infringement of a subdivision map;

3          h)     Experience/Reputation: Mr. Braze has a Martindale Hubbel AV

4  Preeminent rating of 5 out of 5 stars.  He has over 32 years of experience and has tried over 35 jury

5  trials to verdict.  I am a five year associate, patent attorney, and who focuses on intellectual property

6  and business litigation.  Mr. Kappstrom is a paralegal with several years' experience.

7          i)     Undesirability: As also previously stated in the moving papers, Mr.

8  McIntosh desired to and made numerous settlement offers throughout the course of litigation.  It was

9  his desire to recover what was owed to him and had no desire to spend the amount of money he did

10  to pursue what he believes could have been amicably resolved during his first phone call to Mr. Wu.

11  From the beginning, Mr. Wu as principal for Northern and Lotus has refused to engage in any

12  meaningful settlement discussions forcing him to either litigate or allow the infringing use of his

13  works.  The same is true of DeWalt where any attempts at an early resolution were completely

14  igmored.

15          j)     Length of Professional Relationship: Mr.  McIntosh has been a

16  longtime client of Borton Petrini's using them for various types of litigation and non-litigation

17  matters. This is the first copyright litigation performed by Borton Petrini for Mr. McIntosh.

18          k)     Awards in Similar Actions:   We could find no similar awards for

19  actions similar to this case.

20      2.     I did not omit any of the items in this declaration with any intent to deceive, surprise,

21  or in any other way to gain an advantage over the defendants and believe that most of what was

22  included in this Supplemental Declaration was already known to defendants and was also reflected

23  in the documents supporting the moving papers.

24       I declare under penalty of perjury, under the laws of the State of California, that the

25  foregoing is true and correct.

26       Executed this 17th day of August, 2010, at Bakersfield, California.

27

28                 Jeffrey A. Travis, Declarant

H:\PUBLIC\054493\060971
McIntosh v. Northern\POST
TRIAL\37c motion\SUPPL
DCL OF JAT ISO PLTFS
37C MTN FOR ATTY
FEES.wpd

3

SUPPL DCL OF JAT IN SUPPORT OF PLAINTIFF'S REPLY TO DEF'S OPP TO MOTION FOR
ATTORNEY'S FEES

**PROOF OF SERVICE**
**(FRCP No. 5(b)(2)(E))**

**STATE OF CALIFORNIA,  COUNTY OF KERN**

I, Vanessa J. Claridge, declare:

I am a citizen of the United States. I am employed in the County of Kern, State of California. I am over the age of 18 and not a party to the within action; my business address is 5060 California Avenue, Suite 700, Bakersfield, California 93309.

On **August 18, 2010**, I served the foregoing document described as **SUPPLEMENTAL DECLARATION OF JEFFREY A. TRAVIS IN SUPPORT OF PLAINTIFF ROGER McINTOSH'S REPLY TO NORTHERN, LOTUS, AND DEWALTS OPPOSITION TO PLAINTIFFS MOTION FOR ATTORNEY'S FEES PURSUANT TO FRCP 37(c)** on the other party(ies) in this action as follows:

| | |
|---|---|
| Steven John Hassing, Esq.<br>Law Offices of Steven J. Hassing<br>425 Calabria Court<br>Roseville, CA 95747<br>email address: **stevehassing@yahoo.com** | Attorneys for Attorneys for Defendants,<br>Northern California Universal Enterprises<br>Company and Lotus Developments<br>Tel:   916/677-1776<br>**Fax:   916/677-1770** |
| Chaka Okadigbo, Esq.<br>**GCR, LLP**<br>520 S. Grand Ave,  Suite 695<br>Los Angeles, CA 90071<br>email address: **cokadigbo@gcrlegal.com** | Attorneys for Def./Appellant, City of Wasco<br><br>Tel: 213/347-0210<br>**Fax: 213-347-0216** |
| Ann T. Schwing, Esq.<br>**McDonough Holland & Allen PC**<br>500 Capitol Mall, 18th Floor<br>Sacramento, CA  95814-4704<br>email address: | Attorneys for Def./Appellant, City of Wasco<br><br>Tel:  916/444-3900<br>**Fax:  916/444-8334** |
| William L. Alexander, Esq.<br>**Alexander & Associates**<br>1925 "G" Street<br>Bakersfield, CA 93301<br>email address: **walexander@alexander-law.com** | Attorneys for Defendant, DeWalt CM, Inc.<br><br>Tel: 661/316-7888<br>**Fax: 661/316-7890** |

X    **BY ELECTRONIC SERVICE:** Pursuant to Fed. R. Civ. P. 5(b)(2)(E) and Local Court Rule(s), the foregoing document will be served by the court via CM/ECF. Pursuant to the CM/ECF docket for this case proceeding the following person(s) are on the Electronic Mail Notice List to receive ECF transmission at the email address(es) indicated below:

X    **BY MAIL:**  As follows:  I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at , California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

Executed on **August 18, 2010**, at Bakersfield, California.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

    Vanessa J. Claridge                /s/ Vanessa J. Claridge

SUPPL DCL OF JAT IN SUPPORT OF PLAINTIFF'S REPLY TO DEF'S OPP TO MOTION FOR ATTORNEY'S FEES