lj

James J. Braze, Esq.; SBN 75911
Jeffrey A. Travis, Esq.; SBN 235507
BORTON PETRINI, LLP
5060 California Avenue, Suite 700
Bakersfield, CA 93303
Telephone (661) 322-3051
Facsimile (661) 322-4628
email: jbraze@bortonpetrini.com
email: jtravis@bortonpetrini.com

Attorneys for Plaintiff, Roger McIntosh

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION

| | |
|---|---|
| ROGER McINTOSH,<br><br>          Plaintiff,<br><br>v.<br><br>NORTHERN CALIFORNIA UNIVERSAL ENTERPRISES COMPANY, a California corporation; LOTUS DEVELOPMENTS, LLP; THE CITY OF WASCO, a municipal corporation; DEWALT CM, INC., a California corporation also doing business as DEWALT CORPORATION; and DOES 1 through 10, inclusive<br><br>          Defendants. | Case No. 1:07-CV- 01080 LJO-GSA<br><br>PLAINTIFF'S REPLY TO DENNIS W. DEWALT, INC.'S OPPOSITION TO MOTION FOR ATTORNEYS' FEES PURSUANT TO FRCP 37C |
| CITY OF WASCO,<br><br>          Cross-Complaint,<br><br>vs.<br><br>NORTHERN CALIFORNIA UNIVERSAL ENTERPRISES COMPANY, INC.,<br><br>          Cross-Defendant. | |

/ / /

# I

# INTRODUCTION

Plaintiff took great pains to go through each of fees that were billed to plaintiff to determine which of those fees were, at a minimum, necessary for proving substantial similarity (RFA No. 15). At a minimum, each of the fees designated were necessary to establish substantial similarity which was essential to proving indirect evidence of copying absent direct evidence of copying.

Dennis W. DeWalt ("DeWalt") bases a large part of its motion on the fact that Local Rule 293 has been ignored. Missing from the previously filed declaration were the factors for determining reasonable fees under *Lodestar*. Yet, as the Supplemental Declaration shows, much of the information was already contained in the supporting documents and, because of the novel issue of an infringing technical drawing, there is little to add since there was only one similar case and little else.

# II

# REPLY

**A. THE REQUESTS FOR ADMISSION THAT WERE DENIED BY DEWALT WERE ALL OF SUBSTANTIAL IMPORTANCE AND DEWALT HAD NO GROUNDS FOR BELIEVING IT WOULD PREVAIL ON THE MATTER OF SUBSTANTIAL SIMILARITY.**

**1. REQUEST FOR ADMISSION NO. 15. (DEWALT HAD NO REASONABLE GROUNDS TO BELIEVE IT WOULD PREVAIL ON SUBSTANTIAL SIMILARITY.)**

Simply because a request involves an opinion or contention that relates to a fact or the application of law to a fact does not make it objectionable. (See, *Marshand v. Mercy Medical Center* 22 F.3d 933, (9th Cir. 1994)). Furthermore, if a request is reasonably clear, courts in this district do not permit denials based upon an overly technical reading of that request. (See *US X-Rail Englund v. Los Angeles County* 235 F.R.D. 675 (E. D. Cal. 2006).)

Although DeWalt had objections, they were boilerplate. Substantial similarity is a key element needed by plaintiff to prove indirect evidence of copying. This is not vague or ambiguous, but is a central point in any claim of copying.

At trial it was clearly established that there was not only indirect evidence of copying

but direct evidence of copying. This included identical lots, numbering, street names, street placement, layout design, boundaries, bearings, distances, many of which were to the second or identical to the hundredths of an inch. Wasco's expert concluded this would have been evidence of copying. It was also established that in order for Wasco to accept the improvements, and per the Government Code, the final map had to conform to the improvement plans. This was clearly stated on DeWalt's 6451 Tentative Map as conforming to McIntosh's plans and the only one with the integrity to admit this was Keith Woodcock, former Planning Director for the City of Wasco. All other defendants claimed ignorance. The two maps had to be substantially similar or else it would not have gained approval by the City of Wasco.[1] There was no evidence to contradict this before or during trial.

DeWalt's only rebuttal was that they had evidence of an independent survey. But what an independent survey had to do with independent creation was never made clear and makes no sense since an independent survey never explained how the critical elements necessary for the eventual approval of the tentative and final maps ever got onto the infringing map in the first place.

DeWalt also argues they still had the opportunity to argue independent creation thereby making any denial reasonable. DeWalt is splitting hairs. Whether independent creation is an affirmative defense or simply an argument negating substantial similarity, there is still the fact that plaintiff had to prove substantial similarity and DeWalt had to offer something at trial to deny it. If DeWalt wanted to argue an alternate reason for their similarity as an affirmative defense, that's fine, however, an affirmative defense assumes the fact is true first and then argues the alternate explanation. This supports plaintiff's claim. Otherwise, DeWalt had to show the two were not substantially similar and there was no evidence to support that claim.

**B. PLAINTIFF'S FEES UNDERLINED IN THE FEE STATEMENT AND REQUEST FOR ADMISSION NO. 15, WERE, AT A MINIMUM, ALL DIRECTLY ATTRIBUTABLE TO PROVING SUBSTANTIAL SIMILARITY.**

When reviewing the fee statements, plaintiff only counted fees that were attributable

---

[1] The Final Map states that it is in "substantial conformance" with the prior Tentative Map, amounting to a built-in type of substantial similarity.

to proving substantial similarity. The other denials in the material admissions chart were also included in almost all of these same admissions because, for example, deponents were not just deposed to prove substantial similarity but also access which is a separate element of indirect evidence of copying. So, it was not necessary to redundantly mark or itemize each billing entry when it was just as easily declared in the original declaration.

C. **PLAINTIFF'S SUPPLEMENTAL DECLARATION OFFERS MISSING LODESTAR FACTORS.**

Plaintiff, in reviewing Rule 293, saw the *Lodestar* calculations as separate from what was needed in the affidavit and so, inadvertently, did not include them. (Suppl. Decl., ¶1) For this reason, plaintiff submits the supplemental declaration in support of the motion. Plaintiff did not submit the supplemental declaration with any intent to deceive or surprise the defendants. (Suppl. Decl., ¶2) In fact, what is found in the supplemental declaration is that there is not much there that was already shown by the fee statements or known to defendants. For example, the time and labor required by the parties in this action are clearly delineated in the fee statements attached to the motion as are the plaintiff's normal hourly business rates. (Suppl. Decl., ¶1) However, there are certain items under the criteria that are too difficult to ascertain even if plaintiff had provided them in an original declaration because of the type of case this was.

For example, this case presents a question mixing subdivision development with copyright law and there is only one other directly applicable case. (See, *Del Madera Properties v. Rhodes& Gardner, Inc.*, 637 F.Supp. 262, 263(N.D. Cal. 1985)) The essential thrust of the claims are that the two maps are substantially similar but to prove this if denied required numerous percipient witnesses to prove the obvious. Plaintiff is not seeking any fees relating to damages.

Furthermore, none of the defendants were precluded from taking any other employment because of this case; the fees that were charged were counsel for plaintiff's standard hourly rate with slight increases each year; it was an hourly fee as shown on the statements; there were no time limitations imposed by the client; there were no special circumstances relating to the nature of the retention of plaintiff's counsel and length of the professional relationship; and there are

H:\PUBLIC\054493\060971
McIntosh v. Northern\POST
TRIAL\37c motion\REPLY
DEWALT OPP 8-16-10.wpd

4

PLAINTIFF'S REPLY TO DENNIS W. DEWALT, INC.'S OPPOSITION TO MOTION FOR ATTORNEYS'
FEES PURSUANT TO FRCP 37C

1  no similar awards in any similar actions. (Suppl. Decl., ¶1)

2  There was, however, every attempt at resolving this case but which were rejected by
3  defendant. For all these reasons, plaintiff greatly desired to have a reasonable discussion from the
4  beginning about getting paid rather than spending these amounts of fees to prove that two maps were
5  substantially similar. (Id.)

### C. PLAINTIFF'S CALCULATIONS ASSUME BOTH NORTHERN AND LOTUS AS SEPARATE ENTITIES.

DeWalt, like Northern and Lotus, is confused as to how the calculations were totaled. The total number of $309,160.55 is a total of the amount owed separately by Lotus ($110,764); the separate amount owed by Northern ($110,764); and the total amount owed by DeWalt ($87,630.55). These amounts are reflected in the proposed order and clearly delineate the amounts owed per each defendant. Perhaps Northern, Lotus and DeWalt believe that Northern and Lotus should not be separately accountable for the separate attorneys' fees, plaintiff disagrees and simply differs with them on that point. However, when you calculate all those totals up, they amount to a total of $309,160.55. If DeWalt is suggesting that plaintiff believes DeWalt owes that total amount, that is incorrect and certainly DeWalt would only be liable for the fees attributable to them, not for any amounts owed to Northern or Lotus. However, and to clear up another point, all invoices have been billed to plaintiff and most of them are already paid.

### III.
### CONCLUSION

Plaintiff respectfully requests the Court award him the fees he expended in proving his case at trial for admissions denied by defendant.

DATED: August 16, 2010

BORTON PETRINI, LLP

By: /s/ James J. Braze, /s/ Jeffrey A. Travis
James J. Braze, Jeffrey A. Travis, Attorney for Plaintiff, Roger McIntosh

**PROOF OF SERVICE**
**(FRCP No. 5(b)(2)(E))**

**STATE OF CALIFORNIA, COUNTY OF KERN**

I, Vanessa J. Claridge, declare:

I am a citizen of the United States. I am employed in the County of Kern, State of California. I am over the age of 18 and not a party to the within action; my business address is 5060 California Avenue, Suite 700, Bakersfield, California 93309.

On August ____, 2010, I served the foregoing document described as **PLAINTIFF'S REPLY TO DENNIS W. DEWALT, INC.'S OPPOSITION TO MOTION FOR ATTORNEYS' FEES PURSUANT TO FRCP 37(c)** on the other party(ies) in this action as follows:

**[SEE ATTACHED MAILING LIST]**

x    **BY ELECTRONIC SERVICE:**  Pursuant to Fed. R. Civ. P. 5(b)(2)(E) and Local Court Rule(s), the foregoing document will be served by the court via CM/ECF. Pursuant to the CM/ECF docket for this case proceeding the following person(s) are on the Electronic Mail Notice List to receive ECF transmission at the email address(es) indicated below:

x    **BY MAIL:**  As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at , California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

Executed on August ____, 2010, at Bakersfield, California.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.


          Vanessa J. Claridge                              /s/ Vanessa J. Claridge

# MAILING LIST FOR PROOF OF SERVICE

Steven John Hassing, Esq.  
Law Offices of Steven J. Hassing  
425 Calabria Court  
Roseville, CA 95747  
email address: **stevehassing@yahoo.com**

Attorneys for Attorneys for Defendants, Northern California Universal Enterprises Company and Lotus Developments  
Tel:   916/677-1776  
**Fax:   916/677-1770**

Chaka Okadigbo, Esq.  
**GCR, LLP**  
520 S. Grand Ave, Suite 695  
Los Angeles, CA 90071  
email address: **cokadigbo@gcrlegal.com**

Attorneys for Def./Appellant, City of Wasco  

Tel: 213/347-0210  
**Fax: 213-347-0216**

Ann T. Schwing, Esq.  
**McDonough Holland & Allen PC**  
500 Capitol Mall, 18th Floor  
Sacramento, CA 95814-4704  
email address:

Attorneys for Def./Appellant, City of Wasco  

Tel:  916/444-3900  
**Fax:  916/444-8334**

William L. Alexander, Esq.  
**Alexander & Associates**  
1925 "G" Street  
Bakersfield, CA 93301  
email address: **walexander@alexander-law.com**

Attorneys for Defendant, DeWalt CM, Inc.  

Tel: 661/316-7888  
**Fax: 661/316-7890**