James J. Braze, Esq.; SBN 75911
Jeffrey A. Travis, Esq.; SBN 235507
BORTON PETRINI, LLP
5060 California Avenue, Suite 700
Post Office Box 2026
Bakersfield, CA 93303
Telephone (661) 322-3051
email: jbraze@bortonpetrini.com
email: jtravis@bortonpetrini.com

Attorneys for Plaintiff, Roger McIntosh

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION

| | |
|---|---|
| ROGER McINTOSH,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>NORTHERN CALIFORNIA UNIVERSAL ENTERPRISES COMPANY, a California corporation; LOTUS DEVELOPMENTS, LLP; THE CITY OF WASCO, a municipal corporation; DEWALT CM, INC., a California corporation also doing business as DEWALT CORPORATION; and DOES 1 through 10, inclusive<br><br>　　　　　Defendants. | Case No.  1:07-CV- 01080 LJO-GSA<br><br>SUPPLEMENTAL DECLARATION OF JEFFREY A. TRAVIS IN SUPPORT OF PLAINTIFF ROGER McINTOSH'S REPLY TO NORTHERN, LOTUS, AND DEWALTS OPPOSITION TO PLAINTIFFS MOTION FOR ATTORNEY'S FEES PURSUANT TO FRCP 37(c). |
| CITY OF WASCO,<br><br>　　　　　Cross-Complaint,<br><br>vs.<br><br>NORTHERN CALIFORNIA UNIVERSAL ENTERPRISES COMPANY, INC.,<br><br>　　　　　Cross-Defendant. | |

I, JEFFREY A. TRAVIS, state and if so called will testify as follows:

1.　　　I previously submitted a declaration in support of plaintiff's motion to recover

H:\PUBLIC\054493\060971
McIntosh v. Northern\POST
TRIAL\37c motion\SUPPL
DCL OF JAT ISO PLTFS
37C MTN FOR ATTY
FEES.wpd

1

SUPPL DCL OF JAT IN SUPPORT OF PLAINTIFF'S REPLY TO DEF'S OPP TO MOTION FOR ATTORNEY'S FEES

attorneys fees for having to prove admissions denied by all defendants. In support of that motion, I had supplied the Court with evidence in support of Local Rule 293(b) but had inadvertently overlooked the fact that subsection (4) wanted the moving party to include what appear to be *Lodestar* factors necessary for this Court to determine the appropriateness of any fees requested to be reimbursed.. I am submitting this supplemental declaration to supply this Court with those factors outlined in subsection (c) and do not believe that, although these are supported in a Reply, there is no prejudice to defendants because of the timing of its filing:

a) <u>Time and Labor Required</u>: All time and labor are reflected in the billing statements previously submitted with the motion;

b) <u>Novelty and Difficulty of the Question Presented</u>: Although the primary issue was proving substantial similarity which is not a particularly novel question, it did require a substantial amount of written discovery, depositions, travel, motions, trial prep, and trial testimony to prove the fact that the copyrighted and infringing maps were substantially similar. This made proving the fact difficult, but not especially novel;

c) <u>Skill Required</u>: We can think of no special skills other than being familiar with and understanding copyright laws and subdivision map processing which is a strange but necessary mix to understand the issues in this case. Borton Petrini, LLP does a substantial amount of land use in subdivision development which enabled them to focus the issues fairly early on to avoid having to depose many unnecessary witnesses since there were a lot of witnesses to the many events surrounding this litigation who would have been redundant;

d) <u>Preclusion of Employment</u>: No employment was turned down as a result of accepting this action;

e) <u>Customary Fee/Rates</u>: The billing statements reflect Borton Petrini's standard hourly business litigation rates. There were no special fee arrangements for this action. All invoices submitted to this Court have been billed to the client;

f) <u>Time Limitations</u>: No special time limitations were imposed;

g) <u>Judgment Obtained</u>:   The judgment obtained by the verdict and the Court differed substantially. This was a novel issue before this Court since there was no prior case

H:\PUBLIC\054493\060971
McIntosh v. Northern\POST
TRIAL\37c motion\SUPPL
DCL OF JAT ISO PLTFS
37C MTN FOR ATTY
FEES.wpd

2
SUPPL DCL OF JAT IN SUPPORT OF PLAINTIFF'S REPLY TO DEF'S OPP TO MOTION FOR ATTORNEY'S FEES

or statute that articulated just how actual damages or even infringer's profits should be awarded for the infringement of a subdivision map;

      h)      <u>Experience/Reputation</u>: Mr. Braze has a Martindale Hubbel AV Preeminent rating of 5 out of 5 stars. He has over 32 years of experience and has tried over 35 jury trials to verdict. I am a five year associate, patent attorney, and who focuses on intellectual property and business litigation. Mr. Kappstrom is a paralegal with several years' experience.

      i)      <u>Undesirability</u>: As also previously stated in the moving papers, Mr. McIntosh desired to and made numerous settlement offers throughout the course of litigation. It was his desire to recover what was owed to him and had no desire to spend the amount of money he did to pursue what he believes could have been amicably resolved during his first phone call to Mr. Wu. From the beginning, Mr. Wu as principal for Northern and Lotus has refused to engage in any meaningful settlement discussions forcing him to either litigate or allow the infringing use of his works. The same is true of DeWalt where any attempts at an early resolution were completely igmored.

      j)      <u>Length of Professional Relationship</u>: Mr. McIntosh has been a longtime client of Borton Petrini's using them for various types of litigation and non-litigation matters. This is the first copyright litigation performed by Borton Petrini for Mr. McIntosh.

      k)      <u>Awards in Similar Actions</u>: We could find no similar awards for actions similar to this case.

2.    I did not omit any of the items in this declaration with any intent to deceive, surprise, or in any other way to gain an advantage over the defendants and believe that most of what was included in this Supplemental Declaration was already known to defendants and was also reflected in the documents supporting the moving papers.

I declare under penalty of perjury, under the laws of the State of California, that the foregoing is true and correct.

Executed this 17th day of August, 2010, at Bakersfield, California.

                                                 Jeffrey A. Travis, Declarant

H:\PUBLIC\054493\060971
McIntosh v. Northern\POST
TRIAL\37c motion\SUPPL
DCL OF JAT ISO PLTFS
37C MTN FOR ATTY
FEES.wpd

3
SUPPL DCL OF JAT IN SUPPORT OF PLAINTIFF'S REPLY TO DEF'S OPP TO MOTION FOR ATTORNEY'S FEES

**PROOF OF SERVICE**
**(FRCP No. 5(b)(2)(E))**

**STATE OF CALIFORNIA, COUNTY OF KERN**

I, Vanessa J. Claridge, declare:

I am a citizen of the United States. I am employed in the County of Kern, State of California. I am over the age of 18 and not a party to the within action; my business address is 5060 California Avenue, Suite 700, Bakersfield, California 93309.

On **August 18, 2010**, I served the foregoing document described as **SUPPLEMENTAL DECLARATION OF JEFFREY A. TRAVIS IN SUPPORT OF PLAINTIFF ROGER McINTOSH'S REPLY TO NORTHERN, LOTUS, AND DEWALTS OPPOSITION TO PLAINTIFFS MOTION FOR ATTORNEY'S FEES PURSUANT TO FRCP 37(c)** on the other party(ies) in this action as follows:

| | |
|---|---|
| Steven John Hassing, Esq.<br>Law Offices of Steven J. Hassing<br>425 Calabria Court<br>Roseville, CA 95747<br>email address: **stevehassing@yahoo.com** | Attorneys for Attorneys for Defendants,<br>Northern California Universal Enterprises<br>Company and Lotus Developments<br>Tel:   916/677-1776<br>**Fax:   916/677-1770** |
| Chaka Okadigbo, Esq.<br>**GCR, LLP**<br>520 S. Grand Ave, Suite 695<br>Los Angeles, CA 90071<br>email address: **cokadigbo@gcrlegal.com** | Attorneys for Def./Appellant, City of Wasco<br><br>Tel: 213/347-0210<br>**Fax: 213-347-0216** |
| Ann T. Schwing, Esq.<br>**McDonough Holland & Allen PC**<br>500 Capitol Mall, 18th Floor<br>Sacramento, CA  95814-4704<br>email address: | Attorneys for Def./Appellant, City of Wasco<br><br>Tel:  916/444-3900<br>**Fax: 916/444-8334** |
| William L. Alexander, Esq.<br>**Alexander & Associates**<br>1925 "G" Street<br>Bakersfield, CA 93301<br>email address: **walexander@alexander-law.com** | Attorneys for Defendant, DeWalt CM, Inc.<br><br>Tel: 661/316-7888<br>**Fax: 661/316-7890** |

X     **BY ELECTRONIC SERVICE:** Pursuant to Fed. R. Civ. P. 5(b)(2)(E) and Local Court Rule(s), the foregoing document will be served by the court via CM/ECF. Pursuant to the CM/ECF docket for this case proceeding the following person(s) are on the Electronic Mail Notice List to receive ECF transmission at the email address(es) indicated below:

X     **BY MAIL:**  As follows:  I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at , California in the ordinary course of business.   I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

Executed on **August 18, 2010**, at Bakersfield, California.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

      Vanessa J. Claridge                      /s/ Vanessa J. Claridge