nr

1   James J. Braze, Esq.; SBN 75911
    Jeffrey A. Travis, Esq.; SBN 235507
2   BORTON PETRINI, LLP
    5060 California Avenue, Suite 700
3   Bakersfield, CA 93303
    Telephone (661) 322-3051
4   Facsimile (661) 322-4628
    email: jbraze@bortonpetrini.com
5   email: jtravis@bortonpetrini.com

6   Attorneys for Plaintiff, Roger McIntosh

7

8                    UNITED STATES DISTRICT COURT

9          EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION

10

11  ROGER McINTOSH,                          Case No.  1:07-CV- 01080 LJO-GSA

12                  Plaintiff,

13  v.                                       PLAINTIFF' ROGER McINTOSH'S
                                             OPPOSITION TO NORTHERN' AND
14  NORTHERN CALIFORNIA UNIVERSAL            LOTUS' MOTION OBJECTING TO
    ENTERPRISES COMPANY, a California        PLAINTIFF'S BILL OF COSTS
15  corporation; LOTUS DEVELOPMENTS,
    LLP; THE CITY OF WASCO, a municipal
16  corporation; DEWALT CM, INC., a California
    corporation also doing business as DEWALT
17  CORPORATION; and DOES 1 through 10,
    inclusive
18
19                  Defendants.

20
21  CITY OF WASCO,

22                  Cross-Complaint,

23         vs.

24  NORTHERN CALIFORNIA UNIVERSAL
    ENTERPRISES COMPANY, INC.,
25
                    Cross-Defendant.
26
27  / / /

28  / / /

H:\PUBLIC\054493\060971
McIntosh v.
Northern\Pleadings\REPLY
NORTH-LOTUS OPP TAX
COSTS.wpd

1

PLF' ROGER McINTOSH'S OPP TO NORTHERN' AND LOTUS' OBJ TO PLAINTIFF'S BILL OF COSTS

### MEMORANDUM OF POINTS AND AUTHORITIES OPPOSITION TO NORTHERN AND LOTUS' OBJECTIONS TO BILL OF COSTS

## I.

### LEGAL ARGUMENT

"A judgment for any amount of damages necessarily modifies the defendant's behavior to the plaintiff's benefit thus, a plaintiff who obtains even nominal damages may be still become a prevailing party." (*Farrar v. Hobby*, 506 U.S. 103, 111-113 (1992).) Under Rule 54(d)(1) of the Federal Rules of Civil Procedure, a statute authorizes costs to the prevailing party without distinction any loss of that right if they obtained a judgment smaller than what they were originally seeking.  (See, F.R.C.P., § 54(d).)

Courts have interpreted Rule 54(d) to create a presumption in favor of the award of costs in favor of the prevailing party.  (See, *Delta Airlines, Inc. v. August*, 450 U.S. 346, 352 (1981).) However, Rule 54(d) still reserves for the District Court the discretion to deny costs in appropriate circumstances which are formed from a "sound basis" needed to overcome this presumption. (*Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437 (1987); and *Mathews v. Crosby*, 480 F.3d 1265, 1277 (11th Cir. 2007), cert. den, 128 Sup.Ct. 865, U.S. 2008).)  Costs may be denied in circumstances where both parties prevailed in the litigation; where jurisdiction was proven improper; where the prevailing party needlessly prolongs the litigation or acts in bad faith; and other examples including indigency or some other injustice in approving an order of costs.  (*Amarel v. Connell*, 102 F.3d 1494, 1523 (9th Cir. 1996); *Miles v. State of California*, 320 F.3d 986, 988 (9th Cir. 2003); *Farrar v. Hobby, supra*, at 115 to 116; *Rivera v. City of Chicago*, 469 F.3d 631, 634-35 and *Cherry v. Champion International Corporation*, 186 F.3d 442 (4th Cir. 1999).)

Northern and Lotus do not generally oppose the bill of costs except for specific enumerated items that they believe are not justified.  Part of the justification for denying certain costs are because Northern and Lotus distinguish the copying the map from the copying of the plans. Based on this distinction, Northern and Lotus object to the following:

- Witness fees for Keith Woodcock, Robert Wren, James Zervis and Terry

H:\PUBLIC\054493\060971
McIntosh v.
Northern\Pleadings\REPLY
NORTH-LOTUS OPP TAX
COSTS.wpd

2

PLF' ROGER McINTOSH'S OPP TO NORTHERN' AND LOTUS' OBJ TO PLAINTIFF'S BILL OF COSTS

1    Schroepher;

2    •    Subpoenas for Schroepher and Keith James;

3    •    Subpoena cost for James Zervis; and

4    •    Subpoena cost for Joe Wu.

5         In response, plaintiff believes that Northern and Lotus' distinction is without cause.

6    This is because they are basing their objection on an implied apportionment of liability between the

7    parties which was never made by the jury.  Therefore, and although they do not dispute the costs in

8    and of themselves except insofar as they may or may not have been attributable to the plans, the

9    argument fails.

10        The only other argument that Northern and Lotus both make is that the costs that are

11   involved do not take into account any costs attributable only to the City of Wasco.  Yet, here again,

12   this is distinction without cause. This is because the City of Wasco and its employees were

13   instrumental in proving liability.  Without witnesses such as Woodcock, McNamara, Helt and James

14   Zervis, plaintiff would potentially not be able to prove liability and therefore these witnesses were

15   needed because they were so instrumental in the production of the infringing map and plans.  The

16   costs support plaintiff's expending of resources in order to prove liability which was consistently and

17   vehemantly denied by Northern and Lotus but yet which both this Court and the jury found was

18   conclusively established.  The problem is that Northern and Lotus attempt to artificaly draw the

19   conclusion that because the City of Wasco settled with the plaintiff that somehow plaintiff did not

20   have to achieve the same costs.  In fact, this may have been a viable argument if the plaintiff had

21   settled with the City of Wasco long before trial, however, even at that, plaintiff would have still have

22   had  to incur the same costs in attempting to prove liability.  Therefore, the settlement with the City

23   of Wasco is irrelevant when it comes to differenciating costs between the parties.

24        Finally, plaintiff objects to the characterization of a judgment of $161,500 as a

25   meager, near meaningless recovery." Perhaps, to Northern and Lotus it was meager and meaningless

26   but it was not to the plaintiff who was owed that money and who was consistently refused any offers

27   at any time by any of the remaining defendants. Further, Northern and Lotus infer that somehow the

28

H:\PUBLIC\054493\060971
McIntosh v.
Northern\Pleadings\REPLY
NORTH-LOTUS OPP TAX
COSTS.wpd

3

PLF' ROGER McINTOSH'S OPP TO NORTHERN' AND LOTUS' OBJ TO PLAINTIFF'S BILL OF COSTS

1  plaintiff obtained the windfall with the presumption that somehow the City of Wasco's profits would

2  have not withstood a post-trial motion before this Court.  In fact, this Court declined to rule on that

3  issue and so it becomes an irrelevant one.

4          In light of all the above, Northern and Lotus present an alternative based upon an

5  apportionment of costs between the parties by reducing the amount by $679.40 and dividing that

6  equally between Northern, Lotus, DeWalt and City of Wasco.  However, Northern and Lotus

7  arbitrarily divides the costs which would have been incurred regardless of whether or not Wasco was

8  a party to this suit because all the witnesses were necessary for plaintiff to become the prevailing

9  party.  Further, Northern and Lotus presents no arguments to suggest otherwise which is their burden.

10         Northern and Lotus argue that because what plaintiff sought and what the plaintiff

11 actually received was such a disparity forms the substantial basis for this Court to deny costs.[1]  Yet,

12 what plaintiff did not state is that in *Champion Produce*, the only case which supports the very broad

13 proposition is that in that particular case not only was there a disparity between what plaintiff sought

14 and what they recovered but there were also additional factors such as the fact that the defendant had

15 served a Rule 68 Offer of Judgment that exceeded the amount of the final judgment in plaintiff's

16 favor and also they had ultimately prevailed with respect to certain affirmative defenses of

17 modification and waiver of the contract at issue.  (See, *Champion Produce, Inc.,* 342 F.3d 1016,

18 1022-1023.)  Unfortunately, of the several factors that the Court had to consider in making the

19 determination which was justified in the facts in *Champion*, none exist here since defendants

20 affirmative defenses were all lost during summary adjudication and defendants have never made any

21 offer of judgment that would allow this Court to weigh it against the discrepancy between what

22 plaitniff sought and what they recovered.  For this reason, the case becomes only applicable to the

23 facts of that particular case and not this one.

24                              **II.**

25                        <u>**CONCLUSION**</u>

26

27 _____

28      [1]Plaintiff cites to *Champion Produce, Inc. v. Ruby Robinson Co., Inc.* 342 F.3d 1016 (9th Cir. 2003) in support of this proposition.

H:\PUBLIC\054493\060971
McIntosh v.
Northern\Pleadings\REPLY
NORTH-LOTUS OPP TAX
COSTS.wpd

4

PLF' ROGER McINTOSH'S OPP TO NORTHERN' AND LOTUS' OBJ TO PLAINTIFF'S BILL OF COSTS

1           For all the above reasons, plaintiff requests that his bill of costs as originally proposed

2    be granted and he be awarded costs in the amount requested of $16,673.38.

3    DATED:   August 23, 2010

4                         Respectfully submitted,

5                         BORTON PETRINI, LLP

6

7

8                         By:    /s/ James J. Braze; /s/ Jeffrey A. Travis
                          James J. Braze; Jeffrey A. Travis, Attorneys for Plaintiff,

9                              Roger McIntosh

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

H:\PUBLIC\054493\060971
McIntosh v.
Northern\Pleadings\REPLY
NORTH-LOTUS OPP TAX
COSTS.wpd

5

PLF' ROGER McINTOSH'S OPP TO NORTHERN' AND LOTUS' OBJ TO PLAINTIFF'S BILL OF COSTS

**PROOF OF SERVICE**
**(FRCP No. 5(b)(2)(E))**

**STATE OF CALIFORNIA,  COUNTY OF KERN**

I, Vanessa J. Claridge, declare:

I am a citizen of the United States. I am employed in the County of Kern, State of California. I am over the age of 18 and not a party to the within action; my business address is 5060 California Avenue, Suite 700, Bakersfield, California 93309.

On **August ___, 2010**, I served the foregoing document described as **PLAINTIFF' ROGER McINTOSH'S REPLY TO NORTHERN' AND LOTUS' OPPOSITION TO PLAINTIFF'S BILL OF COSTS** on the other party(ies) in this action as follows:

| | |
|---|---|
| Steven John Hassing, Esq. | Attorneys for Attorneys for Defendants, |
| Law Offices of Steven J. Hassing | Northern California Universal Enterprises |
| 425 Calabria Court | Company and Lotus Developments |
| Roseville, CA 95747 | Tel:    916/677-1776 |
| email address: **stevehassing@yahoo.com** | **Fax:   916/677-1770** |
| | |
| Chaka Okadigbo, Esq. | Attorneys for Def./Appellant, City of Wasco |
| **GCR, LLP** | |
| 520 S. Grand Ave,  Suite 695 | Tel: 213/347-0210 |
| Los Angeles, CA 90071 | **Fax: 213-347-0216** |
| email address: **cokadigbo@gcrlegal.com** | |
| | |
| Ann T. Schwing, Esq. | Attorneys for Def./Appellant, City of Wasco |
| **McDonough Holland & Allen PC** | |
| 500 Capitol Mall, 18th Floor | Tel:  916/444-3900 |
| Sacramento, CA  95814-4704 | **Fax:  916/444-8334** |
| email address: | |
| | |
| William L. Alexander, Esq. | Attorneys for Defendant, DeWalt CM, Inc. |
| **Alexander & Associates** | |
| 1925 "G" Street | Tel: 661/316-7888 |
| Bakersfield, CA 93301 | **Fax: 661/316-7890** |
| email address: **walexander@alexander-law.com** | |

X    **BY ELECTRONIC SERVICE:**  Pursuant to Fed. R. Civ. P. 5(b)(2)(E) and Local Court Rule(s), the foregoing document will be served by the court via CM/ECF.  Pursuant to the CM/ECF docket for this case proceeding the following person(s) are on the Electronic Mail Notice List to receive ECF transmission at the email address(es) indicated below:

X    **BY MAIL:**  As follows:  I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at , California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

Executed on **August ___, 2010**, at Bakersfield, California.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

_____          _____
            Vanessa J. Claridge                                       /s/ Vanessa J. Claridge

H:\PUBLIC\054493\060971
McIntosh v.
Northern\Pleadings\REPLY
NORTH-LOTUS OPP TAX
COSTS.wpd

6

PLF' ROGER McINTOSH'S OPP TO NORTHERN' AND LOTUS' OBJ TO PLAINTIFF'S BILL OF COSTS