IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROGER McINTOSH, | CASE NO. CV F 07-1080 LJO GSA |
| Plaintiff, | **ORDER ON DEFENDANTS' MOTIONS TO DENY PLAINTIFF'S COSTS** |
| vs. | (Docs. 408, 409.) |
| NORTHERN CALIFORNIA UNIVERSAL ENTERPRISES, INC., et al, | |
| Defendants. | |

## INTRODUCTION

Defendants Northern California Universal Enterprises Company ("NCUE"), Lotus Developments, LP ("Lotus") and Dennis DeWalt, Inc. ("DeWalt")[1] seek to deny plaintiff Roger McIntosh's ("Mr. McIntosh's") requested $17,352.78 costs. Mr. McIntosh contends that he is entitled to costs as the prevailing party. This Court considered defendants' objections to Mr. McIntosh's costs on the record and VACATES the September 2, 2010 hearing erroneously set by NCUE and Lotus.[2] For the reasons discussed below, this Court GRANTS Mr. McIntosh $17,081.78 costs against defendants.

---

[1] NCUE, Lotus and DeWalt will be referred to collectively as "defendants."

[2] Counsel for NCUE and Lotus continues to disobey this Court's Local Rules, in this instance, by filing a premature motion to review costs prior to the clerk taxing costs. Nonetheless, to expedite a ruling on costs, this Court considers NCUE and Lotus' motion and DeWalt's objections.

1

# BACKGROUND

## Summary

This action arises from alleged infringing use of Mr. McIntosh's tentative map and improvement plans to develop 33.51 acres as a subdivision in the City of Wasco ("Wasco").[3] Mr. McIntosh, a Bakersfield civil engineer, prepared for subdivision development a tentative map and improvement plans (streets, sidewalks, curbs, gutters, storm drains, sewer, water and utilities).

Mr. McIntosh registered his copyright on his map and improvement plans on February 22, 2007. Mr. McIntosh proceeded on this third-amended complaint ("TAC") against defendants and Wasco to allege "Defendants' construction of the Subdivision is based on landscape and subdivision designs substantially similar to the subdivision and landscape design conceived and created by McIntosh that is represented in the plans and that is the subject of Copyright Registration Certificate No. VAU-721-180." The TAC alleges that the "copying of the Plans by defendants constitutes infringement of McIntosh's registered copyright and the technical drawings depicted in the Plans, in violation of the Copyright Act."

## Jury Verdict

This Court conducted a jury trial on March 1-4 and 8-9, 2010. With its verdict, the jury found that:

1. Defendants and Wasco copied Mr. McIntosh's map and that only Wasco had copied Mr. McIntosh's improvement plans;
2. NCUE, Lotus and Wasco profited directly from copying of either the map or improvement plans done by any of the other defendants;
3. NCUE, Lotus and Wasco failed to exercise their right and ability to supervise or control the other defendants' copying of the map or improvement plans;
4. Mr. McIntosh is entitled to $1.4 million in actual damages;
5. NCUE and Lotus each profited $1,992,107.50 from their respective infringing activity;
6. Wasco profited $1.5 million from its infringing activity;

---

[3] Wasco is a former a defendant and settled with Mr. McIntosh during the pendency of post-trial motions.

1   7. DeWalt did not profit from its infringing activity; and

2   8. NCUE and Lotus acted as partners or practically partners in committing infringing
3      activity.

4   In total, the jury award Mr. McIntosh $6,884,215

## Post-Trial Matters

With post-trial motions, pending Wasco reached a $750,000 good faith settlement with Mr. McIntosh whereby $150,000 was apportioned to actual damages and $600,000 to Wasco's profits.

This Court's July 7, 2010 order granted defendants a new trial on actual damages and infringing profits unless Mr. McIntosh accepted an amended judgment of $161,500 for Mr. McIntosh's actual damages and $0 for infringing profits. Mr. McIntosh accepted such an amended judgment which was entered on July 23, 2010.

## Mr. McIntosh's Bill Of Costs

On July 27, 2010, Mr. McIntosh filed his revised bill of costs by which he claims to seek $17,352.78 costs only as to defendants and not Wasco. The costs comprise:

1. $120 for filing fees;
2. $1,762 for subpoena and service fees;
3. $1,806.30 for witness fees;
4. $10,507.95 for deposition transcripts; and
5. $3,156.53 for copy costs.

## DISCUSSION

### Standards For Cost Awards

F.R.Civ.P. 54(d)(1) provides in part: "Unless a federal statute, these rules, or a court order provides otherwise, costs – other that attorney's fees – should be allowed to the prevailing party." F.R.Civ.P. 54(d)(1) "generally grants a federal court discretion to refuse to tax costs in favor of the prevailing party." *Crawford Fitting Co. v. J. T. Gibbons, Inc.*, 482 U.S. 437, 442, 107 S.Ct. 2494 (1987).

F.R.Civ.P. 54(d)(1) "creates a presumption in favor of awarding costs to a prevailing party, but vests in the district court discretion to refuse to award costs." *Assoc. of Mexican-American Educators*

*v. State of California*, 231 F.3d 572, 591 (9th Cir. 2000); *see Amarel v. Connell*, 102 F.3d 1494, 1523 (9th Cir. 1996). A district court's discretion "is not unlimited" to require the district court to "specify reasons" for refusal to award costs. *Mexican-American Educators*, 231 F.3d at 591. The Ninth Circuit Court of Appeals has denied costs to a prevailing party based on the losing party's "limited financial resources" or the prevailing party's "misconduct." *Mexican-American Educators*, 231 F.3d at 592 (citing cases).

Other circuits have addressed other factors to deny costs to the prevailing party, such as: (1) the issues in the case were close and difficult; (2) the prevailing party's recovery was nominal or partial; and (3) the losing party litigated in good faith. *Mexican-American Educators*, 231 F.3d at 592, n. 15; *see Champion Produce, Inc. v. Ruby Robinson Co., Inc.*, 342 F.3d 1016, 1023 (9th Cir. 2003) (in breach of contract actions, prevailing party's recovery of substantially less damages than sought may support discretion to deny costs).

Defendants seek to deny all of Mr. McIntosh's costs given what they appear to characterize as his mixed success. DeWalt notes that the jury found that it had infringed on only Mr. McIntosh's tentative map and had not profited from its infringing activity. DeWalt contends that "both parties prevailed on certain claims." NCUE and Lotus advocate a denial of costs based on Mr. McIntosh's "meager, near meaningless recovery obtained from them" and Mr. McIntosh's "windfall" from settlement with Wasco. NCUE and Lotus conclude that Mr. McIntosh "has already been over compensated and should not be awarded costs on top."

In the absence of complete denial of costs, defendants seek to allocate a portion of the costs to Wasco. NCUE and Lotus note that Wasco "was found to have violated Plaintiff's copyright to a significantly greater degree than the other three defendants." DeWalt asks this Court to "impute into the [Wasco] settlement a reasonable amount of costs that would have been awarded" in Mr. McIntosh's favor and against Wasco. DeWalt further advocates to allocate costs to NCUE and Lotus given their "substantial profits" and DeWalt's loss on the subdivision project.

Mr. McIntosh responds that NCUE and Lotus seek an apportionment between the parties "which was never made by the jury." Mr. McIntosh characterizes as "irrelevant" distinguishing costs between the parties. Mr. McIntosh accuses Northern and Lotus of an "arbitrary" division of costs "which would

4

have been incurred regardless of whether or not Wasco was a party."

Defendants offer little which is meaningful to overcome the presumption to award costs to Mr. McIntosh as prevailing party. Although this Court substantially discounted the jury's award, Mr. McIntosh established defendants' infringing activity and copyright liability. Mr. McIntosh prevailed on most of his claims. Defendants provide no binding authority to support a complete denial of costs or a discount based on the Wasco settlement. Mr. McIntosh is the prevailing party entitled to costs.

Short of a complete denial of costs, defendants nitpick without substance at particular costs. Costs incurred prior to DeWalt's appearance address the overall litigation to which DeWalt was subjected to in the end. DeWalt's only meritorious objections are $166 costs related to improper defendant DeWalt CM, Inc. and $105 costs for excluded witness Heath James. NCUE and Lotus' nitpickings are indecipherable. As such, Mr. McIntosh is entitled to $17,081.78 costs.

## CONCLUSION AND ORDER

For the reasons discussed above, this Court GRANTS Mr. McIntosh $17,081.78 costs against defendants (NCUE, Lotus and DeWalt) jointly and severally.

This Court concludes that this award of costs is the final matter at this stage of this litigation. Short of remand from an appeal, this Court can conceive of not further matters which would involve this Court. Further law and motion activity, including an attempt to recover sanctions, will not be well received by this Court unless well supported and for legitimate purposes to serve the interests of the parties, not counsel.

IT IS SO ORDERED.

**Dated:   August 23, 2010**             /s/ Lawrence J. O'Neill
                                        UNITED STATES DISTRICT JUDGE