# LAW OFFICES
## OF
## STEVEN J. HASSING

425 CALABRIA COURT
ROSEVILLE, CALIFORNIA 95747
TELEPHONE: (916) 677-1776
FACSIMILE: (916) 677-1770
E-MAIL: stevehassing@yahoo.com

September 13, 2010

Victoria C. Minor
Clerk of the United States District Court
Eastern District of California
2500 Tulare Street
Fresno, CA. 93721

**RE: McINTOSH v. NORTHERN et al. 1:07-CV-01080-LJO GSA**

Dear Ms Minor,

    I enclose herewith my check in the amount of $455.00 to pay the filing fee for the notice of appeal filed by Northern California Universal Enterprise Company and Lotus Developments, L.P. on **August 22, 2010**. I apologize for any confusion or trouble. The balance of this letter is written to explain why I am paying this fee 22 days after filing the notice of appeal.

    On July 23, 2010, the judgment was entered on the District Court docket sheet and served on all parties who had until midnight, August 23, 2010 to appeal. On August 22, 2010, McIntosh's motion seeking $220,528 in attorney's fees from Northern was still pending. I felt that it was important to preserve the right of appeal on liability in case the court issued an order requiring Northern to pay a substantial attorney's fees.

    Although Northern had until midnight of the 23rd to file a notice of appeal, in an abundance of caution, I filed late on August 22. On the morning of the 23rd I called your office in Fresno to inquire regarding payment of the filing fee which had not been paid at the time of filing. I was advised by a deputy clerk that the fee could be paid electronically and that "*the appeal would be processed when the fee was paid*".[1] Later on the morning of August 23, the court entered and electronically served its order denying McIntosh's motion for attorney's fees. Knowing then that Northern was not going to get hit with attorney's fees I felt it best not to continue with the appeal.

---

[1] To be absolutely clear, the deputy clerk did not tell me that the appeal would not be processed until the fee was paid, simply that the appeal would be processed when the fee was paid.

Since the appeal fee had not yet been paid and since your office had advised that the appeal would be processed *"when the fee was paid"*, I determined, incorrectly I now know, that I could perhaps shortcut the formal dismissal procedures of FRAP 42 by simply "withdrawing" the notice of appeal rather than obtaining an order by stipulation or motion. Early on the afternoon of August 23 I electronically filed and served on all counsel a document I labeled, "Notice of Withdrawal of Appeal". Later that afternoon someone from your office—perhaps it was you— called me regarding the notice of withdrawal. I was asked about the specific part of the notice which read, *"In checking with the clerk's office, counsel has learned that the notice of appeal will not be processed without payment of the filing fee"* and was advised that appeals are processed regardless of whether the filing fee is paid and where it is not paid at the time of filing, the fee is billed to the attorney.

However, I was further advised that Northern's appeal had not yet been processed, not because of the notice of withdrawal, but because my office had not properly filed the notice of appeal and your office had not seen the filing until searching for it after seeing the "notice of withdrawal". I then advised that I did not want to move forward with the appeal. Based upon my request, your office did not process Northern's notice of appeal.

On the morning of September 8, 2010, I noticed receipt of electronic notice that McIntosh had filed a notice of cross-appeal late on September 7. McIntosh's notice of cross-appeal indicated that it was filed pursuant to FRAP 4(a)(3) based on the appeal filed by Northern. Believing that my "withdrawal" of appeal on the 23 precluded McIntosh from filing a cross-appeal outside of the 30 days provided by FRAP 4(a)(1)(A), I began preparing a motion to dismiss McIntosh's appeal as untimely. However, my research, confirmed by a letter from McIntosh's attorney with citations to *United States v. Clark*, 917 F2d 177 (5th Cir. 1990), a case that I had not seen, have educated me to the fact that my attempt to "withdraw" Northern's notice of appeal had no effect. The only way a notice of appeal may be withdrawn is by signed stipulation of all parties or by motion under FRAP 42.

Accordingly, since McIntosh has evidently filed a valid cross-appeal, Northern and Lotus have no choice but to move forward with their appeal filed August 22. Hence the $455 filing fee. Further, I will be circulating a stipulation for dismissal of the notice of cross-appeal filed by my last Friday, September 10. Please advise if there will be another $455 fee due on that one even though I will be properly dismissing it.

If you have any questions, please call or email (sjh@hassinglaw.com).

Sincerely,

Steven J Hassing
Cc: Michael Stump, Attorney for Roger McIntosh